

FILED & ENTERED

FEB 24 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY may        DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>Leslie Klein<br><br><br><br><br>Debtor(s). | Case No.: 2:23-bk-10990-SK<br><br>CHAPTER 11<br><br>**ORDER:**<br><br>(1) *SETTING CONFERENCE ON STATUS OF SUBCHAPTER V CASE;*<br><br>*(2) REQUIRING DEBTOR TO APPEAR AT STATUS CONFERENCE AND FILE REPORT ON STATUS OF SUBCHAPTER V CASE, OR FACE POSSIBLE (A) CONVERSION OF CASE TO CHAPTER 7 OR (B) DISMISSAL OF CASE;*<br><br>*(3) REQUIRING SUBCHAPTER V TRUSTEE TO APPEAR AT STATUS CONFERENCE;*<br><br>*(4) ESTABLISHING PROCEDURE FOR MOTION FOR ORDER CONFIRMING SUBCHAPTER V PLAN; AND,*<br><br>*(5) SETTING DATE FOR 11 U.S.C. § 1111(b) ELECTION*<br><br><u>Subchapter V Status Conference Date</u><br><br>*Date:* March 22, 2023<br>*Time:* 9:00 a.m.<br>*Place:* Courtroom 1575<br>    Roybal Federal Building<br>    255 E. Temple Street,<br>    Los Angeles, CA 90012 |

**Subchapter V Status Conference**

On February 22, 2023, Leslie Klein (Debtor) filed a voluntary chapter 11 petition and indicated that it is a "debtor as defined in 11 U.S.C. § 1182(1)," its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it "chooses to proceed under Subchapter V of Chapter 11." Docket #1. Under 11 U.S.C. § 1183, a Subchapter V Trustee was or shall be appointed. And, pursuant to 11 U.S.C. § 1188 and to expedite the disposition of the Subchapter V Case, the Court makes the following Order:

I. **REQUIRING DEBTOR TO APPEAR AT STATUS CONFERENCE AND TO FILE A STATUS REPORT: CONTENTS, FILING, SERVICE**

The Debtor must appear at a status conference on **March 22, 2023, at 9:00 a.m.** (Status Conference).

No later than 14 days before the Status Conference, the Debtor must file a report on the status of this Subchapter V Case (Status Report) which includes a proof of service demonstrating that the Debtor served the Status Report on the United States Trustee, the Subchapter V Trustee, all secured creditors, and the holders of the twenty (20) largest unsecured claims (collectively the Parties). The Status Report must be supported by admissible evidence in the form of declarations and supporting documents and must:

A. **Estimate the Time for Filing a Plan and Motion to Confirm the Plan.** Provide an estimate of when the Debtor will file: (1) a plan of reorganization (Plan) within the time frame of 11 U.S.C. § 1189; and (2) a motion for order confirming the Plan (Confirmation Motion). Pursuant to 11 U.S.C. § 1189(b), the Debtor may seek an extension of the Plan filing deadline (Deadline) only "if the need for an extension is attributable to circumstances for which the debtor should not justly be held accountable." Any request for an extension of the Deadline must be sought by motion filed with the Court and served on the Parties not later than the Deadline and must be supported by a declaration, signed under penalty of perjury, setting forth the circumstances that Debtor contends establish the need for an extension;

B. **Disclosure Statement.** Pursuant to Bankruptcy Code § 1181(b), unless the Court orders otherwise for cause, the Debtor need not file a separate disclosure statement describing the Plan. Pursuant to Bankruptcy Code § 1190(1), however, in lieu of a disclosure statement, the Plan must contain: (1) a brief history of the business operations of the Debtor; (2) a liquidation analysis; and (3) projections regarding the Debtor's ability to make payments under the Plan. **In addition, the Debtor must include in the Plan such additional information as may be necessary under the circumstances of the Case to permit the Parties to ascertain whether the Plan satisfies all applicable plan confirmation requirements.**

    **C. Objections to Claims.** State whether a deadline should be set for hearings on objections to claims and, if so, what that deadline should be;

    **D. Debtor's Duties.** Disclose whether the Debtor has performed all of its duties under FRBP Interim Rule 2015(b) and 11 U.S.C. §§ 521, 1184 and 1187; and reasons for non-compliance, if any;

    **E. Pre-Confirmation Payments.** Disclose whether the Debtor has transmitted preconfirmation payments and funds to the Subchapter V Trustee as is allowed under 11 U.S.C. § 1194;

    **F. Post-Petition Operations and Litigation.** Describe concisely the post-petition operations of the Debtor (including authority to use cash collateral), litigation in which the Debtor is involved, and the status of the Debtor's efforts to reorganize; and

    **G. Professionals and Fee Budget.** Disclose whether the Debtor has hired, or shall hire, any professionals and, if so, whether the professional's employment has been approved by the Court.

## II. TRUSTEE'S APPEARANCE

Pursuant to 11 U.S.C. § 1183(b), the Subchapter V Trustee must appear at the Status Conference and report on the status of this Subchapter V Case.

## III. STATUS CONFERENCE

Pursuant to FRBP Interim Rule 3017.2, during the Status Conference, the Court may: (1) set a deadline for hearings to be held on objections to claims; (2) set a deadline for entry of an order approving the Confirmation Motion; and (3) set a hearing on an order to show cause why this Subchapter V Case should not be converted to a case under chapter 7 or dismissed if these deadlines are not met by the Debtor.

If the Debtor does not timely file and serve a Status Report and appear at the Status Conference, then at the Status Conference, the Court may order: (1) the conversion of the Subchapter V Case to one under chapter 7; or (2) the dismissal of the Subchapter V Case pursuant to 11 U.S.C. § 105(a) and 11 U.S.C. § 1112(b).

## IV. PLAN CONFIRMATION PROCEDURE

    **A. Form of Plan.** All Subchapter V debtors must: (1) use Official Form 425A; and (2) request an order confirming the Plan under 11 U.S.C. § 1191 by motion.

**B. Notice of Dates and Deadlines.** Notice of: (1) the hearing on the Confirmation Motion; (2) the deadline for filing and serving objections to the Confirmation Motion; and (3) the deadline for voting on the Plan, must be filed and served in accordance with F.R.B.P. 2002(b)-(d), (f)(11), (g)-(k), (p) and 3017-3020.

**C. Confirmation Motion.** The Confirmation Motion must meet at least the following criteria:

**(1) Evidence.** The Confirmation Motion must be supported by evidence establishing that the Plan is confirmable under 11 U.S.C. § 1191; evidence must admissible under the Federal Rules of Evidence and in compliance with LBR 9013-1(c)(3) and 9013-1(i).

**(2) Service.** At least 21 days before the confirmation hearing, the Confirmation Motion must be served on the United States Trustee, the Subchapter V Trustee, and all creditors and equity security holders who have filed and served on the Debtor a preliminary objection to confirmation and/or voted to reject the Plan; and

**(3) Notice of Hearing.** The Debtor must serve a notice of the confirmation hearing that contains, among other information, notice that any party opposing the Confirmation Motion must file and serve its written opposition at least 14 days before the confirmation hearing date, and the opposition must be supported by admissible evidence.

**D. Plan Requirements.** Unless the Debtor has reason to believe that the Plan cannot be confirmed consensually, or the Court has instructed otherwise, the Debtor shall draft the Plan to contain provisions concerning the scope and timing of the discharge, modification of the Plan, the treatment of the Debtor's post-petition earnings and income and the post-confirmation duties of the Subchapter V Trustee as if the Plan will be confirmed consensually pursuant to Bankruptcy Code §1191(a), but the Debtor must also include in the Plan a separate section that explains: (1) how provisions of the Plan will be different if the Plan is confirmed nonconsensually under Bankruptcy Code § 1191(b); and (2) what the Subchapter V Trustee's compensation arrangements will be if the Subchapter V Trustee is required to serve as the post-confirmation disbursing agent under the Plan.

//
//
//
//

### V. 11 U.S.C. § 1111(b) Election

The deadline for any secured creditor to elect treatment under 11 U.S.C. § 1111(b) shall be the last date to file objections to the Plan.

IT IS FINALLY ORDERED that failure by the Debtor to comply with any provision of this order may be deemed consent to dismissal of this case or conversion to a case under chapter 7.

###

Date: February 24, 2023

Sandra R. Klein
United States Bankruptcy Judge