1  MICHAEL JAY BERGER (State Bar # 100291)
2  SOFYA DAVTYAN (State Bar # 259544)
   LAW OFFICES OF MICHAEL JAY BERGER
3  9454 Wilshire Blvd. 6th Floor
   Beverly Hills, CA 90212-2929
4  Telephone:    (310) 271-6223
5  Facsimile:    (310) 271-9805
   E-mail: Michael.Berger@bankruptcypower.com
6  E-mail: Sofya.Davtyan@bankruptcypower.com

7  *Proposed* Counsel for Debtor and Debtor-in-Possession,
8  Leslie Klein

9

10              UNITED STATES BANKRUPTCY COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                  LOS ANGELES DIVISION

13

14  In re:                          ) CASE NO.: 2:23-bk-10990-SK
                                     )
15                                   ) Chapter 11 (Subchapter V)
    Leslie Klein,                    )
16                                   ) **APPLICATION FOR ORDER**
                                     ) **AUTHORIZING DEBTOR TO**
17      Debtor and Debtor-in-Possession. ) **EMPLOY GENERAL BANKRUPTCY**
                                     ) **COUNSEL; DECLARATIONS OF**
18                                   ) **MICHAEL JAY BERGER AND**
                                     ) **LESLIE KLEIN IN SUPPORT**
19                                   ) **THEREOF; AND STATEMENT OF**
                                     ) **DISINTERESTEDNESS IN SUPPORT**
20                                   ) **THEREOF [11 U.S.C. § 327, LBR 2014-**
                                     ) **1]**
21                                   )
                                     )
22                                   )
                                     )
23                                   ) *[No Hearing, Unless Requested]*
24                                   )

25

26  **TO THE HONORABLE SANDRA KLEIN, JUDGE OF THE UNITED**

27  **STATES BANKRUPTCY COURT, TO THE UNITED STATES TRUSTEE,**

28

**SUBCHAPTER V TRUSTEE, TO DEBTOR'S CREDITORS AND TO ALL**

**INTERESTED PARTIES:**

Leslie Klein (the "Debtor"), Debtor and Debtor-in-Possession herein, respectfully

represents:

1.    On February 15, 2023, Debtor retained the Law Offices of Michael Jay

Berger ("Applicant") to represent Debtor in its Chapter 11 bankruptcy proceeding.

2.    On February 22, 2023, a voluntary Chapter 11 under Subchapter V petition

was filed on behalf of the Debtor. Post-petition services commenced on February 23,

2023.

3.    Debtor desires to employ Applicant as General Bankruptcy Counsel with

respect to the above-referenced Chapter 11 bankruptcy proceeding. Debtor represents

that the employment of Applicant would be in the best interests of the estate. Debtor has

selected Applicant as his General Bankruptcy Counsel because of Applicant's extensive

experience representing both debtors and creditors in Chapter 7, 11, and 13 bankruptcy

proceedings. Michael Jay Berger ("Berger") is a Certified Legal Specialist in Bankruptcy

Law, certified by the Legal Board of Specialization of the State Bar of California. It is

necessary for the Debtor to employ General Bankruptcy Counsel to represent his interests

in this Chapter 11 bankruptcy proceeding, as the Debtor would be unable to reorganize

his business without the benefit of competent legal advice. The Debtor has no knowledge

of bankruptcy law and needs the assistance of an experienced bankruptcy attorney to

effectively deal with claims against the estate and propose a plan of reorganization.

Retention of General Bankruptcy Counsel for the representation set forth herein will

afford the Debtor the benefit of experienced bankruptcy counsel familiar with the affairs of the Debtor as it relates to this Chapter 11 proceeding.

4.      According to Debtor's information and belief, said counsel is not employed by, or connected with, any of Debtor's creditors, or with any other party in interest herein, or his respective attorneys, or any person or entity, believed to have any position inconsistent with that of this estate.

5.      As General Bankruptcy Counsel for the Debtor, Applicant will provide all legal services reasonably required to represent Debtor in his Chapter 11 bankruptcy proceeding.  These services will include, and have included, communicating with creditors of the Debtor, reviewing the Debtor's Chapter 11 bankruptcy petition and all supporting schedules, advising the Debtor of his legal rights and obligations in a bankruptcy proceeding, working to bring the Debtor into full compliance with reporting requirements of the Office of the United States Trustee (the "OUST"), preparing status reports as required by the Court, and responding to any motions filed in Debtor's bankruptcy proceeding.  In addition, Applicant will respond to creditor inquiries, review proofs of claim filed in Debtor's bankruptcy, object to inappropriate claims, prepare Notices of Automatic Stay in all state court proceedings in which the Debtor is sued during the pending of Debtor's bankruptcy proceeding and, if appropriate, prepare a Chapter 11 Plan of Reorganization for the Debtor.

6.      Applicant will charge the Debtor for Berger's services at the rate of $595.00 per hour.  Applicant will charge Debtor $545.00 per hour for the services of his partner Sofya Davtyan, $435.00 per hour for the services of mid-level associate attorneys

Carolyn M. Afari and Robert Poteete, $275.00 per hour for the services of his bankruptcy analyst/field agent Gary Baddin, $250.00 per hour for the services of his senior paralegals and law clerks, and $200.00 per hour for the services of bankruptcy paralegals.

7.    The agreed upon retainer is $20,000.00. On February 15, 2023, Doctors Marketing Group, LLC paid Applicant the $20,000.00 retainer and the $1,738.00 filing fee as a gift contribution to the Debtor. Doctors Marketing Group, LLC is not seeking repayment from the Debtor.  Doctors Marketing Group, LLC is not a creditor of the Debtor.

8.    Applicant's actual pre-petition fees and costs incurred were deemed fully earned as of the filing of the petition, and were withdrawn from the Applicant's client trust account immediately prior to the filing of the Debtor's bankruptcy petition as payment for the pre-petition work done by Applicant.  Applicant's actual pre-petition fees were $2,601.50 and Applicant's actual pre-petition costs were the $1,770.00 (a $32.00 credit report fee and the $1,738.00 filing fee).  The unearned retainer of $17,366.50 will be maintained in Applicant's Client Trust account until court authorization is obtained pursuant to 11 U.S.C. § 330.

9.    The facts justifying $20,000.00 retainer include, but are not limited to, the following facts:

a.    Applicant met with the Debtor to assist the Debtor in planning a reorganization of his business.

b.    Applicant is assisting the Debtor in compliance with the requirements of the OUST.

4

c.     Applicant will write to, speak to, and meet in person with creditors

of the Debtor as needed to ensure that they respect the automatic

stay, to explain the facts and circumstances surrounding the case, to

investigate possible claims against the Debtor, and to gain his

cooperation with regards to the continued business of the Debtor.

d.     The nature of Chapter 11 bankruptcies requires that Debtor's counsel

do a large amount of work at the beginning of the case and during

the first 120 days of the case.  At the same time, Debtor's counsel

generally may not file an application for payment of his fees more

frequently than once every 120 days.

10.     Applicant will comply with the appropriate Fee and Employment

guidelines in withdrawing any funds from the estate of the Debtor.  A true and correct

copy of the resumes of Applicant's attorneys, Michael Jay Berger, Partner Sofya

Davtyan, mid-level associate attorneys Carolyn M. Afari and Robert Poteete are

collectively attached to the Berger Declaration as Exhibit "1" and "2", and are

incorporated herein by this reference.  A true and correct copy of the resumes of

Applicant's bankruptcy analyst/field agent Gary Baddin, paralegals Yathida Nipha,

Karine Manvelian, and Peter Garza are also collectively attached to the Berger

Declaration as Exhibit "2", and are incorporated herein by this reference.

11.     A copy of the Statement of Disinterestedness describing Applicant's

connections, or lack thereof, to other parties in this case is attached to the Berger

Declaration as Exhibit "3".  A copy of the Attorney-Client Written Fee Contract entered

into between Debtor and Applicant is attached to the Berger Declaration as <u>Exhibit "4"</u>,

and is incorporated herein.  A copy of the Notice of Opportunity to Request a Hearing on

Motion, required by Local Rule 9013-1(o) and filed herewith, is attached to the Berger

Declaration as <u>Exhibit "5"</u>.

12.     No compensation will be paid to Applicant by the Debtor except, upon

application to, and approval by the Bankruptcy Court after notice and hearing.

WHEREFORE, Debtor prays for an order authorizing him to retain as General

Bankruptcy Counsel, the Law Offices of Michael Jay Berger, effective as of February 22,

2023.

DATED: 3/1/2023                          LAW OFFICES OF MICHAEL JAY BERGER


By: _____
    Michael Jay Berger
    *Proposed* Counsel for Debtor-in-Possession
    Leslie Klein

## DECLARATION OF MICHAEL JAY BERGER

I, Michael Jay Berger, declare and state as follows:

1.      I am an Attorney at Law, licensed to practice before all of the courts in the State of California, and in the United States District Court for the Central District of California. I am the sole owner of the Law Offices of Michael Jay Berger ("Applicant").

2.      I seek to be employed by Leslie Klein (the "Debtor"), Debtor and Debtor-in-Possession herein, as its General Bankruptcy Counsel.

3.      I am sufficiently an expert in the field of bankruptcy to act as General Bankruptcy Counsel for Debtors herein. I have 40 years of professional experience in bankruptcy law. I am a Certified Legal Specialist in Bankruptcy Law, certified by the California Board of Legal Specialization of the State Bar of California.

4.      A true and correct copy of my resume, and the resumes of my Partner Sofya Davtyan, mid-level associate attorneys Carolyn M. Afari and Robert Poteete are collectively attached hereto as Exhibits "1" and "2". A true and correct copy of the resumes of my bankruptcy analyst/field agent Gary Baddin, paralegals Yathida Nipha, Karine Manvelian, and Peter Garza, are also collectively attached hereto as Exhibit "2".

5.      According to my information and belief, I am not employed by, or connected with, any of Debtor's creditors, or with any other party in interest herein, or his respective attorneys, or any person or entity, believed to have any position inconsistent with that of this estate.

6.      The employment at the rates disclosed in this Application would be in the best interests of the estate, and I make this declaration pursuant to the provisions of 11 U.S.C. § 327 of the Bankruptcy Code. I further declare that I am in compliance with, and am qualified to act as General Bankruptcy Counsel for the Debtors herein in accordance with said provision. A Statement of Disinterestedness describing my connections, or lack thereof, to other parties in this case is attached hereto as Exhibit "3".

7.    I am rated "A/V" in the Martindale-Hubbell legal directory and have maintained this rating continuously from 1995 to 2023.  This is the highest rating for both the quality of my work and my ethics.   I have successfully represented debtors and creditors in many Chapter 7, Chapter 11, and Chapter 13 cases.

8.    Cases in which I have been approved to be employed as counsel for the debtors and confirmed plans in a chapter 11 case include, but are not limited to, the following:

    a.    On February 22, 2023, I confirmed a plan of reorganization in Chapter 11 case entitled <u>Energy Enterprises USA Inc., dba Canopy Energy</u>, Case No.: 1:21-bk-11374-MT. This case involved a solar developer and offers in home consultation services, engineering to custom build solar energy system suited for each resident and the installation.

    b.    On February 1, 2023, I confirmed an Individual Chapter 11 case entitled <u>Monica L. Coleman,</u> Case No.: 3:21-04069-MM11. This case involved the reorganization of the Debtor's personal finances.

    c.    On December 23, 2022, I confirmed a Subchapter V plan of reorganization in a Chapter 11 case entitled <u>El Calamar, Inc.</u>, Case No.: 8:22-bk-11188-TA. This case involved the reorganization of a family-owned restaurant in Santa Ana.

    d.    On December 13, 2022, I confirmed a plan of reorganization in an Individual Chapter 11 Plan entitled <u>Larry J. Cummings.</u>, Case No.: 6:20-bk-14708-SY. This case involved the reorganization of Debtor personal finances to restructure his restaurant.

    e.    On November 23, 2022, I confirmed a Subchapter V plan of reorganization in a Chapter 11 case entitled <u>In re Wilma & Frieda Inc. dba Wilma & Frieda's Café</u>, Case No. 1:22-bk-10147-VK. The case involved a Debtor that operates a restaurant in the Palm Desert area.

f.  On November 14, 2022, I confirmed a Subchapter V plan of reorganization in a Chapter 11 case in the Central District of California entitled <u>BMW Nationwide Security, Inc.</u>, Case No.: 2:22-bk-12988-VZ. This case involved the Debtor providing security guard services.

g.  On September 2, 2022, I confirmed a Subchapter V plan of reorganization in a Chapter 11 case in Eastern District of California entitled <u>California Roofs and Solar, Inc.</u>, Case No.: 22-10061. This case involved the Debtor providing residential remodeling services.

h.  On September 2, 2022, I confirmed a Subchapter V plan of reorganization in a Chapter 11 case entitled <u>CICO Electrical Contractors, Inc.</u>, Case No.: 2:21-bk-19348-VZ. This case involved the reorganization of a company that specialize in building and maintaining electrical systems and standby generator equipment.

i.  On August 15, 2022, I confirmed a Subchapter V plan of reorganization in a Chapter 11 case entitled <u>K. Anthony Incorporated dba K. Anthony Pre-School Inc.</u> This case involved restructuring of a pre-school and daycare.

j.  On July 18, 2022, I confirmed a Subchapter V plan of reorganization in a Chapter 11 case entitled <u>Amphil Group, LLC,</u> Case No.: 2:21-bk-18014-VZ. This case involved stopping the foreclosure on residential real property.

k.  On April 26, 2022, I confirmed a plan of reorganization in a Chapter 11 case entitled <u>In re: DLR Express, Inc.</u> This case involved the successful reorganization of a trucking business.

l.  On March 30, 2022, I confirmed a plan of reorganization in a Chapter 11 case entitled <u>In re: BCT Deals, Inc., dba Best Costumes and Toy Deals.</u> This case involved the successful reorganization of a Halloween costume and toy business.

APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY GENERAL BANKRUPTCY COUNSEL

m. On December 28, 2021, I confirmed a plan of reorganization in a Chapter 11 case entitled <u>In re: Anait Akopyan</u>. This case involved the successful reorganization of an individual with two rental properties with substantial amount of pre-petition arrears and multiple judgment liens.

n. On December 21, 2021, I confirmed a Subchapter V plan of reorganization in a Chapter 11 case entitled <u>In re Pacific Environmental Technologies, Inc.</u> This case involved a successful reorganization of a business which provides modular, soft wall, mobile, and conventional cleanrooms, as well as refrigerated storages, freezers, and solar and energy storages to pharmaceutical aerospace, and industrial companies.

o. On June 29, 2021, I confirmed a plan of reorganization in a Chapter 11 case entitled <u>In re RedRhino: The Epoxy Flooring Company, Inc.</u>  This case involved the successful reorganization of a business which provides protective coating, overlaying, and polished concrete services to the industrial and commercial work spaces.

p. On June 10, 2021, I confirmed a plan of reorganization in a Chapter 11 case entitled <u>In re Talk Venture Group, Inc.</u>, Case No.: 8:19-bk-14893-TA. This case involved the successful reorganization of a business selling merchandise on Amazon.com.

q. On June 10, 2021, I confirmed a plan of reorganization in a Chapter 11 case entitled <u>In re Paul Se Won Kim</u>, Case No.: 8:20-bk-10168-TA. This case involved the successful reorganization of Debtor's personal finances.

r. On May 21, 2021, I confirmed a plan of reorganization in a Subchapter V Chapter 11 case entitled <u>In re Real Estate Recovery</u>, Case No.: 2:20-bk-19134-VZ. This case involved a successful reorganization of a non-profit organization that provides affordable housing to low-income veterans and homeless people.

s.  On May 12, 2021, I confirmed a plan of reorganization in a Chapter 11 case entitled In re Nuance Energy Group, Inc., Case No.: 2:20-bk-17761-VZ. This case involved the successful reorganization of a solar installation company.

t.  On December 18, 2020, I confirmed a plan of reorganization in a Chapter 11 case entitled In re: Marco General Construction, Inc., Case No.: 2:19-bk-14758-BB.  This case involved the successful reorganization of a construction company.

u.  On December 9, 2020, I confirmed a plan of reorganization in a Chapter 11 entitled In re: C2 Plumbing, Inc., Case No.: 2:19-bk-23459-VZ. This case involved the successful reorganization of a plumbing business.

v.  On October 28, 2020, I confirmed a plan of reorganization in a Chapter 11 entitled In re: Unified Protective Services, Inc., Case No. 2:19-bk-16482-NB. This case involved the successful reorganization of a private security company.

w.  On July 20, 2020, I confirmed a plan of reorganization in a Chapter 11 entitled, In re: Edmond Melamed and Rozita Melamed, Case No. 2:bk-22426-NB. This case involved the successful reorganization of their personal finances.

x.  On January 23, 2020, I confirmed a plan of reorganization in a Chapter 11 entitled, In re: Exie Marie Leagons, Case No. 2:18-bk-17859-VZ. This case involved the successful reorganization of her personal finances.

y.  On November 27, 2019, I confirmed a plan of reorganization in a Chapter 11 entitled, Damu Vusha and Akiba Vusha, Case No. 2:18-bk-11284-ER. This case involved the successful reorganization of their personal finances.

z.  On October 11, 2019, I confirmed a plan of reorganization in a Chapter 11 entitled, In re: Ameriquest Security Service, Case No. 2:18-bk-21241-WB.

APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY GENERAL BANKRUPTCY COUNSEL

This case involved the successful reorganization of a private security company.

aa. On April 23, 2019, I confirmed a plan of reorganization in a Chapter 11 entitled, In re: John Michael Wilcox and Gwenn Ellen Wilcox, Case No. 2:17-bk-24446-SK. This case involved the successful reorganization of their personal finances.

bb. On October 4, 2018, I confirmed a plan of reorganization in a Chapter 11 entitled, In re: Zenah Mohamed Essayli, Case No. 8:17-bk-14597-CB. This case involved the successful reorganization of her personal finances.

cc. On August 20, 2018, I confirmed a plan of reorganization in a Chapter 11 entitled, In re: Union County Transport, Inc., Case No. 2:17-bk-21514-BB. This case involved the successful reorganization of transportation business.

dd. In 2018, I obtained a Final Decree and Discharge in a Chapter 11 case entitled, In In re: Shahla Dowlati Chapter 11 Case No. 1:16-bk-10073-VK, after successfully confirming a plan of reorganization in said case. That case involved the successful reorganization of Debtor's two income properties. I was approved as counsel for Debtor on February 12, 2016 and my final fee application granting my fees was entered on August 8, 2018.

ee. On October 24, 2017, I confirmed a plan of reorganization in a Chapter 11 entitled, In re Rescue One Ambulance, Case No. 2:17-bk-10002-NB. This case involved the successful reorganization of an ambulance transportation business involving the Internal Revenue Service.

ff. On July 10, 2017, I confirmed a plan of reorganization in a Chapter 11 case entitled, In re Amos C. Acoff, Case No. 2:16-bk-10109-VZ. That case involved the successful reorganization of his residence and multiple real properties.

APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY GENERAL BANKRUPTCY COUNSEL

gg. On June 14, 2022, I confirmed a plan of reorganization in a Chapter 11 case entitled, <u>Bbeautiful LLC</u>, Case No. 2:16-bk-10799-ER. The Debtor is a brand-maker and retailer of a wide range of personal beauty products for skin, hand & nail, body hair, pedicure, makeup and fragrance.

hh. On February 12, 2016, I confirmed a plan of reorganization in a Chapter 11 case entitled, <u>In re Edward D. Roane</u>, Case No. 1:14-bk-15621-VK. That case involved the successful reorganization of his residence and multiple real properties.

ii. On December 23, 2015, I confirmed a plan of reorganization in a Chapter 11 case entitled, <u>In re: Steven and Julie Sassoon</u>, Case No. 2:14-bk-12673-TD. That case involved the successful reorganization of their unsecured debt after years in state court litigation.

jj. On March 11, 2015, I confirmed a plan of reorganization in a Chapter 11 case entitled, <u>In re: Michael J. and Cristina M. Parker</u>, Case No. 6:13-bk-3051-MJ. That case involved the successful reorganization of the Debtors' residence and resolution of multiple state court lawsuits. The Debtors obtained a discharge order on April 30, 2015.

kk. On October 28, 2014, I confirmed a plan of reorganization in a Chapter 11 case entitled, <u>In re: Nabih Mansour and Mary Mansour</u>, Case No. 2:12-bk-48622-RN. This case involved a foreclosure sale of their home. Mr. Mansour operates a veterinarian hospital and Mrs. Mansour is a Pharmacist.

ll. On May 5, 2014, I confirmed a plan of reorganization in a Chapter 11 case entitled In re: <u>Ruth Hasson</u>, Case No. 2:13-bk-15138-RK. This case involved a foreclosure sale date. Final decree was entered on September 25, 2014.

mm.    On December 11, 2013, I confirmed a plan of reorganization in Chapter 11 case entitled, In re: <u>Martha Gutierrez and Aaron Gutierrez</u>, Case

No. 2:12-bk-32047-WB. The case involved the successful reorganization of the loans on the Debtors' two rental properties.

nn. On November 6, 2013, I confirmed a plan of reorganization in Chapter 11 case entitled, In re: Jamal Elyazal, Case No. 6:12-bk-11709-MW. The case involved the successful reorganization of the loans on the Debtor's loans on Debtor's primary residence and 17 rental properties.

oo. On October 1, 2013, I confirmed a plan of reorganization in Chapter 11 case entitled, In re: CDG Materials, Inc., Case No. 6:12-bk-12935-MH. This case involved the successful reorganization of a corporation principally engaged in the business of manufacturing and selling various types and grades of gravel and sand.

pp. On June 5, 2013, I confirmed a plan of reorganization in a Chapter 11 Case entitled In re Vicente Zarate and Ingrid R. Zarate, Case No.: 2-12-bk-16597-PC. This case involved the successful reorganization of the loans on the Debtors' primary residence and their multiple rental properties.

qq. On May 10, 2013, I confirmed a plan of reorganization in a Chapter 11 Case entitled In re Alejandro Caray Casasola and Zenaida Urmanita Casasola, Case No. 2:11-bk-47034-ER. This case also involved the successful reorganization of the loans on the Debtors' primary residence and their multiple rental properties.

rr. On May 1, 2013, I confirmed a plan of reorganization in a Consolidated Chapter 11 Case entitled In re Steven Michael Mehr and Larissa Deshaviegh Mehr, lead case number 8:11-bk-12166-ES, consolidated case number 8:11-bk-17014-ES. This case involved the successful reorganization of debtors' primary residence in Orange County and 7 rental properties located throughout Orange County and Los Angeles County.

APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY GENERAL BANKRUPTCY COUNSEL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ss. On March 27, 2013, I confirmed a plan of reorganization in a Chapter 11 Case entitled <u>In re Arthur Melnikov and Alina Kutsevol,</u> Case No.: 1:11-bk-11614-GM. This was a personal Chapter 11 for individual Debtors that owned a home and two rental properties. The Debtors were in bankruptcy for 15 months before they hired me.

tt. On December 17, 2012, I confirmed a plan of reorganization in a Chapter 11 Case entitled <u>In re Ovazine Yvette Shannon</u>, Case No.:2:11-bk-38912-VZ. This case involved the successful reorganization of debtor's six multi-unit apartment building rental properties.

uu. On July 23, 2012, I confirmed a plan of reorganization in a Chapter 11 Case entitled <u>In re Richard G. Miller and Shannon Miller</u>, Case No # 6:10-bk-31105-MJ. This was a personal Chapter 11 bankruptcy case for a retired, married couple that owned a home, rental property, and vacant land.

vv. On August 12, 2012, I confirmed a plan of reorganization in Chapter 11 case entitled, In re: <u>Hoskins Enterprises, Inc</u>., Case No. 1:11-bk-15148-GM. Hoskins Enterprises, Inc., provides adult day care services for mentally disabled adults. Debtor was forced into bankruptcy by a wrongful termination lawsuit.

ww. On June 29, 2012, I confirmed a plan of reorganization in a Chapter 11 case entitled, <u>In re: Leonor Zimerman</u>, Case No. 1:11-bk-14045-GM. That case involved the successful reorganization of Debtor's rental property and income property. Final decree was entered on January 7, 2013.

xx. On June 13, 2012, I confirmed a plan of reorganization in a Chapter 11 case entitled, <u>In re: Vahigh and Penah Dadayan</u>, Case No. 2:11-bk-14452-RK. That case involved the successful reorganization of their primary residence and 5 rental properties. Final decree was entered on January 7, 2013.

yy. On May 23, 2012, I confirmed a plan of reorganization in a Chapter 11 case entitled, <u>In re: Hamid Peter and Farideh Keshavarz</u>, Case No. 1:11-bk-17414-AA. That case involved the successful reorganization of the Debtors debts on their primary residence. A final decree order was entered on June 4, 2013.

zz. On April 11, 2012, I confirmed a plan of reorganization in a Chapter 11 case entitled, <u>In re: Gregory Stephen Jones and Eteva Desiree Laufasa</u>, Case No. 2:11-bk-22829-PC. That case involved reorganization of the Debtors' primary residence and their rental properties. A discharge order was entered on October 15, 2014.

aaa.    On February 27, 2012, I confirmed a plan of reorganization in a Chapter 11 Case entitled <u>In re 7 West, LLC</u>, Case # 2:10-bk-36804-ER. This case involved the successful reorganization of a 24-unit apartment complex in Los Angeles, California. A Final Decree was entered on May 10, 2013.

bbb.    On February 17, 2012, I confirmed a plan of reorganization in a Chapter 11 case entitled, <u>In re: 7 West, LLC</u>, Case No. 2:10-bk-36804-ER. That case involved the reorganization of an apartment complex. Final decree was entered May 10, 2013.

ccc.    On February 3, 2012, I confirmed a plan of reorganization in a Chapter 11 Case entitled <u>In re Moshe Segev and Michelle M. Cohen</u>, Case # 1:09-bk-23222-GM. This was a personal Chapter 11 for a couple with 4 children under the age of 9.

ddd.    On September 30, 2011, I confirmed a plan of reorganization in a Chapter 11 case entitled, <u>In re: Ludo Gust Mensch and Lorraine Patricia Mensch</u>, Case No. 1:10-bk-22102-MT. That case involved the reorganization of a construction company.

eee.    On June 29, 2011, I confirmed a plan of reorganization in a Chapter 11 case entitled, In re: Twelve Signs Incorporated, Case No. 2:10-bk-11758-PC. That case involved the liquidation of various intellectual property of an astrological products company.

fff. On April 13, 2011, I confirmed a plan of reorganization in a Chapter 11 Case entitled, In re: Rahim Zabihi, Case No. 8:10-bk-11504-TA. That case involved the successful reorganization of two veterinarian clinics and five pieces of real property.

9.    In Chapter 11 filings, I have successfully represented restaurants, nightclubs, retail stores, dry cleaners, advertising agencies, manufacturing companies, construction companies, real estate owners, real estate developers, medical practices, trucking companies, an ambulance company and other businesses.

10.    I will charge the Debtor for my services at the rate of $595.00 per hour.  I will charge Debtor $545.00 per hour for the services of my partner Sofya Davtyan, $435.00 per hour for the services of my mid-level associate attorneys Carolyn M. Afari and Robert Poteete, $275.00 per hour for the services of my bankruptcy analyst/field agent Gary Baddin, $250.00 per hour for the services of my bankruptcy senior paralegals and law clerks, and $200.00 per hour for the services of bankruptcy paralegals.

11.    The agreed upon retainer is $20,000.00. On February 15, 2023, Doctors Marketing Group, LLC paid me the $20,000.00 retainer and the $1,738.00 filing fee as a gift contribution to the Debtor. Doctors Marketing Group, LLC is not seeking repayment from the Debtor.  Doctors Marketing Group, LLC is not a creditor of the Debtor.

12.    My actual pre-petition fees and costs incurred were deemed fully earned as of the filing of the petition, and were withdrawn from the my client trust account immediately prior to the filing of the Debtor's bankruptcy petition as payment for the pre-petition work done by me.  My actual pre-petition fees were $2,601.50 and my actual pre-petition costs were the $1,770.00 for $32.00 credit report fee and $1,738.00 filing fee.  The unearned retainer of $17,366.50 will be maintained in my Client Trust account until court authorization is obtained pursuant to 11 U.S.C. § 330.

13.    Attached hereto as Exhibit "4" is a true and correct copy of the Attorney-Client Written Fee Contract entered into between Debtor and I.

14.    My post-petition legal services for the Debtor began on February 23, 2023.

15.    The Notice of Opportunity to Request a Hearing on Motion, required by Local Rule 9013-1(o) and filed herewith, is attached hereto as Exhibit "5".


I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on February 28, 2023 at Beverly Hills, California.

Michael Jay Berger

## DECLARATION OF LESLIE KLEIN

I, Leslie Klein, declare and state as follows:

1.      I am the Debtor and Debtor-in-Possession (the "Debtor"). I am over the age of 18. I have personal knowledge of the facts I state below, and if I were to be called as a witness, I could and would competently testify about what I have written in this declaration.

2.      I make this declaration in support of my Application to Employ the Law Offices of Michael Jay Berger ("Applicant") as my General Bankruptcy Counsel ("Application").

3.      The agreed upon retainer is $20,000.00. On February 15, 2023, Doctors Marketing Group, LLC paid Applicant the $20,000.00 retainer and the $1,738.00 filing fee as a gift contribution to me. Doctors Marketing Group, LLC is not seeking repayment from me.  Doctors Marketing Group, LLC is not a creditor of mine.

4.      Applicant's actual pre-petition fees and costs incurred were deemed fully earned as of the filing of the petition, and were withdrawn from the Applicant's client trust account immediately prior to the filing of the Debtor's bankruptcy petition as payment for the pre-petition work done by Applicant.  Applicant's actual pre-petition fees were $2,601.50 and Applicant's actual pre-petition costs were the $1,770.00 for $32.00 credit report fee and $1,738.00 filing fee.  The unearned retainer of $17,366.50 will be maintained in Applicant's Client Trust account until court authorization is obtained pursuant to 11 U.S.C. § 330.

5.      According to my information and belief, the Applicant is not employed by, or connected with, any of my creditors, or with any other party in interest herein, or its respective attorneys, or any person or entity, or believed to have any position inconsistent with that of my estate.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on February 28, 2023 at Los Angeles, California.

Leslie Klein

# EXHIBIT 1

# MICHAEL JAY BERGER

**9454 Wilshire Boulevard, 6th Floor, Beverly Hills, California 90212**
Telephone: 310.271.6223  |  Fax: 310.271.9805  |  E: michael.berger@bankruptcypower.com
Website: www.bankruptcypower.com

## EDUCATION

**Certified Legal Specialist in Bankruptcy Law certified by the California Board of Legal Specialization of the State Bar of California**
Certified on September 1, 2006 and continuously certified since then.

Law School – HASTINGS COLLEGE OF LAW, San Francisco, California
> J.D. with Honors, May 1981;
> Class Standing: Top 10%

Main Honors and Activities
> Order of the Coif                     Law Review
> Thurston Honor Society                Phi Alpha Delta

Undergraduate – DUKE UNIVERSITY, Durham, North Carolina
> B.A.  Graduated with Honors, 1978 Major: English

Main Honors and Activities
> Captain of the Duke Debate Team
> Chairman, Duke Branch of the North Carolina Public Interest Research Group
> Member, National Honorary Society
> Delta Sigma Rho Tau Kappa Alpha

## WORK EXPERIENCE

40 years of experience representing accountants, actors, advertising agencies, ambulance companies, bail bond companies, book stores, car washes, churches and synagogues, clothing companies, construction companies, construction supply companies, contractors, cosmetic companies, dentists, designers, doctors, entrepreneurs, film companies, gas stations, hospitals, hotels, insurance agencies, insurance sales people, investors, landlords and tenants, landscape companies, lawyers,  lenders, magazines, manufacturing companies, musicians, nightclubs, online sales companies, pawn shops, physical therapists, radio stations, real estate brokers, real estate developers, real estate investors, restaurants, retail stores, schools, screenwriters, security guard companies, shopping centers, song writers, stock brokers, students, teachers, television stations, trucking companies and veterinarians.

| | |
|---|---|
| 1996 to Now | LAW OFFICES OF MICHAEL JAY BERGER<br>Beverly Hills, California<br>Principal attorney in law firm specializing in bankruptcy practice.<br>Extensive experience representing debtors, creditors and third parties in Chapter 7, 11 and 13 Cases and Adversary Proceedings |
| 1983 to 1996 | Attorney and Managing Partner, BERGER & STOLAR, INC.<br>Beverly Hills, California<br>Senior trial lawyer specializing in bankruptcy and civil litigation practice.<br>Very knowledgeable and experienced in all types of civil litigation, including all types of collection, business, contract, entertainment, real estate, probate and bankruptcy cases.  Extensive experience representing debtors and creditors in numerous Chapter 7, 11 and 13 proceedings. |

1981 to 1983    Attorney, RIFKIND, STERLING & LEVIN, INC.
Beverly Hills, California
Practiced in all phases of civil litigation. Primarily responsible for
collection, bankruptcy, breach of contract, real estate and tort cases.

## ACTIVITIES AND ASSOCIATIONS

"AV" rated lawyer as rated by Martindale Hubbell legal directory 1995-2023[*]

"Superb Rated Attorney" By Avvo
Former Judge Pro Tem, Beverly Hills Municipal Court
Former Arbitrator, Beverly Hills Bar Association
Former Editor of the Beverly Hills Bar Association Journal
Member of the Bankruptcy Section of the Beverly Hills Bar Association
Member of the Los Angeles Bankruptcy Forum
Member of the California Bankruptcy Forum
Member of the American Bankruptcy Institute
Member of Mensa, The High IQ Society
Member of Track Club Los Angeles
Marathon and Ultramarathon Runner
Guitar Player and Lead Singer for the Rock and Roll Band DTF

## AREA SERVED

I serve all of California, with the majority of my cases being in the Central District of California
downtown Los Angeles, San Fernando Valley, Santa Ana and Riverside branch courts.

---

[*] The Martindale-Hubbell "AV" rating indicates very high to preeminent legal ability and very high ethical standards
as established by confidential opinions from members of the bar.

**EXHIBIT 2**

# LAW OFFICES OF MICHAEL JAY BERGER

9454 Wilshire Blvd., 6th Floor
Beverly Hills, California 90212
Tel: 310-271-6223 | Fax: 310-271-0985

LAW OFFICES OF MICHAEL J. BERGER (the "Firm") limits its practice to the field of bankruptcy, insolvency, workouts and related civil litigation and transactional matters. The Firm's legal representation, involves extensive involvement with consumers and businesses, as Debtors and Debtors-in-Possession in chapter 7, 11 and 13 Bankruptcies.

## DESCRIPTION OF RESPONSIBILITIES OF BANKRUPTCY ATTORNEYS

The Firm's Bankruptcy Department currently employs four full-time attorneys whose duties include, but are not limited to, attendance at the client's initial debtor interview, 341(a) meeting of creditors and confirmation hearing. The Firm's attorneys also prepare petitions, schedules and other documents that are critical to the success of each case.

The attorneys, under the supervision of the Firm's principal attorney, Michael Jay Berger, are responsible for the research, preparation and filing of applications, motions and other documents throughout the course of a client's bankruptcy. More specifically, the attorneys draft applications to employ professionals and applications for attorney compensation, as well as budget motions, motions for the interim use of cash collateral, motions to value and Chapter 11 and 13 plans of reorganization and disclosure statements.

The Firm's attorneys also ensure compliance with the Bankruptcy Code and Local Bankruptcy Rules. The attorneys are often required to prepare and file: applications for orders shortening time, motions for authorization to incur debt, applications for removal of civil actions, amendments to schedules, final reports, orders, judgments-findings of fact and conclusions of law, applications for final decrees closing Chapter 11 cases, statements of indebtedness and declarations in adversary proceedings, collection complaints, notices of appeals, and proofs of claim.

Immediately following is a brief description of the qualifications of the Firm's Attorneys.

**Michael Jay Berger – _Principal Attorney_**, admitted to the State Bar of California, 1981; Central District of California, 1982. Mr. Berger is a Certified Legal Specialist in Bankruptcy Law certified by the California Board of Legal Specialization of the State Bar of California.

University of California Hastings, San Francisco, CA (1981)
Duke University, Durham, NC (1978).

1

**Sofya Davtyan – *Partner*:** Admitted to the State Bar of California, 2008; Central District of California, 2008. Ms. Davtyan joined the firm in February of 2009. Ms. Davtyan is a Certified Specialist in Bankruptcy Law, Certified by the California Board of Legal Specialization.

Ventura College of Law, Ventura, CA (2008)
University of Southern California, Los Angeles, CA (2002)

**Carolyn M. Afari  – *Mid-Level Associate*:** Admitted to the State Bar of California, 2012; Central District of California, 2012. Ms. Afari joined the firm in June of 2017.

University of West Los Angeles School of Law, Los Angeles, CA (2011)
University of Southern California, Los Angeles, CA (2005)

**Robert Poteete – *Mid-Level Associate*:** Admitted to the State Bar of California, 2007; Central District of California, 2008. Mr. Poteete joined the firm in 2022.

UCLA School of Law, Los Angeles, CA (2006)
University of Pennsylvania, Philadelphia, PA (2003)

## DESCRIPTION OF RESPONSIBILITIES OF PARALEGALS & LEGAL ASSISTANTS

The Firm's Bankruptcy Department currently employs four full-time paralegals and legal assistants whose duties include, but are not limited to, the following:

Attendance at initial attorney/client meetings, preparation of petitions, schedules, statement of affairs and rendering assistance to client in meeting the requirements of the United States Trustee.

After filing of the petition, the Paralegals, under the supervision of the attorneys, prepare drafts of motions, applications and other documents, including, but not limited to the following:

Application for authorization to employ professional persons, applications for compensation of attorneys' fees, motions to compromise controversies, stipulations, motions for extension of time for the debtor to file schedules, motions for extension of exclusivity periods [Bankruptcy Code §1121], motions for extension of the time in which the debtor may assume or reject nonresidential real property leases, motions for authorization to sell assets of the debtor's estate, applications for orders shortening time for serving notices to creditors, motions for authorization to incur debt, applications for removal of civil actions, amendments to schedules, final reports and account [Bankruptcy Rule 1019 (6)], notices as required by the Bankruptcy Rules, orders, judgments-findings of fact and conclusions of law, applications for final decrees closing Chapter 11 cases, final decrees, statements of indebtedness and declarations in adversary proceedings, collection complaints, notices of appeals, proofs of claims, and any other documents which may appropriately be drafted at the legal assistant level.

Immediately following is a brief description of the qualifications of the Firm's Paralegals and Legal Assistants.

**<u>Gary Baddin (Bankruptcy Analyst / Field Agent)</u>**

Mr. Baddin joined the firm in June 2021. In 1987, he joined the elite Special Procedures Staff of the IRS, administering the Service's tax claims in the U. S. Bankruptcy Court. He worked for the Office of the United States Trustee in the U.S. Department of Justice as a Bankruptcy Analyst for 30 years and was assigned oversite of chapter 11 cases. Mr. Baddin received his Bachelor's Degree in Political Science from UC Davis and holds a Master's Degree in Public Administration from USC.

**<u>Yathida Nipha (Senior Paralegal)</u>**:  Ms. Nipha is a senior paralegal with over twelve years of experience in Chapters 7, 11 and 13. Ms. Nipha joined the firm in January 2010.

University of Phoenix, Los Angeles, CA (2008)

**<u>Karine Manvelian (Senior Paralegal)</u>**: Mrs. Manvelian joined the firm in 2014 and has returned in December 2015. Mrs. Manvelian worked with the United States Bankruptcy Court for over 20 years.

**<u>Peter Garza (Paralegal)</u>**:  Mr. Garza joined the firm in May 2015.  Prior to joining the firm, Mr. Garza was a customer service supervisor with Williams Lea, Inc. at O'Melveny & Myers for 15 years. Mr. Garza prepares declarations of service and Applications to Employ Professionals. Mr. Garza has experience preparing bankruptcy schedules in chapter 7, 11, and 13.

**EXHIBIT 3**

| | |
|---|---|
| Attorney or Party Name, Address, Telephone and FAX Nos., State Bar Nos. & Email Address<br>**Michael Jay Berger (SBN 100291)**<br>**Law Offices of Michael Jay Berger**<br>**9454 Wilshire Boulevard, 6th floor**<br>**Beverly Hills, CA 90212**<br>**Tel.: (310) 271-6223 Fax: (310) 271-9805**<br>**michael.berger@bankruptcypower.com**<br><br><br><br><br><br>*Attorney for Debtor* | FOR COURT USE ONLY |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re: | CASE NO.: __2:23-bk-10990-SK__ |
|---|---|
| | CHAPTER: __11__ |
| | |
| Leslie Klein | **STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT OF PROFESSIONAL PERSON UNDER FRBP 2014**<br><br>**(File with Application for Employment)** |
| Debtor(s). | [No Hearing Required] |

1.  Name, address and telephone number of the professional (Professional) submitting this Statement:
    **Michael Jay Berger (SBN 100291)**
    **Law Offices of Michael Jay Berger**
    **9454 Wilshire Blvd., 6th Floor, Beverly Hills, CA 90212**
    **Tel (310) 271-6223; Fax (310) 271-9805; Email michael.berger@bankruptcypower.com**

2.  The services to be rendered by the Professional in this case are *(specify)*:
    **Legal services required in representing Debtor in ch 11 proceedings include advising Debtor of his legal rights and remedies, negotiating with attorneys for unsecured creditors, negotiating with creditors, representing Debtor at related hearings, assisting Debtor in complying with OUST rules and regulations, assisting in paperwork preparation to continue and conclude this chapter 11 proceeding, responding to creditor inquiries, reviewing proofs of claims filed in this bankruptcy proceeding, preparing Notices of Automatic Stay in all State Court proceedings in which Debtor is sued during pendency of the bankruptcy and responding to Motions filed in Debtor's bankruptcy. Also, the Professional will object to inappropriate claims, and prepare a Suchapter V Plan on behalf of the Debtor.**

3.  The terms and source of the proposed compensation and reimbursement of the Professional are *(specify)*:
    **Applicant will charge for Michael Berger's services at the rate of $595.00 per hour; $545.00 per hour for partner Sofya Davtyan; $435.00 per hour for mid-level associate attorneys Carolyn M. Afari, and Robert Poteete; $275.00 per hour for bankruptcy analyst/field agent Gary Baddin, and $250.00/$200.00 per hour for senior paralegals, law clerks, and paralegals.**

---

This form is optional  It has been approved for use in the United States Bankruptcy Court for the Central District of California

December 2016                                   *Page 1*                    **F 2014-1.STMT.DISINTEREST.PROF**

4.  The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Professional
    are (specify):
    **The agreed upon retainer is $20,000.00. On February 15, 2023, Doctors Marketing Group, LLC paid Applicant the
    $20,000.00 retainer and the $1,738.00 filing fee as a gift contribution to the Debtor. Doctors Marketing Group, LLC is
    not seeking repayment from the Debtor. Doctors Marketing Group, LLC is not a creditor of the Debtor.**

    **Applicant's actual pre-petition fees and costs incurred were deemed fully earned as of the filing of the petition, and
    were withdrawn from the Applicant's client trust account immediately prior to the filing of the Debtor's bankruptcy
    petition as payment for the pre-petition work done by Applicant. Applicant's actual pre-petition fees were $2,601.50
    and Applicant's actual pre-petition costs were the $1,770.00 for $32.00 credit report fee and $1,738.00 filing fee. The
    unearned retainer of $17,366.50 will be maintained in Applicant's Client Trust account until court authorization is
    obtained pursuant to 11 U.S.C. § 330.**

5.  The investigation of disinterestedness made by the Professional prior to submitting this Statement consisted of
    (specify):
    **Applicant reviewed his list of current and past clients and found no contact with Debtor's creditors or
    other parties in interest.**

6.  The following is a complete description of all of the Professional's connections with the Debtor, principals of the
    Debtor, insiders, the Debtor's creditors, any other party or parties in interest, and their respective attorneys and
    accountants, the United States trustee, or any person employed in the office of the United States trustee
    (specify, attaching extra pages as necessary):
    **Applicant's office employs Gary Baddin who was previously employed as Analyst for the Office of the United States
    Trustee. Applicant does not believe Mr. Baddin's previous employment and current work on the case
    presents any conflict.**

7.  The Professional is not a creditor, an equity security holder or an insider of the Debtor, except as follows (specify,
    attaching extra pages as necessary):
    **n/a**

8.  The Professional is not and was not, within 2 years before the date of filing of the petition, a director, officer or
    employee of the Debtor.

9.  The Professional does not have an interest materially adverse to the interest of the estate or of any class of
    creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest
    in, the Debtor, or for any other reason, except as follows (specify, attaching extra pages as necessary):
    **n/a**

10. Name, address and telephone number of the person signing this Statement on behalf of the Professional and the
    relationship of such person to the Professional (specify):
    **Michael Jay Berger (SBN 100291)
    Law Offices of Michael Jay Berger
    9454 Wilshire Blvd., 6th Floor, Beverly Hills, CA 90212
    Tel (310) 271-6223; Fax (310) 271-9805; Email michael.berger@bankruptcypower.com**

11. The Professional is not a relative or employee of the United States trustee or a bankruptcy judge, except as
    follows (specify, attaching extra pages as necessary):
    **n/a**

12. Total number of attached pages of supporting documentation: _____

13. After conducting or supervising the investigation described in paragraph 5 above, I declare under penalty of
    perjury under the laws of the United States, that the foregoing is true and correct except that I declare that
    paragraphs 6 through 9 are stated on information and belief.

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                  Page 2                          **F 2014-1.STMT.DISINTEREST.PROF**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

3/1/2023
_____
Date

**Michael Jay Berger**
_____
Printed Name

_____
Signature

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                      Page 3                          **F 2014-1.STMT.DISINTEREST.PROF**

**EXHIBIT 4**

# LAW OFFICES OF MICHAEL JAY BERGER

9454 Wilshire Blvd., 6ᵗʰ Floor
Beverly Hills, California 90212-2929
Tel 310-271-6223 ● Fax 310-271-9805
e-mail: michael.berger@bankruptcypower.com
website: www.bankruptcypower.com

Michael Jay Berger is a California State Bar
Certified Bankruptcy Law Specialist

Sofya Davtyan is a California State Bar
Certified Bankruptcy Law Specialist

Carolyn Afari
Robert Poteete

February 13, 2023

Leslie Klein
322 N. June Street
Los Angeles, CA 90004

Via E-mail at leskleinlaw@gmail.com

Re:    **Representing Leslie Klein a Chapter 11 Bankruptcy to be filed in United States
Bankruptcy Court, Central District of California**

This document is our written fee contract. California law requires lawyers to have
written fee contracts with their clients. I will provide legal services to you on the terms set forth
below.

1.    CONDITIONS.    This agreement will not take effect, and I will have no
obligation to provide legal services, until you return a signed copy of this agreement to me and
pay the $20,000.00 retainer called for in paragraph 4.

2.    SCOPE OF SERVICES.    You are hiring me to prepare and file a
Chapter 11 bankruptcy petition for you. I will provide the legal services reasonably required to
represent you. Representation will include pre-bankruptcy planning, preparing a Chapter 11
bankruptcy Petition and all supporting schedules and statements, advising you regarding your
legal rights and obligations in a bankruptcy proceeding, assisting you in preparing the documents
and reports required by the Office of the United States Trustee, representing you at the initial
debtor interview with the Office of the United States Trustee, representing you at the first
meeting of creditors, representing you in opposition to any Motion for Relief from Stay that may
be filed and assisting you in preparing the paperwork needed to continue and conclude a Chapter
11 proceeding. In addition, I will respond to creditor inquiries, review proofs of claim filed in
your bankruptcy, object to inappropriate claims, respond to all Motions filed in your bankruptcy
proceeding and negotiate with your secured creditors and insurance company as needed. If and

1

when it is appropriate, I will prepare a proposed Disclosure Statement and Plan of Reorganization for you. I will keep you informed about the status of your case and to respond to your inquiries.

3.    CLIENT'S DUTIES.    You agree to be truthful with me, to cooperate with me, to keep me informed of developments which affect this case, to abide by this agreement, to pay my bills on time, and to keep me advised of your address, telephone number and whereabouts.

4.    RETAINER.    You agree to pay me a retainer of $20,000.00. The retainer is due before I file your case. The $20,000.00 retainer shall be deposited into my client trust account and will be billed against at the hourly rates set forth herein. Before filing your bankruptcy petition, I will give you a bill for all of my time and costs spent on your matter before the filing of your bankruptcy petition. The amount due and owing pursuant to this bill shall be deemed to be fully earned prior the filing of the bankruptcy petition on your behalf. I shall withdraw this amount from my client trust account prior to my filing of the bankruptcy petition on your behalf. After the filing of your bankruptcy petition, I will continue to bill against the remaining balance of the retainer. The $20,000.00 retainer is a retainer. It is not a cap. It is not a minimum fee. Your final bill could be more or less than the retainer amount. Your actual total bill will be based on the hourly rate charges and costs.

5.    LEGAL FEES.    You agree to pay me for my legal services at the following hourly rates: Michael Berger's time --$595.00/ hour; partner Sofya Davtyan's time --$545.00/hour; mid-level associate attorneys Carolyn Afari and Robert Poteete's time --$435.00/hour; bankruptcy analyst Gary Baddin's time -- $275.00 per hour; senior paralegal and law clerk time --$250.00 per hour; paralegal time --$200.00. These rates will not be raised and will continue in effect until the conclusion of this case.

6.    COSTS.    In addition to paying legal fees, you agree to reimburse me for all costs and expenses that I incur on your behalf. Costs and expenses commonly include court filing fees, trustee fees, court reporter fees, long distance telephone calls, messenger fees, postage, in office photocopying at $.10 per page, outside copying at my actual costs, no charge for sending and receiving faxes, parking, and mileage at $.55 per mile. I will have no obligation to advance any money for costs. I agree to waive all costs for computerized legal research and word processing. You authorize me to incur all reasonable costs.

The initial filing fee for a Chapter 11 is $1,738.00. You agree to pay me $1,738.00 prior to the filing of the Chapter 11 Petition to cover this fee.

7.    BILLS.    I will send you periodic bills for any fees and costs that I incur on your behalf. I will apply to the bankruptcy court for approval of my fees and costs. So long as your case is pending in the bankruptcy court, no further compensation will be paid to me without the approval of the bankruptcy court.

8.    DISCHARGE AND WITHDRAWAL.    You may discharge me at any time. I may withdraw with your consent or for good cause as found by a court of law. Good cause includes, but is not limited to, your breach of this agreement, your refusal to cooperate with me

2

or to follow my advice on a material matter, or any fact or circumstance which would render my continuing representation of you nonproductive, unlawful or unethical.

9.    DISCLAIMER OF GUARANTEE.    Nothing in this agreement and nothing in my statements to you should be construed as a promise or guarantee about the outcome of your matter. I make no such promises or guarantees. My comments about the possible outcome of your matter are expressions of opinion only.

Thank you for retaining me in this matter. I will use my best efforts on your behalf.

LAW OFFICES OF MICHAEL JAY BERGER

By: _____
Michael Jay Berger

**I have read and understood the foregoing terms and agree to them.**

By: _____
Leslie Klein

3

# EXHIBIT 5

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

**Michael Jay Berger**
**Law Offices of Michael Jay Berger**
**9454 Wilshire Boulevard, 6th floor**
**Beverly Hills, CA 90212**
**(310) 271-6223 Fax: (310) 271-9805**
State Bar Number: **100291 CA**
**michael.berger@bankruptcypower.com**

FOR COURT USE ONLY

☐ *Debtor(s) appearing without an attorney*
☑ Attorney for:

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

In re:

Leslie Klein

Debtor(s).

CASE NO.: **2:23-bk-10990-SK**
CHAPTER: **11**

## NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION

### [LBR 9013-1(o)]

[No hearing unless requested in writing]

TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:

1. Movant(s) ___**Michael Jay Berger**___ , filed a motion or application (Motion) entitled **APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY GENERAL BANKRUPTCY COUNSEL; DECLARATIONS OF MICHAEL JAY BERGER AND LESLIE KLEIN IN SUPPORT THEREOF; AND STATEMENT OF DISINTERESTEDNESS IN SUPPORT THEREOF [11 U.S.C. § 327, LBR 2014-1]**

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion. *(Check appropriate box below)*:

   ☑ The full Motion is attached to this notice; or

   ☐ The full Motion was filed with the court as docket entry #_____, and a detailed description of the relief sought is attached to this notice.

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

a. If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b. If you fail to comply with this deadline:

(1) Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

(2) Movant will lodge an order that the court may use to grant the Motion; and

(3) The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,-

Date: 3/1/2023

Signature of Movant or attorney for Movant

Michael Jay Berger
Printed name of Movant or attorney for Movant

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                     Page 2     **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9454 Wilshire Blvd., 6th FL., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY GENERAL BANKRUPTCY COUNSEL; DECLARATIONS OF MICHAEL JAY BERGER AND LESLIE KLEIN IN SUPPORT THEREOF; AND STATEMENT OF DISINTERESTEDNESS IN SUPPORT THEREOF [11 U.S.C. § 327, LBR 2014-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _3/2/2023____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Proposed Counsel: Michael Jay Berger    michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
U.S. Trustee: Noreen A Madoyan    Noreen.Madoyan@usdoj.gov
U.S. Trustee Ron Maroko    ron.maroko@usdoj.gov
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _3/2/2023_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _3/2/2023_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Sandra Klein
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1582 / Courtroom 1575
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/2/2023 | Peter Garza | /s/Peter Garza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

2. **SERVED BY UNITED STATES MAIL**:

U.S. Trustee
Attn: Ron Maroko, Esq.
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017

Subchapter V Trustee
Mark M. Sharf
6080 Center Drive #600
Los Angeles, CA 90045

**SECURED CREDITORS:**

CCO Mortgage Corp.
Attn: Bankruptcy
10561 Telegraph Rd
Glen Allen, VA 23059

Chase Mortgage
BK Department
Mail Code LA4 5555  700 Kansas Ln
Monroe, LA 71203

Fay Servicing Llc
Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680

Mrc/united Wholesale M
Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261

Selene Finance
Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101

Shellpoint Mortgage Servicing
Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603

Toyota Financial Services
Attn: Bankruptcy
Po Box 259001
Plano, TX 75025

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                         **F 9013-3.1.PROOF.SERVICE**

**20 LARGEST UNSECURED CREDITORS:**

Bank of America
Attn: Bankruptcy
4909 Savarese Circle
Tampa, FL 33634

Barclays Bank Delaware
Attn: Bankruptcy
Po Box 8801
Wilmington, DE 19899

California Bank & Trust
Po Box 711510
Santee, CA 92072

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

Chase Card Services
Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850

Citibank
Attn: Bankruptcy
P.O. Box 790034
St Louis, MO 63179

Ericka and Joseph Vago
c/o Brian Procel
Procel Law
401 Wilshire Blvd., 12th Floor
Santa Monica, CA 90401

Franklin H. Menlo Irrevocable Trust
c/o Willkie Farr & Gallagher LLP
Attn: Alex M. Weingarten, Esq.
2029 Century Park East, Suite 3400
Los Angeles, CA 90067

Jeffrey Siegel, Successor Trustee
of the Hubert Scott Trust
c/o Oldman, Cooley, Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2408

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA 90071

Oldman, Cooley, and Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2408

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.