Main Document Page 1 of 17

| Attorney or Party Name, Address, Telephone & Fax Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Michael Jay Berger (SBN 100291)<br>Law Offices of Michael Jay Berger<br>9454 Wilshire Blvd., 6th Fl.,<br>Beverly Hills, CA 90212<br>Tel.: (310) 271-6223<br>Fax: (310) 271-9805<br>Michael.berger@bankruptcypower.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Leslie Klein | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re: | |
|---|---|
| Leslie Klein,<br><br>Debtor-in-Possession. | CASE NO. 2:23-bk-10990-SK<br><br>CHAPTER 11<br>(Subchapter V) |
| | **SUBCHAPTER V STATUS REPORT** |
| | **Status Conference**:<br>DATE: March 22, 2023<br>TIME: 9:00 a.m.<br>COURTROOM: 1575<br>Location: 255 E. Temple Street<br>Los Angeles, CA 90012 |

**Status Conference Location:**

☒ 255 East Temple Street, Los Angeles, CA 90012

☐ 411 West Fourth Street, Santa Ana, CA 92701

☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

☐ 1415 State Street, Santa Barbara, CA 93101

☐ 3420 Twelfth Street, Riverside, CA 92501

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*January 2021* **F 2015-3.1.SUBV.STATUS.RPT**
- 1 -

**TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE SUBCHAPTER V TRUSTEE, ALL PARTIES IN INTEREST, AND THEIR COUNSEL:**

**PLEASE TAKE NOTICE** that the debtor and debtor-in-possession in this case ("Debtor") is proceeding under subchapter V of chapter 11 of Title 11 of the United States Code ("Bankruptcy Code" or "U.S.C."),[1] and the Bankruptcy Court will hold a status conference at the date, time, and place set forth above. The Debtor is filing this Status Report pursuant to 11 U.S.C. § 1188(c) and LBR 2015-3(b).[2] Check your presiding judge's procedures to see if, in addition to this Status Report, you must also file Local Form F 2081-1.1.C11.STATUS.RPT, or any other form of Status Report.

**1. The Plan:**.

1.1 What type of plan will the Debtor propose?

☐ Consensual (i.e., with agreement or consent of creditors and other interested parties)
☐ Nonconsensual[3]
☒ Undetermined

1.2 Explain why the Debtor expects the plan to be consensual or nonconsensual, or the reason why it is undetermined at this time:

Debtor's petition was filed February 22, 2023, only two weeks ago, as an emergency petition. Debtor filed the schedules on March 8, 2023. While working on the schedules, it became apparent that Debtor does not qualify to be a Sub V Debtor. On March 8, 2023, Debtor filed an Addendum to Voluntary Petition to uncheck the box for subchapter v debtor election.

The Debtor is a defendant in three lawsuits: In re Matter of the Franklin Henry Menlo Irrevocable Trust, et al. v. Leslie Klein (case no. BP136769; pending litigation); Ericka and Joseph Vago v. Leslie Klein (case no. 20STCV25050; judgment pending appeal); and Jeffrey Siegel, Trustee of the Hubert Scott Trust v. Leslie Klein (case no. BP172432; pending litigation).

---

[1] Subchapter V of chapter 11 (11 U.S.C. §§ 1181-1195) was adopted by the Small Business Reorganization Act of 2019, Pub. L. No. 116-54, and became effective on February 19, 2020. All references to "Section" or "§" are to the Bankruptcy Code or Title 11 of the United States Code.

[2] "Not later than 14 days before the date of the status conference under subsection (a), the debtor shall file with the court and serve on the trustee and all parties in interest a report that details the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization." 11 U.S.C. § 1188(c).

[3] The term "nonconsensual plan" for purposes of this Status Report means a plan confirmed under § 1191(b).

    1.3 Will the Debtor file the plan within the deadline of 90 days from the petition date imposed by § 1189(b)?

☐ Yes
☒ No

If "No," explain why, and state when the Debtor will file its[4] plan:

Debtor does not qualify to be a Sub V Debtor, and on March 8, 2023, Debtor filed an Addendum to Voluntary Petition to uncheck the "subchapter v debtor" election box.

1.4 Please summarize the basic nature of the plan:

Since the petition was filed only 14 days ago, it is premature to summarize the plan in this status report in detail.

Treatment of secured claims: Debtor through counsel intends to reach out to each secured creditor to work out a plan treatment stipulation for pre-petition arrears. It is possible for the Debtor to sell one or more of the properties to generate the income needed to support a feasible reorganization plan, as it seems that all of the properties have substantial equity.

Treatment of unsecured claims: The Debtor does not have any scheduled priority unsecured claims. If during the case any of the taxing authorities file claims, the Debtor will treat payment of those priority tax claims pursuant to the code by offering a repayment with applicable interest over 5-years from the petition date.

Treatment of general unsecured creditors: Once the bar date passes and any objections to claims and pending litigations are resolved, Debtor's plan will provide for distribution to holders of allowed general unsecured claims based on the liquidation analysis.

**2. Efforts Toward Consensual Plan:[5]**

2.1 Describe the efforts the Debtor has taken so far to obtain the consent of creditors for a consensual plan:

[4] In this Status Report, "it" in referring to the Debtor also refers to "him" or "her."

[5] This Status Report does not ask the Debtor to disclose any confidential, secret, and/or privileged information. *See generally* 11 U.S.C. § 1188(c). Please govern your responses accordingly.

The Debtor's case has only been recently filed, and the Debtor has been occupied with compliance items and deficiencies. Debtor anticipates reaching out to creditors through counsel, but no discussions have taken place yet. Also, as noted above, on March 8, 2023, Debtor filed an Addendum to Voluntary Petition to uncheck the subchapter v election box. As such, consensual plan will no longer be applicable in a regular chapter 11 case. However, Debtor intends to actively negotiate plan treatment stipulations with his creditors.

2.2 Describe the efforts the Debtor will take in the future to obtain the consent of creditors for a consensual plan:

Debtor anticipates reaching out to creditors through counsel, but no discussions have taken place yet. Also, as noted above, on March 8, 2023, Debtor filed an Addendum to Voluntary Petition to uncheck the subchapter v election box. As such, consensual plan will no longer be applicable in a regular chapter 11 case. However, Debtor intends to actively negotiate plan treatment stipulations with his creditors.

2.3 Describe the efforts that Debtor has taken so far to reach out to creditors and other parties in interest about a plan, and if none, explain the Debtor's reasons for not reaching out to creditors and parties in interest about a plan:

The Debtor's case has only been recently filed, and the Debtor has been occupied with compliance items and deficiencies. Debtor anticipates reaching out to creditors through counsel, but no discussions have taken place yet.

2.4 Identify the parties with whom the Debtor has discussed a plan. Select all that apply:

☐ Secured creditors
☐ Priority creditors
☐ Unsecured creditors
☐ Equity interest holders
☐ The subchapter V trustee
☐ Others (describe: <fill in>)

**3. Appointment of Committees and Disclosure Statement:**

3.1 In the Debtor's view, is there any "cause" for the Court to order the appointment of a committee of creditors pursuant to § 1181(b) and § 1102(b)?

☐ Yes
☒ No

Explain your answer:

<fill in>

3.2 In the Debtor's view, is there any "cause" for the Court to order the filing of a separate disclosure statement pursuant to § 1181(b) and § 1125?

☐ Yes
☒ No

Explain your answer:
<fill in>

**4. Reporting Compliance:**

4.1 Has the Debtor filed all the documents required under § 1187(a)?[6]

☐ Yes
☒ No

If "No," identify the documents that were required to be filed[7] but were not:

☒ (a) the Debtor's most recent balance sheet

☒ (b) the most recent statement of the Debtor's operations

☒ (c) the Debtor's most recent cash-flow statement

☒ (d) the Debtor's most recent Federal income tax return

Has the Debtor filed a statement under penalty of perjury that the Debtor has not prepared a balance sheet, statement of operations, and/or cash-flow statement and/or that Debtor has not filed its Federal income tax return as required by § 1116(1)(B)?

[6] The filing of this Status Report does not relieve the Debtor of the requirements of 11 U.S.C. § 1187(a) and § 1116(1)(A) to append the required documents to the bankruptcy petition.

[7] Section 1116(1) requires these documents to be "append[ed] to the voluntary petition."

☐ Yes
☒ No
☒ Not applicable

If "Yes," identify each unprepared or unfiled document, and explain why the document was not prepared or filed and how the Debtor intends to prepare or file the document:

Debtor does not intend to file the statement per § 1116(1)(B) because on March 8, 2023 it filed an Addendum to Voluntary Petition to uncheck the "Subchapter V Election" box.

4.2 Has the Debtor filed all Small Business Monthly Operating Reports (Official Form B 425C) ("MORs") as required under § 308?

☐ Yes
☒ No (Not due yet; case filed on February 22, 2023 and the first MOR is not due until March 21, 2023). Debtor will be filing the regular monthly operation reports instead of Small Business MORs.

If "No," or if portions of the MORs are deficient, identify which portions are deficient or not reported fully:

☐ (a) Reports regarding Debtor's profitability

☐ (b) Reports regarding reasonable approximations of projected cash receipts and disbursements over a reasonable period

☐ (c) Reports regarding comparisons of actual cash receipts and disbursements with projections in prior reports

☐ (d) Reports regarding whether the Debtor is (i) in compliance in all material respects with post-petition requirements imposed by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and (ii) timely filing tax returns and other required government filings and paying taxes and other administrative expenses when due

☐ (e) Reports regarding Debtor's failure to make either of the reports in the immediately preceding paragraph (d) (as required by § 308(b)(5))

☐ (f) Reports regarding such other matters as are in the best interests of the Debtor and creditors, and in the public interest in fair and efficient procedures under chapter 11

For any deficiencies in the MORs, identify each specific portion that is deficient, and explain why it is deficient and how Debtor intends to correct the deficiency:

<fill in>

**5. Other Code Compliance:**

5.1 Did the Debtor attend the initial debtor interview, the § 341(a) meeting of creditors, and otherwise comply with § 1116(2)?

☒ Yes AND
☒ No

If "No," explain why and when the Debtor intends to comply with these requirements:

The Debtor attended the Initial Debtor Interview on March 6, 2023, with his bankruptcy counsel.

Debtor's §341(a) Meeting of Creditors is scheduled to take place on March 13, 2023 at 9:00 a.m. Debtor will be present at the Meeting of Creditors with his bankruptcy counsel.

5.2 Has the Debtor filed all schedules and statements of financial affairs, or otherwise complied with exceptions or extensions in § 1116(3)?

☒ Yes
☐ No

If "No," explain why and when the Debtor intends to comply with these requirements:

5.3 Has the Debtor maintained insurance customary and appropriate to the industry, subject to § 363(c)(2), in compliance with § 1116(5)?

☒ Yes
☐ No

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021* **F 2015-3.1.SUBV.STATUS.RPT**

- 7 -

If "No," explain why and when the Debtor intends to comply with this requirement:

<fill in>

5.4 Has the Debtor timely filed tax returns and other governmental filings with the appropriate governmental entities, and paid all taxes entitled to administrative expense priority required to be paid under § 1116(6)?

☒ Yes
☐ No

If "No," explain why the Debtor has not timely filed tax returns and other governmental filings or paid all required administrative expense priority taxes and when the Debtor intends to comply with these requirements:

5.5 Has the Debtor allowed the United States Trustee to inspect the Debtor's premises, books, and records, and otherwise complied with § 1116(7)?

☐ Yes
☒ No

If "No," explain why and when the Debtor intends to comply with this requirement:

No such request was made.

**6. <u>Cash Collateral:</u>**

6.1 Does any entity assert that any property of the bankruptcy estate constitutes its cash collateral?

☒ Yes
☐ No

If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

The rent collected on the property at 315 N. Martel Ave., Los Angeles, CA is cash collateral for Selene Finance. The rent collected on the property at 143 S. Highland Ave., Los Angeles, CA is cash collateral for Shellpoint Mortgage Servicing. The rent collected on the property at 161 N. Poinsettia Place, Los Angeles, CA is cash collateral for MRC/United Wholesale M.

6.2   Is the Debtor currently using, selling, and/or leasing any property of the bankruptcy estate that any entity contends is its cash collateral?

☒ Yes
☐ No

If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

The rent collected on the property at 315 N. Martel Ave., Los Angeles, CA is cash collateral for Selene Finance. The rent collected on the property at 143 S. Highland Ave., Los Angeles, CA is cash collateral for Shellpoint Mortgage Servicing. The rent collected on the property at 161 N. Poinsettia Place, Los Angeles, CA is cash collateral for MRC/United Wholesale M.

6.3   Since the filing of this bankruptcy case, has the Debtor used, sold, and/or leased any property of the bankruptcy estate that an entity contends is its cash collateral?

☒ Yes
☐ No

If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

The rent collected on the property at 315 N. Martel Ave., Los Angeles, CA is cash collateral for Selene Finance. The rent collected on the property at 143 S. Highland Ave., Los Angeles, CA is cash collateral for Shellpoint Mortgage Servicing. The rent collected on the property at 161 N. Poinsettia Place, Los Angeles, CA is cash collateral for MRC/United Wholesale M.

6.4   Has the Court approved any orders authorizing the use of cash collateral?

☐ Yes
☒ No  (Debtor is currently occupied with correcting deficiencies. Debtor will file his motion for use of cash collateral within the next week. Debtor understands he cannot use cash collateral without Court authorization. Until Court authorization is obtained, all rents collected will be kept in separate, segregated debtor-in-possession account for each property.

    Main Document Page 10 of 17

6.5 Has every entity having any interest in cash collateral that is property of the bankruptcy estate consented to its use?

☐ Yes
☒ No
☐ Not applicable

## 7. **"First Day" Motions:**

7.1 Has the Debtor filed any of the following "first day" motions, if applicable:

☐ Cash collateral
☐ DIP financing
☐ Prepetition non-insider wage payments
☐ Cash management authority
☐ Utilities
☐ Limit notice
☐ Joint administration
☐ Critical vendor
☐ Others (describe: <fill in>)

7.2 Do prepetition plan support agreements exist?

☐ Yes
☒ No

If "Yes," attach copies to this Status Report.

## 8. **Additional Information:**

8.1 What additional information would the Debtor like to disclose to the Court concerning this chapter 11 case or the plan (e.g., executory contracts or unexpired leases, extending bar date for proofs of claims or interests, sale or surrender of real and/or personal property, the Debtor's exit strategy)?

- ASSUMPTION/REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES:

- Debtor is a party to a month-to-month lease agreements with tenants for the Martel Rental, Highland Rental, and Poinsettia Rental.

- Estimated Time for Filing a Plan and Motion to Confirm the Plan: The deadline set by the court for the Debtor to file the Subchapter V Plan of Reorganization is May 23, 2023. However, since Debtor filed an addendum to voluntary petition and unchecked the subchapter v election box, Debtor will have additional time to

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*January 2021* **F 2015-3.1.SUBV.STATUS.RPT**
- 10 -

file his Disclosure Statement and Plan, and anticipates filing them on or before July 31, 2023. Debtor estimates filing a motion to confirm the Plan by mid-November 2023.

- Objections to Claims: The deadline for hearings on objections to claims should be set for August 30, 2023.

- Pre-Confirmation Payments: Debtor has not transmitted preconfirmation payments to the Subchapter V Trustee.

- Post-Petition Operations: Debtor filed deficiencies and submitted a 7-day package on March 8, 2023. Debtor attended the Initial Debtor Interview on March 6, 2023, with his bankruptcy counsel. Debtor's §341(a) Meeting of Creditors is scheduled to take place on March 13, 2023 at 9:00 a.m. Debtor will be present at the Meeting of Creditors with his bankruptcy counsel.

- Post-Petition Litigation: Debtor is a defendant in three lawsuits: In re Matter of the Franklin Henry Menlo Irrevocable Trust, et al. v. Leslie Klein (case no. BP136769; pending litigation); Ericka and Joseph Vago v. Leslie Klein (case no. 20STCV25050; judgment pending appeal); and Jeffrey Siegel, Trustee of the Hubert Scott Trust v. Leslie Klein (case no. BP172432; pending litigation). Debtor will file a relief from stay motion for the limited purpose of making his appeal of the judgment in Vago v. Klein.

- Professionals: On March 2, 2023, Debtor filed a Motion for Order Employing Michael Jay Berger as General Bankruptcy Counsel [docket no. 24]. Debtor will file a motion to employ appellate counsel to appeal the judgment against him in Vago v. Klein.

*[Signature(s) on Following Page]*

Dated: 3/8/2023

Respectfully submitted,

Michael Jay Berger
Name of Debtor's Counsel

/s/ Michael Jay Berger
Signature of Debtor's Counsel
Michael Jay Berger (SBN 100291)
Name of Law Firm:
Law Offices of Michael Jay Berger
Address: 9454 Wilshire Blvd., 6th,
Beverly Hills, CA 90212
Telephone number: (310) 271-6223
Email Address:
Michael.berger@bankruptcypower.com

I/we declare, under penalty of perjury, that I/we have read and reviewed all of the information provided in this Status Report and that it is true, correct, and accurate.

Dated: 3/8/2023

Leslie Klein
Name of Debtor/Debtor Representative

Relation to Debtor

Leslie Klein
Signature of Debtor/Debtor Representative

Dated:

Name of Co-Debtor (if any)

Signature of Co-Debtor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 9454 Wilshire Blvd., 6th FL., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **SUBCHAPTER V STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _3/8/2023____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _3/8/2023_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _3/8/2023_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Sandra Klein
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1582 / Courtroom 1575
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/8/2023 | Peter Garza | /s/Peter Garza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

Main Document Page 14 of 17

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Proposed Counsel: Michael Jay Berger** michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
**Interested Party: Greg P Campbell** ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
**Counsel for Wilmington Savings Fund: Theron S Covey** tcovey@raslg.com, sferry@raslg.com
**Interested Party: Dane W Exnowski** dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
**U.S. Trustee: Michael Jones** michael.jones4@usdoj.gov
**U.S. Trustee: Ron Maroko** ron.maroko@usdoj.gov
**Counsel for Ajax Mortgage: Joshua L Scheer** jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
**Subchapter V Trustee: Mark M Sharf (TR)** mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com
**United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov
**Interested Party: Michael L Wachtell** mwachtell@buchalter.com
**U.S. Bank: John P. Ward** jward@attleseystorm.com, ezhang@attleseystorm.com
**Interested Party: Paul P Young** paul@cym.law, jaclyn@cym.law

2. **SERVED BY UNITED STATES MAIL**:

U.S. Trustee
Attn: Ron Maroko, Esq.
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017

Subchapter V Trustee
Mark M. Sharf
6080 Center Drive #600
Los Angeles, CA 90045

**SECURED CREDITORS:**

CCO Mortgage Corp.
Attn: Bankruptcy
10561 Telegraph Rd
Glen Allen, VA 23059

Chase Mortgage
BK Department
Mail Code LA4 5555
700 Kansas Ln
Monroe, LA 71203

Fay Servicing Llc
Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

Main Document Page 15 of 17

Mrc/united Wholesale M
Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261

Selene Finance
Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101

Shellpoint Mortgage Servicing
Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603

Toyota Financial Services
Attn: Bankruptcy
Po Box 259001
Plano, TX 75025

Ericka and Joseph Vago
c/o Brian Procel
Procel Law
401 Wilshire Blvd., 12th Floor
Santa Monica, CA 90401

Ericka and Joseph Vago
124 N. Highland Ave
Sherman Oaks, CA 91423

Fay Servicing LLC
Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680

Fiore Racobs & Powers
c/o Palm Springs Country Club HOA
6820 Indiana Ave., Ste 140
Riverside, CA 92506

Gestetner Charitable Remainder Trus
c/o Andor Gestetner
1425 55th Street
Brooklyn, NY 11219

Los Angeles County Tax Collector
Bankruptcy Unit
PO Box 54110
Los Angeles, CA 90054-0027

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

Main Document Page 16 of 17

Mrc/united Wholesale M
Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261

Selene Finance
Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101

Shellpoint Mortgage Servicing
Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603

Toyota Financial Services
Attn: Bankruptcy
Po Box 259001
Plano, TX 75025

**20 LARGEST UNSECURED CREDITORS AND INTERESTED PARTIES:**

Andor Gestetner
c/o Law Offices of Jacob Unger
5404 Whitsett Ave Ste. 182
Valley Village, CA 91607

Bank of America
Attn: Bankruptcy
4909 Savarese Circle
Tampa, FL 33634

Barclays Bank Delaware
Attn: Bankruptcy
Po Box 8801
Wilmington, DE 19899

California Bank & Trust
Po Box 711510
Santee, CA 92072

CCO Mortgage Corp.
Attn: Bankruptcy
10561 Telegraph Rd
Glen Allen, VA 23059

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

Main Document Page 17 of 17

Chase Card Services
Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850

Chase Doe
143 S. Highland Drive
Los Angeles, CA 90036

Chase Mortgage
BK Department
Mail Code LA4 5555 700 Kansas Ln
Monroe, LA 71203

Citibank
Attn: Bankruptcy
P.O. Box 790034
St Louis, MO 63179

Franklin H. Menlo Irrevocable Trust
c/o Willkie Farr & Gallagher LLP
Attn: Alex M. Weingarten, Esq.
2029 Century Park East, Suite 3400
Los Angeles, CA 90067

Jacob Rummitz
315 N. Martel Avenue
Los Angeles, CA 90036

Jeffrey Siegel, Successor Trustee
of the Hubert Scott Trust
c/o Oldman, Cooley, Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2408

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA 90071

Oldman, Cooley, and Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2408

Sandra Layton
161 N. Poinsettia Place
Los Angeles, CA 90036

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**