| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Paul P. Young (SBN 257571) Joseph Chora (SBN 284700) Armen Mannasserian (SBN 288199) CHORA YOUNG & MANASSERIAN LLP 650 Sierra Madre Villa Ave., Suite 304 Pasadena, California 91107 Tel.: (626) 744-1838 Fax: (626) 744-3167 Email: paul@cym.law  ☐ *Individual appearing without attorney* ☒ *Attorney for: Co-Trustee of the Franklin Menlo Trust* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re: LESLIE KLEIN, | CASE NO.: 2:23-bk-10990-SK |
|---|---|
| | CHAPTER: 11 |
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations)**  **(ACTION IN NONBANKRUPTCY FORUM)** |
| Debtor(s). | DATE: April 26, 2023 TIME: 8:30 a.m. COURTROOM: 1575 |

**Movant**: Franklin H. Menlo, Co-Trustee of the Franklin Menlo Irrevocable Trust established March 1, 1983

1. **Hearing Location**:
   ☒ 255 East Temple Street, Los Angeles, CA 90012     ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367     ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys *(if any),* and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: _April 5, 2023_

CHORA YOUNG & MANASSERIAN LLP
_____
Printed name of law firm (if applicable)

Paul P. Young
_____
Printed name of individual Movant or attorney for Movant


_/s/ Paul P. Young_
_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☐ Plaintiff

   b. ☐ Defendant

   c. ☒ Other (*specify*): Franklin H. Menlo, Co-Trustee of The Franklin Menlo Irrevocable Trust established March 1, 1983

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action*: In the Matter of The Franklin Menlo Irrevocable Trust established March 1, 1983

   b. *Docket number*: BP136769

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending:* Superior Court of the State of California, County of Los Angeles

   d. Causes of action or claims for relief (Claims): Accountings, Surcharge, Indemnification

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary  petition under chapter  ☐ 7  ☒ 11  ☐ 12  ☐ 13
      was filed on (*date*) February 22, 2023 _____.

   b. ☐ An order to convert this case to chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13
      was entered on (*date*) _____.

   c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☒ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☒ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                     Page 3                     **F 4001-1.RFS.NONBK.MOTION**

f. ☒ The bankruptcy case was filed in bad faith.

    (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2) ☒ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

    (3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

    (4) ☐ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g. ☒ Other (*specify*): Debtor seeks to avoid entry of findings and conclusions issued by Court Appointed Referee

5. **Grounds for Annulment of Stay.** Movant took postpetition actions against the Debtor.

a. ☐ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c. ☐ Other (*specify*):

6. **Evidence in Support of Motion: *(Important Note: declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.)***

a. ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b. ☐ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d. ☒ Other evidence (*specify*): Exhibits attached to declaration

7. ☒ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☒ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3. ☐ The stay is annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                              Page 4                              **F 4001-1.RFS.NONBK.MOTION**

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☒ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☒ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☐ Other relief requested.

Date:  April 5, 2023

CHORA YOUNG & MANASSERIAN LLP
Printed name of law firm (*if applicable*)

Paul P. Young
Printed name of individual Movant or attorney for Movant

 */s/ Paul P. Young*
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 5                    **F 4001-1.RFS.NONBK.MOTION**

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (*name of Declarant*) Paul P. Young _____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding (Nonbankruptcy Action) because:

   ☐ I am the Movant.
   ☐ I am Movant's attorney of record in the Nonbankruptcy Action.
   ☐ I am employed by Movant as (*title and capacity*):
   ☒ Other (*specify*): I am counsel for Franklin H. Menlo, co-trustee of the Franklin Menlo Irrevocable Trust established March 1, 1983

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3. In the Nonbankruptcy Action, Movant is:

   ☐ Plaintiff
   ☐ Defendant
   ☒ Other (*specify*): Franklin H. Menlo, co-trustee of The Franklin Menlo Irrevocable Trust established March 1, 1983

4. The Nonbankruptcy Action is pending as:

   a. *Name of Nonbankruptcy Action:* In the Matter of The Franklin Menlo Irrevocable Trust established March 1, 1983
   b. *Docket number:* BP136769
   c. *Nonbankruptcy court or agency where Nonbankruptcy Action is pending:* Superior Court of the State of California, County of Los Angeles

5. **Procedural Status of Nonbankruptcy Action**:

   a. The Claims are:
   with limited exceptions, fully resolved by Court Appointed Referee who issued an 84 page Report & Recommendation on August 29, 2022. Movant sought confirmation by the Superior Court, which confirmation was stayed by Debtor's bankruptcy filing.

   b. True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit 1 through 25 of the Declaration of Paul P. Young in Support of Motion for Order Granting Relief from Automatic Stay Pursuant to 11 U.S.C. § 362.
   c. The Nonbankruptcy Action was filed on (*date*) September 18, 2012___.
   d. Trial or hearing began/is scheduled to begin on (*date*) December 15, 2021___.

   e. The trial or hearing is estimated to require less than one days (*specify*).

   f. Other plaintiffs in the Nonbankruptcy Action are (*specify*):
   Franklin Menlo and Jeffrey Winter, as Co-Trustees, and 24 beneficiaries as identified in footnote 9 of Exhibit 1 to the Declaration of Paul P. Young

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

g.   Other defendants in the Nonbankruptcy Action are (*specify*):
Leslie Klein and Les Klein & Associates, a professional law corporation

5.   **Grounds for relief from stay:**

a.   ☐   Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b.   ☒   Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c.   ☐   Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate. The insurance carrier and policy number are (*specify*):


d.   ☒   The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

                                                   Trial is

     (1)  ☒   It is currently set for trial on (*date*) concluded        .

     (2)  ☐   It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____. The basis for this belief is (*specify*):



     (3)  ☐   The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e.   ☒   The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

     (1)  ☐   Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

     (2)  ☒   The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):
     After more than 10 years of litigation and 22 days of trial, the Court Appointed Referee issued an 84 page Report & Recommendation in which Debtor was surcharged over $30,000,000.  On January 12, 2023,the Superior Court held a hearing in which it issued a tentative decision to confirm the Report & Recommendation. Debtor's counsel objected and demanded a statement of decision. Before that statement was issued, Debtor commenced this bankruptcy case.


     (3)  ☐   Multiple bankruptcy cases affecting the Property include:

          (A) Case name:
               Case number:                              Chapter:
               Date filed:              Date discharged:              Date dismissed:
               Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not granted.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                              Page 7                    **F 4001-1.RFS.NONBK.MOTION**

(B) Case name:

Case number:                                    Chapter:

Date filed:              Date discharged:              Date dismissed:

Relief from stay regarding this Nonbankruptcy Action ☐ was  ☐ was not granted.

(C) Case name:

Case number:                                    Chapter:

Date filed:              Date discharged:              Date dismissed:

Relief from stay regarding this Nonbankruptcy Action ☐ was  ☐ was not granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the
Nonbankruptcy Action.

☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f.  ☒  See attached continuation page for other facts justifying relief from stay.


6.  ☐  Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached
supplemental declaration(s).

a.  ☐  These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would
have been entitled to relief from stay to proceed with these actions.

b.  ☐  Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed
with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set
forth in Exhibit _____

c.  ☐  For other facts justifying annulment, see attached continuation page.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


| April 5, 2023 | Paul P. Young | /s/ Paul P. Young |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................................1

I. PRIMARY STATEMENT.............................................................................................................1

II. BACKGROUND ...........................................................................................................................3

      A.     Sam and Vera Menlo Establish Trusts For The Benefit Of Their Family .................3

      B.     Twenty-Four Beneficiaries Of The Menlo Trusts Initiate The
            Nonbankruptcy Action To Stop Klein's Theft Of Trust Assets .................................3

      C.     Superior Court Appoints Judge Reiser ....................................................................4

      D.     Judge Reiser Finds Klein Committed Embezzlement In This Case And
            Orders A $30,401,823 Surcharge Against Klein.......................................................4

      E.     The Superior Court In The Menlo Action Suspends Klein As Trustee And
            Appoints Jeffrey Winter And Frank Menlo As Interim Co-Trustees.......................6

      F.     Co-Trustees File An Application For A Right To Attach Order and A Writ
            Of Attachment ...........................................................................................................6

      G.     Klein Objects To The R&R Without Denying Any Wrongdoing And
            Superior Court Issues Temporary Protective Order ..................................................6

      H.     Klein Schemes To Sell Properties To Avoid Attachment .........................................7

      I.     The Superior Court Issues A Tentative Ruling Adopting The Findings Of
            The R&R ....................................................................................................................7

      J.     Co-Trustees Actively Pursue The Writs Of Attachment...........................................8

III. RELIEF REQUESTED ................................................................................................................8

IV. JURIDICTION .............................................................................................................................9

V. ARGUMENT .................................................................................................................................9

      A.     Relief From Stay Should Be Granted Because The Claims Are
            Nondischargeable In Nature And Can Be Most Expeditiously Resolved In
            The Nonbankruptcy Forum .....................................................................................10

      B.     Relief From Stay is Warranted Where Mandatory Abstention Applies Under
            28 U.S.C. § 1334(c)(2) ...........................................................................................11

      C.     Relief From Stay Should Be Granted Because The Bankruptcy Case Was
            Filed In Bad Faith And The Timing Of The Filing Of The Bankruptcy
            Petition Indicates That It Was Intended To Delay Or Interfere With The
            Nonbankruptcy Action .............................................................................................12

VI. CONCLUSION ...........................................................................................................................14

i

# TABLE OF AUTHORITIES

**Page**

## CASES

*In re Avila*,
　311 B.R. 81 (Bankr. N.D. Cal. 2004) ..................................................................... 10

*In re Big3D, Inc.*,
　Case No. 08-16768, 2009 WL 9085556, at *2 (Bankr. E.D. Cal. Aug. 28, 2009) ................ 9

*In re Bradlees, Inc.*,
　311 B.R. 29 (Bankr. S.D.N.Y. 2004) ...................................................................... 12

*In re Brotman Med. Ctr., Inc.*,
　2008 WL 8444797, at *5 (B.A.P. 9th Cir. Aug. 15, 2008) ............................................ 9, 10

*In re Conejo Enterprises, Inc.*,
　96 F.3d 346 (9th Cir. 1996) ................................................................................ 12

*In re Conejo Enters., Inc.*,
　96 F.3d 346 (9th Cir. 1996) ................................................................................. 9

*In re Duvar Apt., Inc.*,
　205 B.R. 196 (B.A.P. 9th Cir. 1996) ...................................................................... 13

*In re Edwards*,
　454 B.R. 100 (B.A.P. 9th Cir. 2011) ...................................................................... 10

*In re Eighty S. Lake, Inc.*,
　63 B.R. 501 (Bankr. C.D. Cal. 1986) ...................................................................... 14

*In re Feingold*,
　730 F.3d 1268 (11th Cir. 2013) ........................................................................ 10, 11

*In re Kennedy*,
　165 B.R. 488 (Bankr. W.D. Wash. 1994) .................................................................. 10

*In re Kronemyer*,
　405 B.R. 915 (B.A.P. 9th Cir. 2009) ...................................................................... 12

*In re Mense*,
　509 B.R. 269 (Bankr. C.D. Cal. 2014) ..................................................................... 13

*In re Residential Capital*, LLC,
　519 B.R. 890 (Bankr. S.D.N.Y. 2014) ..................................................................... 12

*In re Revco D.S., Inc.*,
　99 B.R. 768 (N.D. Ohio 1989) ............................................................................. 12

*In re Thirtieth Place, Inc.*,
　30 B.R. 503 (B.A.P. 9th Cir. 1983) ........................................................................ 13

*In re Tucson Ests., Inc.,*
    912 F.2d 1162 (9th Cir. 1990) ........................................................................... 9

*In re Walter,*
    108 B.R. 244 (Bankr. C.D. Cal. 1989) .............................................................. 13

*In re Wilson,*
    116 F.3d 87 (3d Cir. 1997) ........................................................................... 9, 10


## **STATUTES**

11 U.S.C. § 362(d) ............................................................................... 8, 10, 13

11 U.S.C. § 362(d)(1) ............................................................................... 9, 13

11 U.S.C. § 362(g) ....................................................................................... 9

11 U.S.C. § 523(a)(2)(A) ......................................................................... 10, 11

11 U.S.C. § 523(a)(4) ............................................................................. 10, 11

28 U.S.C. § 1334 ......................................................................................... 9

28 U.S.C. § 1334(c)(2) ................................................................................ 11

28 U.S.C. § 1408 ......................................................................................... 9

28 U.S.C. § 1409 ......................................................................................... 9

28 U.S.C. § 157 ........................................................................................... 9

28 U.S.C. § 157(b)(2)(a) .............................................................................. 9

28 U.S.C. §1334(c)(2) ................................................................................... 1

### MEMORANDUM OF POINTS AND AUTHORITIES

Franklin H. Menlo ("co-trustee" or "Menlo"), co-trustee of the Menlo trusts (the "Menlo Trusts", defined below), as a holder of claims against Leslie Klein ("Debtor" or "Klein"), hereby respectfully submit this Memorandum of Points and Authorities (the "Memorandum") in support of their *Motion for Relief From The Automatic Stay Under 11 U.S.C. § 362* (the "Motion").  The Co-Trustee seeks entry of an order granting relief from the automatic stay pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") to proceed under applicable nonbankruptcy law to proceed to final judgment in a nonbankruptcy forum, provided the stay remain in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.   The Co-Trustee also requests the order be binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, and in any future bankruptcy case filed by or against the Debtor, so that no further automatic stay will prohibit completion of the litigation in the nonbankruptcy forum.

### I.

### PRIMARY STATEMENT

Klein's bankruptcy filing is an abuse of process, a burden on this Court, and a transparent attempt to frustrate his creditors' ability to litigate crucial pending lawsuits to judgment.  Faced with overwhelming facts and zero chance of succeeding on the merits, Klein uses the automatic stay to prevent legitimate creditors from liquidating their claims, arising from years of his malfeasance and the theft of trust assets.  The facts here are paradigmatic of bad faith, and constitute cause to lift the stay.   As will be demonstrated, cause exists to lift the stay because: (i) the instant facts support mandatory abstention under 28 U.S.C. §1334(c)(2); (ii) the Menlo Trusts' claims  are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum, the Superior Court of California, County of Los Angeles (the "Superior Court"); and (iii) the bankruptcy case was filed in bad faith and the timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action.[1]

---

[1] Nonbankruptcy Action in this Motion is the proceeding entitled *In the Matter of Franklin Henry Menlo Irrevocable*

1

Klein filed for bankruptcy to avoid his day of reckoning now that his brazen, decades-long theft of trust assets has been fully exposed.  On August 29, 2022, the Honorable Judge Glen Reiser, the Superior Court appointed referee, issued an eighty-four page referee report and recommendation following trial in the Nonbankruptcy Action (the "R&R"), in which he denounced Klein for his wanton theft of tens of millions of dollars of trust assets.  In that same R&R, the referee set forth in exacting detail how Klein embezzled millions from trusts under his control with the principal goal to "render the scope and breadth of [his] misappropriations incalculable and untraceable."  *See* Declaration of Paul P. Young filed herewith ("Young Decl."), Ex. 1[2].  Klein's motivations for his voluntary bankruptcy filing on February 22, 2022 (the "Petition Date") are abundantly clear and, if the Court grants this Motion, a judgment will soon be entered by the Superior Court on Judge Reiser's R&R.

Klein's bankruptcy filing is only the latest example of his pattern and practice of frustrating the trust beneficiaries' right of recovery in the Nonbankruptcy Action.  Following entry of the R&R on August 29, 2022, Klein routinely and blatantly violated Superior Court orders in an effort to escape the consequences of his own actions including, but not limited to: (i) attempting to sell two real properties at a substantial discount on the very same day as the hearing on a petition enjoining Klein from disposing of those same assets; (ii) attempting to encumber real properties with loans despite the Superior Court's entry of temporary protective orders on November 17, 2022 and December 23, 2022 which prohibited such conduct; and (iii) failing (to this day) to abide by a November 17, 2022 order which requires Klein to disclose in Superior Court filings his real and personal property so that the Superior Court may monitor whether Klein is scheming to hide his property from creditors.  Issuance of an order granting relief from the bankruptcy stay is necessary

---

*Trust*, Case No. BP136769 (Cal. Sup. Ct.)(including multiple consolidated family trust cases, given LASC Case Nos BP139977; BP139978; BP139999; BP140000; BP140001; BP140002; BP140003; BP140004; BP140005; BP140007; BP140008; BP140009; BP140010; BP140011; BP140012; BP140013; BP140014; BP140015; BP140016; BP140017; BP140018; BP140019; BP140020; and BP154676).

[2] The full breadth of Klein's fraud is outlined in meticulous detail in the report and recommendation issued by the Superior Court appointed referee Judge Reiser following trial.  This Memorandum condenses the lengthy history in support of the Motion for the benefit of the Court.

1    to ensure a judgment is entered and Klein's decades of egregious conduct is laid bare.

2    **II.**

3    **BACKGROUND**

4        A.    **Sam and Vera Menlo Establish Trusts For The Benefit Of Their Family**

5          Sam Menlo ("Sam") and Vera Menlo ("Vera") amassed significant wealth and had five

6    children:    Franklin Henry Menlo, Deborah Menlo Deutsch, Norine Eve Menlo, Judith

7    Menlo Frankel, and Madeline Menlo Lipschitz.  *See* Declaration of Paul P. Young, attached hereto

8    ("Young Decl."), generally, Ex's. 1 and 2.  Together as Trustors, Sam and Vera established at least

9    ninety-six irrevocable trusts for their children, grandchildren, and future generations including the

10   twenty-four trusts at issue in the Nonbankruptcy Action (collectively, the "Menlo Trusts").  *Id*.

11   Klein served as sole trustee of the Menlo Trusts since 1996 until his suspension on September 16,

12   2022 by The Honorable Judge Luna, the judge presiding over the Nonbankruptcy Action.  *Id*.

13       B.    **Twenty-Four Beneficiaries Of The Menlo Trusts Initiate The Nonbankruptcy**

14           **Action To Stop Klein's Theft Of Trust Assets**

15         Klein is a licensed attorney with a long and proven history of professional misconduct,

16   including misappropriation and commingling of client funds.  *See id.*, Ex. 3, ¶¶18 and 19.  As a

17   result, the State Bar of California suspended Klein's law practice license in 1992 and again in 1995.

18   *Id*.

19         Klein applied his honed embezzlement skills in the course of his stewardship of the Menlo

20   Trusts.  *See id.*, generally, Ex. 4.  On September 18, 2012, Franklin Menlo filed a petition on behalf

21   of similarly situated Menlo Trusts beneficiaries (the "Menlo Beneficiaries") against Klein, in which

22   he sought Klein's removal as trustee and an accounting, and requested the issuance of a surcharge.

23   *See id.*  On March 22, 2013, Franklin Menlo sought similar relief against Klein.  *See id.*, Ex. 5.

24   Subsequently, twenty-four Menlo Beneficiaries filed separate petitions on behalf of their trusts that

25   were ultimately consolidated in Department 3 of the Superior Court.  The beneficiaries contend that

26   Klein breached his fiduciary duties as trustee by, among other things, misappropriating millions of

27   dollars of funds and assets and establishing lines of credit, using trust assets as collateral for his own

28   use and benefit.

1      **C.**      **Superior Court Appoints Judge Reiser**

2         Klein submitted numerous erroneous, incomplete, and misleading accountings in violation

3 of his fiduciary duties between 2013 and 2018. *See id.*, Ex. 6. On September 15, 2021, the Superior

4 Court appointed the Hon. Glen M. Reiser (Ret.) as referee (the "Referee"), under Civil Procedure

5 Code Section 639(a)(1), to conduct consecutive trials on Klein's pending accounting petitions in the

6 Nonbankruptcy Action (the "Accounting Trials"). *See id.*, Ex. 7. The September 15 appointment

7 permitted the Referee to decide, among other things, the amount to surcharge Klein following a

8 review of Klein's accountings, including any enhanced damages under Probate Code Sections 850

9 and 859. *Id.*

10      **D.**      **Judge Reiser Finds Klein Committed Embezzlement In This Case And Orders**

11             **A $30,401,823 Surcharge Against Klein**

12         On August 29, 2022, Judge Reiser issued his report and recommendation (the "R&R")

13 following trials held from December 15, 2021 through March 30, 2022. *See id.*, Ex. 1. Judge Reiser

14 considered "thousands of pages of documentary exhibits beyond the accounts themselves," expert

15 forensic accounting testimony, and testimony from Klein himself. Afterwards, Judge Reiser

16 excoriated Klein for his wanton theft of trust assets. *Id*. at 16:19–20. Judge Reiser found: "[T]hat

17 through an elaborate scheme to pay himself by co-mingling assets; cross-borrowing among 24

18 Trusts; taking loans against trust assets and cross-paying debts — filtered with stunning frequency

19 through Klein's personal and business accounts with multiple other sources of income and receipts

20 and outgoing payments, Klein was able to collectively embezzle millions of dollars from the Menlo

21 Trusts." *Id.* ¶¶ 48:11–15. Judge Reiser further determined Klein maximized his commingling of

22 trust accounts "to render the scope and breadth of Klein's misappropriations incalculable and

23 untraceable." *Id*. at 30 n.31. In so doing, Judge Reiser found, among other conduct:

24      •    "Klein has managed the 24 Menlo Trusts principally for his own personal benefit and
enrichment;"

25

26      •    On November 17, 2022, the Superior Court issued an order restraining Klein from
"transferring, selling, disposing of, encumbering, or hypothecating" property and

27         requiring Klein to "disclose all such assets" that he owns or in which he has any
ownership interest. *See id.*, Ex. 16. To date, Klein has failed to disclose his assets to
the Superior Court despite entry of the November 17 Order. *See id.*, Ex. 19.

28

- On November 28, 2022, Klein admitted in a pleading before the Superior Court that he attempted to take a loan out on one of his properties in express disregard of two Superior Court orders forbidding him from encumbering any of his properties. *See id.*, Ex. 17. The next day, on November 29, 2022, the Superior Court ordered Klein to return $30,000 stolen from the Menlo Beneficiaries' frozen trust accounts after Klein claimed the "money was his" and refused to return it. *See id*, Ex. 18.

- On December 12, 2022, Winter filed an Application for an Order to Show Cause Regarding Contempt after Klein refused to abide by the November 17, 2022 order requiring him to disclose all of his assets. *See id.*, Ex. 19. The Superior Court granted this Application on December 14, 2022 and set a hearing for February 3, 2023. *See id.*, Ex. 20.

- On December 22, 2022, the Menlo Beneficiaries filed a second temporary restraining order to enjoin Klein's disposition of real property, which the Superior Court granted. *See id.*, Ex. 21.

- On January 3, 2023, the Superior Court granted the Attachment Application for $19,255,064. *See id.*, Ex. 22.    "Klein embezzled what has been accurately calculated to be $19,225,065 in [t]rust assets for which he has no response;"

- "Klein refused to account for many years until forced to do so by the [c]ourt, and, even after a decade of litigation, still refuses to account for 156 years of collective trust management;"

- "Klein has borrowed many millions of dollars against [t]rust assets as to which he has never shown any interest in repaying;"

- "Klein has deliberately filtered thousands of [t]rust transactions through his own attorney-client trust account;"

- "Klein torpedoed $20,000,000 in valuable [t]rust life insurance policies because of his compulsion to divert Menlo Trust[s] assets for non-[t]rust purposes for no legitimate reason;"

- "Klein unabashedly used Menlo Trust[s] accounts as overdraft protection on his personal credit cards as a means to misappropriate many additional hundreds of thousands of [t]rust dollars;" and

- "Klein submitted 72 incomplete and misleading accountings to the [Superior Court] intending to mask his many years and millions of dollars of fiduciary misappropriation."

*Id.* at 78:17-79:8.

Judge Reiser found that Klein embezzled the principal sum of $19,225,065 of Menlo Trusts assets. *Id.* at 78:20–21. Ultimately, Judge Reiser recommended that Klein be surcharged for his theft in the amount of $30,401,823 including double damages under Probate Code Section 859 which imposes enhanced damages based on the "bad faith" concealment of trust property. *Id.* at 55:6–56:2. Judge Reiser further determined that Klein's removal "appears to be a *fait accompli*" under the circumstances. *Id.* at 22:25–27. There is legitimate risk that Klein will conceal or

1 disappear with the money he embezzled from the Menlo Trusts now that his scheme has been

2 exposed. *See id.*

**E.    The Superior Court In The Menlo Action Suspends Klein As Trustee And**

**Appoints Jeffrey Winter And Frank Menlo As Interim Co-Trustees**

5        On September 15, 2022, the Menlo Beneficiaries, filed *ex parte* applications for a temporary

6 restraining order to suspend Klein as trustee. *Id.*, Ex. 8.  The applications were premised on Judge

7 Reiser's irrefutable findings in the R&R that Klein embezzled millions of dollars, refused to comply

8 with the terms of the Trust, wasted $20,000,000 in valuable life insurance policies, and engaged in

9 a deceptive ploy to conceal millions of dollars of fiduciary breaches.  *Id.*

10        On September 16, 2022, the Superior Court suspended Klein as trustee of the Menlo Trusts

11 and appointed Jeffrey Winter and Franklin Menlo as interim co-trustees of the Menlo Trusts ("Co-

12 Trustees").  *Id.*, Ex. 9.  In so ruling, the Superior Court relied on the Menlo Beneficiaries'

13 argument in their *ex parte* suspension applications that they have a strong probability of success

14 on the merits of their breach of fiduciary duty claim.  *Id.*

**F.    Co-Trustees File An Application For A Right To Attach Order and A Writ Of**

**Attachment**

17        On October 19, 2022, the Co-Trustees, on behalf of the Menlo Beneficiaries, brought an

18 application for a right to attach order and a writ of attachment to attach $19,225,064 (the amount

19 Klein provably stole from the Menlo Beneficiaries as identified in the R&R) ("Attachment

20 Application").  *Id.*, Ex. 10.  The Co-Trustees' Attachment Application seeks to attach Klein's

21 nonexempt property, including, but not limited to, Klein's real property, personal property,

22 equipment, motor vehicles, chattel paper, negotiable and other instruments, securities, deposit

23 accounts, safe deposit boxes, accounts receivable, and general intangibles.  *See id.*

**G.    Klein Objects To The R&R Without Denying Any Wrongdoing And Superior**

**Court Issues Temporary Protective Order**

26        On November 4, 2022, Klein filed an objection to the R&R, where he notably did not deny

27 any of the malfeasance detailed in the eighty-four page R&R, to which certain beneficiaries filed a

28 reply.  *See id.*, Ex's. 11 and 12.

6

On November 29, 2022, the Superior Court continued the hearing on the Attachment Application to December 14, 2022 and ordered Klein to appear or face the issuance of a bench warrant. *See id.*, Ex. 13.

**H.    Klein Schemes To Sell Properties To Avoid Attachment**

On November 10, 2022, the Co-Trustees were informed Klein was attempting to sell two residential properties in which he held an interest, at a substantial discount. *See id.*, Ex. 14. On November 11, 2022, Alex M. Weingarten, counsel for Winter, sent Klein's representative a letter requesting that Klein cease any attempted sales of Klein's properties in light of a TPO issued on that same day. *See id.*, Ex. 15. Klein continued to engage in the same pattern of deceptive behavior, and the Superior Court issued multiple additional orders to prevent Klein from disposing of his property:

- On November 17, 2022, the Superior Court issued an order restraining Klein from "transferring, selling, disposing of, encumbering, or hypothecating" property and requiring Klein to "disclose all such assets" that he owns or in which he has any ownership interest. *See id.*, Ex. 16. To date, Klein has failed to disclose his assets to the Superior Court despite entry of the November 17 Order. *See id.*, Ex. 19.

- On November 28, 2022, Klein admitted in a pleading before the Superior Court that he attempted to take a loan out on one of his properties in express disregard of two Superior Court orders forbidding him from encumbering any of his properties. *See id.*, Ex. 17. The next day, on November 29, 2022, the Superior Court ordered Klein to return $30,000 stolen from the Menlo Beneficiaries' frozen trust accounts after Klein claimed the "money was his" and refused to return it. *See id*, Ex. 18.

- On December 12, 2022, Winter filed an Application for an Order to Show Cause Regarding Contempt after Klein refused to abide by the November 17, 2022 order requiring him to disclose all of his assets. *See id.*, Ex. 19. The Superior Court granted this Application on December 14, 2022 and set a hearing for February 3, 2023. *See id.*, Ex. 20.

- On December 22, 2022, the Menlo Beneficiaries filed a second temporary restraining order to enjoin Klein's disposition of real property, which the Superior Court granted. *See id.*, Ex. 21.

- On January 3, 2023, the Superior Court granted the Attachment Application for $19,255,064. *See id.*, Ex's. 22 and 23.

**I.    The Superior Court Issues A Tentative Ruling Adopting The Findings Of The R&R**

The Superior Court held a hearing on January 12, 2023 on the adoption of the R&R. At the hearing, the Superior Court examined the sufficiency of Klein's previously filed accountings and

the significance of Judge Reiser's post-trial findings in the R&R, *inter alia*, that Klein had

embezzled millions of dollars.  Prior to the hearing, the Court issued a tentative decision which

confirmed Judge Reiser's findings in the R&R.  *See id.*, Ex. 24.  The Superior Court's tentative

ruling was to adopt the R&R as an order of the Superior Court.  *See id.*  However, the Court has not

yet entered final judgment.  *See id.*

### J.    Co-Trustees Actively Pursue The Writs Of Attachment

The Co-Trustees have been working diligently to effectuate the writs of attachment since the

Superior Court granted the Attachment Application on January 3, 2022.  *See id.*, Ex. 25.  Among

other things, counsel prepared each of the required sheriff's instructions for the process server in

compliance with each county sheriff's widely differing requirements (including incorporating

assessor maps and title information) so that the writs can be noticed and served as soon as they are

executed by the clerk.  *See id.*  While this was happening, Klein, on February 22, 2023, commenced

this case under chapter 11 of title 11 of the United States Code.

Due to the imposition of the automatic stay, the corrected writs of attachment have not been

served, and the Nonbankruptcy Action cannot proceed to judgment.

### III.

### RELIEF REQUESTED

By this motion, Menlo seeks entry of an order granting relief from the automatic stay

pursuant to section 362(d) of the Bankruptcy Code to proceed under applicable nonbankruptcy law

to complete the action in the nonbankruptcy forum.  Completion of the action will require (i)

adoption by the Superior Court of the R&R; (ii) a determination by the Superior Court if Debtor is

responsible to repay to the petitioners (the Co-Trustee and the 24 beneficiaries)(collectively,

"Petitioners") any trust funds used to finance his defense of the Nonbankruptcy Action – the Court

Appointed Referee recommended reimbursement; (iii) a determination by the Superior Court if

Debtor is responsible to the Petitioners for their attorneys' fees and costs incurred in prosecuting the

Nonbankruptcy Action – the Court Appointed Referee again recommended Debtor be held liable;

(iv) a determination by the Superior Court if Debtor is liable for prejudgment interest on any

judgment it will enter; and (v) entry of a final judgment.  Menlo also requests the order be

1  binding and effective in any bankruptcy case commenced by or against the Debtor for a period of

2  180 days and in any future bankruptcy case, regardless of whom may be the debtor, so that no further

3  automatic stay shall arise to interfere with completion of the Nonbankruptcy Action.

**IV.**

**JURIDICTION**

6       The Court has jurisdiction over the motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue

7  is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The matter is a core proceeding pursuant to 28

8  U.S.C. § 157(b)(2)(a), and this Court has subject matter jurisdiction to enter findings of fact and

9  conclusions of law and a final judgment.  The statutory predicate for the relief sought herein is

10  section 362(d) of the Bankruptcy Code.

**V.**

**ARGUMENT**

13       Under the Bankruptcy Code, "[o]n request of a party in interest and after notice and a

14  hearing, the court shall grant relief from the stay . . . such as by terminating, annulling, modifying,

15  or conditioning such stay . . . for cause." 11 U.S.C. § 362(d)(1). "What constitutes cause for purposes

16  of § 362(d) has no clear definition and is determined on a case-by-case basis." *In re Tucson Ests.,*

17  *Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990).  Section 362(g) of the Bankruptcy Code provides the

18  party opposing relief has the burden on all issues (other than the question of the debtor's equity in

19  property, which is not at issue here). 11 U.S.C. § 362(g); <u>see</u> *In re Big3D, Inc.*, Case No. 08-16768,

20  2009 WL 9085556, at *2 (Bankr. E.D. Cal. Aug. 28, 2009), *aff'd*, 438 B.R. 214 (B.A.P. 9th Cir.

21  2010) (noting that "ordinarily in a motion for relief from stay, the debtor has the burden of proof").

22       The term "cause" reflects a flexible standard, taking into account the particular facts and

23  circumstances of the issue before the court. <u>See</u> *In re Conejo Enters., Inc.*, 96 F.3d 346, 352 (9th

24  Cir. 1996) (stating that "[c]ause has no clear definition and is determined on a case-by-case basis")

25  (internal citations and quotations omitted); *In re Brotman Med. Ctr., Inc.*, 2008 WL 8444797, at *5

26  (B.A.P. 9th Cir. Aug. 15, 2008) (same); *In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997) (noting Section

27  362(d)(1) does not define cause, "leaving courts to consider what constitutes cause based on the

28  totality of the circumstances in each particular case") (internal citations omitted).  Moreover, "[t]he

bankruptcy court generally has broad discretion in granting relief from stay for cause under § 362(d)." *In re Edwards*, 454 B.R. 100, 107 (B.A.P. 9th Cir. 2011).  "Exercising discretion in determining cause for stay relief requires the balancing of hardships and consideration of totality of the circumstances." *In re Avila*, 311 B.R. 81, 83-84 (Bankr. N.D. Cal. 2004) (citing *In re Kennedy*, 165 B.R. 488, 490 (Bankr. W.D. Wash. 1994)).

While there is no clear definition for what constitutes cause, courts will consider a number of factors to determine whether relief from the stay is warranted, including but not limited to (A) whether the claims are nondischargeable, and (B) whether the Bankruptcy Case was filed in bad faith.  See *In re Wilson*, 116 F.3d 87, 89-90 (reversing bankruptcy court's denial of stay relief in part because the bankruptcy court failed to consider movant's success in underlying nonbankruptcy forum – if permitted to proceed – would preclusively establish nondischargeability of debt), and *Brotman*, 8444797, at *5 ("Within the Ninth Circuit, cause for lifting the stay has been found to exist where the debtor filed a bankruptcy petition in bad faith . . . and where a creditor wished to proceed with litigation against the debtor in an appropriate non-bankruptcy forum") (internal citations and quotations omitted).

**A.    Relief From Stay Should Be Granted Because The Claims Are Nondischargeable In Nature And Can Be Most Expeditiously Resolved In The Nonbankruptcy Forum**

In deciding whether stay relief is warranted, courts will evaluate whether the claims are nondischargeable in nature.  See *In re Feingold*, 730 F.3d 1268, 1278 (11th Cir. 2013) (finding the nondischargeability of a debt a factor in a bankruptcy court's evaluation of cause for lifting the stay). There are multiple grounds to find the debt owed to the Petitioners is nondischargeable.  Under 11 U.S.C. § 523(a)(2)(A), a debtor is not discharged from any debt "to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." Alternatively, under 11 U.S.C. § 523(a)(4), the facts support a finding of nondischargeability "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

The facts outlined above as found in the R&R are overwhelming.  Klein undeniably obtained

1   the money constituting Petitioners' claims by "false pretenses," "false representation," and "actual

2   fraud." 11 U.S.C. § 523(a)(2)(A). And in Klein's own objection to the R&R, he did not deny any

3   malfeasance reported in Judge Reiser's eighty-four page report. *See id.*, Ex. 11.

4         More pointedly, Petitioners' $30,147,974 claim stems from the Debtor's fraud and

5   defalcation while acting in a fiduciary capacity as well as wanton embezzlement — defined as "[t]he

6   fraudulent taking of personal property with which one has been entrusted, esp. as a fiduciary" — of

7   the Menlo Trusts assets. *Embezzlement*, BLACK'S LAW DICTIONARY (11th ed. 2019). Because the

8   claims at issue derive from Debtor's fraudulent actions while acting as a fiduciary, the Debtor cannot

9   be discharged from this debt. 11 U.S.C. § 523(a)(4)[3]. Based on the unambiguous findings of the

10   honorable Judge Reiser, and the largely uncontested history of malfeasance, it is overwhelmingly

11   likely that Klein will be unable to discharge the debt owed to the Menlo Trusts beneficiaries through

12   a chapter 11 plan. Accordingly, courts have reasonably concluded that the nondischargeability of

13   debt may be a "weighty factor[]" in a bankruptcy court's evaluation of "cause." *Feingold*, 730 F.3d

14   at 1278.

15       **B.**    **Relief From Stay is Warranted Where Mandatory Abstention Applies Under**

16           **28 U.S.C. § 1334(c)(2)**

17         Generally speaking, 28 U.S.C. § 1334(c)(2) requires federal courts to abstain from hearing

18   non-core matters based on state law that relate to a Chapter 11 case. Section 1334(c)(2) of the

19   Bankruptcy Code provides:

20       Upon timely motion of a party in a proceeding based upon a State law claim or
    State law cause of action, related to a case under title 11 but not arising under title

21       11 or arising in a case under title 11, with respect to which an action could not have
    been commenced in a court of the United States absent jurisdiction under this

22       section, the district court shall abstain from hearing such proceeding if an action is
    commenced, and can be timely adjudicated, in a State forum of appropriate

23       jurisdiction.

24   28 U.S.C. § 1334(c)(2).

25         Mandatory abstention entails the satisfaction of five conditions: (1) the motion is timely

26   made, (2) the action is based on a state law claim or state law cause of action, (3) the action is related

27

---

28   [3] Movant intends to file a complaint to challenge whether the claim is dischargeable.

1  to a bankruptcy case but does not arise under the Bankruptcy Code, (4) bankruptcy jurisdiction is

2  the sole basis for federal jurisdiction, and (5) the action was commenced and can be timely

3  adjudicated in state court.  See *In re Residential Capital*, LLC, 519 B.R. 890, 902 (Bankr. S.D.N.Y.

4  2014); *In re Bradlees, Inc.*, 311 B.R. 29, 34 (Bankr. S.D.N.Y. 2004).  While circumstances

5  warranting mandatory abstention do not require relief from stay be granted, they support granting

6  relief where cause otherwise exists.  See, generally, *In re Conejo Enterprises, Inc.*, 96 F.3d 346 (9th

7  Cir. 1996).

8      First, this Motion was timely filed.  Second, in light of the lengthy history of the

9  Nonbankruptcy Action (which was originally commenced in 2012), the Superior Court's acute

10  familiarity with the underlying facts, the claims arise solely under nonbankrupcy law, the 22 days

11  of trial already conducted, the R&R of the referee, and the limited amount of tasks remaining to be

12  completed, the stay should be lifted because the claims at issue can be most expeditiously resolved

13  in the Superior Court.  See *In re Kronemyer*, 405 B.R. 915, 918 (B.A.P. 9th Cir. 2009) (lifting the

14  stay because, among other reasons, the state law claims could be more expeditiously resolved by

15  the state court)*; In re Revco D.S., Inc.*, 99 B.R. 768, 777 (N.D. Ohio 1989) (lifting the stay because

16  the state proceedings had commenced, all the claims arose under nonbankruptcy, state law, and the

17  proceeding would be more "appropriately and expeditiously determined in the state court").  While

18  the nonbankruptcy forum may not be a specialized tribunal, it frequently adjudicates the types of

19  fraud and embezzlement by fiduciaries actions that are the subject of the Co-Trustee's claims.

20  Moreover, the case against Klein is nearing its conclusion — Judge Reiser issued the R&R, and the

21  Superior Court tentatively agreed to adopt the ruling.  Lifting the stay would allow the case to

22  proceed to try the limited matters remaining (including entitlement to attorneys' fees and interest)

23  and then allow the case to proceed to judgment.  *See* Young Decl., Ex. 14-22.

24  **C.    Relief From Stay Should Be Granted Because The Bankruptcy Case Was Filed**

25  **In Bad Faith And The Timing Of The Filing Of The Bankruptcy Petition**

26  **Indicates That It Was Intended To Delay Or Interfere With The**

27  **Nonbankruptcy Action**

28  Courts consider the existence of bad faith in commencing a bankruptcy case cause to grant

1    relief from the stay pursuant to § 362(d).  See *In re Duvar Apt., Inc.*, 205 B.R. 196, 200 (B.A.P. 9th

2    Cir. 1996) (citing *In re Walter*, 108 B.R. 244, 247 (Bankr. C.D. Cal. 1989)) ("The existence of bad

3    faith in commencing a bankruptcy case constitutes cause for granting relief from the stay pursuant

4    to § 362(d).")*; In re Mense*, 509 B.R. 269, 276 (Bankr. C.D. Cal. 2014) ("Good faith is required in

5    the commencement and prosecution of a chapter 11 case, and the lack thereof constitutes "cause"

6    for . . . relief from the automatic stay under § 362(d)(1).").  Further, filing without any reasonable

7    expectation that the debtor can reorganize indicates a lack of good faith.  See *Mense*, 509 B.R. at

8    282 (finding the debtor filed in bad faith in that he failed to show chapter 11 relief was "necessary to

9    protect a viable business"); *In re Thirtieth Place, Inc.*, 30 B.R. 503, 506 (B.A.P. 9th Cir. 1983)

10   ("Where a petition is filed to subvert the legitimate rights of creditors in the absence of any

11   reasonable expectations that the debtor can successfully reorganize, there is no basis for access to

12   Chapter 11 and the protective machinery of the automatic stay.").  And filing to delay a creditors'

13   collection efforts coupled with other indicators of bad faith demonstrates that the debtor did not file

14   for legitimate purposes.  See *Duvar*, 205 B.R. at 201 ("[A] a court can consider delay coupled with

15   other bad faith factors in determining the harm to a particular creditor.").

16        Klein has a long history of ignoring court orders and frustrating collection efforts.[4]  This

17   case is another example of those efforts.  After the Superior Court issued a second temporary

18   restraining order, enjoining Klein from disposing of certain real property, and the corrected writ of

19   attachment, Klein resorted to bankruptcy as a last-ditch effort to delay service of the writ and the

20   inevitable judgment liquidating the Menlo Trusts' claims.  He thus filed this bankruptcy to

21   improperly frustrate and delay the Co-Trustee's ability to: (1) recover the tens of millions of dollars

22   of misappropriated trust assets; and (2) proceed to judgment.  Courts in the Ninth Circuit have

23   repeatedly found bad faith in filing where a debtor filed to prevent collection efforts.  See, e.g., *id.*

24   (noting that using chapter 11 to prevent foreclosure on property is a "misuse of the reorganization

25

26   ───────────────────

27   [4]  For instance, Klein (i) attempted to sell two residential properties at a substantial discount despite the Superior
     Court's issuance of a TPO that forbade him from selling property, (ii) attempted to take a loan out on one of his

28   properties in express disregard of two court orders forbidding him from encumbering any of his properties, and
     (iii) refused to abide by the Superior Court's November 17, 2022 order requiring him to disclose all of his assets.

process"); *In re Eighty S. Lake, Inc.*, 63 B.R. 501, 508 (Bankr. C.D. Cal. 1986), *aff'd*, 81 B.R. 580 (B.A.P. 9th Cir. 1987) (finding the debtor did not meet its burden of showing good-faith where it filed to stop a foreclosure sale).

Klein also failed to articulate any viable purpose for this bankruptcy filing at the 341 meeting, where his only answer regarding how he intended to handle pending litigation (and the imminent adverse judgment in the instant case) was that he intended to appeal. Klein may have the right to appeal any judgment against him whether in bankruptcy or not — but his intention to appeal does not constitute a viable chapter 11 plan. Thus, the timing of the filing, coupled with the lack of evidence that Klein has any viable concept to restructure his debts, indicates Debtor filed for bankruptcy in bad faith to delay or interfere with the Nonbankruptcy Action.

## VI.

## <u>CONCLUSION</u>

Based on the status of the Nonbankruptcy Action, the decade of litigation, the 22 days of trial, the 84 page Report & Recommendation, the existence of factors to establish mandatory abstention, the lack of good faith in filing, and the nondischargeable nature of the claims in the Nonbankruptcy Action, the Motion should be granted.

DATED:  April 5, 2023                    Respectfully submitted,

**CHORA YOUNG & MANASSERIAN LLP**


By:    ___*/s/ Paul P. Young*_____
Paul P. Young
Attorneys for Franklin H. Menlo, Co-Trustee of
The Franklin Menlo Irrevocable Trust
established March 1, 1983

## DECLARATION OF PAUL P. YOUNG
## IN SUPPORT OF MOTION FOR ORDER GRANTING RELIEF FROM
## AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362

I, Paul P. Young, declare as follows:

1.      I am attorney licensed to practice before the courts of the State of California and am a partner at Chora Young & Manasserian LLP, attorney for Petitioner Franklin H. Menlo ("Menlo"), co-trustee of the twenty-four irrevocable trusts at issue in this action ("Menlo Trusts") and in the underlying probate action. I have personal knowledge of the facts set forth herein, or know of such facts by reason of my inspection of the records maintained by Chora Young & Manasserian LLP in the ordinary course of business, and could and would competently testify thereto if asked to do so.

2.      I make this declaration in support of the Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362.

3.      Attached hereto as **Exhibit 1** is a true and correct copy of Hon. Glen M. Reiser's Report and Recommendation, issued in the Los Angeles Superior Court, Case No. BP136769 ("LASC") on August 29, 2022.

4.      Attached hereto as **Exhibit 2** is a true and correct copy of the Petition for Removal, filed on March 22, 2013.

5.      Attached hereto as **Exhibit 3** is a true and correct copy of Allan Jason Winter's Petition to Suspend and Remove Leslie Klein as Trustee of the Allan Jason Winter Irrevocable Trust, filed on July 20, 2022.

6.      Attached hereto as **Exhibit 4** is a true and correct copy of the Petition for Removal, filed on September 18, 2012.

7.      Attached hereto as **Exhibit 5** is a true and correct copy of the Petition for Removal, filed on March 22, 2013.

8.      Attached hereto as **Exhibit 6** is true and correct copy of Jeffrey Winter's Opposition to Motion to Expunge Lis Pendens (CCP § 405.30) and Attorney Alex Weingarten (CCP § 405.38), filed on February 1, 2023.

9.      Attached hereto as **Exhibit 7** is a true and correct copy of the Order Appointing Referee, entered on September 15, 2021.

10.      Attached hereto as **Exhibit 8** is a true and correct copy of Norine Eve Menlo Winter's, Jeremy Winter's, Michael Winter's Amanda Winter's, and Daniel Jay Winter's Ex Parte Application for a temporary restraining order and order to show cause regarding Klein's suspension, filed in LASC.

11.      Attached hereto as **Exhibit 9** is a true and correct copy of the Minute Order in LASC suspending Klein and appointing Jeffrey Winter and Franklin Menlo as interim co-trustees of the Menlo Trusts, dated September 16, 2022.

12.      Attached hereto as **Exhibit 10** is a true and correct copy of Co-Trustees' Application for Right to Attach Order and Order for Issuance of Writ of Attachment, filed in LASC.

13.      Attached hereto as **Exhibit 11** is a true and correct copy of the Objection of Leslie Klein, filed on November 4, 2022.

14.      Attached hereto as **Exhibit 12** is a true and correct copy of Winter Beneficiaries' Response to (Suspended) Trustee Leslie Klein's Objections to Report and Recommendation of Court-Appointed Referee, filed on December 22, 2022.

15.      Attached hereto as **Exhibit 13** is a true and correct copy of the Order After Hearing in LASC, dated November 10, 2022.

16.      Attached hereto as **Exhibit 14** is a true and correct copy of the Declaration of Jeffrey Winter ("Jeffrey Decl."), filed on November 15, 2022.

17.      Attached hereto as **Exhibit 15** is a true and correct copy of the immediate cease and desist correspondence, dated November 11, 2022.

18.      Attached hereto as **Exhibit 16** is a true and correct copy of the Notice of Entry of November 17 Order granting Jeffrey Winter's Ex Parte Application for a temporary restraining order and order to show cause regarding Klein's dissipation of assets, filed on November 18, 2022.

19.     Attached hereto as **Exhibit 17** is a true and correct copy of the Opposition of Leslie Klein to Application for Injunctive Relief, filed on November 28, 2022.

20.     Attached hereto as **Exhibit 18** is a true and correct copy of the Order issued in LASC, filed on December 12, 2022.

21.     Attached hereto as **Exhibit 19** is a true and correct copy of the Order to Show Cause Contempt Application, filed on December 12, 2022.

22.     Attached hereto as **Exhibit 20** is a true and correct copy of the Order After Hearing issued in LASC on December 14, 2022.

23.     Attached hereto as **Exhibit 21** is a true and correct copy of Co-Trustee Jeffrey Winter's Ex Parte Application for Temporary Restraining Order Enjoining Leslie Klein's Disposition of Real Properties, filed on December 22, 2022.

24.     Attached hereto as **Exhibit 22** is a true and correct copy of the Order issued in LASC dated January 2, 2023.

25.     Attached hereto as **Exhibit 23** is a true and correct copy of the Right to Attach Order and Order for Issuance of Writ of Attachment After Hearing, issued on January 12, 2023.

26.     Attached hereto as **Exhibit 24** is a true and correct copy of the Tentative Ruling Re Adoption of Referee's Report issued in LASC on January 12, 2023.

27.     Attached hereto as **Exhibit 25** is a true and correct copy of Jeffrey Winter's Opposition to Motion to Expunge Lis Pendens (CCP § 405.30) and Attorney's Fees and Costs Against Co-Trustee Jeffrey Winter and Attorney Alex Weingarten (CCP § 405.38), filed on February 1, 2023.

I declare under the penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on April 5, 2023 at Los Angeles, California.

_/s/ Paul P. Young_____
Paul P. Young

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
650 Sierra Madre Vila Ave., Ste. 304, Pasadena, CA 91107

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declaration) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 5, 2023 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael Berger: michael.berger@bankruptcypower.com; Ron Maroko: ron.maroko@usdoj.gov
Reem J Bello: rbello@goeforlaw.com; Greg Campbell: ch11ecf@aldridgepite.com
Theron Covey: tcovey@raslg.com; Dane Exnowski: dane.exnowski@mccalla.com
Robert Goe: kmurphy@goeforlaw.com; Michael Jones: michael.jones4@usdoj.gov
Joshua Scheer: jscheer@scheerlawgroup.com; Mark Sharf: mark@sharflaw.com
Alan Tippie: alan.tippie@gmlaw.com; United States Trustee: ustpregion16.la.ecf@usdoj.gov
Michael Wachtell: mwachtell@buchalter.com; John Ward: jward@attleseystorm.com
Clarisse Young: youngshumaker@smcounsel.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 5, 2023 | Jaclyn Poon | /s/ Jaclyn Poon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 9                              **F 4001-1.RFS.NONBK.MOTION**