1  MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
2  9454 Wilshire Boulevard, 6th Floor
Beverly Hills, California 90212
3  T: 1.310.271.6223 | F: 1.310.271.9805
E: michael.berger@bankruptcypower.com
4
*Proposed* Counsel for Debtor
5  Leslie Klein

6                    UNITED STATES BANKRUPTCY COURT

7                    CENTRAL DISTRICT OF CALIFORNIA

8                        LOS ANGELES DIVISION

9  **In re**                              Case No.: 2:23-bk-10990-SK

10                                        Chapter 11

11
**LESLIE KLEIN,**
12                                        **DEBTOR'S OPPOSITION TO
                                          MENLO'S MOTION FOR RELIEF
13                                        FROM THE AUTOMATIC STAY
                      **Debtor.**         (ACTION IN NONBANKRUPTCY
14                                        FORUM); DECLARATION OF
                                          MICHAEL JAY BERGER IN
15                                        SUPPORT THEREOF**

16                                        **Date:**    May 3, 2023
                                          **Time:**    8:30 a.m.
17                                        **Place:**   Courtroom 1575
                                                       United States Bankruptcy
18                                        Court

                                          255 East Temple Street
19                                        Los Angeles, CA 90012

20

21       TO THE HONORABLE SANDRA R. KLEIN, JUDGE OF THE UNITED

22  STATES BANKRUPTCY COURT, TO THE UNITED STATES TRUSTEE AND

23  TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

24       Movant Franklin H. Menlo's, co-trustee of the Franklin Menlo Irrevocable Trust

25  Establish March 1, 1983 ("Movant") Motion for Relief from Stay (the "Motion") should

26  be denied as Movant has not sustained its burden to establish "cause" for relief from the

27  stay under 11 U.S.C. § 362.  The Motion seeks to lift the stay so that Movant may

28  proceed with its State Court action against Debtor Leslie Klein ("Debtor"), filed in the

                                          1

Superior Court of California, entitled In the Matter of The Franklin Menlo Irrevocable

Trust established March 1, 1983, Case Number BP136769 (the "State Court Action" or

the "Menlo Action").

Preliminarily, Movant's Motion for Relief should be denied on the basis that it

was improperly served pursuant to Federal Rule of Bankruptcy Procedure 1007(d) as

required by Rule 4001(a)(1). Movant did not serve the Debtor, the twenty largest

creditors or any other parties in the case that are not on CM/ECF.  Further, Movant's

Motion for Relief should be denied on the basis that granting relief from stay is not in

the best interest of all the creditors of the estate. Debtor will have to engage special

litigation counsel to pay for Debtor's defense in the Menlo Action, which will become

an Administrative Claim in the Debtor's Chapter 11 bankruptcy case. The Debtor is

insolvent and Debtor's limited financial means would be best used to fund a Plan of

Reorganization to repay his creditors. Wherefore, Debtor asks this Court to deny

Movant's Motion for Relief.

### III.    ARGUMENT AND APPLICABLE LEGAL AUTHORITY

#### A. *Motion for Relief Should be Denied for Lack of Proper Service*

Movant's Motion for Relief should be denied on the basis that it was improperly

served. Pursuant to Federal Rule of Bankruptcy Procedure 1007(d) as required by Rule

4001(a)(1) Movant was required to serve the Motion for Relief on the twenty largest

creditors. A review of Movant's proof of service for the Motion for Relief and the

Amended Notice of Hearing thereon shows Movant failed to serve the Debtor, the

secured creditors, and the twenty largest unsecured creditors, that are not on CM/ECF, as

required pursuant to Federal Rule of Bankruptcy Procedure 1007(d) as required by Rule

4001(a)(1). A true and correct copy of the Proof of Service of the Motion for Relief

(docket no.: 65, Page 29) and the Proof of Service of the Amended Notice of Hearing for

the Motion for Relief (docket no.: 68, Page 3) showing that neither the Debtor not any of

the creditors that are not on CM/ECF were served are attached to the Declaration of

Michael Jay Berger as **Exhibit "1."** On this basis the Motion for Relief should be denied.

B. ***Motion for Relief Should be Denied As Debtor's Case Was Not Filed in Bad Faith and the Curtis Factors Do Not Favor Lifting the Automatic Stay***

A creditor may move for relief from automatic stay under 11 U.S.C. § 362(d), which provides that a bankruptcy court "shall grant relief from the stay" upon a showing of "cause." *Id.* "Cause" is determined on a case-by-case basis. *Id*; *In re Tucson*, 912 F.2d 1162, 1166 (9th Cir. 1990).

"To determine bad faith a bankruptcy judge must review the 'totality of the circumstances'" and "should ask whether the debtor 'misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner.'" *In re Eisen,* 14 F.3d 469, 470 (9th Cir. 1994). "Determining whether the debtor's filing for relief is in good faith depends largely on the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives, and the local financial realities." *In re Oasis at Wild Horse Ranch, LLC,* No. BAP AZ-11-1142-DKIMY, 2011 WL 4502102, at *10 (B.A.P. 9th Cir. Aug. 26, 2011).

Menlo is one of many creditors in Debtor's bankruptcy case. Debtor has fully disclosed all of his debts and liabilities in his bankruptcy case, and filed this Chapter 11 to reorganize his debts and pay his creditors. The Debtor's Chapter 11 case was not filed in bad faith.

In *Curtis*, a Utah district court identified twelve factors courts should consider in deciding whether there is "cause" to lift an automatic stay:

(1) Whether the relief will result in a partial or complete resolution of the issues;

(2) The lack of any connection with or interference with the bankruptcy case;

(3) Whether the foreign proceeding involves the debtor as a fiduciary;

DEBTOR'S OPPOSITION TO MENLO'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY (ACTION IN NONBANKRUPTCY FORUM); DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

(4) Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;

(5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

(6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

(7) Whether the litigation in another forum would prejudice the interests of other creditors, the creditor's committee and other interested parties;

(8) Whether the judgment claim arising from the foreign action is subject to equitable subordination;

(9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

(10) The interests of judicial economy and the expeditious and economical determination of litigation for the parties;

(11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial, and

(12) The impact of the stay and the "balance of hurt."

*Curtis*, 40 B.R. at 799-800; *see also In re Plumberex Specialty Prods., Inc.*, 311 B.R. 551, 559 (Bankr. C.D. Cal. 2004) (adopting *Curtis* factors and recognizing courts in other circuits that have done the same).

The Ninth Circuit has recognized that "the Curtis factors are appropriate, nonexclusive, factors to consider in deciding whether to grant relief from the automatic stay to allow pending litigation to continue in another forum." *Kronemyer*, 405 B.R. 915, 921 (9th Cir. BAP 2009). However, while the *Curtis* factors are widely used to determine the existence of "cause," not all of the factors are relevant in every case, nor is a court required to give each factor equal weight. *Plumberex*, 311 B.R. at 560. In fact, some cases regarding automatic stay do not mention *Curtis* at all. *See In re Conejo*

4

*Enterprises, Inc.*, 96 F.3d 346, 353 (9th Cir. 1996) (affirming bankruptcy court's denial of relief from automatic stay without discussing *Curtis* factors. As the *Curtis* court noted, "The most important factor in determining whether to grant relief from the automatic stay to permit litigation against the debtor in another forum is the effect of such litigation on the administration of the estate. Even slight interference with the administration may be enough to preclude relief in the absence of a commensurate benefit." 40 B.R. at 800.

In addition, the party seeking to lift the automatic stay has the burden of establishing a prima facie case that "cause" exists for relief under § 362(d)(1). *Id.* If "cause" is established, "the burden shifts to the debtor to show that relief from the stay is unwarranted." *Id.*

Here, Movant fails to make the requisite showing of the cause under the Curtis Factors.

    i.    <u>*Curtis Factor #1 - Relief Will Not Result in a Complete Resolution of the*</u>
           <u>*Issues*</u>

The State Court will make a complete resolution of the issues. Therefore, Curtis Factor #1 is in favor of the Movant.

    ii.    <u>*Curtis Factor #2 – Substantial Interference with the Bankruptcy Case*</u>

Relief from stay would undoubtedly interfere with Debtor's bankruptcy case. The Debtor would need to employ special litigation counsel to continue to litigate the case. The Debtor's cost of continuing the Menlo Action would be significant and would be an Administrative Claim that would take away from the funds available to pay the creditors of the estate. Based on the forgoing, Curtis Factor #2 is in favor of the Debtor and against the Movant.

///

///

///

DEBTOR'S OPPOSITION TO MENLO'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY (ACTION IN NONBANKRUPTCY FORUM); DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

iii.  *Curtis Factor #3 – The Foreign Proceeding Does Not Involve the Debtor as a*

*Fiduciary*

The State Court Action does involve the Debtor as a fiduciary. Therefore, Curtis

Factor #3 is in favor of the Movant.

iv.  *Curtis Factor #4 – No Specialized Tribunal is Required To Hear The State*

*Court Action*

There is no specialized tribunal established to hear Movant's claim. Therefore,

Curtis Factor #4 is in favor of the Debtor and against the Movant.

v.  *Curtis Factor #5 – There is No Insurance Carrier Defending Debtor*

There is no insurance carrier defending Debtor from Movant's claim. As such,

Debtor would be using its own resources to defend itself against Movant should relief

from stay be granted. The Debtor's attorneys fees will be an Administrative Claim in

the case, and would take away from funds Debtor could use to pay his creditors.

Therefore, Curtis Factor #5 is in favor of the Debtor and against the Movant.

vi.  *Curtis Factor #6 – Whether the Action Essentially Involves Third Parties, and*

*the Debtor Functions Only As a Bailee or Conduit for the Goods or Proceeds*

*in Question*

This factor does not apply as Debtor was not a bailee or conduit for goods or

proceeds in question.

vii.  *Curtis Factor #7 - Whether the litigation in another forum would prejudice*

*the interests of other creditors, the creditor's committee and other interested*

*parties*

This Curtis factor also weighs in favor of the Debtor and against the Movant.

Granting relief from stay would prejudice the other creditors of the estate as the

Debtor's funds would be used to defend the Debtor in the Menlo Action. It is in the best

interest of all the creditors of the estate for Debtor's funds to be used to fund the Plan of

DEBTOR'S OPPOSITION TO MENLO'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY (ACTION IN
NONBANKRUPTCY FORUM); DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

Reorganization and not for continued litigation with Movant.  Therefore, Curtis Factor #7 is in favor of the Debtor and against the Movant.

viii.    *Curtis Factor #8 – Whether the Judgment Claim Arising from the Foreign Action is Subject to Equitable Subordination*

This factor is not applicable in this case.

ix.    *Curtis Factor #9 – Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f)*

This factor is not applicable in this case.

x.    *Curtis Factor #10 – The Interests of Judicial Economy and the Expeditious and Economical Determination of Litigation for the Parties*

Permitting litigation against Debtor to proceed in the very forum that drove the Debtor into bankruptcy in the first place would seriously impede and possibly prevent reorganization in the bankruptcy proceeding.  Again, the cost of litigation would be an Administrative Claim and that money is be best used to pay the creditors of the estate through Debtor's Plan.  Therefore, Curtis Factor #10 is in favor of the Debtor and against the Movant.

xi.    *Curtis Factor #11 – Whether the Foreign Proceedings Have Progressed To the Point Where the Parties Are Prepared for Trial*

The proceedings in the State Court Action have progressed to the point where a final determination of the issues is imminent. Therefore, Curtis Factor #11 is in favor of the Movant.

xii.    *Curtis Factor #12 – The Impact of the Stay and the "Balance of Hurt"*

When considering relief from automatic stay, the bankruptcy court must consider the interests of the debtor and the bankruptcy proceeding in addition to the interests of the creditors. As noted in *In re Martha Washington Hosp.*, 157 B.R. 392, 395 (N.D. Ill. 1993), "It is not enough for the creditor to merely show that it will be hurt by the continuation of the stay, rather the creditor must show that neither the debtor nor the

other creditors will be injured if the stay is lifted." The "most important factor," however, "is the effect of such litigation on the administration of the estate." *Curtis*, 40 B.R. at 800.

Here, clearly the harm to the Debtor and the creditors of the estate, outweighs any conceivable benefit to Movant should the stay be lifted. Moreover, there is real no benefit to Movant in granting its Motion as Movant can file its Proof of Claim and the parties can litigate the claim the proper venue, the bankruptcy court. Therefore, Curtis Factor #12 is in favor of the Debtor and against the Movant.

## Conclusion Re: Curtis Factors

The automatic stay enables the debtor to avoid the multiplicity of claims against the estate arising in different forums. *In re Larkham*, 31 B.R. 273, 276, 10 B.C.D. 1093 (Bkrtcy.D.Vt. 1983). Stated differently, the policy underlying the automatic stay is to protect the debtor's estate from "the chaos and wasteful depletion resulting from multifold, uncoordinated and possibly conflicting litigation." *In re Frigitemp. Corp.*, 8 B.R. 284, 289 (S.D.N.Y. 1981). The Section 362 automatic stay gives the bankruptcy court an opportunity to harmonize the interests of both debtor and creditors while preserving the debtor's assets for repayment and reorganization of his or her obligations. See *In re Fidelity Mortgage Investors*, 550 F.2d 47, 55 (2nd Cir. 1976), cert. denied, 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977). Under Chapter 11, the stay is also intended to give the debtor time to reorganize his assets in order to rehabilitate his business. Weintraub, Bankruptcy Law Manual ¶ 8.10 at 8-19 (1980). For the foregoing reasons, the Curtis factors weigh in favor of the Debtor and against the Movant. As such, Movant has not sustained its burden to establish "cause" for relief from the stay under 11 U.S.C. § 362. Accordingly, Movant's Motion for Relief from Stay should be denied.

///

///

DEBTOR'S OPPOSITION TO MENLO'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY (ACTION IN NONBANKRUPTCY FORUM); DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.    CONCLUSION

Debtor Leslie Klein respectfully requests that this Court deny Movant's Motion for Relief From the Automatic Stay for improper service of Movant's Motion for Relief, and on the basis that granting relief is not in the best interest of the creditors of the estate.

LAW OFFICES OF MICHAEL JAY BERGER

Dated: April 19, 2023          By:    _____
                                                       Michael Jay Berger
                                                       *Proposed* Counsel for Leslie Klein

DEBTOR'S OPPOSITION TO MENLO'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY (ACTION IN NONBANKRUPTCY FORUM); DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

## DECLARATION OF MICHAE JAY BERGER

I, Michael Jay Berger, declare and state as follows:

1.    I am an Attorney at Law, licensed to practice before all of the courts in the State of California, and in the United States District Court for the Central District of California. I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2.    A true and correct copy of the Proof of Service of the Motion for Relief (docket no.: 65, Page 29) and the Proof of Service of the Amended Notice of Hearing for the Motion for Relief (docket no.: 68, Page 3) showing that neither the Debtor nor any of the creditors that are not on CM/ECF were served are attached to the Declaration of Michael Jay Berger as **Exhibit "1."**


I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on April 19, 2023, at Los Angeles, California.

_____
Michael Jay Berger

DEBTOR'S OPPOSITION TO MENLO'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY (ACTION IN
NONBANKRUPTCY FORUM); DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

# EXHIBIT 1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
650 Sierra Madre Vila Ave., Ste. 304, Pasadena, CA 91107

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declaration) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 5, 2023 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael Berger: michael.berger@bankruptcypower.com; Ron Maroko: ron.maroko@usdoj.gov
Reem J Bello: rbello@goeforlaw.com; Greg Campbell: ch11ecf@aldridgepite.com
Theron Covey: tcovey@raslg.com; Dane Exnowski: dane.exnowski@mccalla.com
Robert Goe: kmurphy@goeforlaw.com; Michael Jones: michael.jones4@usdoj.gov
Joshua Scheer: jscheer@scheerlawgroup.com; Mark Sharf: mark@sharflaw.com
Alan Tippie: alan.tippie@gmlaw.com; United States Trustee: ustpregion16.la.ecf@usdoj.gov
Michael Wacthtell: mwachtell@buchalter.com; John Ward: jward@attleseystorm.com
Clarisse Young: youngshumaker@smcounsel.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 5, 2023 | Jaclyn Poon | /s/ Jaclyn Poon |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
650 Sierra Madre Vila Ave., Ste. 304, Pasadena, CA 91107

A true and correct copy of the foregoing document entitled (*specify*): **AMENDED NOTICE OF HEARING OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 6, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael Berger: michael.berger@bankruptcypower.com; Ron Maroko: ron.maroko@usdoj.gov
Reem J Bello: rbello@goeforlaw.com; Greg Campbell: ch11ecf@aldridgepite.com
Theron Covey: tcovey@raslg.com; Dane Exnowski: dane.exnowski@mccalla.com
Robert Goe: kmurphy@goeforlaw.com; Michael Jones: michael.jones4@usdoj.gov
Joshua Scheer: jscheer@scheerlawgroup.com; Mark Sharf: mark@sharflaw.com
Alan Tippie: alan.tippie@gmlaw.com; United States Trustee: ustpregion16.la.ecf@usdoj.gov
Michael Wacthtell: mwachtell@buchalter.com; John Ward: jward@attleseystorm.com
Clarisse Young: youngshumaker@smcounsel.com

☐    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 6, 2023 | Jaclyn Poon | /s/ Jaclyn Poon |
| --- | --- | --- |
| Date | Printed Name | Signature |

PROOF OF SERVICE OF DOCUMENT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9454 Wilshire Blvd., 6th FL., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S OPPOSITION TO MENLO'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY (ACTION IN NONBANKRUPTCY FORUM);** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _4/19//2023____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __4/19/2023____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _4/19/2023_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Honorable Sandra Klein
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1582 / Courtroom 1575
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/19/2023 | Peter Garza | /s/Peter Garza |
|-----------|-------------|----------------|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Goe Forsythe & Hodges: Reem J Bello**     rbello@goeforlaw.com, kmurphy@goeforlaw.com
**Goe Forsythe & Hodges Robert P Goe**     kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
**Interested Party: Alan G Tippie**     Alan.Tippie@gmlaw.com,
atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com, denise.walker@gmlaw.com
**Debtor's Counsel: Michael Jay Berger**     michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
**Interested Party: Greg P Campbell**     ch11ecf@aldridgepite.com,
gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
**Counsel for Wilmington Savings Fund: Theron S Covey**     tcovey@raslg.com, sferry@raslg.com
**Interested Party: Dane W Exnowski**     dane.exnowski@mccalla.com,
bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
**U.S. Trustee: Michael Jones**     michael.jones4@usdoj.gov
**U.S. Trustee: Ron Maroko**     ron.maroko@usdoj.gov
**Counsel for Ajax Mortgage: Joshua L Scheer**     jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
**Subchapter V Trustee: Mark M Sharf (TR)**     mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com
**United States Trustee (LA)**     ustpregion16.la.ecf@usdoj.gov
**Interested Party: Michael L Wachtell**     mwachtell@buchalter.com
**U.S. Bank: John P. Ward**     jward@attleseystorm.com, ezhang@attleseystorm.com
**Interested Party: Paul P Young**     paul@cym.law, jaclyn@cym.law
**Counsel for First Amendment Wendriger Family Trust dated May 7, 1990: Clarisse Young**
youngshumaker@smcounsel.com, levern@smcounsel.com


2. **SERVED BY UNITED STATES MAIL**:

U.S. Trustee
Attn: Ron Maroko, Esq.
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017

Subchapter V Trustee
Mark M. Sharf
6080 Center Drive #600
Los Angeles, CA 90045

**SECURED CREDITORS:**

CCO Mortgage Corp.
Attn: Bankruptcy
10561 Telegraph Rd
Glen Allen, VA 23059

Chase Mortgage
BK Department
Mail Code LA4 5555
700 Kansas Ln
Monroe, LA 71203

Fay Servicing Llc
Attn: Bankruptcy Dept

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Po Box 809441
Chicago, IL 60680

Mrc/united Wholesale M
Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261

Selene Finance
Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101

Shellpoint Mortgage Servicing
Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603

Toyota Financial Services
Attn: Bankruptcy
Po Box 259001
Plano, TX 75025

Toyota Motor Credit Corp.
PO Box 9013
Addison, TX 75001 (Address from POC)

Ericka and Joseph Vago
c/o Brian Procel
Procel Law
401 Wilshire Blvd., 12th Floor
Santa Monica, CA 90401 (Address from POC)

Ericka and Joseph Vago
124 N. Highland Ave
Sherman Oaks, CA 91423

Fay Servicing LLC
Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680

U.S. Bank
c/o Fay Servicing, LLC
PO Box 814609
Dallas, TX 75381

Fiore Racobs & Powers
c/o Palm Springs Country Club HOA
6820 Indiana Ave., Ste 140
Riverside, CA 92506

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Gestetner Charitable Remainder Trus
c/o Andor Gestetner
1425 55th Street
Brooklyn, NY 11219

Los Angeles County Tax Collector
Bankruptcy Unit
PO Box 54110
Los Angeles, CA 90054-0027 (Address from POC)

Mrc/united Wholesale M
Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261

Selene Finance
Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101

Shellpoint Mortgage Servicing
Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603

Toyota Financial Services
Attn: Bankruptcy
Po Box 259001
Plano, TX 75025

**20 LARGEST UNSECURED CREDITORS AND INTERESTED PARTIES:**

Andor Gestetner
c/o Law Offices of Jacob Unger
5404 Whitsett Ave Ste. 182
Valley Village, CA 91607

Bank of America
Attn: Bankruptcy
4909 Savarese Circle
Tampa, FL 33634

Bank of America
PO Box 673033
Dallas, TX 75267 (Address from POC)

Barclays Bank Delaware
Attn: Bankruptcy
Po Box 8801
Wilmington, DE 19899

California Bank & Trust
Po Box 711510
Santee, CA 92072

CCO Mortgage Corp.
Attn: Bankruptcy
10561 Telegraph Rd
Glen Allen, VA 23059

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

Chase Card Services
Attn: Bankruptcy

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

Po Box 15298
Wilmington, DE 19850

Chase Doe
143 S. Highland Drive
Los Angeles, CA 90036

Chase Mortgage
BK Department
Mail Code LA4 5555  700 Kansas Ln
Monroe, LA 71203

Citibank
Attn: Bankruptcy
P.O. Box 790034
St Louis, MO 63179

Franklin H. Menlo Irrevocable Trust
c/o Willkie Farr & Gallagher LLP
Attn: Alex M. Weingarten, Esq.
2029 Century Park East, Suite 3400
Los Angeles, CA 90067

Franklin Menlo, Trustee
c/o Paul P. Young & Chora Young & Manasserian
650 Sierra Madre Villa Ave. Ste. 304
Pasadena, CA 91107 (Address from POC)

Jacob Rummitz
315 N. Martel Avenue
Los Angeles, CA 90036

Jeffrey Siegel, Successor Trustee
of the Hubert Scott Trust
c/o Oldman, Cooley, Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2408

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA 90071

Oldman, Cooley, and Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2408

Sandra Layton
161 N. Poinsettia Place
Los Angeles, CA 90036

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**