and unpaid interest on the principal amount so prepaid, without premium, penalty or fee.

**Events of Default.**
Each of the following events also shall constitute an "Event of Default":

    (i)    Borrower fails to pay any additional premiums or adjustments to premiums or other required payments on any Policy or Policies to which this Note relates to the Issuer thereof when due, notwithstanding payment of such amounts by Holder; and

    (ii)    Borrower fails to repay any monies advanced to it by Holder in connection with any Policy or Policies to which this Note relates by the Maturity Date.

**Following an Event of Default.**

    Upon the happening of an Event of Default, the Holder, at its option and in its sole discretion, may accelerate the due date of this Note by notice to the Borrower to such effect, effective immediately, and thereupon the entire unpaid principal balance on or under this Note, together with all interest accrued and unpaid hereon and all Expenses, shall be immediately due and payable.

**Waivers.** The Borrower hereby waives, to the fullest extent permitted by law, presentment, demand, protest and notices, including, without limitation, notices of nonperformance, notices of protest, notices of nonpayment, notices of dishonor, notices of the delivery or acceptance of this Note, and notices of the existence, creation or incurrence of new or additional obligations of the Borrower to the Holder, and all other defenses which otherwise might be available. Borrower acknowledges that the Holder has been induced to enter into this Note by, among other things, the provisions of this Section. No delay or failure by the Holder to exercise any right or remedy shall operate as a waiver thereof, and no single or partial exercise by the Holder of any right or remedy shall preclude any other or further exercise thereof.

**Non-Recourse.** Notwithstanding anything to the contrary in this Note, the Borrower's liability to the Holder under this Note shall be limited exclusively to the extent of the lenders' security interests in the Policy or Policies, the proceeds thereof. If any proceedings shall be brought to enforce the provisions of this Note, the Holder shall have recourse hereunder against the Borrower only to the extent of the Borrower's interest in the Policy or Policies.  The Holder's sole recourse shall be to exercise its rights under this Note, and the Loan Agreements as to the Policy or Policies, the proceeds thereof.  Neither the Borrower nor any of its trustees, fiduciaries or beneficiaries shall be personally liable or otherwise have any obligation hereunder.

**Retention of Policies.** Borrower expressly acknowledges and agrees that the satisfaction of its

KLEIN0001877
Page 110 of **EXHIBIT 21-2**

obligations under this Note shall not discharge, excuse, impair or terminate Holder's or its designee's rights in and to the related Policy or Policies under the Loan Agreements or any other agreement contemplated thereby.

**Assignment; Registration.** This Note may not be assigned by the Borrower without the prior written consent of the Holder. The Holder may assign or otherwise transfer this Note. This Note is a registered Note. Upon surrender of this Note for transfer, duly endorsed, or accompanied by a written instrument of transfer duly executed, by the Holder or the Holder's attorney duly authorized, in writing, a new Note for a like principal amount will be issued to the transferee. Prior to such surrender, the Borrower shall treat the person to whom such Note is issued as the owner thereof for the purpose of receiving payment and for all other purposes, and the Borrower will not be affected by any notice to the contrary.

**Miscellaneous.** All rights and remedies of the Holder under applicable law and this Note or amendment of any provision of this Note are cumulative and not exclusive. If a court deems any provision of this Note invalid, the remainder of the Note shall remain in effect.

**Notices.** Any notice or demand hereunder shall be duly given if delivered or mailed to the Borrower at its address on page one. Such notice or demand shall be effective, if delivered, upon personal delivery or, if mailed, four business days after deposit in an official depository maintained by the United States Post Office for the collection of mail or one business day after delivery to a nationally recognized courier service for overnight delivery. Notice by e-mail is not valid notice under this Note.

**Governing Law; Jurisdiction.** THIS NOTE HAS BEEN DELIVERED TO AND ACCEPTED BY HOLDER IN, AND WILL BE DEEMED TO BE MADE AND TO BE PERFORMED WHOLLY WITHIN, THE STATE OF CALIFORNIA , AND SHALL BE GOVERNED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF SUCH STATE, EXCLUDING ITS CONFLICT OF LAWS RULES. BORROWER IRREVOCABLY CONSENTS TO THE SOLE AND EXCLUSIVE JURISDICTION OF THE STATE AND FEDERAL COURTS LOCATED IN THE COUNTY, CITY AND STATE OF CALIFORNIA IN CONNECTION WITH ANY ACTION OR PROCEEDINGS ARISING OUT OF OR RELATING TO THIS NOTE, AND HEREBY WAIVES THE RIGHT TO MOVE TO CHANGE VENUE OR ASSERT INCONVENIENT FORUM. IN ANY SUCH ACTION, BORROWER SHALL AND HEREBY IRREVOCABLY DOES WAIVE ANY RIGHT TO A TRIAL BY JURY. In any action or proceeding on or under this Note, the Borrower waives service of any summons, complaint or other process, and agrees that service  thereof shall be deemed made when first received, by personal service, or after having been mailed by certified or registered mail, return receipt requested, and mailed to the last known address of the Borrower. The Borrower waives (i) any right to assert any counterclaim or setoff or any defense based upon a statute of limitations, upon a claim of laches or any other legal theory; and (ii) its right to attack  a final judgment that is obtained as a direct or indirect result of any action on or under this Note.

Page 3 of 5

**Page 76**

KLEIN0001878
Page 111 of EXHIBIT 21-3

**THE ANN RADOW IRREVOCABLE LIFE INSURANCE TRUST**

By:

LESLIE KLEIN                    Trustee
Name                           Title

Page 4 of 5

## SCHEDULE "A"

### THE POLICY

| **Policy Issuer** | **Policy Number** | **Insured** |
|---|---|---|
| American General<br>Life Insurance Company | U10043012L | ANN RADOW |

Page 5 of 5

**Page 78**

Electronically Received 11/15/2022 10:32 AM

Electronically Received 11/15/2022 10:32 AM

1  BRIAN A. PROCEL (State Bar No. 218657)
   brian@procel-law.com
2  PROCEL LAW, PC
   401 Wilshire Boulevard
3  12th Floor
   Santa Monica, California 90401
4  Telephone:    (424) 788-4538

5  Attorneys for Plaintiffs
   ERICA VAGO and JOSEPH VAGO

6

7

**FILED**
Superior Court of California
County of Los Angeles

**12/02/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____M. Ventura_____ Deputy

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10

11  ERICA VAGO and JOSEPH VAGO,               **CASE NO. 20STCV25050**

12          Plaintiffs,                        **[PROPOSED] JUDGMENT ON SPECIAL VERDICT**

13      v.

14  LESLIE KLEIN; LES KLEIN &                 Assigned for All Purposes to:
    ASSOCIATES, INC.; KENNETH KOLEV          Hon. Terry A. Green, Dept. 14
15  KLEIN; and LAW OFFICE OF KENNETH
    KLEIN, P.C.,                             Action Filed:    July 1, 2020
16                                            Trial Date:      August 29, 2022
            Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

1       This action came on regularly for trial on August 29, 2022, in Department 14 of the

2 Superior Court, the Honorable Terry A. Green, Judge Presiding;

3       Plaintiffs Erica and Joseph Vago (collectively, "Plaintiffs") appearing by attorney Brian

4 Procel , Esq.; and Defendants Leslie Klein and Les Klein & Associates, Inc. (collectively,

5 "Defendants") appearing by attorney Jeffrey Slott.

6       A jury of twelve (12) persons was regularly impaneled and sworn and agreed to try the

7 cause. Witnesses were sworn and testified. After hearing the evidence and arguments of counsel,

8 the jury was duly instructed by the Court and the cause was submitted to the jury with directions

9 to return a special verdict. The jury deliberated and thereafter returned to court with its special

10 verdict submitted to the jury and the answers given thereto by the jury, which verdict was in words

11 and figures as follows, to wit:

12

13                **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

14                **(BY ERICA VAGO AGAINST DEFENDNTS)**

15

16    1. Was Mr. Klein's conduct outrageous?

17      __X___ Yes   _____ No

18      If your answer to question 1 is yes, then answer question 2. If you answered no,

19      stop here, answer no further questions, and have the presiding juror sign and date

20      this form.

21    2. Did Mr. Klein intend to cause Erica Vago emotional distress?

22      _____ Yes   ___X__ No

23      If your answer to question 2 is yes, then answer question 4. If you answered no, go

24      to question 3.

25    3. Did Mr. Klein act with reckless disregard of the probability that Erica Vago would

26      suffer emotional distress, knowing that Erica Vago was present when the conduct

27      occurred?

28      __X___ Yes   _____ No

1        If your answer to question 3 is yes, then answer question 4. If you answered no,

2        stop here, answer no further questions, and have the presiding juror sign and date

3        this form.

4      4. Did Erica Vago suffer severe emotional distress?

5        _____ Yes    __X__ No

6        If your answer to question 4 is yes, then answer question 5. If you answered no,

7        stop here, answer no further questions, and have the presiding juror sign and date

8        this form.

9      5. Was Mr. Klein's conduct a substantial factor in causing Erica Vago's severe

10       emotional distress?

11       _____ Yes    _____ No

12       If your answer to question 5 is yes, then answer question 6. If you answered no,

13       stop here, answer no further questions, and have the presiding juror sign and date

14       this form.

15     6. What are Erica Vago's damages for pain and suffering?

16       $ __N/A_____

17

18                                         TOTAL $

19                                    __N/A_____

20

21 Signed: ___/Signature_____

               Presiding Juror

22

23 Dated: September 15, 2022

24

25

26

27

28

## INTENTIONAL MISREPRESENTATION

## (BY ERICA VAGO AGAINST DEFENDNTS)

We answer the questions submitted to us as follows:

1. Did Mr. Klein make a false representation of a fact to Erica Vago?

   __X___ Yes    _____ No

   If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Did Mr. Klein know that the representation was false, or did he make the representation recklessly and without regard for its truth?

   _X____ Yes    _____ No

   If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3. Did Erica Vago reasonably rely on the representation?

   __X___ Yes    _____ No

   If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4. Was Erica Vago's reliance on Mr. Klein's representation a substantial factor in causing harm to Erica Vago?

   __X___ Yes    _____ No

   If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5. What are Erica Vago's economic damages?

   $ __8,300,000_____

1    Please answer question 6.

2        6. What are Erica Vago's noneconomic damages for pain and suffering?

3            $ __0_____

4

5                                                        TOTAL $ 8,300,000

6

7    Signed: ___/Signature_____
                Presiding Juror
8

9    Dated: September 15, 2022

10
                            **CONCEALMENT**
11                  **(BY ERICA VAGO AGAINST DEFENDNTS)**

12
        We answer the questions submitted to us as follows:
13

14        1. Did Mr. Klein intentionally fail to disclose a fact that Erica Vago did not know and

15            could not reasonably have discovered?

16            _X____ Yes    _____ No

17            If your answer to question 1 is yes, then answer question 2. If you answered no,

18            stop here, answer no further questions, and have the presiding juror sign and date

            this form.
19

20        2. Did Mr. Klein intend to deceive Erica Vago by concealing the fact?

21            __X___ Yes    _____ No

22            If your answer to question 2 is yes, then answer question 3. If you answered no,

23            stop here, answer no further questions, and have the presiding juror sign and date

            this form.
24

25        3. Had the omitted information been disclosed, would Erica Vago reasonably have

26            behaved differently?

27            __X___ Yes    _____ No

28

                                    5
                            [PROPOSED] JUDGMENT
                                    97

1   If your answer to question 3 is yes, then answer question 4. If you answered no,

2   stop here, answer no further questions, and have the presiding juror sign and date

3   this form.

4       4.   Was Mr. Klein's concealment a substantial factor in causing harm to Erica Vago?

5       __X___ Yes   _____ No

6   If your answer to question 4 is yes, then answer question 5. If you answered no,

7   stop here, answer no further questions, and have the presiding juror sign and date

8   this form.

9       5.   What are Erica Vago's economic damages?

10   <u>$ 8,300,000</u>

11   Please answer question 6.

12       6.   What are Erica Vago's noneconomic damages for pain and suffering?

13   $ __0_____

14

15                      TOTAL <u>$ 8,300,000</u>

16

17   Signed:   __/Signature_____

18              Presiding Juror

19   Dated:  September 15, 2022

20

21

22

23

24

25

26

27

28

6

**FALSE PROMISE**

**(BY ERICA VAGO AGAINST DEFENDNTS)**

We answer the questions submitted to us as follows:

1. Did Mr. Klein make a promise to Erica Vago?

   __X___ Yes    _____ No

   If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Did Mr. Klein intend to perform this promise when he made it?

   _X____ Yes    _____ No

   If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3. Did Mr. Klein intend that Erica Vago rely on this promise?

   _____ Yes    _____ No

   If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4. Did Erica Vago reasonably rely on this promise?

   _____ Yes    _____ No

   If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5. Did Mr. Klein fail to perform the promised act?

   _____ Yes    _____ No

1    If your answer to question 5 is yes, then answer question 6. If you answered no,

2    stop here, answer no further questions, and have the presiding juror sign and date

3    this form.

4    6.    Was Erica Vago's reliance on Mr. Klein's promise a substantial factor in causing

5    harm to Erica Vago?

6    _____ Yes    _____ No

7    If your answer to question 6 is yes, then answer question 7. If you answered no,

8    stop here, answer no further questions, and have the presiding juror sign and date

9    this form.

10    7.    What are Erica Vago's economic damages?

11    $ _N/A_____

12    Please answer question 8.

13    8.    What are Erica Vago's noneconomic damages for pain and suffering?

14    $ __N/A_____

15

16    TOTAL $ _N/A_____

17

18    Signed:    /Signature_____
              Presiding Juror

19

20    Dated:  September 15, 2022

21

22

23

24

25

26

27

28

8

PROPOSED] JUDGMENT
100

Page 121 of 258

**FINANCIAL ABUSE**

**(BY ERICA VAGO AGAINST DEFENDANTS)**

We answer the questions submitted to us as follows:

1. Did Mr. Klein retain Erica Vago's money or property?

   __X___ Yes  _____ No

   If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Were Erica Vago 65 years of age or older at the time of the conduct?

   __X___ Yes  _____ No

   If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3. Did Mr. Klein retain the money or property for a wrongful use or with the intent to defraud?

   __X___ Yes  _____ No

   If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4. Were Erica Vago harmed?

   __X___ Yes  _____ No

   If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5. Was Mr. Klein's conduct a substantial factor in causing Erica Vago's harm?

   __X___ Yes  _____ No

1   If your answer to question 5 is yes, then answer question 6. If you answered no,

2   stop here, answer no further questions, and have the presiding juror sign and date

3   this form.

4      6.  What are Erica Vago's economic damages?

5      $ 8,300,000

6                                                TOTAL $8,300,000

8   Signed: ___/Signature_____
          Presiding Juror

10  Dated: September 15, 2022

## PUNITIVE DAMAGES
## (BY ERICA VAGO AGAINST DEFENDNTS)

14  We answer the questions submitted to us as follows:

15     1.  Did Mr. Klein engage in the conduct with malice, oppression, or fraud?

16     __X___ Yes  _____ No

18  Signed: ___/Signature_____
          Presiding Juror

20  Dated: September 15, 2022

## PUNITIVE DAMAGES AGAINST EMPLOYER OR PRINCIPAL FOR CONDUCT
## OF A SPECIFIC AGENT OR EMPLOYEE
## (BY ERICA VAGO AGAINST DEFENDNTS)

24  We answer the questions submitted to us as follows:

25     1.  Did Mr. Klein engage in the conduct with malice, oppression, or fraud?

26     __X___ Yes  _____ No

1    If your answer to question 1 is yes, then answer question 2. If you answered no,

2    stop here, answer no further questions, and have the presiding juror sign and date

3    this form.

4

5    Signed:  __/Signature_____
                    Presiding Juror

6

7    Dated:  September 15, 2022

8                    **BREACH OF FIDUCIARY DUTY**

9              **(BY ERICA VAGO AGAINST DEFENDNTS)**

10

11    1.  Mr. Klein owed Erica Vago fiduciary duties to act with the utmost loyalty and honesty.

12    2.  Did Mr. Klein breach his fiduciary duties?

13         __X___ Yes          _____ No

14    If your answer to question 2 is yes, then answer question 3. If you answered no, stop

15    here, answer no further questions, and have the presiding juror sign and date this form.

16    3.  Was Erica Vago harmed?

17         __X___ Yes          _____ No

18    If your answer to question 3 is yes, then answer question 4. If you answered no, stop

19    here, answer no further questions, and have the presiding juror sign and date this form.

20    4.  Was Mr. Klein's conduct a substantial factor in causing Erica Vago's harm?

21         __X___ Yes          _____ No

22    If your answer to question 4 is yes, then answer question 5. If you answered no, stop

23    here, answer no further questions, and have the presiding juror sign and date this form.

24    5.  What are Erica Vago's economic damages?

25         $ 8,300,000

26

27                                              TOTAL $ 8,300,000

28

                                    11

Signed: __/Signature_____
          Presiding Juror

Dated: September 15, 2022

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (BY JOSEPH VAGO AGAINST DEFENDNTS)

1. Was Mr. Klein's conduct outrageous?

    a. _X___ Yes _____ No

    b. If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Did Mr. Klein intend to cause Joseph Vago emotional distress?

    a. _____ Yes ___X__ No

    b. If your answer to question 2 is yes, then answer question 4. If you answered no, go to question 3.

3. Did Mr. Klein act with reckless disregard of the probability that Joseph Vago would suffer emotional distress, knowing that Joseph Vago was present when the conduct occurred?

    a. __X___ Yes _____ No

    b. If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4. Did Joseph Vago suffer severe emotional distress?

    a. __X___ Yes _____ No

    b. If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5. Was Mr. Klein's conduct a substantial factor in causing Joseph Vago's severe emotional distress?

    a. _X___ Yes _____ No

    b. If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6. What are Joseph Vago's damages for pain and suffering?

    a. $ <u>400,000</u>

TOTAL <u>$400,000</u>

Signed: ___/Signature_____
       Presiding Juror

Dated: September 15, 2022

### INTENTIONAL MISREPRESENTATION
### (BY JOSEPH VAGO AGAINST DEFENDNTS)

We answer the questions submitted to us as follows:

1. Did Mr. Klein make a false representation of a fact to Joseph Vago?

    a. __X___ Yes _____ No

    b. If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Did Mr. Klein know that the representation was false, or did he make the representation recklessly and without regard for its truth?

    a. _X___ Yes _____ No

b. If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3. Did Joseph Vago reasonably rely on the representation?

   a. __X__ Yes _____ No

   b. If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4. Was Joseph Vago's reliance on Mr. Klein's representation a substantial factor in causing harm to Joseph Vago?

   a. __X__ Yes _____ No

   b. If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5. What are Joseph Vago's economic damages?

   a. $ __0_____

   b. Please answer question 6.

6. What are Joseph Vago's noneconomic damages for pain and suffering?

   a. $ __0_____


                                                        TOTAL $ __0_____


Signed: __/Signature_____
             Presiding Juror

Dated: September 15, 2022

**CONCEALMENT**
**(BY JOSEPH VAGO AGAINST DEFENDNTS)**

1      We answer the questions submitted to us as follows:

2          1. Did Mr. Klein intentionally fail to disclose a fact that Joseph Vago did not know

3             and could not reasonably have discovered?

4                 a.  _X____ Yes    _____ No

5                 b. If your answer to question 1 is yes, then answer question 2. If you answered

6                    no, stop here, answer no further questions, and have the presiding juror sign

7                    and date this form.

8          2. Did Mr. Klein intend to deceive Joseph Vago by concealing the fact?

9                 a.  __X___ Yes    _____ No

10                b. If your answer to question 2 is yes, then answer question 3. If you answered

11                   no, stop here, answer no further questions, and have the presiding juror sign

12                   and date this form.

13         3. Had the omitted information been disclosed, would Joseph Vago reasonably have

14            behaved differently?

15                a.  __X___ Yes    _____ No

16                b. If your answer to question 3 is yes, then answer question 4. If you answered

17                   no, stop here, answer no further questions, and have the presiding juror sign

18                   and date this form.

19         4. Was Mr. Klein's concealment a substantial factor in causing harm to Joseph Vago?

20                a.  __X___ Yes    _____ No

21                b. If your answer to question 4 is yes, then answer question 5. If you answered

22                   no, stop here, answer no further questions, and have the presiding juror sign

23                   and date this form.

24         5. What are Joseph Vago's economic damages?

25                a.  $____0_____

26                b. Please answer question 6.

27         6. What are Joseph Vago's noneconomic damages for pain and suffering?

28                a.  $__0_____

                                        15

1

2                                                              TOTAL $____0_____

3

4    Signed: ___/Signature_____
                    Presiding Juror
5

6    Dated: September 15, 2022

7                              **FALSE PROMISE**

8                  **(BY JOSEPH VAGO AGAINST DEFENDNTS)**

9

10   We answer the questions submitted to us as follows:

11       1. Did Mr. Klein make a promise to Joseph Vago?

12          a.  __X__ Yes  _____ No

13          b. If your answer to question 1 is yes, then answer question 2. If you answered

14             no, stop here, answer no further questions, and have the presiding juror sign

15             and date this form.

16       2. Did Mr. Klein intend to perform this promise when he made it?

17          a. _X____ Yes  _____ No

18          b. If your answer to question 2 is yes, then answer question 3. If you answered

19             no, stop here, answer no further questions, and have the presiding juror sign

20             and date this form.

21       3. Did Mr. Klein intend that Joseph Vago rely on this promise?

22          a. _____ Yes  _____ No

23          b. If your answer to question 3 is yes, then answer question 4. If you answered

24             no, stop here, answer no further questions, and have the presiding juror sign

25             and date this form.

26       4. Did Joseph Vago reasonably rely on this promise?

27          a. _____ Yes  _____ No

28

---
                                    16

b. If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5. Did Mr. Klein fail to perform the promised act?

   a. _____ Yes _____ No

b. If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6. Was Joseph Vago's reliance on Mr. Klein's promise a substantial factor in causing harm to Joseph Vago?

   a. _____ Yes _____ No

b. If your answer to question 6 is yes, then answer question 7. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

7. What are Joseph Vago's economic damages?

   a. $ _N/A_____

   b. Please answer question 8.

8. What are Joseph Vago's noneconomic damages for pain and suffering?

   a. $ __N/A_____

TOTAL $ _N/A_____

Signed: ___/Signature_____
        Presiding Juror

Dated: September 15, 2022

**FINANCIAL ABUSE**

**(BY JOSEPH VAGO AGAINST DEFENDANTS)**

We answer the questions submitted to us as follows:

1. Did Mr. Klein retain Joseph Vago's money or property?

   a. _____ Yes   __X__ No

   b. If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Were Joseph Vago 65 years of age or older at the time of the conduct?

   a. _____ Yes   _____ No

   b. If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3. Did Mr. Klein retain the money or property for a wrongful use or with the intent to defraud?

   a. _____ Yes   _____ No

   b. If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4. Were Joseph Vago harmed?

   a. _____ Yes   _____ No

   b. If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5. Was Mr. Klein's conduct a substantial factor in causing Joseph Vago's harm?

   a. _____ Yes   _____ No

b.  If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6.  What are Joseph Vago's economic damages?

   a.  $___N/A_____

                                        TOTAL $__N/A_____


Signed: ___/Signature_____
         Presiding Juror

Dated:  September 15, 2022

## PUNITIVE DAMAGES

## (BY JOSEPH VAGO AGAINST DEFENDNTS)

We answer the questions submitted to us as follows:

1.  Did Mr. Klein engage in the conduct with malice, oppression, or fraud?

   a.  __X___ Yes  _____ No


Signed: ___/Signature_____
         Presiding Juror

Dated:  September 15, 2022

## PUNITIVE DAMAGES AGAINST EMPLOYER OR PRINCIPAL FOR CONDUCT OF A SPECIFIC AGENT OR EMPLOYEE

## (BY JOSEPH VAGO AGAINST DEFENDNTS)

We answer the questions submitted to us as follows:

1.  Did Mr. Klein engage in the conduct with malice, oppression, or fraud?

   a.  __X___ Yes  _____ No

19

[PROPOSED] JUDGMENT

111

1    b.  If your answer to question 1 is yes, then answer question 2. If you answered

2        no, stop here, answer no further questions, and have the presiding juror sign

3        and date this form.

4

5    Signed:   /Signature_____
             Presiding Juror

6

7    Dated:  September 15, 2022

8                    **BREACH OF FIDUCIARY DUTY**

9               **(BY JOSEPH VAGO AGAINST DEFENDNTS)**

10

11   1.  Mr. Klein owed Joseph Vago fiduciary duties to act with the utmost loyalty and

12       honesty.

13   2.  Did Mr. Klein breach his fiduciary duties?

14       a.  __X__ Yes        _____ No

15       b.  If your answer to question 2 is yes, then answer question 3. If you answered no,

16           stop here, answer no further questions, and have the presiding juror sign and

17           date this form.

18   3.  Was Joseph Vago harmed?

19       a.  __X__ Yes        _____ No

20       b.  If your answer to question 3 is yes, then answer question 4. If you answered no,

21           stop here, answer no further questions, and have the presiding juror sign and

22           date this form.

23   4.  Was Mr. Klein's conduct a substantial factor in causing Joseph Vago's harm?

24       a.  __X__ Yes        _____ No

25       b.  If your answer to question 4 is yes, then answer question 5. If you answered no,

26           stop here, answer no further questions, and have the presiding juror sign and

27           date this form.

28   5.  What are Joseph Vago's economic damages?

1

       a.  $____0_____

2

3                                          i.  TOTAL $____0_____

4

5

Signed: ___/Signature_____
               Presiding Juror

6

7

Dated:  September 15, 2022

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] JUDGMENT

1    It appearing by reason of said special verdict that Plaintiff Erica Vago is entitled to

2  judgment against Defendants Leslie Klein and Leslie Klein & Associates.

3    NOW THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that said Erica

4  Vago shall have and recover from Defendants, jointly and severally:

5    1.    Compensatory damages in the sum of $8,300,000;

6    2.    Prejudgment interest at the rate of 7 (seven) percent in the amount of

7        $7,334,038.99;

8    3.    Punitive damages in the sum of $8,300,000,

9    4.    And interest thereon at the rate of ten percent per annum from the date of the

10  verdict until paid together with costs and disbursements.

11

12    It further appearing by reason of said special verdict that Plaintiff Joseph Vago is entitled

13  to judgment against Defendants Leslie Klein and Leslie Klein & Associates.

14    NOW THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that said Joseph

15  Vago shall have and recover from Defendants, jointly and severally:

16    1.    $400,000 for emotional distress

17    2.    And interest thereon at the rate of ten percent per annum from the date of the

18  verdict until paid together with costs and disbursements.

19

20    The total amount of the judgment against Defendants jointly and severally is

21  **$24,334,038.99**.

22

**Terry Green**

23  Dated:    12/02/2022

24    Terry Green / Judge

Hon. Terry Green
25    Judge of the Superior Court

26

27

28

1   DATED:  November 15, 2022          PROCEL LAW, PC

2

3

                                    By: _____
4                                       BRIAN PROCEL
                                        Attorneys for Plaintiffs
5                                       JOSEPH VAGO and ERICA VAGO

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        3
                                [PROPOSED] JUDGMENT

1

2

3

## **PROOF OF SERVICE**

4

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

5

At the time of service, I was over 18 years of age and not a party to this action.  I am
employed in the County of Los Angeles, State of California.  My business address 401 Wilshire

6

Boulevard, 12th Floor, Santa Monica, California 90401.

7

On November 15, 2022, I served true copies of the following document(s) described as:

8

### **[PROPOSED] JUDGMENT ON SPECIAL VERDICT**

9

on the interested parties in this action as follows:

10

### **SERVICE LIST**

11

Jeffrey A. Slott                                                    *Attorneys for Defendants*
LAW OFFICES OF JEFFREY A. SLOTT, APC

12

15760 Ventura Blvd., Suite 1600                      LESLIE KLEIN and
Encino, CA 91436                                            LES KLEIN & ASSOCIATES, INC.

13

Telephone:      (818) 995-1955
Facsimile:       (818) 995-0955

14

Email:           jslott@aol.com

15

**BY E-MAIL:**  I caused a copy of the document(s) to be sent from e-mail address

16

johnpark@procel-law.com to the person(s) at the e-mail address(es) listed in the Service List.  I
did not receive, within a reasonable time after the transmission, any electronic message or other

17

indication that the transmission was unsuccessful.

18

I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

19

20

Executed on November 15, 2022, at Santa Monica, California.

21

                                                                /s/ Brian Procel

22

                                                                Brian Procel

23

24

25

26

27

28

4

Electronically FILED by Superior Court of California, County of Los Angeles 12/27/22    Sherri R. Carter, Executive Officer/Clerk. By Miramontes, Silvia    , Deputy Clerk

Case 2:23-bk-10990-SK    Doc 79-2    Filed 04/24/23    Entered 04/24/23 15:15:14    Desc
Exhibit Exhibit E - Pt 2    Page 29 of 111

Received: 12/22/2022 8:48 AM

1  Alex M. Weingarten (SBN 204410)
   AWeingarten@willkie.com
2  Logan M. Elliott (SBN 268105)
   LElliott@willkie.com
3  Matthew J. Busch (SBN 307396)
   MBusch@willkie.com
4  Vanessa Rodriguez (SBN 342669)
   VRodriguez@willkie.com
5  **WILLKIE FARR & GALLAGHER LLP**
   2029 Century Park East, Suite 3400
6  Los Angeles, CA 90067
   Telephone:    (310) 855-3000
7
   Attorneys for Petitioner CO-TRUSTEE JEFFREY WINTER
8

9                **SUPERIOR COURT OF CALIFORNIA**

10         **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

11  | In the Matter of | CASE NO.: BP136769[1] |

12  |  | [Consolidated/Related to 24 Cases] |

Assigned for All Purposes to
13  FRANKLIN HENRY MENLO          Hon. Ana Maria Luna, Dept. 3
    IRREVOCABLE TRUST ESTABLISHED
14  MARCH 1, 1983                 **[PROPOSED] ORDER GRANTING
                                  TEMPORARY RESTRAINING ORDER
15                                ENJOINING LESLIE KLEIN'S
                                  DISPOSITION OF REAL PROPERTIES**
16  LESLIE KLEIN, TRUSTEE,
                                  [*Filed concurrently with Notice and Ex Parte*
17            Respondent,         *Application; and Declaration of Alex M.*
                                  *Weingarten*]
18  LES KLEIN & ASSOCIATES, INC.,
                                  Date:        December 23, 2022
19            Respondent.         Time:        8:30 a.m.
                                  Dept.:       3
20
                                  Action Filed:  September 18, 2012
21                                Honorable Ana Maria Luna presiding

22

23

24

25

26

27  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
    [1] Consolidated/Related to Case Nos.: BP139977; BP139978; BP139999; BP140000; BP140001;
    BP140002; BP140003; BP140004; BP140005; BP140007; BP140008; BP140009; BP140010;
28  BP140011; BP140012; BP140013; BP140014; BP140015; BP140016; BP140017; BP140018;
    BP140019; BP140020; and BP154676.

59898122



**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

**[~~PROPOSED~~] ORDER**

The Court having read and considered the *ex parte* application of Petitioner Jeffrey Winter, Co-Trustee of the twenty-four irrevocable trusts at issue in this action ("Menlo Trusts"), for a temporary restraining order and order to show cause regarding preliminary injunction, and the evidence in support thereof, hereby orders as follows:

**ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**

To Respondent Leslie Klein:

Based upon the Petitions filed in this action, the *ex parte* application, and the documents in support thereof, you are ordered to appear on __January 06,__ , 202_3_ , at __1:30 p__ __.m. in Department 3 of the above-captioned court located at 111. N. Hill St., Los Angeles, California, to show cause why a preliminary injunction should not be ordered pending trial in this case restraining and enjoining you from transferring, selling, disposing of, encumbering, or hypothecating the real properties located at: (1) 419 N Highland Ave. #493, Los Angeles, CA 90036-2627; (2) 161 N Poinsettia Pl., Los Angeles, CA 90036; (3) 322 N June St., Los Angeles, CA 90004; (4) 306 N Highland Ave., Los Angeles, CA 90036; (5) 315 N Martel Ave., Los Angeles, CA 90036; (6) 2101 S Beverly Glen Blvd. #101, Los Angeles, CA 90025; (7) 14245 Ventura Blvd. #3, Sherman Oaks, CA 91423-2767; (8) 507 N Mansfield Ave., Los Angeles, CA 90036-2011; (9) 2101 S Beverly Glen Blvd. #103, Los Angeles, CA 90025; (10) 5419 Hollywood Blvd. #C237, Los Angeles, CA 90027-3480; (11) 776 La Vina Ln., Altadena, CA 91001-3830; (12) 34052 Doheny Park Rd. #150, Capistrano Beach, CA 92624-4120; (13) 3752 Ocean Dr., Oxnard, CA 93035; (14) 5805 Armada Drive, Carlsbad, CA 92008-4609; (15) 2601 Saklan Indian Drive. #2, Walnut Creek, CA 94595-3059; (16) 507 S. Euclid Street #22, Santa Ana, CA 92704-1073; and (17) 2560 N. Whitewater Club Dr. #B, Palm Springs, CA 92262.

Co-Trustee Jeffrey Winter is required to serve this order upon Respondent by electronic service by __December 27,__ , 202_2_.

Co-Trustee Jeffrey Winter is required to file proof of service directly in Department 3 no later than __December 30__ , 202_2_.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

59898122

1

[~~PROPOSED~~] ORDER GRANTING TEMPORARY RESTRAINING ORDER
TO ENJOIN KLEIN'S DISPOSITION OF SPECIFIC REAL PROPERTY

THE BRIEFING SCHEDULE IS AS FOLLOWS:

Any opposition is to be filed and served by _____January 3,_____, 202_3, and is to /S
be served on Petitioners' counsel via electronic service. The opposition is to be filed directly in
Department 3.

Any reply is to be filed and served by _____January 5,_____, 202_3, and is to be
served on Respondent via electronic service. Courtesy copies of opposition and reply to be sent to /S
SMCDEPT3@lacourt.org

**TEMPORARY RESTRAINING ORDER**

To Respondent:

Pending hearing on the order to show cause, you are hereby restrained and enjoined from
transferring, selling, disposing of, encumbering, or hypothecating the real properties located at:
(1) 419 N Highland Ave. #493, Los Angeles, CA 90036-2627; (2) 161 N Poinsettia Pl., Los
Angeles, CA 90036; (3) 322 N June St., Los Angeles, CA 90004; (4) 306 N Highland Ave., Los
Angeles, CA 90036; (5) 315 N Martel Ave., Los Angeles, CA 90036; (6) 2101 S Beverly Glen
Blvd. #101, Los Angeles, CA 90025; (7) 14245 Ventura Blvd. #3, Sherman Oaks, CA 91423-
2767; (8) 507 N Mansfield Ave., Los Angeles, CA 90036-2011; (9) 2101 S Beverly Glen Blvd.
#103, Los Angeles, CA 90025; (10) 5419 Hollywood Blvd. #C237, Los Angeles, CA 90027-
3480; (11) 776 La Vina Ln., Altadena, CA 91001-3830; (12) 34052 Doheny Park Rd. #150,
Capistrano Beach, CA 92624-4120; (13) 3752 Ocean Dr., Oxnard, CA 93035; (14) 5805 Armada
Drive, Carlsbad, CA 92008-4609; (15) 2601 Saklan Indian Drive. #2, Walnut Creek, CA 94595-
3059; (16) 507 S. Euclid Street #22, Santa Ana, CA 92704-1073; and (17) 2560 N. Whitewater
Club Dr. #B, Palm Springs, CA 92262.

All papers are to be e-filed in accordance with the Court's First Amended General Order.

**IT IS SO ORDERED.**

DECEMBER 23, 2022

Dated: _____

Ana María Luna
JUDGE

Honorable Ana Maria Luna
Judge of the Superior Court /S

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

59898122

2

[PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER
TEX-HIBITE KLEIN'S DISPOSITION OF SPECIFIC REAL PROPERTY
119

| United States Bankruptcy Court Central District of California | |
|---|---|
| In re:<br>Bay Area Development Co. | CHAPTER NO.: 11 |
| | CASE NO.: 2:22-bk-15031-SK |

## CASE COMMENCEMENT DEFICIENCY NOTICE

**To Debtor and Debtor's Attorney of Record,**
**YOUR CASE MAY BE DISMISSED IF YOU FAIL TO CURE THE FOLLOWING DEFICIENCIES:**

**A.** You must cure the following within 14 days from filing of your petition:

☑ Corporate Ownership Statement as specified by LBR 1007-4
☑ Statement of Related Cases (LBR Form 1015-2) [Information required by LBR 1015-2]
☑ Disclosure of Compensation of Attorney for Debtor (Official Form 2030). [11 U.S.C. § 329; FRBP 2016(b)]
☑ Verification of Master Mailing List of Creditors [LBR 1007-1(a)] (LBR Form F1007-1)

**B.** If you are a Small Business Debtor under a Subchapter V in a Chapter 11 case, within 7 days after the date of the filing of the petition, you must file the most recent:

1. Balance sheet
2. Statement of operations
3. Cash-flow statement
4. Federal tax return

OR

5. Statement made under penalty of perjury that no balance sheet, statement of operations, or cash-flow statement has been prepared and no Federal tax return has been filed. [11 U.S.C.§1116]

**The Revised Official Bankruptcy Forms are mandatory and are available at www.cacb.uscourts.gov/forms**

For all items above that are not electronically filed, you must file the original and the following number of copies in accordance with Local Bankruptcy Rules 1002-1(c) and 5005-2, and Court Manual, section 2.5(a)(2).

Chapter 11    Original and 2 Copies. 1 copy marked as "Judge's Copy."

**Please return the original or copy of this form with all required items to the following location:**

255 E. Temple Street, Room 100, Los Angeles, CA 90012

If you have any questions, please contact the Court's Call Center at the toll free number (855) 460-9641.

Dated: <u>September 14, 2022</u>

For the Court
**Kathleen J. Campbell**
Clerk of Court

(Form ccdn - Rev 02/2020)

1 /

**Fill in this information to identify the case:**

Debtor name   **Bay Area Development Co.**

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)   **2:22-bk-15031**

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | Declaration and signature |
|---|---|

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

■   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

■   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

■   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

■   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

■   *Schedule H: Codebtors* (Official Form 206H)

■   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule*

■   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐   Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   9/25/2022      **X** /s/ Leslie Klein
                                  Signature of individual signing on behalf of debtor

                                 **Leslie Klein**
                                 Printed name

                                 **President & CEO**
                                 Position or relationship to debtor

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

☐ Check if this is an
amended filing

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit thi
form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and a
amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document,
and the date. Bankruptcy Rules 1008 and 9011.

**WARNING – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud i
connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341,
1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another
individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☑ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☑ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☑ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☑ Schedule H: Codebtors (Official Form 206H)
- ☑ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule
- ☑ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 9/8/2022

X _____
Signature of individual signing on behalf of debtor

Leslie Klein
Printed name

President & CEO
Position or relationship to debtor

Declaration Under Penalty of Perjury for Non-Individual Debtors

Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

## United States Bankruptcy Court
### Central District of California

In re  **Bay Area Development Co.**

Debtor(s)

Case No.   **2:22-bk-15031**
Chapter   **11**

### LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Leslie Klein**<br>**14245 Ventura Blvd**<br>**Sherman Oaks, CA 91423** | **General** | **100%** | **General Shareholder** |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **President & CEO** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   9/25/2022

Signature  /s/ Leslie Klein

Leslie Klein

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders
Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

# United States Bankruptcy Court
## Central District of California

Case No. **2:22-bk-15031**

Chapter **11**

In re **Bay Area Development Co.** _____ Debtor(s)

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Leslie Klein<br>14245 Ventura Blvd<br>Sherman Oaks, CA 91423 | General | 100% | General Shareholder |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **President & CEO** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date _____9/4/2022_____    Signature _____
Leslie Klein

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LBR 1015-2
### UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at ___Los Angeles_____ , California.

Date: ___9/25/2022_____

/s/ Leslie Klein
**Leslie Klein**
Signature of Debtor 1

_____

Signature of Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2018*                     *Page 1*                     **F 1015-2.1.STMT.RELATED.CASES**

EXHIBIT E
125

Page 146 of 258

# STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LBR 1015-2
### UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)
**None**

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)
**None**

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)
**None**

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)
**None**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at ⎵LA⎵

Date: ⎵9/14/2022⎵ , California.

**Leslie Klein**
Signature of Debtor 1

Signature of Debtor 2

**Fill in this information to identify the case:**

Debtor name **Bay Area Development Co.**

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)  **2:22-bk-15031**

☐ Check if this is an
amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals     12/15

| Part 1: | Summary of Assets |
| --- | --- |

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from *Schedule A/B*.................................................................................................... $   **6,480,000.00**

    1b. **Total personal property:**
    Copy line 91A from *Schedule A/B*................................................................................................. $   **2,066,800.00**

    1c. **Total of all property:**
    Copy line 92 from *Schedule A/B*................................................................................................... $   **8,546,800.00**

| Part 2: | Summary of Liabilities |
| --- | --- |

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*...................... $   **2,303,866.49**

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................................ $   **0.00**

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*................................... +$   **1,500.00**

4. **Total liabilities** ...................................................................................................
   Lines 2 + 3a + 3b
    $   **2,305,366.49**

**Fill in this information to identify the case:**

Debtor name    **Bay Area Development Co.**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)    **2:22-bk-15031**

☐ Check if this is an amended filing

## Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property
**12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. Does the debtor have any cash or cash equivalents?

☐ No. Go to Part 2.
■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
| --- | --- | --- | --- |

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- | --- |
| 3.1. | **Bank of America** | **Business Checking** | 9406 | $300.00 |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.**
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.    **$300.00**

| Part 2: | Deposits and Prepayments |
| --- | --- |

6. Does the debtor have any deposits or prepayments?

■ No. Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
| --- | --- |

10. Does the debtor have any accounts receivable?

■ No. Go to Part 4.
☐ Yes Fill in the information below.

| Part 4: | Investments |
| --- | --- |

13. Does the debtor own any investments?

■ No. Go to Part 5.
☐ Yes Fill in the information below.

Official Form 206A/B                    Schedule A/B Assets - Real and Personal Property                    page 1

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

| Debtor | **Bay Area Development Co.** | Case number *(If known)* | **2:22-bk-15031** |
|---|---|---|---|
| | Name | | |

---

### Part 5: Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No. Go to Part 6.
☐ Yes Fill in the information below.

---

### Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No. Go to Part 7.
☐ Yes Fill in the information below.

---

### Part 7: Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No. Go to Part 8.
☐ Yes Fill in the information below.

---

### Part 8: Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No. Go to Part 9.
☐ Yes Fill in the information below.

---

### Part 9: Real property

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.
■ Yes Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1. **507 N. Mansfield Ave., Los Angeles, CA 90036** | **Fee Simple** | $0.00 | **Fair Market Valu** | $1,480,000.00 |
| 55.2. **14245 Ventura Blvd., Sherman Oaks, CA 91423** | **Fee Simple** | $0.00 | **Fair Market Valu** | $5,000,000.00 |

56. **Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
Copy the total to line 88.

$6,480,000.00

---

Official Form 206A/B      Schedule A/B Assets - Real and Personal Property      page 2

| Debtor | **Bay Area Development Co.** | | Case number *(If known)* | **2:22-bk-15031** |
|---|---|---|---|---|
| | Name | | | |

57.   **Is a depreciation schedule available for any of the property listed in Part 9?**
   ■ No
   ☐ Yes

58.   **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
   ■ No
   ☐ Yes

### Part 10:   Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

   ■ No.  Go to Part 11.
   ☐ Yes Fill in the information below.

### Part 11:   All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
   Include all interests in executory contracts and unexpired leases not previously reported on this form.

   ☐ No.  Go to Part 12.
   ■ Yes Fill in the information below.

| | | | **Current value of debtor's interest** |
|---|---|---|---|
| 71. | **Notes receivable**<br>Description (include name of obligor) | | |
| 72. | **Tax refunds and unused net operating losses (NOLs)**<br>Description (for example, federal, state, local) | | |
| 73. | **Interests in insurance policies or annuities** | | |
| 74. | **Causes of action against third parties (whether or not a lawsuit has been filed)**<br>**Claim for unpaid rent against tenants at 507 N. Mansfield Ave., Los Angeles, CA 90036** | | **$66,500.00** |
| | Nature of claim | Damages | |
| | Amount requested | $66,500.00 | |
| | **Claim against Mo Taxon for breach of contract, wrongful foreclosure and related claims** | | **$800,000.00** |
| | Nature of claim | Damages | |
| | Amount requested | $1,200,000.00 | |
| | **Claim against Jeffrey Siegel Trustee of the Scott Trust Agreement Dated December 24, 1992 for declaratory relief** | | **$400,000.00** |
| | Nature of claim | Declaratory Relief/Damages | |
| | Amount requested | $400,000.00 | |

| Debtor | **Bay Area Development Co.** | Case number *(If known)* **2:22-bk-15031** |
|---|---|---|
| | Name | |

| | |
|---|---|
| **Claim against PLM Loan Management Services, Inc. for wrongful foreclosure and related claims.**<br>**Real Property located at 419 North Highland Avenue,**<br>**Los Angeles, CA 90036**<br>**APN 5524-031-017**<br>**August 16, 2022** | **$800,000.00** |

| | |
|---|---|
| Nature of claim | **Damages** |
| Amount requested | **$1,200,000.00** |

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

78. **Total of Part 11.**

   Add lines 71 through 77. Copy the total to line 90.

   **$2,066,500.00**

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

   ■ No
   ☐ Yes

Debtor   **Bay Area Development Co.**                                      Case number *(If known)*  **2:22-bk-15031**
          Name

---

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $300.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*..............................................> | | $6,480,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $2,066,500.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $2,066,800.00 | + 91b. $6,480,000.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $8,546,800.00 |

---

**Fill in this information to identify the case:**

Debtor name   **Bay Area Development Co.**

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)   **2:22-bk-15031**

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

■ Yes. Fill in all of the information below.

### Part 1:   List Creditors Who Have Secured Claims

| 2. List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. | | Column A **Amount of claim** Do not deduct the value of collateral. | Column B **Value of collateral that supports this claim** |
|---|---|---|---|

| 2.1 | **Chase** | Describe debtor's property that is subject to a lien | $337,209.02 | $1,480,000.00 |
|---|---|---|---|---|

| | Creditor's Name | **507 N. Mansfield Ave., Los Angeles, CA 90036** | |
|---|---|---|---|

**700 Kansas Lane
LA4-6633
Monroe, LA 71203**

Creditor's mailing address

Describe the lien

**First priority mortgage**

**Is the creditor an insider or related party?**

■ No

Creditor's email address, if known

☐ Yes

**Is anyone else liable on this claim?**

**Date debt was incurred**

☐ No

■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☐ No

■ Yes. Specify each creditor, including this creditor and its relative priority.
**1. Chase
2. Scott Capital
Management Fund I, LL**

**As of the petition filing date, the claim is:**
Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

| 2.2 | **Scott Capital Management Fund I, LL** | Describe debtor's property that is subject to a lien | $866,657.47 | $1,480,000.00 |
|---|---|---|---|---|

Creditor's Name

**6929 North Hayden Road, Suite C4
Scottsdale, AZ 85250**

Creditor's mailing address

**507 N. Mansfield Ave., Los Angeles, CA 90036**

Describe the lien

**Second Priority Mortgage**

**Is the creditor an insider or related party?**

■ No

Creditor's email address, if known

☐ Yes

**Is anyone else liable on this claim?**

**Date debt was incurred**

☐ No

■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

| Debtor | **Bay Area Development Co.** | | Case number (if known) | **2:22-bk-15031** |
|---|---|---|---|---|
| | Name | | | |

| Do multiple creditors have an interest in the same property? | As of the petition filing date, the claim is: Check all that apply | | |
|---|---|---|---|
| ☐ No | ☐ Contingent | | |
| ■ Yes. Specify each creditor, including this creditor and its relative priority. **Specified on line 2.1** | ☐ Unliquidated ☐ Disputed | | |

| 2.3 | **Velocity Mortgage Capital** | Describe debtor's property that is subject to a lien **14245 Ventura Blvd., Sherman Oaks, CA 91423** | **$1,100,000.00** | **$5,000,000.00** |
|---|---|---|---|---|
| | Creditor's Name | | | |
| | **30699 Russell Ranch Rd., Ste 295 Westlake Village, CA 91362** | | | |
| | Creditor's mailing address | **Describe the lien** **First Priority Mortgage** | | |
| | | **Is the creditor an insider or related party?** | | |
| | | ■ No | | |
| | Creditor's email address, if known | ☐ Yes | | |
| | | **Is anyone else liable on this claim?** | | |
| | **Date debt was incurred** | ☐ No | | |
| | | ■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) | | |
| | **Last 4 digits of account number** | | | |

| Do multiple creditors have an interest in the same property? | As of the petition filing date, the claim is: Check all that apply |
|---|---|
| ■ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated ☐ Disputed |

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.

**$2,303,866.49**

**Part 2:   List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **Total Lender Solutions, Inc. 10505 Sorrento Valley Road Suite 125 San Diego, CA 92121** | Line **2.2** | |

**Fill in this information to identify the case:**

Debtor name   **Bay Area Development Co.**

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)   **2:22-bk-15031**

☐ Check if this is an
amended filing

## Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims     12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in claims. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:   List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ■ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors
   with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  |  | Total claim | Priority amount |
|---|---|---|---|---|

| 2.1 | Priority creditor's name and mailing address<br>**Franchise Tax Board<br>Bankruptcy Section, MS: A-340<br>P.O. Box 2952<br>Sacramento, CA 95812-2952** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$0.00** | **$0.00** |
|  | Date or dates debt was incurred | Basis for the claim:<br>**NOTICE ONLY** |  |  |
|  | Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (8) | Is the claim subject to offset?<br>■ No<br>☐ Yes |  |  |

| 2.2 | Priority creditor's name and mailing address<br>**Internal Revenue Service<br>P.O. Box 21126<br>Philadelphia, PA 19114** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$0.00** | **$0.00** |
|  | Date or dates debt was incurred | Basis for the claim:<br>**NOTICE ONLY** |  |  |
|  | Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (8) | Is the claim subject to offset?<br>■ No<br>☐ Yes |  |  |

### Part 2:   List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
   out and attach the Additional Page of Part 2.

                                          **Amount of claim**

| Debtor | **Bay Area Development Co.** | Case number (if known) | **2:22-bk-15031** |
|---|---|---|---|
| | Name | | |

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$1,500.00** |
|---|---|---|---|

**Department of Water and Power**
**6767 Spring Rd**
**Moorpark, CA 93021**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim:  __Utilities__

Is the claim subject to offset?  ■ No  ☐ Yes

---

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ | 0.00 |
| **5b. Total claims from Part 2** | 5b. + | $ | 1,500.00 |
| **5c. Total of Parts 1 and 2** Lines 5a + 5b = 5c. | 5c. | $ | 1,500.00 |

**Fill in this information to identify the case:**

Debtor name    **Bay Area Development Co.**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)    **2:22-bk-15031**

☐ Check if this is an amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**

   ■ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal    Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.1   State what the contract or lease is for and the nature of the debtor's interest | |
|    State the term remaining | |
|    List the contract number of any government contract | |
| 2.2   State what the contract or lease is for and the nature of the debtor's interest | |
|    State the term remaining | |
|    List the contract number of any government contract | |
| 2.3   State what the contract or lease is for and the nature of the debtor's interest | |
|    State the term remaining | |
|    List the contract number of any government contract | |
| 2.4   State what the contract or lease is for and the nature of the debtor's interest | |
|    State the term remaining | |
|    List the contract number of any government contract | |

**Fill in this information to identify the case:**

Debtor name   **Bay Area Development Co.**

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)   **2:22-bk-15031**

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

#### 1. Do you have any codebtors?

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | Name | Mailing Address | Name | Check all schedules that apply: |
| 2.1 | **Leslie Klein** | **14245 Ventura Blvd Sherman Oaks, CA 91423**<br><br>**Mr. Klein may be a co-debtor** | **Chase** | ■ D  **2.1**<br>☐ E/F _____<br>☐ G _____ |
| 2.2 | **Leslie Klein** | **14245 Ventura Blvd Sherman Oaks, CA 91423**<br><br>**Mr. Klein may be a co-debtor** | **Scott Capital Management Fund I, LL** | ■ D  **2.2**<br>☐ E/F _____<br>☐ G _____ |
| 2.3 | **Leslie Klein** | **14245 Ventura Blvd Sherman Oaks, CA 91423**<br><br>**Mr. Klein may be a co-debtor** | **Velocity Mortgage Capital** | ■ D  **2.3**<br>☐ E/F _____<br>☐ G _____ |

Case 2:22-bk-15031-SK    Doc 79    Filed 09/28/23    Entered 09/28/23 10:55:54    Desc
Exhibit Exhibit E Pt 2    Page 50 of 111

---

**Fill in this information to identify the case:**

Debtor name    **Bay Area Development Co.**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)    **2:22-bk-15031**

☐ Check if this is an amended filing

---

## Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

---

**Part 1:    Income**

1.  **Gross revenue from business**

    ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From  **1/01/2022** to **Filing Date** | ■ Operating a business<br>☐ Other _____ | **$9,000.00** |
| **For prior year:**<br>From  **1/01/2021** to **12/31/2021** | ■ Operating a business<br>☐ Other _____ | **$19,000.00** |
| **For year before that:**<br>From  **1/01/2020** to **12/31/2020** | ■ Operating a business<br>☐ Other _____ | **$54,000.00** |

2.  **Non-business revenue**
    Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

    ■ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|

---

**Part 2:    List Certain Transfers Made Before Filing for Bankruptcy**

3.  **Certain payments or transfers to creditors within 90 days before filing this case**
    List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

    ☐ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|

---

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor **Bay Area Development Co.**                                    Case number *(if known)* **2:22-bk-15031**

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.1. **Velocity Mortgage Capital**<br>**30699 Russell Ranch Rd., Ste 295**<br>**Westlake Village, CA 91362** | **July 2022** | **$23,670.00** | ■ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.2. **Velocity Mortgage Capital**<br>**30699 Russell Ranch Rd., Ste 295**<br>**Westlake Village, CA 91362** | **August 2022** | **$23,670.00** | ■ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☐ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|
| **PLM Loan Management Services, Inc.**<br>**5446 Thornwood Drive,**<br>**2nd Floor**<br>**San Jose, CA 95123** | **419 North Highland Avenue**<br>**Los Angeles, CA 90036**<br>**APN 5524-031-017** | **August 16, 2022** | **$930,000.00** |

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None.

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:    Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

Official Form 207                Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy                page **2**

Debtor **Bay Area Development Co.**                                   Case number *(if known)* **2:22-bk-15031**

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | **Bay Area Development Co. v Taxon, et al.**<br>**22STCV27567** | **Breach of Contract** | **Stanley Mosk Courthouse**<br>**111 N. Hill Street**<br>**Los Angeles, CA 90012** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2. | **Leslie Klein, as Trustee of Rosalia Feldman Irrevocable Life Insurance Trust, et al. v. Jeffrey Siegel, Trustee of the Scott Trust Agreement Dated December 24, 1992**<br>**19STCV02962** | **Declaratory Relief and Damages** | **Stanley Mosk Courthouse**<br>**111 N. Hill Street**<br>**Los Angeles, CA 90012** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

**8. Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

---

**Part 4:**   **Certain Gifts and Charitable Contributions**

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

---

**Part 5:**   **Certain Losses**

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|

---

**Part 6:**   **Certain Payments or Transfers**

**11. Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

---

Debtor   **Bay Area Development Co.**                          Case number *(if known)* **2:22-bk-15031**

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Haberbush, LLP**<br>**444 West Ocean Blvd.**<br>**Suite 1400**<br>**Long Beach, CA 90802** | | **September 14, 2022** | **$15,000.00** |
| | Email or website address<br><br>Who made the payment, if not debtor?<br>**Leslie Klein (through Big Boyz Legal, LLC), on behalf of Debtor** | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

| **Part 7:** | **Previous Locations** |
|---|---|

14. **Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

| **Part 8:** | **Health Care Bankruptcies** |
|---|---|

15. **Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

| **Part 9:** | **Personally Identifiable Information** |
|---|---|

Debtor    **Bay Area Development Co.**                              Case number *(if known)*  **2:22-bk-15031**

---

16. **Does the debtor collect and retain personally identifiable information of customers?**

    ■  No.
    ☐  Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

    ■  No. Go to Part 10.
    ☐  Yes. Does the debtor serve as plan administrator?

---

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**
    Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
    Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

    ■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
    List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

    ■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

20. **Off-premises storage**
    List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

    ■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

---

**Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
    List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

    ■ None

---

**Part 12:    Details About Environment Information**

For the purpose of Part 12, the following definitions apply:
    *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

    *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

    *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

Official Form 207                **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**                              page **5**

Debtor  **Bay Area Development Co.**                                    Case number *(if known)*  **2:22-bk-15031**

---

Report all notices, releases, and proceedings known, regardless of when they occurred.

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

■ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

### Part 13:  Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

■ None

| Name and address | Date of service From-To |
|---|---|

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.  **Leslie Klein**<br>**14245 Ventura Blvd**<br>**Sherman Oaks, CA 91423** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

---

Debtor **Bay Area Development Co.**                                      Case number *(if known)* **2:22-bk-15031**

■ None

**Name and address**

27. **Inventories**
   Have any inventories of the debtor's property been taken within 2 years before filing this case?

   ■ No
   ☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Leslie Klein | 14245 Ventura Blvd Sherman Oaks, CA 91423 | Sole owner, President, CEO, Secretary | 100 |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

   ■ No
   ☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
   Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

   ☐ No
   ■ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 **To be provided.** | | | |

|  Relationship to debtor |
|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

   ■ No
   ☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

   ■ No
   ☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

Debtor    **Bay Area Development Co.**                              Case number *(if known)*  **2:22-bk-15031**

---

**Part 14:**   **Signature and Declaration**

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   9/25/2022

/s/ Leslie Klein                                          **Leslie Klein**
Signature of individual signing on behalf of the debtor       Printed name

Position or relationship to debtor   **President & CEO**

**Are additional pages to** *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* **(Official Form 207) attached?**
■ No
☐ Yes

Debtor **Bay Area Development Co.**

Case number (if known) **2:22-bk-15031**

## Part 14: Signature and Declaration

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____9/x/2022_____

_____
Signature of individual signing on behalf of the debtor

**Leslie Klein**
Printed name

Position or relationship to debtor **President & CEO**

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
■ No
☐ Yes

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Central District of California

In re   **Bay Area Development Co.**                                      Case No.   **2:22-bk-15031**
                                          Debtor(s)                      Chapter    **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | | |
   |---|---|---|
   | For legal services, I have agreed to accept | $ | 15,000.00 |
   | Prior to the filing of this statement I have received | $ | 15,000.00 |
   | Balance Due | $ | 0.00 |

2. $ **1,738.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ☑ Debtor   ☐ Other (specify):   **On or about September 14, 2022, Haberbush, LLP received a payment of $15,000 from Debtor via Big Boyz Legal, LLC, from Leslie Klein's personal funds from that trust account. Klein is an attorney, partner & sole owner of Big Boyz Legal, LLC as well as sole officer director & shareholder of Debtor.**

4. The source of compensation to be paid to me is:

   ☑ Debtor   ☐ Other (specify):

5. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
   e. [Other provisions as needed]

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

9/28/2022
_Date_

**Vanessa M. Haberbush 287044**
_Signature of Attorney_
**Haberbush, LLP**
**444 West Ocean Boulevard**
**Suite 1400**
**Long Beach, CA 90802**
**(562) 435-3456   Fax: (562) 435-6335**
_Name of law firm_

---

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Vanessa M. Haberbush 287044**<br>**444 West Ocean Boulevard**<br>**Suite 1400**<br>**Long Beach, CA 90802**<br>**(562) 435-3456 Fax: (562) 435-6335**<br>California State Bar Number: **287044 CA** | |

☐  *Debtor(s) appearing without an attorney*

■  *Attorney for Debtor*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>**Bay Area Development Co.** | CASE NO.: **2:22-bk-15031**<br>CHAPTER: **11** |
|---|---|
| | **VERIFICATION OF MASTER<br>MAILING LIST OF CREDITORS**<br><br>**[LBR 1007-1(a)]** |
| Debtor(s). | |

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of __1__ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: _____9/27/2022_____

/s/ Leslie Klein
_____
Signature of Debtor 1

Date: _____

_____
Signature of Debtor 2 (joint debtor) ) (if applicable)

Date: _____

_____
Signature of Attorney for Debtor (if applicable)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                    **F 1007-1.MAILING.LIST.VERIFICATION**

EXHIBIT E
149                                    Page 170 of 258

☐ Debtor(s) appearing without an attorney
■ Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

**Bay Area Development Co.**

CASE NO.: 2:22-bk-15031
CHAPTER: 11

## VERIFICATION OF MASTER
## MAILING LIST OF CREDITORS

**[LBR 1007-1(a)]**

Debtor(s).

...ant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perju...
...r mailing list of creditors filed in this bankruptcy case, consisting of __1__ sheet(s) is complete, correct, a...
...ent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

9/23/2022

Signature of Debtor 1

Signature of Debtor 2 (joint debtor) ) (if ap...

Signature of Attorney for Debtor (if applica...

...s form is optional. It has been approved for use i...

| Attorney or Party Name, Address, Telephone & FAX Nos., and State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Vanessa M. Haberbush 287044**<br>**444 West Ocean Boulevard**<br>**Suite 1400**<br>**Long Beach, CA 90802**<br>**(562) 435-3456 Fax: (562) 435-6335**<br>California State Bar Number: **287044 CA** | |

☑ *Attorney for:*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br>**Bay Area Development Co.**<br><br>Debtor(s),<br><br>Plaintiff(s),<br><br><br><br><br><br>Defendant(s). | CASE NO.: **2:22-bk-15031**<br>ADVERSARY NO.:<br>CHAPTER: **11**<br><br>**CORPORATE OWNERSHIP STATEMENT**<br>**PURSUANT TO  FRBP 1007(a)(1)**<br>**and 7007.1, and LBR 1007-4**<br><br>[No hearing] |
|---|---|

*Pursuant to FRBP 1007(a)(1) and 7007.1, and LBR 1007-4, any corporation, other than a governmental unit, that is a debtor in a voluntary case or a party to an adversary proceeding or a contested matter shall file this Statement identifying all its parent corporations and listing any publicly held company, other than a governmental unit, that directly or indirectly own 10% or more of any class of the corporation's equity interest, or state that there are no entities to report. This Corporate Ownership Statement must be filed with the initial pleading filed by a corporate entity in a case or adversary proceeding. A supplemental statement must promptly be filed upon any change in circumstances that renders this Corporate Ownership Statement inaccurate.*

I, __Leslie Klein_____ , the undersigned in the above-captioned case, hereby declare
      *(Print Name of Attorney or Declarant)*

under penalty of perjury under the laws of the United States of America that the following is true and correct:

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                                            **F 1007-4.CORP.OWNERSHIP.STMT**

EXHIBIT E
151

Page 172 of 258

**[Check the appropriate boxes and, if applicable, provide the required information.]**

1.        I have personal knowledge of the matters set forth in this Statement because:

           ☑ I am the president or other officer or an authorized agent of the Debtor corporation

           ☐ I am a party to an adversary proceeding

           ☐ I am a party to a contested matter

           ☐ I am the attorney for the Debtor corporation

2.a.    ☐ The following entities, other than the debtor or a governmental unit, directly or indirectly own 10% or more of any class of the corporation's(s') equity interests:

           *[For additional names, attach an addendum to this form.]*

  b.    ☑ There are no entities that directly or indirectly own 10% or more of any class of the corporation's equity interest.

---

9/25/2022

Date

By:  /s/ Leslie Klein

Signature of Debtor, or attorney for Debtor

Name:  **Leslie Klein, President of Debtor**

Printed name of Debtor, or attorney for Debtor

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                **F 1007-4.CORP.OWNERSHIP.STMT**

EXHIBIT E                    Page 173 of 258
152

[Check the appropriate boxes and, if applicable, provide the required information.]

1.    I have personal knowledge of the matters set forth in this Statement because:
  ☑ I am the president or other officer or an authorized agent of the Debtor corporation
  ☐ I am a party to an adversary proceeding
  ☐ I am a party to a contested matter
  ☐ I am the attorney for the Debtor corporation

2.a. ☐ The following entities, other than the debtor or a governmental unit, directly or indirectly own 10% or more of any class of the corporation's(s') equity interests:
  [For additional names, attach an addendum to this form.]

b.  ☑ There are no entities that directly or indirectly own 10% or more of any class of the corporation's equity interest.

Date    9/21/2022

By: _____
    Signature of Debtor, or attorney for Debtor

Name:   **Leslie Klein, President of Debtor**
        _____
        Printed name of Debtor, or attorney for
        Debtor

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| HABERBUSH, LLP<br>DAVID R. HABERBUSH, ESQ., SBN 107190<br>VANESSA M. HABERBUSH, ESQ., SBN 287044<br>444 West Ocean Boulevard, Suite 1400<br>Long Beach, CA 90802<br>Telephone: (562) 435-3456<br>Facsimile: (562) 435-6335<br>Email: vhaberbush@lbinsolvency.com<br><br><br>☐ Individual appearing without attorney<br>☒ Attorney for Debtor | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br>BAY AREA DEVELOPMENT CO., | CASE NO.: 2:22-bk-15031-SK<br>CHAPTER: 11 |
|---|---|
| <br><br>Debtor(s) | **SUMMARY OF AMENDED SCHEDULES, MASTER MAILING LIST, AND/OR STATEMENTS**<br>**[LBR 1007-1(c)]** |

A filing fee is required to amend Schedules D or E/F (see <u>Abbreviated Fee Schedule</u> on the Court's website www.cacb.uscourts.gov). A supplemental master mailing list (do not repeat any creditors on the original) is required as an attachment if creditors are being added to the Schedule D or E/F.
Are one or more creditors being added? ☐ Yes ☒ No

The following schedules, master mailing list or statements (check all that apply) are being amended:

☒ Schedule A/B   ☐ Schedule C   ☒ Schedule D   ☐ Schedule E/F   ☐ Schedule G

☐ Schedule H   ☐ Schedule I   ☐ Schedule J   ☐ Schedule J-2   ☒ Statement of Financial Affairs

☐ Statement About Your Social Security Numbers   ☐ Statement of Intention   ☐ Master Mailing List

☐ Other (specify) _____

I/we declare under penalty of perjury under the laws of the United States that the amended schedules, master mailing list, and or statements are true and correct.

Date: 10/18/2022

_____
Debtor 1 Signature

_____
Debtor 2 (Joint Debtor) Signature (if applicable)

**NOTE:** It is the responsibility of the Debtor, or the Debtor's attorney, to serve copies of all amendments on all creditors listed in this Summary of Amended Schedules, Master Mailing List, and/or Statements, and to complete and file the attached Proof of Service of Document.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

## United States Bankruptcy Court
### Central District of California

In re  **Bay Area Development Co.**                  Case No.    **2:22-bk-15031-SK**

                                Debtor(s)          Chapter    **11**

## AMENDMENT COVER SHEET

Amendment(s) to the following petition, list(s), schedule(s) or statement(s) are transmitted herewith:

**Schedule A/B**

**The following changes have been made to schedule A:**

1.    For entry 55.2, 1425 Ventura Blvd, the Nature and extent of debtor's interest in property has been changed from "Fee Simple" to "See attachment 55.2." Also, the current value of debtor's interest has been changed from "$5,000,000.00" to "$2,500,000.00."

2.    For entry 74.3, Claim against Jeffrey Siegel Trustee, the amount requested and current value of debtor's interest have both been changed from "$400,000.00" to "$0.00"

3.    Attachment 55.2 has been added to the end of schedule A/B.

**Schedule D**

**The following change has been made to schedule D:**

1.    For Velocity Mortgage Capital, the description of debtor's property that is subject to a lien has been changed to include the statement "See attachment 2.3" at the end of the address. Also, the amount of the claim has been changed from "$1,100,000.00" to "$2,200,000.00."

2.    Attachment 2.3 has been added at the end of Schedule D.

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**The following has been removed from the Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy:**

1.    Entry 30.1 has been removed.

## NOTICE OF AMENDMENT(S) TO AFFECTED PARTIES

Pursuant to Federal Rule of Bankruptcy Procedure 1009(a), I certify that notice of the filing of the amendment(s) listed above has been given this date to any and all entities affected by the amendment as follows:

Date:    10/18/2022

**Vanessa M. Haberbush 287044**
Attorney for Debtor(s)
**Haberbush, LLP**
**444 West Ocean Boulevard**
**Suite 1400**
**Long Beach, CA 90802**
**(562) 435-3456 Fax:(562) 435-6335**

Fill in this information to identify the case:

Debtor name **Bay Area Development Co.**

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number (if known) **2:22-bk-15031**

☐ Check if this is an amended filing

## Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property
12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1: Cash and cash equivalents

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|

**3.** **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | **Bank of America** | **Business Checking** | 9406 | $300.00 |

**4.** **Other cash equivalents** *(Identify all)*

**5.** **Total of Part 1.**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

$300.00

### Part 2: Deposits and Prepayments

**6. Does the debtor have any deposits or prepayments?**

■ No. Go to Part 3.
☐ Yes Fill in the information below.

### Part 3: Accounts receivable

**10. Does the debtor have any accounts receivable?**

■ No. Go to Part 4.
☐ Yes Fill in the information below.

### Part 4: Investments

**13. Does the debtor own any investments?**

■ No. Go to Part 5.

Official Form 206A/B                    Schedule A/B Assets - Real and Personal Property                    page 1

Debtor **Bay Area Development Co.**        Case number *(If known)* **2:22-bk-15031**
Name

☐ Yes Fill in the information below.

---

**Part 5:**    Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.
☐ Yes Fill in the information below.

---

**Part 6:**    Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☐ No. Go to Part 7.
☐ Yes Fill in the information below.

---

**Part 7:**    Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.
☐ Yes Fill in the information below.

---

**Part 8:**    Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.
☐ Yes Fill in the information below.

---

**Part 9:**    Real property

54. **Does the debtor own or lease any real property?**

☐ No. Go to Part 10.
☐ Yes Fill in the information below.

55.    **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1. **507 N. Mansfield Ave., Los Angeles, CA 90036** | Fee Simple | $0.00 | Fair Market Valu | $1,480,000.00 |
| 55.2. **14245 Ventura Blvd., Sherman Oaks, CA 91423** | See attachment 55.2 | $0.00 | Fair Market Valu | $2,500,000.00 |

56.    **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

             **$3,980,000.00**

Official Form 206A/B       Schedule A/B Assets - Real and Personal Property       page 2

| Debtor | **Bay Area Development Co.** | Case number *(if known)* **2:22-bk-15031** |
|---|---|---|
| | Name | |

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

■ No
☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

■ No
☐ Yes

### Part 10:  Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

■ No.  Go to Part 11.
☐ Yes Fill in the information below.

### Part 11:  All other assets

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
■ Yes Fill in the information below.

|  |  | Current value of debtor's interest |
|---|---|---|
| 71. | **Notes receivable**<br>Description (include name of obligor) | |
| 72. | **Tax refunds and unused net operating losses (NOLs)**<br>Description (for example, federal, state, local) | |
| 73. | **Interests in insurance policies or annuities** | |
| 74. | **Causes of action against third parties (whether or not a lawsuit has been filed)**<br>**Claim for unpaid rent against tenants at 507 N. Mansfield Ave., Los Angeles, CA 90036** | **$66,500.00** |
| | Nature of claim                Damages | |
| | Amount requested                        $66,500.00 | |
| | **Claim against Mo Taxon for breach of contract, wrongful foreclosure and related claims** | **$800,000.00** |
| | Nature of claim                Damages | |
| | Amount requested                        $1,200,000.00 | |
| | **Claim against Jeffrey Siegel Trustee of the Scott Trust Agreement Dated December 24, 1992 for declaratory relief** | **$0.00** |
| | Nature of claim                Declaratory Relief/Damages | |
| | Amount requested                        $0.00 | |

| Debtor | **Bay Area Development Co.** | Case number *(If known)* **2:22-bk-15031** |
|---|---|---|

Name

| | | |
|---|---|---|
| **Claim against PLM Loan Management Services, Inc. for wrongful foreclosure and related claims.** **Real Property located at 419 North Highland Avenue,** **Los Angeles, CA 90036** **APN 5524-031-017** **August 16, 2022** | | **$800,000.00** |
| **Nature of claim** | **Damages** | |
| **Amount requested** | **$1,200,000.00** | |

---

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

78. **Total of Part 11.**

    Add lines 71 through 77. Copy the total to line 90.

    | **$1,666,500.00** |
    |---|

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

    ■ No
    ☐ Yes

---

Official Form 206A/B        Schedule A/B Assets - Real and Personal Property        page 4

| Debtor | **Bay Area Development Co.** | Case number *(If known)* **2:22-bk-15031** |
| --- | --- | --- |
| | Name | |

**Part 12:** **Summary**

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
| --- | --- | --- |
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | **$300.00** | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*...............................................> | | **$3,980,000.00** |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + **$1,666,500.00** | |
| 91. **Total.** Add lines 80 through 90 for each column | **$1,666,800.00** + 91b. | **$3,980,000.00** |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | **$5,646,800.00** |

### Attachment 55.2

Debtor estimates that the total value of the Ventura Property is approximately $5,000,000. While it appears that title to the Ventura Property is only in the name of Debtor, Debtor's intention is that it and its principal, Leslie Klein, each own 50% of the Ventura Property. Mr. Klein asserts an equitable interest in 50% of the Ventura Property; Mr. Klein personally paid the down payment for the Ventura Property and has personally paid the expenses related to the Ventura Property, as discussed below. Therefore, Debtor has scheduled the asset as the Debtor having an a interest valued at $2,500,000. Based on their 50% ownership of the Ventura Property, the agreement between the parties is that Mr. Klein and Debtor will each pay 50% of the expenses related to the Ventura Property and each receive 50% of the proceeds generated from the Ventura Property. However, due to the COVID-19 pandemic and other factors, Debtor has been unable to afford to pay its 50% of all of the expenses related to the Ventura Property, so Mr. Klein has been paying them personally.

**Fill in this information to identify the case:**

Debtor name    **Bay Area Development Co.**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)    **2:22-bk-15031**

☑ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

| 2. **List in alphabetical order all creditors** who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. | | Column A <br> **Amount of claim** <br><br> Do not deduct the value of collateral. | Column B <br> **Value of collateral that supports this claim** |
|---|---|---|---|
| **2.1  Chase** <br> Creditor's Name <br> **700 Kansas Lane** <br> **LA4-6633** <br> **Monroe, LA 71203** <br> Creditor's mailing address <br><br><br> Creditor's email address, if known <br><br> Date debt was incurred <br><br> Last 4 digits of account number | Describe debtor's property that is subject to a lien <br> **507 N. Mansfield Ave.,** <br> **Los Angeles, CA 90036** <br><br> Describe the lien <br> **First priority mortgage** <br> Is the creditor an insider or related party? <br> ☑ No <br> ☐ Yes <br> Is anyone else liable on this claim? <br> ☐ No <br> ☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) | **$337,209.02** | **$1,480,000.00** |
| Do multiple creditors have an interest in the same property? <br> ☐ No <br> ☑ Yes. Specify each creditor, including this creditor and its relative priority. <br> **1. Chase** <br> **2. Scott Capital** <br> **Management Fund I, LL** | As of the petition filing date, the claim is: <br> Check all that apply <br> ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed | | |
| **2.2  Scott Capital Management Fund I, LL** <br> Creditor's Name <br> **6929 North Hayden Road,** <br> **Suite C4** <br> **Scottsdale, AZ 85250** <br> Creditor's mailing address <br><br><br> Creditor's email address, if known <br><br> Date debt was incurred <br><br> Last 4 digits of account number | Describe debtor's property that is subject to a lien <br> **507 N. Mansfield Ave.,** <br> **Los Angeles, CA 90036** <br><br> Describe the lien <br> **Second Priority Mortgage** <br> Is the creditor an insider or related party? <br> ☑ No <br> ☐ Yes <br> Is anyone else liable on this claim? <br> ☐ No <br> ☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) | **$866,657.47** | **$1,480,000.00** |
| Do multiple creditors have an interest in the same property? | As of the petition filing date, the claim is: <br> Check all that apply | | |

Official Form 206D                    Schedule D: Creditors Who Have Claims Secured by Property                    page 1 of 2

| Debtor | **Bay Area Development Co.** | | Case number (if known) | **2:22-bk-15031** |
|---|---|---|---|---|
| | Name | | | |

- [ ] No
- [✔] Yes. Specify each creditor, including this creditor and its relative priority.
  **Specified on line 2.1**

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

---

| 2.3 | **Velocity Mortgage Capital** | | |
|---|---|---|---|

Creditor's Name

**30699 Russell Ranch Rd., Ste 295**
**Westlake Village, CA 91362**

Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**

**Last 4 digits of account number**

**Describe debtor's property that is subject to a lien**
**14245 Ventura Blvd.,**
**Sherman Oaks, CA 91423**
**See Attachment 2.3**

**Describe the lien**
**First Priority Mortgage**
**Is the creditor an insider or related party?**
- [✔] No
- [ ] Yes

**Is anyone else liable on this claim?**
- [ ] No
- [✔] Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

$2,200,000.00    $5,000,000.00

**Do multiple creditors have an interest in the same property?**
- [✔] No
- [ ] Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

---

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.

$3,403,866.49

---

**Part 2:   List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **Total Lender Solutions, Inc.**<br>**10505 Sorrento Valley Road**<br>**Suite 125**<br>**San Diego, CA 92121** | Line **2.2** | |

---

Official Form 206D          Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**          page 2 of 2

## Attachment 2.3

While it appears that title to the Ventura Property is only in the name of Debtor, Debtor's intention is that it and its principal, Leslie Klein, each own 50% of the Ventura Property. As discussed in the Schedule A/B, Mr. Klein asserts an equitable interest in 50% of the Ventura Property. Based on their 50% ownership of the Ventura Property, the agreement between the parties is that Mr. Klein and Debtor will each pay 50% of the expenses related to the Ventura Property and each receive 50% of the proceeds generated from the Ventura Property. Consequently, pursuant to the agreement between Debtor and Mr. Klein, Debtor is required to pay $1,100,000 of the claim. However, Debtor believes that it may be liable for the entirety of the claim, regardless of the agreement between Debtor and Mr. Klein. Therefore, Debtor has scheduled this claim as $2,200,000. Debtor also believes that, because the debt is secured by the real property, the entirety of the value of the real property secures this debt (valued at $5,000,000) and therefore, while Debtor believes its interest is only valued at $2,500,000, the value of the creditor's security is $5,000,000.

**Fill in this information to identify the case:**

Debtor name    **Bay Area Development Co.**

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)   **2:22-bk-15031**

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

Part 1:    Income

1. **Gross revenue from business**

   ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:** From **1/01/2022** to **Filing Date** | ■ Operating a business<br>☐ Other | $9,000.00 |
| **For prior year:** From **1/01/2021** to **12/31/2021** | ■ Operating a business<br>☐ Other | $19,000.00 |
| **For year before that:** From **1/01/2020** to **12/31/2020** | ■ Operating a business<br>☐ Other | $54,000.00 |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

| | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|

Part 2:    List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☐ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|

Debtor **Bay Area Development Co.**       Case number *(if known)* **2:22-bk-15031**

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.1. **Velocity Mortgage Capital** <br> **30699 Russell Ranch Rd., Ste 295** <br> **Westlake Village, CA 91362** | **July 2022** | **$23,670.00** | ■ Secured debt <br> ☐ Unsecured loan repayments <br> ☐ Suppliers or vendors <br> ☐ Services <br> ☐ Other___ |
| 3.2. **Velocity Mortgage Capital** <br> **30699 Russell Ranch Rd., Ste 295** <br> **Westlake Village, CA 91362** | **August 2022** | **$23,670.00** | ■ Secured debt <br> ☐ Unsecured loan repayments <br> ☐ Suppliers or vendors <br> ☐ Services <br> ☐ Other___ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ■ None.

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ☐ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|
| **PLM Loan Management Services, Inc.** <br> **5446 Thornwood Drive, 2nd Floor** <br> **San Jose, CA 95123** | **419 North Highland Avenue** <br> **Los Angeles, CA 90036** <br> **APN 5524-031-017** | **August 16, 2022** | **$930,000.00** |

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ■ None.

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:**    **Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

   ☐ None.

| Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

Official Form 207      **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**      page **2**

Debtor   **Bay Area Development Co.**                    Case number *(if known)* **2:22-bk-15031**

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | **Bay Area Development Co. v Taxon, et al.**<br>**22STCV27567** | **Breach of Contract** | **Stanley Mosk Courthouse**<br>**111 N. Hill Street**<br>**Los Angeles, CA 90012** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2. | **Leslie Klein, as Trustee of Rosalia Feldman Irrevocable Life Insurance Trust, et al. v. Jeffrey Siegel, Trustee of the Scott Trust Agreement Dated December 24, 1992**<br>**19STCV02962** | **Declaratory Relief and Damages** | **Stanley Mosk Courthouse**<br>**111 N. Hill Street**<br>**Los Angeles, CA 90012** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

**8. Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

---

**Part 4:    Certain Gifts and Charitable Contributions**

**9.  List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:    Certain Losses**

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|

**Part 6:    Certain Payments or Transfers**

**11. Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

---

Debtor    **Bay Area Development Co.**                                    Case number *(if known)* **2:22-bk-15031**

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Haberbush, LLP**<br>**444 West Ocean Blvd.**<br>**Suite 1400**<br>**Long Beach, CA 90802** | | **September 14, 2022** | **$15,000.00** |
| | Email or website address | | | |
| | Who made the payment, if not debtor?<br>**Leslie Klein (through Big Boyz Legal, LLC), on behalf of Debtor** | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
   List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
   Do not include transfers already listed on this statement.

   ■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
   List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

   ■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:**    **Previous Locations**

14. **Previous addresses**
   List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

   ■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

**Part 8:**    **Health Care Bankruptcies**

15. **Health Care bankruptcies**
   Is the debtor primarily engaged in offering services and facilities for:
   - diagnosing or treating injury, deformity, or disease, or
   - providing any surgical, psychiatric, drug treatment, or obstetric care?

   ■ No. Go to Part 9.
   ☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

**Part 9:**    **Personally Identifiable Information**

Official Form 207                    **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**                    page **4**

Debtor **Bay Area Development Co.**        Case number *(if known)* **2:22-bk-15031**

---

16. **Does the debtor collect and retain personally identifiable information of customers?**

    ☑ No.
    ☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

    ☑ No. Go to Part 10.
    ☐ Yes. Does the debtor serve as plan administrator?

---

### Part 10:  Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

18. **Closed financial accounts**
    Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
    Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

    ☑ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
    List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

    ☑ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

20. **Off-premises storage**
    List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

    ☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

---

### Part 11:  Property the Debtor Holds or Controls That the Debtor Does Not Own

21. **Property held for another**
    List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

    ☑ None

---

### Part 12:  Details About Environment Information

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

Official Form 207      **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**      page **5**

Debtor   **Bay Area Development Co.**                                          Case number *(if known)*   **2:22-bk-15031**

Report all notices, releases, and proceedings known, regardless of when they occurred.

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

■ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:   Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
    List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|

26. **Books, records, and financial statements**
    26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
    ■ None

| Name and address | Date of service From-To |
|---|---|

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.   **Leslie Klein** **14245 Ventura Blvd** **Sherman Oaks, CA 91423** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

Debtor    **Bay Area Development Co.**                                      Case number *(if known)*  **2:22-bk-15031**

---

■ None

**Name and address**

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
□ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Leslie Klein** | **14245 Ventura Blvd Sherman Oaks, CA 91423** | **Sole owner, President, CEO, Secretary** | **100** |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

■ No
□ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

■ No
□ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

■ No
□ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
□ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

Debtor   **Bay Area Development Co.**                                     Case number *(if known)*  **2:22-bk-15031**

---

**Part 14:   Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   10/18/2022

_____          **Leslie Klein**
Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor   **President & CEO**

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
☒ No
☐ Yes

Official Form 207               Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy               page 8

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
444 West Ocean Boulevard, Suite 1400, Long Beach, CA 90802

A true and correct copy of the foregoing document entitled (*specify*): **AMENDED SCHEDULE A; AMENDED SCHEDULE D; AMENDED STATEMENT OF FINANCIAL AFFAIRS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 18, 2022,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **David R Haberbush**   dhaberbush@lbinsolvency.com, ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,vh aberbush@lbinsolvency.com,haberbush.assistant@gmail.com, jborin@lbinsolvency.com,lbogard@lbinsolvency.com
- **Vanessa M Haberbush**   vhaberbush@lbinsolvency.com, dhaberbush@lbinsolvency.com,ahaberbush@lbinsolvency.co m,abostic@lbinsolvency.com,haberbush.assistant@gmail.com ,jborin@lbinsolvency.com,lbogard@lbinsolvency.com

- **Benjamin R Levinson**   ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com
- **Ron Maroko**   ron.maroko@usdoj.gov
- **United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):   Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 18, 2022 | Alexander S. Bostic | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

1  | HABERBUSH, LLP
   | DAVID R. HABERBUSH, ESQ., SBN 107190
2  | VANESSA M. HABERBUSH, ESQ., SBN 287044
   | LANE K. BOGARD, ESQ., SBN 306972
3  | 444 West Ocean Boulevard, Suite 1400
4  | Long Beach, CA 90802
   | Telephone: (562) 435-3456
5  | Facsimile:  (562) 435-6335
   | E-mail: vhaberbush@lbinsolvency.com
6  |
7  | Attorneys for Debtor and Debtor-in-Possession

8  | ### UNITED STATES BANKRUPTCY COURT

9  | ### CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

10 | In re                                          Case No. 2:22-bk-15031-SK

11 | Bay Area Development Co.,                       **Chapter 11**

12 |          Debtor and Debtor-in-Possession.      **STIPULATION TO VOLUNTARILY
13 |                                                 DISMISS THE BANKRUPTCY CASE**

14 |

15 |                                                 [No Hearing Required]

16 |

17 | **TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE;**

18 | **THE UNITED STATES TRUSTEE; ALL CREDITORS; AND, ALL PARTIES IN**

19 | **INTEREST:**

20 |        This Stipulation to Voluntarily Dismiss the Bankruptcy Case (the "Stipulation") is made

21 | by and between the Debtor and Debtor-in-Possession, Bay Area Development Co. ("Debtor"), the

22 | United States Trustee ("U.S. Trustee"), Scott Capital Management Fund 1, LLC ("Scott Capital"),

23 | and Leslie Klein, by and through their respective counsel of record, with reference to the

24 | following facts:

25 |                                    **RECITALS**

26 |        1.     On August 14 2022, Debtor filed a voluntary petition for relief under the

27 | Bankruptcy Code (the "Petition Date").  Pursuant to Sections 1107 and 1108 of the Bankruptcy

28 |                                            1

Code, Debtor retains possession of its assets and is authorized to continue the operation and management of its business.

2.     Debtor owns two pieces of real property. The first property is a single family residence located at 507 Mansfield Ave., Los Angeles, CA 90036 (the "Mansfield Property"). When Debtor filed the Bankruptcy Case, Debtor estimated that the value of the Mansfield Property is approximately $1,480,000. Debtor now believes it is worth substantially less. The second property is a three-story office building located at 14245 Ventura Blvd., Sherman Oaks, CA 91423 (the "Ventura Property"). Debtor estimates that the value of the Ventura Property is approximately $5,000,000. Debtor's only operations are the rental and ownership of the Mansfield Property and the Ventura Property.

3.     The Ventura Property has one lien on it, held by Velocity Commercial Loan Trust 2014-1("Velocity") in the amount of approximately $2,200,00.

4.     The bankruptcy was filed due to the impeding foreclosure sale related to the Mansfield Property. The Mansfield Property has two liens on it; the first is held by Chase Bank, N.A. ("Chase") in the amount of approximately $300,000 and the second is held by Scott Capital in the amount of approximately $987,000. Debtor represents that it has been renting the Mansfield Property to two tenants, a husband and wife, for more than five years. There is no lease agreement; the tenancy is month-to-month. The tenants are responsible for paying all utilities directly and rent to the Debtor in the amount of $3,500. The tenants stopped paying rent in or about March 2020. Due to the COVID-19 pandemic, Debtor claims it could not evict the tenants. Debtor understands that, due to the various eviction moratoriums in place due to the COVID-19 pandemic, Debtor is unable to take action to evict these tenants until February 2023, assuming that the moratorium is not further extended.

5.     Debtor represents that it believed it had no option but to file a bankruptcy proceeding to stay the foreclosure and allow Debtor to reorganize.

6.     On October 13, 2022, Debtor filed Debtor-in-Possession's Status Report [Docket Number 22] (the "Status Report"). As set forth in the Status Report, Debtor represents that it has been making good faith efforts regarding compliance with the United States Trustee's

1 || requirement; however, several items are outstanding.

2 ||      7.      Further, since the Petition Date, Debtor has been unable to make payments to
3 || Velocity, Chase, and/or Scott Capital. On November 10, 2022, Scott Capital filed a Motion for
4 || Relief from the Automatic Stay Under 11 U.S.C. § 362 [Docket Number 27] (the "Motion for
5 || Relief from Stay"). Pursuant to the Motion for Relief from Stay, Scott Capital seeks to proceed
6 || with its nonjudicial foreclosure of the Mansfield Property. The hearing on the Motion for Relief
7 || from Stay is set for December 14, 2022 at 8:30 a.m.

8 ||      8.      Since the filing of the Bankruptcy Case, Debtor has discovered that the Mansfield
9 || Property is worth substantially less than it originally believed, in large part due to the condition of
10 || the Mansfield Property, the current real estate market, and the COVID-19 eviction moratoriums
11 || that prevent evictions until February 2023. Debtor therefore believes that there is no value in the
12 || Mansfield Property for the benefit of the estate. Further, Debtor has not been generating income in
13 || relation to the Ventura Property, but Debtor's principal, Leslie Klein, is willing and able to pay the
14 || mortgage payments related to the Ventura Property if and when the bankruptcy is dismissed.
15 || Finally, there are few unsecured creditors and those that do exist are of small amount and can seek
16 || remedies outside of bankruptcy. Moreover, Debtor's principal, Leslie Klein, who has also signed
17 || this this Stipulation, has agreed to pay all all unsecured creditors outside of bankruptcy within 30
18 || days after the order dismissing the case is entered. These creditors are set forth in the attached
19 || Schedule, attached hereto as Exhibit "A." Given these realities, Debtor believes that dismissal of
20 || the Bankruptcy Case is in the best interest of the estate and its creditors.

21 ||      9.      The Court held a status conference for the Bankruptcy Case on November 16,
22 || 2022. At the status conference, Debtor requested that the Court dismiss the Bankruptcy Case. The
23 || U.S. Trustee and Scott Capital both indicated that they would agree to stipulate to dismiss the
24 || case. No other creditors have been active in the bankruptcy case. Consequently, the Court set a
25 || continued status conference in the Bankruptcy Case to December 14, 2022 at 9:00 a.m., but
26 || recognized that the Bankruptcy Case could be dismissed sooner stipulation between the Parties
27 || with notice to all creditors.

28 ||      10.      Under section 1112(b)(1), a bankruptcy case may be dismissed or converted for

1  "cause." Given the circumstances of the Bankruptcy Case and Debtor's real properties as

2  discussed above, the Debtor, the U.S. Trustee, and Scott Capital all agreed that dismissal would be

3  in the best interests of the bankruptcy estate and Debtor's creditors. Further, Debtor is giving

4  notice to all creditors of this Stipulation by serving it on all creditors.

5  **ACCORDINGLY, IT IS HEREBY STIPULATED THAT:**

6      A.    The above-captioned bankruptcy case shall be dismissed pursuant to 11 U.S.C. §

7  1112(b), effective upon the date the Court enters its order approving this Stipulation; and,

8  ///

9  ///

10  ///

4

1   B.  There shall be a one-hundred eighty (180) day bar from the date of dismissal

2 prohibiting Debtor from re-filing a bankruptcy case under any chapter of the Bankruptcy Code.

3   **IT IS SO STIPULATED AND AGREED.**

4

5 Dated:_____     BAY AREA DEVELOPMENT CO.

6               By:_____

7               Leslie Klein, President and Executive Officer
                of Bay Area Development, Co., Debtor and

8               Debtor-in-Possession

9 Dated: 12/6/2022      HABERBUSH, LLP

10

11              By:_____

12               Vanessa M. Haberbush, Attorneys for the
                Debtor and Debtor-in-Possession

13

14 Dated:_____     UNITED STATES TRUSTEE

15

16              By:_____
                Ron Maroko, Attorney for the U.S. Trustee

17 Dated: 12/6/2022

18             LAW OFFICE OF BENJAMIN R.
                LEVINSON

19

20              By:_____

21               Benjamin R. Levinson, Attorney for Scott
                Capital Management Fund 1, LLC

22 Dated:_____     LESLIE KLEIN

23

24              By:_____
                Leslie Klein

25

26

27

28           5

1    B.    There shall be a one-hundred eighty (180) day bar from the date of dismissal

2  prohibiting Debtor from re-filing a bankruptcy case under any chapter of the Bankruptcy Code.

3    **IT IS SO STIPULATED AND AGREED.**

4

5  Dated: _____                    BAY AREA DEVELOPMENT CO.

6                                        By: _____

7                                        Leslie Klein, President and Executive Officer
                                          of Bay Area Development, Co., Debtor and
8                                        Debtor-in-Possession

9  Dated: _____                    HABERBUSH, LLP

10

11                                       By: _____
                                          Vanessa M. Haberbush, Attorneys for the
12                                       Debtor and Debtor-in-Possession

13

14  Dated: _____                   UNITED STATES TRUSTEE

15

16                                       By: _____
                                          Ron Maroko, Attorney for the U.S. Trustee

17  Dated: _____                   LAW OFFICE OF BENJAMIN R.
18                                          LEVINSON

19                                       By: _____
20                                          Benjamin R. Levinson, Attorney for Scott
                                          Capital Management Fund 1, LLC
21
22  Dated: _____                   LESLIE KLEIN

23                                       By: _____
24                                          Leslie Klein

25

26

27

28                                       5

1        B.     There shall be a one-hundred eighty (180) day bar from the date of dismissal

2  prohibiting Debtor from re-filing a bankruptcy case under any chapter of the Bankruptcy Code.

3  **IT IS SO STIPULATED AND AGREED.**

4

5  Dated:_____                     BAY AREA DEVELOPMENT CO.

6

7                                 By:_____
                                 Leslie Klein, President and Executive Officer

8                                 of Bay Area Development, Co., Debtor and
                                 Debtor-in-Possession

9  Dated:_____                     HABERBUSH, LLP

10

11                                   By:_____
                                 Vanessa M. Haberbush, Attorneys for the

12                                 Debtor and Debtor-in-Possession

13

14  Dated:___12/2/22___               UNITED STATES TRUSTEE
                                 —No objection—

15

16                                   By:_____
                                 Ron Maroko, Attorney for the U.S. Trustee

17  Dated:_____                 LAW OFFICE OF BENJAMIN R.

18                                  LEVINSON

19

20                                   By:_____
                                   Benjamin R. Levinson, Attorney for Scott

21                                 Capital Management Fund 1, LLC

22  Dated:_____                 LESLIE KLEIN

23

24                                   By:_____
                                   Leslie Klein

25

26

27

28                          5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

444 West Ocean Boulevard, Suite 1400, Long Beach, CA 90802

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION TO VOLUNTARILY DISMISS THE BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 6, 2022,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

• **David R Haberbush**   dhaberbush@lbinsolvency.com,

ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,vhaberbush@lbinsolvency.com,haberbush.assistant
@gmail.com,jborin@lbinsolvency.com,lbogard@lbinsolvency.com

• **Vanessa M Haberbush**   vhaberbush@lbinsolvency.com,

dhaberbush@lbinsolvency.com,ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,haberbush.assistant
@gmail.com,jborin@lbinsolvency.com,lbogard@lbinsolvency.com

• **Benjamin R Levinson**   ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com
• **Ron Maroko**   ron.maroko@usdoj.gov
• **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **December 6, 2022,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 6, 2022,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Sandra R. Klein, JUDGE
United States Bankruptcy Court
255 E. Temple Street,
Suite 1582 / Courtroom 1575
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 6, 2022 | Alexander S. Bostic | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

Department of Water and Power
6767 Spring Rd
Moorpark, CA 93021

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101

LOS ANGELES COUNTY TREASURER AND TAX
COLLECTOR
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054

Total Lender Solutions, Inc.
10505 Sorrento Valley Road
Suite 125
San Diego, CA 92121

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

Velocity Mortgage Capital
30699 Russell Ranch Rd., Ste 295
Westlake Village, CA 9136

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, TX 75001

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**



**This page is part of your document - DO NOT DISCARD**



# 20180867230



**Pages: 0002**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**08/28/18 AT 08:00AM**

| | |
|---|---|
| FEES: | 22.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 97.00 |



**L E A D S H E E T**



**201808283310016**

**00015653045**



**009305447**

**SEQ:
01**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

2676013430



**RECORDING REQUESTED BY:**
OLD REPUBLIC TITLE CO - GLENDALE
2676015430-52
**AND WHEN RECORDED MAIL TO:**

Bay Area Development
14245 Ventura Blvd, 3rd Floor
Sherman Oaks, CA  91423

|  | THIS SPACE FOR RECORDER'S USE ONLY: |
|---|---|
| Title Order No.: 2676013430 | Escrow No.: 007955-ET |

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
**DOCUMENTARY TRANSFER TAX is $0.00 -see R&T below**
"This is a bonafide gift and the grantor received nothing in return, R & T 11911."
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[X] Unincorporated area    [ ] City of  AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Leslie Klein,** a widower, as to an undivided one-half interest

hereby GRANT(s) to:

**Bay Area Development    CO.,** A CALIFORNIA CORPORATION

the real property in the  County of Los Angeles, State of California, described as:
Lot 250 of Tract No. 9275, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 149, Pages 15 to 17, inclusive of Maps, in the Office of the County Recorder of said County.

APN: 2265-019-005
Also Known as:  14245 Ventura Boulevard, Los Angeles, CA  91423-
AP#: 2265-019-005
Dated August 22, 2018

_____
Leslie Klein

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
|---|

STATE OF CALIFORNIA
COUNTY OF ___Los Angeles___
On __August  22, 2018__ before me, ___Ryan    Wei___ A Notary Public personally
appeared __Leslie  Klein__ who proved to me on the
basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____

(Seal)

RYAN WEI
Notary Public – California
Los Angeles County
Commission # 2203682
My Comm Expires Jul 1, 2021

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS SHOWN ABOVE

**This page is part of your document - DO NOT DISCARD**

## 04  3301404

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA

**8:01 AM  DEC  21  2004**

**TITLE(S) :**



L E A D   S H E E T

| FEE | | | D.T.T |
|---|---|---|---|
| **FEE $10     P** | | | |
| **2** | | | |
| **CODE**  20 | | | |
| **CODE**  19 | | | |
| **CODE**  9____ | | | |

NOTIFICATION SENT $4

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**        **Number of AIN's Shown**

5 5 2 4 - 0 2 8 - 0 1 0                    0 0 1

▲        **THIS FORM NOT TO BE DUPLICATED**        ▲



**04 3301404**

Recording Request By:
## BAY AREA DEVELOPMENT
*and when recorded mail to:*

NameBAY AREA DEVELOPMENT COMPANY
Mailing Address **14245 Ventura Boulevard**
             **Sherman Oaks, Ca. 91423**
City,State
Zip Code

---

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## TITLE(S)

---

## GRANT DEED

---

RECORDING REQUESTED BY
BAY AREA DEVELOPMENT·COMPANY

WHEN RECORDED MAIL TO
AND MAIL TAX STATEMENTS TO

**04 3301404**

NAME    **BAY AREA DEVELOPMENT COMPANY**
ADDRESS  **14245 Ventura Boulevard**
CITY     **Sherman Oaks, CA. 91423**
STATE & ZIP

## GRANT DEED

TITLE ORDER NO.                ESCROW NO.                    APN NO.
                                                            **5524-028-010**

THE UNDERSIGNED GRANTOR(s) DECLARE(s)    R&T 11921 –This conveyance is to secure a
     DOCUMENTARY TRANSFER TAX is $ 0.00          CITY TAX $ 0.00          debt

☐ computed on full value of property conveyed, or computed on full value less value of liens or encumbrances remaining at time of sale,
☐ Unincorporated area:  ☒ City of **Los Angeles**                                    , and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
**LESLIE KLEIN and ERIKA KLEIN, Husband and Wife as Joint Tenants**

hereby GRANT(s) to  **BAY AREA DEVELOPMENT COMPANY**, a California Corporation

the following described real property in the County of  Los Angeles                          State of California
**Lot 94 of Tract No. 6143, in the City of Los Angeles, County of Los Angeles,
State of California, as per map recorded in Book 68, page(s) 90 and 91 of Maps,
in the office of the County Recorder of said County.**
(aka **507 No. Mansfield Avenue,** Los Angeles, CA.)

Dated _____ 11/30/2004 _____

                                        _____
                                        **LESLIE KLEIN,**

                                        _____
                                        **ERIKA KLEIN**

STATE OF CALIFORNIA        }
COUNTY OF Los Angeles      } S.S.

ON November 30, 2004 _____ before me, Kenneth K. Klein, Notary Public
(here insert name and title of the officer), personally appeared  **LESLIE KLEIN and ERIKA KLEIN**

personally known to me (~~or prove to me on the basis of satisfactory evidence~~) to be the person(s) whose name(s) ~~is/~~are subscribed to
the within instrument and acknowledged to me that ~~he/she/~~they executed the same in ~~his/her/~~their authorized capacity(ies), and that
by ~~his/her/~~their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the
instrument.
WITNESS my hand and official seal.

Signature _____

KENNETH K. KLEIN
Commission # 1462868
Notary Public - California
Los Angeles County
My Comm. Expires Jan 13, 2008

LA-13

**FORCE 10**
P A R T N E R S

*5271 California Avenue, Suite 270*
*Irvine, CA 92617*
*(949) 357-2360*
*www.force10partners.com*

---

*Brian Weiss, CPA, MBA*
**Brian advises public and private companies with fiduciary services and complex transactions including business restructuring, crisis management, and acquisitions & divestitures.**

Brian focuses on representing and restructuring businesses in and out of bankruptcy court, serving in various capacities, including financial advisor to debtors and creditors, chief restructuring officer, plan/liquidating trustee, and expert witness. Brian also serves as a state court Receiver and in other similar fiduciary capacities.

Brian represents clients in various industries, including manufacturing, restaurant/retail, technology, construction, and real estate. Brian provides logical and defensible solutions to complex situations and has delivered numerous effective results. His experience includes:

- Leading complex restructuring engagements
- Developing prepackaged and traditional reorganization plans
- Leading §363 sales
- Investigating avoidance actions
- Performing accounting investigations

Before co-founding Force 10 in 2016, Brian was the principal of BSW & Associates, a firm he founded in 2006 that provided similar services. Earlier, Brian served in senior finance capacities, responsible for preparing companies for initial public offerings, financial planning, and leading the due diligence process for strategic transactions. Brian began his career at PricewaterhouseCoopers. He is a Certified Public Accountant and received his master's degree in Business Administration from the University of Southern California.

In 2022, Brian received an award and was named a "Top 25" restructuring consultant with a distinction in dealmaking by Global M&A Network.

## REPRESENTATIVE ENGAGEMENTS

- Court Appointed Forensic Accountant for Judge William Fahey in re Ahmad Eddie Soltan Abadi v. Ataollah Aminpour et al. (Superior Court of California, Judge William Fahey, Case No. 20STCV28542). Preparation of forensic accounting and related forensic accounting report concerning disputes among former business associates, each alleging tens of millions of dollars owed. Forensic accounting includes analysis of several hundred personal and business bank accounts, analysis of business transactions (purchase and sale agreements, escrow closing statements), promissory notes, funds tracing for allegations each party has



*5271 California Avenue, Suite 270*
*Irvine, CA 92617*
*(949) 357-2360*
*www.force10partners.com*

made in numerous briefs, years of credit card statements, and all briefs submitted by all
parties. Provide report of finding to the court.

- Federal Receiver for Eagan Avenatti, LLP (Case No. 8:18-CV-01644-VAP-KES). Prepared
  forensic accounting, including bank statement conversions, funds tracing for numerous bank
  accounts consisting of over 100,000 banking transactions, accounting analysis, and
  investigations for purported shareholder loans, distributions, fraudulent transfers, and
  litigation against company shareholders.

- State Court Receiver for Secure Channels, Inc. (Case No. 30-2020-01140221-CU-BC-CJC).
  Prepared forensic accounting, including funds tracing for numerous bank accounts
  consisting of approximately 9,000 transactions, accounting analysis, and investigations for
  purported shareholder transactions.

- Expert Witness for Blue Ox Holding, LLC.  regarding certain matters pertaining to a claim
  made by Blue Ox Holdings, LLC ("Blue Ox") in the bankruptcy of Santa Clarita, LLC (Case
  No. 2:20-bk-12402-MCW).  Prepared forensic analyses of multiple bank accounts, wire
  transfer memorandums, real estate escrow statements, and investor loan statements to
  substantiate a secured claim in excess of $200 million.  Prepared expert and rebuttal reports.

- Expert Witness for the Plaintiff in re: Ronald Millar et al. v. HOM Real Estate Group, Inc.
  (Case No. 30-2016-00829911-CU-WM-CJC).  Provided litigation support and expert
  declarations regarding rebuttal of the defendant's valuation in a Writ of Mandate and
  performed extensive accounting investigations and related declarations regarding my
  findings.

- Financial Advisor to the Debtor and subsequent Liquidating Trustee in re: Airfasttickets,
  Inc. (Case No. 1:15-bk-11951) relating to performing accounting analysis and investigations
  for creditor claims, fraudulent transfers, and litigation against the former directors and
  officers.  Prepare declarations regarding the above subject matter filed with the bankruptcy
  court and mediator.

- Consulting expert services, including preparation of an expert report to the Defendant in re:
  Point Center Financial, Inc. v. Diane L. Harkey (Case No. 8:13-bk-11495-TA) relating to
  analyzing and summarizing banking transactions among various parties, promissory notes,
  and loan agreements to contest a Motion for Summary Judgment or Partial Adjudication of
  Facts.

- Forensic Accountant to Lynda Bui, Chapter 7 Trustee in re: Metropolitan Automotive
  Warehouse, Inc. and Star Auto Parts, Inc. (Case Nos. 6:16-bk-10096-WJ & 6:16-bk-10105-
  WJ).  Performed forensic accounting and funds tracing for tens of thousands of cash
  disbursement transactions to assist the trustee with recovering payments used in fraudulent
  transaction actions filed with the bankruptcy court. Provided litigation support and
  declarations.

- Financial Analyst to Karl T. Anderson, Chapter 7 Trustee in re: Universal Surveillance
  Systems, LLC.  Prepared forensic accounting analysis and funds tracing for banking



5271 California Avenue, Suite 270
Irvine, CA 92617
(949) 357-2360
www.force10partners.com

transactions, shareholder loans, distributions, and avoidable transfers, in support of litigation against the owner of the company.  **Provided litigation support and declarations.**

- Financial Advisor to the Official Committee of Unsecured Creditors in re Rajysan, Inc. (Case No. 9:17-bk-11363-DS).  **Prepared forensic accounting relating to funding tracing,** accounting analysis, and investigations for purported shareholder loans, distributions, fraudulent transfers, and litigation against company shareholders.  **Provided litigation support and declarations.**

- Chief Restructuring Officer in a fiduciary capacity for numerous businesses in chapter 11 bankruptcy.





**Zillow**    ♡ Save    ⤴ Share    ⊘ Hide    ••• More

## $2,653,400  **5** bd | **4** ba | **3,324** sqft

315 N Martel Ave, Los Angeles, CA 90036

● **Pre-foreclosure** / auction | Zestimate®: **$2,653,400**

Get more info

Overview   Facts and features   Foreclosure information   ⊦ ›

🏠  Singlefamily

📅  Built in 1941

🌡️  Other

❄️  No data

Ⓟ  1 Parking space

📐  7,336 sqft

💲  $798 price/sqft



**This page is part of your document - DO NOT DISCARD**



## 20180786346



**Pages:
0026**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**08/06/18 AT 08:00AM**

| | |
|---|---|
| FEES: | 99.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 174.00 |



**L E A D S H E E T**



**201808063340010**

**00015567873**



**009259952**

**SEQ:
01**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

E48 82555





# Priority Title

**When recorded, mail to:**
**OCMBC, INC.**
**Attn: Trailing Docs**
**19000 MacArthur Blvd., Ste. 200**
**Irvine, CA 92612**

**Title Order No.:  E82555**
**LOAN #: 1805012162**

──────────────── [Space Above This Line For Recording Data] ────────────────

# DEED OF TRUST

| MIN 1004455-0000031805-5 |
| --- |

**MERS PHONE #: 1-888-679-6377**

DEFINITIONS
Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.
**(A)  "Security Instrument"** means this document, which is dated  **August 2, 2018,**                together with all
all Riders to this document.
**(B)  "Borrower"** is   **LESLIE KLEIN, A WIDOWER.**

Borrower's address is  **322 N. June Street, Los Angeles, CA 90004.**

Borrower is the trustor under this Security Instrument.
**(C)  "Lender"** is   **OCMBC, INC..**

Lender is  **a California Corporation,**                organized and existing under the laws of
**California.**                Lender's address is   **19000 MacArthur Blvd., Ste.**
**200, Irvine, CA 92612.**

**CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3005 1/01**
Ellie Mae, Inc.                                    Page 1 of 13                          CAEDEDL   0315
                                                                                         CAEDEDL (CLS)
                                                                                         08/02/2018 10:26 AM PST



**LOAN #: 1805012162**

**(D)** "Trustee" is **Priority Title, 17327 Ventura Blvd. Suite 215, Encino, CA 91316.**

**(E)** "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

**(F)** "Note" means the promissory note signed by Borrower and dated **August 2, 2018.**                    The Note states that Borrower owes Lender **ONE MILLION THREE HUNDRED SIXTY EIGHT THOUSAND AND NO/100* * * * ***
**\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*** Dollars (U.S. **$1,368,000.00**           ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **September 1, 2048.**

**(G)** "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

**(H)** "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

**(I)** "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☒ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☒ Other(s) [specify] |
| ☒ 1-4 Family Rider | ☐ Biweekly Payment Rider | **Prepayment Rider** |
| ☐ V.A. Rider | | |

**(J)** "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and admin-istrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(K)** "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(L)** "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(M)** "Escrow Items" means those items that are described in Section 3.

**(N)** "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(O)** "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(P)** "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(Q)** "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (12 C.F.R. Part 1024), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(R)** "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and

**CALIFORNIA–Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3005 1/01**
Ellie Mae, Inc.

CAEDEDL  0315
CAEDEDL (CLS)
08/02/2018 10:26 AM PST



**LOAN #: 1805012162**

all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the **County**   [Type of Recording Jurisdiction]
of **Los Angeles**   [Name of Recording Jurisdiction]:
**SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS "EXHIBIT A".**
**APN #: 5526-038-011**

which currently has the address of   **315 N. Martel Ave., Los Angeles,**

[Street] [City]

California **90036**          ("Property Address"):
    [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice

**CALIFORNIA**--Single Family--**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3005 1/01**
Ellie Mae, Inc.                    Page 3 of 13                    CAEDEDL  0315
                                                                    CAEDEDL (CLS)
                                                                    08/02/2018 10:26 AM PST



LOAN #: 1805012162

to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3005 1/01
Ellie Mae, Inc.

Page 4 of 13

CAEDEDL  0315
CAEDEDL (CLS)
08/02/2018 10:26 AM PST



**LOAN #: 1805012162**

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds,

**CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3005 1/01**
Ellie Mae, Inc.

Page 5 of 13

CAEDEDL  0315
CAEDEDL (CLS)
08/02/2018 10:26 AM PST



**LOAN #: 1805012162**

whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water

**CALIFORNIA**–Single Family–**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3005 1/01**
Ellie Mae, Inc.

CAEDEDL  0315
CAEDEDL (CLS)
08/02/2018 10:26 AM PST



**LOAN #: 1805012162**

from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. Borrower shall not surrender the leasehold estate and interests herein conveyed or terminate or cancel the ground lease. Borrower shall not, without the express written consent of Lender, alter or amend the ground lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

**(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

**(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.**

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration

**CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3005 1/01**
Ellie Mae, Inc.

CAEDEDL  0315
CAEDEDL (CLS)
08/02/2018 10:26 AM PST

