| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| RON BENDER (SBN 143364)<br>KRIKOR J. MESHEFEJIAN (SBN 255030)<br>LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.<br>2818 La Cienega Avenue<br>Los Angeles, CA 90034<br>Tel: (310) 229-1234<br>Fax: (310) 229-1244<br>Email: rb@lnbyg.com; kjm@lnbyg.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Life Capital Group, LLC | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br><br>LESLIE KLEIN<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:23-bk-10990-SK<br><br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION FOR:**<br>ORDER AUTHORIZING AND DIRECTING LIFE CAPITAL GROUP, LLC TO PAY FUNDS TO CHAPTER 11 BANKRUPTCY ESTATE<br><br><br>*(Specify name of Motion)* |
| | DATE: 05/17/2023<br>TIME:  9:00 am<br>COURTROOM: 1575<br>PLACE: 255 East Temple Street<br>          Los Angeles, CA 90012 |

1. TO (*specify name*):  The Debtor, the United States Trustee and all Creditors

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 1                    **F 9013-1.1.HEARING.NOTICE**

4.  **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date.  If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5.  **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.


Date:  04/26/2023

Levene, Neale, Bender, Yoo & Brill L.L.P.
Printed name of law firm



/s/ Krikor J. Meshefejian
Signature



Krikor J. Meshefejian
Printed name of attorney

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                        Page 2                          **F 9013-1.1.HEARING.NOTICE**

RON BENDER (SBN 143364)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, CA 90034
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244
Email: rb@lnbyg.com; kjm@lnbyg.com

Attorneys for Life Capital Group, LLC

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

In re

LESLIE KLEIN,

             Debtor and Debtor in Possession.

Case No.  2:23-bk-10990-SK

Chapter 11

**MOTION FOR AN ORDER AUTHORIZING AND DIRECTING LIFE CAPITAL GROUP, LLC TO PAY FUNDS TO CHAPTER 11 BANKRUPTCY ESTATE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JONATHAN POLTER IN SUPPORT THEREOF**

Date:   May 17, 2023
Time:   9:00 a.m.
Place:  Courtroom 1575
       255 East Temple Street
       Los Angeles, CA 90012

      Life Capital Group, LLC ("LCG") hereby files this Motion[1] for the entry of an order providing for where and to whom LCG should make certain payments that LCG may be required to make to Leslie Klein, the chapter 11 debtor in possession (the "Debtor"), pursuant to the Debtor's membership interests in LCG.

---

[1] Concurrently herewith, LCG has filed a motion for relief from the automatic stay and scheduled such hearing on the Court's relief from stay calendar on May 17, 2023, at 8:30 a.m. (as opposed to this Motion which LCG has self-calendared for May 17, 2023, at 9:00 a.m.).  The relief requested herein is an alternative request to the extent relief from the automatic stay is not granted.

1

The Debtor owns a 50% membership interest in LCG, which is subject to competing creditor claims.  LCG is in the business of investing in life insurance policies and, from time to time, receives benefits from such policies.  To the extent LCG is required to make any payments to the Debtor (whether pursuant to LCG's operating agreement, or prepetition confidential settlement agreement between, among others, LCG and the Debtor), LCG seeks to resolve the question of such payments before the Rabbinical Council of California ("RCC"), or, alternatively, for direction from this Court as to where/to whom such payments should be made given the pendency of both this chapter 11 case and demands that creditors of the Debtor's estate have made that LCG should pay certain funds directly to such creditors, as opposed to the Debtor.  LCG takes no position regarding the rights of the Debtor or the rights of the Debtor's creditors with respect to such funds, though it is LCG's understanding that payments from LCG to the Debtor may constitute property of the Debtor's bankruptcy estate.

To ensure that LCG is not embroiled in any disputes regarding where payments should be directed, LCG requests that the question of entitlement to the Debtor's interests be resolved before the RCC (as set forth in LCG's motion for relief from the automatic stay), or alternatively, that this Court enter an order directing LCG where to make any payments and authorizing LCG to make payments in accordance with that order.  While LCG intended to make such payments to the Debtor, given the filing of this chapter 11 case, and the demands of certain of the Debtor's creditors, LCG seeks to ensure that payments are directed in a manner consistent with the parties' pre-dispute agreement to arbitrate and that is authorized by the Court, such that any payments made to the Debtor are deposited into a debtor in possession account and properly accounted for and administered in this case.

WHEREFORE, LCG respectfully requests that the Court enter an order:

1.    Granting this Motion;

2.    Authorizing and directing LCG to make any payments due as directed by the Court; and

3.    Granting such further relief as the Court deems just and proper.

Dated: April 26, 2023

LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.


By:   */s/ Krikor J. Meshefejian*
　　　RON BENDER
　　　KRIKOR J. MESHEFEJIAN
　Attorneys for Life Capital Group, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    STATEMENT OF FACTS

### A.    LCG

Life Capital Group, LLC ("LCG") is a California limited liability company whose members include Leslie Klein (the "Debtor"). LCG invests in life insurance policies, and pursuant to LCG's operating agreement, the Debtor may receive, from time to time, distributions from LCG based on the Debtor's membership interests in LCG.

The Debtor owns a 50% membership interest in LCG but this interest is subject to competing claims, as detailed below. Jonathan Polter serves as LCG's manager. [2]

### B.    The Instant Proceedings and the Competing Claims in and to the Debtor's Interests in LCG

On February 22, 2023, the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code. On March 8, 2023, the Debtor filed his Schedules of Assets and Liabilities (Doc 34) in which he listed on Schedule D a claim in the amount of $2,000,000 held by the Gestetner Charitable Remainder Trust ("Gestetner"), which is alleged to be subject to a UCC financing lien against the Debtor's membership interests in LCG.

On December 20, 2022, before the filing of these proceedings, Gestetner took the position to LCG and the Rabbinical Council of California ("RCC") that the Debtor had pledged his interests in LCG to it before the commencement of these proceedings, and that Gestetner was entitled to receive any distributions that would otherwise be made to the Debtor.

Before Gestetner took this position, on December 14, 2022, the Debtor sent Mr. Polter correspondence whereby he purported to revoke his prior direction to continue to make distributions to Gestetner.

---

[2] LCG and its non-debtor member and its manager, Mr. Polter, preserve and reserve all of their rights and remedies, including the right to enforce any and all provisions of the operating agreement, such as its dispute resolution provisions, which require any dispute between the members of LCG regarding the operating agreement or any provision thereof to be resolved through a binding arbitration proceeding to be conducted in California in accordance with the commercial arbitration rules of the RCC.

LCG is thus faced with conflicting positions asserted by the Debtor and Gestetner, which potentially impact whether LCG should pay directly to Gestetner the Debtor's distributable share of proceeds that would ordinarily be payable to the Debtor.  Due to these demands, and those of other competing creditors, both Gestetner and LCG sought to commence an arbitration before the RCC, consistent with LCG's Operating Agreement.  *See* Note 2, *supra.*

Given such inconsistent demands and positions, and the presence of other creditors who may not agree with Gestetner's assertion, LCG has determined that it is appropriate to seek relief from the automatic stay, or alternately, to ask for direction from this Court regarding where and to whom LCG should make payments that ordinarily LCG would make directly to the Debtor.  To the extent there is a dispute in respect to the Debtor's membership interests, such a dispute is subject to arbitration pursuant to the RCC's commercial procedures.  *See* footnote note 2, *supra.* Moreover, to the extent LCG should make such payments directly to the Debtor, LCG wants to ensure that the Court and the Debtor's creditors are aware of such payments being made by LCG to the bankruptcy estate.  LCG understands that to the extent payments are made to the Debtor, the Debtor is required to deposit such payments into a debtor in possession account, and, to the extent a third party asserts an interest in such funds, the Debtor is required to segregate such "cash collateral."

## II.    <u>ARGUMENT</u>

This Court should enter an order either lifting the automatic stay to allow for arbitration before the RCC (as set forth in LCG's motion for relief from the automatic stay), or, alternatively, providing for where and to whom LCG should make certain payments that LCG may make to the Debtor pursuant to the Debtor's membership interests in LCG.

Section 541(a) of the Bankruptcy Code provides that "[t]he commencement of a case under section 301, 302 or 303 of this title creates an estate" and that "such estate is comprised of…all legal and equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  The Debtor's membership interests in LCG, to the extent retained by the Debtor (which, at a minimum, Gestetner appears to dispute), constitute property of the estate.

However, questions about whether Debtor in fact is entitled to any interest arise under LCG's Operating Agreement. These claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

Since there appears to remain a live dispute over whether or not Debtor retains any interest in LCG, that dispute should be compelled to arbitration pursuant to the RCC's rules since there is "no evidence in the text of the Bankruptcy Code or in the legislative history suggesting that Congress intended to create an exception to the [Federal Arbitration Act] in the Bankruptcy Code." *In re Eber*, 687 F.3d 1123, 1129 (9th Cir. 2012). *See, generally In re Thorpe Insulation Co.*, 671 F.3d 1011, 1023-24 (9th Cir. 2012) (discussing the scope of a bankruptcy court's discretion in respect to the enforcement of pre-dispute arbitration provisions in bankruptcy).

In the event, however, that the Court declines to grant relief from the stay, it should issue an order clarifying where, to whom, and how payments should be made.

Section 542(a) of the Bankruptcy Code provides that "an entity…in possession, custody, or control during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a).

Further, Section 363(c)(2) of the Bankruptcy Code provides that "[t]he [debtor in possession] may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless – (A) each entity that has an interest in such cash collateral consents; or (2) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2).

Section 363(c)(4) of the Bankruptcy Code provides that "the [debtor in possession] shall segregate and account for any cash collateral in the [debtor in possession's] possession, custody, or control." 11 U.S.C. § 363(c)(4).

Section 363(e) of the Bankruptcy Code provides that "[n]otwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the [debtor in possession], the court, with or

without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e).

Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

LCG submits that it is necessary and appropriate for the Court to enter an order that provides where and to whom LCG should make any payments on account of the Debtor's membership interests in LCG, given that one or more creditors of the Debtor has asserted an entitlement to it, thereby implicitly demanding that LCG pay such creditor directly, instead of the Debtor, and given that such payments may be property of the Debtor's estate and subject to turnover to the estate.

LCG seeks to ensure that it is in compliance with all applicable provisions of the Bankruptcy Code pertaining to any payments to be made by LCG to the Debtor and seeks to ensure that there is transparency and direction with respect to any such payments being made by LCG to the Debtor or any other person or entity to which the Court directs payments.  To the extent a person or entity other than the Debtor asserts an interest in such payments, LCG seeks to avoid being embroiled in disputes with such persons/entities regarding the direction of payments on account of the Debtor's membership interests in LCG, and LCG seeks to ensure that any such payments are appropriately accounted for and segregated by the Debtor or any other person or entity to which the Court directs such payments to be made.

///

///

///

///

///

///

///

///

### III. <u>CONCLUSION</u>

WHEREFORE, LCG respectfully requests that the Court enter an order:

1.      Granting this Motion;

2.      Authorizing and directing LCG to make any payments due as directed by the Court; and

3.      Granting such further relief as the Court deems just and proper.


Dated: April 26, 2023                           LEVENE, NEALE, BENDER, YOO &
                                                GOLUBCHIK L.L.P.


                                        By:   _/s/ Krikor J. Meshefejian_____
                                                RON BENDER
                                                KRIKOR J. MESHEFEJIAN
                                        Attorneys for Life Capital Group, LLC

### <u>DECLARATION OF JONATHAN POLTER</u>

I, Jonathan Polter declare as follows:

1.     I am the manager of Life Capital Group, LLC ("LCG"). I have served in such capacity since approximately 2011. As LCG's manager, I manage the general business and affairs of LCG. I have personal knowledge of the following facts, and if called upon and sworn as a witness I could and would competently testify thereto.

2.     LCG is a California limited liability company whose members include Leslie Klein (the "Debtor"). The Debtor owns a 50% membership interest in LCG. The Debtor is not the manager of LCG. LCG invests in life insurance policies, and pursuant to LCG's operating agreement, the Debtor may receive, from time to time, distributions from LCG based on the Debtor's membership interests in LCG.

3.     I understand that on February 22, 2023, the Debtor filed a bankruptcy petition. On March 8, 2023, the Debtor filed his Schedules of Assets and Liabilities (Doc 34) in which he listed on Schedule D a claim in the amount of $2,000,000 held by the Gestetner Charitable Remainder Trust ("Gestetner"), which is alleged to be subject to a UCC financing lien against the Debtor's membership interests in LCG.

4.     On December 20, 2022, before the filing of these proceedings, Gestetner took the position that the Debtor had pledged his interests in LCG to it before the commencement of these proceedings, and that Gestetner was entitled to receive any distributions that would otherwise be made to the Debtor.

5.     Attached hereto as Exhibit 1 is an email dated December 20, 2022 that I received from Gestetner's attorney demanding repayment of a "loan" secured by Debtor's membership interests in LCG and that "all Proceeds to which [Debtor] is otherwise entitled to, [ ] be paid directly to Gestetner." Gestetner ultimately agreed to resolve the matter before the RCC, consistent with Life Capital's Operating Agreement.

6.     Before Gestetner took this position, on December 14, 2022, the Debtor sent Mr. Polter correspondence whereby he purported to revoke, or, at least, indicate his intention to revoke, his prior direction to continue to make distributions to Gestetner.

7.    LCG is thus faced with conflicting positions asserted by the Debtor and Gestetner, which potentially impact whether LCG should pay directly to Gestetner the Debtor's distributable share of proceeds that would ordinarily be payable to the Debtor.  Due to these demands, and those of other competing creditors, both Gestetner and LCG sought to commence an arbitration before the RCC, consistent with LCG's Operating Agreement.  *See* Note 1, *supra.*

8.    Given such inconsistent demands and positions, and the presence of other creditors who may not agree with Gestetner's assertion, LCG has determined that it is appropriate to seek relief from the automatic stay, or alternately, to ask for direction from this Court regarding where and to whom LCG should make payments that ordinarily LCG would make directly to the Debtor. To the extent there is a dispute in respect to the Debtor's membership interests, such a dispute is subject to arbitration pursuant to the RCC's commercial procedures.  *See* footnote note 1, *supra.*

9.    Moreover, to the extent LCG should make such payments directly to the Debtor, LCG wants to ensure that the Court and the Debtor's creditors are aware of such payments being made by LCG to the bankruptcy estate.  LCG understands that to the extent payments are made to the Debtor, the Debtor is required to deposit such payments into a debtor in possession account, and, to the extent a third party asserts an interest in such funds, the Debtor is required to segregate such "cash collateral."

///

///

///

///

///

///

///

///

///

///

///

10.    LCG seeks to ensure that it is in compliance with all applicable provisions of the Bankruptcy Code pertaining to any payments to be made by LCG to the Debtor and seeks to ensure that there is transparency and Court approval with respect to any such payments being made by LCG to the Debtor or any other person or entity to which the Court directs payments to be made.    To the extent a person or entity other than the Debtor asserts an interest in such payments, LCG seeks to avoid being embroiled in disputes with such persons/entities regarding the direction of payments on account of the Debtor's membership interests in LCG, and LCG seeks to ensure that any such payments are appropriately accounted for and segregated by the Debtor or any other person or entity to which the Court directs such payments to be made.

11.    I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of April, 2023, at Oak Park, Michigan.

_____
*See Next Page*
JONATHAN POLTER

1    11.    I declare under penalty of perjury that the foregoing is true and correct.

2    Executed this 26th day of April, 2023, at ____Oak Park____, ____Michigan____.

3

4    _____

     JONATHAN POLTER

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "1"

---------- Forwarded message ---------
From: **Jacob Unger** <junger@jacobungerlaw.com>
Date: Tue, Dec 20, 2022 at 2:56 PM
Subject: Gestetner v Klein
To: Rabbi Avrohom Union <Runion@rccvaad.org>, Gershon Bess <rgbess@gmail.com>, Nachum Sauer <ravsauer@aol.com>
CC: Avi Wagner <avi@thewagnerfirm.com>, Stephen Wagner <swagner@ctswlaw.com>, Jonathan Polter <JP@poelcapital.com>, Leslie Klein <les.kleinlaw@gmail.com>, I. Morsel <i.morsel@dalidiamond.com>


Kvod Hadayanim:

I represent Andor Gestetner with respect to this matter. Attached for your reference are:

(i) Promissory Note dated September 1, 2016 ("Note") from Leslie Klein to Gestetner in the amount of $9,630,000 (accruing interest at 13% per annum) ("Loan");
(ii) Iska Agreement
(iii) Supplement to Non-Recourse Secured Promissory Note dated July 25, 2017 ("Supplement") by Leslie Klein;
(iv) Acknowledgment of Assignment of Interest in Limited Liability Company dated July 2017 ("Acknowledgment") by Klein, Gestetner, and Life Capital Group LLC ("Company"); and
(v) Memorandum of Understanding ("MOU") by the Company and Gestetner.

Pursuant to the Note, Klein pledged all of his interests in, and proceeds from, the Company ("LLC Interests") as security for the Loan. Pursuant to the MOU, the Company agreed to Klein's pledge of the LLC's Interests to Gestetner and agreed to pay all amounts payable to Klein under the Operating Agreement of the Company directly to Gestetner.

We understand that an insured under one of the policies owned by the Company has passed away, and the Company is entitled to receive the policy proceeds in the approximate amount of $10,000,000 ("Proceeds"). Of that amount, Gestetner is entitled to receive whatever Klein was to receive.  We also understand that pursuant to a Settlement between the Company, Rechnitz, and Klein, that Klein is to receive certain monies of the Proceeds. Pursuant to the attached documents, all Proceeds to which Klein is otherwise entitled to, must be paid directly to Gestetner.

Unfortunately, even though Gestetner is entitled to information about the policies and the Proceeds, and despite our diligent efforts, information is not being shared and at this time we don't have detailed information about the policies, the Proceeds or the Settlement.  Specifically, we do not know whether the Proceeds will be paid to the Company or directly to Rechnitz and Klein, thereby bypassing the Company, to the detriment of Gestetner.

We are respectfully asking the Beis Din to issue an Ikul on Klein, the Company and Shlomo Rechnitz (the managing member of the Company) not to distribute any of the Proceeds or agree that the insurance company pay any monies to Klein until this matter is resolved in this Beis Din.

We'd like to stress that we understand the difficult position that Shlomo Rechnitz and his affiliates are in due to Klein's actions, and we believe that we will be able to work things out with Mr. Rechnitz. However, this ikul is necessary to prevent Klein from causing further damage to Gestetner, the Company, Mr. Rechnitz and all other parties involved. We also ask that Bais Din issue an immediate order directing Klein and Rechnitz to release the settlement agreement so that Gestetner, who is an interested party, can protect his interests in the Proceeds.  Please let us know if you need additional information. Thank you.


Jacob Unger
Attorney at Law
5404 Whitsett Ave., Suite 182
Valley Village, CA 91607
tel: (818) 960-0295
fax: (818) 960-0296
mobile: (323) 710-0902
junger@jacobungerlaw.com


Privileged and Confidential Communication. This electronic transmission and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) are for the sole use of the intended recipient(s) named above, and (c) is confidential and may contain legally privileged information. If you are not the intended addressee or the person responsible for delivering it to the intended addressee, you are hereby notified that reading, disseminating, distributing or copying this message is strictly prohibited. If you have received this electronic message in error, please notify the sender at (323) 710-0902 and delete the electronic message and any copies thereof.

IRS Disclosure. Any tax advice contained in this electronic transmission and any attachments thereto was not intended or written to be used, and cannot be used, by the recipient for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code or applicable state or local tax law provisions.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2818 La Cienega Avenue, Los Angeles, California 90034

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION FOR: ORDER AUTHORIZING
AND DIRECTING LIFE CAPITAL GROUP, LLC TO PAY FUNDS TO CHAPTER 11 BANKRUPTCY ESTATE** will be
served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the
manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
***April 26, 2023***, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Reem J Bello    rbello@goeforlaw.com, kmurphy@goeforlaw.com**
- **Michael Jay Berger    michael.berger@bankruptcypower.com,
  yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com**
- **Greg P Campbell    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com**
- **Theron S Covey    tcovey@raslg.com, sferry@raslg.com**
- **Dane W Exnowski    dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com**
- **Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com**
- **Brandon J Iskander    biskander@goeforlaw.com, kmurphy@goeforlaw.com**
- **Michael Jones    michael.jones4@usdoj.gov**
- **Ron Maroko    ron.maroko@usdoj.gov**
- **Joshua L Scheer    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com**
- **Mark M Sharf (TR)    mark@sharflaw.com,
  C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com**
- **Alan G Tippie    Alan.Tippie@gmlaw.com,
  atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmla
  w.com**
- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**
- **Michael L Wachtell    mwachtell@buchalter.com**
- **John P. Ward    jward@attleseystorm.com, ezhang@attleseystorm.com**
- **Clarisse Young    youngshumaker@smcounsel.com, levern@smcounsel.com**
- **Paul P Young    paul@cym.law, jaclyn@cym.law**

**2.  SERVED BY UNITED STATES MAIL**: On (*date*) ***April 26, 2023***, I served the following persons and/or entities at the
last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a
sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ***April 26, 2023***, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

**SERVED BY OVERNIGHT MAIL,**
Honorable Sandra R. Klein
United States Bankruptcy Court
255 E. Temple Street, Suite 1582 / Courtroom 1575
Los Angeles, CA 90012

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 26, 2023 | Lourdes Cruz | /s/ Lourdes Cruz |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-2
Case 2:23-bk-10990-SK
Central District of California
Los Angeles
Wed Apr 26 09:08:27 PDT 2023

Wilmington Savings Fund Society FSB, d/b/a
Robertson, Anschutz, Schneid, Crane & Pa
350 10th Avenue, suite 1000
San Deigo, CA 92101-8705

Andor Gestetner
c/o Law Offices of Jacob Unger
5404 Whitsett Ave., Ste. 182
Valley Village, CA 91607-1615

Bank of America
Attn: Bankruptcy
4909 Savarese Circle
Tampa, FL 33634-2413

Bank of America, N.A.
PO Box 673033
Dallas, TX 75267-3033

Barclays Bank Delaware
Attn: Bankruptcy
Po Box 8801
Wilmington, DE 19899-8801

(p)CCO MORTGAGE CORP
10561 TELEGRAPH RD
GLEN ALLEN VA 23059-4577

California Bank & Trust
Po Box 711510
Santee, CA 92072-1510

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

Chase Doe
143 S. Highland Drive
Los Angeles, CA 90036-3028

Chase Mortgage
BK Department
Mail Code LA4 5555  700 Kansas Ln
Monroe, LA 71203

Citibank
Attn: Bankruptcy
P.O. Box 790034
St Louis, MO 63179-0034

Erica Vago and Joseph Vago
c/o Brian A Procel / Procel Law, PC
401 Wilshire Blvd, 12th Fl
Santa Monica, CA 90401-1456

Erika and Joseph Vago
124 N. Highland Ave
Sherman Oaks, CA 91423

(p)FAY SERVICING  LLC
P O BOX 814609
DALLAS TX 75381-4609

(p)FIORE RACOBS AND POWERS
ATTN ERIN A MALONEY
6820 INDIANA AVENUE
SUITE 140
RIVERSIDE CA 92506-4261

First Amendment Wendriger Family Trust dated
c/o Shumaker Mallory LLP
Clarisse Young Shumaker
280 S. Beverly Dr., Suite 505
Beverly Hills, CA 90212-3908

Franklin H. Menlo Irrevocable Trust
c/o Willkie Farr & Gallagher LLP
Attn: Alex M. Weingarten, Esq.
2029 Century Park East, Suite 3400
Los Angeles, CA 90067-3020

Franklin H. Menlo, Trustee
Paul P. Young c/o Chora Young & Manasser
650 Sierra Madre Villa Ave., Ste. 304
Pasadena, CA 91107-2071

Gestetner Charitable Remainder Trus
c/o Andor Gestetner
1425 55th Street
Brooklyn, NY 11219

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001-9013

Jacob Rummitz
315 N. Martel Avenue
Los Angeles, CA 90036-2515

Jeffrey Siegel, Successor Trustee
of the Hubert Scott Trust
c/o Oldman, Cooley, Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2403

(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA 90071-2300

Mrc/united Wholesale M
Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261-9098

Oldman, Cooley, and Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2447

Sandra Layton
161 N. Poinsettia Place
Los Angeles, CA 90036-2805

Salem Finance
Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101-8619

Shellpoint Mortgage Servicing
Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603-0826

Toyota Financial Services
Attn: Bankruptcy
Po Box 259001
Plano, TX 75025-9001

Toyota Lease Trust
c/o Toyota Motor Credit Corporation
PO Box 9013
Addison, Texas 75001-9013

US Bank Trust National Association, et al.
Fay Servicing, LLC
PO Box 814609
Dallas, TX 75381-4609

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Leslie Klein
322 N. June Street
Los Angeles, CA 90004-1042

(p)MARK SHARF
6080 CENTER DRIVE SUITE 600
LOS ANGELES CA 90045-1540

Michael Jay Berger
9454 Wilshire Blvd 6th Fl
Beverly Hills, CA 90212-2980

Reem J Bello/Robert P Goe
Goe Forsythe & Hodges LLP
17701 Cowan, Bldg. D
Suite 210
Irvine, CA 92614-6840


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

CCO Mortgage Corp.
Attn: Bankruptcy
10561 Telegraph Rd
Glen Allen, VA 23059

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

Fay Servicing Llc
Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680

Fiore Racobs & Powers
c/o Palm Springs Country Club HOA
6820 Indiana Ave., Ste. 140
Riverside, CA 92506

Mark M Sharf (TR)
6080 Center Drive #600
Los Angeles, CA 90045