1  MICHAEL JAY BERGER (State Bar # 100291)
   LAW OFFICES OF MICHAEL JAY BERGER
2  9454 Wilshire Boulevard, 6th Floor
   Beverly Hills, California 90212
3  T: 1.310.271.6223 | F: 1.310.271.9805
   E: michael.berger@bankruptcypower.com
4
5  *Proposed* Counsel for Debtor
   Leslie Klein
6
                UNITED STATES BANKRUPTCY COURT
7
                CENTRAL DISTRICT OF CALIFORNIA
8
                     LOS ANGELES DIVISION
9
   **In re**                          Case No.: 2:23-bk-10990-SK
10
                                       Chapter 11
11
   **LESLIE KLEIN,**
12                                     **DEBTOR'S OPPOSITION TO
                                       MENLO'S MOTION FOR RELIEF
13                                     FROM THE AUTOMATIC STAY
                                       (ACTION IN NONBANKRUPTCY
14              **Debtor.**            FORUM); DECLARATION OF
                                       MICHAEL JAY BERGER IN
15                                     SUPPORT THEREOF
16                                     **Date:    May 17, 2023
                                       Time:    8:30 a.m.
17                                     Place:   Courtroom 1575
                                                United States Bankruptcy
18                                     Court**
                                       **255 East Temple Street
19                                     Los Angeles, CA 90012**
20
21      **TO THE HONORABLE SANDRA R. KLEIN, JUDGE OF THE UNITED
22  STATES BANKRUPTCY COURT, TO THE UNITED STATES TRUSTEE AND
23  TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**
24      Movant Franklin H. Menlo's, co-trustee of the Franklin Menlo Irrevocable Trust
25  Establish March 1, 1983 ("Movant") *second* Motion for Relief from Stay (the
26  "Motion") should be denied as Movant has not sustained its burden to establish "cause"
27  for relief from the stay under 11 U.S.C. § 362. The Motion seeks to lift the stay so that
28  Movant may proceed with its State Court action against Debtor Leslie Klein ("Debtor"),

1

DEBTOR'S OPPOSITION TO MENLO'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY (ACTION IN
NONBANKRUPTCY FORUM); DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

filed in the Superior Court of California, entitled In the Matter of The Franklin Menlo Irrevocable Trust established March 1, 1983, Case Number BP136769 (the "State Court Action" or the "Menlo Action").

Preliminarily, despite the Debtor giving Notice of Stay of the Bankruptcy Proceeding to all parties in the State Court Action, Movant has continued to pursue its claims against the Debtor in the State Court, and on April 24, 2023, Judge Luna in the State Court entered an Order adopting the referee's August 29, 2022 Report & Recommendation. A true and correct copy of Debtor's Notice of Stay of Proceedings in the State Court Action is attached to the Declaration of Michael Jay Berger as **Exhibit "1."** A true and correct copy of the *postpetition* Order adopting the referee's August 29, 2022 Report & Recommendation is attached to the Declaration of Michael Jay Berger as **Exhibit "2."** A true and correct copy of the docket from the State Court Action after the filing of Debtor's bankruptcy case is attached to the Declaration of Michael Jay Berger as **Exhibit "3."** Judge Luna appears to be disregarding the automatic stay, and is not only continuing to enter Orders, but is setting hearings in the State Court Action. The April 24, 2023 Order is in violation of the automatic stay, and Debtor asks this Court to find that the postpetition Order is void.

Movant's Motion for Relief should be denied on the basis that granting relief from stay is not in the best interest of all the creditors of the estate. Debtor will have to engage special litigation counsel to pay for Debtor's defense in the Menlo Action. The special litigation counsel's fees will become an Administrative Claim in the Debtor's Chapter 11 bankruptcy case. The Debtor is insolvent and Debtor's limited financial means would be best used to fund a Plan of Reorganization to repay his creditors. Wherefore, Debtor asks this Court to deny Movant's Motion for Relief.

///

///

///

### III.    ARGUMENT AND APPLICABLE LEGAL AUTHORITY

**A.** ***Motion for Relief Should be Denied As Debtor's Case Was Not Filed in Bad Faith and the Curtis Factors Do Not Favor Lifting the Automatic Stay***

A creditor may move for relief from automatic stay under 11 U.S.C. § 362(d), which provides that a bankruptcy court "shall grant relief from the stay" upon a showing of "cause." *Id.* "Cause" is determined on a case-by-case basis. *Id*; *In re Tucson*, 912 F.2d 1162, 1166 (9th Cir. 1990).

"To determine bad faith a bankruptcy judge must review the 'totality of the circumstances'" and "should ask whether the debtor 'misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner.'" *In re Eisen*, 14 F.3d 469, 470 (9th Cir. 1994). "Determining whether the debtor's filing for relief is in good faith depends largely on the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives, and the local financial realities." *In re Oasis at Wild Horse Ranch, LLC,* No. BAP AZ-11-1142-DKIMY, 2011 WL 4502102, at *10 (B.A.P. 9th Cir. Aug. 26, 2011).

Menlo is one of many creditors in Debtor's bankruptcy case. Debtor has fully disclosed all of his debts and liabilities in his bankruptcy case, and filed this Chapter 11 to reorganize his debts and pay his creditors. The Debtor's Chapter 11 case was not filed in bad faith.

In *Curtis*, a Utah district court identified twelve factors courts should consider in deciding whether there is "cause" to lift an automatic stay:

(1) Whether the relief will result in a partial or complete resolution of the issues;

(2) The lack of any connection with or interference with the bankruptcy case;

(3) Whether the foreign proceeding involves the debtor as a fiduciary;

(4) Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;

3

(5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

(6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

(7) Whether the litigation in another forum would prejudice the interests of other creditors, the creditor's committee and other interested parties;

(8) Whether the judgment claim arising from the foreign action is subject to equitable subordination;

(9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

(10) The interests of judicial economy and the expeditious and economical determination of litigation for the parties;

(11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial, and

(12) The impact of the stay and the "balance of hurt."

*Curtis*, 40 B.R. at 799-800; *see also In re Plumberex Specialty Prods., Inc.*, 311 B.R. 551, 559 (Bankr. C.D. Cal. 2004) (adopting *Curtis* factors and recognizing courts in other circuits that have done the same).

The Ninth Circuit has recognized that "the Curtis factors are appropriate, nonexclusive, factors to consider in deciding whether to grant relief from the automatic stay to allow pending litigation to continue in another forum." *Kronemyer*, 405 B.R. 915, 921 (9th Cir. BAP 2009). However, while the *Curtis* factors are widely used to determine the existence of "cause," not all of the factors are relevant in every case, nor is a court required to give each factor equal weight. *Plumberex*, 311 B.R. at 560. In fact, some cases regarding automatic stay do not mention *Curtis* at all. *See In re Conejo Enterprises, Inc.*, 96 F.3d 346, 353 (9th Cir. 1996) (affirming bankruptcy court's denial of relief from automatic stay without discussing *Curtis* factors. As the *Curtis* court

4

noted, "The most important factor in determining whether to grant relief from the automatic stay to permit litigation against the debtor in another forum is the effect of such litigation on the administration of the estate. Even slight interference with the administration may be enough to preclude relief in the absence of a commensurate benefit." 40 B.R. at 800.

In addition, the party seeking to lift the automatic stay has the burden of establishing a prima facie case that "cause" exists for relief under § 362(d)(1). *Id.* If "cause" is established, "the burden shifts to the debtor to show that relief from the stay is unwarranted." *Id.*

Here, Movant fails to make the requisite showing of the cause under the Curtis Factors.

i. *Curtis Factor #1 - Relief Will Not Result in a Complete Resolution of the Issues*

The State Court will make a complete resolution of the issues. Therefore, Curtis Factor #1 is in favor of the Movant.

ii. *Curtis Factor #2 – Substantial Interference with the Bankruptcy Case*

Relief from stay would undoubtedly interfere with Debtor's bankruptcy case. The Debtor would need to employ special litigation counsel to continue to litigate the case. The Debtor's cost of continuing the Menlo Action would be significant and would be an Administrative Claim that would take away from the funds available to pay the creditors of the estate. Based on the forgoing, Curtis Factor #2 is in favor of the Debtor and against the Movant.

iii. *Curtis Factor #3 – The Foreign Proceeding Does Not Involve the Debtor as a Fiduciary*

The State Court Action does involve the Debtor as a fiduciary. Therefore, Curtis Factor #3 is in favor of the Movant.

5

iv.   *Curtis Factor #4 – No Specialized Tribunal is Required To Hear The State Court Action*

There is no specialized tribunal established to hear Movant's claim. Therefore, Curtis Factor #4 is in favor of the Debtor and against the Movant.

v.   *Curtis Factor #5 – There is No Insurance Carrier Defending Debtor*

There is no insurance carrier defending Debtor from Movant's claim. As such, Debtor would be using its own resources to defend itself against Movant should relief from stay be granted. The Debtor's attorneys fees will be an Administrative Claim in the case, and would take away from funds Debtor could use to pay his creditors. Therefore, Curtis Factor #5 is in favor of the Debtor and against the Movant.

vi.   *Curtis Factor #6 – Whether the Action Essentially Involves Third Parties, and the Debtor Functions Only As a Bailee or Conduit for the Goods or Proceeds in Question*

This factor does not apply as Debtor was not a bailee or conduit for goods or proceeds in question. .

vii.   *Curtis Factor #7 - Whether the litigation in another forum would prejudice the interests of other creditors, the creditor's committee and other interested parties*

This Curtis factor also weighs in favor of the Debtor and against the Movant. Granting relief from stay would prejudice the other creditors of the estate as the Debtor's funds would be used to defend the Debtor in the Menlo Action. It is in the best interest of all the creditors of the estate for Debtor's funds to be used to fund the Plan of Reorganization and not for continued litigation with Movant. Therefore, Curtis Factor #7 is in favor of the Debtor and against the Movant.

viii.   *Curtis Factor #8 – Whether the Judgment Claim Arising from the Foreign Action is Subject to Equitable Subordination*

This factor is not applicable in this case.

6

ix. _Curtis Factor #9 – Whether movant's success in the foreign proceeding would
result in a judicial lien avoidable by the debtor under Section 522(f)_

This factor is not applicable in this case.

x. _Curtis Factor #10 – The Interests of Judicial Economy and the Expeditious
and Economical Determination of Litigation for the Parties_

Permitting litigation against Debtor to proceed in the very forum that drove the
Debtor into bankruptcy in the first place would seriously impede and possibly prevent
reorganization in the bankruptcy proceeding. Again, the cost of litigation would be an
Administrative Claim and that money is be best used to pay the creditors of the estate
through Debtor's Plan. Therefore, Curtis Factor #10 is in favor of the Debtor and
against the Movant.

xi. _Curtis Factor #11 – Whether the Foreign Proceedings Have Progressed To
the Point Where the Parties Are Prepared for Trial_

The proceedings in the State Court Action have progressed to the point where a
final determination of the issues is imminent. Therefore, Curtis Factor #11 is in favor of
the Movant.

xii. _Curtis Factor #12 – The Impact of the Stay and the "Balance of Hurt"_

When considering relief from automatic stay, the bankruptcy court must consider
the interests of the debtor and the bankruptcy proceeding in addition to the interests of
the creditors. As noted in _In re Martha Washington Hosp._, 157 B.R. 392, 395 (N.D. Ill.
1993), "It is not enough for the creditor to merely show that it will be hurt by the
continuation of the stay, rather the creditor must show that neither the debtor nor the
other creditors will be injured if the stay is lifted." The "most important factor,"
however, "is the effect of such litigation on the administration of the estate." _Curtis_, 40
B.R. at 800.

Here, clearly the harm to the Debtor and the creditors of the estate, outweighs
any conceivable benefit to Movant should the stay be lifted. Moreover, there is real no

7

benefit to Movant in granting its Motion as Movant can file its Proof of Claim and the parties can litigate the claim the proper venue, the bankruptcy court. Therefore, Curtis Factor #12 is in favor of the Debtor and against the Movant.

### Conclusion Re: Curtis Factors

The automatic stay enables the debtor to avoid the multiplicity of claims against the estate arising in different forums. *In re Larkham*, 31 B.R. 273, 276, 10 B.C.D. 1093 (Bkrtcy.D.Vt. 1983). Stated differently, the policy underlying the automatic stay is to protect the debtor's estate from "the chaos and wasteful depletion resulting from multifold, uncoordinated and possibly conflicting litigation." *In re Frigitemp. Corp.*, 8 B.R. 284, 289 (S.D.N.Y. 1981). The Section 362 automatic stay gives the bankruptcy court an opportunity to harmonize the interests of both debtor and creditors while preserving the debtor's assets for repayment and reorganization of his or her obligations. See *In re Fidelity Mortgage Investors*, 550 F.2d 47, 55 (2nd Cir. 1976), cert. denied, 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977). Under Chapter 11, the stay is also intended to give the debtor time to reorganize his assets in order to rehabilitate his business. Weintraub, Bankruptcy Law Manual ¶ 8.10 at 8-19 (1980). For the foregoing reasons, the Curtis factors weigh in favor of the Debtor and against the Movant. As such, Movant has not sustained its burden to establish "cause" for relief from the stay under 11 U.S.C. § 362. Accordingly, Movant's Motion for Relief from Stay should be denied.

### IV.    CONCLUSION

Debtor Leslie Klein respectfully requests that this Court:

(1) Deny Movant's Motion for Relief from the Automatic Stay on the basis that granting relief is not in the best interest of the creditors of the estate;

(2) Make a determination that the April 24, 2023 Order entered in the State Court Action is void; and

///

8

1    (3) For any other relief deemed necessary and proper.

2

3                                    LAW OFFICES OF MICHAEL JAY BERGER

4

5
Dated: May 3, 2023         By:    /s/ Michael Jay Berger
6                                       Michael Jay Berger
7                                       *Proposed* Counsel for Leslie Klein

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEBTOR'S OPPOSITION TO MENLO'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY (ACTION IN
NONBANKRUPTCY FORUM); DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

### DECLARATION OF MICHAEL JAY BERGER

I, Michael Jay Berger, declare and state as follows:

1.     I am an Attorney at Law, licensed to practice before all of the courts in the State of California, and in the United States District Court for the Central District of California. I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2.     On April 13, 2023, my firm gave Notice of Stay of the Bankruptcy Proceeding to all parties in the State Court Action. A true and correct copy of Debtor's Notice of Stay of Proceedings in the State Court Action is attached hereto as **Exhibit "1."**

3.     Upon review of the State Court docket, it appears that on April 24, 2023, Judge Luna entered an Order in the State Court adopting the referee's August 29, 2022 Report & Recommendation. A true and correct copy of the *postpetition* Order adopting the referee's August 29, 2022 Report & Recommendation is attached to the Declaration of Michael Jay Berger as **Exhibit "2."** A true and correct copy of the docket from the State Court Action after the filing of Debtor's bankruptcy case is attached to the Declaration of Michael Jay Berger as **Exhibit "3."**

4.     Judge Luna appears to be disregarding the automatic stay, and is not only continuing to enter Orders, but is setting hearings in the Menlo State Court Action. The April 24, 2023 Order is in violation of the automatic stay, and is void.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on May 3, 2023, at Los Angeles, California.

_____/s/ Michael Jay Berger_____
Michael Jay Berger

DEBTOR'S OPPOSITION TO MENLO'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY (ACTION IN NONBANKRUPTCY FORUM); DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

EXHIBIT 1

CM-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>Michael Jay Berger (SBN 100291)<br>Law Offices of Michael Jay Berger<br>9454 Wilshire Blvd., 6th FL.<br>Beverly Hills, CA 90212 | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.: (310) 271-6223    FAX NO. *(Optional)*  (310) 271-9805
E-MAIL ADDRESS *(Optional)* michael.berger@bankruptcypower.com
ATTORNEY FOR *(Name)* Leslie Klein

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
 STREET ADDRESS: 111 N. Hill St.
 MAILING ADDRESS: 111 N. Hill St.
 CITY AND ZIP CODE: Los Angeles, CA 90012
 BRANCH NAME: Stanley Mosk Court

PLAINTIFF/PETITIONER:  MENLO, FRANKLIN HENRY IRREVOCABLE TRUST
DEFENDANT/RESPONDENT:  LESLIE KLEIN

| NOTICE OF STAY OF PROCEEDINGS | CASE NUMBER:<br>BP136769 |
|---|---|
| | JUDGE:<br>DEPT: Probate Department 3 |

**To the court and to all parties:**

1. Declarant *(name):* Michael Jay Berger

   a. ☐ is ☐ the party   ☒ the attorney for the party   who requested or caused the stay.

   b. ☐ is ☐ the plaintiff or petitioner ☐ the attorney for the plaintiff or petitioner. The party who requested the stay
   has not appeared in this case or is not subject to the jurisdiction of this court.

2. This case is stayed as follows:

   a. ☐ With regard to all parties.

   b. ☒ With regard to the following parties *(specify by name and party designation):* LESLIE KLEIN

3. Reason for the stay:

   a. ☒ Automatic stay caused by a filing in another court. *(Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners.)*

   b. ☐ Order of a federal court or of a higher California court. *(Attach a copy of the court order.)*

   c. ☐ Contractual arbitration under Code of Civil Procedure section 1281.4. *(Attach a copy of the order directing arbitration.)*

   d. ☐ Arbitration of attorney fees and costs under Business and Professions Code section 6201. *(Attach a copy of the client's request for arbitration showing filing and service.)*

   e. ☐ Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 4/13/2023

Michael Jay Berger
       (TYPE OR PRINT NAME OF DECLARANT)                                (SIGNATURE)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CM-180 [Rev. January 1, 2007]          **NOTICE OF STAY OF PROCEEDINGS**          Cal. Rules of Court, rule 3.650
www.courts.ca.gov

United States Bankruptcy Court
Central District of California

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below was filed under
Chapter 11 of the United States Bankruptcy Code, entered on 02/22/2023
at 9:54 PM and filed on 02/22/2023.

**FILED
02/22/2023
9:54 PM**

**Leslie Klein**
322 N. June Street
Los Angeles, CA 90001
SSN / ITIN: xxx-xx-6944

The case was filed by the debtor's attorney:          The bankruptcy trustee is:

**Michael Jay Berger**                                **Mark M Sharf (TR)**
9454 Wilshire Blvd 6th Fl                             6080 Center Drive #600
Beverly Hills, CA 90212-2929                          Los Angeles, CA 90045
310-271-6223                                          818-961-7170

The case was assigned case number 2:23-bk-10990-SK to Judge Sandra R. Klein.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against
the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at
all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take
other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights
in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our
*Internet* home page www.cacb.uscourts.gov or at the Clerk's Office, 255 East Temple Street,, Los Angeles, CA
90012.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

                                                      **Kathleen J. Campbell**
                                                      **Clerk, U.S. Bankruptcy Court**

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/13/2023 13:14:31 | | |
| **PACER Login:** | MichaelBerger | **Client Code:** | |
| **Description:** | Notice of Filing | **Search Criteria:** | 2:23-bk-10990-SK |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

A am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: Law Offices of Michael Jay Berger, 9454 Wilshire Blvd., 6th Floor, Beverly Hills, CA  90212

On, **4/13/2023**, I served the foregoing documents described as **NOTICE OF STAY PROCEEDINGS** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**BY ELECTRONIC MAIL:**  Electronic Delivery pursuant to the parties' agreement

**XXX    (BY MAIL)** By placing such a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list.  I Placed such envelope for collection and mailing following ordinary business practices.  I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing.  Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Beverly Hills, California, in the ordinary course of business.

Saltzman Donald Lawrence
601 W 5th St Lobby
Los Angeles, CA 90071

Streisand Adam Frederick
Sheppard Mullin Richter & Hampton LLC
1901 Avenue of the Stars Suite 1600
Los Angeles, CA 90067

Wachtell Michael Lawrence
Buchalter, a Professional Corporation
1000 Wilshire Blvd, Suite 1500
Los Angeles, CA 90017-1730

Weingarten Alex M
Willkie Farr & Gallagher, LLP
2029 Century Park E Ste 3400
Los Angeles, CA 90067-3020

Executed on ___4/13/2023___ . At Beverly Hills, California.

Peter Garza
Type or Print Name

Signature

EXHIBIT 2

**FILED**
Superior Court of California
County of Los Angeles

APR 24 2023

David W. Slayton, Executive Officer/Clerk of Court

By: S. Miramontes, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

IN THE MATTER OF
THE FRANKLIN HENRY MENLO
IRREVOCABLE TRUST
ESTABLISHED
MARCH 1, 1983

AND CONSOLIDATED MENLO
FAMILY TRUST CASES

Case No.: BP136769[1]

NOTICE OF RULING RE: REPORT
AND RECOMMENDATION OF THE
COURT-APPOINTED REFEREE ON
EXAMINATION AND
ADJUDICATION OF THE TRUSTEE'S
FIRST, SECOND AND THIRD
ACCOUNTINGS ON EACH OF THE
TWENTY-FOUR TRUSTS AT ISSUE
FOR THE TRUST PERIODS
SEPTEMBER 10, 1996-JUNE 30, 2013,
JULY 1, 2013-DECEMBER 31, 2016
AND JANUARY 1, 2017-SEPTEMBER
30, 2018 [Code Civ. Proc. §639 & 643]

NOTICE OF COURT'S TENTATIVE
STATEMENT OF DECISION BASED
ON REPORT AND
RECOMMENDATION OF THE
COURT-APPOINTED REFEREE

ORDERS THEREON

//
//
//
//
//
//

[1] Consolidated with LASC Case Nos BP139977; BP139978; BP139999; BP140000; BP140001; BP140002; BP140003; BP140004; BP140005; BP140007; BP140008; BP140009; BP140010; BP140011; BP140012; BP140013; BP140014; BP140015; BP140016; BP140017; BP140018; BP140019; BP140020; and BP154676.

1

## PROCEDURAL BACKGROUND

On September 15, 2021, an order appointing Judge Glen Reiser (Ret.) as a referee pursuant to *C.C.P.* Section 639 was made as to three separate accountings filed as to 24 separate trust actions. The pertinent part of this order, based on the Objections and Replies received as to the Referee's Report, are as follows:

"1. The Referee shall hold separate trials, to consider all factual and legal issues raised by the parties in connection with the Trustee's three separate acts of accountings, with certain exceptions, as further discussed and ordered below....

3. The Referee shall hold a separate trial for the review of each set of the Trustee's Accountings (e.g., the trial on the Trustee's First Accountings shall be conducted separate from the trial on the Trustee's Second Accountings). Except as stated below, each separate trial shall include any surcharge issues resulting from the review of the Accountings at issue.

4. Respondent Les Klein and Associates, Inc. shall be included as a respondent in all trial hearings. During the course of the trials on Trustee's accountings, the Referee shall also determine all issues raised in the Amendments to Petitions against Respondent Les Klein and Associates, Inc., including but not limited to all Probate Code Section 850 and 859 issues and all other damages mentioned in Petition's Fifth Amended Petition, except the cause of action for Removal of Trustee. Referee to designate breach cause of action for damages what the relief is...

6. Certain issues shall be excepted from the scope of trial by Referee and shall be reserved for the Trial Court, as follows: (i) surcharge of Trustee for professional fees, and (ii) liability of Trustee for prejudgment interest. These issues shall be addressed and determined by the Trial Court in a separate hearing following the trials by Referee. This separate hearing be conducted as a second phase of the trials on the accountings at issue, rather than as a completely separate trial..."

Ret. Judge Reiser submitted his 86 page report and recommendation to the court on August 29, 2022.

On September 16, 2022, the court heard two Ex Parte Petitions, one filed by the Winters beneficiaries and the other by Franklin Menlo (together with all other trust beneficiaries whose

matters were the subject of the Referee's Report other than the Winters family) seeking removal of Leslie Klein (hereafter referred to as Klein) as trustee in the 24 trust actions.   At the conclusion of that hearing, the court suspended Leslie Klein as trustee and appointed Franklin Menlo and Jeffrey Winter as interim successor co-trustees.   It should be noted that subsequent to the filing of the Referee's Report, approximately 55 more trust petitions have been filed by other Menlo family trust beneficiaries.

At this same hearing, the court set forth a briefing schedule for written objections and reply to objections as to the Referee's Report and continued the two  Ex Parte Petitions, as well as all other matters on calendar on September 16, 2022 to January 12, 2023.  The court did not direct that any formal motion to adopt the Referee's Report be filed.

On January 12, 2023, the court heard argument from all counsel as to its tentative ruling (provided to counsel via email prior to the hearing) as to adoption of the Referee's Report. Following argument, the court indicated it would issue its ruling after re-reviewing two specific objections raised by Klein, to wit: (i) whether PC 859 damages against Klein as an individual were properly part of the reference order; and (ii) whether the Referee properly handled the attorney-client objection made by Klein's counsel as to testimony given by Petitioners (24 trust beneficiaries) forensic economic expert (Duross O'Bryan).  The accountings and other pending matters were continued to March 15, 2023.

On February 23, 2023, another attorney employed by Klein (as to issues separate from the accounting and removal petitions) filed a notice of stay based on Klein filing for bankruptcy (case number 2:23-bk-10990).

On March 15, 2023, the court advised counsel that it would be issuing a ruling as to the Referee's Report as (i) the issue had, in essence, been submitted to the court for decision on January 12, 2023; and (ii) Petitioners would not be in a position to submit claims in the bankruptcy proceeding without knowledge as to whether they had any such claims and, if so, the amount(s) as to each beneficiary.   Based on a last minute filing on March 13, 2023 by Klein's attorney (Nunan), the court did not issue its ruling because it needed clarification as to whether this filing was a request by Klein to reopen argument as to the Referee's Report and, if so, to afford Petitioners an opportunity to respond.  Attorney Nunan clarified that he was not seeking to reopen argument and, accordingly, counsel for Petitioners (Saltzman and Weingarten) indicated that they did not feel the need to respond to the same.

The court has received and read the Referee's Report in its entirety no less than seven times between September 15, 2022 and April 24, 2023.

The court has read and considered the Objections (32 pages) filed on November 4, 2022 by suspended trustee, Leslie Klein (hereafter referred to as Klein).  The court has referred to the three submitted appendices (604 pages total) and compendium of transcript (127 pages) as needed to assess the assertions made in the Objections.

The court has read and considered the Opposition (56 pages) filed on December 22, 2022 by the Menlo family trust participants (except the Winter family).

The court has read and considered the Response (40 pages) and Declaration of Attorney Weingarten (154 pages) filed on December 22, 2022 by the Winter family.

The court has read and considered the Supplemental Brief Re 859 Damages  (16 pages) filed on January 13, 2023 by the Winter family.

The court has read and considered the Supplemental Declaration by Terence Nunan re Objections to Referee's Report (545 pages) filed on March 13, 2023 only as to the transcript of the proceedings held on January 12, 2023 so as to refresh the court's recollection of the arguments of all counsel to the Referee's Report.

## ANALYSIS OF OBJECTIONS

A.  <u>The Referee made incorrect factual findings</u>

Klein alleges five incorrect factual findings.  As to the first (other than Norine, Klein has failed to distribute any portion of trust principal), Klein has taken one part of the total sentence his allegation.  Looking at the entirety of the sentence, it is clear that the Referee found that the Menlo beneficiaries' requests for distribution of the principal in their respective trusts was not done despite orders from the trial court which were affirmed on appeal.  The trust documents provided for distribution at various milestone ages to the beneficiaries and, other than distributions to beneficiary Norine Winter, no such distribution was made by Klein.  Further, the Referee had the opportunity to hear the testimony and noted in footnote 4 that Klein said he never had any intention to distribute the trust principal according to the terms of the individual trust documents; and that he had drafted some of the later trusts.  The court defers to

the Referee's observation of the witnesses' testimony and demeanor in the giving of the same. *In Re Avena* (1996), 12 Cal. 4th 694, 710

The second alleged incorrect finding, even if true, is inconsequential to the overall findings made by the Referee (Mr. Lowi was not designated as Klein's expert and/or witness). Mr. Lowi appears to have been called by the Petitioner/Beneficiaries to impeach Klein's testimony as to commissions received by him on the sale of new insurance policies to the Menlo Trusts (Klein testified he had not received commissions and Lowi testified Klein had received $326,023.78 in commissions).

As to the third alleged incorrect finding as to Klein's medical status, it is clear that the Referee, at the start of the 22 day evidentiary hearing, was open to the possibility that Klein's ability to recollect events was attributable to age and/or some loss of cognition. The Referee's assessment of Klein's ability to recall facts/details at the start of the trial was quite different from the Referee's conclusion as to Klein's credibility at the conclusion of the trial. In short, after hearing from all the witnesses, the Referee found Klein to be untruthful rather than befuddled.

As to the fourth alleged incorrect finding that Klein should be removed as a trustee, again Klein does not fully cite the entire footnote wherein the Referee makes clear that Klein's removal remains an issue to be decided by the trial judge.

As to the fifth alleged incorrect finding (Sam Menlo's incapacity as of 2002), the Compendium of Transcripts filed with the court only goes up to the March 29, 2022 hearing date and ends with page 4118. Even if the portion of the transcript cited in the Objections was available, the Reply filed by the non-Winter family beneficiaries make clear that there was ample testimony given to the Referee as to Sam Menlo's health issues and the effects on Sam's competence. This finding is not significant to the Referee's ultimate findings as to the mismanagement and looting of the Menlo Trusts by Klein.

**This objection is overruled.**

B.  The Referee should have excluded evidence offered by Menlo family beneficiaries for failure to comply with pre-trial rules and/or Referee orders

5

The Referee's Report addresses Klein's lament as to the Menlo Family's ongoing modifications to its exhibit list. Given the fact that this litigation was ten years in the making before the evidentiary hearing by Ret. Judge Reiser and involved just over three weeks of hearing time conducted in a span of four months, fourteen lay and expert witnesses and hundreds, if not thousands, of exhibits, it is no surprise that any party's exhibit list would "float" as characterized in the Referee's Report. The overall tenor of the report is that Klein and his counsel were offered opportunities to address their concerns about late filings including the opportunity to submit a reply brief to the Menlo beneficiaries' closing brief. The report also makes clear that there was no sabotage of Klein as documents not included on the Menlo Family's witness list were shared and/or viewed by Klein's counsel prior to trial.

**This objection is overruled.**

C.  The testimony of the Menlo Beneficiaries' forensic expert's (O'Bryan) is inadmissible

Klein alleges that the expert testimony of Duross O'Bryan (forensic accountant who testified for the Menlo beneficiaries) should be excluded because he relied on information which was protected by the attorney-client and/or work product privilege. It appears that this dispute has been litigated in pre-trial proceedings (see March 12, 2019 order). It also appears that this issue was flagged for consideration by Ret. Judge Reiser, briefed and ruled upon. That Klein is raising this as an objection is perplexing since his requested exclusion order was granted. The Referee's Report reflects that witnesses were admonished not to disclose any privileged information. As to Mr. O'Bryan, the Referee wrote that while privileged materials produced in discovery per court order were delivered to his office, he never reviewed the same in making his calculations or formulating his opinions. Insofar as the conclusions reached by the Referee were based on "sanitized" evidence relied upon by Mr. O'Bryan as to his testimony, there is no reason to strike the same.

Klein also alleges that O'Bryan's expert testimony relied on inadmissible, case-specific hearsay in violation of *People v. Sanchez*. Specifically, Klein contends that records used by O'Bryan from Transamerica Life, Union Central/Ameritas, UBS and Lincoln did not qualify as a business record exception to the hearsay rule. This issue was raised by Klein in the evidentiary proceedings prompting the Referee to direct the Menlo litigants to submit authentication of the business records upon which their forensic expert was relying. Certifications were produced to the Referee's satisfaction such that compliance with the business record exception was found. The reasoning set forth in the Referee's Report is sound and grounded in well established law.

**This objection is overruled.**

D. <u>It was improper for the Referee to award pre-accounting damages</u>

The September 15, 2021 reference order provided for the Referee to consider all factual and legal issues raised by the parties. The Menlo beneficiaries have consistently objected to Klein's designation of the commencement date as to his trustee duties (which affects the First Accounting filed as to each trust) and, therefore, was an issue within the scope of the reference order to be resolved by Ret. Judge Reiser. The testimony of witnesses, including Klein himself, resulted in a finding that he assumed the position of trustee on September 10, 1996 as to 22 of the 24 subject trust matters; and that he assumed the trustee position as to the Daniel Winter trust in 1999 and did likewise as to the Jonathan Lifschutz trust in 2002. Part of the evidence appears to be Klein's withdrawal of $750,000 from Trust insurance policies in 2005 to pay himself trustee compensation for services rendered to some or all of the subject trusts *prior* to the date(s) stated in each of the First Accountings.

//

//

As to any improper citation to the CEB Fiduciary Accounting Handbook by the Referee (if in fact true) is a de minimis error having no bearing on the overall assessment of the evidence admitted and law relied upon by the Referee.

**This objection is overruled.**

E. Klein made a prudent decision by allowing the four Phoenix life insurance policies to lapse

There was competing expert testimony as to whether Klein's decision to allow four life insurance policies to lapse was a breach of his fiduciary duties as trustees. Klein's objection points out testimony helpful to his position that was given by the Menlo beneficiaries' expert, Steven Burgess. Klein's objections do not address the evidence found to be true by the Referee, to wit, that Klein took loans from the four subject policies which were not traced back to any benefit for any of the 24 trusts and which were used by him. Klein's objections ignore the testimony of Mr. Burgess regarding the fact that Sam Menlo was no longer insurable at the time the policies were allowed to lapse. The Referee had ample evidence on which to calculate damages against Klein for his imprudent conduct in causing the Phoenix life insurance policies to lapse.

**This objection is overruled.**

//
//
//
//
//
//
//
//
//

F.  The Referee made an improper award of interest

As to each accounting, the Referee carefully calculated the *interest obligations* incurred by the Menlo trusts as a result of the mismanagement and/or theft of the insurance policies which are direct losses incurred forming the basis for a damage award.  Any pre-judgment interest as to the base amount of damages is for the trial court to determine.

**This objection is overruled.**

G.  It was improper for the Referee to calculate and award PC 859 damages

The Order appointing Ret. Judge Reiser as referee specifically referenced that the Fifth Amended Petition filed by the Menlo beneficiaries which resulted in Leslie Klein and Associates being a named party to the litigation.  Paragraph 28 of the Fifth Amended Petition (filing date March 8, 2019) states as follows: "Nothing in this Fifth Amendment to Petition shall be deemed to replace or supersede the claims against Respondent Leslie Klein contained in the original Petition filed in this case." The Fifth Amended Petition specifically prays for damages under *Probate Code* Section 850.  The original Petition filed on March 28, 2013 asks for surcharges against Klein pursuant to *Probate Code* Sections 16420(a)(3), 16440 and other relevant code sections.  The original Petition also prayed for punitive damages based on Klein's intentional, willful and malicious breaches of fiduciary duty.  As to each accounting, the Referee made findings, based on substantial evidence, of conduct by Klein giving rise to enhanced monetary damages.  While punitive damages are not recognized in the law as remedy available as to the internal affairs of a trust, *Probate Code* Section 859 does provide for additional damages against a trustee who has, in bad faith, taken, concealed or disposed of assets belonging to a trust.  The Referee relied on Section 859 based on what he found to be egregious actions by Klein in the handling of the various Menlo trusts.  The Referee was scrupulous in carving out the surcharge award regarding the Phoenix life insurance policies damages from any calculation of double damages as to the accountings.

Klein does not contend that he was surprised at the claim for 859 damages or that he had no notice of Petitioners' intent to request the same in the evidentiary hearing conducted by the Referee.  Klein has not shown that he raised this issue with Ret. Judge Reiser or was deprived of a full and fair opportunity to defend against the claim for damages above any surcharge amounts.  Further, if there was uncertainty as to the Referee considering such a claim for damages, Klein certainly could have petitioned the trial court for clarification as to this aspect of the scope of the reference order before the evidentiary hearing before the Referee commenced.  To raise this objection after the expenditure of attorneys' fees by both sides in the multi-day evidentiary hearing before the Referee is (at best) a disingenuous and (at worst) desperate attempt by Klein to bob and weave out of full financial accountability for his egregious pilfering of the various trusts during his tenure as trustee.  Given that the original Petition asked for damages pursuant to other relevant sections of the <u>Probate  Code,</u> and the Fifth Amended Petition referenced Section 859, this court finds that the calculation of 859 damages was properly and fully tried before the Referee pursuant to the September 15, 2021 reference order; and the recommendations made by the Referee as to these damages should be adopted.

**This objection is overruled.**

H.  <u>The Referee improperly awarded attorney's fees</u>

The Referee's Report did <u>not</u> make an award of attorney's fees.  The Referee made an observation that the legal work expended by counsel for the Menlo beneficiaries should result in an award of attorneys fees; and that any such award could be apportioned among the beneficiaries based on a common fund or substantial benefit analysis.  The Referee clearly and properly left the issue of attorney's fees and costs to the trial court for determination.

**This objection is overruled.**

I.  <u>Klein's request for reasonable trustee fees in the amount of $259,391.65 should be granted</u>

Given the ample evidence supporting the various surcharge amounts detailed by the Referee as to each of Klein's alleged accounting periods (and forgetting for the moment the years for which he served as trustee without accounting for his management of the subject trusts), there is no basis to make any award of trustee fees to Klein.  Based on more than ample evidence presented to the Referee, it would be grossly unjust and set a terrible example as to acceptable trustee behavior to award Klein any fees for (i) laundering funds through intra trust transactions and various accounts resulting in 72 accountings that had to be teased out by a forensic accountant hired by the beneficiaries;  (ii) commingling of trust assets with other client accounts; and (iii) using trust funds for personal use. *Butler v. LeBouef* (2016), 248 Cal. App. 4th 198, 213.  The Referee specifically reserved the payment of Klein's attorney's fees and costs as an offset against any surcharge as to each accounting.

**This objection is overruled except as to the consideration of any offsets to the surcharge as determined by the trial court.**

//
//
//
//
//
//
//
//
//
//
//
//

21

## ORDERS

1)  The Report and Recommendation of the Court-Appointed Referee on
    Examination and Adjudication of the Trustee's First, Second and Third
    Accountings on each of the Twenty-Four Trusts At Issue for the Trust Periods
    September 10, 1996-June 20, 2013, July 1, 2013-December 31, 2016 and
    January 1, 2017-September 30, 2018 submitted on August 29, 2022 is adopted
    by the trial court without modification.  The Report and Recommendation is
    ordered filed forthwith and includes the court's signed order (Page 74).

2)  The trial court adopts the Report and Recommendation of the Court-
    Appointed Referee as its Tentative Statement of Decision.

3)  Clerk's Office to serve all counsel with a copy of this Order and Pages 1 and
    74 of the Referee' Report as counsel already have received a full copy of this
    Report.

Dated: April 24, 2023

ANA MARIA LUNA, Judge

12

# EXHIBIT 3

# FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**04/28/2023** at 1:30 PM in Probate Department 3 at 111 North Hill Street, Los Angeles, CA 90012
Order to Show Cause re: Contempt

**04/28/2023** at 1:30 PM in Probate Department 3 at 111 North Hill Street, Los Angeles, CA 90012
Ex Parte Hearing

**05/30/2023** at 1:30 PM in Probate Department 3 at 111 North Hill Street, Los Angeles, CA 90012
Order to Show Cause Hearing

**05/30/2023** at 1:30 PM in Probate Department 3 at 111 North Hill Street, Los Angeles, CA 90012
Motion Hearing

# PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

D - K  L - S  W - W

DEUTSCH ABRAHAM YECHIEL - Petitioner

DEUTSCH DEBORAH MENLO - Petitioner

DEUTSCH ESTHER ROSE - Petitioner

DEUTSCH MORDECHAI - Petitioner

DEUTSCH RACHEL LEAH - Petitioner

DEUTSCH RAFAEL - Petitioner

DEUTSCH SAMUEL EPHRAIM - Petitioner

DEUTSCH ZEV YITZCHAK - Petitioner

FRANKEL ASHER - Petitioner

FRANKEL MOISHE - Petitioner

FRANKEL YESHIA - Petitioner

HAHN & HAHN LLP - Attorney for Respondent

HENLEY WILLIAM K. ESQ. - Attorney

HENLEY WILLIAM K. ESQ. - Attorney

HENLEY WILLIAM KENT - Attorney for Respondent for Respondent

HURON JEFFREY GLEN - Attorney for Interested Party

ISRAELI FAYE LIPSCHUTZ - Petitioner

KLEIN KENNETH KOLEV - Interested Party

KLEIN LESLIE - Appellant

KLEIN LESLIE - Trustee

KLEIN LESLIE - Respondent

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Documents Filed (Filing dates listed in descending order)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

02/16/2023  12/14/2022  10/18/2022  07/25/2022  03/21/2022  11/17/2021  08/25/2021  06/09/2021  04/27/2021
12/23/2020  04/16/2020  10/21/2019  05/15/2019  01/07/2019  10/09/2018  06/25/2018  07/10/2017  02/01/2017
11/08/2016  08/22/2016  04/12/2016  08/06/2015  12/02/2013

**04/28/2023** Remote Appearance - Scheduled
Filed by Co - Trustee

**04/28/2023** Remote Appearance - Scheduled
Filed by Co - Trustee

**04/28/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/28/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/28/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/28/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/28/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/28/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/27/2023** Order - Appointing Court Approved Reporter
Filed by Attorney

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/26/2023** Declaration (Supplemental Declaration of Donald L. Saltzman, 4/21/23 )
Filed by Petitioner

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/26/2023** Appeal - Notice of Non-Compliance (NOA 2/16/23 )

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/26/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/25/2023** Supplement (Supplement of Leslie Klein to Opposition to Ex Parte, 4/28/23 )
Filed by Respondent

**04/25/2023** Remote Appearance - Scheduled
Filed by Respondent

**04/25/2023** Mail - Certificate of Mailing (NOTICE OF RULING FILED 4-24-2023 )
Filed by Attorney

**04/24/2023** Order (Adopting Judge Reiser's Report )
Filed by Court

**04/24/2023** Notice - Ruling
Filed by Court

**04/24/2023** Minute Order

**04/21/2023** Minute Order

**04/21/2023** Minute Order

**04/21/2023** Minute Order

**04/21/2023** Ex Parte - Order

**04/20/2023** Remote Appearance - Scheduled
Filed by Petitioner

**04/20/2023** Ex Parte - Petition (Order to Unfreeze and Allow Distribution of Unrelated AIG Insurance Policy )
Filed by Petitioner

**04/13/2023** Notice (Notice of Stay (Comment) )
Filed by Respondent

**04/07/2023** Appeal - Ntc Designating Record of Appeal APP-003/010/103 (Appeal - Ntc Designating Record of Appeal APP-003/010/103 )
Filed by Respondent

**04/07/2023** Remote Appearance - Scheduled
Filed by Respondent

**04/06/2023** Notice (Notice of Change of Attorney Information )
Filed by Respondent

**04/05/2023** Miscellaneous Document (Recorded Notice of Withdrawal of Lis Pendens )
Filed by Interested Party

**03/25/2023** Appeal - Notice of Default Issued (NOA 2/16/23 )

**03/20/2023** Brief (Supplemental Points and Authorities re Automatic Stay (11 USC 362) )
Filed by Respondent

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Case Under Submission for Decision
Filed by Petitioner

**03/15/2023** Minute Order

**03/15/2023** Minute Order

**03/15/2023** Order - Appointing Court Approved Reporter
Filed by Attorney

**03/15/2023** Remote Appearance - Scheduled
Filed by Petitioner

**03/13/2023** Declaration (Supplemental Declaration of Terence S. Nunan With Respect to Objections to Referee Report
(Declarations) )
Filed by Trustee

**03/09/2023** Opposition (to Request for Statement of Decision )
Filed by Petitioner

**03/06/2023** Appeal - Superior Court Appeal Filing Fee Paid
Filed by Respondent

**03/06/2023** Remote Appearance - Scheduled
Filed by Respondent

**03/06/2023** Remote Appearance - Scheduled
Filed by Respondent

**03/06/2023** Remote Appearance - Scheduled
Filed by Respondent

**03/06/2023** Remote Appearance - Scheduled
Filed by Respondent

**03/06/2023** Remote Appearance - Scheduled
Filed by Respondent

**03/06/2023** Remote Appearance - Scheduled
Filed by Respondent

**03/06/2023** Remote Appearance - Scheduled
Filed by Respondent

**03/06/2023** Remote Appearance - Scheduled
Filed by Respondent

**03/06/2023** Remote Appearance - Scheduled
Filed by Respondent

**03/06/2023** Remote Appearance - Scheduled
Filed by Respondent

**03/03/2023** Appeal - Notice of Filing of Notice of Appeal

**03/02/2023** Remote Appearance - Scheduled
Filed by Respondent

**03/02/2023** Remote Appearance - Scheduled
Filed by Respondent

**03/02/2023** Remote Appearance - Scheduled
Filed by Respondent

**03/02/2023** Remote Appearance - Scheduled
Filed by Respondent

**02/23/2023** Notice (Notice of Stay of Proceedings )
Filed by Respondent

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   02/16/2023   12/14/2022   10/18/2022   07/25/2022   03/21/2022   11/17/2021   08/25/2021   06/09/2021   04/27/2021
12/23/2020   04/16/2020   10/21/2019   05/15/2019   01/07/2019   10/09/2018   06/25/2018   07/10/2017   02/01/2017
11/08/2016   08/22/2016   04/12/2016   08/06/2015   12/02/2013

**02/16/2023** Appeal - Notice of Appeal/Cross Appeal Filed
Filed by Respondent

**02/15/2023** Minute Order

**02/15/2023** Order - Appointing Court Approved Reporter
Filed by Attorney

**02/15/2023** Order (Right to Attach Order (AMENDED) )
Filed by Attorney

**02/14/2023** Reply (Reply to Opposition to Motion, 2/15/23 )
Filed by Respondent

**02/14/2023** Remote Appearance - Scheduled
Filed by Respondent

**02/02/2023** Response (Response and Objection to Request for Statement of Decision )
Filed by Co - Trustee

**02/02/2023** Miscellaneous Document (Arraignment On Order To Show Cause Re: Criminal Contempt )
Filed by Respondent

**02/01/2023** Declaration (Declaration of Alex M. Weingarten I/S/O Jeffrey Winter Opposition to Motion to Expunge Lis
Pendens and Attys Fees and Costs (w Exhibits 1-27) )
Filed by Co - Trustee

**02/01/2023** Opposition (Jeffrey Winter Opposition to Motion to Expunge Lis Pendens (CCP 405.30) and Attys Fees and
Costs (CCP 405.38) )
Filed by Co - Trustee

**01/27/2023** Notice (Co-Trustee Jeffrey Winter's Notice of Non-Opposition to Application For OSC Re ContemptNotice )
Filed by Co - Trustee

**01/24/2023** Writ - Attachment ((Leslie Klein, LA) )
Filed by Co - Trustee

**01/23/2023** Request (Request for Statement of Decision (Requests) )
Filed by Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9454 Wilshire Blvd., 6th FL., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (specify): **DEBTOR'S OPPOSITION TO MENLO'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY (ACTION IN NONBANKRUPTCY FORUM); DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _5/3/2023___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) __5/3/2023___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _5/3/2023_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Honorable Sandra Klein
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1582 / Courtroom 1575
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/3/2023 | Peter Garza | /s/Peter Garza |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Goe Forsythe & Hodges: Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
**Goe Forsythe & Hodges Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
**Interested Party: Alan G Tippie**    Alan.Tippie@gmlaw.com,
atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com, denise.walker@gmlaw.com
**Debtor's Counsel: Michael Jay Berger**    michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
**Interested Party: Greg P Campbell**    ch11ecf@aldridgepite.com,
gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
**Counsel for Wilmington Savings Fund: Theron S Covey**    tcovey@raslg.com, sferry@raslg.com
**Interested Party: Dane W Exnowski**    dane.exnowski@mccalla.com,
bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
**U.S. Trustee: Michael Jones**    michael.jones4@usdoj.gov
**U.S. Trustee: Ron Maroko**    ron.maroko@usdoj.gov
**Counsel for Ajax Mortgage: Joshua L Scheer**    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
**Subchapter V Trustee: Mark M Sharf (TR)**    mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com
**United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
**Interested Party: Michael L Wachtell**    mwachtell@buchalter.com
**U.S. Bank: John P. Ward**    jward@attleseystorm.com, ezhang@attleseystorm.com
**Interested Party: Paul P Young**    paul@cym.law, jaclyn@cym.law
**Counsel for First Amendment Wendriger Family Trust dated May 7, 1990: Clarisse Young**
youngshumaker@smcounsel.com, levern@smcounsel.com
**Interested Party: Roye Zur**    rzur@elkinskalt.com,
cavila@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com

2. **SERVED BY UNITED STATES MAIL**:

U.S. Trustee
Attn: Ron Maroko, Esq.
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017

Subchapter V Trustee
Mark M. Sharf
6080 Center Drive #600
Los Angeles, CA 90045

**SECURED CREDITORS:**

CCO Mortgage Corp.
Attn: Bankruptcy
10561 Telegraph Rd
Glen Allen, VA 23059

Chase Mortgage
BK Department
Mail Code LA4 5555
700 Kansas Ln
Monroe, LA 71203

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

Fay Servicing Llc
Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680

Mrc/united Wholesale M
Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261

Selene Finance
Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101

Shellpoint Mortgage Servicing
Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603

Toyota Financial Services
Attn: Bankruptcy
Po Box 259001
Plano, TX 75025

Toyota Motor Credit Corp.
PO Box 9013
Addison, TX 75001 (Address from POC)

Ericka and Joseph Vago
c/o Brian Procel
Procel Law
401 Wilshire Blvd., 12th Floor
Santa Monica, CA 90401 (Address from POC)

Ericka and Joseph Vago
124 N. Highland Ave
Sherman Oaks, CA 91423

Fay Servicing LLC
Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680

U.S. Bank
c/o Fay Servicing, LLC
PO Box 814609
Dallas, TX 75381

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

Fiore Racobs & Powers
c/o Palm Springs Country Club HOA
6820 Indiana Ave., Ste 140
Riverside, CA 92506

Gestetner Charitable Remainder Trust
c/o Andor Gestetner
1425 55th Street
Brooklyn, NY 11219

Los Angeles County Tax Collector
Bankruptcy Unit
PO Box 54110
Los Angeles, CA 90054-0027 (Address from POC)

Mrc/united Wholesale M
Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261

Selene Finance
Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101

Shellpoint Mortgage Servicing
Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603

Toyota Financial Services
Attn: Bankruptcy
Po Box 259001
Plano, TX 75025

Wilmington Savings Fund Society
c/o Selene Finance LP
3501 Olympus Blvd., Ste. 500
Dallas, TX 75019 (Address from POC)

U.S. Bank Trust National Bank
c/o Fay Servicing LLC
PO Box 814609
Dallas, TX 75381 (Address from POC)

U.S. Bank N.A.
c/o Nationstar Mortgage LLC
Attn: Bankruptcy Dept.
PO Box 619096
Dallas, TX 75261 (Address from POC)

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

JP Morgan Mortgage Acquisition
c/o NewRez LLC dba Shellpoint Mortgage Servicing
PO Box 10826
Greenville, SC 29603 (Address from POC)

Ajax Mortgage Loan Trust
c/o Gregory Funding LLC
PO Box 230579
Tigard, OR 97281 (Address from POC)

## 20 LARGEST UNSECURED CREDITORS AND INTERESTED PARTIES:

Andor Gestetner
c/o Law Offices of Jacob Unger
5404 Whitsett Ave Ste. 182
Valley Village, CA 91607

Bank of America
Attn: Bankruptcy
4909 Savarese Circle
Tampa, FL 33634

Bank of America
PO Box 673033
Dallas, TX 75267 (Address from POC)

Barclays Bank Delaware
Attn: Bankruptcy
Po Box 8801
Wilmington, DE 19899

California Bank & Trust
Po Box 711510
Santee, CA 92072

CCO Mortgage Corp.
Attn: Bankruptcy
10561 Telegraph Rd
Glen Allen, VA 23059

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

Chase Card Services
Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850

Chase Doe

143 S. Highland Drive
Los Angeles, CA 90036

Chase Mortgage
BK Department
Mail Code LA4 5555
700 Kansas Ln
Monroe, LA 71203

Citibank
Attn: Bankruptcy
P.O. Box 790034
St Louis, MO 63179

Franklin H. Menlo Irrevocable Trust
c/o Willkie Farr & Gallagher LLP
Attn: Alex M. Weingarten, Esq.
2029 Century Park East, Suite 3400
Los Angeles, CA 90067

Robert & Esther Mermelstein
c/o Baruch C. Cohen, Esq.
4929 Wilshire Blvd., Ste 940
Los Angeles, CA 90010 (Address from POC)

Franklin Menlo, Trustee
c/o Paul P. Young & Chora Young & Manasserian
650 Sierra Madre Villa Ave. Ste. 304
Pasadena, CA 91107 (Address from POC)

Jacob Rummitz
315 N. Martel Avenue
Los Angeles, CA 90036

Jeffrey Siegel, Successor Trustee
of the Hubert Scott Trust
c/o Oldman, Cooley, Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2408

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA 90071

Oldman, Cooley, and Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2408

Sandra Layton
161 N. Poinsettia Place
Los Angeles, CA 90036

First Amendment  Wendriger Faimly Trust Dated May
7, 1990
c/o Clarisse Young Shumaker, Esq.
280  S. Beverly Dr. Ste. 505
Beverly Hills, CA 90212

Jeffry Siegel, Successor Trsutee
c/o Oldman, Cooley, Sallus
161133 Ventura Blvd., Penthouse Suite
Encino, CA 91436 (Address from POC)

Gestener Family Trust
Andor Gestetner
c/o  Michael I. Gottfried
10345 W. Olympic Blvd.,
Los Angeles, CA 90064 (Address from POC)

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**