
MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone:    (310) 271-6223
Facsimile:    (310) 271-9805
E-mail:    michael.berger@bankruptcypower.com

*Proposed* Counsel for Debtor
Leslie Klein

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>Debtor and Debtor in Possession. | Case No.  2:23-bk-10990-SK<br><br>Chapter 11<br><br>**DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY (POINSETTIA PLACE); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LESLIE KLEIN IN SUPPORT THEREOF**<br><br>Date:    May 17, 2023<br>Time:    8:30 a.m.<br>Place:    Courtroom 1575<br>        United States Bankruptcy Court<br>        255 East Temple Street<br>        Los Angeles, CA 90012 |

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE; MOVANT AJAX MORTGAGE LOAN TRUST 2021-D; THE OFFICE OF THE UNITED STATES TRUSTEE; AND OTHER CREDITORS AND PARTIES IN INTEREST:**

Leslie Klein, Debtor and Debtor-in-Possession in the above-entitled Chapter 11 proceeding (hereinafter the "Debtor"), hereby submits its Opposition to the Motion for Relief from the Automatic Stay under 11 U.S.C. § 362 (the "Motion for Relief") filed by

1

Ajax Mortgage Loan Trust 221-D, Mortgage Backed Securities, Series 2021-D, by U.S. Bank National Association, as Indenture Trustee, (hereinafter "Movant" or "Ajax"), first lienholder on the Debtor's real property located at 161 North Poinsettia Place, Los Angeles, CA 90036 (hereinafter the "Poinsettia Property").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Movant's Motion for Relief should be denied on the basis that the Poinsettia Property is adequately protected with a substantial equity cushion of $596,945.50, and is necessary for an effective reorganization as Debtor generates rental income from the Poinsettia Property. Debtor asks this Court to deny the Motion under 11 U.S.C. § 362(d)(1) on the grounds that Movant's lien is protected by an equity cushion and Debtor is offering to start making adequate protection payments to Movant.

### II. STATEMENT OF FACTS

The Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of 11 U.S.C. §101 et seq. (the "Bankruptcy Code") on February 22, 2023.

The Debtor is an individual who owns multiple real properties, including the Poinsettia Property.

Details regarding the Poinsettia Property are as follows:

| **Rental Property:**<br>161 North Poinsettia Place<br>Los Angeles, CA 90036 | **Fair Market Value:** $2,000,000.00 (Per Debtor's Schedule A)<br><br>**1st TD:** Ajax $1,403,054.50 (Per Movant's Motion for Relief[1]<br>**Judgment Lien:** Erika and Joseph Vago $24,334,038.99[2]<br><br>**Equity Cushion:** $596,945.50 or 29.84% |
|---|---|

---

[1] Debtor's scheduled amount of the Ajax TD is $954,432.00.

[2] The Vago judgment was recorded with 90 days prior to the Debtor's bankruptcy petition, and is an avoidable preferences pursuant to 11 U.S.C. §§ 547, 550 and 551

2
DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY (POINSETTIA PLACE);
MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LESLIE KLEIN IN SUPPORT THEREOF

### III. SUMMARY OF THE MOTION FOR RELIEF

Movant filed its Motion for Relief from the Automatic Stay seeking relief as to the Poinsettia Property pursuant to 11 U.S.C. § 362(d)(1) and 11 U.S.C. § 362(d)(2).

### IV. ARGUMENT AND APPLICABLE LEGAL AUTHORITY

#### A. *Stay Relief Should Be Denied Under 11 U.S.C.§ 362(d)(1) Movant is Protected by a Substantial Equity Cushion*

Relief from stay should be denied as Movant is adequately protected by a significant equity cushion in the Poinsettia Property, Debtor is offering to make adequate protection payments to Movant of $2,000.00 per month, and the Poinsettia Property is insured. Based on Debtor's scheduled value of $2,000,000.00 the Poinsettia Property, and Movant's claim of $1,403,054.50, per Movant's Motion for Relief, Movant has an equity cushion of $596,945.50.

In *In re Kost*, 102 B.R. 829, 831 (D. Wyo. 1989) the Court opined, "whether an equity cushion provides adequate protection to a creditor is determined on a case-by-case basis rather than by mechanical application of a formula." In *In re Mellor*, 734 F.2d 1396, 1400 (1984) the court explains that although the existence of an equity cushion as a method of adequate protection is not specifically mentioned in Sec. 361, it is the classic form of protection for a secured debt justifying the restraint of lien enforcement by a bankruptcy court. In fact, the existence of an equity cushion, standing alone, can provide adequate protection. A 20% cushion has been held to be an adequate protection by itself for a secured creditor. *In re Mellor*, 734 F.2d at 1401. Movant relies on Debtor's scheduled value of the Poinsettia Property in its Motion for Relief from Stay to establish the fair market value of the property. Using the Debtor's scheduled value of the Poinsettia Property, the **Movant has an equity cushion of $596,945.50 or 29.84%**[3]. Movant is in no way at risk of not getting paid in full.

---

[3] Equity Cushion per Debtor's schedule value of Poinsettia Property ($2,000,000.00-$1,403,054.50)/$2,000,000.00)*100 = 29.84%

Debtor generates $3,000.00 per month of rental income from the Poinsettia Property. The Debtor offers to make adequate protection payments to Movant in the amount of $2,000.00, after Debtor's expenses for property insurance and property taxes. The Poinsettia Property is insured. A true and correct copy of the property insurance on the Poinsettia Property is attached to the Declaration of Leslie Klein as **Exhibit "1."**

Debtor had difficulty opening his debtor-in-possession accounts, including a cash collateral account for the Poinsettia Property. Debtor understands his responsibility as a debtor-in-possession and will segregate the rental income from the Poinsettia Property into a segregated cash collateral account and pay the proposed adequate protection payment and other expenses associated with the Poinsettia Property from that account.

### B. *Stay Relief Should Be Denied Under 11 U.S.C.§ 362(d)(2)(A) As There Is Equity In The Poinsettia Property Beyond Movant's Lien And The Poinsettia Property Is Necessary For An Effective Reorganization*

Debtor asserts that there is equity in the Poinsettia Property beyond Movant's lien, and that the Poinsettia Property *is necessary to an effective reorganization*. The Debtor is still evaluating his financial situation. The Debtor will propose a Plan of Reorganization that will maximize payments to creditors. Either the Debtor will use the income from the Poinsettia Property to fund his plan, or in the alternative, the Debtor will seek to sell the Poinsettia Property. In either scenario, given Movant's claim being fully secured, Movant is in no risk of not getting paid in full.

Bankruptcy Code §362(d)(2) provides that:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> > ( 2) with respect to a stay of an act against property under subsection (a) of this section, if-

        (A) the debtor does not have an equity in such property; and

        (B) such property is not necessary to an effective reorganization.

Bankruptcy Code §362(g) provides that:

    (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section-

        (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

        (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. §362

    Based on the agreed $2,000,000.00 fair market value of the Poinsettia Property, Movant has an equity cushion of $596,945.50 or 29.84%. Movant is in no way at risk of not getting paid in full.

    Further the Poinsettia Property is necessary to an effective reorganization as the Debtor's intent of filing its Bankruptcy case is to pay its creditors as much as it can, while keeping its unexempt assets. The Debtor will propose a plan which will pay the Movant in full either through monthly payments, or through the sale of the Poinsettia Property. The Debtor asserts that not only is the Poinsettia Property clearly necessary to its reorganization in this case, but further that such successful reorganization is in progress.

## V. **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court:

(1) Deny the Motion under 11 U.S.C. § 362(d)(1) on the grounds that Movant's lien is protected by an equity cushion and Debtor will begin making adequate protection payments to Movant;

(2) Deny the Motion under 11 U.S.C. § 362(d)(2) on the grounds that the Poinsettia Property is necessary for an effective reorganization; and

(3) For any other relief deemed necessary and proper.

LAW OFFICES OF MICHAEL JAY BERGER

Dated: May 3, 2023    By: /s/ Michael Jay Berger
Michael Jay Berger
Counsel for Debtor,
Leslie Klein

# DECLARATION OF LESLIE KLEIN

I, Leslie Klein, declare and state as follows:

1. I am the debtor and debtor-in-possession in the above-captioned matter (the "Debtor"). I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2. I commenced my bankruptcy case by filing a voluntary petition under Chapter 11 of 11 U.S.C. §101 et seq. (the "Bankruptcy Code") on February 22, 2023.

3. I am an individual who owns multiple real properties, including the Poinsettia Property.

4. Details regarding the Poinsettia Property are as follows:

| Rental Property:<br>161 North Poinsettia Place<br>Los Angeles, CA 90036 | Fair Market Value: $2,000,000.00 (Per Debtor's Schedule A)<br><br>1st TD: Ajax $1,403,054.50 (Per Movant's Motion for Relief[4]<br>Judgment Lien: Erika and Joseph Vago $24,334,038.99[5]<br><br>Equity Cushion: $596,945.50 or 29.84% |
|---|---|

5. Relief from stay should be denied as Movant is adequately protected by a significant equity cushion in the Poinsettia Property, I am offering to make adequate protection payments to Movant of $2,000.00 per month, and the Poinsettia Property is insured. Based on my scheduled value of $2,000,000.00 the Poinsettia Property, and Movant's claim of $1,403,054.50, per Movant's Motion for Relief, Movant has an equity cushion of $596,945.50.

6. Using the Debtor's scheduled value of the Poinsettia Property, which Movant has agreed to in its Motion for Relief from Stay, the **Movant has an equity**

---

[4] Debtor's scheduled amount of the Ajax TD is $954,432.00.

[5] The Vago judgment was recorded with 90 days prior to the Debtor's bankruptcy petition, and is an avoidable preferences pursuant to 11 U.S.C. §§ 547, 550 and 551

**cushion of $596,945.50 or 29.84%**[6]. Movant is in no way at risk of not getting paid in full.

7. I generate $3,000.00 per month of rental income from the Poinsettia Property. I offer to make adequate protection payments to Movant in the amount of $2,000.00, after Debtor's expenses for property insurance and property taxes.

8. The Poinsettia Property is insured. A true and correct copy of the property insurance on the Poinsettia Property is attached hereto as **Exhibit "1."**

9. I had difficulty opening my debtor-in-possession accounts, including a cash collateral account for the Poinsettia Property. I understand my responsibility as a debtor-in-possession and will segregate the rental income from the Poinsettia Property into a segregated cash collateral account and pay the proposed adequate protection payment and other expenses associated with the Poinsettia Property from that account.

10. There is equity in the Poinsettia Property beyond Movant's lien, and that the Poinsettia Property *is necessary to an effective reorganization.*

11. I am still evaluating my financial situation. I will propose a Plan of Reorganization that will maximize payments to creditors. Either the I will use the income from the Poinsettia Property to fund my plan, or in the alternative, I will seek to sell the Poinsettia Property. In either scenario, given Movant's claim being fully secured, Movant is in no risk of not getting paid in full. I will propose a plan which will pay the Movant in full either through monthly payments, or through the sale of the Poinsettia Property.

12. Not only is the Poinsettia Property clearly necessary to its reorganization in this case, but further that such successful reorganization is in progress.

///

///

///

---

[6] Equity Cushion per Debtor's schedule value of Poinsettia Property ($2,000,000.00-$1,403,054.50)/$2,000,000.00)*100 = 29.84%

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on May 3, 2023 in Los Angeles, California.

By: /s/ Leslie Klein
Leslie Klein

# EXHIBIT 1

**Safeco Insurance**™
A Liberty Mutual Company

Landlord Protection® Policy#: OA5143547

**Customer Information**
LESLIE KLEIN
322 N JUNE ST
LOS ANGELES, CA 90004-1042

**Date Prepared**: 03/08/2023

**Policy Period**: 03/07/2023 to 03/07/2024

**Agent Information**
ALERA - SHOMER INSURANCE
5805 SEPULVEDA BLVD STE 500
SHERMAN OAKS, CA 91411-2551

Phone Number: (323) 934-8160
Email: joseph@shomerinsurance.com
Agent #: 161290

| PREMIUM SUMMARY | Premium |
|---|---|
| Primary Coverages - Special | $1,311.00 |
| Other and Optional Coverages | $82.00 |
| Discounts and Surcharges | $0.15 |
| Your total policy premium for 12 months is | **$1,393.15** |

**DWELLING LOCATION**

161 N POINSETTIA PL
LOS ANGELES, CA 90036-2805

**PRIMARY COVERAGES**

| Dwelling | Other Structures | Personal Property | Loss of Use | Premises Liability | Medical Payments |
|---|---|---|---|---|---|
| $1,000,000 | $100,000 | $29,724 | $100,000 | $500,000 | $5,000 |

| DEDUCTIBLES | Amount |
|---|---|
| All Perils Deductible | $2,500.00 |

This is not a contract but confirms that the coverages displayed are in effect.

| OTHER AND OPTIONAL COVERAGES | Limit | Premium |
|---|---|---|
| Personal Injury, Wrongful Eviction, Privacy Invasion | | Included |
| Extended Dwelling Coverage - 50% | | $33.00 |
| 438 BFU | | Included |
| Building Ordinance or Law Coverage | 25% | $49.00 |
| **Total** | | **$82.00** |

| DISCOUNTS AND SURCHARGES | Premium |
|---|---|

Safeco Insurance Company of America

 Landlord Protection® Policy#: OA5143547

A Liberty Mutual Company

**License, Tax or Fee:**

California Seismic Safety Fee $0.15

Total $0.15

Coverages: Insurance is afforded only for such coverages as are indicated by specific premium charges.

## ADDITIONAL INTERESTS

**Name:** GREGORY FUNDING LLC
ISAOA
PO BOX 25430
PORTLAND, OR 97298-0430

**Interest Type:** Mortgage Servicing Agency for 1st Mortgagee
**Loan Number:** 500582X665

**Name:** BAY AREA DEVELOPEMENT CO
A CA CORP
322 N JUNE ST
LOS ANGELES, CA 90004-1042

**Interest Type:** Co-Signer / Contract of Sale / Co-Title Holder

For your protection California law requires the following to appear on this form:
Any person who knowingly presents false or fraudulent information to obtain or amend insurance coverage or to make a claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.

Safeco Insurance Company of America

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9454 Wilshire Blvd., 6th FL., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **Debtor's Opposition To Motion For Relief From Automaticstay (Poinsettia Place); Memorandum Of Points And Authorities; Declaration Of Leslie Klein In Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _5/3/2023___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) __5/3/2023___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _5/3/2023_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Honorable Sandra Klein
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1582 / Courtroom 1575
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/3/2023 | Peter Garza | /s/Peter Garza |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Goe Forsythe & Hodges: Reem J Bello     rbello@goeforlaw.com, kmurphy@goeforlaw.com
Goe Forsythe & Hodges Robert P Goe      kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
Interested Party: Alan G Tippie     Alan.Tippie@gmlaw.com,
atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com, denise.walker@gmlaw.com
Debtor's Counsel: Michael Jay Berger     michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
Interested Party: Greg P Campbell     ch11ecf@aldridgepite.com,
gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
Counsel for Wilmington Savings Fund: Theron S Covey     tcovey@raslg.com, sferry@raslg.com
Interested Party: Dane W Exnowski     dane.exnowski@mccalla.com,
bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
U.S. Trustee: Michael Jones     michael.jones4@usdoj.gov
U.S. Trustee: Ron Maroko     ron.maroko@usdoj.gov
Counsel for Ajax Mortgage: Joshua L Scheer     jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
Subchapter V Trustee: Mark M Sharf (TR)     mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
Interested Party: Michael L Wachtell     mwachtell@buchalter.com
U.S. Bank: John P. Ward     jward@attleseystorm.com, ezhang@attleseystorm.com
Interested Party: Paul P Young     paul@cym.law, jaclyn@cym.law
Counsel for First Amendment Wendriger Family Trust dated May 7, 1990: Clarisse Young
youngshumaker@smcounsel.com, levern@smcounsel.com
Interested Party: Roye Zur     rzur@elkinskalt.com,
cavila@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com

2. **SERVED BY UNITED STATES MAIL**:

U.S. Trustee
Attn: Ron Maroko, Esq.
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017

Subchapter V Trustee
Mark M. Sharf
6080 Center Drive #600
Los Angeles, CA 90045

**SECURED CREDITORS:**

CCO Mortgage Corp.
Attn: Bankruptcy
10561 Telegraph Rd
Glen Allen, VA 23059

Chase Mortgage
BK Department
Mail Code LA4 5555
700 Kansas Ln
Monroe, LA 71203

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                   F 9013-3.1.PROOF.SERVICE

Fay Servicing Llc
Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680

Mrc/united Wholesale M
Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261

Selene Finance
Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101

Shellpoint Mortgage Servicing
Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603

Toyota Financial Services
Attn: Bankruptcy
Po Box 259001
Plano, TX 75025

Toyota Motor Credit Corp.
PO Box 9013
Addison, TX 75001 (Address from POC)

Ericka and Joseph Vago
c/o Brian Procel
Procel Law
401 Wilshire Blvd., 12th Floor
Santa Monica, CA 90401 (Address from POC)

Ericka and Joseph Vago
124 N. Highland Ave
Sherman Oaks, CA 91423

Fay Servicing LLC
Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680

U.S. Bank
c/o Fay Servicing, LLC
PO Box 814609
Dallas, TX 75381

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

Fiore Racobs & Powers
c/o Palm Springs Country Club HOA
6820 Indiana Ave., Ste 140
Riverside, CA 92506

Gestetner Charitable Remainder Trust
c/o Andor Gestetner
1425 55th Street
Brooklyn, NY 11219

Los Angeles County Tax Collector
Bankruptcy Unit
PO Box 54110
Los Angeles, CA 90054-0027 (Address from POC)

Mrc/united Wholesale M
Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261

Selene Finance
Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101

Shellpoint Mortgage Servicing
Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603

Toyota Financial Services
Attn: Bankruptcy
Po Box 259001
Plano, TX 75025

Wilmington Savings Fund Society
c/o Selene Finance LP
3501 Olympus Blvd., Ste. 500
Dallas, TX 75019 (Address from POC)

U.S. Bank Trust National Bank
c/o Fay Servicing LLC
PO Box 814609
Dallas, TX 75381 (Address from POC)

U.S. Bank N.A.
c/o Nationstar Mortgage LLC
Attn: Bankruptcy Dept.
PO Box 619096
Dallas, TX 75261 (Address from POC)

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                        F 9013-3.1.PROOF.SERVICE

JP Morgan Mortgage Acquisition
c/o NewRez LLC dba Shellpoint Mortgage Servicing
PO Box 10826
Greenville, SC 29603 (Address from POC)

Ajax Mortgage Loan Trust
c/o Gregory Funding LLC
PO Box 230579
Tigard, OR 97281 (Address from POC)

**20 LARGEST UNSECURED CREDITORS AND INTERESTED PARTIES:**

Andor Gestetner
c/o Law Offices of Jacob Unger
5404 Whitsett Ave Ste. 182
Valley Village, CA 91607

Bank of America
Attn: Bankruptcy
4909 Savarese Circle
Tampa, FL 33634

Bank of America
PO Box 673033
Dallas, TX 75267 (Address from POC)

Barclays Bank Delaware
Attn: Bankruptcy
Po Box 8801
Wilmington, DE 19899

California Bank & Trust
Po Box 711510
Santee, CA 92072

CCO Mortgage Corp.
Attn: Bankruptcy
10561 Telegraph Rd
Glen Allen, VA 23059

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

Chase Card Services
Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850

Chase Doe

143 S. Highland Drive
Los Angeles, CA 90036

Chase Mortgage
BK Department
Mail Code LA4 5555
700 Kansas Ln
Monroe, LA 71203

Citibank
Attn: Bankruptcy
P.O. Box 790034
St Louis, MO 63179

Franklin H. Menlo Irrevocable Trust
c/o Willkie Farr & Gallagher LLP
Attn: Alex M. Weingarten, Esq.
2029 Century Park East, Suite 3400
Los Angeles, CA 90067

Robert & Esther Mermelstein
c/o Baruch C. Cohen, Esq.
4929 Wilshire Blvd., Ste 940
Los Angeles, CA 90010 (Address from POC)

Franklin Menlo, Trustee
c/o Paul P. Young & Chora Young & Manasserian
650 Sierra Madre Villa Ave. Ste. 304
Pasadena, CA 91107 (Address from POC)

Jacob Rummitz
315 N. Martel Avenue
Los Angeles, CA 90036

Jeffrey Siegel, Successor Trustee
of the Hubert Scott Trust
c/o Oldman, Cooley, Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2408

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                F 9013-3.1.PROOF.SERVICE

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA 90071

Oldman, Cooley, and Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2408

Sandra Layton
161 N. Poinsettia Place
Los Angeles, CA 90036

First Amendment  Wendriger Faimly Trust Dated May 7, 1990
c/o Clarisse Young Shumaker, Esq.
280  S. Beverly Dr. Ste. 505
Beverly Hills, CA 90212

Jeffry Siegel, Successor Trsutee
c/o Oldman, Cooley, Sallus
161133 Ventura Blvd., Penthouse Suite
Encino, CA 91436 (Address from POC)

Gestener Family Trust
Andor Gestetner
c/o  Michael I. Gottfried
10345 W. Olympic Blvd.,
Los Angeles, CA 90064 (Address from POC)

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE