MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Boulevard, 6th Floor
Beverly Hills, California 90212
T: 1.310.271.6223 | F: 1.310.271.9805
E: michael.berger@bankruptcypower.com

*Proposed* Counsel for Debtor
Leslie Klein

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| **In re** | Case No.: 2:23-bk-10990-SK |
| | Chapter 11 |
| **LESLIE KLEIN,** | **DEBTOR'S OPPOSITION TO MOTION TO DISALLOW DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION PURSUANT TO 11 U.S.C. § 522(q); DECLARATION OF LESLIE KLEIN IN SUPPORT THEREOF** |
| **Debtor.** | |
| | **Date:** May 17, 2023 |
| | **Time:** 9:00 a.m. |
| | **Place:** Courtroom 1575 United States Bankruptcy Court |
| | 255 East Temple Street Los Angeles, CA 90012 |

**TO THE HONORABLE SANDRA R. KLEIN, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, TO THE UNITED STATES TRUSTEE AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

Movants Erica and Joseph Vago's ("Movant") Motion to Disallow Debtor's Claim of Homestead Exemption Pursuant to 11 U.S.C. § 522(q) (the "Motion") should be denied. Movants have not sustained their burden to establish that Debtor should be denied his homestead exemption pursuant to 11 U.S.C. § 522(q), as there is no case law

1

1    in the 9th circuit that support's Movant's application of 11 U.S.C. § 522(q), and

2    Debtor's homestead is necessary for the Debtor's support.

3        The Movants' Motion asks the Court to disallow the Debtor's homestead

4    objection on Debtor's primary residence located at 322 N. June Street, Los Angeles, CA

5    90004 ("Debtor's Primary Residence"). The Movants' requested relief is based on

6    Movants' interpretation of 11 U.S.C. § 522(q)(1)(B)(ii), based on decisions in the

7    Bankruptcy Court in Texas, which Movant asserts reduces any state law homestead

8    exemption to $189,050.00 where debtor owes a debt arising from fraud, deceit, or

9    manipulation in a fiduciary capacity. (See Movant's Motion, Page 3, Lines 4-6).

10        There is no legal authority to deny Debtor's homestead exemption in the 9th

11    Circuit. The controlling authority is the U.S. Supreme Court case <u>Law v. Seigel</u>, which

12    only extends the application of 11 U.S.C. § 522(q) to the sale of securities. There is no

13    case law in the 9th Circuit which interprets 11 U.S.C. § 522(q), however different

14    jurisdictions have taken different approaches to how Section 522 should be applied in

15    similar circumstances. Some Courts do not believe that Section 522(q) applies in

16    California or any opt-out states. Additionally, Debtor asserts the applicable reasonable

17    necessity defense that pursuant to Section 522(q)(2), Paragraph (1) shall not apply to the

18    extent the amount of an interest in property described in subparagraphs (A), (B), (C),

19    and (D) of subsection (p)(1) is reasonably necessary for the support of the debtor and

20    any dependent of the debtor (emphasis added). The Debtor is a 75 year-old man who is

21    at the end of his career with over $80,000,000.00 in debt, who supports his wife.

22    Debtor's homestead exemption is necessary for the support of the Debtor and his wife,

23    as the Debtor is insolvent and Debtor's I and J indicate his income does not cover his

24    regular expenses.

25    ///

26    ///

27    ///

2

## III.  ARGUMENT AND APPLICABLE LEGAL AUTHORITY

### A.  *Law v. Seigel is the Only Applicable Legal Authority in the 9th Circuit*

As Movants' point out, there is no case law in the 9th Circuit that has interpreted 11 U.S.C. § 522(q). The binding authority in the 9th Circuit that discusses Section 522(q) is the U.S. Supreme Court decision in *Law v. Siegel*, 571 U.S. 415 (2014). Although the main issue in *Law v. Siegel* was the surcharge of Debtor's homestead exemption, the Supreme Court in that case specifically equated the denial of the homestead exemption under Section 522(q) to the surcharge of the homestead exemption (*Law v. Siegel*, 571 U.S. 415, 134 S. Ct. 1188, 1196 (2014)). Specifically, the Supreme Court in *Law v. Siegal* interpreted Section 522(q), as follows:

> "§ 522(q) caps a debtor's homestead exemption at approximately $150,000 (but does not eliminate it entirely) where the debtor has been convicted of a felony that shows "that the filing of the case was an abuse of the provisions of" the Code, or where the debtor owes a debt arising from specified wrongful acts—such as securities fraud, civil violations of the Racketeer Influenced and Corrupt Organizations Act, or "any criminal act, intentional tort, or willful or reckless misconduct that caused serious physical injury or death to another individual in the preceding 5 years." § 522(q) and note following § 522. The Code's meticulous—not to say mind-numbingly detailed—enumeration of exemptions and exceptions to those exemptions confirms that courts are not authorized to create additional exceptions. See Hillman v. Maretta, 569 U.S. 483, 496, 133 S.Ct. 1943, 1953, 186 L.Ed.2d 43 (2013); TRW Inc. v. Andrews, 534 U.S. 19, 28-29, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001).

(*Law v. Siegal* at 1196)

The Supreme Court did not extend the application of Section 522(q) to extend beyond the specified wrong acts of "**securities fraud, civil violations of**

3

the Racketeer Influenced and Corrupt Organizations Act, or "any criminal act, intentional tort, or willful or reckless misconduct that caused serious physical injury or death to another individual in the preceding 5 years...."

(*Law v. Siegal* at 1196)

*Law v. Siegal* is the only binding authority in the 9th Circuit, and as such Debtor's alleged conduct does not fall within Section 522(q).

B. ***Other Jurisdictions Have Conflicting Interpretations of 11 U.S.C. § 522(q) and Therefore Should Not Apply***

There is a large disparity in other districts as to the interpretation of Section 522(q) and when a debtor's homestead exemption should be reduced.

1. *In re McNabb*, 326 BR 785 - Bankr. Court, D. Arizona 2005

In *In re McNabb*, an Arizona Bankruptcy Court held that Section 522(q) only applies in states that are not "opt-out" states. (*In re McNabb*, 326 BR 785 - Bankr. Court, D. Arizona 2005). The *McNabb* Court discussed that "§ 522(q) provides that "as a result of electing under subsection (b)(3)(A) to exempt property under state or local law, debtor may not exempt" more than $125,000 if he has been convicted of a felony or owes a debt arising from securities fraud, breach of fiduciary duty, etc. What gives special significance to this "as a result of electing" language is new Code § 727(a)(12), which requires denial of the discharge if the court makes two findings: (A) that § 522(q)(1) "may be applicable to the debtor," and (B) there is pending a proceeding in which the debtor may be found guilty of a felony or liable for a debt of the kind described in 522(q)(1). Subparagraph A of § 727(a)(12) necessarily implies that § 522(q)(1) "may be applicable" to some debtors and not to others, because such applicability is a discrete finding the court is required to make. Subparagraph B of § 727(a)(12) necessarily implies that the determination under (A) — whether § 522(q)(1) may be applicable to the debtor — is something separate and distinct from the finding

1  that there is pending a proceeding in which the debtor may be found guilty of a felony

2  or liable for a debt of the kind described there.

3    "What would make § 522(q)(1) applicable, or not applicable, to a debtor other

4  than the pendency of such a proceeding? Other than the pendency of such a proceeding,

5  the only other factor that could determine whether § 522(q)(1) "may be applicable" to a

6  debtor is whether a debtor elects to claim state exemptions. A court would not need a

7  hearing to find reasonable cause to believe that a debtor has elected state exemptions in

8  states where no such election is available. If Congress had intended to deny the

9  discharge to all debtors who were the subject of pending criminal or civil proceedings of

10  the kind described in § 522(q)(1), there would have been no need to require a separate

11  finding that § 522(q)(1) "may be applicable" to a debtor. The statute clearly requires two

12  triggers for this rule, and the only thing the first one can refer to is a debtor's election of

13  state exemptions, in a state where such an election is available. (*McNabb* at 790-791)

14    "The cap applies only "as a result of electing." Where there is no election, the cap

15  cannot be the result. Because Arizona is an opt out state that does not permit debtors to

16  make any elections of which exemptions to claim, the $125,000 cap of Code § 522(p) is

17  not implicated." (*McNabb* at 791)

18    The McNabb court held that neither § 522(p) or § 522(q) apply to debtors

19  claiming Arizona's homestead exemption. The court reached this result by focusing on

20  the phrase "as a result of electing under subsection (b)(3)(A) to exempt property under

21  state or local law, a debtor may not exempt . . ." Reading this clause literally and

22  narrowly, **McNabb concluded that these sections can only apply to debtors who live

23  in states which allow debtors in bankruptcy to utilize either state or federal

24  exemptions.** 326 B.R. at 791. The court recognized that this interpretation would result

25  in these sections being applicable in only the two states, Texas and Minnesota, which

26  allow debtors to choose between federal and state exemptions, and also allow

27  homestead exemptions in excess of $125,000. McNabb recognized that "it makes little

5

sense to limit the cap to the few remaining opt out states, nor to permit debtors to shield assets by obtaining a homestead in some other state merely because that state precludes the alternative of claiming far less generous federal exemptions." Nevertheless, the court held that the language unambiguously limits application of these sections to non opt-out states. The McNabb decision is supportable based on the language as drafted, interpreted using narrow rules of statutory construction. Id. at 791.

If this Court chooses to follow the *McNabb* decision, then since California is also an "opt-out" state, then Section 522(q) does not apply to limit the Debtor's homestead exemption to a lowered amount.

### 2. *In re Presto*, 376 BR 554 - Bankr. Court, SD Texas 2007

Movant relies on *In re Presto*, 376 BR 554 (Bankr. Court, SD Texas 2007), which is not controlling authority in the 9th Circuit. In *In re Presto*, the Committee interpreted § 522(q)(1)(B)(ii), based on the placement of commas, or the lack thereof, to mean that the phrase "in a fiduciary capacity or in connection with the purchase or sale of any security registered under section 12 or 15(d) of the Securities and Exchange Act of 1934 or under section 6 of the Securities Act of 1933" modifies only "manipulation" and does not apply to "fraud" or "deceit." In other words, the Committee contended that a debt arising out of any kind of fraud or deceit is sufficient for § 522(q)(1)(B)(ii). The Court in Presto disagreed (at 590-591)

The Presto Court held, similar language appears in §§ 523(a)(19)(A)(i) and (ii), which except from discharge any debt that is for:

(i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or

(ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security

(Presto at 591)

This section added a new type of nondischargeable debt as part of the Sarbanes-Oxley Act of 2002, Pub.L. No. 107-204, § 803(3), 116 Stat. 745. *Sherman v. SEC (In re Sherman)*, 491 F.3d 948, 974, 2007 U.S.App. LEXIS 15833, at *70 (9th Cir. July 3, 2007); *Smith v. Gibbons (In re Gibbons), 289* B.R. 588, 589 (Bankr. S.D.N.Y.2003). The addition of § 523(a)(19) was designed to close a "loophole" which allowed debtors convicted of securities fraud or other securities violations to discharge the debt owed to their victims. *Gibbons*, 289 B.R. at 592 (citing comments of Senator Patrick Leahy, 148 CONG REC. S 1787 (daily ed. March 12, 2002) and the Committee Report, S. Rrp. No. 107-146 (2002)). The purpose of adding § 523(a)(19) was not to prevent the discharge of a debt arising from any common law fraud, but only those debts arising from securities related fraud.

Sections 522(q)(1)(B)(ii) and 523(a)(19) contain similar language, the difference being that Congress inserted the phrase "in a fiduciary capacity" between "fraud, deceit or manipulation" and "the purchase or sale of any security." 11 U.S.C. § 522(q)(1)(B)(ii). **Congress has consistently linked the phrase "fraud, deceit or manipulation" to securities violations**[1]. Thus, instead of accepting the Committee's interpretations of § 522(q)(1)(B)(ii), the Texas Court extended its interpretation of Section 522(q) to require that the "fraud, deceit, or manipulation" must have occurred while the Debtor was acting either in a fiduciary capacity or in connection with the purchase or sale of any registered security. (*Presto* at 593)

///

///

---

[1] The language "fraud, deceit, or manipulation" has been used by Congress in other instances, each within the context of securities regulation. For example, the Securities Enforcement Remedies and Penny Stock Reform Act of 1990, Pub.L. No. 102-409 § 101, 104 Stat. 931, 932-33 (codified at 15 U.S.C. § 77t(d)), has a multi-tiered penalty system that includes the phrase "fraud, deceit, manipulation, or a deliberate or reckless disregard of a regulatory requirement." 15 U.S.C. § 77t(d)(2)(B); see also SEC v. Kern, 425 F.3d 143, 153 (2nd Cir.2005). Section 804 of the Sarbanes-Oxley Act extended the statute of limitations to bring claims for "fraud, deceit, manipulation or contrivance in contravention of a regulatory requirement concerning the securities laws." Newby v. Enron (In re Enron Corp Secs.), 465 F.Supp.2d 687, 711 (S.D.Tex.2006).

A. *In re Presto*, Debtor's Necessity Defense

In the Court is inclined to adopted the same analysis in *Presto*, although it is not binding on the 9th Circuit and this Court, *Presto* also includes a "Debtor's Necessity Defense", which the Court should adopt as well.

*Presto's* interpretation of Section 522(q), the Texas Bankruptcy Court stated Section 522(q)(2) provides that:

"Paragraph (1) shall not apply to the extent the amount of an interest in property described in subparagraphs (A), (B), (C), and (D) of subsection (p)(1) is reasonably necessary for the support of the debtor and any dependent of the debtor (emphasis added)."

11 U.S.C. § 522(q)(2)

The debtor in *Presto* argued that the Debtor's primary residence and by extension the homestead exemption is "reasonably necessary" for the Debtor and his dependent's support. The *Presto* Court established, the test under § 522(q) is whether the equity in the homestead is reasonably necessary for the support of the Debtor or his children. (*Presto* at 599).

The Court draws its analysis of the § 522(q)(2) exception from cases interpreting the phrase "reasonably necessary for the support of the debtor" in §§ 522(d)(10) and (11). "Determination of the quantum that is needed for support is entrusted to the sound discretion of the bankruptcy court." *Carmichael v. Osherow (In re Carmichael)*, 100 F.3d 375, 380 (5th Cir.1996). "The `reasonably necessary' standard requires that the Court take into account other income and exempt property of the debtor, present and anticipated, and that the appropriate amount to be satisfied for the debtor ought to be sufficient to sustain basic needs, not related to his former status in society or the lifestyle to which he is accustomed, but taking into account the special needs of the debtor." *In re Grant*, 40 B.R. 612, 613-14 (Bankr.N.D.Tex.1984) (citing *In re Taff*, 10 B.R. 101, 107 (Bankr.D.Conn.1981)); see also *In re Goff*, 706 F.2d 574, 580 n. 15 (5th

8

1  Cir.1983) (reversed on other grounds) (citing *In re Kochell*, 26 B.R. 86 (Bankr.

2  W.D.Wis.1982)) (listing age, health, future earnings capacity, and necessary

3  expenditures as factors for the court to consider).

4      The *Presto* Court determined that the debtor's equity in the primary residence

5  was not reasonably necessary for his and his children's support. At the time of Debtor's

6  bankruptcy case, the debtor in *Presto* was employed by Bear Energy, a subsidiary of

7  Bear Stearns Companies Inc. He made an annual salary of $175,000.00 and, pursuant to

8  the terms of his employment agreement, was guaranteed a bonus of $100,000.00 after

9  his first year of employment. In addition to the generous base salary, the Debtor had the

10  ability to earn more bonuses in the future. (*Presto* at 599).  The Court in *Presto* stated

11  the debtor was "stubbornly holding on to his previous lifestyle in the heady days of pre-

12  bankruptcy Enron". (*Presto* at 599).  The *Presto* Court did not find it reasonably

13  necessary for the debtor to live in a two-story 3400 square foot house in a gated

14  community with a country club; the Court found the debtor's previous lifestyle far

15  exceeded his "basic needs." The *Presto* Court held, in Houston, Texas in the year 2007,

16  there are ample living options for far less than $521,800.00. Thus, in light of the

17  debtor's substantial income and future earning capacity, the *Presto* Court found that the

18  equity in the debtor's primary residence was not reasonably necessary for the support of

19  the Debtor and his children. (*Presto*, at 599)

20      The facts in this Debtor's case are substantially different. Debtor, is a 75 year-old

21  attorney who is at the end of his career with diminished earning capacity as he gets

22  older. Debtor's claimed homestead exemption is $678,391.00. In the city of Los

23  Angeles, it will be very difficult for the Debtor to buy a new home for $678,391.00. The

24  Debtor is not seeking to hold onto his "previous lifestyle" but is merely trying to protect

25  his homestead exemption given the over $30,000,000 of debts and the financial

26  difficulties the Debtor is currently facing. If the Court is inclined to follow the *Presto*

27

28

9

decision, Debtor has a necessity to maintain his homestead exemption which is absolutely necessary given the age and earning capacity of the Debtor.

### IV.    CONCLUSION

Debtor Leslie Klein respectfully requests that this Court deny Movants' Motion to Disallow Claim of Homestead Exemption, or in the alternative set an evidentiary hearing for the parties to further brief the issue, and for any other relief deemed necessary and proper.

LAW OFFICES OF MICHAEL JAY BERGER

Dated: May 3, 2023  By: _____

Michael Jay Berger
*Proposed* Counsel for Leslie Klein

10

## DECLARATION OF LESLIE KLEIN

I, Leslie Klein, declare as follows:

1.      I am the Debtor and Debtor-in-Possession (the "Debtor"). I am over the age of 18. I have personal knowledge of the facts stated herein, and if I were to be called as a witness, I could and would competently testify about what I have written in this declaration.

2.      My primary residence is located at 322 N. June Street, Los Angeles, CA 90004 ("Debtor's Primary Residence"). In my Schedule C, I claimed a homestead exemption under C.C.P. § 704.730 of $679,391.00. A true and correct copy of my Schedule C is attached hereto as **Exhibit "1."**

3.      I am a 75 year-old man who is at the end of my career with over $30,000,000.00 in debt. I also support my wife. Given my financial situation, my homestead exemption is necessary for the support of my wife and I. I am insolvent and my Schedules I and J indicate my income does not cover my regular expenses. A true and correct copy of my Schedules I and J are attached hereto as **Exhibit "2."**

4.      In the city of Los Angeles, it will be very difficult for me to buy a new home for $678,391.00. I am not seeking to hold onto my "previous lifestyle" but I am merely trying to protect my homestead exemption given the over $80,000,000.00 of debts and the financial difficulties I am currently facing.

5.      I have a necessity to maintain my homestead exemption which is absolutely necessary given my age and earning capacity.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on May 3, 2023, at Los Angeles, California.

Leslie Klein

11

DEBTOR'S OPPOSITION TO MOTION TO DISALLOW DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION PURSUANT
TO 11 U.S.C. § 522(q); DECLARATION OF LESLIE KLEIN IN SUPPORT THEREOF

# EXHIBIT 1

Debtor 1    **Leslie Klein**                                                                   Case number (if known)    **2:23-bk-10990-SK**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Books and art objects**<br>Line from *Schedule A/B*: 8.1 | $4,000.00 | ■ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.040 |
| **Sports and Hobyy equipment**<br>Line from *Schedule A/B*: 9.1 | $2,000.00 | ■ $2,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **Debtor's residence: Clothes and shoes**<br>Line from *Schedule A/B*: 11.1 | $2,000.00 | ■ $2,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **Debtor's residence: Furs, diamond ring, gold necklace, diamond earrings,  gold rings and costume jewelry**<br>Line from *Schedule A/B*: 12.1 | $20,000.00 | ■ $9,525.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.040 |

3   **Are you claiming a homestead exemption of more than $189,050?**
(Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)

☐   No

■   Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

    ■   No

    ☐   Yes

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Leslie Klein** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number    **2:23-bk-10990-SK**
(if known)

☐ Check if this is an amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt
4/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

### Part 1:    Identify the Property You Claim as Exempt

1. Which set of exemptions are you claiming? *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **322 N. June Street Los Angeles, CA 90004  Los Angeles County Debtor's principal residence; paid in full. The property is held in the marital deduction trust. The Debtor's current spouse, Barbara Klein, has a life estate interest in the residence.** Line from *Schedule A/B*: 1.1 | $2,450,000.00 | ☑ $678,391.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.730 |
| **Debtor's residence: Debtor's residence: Couches, coffee tables, dining room table with chairs, mattresses with bedframes, wall mirrors, desk with chairs, lamps, rugs, dressers, kitchen table, patio furniture,  cabinets, refrigerators, and other household g** Line from *Schedule A/B*: 6.1 | $8,000.00 | ☑ $8,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **TVs, phones, computers** Line from *Schedule A/B*: 7.1 | $3,000.00 | ☑ $3,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |

EXHIBIT 2

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Leslie Klein** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | **2:23-bk-10990-SK** |

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:

MM / DD/ YYYY

## Official Form 106I

### Schedule I: Your Income
12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1. Fill in your employment information.

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ■ Employed<br>☐ Not employed | ☐ Employed<br>■ Not employed |
| Occupation | **Attorney** | |
| Employer's name | **Leslie Klein & Associates, Inc.** | |
| Employer's address | **14245 Ventura Blvd., #301<br>Sherman Oaks, CA 91423** | |
| How long employed there? | **50 years** | |

### Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ 0.00 | $ 0.00 |
| 3. | Estimate and list monthly overtime pay. | 3. +$ 0.00 | +$ 0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. $ 0.00 | $ 0.00 |

Debtor 1    **Leslie Klein**                                          Case number (if known)    **2:23-bk-10990-SK**

|  |  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | Copy line 4 here | 4. | $ 0.00 | $ 0.00 |
| 5. | List all payroll deductions: | | | |
| | 5a. Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ 0.00 |
| | 5b. Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ 0.00 |
| | 5c. Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ 0.00 |
| | 5d. Required repayments of retirement fund loans | 5d. | $ 0.00 | $ 0.00 |
| | 5e. Insurance | 5e. | $ 0.00 | $ 0.00 |
| | 5f. Domestic support obligations | 5f. | $ 0.00 | $ 0.00 |
| | 5g. Union dues | 5g. | $ 0.00 | $ 0.00 |
| | 5h. Other deductions. Specify: | 5h.+ | $ 0.00 + | $ 0.00 |
| 6. | Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 0.00 | $ 0.00 |
| 7. | Calculate total monthly take-home pay. Subtract line 6 from line 4. | 7. | $ 0.00 | $ 0.00 |

8. List all other income regularly received:

8a. Net income from rental property and from operating a business, profession, or farm
Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | 8a. | 8a. | $ 1,800.00 | $ 0.00 |
| | 8b. Interest and dividends | 8b. | $ 0.00 | $ 0.00 |

8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive
Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.

| | | 8c. | $ 0.00 | $ 0.00 |
|---|---|---|---|---|
| | 8d. Unemployment compensation | 8d. | $ 0.00 | $ 0.00 |
| | 8e. Social Security | 8e. | $ 3,333.00 | $ 0.00 |

8f. Other government assistance that you regularly receive
Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
Specify:

| | | 8f. | $ 0.00 | $ 0.00 |
|---|---|---|---|---|
| | 8g. Pension or retirement income | 8g. | $ 0.00 | $ 0.00 |
| | 8h. Other monthly income. Specify: **Rental Income from Martel Property** | 8h.+ | $ 5,500.00 + | $ 0.00 |
| | **Rental Income from Highland Property** | | $ 4,000.00 | $ 0.00 |
| | **Rental Income from Poinsettia Property** | | $ 3,000.00 | $ 0.00 |
| 9. | Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 17,633.00 | $ 0.00 |

10. Calculate monthly income. Add line 7 + line 9.
Add the entries in line 10 for Debtor 2 and Debtor 2 or non-filing spouse.

10. $ 17,633.00 + $ 0.00 = $ 17,633.00

11. State all other regular contributions to the expenses that you list in *Schedule J*.
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
Specify:

11. +$ 0.00

12. Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related Data, if it applies

12. $ 17,633.00

**Combined monthly income**

13. Do you expect an increase or decrease within the year after you file this form?

☐ No.

■ Yes. Explain:    Debtor intends to sell one or more of his assets to be able to make the payments to his creditors and to successfully reorganize.

Fill in this information to identify your case:

Debtor 1    **Leslie Klein**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number    **2:23-bk-10990-SK**
(If known)

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

MM / DD / YYYY

Official Form 106J                                                                                    12/15
# Schedule J: Your Expenses

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Your Household

1.  Is this a joint case?

    ■ No. Go to line 2.
    ☐ Yes. Does Debtor 2 live in a separate household?

        ☐ No
        ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.  Do you have dependents?    ■ No

    Do not list Debtor 1 and    ☐ Yes.    Fill out this information for
    Debtor 2.                              each dependent..............

    Do not state the
    dependents names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |

3.  Do your expenses include    ■ No
    expenses of people other than    ☐ Yes
    yourself and your dependents?

## Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

**Your expenses**

4.  The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot.                                4. $ _____ 0.00

    If not included in line 4:

    4a.    Real estate taxes                                                    4a. $ _____ 1,250.00
    4b.    Property, homeowner's, or renter's insurance                        4b. $ _____ 333.00
    4c.    Home maintenance, repair, and upkeep expenses                       4c. $ _____ 350.00
    4d.    Homeowner's association or condominium dues                         4d. $ _____ 0.00
5.  Additional mortgage payments for your residence, such as home equity loans   5. $ _____ 0.00

Official Form 106J                    Schedule J: Your Expenses                    page 1

Debtor 1   __Leslie Klein__                                   Case number (if known)   __2:23-bk-10990-SK__

| | | | |
|---|---|---|---|
| 6. | Utilities: | | |
| | 6a. Electricity, heat, natural gas | 6a. $ | 1,800.00 |
| | 6b. Water, sewer, garbage collection | 6b. $ | 0.00 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 200.00 |
| | 6d. Other. Specify: | 6d. $ | 0.00 |
| 7. | Food and housekeeping supplies | 7. $ | 2,000.00 |
| 8. | Childcare and children's education costs | 8. $ | 0.00 |
| 9. | Clothing, laundry, and dry cleaning | 9. $ | 100.00 |
| 10. | Personal care products and services | 10. $ | 100.00 |
| 11. | Medical and dental expenses | 11. $ | 200.00 |
| 12. | Transportation. Include gas, maintenance, bus or train fare. Do not include car payments. | 12. $ | 400.00 |
| 13. | Entertainment, clubs, recreation, newspapers, magazines, and books | 13. $ | 150.00 |
| 14. | Charitable contributions and religious donations | 14. $ | 0.00 |
| 15. | Insurance. Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. $ | 0.00 |
| | 15b. Health insurance | 15b. $ | 0.00 |
| | 15c. Vehicle insurance | 15c. $ | 500.00 |
| | 15d. Other insurance. Specify: | 15d. $ | 0.00 |
| 16. | Taxes. Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. $ | 0.00 |
| 17. | Installment or lease payments: | | |
| | 17a. Car payments for Vehicle 1 | 17a. $ | 1,319.00 |
| | 17b. Car payments for Vehicle 2 | 17b. $ | 500.00 |
| | 17c. Other. Specify: __Mortgage for Martel Rental__ | 17c. $ | 10,854.00 |
| | 17d. Other. Specify: __Mortgage for Highland Rental__ | 17d. $ | 10,729.00 |
| | __Mortgage for Poinsettia Rental__ | $ | 10,215.00 |
| | __Mortgage for Whitewater Club Drive Property__ | $ | 433.00 |
| | __Property Tax for Whitewater Club Drive Property__ | $ | 100.00 |
| | __Mortgage for Ocean Drive Property__ | $ | 8,813.00 |
| | __Leonardo Plaza Hotel Maintenance Expenses__ | $ | 2,500.00 |
| 18. | Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I). | 18. $ | 0.00 |
| 19. | Other payments you make to support others who do not live with you. Specify: | 19. | 0.00 |
| 20. | Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income. | | |
| | 20a. Mortgages on other property | 20a. $ | 0.00 |
| | 20b. Real estate taxes | 20b. $ | 0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | Other: Specify: | 21. +$ | 0.00 |
| 22. | Calculate your monthly expenses | | |
| | 22a. Add lines 4 through 21. | $ | 52,846.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | $ | 52,846.00 |
| 23. | Calculate your monthly net income. | | |
| | 23a. Copy line 12 (your combined monthly income) from Schedule I. | 23a. $ | 17,633.00 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | 52,846.00 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your monthly net income. | 23c. $ | -35,213.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☐ No.

■ Yes. | Explain here: **Debtor intends to sell one or more of his assets to be able to make the payments to his creditors and to successfully reorganize.**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9454 Wilshire Blvd., 6th FL., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S OPPOSITION TO MOTION TO DISALLOW DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION PURSUANT TO 11 U.S.C. SECTION 522(Q); DECLARATION OF LESLIE KLEIN IS SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _5/3/2023___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) __5/3/2023___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _5/3/2023____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Honorable Sandra Klein
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1582 / Courtroom 1575
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/3/2023 | Peter Garza | /s/Peter Garza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Goe Forsythe & Hodges: Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
**Goe Forsythe & Hodges Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
**Interested Party: Alan G Tippie**    Alan.Tippie@gmlaw.com,
atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com, denise.walker@gmlaw.com
**Debtor's Counsel: Michael Jay Berger**    michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
**Interested Party: Greg P Campbell**    ch11ecf@aldridgepite.com,
gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
**Counsel for Wilmington Savings Fund: Theron S Covey**    tcovey@raslg.com, sferry@raslg.com
**Interested Party: Dane W Exnowski**    dane.exnowski@mccalla.com,
bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
**U.S. Trustee: Michael Jones**    michael.jones4@usdoj.gov
**U.S. Trustee: Ron Maroko**    ron.maroko@usdoj.gov
**Counsel for Ajax Mortgage: Joshua L Scheer**    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
**Subchapter V Trustee: Mark M Sharf (TR)**    mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com
**United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
**Interested Party: Michael L Wachtell**    mwachtell@buchalter.com
**U.S. Bank: John P. Ward**    jward@attleseystorm.com, ezhang@attleseystorm.com
**Interested Party: Paul P Young**    paul@cym.law, jaclyn@cym.law
**Counsel for First Amendment Wendriger Family Trust dated May 7, 1990: Clarisse Young**
youngshumaker@smcounsel.com, levern@smcounsel.com
Interested Party: **Roye Zur**    rzur@elkinskalt.com,
cavila@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com

2. **SERVED BY UNITED STATES MAIL**:

U.S. Trustee
Attn: Ron Maroko, Esq.
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017

Subchapter V Trustee
Mark M. Sharf
6080 Center Drive #600
Los Angeles, CA 90045

**SECURED CREDITORS:**

CCO Mortgage Corp.
Attn: Bankruptcy
10561 Telegraph Rd
Glen Allen, VA 23059

Chase Mortgage
BK Department
Mail Code LA4 5555
700 Kansas Ln
Monroe, LA 71203

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**

Fay Servicing Llc
Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680

Mrc/united Wholesale M
Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261

Selene Finance
Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101

Shellpoint Mortgage Servicing
Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603

Toyota Financial Services
Attn: Bankruptcy
Po Box 259001
Plano, TX 75025

Toyota Motor Credit Corp.
PO Box 9013
Addison, TX 75001 (Address from POC)

Ericka and Joseph Vago
c/o Brian Procel
Procel Law
401 Wilshire Blvd., 12th Floor
Santa Monica, CA 90401 (Address from POC)

Ericka and Joseph Vago
124 N. Highland Ave
Sherman Oaks, CA 91423

Fay Servicing LLC
Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680

U.S. Bank
c/o Fay Servicing, LLC
PO Box 814609
Dallas, TX 75381

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

Fiore Racobs & Powers
c/o Palm Springs Country Club HOA
6820 Indiana Ave., Ste 140
Riverside, CA 92506

Gestetner Charitable Remainder Trust
c/o Andor Gestetner
1425 55th Street
Brooklyn, NY 11219

Los Angeles County Tax Collector
Bankruptcy Unit
PO Box 54110
Los Angeles, CA 90054-0027 (Address from POC)

Mrc/united Wholesale M
Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261

Selene Finance
Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101

Shellpoint Mortgage Servicing
Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603

Toyota Financial Services
Attn: Bankruptcy
Po Box 259001
Plano, TX 75025

Wilmington Savings Fund Society
c/o Selene Finance LP
3501 Olympus Blvd., Ste. 500
Dallas, TX 75019 (Address from POC)

U.S. Bank Trust National Bank
c/o Fay Servicing LLC
PO Box 814609
Dallas, TX 75381 (Address from POC)

U.S. Bank N.A.
c/o Nationstar Mortgage LLC
Attn: Bankruptcy Dept.
PO Box 619096
Dallas, TX 75261 (Address from POC)

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

JP Morgan Mortgage Acquisition
c/o NewRez LLC dba Shellpoint Mortgage Servicing
PO Box 10826
Greenville, SC 29603 (Address from POC)

Ajax Mortgage Loan Trust
c/o Gregory Funding LLC
PO Box 230579
Tigard, OR 97281 (Address from POC)

## 20 LARGEST UNSECURED CREDITORS AND INTERESTED PARTIES:

Andor Gestetner
c/o Law Offices of Jacob Unger
5404 Whitsett Ave Ste. 182
Valley Village, CA 91607

Bank of America
Attn: Bankruptcy
4909 Savarese Circle
Tampa, FL 33634

Bank of America
PO Box 673033
Dallas, TX 75267 (Address from POC)

Barclays Bank Delaware
Attn: Bankruptcy
Po Box 8801
Wilmington, DE 19899

California Bank & Trust
Po Box 711510
Santee, CA 92072

CCO Mortgage Corp.
Attn: Bankruptcy
10561 Telegraph Rd
Glen Allen, VA 23059

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

Chase Card Services
Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850

Chase Doe

143 S. Highland Drive
Los Angeles, CA 90036

Chase Mortgage
BK Department
Mail Code LA4 5555
700 Kansas Ln
Monroe, LA 71203

Citibank
Attn: Bankruptcy
P.O. Box 790034
St Louis, MO 63179

Franklin H. Menlo Irrevocable Trust
c/o Willkie Farr & Gallagher LLP
Attn: Alex M. Weingarten, Esq.
2029 Century Park East, Suite 3400
Los Angeles, CA 90067

Robert & Esther Mermelstein
c/o Baruch C. Cohen, Esq.
4929 Wilshire Blvd., Ste 940
Los Angeles, CA 90010 (Address from POC)

Franklin Menlo, Trustee
c/o Paul P. Young & Chora Young & Manasserian
650 Sierra Madre Villa Ave. Ste. 304
Pasadena, CA 91107 (Address from POC)

Jacob Rummitz
315 N. Martel Avenue
Los Angeles, CA 90036

Jeffrey Siegel, Successor Trustee
of the Hubert Scott Trust
c/o Oldman, Cooley, Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2408

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

First Amendment  Wendriger Faimly Trust Dated May
7, 1990
c/o Clarisse Young Shumaker, Esq.
280  S. Beverly Dr. Ste. 505
Beverly Hills, CA 90212

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA 90071

Jeffry Siegel, Successor Trsutee
c/o Oldman, Cooley, Sallus
161133 Ventura Blvd., Penthouse Suite
Encino, CA 91436 (Address from POC)

Oldman, Cooley, and Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2408

Gestener Family Trust
Andor Gestetner
c/o  Michael I. Gottfried
10345 W. Olympic Blvd.,
Los Angeles, CA 90064 (Address from POC)

Sandra Layton
161 N. Poinsettia Place
Los Angeles, CA 90036

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

F 9013-3.1.PROOF.SERVICE