MICHAEL JAY BERGER (State Bar # 100291)
**LAW OFFICES OF MICHAEL JAY BERGER**
9454 Wilshire Blvd., 6th Floor
Beverly Hills, CA 90212-2929
Telephone: (310) 271-6223
Facsimile: (310) 271-9805
Michael.berger@bankruptcypower.com

*Proposed* Counsel for Debtor
Leslie Klein

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:23-bk-10990-SK |
| | Chapter 11 |
| LESLIE KLEIN, | **DEBTOR'S OPPOSITION TO MOTION TO DISMISS; DECLARATION OF LESLIE KLEIN IN SUPPORT THEREOF** |
| Debtor and Debtor-in-Possession. | |
| | Date: May 17, 2023 |
| | Time: 9:00 a.m. |
| | Place: Courtroom 1575 |
| | United States Bankruptcy Court |
| | 255 East Temple Street |
| | Los Angeles, CA 90012 |

<u>**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE; CREDITORS ERICA AND JOSEPH VAGO; THE OFFICE OF THE UNITED STATES TRUSTEE; AND OTHER CREDITORS AND PARTIES IN INTEREST:**</u>

Leslie Klein, Debtor and Debtor-in-Possession in the above-entitled Chapter 11 proceeding (hereinafter the "Debtor"), hereby opposes the Motion to Dismiss this case (the "Motion") filed by Creditors Erica and Joseph Vago (the "Vagos'" or "<u>Creditors</u>"), as follows:

///

1

## I.    **INTRODUCTION**

The Vagos' Motion to Dismiss should be denied as the Vagos' have not sustained their burden to establish "cause" for dismissal under 11 U.S.C. § 1112(b). The Vagos' Motion to Dismiss is self-serving since the only creditor who would benefit from the dismissal of the Debtor's case are the Vagos. As described in the Motion to Dismiss, in December 2022 and January 2023, the Vagos' recorded abstracts of judgment in counties in which the Debtor was known to own real property and filed a copy of the judgment with the Secretary of State. (See Vagos' Motion to Dismiss, Page 5, Lines 12-13).  Debtor's chapter 11 bankruptcy case was filed on February 22, 2023 (the "Petition Date"). The Vagos' abstracts were recorded within 90 days of the petition date. The Vagos' abstracts are avoidable preferences pursuant to 11 U.S.C. §§ 547, 550 and 551. The Vagos want the Debtor's case to be dismissed so that their abstracts of judgment are not voided and they do not lose their status as judgement lienholders on all of Debtor's assets. Every other creditor of the Debtor would be severely prejudiced if the Court dismissed the Debtor's Bankruptcy case.

There is no evidence that Debtor's bankruptcy case was filed in bad faith.  The Vagos act as if they are the only creditors of the Debtor. In fact, there are several other creditors with large claims, and numerous pending lawsuits and appeals. So far, 18 proofs of claims have been filed in the Debtor's Bankruptcy case. Debtor listed 24 creditors in his Bankruptcy Schedules. The proofs of claims filed in the Debtor's case are over $80,000,000.00[1]. Filing a chapter 11 petition to stop creditors from collecting on judgments, to appeal disputed State Court judgments, and to file an adversary proceeding to stop an avoidable preference in favor of a creditor is not bad faith. The Debtor has numerous creditors. The Debtor seeks to liquidate some of its assets and propose a plan of

---

[1] Debtor's two largest proofs of claims are Proof of Claim no. 13 filed by the Menlo Trust in the amount of $55,421,823.00 and Proof of Claim no. 11 filed by the Vagos in the amount of $24,880,721.51. Debtor disputes both claims and is appealing both judgments in the State Court.

reorganization to pay back his creditors the full value of his unexempt assets and as much as he can afford.

Continuing with the chapter 11 bankruptcy is in the best interest of all the creditors other than the Vagos. In the Chapter 11, the Debtor's assets are protected by the automatic stay, the preference in favor of the Vagos will be voided, the lenders can be prevented from foreclosing on Debtor's real properties saving significant equity which can be preserved for all creditors.

The Debtor is working on obtaining additional money to fund a Plan. Debtor will be filing a Motion to Employ Broker to sell the Debtor's Highland Property. Life Capital Group, LLC has also filed a Motion for Order Authorizing and Directing Life Capital Group, LLP to Pay Funds to Chapter 11 Bankruptcy Estate [see docket no.: 90]. The Debtor is a practicing attorney who will seek to generate business income to fund his Plan. All of these funds will go towards funding Debtor's Plan which will pay Leslie Klein's creditors. The Vagos' judgment does not support dismissal of the Debtor's case and their Motion to Dismiss is an attempt to secure an unfair advantage over the other creditors of the estate.

In order to provide additional oversight of the Debtor to the Court, Debtor has agreed with the U.S. Trustee to stipulate to the appointment of an Examiner. Debtor believes this additional oversight will give all creditors, including the Vagos' peace of mind that the Debtor seeks to move forward with this case in good faith. Wherefore, Debtor asks that the Court deny the Vagos' Motion to Dismiss and allow the Debtor to continue in his chapter 11 bankruptcy.

## II.     STATEMENT OF FACTS

The Debtor filed his chapter 11 bankruptcy petition on February 22, 2023.

Assets of the Estate:

Debtor has an ownership interest in the following real properties:

1. 322 N. June Street, Los Angeles, CA 90004 which is the Debtor's principal residence.

3

2. 315 N. Martel Avenue, Los Angeles, CA 90036. This is a rental property.

3. 143 S. Highland Drive, Los Angeles, CA 90036. This is a rental property.

4. 161 N. Poinsettia Place, Los Angeles, CA 90036. This is a rental property.

5. 2560 Whitewater Club Drive, Unit B, Palm Springs, CA 92262. This is a vacation home.

6. 3752 Ocean Drive, Oxnard, CA 93035. This is also a vacation home.

7. Debtor has an ownership interest two condominium units in Jerusalem, Israel at the Dan Boutique Hotel and Leonardo Plaza Hotel.

8. Debtor has two leased vehicles, household goods, and an interest in Rechnitiz Capital LLC, Bay Area Development, Co.,

Debtor's Scheduled assets have an estimated total value of $15,754,000.00.

<u>Creditors of the Debtor</u>

Debtor's secured creditors include various mortgage obligations against the real properties, and the lease obligation owed to Toyota Financing Services. The Debtor's scheduled secured claims are estimated at $5,166,381.00.  Debtor's general unsecured creditors include credit card obligations, and three lawsuits: Erica and Joseph Vago vs. Leslie Klein / LASC Case No.: 20STCV25050 (judgment; pending appeal); Franklin H. Menlo Irrevocable Trust v. Leslie Klein / LASC Case No.: BP136769; and Jeffrey Siegel, Successor Trustee of the Hubert Scott Trust v. Leslie Klein / LASC Case No.: BP172432.

The events that precipitated the filing of the case include the pending foreclosure against Debtor's rental property located at 315 N. Martel Avenue, in Los Angeles, CA 90036 and the pending lawsuits.

The Debtor and the Vagos' have been embroiled in a long and contentious legal battle. The Debtor is in the process of appealing the Vagos' judgment.  Dismissing this case will greatly prejudice the Debtor and his ability to reorganize, will result in a windfall for the Vagos', and prevent other creditors from getting paid their proportionate share of Debtor's assets through Debtor's Plan of Reorganization. The Debtor respectfully requests that Movant's Motion to Dismiss be denied.

DEBTOR'S OPPOSITION TO MOTION TO DISMISS;
DECLARATION OF LESLIE KLEIN IN SUPPORT THEREOF

### III.  THE VAGOS' MOTION TO DISMISS AND DEBTOR'S RESPONSES THERETO

No cause exists to dismiss Debtor's bankruptcy case. Section 1112(b) of the Bankruptcy Code provides that the court must dismiss or convert a case, whichever is in the best interests of creditors and the estate, if the movant establishes "cause" and the debtor is unable to produce evidence of unusual circumstances demonstrating that conversion or dismissal is not in the best interests of creditors or the estate and, further, the Debtor cannot establish that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time[2]. 11 U.S.C. §1112(b)(1), (2).

A.  *Debtor's Bankruptcy Case Was Properly Filed to Reorganize the Debtor's Creditors and Serves a Legitimate Purpose*

The Vagos improperly predicate their claim that Debtor's case should be dismissed on the inaccurate allegation that Debtor's case was filed to thwart Vagos' collection efforts. The Vagos are not the only creditors of the Debtor. The Debtor filed the bankruptcy case in order to get a breathing spell from the mounting state court litigation, stop the foreclosure sale of Debtor's real properties, and to sell assets and generate funds to propose a Plan of Reorganization for the benefit of all of the creditors. The Debtor anticipates increased income through life insurance proceeds, the sale of certain assets and through his work as an attorney.

Dismissal of the Debtor's case would only put the creditors in a precarious position where the Vagos would obtain more than all others creditors. The Vagos' explanation of what happened in the related Bay Area Development Co. case (Case No. 2:22-bk-15031-

---

[2] Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act("BAPCPA"), the decision to dismiss or convert a Chapter 11 case upon a showing of cause was discretionary. BAPCPA circumscribed a bankruptcy court's discretion by replacing "may" with "shall" and expressly mandating that the court dismiss or convert if the movant establishes cause. See 7 Alan N. Resnick, COLLIER ON BANKRUPTCY ¶1112.04[1](15TH ed.rev. 2009); see also In re Gateway Access Solutions, Inc., 364 B.R. 556, 560 (Bankr.M.D.Pa.2007) noting that under BAPCPA, the statutory language "has been changed from permissive to mandatory. The amendments to Section 1112 limit the Court's discretion to refuse to dismiss or convert a Chapter 11 case upon a finding of cause."

5

SK) (the "Bay Area Bankruptcy Case"), evidences exactly why the Debtor's case should not be dismissed. After the dismissal of the Bay Area Bankruptcy Case, the lender on a property owned by Bay Area Development Co. conducted a nonjudicial foreclosure where the lender acquired the property worth an estimated $5,000,000.00 for a $2,500,000.00 credit bid. (See Vagos' Motion to Dismiss, Page 7, Lines 9-12). As the Vagos' state, the equity could have gone to the creditors, instead the equity was lost in a foreclosure sale. This clearly evidences why the Debtor's case should not be dismissed, so that the creditors can realize the value of the equity in the Debtor's property.

Through this bankruptcy, the Debtor can properly determine, classify and prioritize his debts and pay them based on their position through a Plan. Additionally, the Debtor has agreed with the U.S. Trustee to stipulate to the appointment of an Examiner in the chapter 11 case to provide additional oversight to the Court and the creditors. The Debtor's chapter 11 case serves a legitimate purpose to reorganize the debts of the estate.

B. *Debtor's Case Was Not Filed in Bad Faith as the Debtor's Case Was Not Filed to Avoid Posting an Appeal Bond in Another Court*

The Vagos allege that the only reason the Debtor filed his bankruptcy case was to avoid posting an appeal bond after the Debtor appealed the Vagos' $24,500,000 judgment against the Debtor. The Debtor's case was filed not only because of numerous pending lawsuits but also to stop foreclosure sales on Debtor's real properties. To the extent Debtor seeks to appeal the Vagos' judgment, Debtor has the right to get a final determination as to the claims against him. The Debtor will also object to the disputed claims that are subject to appeal and will seek to have this Court make a determination as to those disputed claims. The Vagos do not want the Debtor to appeal their judgment because they fear their judgment will be overturned. The Debtor needs this bankruptcy case to allow a final adjudication on all of Debtor's disputed claims.

///

///

///

DEBTOR'S OPPOSITION TO MOTION TO DISMISS;
DECLARATION OF LESLIE KLEIN IN SUPPORT THEREOF

C. *Debtor's Case Should Not Be Dismissed Because All of the Debtor's Debts are Not Non-Dischargable*

The Vagos argue that the Debtor's bankruptcy case serves no legitimate purpose because again the Vagos are only looking at their claim and not at the Debtor's estate as a whole. The Debtor has numerous debts, which not only include the Vagos, but also mortgages on the Debtor's real properties, tax debt owed to the Internal Revenue Service in the amount of $34,510.94 (see Proof of Claim no.: 10) and secured property taxes to the Los Angeles County Treasurer and Tax Collector in the amount of $46,270.14 (see Proof of Claim no.: 3). The Debtor needs time to get current on the mortgages on his real properties, sell some of his assets, and generate funds to propose a Plan to reorganize all of the Debtor's debts. The Debtor's debts are not all non-dischargeable as the Vagos' assert, and thus the Debtor's case does serve a legitimate purpose.

D. *Debtor's Case Should Not Be Dismissed or Converted as Movant Has Not Established Cause Pursuant to 11 U.S.C. § 1112(b)*

Movant alleges that cause exists to dismiss Debtor's case under 11 U.S.C. 1112(b) on the basis of bad faith. As discussed herein, a review of the foregoing factors do not warrant dismissal of the Debtor's instant case.

Chapter 11 provides a breathing spell and an opportunity to reorganize. "One of the primary purposes of Chapter 11 of the bankruptcy laws is the provision of time for debtors to implement plans of payment to creditors without the burden of impending litigation." In re Cooper Properties Liquidating Trust, Inc., 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) (citation omitted). Bankruptcy has two overarching purposes, one equitable and the other rehabilitative. It provides a means for efficient distribution of a debtor's remaining assets to creditors. In addition, it provides an honest debtor a "fresh start" by relieving the debtor of outstanding debts and providing debtor with an opportunity to reorganize his or her affairs. *Westmoreland Human Opportunities v. Walsh*, 246 F.3d 233, 251 (3d Cir. 2001).

As recognized by the Supreme Court in Timbers, a debtor need not make as strong of a showing of likelihood of reorganization during the initial four months of the case as

might be required later. *Timbers, supra*, 484 U.S. at 376, 108 S.Ct. 626. During the early stages of bankruptcy a determination that reorganization is not feasible is not favored, and any uncertainties are resolved in favor of the debtor. *See In re 6200 Ridge, Inc.*, 69 B.R. 837, 843 (Bankr. E.D.Pa. 1987).

The Debtor has not yet had an opportunity to propose a Plan of Reorganization but the Debtor believes that his creditors will receive more through a Chapter 11 Plan of Reorganization, then what they would be able to receive outside of the bankruptcy court if the Debtor's case is dismissed. Most significantly, the Vagos' will be able to foreclose on all of the Debtor's assets, leaving nothing for the remaining creditors.

Dismissal of the case is NOT in the best interest of creditors. Although the Debtor's current income is negative, the Debtor anticipates receiving life insurance proceeds and is seeking to sell some of his assets to fund a Plan.

Upon the commencement of a Chapter 11 bankruptcy case, the debtor becomes a "debtor in possession" with a fiduciary duty to creditors and rights and obligations under federal law. See §§ 1101, 1107. The directors of a debtor-in-possession Chapter 11 corporation bear essentially the same fiduciary obligation to creditors and shareholders as would a trustee for a debtor-out-of-possession. *Wolf v. Weinstein*, 372 U.S. 633, 83 S.Ct. 969, 10 L.Ed. 33 (1963).

The willingness of courts to leave debtors in possession is premised upon an assurance that the officers and managing employees can be depended upon to carry out the fiduciary responsibilities of a trustee. *Commodity Futures Trading Com'n v. Weintraub*, 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed. 372 (1986). When it is shown that the debtor-in-possession has breached its fiduciary duty to the estate, then cause exists for the appointment of a trustee and the bankruptcy court must order the appointment of a trustee. *In re Oklahoma Refining Co.*, 838 F.2d 1133 (10th Cir. 1988). These cases look to the debtor-in-possession to live up to a fiduciary duty owed to the estate or face removal from its position as debtor-in-possession.

DEBTOR'S OPPOSITION TO MOTION TO DISMISS;
DECLARATION OF LESLIE KLEIN IN SUPPORT THEREOF

Section 1185(a) of the Bankruptcy Code requires removal of debtor-in-possession "for cause, including fraud, dishonesty, incompetence or gross mismanagement". A showing has to be made by preponderance of evidence that the debtor-in-possession has breached his duty as a fiduciary of the debtor's estate that warrants his removal. The Vagos' arguments that the Debtor seeks to mismanage the estate property to fund his appeal against the Vagos is speculative and self-serving, and if the Debtor is successful then the money spent on the appeal will only benefit the other creditors of the estate.

In an effort to provide additional transparency to the Court, the Debtor has agreed to have an examiner appointed in the case.   Clearly there is no "cause" proffered by the Vagos that rises to the level for dismissal of the Debtor's case. Debtor also points out that the Vagos specifically are asking for dismissal and not the appointment of a Chapter 11 Trustee or conversion to Chapter 7. Again, this evidences that the dismissal of the Debtor's case is solely for the benefit of the Vagos' and puts all the other creditors at a significant disadvantage. If the Debtor is so nefarious, as the Vagos allege, then they would want the Debtor to remain in the bankruptcy so that the Court can maintain oversight over the Debtor's assets. The Vagos' arguments are disingenuous and the relief sought is solely for the benefit of the Vagos, and to the detriment of all the other creditors of the estate. Wherefore, the Vagos' request to dismiss the Debtor's case should be denied as it is in the best interest of all creditors for the Debtor to remain in this chapter 11 bankruptcy.

## IV.    CONCLUSION

Wherefore, Debtor asks that this honorable Court to deny the Motion to Dismiss on all grounds, and for any other relief deemed necessary and proper.

DATED:                                              LAW OFFICES OF MICHAEL JAY BERGER

By: _____

Michael Jay Berger
Debtor and Debtor-in-Possession,
Leslie Klein

9

## DECLARATION OF LESLIE KLEIN

I, Leslie Klein, declare and state as follows:

1.      I am the Debtor herein.  I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2.      In December 2022 and January 2023, the Vagos' recorded abstracts of judgment in counties in which I was known to own real property and filed a copy of the judgment with the Secretary of State. (See Vagos' Motion to Dismiss, Page 5, Lines 12-13).  My chapter 11 bankruptcy case was filed on February 22, 2023 (the "Petition Date"). As such, the Vagos' abstracts were recorded within 90 days of the petition date.

3.      I have many creditors and I am currently facing many lawsuits. The proofs of claims filed in my case are over $80,000,000.00. My two largest proofs of claims are Proof of Claim no. 13 filed by the Menlo Trust in the amount of $55,421,823.00 and Proof of Claim no. 11 filed by the Vagos in the amount of $24,880,721.51. I dispute both claims and I am appealing both judgments in the State Court. I have numerous creditors and I seek to liquidate some of my assets and propose a plan of reorganization to pay back my creditors as much as he can afford. Continuing with the chapter 11 bankruptcy is in the best interest of all the creditors so my assets are protected by the automatic stay, preventing one creditor a windfall, or preventing a single lender from foreclosing on one of my real properties, foregoing significant equity which could be used to pay to other creditors. Had the Bay Area Development Co. bankruptcy case remained open, I could have had that debtor instead sell the properties in the bankruptcy court, allowing for additional payments to go to the creditors.

4.      So far, 18 proofs of claim have been filed in my case, and I listed 24 creditors in my bankruptcy Schedules.

5.      I am working on obtaining additional income to fund a Plan. I will be filing a Motion to Employ Broker to sell my Highland Property. Life Capital Group, LLC has also filed a Motion for Order Authorizing and Directing Life Capital Group, LLP to Pay Funds to Chapter 11 Bankruptcy Estate [see docket no.: 90]. I am also a practicing attorney who

10

will seek to generate additional business income to fund my Plan. All of these funds will go towards funding my Plan which will pay my creditors, including the Vagos.

6.    In order to provide additional oversight to the Court, I have agreed to the appointment of an examiner with the U.S. Trustee. I believe this additional oversight will give the creditors, and the Vagos' peace of mind that I seek to move forward with this case in good faith.

7.    I filed my chapter 11 bankruptcy petition on February 22, 2023.

8.    I have an ownership interest in the following real properties:

    a.    322 N. June Street, Los Angeles, CA 90004 which is the Debtor's principal residence.

    b.    315 N. Martel Avenue, Los Angeles, CA 90036. This is a rental property.

    c.    143 S. Highland Drive, Los Angeles, CA 90036. This is a rental property.

    d.    161 N. Poinsettia Place, Los Angeles, CA 90036. This is a rental property.

    e.    2560 Whitewater Club Drive, Unit B, Palm Springs, CA 92262. This is a vacation home.

    f.    3752 Ocean Drive, Oxnard, CA 93035. This is also a vacation home.

    g.    I have an ownership interest two condominium units in Jerusalem, Israel at the Dan Boutique Hotel and Leonardo Plaza Hotel.

    h.    I have two leased vehicles, household goods, and an interest in Rechnitiz Capital LLC, Bay Area Development, Co.,

9.    My Scheduled assets have an estimated total value of $15,754,000.00.

10.    My secured creditors include various mortgage obligations against the real properties, and the lease obligation owed to Toyota Financing Services. My scheduled secured claims are estimated at $5,166,381.00.  My general unsecured creditors include credit card obligations, and three lawsuits: Erica and Joseph Vago vs. Leslie Klein / LASC Case No.: 20STCV25050 (judgment; pending appeal); Franklin H. Menlo Irrevocable Trust v. Leslie Klein / LASC Case No.: BP136769; and Jeffrey Siegel, Successor Trustee of the Hubert Scott Trust v. Leslie Klein / LASC Case No.: BP172432.

11.     The events that precipitated the filing of the case include the pending foreclosure against my rental property located at 315 N. Martel Avenue, in Los Angeles, CA 90036 and the pending lawsuits.

12.     The Vagos' and I have been embroiled in a long and contentious legal battle. I am in the process of appealing the Vagos' judgment.  Dismissing this case will greatly prejudice me and my ability to reorganize, will result in a windfall for the Vagos', and prevent other creditors from getting paid their proportionate share of my unexempt assets through a Plan of Reorganization.

13.     The Vagos are not my only creditors. I filed the bankruptcy case in order to get a breathing spell from the mounting state court litigation, stop the foreclosure sale of my real properties, and to sell assets and generate funds to propose a Plan of Reorganization for the benefit of all of the creditors. I anticipate increased income through life insurance proceeds, the sale of certain assets and through my work as an attorney.

14.     Through this bankruptcy, I can properly determine, classify and prioritize my debts and pay them based on their position through a Plan. Additionally, I have agreed to the appointment of an examiner in the chapter 11 case to provide additional oversight to the Court and the creditors.

15.     My chapter 11 case serves a legitimate purpose to reorganize the debts of the estate.

16.     To the extent I seek to appeal the Vagos' judgment, I have the right to get a final determination as to the claims against me. I will also object to the disputed claims that are subject to appeal and will seek to have this Court make a determination as to those disputed claims. I need this bankruptcy case to allow a final adjudication on all of my disputed claims.

17.     I have numerous debts, which not only include the Vagos, but also mortgages on my real properties, tax debt owed to the Internal Revenue Service in the amount of $34,510.94 (see Proof of Claim no.: 10) and secured property taxes to the Los Angeles County Treasurer and Tax Collector in the amount of $46,270.14 (see Proof of

DEBTOR'S OPPOSITION TO MOTION TO DISMISS;
DECLARATION OF LESLIE KLEIN IN SUPPORT THEREOF

Claim no.: 3). I need time to get current on the mortgages on my real properties, sell some of my assets, and generate funds to propose a Plan to reorganize all of my debts.

18. Not all of my debts are non-dischargeable as the Vagos' assert, and thus my case does serve a legitimate purpose.

19. I believe that my creditors will receive more through a Chapter 11 Plan of Reorganization, then what they would be able to receive outside of the bankruptcy court if my case is dismissed. Most significantly, the Vagos' will be able to foreclose on all of my assets, leaving nothing for the remaining creditors.

20. Dismissal of the case is NOT in the best interest of creditors. Although my current income is negative, I anticipate receiving life insurance proceeds and I am seeking to sell some of my assets to fund a Plan.

21. If I am successful in my appeal against the Vagos, then the money spent on the appeal will only benefit the other creditors of the estate.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on May 3, 2023, at Los Angeles, California.

_____
Leslie Klein

DEBTOR'S OPPOSITION TO MOTION TO DISMISS;
DECLARATION OF LESLIE KLEIN IN SUPPORT THEREOF

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9454 Wilshire Blvd., 6th FL., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S OPPOSITION TO MOTION TO DISMISS: DECLARATION OF LESLIE KLEIN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _5/3/2023___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __5/3/2023___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _5/3/2023_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Honorable Sandra Klein
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1582 / Courtroom 1575
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/3/2023 | Peter Garza | /s/Peter Garza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Goe Forsythe & Hodges: Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
**Goe Forsythe & Hodges Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
**Interested Party: Alan G Tippie**    Alan.Tippie@gmlaw.com,
atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com, denise.walker@gmlaw.com
**Debtor's Counsel: Michael Jay Berger**    michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
**Interested Party: Greg P Campbell**    ch11ecf@aldridgepite.com,
gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
**Counsel for Wilmington Savings Fund: Theron S Covey**    tcovey@raslg.com, sferry@raslg.com
**Interested Party: Dane W Exnowski**    dane.exnowski@mccalla.com,
bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
**U.S. Trustee: Michael Jones**    michael.jones4@usdoj.gov
**U.S. Trustee: Ron Maroko**    ron.maroko@usdoj.gov
**Counsel for Ajax Mortgage: Joshua L Scheer**    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
**Subchapter V Trustee: Mark M Sharf (TR)**    mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com
**United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
**Interested Party: Michael L Wachtell**    mwachtell@buchalter.com
**U.S. Bank: John P. Ward**    jward@attleseystorm.com, ezhang@attleseystorm.com
**Interested Party: Paul P Young**    paul@cym.law, jaclyn@cym.law
**Counsel for First Amendment Wendriger Family Trust dated May 7, 1990: Clarisse Young**
youngshumaker@smcounsel.com, lcvern@smcounsel.com
Interested Party: **Roye Zur**    rzur@elkinskalt.com,
cavila@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com

2. **SERVED BY UNITED STATES MAIL**:

U.S. Trustee
Attn: Ron Maroko, Esq.
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017

Subchapter V Trustee
Mark M. Sharf
6080 Center Drive #600
Los Angeles, CA 90045

**SECURED CREDITORS:**

CCO Mortgage Corp.
Attn: Bankruptcy
10561 Telegraph Rd
Glen Allen, VA 23059

Chase Mortgage
BK Department
Mail Code LA4 5555
700 Kansas Ln
Monroe, LA 71203

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                        **F 9013-3.1.PROOF.SERVICE**

Fay Servicing Llc
Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680

Mrc/united Wholesale M
Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261

Selene Finance
Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101

Shellpoint Mortgage Servicing
Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603

Toyota Financial Services
Attn: Bankruptcy
Po Box 259001
Plano, TX 75025

Toyota Motor Credit Corp.
PO Box 9013
Addison, TX 75001 (Address from POC)

Ericka and Joseph Vago
c/o Brian Procel
Procel Law
401 Wilshire Blvd., 12th Floor
Santa Monica, CA 90401 (Address from POC)

Ericka and Joseph Vago
124 N. Highland Ave
Sherman Oaks, CA 91423

Fay Servicing LLC
Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680

U.S. Bank
c/o Fay Servicing, LLC
PO Box 814609
Dallas, TX 75381

Fiore Racobs & Powers
c/o Palm Springs Country Club HOA

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

6820 Indiana Ave., Ste 140
Riverside, CA 92506

Gestetner Charitable Remainder Trus
c/o Andor Gestetner
1425 55th Street
Brooklyn, NY 11219

Los Angeles County Tax Collector
Bankruptcy Unit
PO Box 54110
Los Angeles, CA 90054-0027 (Address from POC)

Mrc/united Wholesale M
Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261

Selene Finance
Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101

Shellpoint Mortgage Servicing
Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603

Toyota Financial Services
Attn: Bankruptcy
Po Box 259001
Plano, TX 75025

Wilmington Savings Fund Society
c/o Selene Finance LP
3501 Olympus Blvd., Ste. 500
Dallas, TX 75019 (Address from POC)

U.S. Bank Trust National Bank
c/o Fay Servicing LLC
PO Box 814609
Dallas, TX 75381 (Address from POC)

U.S. Bank N.A.
c/o Nationstar Mortgage LLC
Attn: Bankruptcy Dept.
PO Box 619096
Dallas, TX 75261 (Address from POC)

JP Morgan Mortgage Acquisition
c/o NewRez LLC dba Shellpoint Mortgage Servicing

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

PO Box 10826
Greenville, SC 29603 (Address from POC)

Ajax Mortgage Loan Trust
c/o Gregory Funding LLC
PO Box 230579
Tigard, OR 97281 (Address from POC)

## 20 LARGEST UNSECURED CREDITORS AND INTERESTED PARTIES:

Andor Gestetner
c/o Law Offices of Jacob Unger
5404 Whitsett Ave Ste. 182
Valley Village, CA 91607

Bank of America
Attn: Bankruptcy
4909 Savarese Circle
Tampa, FL 33634

Bank of America
PO Box 673033
Dallas, TX 75267 (Address from POC)

Barclays Bank Delaware
Attn: Bankruptcy
Po Box 8801
Wilmington, DE 19899

California Bank & Trust
Po Box 711510
Santee, CA 92072

CCO Mortgage Corp.
Attn: Bankruptcy
10561 Telegraph Rd
Glen Allen, VA 23059

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

Chase Card Services
Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850

Chase Doe
143 S. Highland Drive
Los Angeles, CA 90036

Chase Mortgage
BK Department
Mail Code LA4 5555
700 Kansas Ln
Monroe, LA 71203

Citibank
Attn: Bankruptcy
P.O. Box 790034
St Louis, MO 63179

Franklin H. Menlo Irrevocable Trust
c/o Willkie Farr & Gallagher LLP
Attn: Alex M. Weingarten, Esq.
2029 Century Park East, Suite 3400
Los Angeles, CA 90067

Robert & Esther Mermelstein
c/o Baruch C. Cohen, Esq.
4929 Wilshire Blvd., Ste 940
Los Angeles, CA 90010 (Address from POC)

Franklin Menlo, Trustee
c/o Paul P. Young & Chora Young & Manasserian
650 Sierra Madre Villa Ave. Ste. 304
Pasadena, CA 91107 (Address from POC)

Jacob Rummitz
315 N. Martel Avenue
Los Angeles, CA 90036

Jeffrey Siegel, Successor Trustee
of the Hubert Scott Trust
c/o Oldman, Cooley, Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2408

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA 90071

Oldman, Cooley, and Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2408

Sandra Layton
161 N. Poinsettia Place
Los Angeles, CA 90036

First Amendment  Wendriger Faimly Trust Dated May
7, 1990
c/o Clarisse Young Shumaker, Esq.
280  S. Beverly Dr. Ste. 505
Beverly Hills, CA 90212

Jeffry Siegel, Successor Trsutee
c/o Oldman, Cooley, Sallus
161133 Ventura Blvd., Penthouse Suite
Encino, CA 91436 (Address from POC)

Gestener Family Trust
Andor Gestetner
c/o  Michael I. Gottfried
10345 W. Olympic Blvd.,
Los Angeles, CA 90064 (Address from POC)

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE