Robert P. Goe - State Bar No. 137019
Brandon J. Iskander - State Bar No. 300916
**GOE FORSYTHE & HODGES LLP**
17701 Cowan Avenue, Suite 210, Bldg. D
Irvine, CA 92614
rgoe@goeforlaw.com
biskander@goeforlaw.com

Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Attorneys for Judgment Creditors Erica and Joseph Vago

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>Debtor and Debtor in Possession, | Case No. 2:23-bk-10990-SK<br><br>Chapter 11 Proceeding<br><br>**REPLY TO DEBTOR'S OPPOSITION TO MOTION TO DISALLOW DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION PURSUANT TO 11 U.S.C. § 522(q)**<br><br>Date:    May 17, 2023<br>Time:    9:00 a.m.<br>Place:   Courtroom 1575<br>              U.S. Bankruptcy Court<br>              255 E. Temple Street<br>              Los Angeles, CA 90012 |

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND HIS COUNSEL, AND ALL OTHER INTERESTED PARTIES**:

Judgment creditors Erica and Joseph Vago ("Movants") hereby submit their reply ("Reply") to Debtor's Opposition ("Opposition") [Docket No. 106] to Motion to Disallow Debtor's Claim of Homestead Exemption Pursuant to 11 U.S.C. § 522(q) ("Motion") and respectfully represent as follows:

1

**I.    THE OPPOSITION ADMITS THE FUTILE, FRIVOLOUS AND BAD FAITH NATURE OF THE FILING OF THE BANKRUPTCY CASE**

In the Opposition, Debtor contends that the Court must ignore the plain language of Section 522(q)(1)(B)(ii) of the Bankruptcy Code and read the word "or" to mean "and" so that the statute's application is limited to a debtor's fraud in connection with the purchase or sale of securities. (*See* Opposition, at 7:16-17.) Debtor also cites the universally rejected decision, *In re McNabb*, 326 B.R. 785 (Bankr. D. Arizona 2005) for the proposition that debtors do not actually "elect" to exempt anything, so Sections 522(p) and (q) of the Bankruptcy Code magically never apply in the State of California. (*See* Opposition, at 4-6.) Finally, after filing a Chapter 11 bankruptcy case ("Bankruptcy Case") to generate and dedicate net income sufficient to reorganize his debts, Debtor now contends that he "is at the end of his career with diminished earning capacity" (*See* Opposition, at 9:22), thus admitting the futile, frivolous, and bad faith nature of the filing of the Bankruptcy Case. For the reasons set forth herein as well as in the Motion, Movants request that the Court enter an order disallowing Debtor's claimed homestead exemption in any amount exceeding $189,050.

**II.    THE LAW IS CLEAR THAT THE DEBTOR'S HOMESTEAD EXEMPTION SHOULD NOT BE MORE THAN AN INFLATION-ADJUSTED $189,050**

The language of Section 522(q)(1)(B)(ii) is clear:
(q)
> (1) As a result of electing under subsection (b)(3)(A) to exempt property under State or local law, <u>a debtor may not exempt any amount of an interest in property described in subparagraphs (A), (B), (C), and (D) of subsection (p)(1) which exceeds in the aggregate $125,000 if</u>—
>
> . . .
>> (B) <u>the debtor owes a debt arising from</u>—
>>
>> . . .
>>> (ii) <u>fraud, deceit, or manipulation in a fiduciary capacity</u> or in connection with the purchase or sale of any security registered under section 12 or 15(d) of the Securities Exchange Act of 1934 or under section 6 of the Securities Act of 1933 . . . .

11 U.S.C. 522(q)(1)(B)(ii) (emphasis added). If the Debtor owes a debt arising from fraud, deceit, or manipulation in a fiduciary capacity, his homestead exemption will be no more than an inflation-adjusted $189,050.

### A. The Court Must Not Read "Or" as used in Section 522(q)(1)(B)(ii) to Mean "And" as Debtor Asserts

The Opposition dedicates page after page to an alleged link between Section 522(q) and Section 523(a)(19),[1] such that if Section 523(a)(19) is worded narrowly, Section 522(q) must also be read narrowly as a result. However, that argument (1) has nothing to do with the ultimate holding in the case of *In re Presto*, 376 B.R. 554, 592 (Bankr. S.D. Tex. 2007) and, (2) is contrary to Supreme Court directives on statutory interpretation.

To be clear, the bankruptcy court in *Presto* held that the proper interpretation of Section 522(q)(1)(B)(ii) is as follows:

> [T]he Court interprets this provision to require that the "fraud, deceit, or manipulation" must have occurred while the Debtor was acting either in a fiduciary capacity *o*r in connection with the purchase or sale of any registered security.

*In re Presto*, 376 B.R. 554, 592 (Bankr. S.D. Tex. 2007) (emphasis added) (internal citations omitted). This holding is noncontroversial and consistent with binding precedent governing the Court's interpretation of statutes: When the words of a statute are unambiguous, then, this first canon is also the last: "judicial inquiry is complete." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992). Debtor has not shown in any way why Section 522(q)(1)(B)(ii) is ambiguous, nor could he as the statute is plain on its face and must be applied as written.

---

[1] While the *Presto* court did note a similarity between Section 522(q)(1)(B)(ii) and 523(a)(19), that similarity had no impact on that court's holding. Whatever the importance of Section 523(a)(19), Congress exacted an *even harsher* penalty for those who commit fraud in a fiduciary capacity. Section 727(a)(12) permits the Court (on motion) to deny a debtor's discharge if the Court has reason to believe Section 522(q)(1) may be applicable to debtor and there is any proceeding pending where debtor may be held liable for a debt described in Section 522(q)(1)(B). See 11 U.S.C. § 727(a)(12). Thus, any similarity between Sections 522(q)(1)(B)(ii) and 523(a)(19) is most likely coincidental. Section 727(a)(12) shows that Congress has categorically withdrawn much of the benefits of bankruptcy from certain bad actors, including Debtor.

3

B. **Sections 522(p) and (q) Apply in California**

Debtor also seeks to sow confusion about the applicability of portions of the Bankruptcy Code in the Ninth Circuit, making the bald-faced assertion that "[t]here is no legal authority to deny Debtor's homestead exemption in the 9th Circuit." (Opposition, at 2:10-12.) First, as Debtor admits, the Supreme Court in *Law v. Siegel* held that a bankruptcy court may only deny an exemption based on a statute, not general equitable grounds. *Law v. Siegel*, 571 U.S. 415, 423-424 (2014). By way of example, the Supreme Court noted that Section 522(q) was one of those enumerated statutory grounds, "*such as* securities fraud . . . ." *Id.* at 424 (emphasis added). Thus, for Debtor to say "[t]he Supreme Court did not extend the application of Section 522(q) beyond the specified wrong acts of 'securities fraud [and so on]'" is a deliberate misreading of *Law v. Siegel*. The Supreme Court was not recodifying Section 522 of the Bankruptcy Code and deciding which sections applied and didn't apply: it was merely illustrating examples of statutory exceptions to the allowance of a claimed exemption.

Debtor also cites *In re McNabb*, 326 B.R. 785 (Bankr. D. Arizona 2005) for the proposition that debtors never actually elect exemptions, so Sections 522(p) and (q) never apply. This argument has been almost universally panned in every published opinion the Movants could locate. *See Kane v. Zions Bancorporation, N.A.*, 2022 U.S. Dist. LEXIS 177905, *20-21 (N.D. Cal. Sept. 29, 2022) (collecting cases). Further support for why debtors must necessarily "elect" exemptions can be located in Section 522(b)(1), which provides and without regard to state law or federal exemptions:

> In joint cases filed under section 302 of this title and individual cases filed under section 301 or 303 of this title by or against debtors who are husband and wife, and whose estates are ordered to be jointly administered under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, <u>one debtor may not elect to exempt property listed in paragraph (2) and the other debtor elect to exempt property listed in paragraph (3) of this subsection. If the parties cannot agree on the alternative to be elected, they shall be deemed to elect paragraph (2), where such election is permitted under the law of the jurisdiction where the case is filed.</u>

4

11 U.S.C. § 522(b)(1) (emphasis added). Thus, debtors may only exempt property from a bankruptcy estate by "electing" to do so under an applicable statute. *Law v. Siegel* only further supports the conclusion that *McNabb* is anomalous and incorrectly decided because "words repeated in different parts of the same statute generally have the same meaning." *Law v. Siegel*, 571 U.S. at 422. Thus, if Section 522(b)(1) states that a debtor exempts property by "electing" exemptions, then he must also "elect to exempt" his residence under Section 522(b)(3)(A) when he claims a California homestead exemption.

### C. An Evidentiary Hearing is not Required to Determine that Debtor Does Not Need More Than $189,050 for His Support

Generally, bankruptcy courts have "wide" discretion in deciding whether to take oral testimony at an evidentiary hearing. *United Commercial Insurance Service, Inc. v. Paymaster Corp.*, 962 F.2d 853, 858 (9th Cir. 1992). Even when making "highly factual" determinations, a bankruptcy court does not abuse its discretion by not conducting an evidentiary hearing. *C-TC 9th Ave. Pshp. v. Norton Co. (In re C-TC 9th Ave. Pshp.)*, 113 F.3d 1304, 1312-13 (9th Cir. 1997).

Here, Debtor is not credible at all as he recently and conveniently changes his tale from that of a successful attorney who can reorganize his debts to an attorney at the end of his career. The Court can fully consider the Declarations of Erica Vago and Leslie Klein and assess their relative weight. All that an evidentiary hearing would do is needlessly increase the Movants' legal costs and subject Debtor to even more withering scrutiny under cross-examination.

Tellingly, the only reason Debtor wants an evidentiary hearing is because "[i]n the city of Los Angeles, it will be very difficult for the Debtor to buy a new home for $678,391.00." (Opposition, at 9:23-25.) Respectfully, less than 10% of California's total population lives in Los Angeles[2] and it is one of California's most expensive locales. Nothing in Section 522(q) or

---

[2] *Compare* U.S. Census Bureau Quickfacts: Los Angeles city, https://www.census.gov/quickfacts/losangelescitycalifornia (last visited May 10, 2023) *with* U.S. Census Bureau Quickfacts: California, https://www.census.gov/quickfacts/CA (last visited May 10, 2023).

5

similar statutes entitles the Debtor to own a home in the city of Los Angeles. As such, there is no basis to hold an evidentiary hearing.

## III. CONCLUSION

**WHEREFORE**, based upon the foregoing and for the reasons stated in the Motion, Movants respectfully requests the Court enter an Order (i) disallowing the Debtor's Homestead Exemption in any amount exceeding $189,050 and (ii) granting any other relief that the Court deems just and proper under the circumstances of this case.

Respectfully submitted,

Dated: May 10, 2023  **GOE FORSYTHE & HODGES LLP**

By: /s/ Brandon J. Iskander
Robert P. Goe
Brandon J. Iskander
Attorneys for Movants Erica Vago and Joseph Vago

6

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 17701 Cowan, Bldg. D., Suite 210, Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): **REPLY TO DEBTOR'S OPPOSITION TO MOTION TO DISALLOW DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION PURSUANT TO 11 U.S.C. § 522(q)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 10, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒　　Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) May 10, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐　　Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) May 10, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Sandra R. Klein, USBC, 255 E. Temple Street, Ctrm 1575, Los Angeles, CA 90012
- (delivery suspended, as document under 25 pages)

☐　　Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 10, 2023 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Mailing Information for Case 2:23-bk-10990-SK**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Reem J Bello**   rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Michael Jay Berger**   michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Greg P Campbell**   ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Baruch C Cohen**   bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Theron S Covey**   tcovey@raslg.com, sferry@raslg.com
- **Dane W Exnowski**   dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Robert P Goe**   kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Michael I. Gottfried**   mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com
- **Brandon J Iskander**   biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Michael Jones**   michael.jones4@usdoj.gov
- **Ron Maroko**   ron.maroko@usdoj.gov
- **Steven M Mayer**   smayer@mayerlawla.com
- **Krikor J Meshefejian**   kjm@lnbyg.com
- **Joshua L Scheer**   jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Mark M Sharf (TR)**   mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com
- **Alan G Tippie**   Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **Gary Tokumori**   gtokumori@pmcos.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Michael L Wachtell**   mwachtell@buchalter.com
- **John P. Ward**   jward@attleseystorm.com, ezhang@attleseystorm.com
- **Clarisse Young**   youngshumaker@smcounsel.com, levern@smcounsel.com
- **Paul P Young**   paul@cym.law, jaclyn@cym.law
- **Roye Zur**   rzur@elkinskalt.com, cavila@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com