JOSHUA L. SCHEER #242722
REILLY D. WILKINSON #250086
SCHEER LAW GROUP, LLP
85 ARGONAUT, SUITE 202
ALISO VIEJO, CA  92656
Telephone:  (949) 263-8757
Facsimile:  (949) 308-7373
Jscheer@scheerlawgroup.com
G.550-427S

Attorneys for Movant
Ajax Mortgage Loan Trust 2021-D, Mortgage-Backed Securities, Series 2021-D, by U.S. Bank National Association, as Indenture Trustee, its successors and/or assignees

UNITED STATES BANKRUPTCY COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Bk. No. 2:23-bk-10990-SK |
| LESLIE KLEIN | Chapter 11 |
| Debtor. | **REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| | Hearing-<br>Date:  May 17, 2023<br>Time: 8:30am<br>Place: Bankruptcy Court<br>        255 E. Temple Street<br>        Los Angeles, CA 90012<br>        Courtroom 1575 |

**TO THE HONORABLE SANDRA R. KLEIN, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, AND ALL OTHER INTERETSED PARTIES:**

Ajax Mortgage Loan Trust 2021-D, Mortgage-Backed Securities, Series 2021-D, by U.S. Bank National Association, as Indenture Trustee, its assignees and/or successors ("**Movant**"), hereby submits this Reply ("**Reply**") to Debtor's Opposition ("**Opposition**") to Movant's Motion for Relief from Automatic Stay ("**Motion**") filed in the above-captioned bankruptcy. This Reply is based on the Motion filed as Docket No. 86, the Opposition filed as Docket No. 105, and the pleadings and records on file in this matter.  Movant also requests that the Court take Judicial Notice of certain documents of public record and on file with this Court in Debtor's

1

Bankruptcy, in accordance with FRE 201 and referenced herein. Movant's Motion and this Reply concerns the following property: 161 North Poinsettia Place, Los Angeles, CA 90036 ("**Property**").

## I. SUMMARY OF REPLY

Debtor's Opposition relies primarily on one factor in requesting denial of the Motion, an alleged equity cushion. While Movant concedes that the amount of equity in the Property is relevant for purposes of determining adequate protection or whether a liquidating plan is feasible, it is not the only factor considered. Specifically, the Debtor's opposition ignores, or perhaps intentionally sidesteps, the crucial and indisputable fact that there <u>has been no accounting or disclosure</u> as to the status or use of cash collateral generated from the Property since the filing.

Movant has requested a copy of the lease, a budget, accounting, and proof of segregation of funds. None of this has been provided. Instead, the Debtor asserts only that it has been "difficult" to open up a DIP account and that he understands his responsibilities. This difficulty does not excuse the Debtor's obligations under the Code. The failure to account or disclose required information, provides sufficient "cause" for relief from stay.

Even if the Court is not persuaded that there is cause for relief based upon the mismanagement and misuse of cash collateral alone, the Property itself is not necessary for reorganization. The rent generated is *significantly less* than the debt service. As a result, the Property generates approximately $6,000 *negative* cash flow and provides no legitimate income to the estate. Also, the Debtor's claimed equity cushion does not account for costs of sale and relies entirely on the Debtor's ability to remove a $24,000,000 lien, which has not been done.

Movant would welcome a full payoff of its claim. However, if the Debtor is unable to open a DIP account, properly segregate funds, generate positive cash flow, or even respond to Movant's basic requests regarding relevant documents such as a residential lease or accounting, how will he ever be able to do what is required to confirm a Plan? The prospects are grim and there is no reorganization in prospect. Relief from stay should be granted and cash collateral turned over.

2

## II. RELEVANT FACTS TO REPLY

Movant is the current payee of a Promissory Note dated July 25, 2018 in the principal amount of $1,097,000.00 (the "**Note**") secured by a First Deed of Trust of same date, which bears interest as specified therein.  The indebtedness evidenced by the Note is secured by a Deed of Trust (the "**Deed of Trust**") executed and recorded in Los Angeles County and which encumbers the Property.[1]  Pursuant to the terms of the Deed of Trust, Movant has an interest in all rents and profits generated from the Property.

On February 22, 2023, Debtor filed a Petition under Chapter 11 of the Bankruptcy Code, Case No. 2:23-bk-10990-SK.  Given the concern that Debtor was not using the rents to pay the debt service on the Property, on March 16, 2023, Movant filed a Notice of Security Interest in Rents and Profits ("**NOSI**") regarding the Property.[2]  The NOSI put all parties, including the Debtor, on notice of Movant's security interest in any rents generated.

On April 4, 2023, counsel for Movant sent Debtor's counsel a letter detailing its primary concerns as to both the Bankruptcy and the Property ("**Movant's Demand**") and requested that its concerns be addressed no later than April 11, 2023.  Movant's Demand requested: 1) an accounting of the rents before and after filing, 2) a budget for use of any rents, 3) proof of segregation of rents, 4) copies of all leases and rent rolls, and 5) proof of insurance relating to the Property (collectively "**Movant Requests and Concerns**").

On April 12, 2023, counsel for Movant also appeared at the Chapter 11 Status Conference and stated the Movant Requests and Concerns on the record, specifically that Movant had concerns as to the use of its cash collateral.[3]

Movant's Demand was entirely ignored.  Counsel for Debtor failed to respond, acknowledge its receipt, or provide any indication that the deficiencies would be addressed.[4]  As a result, on April 26, 2023, Movant filed this Motion.[5]

---

[1] *See* Motion, Movant Dec, Ex. 1 & 2.
[2] *See* NOSI, Docket No. 49.
[3] *See* Motion, Scheer Dec, Par. 5.
[4] *See* Motion, Scheer Dec, Par. 3.
[5] *See* Motion, Docket No. 86.

3

On May 3, 2023, Debtor filed his Opposition. However, Debtor's Opposition only addresses the alleged equity in the Property and the insurance. The Opposition does not address the majority of Movant Requests and Concerns regarding its cash collateral. Specifically, the Opposition provides that opening a DIP account has been "difficult" and that he understands his responsibilities, but does not specify whether an account has been opened or what has occurred with cash collateral to date.[6]

### III. REPLY

#### A. Debtor's Misuse of Cash Collateral

The use of cash collateral without court authorization or the creditor's consent can have harsh consequences, including the dismissal of the case or the granting of relief from the automatic stay. (*In re Bowers Inv. Co.*, LLC (Bankr.D.Alaska 2016) 553 B.R. 762, 771). Further, all rents being held by Debtor (whether collected pre- or post-petition) remain Movant's "cash collateral". *In re Scottsdale Med. Pavilion*, 159 B.R. 295, 298 (B.A.P. 9th Cir. 1993), *aff'd,* 52 F.3d 244 (9th Cir. 1995). The Debtor's only response as to the cash collateral misuse and request for an accounting, apart from a proposal to turnover $2,000/month going forward, is a statement that it has been "difficult" to set up a DIP account. There is no indication as to whether an account has even been set up *almost three months* into this Chapter 11. There is also no indication as to what happened with the funds received from the Property to date and if or where they are being held. The Debtor has completely failed to address the relevant issues as it relates to the misuse of the Property's cash collateral.

The Debtor has been aware of Movant's security interest in the rents since the filing. Debtor and his counsel have also been reminded of Debtor's obligations on at least four occasions: 1) at the 341 Meeting, 2) with the filing of a Notice of Security Interest, 3) in Movant's Demand, and 4) again at the Status Conference. Still, Debtor has failed to comply (or even fully acknowledge) the requirement that cash collateral be segregated and accounted for as required by 11 U.S.C. § 363(c)(4). This is not optional, it is *mandatory* under the statute. The failure to do so is sufficient cause to grant relief from stay.

---

[6] *See* Opposition, Docket No. 105, Debtor Dec. ¶ 9.

4

### B. **Movant is Not Adequately Protected and the Property is Not Necessary for Reorganization**

The Debtor argues that Movant has adequate protection as a result of the alleged equity cushion in the Property. However, the equity situation is exaggerated and equity alone does not provide adequate protection to creditors where there is diminution of value (*See In re McCombs Properties VI, Ltd.*, 88 B.R. 261 (Bankr. C.D. Cal. 1988).

*First*, the Debtor fails to take into account cost of sale in his analysis. Even if the Property is worth $2,000,000 as alleged, cost of sale would be at least 8% ($160,000), further depleting any equity cushion or benefit to creditors.

*Second*, the Debtor admits there is a $24,000,000 lien on the Property. While he asserts it is a preference and can be removed, this is wholly dependent on success in an adversary proceeding, which could take months and is uncertain.

*Third*, even if the Debtor is able to remove and/or sell the Property free and clear of the judgment lien, the Property is likely overvalued given that there is admittedly a below market tenant. Accordingly to the Debtor, the tenant is paying only $3,000/month.[7] The Debtor has given no indication or provided any analysis as to how this would affect the value and potential purchasers. Presumably this will drive down the value further, especially if there are any restrictions on rent or eviction control.

*Finally*, the Property itself is not necessary for reorganization. The Property is accruing debt at over $9,000/month. There is a tenant on the Property with a $3,000/month lease (according to the Debtor's testimony). This results in negative cash flow to the estate, with barely enough to cover even taxes and insurance, let alone adequate protection payments to Movant.

Accordingly, Movant is not adequately protection given the depleting equity cushion and the negative cash flow of the Property which is not necessary for reorganization.

//

//

---

[7] Movant has not even been able to review the lease given that Debtor has failed to provide it after multiple requests so it is unclear whether the tenant is even operating under a valid lease or when it is set to expire.

5

## IV. CONCLUSION

For the reasons stated herein and in Movant's Motion, Movant requests that the Court grant relief from stay as prayed for in the Motion and that all cash collateral and information regarding the tenancy be turned over.

|  |  |
|---|---|
|  | SCHEER LAW GROUP, LLP |
| DATED: May 10, 2023 | /s/JOSHUA L. SCHEER<br>#242722 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

85 Argonaut, Suite 202, Aliso Viejo, CA  92656

A true and correct copy of the foregoing document entitled (*specify*): REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM STAY

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/10/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Notice: Joshua L Scheer, jscheer@scheerlawgroup.com; Reem J Bello, rbello@goeforlaw.com; Alan G Tippie, Alan.Tippie@gmlaw.com; Clarisse Young, youngshumaker@smcounsel.com; Dane W Exnowski, dane.exnowski@mccalla.com; Greg P Campbell, ch11ecf@aldridgepite.com; Michael L Wachtell, mwachtell@buchalter.com; Paul P Young, paul@cym.law; Robert P Goe, kmurphy@goeforlaw.com; John P. Ward, jward@attleseystorm.com; Brandon J Iskander, biskander@goeforlaw.com; Theron S Covey, tcovey@raslg.com; Debtor's Attorney, Michael Jay Berger, michael.berger@bankruptcypower.com; Trustee: Mark M Sharf, mark@sharflaw.com; United States Trustee, ustpregion16.la.ecf@usdoj.gov; Attorney for U.S. Trustee: Michael Jones, michael.jones4@usdoj.gov; Noreen A Madoyan, Noreen.Madoyan@usdoj.gov; Ron Maroko, ron.maroko@usdoj.gov; Gary Tokumori, gtokumori@pmcos.com Roye Zur, rzur@elkinskalt.com; Michael I. Gottfried, mgottfried@elkinskalt.com
Krikor J. Meshefejian, kjm@lnbyg.com; Steven M Mayer, smayer@mayerlawla.com; Baruch C Cohen, bcc@BaruchCohenEsq.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 05/10/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Chamber's Copy: United States Bankruptcy Court, Edward R. Roybal Federal Building and Courthouse, 255 E. Temple Street, Suite 1582 / Courtroom 1575, Los Angeles, CA 90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 5/10/2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Debtor's Attorney, Michael Jay Berger, michael.berger@bankruptcypower.com (via email)
Debtor: Leslie Klein, 322 N. June Street, Los Angeles, CA 90001 (via overnight mail)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/10/2023 | Alani Gaytan | /s/ Alani Gaytan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**