MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Boulevard, 6th Floor
Beverly Hills, California 90212
T: 1.310.271.6223 | F: 1.310.271.9805
E: michael.berger@bankruptcypower.com

*Proposed Attorney for Debtor*
Leslie Klein

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:23-bk-10990-SK |
| LESLIE KLEIN, | Chapter 11 |
| Debtor and Debtor in Possession. | **SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR AUTHORITY TO EMPLOY MICHAEL JAY BERGER AS GENERAL BANKRUPTCY COUNSEL; DECLARATIONS OF MICHAEL JAY BERGER AND LESLIE KLEIN IN SUPPORT THEREOF** |
| | Date:      May 17, 2023<br>Time:      9:00 A.M.<br>Courtroom: 1575<br>             255 East Temple Street,<br>             Los Angeles, CA 90012 |
| | (Hearing to be held remotely via ZoomGov) |

**TO THE HONORABLE SANDRA R. KLEIN, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, TO THE UNITED STATES TRUSTEE AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

///

///

1  Debtor Leslie Klein ("Debtor"), debtor and debtor-in-possession herein, hereby

2  submits the following Memorandum of Points and Authorities in support of Debtor's

3  Application for Order Authorizing Debtor to Employ Michael Jay Berger (the "Applicant"

4  or "MJB") as General Bankruptcy Counsel ("Employment Application"), as follows:

5  ## MEMORANDUM OF POINTS AND AUTHORITIES

6  ## I.    INTRODUCTION

7  On February 13, 2023, the Debtor retained Applicant and entered into an Attorney-

8  Client Agreement with the Debtor (the "Agreement"). The Debtor's case was commenced

9  by filing a voluntary petition under Chapter 11 of the *Bankruptcy Code* on February 22,

10  2023 (the "Petition Date").  On March 2, 2023, the Debtor filed an Application to Employ

11  Applicant [docket no.: 24]. The Employment Application, disclosed that the source of the

12  retainer and the court filing fee was Doctor's Marketing Group, LLC ("Doctor's"). Debtor

13  Leslie Klein made a declaration as part of the Employment Application that the retainer

14  funds from Doctor's were a gift, Doctor's is not seeking repayment from the Debtor, and

15  that Doctor's is not a creditor of the Debtor.

16  On March 16, 2023, the United States Trustee (the "UST") filed an Opposition to

17  Applicant's Employment Application and requested the Employment Application to be set

18  for hearing ("UST Opposition") [docket No. 48] seeking additional disclosures regarding

19  the third-party payment of the chapter 11 retainer. The hearing on the Employment

20  Application was initially set for April 12, 2023 [docket No. 52], and was subsequently

21  continued to May 17, 2023 [Docket No.: 75].

22  In response to the UST's Opposition, the Debtor sought to obtain a declaration from

23  Mr. Eli Zobdeh, the principal of Doctor's, in support of the Employment Application

24  disclosing the source of Doctor's gifted retainer and filing fee. Applicant emailed and

25  spoke to Doctor's principal, Mr. Zobdeh in order to have him sign the aforementioned

26  declaration.  After several weeks of back-and-forth communications, Mr. Zobdeh notified

27  Applicant that he would not sign the declaration.

28

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION
FOR AUTHORITY TO EMPLOY MICHAEL JAY BERGER AS GENERAL BANKRUPTCY COUNSEL;
DECLARATIONS OF MICHAEL JAY BERGER AND LESLIE KLEIN IN SUPPORT THEREOF

1    Having considered the UST's Opposition, and in light of Mr. Zobdeh's refusal to

2    cooperate in signing the declaration, Applicant asked the Debtor to seek an alternative

3    source of funds for his chapter 11 retainer.   The Debtor instead now seeks to pay

4    Applicant the chapter 11 retainer from Debtor's law firm, Les Klein & Associates ("Klein

5    & Assoc."). On April 18, 2023, Klein & Assoc. issued two checks to MJB in the amounts

6    of $15,000.00 and $6,750.00, for a total of $21,750.00. Klein & Assoc. paid the retainer on

7    the Debtor's behalf as a gift contribution to the Debtor.

8    Applicant is holding both the $21,738.00 gifted to the Debtor by Doctor's, and the

9    $21,750.00 from Klein & Assoc. in Applicant's client trust account until approval of

10   Applicant's employment and further order of this Court. Debtor and Applicant submit this

11   Supplemental Brief and Declarations of Leslie Klein and Michael Jay Berger in support of

12   Applicant's Employment Application.

13   **II.    BACKGROUND INFORMATION OF THE DEBTOR**

14   The Debtor is an individual who has an ownership interest in the following real

15   properties:

16       a) 322 N. June Street, Los Angeles, CA 90004 which is the Debtor's principal

17          residence.

18       b) 315 N. Martel Avenue, Los Angeles, CA 90036. This is a rental property.

19       c) 143 S. Highland Drive, Los Angeles, CA 90036. This is a rental property.

20       d) 161 N. Poinsettia Place, Los Angeles, CA 90036. This is a rental property.

21       e) 2560 Whitewater Club Drive, Unit B, Palm Springs, CA 92262. This is a

22          vacation home.

23       f) 3752 Ocean Drive, Oxnard, CA 93035. This is also a vacation home.

24       g) Debtor also has an interest in some real estate in Jerusalem, Israel.

25

26

27

28

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION
FOR AUTHORITY TO EMPLOY MICHAEL JAY BERGER AS GENERAL BANKRUPTCY COUNSEL;
DECLARATIONS OF MICHAEL JAY BERGER AND LESLIE KLEIN IN SUPPORT THEREOF

1   Debtor's assets have an estimated total value of $15,754,000.00, and Debtor has

2   estimated total liabilities of over $100,000,000.00[1].

3   Debtor filed the instant Chapter 11 Bankruptcy case in order to resolve his debts,

4   liquidate some of his assets, and pay the creditors the unexempt value of his assets and as

5   much as he can afford.  Debtor requires knowledgeable General Bankruptcy Counsel to

6   help him navigate the complex intricacies of his chapter 11 case.

7   A. <u>Procedural Summary of Debtor's Chapter 11 Case Since the Petition Date and</u>

8   <u>Work Done by Applicant that Benefitted the Bankruptcy Estate</u>

9   Due to Debtor's precarious financial situation, Debtor's case has already been laden

10   with contentious litigation. A procedural summary of Debtor's Chapter 11 case since the

11   petition date is as follows:

12   On February 22, 2023, Debtor filed his Chapter 11 petition [docket no.: 1].

13   On February 27, 2023, Debtor filed a Notice of Bar Date for filing Proofs of Claims

14   [docket no.: 18].

15   On March 2, 2023, Debtor filed an Application to Employ MJB [docket no.: 24]. On

16   March 16, 2023, the U.S. Trustee filed an Opposition to the Application to Employ MJB

17   [docket no.: 48]. On March 17, 2023, Debtor filed a Notice of Hearing on the Application

18   to Employ MJB [docket no.: 51].

19   On March 3, 2023, Creditor U.S. Bank, N.A. filed its Motion for Relief – Unlawful

20   Detainer re 14245 Ventura Blvd., Sherman Oaks, CA 91423 [docket no.: 26].  On March

21   29, 2023, the Court entered its Order granting U.S. Bank, N.A.'s Motion for Relief [docket

22   no.: 57].

23   On March 8, 2023, Debtor filed an Addendum of Voluntary Petition [docket no.: 33].

24   On March 8, 2023, Debtor filed the outstanding Schedules and bankruptcy

25   disclosures [docket no.: 34].

26

27   _____
[1] Debtor disputes the claims of the two largest creditors, the Vagos and the Menlo Trust, which constitute the majority
of Debtor's liabilities. Debtor is appealing the two judgments, and has filed an Adversary Proceeding against the

28   Vagos' for avoidance of their judgment lien which was recorded within 90 days of the Petition Date.

4

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION
FOR AUTHORITY TO EMPLOY MICHAEL JAY BERGER AS GENERAL BANKRUPTCY COUNSEL;
DECLARATIONS OF MICHAEL JAY BERGER AND LESLIE KLEIN IN SUPPORT THEREOF

1    On March 8, 2023, Debtor filed the Subchapter V Status Report [docket no.: 35].

2    On March 9, 2023, Debtor filed an Updated Debtor's Election to Non-Small Business
3    Non-Subchapter V [docket no.: 37].

4    On March 10, 2023, Debtor filed his Status Report for Chapter 11 Status Conference
5    [docket no.: 42].

6    On March 10, 2023, Debtor file a second Addendum to the Voluntary Petition
7    [docket no.: 43].

8    Debtor's Meeting of Creditors was held on March 13, 2023.

9    On March 31, 2023, Debtor filed his Initial Status Report [docket no.: 61].

10    On March 31, 2021, Debtor filed his Amended Schedules A/B and Amended
11    Statement of Financial Affairs [docket no.: 62, refiled docket no.: 70].

12    On April 5, 2023, Creditor Frankin Menlo filed a Motion for Relief from Stay –
13    Non-Bankruptcy Forum [docket no.: 65]. On April 19, 2023, Debtor filed his Opposition
14    to Menlo's Motion for Relief from Stay [docket no.: 76]. On April 25, 2023, Franklin
15    Menlo filed a Voluntary Dismissal of Motion for Relief from Stay – Non-Bankruptcy
16    Forum [docket no.: 83].

17    On April 5, 2023, Debtor filed a Supplemental Declarations of Michael Jay Berger
18    and Leslie Klein in Support of Debtor's Application to Employ Michael Jay Berger as
19    General Bankruptcy Counsel [docket no.: 66, relating to Debtor's Application to Employ
20    Michael Jay Berger as General Bankruptcy Counsel docket no.: 24].

21    On April 12, 2023, the Court held its Preliminary Status Conference.

22    On April 11, 2023, Creditors Joseph and Erica Vago filed their Notice of Motion and
23    Motion to Disallow Debtor's Claim of Homestead Exemption Pursuant to 11 U.S.C. §
24    522(q); Declaration of Erica Vago and Request for Judicial Notice in Support of Same
25    [docket no.: 71] ("Motion to Disallow Homestead"). On May 3, 2023, Debtor filed his
26    Opposition to the Motion to Disallow Homestead [docket no.: 106]. The hearing on the
27    Motion to Disallow Homestead is scheduled for May 17, 2023 at 9:00 a.m., to be heard
28    concurrently with this Status Conference.

1        On April 18, 2023, Debtor filed his Notice of Continued Status Conference and

2    Continued Hearing on Debtor's Application to Employ General Bankruptcy Counsel

3    [docket no.: 75].

4        On April 24, 2023, Creditors Joseph and Erica Vago filed their Notice of Motion

5    and Motion for Order Dismissing Debtor's Chapter 11 Bankruptcy Case; Memorandum of

6    Points and Authorities; Declaration of Eric Vago; and Request for Judicial Notice in

7    Support of Same [docket no.: 79], and Declaration of Brian Procel in Support of Motion

8    for Order Dismissing Debtor's Chapter 11 Bankruptcy Case [docket no.: 80] (the "Vagos'

9    Motion to Dismiss"). On May 2, 2023, the U.S. Trustee filed a Limited Opposition to the

10    Vagos' Motion to Dismiss [docket no.: 98]. On May 3, 2023, Creditor Franklin Menlo

11    filed a Response to the Vagos' Motion to Dismiss [docket no.: 99]. On May 3, 2023,

12    Creditor Adi Vendriger filed a Response to the Vagos' Motion to Dismiss [docket no.:

13    100]. On May 3, 2023, Debtor filed his Opposition to the Vagos' Motion to Dismiss

14    [docket no.: 107]. On May 4, 2023, Creditors Robert & Esther Mermelstein filed their

15    Response to the Vagos' Motion to Dismiss [docket no.: 111].  The hearing on the Motion

16    to Disallow Homestead is scheduled for May 17, 2023 at 9:00 a.m., to be heard

17    concurrently with this Status Conference.

18        On April 25, 2023, Creditor Frankin Menlo filed a Second Motion for Relief from

19    Stay – Non-Bankruptcy Forum [docket no.: 84]. On May 3, 2023, Debtor filed his

20    Opposition to the Menlo Motion for Relief [docket no.: 104]. The hearing on the Menlo

21    Motion for Relief is scheduled for May 17, 2023 at 8:30 a.m.

22        On April 26, 2023, Creditor Ajax Mortgage Loan Trust 2021-D, Mortgage-Backed

23    Securities, Series 2021-D, by U.S. Bank National Association, as Indenture Trustee filed a

24    Notice of Motion and Motion for Relief from the Automatic Stay with Supporting

25    Declarations as to Debtor's Real Property located at 161 North Poinsettia Place, Los

26    Angeles, CA 90036 [docket no.: 86]. On May 3, 2023, Debtor filed his Opposition to the

27    Ajax Motion for Relief [docket no.: 105]. The hearing on the Ajax Motion for Relief is

28    scheduled for May 17, 2023 at 8:30 a.m.

1       On April 26, 2023, Movant Life Capital Group, LLC filed a Motion for Relief from

2  Stay – Non-Bankruptcy Forum regarding Debtor's 50% ownership interest in Life Capital

3  Group, LLC [docket no.: 88]. On May 3, 2023, Creditors A. Gestetner Family Trust,

4  Gestetner Charitable Remainder Unitrust filed a Response to Life Capital Group's Motion

5  for Relief [docket no.: 101]. On May 3, 2023, Debtor filed his Opposition to the Life

6  Capital Group Motion for Relief [docket no.: 103]. On May 4, 2023, Creditor Robert &

7  Esther Mermelstein filed Response Motion For An Order Authorizing And Directing Life

8  Capital Group, LLC To Pay Funds To Chapter 11 Bankruptcy Estate; Memorandum Of

9  Points And Authorities; Declaration Of Jonathan Polter In Support Thereof [docket no.:

10  110]. The hearing on the Life Capital Group LLC Motion for Relief is scheduled for May

11  17, 2023 at 8:30 a.m.

12       On April 26, 2023, Movant Life Capital Group, LLC filed a Motion for an Order

13  Authorizing and Directing Life Capital Group, LLC to Pay Funds to Chapter 11

14  Bankruptcy Estate; Memorandum of Points and Authorities; Declaration of Jonathan Polter

15  in Support Thereof [docket no.: 90] ("Motion Directing Payment to Debtor"). On May 3,

16  2023, Debtor filed his Response to Life Capital Group LLC's Motion Directing Payment

17  to Debtor [docket no.: 109]. The hearing on Life Capital Group, LLC's Motion Directing

18  Payment to Debtor is scheduled for May 17, 2023 at 9:00 a.m., to be heard concurrently

19  with this Status Conference.

20       On May 3, 2023, Creditor Joseph and Erica Vago filed their Omnibus Opposition to

21  Life Capital Group, LLC's (1) Motion for Relief from the Automatic Stay; and (2) Motion

22  for an Order Authorizing and Directing Life Capital Group, LLC to Pay Funds to Chapter

23  11 Bankruptcy Estate; and Declaration of Brian Procel in Support Thereof with Proof of

24  Service [docket no.: 102].

25       On May 3, 2023, Debtor filed Debtor's Status Conference Report No.: 2 Declaration

26  of Michael Jay Berger in Support Thereof [docket no.: 108].

27       On May 5, 2023, the Debtor filed an Adversary Proceeding Complaint against

28  Joseph and Erica Vago for: (1) Avoidance of Preference; (2) Recovery of Avoided

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION
FOR AUTHORITY TO EMPLOY MICHAEL JAY BERGER AS GENERAL BANKRUPTCY COUNSEL;
DECLARATIONS OF MICHAEL JAY BERGER AND LESLIE KLEIN IN SUPPORT THEREOF

1 Transfer; and (3) Automatic Preservation of Avoided Transfer pursuant to 11 U.S.C. §§

2 547, 550 and 551.

3     A review of the procedural history in the short period of Debtor's case clearly

4 evidences Debtor's need to retain competent chapter 11 counsel and that Applicant's

5 representation has already conferred a substantial benefit to the estate.

6     **III.    EMPLOYMENT OF MICHAEL JAY BERGER AS GENERAL**

7     **BANKRUPTCY COUNSEL**

8     Section 327 of the Bankruptcy Code, which governs employment of professional

9 persons, provides, in pertinent part, as follows, the trustee with the court's approval, may

10 employ one or more attorneys, accountants, appraisers, auctioneers, or other professional

11 persons, that do not hold or represent an interest adverse to the estate, and that are

12 disinterested persons, to represent or assist the trustee in carrying out the trustee's duties

13 under this title. 11 U.S.C. § 327(a)

14     Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Rule 2014") mandates

15 that a professional seeking approval of its employment by the bankruptcy estate disclose

16 "any proposed arrangement for compensation" and "all of the person's connections with

17 the Debtor, creditors, any other party in interest, its respective attorneys and accountants,

18 [and] the United States Trustee." All facts pertinent to a court's determination of whether

19 the professional is disinterested or holds an interest adverse to the estate must be disclosed.

20 The professional is required to make a full, candid and complete disclosure in its

21 application for employment. *See In re Lotus Props. LP*, 200 B.R. 388, 391 (Bankr. C.D.

22 Cal. 1996) ( *citing In re Park Helena Corp.*, 63 F.3d 877, 880-82 (9th Cir. 1995)); *In re*

23 *Gire*, 107 B.R. 739, 746 (Bankr. E.D. Cal. 1989); Fed. R. Bankr. P. 2014

24     The Debtor seeks to employ Michael Jay Berger ("MJB" or "Applicant") as his

25 General Bankruptcy Counsel to represent him in this chapter 11 case and in any adversary

26 proceedings which may arise from this bankruptcy case.

27 ///

28 ///

8

1    ***A. Fees and Compensation***

2        Applicant will render services to the Debtor at the various firm members' regular

3    hourly rates, as set forth herein. Applicant will charge the Debtor for Michael Jay Berger's

4    services at the rate of $595.00 per hour.  Firm will charge Debtor $545.00 per hour for the

5    services of his partner Sofya Davtyan, $435.00 per hour for the services of mid-level

6    associate attorneys Carolyn M. Afari and Robert Poteete, $395.00 per hour for the services

7    of associate attorney Angeline Smirnoff; $250.00 per hour for the services of his senior

8    paralegals and law clerks, and $200.00 per hour for the services of bankruptcy paralegals.

9    A true and correct copies of Applicant and his firm's updated resumes are attached hereto

10   as **Exhibits "1" and "2."**

11       Applicant understands that any compensation to be received hereafter by it is

12   subject to approval by this Court, upon appropriate application and hearing.  In conformity

13   with 11 U.S.C. §§330 and 331, Applicant intends to file interim fee applications for

14   allowance of fees and reimbursement of costs advanced as and when appropriate.

15   Applicant will file interim fee applications no more often than every 120 days.

16       During the course of the Debtor's Bankruptcy case and/or at the conclusion of this

17   proceeding, Applicant will file an appropriate application seeking final allowance of all

18   fees and costs, regardless of whether interim compensation has been paid.  Upon

19   allowance of such fees and costs, the Debtor will pay Applicant the difference between the

20   amounts allowed and any interim compensation paid.

21       Applicant's compensation will be based upon various factors including, but not

22   limited to, the customary hourly fees to clients paying at monthly intervals, the novelty or

23   difficulty of the legal issues presented, and the results obtained.

24       Applicant **does not** intend to draw down on the retainer each month pursuant to the

25   rules of the Office of the United States Trustee ("UST") using Professional Fee

26   Statements. Applicant will continue to hold all of Debtor's retainer funds in Applicant's

27   client trust account, until further order of this Court.

28

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION
FOR AUTHORITY TO EMPLOY MICHAEL JAY BERGER AS GENERAL BANKRUPTCY COUNSEL;
DECLARATIONS OF MICHAEL JAY BERGER AND LESLIE KLEIN IN SUPPORT THEREOF

i.  **Chapter 11 Pre- and Post-Petition Retainer and Disclosures**
**Regarding the Source Thereof**

As disclosed in the Employment Application, Applicant requested an initial retainer of $20,000.00 to begin the representation as Debtor's general bankruptcy counsel. On February 15, 2023, Doctor's paid Applicant the $20,000.00 retainer and the $1,738.00 filing fee as a gift contribution on behalf of the Debtor. The Employment Application set forth that Doctor's was not seeking repayment from the Debtor and that Doctor's is not a creditor of the Debtor. The UST filed his Opposition to the Employment Application seeking additional disclosures regarding the source of the retainer paid by Doctor's. In response to the UST's Opposition to the Employment Application, Applicant sought to obtain a declaration from Mr. Eli Zobdeh, the principal of Doctor's, to make additional disclosures regarding the retainer funds paid by Doctor's.  After several weeks of back-and-forth communications, Mr. Zobdeh notified Applicant that he would not sign the declaration.

Having considered the UST's Opposition, Applicant asked the Debtor to seek an alternative source of funds for his chapter 11 retainer.  The Debtor instead now seeks to pay Applicant the chapter 11 retainer from Debtor's law firm, Les Klein & Associates ("Klein & Assoc."). On April 18, 2023, Klein & Assoc. issued two checks to MJB in the amounts of $15,000.00 and $6,750.00, for a total of $21,750.00. Klein & Assoc. paid the retainer on the Debtor's behalf as a gift contribution to the Debtor.  Applicant is holding the funds paid by Doctor's and the retainer funds from Klein & Assoc. in Applicant's client trust account until further Order of this Court.

Klein & Assoc. is a separate corporate entity which is the Debtor's law firm and was disclosed as an asset owned by the Debtor. The Debtor informed Applicant that the source of funds used to pay the retainer was from Klein & Assoc.'s general account. As such, based on the Debtor's representations to Applicant, the source of funds paid by Klein & Assoc. as a gift to the Debtor is an asset of that separate entity, and the value of Klein & Assoc. is an asset of the Debtor's estate. Due to Debtor's financial hardship, and Debtor's

10

1 necessity to retain competent chapter 11 counsel, Debtor has chosen to use funds from his

2 separate entity law firm to pay his chapter 11 retainer. Both Debtor and Applicant are

3 aware that there is no obligation from Klein & Assoc. to provide additional monies for

4 legal fees and Applicant will only submit future bills to the Debtor directly, and not to

5 Klein & Assoc. In regards to payment of future fees, Applicant's work while employed as

6 Debtor's chapter 11 bankruptcy counsel is an administrative claim, and Applicant will seek

7 to be reimbursed for future fees, after Court approval, either directly from the Debtor,

8 through a Plan of Reorganization, or through a distribution by a trustee.

9      Applicant understands the April 18, 2023 retainer is a post-petition retainer.

10 Pursuant to 11 U.S.C. § 549, Applicant seeks permission of this Court to approve payment

11 of a post-petition retainer in the amount of $21,750.00. As noted above, the funds are

12 being held in Applicant's client trust account, the source of the payment is Debtor's

13 separate entity law firm Klein & Assoc., and the retainer has not come from cash collateral

14 proceeds of any secured creditor.

15      "In determining whether a post-petition retainer is justified and reasonable in a

16 chapter 11 case, courts consider various factors, including: the retainer's economic impact

17 on the debtor's ongoing business operation and the debtor's ability to reorganize; the

18 amount and reasonableness of the retainer; the reputation of the debtor's counsel; and the

19 ability of the debtor's counsel to disgorge any unjustified portion of a retainer paid." 10

20 Collier on Bankruptcy, ¶ 328.02 (15th Ed. 2007) (*citing In re Jefferson Bus. Ctr. Assocs.,*

21 135 B.R. 676, 680 (Bankr. D. Colo. 1992); *In re Truong,* 259 B.R. 264, 267 (Bankr. D.N.J.

22 2001)

23      The provisions for employment and payment of a debtor's counsel in Chapter 11 are

24 flexible and practical. 11 U.S.C. §§ 327–331 and 503(b)(2). "Clear and specific provision

25 is made in 11 U.S.C. § 503(b)(2) to pay debtor's counsel, as a cost of administration, for

26 services rendered to a debtor post-petition. It is tailored to allow payment to debtor's

27 counsel, but only within the scheme and safeguards embodied in Sections 327 through 331

28 of the Code." *In re Kahler,* 84 B.R. 721, 724 (Bankr.D.Colo.1988).

1    *In re Truong*, 259 B.R. 264 (Bankr. D.N.J. 2001), in a case converted from Chapter

2    13 to Chapter 11, debtors, who had appeared pro se, were directed by the court to retain

3    counsel to represent them in the Chapter 11 case. Debtors then filed an application to

4    retain bankruptcy counsel and to pay counsel a $15,000 post-petition retainer. The United

5    States Trustee (UST) filed a limited objection. The *Truong* court held, regardless of the

6    size of the case, the bottom-line consideration should be whether the terms of retention are

7    fair; both to the professional whose retention is sought, as well as to the debtor and its

8    creditors who must bear the expense. *In re Truong*, at 267

9        *Truong* relied on the analysis provided by *In re Jefferson Bus. Ctr. Assocs.*, 135

10   B.R. 676 (Bankr.D.Colo.1992), which the *Truong* Court held provides a flexible and

11   appropriate framework. In *Jefferson*, a debtor filed a request for court approval of a post-

12   petition retainer against which its proposed counsel could draw monthly seventy-five

13   percent of the fees and expenses for future services. The Court observed that "The

14   provisions for employment and payment of a debtor's counsel in Chapter 11 are flexible

15   and practical," and "[a] determination of whether, and in what amount, a retainer should be

16   paid is best left to the parties and the discretion of the Court." *Id.* Furthermore, the Court

17   recognized that "[s]uch a determination must be made on a case-by-case basis" and that the

18   burden is on the applicant to prove that the terms of the retention are reasonable. *Id.* at 680

19       In determining whether to allow the post-petition retainer, the *Truong* Court

20   considered: (1) the retainer's economic impact on the debtor's ongoing business operation;

21   (2) the retainer's economic impact on the debtor's ability to reorganize; (3) the amount and

22   reasonableness of the retainer; (4) the reputation of debtor's counsel; and (5) the ability of

23   debtor's counsel to disgorge such payments at the conclusion of the case should the Court

24   determine that the fees paid to counsel are not justified. Id. The Court also noted that

25   although post-petition retainers and the ability to draw against such retainers are granted in

26   large bankruptcy cases, usually to large law firms, smaller law firms and smaller cases

27   should not be treated any differently. *Id.* at 680.

28

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION
FOR AUTHORITY TO EMPLOY MICHAEL JAY BERGER AS GENERAL BANKRUPTCY COUNSEL;
DECLARATIONS OF MICHAEL JAY BERGER AND LESLIE KLEIN IN SUPPORT THEREOF

As a preliminary matter, the payment of a post-petition retainer will have little impact on the Debtors' ongoing operations and ability to reorganize. The source of the post-petition retainer was Debtor's separate entity law firm Klein & Assoc. No cash collateral of any secured creditor is being used to pay the retainer. Further, a review of the docket in Debtor's case evidences that Debtor's case is already embroiled in contentious litigation, and the Debtor requires bankruptcy counsel to represent the interest of the bankruptcy estate and to help the Debtor navigate the complex Bankruptcy process. If Applicant's employment is not approved, Debtor will be required to hire new general bankruptcy counsel, and would be in the same predicament as he is now, where new counsel would seek approval of a post-petition retainer to begin representation of the Debtor.

Further, Applicant is well-qualified to represent the Debtor in proceedings of this nature. He is duly admitted to practice law in the Courts of the State of California and in the United States District Court for the Central District of California. A true copy of Applicant's résumé and his staff are attached as **Exhibits "1" and "2"** to the Declaration of Michael Jay Berger. A review of the procedural history of the case clearly evidences the progress the case has already had and the benefit Applicant's work has already conferred on the estate.

Requiring Applicant to wait an extended period for payment would create an undue hardship on his practice. Given Applicant's highly regarded record as a practicing attorney, there can be no question of Applicant's willingness and ability to disgorge any portion of the retainer in the unlikely event the Court should subsequently deem such payment unjustified.

For the foregoing reasons, the Court should authorize the employment of and payment of post-petition retainer to Applicant, pursuant to the terms set forth herein. No further compensation will be paid to Applicant post-petition by the Debtor except upon application to, and approval by, the Bankruptcy Court after notice and a hearing.

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION
FOR AUTHORITY TO EMPLOY MICHAEL JAY BERGER AS GENERAL BANKRUPTCY COUNSEL;
DECLARATIONS OF MICHAEL JAY BERGER AND LESLIE KLEIN IN SUPPORT THEREOF

1    In the event the Court determines that the disclosures regarding the retainer are

2    insufficient, Applicant will direct the Debtor to open a separate debtor-in-possession bank

3    account and Applicant will deposit those funds into that segregated account. Applicant still

4    seeks to be employed as Debtor's general bankruptcy counsel, and will seek to be paid as

5    an Administrative Claim as ordered by this Court.

6    **B. *Applicant Does Not Hold an Interest Adverse to the Estate and is Disinterested***

7    The phrase "adverse interest" is not statutorily defined. However, courts have stated

8    that a party will be deemed to hold or represent an "adverse interest" to the estate when it:

9    (1) possesses or asserts any economic interest that would tend to lessen the value of the

10    bankruptcy estate or that would create an actual or potential dispute in which the estate is a

11    rival claimant; or (2) possesses a predisposition under circumstances that render such a

12    bias against the estate. *Tevis v. Wilke, Fleury, Hoffelt, Gould & Birney (In re Tevis)*, 347

13    B.R. 647, 688 (B.A.P. 9th Cir. 2006); *In re Lee*, 94 B.R. 172, 177 (Bankr. CD. Cal. 1989).

14    "Disinterested persons" are defined in Section 101 (14) as follows:

15    "Disinterested person" means [a] person that -

16    (A) is not a creditor, an equity security holder, or an insider;

17    (B) is not and was not, within 2 years before the date of the filing of the petition, a

18    director, officer, or employee of the debtor; and

19    (C) does not have an interest materially adverse to the interest of the estate or of any

20    class of creditors or equity security holders, by reason of any direct or indirect relationship

21    to. connection with, or interest in, the Debtor ... or for any other reason . . .

22    11 U.S.C. § 101(14).

23    Based on the disclosures made herein, Applicant is disinterested.  Here, neither

24    Applicant nor any professionals who are members of Applicant possess or assert an

25    economic interest that would tend to lessen the value of the estate or that would create an

26    actual or potential dispute against the estate or has a predisposition that will create a bias

27    against the estate.  Accordingly, Applicant does not hold an interest adverse to the estate.

28

1  Applicant has not in the past represented the Debtor's insiders or affiliates, and at

2  this time has no plans to represent any related Debtors, principles or insiders. To the best

3  of Applicant's knowledge, Applicant has no relationship or connection with the Debtor's

4  creditors or other parties in interest or the Debtor's respective attorneys or accountants

5  unless set forth herein.

6  Applicant does not hold any interest in, nor is it materially adverse to the Debtor,

7  and thus constitutes a disinterested person as contemplated by 11 U.S.C. §327 and defined

8  in §101(14) of the *Bankruptcy Code*. Applicant is not a creditor of the estate and is not

9  owed any funds by the Debtor.

10  Debtor is not a creditor of Klein and Assoc. and Klein and Assoc. is not a creditor

11  of the Debtor.

12  Debtor is the principal and 100% owner of Klein & Assoc. Debtor is not aware of

13  any present or potential conflict of interest between the Debtor and Klein & Assoc., and

14  Debtor waives any potential conflict. The retainer provided to the Debtor from Klein &

15  Assoc. is a gift contribution, and Klein & Assoc. will not seek repayment of that money

16  from me.

17  Debtor and Applicant understand that Klein & Assoc. has no obligation to provide

18  further monies to Applicant for Debtor's representation.

19  Debtor and Applicant understand that Applicant represents the Debtor as his client

20  in the bankruptcy proceeding, and not Klein & Assoc.

21  Debtor understands that Klein & Assoc. has no client-relationship with MJB and

22  that Klein & Assoc. does not direct the representation provided by Applicant to the Debtor.

23  Debtor understands that he is responsible for the post-petition fees and costs due in

24  Debtor's bankruptcy case.

25  Debtor is informed and believes that MJB has no connection with Klein & Assoc.

26  ## IV.   **CONCLUSION**

27  **WHEREFORE**, the Debtor respectfully requests that the Debtor be authorized,

28  based upon the foregoing and pursuant to 11 U.S.C. § 327 and Rule 2014(a) of *Federal*

1    *Rules of Bankruptcy Procedure*, to employ Michael Jay Berger as his general bankruptcy

2    counsel, as of February 23, 2023, with compensation in such amount as the Court may

3    hereafter allow in accordance with law, and the terms set forth herein including the

4    authorization of payment of a post-petition retainer from Klein & Assoc., and for any other

5    relief the Court may deem just and proper.

6

7

8    Dated:  May  9, 2023                                    **LAW OFFICES OF MICHAEL JAY BERGER**

9

10                                          **By:**          _____

11                                                              **Michael Jay Berger**
                                                              *Proposed Counsel for Debtor*
12                                                              Leslie Klein

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION
FOR AUTHORITY TO EMPLOY MICHAEL JAY BERGER AS GENERAL BANKRUPTCY COUNSEL;
DECLARATIONS OF MICHAEL JAY BERGER AND LESLIE KLEIN IN SUPPORT THEREOF

## DECLARATION OF MICHAEL JAY BERGER

I, Michael Jay Berger, declare and state as follows:

1.    I am the principal of the Law Offices of Michael Jay Berger ("Applicant"), proposed general bankruptcy counsel for Debtor, Leslie Klein ("Debtor"). I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2.    On February 13, 2023, the Debtor retained me and entered into an Attorney-Client Agreement with the Debtor (the "Agreement"). The Debtor's case was commenced by filing a voluntary petition under Chapter 11 of the *Bankruptcy Code* on February 22, 2023 (the "Petition Date").  On March 2, 2023, the Debtor filed an Application to Employ Applicant [docket no.: 24] to employ me as his general bankruptcy counsel (the "Employment Application"). The Employment Application, disclosed that the source of the retainer and the court filing fee was Doctor's Marketing Group, LLC ("Doctor's").

3.    On March 16, 2023, the United States Trustee (the "UST") filed an Opposition to Applicant's Employment Application and requested the Employment Application to be set for hearing ("UST Opposition") [docket No. 48] seeking additional disclosures regarding the third-party payment of the chapter 11 retainer. The hearing on the Employment Application was initially set for April 12, 2023 [docket No. 52], and was subsequently continued to May 17, 2023 [Docket No.: 75].

4.    In response to the UST's Opposition, the Debtor sought to obtain a declaration from Mr. Eli Zobdeh, the principal of Doctor's, in support of the Employment Application disclosing the source of Doctor's gifted retainer and filing fee. An associate attorney from my firm emailed and spoke to Doctor's principal, Mr. Zobdeh in order to have him sign the aforementioned declaration.  After several weeks of back-and-forth communications, Mr. Zobdeh notified me that he would not sign the declaration.

5.    Having considered the UST's Opposition, and in light of Mr. Zobdeh's refusal to cooperate in signing the declaration, I asked the Debtor to seek an alternative source of funds for his chapter 11 retainer.  The Debtor instead now seeks to pay the

1   chapter 11 retainer from Debtor's law firm, Les Klein & Associates ("Klein & Assoc.").

2   On April 18, 2023, Klein & Assoc. issued two checks to my firm in the amounts of

3   $15,000.00 and $6,750.00, for a total of $21,750.00.

4         6.     I am holding both the $21,738.00 gifted to the Debtor by Doctor's, and the

5   $21,750.00 from Klein & Assoc. in my client trust account until approval of my

6   employment and further order of this Court.

7         7.     Due to Debtor's precarious financial situation, Debtor's case has already

8   been laden with contentious litigation. A procedural summary of Debtor's Chapter 11 case

9   since the petition date is as follows:

10        8.     On February 22, 2023, Debtor filed his Chapter 11 petition [docket no.: 1].

11        9.     On February 27, 2023, Debtor filed a Notice of Bar Date for filing Proofs of

12  Claims [docket no.: 18].

13        10.    On March 2, 2023, Debtor filed an Application to Employ MJB [docket no.:

14  24]. On March 16, 2023, the U.S. Trustee filed an Opposition to the Application to Employ

15  MJB [docket no.: 48]. On March 17, 2023, Debtor filed a Notice of Hearing on the

16  Application to Employ MJB [docket no.: 51].

17        11.    On March 3, 2023, Creditor U.S. Bank, N.A. filed its Motion for Relief –

18  Unlawful Detainer re 14245 Ventura Blvd., Sherman Oaks, CA 91423 [docket no.: 26].

19  On March 29, 2023, the Court entered its Order granting U.S. Bank, N.A.'s Motion for

20  Relief [docket no.: 57].

21        12.    On March 8, 2023, Debtor filed an Addendum of Voluntary Petition [docket

22  no.: 33].

23        13.    On March 8, 2023, Debtor filed the outstanding Schedules and bankruptcy

24  disclosures [docket no.: 34].

25        14.    On March 8, 2023, Debtor filed the Subchapter V Status Report [docket no.:

26  35].

27        15.    On March 9, 2023, Debtor filed an Updated Debtor's Election to Non-Small

28  Business Non-Subchapter V [docket no.: 37].

16.     On March 10, 2023, Debtor filed his Status Report for Chapter 11 Status Conference [docket no.: 42].

17.     On March 10, 2023, Debtor file a second Addendum to the Voluntary Petition [docket no.: 43].

18.     Debtor's Meeting of Creditors was held on March 13, 2023.

19.     On March 31, 2023, Debtor filed his Initial Status Report [docket no.: 61].

20.     On March 31, 2021, Debtor filed his Amended Schedules A/B and Amended Statement of Financial Affairs [docket no.: 62, refiled docket no.: 70].

21.     On April 5, 2023, Creditor Frankin Menlo filed a Motion for Relief from Stay – Non-Bankruptcy Forum [docket no.: 65]. On April 19, 2023, Debtor filed his Opposition to Menlo's Motion for Relief from Stay [docket no.: 76]. On April 25, 2023, Franklin Menlo filed a Voluntary Dismissal of Motion for Relief from Stay – Non-Bankruptcy Forum [docket no.: 83].

22.     On April 5, 2023, Debtor filed a Supplemental Declarations of Michael Jay Berger and Leslie Klein in Support of Debtor's Application to Employ Michael Jay Berger as General Bankruptcy Counsel [docket no.: 66, relating to Debtor's Application to Employ Michael Jay Berger as General Bankruptcy Counsel docket no.: 24].

23.     On April 12, 2023, the Court held its Preliminary Status Conference.

24.     On April 11, 2023, Creditors Joseph and Erica Vago filed their Notice of Motion and Motion to Disallow Debtor's Claim of Homestead Exemption Pursuant to 11 U.S.C. § 522(q); Declaration of Erica Vago and Request for Judicial Notice in Support of Same [docket no.: 71] ("Motion to Disallow Homestead"). On May 3, 2023, Debtor filed his Opposition to the Motion to Disallow Homestead [docket no.: 106]. The hearing on the Motion to Disallow Homestead is scheduled for May 17, 2023 at 9:00 a.m., to be heard concurrently with this Status Conference.

25.     On April 18, 2023, Debtor filed his Notice of Continued Status Conference and Continued Hearing on Debtor's Application to Employ General Bankruptcy Counsel [docket no.: 75].

26.     On April 24, 2023, Creditors Joseph and Erica Vago filed their Notice of Motion and Motion for Order Dismissing Debtor's Chapter 11 Bankruptcy Case; Memorandum of Points and Authorities; Declaration of Eric Vago; and Request for Judicial Notice in Support of Same [docket no.: 79], and Declaration of Brian Procel in Support of Motion for Order Dismissing Debtor's Chapter 11 Bankruptcy Case [docket no.: 80] (the "Vagos' Motion to Dismiss"). On May 2, 2023, the U.S. Trustee filed a Limited Opposition to the Vagos' Motion to Dismiss [docket no.: 98]. On May 3, 2023, Creditor Franklin Menlo filed a Response to the Vagos' Motion to Dismiss [docket no.: 99]. On May 3, 2023, Creditor Adi Vendriger filed a Response to the Vagos' Motion to Dismiss [docket no.: 100]. On May 3, 2023, Debtor filed his Opposition to the Vagos' Motion to Dismiss [docket no.: 107]. On May 4, 2023, Creditors Robert & Esther Mermelstein filed their Response to the Vagos' Motion to Dismiss [docket no.: 111]. The hearing on the Motion to Disallow Homestead is scheduled for May 17, 2023 at 9:00 a.m., to be heard concurrently with this Status Conference.

27.     On April 25, 2023, Creditor Frankin Menlo filed a Second Motion for Relief from Stay – Non-Bankruptcy Forum [docket no.: 84]. On May 3, 2023, Debtor filed his Opposition to the Menlo Motion for Relief [docket no.: 104]. The hearing on the Menlo Motion for Relief is scheduled for May 17, 2023 at 8:30 a.m.

28.     On April 26, 2023, Creditor Ajax Mortgage Loan Trust 2021-D, Mortgage-Backed Securities, Series 2021-D, by U.S. Bank National Association, as Indenture Trustee filed a Notice of Motion and Motion for Relief from the Automatic Stay with Supporting Declarations as to Debtor's Real Property located at 161 North Poinsettia Place, Los Angeles, CA 90036 [docket no.: 86]. On May 3, 2023, Debtor filed his Opposition to the Ajax Motion for Relief [docket no.: 105]. The hearing on the Ajax Motion for Relief is scheduled for May 17, 2023 at 8:30 a.m.

29.     On April 26, 2023, Movant Life Capital Group, LLC filed a Motion for Relief from Stay – Non-Bankruptcy Forum regarding Debtor's 50% ownership interest in Life Capital Group, LLC [docket no.: 88]. On May 3, 2023, Creditors A. Gestetner Family

20

1  Trust, Gestetner Charitable Remainder Unitrust filed a Response to Life Capital Group's

2  Motion for Relief [docket no.: 101]. On May 3, 2023, Debtor filed his Opposition to the

3  Life Capital Group Motion for Relief [docket no.: 103]. On May 4, 2023, Creditor Robert

4  & Esther Mermelstein filed Response Motion For An Order Authorizing And Directing

5  Life Capital Group, LLC To Pay Funds To Chapter 11 Bankruptcy Estate; Memorandum

6  Of Points And Authorities; Declaration Of Jonathan Polter In Support Thereof [docket no.:

7  110]. The hearing on the Life Capital Group LLC Motion for Relief is scheduled for May

8  17, 2023 at 8:30 a.m.

9      30.    On April 26, 2023, Movant Life Capital Group, LLC filed a Motion for an

10  Order Authorizing and Directing Life Capital Group, LLC to Pay Funds to Chapter 11

11  Bankruptcy Estate; Memorandum of Points and Authorities; Declaration of Jonathan Polter

12  in Support Thereof [docket no.: 90] ("Motion Directing Payment to Debtor"). On May 3,

13  2023, Debtor filed his Response to Life Capital Group LLC's Motion Directing Payment

14  to Debtor [docket no.: 109]. The hearing on Life Capital Group, LLC's Motion Directing

15  Payment to Debtor is scheduled for May 17, 2023 at 9:00 a.m., to be heard concurrently

16  with this Status Conference.

17      31.    On May 3, 2023, Creditor Joseph and Erica Vago filed their Omnibus

18  Opposition to Life Capital Group, LLC's (1) Motion for Relief from the Automatic Stay;

19  and (2) Motion for an Order Authorizing and Directing Life Capital Group, LLC to Pay

20  Funds to Chapter 11 Bankruptcy Estate; and Declaration of Brian Procel in Support

21  Thereof with Proof of Service [docket no.: 102].

22      32.    On May 3, 2023, Debtor filed Debtor's Status Conference Report No.: 2

23  Declaration of Michael Jay Berger in Support Thereof [docket no.: 108].

24      33.    On May 5, 2023, the Debtor filed an Adversary Proceeding Complaint

25  against Joseph and Erica Vago for: (1) Avoidance of Preference; (2) Recovery of Avoided

26  Transfer; and (3) Automatic Preservation of Avoided Transfer pursuant to 11 U.S.C. §§

27  547, 550 and 551.

28

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION
FOR AUTHORITY TO EMPLOY MICHAEL JAY BERGER AS GENERAL BANKRUPTCY COUNSEL;
DECLARATIONS OF MICHAEL JAY BERGER AND LESLIE KLEIN IN SUPPORT THEREOF

34.   A review of the procedural history in the short period of Debtor's case clearly evidences Debtor's need to retain competent chapter 11 counsel and that my representation has already conferred a substantial benefit to the estate.

35.   I will render services to the Debtor at the various firm members' regular hourly rates, as set forth herein. I will charge the Debtor for my services at the rate of $595.00 per hour.  Firm will charge Debtor $545.00 per hour for the services of his partner Sofya Davtyan, $435.00 per hour for the services of mid-level associate attorneys Carolyn M. Afari and Robert Poteete, $395.00 per hour for the services of associate attorney Angeline Smirnoff; $250.00 per hour for the services of his senior paralegals and law clerks, and $200.00 per hour for the services of bankruptcy paralegals. A true and correct copies of my resume and the updated resumes of my firm are attached hereto as **Exhibits "1" and "2."**

36.   I understand that any compensation to be received hereafter by it is subject to approval by this Court, upon appropriate application and hearing.  In conformity with 11 U.S.C. §§330 and 331, I intend to file interim fee applications for allowance of fees and reimbursement of costs advanced as and when appropriate.  I will file interim fee applications no more often than every 120 days.

37.   During the course of the Debtor's Bankruptcy case and/or at the conclusion of this proceeding, I will file an appropriate application seeking final allowance of all fees and costs, regardless of whether interim compensation has been paid.  Upon allowance of such fees and costs, the Debtor will pay me the difference between the amounts allowed and any interim compensation paid.

38.   My compensation will be based upon various factors including, but not limited to, the customary hourly fees to clients paying at monthly intervals, the novelty or difficulty of the legal issues presented, and the results obtained.

39.   I **do not** intend to draw down on the retainer each month pursuant to the rules of the Office of the United States Trustee ("UST") using Professional Fee

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION
FOR AUTHORITY TO EMPLOY MICHAEL JAY BERGER AS GENERAL BANKRUPTCY COUNSEL;
DECLARATIONS OF MICHAEL JAY BERGER AND LESLIE KLEIN IN SUPPORT THEREOF

1  Statements. I will continue to hold all of Debtor's retainer funds in my client trust account,

2  until further order of this Court.

3      40.    I am aware that there is no obligation from Klein & Assoc. to provide

4  additional monies for legal fees and I will only submit future bills to the Debtor directly,

5  and not to Klein & Assoc. In regards to payment of future fees, my work while employed

6  as Debtor's chapter 11 bankruptcy counsel is an administrative claim, and I will seek to be

7  reimbursed for future fees, after Court approval, either directly from the Debtor, through a

8  Plan of Reorganization, or through a distribution by a trustee.

9      41.    I understand the April 18, 2023 retainer is a post-petition retainer. Pursuant

10  to 11 U.S.C. § 549, I seek permission of this Court to approve payment of a post-petition

11  retainer in the amount of $21,750.00. As noted above, the funds are being held in my

12  client trust account, the source of the payment is Debtor's separate entity law firm Klein &

13  Assoc., and the retainer has not come from cash collateral proceeds of any secured

14  creditor.

15      42.    A review of the docket in Debtor's case evidences that Debtor's case is

16  already embroiled in contentious litigation, and the Debtor requires bankruptcy counsel to

17  represent the interest of the bankruptcy estate and to help the Debtor navigate the complex

18  Bankruptcy process. If my employment is not approved, Debtor will be required to hire

19  new general bankruptcy counsel, and would be in the same predicament as he is now,

20  where new counsel would seek approval of a post-petition retainer to begin representation

21  of the Debtor.

22      43.    I am well-qualified to represent the Debtor in proceedings of this nature. I

23  am duly admitted to practice law in the Courts of the State of California and in the United

24  States District Court for the Central District of California. A review of the procedural

25  history of the case clearly evidences the progress the case has already had and the benefit

26  my work has already conferred on the estate.

27      44.    Requiring my firm to wait an extended period for payment would create an

28  undue hardship on his practice. Given my highly regarded record as a practicing attorney,

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION
FOR AUTHORITY TO EMPLOY MICHAEL JAY BERGER AS GENERAL BANKRUPTCY COUNSEL;
DECLARATIONS OF MICHAEL JAY BERGER AND LESLIE KLEIN IN SUPPORT THEREOF

1  there can be no question of my willingness and ability to disgorge any portion of the

2  retainer in the unlikely event the Court should subsequently deem such payment

3  unjustified.

4      45.    No further compensation will be paid to my firm post-petition by the Debtor

5  except upon application to, and approval by, the Bankruptcy Court after notice and a

6  hearing.

7      46.    In the event the Court determines that the disclosures regarding the retainer

8  are insufficient, I will direct the Debtor to open a separate debtor-in-possession bank

9  account and I will deposit those funds into that segregated account. I still seek to be

10  employed as Debtor's general bankruptcy counsel, and will seek to be paid as an

11  Administrative Claim as ordered by this Court.

12      47.    Based on the disclosures made herein, I am disinterested. Here, neither I nor

13  any professionals who are members of my firm possess or assert an economic interest that

14  would tend to lessen the value of the estate or that would create an actual or potential

15  dispute against the estate or has a predisposition that will create a bias against the estate.

16  Accordingly, I do not hold an interest adverse to the estate.

17      48.    I have not in the past represented the Debtor's insiders or affiliates, and at

18  this time have no plans to represent any related Debtors, principles or insiders.  To the best

19  of my knowledge, I have no relationship or connection with the Debtor's creditors or other

20  parties in interest or the Debtor's respective attorneys or accountants unless set forth

21  herein.

22      49.    I do not hold any interest in, nor is it materially adverse to the Debtor, and

23  thus constitutes a disinterested person as contemplated by 11 U.S.C. §327 and defined in

24  §101(14) of the *Bankruptcy Code*.  I am not a creditor of the estate and as of the Petition

25  Date my firm was not owed any funds by the Debtor.

26      50.    I understand that Klein & Assoc. has no obligation to provide further monies

27  to my firm for Debtor's representation.

28

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION
FOR AUTHORITY TO EMPLOY MICHAEL JAY BERGER AS GENERAL BANKRUPTCY COUNSEL;
DECLARATIONS OF MICHAEL JAY BERGER AND LESLIE KLEIN IN SUPPORT THEREOF

51.    I understand that I represent the Debtor as my client in the bankruptcy proceeding, and not Klein & Assoc.

52.    I understand that Klein & Assoc. has no client-relationship with my firm and that Klein & Assoc. does not direct the representation provided by my firm to the Debtor.

53.    I have informed the Debtor that he is responsible for the post-petition fees and costs due in Debtor's bankruptcy case.


I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on May 9, 2023 at Beverly Hills, California.

Michael Jay Berger

25

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION
FOR AUTHORITY TO EMPLOY MICHAEL JAY BERGER AS GENERAL BANKRUPTCY COUNSEL;
DECLARATIONS OF MICHAEL JAY BERGER AND LESLIE KLEIN IN SUPPORT THEREOF

## **DECLARATION OF LESLIE KLEIN**

I, Leslie Klein, declare as follows:

1.     I am the Debtor and Debtor-in-Possession (the "Debtor"). I am over the age of 18.  I have personal knowledge of the facts stated herein, and if I were to be called as a witness, I could and would competently testify about what I have written in this declaration.

2.     I seek to employ Michael Jay Berger ("Applicant") as my general bankruptcy counsel in my chapter 11 bankruptcy case.

3.     On February 13, 2023, I retained Applicant and entered into an Attorney-Client Agreement with the Debtor (the "Agreement"). My case was commenced by filing a voluntary petition under Chapter 11 of the *Bankruptcy Code* on February 22, 2023 (the "Petition Date").  On March 2, 2023, I filed an Application to Employ Applicant [docket no.: 24]. The Employment Application, disclosed that the source of the retainer and the court filing fee was Doctor's Marketing Group, LLC ("Doctor's"). I made a declaration as part of the Employment Application that the retainer funds from Doctor's were a gift, Doctor's is not seeking repayment from me, and that Doctor's is not my creditor.

4.     On March 16, 2023, the United States Trustee (the "UST") filed an Opposition to Applicant's Employment Application and requested the Employment Application to be set for hearing ("UST Opposition") [docket No. 48] seeking additional disclosures regarding the third-party payment of the chapter 11 retainer.

5.     In response to the UST's Opposition, I sought to obtain a declaration from Mr. Eli Zobdeh, the principal of Doctor's, in support of the Employment Application disclosing the source of Doctor's gifted retainer and filing fee.

6.     I instead now seek to pay Applicant the chapter 11 retainer from my law firm, Les Klein & Associates ("Klein & Assoc."). On April 18, 2023, Klein & Assoc. issued two checks to Applicant in the amounts of $15,000.00 and $6,750.00, for a total of $21,750.00. Klein & Assoc. paid the retainer on my behalf as a gift contribution to me.

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION
FOR AUTHORITY TO EMPLOY MICHAEL JAY BERGER AS GENERAL BANKRUPTCY COUNSEL;
DECLARATIONS OF MICHAEL JAY BERGER AND LESLIE KLEIN IN SUPPORT THEREOF

7.     I am an individual who has an ownership interest in the following real properties:

    a) 322 N. June Street, Los Angeles, CA 90004 which is my principal residence.

    b) 315 N. Martel Avenue, Los Angeles, CA 90036. This is a rental property.

    c) 143 S. Highland Drive, Los Angeles, CA 90036. This is a rental property.

    d) 161 N. Poinsettia Place, Los Angeles, CA 90036. This is a rental property.

    e) 2560 Whitewater Club Drive, Unit B, Palm Springs, CA 92262. This is a vacation home.

    f) 3752 Ocean Drive, Oxnard, CA 93035. This is also a vacation home.

    g) I also have an interest in some real estate in Jerusalem, Israel.

8.     My assets have an estimated total value of $15,754,000.00, and I have estimated total liabilities of over $100,000,000.00[2].

9.     I filed the instant Chapter 11 Bankruptcy case in order to resolve my debts, liquidate some of my assets, and pay the creditors the unexempt value of my assets and as much as I can afford. I require knowledgeable General Bankruptcy Counsel to help me navigate the complex intricacies of my chapter 11 case.

10.     Due to my precarious financial situation, my case has already been laden with contentious litigation. A review of the procedural history in the short period of my case clearly evidences my need to retain competent chapter 11 counsel and that Applicant's representation has already conferred a substantial benefit to the estate.

11.     The Debtor seeks to employ Applicant as my General Bankruptcy Counsel to represent me in this chapter 11 case and in any adversary proceedings which may arise from this bankruptcy case.

12.     On February 15, 2023, Doctor's paid Applicant the $20,000.00 retainer and the $1,738.00 filing fee as a gift contribution on my behalf. The Employment Application

---

[2] Debtor disputes the claims of the two largest creditors, the Vagos and the Menlo Trust, which constitute the majority of Debtor's liabilities. Debtor is appealing the two judgments, and has filed an Adversary Proceeding against the Vagos' for avoidance of their judgment lien which was recorded within 90 days of the Petition Date.

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION
FOR AUTHORITY TO EMPLOY MICHAEL JAY BERGER AS GENERAL BANKRUPTCY COUNSEL;
DECLARATIONS OF MICHAEL JAY BERGER AND LESLIE KLEIN IN SUPPORT THEREOF

1  set forth that Doctor's was not seeking repayment from me and that Doctor's is not a my

2  creditor.

3      13.    I now seek to pay Applicant the chapter 11 retainer from my law firm, Les

4  Klein & Associates ("Klein & Assoc."). On April 18, 2023, Klein & Assoc. issued two

5  checks to MJB in the amounts of $15,000.00 and $6,750.00, for a total of $21,750.00.

6  Klein & Assoc. paid the retainer on my behalf as a gift contribution to me.

7      14.    Klein & Assoc. is a separate corporate entity which is my law firm and was

8  disclosed as an asset owned by me. I informed Applicant that the source of funds used to

9  pay the retainer was from Klein & Assoc.'s general account. As such, based on my

10  representations to Applicant, the source of funds paid by Klein & Assoc. as a gift to me is

11  an asset of that separate entity, and the value of Klein & Assoc. is an asset of my estate.

12  Due to my financial hardship, and my necessity to retain competent chapter 11 counsel, I

13  have chosen to use funds from my separate entity law firm to pay my chapter 11 retainer. I

14  am aware that there is no obligation from Klein & Assoc. to provide additional monies for

15  legal fees and Applicant will only submit future bills to me directly, and not to Klein &

16  Assoc.

17      15.    The payment of a post-petition retainer will have little impact on my ongoing

18  operations and ability to reorganize.  The source of the post-petition retainer was my

19  separate entity law firm Klein & Assoc.  No cash collateral of any secured creditor is being

20  used to pay the retainer. Further, a review of the docket in my case evidences that my case

21  is already embroiled in contentious litigation, and I require bankruptcy counsel to represent

22  the interest of the bankruptcy estate and to help me navigate the complex Bankruptcy

23  process. If Applicant's employment is not approved, I will be required to hire new general

24  bankruptcy counsel, and would be in the same predicament as I am now, where new

25  counsel would seek approval of a post-petition retainer to begin my representation.

26      16.    I am not a creditor of Klein and Assoc. and Klein and Assoc. is not a creditor

27  of me.

28

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION
FOR AUTHORITY TO EMPLOY MICHAEL JAY BERGER AS GENERAL BANKRUPTCY COUNSEL;
DECLARATIONS OF MICHAEL JAY BERGER AND LESLIE KLEIN IN SUPPORT THEREOF

17.    I am the principal and 100% owner of Klein & Assoc. I am not aware of any present or potential conflict of interest between myself and Klein & Assoc., and I waive any potential conflict. The retainer provided to me from Klein & Assoc. is a gift contribution, and Klein & Assoc. will not seek repayment of that money from me.

18.    I understand that Klein & Assoc. has no obligation to provide further monies to Applicant for my representation.

19.    I understand that Applicant represents me as his client in the bankruptcy proceeding, and not Klein & Assoc.

20.    I understand that Klein & Assoc. has no client-relationship with Applicant and that Klein & Assoc. does not direct the representation provided by MJB to me.

21.    I understand that I am responsible for the post-petition fees and costs due in my bankruptcy case.

22.    I am informed and believe that Applicant has no connection with Klein & Assoc.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on May 9, 2023 at Los Angeles, California.

Leslie Klein

29

EXHIBIT 1

# MICHAEL JAY BERGER

9454 Wilshire Boulevard, 6th Floor, Beverly Hills, California 90212
Telephone: 310.271.6223  |  Fax: 310.271.9805  |  E: michael.berger@bankruptcypower.com
Website: www.bankruptcypower.com

## EDUCATION

**Certified Legal Specialist in Bankruptcy Law certified by the California Board of Legal Specialization of the State Bar of California**
Certified on September 1, 2006 and continuously certified since then.

Law School – HASTINGS COLLEGE OF LAW, San Francisco, California
    J.D. with Honors, May 1981;
    Class Standing: Top 10%

Main Honors and Activities
    Order of the Coif           Law Review
    Thurston Honor Society    Phi Alpha Delta

Undergraduate – DUKE UNIVERSITY, Durham, North Carolina
    B.A.  Graduated with Honors, 1978 Major: English

Main Honors and Activities
    Captain of the Duke Debate Team
    Chairman, Duke Branch of the North Carolina Public Interest Research Group
    Member, National Honorary Society
    Delta Sigma Rho Tau Kappa Alpha

## WORK EXPERIENCE

40 years of experience representing accountants, actors, advertising agencies, ambulance companies, bail bond companies, book stores, car washes, churches and synagogues, clothing companies, construction companies, construction supply companies, contractors, cosmetic companies, dentists, designers, doctors, entrepreneurs, film companies, gas stations, hospitals, hotels, insurance agencies, insurance sales people, investors, landlords and tenants, landscape companies, lawyers, lenders, magazines, manufacturing companies, musicians, nightclubs, online sales companies, pawn shops, physical therapists, radio stations, real estate brokers, real estate developers, real estate investors, restaurants, retail stores, schools, screenwriters, security guard companies, shopping centers, song writers, stock brokers, students, teachers, television stations, trucking companies and veterinarians.

    1996 to Now      LAW OFFICES OF MICHAEL JAY BERGER
                      Beverly Hills, California
                      Principal attorney in law firm specializing in bankruptcy practice.
                      Extensive experience representing debtors, creditors and third parties in
                      Chapter 7, 11 and 13 Cases and Adversary Proceedings

    1983 to 1996    Attorney and Managing Partner, BERGER & STOLAR, INC.
                      Beverly Hills, California
                      Senior trial lawyer specializing in bankruptcy and civil litigation practice.
                      Very knowledgeable and experienced in all types of civil litigation,
                      including all types of collection, business, contract, entertainment, real
                      estate, probate and bankruptcy cases.  Extensive experience representing
                      debtors and creditors in numerous Chapter 7, 11 and 13 proceedings.

1981 to 1983    Attorney, RIFKIND, STERLING & LEVIN, INC.
Beverly Hills, California
Practiced in all phases of civil litigation. Primarily responsible for
collection, bankruptcy, breach of contract, real estate and tort cases.

## ACTIVITIES AND ASSOCIATIONS

"AV" rated lawyer as rated by Martindale Hubbell legal directory 1995-2023[*]

"Superb Rated Attorney" By Avvo
Former Judge Pro Tem, Beverly Hills Municipal Court
Former Arbitrator, Beverly Hills Bar Association
Former Editor of the Beverly Hills Bar Association Journal
Member of the Bankruptcy Section of the Beverly Hills Bar Association
Member of the Los Angeles Bankruptcy Forum
Member of the California Bankruptcy Forum
Member of the American Bankruptcy Institute
Member of Mensa, The High IQ Society
Member of Track Club Los Angeles
Marathon and Ultramarathon Runner
Guitar Player and Lead Singer for the Rock and Roll Band DTF

## AREA SERVED

I serve all of California, with the majority of my cases being in the Central District of California
downtown Los Angeles, San Fernando Valley, Santa Ana and Riverside branch courts.

---

[*] The Martindale-Hubbell "AV" rating indicates very high to preeminent legal ability and very high ethical standards
as established by confidential opinions from members of the bar.

EXHIBIT 2

# LAW OFFICES OF MICHAEL JAY BERGER

9454 Wilshire Blvd., 6th Floor
Beverly Hills, California 90212
Tel: 310-271-6223 | Fax: 310-271-0985

LAW OFFICES OF MICHAEL J. BERGER (the "Firm") limits its practice to the field of bankruptcy, insolvency, workouts and related civil litigation and transactional matters. The Firm's legal representation, involves extensive involvement with consumers and businesses, as Debtors and Debtors-in-Possession in chapter 7, 11 and 13 Bankruptcies.

## DESCRIPTION OF RESPONSIBILITIES OF BANKRUPTCY ATTORNEYS

The Firm's Bankruptcy Department currently employs four full-time attorneys whose duties include, but are not limited to, attendance at the client's initial debtor interview, 341(a) meeting of creditors and confirmation hearing. The Firm's attorneys also prepare petitions, schedules and other documents that are critical to the success of each case.

The attorneys, under the supervision of the Firm's principal attorney, Michael Jay Berger, are responsible for the research, preparation and filing of applications, motions and other documents throughout the course of a client's bankruptcy. More specifically, the attorneys draft applications to employ professionals and applications for attorney compensation, as well as budget motions, motions for the interim use of cash collateral, motions to value and Chapter 11 and 13 plans of reorganization and disclosure statements.

The Firm's attorneys also ensure compliance with the Bankruptcy Code and Local Bankruptcy Rules. The attorneys are often required to prepare and file: applications for orders shortening time, motions for authorization to incur debt, applications for removal of civil actions, amendments to schedules, final reports, orders, judgments-findings of fact and conclusions of law, applications for final decrees closing Chapter 11 cases, statements of indebtedness and declarations in adversary proceedings, collection complaints, notices of appeals, and proofs of claim.

Immediately following is a brief description of the qualifications of the Firm's Attorneys.

**Michael Jay Berger – *Principal Attorney*,** admitted to the State Bar of California, 1981; Central District of California, 1982. Mr. Berger is a Certified Legal Specialist in Bankruptcy Law certified by the California Board of Legal Specialization of the State Bar of California.

University of California Hastings, San Francisco, CA (1981)
Duke University, Durham, NC (1978).

1

**Sofya Davtyan – _Partner_:** Admitted to the State Bar of California, 2008; Central District of California, 2008. Ms. Davtyan joined the firm in February of 2009. Ms. Davtyan is a Certified Specialist in Bankruptcy Law, Certified by the California Board of Legal Specialization.

Ventura College of Law, Ventura, CA (2008)
University of Southern California, Los Angeles, CA (2002)

**Carolyn M. Afari  – _Mid-Level Associate_:** Admitted to the State Bar of California, 2012; Central District of California, 2012. Ms. Afari joined the firm in June of 2017.

University of West Los Angeles School of Law, Los Angeles, CA (2011)
University of Southern California, Los Angeles, CA (2005)

**Robert Poteete – _Mid-Level Associate_:** Admitted to the State Bar of California, 2007; Central District of California, 2008. Mr. Poteete joined the firm in 2022.

UCLA School of Law, Los Angeles, CA (2006)
University of Pennsylvania, Philadelphia, PA (2003)

**Angeline Smirnoff – _Associate_** Admitted to the State Bar of California in 2022. Ms. Smirnoff joined the firm in April 2023.

Ukraine at National University ONUA (2007)
UCLA School of Law, Los Angeles, CA (2013)

## DESCRIPTION OF RESPONSIBILITIES OF PARALEGALS & LEGAL ASSISTANTS

The Firm's Bankruptcy Department currently employs four full-time paralegals and legal assistants whose duties include, but are not limited to, the following:

Attendance at initial attorney/client meetings, preparation of petitions, schedules, statement of affairs and rendering assistance to client in meeting the requirements of the United States Trustee.

After filing of the petition, the Paralegals, under the supervision of the attorneys, prepare drafts of motions, applications and other documents, including, but not limited to the following:

Application for authorization to employ professional persons, applications for compensation of attorneys' fees, motions to compromise controversies, stipulations, motions for extension of time for the debtor to file schedules, motions for extension of exclusivity periods [Bankruptcy Code §1121], motions for extension of the time in which the debtor may assume or reject nonresidential real property leases, motions for authorization to sell assets of the debtor's estate, applications for orders shortening time for serving notices to creditors, motions for authorization to incur debt, applications for removal of civil actions, amendments to schedules, final reports and account [Bankruptcy Rule 1019 (6)], notices as required by the Bankruptcy Rules, orders, judgments-findings of fact and conclusions of law, applications for final decrees closing Chapter 11 cases, final decrees, statements

2

of indebtedness and declarations in adversary proceedings, collection complaints, notices of appeals, proofs of claims, and any other documents which may appropriately be drafted at the legal assistant level.

Immediately following is a brief description of the qualifications of the Firm's Paralegals and Legal Assistants.

**Yathida Nipha (Senior Paralegal)**: Ms. Nipha is a senior paralegal with over twelve years of experience in Chapters 7, 11 and 13. Ms. Nipha joined the firm in January 2010.

University of Phoenix, Los Angeles, CA (2008)

**Karine Manvelian (Senior Paralegal)**: Mrs. Manvelian joined the firm in 2014 and has returned in December 2015. Mrs. Manvelian worked with the United States Bankruptcy Court for over 20 years.

**Peter Garza (Paralegal)**: Mr. Garza joined the firm in May 2015. Prior to joining the firm, Mr. Garza was a customer service supervisor with Williams Lea, Inc. at O'Melveny & Myers for 15 years. Mr. Garza prepares declarations of service and Applications to Employ Professionals. Mr. Garza has experience preparing bankruptcy schedules in chapter 7, 11, and 13.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9454 Wilshire Blvd., 6th FL., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR AUTHORITY TO EMPLOY MICHAEL JAY BERGER AS GENERAL BANKRUPTCY COUNSEL; DECLARATIONS OF MICHAEL JAY BERGER AND LESLIE KLEIN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____ 5/10/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _5/10/2023_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
Honorable Sandra Klein
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1582 / Courtroom 1575
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 5/10/2023 | Peter Garza | /s/Peter Garza |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Goe Forsythe & Hodges: Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
**Counsel for Erica Vago: Goe Forsythe & Hodges Robert P Goe**    kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com
**Interested Party: Alan G Tippie**    Alan.Tippie@gmlaw.com,
atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,
denise.walker@gmlaw.com
**Debtor's Counsel: Michael Jay Berger**    michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
**Interested Party: Greg P Campbell**    ch11ecf@aldridgepite.com,
gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
**Counsel for Wilmington Savings Fund: Theron S Covey**    tcovey@raslg.com, sferry@raslg.com
**Interested Party: Dane W Exnowski**    dane.exnowski@mccalla.com,
bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
**U.S. Trustee: Michael Jones**    michael.jones4@usdoj.gov
**U.S. Trustee: Ron Maroko**    ron.maroko@usdoj.gov
**Counsel for Ajax Mortgage: Joshua L Scheer**    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
**Subchapter V Trustee: Mark M Sharf (TR)**    mark@sharflaw.com,
C188@ecfcbis.com;sharf1000@gmail.com
**United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
**Interested Party: Michael L Wachtell**    mwachtell@buchalter.com
**U.S. Bank: John P. Ward**    jward@attleseystorm.com, ezhang@attleseystorm.com
**Counsel for Franklin Menlo: Paul P Young**    paul@cym.law, jaclyn@cym.law
**Counsel for First Amendment Wendriger Family Trust dated May 7, 1990: Clarisse Young**
youngshumaker@smcounsel.com, levern@smcounsel.com
**Interested Party: Roye Zur**    rzur@elkinskalt.com,
cavila@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com
**Interested Party: Gary Tokumori**    gtokumori@pmcos.com
**Counsel for Life Capital Group: Krikor J Meshefejian**    kjm@lnbyg.com
**Counsel for Robert & Esther Mermelstein: Baruch C Cohen**    bcc@BaruchCohenEsq.com,
paralegal@baruchcohenesq.com
**Counsel for A. Gestetner Family Trust: Michael I. Gottfried**    mgottfried@elkinskalt.com,
**Counsel for Erica and Joseph Vago: Brandon J Iskander**    biskander@goeforlaw.com,
kmurphy@goeforlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE