PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, State Bar No. 133775
ASSISTANT UNITED STATES TRUSTEE
RON MAROKO, State Bar No. 124770
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Boulevard, Suite 1850
Los Angeles, California 90017-5418
(213) 894-4520 telephone; (213) 894-2603 facsimile
Email: ron.maroko@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**LESLIE KLEIN,**<br><br>　　　　　　　　Debtor. | Case No.: 2:23-bk-10990-SK<br>Chapter 11<br><br>OPPOSITION TO CHAPTER 11 TRUSTEE'S EMPLOYMENT APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP AS TRUSTEE'S COUNSEL; REQUEST FOR HEARING<br><br>Hearing Date: Not yet set<br>Courtroom:    1575 |

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE, TRUSTEE'S PROPOSED ATTORNEY, AND ALL INTERESTED PARTIES:**

　　　　**NOTICE IS HEREBY GIVEN** that the Peter C. Anderson, the United States Trustee for Region 16, ("hereinafter "United States Trustee") hereby opposes Chapter 11 Trustee Bradley D. Sharp's ("Trustee") Application to Employ Pachulski Stang Ziehl & Jones LLP ("Applicant") as his counsel ("Application"; Doc 177). Pursuant to the procedure in Local Bankruptcy Rule 9013-1(o)(4), this opposition is also a request that the Applicant set the Application for hearing.

　　　　**NOTICE IS FURTHER GIVEN** that, under Local Bankruptcy Rule 9013-1(o), the failure to set the Application for hearing may result in the Application being denied without prejudice, without further notice and hearing.

　　　　**NOTICE IS FURTHER GIVEN** that should the Application be set for hearing, any reply must be filed with the Court and served upon the United States Trustee not later than seven days prior to the hearing on the Application. Local Bankruptcy Rule 9013-1(d)(2).

-001-

1   Debtor Leslie D. Klein's ("Debtor") bankruptcy case was filed on February 15, 2023, under subchapter V and was assigned case number 2:23-bk-10090-SK.  On March 8, 2023, Debtor amended his petition to un-elect the subchapter V election (Doc 33).  Bradley D. Sharp was appointed as chapter 11 trustee in this case on May 23, 2023 (Doc 151).

This Application was filed on June 20, 2023 (Doc 177), under the procedures set forth in Local Bankruptcy Rules 9013-1(o).  Therefore, this Opposition is timely.

Pursuant to Bankruptcy Code section 327(a), counsel hired to represent a debtor's estate must satisfy two requirements: (1) the attorney must not hold or represent an interest adverse to the estate; and (2) the attorney must be a "disinterested person." 11 U.S.C. § 327(a).  Federal Rules of Bankruptcy Procedure requires that an application requesting authority to employ a professional person state "the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection…all of the person's connections with the debtor, creditors, any other party in interest, [and] their respective attorneys and accountants . . ." Fed. R. Bankr. Proc. 2014(a).  The employment application must be accompanied by the professional person's verified statement setting forth the person's connections to all parties in interest.

In addition to these standards, courts have held that a professional should only be appointed where the appointment will aid in the administration of the case. *Matter of Slack*, 73 B.R. 382 (Bankr. W.D. Mo. 1987). Further, the appointment of the professional must be in the best interest of the estate. *In re Doors and More Inc.*, 126 B.R. 43, 45 (Bankr. E.D. Mich. 1991).

This objection primarily seeks to have the trustee and his proposed counsel address whether this case can or should support the billing rates of this professional are reasonable for routine, non-extraordinary tasks in light of the facts, circumstances, and history of this case.  More disclosure is needed, with specificity, as to the necessity, and reasons to employ this counsel at their high rates (notwithstanding the discount) for the services described on Application page 3.  As described in the Application, the proposed services appear "routine" that numerous other professionals within the community could successfully perform more economically.  Applicant should provide a complete list of firm billing rates and demonstrate that its rates are comparable with other skilled

///

practitioners in the relevant community.[1]  It is also not clear why all the proposed services, routine and non-routine, must be performed by partners of the firm, each with a "temporary" rate of over $850 per hour.

As to disinterestedness and connections to parties, the discussion in the Declaration of Jeffrey W. Dulberg appears incomplete and requires additional disclosures.  First, the statement in paragraph 6(d) does not disclose or discuss the extent of the past representation ("may have in the past represented…"), without identifying the connection, claiming that the matters were unrelated. "The duty of professionals is to disclose all connections with the debtor, debtor-in-possession, insiders, creditors, and parties in interest as well as fee arrangements.  They cannot pick and choose which connections are irrelevant or trivial." *See, In re Hot Tin Roof, Inc.*, 205 B.R. 1000, 1003 (1st Cir. BAP 1997).  It is the responsibility of the professional to disclose all relevant information. See *In re Leslie Fay Cos., Inc.*, 175 B.R. 525, 533 (Bankr. S.D.N.Y. 1994).

As to current representations, paragraph 6(e)-6(h) of the Dulberg Declaration, identify those connections.  However, paragraph 6(h) identifies a current ongoing connection to Shlomo Rechnitz, his wife, and entities they have an interest in, but claims that the representation is not "with respect to any of his business with the Debtor." In late 2022, there was a litigation between Debtor and Rechnitz in Los Angeles Superior Court (Case 22STCV18787), that appears to have been sent to arbitration.  The disclosure is inadequate. The Application needs to provide additional detail about the state and nature of the representation, as well as the compensation arrangement, the fees outstanding and/or that have paid pre and post-petition.  The declaration should provide information about Life Capital Group and whether Debtor and Rechnitz each own 50% of the company. Ultimately, the disclosure needs to be sufficient for the Court to determine that Applicant does not represent an interest adverse to the estate.  *See* 11 U.S.C. § 327(a).

///

///

---

[1] *See generally*, *In re Auto Parts Club, Inc*., 224 B.R. 445, 449 (Bankr. S.D. Cal. 1998) (The fee applicant has the burden of showing that the requested rates are in line with those "prevailing in the community for similar services of lawyers of reasonably, comparable skill and reputation.").

**WHEREFORE**, based upon the foregoing, and as currently presented in the employment application, the United States Trustee prays for an order: (1) sustaining the United States Trustee's opposition; (2) denying Trustee's application to employ the Pachulski, Stang Ziehl & Jones LLP as Trustee's general counsel, and (3) such other and further relief as the Court believes just and proper.

Dated: 6/30/2023

PETER C. ANDERSON
UNITED STATES TRUSTEE

By:　　/s/ Ron Maroko
　　Ron Maroko
　　Attorney for the United States Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**915 Wilshire Boulevard, Suite 1850, Los Angeles, California 90017**

A true and correct copy of the foregoing document entitled (*specify*): OPPOSITION TO CHAPTER 11 TRUSTEE'S EMPLOYMENT APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP AS TRUSTEE'S COUNSEL; REQUEST FOR HEARING  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ____6/30/2023_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
SEE ATTACHED SHEET

__X_    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**None**

__    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __6/30/2023_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
**Judge's copy temporarily suspended under General Order 20-02, as updated by General Order 23-01**

__    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/30/2023 | Ron Maroko | /s/ Ron Maroko |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Reem J Bello     rbello@goeforlaw.com, kmurphy@goeforlaw.com
Michael Jay Berger     michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
Greg P Campbell     ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
Baruch C Cohen     bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
Theron S Covey     tcovey@raslg.com, sferry@raslg.com
Jeffrey W Dulberg (Trustee's counsel)     jdulberg@pszjlaw.com
Dane W Exnowski     dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
Robert P Goe     kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
Michael I. Gottfried     mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com
Brandon J Iskander     biskander@goeforlaw.com, kmurphy@goeforlaw.com
John W Lucas     jlucas@pszjlaw.com, ocarpio@pszjlaw.com
Ron Maroko     ron.maroko@usdoj.gov
Kirsten Martinez     Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
Steven M Mayer     smayer@mayerlawla.com
Krikor J Meshefejian     kjm@lnbyg.com
Kenneth Misken     Kenneth.M.Misken@usdoj.gov
Jeffrey P Nolan     jnolan@pszjlaw.com
Eric J Olson  (Debtor's counsel)    eric@ejolsonlaw.com
Jeffrey N Pomerantz     jpomerantz@pszjlaw.com
Brian A Procel     bprocel@millerbarondess.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
Joshua L Scheer     jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
Mark M Sharf (TR)     mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com
Bradley D. Sharp (TR)     bsharp@dsi.biz
Nikko Salvatore Stevens     nikko@cym.law, mandi@cym.law
Alan G Tippie     Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
Gary Tokumori     gtokumori@pmcos.com
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
Michael L Wachtell     mwachtell@buchalter.com
John P. Ward     jward@attleseystorm.com, ezhang@attleseystorm.com
Alex M Weingarten     aweingarten@willkie.com, lcarter@willkie.com
Clarisse Young     youngshumaker@smcounsel.com, levern@smcounsel.com
Paul P Young     paul@cym.law, jaclyn@cym.law
Roye Zur     rzur@elkinskalt.com, cavila@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com

/ / /

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE