Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:   jdulberg@pszjlaw.com
           jlucas@pszjlaw.com

[Proposed] Counsel to Bradley D. Sharp, Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:23-bk-10990-SK |
| LESLIE KLEIN, | Chapter 11 |
| Debtor. | **CHAPTER 11 TRUSTEE'S FIRST STATUS REPORT** |
| | Date:  August 9, 2023<br>Time:  8:30 a.m.<br>Place:  Courtroom 1575<br>         255 East Temple Street<br>         Los Angeles, CA 90012 |
| | Judge:  Hon. Sandra R. Klein |

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, PARTIES THAT HAVE FILED REQUESTS FOR SPECIAL NOTICE, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

Bradley D. Sharp, the duly appointed and acting chapter 11 trustee (the "*Trustee*") in the above-captioned bankruptcy case (the "*Case*") of Leslie Klein (the "*Debtor*" or "*Klein*"), hereby submits this status report of events in the case since the Trustee's appointment on May 23, 2023.

1.  Following his appointment on May 23, 2023, the Trustee began identifying estate assets, locating bank accounts, transferring cash to accounts controlled by the Trustee, responding to pending motions, investigating certain transfers and commencing a related avoidance action, attending state court hearings (via counsel) regarding disputed assets of the Debtor's estate, and

DOCS_LA:350081.4 78512/001                                1

undertaking other efforts to stabilize this estate so that it can be administered in an efficient and value-maximizing manner. As the Court and the Office of the United States Trustee likely are aware, the Debtor's estate was handed to the Trustee in poor shape. On top of this, despite *two* law firms[1] advising him *even after* Mr. Berger dropped the representation, the Debtor has been largely uncooperative with the Trustee and his professionals. The Debtor has failed to honor virtually any information and documentary requests made of him. Moreover, there are numerous, competing claims for potential estate assets that various parties assert as their own – in opposition to the Debtor's contrary assertions. The Trustee's efforts to date have only scratched the surface of identifying and understanding the breadth of the Debtor's assets and the extent of the claims asserted against the Debtor's estate.

2.      While the Debtor's case has been pending since February 15, 2023, the Trustee has only been administering the Debtor's estate for approximately two months. The Trustee recognizes that many parties will be frustrated with the time it will take the Trustee to investigate the estate's affairs, get fully up to speed and draw his own conclusions about the Debtor's pre- and post-bankruptcy activity. Claimants to this estate need to appreciate that the Trustee is not acting as an advocate for the Debtor's interests by calling for a thorough review of claims to trust assets, for example, but rather that the Trustee has a fiduciary duty to preserve assets of the Debtor's estate and yield to, as necessary, competing interests for assets for which the Debtor has no rightful claim. The Trustee will endeavor to make these determinations promptly but all parties must understand that the Trustee has not been engaged with the Debtor's many adversaries as long as many of them have and it will take him and his professionals time to obtain critical documents, investigate inbound and outbound claims, and make informed decisions as to the administration of this estate.

3.      The Trustee and his professionals stand ready to meet with all claimants to discuss the many pending Debtor-related matters, both before this Court and the State Court, in order to expedite the disposition of these matters. If these disputes cannot be consensually resolved, the Trustee will look to the Court to adjudicate any remaining contested issues.

---

[1] The Law Office of Eric Olson and Parker Millikan.

DOCS_LA:350081.4 78512/001                                2

4. Below is a short summary of certain significant events that have transpired since the Trustee's appointment.

A. **Menlo Trust Litigation**

5. The Debtor is a defendant (in various capacities) in an action styled as *In the matter of Franklin Henry Menlo Irrevocable Trust Established March 1, 1983*, Case No. BP136769, pending in the Superior Court of the State of California in the County of Los Angeles (the "**Menlo Action**"). The Menlo Action has been pending for years and involves allegations against the Debtor that include embezzlement, co-mingling of assets, borrowing between trusts, taking loans against trust and cross-paying debts, among other actions.

6. During the past several weeks, the state court presiding over the Menlo Action has conducted a number of hearings that include determining whether the court should distribute cash held by the trusts that were formed by the Menlo family.

7. The Trustee has appeared at two hearings but has not taken any positions for or against any party because the Trustee has not gathered and analyzed sufficient information that would enable him to make an informed decision with respect to these matters and their impact upon the Debtor's estate.

8. The Trustee and his counsel have discussed the background of the Menlo Action with the plaintiffs' representatives. The Trustee's counsel has made clear that the Trustee was not appointed to take sides but to review the available information and make an objective determination about the Debtor's claims and defenses in the Menlo Action. While the Menlo Action has been pending for years, and the Trustee appreciates the hard-fought effort of the Debtor's adversaries, the Trustee needs to be in a position to make informed decisions consistent with his fiduciary duties as chapter 11 trustee of the Debtor's estate.

B. **Pending Motions and Adversary Proceeding**

9. Upon his appointment, the Trustee inherited many pending motions and adversary proceedings directed at the Debtor or certain assets of his estate. The Trustee and his counsel have been engaging with the movants and plaintiffs of these matters to reach intermediate agreements

(*i.e.*, stand-stills for the most part) so that the Trustee can better assess the requested relief and determine the best way to proceed from the perspective of the Debtor's estate.

10. Below is a short list and summary of these pending matters and their current status.

- *Motion for Relief from the Automatic Stay* filed by the Co-Trustee of the Franklin Menlo Trust [Docket No. 84], seeking stay relief so the pending Menlo Action can proceed. On July 19, 2023, the Trustee filed a response [Docket No. 196] seeking to continue the hearing on the motion to permit the Trustee and his professionals to gather the necessary information that will allow the Trustee to make an informed decision regarding the requested relief.

  - This matter is scheduled for hearing on August 9, 2023.

- *Motion for Relief from Stay,* [Docket No. 84] Ajax Mortgage Loan Trust, seeking stay relief with respect to a home owned by the Debtor located at 161 North Poinsettia Pl., Los Angeles, California. The Trustee has been in discussions with the movant to continue the hearing on the motion so that the Trustee can market and sell the property as there appears to be equity available to the Debtor's estate.

  - The Trustee expects to submit a stipulation to the Court for approval prior to the August 9, 2023 hearing.

- *Motion for Relief from the Automatic Stay* filed by Life Capital Group [Docket No. 88], seeking stay relief so that a dispute regarding the Debtor's encumbered interest in Life Capital Group, LLC ("*LCG*") can be mediated by a rabbinical tribunal.

  - The Trustee has been engaged in discussions with LCG and believes they have an agreement in principle regarding this motion and two other motions discussed below. The Trustee expects to submit a stipulation to the Court for approval prior to the status conference hearing on August 9, 2023.

- *Motion For An Order Authorizing And Directing Life Capital Group, LLC To Pay Funds To Chapter 11 Bankruptcy Estate* [Docket Nos 89 and. 90] filed by LCG, seeking direction from the Court where to tender funds payable to the Debtor that are disputed by other parties.

  - As noted above, the Trustee has been engaged in discussions with LCG and believes they have an agreement in principle regarding these motions and the motion above. The Trustee expects to submit a stipulation to the Court for approval prior to the status conference hearing on August 9, 2023.

- *First and Final Application for Compensation and Reimbursement of Expenses* [Docket Nos. 181 & 182], filed by Michael Jay Berger whereby the Debtor's former counsel seeks allowance of fees and expenses incurred during his representation of the Debtor.

  - The Trustee filed a limited objection [Docket No. 195] seeking to continue this matter until the Trustee has had sufficient time to assess the application and is certain he has sufficient assets to pay any

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

allowed fees and expenses without prejudicing his ability to administer the estate and pay other chapter 11 administrative claims in full.

- *Motion for Relief from Stay,* [Docket No. 174] filed by NewRez LLC d/b/a Shellpoint Mortgage Servicing, as servicer for JP Morgan Mortgage Acquisition Corp seeking stay relief with respect to a home owned by the Debtor located at 143 S. Highland, Los Angeles, CA 90036. The Trustee filed an objection to this motion [Docket No. 184] seeking to continue the hearing so that the Trustee can market and sell the property as there appears to be equity available to the Debtor's estate. Subsequently, the movant agreed to continue the hearing.

    - The Court entered an order approving a stipulation that continues the hearing on this motion until November 2023 [Docket No. 188].

- *Klein v. J. Vago and E. Vago,* Adv. Case No. 23-01147, where the Debtor seeks to avoid the perfection of a judgment in the approximate amount of $25,000,000. Upon his appointment, the Trustee arguably controls the rights asserted in this adversary proceeding. However, the Trustee has not yet determined whether to substitute into or dismiss the action and commence a new action if he determines the claims are colorable and should be pursued.

- *Sharp v. K. Klein and S. Klein*, Adv. Case No. 23-01167, where the Trustee is seeking to avoid the transfer of property located at 306 N. Highland, Los Angeles, California, to the Debtor's son and daughter-in-law in exchange for no apparent consideration. The defendants recently retained counsel and the Trustee's proposed counsel is negotiating a reasonable timeline for them to respond to the complaint.

11.  In addition to the above, the Debtor is subject to approximately six other adversary proceedings in which various parties are seeking to except their claims from any discharge that the Debtor might obtain. *See, e.g.*, Adv. Case Nos.: 23-01147, 23-01150, 23-01151, 23-01152, 23-01153, 23-01154, and 23-01169. The Trustee does not have any immediate intention to participate in these adversary proceedings as they seek relief preventing the Debtor from discharging certain claims and do not impact the goals and duties of the Trustee's mandate.

C.  **Bank Accounts, Safety Deposit Boxes, and Credit Cards**

12.  The Trustee has located approximately eight (8) bank accounts in the name of the Debtor. The Trustee has been able to transfer the cash to bank accounts controlled and administered by the Trustee and close the Debtor's accounts so they cannot be used by the Debtor. In addition, the Trustee located one brokerage account in the name of the Debtor. The Trustee is in process of identifying and transferring any property and closing the brokerage account.

13.  The Trustee is in the process of obtaining all of the bank statements for the above-described accounts. The Trustee believes that after a review of the bank statements he and his

professionals will be in a better position to identify any other Debtor-owned bank accounts or if any funds were transferred that should be avoided for the benefit of the estate.

14. The Trustee located approximately five (5) safety deposit boxes opened in the name of the Debtor. The Trustee has inspected each, located no property, and has closed each safety deposit box.

15. The Trustee has identified approximately sixteen (16) credit cards issued to the Debtor. The Trustee is in the process of terminating each of the credit cards so that the Debtor cannot use and incur administrative expenses.

### D. Rule 2004 Applications

16. The Trustee expects that he will seek order(s) from the Court authorizing him, pursuant to Bankruptcy Rule 2004, to subpoena certain targets who the Trustee reasonably believes have information that will help better inform the Trustee about assets of the Debtor's estate and the various claims against the estate. The Trustee will endeavor to obtain the targeted information in a consensual manner first but will look to the Court if that proves to be unsuccessful.

### E. Real Property

17. The Trustee has re-routed rent payments for the estate's income producing rental properties and has established at least an initial level of contact/control over all such properties listed in the Debtor's Schedules of Assets and Liabilities and/or Statement of Financial Affairs. The Trustee has commenced initial plans to monetize each of these properties for the benefit of the estate.

### F. Retention of Professionals

18. The Trustee filed the *Application to Employ Pachulski Stang Ziehl & Jones LLP as General Bankruptcy Counsel Effective May 23, 2023* [Docket No. 177]. In response, the Office of the United States Trustee filed an objection [Docket No. 185]. The Trustee's counsel is preparing a response to the Objection and the Trustee has noticed the application for hearing on August 9, 2023. See [Docket No. 192].

19. The Trustee filed the *Application to Employ Development Specialists, Inc. as Forensic Accounts Effective May 23, 2023* [Docket No. 179]. After no responses were filed, the

Trustee filed a declaration of non-opposition and notice of lodgment of a proposed order [Docket Nos. 190 and 191].

20. The Trustee expects to file an application to retain one or more real estate professionals so that he can market and sell the properties described above that are subject to pending relief from stay motions in addition to other properties that are owned by the Debtor.

### G. Further Status Reports

21. The Trustee will provide the Court will updated status reports as the Court directs or as they are necessary.

Dated: July 21, 2023

PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Jeffrey W. Dulberg*
Jeffrey W. Dulberg
John W. Lucas

[Proposed] Counsel for Bradley D. Sharp, Chapter 11 Trustee

DOCS_LA:350081.4 78512/001

7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **CHAPTER 11 TRUSTEE'S FIRST STATUS REPORT**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 21, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 21, 2023 | Mary de Leon | /s/ *Mary de Leon* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:349532.1 78512/001

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Reem J Bello**   rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Michael Jay Berger**   michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Greg P Campbell**   ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Baruch C Cohen**   bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Theron S Covey**   tcovey@raslg.com, sferry@raslg.com
- **Jeffrey W Dulberg**   jdulberg@pszjlaw.com
- **Dane W Exnowski**   dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Robert P Goe**   kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Michael I. Gottfried**   mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com
- **Brandon J Iskander**   biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Michael S Kogan**   mkogan@koganlawfirm.com
- **John W Lucas**   jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Ron Maroko**   ron.maroko@usdoj.gov
- **Kirsten Martinez**   Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Steven M Mayer**   smayer@mayerlawla.com
- **Krikor J Meshefejian**   kjm@lnbyg.com
- **Kenneth Misken**   Kenneth.M.Misken@usdoj.gov
- **Jeffrey P Nolan**   jnolan@pszjlaw.com
- **Eric J Olson**   eric@ejolsonlaw.com
- **Jeffrey N Pomerantz**   jpomerantz@pszjlaw.com
- **Brian A Procel**   bprocel@millerbarondess.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- **Joshua L Scheer**   jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Mark M Sharf (TR)**   mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com
- **Bradley D. Sharp (TR)**   bsharp@dsi.biz
- **Nikko Salvatore Stevens**   nikko@cym.law, mandi@cym.law
- **Alan G Tippie**   Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **Gary Tokumori**   gtokumori@pmcos.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Michael L Wachtell**   mwachtell@buchalter.com
- **John P. Ward**   jward@attleseystorm.com, ezhang@attleseystorm.com
- **Alex M Weingarten**   aweingarten@willkie.com, lcarter@willkie.com
- **Clarisse Young**   youngshumaker@smcounsel.com, levern@smcounsel.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE
DOCS_LA:349532.1 78512/001

- **Paul P Young**   paul@cym.law, jaclyn@cym.law
- **Roye Zur**   rzur@elkinskalt.com, cavila@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                       **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:349532.1 78512/001