# EXHIBIT I

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central District of California, Los Angeles Division

In re LESLIE KLEIN.    Case No.  2:23-bk-10990-SK
       Debtor
                       Chapter  11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Les Klein & Associates, Inc.

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure on the **topics identified on Exhibit A**. A copy of the court order authorizing the examination is attached.

| PLACE<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA  90067 | DATE AND TIME<br>September 8, 2023 at 10:00 a.m. |
|---|---|

The examination will be recorded by this method: the deposition will take place before a court reporter, either in person, or by Zoom, and will be recorded by stenographic means, may be videotaped, and shall continue from day to day until it has have been completed.

☒ *Production:* **YOU ARE COMMANDED** to produce the documents set forth on **Exhibit A** hereto on or before **August 23, 2023**, at the Law Offices of Pachulski Stang Ziehl & Jones LLP at the above referenced address, or in a format and manner consensually agreed to with the Trustee.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  July 24, 2023

                    CLERK OF COURT

                                         OR  /s/ [signature]
    _____           _____
     *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing ___Chapter 11 Trustee___, who issues or requests this subpoena, are: Jeffrey P. Nolan, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California  90067, Telephone:  (310) 277-6910

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



DOCS_LA:350170.1 78512/001

# PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:



# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)


American LegalNet, Inc.
www.FormsWorkFlow.com

# EXHIBIT A

# EXHIBIT A

# TO RULE 2004 SUBPOENA TO THE LAW OFFICES OF

# LES KLEIN & ASSOCIATES, INC.

## I.

## DOCUMENT PRODUCTION

## INSTRUCTIONS

1. Subpoenaed witness, Les Klein & Associates, Inc., ("RESPONDING PARTY" or "YOU"), is required to conduct a thorough investigation and produce all DOCUMENTS (as defined below) in its possession, custody and control.

2. RESPONDING PARTY is required to produce the following categories of DOCUMENTS in compliance with the Federal Rules of Bankruptcy Procedure 2004 and 7045, and incorporating the provisions of Federal Rule of Civil Procedure 45.

3. The use of either the singular or plural shall not be deemed a limitation and the use of the singular should be considered to include the plural and vice versa.

4. If RESPONDING PARTY is unable to comply with a particular category(ies) of the requests below and DOCUMENT(S) responsive to the category **is or are in existence**, it should state the following information:

    a. The date of the DOCUMENT;

    b. The type of DOCUMENT (e.g., letter, memorandum, report, etc.);

    c. The name, address, telephone number and title of the author(s) of the DOCUMENT;

    d. The name, address, telephone number and title of each recipient of the DOCUMENT;

    e. The number of pages in the DOCUMENT;

    f. The control number for the DOCUMENT, if any;

    g. The present location(s) of the DOCUMENT and the name, address and telephone number of the person(s) who has (have) possession of the DOCUMENT;

    h.    A specific description of the subject matter of the DOCUMENT; and

    i.    The reason why the DOCUMENT cannot be produced or why Responding Party is unable to comply with the particular category of request.

5.    If RESPONDING PARTY is unable to comply with a particular category(ies) of the requests below and DOCUMENT(S) responsive to the category **is or are not in existence**, it should state the following information:

    a.    The date of the DOCUMENT;

    b.    The type of DOCUMENT (e.g., letter, memorandum, report, etc.);

    c.    The name, address, telephone number and title of the author(s) of the DOCUMENT;

    d.    The name, address, telephone number and title of each recipient of the DOCUMENT;

    e.    The number of pages in the DOCUMENT;

    f.    The last known location(s) of the DOCUMENT and the name, address and telephone number of the last known person(s) who had possession of the DOCUMENT;

    g.    A specific description of the subject matter of the DOCUMENT;

    h.    The date when the DOCUMENT ceased to exist; and

    i.    The circumstances under which the DOCUMENT ceased to exist (i.e., whether it was lost, stolen, discarded, destroyed, etc.).

6.    RESPONDING PARTY is required to produce the full and complete originals, or copies if the originals are unavailable, of each DOCUMENT responsive to the categories below along with all non-identical copies and drafts in its or their entirety, without abbreviations, excerpts or redactions. Copies may be produced in lieu of originals if the entirety (front and back where appropriate) of the DOCUMENT is reproduced and Responding Party or its authorized agent or representative states by declaration or affidavit under penalty of perjury that the copies provided are true, correct, complete and an accurate duplication of the original(s).

7.  RESPONDING PARTY is required to produce the documents as they are kept in the usual course of business or to organize and label them to correspond with each category in these requests.

8.  RESPONDING PARTY is required to produce ELECTRONICALLY STORED INFORMATION in searchable form on DVDs, CD-ROMs, via FTP, or any other medium that is acceptable to counsel to for the Trustee. If necessary, all ELECTRONICALLY STORED INFORMATION shall be translated before production into reasonably usable form. Unless otherwise specified, documents, reports, and other ELECTRONICALLY STORED INFORMATION created using any version of Microsoft Word, Powerpoint, Excel, Visio, or Access, Word Perfect, Oracle, or any other Microsoft, Adobe, or other currently available "off-the-shelf" application shall be produced in <u>native form</u>; that is, the form in which the document is currently stored on whatever media it currently resides. The document should not be locked, resaved, restructured, "scrubbed" of unapparent or hidden content or any other data or metadata, but rather should be produced in a copy precisely reproducing its entire state as present in YOUR systems. <u>Electronic mail (e-mail) should be produced in native form</u>; that is, in whatever database and/or file/directory structures are used by YOUR mail processing software. All metadata and other unapparent or hidden data related to mail messages shall be produced, including, but not limited to, any file attachments, message priority flags, message read/access timestamps, and, in the case of e-mail sent to distribution lists, information on the membership of such lists at the time the e-mail was sent.

9.  These Requests for Production shall be deemed continuing in nature. In the event YOU become aware of or acquire additional information relating or referring to any of the following Requests for Production, such additional information is to be promptly produced.

10. Unless otherwise stated in a specific Request for Production herein, the relevant time period sought shall be from <u>January 1, 2013, to the present</u>.

## II.

## **DEFINITIONS FOR DOCUMENT PRODUCTION**

## **AND EXAMINATION TOPICS**

The following definitions shall apply to these Document Production Categories and Explanation Topics:

1. "YOU" or "YOUR" or "LAW FIRM" refers, unless otherwise indicated, to Les Klein & Associates, Inc. a Professional Law Corporation, and/or any alias or dba, including but not limited to, Leslie Klein & Associates, Inc. "YOU" or "YOUR" or "LAW FIRM" shall be construed to mean not only the party served, but also its agents, servants, workmen, representatives, employees, contractors, accountants, attorneys, and investigators. "YOU" and "YOUR" or "LAW FIRM" shall be construed to mean also YOUR predecessors in interest.

2. "DOCUMENT(S)" means all written, printed, typed, recorded, photographic, electronically transmitted or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, including, but not limited to, books, papers, letters, correspondence, memoranda, telegrams, cablegrams, diaries, records, minutes, notes, schedules, tabulations, vouchers, accounts, contracts, agreements, change orders, purchase orders, invoices, progress reports, intra-and inter-office communications, calendars, drafts, drawings, microfilm, abstracts, summaries, messages, statements, affidavits, instructions, bulletins, circulars, pamphlets, slides, photographs, sketches, labels, advertisements, charts, graphs, computer data compilations, statistics, speeches, tapes, tape recordings, press releases, public statements, public announcements, public and governmental filings, and other writings and other magnetic, photographic, electronic and sound recordings.

3. "CONCERNING" means and includes relating to, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

4. "DEBTOR" means Leslie Klein, the petitioner, in case no. 23-bk-10990-SK, United States Bankruptcy Court, Central District of California, including any and all alias names which he utilizes.

5. "IOLTA" means an Interest on Lawyers Trust Account or other account which YOU or the DEBTOR maintained for the alleged benefit of a client or other person in connection with the performance of a legal service or representation.

6. "NON-IOLTA" means any account YOU and/or the DEBTOR determined that funds should be held for the benefit of individual clients or third persons outside the statutory provisions outlined in Business and Professions Code §§1621 *et seq.*

## III.

## DOCUMENTS TO BE PRODUCED

**Category No. 1:**

All DOCUMENTS CONCERNING any of the entities set forth below (collectively, the "Klein Entities"), the articles of incorporation, operating or membership agreements including electronically stored information, recording sums deposited in, maintained, or transferred out of IOLTA and NON-IOLTA accounts held by LAW FIRM:

Archstone
Bay Area Development Co.
Big Boyz Legal LLC
BK Life Settlements, LLC
BKR Life Settlements, LLC
BW Life Settlements LLC
Doctors Marketing Group, LLC
Doctors Marketing Network LLC
Doctors Referral Service LLC
Doctors Marketing Nationwide, Inc. (MD entity)
The Patient Referral Network, LLC (MD entity)
EKLK Foundation
Family Legal Services, Inc.
GMR Life Settlements LLC
Klein & Cutler Inc.
Klein Charitable Remainder Annuity
Klein Charitable Remainder Unitrust

Leslie Klein
Les Klein & Associates, Inc.
Leslie Klein & Associates, Inc.
Litigation Financing, LLC
Longevity Fund of Michigan
Longevity Fund of NY
The Klein Charitable Remainder Unitrust dated 2-20-1996
Times Square Media, Inc.
Menachem Klein
Lutzy Klein
Klein Living Trust dated April 8, 1990
The Klein Trust

**Category No. 2:**

All DOCUMENTS CONCERNING the insurance policies, trust documents and payments made (including electronically stored information, recording sums deposited in maintained, or transferred out of IOLTA and NON-IOLTA accounts) for any of the entities set forth below (collectively, the "misused trust-entities") including an accounting of the amounts, dates, sources and description of each item deposited, as well as the amounts, dates, payees and purposes of each withdrawal or disbursement:

Ann Radow Trust
Genevieve Page Irrevocable Life Insurance Trust
Stuart Yorkshire Irrevocable Life Insurance Trust
Rosalia Feldman Irrevocable Life Insurance Trust

**Category No. 3:**

All DOCUMENTS CONCERNING the insurance policies obtained by YOU including electronically stored information, recording sums deposited in the IOLTA and NON-IOLTA accounts maintained by the LAW FIRM for the payout of life insurance policy proceeds from any of the entities set forth below (collectively, the "Policy Issuers"), including an accounting of the amounts, dates, sources and description of each item deposited, as well as the amounts, dates, payees and purposes of each deposit:

American General Life Insurance Company
Lincoln National Life Insurance
Transamerica Premier Life Insurance
Transamerica Life Insurance Company

Polter Financial Group
Equitable Financial Services, LLC
The Nassau Companies of New York
Phoenix Life / Phoenix Insurance
Pacific Life Insurance Company
Lincoln Life Insurance Company
Symetra Life Insurance Company

**Category No. 4:**

All DOCUMENTS CONCERNING the insurance policies including electronically stored information recording sums deposited in and made out of the IOLTA and NON-IOLTA accounts held by LAW FIRM for any of the policies of insurance set forth below including an accounting of the amounts, dates, sources and description of each item deposited, as well as the amounts, dates, payees and purposes of each withdrawal or disbursement: (collectively, the "Investment Policies"):

| Name | Carrier | Policy Number |
|---|---|---|
| Issac Kirzner | Unknown | |
| Judith Bittman | Unknown | |
| Emanuel Garza | American General | 0016752L |
| Emanuel Ganza | American General | |
| Malvine Spitzer | American General | 0023546L |
| Eugene Kohn | American General | |
| Goldie Friedman | American General | |
| Rozy Pearl Zimmerman | American General | 0023738L |
| Morris Gluck and Yefim Zayonts | Pacific Life Insurance Company | 1A23964200 |
| Morris Gluck and Yefim Zayonts | Pacific Life Insurance Company | 1A23964200 |
| Morris Gluck and Yefim Zayonts | Transamerica Life Insurance Company | 6013669809 |
| Morris Gluck and Yefim Zayonts | Transamerica Life Insurance Company | 6013669809 |
| Morris Gluck and Yefim Zayonts | Lincoln Life Insurance Company | JJ7033900 |
| Morris Gluck and Yefim Zayonts | Lincoln Life Insurance Company | JJ7033900 |
| Andrew and Yvette Gardner | | 1625579 |
| Andrew and Yvette Gardner | | 1621379 |
| Ann Radow Trust | | |

**Category No. 5:**

All DOCUMENTS memorializing the basis for sums transferred out of the IOLTA and NON-IOLTA accounts to any of the entities set forth below including an accounting (collectively, the "Non-Profits"):

Ner Israel Rabbinical College
Yeshiva Gedolah
Congregation Kehilas Yaakov
Beth Medrash Govoha
Congregation Kollel Yechiel Yehuda
Congregation Beth Chaim of Los Angeles
Congregation Kaliv

**Category No. 6:**

All policies of life insurance, as identified in Category 4 above, including any declaration pages, rider, amendments or supplements, as well as any promissory notes drafted, executed or maintained by LAW FIRM with respect to those policies.

**Category No. 7:**

All DOCUMENTS memorializing credit card cards issued to the LAW FIRM or on behalf of any cardholder such as the DEBTOR, including statements and applications for credit.

**Category No. 8**:

All Articles of Incorporation and By-laws for the establishment and operations of the LAW FIRM, including any amendments.

**Category No. 9**:

All policies of insurance providing malpractice, errors or omissions coverage for officers' directors or lawyers of the LAW FIRM.

**Category No. 10**:

All tax returns, state and federal, including all schedules and attachments for the LAW FIRM for calendar years 2016 to 2022.

## IV.

## EXAMINATION TOPICS

Pursuant to Federal Rule of Civil Procedure 30(b)(6), made applicable through Federal Rule of Bankruptcy Procedure 7030, YOU are required to designate one or more of YOUR officers, directors, or managing agents, or other persons who consent to testify on YOUR behalf, as to the following topics:

**Topic No. 1:**

The identity of all banks and/or financial institutions and accounts established or maintained by the LAW FIRM.

**Topic No. 2:**

All policies of insurance providing malpractice, errors or omissions coverage for officers, directors or lawyers of the LAW FIRM.

**Topic No. 3**:

Operations and the business of the LAW FIRM between 2016 to the present.

**Topic No. 4**:

Tax returns filed by the LAW FIRM between 2016 to the present.

**Topic No. 5**:

Entities in which the LAW FIRM holds a financial interest.