PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, State Bar No. 133775
ASSISTANT UNITED STATES TRUSTEE
RON MAROKO, State Bar No. 124770
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Boulevard, Suite 1850
Los Angeles, California 90017-5418
(213) 894-4520 telephone; (213) 894-2603 facsimile
Email: ron.maroko@usdoj.gov

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re: | ) | Case No.: 2:23-bk-10990-SK |
|---|---|---|
| **LESLIE KLEIN,** | ) ) ) | Chapter 11 |
| Debtor. | ) ) ) ) ) ) ) ) ) ) ) | OPPOSITION TO FINAL FEE APPLICATION OF LAW OFFICES OF MICHAEL JAY BERGER AS DEBTOR'S COUNSEL

Hearing Date: August 9, 2023
Time:         10:00 a.m.
Courtroom:    1575 |

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE, DEBTOR'S FORMER ATTORNEY, AND ALL INTERESTED PARTIES:**

**NOTICE IS HEREBY GIVEN** that the Peter C. Anderson, the United States Trustee for Region 16, ("United States Trustee") hereby opposes the final fee application ("Application"; Doc 181) of Michael Jay Berger ("Applicant"), debtor Leslie Klein's former counsel.

**NOTICE IS FURTHER GIVEN** that any reply must be filed with the Court and served upon the United States Trustee not later than seven days prior to the hearing on the Application. Local Bankruptcy Rule 9013-1(d)(2).

## INTRODUCTION

Michael Jay Berger is requesting final fees of $72,250.50, reimbursement of costs of $1,308.00 and immediate draw-down of $39,148.50 from pre and post-petition retainers collected, purportedly as "gifts", from third parties and held by Applicant. The United States Trustee opposes

-001-

the award of fees at this time and opposes the draw down from these retainers. Alternatively, the United States Trustee believes that counsel has not shown that his services were reasonable, necessary, and beneficial to the estate and requests that the fees be denied. Furthermore, the retainers should be ordered turned over to the Chapter 11 Trustee.

## FACTS

Leslie Klein ("Debtor") filed a voluntary Chapter 11 case on February 22, 2023, and elected subchapter V status. Applicant filed Debtor's face-petition petition as attorney of record (Doc 1). On February 23, 2023, Applicant filed Debtor's amended petition (Doc. 4) and amended Statement of Related Cases (Doc. 5), disclosing a prior filing before Judge Klein (2:22-bk-15031-SK). As a result, Debtor's case was transferred from Judge Saltzman to to Judge Klein. Mark Sharf was appointed subchapter V trustee (Doc. 9).

On March 8, 2023, Applicant again filed an amended petition to un-elect the subchapter V election (Doc 33). See also, Subchapter V Status Report, section 1 (Doc. 35). Trustee Sharf filed his report of no distribution (Doc 45).

Applicant had disclosed on the Disclosure of Compensation Declaration that was filed with the petition that the Debtor was the source of Applicant's $20,000 pre-petition retainer (Doc. 1). However, on March 2, 2023, Applicant filed his employment application and disclosed that a week prior to the petition filing date, his retainer was paid by a third-party, Doctors Marketing Group, LLC ("DMG"), as a "gift" (Doc. 24). On March 16, 2023, the United States Trustee objected to the employment application because the disclosure and relationship between Debtor and DMG were inadequately described (Doc 48). On April 5, 2023, Applicant filed a supplemental declaration regarding the DMG retainer (Doc 66). However, as Applicant was unable to obtain a declaration from DMG regarding the gift nature of the retainer and the relationship with Debtor, Applicant pursued and took possession of a $21,750.00 post-petition "gift" retainer from "Debtor's law firm, Les Klein & Associates" (Doc. 125). "Leslie Klein & Associates, Inc. is identified as a creditor on the Mailing Matrix (Doc. 1). *See also*, Employment Application service list (Doc 24) and Schedule H, item 3.1 (Doc. 34). On June 5, 2023, the Court entered the order approving Applicant's employment (Doc. 165). However, the Court did not allow Applicant to draw-down on those

retainers (*Id*.).

On May 17, 2023, following a motion to dismiss by creditors Erica and Joseph Vago (Doc. 79), the Court directed the appointment of a Chapter 11 Trustee (Doc. 142). Bradley D. Sharp was appointed trustee. That order directing the appointment of a Chapter 11 Trustee also directed Debtor to file his April 2023 monthly operation report ("MOR") by May 21, 2023. That MOR has never been filed. On May 23, 2023, Applicant filed a substitution of attorney with the Court (Doc. 150), thereby ceasing his representation of Debtor.

## STANDARD OF REVIEW FOR FEE APPLICATIONS

Section 330 provides that a court may award to professionals retained pursuant to 11 U.S.C. §327:

(A) Reasonable compensation for actual, necessary services, and

(B) Reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

Section 330(a)(2) allows the Court to award compensation that is less than the amount of compensation requested. Section 330(a)(3) lists the factors in determining the reasonable compensation to be awarded to a professional: "the court shall consider the nature, extent, and the value of such services, taking into account all relevant factors, including –

(A) The time spent on such services;

(B) The rates charged for such services;

(C) Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward to the completion of, a case under this title;

(D) Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;

(E) With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

///

Section 330(a)(4)(A) specifically excludes compensation for: (i) unnecessary duplication of services; or (ii) services that were not – (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case.

The applicant bears the burden of proof in all fee matters. *In re Recycling Industries, Inc.*, 243 B.R. 396, 401 (Bankr. D. Colo. 2000); *In re Keene Corporation*, 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997). *Accord, In re Sounds Distributing Corp.*, 122 B.R. 952, 956 (Bankr. W.D. Pa. 1991) ("The burden of proof as to the reasonableness of the requested compensation rests with the applicant.")  The burden of proof to show entitlement to fees should "not be taken lightly, especially given that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors." *In re Spanjer Brothers, Inc.*, 191 B.R. 738, 747 (Bankr. N.D. Ill. 1996), *citing In re Pettibone Corp.*, 74 B.R. 293, 294 (Bankr. N.D. Ill. 1987).

The Bankruptcy Court has the independent duty to examine the reasonableness of the fees requested by retained professionals, notwithstanding the absence of objections by the trustee, debtor or creditor. *In re AutoParts Club, Inc.,* 211 B.R. 29, 33 (B.A.P. 9th Cir. 1997), *citing In re Busy Beaver Building Centers, Inc.,* 19 F.3d 833, 841 (3d Cir. 1994).

**OBJECTIONS TO FEES**

As noted in Chapter 11 Trustee's response to the Application (Doc. 195), "it is not clear whether or not the retainer received by Mr. Berger from entities controlled by the Debtor was ultimately derived from property of the estate or otherwise improperly transferred by the Debtor through one of several related non-debtor entities."  This source issue also was raised by the United States Trustee in his objection to the Berger employment.  That resulted in Applicant submitting multiple supplemental declarations, pursuing and collecting other sources of retainers, post-petition. The issue has never been resolved and has not been resolved by Applicant with this Application. Because this issue has not been resolved, Applicant should not be allowed to draw-down on those funds at this time.  Further, Applicant has not demonstrated at that this time that there are sufficient funds on hand to pay any awarded fees.

Applicant is a certified specialist.  Yet, this Application raises concern as to whether Applicant has performed his necessary services adequately or is seeking compensation for services

-004-

that were caused by a failure to diligently perform services.  For example, there are time entries related to amending the petition for failure to disclose a related case (*see e.g.*, Doc. 181, page 37 of 108); to amending the petition because Debtor was ineligible to elect subchapter V (*see e.g.,* Doc. 181, page 39 of 108); for failure to disclose a significant financial account on the Schedules (*see e.g.*, Doc. 181, page 42 of 108); and for responding to employment disclosure objections (*see e.g.*, Doc. 181, page 60 of 108).  Of note, because of the subchapter V eligibility issue, the subchapter V trustee had to perform services through the time the election was withdrawn.

Applicant was still counsel of record at the time the Court directed the appointment of a Chapter 11 Trustee and ordered Debtor to file his MOR by May 21, 2023.  Applicant's office had the responsibility to electronically file the MOR.  *See*, Local Bankruptcy Rule 2015-2(a)(1)(B).  Applicant subsequently removed himself from Debtor's representation.  He did not seek Court approval to withdraw as counsel for Debtor.  He did, however, shortly after May 21, 2023, sign and file a substitution of attorney with the attorney that he intended to propose as Debtor's probate counsel (*see e.g.*, Doc.181, pages 59 and 66).

Applicant needs to show that his services were necessary and reasonable.  He has failed to adequately do so.  Therefore, the Court should deny his fees and order that the retainers be turned over to the Chapter 11 Trustee.

**WHEREFORE**, based upon the foregoing, and as currently presented in the Application, the United States Trustee prays for an order: (1) sustaining the United States Trustee's opposition; (2) denying the Application at this time, or alternatively, determine that Applicant has not shown that his fees were reasonable, necessary, and beneficial to the estate; (3) requiring that the retainers be  turned over to the Chapter 11 Trustee; and (4) such other and further relief as the Court believes just and proper.

Dated: 7/26/2023                                  PETER C. ANDERSON
                                                  UNITED STATES TRUSTEE

                                         By:     __/s/ Ron Maroko_____
                                                  Ron Maroko
                                                  Attorney for the United States Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**915 Wilshire Boulevard, Suite 1850, Los Angeles, California 90017**

A true and correct copy of the foregoing document entitled (*specify*): OPPOSITION TO FINAL FEE APPLICATION OF LAW OFFICES OF MICHAEL JAY BERGER AS DEBTOR'S COUNSEL will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ____7/26/2023_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
SEE ATTACHED SHEET

          __X_ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**None**

          __ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
**Judge's copy temporarily suspended under General Order 20-02, as updated by General Order 23-01**

          __ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/26/2023 | Ron Maroko | /s/ Ron Maroko |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*   F 9013-3.1.PROOF.SERVICE

**ADDITIONAL SERVICE INFORMATION**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Simon Aron    saron@wrslawyers.com, moster@wrslawyers.com
Reem J Bello    rbello@goeforlaw.com, kmurphy@goeforlaw.com
Ron Bender    rb@lnbyg.com
Michael Jay Berger  (**APPLICANT**)  michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
Greg P Campbell    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
Baruch C Cohen    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
Theron S Covey    tcovey@raslg.com, sferry@raslg.com
Jeffrey W Dulberg  (**TRUSTEE'S COUNSEL**)  jdulberg@pszjlaw.com
Dane W Exnowski    dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
Michael I. Gottfried    mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com
Brandon J Iskander    biskander@goeforlaw.com, kmurphy@goeforlaw.com
Michael S Kogan  (**DEBTOR'S COUNSEL**)  mkogan@koganlawfirm.com
John W Lucas    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
Ron Maroko    ron.maroko@usdoj.gov
Kirsten Martinez    Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
Steven M Mayer    smayer@mayerlawla.com
Krikor J Meshefejian    kjm@lnbyg.com
Kenneth Misken    Kenneth.M.Misken@usdoj.gov
Jeffrey P Nolan    jnolan@pszjlaw.com
Eric J Olson    eric@ejolsonlaw.com
Jeffrey N Pomerantz    jpomerantz@pszjlaw.com
Brian A Procel    bprocel@millerbarondess.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
Joshua L Scheer    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
Mark M Sharf (TR)    mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com
Bradley D. Sharp (TR)    bsharp@dsi.biz
Nikko Salvatore Stevens    nikko@cym.law, mandi@cym.law
Alan G Tippie    Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com; Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
Gary Tokumori    gtokumori@pmcos.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Michael L Wachtell    mwachtell@buchalter.com
John P. Ward    jward@attleseystorm.com, ezhang@attleseystorm.com
Alex M Weingarten    aweingarten@willkie.com, lcarter@willkie.com
Clarisse Young    youngshumaker@smcounsel.com, levern@smcounsel.com
Paul P Young    paul@cym.law, jaclyn@cym.law
Roye Zur    rzur@elkinskalt.com, cavila@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com
/ / /

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                       F 9013-3.1.PROOF.SERVICE