MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone:    (310) 271-6223
Facsimile:    (310) 271-9805
E-mail:    michael.berger@bankruptcypower.com

*Former* Counsel for Debtor
Leslie Klein

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>Debtor and Debtor in Possession. | Case No.  2:23-bk-10990-SK<br><br>Chapter 11<br><br>**REPLY TO DEBTOR'S JOINDER TO CHAPTER 11 TRUSTEE'S RESPONSE TO FIRST AND FINAL FEE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF MICHAEL JAY BERGER; DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF**<br><br>Date:    August 9, 2023<br>Time:    9:00 a.m.<br>Place:    Courtroom 1575<br>United States Bankruptcy Court<br>255 East Temple Street<br>Los Angeles, CA 90012 |

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE; MOVANT LIFE CAPITAL GROUP, LLC; THE OFFICE OF THE UNITED STATES TRUSTEE; AND OTHER CREDITORS AND PARTIES IN INTEREST:**

Applicant Michael Jay Berger submits his Reply to the Debtor's Joinder to the Chapter 11 Trustee's Response to First and Final Fee Application for Compensation and Reimbursement of Expenses of Michael Jay Berger, as follows:

Applicant Michael Jay Berger ("Applicant") was retained by Debtor Leslie Klein ("Debtor") on February 15, 2023, and filed Debtor's voluntary Chapter 11 Bankruptcy case on February 22, 2023. Applicant received a prepetition retainer in the amount of $20,000.00 from Doctors Marketing Group, LLC, and a post-petition retainer of $21,740.00 from Klein & Assoc., which was disclosed in Applicant's Motion in Individual Ch 11 Case for Order Employing Professional, which was approved by this Court on June 5, 2023 [docket no.: 165].

On May 9, 2023, Debtor signed a declaration under penalty of perjury, in support of Applicant's Application to be Employed as Debtor's General Bankruptcy Counsel, stating that Klein & Assoc. is a separate corporate entity which Debtor owns, and that the funds from Klein & Assoc. is a gift to the Debtor and not an asset of the Debtor. A true and correct copy of Debtor's Declaration support of Applicant's Application to be Employed as Debtor's General Bankruptcy Counsel signed under penalty of perjury by the Debtor on May 9, 2023 is attached to the Declaration of Michael Jay Berger as **Exhibit "1."**

Debtor represented to Applicant that both the pre- and post-petition retainer funds used to pay Applicant were not his personal funds, which is why Applicant agreed to accept those retainer funds for Applicant's representation of the Debtor.

Applicant expended a significant amount of work, 188.7 total hours of which 150.1 was billed, while Applicant was employed as Debtor's General Bankruptcy Counsel, which significantly affected the trajectory of Debtor's case. Applicant opposed numerous Motions for Relief from the Automatic Stay which are still pending with the Court. Applicant filed Debtor's Adversary Proceeding Complaint against Joseph and Erica Vago (the "Vagos") to rescind the recordation of the Vagos' state court judgment which was recorded within 90 days of the Petition Date, which significantly benefitted all of the creditors of the estate so that all of the unsecured creditors will receive a substantially higher distribution from the estate. Applicant successfully opposed the Vagos' Motion to Dismiss which preserved the assets of the estate and allowed for the rescission of the

Vagos' preferential liens, which was for the benefit of the creditors. Applicant's efforts while employed as Debtor's General Bankruptcy Counsel are clearly reasonable, necessary and benefitted the estate, and Applicant should be compensated for his fees and costs associated with those efforts.

In regards to Debtor's alleged evaluation of and concern with Applicant's work performed on his behalf, Debtor provided Applicant the information which was used to prepare Debtor's Schedules. Debtor is a seasoned attorney who understands his ownership interest in various assets. If Debtor's Schedules were incomplete or missing certain assets, such as Debtor's law firm Klein and Assoc., or the fact that Debtor's interest in Life Capital as 5% rather than 50%, these deficiencies were caused as a result of Debtor's refusal to cooperate with Applicant and Debtor providing inaccurate and false information to Applicant. Applicant should not be penalized for Debtor's failure to provide accurate information to his counsel.

Applicant is not asking to be preferred over other administrative creditors. Applicant is asking that this Court to approve Applicant's fees and to allow Applicant to draw down on the retainer funds in Applicant's Client Trust Account. Applicant is not currently asking for any further payment on his fees, and will await any further payment to be through a Plan proposed and confirmed by the Chapter 11 Trustee, or through any distribution by a Chapter 7 trustee if the case gets converted to Chapter 7. In an abundance of caution, Applicant is willing to seek approval of his fees on an interim basis if the Court determines that is more appropriate, and can file another fee application seeking final approval thereon.

WHEREFORE, Applicant Michael Jay Berger asks that this Court to:

(1) Approve Applicant's fees and costs in full, and

(2) Permit Applicant to draw down on the retainer funds held in Applicant's Client Trust Account; or

(3) In the alternative to approve the fees and costs on an interim basis, and

1     (4) For any other relief deemed necessary and proper.

DATED: July 28, 2023               LAW OFFICES OF MICHAEL JAY BERGER

By: /s/ Michael Jay Berger
Michael Jay Berger
*Former* Counsel for Debtor,
Leslie Klein

## DECLARATION OF MICHAEL JAY BERGER

I, Michael Jay Berger, declare and state as follows:

1. I am an Attorney at Law, licensed to practice before all of the courts in the State of California, and in the United States District Court for the Central District of California. I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2. I was retained by Debtor Leslie Klein ("Debtor") on February 15, 2023, and filed Debtor's voluntary Chapter 11 Bankruptcy case on February 22, 2023. I received a prepetition retainer in the amount of $20,000.00 from Doctors Marketing Group, LLC, and a post-petition retainer of $21,740.00 from Klein & Assoc., which was disclosed in my Motion in Individual Ch 11 Case for Order Employing Professional, which was approved by this Court on June 5, 2023 [docket no.: 165].

3. On May 9, 2023, Debtor signed a declaration under penalty of perjury, in support of my Application to be Employed as Debtor's General Bankruptcy Counsel, stating that Klein & Assoc. is a separate corporate entity which Debtor owns, and that the funds from Klein & Assoc. is a gift to the Debtor and not an asset of the Debtor. A true and correct copy of Debtor's Declaration support of Applicant's Application to be Employed as Debtor's General Bankruptcy Counsel signed under penalty of perjury by the Debtor on May 9, 2023 is attached hereto as **Exhibit "1."**

4. Debtor represented to me that both the pre- and post-petition retainer funds used to pay me were not Debtor's personal funds, which is why I agreed to accept those retainer funds for my representation of the Debtor.

5. I expended a significant amount of work, 188.7 total hours of which 150.1 was billed, while I was employed as Debtor's General Bankruptcy Counsel, which significantly affected the trajectory of Debtor's case. I opposed numerous Motions for Relief from the Automatic Stay which are still pending with the Court. I filed Debtor's Adversary Proceeding Complaint against Joseph and Erica Vago (the "Vagos") to rescind the recordation of the Vagos' state court judgment which was recorded within 90 days of

the Petition Date, which significantly benefitted all of the creditors of the estate so that all of the unsecured creditors will receive a substantially higher distribution from the estate. I successfully opposed the Vagos' Motion to Dismiss which preserved the assets of the estate and allowed for the rescission of the Vagos' preferential liens, which was for the benefit of the creditors. My efforts while employed as Debtor's General Bankruptcy Counsel are clearly reasonable, necessary and benefitted the estate, and I should be compensated for my fees and costs associated with those efforts.

6. In regards to Debtor's alleged evaluation of and concern with my work performed on Debtor's behalf, Debtor provided me the information which was used to prepare Debtor's Schedules. Debtor is a seasoned attorney who understands his ownership interest in various assets. If Debtor's Schedules were incomplete or missing certain assets, such as Debtor's law firm Klein and Assoc., or the fact that Debtor's interest in Life Capital as 5% rather than 50%, these deficiencies were caused as a result of Debtor's refusal to cooperate with me and Debtor providing inaccurate and false information to me. I should not be penalized for Debtor's failure to provide accurate information to his counsel.

7. I am not asking to be preferred over other administrative creditors. I am asking that this Court to approve my fees and to allow me to draw down on the retainer funds in my Client Trust Account. I am not currently asking for any further payment on my fees, and will await any further payment to be through a Plan proposed and confirmed by the Chapter 11 Trustee, or through any distribution by a Chapter 7 trustee if the case gets converted to Chapter 7. In an abundance of caution, I am willing to seek approval of my fees on an interim basis if the Court determines that is more appropriate, and can file another fee application seeking final approval thereon.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct. Executed on July 28, 2023, in Los Angeles, California.

By: _____
Michael Jay Berger

6

REPLY TO DEBTOR'S JOINDER TO CHAPTER 11 TRUSTEE'S RESPONSE TO FIRST AND FINAL FEE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF MICHAEL JAY BERGER; DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

# EXHIBIT 1

# DECLARATION OF LESLIE KLEIN

I, Leslie Klein, declare as follows:

1. I am the Debtor and Debtor-in-Possession (the "Debtor"). I am over the age of 18. I have personal knowledge of the facts stated herein, and if I were to be called as a witness, I could and would competently testify about what I have written in this declaration.

2. I seek to employ Michael Jay Berger ("Applicant") as my general bankruptcy counsel in my chapter 11 bankruptcy case.

3. On February 13, 2023, I retained Applicant and entered into an Attorney-Client Agreement with the Debtor (the "Agreement"). My case was commenced by filing a voluntary petition under Chapter 11 of the *Bankruptcy Code* on February 22, 2023 (the "Petition Date"). On March 2, 2023, I filed an Application to Employ Applicant [docket no.: 24]. The Employment Application, disclosed that the source of the retainer and the court filing fee was Doctor's Marketing Group, LLC ("Doctor's"). I made a declaration as part of the Employment Application that the retainer funds from Doctor's were a gift, Doctor's is not seeking repayment from me, and that Doctor's is not my creditor.

4. On March 16, 2023, the United States Trustee (the "UST") filed an Opposition to Applicant's Employment Application and requested the Employment Application to be set for hearing ("UST Opposition") [docket No. 48] seeking additional disclosures regarding the third-party payment of the chapter 11 retainer.

5. In response to the UST's Opposition, I sought to obtain a declaration from Mr. Eli Zobdeh, the principal of Doctor's, in support of the Employment Application disclosing the source of Doctor's gifted retainer and filing fee.

6. I instead now seek to pay Applicant the chapter 11 retainer from my law firm, Les Klein & Associates ("Klein & Assoc."). On April 18, 2023, Klein & Assoc. issued two checks to Applicant in the amounts of $15,000.00 and $6,750.00, for a total of $21,750.00. Klein & Assoc. paid the retainer on my behalf as a gift contribution to me.

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION
FOR AUTHORITY TO EMPLOY MICHAEL JAY BERGER AS GENERAL BANKRUPTCY COUNSEL;
DECLARATIONS OF MICHAEL JAY BERGER AND LESLIE KLEIN IN SUPPORT THEREOF

7. I am an individual who has an ownership interest in the following real properties:

    a) 322 N. June Street, Los Angeles, CA 90004 which is my principal residence.

    b) 315 N. Martel Avenue, Los Angeles, CA 90036. This is a rental property.

    c) 143 S. Highland Drive, Los Angeles, CA 90036. This is a rental property.

    d) 161 N. Poinsettia Place, Los Angeles, CA 90036. This is a rental property.

    e) 2560 Whitewater Club Drive, Unit B, Palm Springs, CA 92262. This is a vacation home.

    f) 3752 Ocean Drive, Oxnard, CA 93035. This is also a vacation home.

    g) I also have an interest in some real estate in Jerusalem, Israel.

8. My assets have an estimated total value of $15,754,000.00, and I have estimated total liabilities of over $100,000,000.00[2].

9. I filed the instant Chapter 11 Bankruptcy case in order to resolve my debts, liquidate some of my assets, and pay the creditors the unexempt value of my assets and as much as I can afford. I require knowledgeable General Bankruptcy Counsel to help me navigate the complex intricacies of my chapter 11 case.

10. Due to my precarious financial situation, my case has already been laden with contentious litigation. A review of the procedural history in the short period of my case clearly evidences my need to retain competent chapter 11 counsel and that Applicant's representation has already conferred a substantial benefit to the estate.

11. The Debtor seeks to employ Applicant as my General Bankruptcy Counsel to represent me in this chapter 11 case and in any adversary proceedings which may arise from this bankruptcy case.

12. On February 15, 2023, Doctor's paid Applicant the $20,000.00 retainer and the $1,738.00 filing fee as a gift contribution on my behalf. The Employment Application

---

[2] Debtor disputes the claims of the two largest creditors, the Vagos and the Menlo Trust, which constitute the majority of Debtor's liabilities. Debtor is appealing the two judgments, and has filed an Adversary Proceeding against the Vagos' for avoidance of their judgment lien which was recorded within 90 days of the Petition Date.

27

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION
FOR AUTHORITY TO EMPLOY MICHAEL JAY BERGER AS GENERAL BANKRUPTCY COUNSEL;
DECLARATIONS OF MICHAEL JAY BERGER AND LESLIE KLEIN IN SUPPORT THEREOF

set forth that Doctor's was not seeking repayment from me and that Doctor's is not a my creditor.

13. I now seek to pay Applicant the chapter 11 retainer from my law firm, Les Klein & Associates ("Klein & Assoc."). On April 18, 2023, Klein & Assoc. issued two checks to MJB in the amounts of $15,000.00 and $6,750.00, for a total of $21,750.00. Klein & Assoc. paid the retainer on my behalf as a gift contribution to me.

14. Klein & Assoc. is a separate corporate entity which is my law firm and was disclosed as an asset owned by me. I informed Applicant that the source of funds used to pay the retainer was from Klein & Assoc.'s general account. As such, based on my representations to Applicant, the source of funds paid by Klein & Assoc. as a gift to me is an asset of that separate entity, and the value of Klein & Assoc. is an asset of my estate. Due to my financial hardship, and my necessity to retain competent chapter 11 counsel, I have chosen to use funds from my separate entity law firm to pay my chapter 11 retainer. I am aware that there is no obligation from Klein & Assoc. to provide additional monies for legal fees and Applicant will only submit future bills to me directly, and not to Klein & Assoc.

15. The payment of a post-petition retainer will have little impact on my ongoing operations and ability to reorganize. The source of the post-petition retainer was my separate entity law firm Klein & Assoc. No cash collateral of any secured creditor is being used to pay the retainer. Further, a review of the docket in my case evidences that my case is already embroiled in contentious litigation, and I require bankruptcy counsel to represent the interest of the bankruptcy estate and to help me navigate the complex Bankruptcy process. If Applicant's employment is not approved, I will be required to hire new general bankruptcy counsel, and would be in the same predicament as I am now, where new counsel would seek approval of a post-petition retainer to begin my representation.

16. I am not a creditor of Klein and Assoc. and Klein and Assoc. is not a creditor of me.

17. I am the principal and 100% owner of Klein & Assoc. I am not aware of any present or potential conflict of interest between myself and Klein & Assoc., and I waive any potential conflict. The retainer provided to me from Klein & Assoc. is a gift contribution, and Klein & Assoc. will not seek repayment of that money from me.

18. I understand that Klein & Assoc. has no obligation to provide further monies to Applicant for my representation.

19. I understand that Applicant represents me as his client in the bankruptcy proceeding, and not Klein & Assoc.

20. I understand that Klein & Assoc. has no client-relationship with Applicant and that Klein & Assoc. does not direct the representation provided by MJB to me.

21. I understand that I am responsible for the post-petition fees and costs due in my bankruptcy case.

22. I am informed and believe that Applicant has no connection with Klein & Assoc.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on May 9, 2023 at Los Angeles, California.

_____
Leslie Klein

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9454 Wilshire Blvd., 6th FL., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **REPLY TO DEBTOR'S JOINDER TO CHAPTER 11 TRUSTEE'S RESPONSE TO FIRST AND FINAL FEE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF MICHAEL JAY BERGER; DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ____7/28/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) ____7/28//2023__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Leslie Klein
14245 Ventura Blvd, Third Floor
Sherman Oaks, CA 91423

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _7/28/2023_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Honorable Sandra Klein
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1582 / Courtroom 1575
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/28/2023 | Peter Garza | /s/Peter Garza |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
**Goe Forsythe & Hodges: Reem J Bello**   rbello@goeforlaw.com, kmurphy@goeforlaw.com
**Counsel for Erica Vago: Goe Forsythe & Hodges Robert P Goe**   kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
**Interested Party: Alan G Tippie**   Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com, denise.walker@gmlaw.com
**Debtor's Former Counsel: Michael Jay Berger**   michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
**Interested Party: Greg P Campbell**   ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
**Counsel for Wilmington Savings Fund: Theron S Covey**   tcovey@raslg.com, sferry@raslg.com
**Interested Party: Dane W Exnowski**   dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
**U.S. Trustee: Michael Jones**   michael.jones4@usdoj.gov
**U.S. Trustee: Ron Maroko**   ron.maroko@usdoj.gov
**Counsel for Ajax Mortgage: Joshua L Scheer**   jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
**Subchapter V Trustee: Mark M Sharf (TR)**   mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com
**United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
**Interested Party: Michael L Wachtell**   mwachtell@buchalter.com
**U.S. Bank: John P. Ward**   jward@attleseystorm.com, ezhang@attleseystorm.com
**Counsel for Franklin Menlo: Paul P Young**   paul@cym.law, jaclyn@cym.law
**Counsel for First Amendment Wendriger Family Trust dated May 7, 1990: Clarisse Young** youngshumaker@smcounsel.com, levern@smcounsel.com
**Interested Party: Roye Zur**   rzur@elkinskalt.com, cavila@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com
**Interested Party: Gary Tokumori**   gtokumori@pmcos.com
**Counsel for Life Capital Group: Krikor J Meshefejian**   kjm@lnbyg.com
**Counsel for Robert & Esther Mermelstein: Baruch C Cohen**   bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
**Counsel for A. Gestetner Family Trust: Michael I. Gottfried**   mgottfried@elkinskalt.com,
**Counsel for Erica and Joseph Vago: Brandon J Iskander**   biskander@goeforlaw.com, kmurphy@goeforlaw.com
**Jeffrey W Dulberg**   jdulberg@pszjlaw.com
**John W Lucas**   jlucas@pszjlaw.com, ocarpio@pszjlaw.com
**Kirsten Martinez**   Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
**Steven M Mayer**   smayer@mayerlawla.com
**Kenneth Misken**   Kenneth.M.Misken@usdoj.gov
**Jeffrey P Nolan**   jnolan@pszjlaw.com
**Eric J Olson**   eric@ejolsonlaw.com
**Jeffrey N Pomerantz**   jpomerantz@pszjlaw.com
**Brian A Procel**   bprocel@millerbarondess.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
**Bradley D. Sharp (TR)**   bsharp@dsi.biz
**Nikko Salvatore Stevens**   nikko@cym.law, mandi@cym.law
**Alex M Weingarten**   aweingarten@willkie.com, lcarter@willkie.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                           F 9013-3.1.PROOF.SERVICE