1  Jeffrey W. Dulberg (State Bar No. 181200)
   John W. Lucas (State Bar No. 271038)
2  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 13th Floor
3  Los Angeles, CA  90067-4003
   Telephone: 310.277.6910
4  Facsimile: 310.201.0760
   E-mail:  jdulberg@pszjlaw.com
5            jlucas@pszjlaw.com

6  [Proposed] Counsel to Bradley D. Sharp,
   Chapter 11 Trustee

7

8                **UNITED STATES BANKRUPTCY COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10                    **LOS ANGELES DIVISION**

11
    In re:                                    Case No.: 2:23-bk-10990-SK
12
    LESLIE KLEIN,                               Chapter 11
13
                          Debtor.             **CHAPTER 11 TRUSTEE'S REPLY TO**
14                                            **UNITED STATES TRUSTEE'S**
                                              **OPPOSITION TO CHAPTER 11**
15                                            **TRUSTEE'S APPLICATION TO EMPLOY**
                                              **PACHULSKI STANG ZIEHL & JONES LLP**
16
                                              **[SUPPLEMENTAL DECLARATION OF**
17                                            **JEFFREY W. DULBERG AND**
                                              **DECLARATION OF BRADLEY D. SHARP**
18                                            **FILED CONCURRENTLY HEREWITH]**

19
                                              Date:       August 9, 2023
20                                            Time:       9:00 a.m.
                                              Courtroom:  1575
21                                            Location:   255 E. Temple Street
                                                          Los Angeles, CA 90012
22                                            Judge:      Hon. Sandra R. Klein

23

24        Bradley D. Sharp ("***Trustee***"), the duly appointed trustee for the chapter 11 estate of Leslie

25  Klein (the "***Debtor***"), hereby files this reply (the "***Reply***") to the *Opposition to Chapter 11 Trustee's*

26  *Employment Application of Pachulski Stang Ziehl & Jones LLP* [Docket No. 185] (the

27  "***Opposition***") filed by the Office of the United States Trustee (the "***UST***") regarding the Trustee's

28  *Application to Employ Pachulski Stang Ziehl & Jones LLP as General Bankruptcy Counsel,*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*effective May 23, 2023* [Docket No. 177] (the "**Application**"). Filed concurrently herewith in support of the Reply is the supplemental declaration of Jeffrey W. Dulberg and the Declaration of Bradley D. Sharp. In support of the Reply, the Trustee respectfully represents as follows:

### Preliminary Statement

The UST raises two issues in its Opposition to the Trustee's retention of Pachulski Stang Ziehl & Jones LLP ("**PSZJ**") as his general bankruptcy counsel: (1) PSZJ needs further disclosure regarding its relationship with Shlomo Rechnitz ("**Mr. Rechnitz**") so that Court can determine whether PSZJ holds any interest adverse to the Debtor's bankruptcy estate and (2) PSZJ should provide further support for the customary rates the firm will charge in exchange for the services outlined in the Application.

On the first issue, PSZJ acknowledges that it must demonstrate that it does not hold an interest adverse to the Debtor's bankruptcy estate. PSZJ indeed does not hold such an interest. As disclosed in the Application, PSZJ has represented Mr. Rechnitz since 2014 on matters entirely unrelated to the Debtor and this bankruptcy case. PSZJ's current representation of Mr. Rechnitz is entirely administrative and should be concluded in the next few months. It relates to the monitoring of a docket in an unrelated bankruptcy case until it is closed. The fees PSZJ collected from Mr. Rechnitz during the past four years are *de minimis*. If any adverse action needs to be taken against Mr. Rechnitz, the Trustee will determine whether to use PSZJ for this work or use an alternative firm as the matter might relate to specialized non-bankruptcy issues.

On the second issue, PSZJ's billing rates are justified. This case has already proved to be difficult and complex.[1] The Trustee is administering an estate with an uncooperative Debtor, who (a) is a lawyer that owns his own law firm (with an IOLTA account that might have been used personally), (b) owns numerous real properties (in California and internationally), at least one of which was transferred in exchange for no apparent consideration, and (c) owns or has an interest in numerous different companies that invest in life insurance policies and other properties where the Debtor sits as a trustee over the policies that are subject to complex and protracted litigation. The

---

[1] The UST seemingly has already acknowledged the complexity of this case by appointing Mr. Sharp as chapter 11 Trustee despite the fact that he is not a "panel" trustee.

DOCS_SF:109183.4 78512/001

Trustee was appointed approximately two months ago and he, his forensics accounting team, and his counsel have only scratched the surface of the Debtor's complicated and convoluted portfolios of assets and liabilities, not to mention just begun to disentangle the back-and-forth allegations made by various claimants. The Trustee needs experienced counsel that can advise him through the complex maze the Debtor has created. PSZJ is that counsel.

**A.    PSZJ's Relationship with Mr. Rechnitz**

PSZJ has represented Mr. Rechnitz and certain related entities of Mr. Rechnitz and his spouse since 2014 in connection with an entirely unrelated chapter 11 filing in the Central District of California Bankruptcy Court by 19 related companies (collectively, "*Country Villa*"), consolidated under *In re Plaza Healthcare Center LLC*, Case No. 8:14-bk-11335-TA.

In Country Villa, Mr. Rechnitz retained PSZJ to assist him with his bid and his ultimate purchase of 19 nursing facilities owned by the debtors in the Country Villa cases. PSZJ also represented, in connection with such purchase, the separate entities Rechnitz and his spouse formed to hold the ownership interests in each facility.  Notably, the subject purchase **closed** nearly 9 years ago on October 31, 2014.

PSZJ also represented Mr. Rechnitz and such related entities with respect to certain post-closing matters related to the facilities purchase. Those matters included determining the amounts and obligations owed under assumed or assigned contracts or leases, determining the parameters of certain assumed obligations of the Country Villa entities (such as amounts owing and the timing of payment to the State of California for certain statutory fees), and purchasing certain of the subject leasehold interests.  PSZJ's representation of Mr. Rechnitz and his related companies for the foregoing matters was essentially over more than four years ago as of June 2019.

Since June 2019, PSZJ has continued to monitor the Country Villa cases for Mr. Rechnitz and his related entities post-closing because the debtor entities continue as the licensees of the sold facilities owned by Mr. Rechnitz's related entities.  An oddity in the law precludes a nursing home purchaser from applying for a license to operate the facility until it already owns an interest in the facility. As is typically done to address this conundrum, Mr. Rechnitz's related entities entered into

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    agreements with the selling debtors for those selling debtors to continue to be the licensees of the

2    facilities until Mr. Rechnitz's related entities could become licensed.

3    During this time, on October 3, 2017, the Country Villa debtors confirmed a chapter 11

4    reorganization plan to distribute the sale proceeds to creditors (Dkt # 2433).  The following month,

5    they moved for final decrees to close their chapter 11 cases (Dkt # 2630).  Because the licensure of

6    Mr. Rechnitz's related entities remained pending, PSZJ continued representing Mr. Rechnitz and

7    his entities in connection with purely administrative aspects of continuing from time-to-time (for

8    five years) the hearings on closing the Country Villa debtors' bankruptcy cases (and to ensure that

9    the Country Villa licensee entities remained in good standing) pending the licensure of the

10    Rechnitz-related entities.

11    In 2022, PSZJ was informed that Mr. Rechnitz and his related entities reached an

12    understanding or agreement with agencies of the State of California as to the licensing of Mr.

13    Rechnitz's related entities now owning former Country Villa facilities. Thus, Mr. Rechnitz's

14    requests to the Country Villa entities that they keep their cases open (and his financial support for

15    same) ended in 2022. Nonetheless, the Country Villa debtors have chosen to further continue (now

16    to December 2023) the hearing on closing their cases (Dkt # 3002), apparently wanting to wait until

17    the licensure process of Mr. Rechnitz's related entities is complete.  PSZJ's remaining role for Mr.

18    Rechnitz and his related entities at this point only is to monitor the pleadings filed in the Country

19    Villa cases pending the closure of the Country Villa cases.

20    **B.    There Is No Economic Interest That Would Create An Actual or Potential Dispute**

21    As described above, the majority of the services PSZJ provided to Mr. Rechnitz occurred in

22    2014 - 2016. The chart below shows the percentage of revenue of the fees paid by Mr. Rechnitz to

23    PSZJ on an annual basis during 2014 through 2022.

| Year | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|---|---|---|---|
| Percentage of Annual Revenue | .62% | 3.16% | 1.81% | .34% | .30% | .05% | .12% | .02% | .05% |

27    As reflected above, since 2016 the services have been largely ministerial and the fees paid to

28    PSZJ in each year after 2016 are *de minimis* with respect to PSZJ's total revenues on an annual

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4

basis. For example, the fees paid by Mr. Rechnitz in 2022 represents less than ½ of one-tenth of a percent (.05%) of PSZJ's total revenue. On a cumulative basis over the past four years, the fees paid by Mr. Rechnitz to PSZJ represents only .12% of PSZJ's revenue.

**C.     Life Capital Group**

It is the Trustee's understanding that Mr. Rechnitz and the Debtor co-own Life Capital Group, LLC ("*LCG*"). Prior to the petition date, the Debtor commenced an action against Mr. Rechnitz, individually and as a member of LCG.  However, that action was dismissed as the dispute was sent to binding arbitration.  In light of the automatic stay, the arbitration action is currently stayed. The Trustee now controls the Debtor's interest in the action.  It is entirely unclear whether or not the Trustee will need to take adverse action with respect to Mr. Rechnitz or LCG.  Until that time arrives, it is premature to make a determination now concerning whether PSZJ should be precluded from representing the Trustee on matters related to Mr. Rechnitz as PSZJ's technical representation might have concluded at that point, thereby clearing up any disputed issue over whether PSZJ can be adverse to Mr. Rechnitz.

**D.     PSZJ Does Not Hold An Adverse Interest To The Estate**

Courts have held that it exceeds rational bounds to rule that an adverse interest exists merely because a party's transactions with the debtor might be investigated, or because a remote, speculative, hypothetical possibility exists that, in the future, the estate might dispute a claim of that party or bring a cause of action against the creditor. *See In re Nat'l Liquidators*, 182 B.R. 186, 193 (S.D. Ohio 1995) (refusing to disqualify counsel to an official creditors' committee simply because at the outset of the case committee counsel represented a creditor of the debtor but there was no actual dispute).

The facts here are no different than *Nat'l Liquidators*. While PSZJ technically represents Mr. Rechnitz with respect to some administrative matters until an unrelated bankruptcy cases closes, there no immediate adversarial action must go forward now between the Debtor's estate and Mr. Rechnitz.  The Trustee must complete his investigation before he can determine whether to take adverse action against Mr. Rechnitz or LCG.  The Trustee's investigation of LCG and Mr. Rechnitz (and using PSZJ to conduct that investigation) is hardly an adverse action.  If the Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

determines that some type of formally adverse action must be taken against Mr. Rechnitz, the Trustee might decide to engage contingency counsel (as this currently unknown matter might require specialized non-bankruptcy expertise) or PSZJ's current administrative representation of Mr. Rechnitz will have concluded thereby eliminating any question as to whether PSZJ can be adverse to Mr. Rechnitz.

Similarly, the fact that the Debtor co-owns a company with Mr. Rechnitz does not itself disqualify PSZJ from representing the Trustee. Mr. Rechnitz has not filed a claim against the Debtor's estate and there is nothing prohibiting the Trustee or his proposed bankruptcy counsel from asking questions and collecting information so that the Trustee can determine the best course action forward with respect to Mr. Rechnitz and LCG.

As described in greater detail above, PSZJ's current representation of Mr. Rechnitz is not an interest that is adverse to the Debtor's estate. PSZJ does not (a) hold an economic interest that would tend to lessen the value of the bankruptcy estate, (b) possess or assert an economic interest that would create either an actual or potential dispute in which the estate is a rival claimant; or (c) hold a predisposition under circumstances that create a bias against the estate. PSZJ is not owed any fees from Mr. Rechnitz or his entities. PSZJ is not representing Mr. Rechnitz or the entities he controls regarding the pending licensing issues arising out of Country Villa. PSZJ is merely monitoring the docket in the Country Villa case with respect to a pending motion to close the cases and entry of a final decree.

In the end, this determination is a fact specific inquiry, *In re B H & P Inc.*, 949 F.2d 1300, 1315 (3rd Cir. 1991), and the facts demonstrate the PSZJ does not hold an interest that is adverse to the estate. Moreover, merely hypothesizing that conflicts may arise is an insufficient basis to warrant the disqualification of an attorney. *In re Stamford Color Photo, Inc.*, 98 B.R. 135, 138 (Bankr. D. Conn. 1989). Rather, disqualification should be mandated when an actual, as opposed to hypothetical or theoretical, conflict is present. *In re Wm. J. O'Connor*, 52 B.R. 892, 897 (Bankr. W.D. Okla. 1985). Such a conflict is not present here.

For the reasons stated herein and at the hearing, the UST objection should be overruled because PSZJ does not hold an interest that is adverse to the Debtor's estate.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

E.    **PSZJ's Compensation Structure**

The UST questions whether this estate should support PSZJ's billing rates for what the UST describes as "routine, non-extraordinary tasks in light of the facts, circumstances, and history of this case." Opposition, 2:21-22.  However, the UST fails to recall that this case is anything but "routine and ordinary." Chapter 11 trustees are certainly not appointed in cases that are routine and ordinary. For example, in the *Menlo* related litigation alone, the Debtor is accused of embezzlement, co-mingling of assets, borrowing between trusts, taking loans against trust and cross-paying debts, among other actions. The stabilization of this case has already proven to be difficult. The Trustee and his forensic accounting staff will need not just sophisticated counsel but counsel that has experience representing trustees of troubled bankruptcy estates, which PSZJ has plenty of.

The UST is aware of the Debtor's conduct. On March 10, 2023, the UST filed a response to the Debtor's status report showing that the Debtor continued to ignore or fail to fulfill his obligations as a debtor in possession under chapter 11 of the Bankruptcy Code. *See* [Docket No. 42]. During this same time, numerous creditors and other parties in interest filed stay relief motions and motions to dismiss the case for bad faith.  In the end, the Court directed the UST to appoint a chapter 11 trustee to administer the Debtor's estate. Notably, it was the UST that advocated for a chapter 11 trustee given the extraordinary facts and circumstances of the case, which would allow the UST to select a trustee that has experience addressing the very complicated issues raised in this case to date.

Just as the UST found it appropriate to seek the appointment a specific chapter 11 trustee (and subsequently selecting Mr. Sharp), the Trustee determined that the facts and circumstances of this case require sophisticated counsel that has experience advising trustees who have administered the bankruptcy estates of individuals or corporations that are subject to allegations of accounting irregularities and fraud.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**F.**    **PSZJ Compensation Structure Is Comparable to Other Trustee Cases**

PSZJ's compensation structure is comparable to other similar cases where a trustee was appointed to administer a debtor's estate.

- In *In re Penthouse Global Media, Inc.*, Case No. 1:18-bk-10098-MB (Bankr. C.D. Cal.), PSZJ represented David Gottlieb as chapter 11 trustee of an adult entertainment company. During that representation, PSZJ charged the estate its regular rates in effect at the time with no discount, which in 2023 were as high as $1,450 per hour.

- In *In re Layfield & Barrett, APC*, Case No. 2:17-bk-19548-NB (Bankr. C.D. Cal.), PSZJ represented Richard Pachulski as chapter 11 trustee of a defunct law firm. During that representation, PSZJ charged the estate its regular rates in effect at the time with no discount, which in 2018 were as high as $1,395 per hour.

- In *In re KSL Media, Inc., et al.*, Case No. 1:13-bk-15929-MB (Bankr. C.D. Cal.), PSZJ represented David Gottlieb as chapter 11 trustee of a troubled media company. During that representation, PSZJ charged the estate its regular rates in effect at the time with no discount, which in 2018 were as high as $1,295 per hour.

- In *In re Solyman Yashouafar and Massoud Aaron Yashouafar*, Case No. 1:16-bk-12255-GM (Bankr. C.D. Cal.), PSZJ represented David Gottlieb as chapter 11 and 7 trustee of two individual debtors. During that representation, PSZJ charged the estate its regular rates in effect at the time with no discount, which in 2018 were as high as $1,245 per hour.

- In *In re Georges Marciano, et al.*, Case No. 1:11-bk-10426-VK (Bankr. C.D. Cal.), PSZJ represented David Gottlieb as chapter 11 trustee of an individual debtor. During that representation, PSZJ charged the estate its regular rates in effect at the time with no discount, which in 2015 were as high as $1,095 per hour.

- In *In re Ezri Namvar*, Case No. 2:08-bk-32349-BR (Bankr. C.D. Cal.), PSZJ served as Joint Special Counsel for Bradley D. Sharp, Chapter 11 Trustee for Namco Capital Group, Inc., and R. Todd Neilson, Chapter 11 Trustee for Ezri Namvar. During that representation, PSZJ charged the estate its regular rates in effect at the time with no discount, which in 2018 were as high as $1,095 per hour.

- In *In re Zetta Jet USA, Inc.* (Bankr. C.D. Cal.), Case No. 2:17-bk-21386-SK, which is a case that is currently pending before this Court, DLA Piper represents Jonathan King as chapter 7 trustee. During that representation, DLA Piper charged the estate rates as high as $1,420 per hour in 2022.

As reflected above, PSZJ's current rates are comparable to the rates charged by this firm (and others) while representing chapter 7 or 11 trustees of individuals or companies that are financially troubled or mismanaged.

8

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Even if there are other law firms in this jurisdiction that have an overall lower hourly rate structure, there is extensive case law clarifying that there are recognized exceptions to the general rule of "look to local prevailing rates" and noting that an overly formulaic application of such rule works against the policies and goals of complex bankruptcy cases. *See, e.g.*, *Barjon v. Dalton*, 132 F.3d 496, 500, 501-02 (9th Cir. 1997); *Zolfo, Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253 (3d Cir. 1995) (baseline rule is for firms to be paid their customary rates); *In re Robertson Cos.*, 123 B.R. 616 (Bankr. D.N.D. 1990) (restriction of fees to typical local rates is unduly parochial in light of national and regional law firms working on larger and more complex bankruptcy cases with more than local import); *In re Frontier Airlines, Inc.*, 74 B.R. 973 (Bankr. D. Colo. 1987) (foreign counsel may charge normal hourly billing rates, even if in excess of local billing rates).

As the Bankruptcy Court for the District of Arizona has stated:

> Many large cases, which have involved the nation's bankruptcy courts, illustrate that the practice of bankruptcy law has become national in scope . . ... When one factors in that the Debtor's counsel of choice is a large single law firm with offices and expertise located in various parts of the nation, one must question whether the simple paradigm of "local law firm / local rates" has meaningful application. At the least, the complex facts of this case and the need for special expertise present circumstances which require looking beyond the local community rates. So long as the ultimate amount requested is, on the whole, reasonable for the type of case and work involved, the fee can be approved. … The nature and scope of this case is of the type where exceptions swallow the rule.

*In re First Magnus Fin. Corp.*, Case No. 4:07-bk-01578-JMM, 2008 Bankr. LEXIS 4949, **6-8 (Bankr. D. Ariz. May 22, 2008); *Xiao-Yue Gu v. Hughes STX Corp.*, 127 F. Supp. 2d 751, 767 (D. Md. 2001); *Atlantic States Legal Foundation, Inc. v. Onondaga Dept. of Drainage & Sanitation*, 899 F. Supp. 84, 89-90 (N.D.N.Y. 1995)); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 119 (2d Cir. 2007) (by definition, the market rate for legal work is the rate that a "reasonable, paying client" would pay); *Hawaiian Airlines, Inc. v. Mesa Air Group, Inc. (In re Hawaiian Airlines, Inc.)*, Case No. 03-00817, 2008 Bankr. LEXIS 1501, **8-12 (Bankr. D. Haw. Jan. 22, 2008) (prevailing party awarded attorney's fees at Los Angeles rates over customary local, Hawaii rates: counsel's prior experience representing the prevailing party improved the representation, citing *Arbor Hill*).

9

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

At least two courts have expressly observed that limiting rates to those customarily charged

locally would be contradictory to the bankruptcy policy of attracting experienced professionals to

bankruptcy cases, regardless of where the case is pending.  *In re Baldwin United Corp*., 36 B.R.

401 (Bankr. S.D. Ohio 1984); *In re Easterday Ranches, Inc., et al*. (Bankr. E.D. Wash., August 25,

2021), Verbatim Transcription of Proceedings from Audio File at 38-41, 49-55.  As the Bankruptcy

Court for the Eastern District of Washington has recently stated:

> I reject the view that there should be a categorical cap based on local
> rates or that local rates define by reference to what local practitioners
> charge in all cases set the ceiling for anything near a ceiling on the
> appropriate hourly rate in a given case . . . I think judges in
> jurisdictions that use the local rate concept are ultimately doing their
> district a disservice . . .  I don't think that approach is mandatory, let
> alone even supported by the text of the [statute] or really the policy
> that Congress was attempting to advance when section 330 was
> codified in 1978 . . . I think the appropriate weight is better assessed,
> as I said, in a holistic fashion by situating the case in terms of the
> relevant community, perhaps.  Here, the community would be a large
> megacase.[2]

*In re Easterday Ranches, Inc., et al.* (Bankr. E.D. Wash., August 25, 2021), Verbatim Transcription

of Proceedings from Audio File at 49-50.

As discussed herein, the circumstances of this case justifies honoring the Trustee's choice of

counsel, and other professionals as necessary.

### G.    The Court Should Give Strong Deference to the Trustee's Selection as Counsel

Mr. Sharp, as the chapter 11 trustee, selected PSZJ after considering other options and with

full knowledge of the rates that PSZJ would charge. The Trustee even discussed his proposed

selection of counsel with the UST's counsel prior to his selection of PSZJ.

Selection of counsel should be given deference as long-standing public policy favors

permitting parties to retain professionals of their choice.  *In re Christ's Church of Golden Rule*, 157

F.2d 910, 911 (9th Cir. 1946) ("'The relationship between attorney and client is highly confidential,

---

[2] *Easterday* was a chapter 11 liquidation case pending in Yakima, Washington in which the U.S. Trustee objected to a fee application submitted by PSZJ as debtor's counsel on the basis the requested compensation was unreasonable. *Objection to First Interim Fee Application*, *In re Easterday Ranches, Inc., et al.,* No. 21-00141, (Bankr. E.D. Wash., July 23, 2021), ECF No. 933.  PSZJ's application reflected a blended billing rate of $1,053 per hour, with attorney billing rates ranging from $695 to $1,695 per hour.  *Id*. at 6:10-11.  The U.S. Trustee noted that rate was "substantially higher than the blended rate charged by other lead debtor's counsel in recent cases in this district which highest was $800." *Id*. at 11-14.  The U.S. Trustee's objection was overruled, in part, on the basis noted above.

demanding personal faith and confidence in order that they may work together harmoniously. Only in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel . . .'") (quoting *In re Mandell*, 69 F.2d 830, 831 (2d Cir. 1934)) (emphasis added); *Smith v. Geltzer*, 507 F.3d 64, 71 (2d Cir. 2007) (bankruptcy court should interfere with the trustee's choice of counsel "'[o]nly in the rarest cases,'" such as when the proposed attorney has a conflict of interest, or when it is clear that "'the best interest of the estate'" would not be served by the trustee's choice) (quoting *Mandell*); 3 COLLIER ON BANKRUPTCY ¶ 327.04 (Alan W. Resnick & Harry J. Sommer eds., 16th ed.) (in the absence of a legitimate or material conflict of interest, "failure to approve the trustee's selection [of counsel] in the absence of good reason has been called an abuse of judicial discretion"); *In re Malhotra*, No. 2:16-bk-02608-DPC, 2016 Bankr. LEXIS 2521, *8 (Bankr. D. Ariz. July 7, 2016) (same, citing *Christ's Church*, *Mandell* and Collier); *In re Shore*, No. 03-43072, 2004 Bankr. LEXIS 1432, at *11 (Bankr. D. Kan. May 14, 2004) ("a debtor's choice of counsel is entitled to great deference").

The Trustee is saddled with the difficult task of administering an estate that was troubled from the petition date that apparently arises from years of protracted litigation with certain counterparties disputing the Debtor's role as a trustee of various life insurance policies. The Trustee determined that he needs sophisticated counsel who can advise him on both the day-to-day matters that will arise in this case to the complex and esoteric matters that will require experience, innovation, and a proven track record to reach the goals of and fulfill the fiduciary duties of the Trustee.

**H.    Conclusion**

For the reasons stated herein and at the hearing, the Trustee respectfully requests the Court to overrule the UST's objection and approve the Application.

Dated:    August 1, 2023                    PACHULSKI STANG ZIEHL & JONES LLP

                                            By    */s/ John W. Lucas*
                                                   John W. Lucas

                                            [Proposed] Counsel to Bradley D. Sharp,
                                            Chapter 11 Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

11

DOCS_SF:109183.4 78512/001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **CHAPTER 11 TRUSTEE'S REPLY TO UNITED
STATES TRUSTEE'S OPPOSITION TO CHAPTER 11 TRUSTEE'S APPLICATION TO EMPLOY PACHULSKI STANG
ZIEHL & JONES LLP** will be served or was served **(a)** on the judge in chambers in the form and manner required by
LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**August 1, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **August 1, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **_____**, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 1, 2023 | Nancy H. Brown | /s/ *Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Simon Aron**   saron@wrslawyers.com, moster@wrslawyers.com
- **Reem J Bello**   rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Ron Bender**   rb@lnbyg.com
- **Michael Jay Berger**   michael.berger@bankruptcypower.com,
  yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Greg P Campbell**   ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Baruch C Cohen**   bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Theron S Covey**   tcovey@raslg.com, sferry@raslg.com
- **Jeffrey W Dulberg**   jdulberg@pszjlaw.com
- **Dane W Exnowski**   dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Robert P Goe**   kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Michael I. Gottfried**   mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com
- **Brandon J Iskander**   biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Michael S Kogan**   mkogan@koganlawfirm.com
- **John W Lucas**   jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Ron Maroko**   ron.maroko@usdoj.gov
- **Kirsten Martinez**   Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Steven M Mayer**   smayer@mayerlawla.com
- **Krikor J Meshefejian**   kjm@lnbyg.com
- **Kenneth Misken**   Kenneth.M.Misken@usdoj.gov
- **Jeffrey P Nolan**   jnolan@pszjlaw.com
- **Eric J Olson**   eric@ejolsonlaw.com
- **Jeffrey N Pomerantz**   jpomerantz@pszjlaw.com
- **Brian A Procel**   bprocel@millerbarondess.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- **Joshua L Scheer**   jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Mark M Sharf (TR)**   mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com
- **Bradley D. Sharp (TR)**   bsharp@dsi.biz
- **Nikko Salvatore Stevens**   nikko@cym.law, mandi@cym.law
- **Alan G Tippie**   Alan.Tippie@gmlaw.com,
  atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **Gary Tokumori**   gtokumori@pmcos.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Michael L Wachtell**   mwachtell@buchalter.com
- **John P. Ward**   jward@attleseystorm.com, ezhang@attleseystorm.com
- **Alex M Weingarten**   aweingarten@willkie.com, lcarter@willkie.com
- **Clarisse Young**   youngshumaker@smcounsel.com, levern@smcounsel.com
- **Paul P Young**   paul@cym.law, jaclyn@cym.law
- **Roye Zur**   rzur@elkinskalt.com, cavila@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com

**2.  SERVED BY UNITED STATES MAIL**:

| | | |
|---|---|---|
| Peter C. Anderson, U.S. Trustee<br>Michael Jones, Assistant U.S. Trustee<br>Office of the U.S. Trustee<br>915 Wilshire Boulevard, Suite 1850<br>Los Angeles, CA  90017 | Nikko S. Stevens<br>CHORA YOUNG & MANASSERIAN LLP<br>650 Sierra Madre Villa Ave., Ste. 304<br>Pasadena, CA 91107 | Joshua L. Scheer<br>Scheer Law Group, LLP<br>85 Argonaut, Suite 202<br>Aliso Viejo, CA 92656 |
| Eric J. Olson<br>EJ Olson Law<br>301 E. Colorado Blvd., Ste. 520<br>Pasadena, CA 91101 | Nathan Talei<br>Oldman, Sallus & Gold, L.L.P.<br>16133 Ventura Blvd., PH-A<br>Encino, CA 91436 | Brett Wasserman<br>Shumaker Mallory, LLP<br>280 S. Beverly Dr., Ste. 505<br>Beverly Hills, CA 90212 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

DOCS_LA:349532.1 78512/001

**F 9013-3.1.PROOF.SERVICE**