Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Telephone: 310.277.6910
Facsimile: 310.201.0760
E-mail: jdulberg@pszjlaw.com
jlucas@pszjlaw.com

[Proposed] Counsel to Bradley D. Sharp,
Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>                Debtor. | Case No.: 2:23-bk-10990-SK<br><br>Chapter 11<br><br>**SUPPLEMENTAL DECLARATION OF JEFFREY W. DULBERG IN SUPPORT OF CHAPTER 11 TRUSTEE'S REPLY TO UNITED STATES TRUSTEE'S OPPOSITION TO CHAPTER 11 TRUSTEE'S APPLICATION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL BANKRUPTCY COUNSEL EFFECTIVE MAY 23, 2023**<br><br>[Relates to Docket Nos 177, 185 and 229]<br><br>Date: August 9, 2023<br>Time: 9:00 a.m.<br>Courtroom: 1575<br>Location: 255 E. Temple Street<br>              Los Angeles, CA 90012<br>Judge: Hon. Sandra R. Klein |

I, Jeffrey W. Dulberg, declare and state as follows:

1. I am a partner of Pachulski Stang Ziehl & Jones LLP ("PSZJ")[1], and duly admitted to practice in the State of California and before this Court.

---

[1] Capitalized terms not defined herein have the meanings used in the Application.

DOCS_LA:350336.1 78512/001

2.  I make this supplemental declaration in support of the Chapter 11 Trustee's reply to the United States Trustee's (the "UST") opposition (the "Opposition") [Docket No. 185] to the Chapter 11 Trustee's Application to Employ Pachulski Stang Ziehl & Jones LLP as General Bankruptcy Counsel Effective May 23, 2023 (the "Application") [Docket No. 177].

3.  PSZJ does not hold an interest adverse to the Debtor's bankruptcy estate. As disclosed in the Application, PSZJ has represented Mr. Rechnitz since 2014 on matters entirely unrelated to the Debtor and this bankruptcy case. PSZJ's current representation of Mr. Rechnitz is entirely administrative and should be concluded in the next few months. It relates to the monitoring of a docket in an unrelated bankruptcy case until it is closed. The fees PSZJ collected from Mr. Rechnitz during the past four years are *de minimis*.

4.  PSZJ has represented Mr. Rechnitz and certain related entities of Mr. Rechnitz and his spouse since 2014 in connection with an entirely unrelated chapter 11 filing in the Central District of California Bankruptcy Court by 19 related companies (collectively, "**Country Villa**"), consolidated under *In re Plaza Healthcare Center LLC*, Case No. 8:14-bk-11335-TA.

5.  In Country Villa, Mr. Rechnitz retained PSZJ to assist him with his bid and his ultimate purchase of 19 nursing facilities owned by the debtors in the Country Villa cases. PSZJ also represented, in connection with such purchase, the separate entities Rechnitz and his spouse formed to hold the ownership interests in each facility. The subject purchase closed nearly 9 years ago on October 31, 2014.

6.  PSZJ also represented Mr. Rechnitz and such related entities with respect to certain post-closing matters related to the facilities purchase. Those matters included determining the amounts and obligations owed under assumed or assigned contracts or leases, determining the parameters of certain assumed obligations of the Country Villa entities (such as amounts owing and the timing of payment to the State of California for certain statutory fees), and purchasing certain of the subject leasehold interests. PSZJ's representation of Mr. Rechnitz and his related companies for the foregoing matters was essentially <u>over more than four years ago as of June 2019</u>.

7.  Since June 2019, PSZJ has continued to monitor the Country Villa cases for Mr. Rechnitz and his related entities post-closing because the debtor entities continue as the licensees of

2

the sold facilities owned by Mr. Rechnitz's related entities.

8. Because the licensure of Mr. Rechnitz's related entities remained pending, PSZJ continued representing Mr. Rechnitz and his entities in connection with purely administrative aspects of continuing from time-to-time (for five years) the hearings on closing the Country Villa debtors' bankruptcy cases (and to ensure that the Country Villa licensee entities remained in good standing) pending the licensure of the Rechnitz-related entities.

9. In 2022, PSZJ was informed that Mr. Rechnitz and his related entities reached an understanding or agreement with agencies of the State of California as to the licensing of Mr. Rechnitz's related entities now owning former Country Villa facilities. Thus, Mr. Rechnitz's requests to the Country Villa entities that they keep their cases open (and his financial support for same) ended in 2022. Nonetheless, the Country Villa debtors have chosen to further continue (now to December 2023) the hearing on closing their cases, apparently wanting to wait until the licensure process of Mr. Rechnitz's related entities is complete.  PSZJ's remaining role for Mr. Rechnitz and his related entities at this point only is to monitor the pleadings filed in the Country Villa cases pending the closure of the Country Villa cases.

10. The majority of the services PSZJ provided to Mr. Rechnitz occurred in 2014 - 2016. The chart below shows the percentage of revenue of the fees paid by Mr. Rechnitz to PSZJ on an annual basis during 2014 through 2022.  The majority of the services PSZJ provided to Mr. Rechnitz occurred in 2014 - 2016.   The chart below shows the percentage of revenue of the fees paid by Mr. Rechnitz to PSZJ on an annual basis during 2014 through 2022.

| Year | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|---|---|---|---|
| Percentage of Annual Revenue | .62% | 3.16% | 1.81% | .34% | .30% | .05% | .12% | .02% | .05% |

11. As reflected above, since 2016 the services have been largely ministerial and the fees paid to PSZJ in each year after 2016 are *de minimis* with respect to PSZJ's total revenues on an annual basis. For example, the fees paid by Mr. Rechnitz in 2022 represents less than ½ of one-tenth of a percent (.05%) of PSZJ's total revenue. On a cumulative basis over the past four years, the fees

3

paid by Mr. Rechnitz to PSZJ represents only .12% of PSZJ's revenue.

12. PSZJ's current representation of Mr. Rechnitz is not an interest that is adverse to the Debtor's estate. PSZJ does not (a) hold an economic interest that would tend to lessen the value of the bankruptcy estate, (b) possess or assert an economic interest that would create either an actual or potential dispute in which the estate is a rival claimant; or (c) hold a predisposition under circumstances that create a bias against the estate. PSZJ is not owed any fees from Mr. Rechnitz or his entities. PSZJ is not representing Mr. Rechnitz or the entities he controls regarding the pending licensing issues arising out of Country Villa. PSZJ is merely monitoring the docket in the Country Villa case with respect to a pending motion to close the cases and entry of a final decree.

13. PSZJ's billing rates are justified. This case has already proved to be difficult and complex. The Trustee is administering an estate with an uncooperative Debtor, who (a) is a lawyer that owns his own law firm (with an IOLTA account that might have been used personally), (b) owns numerous real properties (in California and internationally), at least one of which was transferred in exchange for no apparent consideration, and (c) owns or has an interest in numerous different companies that invest in life insurance policies and other properties where the Debtor sits as a trustee over the policies that are subject to complex and protracted litigation. The Trustee was appointed approximately two months ago and he, his forensics accounting team, and his counsel have only scratched the surface of the Debtor's complicated and convoluted portfolios of assets and liabilities, not to mention just begun to disentangle the back-and-forth allegations made by various claimants. The Trustee needs experienced counsel that can advise him through the complex maze the Debtor has created.

14. PSZJ's compensation structure is comparable to other similar cases where a trustee was appointed to administer a debtor's estate.

- In *In re Penthouse Global Media, Inc.*, Case No. 1:18-bk-10098-MB (Bankr. C.D. Cal.), PSZJ represented David Gottlieb as chapter 11 trustee of an adult entertainment company. During that representation, PSZJ charged the estate its regular rates in effect at the time with no discount, which in 2023 were as high as $1,450 per hour.

- In *In re Layfield & Barrett, APC*, Case No. 2:17-bk-19548-NB (Bankr. C.D. Cal.), PSZJ represented Richard Pachulski as chapter 11 trustee of a defunct law firm.

4

DOCS_LA:350336.1 78512/001

During that representation, PSZJ charged the estate its regular rates in effect at the time with no discount, which in 2018 were as high as $1,395 per hour.

- In *In re KSL Media, Inc., et al.*, Case No. 1:13-bk-15929-MB (Bankr. C.D. Cal.), PSZJ represented David Gottlieb as chapter 11 trustee of a troubled media company. During that representation, PSZJ charged the estate its regular rates in effect at the time with no discount, which in 2018 were as high as $1,295 per hour.

- In *In re Solyman Yashouafar and Massoud Aaron Yashouafar*, Case No. 1:16-bk-12255-GM (Bankr. C.D. Cal.), PSZJ represented David Gottlieb as chapter 11 and 7 trustee of two individual debtors. During that representation, PSZJ charged the estate its regular rates in effect at the time with no discount, which in 2018 were as high as $1,245 per hour.

- In *In re Georges Marciano, et al.*, Case No. 1:11-bk-10426-VK (Bankr. C.D. Cal.), PSZJ represented David Gottlieb as chapter 11 trustee of an individual debtor. During that representation, PSZJ charged the estate its regular rates in effect at the time with no discount, which in 2015 were as high as $1,095 per hour.

- In *In re Ezri Namvar*, Case No. 2:08-bk-32349-BR (Bankr. C.D. Cal.), PSZJ served as Joint Special Counsel for Bradley D. Sharp, Chapter 11 Trustee for Namco Capital Group, Inc., and R. Todd Neilson, Chapter 11 Trustee for Ezri Namvar. During that representation, PSZJ charged the estate its regular rates in effect at the time with no discount, which in 2018 were as high as $1,095 per hour.

- In *In re Zetta Jet USA, Inc.* (Bankr. C.D. Cal.), Case No. 2:17-bk-21386-SK, which is a case that is currently pending before this Court, DLA Piper represents Jonathan King as chapter 7 trustee. During that representation, DLA Piper charged the estate rates as high as $1,420 per hour in 2022.

15. As reflected above, PSZJ's current rates are comparable to the rates charged by this firm (and others) while representing chapter 7 or 11 trustees of individuals or companies that are financially troubled or mismanaged.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

Executed this 1st day of August, 2023, at Los Angeles, California.

*/s/ Jeffrey W. Dulberg*
Jeffrey W. Dulberg

5

DOCS_LA:350336.1 78512/001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **SUPPLEMENTAL DECLARATION OF JEFFREY W. DULBERG IN SUPPORT OF CHAPTER 11 TRUSTEE'S REPLY TO UNITED STATES TRUSTEE'S OPPOSITION TO CHAPTER 11 TRUSTEE'S APPLICATION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL BANKRUPTCY COUNSEL EFFECTIVE MAY 23, 2023** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 1, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **August 1, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 1, 2023 | Nancy H. Brown | /s/ *Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:349532.1 78512/001

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Simon Aron**  saron@wrslawyers.com, moster@wrslawyers.com
- **Reem J Bello**  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Ron Bender**  rb@lnbyg.com
- **Michael Jay Berger**  michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Greg P Campbell**  ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Baruch C Cohen**  bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Theron S Covey**  tcovey@raslg.com, sferry@raslg.com
- **Jeffrey W Dulberg**  jdulberg@pszjlaw.com
- **Dane W Exnowski**  dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Robert P Goe**  kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Michael I. Gottfried**  mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com
- **Brandon J Iskander**  biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Michael S Kogan**  mkogan@koganlawfirm.com
- **John W Lucas**  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Ron Maroko**  ron.maroko@usdoj.gov
- **Kirsten Martinez**  Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Steven M Mayer**  smayer@mayerlawla.com
- **Krikor J Meshefejian**  kjm@lnbyg.com
- **Kenneth Misken**  Kenneth.M.Misken@usdoj.gov
- **Jeffrey P Nolan**  jnolan@pszjlaw.com
- **Eric J Olson**  eric@ejolsonlaw.com
- **Jeffrey N Pomerantz**  jpomerantz@pszjlaw.com
- **Brian A Procel**  bprocel@millerbarondess.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- **Joshua L Scheer**  jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Mark M Sharf (TR)**  mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com
- **Bradley D. Sharp (TR)**  bsharp@dsi.biz
- **Nikko Salvatore Stevens**  nikko@cym.law, mandi@cym.law
- **Alan G Tippie**  Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **Gary Tokumori**  gtokumori@pmcos.com
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov
- **Michael L Wachtell**  mwachtell@buchalter.com
- **John P. Ward**  jward@attleseystorm.com, ezhang@attleseystorm.com
- **Alex M Weingarten**  aweingarten@willkie.com, lcarter@willkie.com
- **Clarisse Young**  youngshumaker@smcounsel.com, levern@smcounsel.com
- **Paul P Young**  paul@cym.law, jaclyn@cym.law
- **Roye Zur**  rzur@elkinskalt.com, cavila@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com

2. **SERVED BY UNITED STATES MAIL**:

Peter C. Anderson, U.S. Trustee
Michael Jones, Assistant U.S. Trustee
Office of the U.S. Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA  90017

Nikko S. Stevens
CHORA YOUNG & MANASSERIAN LLP
650 Sierra Madre Villa Ave., Ste. 304
Pasadena, CA 91107

Joshua L. Scheer
Scheer Law Group, LLP
85 Argonaut, Suite 202
Aliso Viejo, CA 92656

Eric J. Olson
EJ Olson Law
301 E. Colorado Blvd., Ste. 520
Pasadena, CA 91101

Nathan Talei
Oldman, Sallus & Gold, L.L.P.
16133 Ventura Blvd., PH-A
Encino, CA 91436

Brett Wasserman
Shumaker Mallory, LLP
280 S. Beverly Dr., Ste. 505
Beverly Hills, CA 90212

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                          **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:349532.1 78512/001