**CHORA YOUNG & MANASSERIAN LLP**
Paul P. Young (SBN 257571)
Joseph Chora (SBN 284700)
Armen Manasserian (SBN 288199)
650 Sierra Madre Villa Ave, Suite 304
Pasadena, CA 91107
Tel.: (626) 744-1838
Fax: (626) 744-3167
Email: paul@cym.law

Attorneys for Franklin H. Menlo, co-trustee
of the Franklin Menlo Irrevocable Trust
established March 1, 1983

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:23-bk-10990-SK |
| LESLIE KLEIN, | Chapter 11 |
| Debtor. | **REPLY OF MENLO TRUST TO TRUSTEE'S RESPONSE AND DEBTOR'S JOINDER TO MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NONBANKRUPTCY FORUM)** |
| | Date:    August 9, 2023<br>Time:   9:00 a.m.<br>Place:   Courtroom 1575<br>             255 East Temple Street<br>             Los Angeles, CA 90012 |
| | Judge:  Hon. Sandra R. Klein |

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, AND HIS COUNSEL; TO CHAPTER 11 TRUSTEE, BRADLEY SHARP, AND ALL OTHER INTERESTED PARTIES:**

Franklin H. Menlo, co-trustee of the Franklin Menlo Irrevocable Trust established March 1, 1983 ("Menlo Trust"), submit the following Reply to Chapter 11 Trustee, Bradley Sharp's ("Trustee") Response [Dkt. No. 196] and Debtor, Leslie Klein's ("Debtor") joinder [Dkt. No. 215]

to the "Motion For Relief From Automatic Stay Under 11 U.S.C. § 362 (Action In Nonbankruptcy Forum)" ("Motion") [Dkt. No. 84] filed by the Menlo Trust.[1]

### I. Relevant Background

Despite knowing he was well over the threshold debt limit for such cases, Debtor, Leslie Klein commenced this case under Subchapter V on February 22, 2023. [Dkt. No. 1.] The Debtor later amended his Petition to proceed as a "standard" Chapter 11 case. On March 10, 2023, the Office of U.S. Trustee ("OUST") filed a statement regarding the Debtor's non-compliance with numerous requirements under the Bankruptcy Code, Bankruptcy Rules, and certain notices and guidelines promulgated by the UST. [Dkt. No. 42.] In the nearly five months since his initial filing, the Debtor has hired and fired two attorneys and recently substituted his now third attorney-of-record into the case. On August 1, 2023, the Chapter 11 Trustee filed his Monthly Operating Report indicating the Debtor's lack of cooperation with the Trustee's efforts to administer the estate and his further non-compliance with numerous requirements under the Bankruptcy Code. [Dkt. No. 228.]

On April 25, 2023, the Menlo Trust filed its instant Motion for Relief from Automatic Stay Under 11 U.S.C. § 362 [Dkt. No. 84] seeking relief to allow the Superior Court of California, County of Los Angeles ("Probate Court") to enter a final judgment and two address two related issues, being whether the Debtor should be surcharged for professional fees and the amount of prejudgment interest, if any, to be added to the final judgment. As a precursor to the entry of final judgment, the Probate Court adopted the Probate Referee's Report and Recommendation ("R & R") finding that the Debtor, as trustee of the Menlo Trusts had embezzled millions of dollars from the trusts and committed other serious breaches of fiduciary duties.

On May 17, 2023, the Court entered an order directing the OUST to appoint a Chapter 11 Trustee. [Dkt. No. 142.] On May 24, 2023, the Court entered an order approving the appointment of Bradley Sharp as the Chapter 11 Trustee. [Dkt. No. 155.] Mr. Sharp accepted his appointment

---

[1] This Reply does not seek to address the arguments set forth in the Debtor's previously filed Opposition [Dkt. No. 104] to the Menlo Trusts Motion for Relief from Stay ("Motion"). The Menlo Trust filed a separate Reply to the referenced Opposition on May 10, 2023. [Dkt. No. 121.]

as Trustee the following day. [Dkt. No. 156.]

At the hearing on the Menlo Trust's Motion for Relief heard on May 17, 2023, the Court continued the hearing to allow time for the Chapter 11 Trustee to take a position on the Motion. On July 19, 2023, the Chapter 11 Trustee filed his Response seeking another continuance of the Motion. [Dkt. No. 196.]  Thereafter, the Debtor filed a joinder to the Trustee's Response. [Dkt. No. 215.]

**II.      Argument:**

While Creditor, Menlo Trusts certainly appreciates the Trustee's role in this case, the granting of limited relief to allow the Probate Court to enter final judgment and rule on adjunct issues (i.e., surcharge, amount of prejudgment interest) will not interfere with the Trustee's efforts to gather information or make an informed decision regarding the Menlo Litigation. Notably, the Trustee's Response offers little to show exactly how the limited relief sought by the Menlo Trusts would hinder his efforts in that regard. To the contrary, the sought relief will not allow the Menlo Trust to enforce any judgment entered by the Probate Court, or seek any remedies, nor does the relief prevent or limit the Trustee's efforts to investigate, marshal, or administer estate assets.

This request for a second continuance should be balanced against the prejudice caused by such a delay: It is no overstatement to say that the Menlo Trust is a victim – a victim of the Debtor's multimillion-dollar embezzlement scheme, which is causing *current* and *unmitigated* harm (both financial and emotional) to the trust beneficiaries. Thus, while another continuance of the hearing on the Motion may appear innocuous on its face, it will cause unnecessary stress and heartache to the human beneficiaries who rely on the Menlo Trust to maintain their financial independence. Moreover, a continuance plays right into the Debtor's hands: From the very start of this case, the Debtor has done everything possible to obstruct and delay its progress, including initially misfiling this case as a Subchapter V; the filing of Petitions/Schedules containing gross misstatements and omissions, requiring several amendments; the serial hiring and filing of bankruptcy counsel, and now his apparent active hindrance of the Trustee's efforts to administer estate assets. The Court should deny the Debtor yet another gift of delay and allow the beneficiaries to liquidate their claim to a final judgment.

Finally, beyond bringing finality to the nature and amount of the Menlo Trust's claim – granting relief from stay will have the collateral benefit of preventing this Court from having to rule on specialized areas of probate law, and the factual and legal issues already tentatively decided by the Probate Court in the underlying 11-year-long litigation. Such finality will assist this court in deciding dispositive motions in this case and in the Menlo Trusts pending adversary action to establish whether their claim is subject to discharge.

Hence, the Court should deny the request for another continuance and grant the limited relief from stay set forth in the Motion.

### III.    Conclusion:

For the reasons stated herein, the Menlo Trust requests that this Court refuse to continue this motion a second time and grant relief from stay to allow the Probate Court to enter final judgment and rule on matters collateral to the entry of judgment, as set forth in the Motion.

DATED: August 2, 2023                    Respectfully submitted,

**CHORA YOUNG & MANASSERIAN LLP**

By:    */s/ Paul P. Young*
       Paul Young
       Nikko S. Stevens
       Joseph C. Chora
       Attorneys for Franklin H. Menlo, co-trustee of the
       Franklin Menlo Irrevocable Trust established
       March 1, 1983

4

REPLY OF MENLO TRUST TO TRUSTEE'S RESPONSE AND DEBTOR'S JOINDER TO MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NONBANKRUPTCY FORUM)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
650 Sierra Madre Villa Ave., Ste. 304, Pasadena, CA 91107

A true and correct copy of the foregoing document entitled (*specify*): **REPLY OF MENLO TRUST TO TRUSTEE'S RESPONSE AND DEBTOR'S JOINDER TO MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 2, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Attached.

☒ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) August 2, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| **Debtor** | **Debtor's Counsel** |
|---|---|
| Leslie Klein | Michael Kogan |
| 322 N. June Street | KOGAN LAW FIRM, APC |
| Los Angeles, CA 90001 | 11500 W. Olympic Blvd., Suite 400 |
|  | Los Angeles, California 90064 |

☒ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) August 2, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Sandra Klein
United States Bankruptcy Court
Edward R. Roybal Federal Building
255 E. Temple Street, Suite 1582
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 2, 2023 | Jaclyn Poon | /s/ Jaclyn Poon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

REPLY OF MENLO TRUST TO TRUSTEE'S RESPONSE AND DEBTOR'S JOINDER TO MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NONBANKRUPTCY FORUM)

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) (continued):**

- **Jeffrey N. Pomerantz on behalf of Trustee Bradley D. Sharp:** jpomerantz@pszjlaw.com
- **Jeffrey W. Dulberg on behalf of Trustee Bradley D. Sharp:** jdulberg@pszjlaw.com
- **John W. Lucas on behalf of Trustee Bradley D. Sharp (TR):** jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Bradley D. Sharp (TR):** bsharp@dsi.biz
- **Michael Jones on behalf of U.S. Trustee United States Trustee (LA):** michael.jones4@usdoj.gov
- **Ron Maroko on behalf of U.S. Trustee United States Trustee (LA):** ron.maroko@usdoj.gov
- **Mark M Sharf (TR):** mark@sharflaw.com, C188@ecfcbis.com; sharf1000@gmail.com; 2180473420@filings.docketbird.com
- **United States Trustee (LA):** ustpregion16.la.ecf@usdoj.gov
- **Michael Kogan on behalf of Debtor Leslie Klein:** mkogan@koganlawfirm.com
- **Eric Olson on behalf of Interested Party Courtesy NEF:** eric@EJOlsonLaw.com
- **Reem J Bello on behalf of Interested Party Reem J Bello:** rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Robert P Goe on behalf of Interested Party Robert P Goe:** kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
- **Paul P Young on behalf of Creditor Franklin Menlo:** paul@cym.law, jaclyn@cym.law
- **Paul P. Young on behalf of Plaintiff Franklin Menlo, co-trustee of the Franklin Menlo Irrevocable Trust established March 1, 1983:** paul@cym.law, jaclyn@cym.law
- **Nikko Salvatore Stevens on behalf of Creditor Franklin Menlo:** nikko@cym.law
- **Nikko Salvatore Stevens on behalf of Plaintiff Franklin Menlo, co-trustee of the Franklin Menlo irrevocable Trust established March 1, 1983:** nikko@cym.law
- **Robert P Goe on behalf of Creditor Erica Vago**: kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
- **Robert P Goe on behalf of Creditor Joseph Vago:** kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
- **Brandon J Iskander on behalf of Creditor Erica Vago:** biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Brandon J Iskander on behalf of Creditor Joseph Vago:** biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Theron S Covey on behalf of Creditor Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust:** tcovey@raslg.com, sferry@raslg.com
- **Joshua L Scheer on behalf of Creditor Ajax Mortgage Loan Trust 2021-D, Mortgage-Backed Securities, Series 2021-D, by U.S. Bank National Association, as Indenture Trustee:** jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Baruch C. Cohen on behalf of Creditor and Plaintiffs Robert and Esther Mermelstein:** bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Clarisse Young on behalf of Creditor Adi Vendriger:** youngshumaker@smcounsel.com, levern@smcounsel.com
- **Clarisse Young on behalf of Plaintiff Adi Vendriger:** youngshumaker@smcounsel.com, levern@smcounsel.com
- **Greg P Campbell on behalf of Interested Party Courtesy NEF:** ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com; gcampbell@aldridgepite.com
- **Dane W Exnowski on behalf of Interested Party Courtesy NEF:** dane.exnowski@mccalla.com, bk.ca@mccalla.com, mccallaecf@ecf.courtdrive.com
- **Krikor J Meshefejian on behalf of Interested Party Life Capital Group, LLC:** kjm@lnbyg.com
- **Alan G Tippie on behalf of Interested Party Courtesy NEF:** Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com; Karen.Files@gmlaw.com, patricia.dillamar@gmlaw.com, denise.walker@gmlaw.com
- **Michael L Wachtell on behalf of Interested Party Courtesy NEF:** mwachtell@buchalter.com
- **John P. Ward on behalf of Creditor U.S. Bank, N.A., as Trustee for Velocity Commercial Capital Loan Trust 2018-2:** jward@attleseystorm.com, ezhang@attleseystorm.com

REPLY OF MENLO TRUST TO TRUSTEE'S RESPONSE AND DEBTOR'S JOINDER TO MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NONBANKRUPTCY FORUM)

- **Clarisse Young on behalf of Interested Party Courtesy NEF:** youngshumaker@smcounsel.com, levern@smcounsel.com
- **Paul P Young on behalf of Interested Party Courtesy NEF:** paul@cym.law, jaclyn@cym.law
- **Michael L. Gottfried on behalf of Interested Party Courtesy NEF:** mgottfried@elkinskalt.com, cavila@elkinskalt.com, lwageman@elkinskalt.com, docketing@elkinskalt.com
- **Roye Zur on behalf of Interested Party Courtesy NEF:** rzur@elkinskalt.com, cavila@elkinskalt.com; lwageman@elkinskalt.com; 1648609420@filings.docketbird.com
- **Gary Tokumori on behalf of Interested Party Courtesy NEF:** gtokumori@pmcos.com
- **Steven M Mayer on behalf of Interested Party Courtesy NEF:** smayer@mayerlawla.com
- **Michael Jay Berger on behalf of Interested Party Courtesy NEF:** michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com; michael.berger@ecf.inforuptcy.com
- **Alex M. Weingarten on behalf of Interested Party Courtesy NEF:** aweingarten@willkie.com, lcarter@willkie.com
- **Clarisse Young on behalf of Interested Party Courtesy NEF:** youngshumaker@smcounsel.com, levern@smcounsel.com
- **Jeffrey Nolan on behalf of Interested Party Courtesy NEF:** jnolan@pszjlaw.com
- **John W. Lucas on behalf of Interested Party Courtesy NEF:** jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Michael S. Kogan on behalf of Interested Party Courtesy NEF:** mkogan@koganlawfirm.com

**2. SERVED BY UNITED STATES MAIL (continued):**

| **United States Trustee** | **Trustee** | **Counsel for Chapter 11 Trustee** |
|---|---|---|
| Ron Maroko | Mark M Sharf (TR) | Jeffrey W. Dulberg |
| 915 Wilshire Blvd., Ste. 1850 | 6080 Center Drive, Ste. 600 | John W. Lucas |
| Los Angeles, CA 90017 | Los Angeles, CA 90045 | PACHULSKI STANG SIEHL & JOHNES LLP |
| | | 10100 Santa Monica Blvd., 13th Fl. |
| | | Los Angeles, CA 90067 |

REPLY OF MENLO TRUST TO TRUSTEE'S RESPONSE AND DEBTOR'S JOINDER TO MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NONBANKRUPTCY FORUM)