Alex M. Weingarten (SBN 204410)
  AWeingarten@willkie.com
Logan M. Elliott (SBN 268105)
  LElliott@willkie.com
**WILLKIE FARR & GALLAGHER LLP**
2029 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone:    (310) 855-3000
Facsimile:    (310) 855-3099

Attorneys for Creditor
CO-TRUSTEE JEFFREY WINTER

**UNITED STATES BANKRUPTCY COURT FOR**

**THE CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br><br>LESLIE KLEIN,<br><br>      Debtor. | CASE NO.:  2:23-bk-10990-SK<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER GRANTING RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362**<br><br>Date:        September 13, 2023<br>Time:       8:30 a.m.<br>Crt. Rm.:   1575 |

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

66344690

1    **TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

2        **PLEASE TAKE NOTICE** that on September 13, 2023, at 8:30 a.m., or as soon

3    thereafter as the motion may be heard, in Courtroom 1575 of the above-captioned Court, located

4    at 255 East Temple Street, Los Angeles, California 90012, Creditor Jeffrey Winter ("Jeff"), as

5    Co-Trustee of the Franklin Henry Menlo Irrevocable Trust Established March 1, 1983 (the

6    "Trust"), will and hereby does move this Court for an order granting Jeff relief from the

7    automatic stay pursuant to 11 U.S.C. § 362(d) (the "Motion").

8        This Motion is made pursuant to 11 U.S.C. § 362(d)(2) on the grounds that relief from

9    automatic stay is required to distribute proceeds from certain life insurance policies tied up in the

10   Trust to certain Trust beneficiaries.  First, the debtor Leslie Klein ("Klein") has no equity or

11   interest in the subject property (the life insurance proceeds).  Second, the life insurance proceeds

12   are not necessary for a reorganization of the estate because the insurance funds are not part of the

13   bankruptcy estate.

14       Alternatively, Jeff requests relief from automatic stay under 11 U.S.C. § 362(d)(1) for

15   cause. Relief under Section 362(d)(1) is appropriate because: (1) the nonbankruptcy forum is the

16   appropriate venue to confirm distributions to the Trust beneficiaries; (2) continued litigation in

17   the nonbankruptcy forum for the purposes of making long overdue distributions to the Trust

18   beneficiaries will not interfere with the bankruptcy case as the life insurance proceeds are not

19   part of the bankruptcy estate; (3) lifting the stay for the purpose of making life insurance

20   distributions will not prejudice the interests of Klein or any other third party; (4) the Trust

21   beneficiaries' interests in receiving the distributions will be most expeditiously resolved in the

22   nonbankruptcy forum; and (5) the balance of harms weighs against maintaining the stay and

23   towards granting relief.

24       Please take further notice that this Motion is being heard on regular notice pursuant to

25   LBR 9013-1(d).  A party opposing or responding to the Motion must file and serve the response

26   no later than fourteen days before the hearing.  Failure to file and serve a timely objection to the

27   Motion or to appear at the hearing may be deemed by the Court to be consent to the relief

28   requested herein.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

1    This Motion is based upon this Notice, the attached Memorandum of Points and

2    Authorities, the Declaration of Alex M. Weingarten, and the pleadings, records, and files of this

3    action, and on such other oral and documentary evidence as may be presented at the hearing of

4    this Motion.

5    Dated:  August 11, 2023                    **WILLKIE FARR & GALLAGHER LLP**

6

7    By:  _/s/ Alex M. Weingarten_
          Alex M. Weingarten
8          Logan M. Elliott
          Attorneys for Creditor
9          CO-TRUSTEE JEFFREY WINTER

**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

MOTION FOR RELIEF FROM STAY

<div style="text-align:center; font-weight:bold">

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

</div>

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................1

FACTUAL BACKGROUND ....................................................................................2

  Sam And Vera Menlo Establish Trusts For The Benefit Of Their Family ......................2

  Twenty-Four Beneficiaries Of The Menlo Trusts Initiate The Nonbankruptcy
  Action To Stop Klein's Theft Of Trust Assets ...................................................3

  Judge Reiser Finds Klein Committed Staggering Embezzlement In This Case And
  Orders A $30,401,823 Surcharge Against Klein .................................................3

  The Superior Court Suspends Klein As Trustee And Appoints Jeffrey Winter And
  Frank Menlo As Interim Co-Trustees ...........................................................5

  Co-Trustees File An Application For Writ Of Attachment And Right To Attach
  Order Which Klein Schemes To Avoid ..........................................................5

  Jeff Actively Pursued The Writs Of Attachment Prior To The Bankruptcy Stay ..........6

  The Superior Court Formally Adopts The R&R.................................................6

  The Superior Court Allows Distribution Of Insurance Proceeds To Co-Trustees ..........7

  Klein Admits He Is Not Entitled To The Life Insurance Proceeds .........................7

  Jeff Files Petition For Instructions In Nonbankruptcy Action To Disburse Life
  Insurance Proceeds To Certain Trust Beneficiaries..........................................8

RELIEF REQUESTED..........................................................................................9

JURISDICTION.................................................................................................9

ARGUMENT ...................................................................................................9

I.    RELIEF FROM STAY MUST BE GRANTED UNDER SECTION 362(D)(2)...........10

      A.    Klein Has No Right To Or Interest In The Life Insurance Proceeds Co-
            Trustees Seek To Distribute............................................................11

      B.    The Life Insurance Proceeds Are Unnecessary For Effective
            Reorganization Of The Bankruptcy Estate .........................................12

II.   ALTERNATIVELY, THE COURT MAY GRANT RELIEF FROM STAY
      UNDER SECTION  362(D)(1) BECAUSE SUFFICIENT "CAUSE" EXISTS
      FOR RELIEF .........................................................................................13

CONCLUSION................................................................................................15

MOTION FOR RELIEF FROM STAY MEMORANDUM

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

# TABLE OF AUTHORITIES

**Federal Cases**                                                                                    **Page(s)**

*In re A Partners, LLC*
    344 B.R. 114 (Bankr. E.D. Cal. 2006) ................................................................13

*In re Am. Spectrum Realty, Inc.*
    540 B.R. 730 (Bankr. C.D. Cal. 2015)) ..............................................................13

*In re Avila*
    311 B.R. 81 (Bankr. N.D. Cal. 2004) ..................................................................10

*In re Edwards*
    454 B.R. 100 (B.A.P. 9th Cir. 2011) ...................................................................10

*In re Kennedy*
    165 B.R. 488 (Bankr. W.D. Wash. 1994) ............................................................10

*In re Tri-Growth Centre City, Ltd.*
    136 B.R. 848 (Bankr. S.D. Cal. 1992) .....................................................10, 11, 13

*United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*
    484 U.S. 365 (1988) ............................................................................................13

**California State Cases**

*Young v. McCoy*
    147 Cal. App. 4th 1078. (2007) .............................................................................1

**Federal Statutes**

11 U.S.C. § 362 .................................................................................... *passim*

28 U.S.C. § 157 ..............................................................................................10

28 U.S.C. § 1334 ............................................................................................10

28 U.S.C. § 1408 ............................................................................................10

28 U.S.C. § 1409 ............................................................................................10

**California State Statutes**

Cal. Civ. Proc. Code § 639 ..............................................................................4

Cal. Prob. Code § 850 ......................................................................................4

Cal. Prob. Code § 859 ...................................................................................4, 5

MOTION FOR RELIEF FROM STAY MEMORANDUM

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Jeffrey Winter ("Jeff"),[1] co-trustee of the Menlo trusts (the "Menlo Trusts"), as a holder of claims against Leslie Klein (the "Debtor" and "Klein"), hereby respectfully submits this Memorandum of Points and Authorities (the "Memorandum") in support of the *Motion for Relief From The Automatic Stay Under 11 U.S.C. § 362* (the "Motion"). Jeff seeks entry of an order granting relief from the automatic stay pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") to proceed under applicable nonbankruptcy law to allow the nonbankruptcy forum to provide Jeff and co-trustee Frank Menlo ("Frank") (together, "Co-Trustees") with instructions confirming co-trustees' distributions of proceeds from life insurance policies to beneficiaries of the Menlo Trusts as reflected in a distribution agreement between Co-Trustees ("Distribution Agreement"). Jeff also requests that the order be binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days.

## PRELIMINARY STATEMENT

Co-Trustees seek to distribute specific payouts of life insurance proceeds to certain beneficiaries of the Menlo Trusts who have long been prevented from receiving their rightful distributions by Klein's rampant embezzlement and repeated abuses of process. Jeff lays out Co-Trustees' agreement to distribute these specific payouts in great detail in the Distribution Agreement between Jeff and Frank and in the petition for instructions Jeff filed (and Frank joined) in the Nonbankruptcy Action[2] on July 28, 2023 to confirm Co-Trustees' agreement ("Petition for Instructions"). *See* Declaration of Alex M. Weingarten ("Weingarten Decl."), Ex. 1. Co-Trustees Jeff and Frank and are in complete agreement regarding the distribution payments each beneficiary is to receive, and the terms of their agreement are memorialized in the Distribution Agreement and the Petition for Instructions. Moreover, Klein has no legitimate interest in the life insurance funds Co-Trustees seek to distribute – and admits as much in his June 28, 2023 declaration. The life insurance proceeds Co-Trustees seek to distribute are in no way, shape, or form part of the

---

[1] Members of the Winter and Menlo families are referred to by their first names "for the purposes of clarity, not out of disrespect." *See Young v. McCoy*, 147 Cal. App. 4th 1078, 1081 n.2. (2007).

[2] Nonbankruptcy Action is defined in the Motion to be *In the Matter of Franklin Henry Menlo Irrevocable Trust vs. Klein*, No. BP-136769 (Cal. Supp. Ct. Sept. 18, 2012).

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

bankruptcy estate.  Klein merely seeks to delay the inevitable judgment against him and rightful distributions to the Menlo Trust beneficiaries with this bankruptcy filed in bad faith.

The Court should put a stop to Klein's tactics and lift the stay to allow Co-Trustees' distributions to the Menlo Beneficiaries for multiple reasons:

• First, Section 362(d)(2) requires the Court to lift an automatic stay with respect to a property if: (1) the debtor does not have equity in such property; and (2) such property is not necessary to an effective reorganization.  Klein has no claim (and, indeed, makes no such claim) to the life insurance proceeds Co-Trustees propose to distribute in the Petition for Instructions. And, the life insurance policies belonging to the Menlo Trusts and their beneficiaries are not part of the bankruptcy estate and are unnecessary to an effective reorganization of the estate.

• Second, Section 362(d)(1) permits the Court to lift an automatic stay "for cause." Granting relief from stay will prevent this Court from having to rule on specialized areas of probate law and from interfering with factual and legal issues already decided in the nonbankruptcy forum, the Superior Court of California, County of Los Angeles (the "Superior Court").  The Superior Court already decided the beneficiaries of the Menlo Trusts were entitled to certain distributions from the Menlo Trusts and that Klein wrongfully withheld such distributions in the Nonbankruptcy Action.  *See* Weingarten Decl., Ex. 7 at 4:1-3, n.4, 9:11-10:27; Ex. 8.  The distributions Jeff and Frank now seek to provide to the beneficiaries must be confirmed by the Superior Court – and there is no reason to delay distributing these long overdue amounts now to the beneficiaries.   The Motion should be granted.

## FACTUAL BACKGROUND

### Sam And Vera Menlo Establish Trusts For The Benefit Of Their Family

Sam Menlo ("Sam") and Vera Menlo ("Vera") married in 1956.  *See* Dkt. No. 84, Declaration of Paul P. Young ("Young Decl."), Ex. 2.  During their lifetime together, Sam and Vera amassed significant wealth and had five children:  Frank, Deborah Menlo Deutsch, Norine Eve Menlo, Judith Menlo Frankel, and Madeline Menlo Lipschitz.  *See generally id*.  Together as Trustors, Sam and Vera established at least ninety-six irrevocable trusts for each of their children,

MOTION FOR RELIEF FROM STAY MEMORANDUM

grandchildren, and future generations including the twenty-four trusts at issue in the Nonbankruptcy Action (collectively, the "Menlo Trusts"). *Id*.

Klein served as sole trustee of the Menlo Trusts since their inception until his suspension by Judge Luna in the Nonbankruptcy Action on September 16, 2022. *Id*.

**Twenty-Four Beneficiaries Of The Menlo Trusts Initiate The Nonbankruptcy Action To Stop Klein's Theft Of Trust Assets**

Klein is a licensed attorney with a long and proven history of professional misconduct, including misappropriation and commingling of client funds. *See* Dkt. No. 84, Young Decl., Ex. 3. As a result, the State Bar of California suspended Klein's law practice license in 1992 and again in 1995. *Id*.

Klein applied his honed embezzlement skills in the course of his stewardship of the Menlo Trusts. *See id.*, Ex. 4. On September 18, 2012, Frank filed a petition on behalf of similarly situated Menlo Trusts beneficiaries (the "Menlo Beneficiaries") against Klein, requesting Klein's removal as trustee, an accounting, and a surcharge. *See id.* On March 22, 2013, twenty-four Menlo Beneficiaries filed separate petitions on behalf of their trusts that were ultimately consolidated in Department 3 of the Superior Court. *See id.*, Ex. 5. The beneficiaries contend that Klein breached his fiduciary duties as trustee by, among other things, misappropriating millions of dollars of funds and assets and establishing lines of credit using the trusts as collateral for his own use and benefit. *Id*.

**Judge Reiser Finds Klein Committed Staggering Embezzlement In This Case And Orders A $30,401,823 Surcharge Against Klein**

Klein submitted numerous erroneous, incomplete, and misleading accountings in violation of his fiduciary duties between 2013 and 2018. *See id.*, Ex. 6. On September 15, 2021, the Superior Court appointed the Hon. Glen M. Reiser (Ret.) as referee (the "Referee") under Civil Procedure Code Section 639(a)(1) to conduct consecutive trials on Klein's pending accounting petitions in the Nonbankruptcy Action (the "Accounting Trials"). *See id.*, Ex. 7. The September 15 appointment permitted the Referee to decide the amounts of surcharge resulting from a review

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

3

1    of Klein's accountings including enhanced damages under Probate Code Sections 850 and 859.

2    *Id.*

3        On August 29, 2022, Judge Reiser issued his report and recommendation (the "R&R")

4    following trials held from December 15, 2021 through March 30, 2022. *See id.*, Ex. 1. Following

5    Judge Reiser's consideration of "thousands of pages of documentary exhibits beyond the accounts

6    themselves," expert forensic accounting testimony, and testimony from Klein himself, Judge

7    Reiser excoriated Klein for his wanton theft of trust assets. *Id.* at 16:19–20. Judge Reiser found:

8
9        [T]hat through an elaborate scheme to pay himself by co-mingling assets;
         cross-borrowing among 24 [t]rusts; taking loans against trust assets and cross-
10       paying debts—filtered with stunning frequency through Klein's personal and
         business accounts with multiple other sources of income and receipts and
11       outgoing payments, Klein was able to collectively embezzle millions of
         dollars from the Menlo Trusts.

12    *Id.*, ¶¶ 48:11–15. Judge Reiser determined that Klein maximized his commingling of trust

13    accounts "to render the scope and breadth of Klein's misappropriations incalculable and

14    untraceable." *Id.* at 30 n.31. Judge Reiser further found that, among other conduct, Klein

15    "borrowed many millions of dollars against [t]rust assets as to which he has never shown any

16    interest in repaying" and "torpedoed $20,000,000 in valuable [t]rust life insurance policies because

17    of his compulsion to divert Menlo Trust[s] assets for non-[t]rust purposes for no legitimate reason."

18    *Id.* at 78:17-79:8.

19        Judge Reiser also found that Klein embezzled the principal sum of $19,225,065 based on

20    Klein's proven theft of Menlo Trusts assets. *Id.* at 78:20–21. Ultimately, Judge Reiser

21    recommended that Klein should be surcharged for his theft in the amount of $30,401,823 including

22    double damages under Probate Code Section 859 which imposes enhanced damages based on the

23    "bad faith" concealment of trust property. *Id.* at 55:6–56:2. Judge Reiser further determined that

24    Klein's removal "appears to be a *fait accompli*" under the circumstances. *Id.* at 22:25–27. There

25    is legitimate risk that Klein will conceal or disappear with the money he embezzled from the Menlo

26    Trusts now that his scheme has been exposed. *See id.*

27
28

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

4

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

**The Superior Court Suspends Klein As Trustee And Appoints Jeffrey Winter And Frank Menlo As Interim Co-Trustees**

On September 15, 2022, the Menlo Beneficiaries, represented by Willkie Farr & Gallagher LLP, filed *ex parte* applications for a temporary restraining order to suspend Klein as trustee. *Id.*, Ex. 8. The applications were premised on Judge Reiser's irrefutable findings in the R&R that Klein embezzled millions of dollars, refused to comply with the terms of the Trust, wasted $20,000,000 in valuable life insurance policies, and engaged in a deceptive ploy to conceal millions of dollars of fiduciary breaches. *Id.*

On September 16, 2022, the Superior Court suspended Klein as trustee of the Menlo Trusts and appointed Jeff and Frank as "Co-Trustees" of the Menlo Trusts. *Id.*, Ex. 9. In so ruling, the Superior Court relied on the Menlo Beneficiaries' argument in their *ex parte* suspension applications that they have a strong probability of success on the merits of their breach of fiduciary duty claim. *Id.*

**Co-Trustees File An Application For Writ Of Attachment And Right To Attach Order Which Klein Schemes To Avoid[3]**

On October 19, 2022, the Co-Trustees, on behalf of the Menlo Beneficiaries, brought an application for a right to attach order and a writ of attachment to attach $19,225,064 to ensure that Klein does not disappear with the money he stole from the Menlo Trusts ("Attachment Application"). *Id.*, Ex. 10. The Co-Trustees' Attachment Application seeks to attach Klein's nonexempt property, including, but not limited to, Klein's real property, personal property, equipment, motor vehicles, chattel paper, negotiable and other instruments, securities, deposit accounts, safe deposit boxes, accounts receivable, and general intangibles. *See id.*

On November 10, 2022, the Superior Court issued a temporary protective order (the "TPO") in the interim "in the interest of equity and justice" to prevent Klein from taking further

---

[3] On April 25, 2023, Frank Menlo (Co-Trustee of the Menlo Trusts) filed a motion for relief from stay in this action seeking temporary relief from the bankruptcy stay so that Frank's outstanding nondischargeable claims against Klein could be resolved in the nonbankruptcy forum. *See* Dkt. No. 84. That motion recounts in even greater detail Klein's established wrongdoing and schemes to sell properties to avoid attachment. Frank's motion for relief from stay has been fully briefed and is still pending before this Court.

1  steps to "transfer, sell, dispose of, encumber or hypothecate any non-exempt property owned by

2  him" and thereby render himself judgment-proof.  *See id.*, Ex. 13.

3       That same day (November 10, 2022), Co-Trustees were informed that Klein attempted to

4  sell two residential properties in which he has an interest at a substantial discount.  *See id.*, Ex. 14.

5  On November 11, 2022, Alex M. Weingarten, counsel for Jeff, sent Klein's representative a letter

6  requesting that he cease any attempted sales of Klein's properties in light of the November 10

7  TPO.  *See id.*, Ex. 15.  To date, the Co-Trustees have received no assurances that Klein has

8  refrained from selling any of the affiliated assets to avoid judgment in the Nonbankruptcy Action.

9  *See id.*  In fact, as Klein continued the same pattern of behavior, the Superior Court issued multiple

10  orders to prevent Klein from disposing of his property including an Attachment Application for

11  $19,255,064.  *See id.*, Ex. 22.

12       **Jeff Actively Pursued The Writs Of Attachment Prior To The Bankruptcy Stay**

13       Jeff worked diligently to effectuate the writs of attachment after the Superior Court granted

14  the Attachment Application on January 3, 2022 and before Klein filed for bankruptcy on February

15  22, 2023.  *See id.*, Ex. 25.  Among other things, counsel worked to prepare each of the required

16  sheriff's instructions for the process server in compliance with each county sheriff's widely

17  differing requirements (including incorporating assessor maps and title information) so that the

18  writs can be noticed and served as soon as they are executed by the clerk.  *See id.*  While this was

19  going on, Klein, on February 22, commenced with this Court a voluntary case under chapter 11 of

20  title 11 of the United States Code.  *See* Dkt. No. 1.

21       Due to the imposition of the automatic stay, the corrected writs of attachment have not

22  been served, and the Nonbankruptcy Action cannot proceed to judgment.  *See id.*; *see also*

23  Weingarten Decl., Ex. 3.

24       **The Superior Court Formally Adopts The R&R**

25       On April 24, 2023, the Superior Court adopted the findings in Judge Reiser's R&R

26  "without modification."  *See id.*, Ex. 4 at 12.  The Superior Court also removed Klein as Trustee

27  of the Trust.  *See id.*, Ex. 5 at 5.

28

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

### The Superior Court Allows Distribution Of Insurance Proceeds To Co-Trustees

On May 12, 2023, the Menlo Beneficiaries filed a motion to remove the freeze on the Menlo Trust's accounts and life insurance policies ("Motion to Unfreeze") in the Nonbankruptcy Action arguing that the freeze on trust accounts and life insurance policies should be removed and distributions to the beneficiaries should be allowed pursuant to the terms of the relevant trusts in this proceeding. *See id.*, Ex. 6. These life insurance policies are included within the Menlo Trusts' assets and include: (1) American General Policy # A10159602L totaling $14,000,010; (2) American General Policy # A10162551L totaling $7,901,647.00; and (3) Lincoln National Policy # G1618958 totaling $8,398,275.00.

On June 5, 2023, the Motion to Unfreeze came on for hearing. *See id.*, Ex. 8. Following the hearing, the Superior Court granted the Motion to Unfreeze and ordered that the trust accounts and insurance proceeds at issue should be unfrozen and released only to the Co-Trustees (and not the trust beneficiaries). *See id.* at 2:5-15. The Superior Court also made clear that funds "shall not be disbursed to any trust beneficiary without further Order of the Court." *See id.* at 2:6-8, 14-15.

### Klein Admits He Is Not Entitled To The Life Insurance Proceeds

On June 28, 2023, Klein filed a declaration in the Nonbankruptcy Action falsely stating he did not let insurance policies lapse (contrary to Judge Reiser's findings in the R&R) and arguing that only the amounts he "borrowed" from certain beneficiaries to pay insurance premiums be distributed back to them. *See id.*, Ex. 9. Klein submitted no evidence in support of his claims. *See id.*

On July 6, 2023, counsel for the bankruptcy trustee, Bradley D. Sharp, filed a response in the Nonbankruptcy Action stating that no distributions should be disbursed until Klein made "appropriate disclosures" in response to the trustee's requests and/or the trustee had opportunity to look into the matter further. *See id.*, Ex. 10. Sharp's response has no bearing on the bankruptcy estate because the additional documentation he is requesting does not exist. *See id.*, Ex. 7 at 19:14-24, 22:11-25:9; Ex. 9; Ex. 11, ¶¶ 6-7; Ex. 12. Klein has not produced *any* documents in a decade of ongoing litigation showing that he or any other third parties are entitled to the funds Co-Trustees are now proposing to distribute to the beneficiaries. *See id.*

7

On July 7, 2023, counsel for the Menlo Beneficiaries, Donald Saltzman, filed a declaration in the Nonbankruptcy Action in opposition to the declaration from Klein and the response from the bankruptcy trustee arguing that Klein's declaration was nonsense and should be disregarded because: (1) Klein submitted no evidence in support (and also did not argue these positions at trial); (2) Klein actually did not claim that any of the insurance funds belong to him or any non-beneficiary third party; and (3) funds belonging to the beneficiaries should be disbursed to them without further delay. *See id.*, Ex. 11.

On July 9, 2023, Klein's counsel, Eric Olson, filed a declaration in the Nonbankruptcy Action *admitting* that Klein has no interest in the life insurance proceeds and "did not make a claim personally to the insurance proceeds[.]" *See id.*, Ex. 12, ¶ 6. Klein again submitted no evidence that unnamed third parties might have claims to the insurance proceeds. *See generally id.*, Ex. 12.

**Jeff Files Petition For Instructions In Nonbankruptcy Action To Disburse Life Insurance Proceeds To Certain Trust Beneficiaries**

On July 27, 2023, Jeff and Frank signed the Distribution Agreement memorializing the terms of their agreement to make life insurance payout distributions in specific amounts to both: (1) trust beneficiaries who were originally beneficiaries of the life insurance policies within the Menlo Trusts ("Life Insurance Beneficiaries"); and (2) additional trust beneficiaries. *See id.*, Ex. 1 at Ex. 1.

On July 28, 2023, Jeff filed a petition for instructions regarding distributions in the Nonbankruptcy Action to request instructions from the Superior Court confirming the Co-Trustees' distributions payouts agreed upon in the Distribution Agreement ("Petition for Instructions"). *See id.*, Ex. 1. In summary, the Co-Trustees first propose in the Petition for Instructions to pay off the lines of credit extended to the trust by certain trust beneficiaries (specifically, Frank, Deborah Deutsch, Madeline Lipschutz, and Judith Frankel). *See id.*, ¶ 19(b). Co-Trustees then propose to make life insurance payout distributions (in amounts specifically recorded in the Distribution Agreement and Petition for Instructions) to both the Life Insurance Beneficiaries and additional trust beneficiaries. *See id.*, ¶ 19(c)-(d). The Distribution

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

1    Agreement between Co-Trustees is attached to the Petition for Instructions as Exhibit 1.  *See id.*,

2    Ex. 1 at Ex. 1.

3        On August 8, 2023, Jeff filed a supplement to the Petition for Instructions showing that

4    all the Life Insurance Beneficiaries consented to the terms of the Distribution Agreement and

5    agreed to the specific distributions of funds proposed by Co-Trustees in the Distribution

6    Agreement and Petition for Instructions.  *See id.*, Ex. 2.

7                                **RELIEF REQUESTED**

8        By this motion, Jeff seeks entry of an order granting him relief from the automatic stay

9    pursuant to section 362(d) of the bankruptcy code to allow him to proceed under applicable

10   nonbankruptcy law to allow the nonbankruptcy forum to provide Co-Trustees with instructions

11   confirming co-trustees' distributions of life insurance policies to beneficiaries of the Menlo

12   Trusts as reflected in the Distribution Agreement between Co-Trustees.  Jeff also requests that

13   the order be binding and effective in any bankruptcy case commenced by or against the Debtor

14   for a period of 180 days, so that no further automatic stay shall arise in that case in the

15   Nonbankruptcy Action.

16                                **JURISDICTION**

17       The Court has jurisdiction over the motion pursuant to 28 U.S.C. §§ 157 and 1334.

18   Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The matter is a core proceeding

19   pursuant to 28 U.S.C. § 157(b)(2)(a), and this Court has subject matter jurisdiction to enter

20   findings of fact and conclusions of law and a final judgment.  The statutory predicate for the

21   relief sought herein is section 362(d) of the Bankruptcy Code.

22                                 **ARGUMENT**

23       Under the Bankruptcy Code, "[o]n request of a party in interest and after notice and a

24   hearing, the court shall grant relief from the stay . . . such as by terminating, annulling,

25   modifying, or conditioning such stay . . . with respect to a stay of an act against property[.]" 11

26   U.S.C. § 362(d)(2).  Courts *must* grant relief from stay under § 362(d)(2) if two conditions apply:

27   (1) the debtor does not have an equity in the property in question; and (2) such property is not

28   necessary to an effective reorganization of the bankruptcy estate.  *See, e.g.*, *In re Tri-Growth*

*Centre City, Ltd.*, 136 B.R. 848, 849-850 (Bankr. S.D. Cal. 1992) (granting motion for relief from stay where debtor had insufficient interest in motel property and failed to carry its burden to demonstrate that the motel could be effectively used to reorganize).

Moreover, "[t]he bankruptcy court generally has broad discretion in granting relief from stay for cause under § 362(d)." *In re Edwards*, 454 B.R. 100, 107 (B.A.P. 9th Cir. 2011); *see also* 11 U.S.C. § 362(d)(1). "Exercising discretion in determining cause for stay relief requires the balancing of hardships and consideration of totality of the circumstances." *See In re Avila*, 311 B.R. 81, 83-84 (Bankr. N.D. Cal. 2004) (citing *In re Kennedy*, 165 B.R. 488, 490 (Bankr. W.D. Wash. 1994)); *In re Conejo Enters., Inc.*, 96 F.3d 346, 352 (9th Cir. 1996) ("'Cause' has no clear definition and is determined on a case-by-case basis.").

Relief from stay must be granted under Section 362(d)(2) because: (1) Klein does not have an equity or, indeed, any interest whatsoever in the life insurance proceeds Co-Trustees seek to distribute; and (2) the life insurance funds are not necessary to an effective reorganization of the estate because they are not part of the bankruptcy estate. Alternatively, relief from stay should be granted for cause under Section 362(d)(1) because the Superior Court is the appropriate venue to confirm distributions to the beneficiaries, the continued litigation in the Superior Court will not interfere with the bankruptcy case or prejudice the interests of any interested parties, the Menlo Beneficiaries' interests will be resolved most expeditiously in the Superior Court, and the Menlo Beneficiaries will be more hurt by the stay than Klein or any other interested party will be by temporary relief.

## I.      <u>RELIEF FROM STAY MUST BE GRANTED UNDER SECTION 362(D)(2)</u>

The Court must grant relief from stay under § 362(d)(2). First, Klein has no interest or equity in the property (specifically, the life insurance policies within the Menlo Trusts) that Co-Trustees seek to distribute to the Menlo Beneficiaries. Second, the life insurance proceeds are not necessary to a reorganization of the bankruptcy estate.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

**A.** <u>**Klein Has No Right To Or Interest In The Life Insurance Proceeds Co-**</u>
<u>**Trustees Seek To Distribute**</u>

The Court is required to grant stay relief to the movant if, "with respect to a stay of an act against property under" section 362(a), the debtor lacks an equity in the property. *See Tri-Growth*, 136 B.R. at 850 (holding that "equity" for purposes of determining whether creditor is entitled to relief from stay is "the difference between the value of the debtor's interest in the property and the total of all encumbrances against it").

The Menlo Beneficiaries are the rightful beneficiaries of the Menlo Trust assets including the proceeds of the life insurance policies within the Menlo Trusts. Jeff and Frank, as Co-Trustees of the Menlo Trusts, agreed to distribute the proceeds of three of these policies – two separate American General policies and a Lincoln National policy – among the original life insurance beneficiaries under the policies and additional Menlo Trust beneficiaries. The exact terms of Co-Trustees' agreement are detailed in the Distribution Agreement attached to Jeff's Petition for Instructions filed in the Superior Court on July 28, 2023. *See* Weingarten Decl., Ex. 1 at Ex. 1.

There is no evidence whatsoever that Klein has any equity in the life insurance proceeds because he has zero legitimate interest in or right to that property. *See id.*, Ex. 7 at 19:14-24, 22:11-25:9; Ex. 9; Ex. 11, ¶¶ 6-7; Ex. 12, ¶ 6. Klein for the first time on June 5, 2023 (after over a decade of litigation regarding the Menlo Trusts) argued without substantiating evidence that "potentially all sorts of ancillary claims" to the insurance proceeds existed from third parties or from Klein himself. *See id.*, Ex. 7 at 10:12-28. Klein was unable to provide any evidence supporting his arguments at hearing. Then, after the Court gave him more time to provide the "underlying documents," Klein filed a June 28, 2023 declaration *without supporting documentation*. *See id.*, Ex. 9. Instead, he claimed (falsely and without evidence) that only amounts he "borrowed" from certain beneficiaries to pay insurance premiums should be distributed back to them. *See id.*, Ex. 9, ¶ 6. Klein has been given ample opportunity to provide documents supporting any interest he has in the life insurance policies, and he has produced

11

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

1   nothing.  The bankruptcy trustee's request for "appropriate disclosures" is futile (as Klein has

2   nothing more to disclose) and should not preclude the relief Jeff is seeking from being granted.

3   Significantly, Klein does not even claim that the insurance funds belong to him or any

4   non-beneficiary third party (as Saltzman points out in his July 7, 2023 declaration).  *See id.*, Ex.

5   9; Ex. 11, ¶¶ 6-7.  Olson flatly admits in his July 9, 2023 declaration that Klein "did not make a

6   claim personally to the insurance proceeds."  *See id.*, Ex. 12, ¶ 6.  And, Klein fails to name any

7   non-beneficiary third party who might have an interest or provide any evidence supporting such

8   a third party claim.  *See id.*, Exs. 9, 11, 12.  Moreover, any amounts of the life insurance

9   proceeds Klein "borrowed" or to which he might claim any right were procured via fraud and

10  embezzlement as has already been determined by Judge Reiser in the eighty-four page R&R and

11  adopted by Judge Luna in the Superior Court.  *See* Dkt. No. 84, Young Decl., Ex. 1; Weingarten

12  Decl., Ex. 11.  There is no legitimate reason to further delay distribution of the proceeds to the

13  Menlo Beneficiaries.

14  **B.      The Life Insurance Proceeds Are Unnecessary For Effective Reorganization**

15  **Of The Bankruptcy Estate**

16  The Court must grant relief from stay under § 362(d)(2) because the life insurance

17  policies within the Menlo Trusts that Co-Trustees seek to distribute to the Menlo Beneficiaries

18  are not part of the bankruptcy estate and are, therefore, not necessary to an effective

19  reorganization of the estate.  Klein does not even attempt to lay claim to most of the $30 million

20  Co-Trustees aim to distribute to beneficiaries with the Petition for Instructions and Distribution

21  Agreement.

22  The Court is required to grant stay relief to the movant if, "with respect to a stay of an act

23  against property under" section 362(a), the property is not "necessary to an effective

24  reorganization."  *See Tri-Growth*, 136 B.R. at 850 (citing Section 362(d)(2)).  The party

25  opposing the motion bears the burden to show that the property is necessary to a reorganization

26  that is "in prospect."  *See In re A Partners, LLC*, 344 B.R. 114, 126 (Bankr. E.D. Cal. 2006)

27  (citing *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375-

28

1    76 (1988)) (holding that "in prospect" means there must be "a reasonable possibility of a

2    successful organization within a reasonable time").

3        Klein cannot and does not claim the life insurance policies as part of the bankruptcy estate

4    (much less establish that they are essential to a reorganization of the estate).  *See* Weingarten

5    Decl., Exs. 9, 12.  At most, Klein claims that approximately $6 million related to life insurance

6    policies belong to certain beneficiaries (from whom he "borrowed" to pay insurance premiums

7    or attorneys' fees), but Klein does not claim that these funds belong to him or to another non-

8    beneficiary third party (and, thus, does not claim these funds as part of the bankruptcy estate).

9    *See id.*, Exs. 9, 11, 12.  The funds belong to the Menlo Trust beneficiaries.  *See id.*, Exs. 1-2.

10    Moreover, Klein has produced zero evidence to support his claims that these funds might belong

11    to unnamed non-beneficiary third parties even after the bankruptcy trustee requested that he do

12    so both at a June 5, 2023 hearing in the Superior Court and in Sharp's July 6, 2023 response to

13    Klein's declaration (notably, neither Klein's nor Olson's declarations included supporting

14    documentation).  *See generally id.*, Exs. 7, 9-12.  Needless to say, property that is not claimed to

15    be part of the bankruptcy estate is not necessary to an effective reorganization of the estate.

16    **II.    <u>ALTERNATIVELY, THE COURT MAY GRANT RELIEF FROM STAY UNDER</u>**

17        **<u>SECTION 362(D)(1) BECAUSE SUFFICIENT "CAUSE" EXISTS FOR RELIEF</u>**

18        The Court should grant relief from stay "for cause" under § 362(d)(1) as the balance of

19    harms if the case remains stayed weighs in favor of the Menlo Beneficiaries and against Klein.

20        The Court has broad discretion in granting relief from stay for cause under § 362(d).  *See*

21    *In re Edwards*, 454 B.R. at 107.  The party seeking relief from stay must first establish a prima

22    facie case that "cause" exists.  *See In re Am. Spectrum Realty, Inc.*, 540 B.R. 730, 737 (Bankr.

23    C.D. Cal. 2015) (holding cause for relief from stay existed because the balance of factors

24    weighed in favor of granting relief from stay).  The burden shifts to the debtor to show that relief

25    from the stay is unwarranted once the movant's prima facie case has been established.  *See id.*

26    ("The discretion whether to grant or deny stay relief is within the broad discretion of the

27    bankruptcy court.").

28

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

MOTION FOR RELIEF FROM STAY MEMORANDUM

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

1    Courts will consider a number of non-exclusive factors to determine whether due "cause"

2    warrants relief from stay including, but not limited to: (1) whether there is lack of any connection

3    or interference with the bankruptcy case; (2) whether the litigation in another forum would

4    prejudice the interests of other creditors and other interested parties; (3) the interests of judicial

5    economy and the expeditious and economical determination of litigation for the parties; and (4)

6    the impact of the stay on the parties and the "balance of hurt." *See In re Am. Spectrum Realty*,

7    540 B.R. at 737.

8    Myriad non-exclusive factors weigh in favor of relief from stay including:

9    •    The Superior Court is the appropriate venue to confirm distributions to the

10    beneficiaries.  Judge Luna in the Superior Court is well-versed in probate-specific issues and

11    familiar with the facts of a decade-long drawn-out and complicated litigation. *See, e.g.*,

12    Weingarten Decl., Exs. 4-5.

13    •    The continued litigation in the Superior Court for the purposes of distributing life

14    insurance proceeds to the Menlo Beneficiaries pursuant to the terms of the Distribution

15    Agreement and Petition for Instructions will not interfere with the bankruptcy case.  The life

16    insurance proceeds are not part of the bankruptcy estate and will not impact or interfere with any

17    reorganization of the bankruptcy estate. *See id.*, Ex. 11, ¶¶ 10-13.

18    •    Lifting the stay for the purposes of making life insurance distributions will not

19    prejudice the interests of Klein or any interested parties.  The Menlo Beneficiaries are the only

20    parties entitled to these distributions as both Co-Trustees of the Menlo Trusts.  Klein has no

21    interest in these distributions nor does he claim such an interest in his June 28, 2023 declaration

22    or Olson's July 9, 2023 declaration (on behalf of himself or any non-beneficiary third party). *See*

23    *id.*, Exs. 9, 12.

24    •    Finally, the Menlo Beneficiaries' interests will be resolved most expeditiously in

25    the Superior Court.  Klein has drawn this litigation out for over a decade during which time the

26    Menlo Beneficiaries have received zero distributions.  Now he is attempting to stall the litigation

27    still further by filing for bankruptcy in bad faith. *See* Dkt. No. 84.  The Menlo Beneficiaries will

28    suffer greater prejudice from the stay and continued lack of distributions than Klein or any other

1    interested party will suffer by temporary relief from the stay because neither Klein nor any other

2    third party has any legitimate interest in these distributions. *See* Weingarten Decl., Exs. 9, 11-

3    12.

4         There is no legitimate reason to further delay the beneficiaries' distributions of the life

5    insurance proceeds.

6                    **CONCLUSION**

7         Based on the foregoing, the Motion should be granted.

8    Dated:  August 11, 2023                              **WILLKIE FARR & GALLAGHER LLP**

9

10                      By:  *  /s/ Alex M. Weingarten  *

11                           Alex M. Weingarten
                       Logan M. Elliott

12                     Attorneys for Petitioner
                 CO-TRUSTEE JEFFREY WINTER

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Willkie Farr & Gallagher LLP, 2029 Century Park East, Suite 3400, Los Angeles, California 90067

A true and correct copy of the foregoing document entitled (*specify*): _____
MOTION FOR ORDER GRANTING RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C § 362
_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/11/2023_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) __08/11/2023_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Sandra R. Klein
United States Bankruptcy Court Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1582 / Courtroom 1575, Los Angeles, CA 90012

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/11/2023 | Arkisa Ward | /s/ Arkisa Ward |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

# SERVICE LIST

## TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

Reem J Bello on behalf of Interested Party Reem J Bello
rbello@goeforlaw.com, kmurphy@goeforlaw.com

Greg P Campbell on behalf of Interested Party Courtesy NEF
ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com

Theron S Covey on behalf of Creditor Wilmington Savings Fund Society, FSB, d/b/a Christiana
Trust, not individually but as trusteefor Pretium Mortgage Acquisition Trust
tcovey@raslg.com, sferry@raslg.com

Jeffrey W. Dulberg on behalf of Trustee Bradley D. Sharp
jdulberg@pszjlaw.com

Dane W Exnowski on behalf of Interested Party Courtesy NEF
dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com

Robert P Goe on behalf of Creditor Erica Vago
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Creditor Joseph Vago
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Interested Party Robert P Goe
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Brandon J Iskander on behalf of Creditor Erica Vago
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Creditor Joseph Vago
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Michael S. Kogan on behalf of Debtor Leslie Klein
mkogan@koganlawfirm.com

John W. Lucas on behalf of Trustee Bradley D. Sharp
jlucas@pszjlaw.com

Ron Maroko on behalf of U.S. Trustee United States Trustee (LA)
ron.maroko@usdoj.gov

Kenneth Misken on behalf of U.S. Trustee United States Trustee (LA)
kenneth.m.misken@usdoj.gov

Jeffrey P. Nolan on behalf of Trustee Bradley D. Sharp
jnolan@pszjlaw.com

Jeffrey N. Pomerantz on behalf of Trustee Bradley D. Sharp
jpomerantz@pszjlaw.com

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

1

2

Joshua L Scheer on behalf of Creditor Ajax Mortgage Loan Trust 2021-D, Mortgage-Backed
Securities, Series 2021-D, by U.S. Bank National Association, as Indenture Trustee
jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com

3

Mark M Sharf (TR)
mark@sharflaw.com,
C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com

4

5

Alan G Tippie on behalf of Interested Party Courtesy
Alan.Tippie@gmlaw.com,
atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.wal
ker@gmlaw.com

6

7

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

8

9

Michael L Wachtell on behalf of Interested Party Courtesy
mwachtell@buchalter.com

10

11

John P. Ward on behalf of Creditor U.S. Bank, N.A., as Trustee
for Velocity Commercial Capital Loan Trust 2018-2
jward@attleseystorm.com, ezhang@attleseystorm.com

12

13

Clarisse Young on behalf of Interested Party Courtesy
youngshumaker@smcounsel.com, levern@smcounsel.com

14

Paul P. Young on behalf of Creditor Franklin Menlo
paul@cym.law, jaclyn@cym.law

15

16

Paul P. Young on behalf of Interested Party Courtesy
paul@cym.law, jaclyn@cym.law

17

18

19

20

21

22

23

24

25

26

27

28

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

2

**SERVED BY UNITED STATES MAIL:**

Mark M Sharf
6080 Center Drive, Ste 600
Los Angeles, CA 90045-1540

Bradley D. Sharp
333 So. Grand Ave., Suite 4070
Los Angeles, CA 90071

Andor Gestetner
c/o Law Offices of Jacob Unger
5404 Whitsett Ave, Ste 182
Valley Village, CA 91607- 1615

Bank of America
Attn: Bankruptcy
4909 Savarese Circle
Tampa, FL 33634-2413

Bank of America, N.A.
PO Box 673033
Dallas, TX 75267-3033

Barclays Bank Delaware
Attn: Bankruptcy
PO Box 8801
Wilmington, DE 19899-8801

CCO Mortgage Corp
10561 Telegraph Rd
Glen Allen, VA 23059-4577

California Bank & Trust
PO Box 711510
Santee, CA 92072-1510

JPMorgan Chase Bank, N.A.
Bankruptcy Mail Intake Team
700 Kansas Lane Floor 01
Monroe, LA 71203-4774

Chase Doe
143 S Highland Drive
Los Angeles, CA 90036-3028

Chase Mortgage
BK Department / Mail Code LA4 5555
700 Kansas Lane
Monroe, LA 71203

Citibank
Attn: Bankruptcy
PO Box 790034
St Louis, MO 63179-0034

Erica Vago and Joseph Vago
c/o Brian A Procel / Procel Law, PC
401 Wilshire Blvd, 12th Fl
Santa Monica, CA 90401-1456

Erica and Joseph Vago
124 N Highland Ave
Sherman Oaks, CA 91423

Fay Servicing LLC
PO Box 814609
Dallas, TX 75381-4609

Fiore Racobs and Powers
Attn Erin A Maloney
6820 Indiana Avenue, Suite 140
Riverside, CA 92506-4261

First Amended Wendriger
Family Trust
c/o Shumaker Mallory LLP
Clarisse Young Shumaker
280 S Beverly Dr, Suite 505
Beverly Hills, CA 90212-3908

Franklin H. Menlo Irrevocable Trust
c/o Wilkie Farr & Gallagher LLP
Attn: Alex M Weingarten, Esq.
2029 Century Park East, Ste 3400
Los Angeles, CA 90067-3020

Gestetner Charitable Remainder Trust
c/o Andor Gestatner
1425 55th Street
Brooklyn, NY 11219

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services LLC
PO Box 9013
Addison, TX 75001-9013

Jacob Rummitz
315 N Martel Avenue
Los Angeles, Ca 90036-2515

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

Jeffrey Siegel, Successor Trustee
Of the Hubert Scott Trust
c/o Oldman, Cooley, Sallus
16133 Ventura Blvd,
Penthouse Ste
Encino, CA 91436-2447

Wilmington Savings Fund
Society, FSB
d/b/a Robertson, Anschutz,
Schneid, Crane & Partners
350 10th Avenue, Suite 1000
San Diego, CA 92101-8705

Los Angeles County Treasurer/Tax
Attn: Bankruptcy Unit
PO Box 54110
Los Angeles, CA 90054-0110

US Bank Trust, N.A., et al.
Fay Servicing LLC
PO Box 814609
Dallas, TX 75381-4609

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA 90071-2300

MRC/United Wholesale M
Attn: Bankruptcy
PO BOX 619098
Dallas TX 75261

MRS/United Wholesale M
Attn Bankruptcy
PO Box 619098
Dallas, TX 75261-9098

Fiore Racobs & Powers
c/o Palm Springs Country Club HOA
6820 Indiana Ave, Ste 140
Riverside CA 92506

Oldman, Cooley, and Sallus
16133 Ventura Blvd,
Penthouse Ste
Encino, CA 91436-2447

Reem J Bello
Goe Forsythe & Hodges LLP
17701 Cowan, Bldg. D Suite
210
Irvine, CA 92614

Sandra Layton
161 N Poinsettia Place
Los Angeles, CA 90036-2805

Robert P Goe
Goe Forsythe & Hodges LLP
17701 Cowan Street, Suite 210
Bldg D
Irvine CA 92614

Selene Finance
Attn Bankruptcy
PO Box 8619
Philadelphia, PA 19101-8619

Greg P Campbell
Aldridge Pite, LLP
8880 Rio San Diego Drive; Ste 725
San Diego, CA 92108

Shellpoint Mortgage Servicing
Attn Bankruptcy
PO Box 10826
Greenville, SC 29603-0826

Theron S Covey
350 10th Ave.
Suite 1000
San Diego, CA 92101

Toyota Financial Services
Attn: Bankruptcy
PO Box 259001
Plano, TX 75025-9001

Dane W Exnowski
McCalla Raymer Leibert
Pierce, LLP
301 E. Ocean Blvd., Suite 1720
Long Beach, CA 90802

Toyota Lease Trust
c/o Toyota Motor Credit
Corporation
PO Box 9013
Addison, TX 75001-9013

Brandon J Iskander
Goe Forsythe & Hodges LLP
17701 Cowan; Building D
Suite 210
Irvine, CA 92614

2

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

| | | |
|---|---|---|
| 1 | United States Trustee (LA)<br>915 Wilshire Blvd, Ste. 1850<br>Los Angeles, CA 90017-3560 | Leslie Klein, Debtor<br>322 N. June Street<br>Los Angeles, CA 90001 |
| 2 | | |
| 3 | Ron Maroko<br>915 Wilshire Blvd., Ste 1850<br>Los Angeles, CA 90017 | Kenneth Misken<br>411 W. Fourth Street, #7160<br>Santa Ana, CA 92701 |
| 4 | | |
| 5 | Joshua L Scheer<br>85 Argonaut, Suite 202<br>Aliso Viejo, CA 92656 | Jeffrey W. Dulberg<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd, 13th Floor<br>Los Angeles, CA 90067 |
| 6 | | |
| 7 | Alan G Tippie<br>Greenspoon Marder LLP<br>333 South Grand Avenue<br>Suite 3400<br>Los Angeles, CA 90071 | John W. Lucas<br>Pachulski Stang Ziehl & Jones LLP<br>One Sansome Street, 34th Floor, Ste. 3430<br>San Francisco, CA 94104 |
| 8 | | |
| 9 | | |
| 10 | Michael L Wachtell<br>Buchalter, A Professional<br>Corporation<br>1000 Wilshire Blvd.<br>Suite 1500<br>Los Angeles, CA 90210 | Jeffrey P. Nolan<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd, 13th Floor<br>Los Angeles, CA 90067 |
| 11 | | |
| 12 | | |
| 13 | | Jeffrey N. Pomerantz<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd, 13th Floor<br>Los Angeles, CA 90067 |
| 14 | John P. Ward<br>Attlesey Storm, LLP<br>111 Pacifica, Suite 140<br>Irvine, CA 94618 | |
| 15 | | Honorable Sandra R. Klein<br>United States Bankruptcy Court<br>Central District of California<br>Edward R. Roybal Federal<br>Building and Courthouse<br>255 E. Temple Street, Suite 1582 /<br>Courtroom 1575<br>Los Angeles, CA 90012 |
| 16 | Clarisse Young<br>Shumaker Mallory, LLP<br>333 S. Hope Street<br>35th Floor<br>Los Angeles, CA 90071 | |
| 17 | | |
| 18 | | |
| 19 | U.S. Bank<br>c/o Fay Servicing, LLC<br>PO Box 814609<br>Dallas, TX 75381 | |
| 20 | | |
| 21 | | |
| 22 | Chase Card Services<br>Attn: Bankruptcy<br>PO Box 15298<br>Wilmington, DE 19850 | |
| 23 | | |
| 24 | Leslie Klein & Associates, Inc.<br>515 South Figueroa Street<br>8th Floor<br>Los Angeles, California 90071 | |
| 25 | | |
| 26 | | |
| 27 | Fay Servicing LLC<br>Attn: Bankruptcy Dept<br>PO BOX 809441<br>Chicago, IL 60680 | |
| 28 | | |

PROOF OF SERVICE