| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jeffrey W. Dulberg (State Bar No. 181200)<br>John W. Lucas (State Bar No. 271038)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone:  310/277-6910<br>Facsimile:  310/201-0760<br>Email:  jdulberg@pszjlaw.com<br>        jlucas@pszjlaw.com | |
| ☐ *Movant(s) appearing without an attorney*<br>☒ *Attorney for Movant(s)* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re:<br><br>LESLIE KLEIN, | CASE NO.: 2:23-bk-10990-SK<br>CHAPTER: 11 |
|---|---|
| | **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION LBR 9013-1(o)(3)** |
| Debtor. | [No Hearing Required] |

1. I am the ☐ Movant(s) or ☒ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2. On (*date*): 08/03/2023  Movant filed a motion or application (Motion) entitled:   Chapter 11 Trustee's Application (A) Employ Desert Sands Realty and Coldwell Banker Realty as Real Estate Brokers and (B) Enter Into Exclusive Listing Agreement [Docket No. 238]

3. A copy of the Motion and notice of motion is attached to this declaration.

4. On (*date*): 08/03/2023   Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 2    **F 9013-1.2.NO.REQUEST.HEARING.DEC**
DOCS_LA:350650.1 78512/001

on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5.   Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6.   More than <u>17</u> days have passed after Movant(s) served the notice of motion.

7.   I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

8.   No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

9.   Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date: 08/21/2023                          */s/ Jeffrey W. Dulberg*
                                          Signature


                                          Jeffrey W. Dulberg
                                          Printed name

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                          Page 2                    **F 9013-1.2.NO.REQUEST.HEARING.DEC**
DOCS_LA:350650.1 78512/001

1  Jeffrey W. Dulberg (State Bar No. 181200)
2  John W. Lucas (State Bar No. 271038)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA 90067
4  Telephone: 310/277-6910
   Facsimile: 310/201-0760
5  E-mail:  jdulberg@pszjlaw.com
           jlucas@pszjlaw.com
6
7  [Proposed] Counsel to Bradley D. Sharp, Chapter 11
   Trustee
8
9              UNITED STATES BANKRUPTCY COURT
10             CENTRAL DISTRICT OF CALIFORNIA
                   LOS ANGELES DIVISION
11
   In re:                              Case No.: 2:23-bk-10990-SK
12
   LESLIE KLEIN,                       Chapter 11
13
                        Debtor.        **CHAPTER 11 TRUSTEE'S**
14                                     **APPLICATION TO (A) EMPLOY**
                                       **DESERT SANDS REALTY AND**
15                                     **COLDWELL BANKER REALTY AS**
                                       **REAL ESTATE BROKERS AND**
16                                     **(B) ENTER INTO EXCLUSIVE LISTING**
                                       **AGREEMENT; DECLARATIONS RE**
17                                     **DISINTERESTEDNESS FOR**
                                       **EMPLOYMENT OF PROFESSIONAL**
18                                     **PERSONS UNDER F.R.B.P. 2014**

19                                     [2560 N. Whitewater Club Drive, Unit B, Palm
                                       Springs, California 92262]
20
                                       [No Hearing Required Pursuant to Local
21                                     Bankruptcy Rules 2014-1(b)(1) and 9013-1(o)]

22        Bradley D. Sharp, the duly appointed chapter 11 trustee (the "Trustee") of the bankruptcy

23  estate (the "Estate") of Leslie Klein (the "Debtor"), hereby seeks an order approving the

24  employment of Desert Sands Realty and Coldwell Banker Realty (collectively, the "Brokers") as the

25  Trustee's real estate brokers in connection with the marketing and sale of that certain property

26  located at 2560 N. Whitewater Club Drive, Unit B, Palm Springs, California 92262 (the "Whitewater

27  Club Drive Property"), substantially consistent with the terms set forth in the listing agreement

28  attached as **Exhibit "1"**.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

This Application is brought pursuant to section 328 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 2014, and Local Bankruptcy Rule 2014-1.  In support of the Application, the Trustee respectfully represents as follows:

## I.

## BACKGROUND

1. On February 22, 2023, the Debtor filed a voluntary petition for relief under subchapter V of Chapter 11 of the Bankruptcy Code.

2. On April 24, 2023, creditors Erica and Joseph Vago filed a Motion for Order Dismissing Debtor's Chapter 11 Bankruptcy Case (the "Motion to Dismiss") [Docket No. 79].

3. On May 17, 2023, at a hearing held on the Motion to Dismiss, the Court ruled that the appointment of a chapter 11 trustee, and not dismissal of the case, was in the best interests of the estate.

4. On May 23, 2023, the UST filed a Notice of Appointment of Chapter 11 Trustee [Docket No. 151], appointing Bradley D. Sharp to serve as chapter 11 Trustee (the "Trustee").

5. On May 24, 2023, the UST Filed an Application for Order Approving Appointment of Trustee and Fixing Bond [Docket No. 154], approved by order entered the same day [Docket No. 155].  On that same day, the Trustee accepted his appointment [Docket No. 156].

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.

## MEMORANDUM OF POINTS & AUTHORITIES

7. The Trustee respectfully applies for authority to employ the Brokers through their agents Steve Enlow and William Friedman, respectively, as the Trustee's real estate brokers in connection with the marketing and sale of the Whitewater Club Drive Property, pursuant to an exclusive listing agreement, based upon the following:

a. The Whitewater Club Drive Property is scheduled as property of the estate.  This Application is intended to effectuate the listing and marketing of the Whitewater Club Drive

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Property by the Trustee, to facilitate a sale by the Trustee of said property for the highest and best price.

     b.     The Trustee has determined that the best way to market the Whitewater Club Drive Property is via a licensed real estate broker with experience in marketing properties in the region where the Whitewater Property is located, and who understands the bankruptcy sale processes.

     c.     The proposed Brokers are licensed real estate agents experienced in marketing real property in the region where the Whitewater Club Drive Property is located.  In particular, Mr. Friedman is an expert in real estate sales in bankruptcy cases.

     d.     The Whitewater Club Drive Property initial listing price[1] shall be $385,000.00.

     e.     The Trustee proposes to retain the Brokers for a total commission of six percent (6.0%) of the selling price for the Whitewater Club Drive Property (payable only upon close of sale) to be shared as follows:  three percent (3.0%) to buyer's broker, if any, and the other three percent (3.0%) to the Brokers.

     f.     The terms of the exclusive listing agreement upon which the Trustee proposes to enter into with the Brokers is reflected in **Exhibit "1"** attached hereto and incorporated herein by this reference.

     g.     The Trustee seeks authorization to enter into the listing agreement with the Brokers with regard to the Whitewater Club Drive Property and to extend the agreement from time to time as he believes in his sole discretion to be appropriate under the circumstances without further notice or order of the Court.

     h.     The Trustee believes the employment of the Brokers is in the best interest of the estate, based on the above facts.

**III.**

**NOTICE**

8.     Pursuant to Local Bankruptcy Rule 2014-1(b)(4), a hearing is not required in connection with the Application unless requested by the United States Trustee, a party in interest, or

---

[1] This initial listing price is based upon an incomplete property inspection.  It is subject to change, with the Trustee's consent, following inspection of the Whitewater Club Drive Property and in accordance with market conditions.

3

otherwise ordered by the Court. Pursuant to Local Bankruptcy Rule 2014-1(b)(3), any response to the Application and request for hearing must be in the form prescribed by Local Bankruptcy Rule 9013-1(f) and must be filed with the Court and served upon the Trustee, his proposed counsel, and the United States Trustee no later than fourteen (14) days from the date of service of notice of the filing of the Application.

9.      Notice of filing of this Application was provided to the Office of the United States Trustee and all parties who filed and served a request for special notice as of the date of service of the Notice.

WHEREFORE, the Trustee prays for entry of an order authorizing him to (1) employ Desert Sands Realty and Coldwell Banker Realty as the Trustee's real estate brokers effective as of August 1, 2023; (2) execute an exclusive listing agreement substantially consistent with the terms and conditions set forth in **Exhibit "1"** attached hereto, subject to price modifications as appropriate in consultation with the Brokers; (3) authorize the Trustee to extend that agreement in his sole discretion without further notice or order of the Court; (4) authorize the Trustee to take such other actions as necessary in furtherance of the marketing and sale of the Whitewater Club Drive Property; and (5) for all other further and proper relief.

Dated:    August 3, 2023                    PACHULSKI STANG ZIEHL & JONES  LLP


                                            By    /s/ *Jeffrey W. Dulberg*
                                                  Jeffrey W. Dulberg

                                                  [Proposed] Counsel to Bradley D. Sharp,
                                                  Chapter 11 Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:350383.1 78512/001

## STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT
## OF PROFESSIONAL PERSON UNDER F.R.B.P. 2014
### (Desert Sands Realty)

1.      Name, address and telephone number of the professional ("the Professional") submitting this Statement:

    Desert Sands Realty
    78000 Fred Waring Drive, Ste 202
    Palm Desert, CA 92211
    Telephone:  760-880-3675

2.      The services to be rendered by the Professional in this case are (specify):

    To market and sell real property located at 2560 N. Whitewater Club Drive, Unit B, Palm Springs, Riverside, California 92262 (the "Whitewater Club Drive Property"). Attached as **Exhibit "2"** is a copy of my Resume which describes my expertise and experience.

3.      The terms and source of the proposed compensation and reimbursement of the Professional are (specify):

    a total commission of six percent (6%) of the selling price for the Whitewater Club Drive Property (payable only upon close of sale) to be shared as follows: three percent (3.0%) to buyer's broker, if any, and the other three percent (3.0%) to the Brokers.

4.      The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Professional are (specify):

    N/A

5.      The investigation of disinterestedness made by the Professional prior to submitting this Statement consisted of (specify):

    I have reviewed my files of past clients.  I was never involved with any transaction on the Whitewater Property.

6.      The following is a complete description of all of the Professional's connections with the Chapter 11 Debtor, the debtors, principals of the debtors, insiders, the Debtor's creditors, any other party or parties in interest, and their respective attorneys and accountants, or any person employed in the Office of the United States Trustee (specify, attaching extra pages as necessary):

    None.

7.      The Professional is not a creditor, an equity security holder or an insider of the Debtor, except as follows (specify, attaching extra pages as necessary):

    None.

8.      The Professional is not and was not an investment banker for any outstanding security of the Debtor.

9.      The Professional has not been within three (3) years before the date of the filing of the petition herein, an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

5

DOCS_LA:350383.1 78512/001

10.     The Professional is not and was not, within two (2) years before the date of the filing of the petition herein, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

11.     The Professional neither holds nor represents any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or any investment banker for any security of the Debtor, or for any other reason, except as follows (specify, attaching extra pages as necessary):

None

12.     Name, address and telephone number of the person signing this Statement on behalf of the Professional and the relationship of such person to the Professional (specify):

Steve Enlow
Desert Sands Realty
78000 Fred Waring Drive, Ste 202
Palm Desert, CA 92211
Telephone:  760-880-3675

13.     The Professional is not a relative or employee of the United States Trustee or a Bankruptcy Judge, except as follows (specify, attaching extra pages as necessary):

N/A

14.     Total number of attached pages of supporting documentation:  16

15.     After conducting or supervising the investigation described in Paragraph 5 above, I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct except that I declare that Paragraphs 6 through 11 are stated on information and belief.

Executed on this 3 day of August, 2023 at Palm Desert, California.

_____
Steve Enlow

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT
## OF PROFESSIONAL PERSON UNDER F.R.B.P. 2014
### (Coldwell Banker Realty)

1. Name, address and telephone number of the professional ("the Professional") submitting this Statement:

 William Friedman
 Coldwell Banker Realty
 1608 Montana Avenue
 Santa Monica, CA  90405
 Telephone: (310) 829-3939

2. The services to be rendered by the Professional in this case are (specify):

 To list and aid the Trustee in marketing and selling the real property located at 2560 N. Whitewater Club Drive, Unit B, Palm Springs, Riverside, California 92262 (the "Whitewater Cub Drive Property").  Attached as **Exhibit "3"** is a copy of my Resume which describes my expertise and experience.

3. The terms and source of the proposed compensation and reimbursement of the Professional are (specify):

 a total commission of six percent (6%) of the selling price for the Whitewater Club Drive Property (payable only upon close of sale) to be shared as follows:  three percent (3.0%) to buyer's broker, if any, and the other three percent (3.0%) to the Brokers.

4. The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Professional are (specify):

 N/A

5. The investigation of disinterestedness made by the Professional prior to submitting this Statement consisted of (specify):

 I have reviewed my files of past clients.  I was never involved with any transaction on the Whitewater Property.

6. The following is a complete description of all of the Professional's connections with the Chapter 7 trustee, the Debtor, principals of the Debtor, insiders, the Debtor's creditors, any other party or parties in interest, and their respective attorneys and accountants, or any person employed in the Office of the United States Trustee (specify, attaching extra pages as necessary):

 None, except that I have previously been employed as broker by bankruptcy trustees who are clients of the Trustee's general counsel, unrelated to the Debtor.

7. The Professional is not a creditor, an equity security holder or an insider of the Debtor, except as follows (specify, attaching extra pages as necessary):

 None.

8. The Professional is not and was not an investment banker for any outstanding security of the Debtor.

DOCS_LA:350383.1 78512/001

9.     The Professional has not been within three (3) years before the date of the filing of the petition herein, an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

10.    The Professional is not and was not, within two (2) years before the date of the filing of the petition herein, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

11.    The Professional neither holds nor represents any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or any investment banker for any security of the Debtor, or for any other reason, except as follows (specify, attaching extra pages as necessary):

        None.

12.    Name, address and telephone number of the person signing this Statement on behalf of the Professional and the relationship of such person to the Professional (specify):

        William Friedman
        Coldwell Banker Realty
        1608 Montana Avenue
        Santa Monica, CA 90405
        Telephone: (310) 829-3939

13.    The Professional is not a relative or employee of the United States Trustee or a Bankruptcy Judge, except as follows (specify, attaching extra pages as necessary):

        N/A

14.    Total number of attached pages of supporting documentation:  16

15.    After conducting or supervising the investigation described in Paragraph 5 above, I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct except that I declare that Paragraphs 6 through 11 are stated on information and belief.

        Executed on August 3, 2023, at Los Angeles, California.

                                        William Friedman

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

8

# EXHIBIT 1

CALIFORNIA
ASSOCIATION
OF REALTORS®

**RESIDENTIAL LISTING AGREEMENT**
(Exclusive Authorization and Right to Sell)
(C.A.R. Form RLA, Revised 6/23)

Date Prepared: _07/25/2023_

1. **EXCLUSIVE RIGHT TO SELL:** _____ _Bradley D. Sharp, Chapter 11 Trustee_ _____ ("Seller")
hereby employs and grants _____ _Desert Sands Realty/Coldwell Banker Realty_ _____ ("Broker")
beginning (date) _July 25, 2023_ and ending at 11:59 P.M. on (date) _January 25, 2024_ ("Listing Period")
the exclusive and irrevocable right to sell or exchange the real property described as _2560 N Whitewater Club Drive unit B_
_____, situated in _Palm Springs_ (City),
_Riverside_ (County), California, _92262_ (Zip Code), Assessor's Parcel No. _501-500-033_ ("Property").
☐ This Property is a manufactured (mobile) home. See Manufactured Home Listing Addendum (C.A.R. form MHLA) for additional terms.
☐ This Property is being sold as part of a probate, conservatorship, guardianship, or receivership. See for Probate Listing Addendum and Advisory (C.A.R. Form PLA) for additional terms.

2. **LISTING PRICE AND TERMS:**
   A. The listing price shall be: _Three Hundred Eighty-Five Thousand_
      _____ Dollars ($ _385,000.00_ ).
   B. Listing Terms: _Subject to bankruptcy court approval and overbid. Addendum is attached._

3. **COMPENSATION TO BROKER:**
   **Notice: The amount or rate of real estate commissions is not fixed by law. They are set by each Broker individually and may be negotiable between Seller and Broker (real estate commissions include all compensation and fees to Broker).**
   A. Seller agrees to pay to Broker as compensation for services irrespective of agency relationship(s), either ☒ _6.000_ percent of the listing price (or if a purchase agreement is entered into, of the purchase price), or ☐ $ _____ ,
      AND _____ , as follows:
      (1) If during the Listing Period, or any extension, Broker, cooperating broker, Seller or any other person procures a ready, willing, and able buyer(s) whose offer to purchase the Property on any price and terms is accepted by Seller, provided the Buyer completes the transaction or is prevented from doing so by Seller. (Broker is entitled to compensation whether any escrow resulting from such offer closes during or after the expiration of the Listing Period, or any extension.)
      OR (2) If ~~this~~ _60_ calendar days (a) after the end of the Listing Period or any extension; or (b) after any ~~cancellation~~ ~~of this~~ Agreement, ~~or~~ ~~otherwise agreed~~, Seller enters into a contract to sell, convey, lease ~~or otherwise transfer~~ the Property to anyone ("Prospective Buyer ~~or~~ ~~that~~ person's related entity: (i) who ~~physically entered~~ and was shown the Property during the Listing Period or any extension by ~~Broker~~ ~~cooperating~~ broker; or (ii) for whom Broker or any cooperating broker submitted to Seller a signed ~~written offer to acquire, lease,~~ exchange or obtain an option on the Property. Seller, however, shall have ~~no obligation~~ to Broker under **paragraph 3A(2)** Unless, ~~no later~~ than the end of the Listing Period ~~or any extension~~ or cancellation, Broker has given Seller a written notice of the names of such ~~Prospective~~ Buyers.
      OR (3) If, without Broker's prior written consent, the Property is withdrawn from sale, conveyed, leased, rented, otherwise transferred, or made unmarketable by a voluntary act of Seller during the Listing Period, or any extension.
   B. If completion of the sale is prevented by a party to the transaction other than Seller, then compensation which otherwise would have been earned under **paragraph 3A** shall be payable only if and when Seller collects damages by suit, arbitration, settlement or otherwise, and then in an amount equal to the lesser of one-half of the damages recovered or the above compensation, after first deducting title and escrow expenses and the expenses of collection, if any.
   C. In addition, Seller agrees to pay Broker:
   D. Seller has been advised of Broker's policy regarding cooperation with, and the amount of compensation offered to, other brokers.
      (1) Broker is authorized to cooperate with and compensate brokers participating through the multiple listing service(s) ("MLS") by offering to MLS brokers out of Broker's compensation specified in **paragraph 3A**, either ☒ _3.000_ percent of the purchase price, or ☐ $ _____ .
      (2) Broker is authorized to cooperate with and compensate brokers operating outside the MLS as per Broker's policy.
   E. ~~Seller hereby irrevocably assigns to Broker the above compensation from Seller's funds and proceeds in escrow. Broker may submit this agreement, as instructions to compensate Broker pursuant to paragraph 3A, to any escrow regarding the Property involving Seller and a buyer, Prospective Buyer or other transferee.~~
   F. (1) Seller represents that Seller has not previously entered into a listing agreement with another broker regarding the Property, unless specified as follows: _____ .
      (2) Seller warrants that Seller has no obligation to pay compensation to any other broker regarding the Property unless the Property is transferred to any of the following individuals or entities: _____ .
      (3) If the Property ~~is sold~~ to anyone listed above during the time Seller is obligated to compensate another broker: **(i)** Broker is ~~not~~ entitled to compensation under this Agreement; and **(ii)** Broker is not obligated to represent Seller in such transaction.

© 2023, California Association of REALTORS®, Inc.

**RLA REVISED 6/23 (PAGE 1 OF 6)**                          Seller's Initials _____ / _____

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 1 OF 6)**

Property Address: _2560 N Whitewater Club Drive unit B, Palm Springs,  92262_                    Date: _07/25/2023_

4.  **A.  ITEMS EXCLUDED AND INCLUDED:** Unless otherwise specified in a real estate purchase agreement, all fixtures and fittings that are attached to the Property are included, and personal property items are excluded, from the purchase price.
    **ADDITIONAL ITEMS EXCLUDED:** _____
    **ADDITIONAL ITEMS INCLUDED:** _____
    Seller intends that the above items be excluded or included in offering the Property for sale, but understands that: **(i)** the purchase agreement supersedes any intention expressed above and will ultimately determine which items are excluded and included in the sale; and **(ii)** Broker is not responsible for and does not guarantee that the above exclusions and/or inclusions will be in the purchase agreement.

    **B.  (1) LEASED OR NOT OWNED ITEMS:** The following items are leased or not owned by Seller:
    ☐ Solar power system    ☐ Alarm system    ☐ Propane tank    ☐ Water Softener
    ☐ Other
    **(2) LIENED ITEMS:** The following items have been financed and a lien has been placed on the Property to secure payment:
    ☐ Solar power system    ☐ Windows or doors    ☐ Heating/Ventilation/Air conditioning system
    ☐ Other
    Seller will provide to Buyer, as part of the sales agreement, copies of lease documents, or other documents obligating Seller to pay for any such leased or liened item.

    **C.  SMART HOME FEATURES:** The following smart home features/devices are:
    **(1)  INCLUDED IN THE SALE** (information regarding apps, logins, and instructions may be required in the sale):
    _____
    _____
    **(2)  EXCLUDED FROM THE SALE:** _____

5.  **MULTIPLE LISTING SERVICE:**
    **A.  WHAT IS AN MLS?** The MLS is a database of properties for sale that is available and disseminated to and accessible by all other real estate agents who are participants or subscribers to the MLS. As set forth in **paragraph 7**, participants and subscribers conducting public marketing of a property listing must submit the property information to the MLS. Property information submitted to the MLS describes the price, terms and conditions under which the Seller's property is offered for sale (including but not limited to the listing broker's offer of compensation to other brokers). It is likely that a significant number of real estate practitioners in any given area are participants or subscribers to the MLS. The MLS may also be part of a reciprocal agreement to which other multiple listing services belong. Real estate agents belonging to other multiple listing services that have reciprocal agreements with the MLS also have access to the information submitted to the MLS. The MLS may further transmit listing information to Internet sites that post property listings online.
    **B.  WHAT INFORMATION IS PROVIDED TO THE MLS:** All terms of the transaction, including sales price and financing, if applicable, **(i)** will be provided to the MLS in which the Property is listed for publication, dissemination and use by persons and entities on terms approved by the MLS, and **(ii)** may be provided to the MLS even if the Property was not listed with the MLS. Seller consents to Broker providing a copy of this listing agreement to the MLS if required by the MLS.
    **C.  WHAT IS BROKER's MLS?** Broker is a participant/subscriber for _Greater Palm Springs Flex_ Multiple Listing Service (MLS) and possibly others. That MLS is (or if checked ☐ is not) the primary MLS for the geographic area of the Property. When required by **paragraph 7** or by the MLS, Property will be listed with the MLS(s) specified above.

6.  **BENEFITS OF USING THE MLS; IMPACT OF OPTING OUT OF THE MLS;**
    **A.  EXPOSURE TO BUYERS THROUGH MLS:** Listing property with an MLS exposes a seller's property to all real estate agents and brokers (and their potential buyer clients) who are participants or subscribers to the MLS or a reciprocating MLS. The MLS may further transmit the MLS database to Internet sites that post property listings online.
    **B.  IMPACT OF OPTING OUT OF MLS:** If Seller elects to exclude the Property from the MLS, Seller understands and acknowledges that: **(i)** Seller is authorizing limited exposure of the Property and NO marketing or advertising of the Property to the public will occur; **(ii)** real estate agents and brokers from other real estate offices, and their buyer clients, who have access to that MLS may not be aware that Seller's Property is offered for sale; **(iii)** Information about Seller's Property will not be transmitted from the MLS to various real estate Internet sites that are used by the public to search for property listings and; **(iv)** real estate agents, brokers and members of the public may be unaware of the terms and conditions under which Seller is marketing the Property.
    **C.  REDUCTION IN EXPOSURE:** Any reduction in exposure of the Property may lower the number of offers and negatively impact the sales price.
    **D.  NOT LISTING PROPERTY IN A LOCAL MLS:** If the Property is listed in an MLS which does not cover the geographic area where the Property is located then real estate agents and brokers working that territory, and Buyers they represent looking for property in the neighborhood, may not be aware the Property is for sale.

    | Seller's Initials _____/_____ | Broker's/Agent's Initials _____/_____ |
    | --- | --- |

7.  **PUBLIC MARKETING OF PROPERTY:**
    **A.  CLEAR COOPERATION POLICY:** MLS rules require (☐ Do NOT require – see **paragraph 7F**) that residential real property with one to four units and vacant lot listings be submitted to the MLS within 1 business day of any public marketing.
    **B.  PUBLIC MARKETING WITHIN CLEAR COOPERATION: (i) Public marketing** includes, but is not limited to, flyers displayed in windows, yard signs, digital marketing on public facing websites, brokerage website displays, digital communications marketing and email blasts, multi-brokerage listing sharing networks, marketing to closed or private listing clubs or groups, and applications available to the general public. **(ii)** Public marketing does not include an office exclusive listing where there is direct promotion of the listing between the brokers and licensees affiliated with the listing brokerage, and one-to-one promotion between these licensees and their clients.

**RLA REVISED 6/23 (PAGE 2 OF 6)**                    Seller's Initials _____/_____

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 2 OF 6)**

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201   www.lwolf.com        2560 Whitewater

Property Address: **2560 N Whitewater Club Drive unit B, Palm Springs,  92262**

    **C.** **"COMING SOON" STATUS IMPACT ON MARKETING; Days on Market (DOM):** Seller is advised to discuss with Broker the meaning of "Coming Soon" as that term applies to the MLS in which the Property will be listed, and how any Coming Soon status will impact when and how a listing will be viewable to the public via the MLS. Seller does (☐ does not) authorize Broker to utilize Coming Soon status, if any. Seller is further advised to discuss with Broker how any DOM calculations or similarly utilized tracking field works in the MLS in which the Property will be listed.

    **D.** **Seller Instructs Broker:** (MLS may require C.A.R. Form SELM or local equivalent form)
        (1) Seller instructs Broker to market the Property to the public, and to start marketing on the beginning date of this Agreement or ☐ _____ (date).
    OR (2) ☐ Seller instructs Broker NOT to market the Property to the public. Seller understands that no public marketing will occur and the scope of marketing that will consist only of direct one-on-one promotion between the brokers and licensees affiliated with the listing brokerage and their respective clients.

    **E.** **Whether paragraph 7D(1) or 7D(2) is selected,** Seller understands and agrees that should any public marketing of the Property occur, the Property listing will be submitted to the MLS within 1 business day.

    **F.** ☐ **CLEAR COOPERATION POLICY DOES NOT APPLY: Paragraphs 7A** (other than the language in the parenthetical), **7B, 7D** and **7E** do not apply to this listing. Broker shall disclose to Seller and obtain Seller's consent for any instruction to not market the Property on the MLS or to the public.

**8. MLS DATA ON THE INTERNET:** MLS rules allow MLS data to be made available by the MLS to additional Internet sites unless Broker gives the MLS instructions to the contrary. Specific information that can be excluded from the Internet as permitted by (or in accordance with) the MLS is as follows:

    **A.** **PROPERTY OR PROPERTY ADDRESS:** Seller can instruct Broker to have the MLS not display the Property or the Property address on the Internet (C.A.R. Form SELI). Seller understands that either of these opt-outs would mean consumers searching for listings on the Internet may not see the Property or Property's address in response to their search.

    **B.** **FEATURE OPT-OUTS:** Seller can instruct Broker to advise the MLS that Seller does not want visitors to MLS Participant or Subscriber Websites or Electronic Displays that display the Property listing to have the features below (C.A.R. Form SELI). Seller understands (I) that these opt-outs apply only to Websites or Electronic Displays of MLS Participants and Subscribers who are real estate broker and agent members of the MLS; (ii) that other Internet sites may or may not have the features set forth herein; and (iii) that neither Broker nor the MLS may have the ability to control or block such features on other Internet sites.
        (1) **COMMENTS AND REVIEWS:** The ability to write comments or reviews about the Property on those sites; or the ability to link to another site containing such comments or reviews if the link is in immediate conjunction with the Property display.
        (2) **AUTOMATED ESTIMATE OF VALUE:** The ability to create an automated estimate of value or to link to another site containing such an estimate of value if the link is in immediate conjunction with the Property display.

    **C.** **SELLER ELECTION TO OPT-OUT:** ☐ Seller elects to opt out of certain Internet features as provided by C.A.R. Form SELI or the local equivalent form.

**9.** ~~SELLER REPRESENTATIONS:~~ Seller represents that, unless otherwise specified in writing, Seller is unaware of ~~(i)~~ ~~notice~~ of Default recorded ~~against~~ the Property; (ii) any delinquent amounts due ~~under~~ ~~any loan secured by,~~ or other obligation affecting, the Property; (iii) any bankruptcy, ~~insolvency or similar proceeding affecting~~ the Property; (iv) any litigation, arbitration, administrative action, government ~~investigation or other pending or threatened action~~ that affects or may affect the Property or Seller's ability to ~~transfer~~ ~~any current, pending or proposed special assessments affecting the Property. Seller shall~~ ~~broker in writing if Seller becomes aware of any of these items during the Listing Period or any extension thereof.~~

**10. BROKER'S AND SELLER'S DUTIES:**

    **A.** **Broker Responsibility, Authority and Limitations:** Broker agrees to exercise reasonable effort and due diligence to achieve the purposes of this Agreement. Unless Seller gives Broker written instructions to the contrary, Broker is authorized, but not required, to, (i) order reports and disclosures including those specified in **10E** as necessary, (ii) advertise and market the Property by any method and in any medium selected by Broker, including MLS and the Internet, and, to the extent permitted by these media, control the dissemination of the information submitted to any medium; and (iii) disclose to any real estate licensee making an inquiry the receipt of any offers on the Property and the offering price of such offers.

    **B.** **Presentation of Offers:** There are different strategies for obtaining the best offer for Seller. Seller is advised that certain buyers may prefer not to be in a competitive situation and either may not make an offer if there is an instruction that all offers will be presented at a later specified time or may try to make a "preemptive" offer that will expire in the hopes Seller will accept before the presentation date. Seller is advised to discuss and consider the best strategy for Seller.
        (1) **Seller instructs Broker to Present Offers:** Broker agrees to present all offers received for Seller's Property, and present them to Seller as soon as possible, unless Seller gives Broker written instructions to the contrary.
    OR (2) ☐ **Seller instructs Broker not to Present Offers until a Later Time:** Seller has elected to have Broker hold all offers and present them to Seller on ☐ _____ (date) or ☐ _____ Days after the property is listed as active on the MLS. Broker and Seller may amend this time by agreeing in writing. Broker will inform Seller that an offer has come in, but will not submit offer to Seller, unless specifically instructed otherwise, in writing. Local MLS rules may impact this practice and whether it will provide any benefit to Seller.

    **C.** **Buyer Supplemental Offer Letters (Buyer Letters):** Paragraph 8 of the Fair Housing and Discrimination Advisory (C.A.R. Form FHDA) attached to this Agreement informs Seller of the practice of many buyers and their agents of including a Buyer Letter with an offer to try to influence a seller to accept the buyer's offer. Buyer Letters may include photos and video. Whether overt or unintentional, Buyer Letters may contain information about a buyer's or seller's protected class or characteristics. Deciding whether to accept an offer based upon protected classes or characteristics is unlawful. Broker will not review the content of Buyer Letters.
        (1) **Seller instructs Broker not to present Buyer Letters,** whether submitted with an offer or separately at a different time. Seller authorizes Broker to specify in the MLS that Buyer Letters will not be presented to Seller.
    OR (2) ☐ **Seller instructs Broker to present Buyer Letters.** Broker advises seller that: (i) Buyer Letters may contain information about protected classes or characteristics and such information should not be used in Seller's decision of whether to accept, reject, or counter a Buyer's offer; and (ii) if Seller relies on Buyer Letters, Seller is acting against Broker's advice and should seek the advice of counsel before doing so.

    **D.** Seller agrees to consider offers presented by Broker, and to act in good faith to accomplish the sale of the Property by, among other things, making the Property available for showing at reasonable times and, subject to **paragraph 3F**, referring to Broker all inquiries of any party interested in the Property. Seller is responsible for determining at what price to list and sell the Property.

RLA REVISED 6/23 (PAGE 3 OF 6)                  Seller's Initials _____ / _____

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 3 OF 6)**

Property Address: *2560 N Whitewater Club Drive unit B, Palm Springs, 92262*

E. **Investigations and Reports:** Seller agrees, within **5 (or _____ ) Days** of the beginning date of this Agreement, to order and, when required by the service provider, pay for a Natural Hazard Disclosure report and the following reports: ☐ Structural Pest Control, ☐ General Property Inspection, ☐ Homeowners Association Documents, ☐ Preliminary (Title) Report, ☐ Roof Inspection, ☐ Pool Inspection, ☐ Septic/Sewer Inspection, ☐ Other ______________________.
If Property is located in a Common Interest Development or Homeowners Association, Seller is advised that there may be benefits to obtaining any required documents prior to entering into escrow with any buyer. Such benefits may include, but not be limited to, potentially being able to lower costs in obtaining the documents and avoiding any potential delays or complications due to late or slow delivery of such documents.

F. [redacted] agrees to indemnify, defend and hold Broker harmless from all claims, [redacted] ents, attorney fees and costs [redacted] Seller, or from any material facts [redacted] including dangerous or hidden conditions [redacted]

11. **DEPOSIT:** Broker is authorized to accept and hold on Seller's behalf any deposits to be applied toward the purchase price.

12. **AGENCY RELATIONSHIPS:**

A. **DISCLOSURE:** The Seller acknowledges receipt of a ☒ "Disclosure Regarding Real Estate Agency Relationships" (C.A.R. Form AD).

B. **SELLER REPRESENTATION:** Broker shall represent Seller in any resulting transaction, except as specified in **paragraph 3F**.

C. **POSSIBLE DUAL AGENCY WITH BUYER:** Depending upon the circumstances, it may be necessary or appropriate for Broker to act as an agent for both Seller and buyer, exchange party, or one or more additional parties ("Buyer"). Broker shall, as soon as practicable, disclose to Seller any election to act as a dual agent representing both Seller and Buyer. If a Buyer is procured directly by Broker or an associate-licensee in Broker's firm, Seller hereby consents to Broker acting as a dual agent for Seller and Buyer. In the event of an exchange, Seller hereby consents to Broker collecting compensation from additional parties for services rendered, provided there is disclosure to all parties of such agency and compensation. Seller understands and agrees that: a dual agent may not, without the express permission of the respective party, disclose to the other party confidential information, including, but not limited to, facts relating to either the Buyer's or Seller's financial position, motivations, bargaining position, or other personal information that may impact price, including the Seller's willingness to accept a price less than the listing price or the Buyer's willingness to pay a price greater than the price offered; and except as set forth above, a dual agent is obligated to disclose known facts materially affecting the value or desirability of the Property to both parties.

D. **CONFIRMATION**: Broker shall confirm the agency relationship described above, or as modified, in writing, prior to or concurrent with Seller's execution of a purchase agreement.

E. **POTENTIALLY COMPETING SELLERS AND BUYERS:** Seller understands that Broker may have or obtain listings on other properties, and that potential buyers may consider, make offers on, or purchase through Broker, property the same as or similar to Seller's Property. Seller consents to Broker's representation of sellers and buyers of other properties before, during and after the end of this Agreement. Seller acknowledges receipt of a ☒ "Possible Representation of More than One Buyer or Seller - Disclosure and Consent" (C.A.R. Form PRBS).

F. **TERMINATION OF AGENCY RELATIONSHIP:** Seller acknowledges and agrees that the representation duties of, and agency relationship with, Broker terminate at the expiration of this Agreement or, if it occurs first, the completion of any transaction specified in this Agreement.

13. **SECURITY, INSURANCE, SHOWINGS, AUDIO AND VIDEO:** Broker is not responsible for loss of or damage to personal or real property, or person, whether attributable to use of a keysafe/lockbox, a showing of the Property, or otherwise. Third parties, including, but not limited to, appraisers, inspectors, brokers and prospective buyers, may have access to, and take videos and photographs of, the interior of the Property. Seller agrees: **(i)** to take reasonable precautions to safeguard and protect valuables that might be accessible during showings of the Property; **(ii)** to obtain insurance to protect against these risks. Broker does not maintain insurance to protect Seller. Persons visiting the Property may not be aware that they could be recorded by audio or visual devices installed by Seller (such as "nanny cams" and hidden security cameras). Seller is advised to post notice disclosing the existence of security devices.

14. **PHOTOGRAPHS AND INTERNET ADVERTISING:**

A. In order to effectively market the Property for sale it is often necessary to provide photographs, virtual tours and other media to buyers. Seller agrees (or ☐ if checked, does not agree) that Broker or others may photograph or otherwise electronically capture images of the exterior and interior of the Property ("Images") for static and/or virtual tours of the Property by buyers and others for use on Broker's website, the MLS, and other marketing materials and sites. Seller acknowledges that if Broker engages third parties to capture and/or reproduce and display Images, the agreement between Broker and those third parties may provide such third parties with certain rights to those Images. The rights to the Images may impact Broker's control or lack of control of future use of the Images. If Seller is concerned, Seller should request that Broker provide any third parties' agreement impacting the Images. Seller also acknowledges that once Images are placed on the Internet neither Broker nor Seller has control over who can view such Images and what use viewers may make of the Images, or how long such Images may remain available on the Internet. Seller further assigns any rights in all Images to the Broker/Agent and agrees that such Images are the property of Broker/Agent and that Broker/Agent may use such Images for advertising, including post sale and for Broker/Agent's business in the future.

B. Seller acknowledges that prospective buyers and/or other persons coming onto the property may take photographs, videos or other images of the property. Seller understands that Broker does not have the ability to control or block the taking and use of Images by any such persons. (If checked) ☐ Seller instructs Broker to publish in the MLS that taking of Images is limited to those persons preparing Appraisal or Inspection reports. Seller acknowledges that unauthorized persons may take images who do not have access to or have not read any limiting instruction in the MLS or who take images regardless of any limiting instruction in the MLS. Once Images are taken and/or put into electronic display on the Internet or otherwise, neither Broker nor Seller has control over who views such Images nor what use viewers may make of the Images.

15. **KEYSAFE/LOCKBOX:** A keysafe/lockbox is designed to hold a key to the Property to permit access to the Property by Broker, cooperating brokers, MLS participants, their authorized licensees and representatives, authorized inspectors, and accompanied prospective buyers. Seller further agrees that Broker, at Broker's discretion, and without further approval from Seller, shall have the right to grant access to and convey Seller's consent to access the Property to inspectors, appraisers, workers, repair persons, and other persons requiring entry to the Property in order to facilitate the sale of the Property. Broker, cooperating brokers, MLS and Associations/Boards of REALTORS® are not insurers against injury, theft, loss, vandalism or damage attributed to the use of a keysafe/lockbox.

A. Seller does (or if checked ☐ does not) authorize Broker to install a keysafe/lockbox.

Property Address: *2560 N Whitewater Club Drive unit B, Palm Springs,  92262*

**B. TENANT-OCCUPIED PROPERTY:** If Seller does not occupy the Property, Seller shall be responsible for obtaining occupant(s)' written permission for use of a keysafe/lockbox (C.A.R. Form KLA).

16. **SIGN:** Seller does (or if checked ☐ does not) authorize Broker to install a FOR SALE/SOLD sign on the Property.

17. **EQUAL HOUSING OPPORTUNITY:** The Property is offered in compliance with federal, state and local anti-discrimination laws.

18. **ATTORNEY FEES:** In any action, proceeding or arbitration between Seller and Broker arising out of this Agreement, Seller and Broker are each responsible for paying their own attorney's fees and costs.

19. **ADDITIONAL TERMS:** ☐ REO Advisory Listing (C.A.R. Form REOL) ☐ Short Sale Information and Advisory (C.A.R. Form SSIA) ☐ Trust Advisory (C.A.R. Form TA)
☐ Seller intends to include a contingency to purchase a replacement property as part of any resulting transaction

20. **MANAGEMENT APPROVAL:** If an associate-licensee in Broker's office (salesperson or broker-associate) enters into this Agreement on Broker's behalf, and Broker or Manager does not approve of its terms, Broker or Manager has the right to cancel this Agreement, in writing, within **5 Days** After its execution.

21. **SUCCESSORS AND ASSIGNS:** This Agreement shall be binding upon Seller and Seller's successors and assigns.

22. **DISPUTE RESOLUTION:**

A. **MEDIATION:** Seller and Broker agree to mediate any dispute or claim arising between them under this Agreement, before resorting to arbitration or court action. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party (i) commences an action without first attempting to resolve the matter through mediation, or (ii) before commencement of an action, refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action. Exclusions from this mediation agreement are specified in paragraph 22B.

B. **ADDITIONAL MEDIATION TERMS:** The following matters shall be excluded from mediation: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage or installment land sale contract as defined in Civil Code § 2985; (ii) an unlawful detainer action; (iii) the filing or enforcement of a mechanic's lien; and (iv) any matter that is within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver or violation of the mediation provisions.

C. **ARBITRATION ADVISORY:** If Seller and Broker desire to resolve disputes arising between them through arbitration rather than court, they can document their agreement by attaching and signing an Arbitration Agreement (C.A.R. Form ARB).

23. **ENTIRE AGREEMENT:** All prior discussions, negotiations and agreements between the parties concerning the subject matter of this Agreement are superseded by this Agreement, which constitutes the entire contract and a complete and exclusive expression of their agreement, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. This Agreement and any supplement, addendum or modification, including any photocopy or facsimile, may be executed in counterparts.

24. **OWNERSHIP, TITLE AND AUTHORITY:** Seller warrants that: (i) Seller is the owner of the Property; (ii) no other persons or entities have title to the Property; and (iii) Seller has the authority to both execute this Agreement and sell the Property. Exceptions to ownership, title and authority are as follows: _____

25. **LEGALLY AUTHORIZED SIGNER:** Wherever the signature or initials of the Legally Authorized Signer, identified in the signature block below, appear on this Agreement or any related documents, it shall be deemed to be in a representative capacity for the entity described and not in an individual capacity, unless otherwise indicated. The Legally Authorized Signer (i) represents that the entity for which that person is acting already exists and is in good standing to do business in California and (ii) shall deliver to Broker, within **3 Days** after execution of this Agreement, evidence of authority to act in that capacity (such as but not limited to: applicable portion of the trust or Certification Of Trust (Probate Code § 18100.5), letters testamentary, court order, power of attorney, corporate resolution, or formation documents of the business entity).



**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 5 OF 6)**

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201  www.lwolf.com          2560 Whitwater

Property Address: *2560 N Whitewater Club Drive unit B, Palm Springs,   92262*

By signing below, Seller acknowledges that Seller has read, understands, received a copy of and agrees to the terms of this Agreement.

☐ **ENTITY SELLERS:** (Note: If this paragraph is completed, a Representative Capacity Signature Disclosure form (C.A.R. Form RCSD) is not required for the Legally Authorized Signers designated below.)
(1)  One or more Sellers is a trust, corporation, LLC, probate estate, partnership, other entity or holds a power of attorney.
(2)  This Agreement is being Signed by a Legally Authorized Signer in a representative capacity and not for him/herself as an individual. See **paragraph 25** for additional terms.
(3)  The name(s) of the Legally Authorized Signer(s) is: _____.  _____
(4)  If a trust, identify Seller as trustee(s) of the trust or by simplified trust name (ex. John Doe, co-trustee, Jane Doe, co-trustee or Doe Revocable Family Trust). If the entity is a trust or under probate, the following is the full name of the trust or probate case, including case #: _____

**SELLER SIGNATURE(S):**

(Signature) By, _____                                              Date:  7/26/2023
Printed name of SELLER: *Bradley D. Sharp, Chapter 11 Trustee*
☐ Printed Name of Legally Authorized Signer: _____    Title, if applicable, _____
Address _____    City _____    State ____ Zip _____
Email _____    Phone # _____

(Signature) By, _____                                              Date: _____
Printed name of SELLER: _____
☐ Printed Name of Legally Authorized Signer: _____    Title, if applicable, _____
Address _____    City _____    State ____ Zip _____
Email _____    Phone # _____
☐ Additional Signature Addendum attached (C.A.R. Form ASA)

**BROKER SIGNATURE(S):**

Real Estate Broker (Firm) *Desert Sands Realty/Coldwell Banker Realty*            DRE Lic# *02006675/00616212*
Address *78000 Fred Waring Drive, Ste 202*            City *Palm Desert*    State *CA*    Zip *92211*
By _____ Tel.*760.880.3675*    E-mail *enlowhomes@yahoo.com*  DRE Lic# *01368794*  Date *7/25/2023*
    Steve Enlow
By _____ Tel.*(213)200-2500*    E-mail *billfried@earthlink.net*  DRE Lic# *00672015*  Date 7/25/23
    Bill Friedman
☐ Two Brokers with different companies are co-listing the Property. Co-listing Broker Information is on the attached Additional Broker Acknowledgement (C.A.R. Form ABA).

© 2023 California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL. This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

**RLA REVISED 6/23 (PAGE 6 OF 6)**

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 6 OF 6)**

## ADDENDUM TO EXCLUSIVE AUTHORIZATION AND RIGHT TO SALE

Bradley D. Sharp, solely in the capacity as the Chapter 11
Trustee ("Trustee") of the bankruptcy estate of Leslie Klein
("Debtor") in the Debtor's bankruptcy case in the United States
Bankruptcy Court for the Central District of California, agrees
to grant Coldwell Banker Realty and Desert Sands Realty
("Broker") the exclusive right to negotiate a sale of the real
property commonly described as 2560 N. Whitewater Club Drive,
Unit B, Palm Springs, California ("Property") upon the terms and
conditions of the Exclusive Authorization and Right to Sell
Property ("Exclusive Authorization"), as amended by the
following terms and conditions:

    1.   Addendum. This Addendum applies to the Exclusive
Authorization. Notwithstanding any contrary terms and conditions
in the Exclusive Authorization, this Addendum shall apply.

    2.   No Liability. The Trustee is listing the Property for
sale with the Broker in the capacity as Trustee and not in the
Trustee's personal capacity, and no liability or obligations
shall accrue to the Trustee personally as a result of such
listing.

    3.   Termination. The Trustee may terminate the Exclusive
Authorization at the Trustee's option and upon written notice to
the Broker at any time, and no liability or obligations shall
accrue to the estate or to the Trustee, either personally or in
the capacity as Trustee, as a result of any such termination.

    4.   Abandonment. The Trustee reserves the right, in the
Trustee's sole discretion, to determine not to sell the Property
and to abandon the Property by serving a notice of the Trustee's
intention to abandon the Property upon the Debtor, the Debtor's
counsel, the United States Trustee, all creditors, and all
parties in interest. In the event of any such abandonment, the
Exclusive Authorization and this Addendum shall terminate and no
liability or obligations shall accrue to the estate or to the
Trustee, either personally or the capacity as Trustee, as a
result of any such abandonment and termination.

    5.   Conditions of Sale. The Broker agrees and understands
that any sale of the Property shall be subject to the following
terms and conditions:

124805.1    9937176A

a.    The Trustee is selling the Property in the capacity as the Trustee and not in the Trustee's personal capacity, and no liability or obligations shall accrue to the Trustee personally as a result of any sale.

b.    If for any reason, or no reason whatsoever, the Trustee is unable to deliver possession or title to the Property to any potential purchaser, the purchaser's sole remedy shall be the return of any money that the purchaser has deposited towards the purchase of the Property.

c.    The Trustee is selling the Property in an "AS IS" condition or basis by quitclaim deed without any representations or warranties whatsoever, including without limitation representations or warranties as to title, oil and mineral rights, city or government agency notifications regarding work to be done, marketability of title, ownership, physical condition, compliance with state, city or federal statutes, codes, ordinances, or regulations, geological stability, zoning, suitability for improvement, and fire insurance policies to cover any improvements on the Property, nor any assurances regarding if the property is subdividable.

d.    The sale of the Property is subject to Bankruptcy Court approval after notice to the Debtor, the Debtor's counsel, the United States Trustee, all creditors, and all parties in interest as required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rules.

e.    The sale is subject to overbids.

f.    The purchaser shall, at the purchaser's sole expense, acquire any and all insurance policies that the purchaser desires to cover the Property. The Trustee does not agree to acquire or transfer any insurance policies to the purchaser.

g.    The purchaser is to arrange for all financing of the acquisition of the Property before the close of escrow.

h.    All escrow fees shall be shared and paid on a 50/50 basis by the Trustee and the purchaser.

i.    The purchaser shall, at the purchaser's sole expense, install all smoke detectors, if any, as may be required by state or local law. The Trustee is not required to deliver

124805.1    9937176A                    2

to the purchaser a written statement of compliance with any applicable state and local law.

      j.   The purchaser shall, at purchaser's sole expense, obtain any and all pest control inspection repairs that purchaser deems appropriate.

      k.   If any local ordinance requires that the Property be brought into compliance with minimum energy conservation standards as a condition of sale or transfer, the purchaser shall comply with and pay for these requirements at purchaser's sole expense.

      l.   Any sale is subject to the following conditions being satisfied before the close of escrow:

      (1)  the Trustee must prevail with respect to any objections to the proposed sale; and

      (2)  the Trustee reserves the right to reject any and all offers which in his/her judgment are insufficient.

      m.   The Property is being sold subject to:

      (1)  All general and special taxes that are presently due, or may become due, regarding the Property, other than property taxes, which shall be prorated as of the close of escrow;

      (2)  Any and all easements, restrictions, rights and conditions of record and rights of way, against, on or regarding the Property. Title, however, is to be transferred free of secured claims of record.

6.   <u>Payment of Commission</u>. The commission to be paid to the Broker shall only be paid from the proceeds of the sale of the Property. The payment of the commission is subject to prior approval of the Bankruptcy Court.

7.   <u>Reduction of Listing Price and Extension of Term of Listing Agreement</u>. The Trustee may, in the Trustee's sole discretion and business judgment and without further Court order, modify the Exclusive Authorization by reducing the listing price and/or extending the term of the Exclusive Authorization.

124805.1    9937176A          3

8.    <u>Entire Agreement</u>.  This  Addendum  and  the  Exclusive
Authorization,  to  the  extent  that  such  Exclusive  Authorization
is  not  contrary  to  the  terms  and  conditions  herein,  constitute
the  entire  contract  between  the  parties.    All  prior  agreements
between  the  parties  are  incorporated  into  this  agreement.    Its
terms  are  intended  by  the  parties  as  a  final  expression  of  their
agreement  with  respect  to  such  terms  as  are  included  herein,  and
may  not  be  contradicted  by  evidence  of  any  prior  agreement  or
contemporaneous  oral  agreement.    The  parties  further  intend  that
this  Addendum  and  the  Exclusive  Authorization  constitute  the
complete,  final  and  exclusive  statement  of  the  terms  of  the
agreement  and  that  no  extrinsic  evidence  whatsoever  may  be
introduced  in  any  judicial  or  arbitration  proceeding,  if  any,
involving  this  Addendum  and  the  Exclusive  Authorization.

9.    <u>Bankruptcy Court Jurisdiction</u>.  The  Bankruptcy  Court,
sitting  without  a  jury  which  is  expressly  waived,  shall  have
exclusive  jurisdiction  to  resolve  any  and  all  disputes  relating
to  this  Addendum  and  the  Exclusive  Authorization.    This  Addendum
and  the  Exclusive  Authorization  and  any  disputes  related  thereto
shall  be  governed  by  California  law.

# EXHIBIT 2

# STEVE ENLOW

Palm Desert, CA 92211

(760) 880-3675 - enlowhomes@yahoo.com

## PROFESSIONAL SUMMARY

Accomplished Broker adept at growing business through deep knowledge of the Real Estate Industry and strong relationship-building abilities. Leveraging over 2 decades of experience to build a quality brokerage with quality agents.

## SKILLS

- Senior Real Estate Specialist Designation
- Certified Residential Specialist
- Certified Short Sale and Foreclosure Specialist
- Certified Probate and Trust Specialist

- Accredited Buyer Representative Certified (ABR)
- Certified Completions of my NMLS #2069123
- Certified Mentor for Buffini and Company

## WORK HISTORY

06/2016 to Current    **Broker of Record**

**Desert Sands Realty** – Palm Desert, CA

- 2016- Opened up Desert Sands Realty
- 2017- Grew DSR to 21 Agents
- 2018- Grew DSR to 33 Agents
- 2019-Grew DRS to 35 Agents
- 2020-Grew DSR to 41 agents
- 2021-Grew DSR to one of the top Real Estate Offices in Coachella Valley

06/2014 to 06/2016    **Brokers Associate/Sales Manager**

**Re/Max Consultants** – La Quinta, CA

- Expanded the company in Coachella Valley by recruiting qualified agents.
- Increased sales volume in the La Quinta offices by more than 400%.
- Coached Sales Associates in successful selling methods and encouraged them in marketing strategies that worked.
- Organized promotional events and interacted with community to increase sales volume and agent count.
- 2014-2016- I did not allow for the company of recognize my sales as I felt is was wrong since I was in Management.

Case 2:23-bk-10990-SK    Doc 279    Filed 08/21/23    Entered 08/21/23 13:28:30    Desc

**10/2007 to 06/2014**   **Sales Associate**

**Keller Williams Realty** – La Quinta, CA

- 2008-#1 Listing Agent in My Office.
- 2008-#1 Producing Agent in My Office.
- 2008-#1 Sales Agent in Units Sold.
- 2008-Obtained Broker License.
- 2009-#1 Listing Agent in My Office.
- 2009-#1 Producing Agent in My Office.
- 2009-#1 Sales Agent in Units Sold.
- 2010-#1 Listing Agent in My Office.
- 2010- #1 Producing Agent in My Office.
- 2010-#1 Sales Agent in Units Sold.
- 2011-#1 Listing Agent in My Office.
- 2011-#1 Producing Agent in My Office.
- 2011-#1 Sales Agent in Units Sold.
- 2012-#1 Listing Agent in My Office.
- 2012- #1 Producing Agent in My Office.
- 2012- #1 Sales Agent in Units Sold.
- 2013-#1 Listing Agent in My Office.
- 2013- #1 Producing Agent in My Office.
- 2013- #1 Sales Agent in Units Sold.
- 2014- Left to take on a management position

**02/2003 to 10/2007**   **Sales Associate**

**Prudential California Realty** – Palm Desert, CA

- Engaged with customers to effectively build rapport and lasting relationships.
- Treated clients like they were my only customer.
- 2003- Chairman Circle Award Winner.
- 2004- Chairman Circle Award Winner.
- 2004- #1 Producing Agent in My Office.
- 2004- #1 Listing Agent in My Office.
- 2005- Chairman Circle Award Winner.
- 2005- #1 Producing Agent in My Office.
- 2005- #1 Listing Agent in My Office.
- 2006- Chairman Circle Award Winner.
- 2006- #1 Producing Agent in My Office.
- 2007- #1 Producing Agent in My Office.

# EXHIBIT 3



William Friedman

1608 MONTANA AVE
SANTA MONICA, CA 90403

William Friedman is a licensed real estate agent engaged in real estate sales transactions for over 40
years. Mr. Friedman is a top producer for Coldwell Banker. He was previously appointed
Designated Area Real Estate Salesperson with Federal Home Loan Mortgage Corporation.

In addition to directly assisting individual homeowners and buyers, he has represented major
lending institutions, receivers and bankruptcy trustees, including:

**Bankruptcy Trustees:**
Elissa D. Miller
David Seror
Bradley D. Sharp
Rosendo Gonzalez
Diane Weil
Richard M. Pachulski
Steve Schwaber
Byron Z. Moldo
James I. Stang
Dennis McGoldrich
David L. Ray
Alfred H. Siegel
James Leonard Brown
Lawrence Diamant
Samuel R. Biggs
Carolyn A. Dye
Nancy Knupfer
Edward M. Wolkowitz
F. Wayne Elggren
Richard K. Diamond
R. Todd Neilson
David A. Gill
Helen Ryan Frazer
Heide Kurtz
Howard Ehrenberg
Alberta Stahl
David K. Gottlieb
Brad D. Krasnoff
Michael Kogan
Amy L. Goldman
Jeffrey I. Golden
Ronald L. Durkin
Jeffrey Coyne
Linda Chu
Christopher Barclay
Sam Leslie
Jason Rund
Barry Schwartz
David L. Hahn
Jeremy Faith
Thomas P. Jeremiassen
Thomas Casey

**Lenders:**
Countrywide Home Loans
Federal Home Loan Mortgage Corporation
Lincoln Service Corporation
Bank of America
Cal-Fed Enterprises
Union Federal Savings
California Federal Bank

Southern California Savings
Union Federal Bank
Residential Funding Corporation/GMAC
Coast Federal Bank

Receivers:
Stephen Donell
Samuel R. Biggs
David L. Ray

Operated by a subsidiary of NRT LLC.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **CHAPTER 11 TRUSTEE'S APPLICATION TO (A) EMPLOY DESERT SANDS REALTY AND COLDWELL BANKER REALTY AS REAL ESTATE BROKERS AND (B) ENTER INTO EXCLUSIVE LISTING AGREEMENT; DECLARATIONS RE DISINTERESTEDNESS FOR EMPLOYMENT OF PROFESSIONAL PERSONS UNDER F.R.B.P. 2014** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 3, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **August 3, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 3, 2023 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Simon Aron**   saron@wrslawyers.com, moster@wrslawyers.com
- **Reem J Bello**   rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Ron Bender**   rb@lnbyg.com
- **Michael Jay Berger**   michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Greg P Campbell**   ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Baruch C Cohen**   bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Theron S Covey**   tcovey@raslg.com, sferry@raslg.com
- **Jeffrey W Dulberg**   jdulberg@pszjlaw.com
- **Dane W Exnowski**   dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Robert P Goe**   kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Michael I. Gottfried**   mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com
- **Brandon J Iskander**   biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Michael S Kogan**   mkogan@koganlawfirm.com
- **John W Lucas**   jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Ron Maroko**   ron.maroko@usdoj.gov
- **Kirsten Martinez**   Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Steven M Mayer**   smayer@mayerlawla.com
- **Krikor J Meshefejian**   kjm@lnbyg.com
- **Kenneth Misken**   Kenneth.M.Misken@usdoj.gov
- **Jeffrey P Nolan**   jnolan@pszjlaw.com
- **Eric J Olson**   eric@ejolsonlaw.com
- **Jeffrey N Pomerantz**   jpomerantz@pszjlaw.com
- **Brian A Procel**   bprocel@millerbarondess.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- **Joshua L Scheer**   jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Mark M Sharf (TR)**   mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com
- **Bradley D. Sharp (TR)**   bsharp@dsi.biz
- **Nikko Salvatore Stevens**   nikko@cym.law, mandi@cym.law
- **Alan G Tippie**   Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **Gary Tokumori**   gtokumori@pmcos.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Michael L Wachtell**   mwachtell@buchalter.com
- **John P. Ward**   jward@attleseystorm.com, ezhang@attleseystorm.com
- **Alex M Weingarten**   aweingarten@willkie.com, lcarter@willkie.com
- **Clarisse Young**   youngshumaker@smcounsel.com, levern@smcounsel.com
- **Paul P Young**   paul@cym.law, jaclyn@cym.law
- **Roye Zur**   rzur@elkinskalt.com, cavila@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com

2. **SERVED BY UNITED STATES MAIL**:

Peter C. Anderson, U.S. Trustee
Michael Jones, Assistant U.S. Trustee
Office of the U.S. Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA  90017

Nikko S. Stevens
CHORA YOUNG & MANASSERIAN LLP
650 Sierra Madre Villa Ave., Ste. 304
Pasadena, CA 91107

Joshua L. Scheer
Scheer Law Group, LLP
85 Argonaut, Suite 202
Aliso Viejo, CA 92656

Eric J. Olson
EJ Olson Law
301 E. Colorado Blvd., Ste. 520
Pasadena, CA 91101

Nathan Talei
Oldman, Sallus & Gold, L.L.P.
16133 Ventura Blvd., PH-A
Encino, CA 91436

Brett Wasserman
Shumaker Mallory, LLP
280 S. Beverly Dr., Ste. 505
Beverly Hills, CA 90212

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:349532.1 78512/001

Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:   jdulberg@pszjlaw.com
              jlucas@pszjlaw.com

[Proposed] Counsel to Bradley D. Sharp, Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br><div align="center">Debtor.</div> | Case No.: 2:23-bk-10990-SK<br><br>Chapter 11<br><br>**NOTICE OF FILING OF CHAPTER 11 TRUSTEE'S APPLICATION TO (A) EMPLOY DESERT SANDS REALTY AND COLDWELL BANKER REALTY AS REAL ESTATE BROKERS AND (B) ENTER INTO EXCLUSIVE LISTING AGREEMENT**<br><br>[2560 N. Whitewater Club Drive, Unit B, Palms Springs, California 92262]<br><br>[Relates to Docket No. 238]<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rules 2014-1(b)(1) and 9013-1(o)] |

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL PARTIES REQUESTING SPECIAL NOTICE:**

　　　**PLEASE TAKE NOTICE** that Bradley D. Sharp, the duly appointed, authorized and acting chapter 11 trustee (the "Trustee") of the bankruptcy estate of Leslie Klein (the "Debtor"), has filed his application (the "Application") [Docket No. 238], pursuant to 11 U.S.C. § 328,  for entry of an order authorizing him to employ Desert Sands Realty and Coldwell Banker Realty (collectively, the "Brokers") as the Trustee's real estate brokers in connection with the marketing and sale of that certain property located at 2560 N. Whitewater Club Drive, Unit B, Palm Springs, California 92262 (the "Whitewater Club Drive Property").

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    **PLEASE TAKE FURTHER NOTICE** that, based on the terms set forth in the listing

2    agreement attached to the Application as Exhibit "1", the Brokers shall be compensated for their

3    services for a total commission of six percent (6.0%) of the selling price for the Whitewater Club

4    Drive Property (payable only upon close of sale) to be shared as follows: three percent (3.0%) to

5    buyer's broker, if any, and three percent (3.0%) to the Brokers.

6    **PLEASE TAKE FURTHER NOTICE** that a copy of the Application may be obtained by

7    contacting Beth Dassa, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., Suite 1300,

8    Los Angeles, CA 90067, (310) 277-6910, Facsimile (310) 201-0760, email: bdassa@pszjlaw.com.

9    **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 2014-1(b),

10    a hearing is not required in connection with the Application unless requested by the United States

11    Trustee, a party in interest, or otherwise ordered by the Court.  Pursuant to Local Bankruptcy Rule

12    2014-1(b)(5), any response to the Application and request for hearing must be in the form prescribed

13    by Local Bankruptcy Rule 9013-1(o)(4) and must be filed with the Court and served upon counsel

14    for the Trustee at the address in the upper left-hand corner of the first page of this Notice, and the

15    United States Trustee no later than fourteen (14) days from the date of service of this Notice.

16
17    Dated:    August 3, 2023                    PACHULSKI STANG ZIEHL & JONES  LLP

18                                                By    _/s/ Jeffrey W. Dulberg_____
19                                                      Jeffrey W. Dulberg
                                                      John W. Lucas
20                                                      [Proposed] Counsel to Bradley D. Sharp,
21                                                      Chapter 11 Trustee

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **NOTICE OF FILING OF CHAPTER 11 TRUSTEE'S APPLICATION TO (A) EMPLOY DESERT SANDS REALTY AND COLDWELL BANKER REALTY AS REAL ESTATE BROKERS AND (B) ENTER INTO EXCLUSIVE LISTING AGREEMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 3, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **August 3, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

⊠ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 3, 2023 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:349532.1 78512/001

## 1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Simon Aron**    saron@wrslawyers.com, moster@wrslawyers.com
- **Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Ron Bender**    rb@lnbyg.com
- **Michael Jay Berger**    michael.berger@bankruptcypower.com,
  yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Greg P Campbell**    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Baruch C Cohen**    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Theron S Covey**    tcovey@raslg.com, sferry@raslg.com
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Dane W Exnowski**    dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Michael I. Gottfried**    mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com
- **Brandon J Iskander**    biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Michael S Kogan**    mkogan@koganlawfirm.com
- **John W Lucas**    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Kirsten Martinez**    Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Steven M Mayer**    smayer@mayerlawla.com
- **Krikor J Meshefejian**    kjm@lnbyg.com
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Jeffrey P Nolan**    jnolan@pszjlaw.com
- **Eric J Olson**    eric@ejolsonlaw.com
- **Jeffrey N Pomerantz**    jpomerantz@pszjlaw.com
- **Brian A Procel**    bprocel@millerbarondess.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- **Joshua L Scheer**    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Mark M Sharf (TR)**    mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com
- **Bradley D. Sharp (TR)**    bsharp@dsi.biz
- **Nikko Salvatore Stevens**    nikko@cym.law, mandi@cym.law
- **Alan G Tippie**    Alan.Tippie@gmlaw.com,
  atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **Gary Tokumori**    gtokumori@pmcos.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Michael L Wachtell**    mwachtell@buchalter.com
- **John P. Ward**    jward@attleseystorm.com, ezhang@attleseystorm.com
- **Alex M Weingarten**    aweingarten@willkie.com, lcarter@willkie.com
- **Clarisse Young**    youngshumaker@smcounsel.com, levern@smcounsel.com
- **Paul P Young**    paul@cym.law, jaclyn@cym.law
- **Roye Zur**    rzur@elkinskalt.com, cavila@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com

## 2. **SERVED BY UNITED STATES MAIL**:

Peter C. Anderson, U.S. Trustee
Michael Jones, Assistant U.S. Trustee
Office of the U.S. Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA  90017

Nikko S. Stevens
CHORA YOUNG & MANASSERIAN LLP
650 Sierra Madre Villa Ave., Ste. 304
Pasadena, CA 91107

Joshua L. Scheer
Scheer Law Group, LLP
85 Argonaut, Suite 202
Aliso Viejo, CA 92656

Eric J. Olson
EJ Olson Law
301 E. Colorado Blvd., Ste. 520
Pasadena, CA 91101

Nathan Talei
Oldman, Sallus & Gold, L.L.P.
16133 Ventura Blvd., PH-A
Encino, CA 91436

Brett Wasserman
Shumaker Mallory, LLP
280 S. Beverly Dr., Ste. 505
Beverly Hills, CA 90212

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

DOCS_LA:349532.1 78512/001

**F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Boulevard, Suite 1300, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled: **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION [LBR 9013-1(o)(3)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* __8/21/23__ , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On *(date)* __8/21/23__ , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| __8/21/23__ | Nancy H. Brown | */s/ Nancy H. Brown* |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*
DOCS_LA:350649.1 78512/001                    Page 3                    **F 9013-1.2.NO.REQUEST.HEARING.DEC**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Simon Aron**    saron@wrslawyers.com, moster@wrslawyers.com
- **Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Ron Bender**    rb@lnbyg.com
- **Michael Jay Berger**    michael.berger@bankruptcypower.com,
  yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Greg P Campbell**    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Baruch C Cohen**    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Theron S Covey**    tcovey@raslg.com, sferry@raslg.com
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Dane W Exnowski**    dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Michael I. Gottfried**    mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com
- **Brandon J Iskander**    biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Michael S Kogan**    mkogan@koganlawfirm.com
- **John W Lucas**    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Kirsten Martinez**    Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Steven M Mayer**    smayer@mayerlawla.com
- **Krikor J Meshefejian**    kjm@lnbyg.com
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Jeffrey P Nolan**    jnolan@pszjlaw.com
- **Eric J Olson**    eric@ejolsonlaw.com
- **Jeffrey N Pomerantz**    jpomerantz@pszjlaw.com
- **Brian A Procel**    bprocel@millerbarondess.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- **Joshua L Scheer**    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Mark M Sharf (TR)**    mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com
- **Bradley D. Sharp (TR)**    bsharp@dsi.biz
- **Nikko Salvatore Stevens**    nikko@cym.law, mandi@cym.law
- **Alan G Tippie**    Alan.Tippie@gmlaw.com,
  atippie@ecf.courtdrive.com,Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **Gary Tokumori**    gtokumori@pmcos.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Michael L Wachtell**    mwachtell@buchalter.com
- **John P. Ward**    jward@attleseystorm.com, ezhang@attleseystorm.com
- **Alex M Weingarten**    aweingarten@willkie.com, lcarter@willkie.com
- **Clarisse Young**    youngshumaker@smcounsel.com, levern@smcounsel.com
- **Paul P Young**    paul@cym.law, jaclyn@cym.law
- **Roye Zur**    rzur@elkinskalt.com, cavila@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com

2. **SERVED BY UNITED STATES MAIL**:

| | | |
|---|---|---|
| Peter C. Anderson, U.S. Trustee | Nathan Talei | Brett Wasserman |
| Michael Jones, Assistant U.S. Trustee | Oldman, Sallus & Gold, L.L.P. | Shumaker Mallory, LLP |
| Office of the U.S. Trustee | 16133 Ventura Blvd., PH-A | 280 S. Beverly Dr., Ste. 505 |
| 915 Wilshire Boulevard, Suite 1850 | Encino, CA 91436 | Beverly Hills, CA 90212 |
| Los Angeles, CA  90017 | | |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:350716.1 78512/001