Alex M. Weingarten (SBN 204410)
  AWeingarten@willkie.com
Logan M. Elliott (SBN 268105)
  LElliott@willkie.com
**WILLKIE FARR & GALLAGHER LLP**
2029 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone:    (310) 855-3000
Facsimile:    (310) 855-3099

Attorneys for Creditor
CO-TRUSTEE JEFFREY WINTER

**UNITED STATES BANKRUPTCY COURT FOR**

**THE CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>        Debtor. | CASE NO.:  2:23-bk-10990-SK<br><br>Chapter 11<br><br>**JEFFREY WINTER'S OPPOSITION TO MOTION OF CHAPTER 11 TRUSTEE, FOR ORDER ENFORCING THE AUTOMATIC STAY AGAINST THE MENLO TRUST AND RELATED RELIEF**<br><br>Date:         September 6, 2023<br>Time:        9:00 a.m.<br>Crt. Rm.:    1575 |

66789142

**PRELIMINARY STATEMENT**

The bankruptcy trustee's ("Trustee") motion for an order enforcing the automatic stay against the Menlo Trust on a shortened schedule ("Motion") is nothing more than an attempted end run around both the facts of this matter and proper civil procedure. Jeffrey Winter ("Jeff") and Frank Menlo ("Frank"), Co-Trustees of the Franklin Menlo Trust Established March 1, 1983 ("Trust") (collectively, "Co-Trustees"), are attempting to make rightful distributions to Trust beneficiaries of assets outside of the bankruptcy estate in accordance with the law and procedures *of both the probate court and the Bankruptcy Court* and their fiduciary duties. To wit, Jeff filed the Motion For Order Granting Relief From Automatic Stay Pursuant To 11 U.S.C. § 362 ("Motion for Relief from Stay") on August 14, 2023 to ensure that intended distributions to Trust beneficiaries would not run afoul of this Court. But, the Trustee seeks to make matters unnecessarily difficult and inefficient by filing the Motion, *see* Dkt. No. 303, and an application for an order setting the Motion hearing on shortened notice ("Application"), *see* Dkt. No. 304 (notwithstanding Jeff's properly noticed Motion for Relief from Stay), all to hijack the narrative and paint Co-Trustees in a bad light for no legitimate reason.

Jeff has made clear from the beginning (including on the record at the July 10, 2023 hearing in the nonbankruptcy forum at which counsel for the Trustee was present) that Co-Trustees intended to request that distributions be made to the Trust beneficiaries above board (*i.e.*, by filing a petition for instructions in the Superior Court and a motion for relief from stay in the Bankruptcy Court in tandem) all while respecting the authority of the Bankruptcy Court. Jeff filed the Motion for Relief from Stay in order to make distributions to certain Trust beneficiaries because: (1) disgraced trustee and debtor Leslie Klein ("Klein") has no equity or interest in the life insurance proceeds Co-Trustees seek to distribute; (2) the life insurance proceeds are not necessary for a reorganization of the estate because the insurance funds *have nothing to do with the bankruptcy estate*; and (3) "cause" otherwise exists to grant relief from the automatic stay. The Motion for Relief from Stay was properly filed and noticed and is currently set to be heard on September 13, 2023. Amazingly, the Trustee's Motion fails to take any substantive note of the Motion for Relief from Stay (it merely references the fact that the Motion for Relief from

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

Stay was filed). However, the Trustee's counsel recently acknowledged to Jeff's counsel at an August 30, 2023 hearing in the Superior Court that Co-Trustees had previously explained their plan to respect the stay in place and that the recent filing by the Trustee was based on a misunderstanding of the procedural posture of the Superior Court proceedings.

The Trustee's unnecessary Motion (set for hearing on September 6, 2023 due to the Trustee's application for a shortened notice period) improperly circumvents Jeff's Motion for Relief from Stay and has no basis in fact. Specifically:

- The Motion is procedurally ineffectual because the Trustee has not shown that there is reason to grant the Motion. The Trustee's positions are based on misrepresentations of the factual record as: (1) neither Jeff nor the nonbankruptcy forum (the Superior Court of California, County of Los Angeles or "Superior Court") has disrespected the automatic stay in place (rather, the Superior Court has shown every willingness to cooperate with this Court); (2) there is no evidence whatsoever that Co-Trustees are asking to distribute "commingled funds;" and (3) Jeff never ignored communications or disregarded document demands from the Trustee because the Trustee never reached out to Jeff or his attorneys with any document requests.

- Co-Trustees are entitled to relief from stay (and, at the very least, full briefing and a hearing on the Motion for Relief from Stay) for the reasons detailed in that motion – namely, that Klein has zero right to the funds Co-Trustees intend to distribute to the Trust beneficiaries and the funds are not necessary for a reorganization of the bankruptcy estate. *See* Dkt. No. 254.

Accordingly, the Motion should be denied. Alternatively, the Motion for Relief from Stay should be heard alongside the Motion on September 6.

**STATEMENT OF FACTS**

Jeff provides a fulsome recitation of this case's factual background in his Motion for Relief from Stay filed on August 14, 2023. *See* Dkt. No. 254. What follows is an account of the relevant facts leading up to and following the filing of the Motion for Relief from Stay.

### Co-Trustees Expressly State Their Intention To Request Authorization To Make Trust Distributions In Nonbankruptcy Action Within The Bounds Of The Stay

On July 10, 2023, the parties appeared for a hearing in the Superior Court. *See* Declaration of Alex M. Weingarten ("Weingarten Decl."), Ex. 1. Counsel for Co-Trustees, Klein, and the bankruptcy Trustee were all present. *See id.* At the hearing, Jeff's counsel stated on the record that Co-Trustees intended to "file a motion to present for your consideration and hopefully approval authorizing a specific distribution plan." *See id.*, Ex. 1 at 47:20-25. Jeff's counsel also stated they would "file a request or motion with the bankruptcy court seeking relief from stay, to the extent it's required for implementation of said distribution plan." *See id.* at 47:20-28.

Judge Luna, the Superior Court judge in the Nonbankruptcy Action, also indicated on the record at the July 10 hearing that she was willing to hold a joint hearing on the proposed distribution plan with the Bankruptcy Court if Judge Klein was amenable. *See id.* at 48:14-18 ("I e-mailed Judge Klein to see if she's amenable to a dual on-the-record conference so maybe we can at least get the issue of the insurance monies resolved.").

### Jeff Files Petition For Instructions In Nonbankruptcy Action To Disburse Life Insurance Proceeds To Certain Trust Beneficiaries

On July 27, 2023, Jeff and Frank signed a contract memorializing the terms of their agreement to make life insurance payout distributions in specific amounts to both: (1) trust beneficiaries who were originally beneficiaries of the life insurance policies within the Menlo Trusts ("Life Insurance Beneficiaries"); and (2) additional trust beneficiaries (the "Distribution Agreement"). *See* Dkt. No. 254-1, Ex. 1.

On July 28, 2023, Jeff filed a petition for instructions regarding distributions in the Nonbankruptcy Action to request instructions from the Superior Court confirming the Co-Trustees' distributions payouts agreed upon in the Distribution Agreement ("Petition for Instructions"). *See id.* In summary, the Co-Trustees first propose in the Petition for Instructions to pay off the lines of credit extended to the trust by certain trust beneficiaries (specifically, Frank, Deborah Deutsch, Madeline Lipschutz, and Judith Frankel). *See id.*, ¶ 19(b). Co-Trustees

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

1   then propose to make life insurance payout distributions (in amounts specifically recorded in the
2   Distribution Agreement and Petition for Instructions) to both the Life Insurance Beneficiaries
3   and additional trust beneficiaries.  *See id.*, ¶ 19(c)-(d).
4       On August 8, 2023, Jeff filed a supplement to the Petition for Instructions showing that
5   all the Life Insurance Beneficiaries consented to the terms of the Distribution Agreement and
6   agreed to the specific distributions of funds proposed by Co-Trustees in the Distribution
7   Agreement and Petition for Instructions.  *See id.*, Ex. 2.

### Jeff Files Motion For Relief From Stay In Bankruptcy Action

9       On August 14, 2023, Jeff filed the Motion for Relief from Stay on the grounds that: (1)
10  Klein has no equity or interest in the life insurance proceeds Co-Trustees seek to distribute; (2)
11  the life insurance proceeds are not necessary for a reorganization of the estate because the
12  insurance funds are not part of the bankruptcy estate; and (3) "cause" exists to grant relief from
13  the automatic stay because, *inter alia*, the balance of harms weighs against maintaining the stay
14  and towards granting relief.  *See* Dkt. No. 254.
15      The Trustee filed a response to the Motion for Relief from Stay on August 30, 2023.  *See*
16  Dkt. No. 317.

### Jeff Supplements The Petition For Instructions

18      On August 15, 2023, Jeff filed a second supplement to the Petition for Instructions in the
19  Nonbankruptcy Action informing the Superior Court that Co-Trustees set aside a reserve of
20  approximately $2,000,000.00[1] for the payment of attorneys' fees and costs should the Superior
21  Court grant any of Klein's requests for fees and costs.  *See* Weingarten Decl., Ex. 2.

### The Nonbankruptcy Forum Grants Interim Order

23      On August 18, 2023, the Petition for Instructions came on for hearing in the Superior
24  Court.  *See id.*, ¶ 6.  At the hearing, the Superior Court indicated it would issue an interim order
25  authorizing the sum of $6,000,000.00 to be released to Co-Trustees to distribute: (1)
26  $3,000,000.00 to certain Trust beneficiaries to satisfy the lines of credit extended to the Trust,

---

[1] On August 25, 2023, Jeff filed a third supplement to the Petition for Instructions providing documentary substantiation of the $2,000,000.00 reserve.  *See* Weingarten Decl., Ex. 3.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

1  and $3,000,000.00 to the Life Insurance Beneficiaries and additional Trust beneficiaries as set

2  forth in the Petition for Instructions. *See id.*, Ex. 4. The sum of $6,000,000.00 implicated by the

3  interim order is a small percentage (one-fifth) of the amount Co-Trustees requested to distribute

4  in the Petition for Instructions (approximately $30,299,932.00). *See id.*, ¶ 6; *see also* Dkt. No.

5  254-1, Ex. 1.

6        The Trustee objected to the Superior Court's authorization of a sum to be distributed to

7  Trust beneficiaries, and the Superior Court agreed to stay the issuance of the interim order until a

8  status conference on August 30, 2023 at which time the parties would discuss the best way to

9  move forward. *See id.*, ¶ 6, Ex. 4.

**The Bankruptcy Trustee Files The Motion To Enforce The Stay And Requests A Hearing One Week Before Jeff's Motion For Relief From Stay Is Set To Be Heard**

12        On August 28, 2023, the Trustee filed the Motion and an application requesting a Motion

13  hearing for September 6, 2023 – a week earlier than the date Jeff's Motion for Relief from Stay

14  was set for hearing. The Trustee's papers falsely claim that Jeff "urged" the Superior Court to

15  issue an order on August 30, 2023 to distribute the life insurance proceeds to certain Trust

16  beneficiaries. *See, e.g.*, Dkt. No. 303 at 7:6-10. The Trustee also misrepresents his efforts to

17  request documents from the Co-Trustees of the Menlo Trust (the Trustee never contacted Jeff or

18  his counsel to request information from Jeff). *See* Weingarten Decl., ¶ 8. The Motion does not

19  provide any support for hearing the Motion on an expedited basis or for completely superseding

20  the hearing on the Motion for Relief from Stay.

**Jeff Informs The Superior Court That He Will Wait Until After The Trustee's Motion Is Heard Before Seeking Any Distributions**

23        On August 30, 2023, the parties (including counsel for Jeff and the Trustee) participated

24  in a status conference regarding the Petition for Instructions in the Superior Court. *See*

25  Weingarten Decl., ¶ 7. Jeff's counsel personally with counsel for the Trustee, Jeffrey Nolan of

26  Pachulski Stang Ziehl & Jones LLP, and reiterated that Jeff's plan had always been to do

27  everything above board with respect to making distributions to the Trust beneficiaries (*i.e.*, to file

28  the Petition for Instructions in tandem with the Motion for Relief from Stay) and always to

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

1 respect the authority of the Bankruptcy Court. *See id.* Jeff's counsel further reiterated to Nolan
2 that we had always explained to Judge Luna and to the Bankruptcy Trustee that the plan was to
3 file a petition for instructions *in conjunction* with a motion for relief from stay and that no action
4 would be taken on the insurance proceeds unless and until both the Superior Court and the
5 Bankruptcy Court had blessed the proposed distributions. *See id.* Counsel for the Trustee
6 acknowledged that the Co-Trustees had previously explained that plan and that the recent filing
7 by the Bankruptcy Trustee was based on a misunderstanding of the procedural posture of the
8 Superior Court proceedings. *See id.*

9 At the hearing, Jeff informed Judge Luna that the Trustee filed this Motion and that Jeff
10 was willing to wait for the Motion hearing before seeking any distributions from the Superior
11 Court. *See id.* Contrary to the Trustee's representations in the Motion, Jeff did not urge Judge
12 Luna to authorize any distributions at the hearing nor did the Superior Court reinforce the interim
13 order authorizing the $6,000,000.00 in distributions. *See id.* In fact, Judge Luna renewed her
14 stay on the August 18 interim order authorizing distributions until September 11, 2023 – *after* the
15 hearing on the Trustee's Motion. *See id.*

## ARGUMENT

17 The Motion must be denied. Procedurally, the Trustee should not be allowed to proceed
18 with the Motion on shortened notice as he failed to establish either that the Trustee is entitled to a
19 hearing of the Motion on an expedited basis or that the Motion is likely to be granted. Moreover,
20 Jeff is entitled to full briefing and a hearing on the Motion for Relief from Stay filed and served
21 on August 14. The Trustee's counsel himself acknowledged that the Motion filing was based on
22 a misunderstanding of Co-Trustees' plan and the proceedings in the Superior Court.

23 **I.    THE TRUSTEE'S MOTION IS PROCEDURALLY INEFFECTUAL**

24 The Trustee argues the Motion should be heard on September 6 pursuant to Local
25 Bankruptcy Rule 9075-1(b), which requires the applicant to "justif[y] the setting of a hearing on
26 shortened notice" and "establis[h] a prima facie basis for the granting of the underlying notice."
27 *See* LBR 9075-1(b)(2)(B). Neither the Motion nor the Application establishes why the Motion
28 should be granted or justifies the setting of a hearing on the Motion on shortened notice.

**A.   There Is No Legitimate Reason To Grant The Motion, Which Is Based On Trustee's Mischaracterizations Of The Facts**

The Trustee claims Jeff "urged the [Superior Court] judge to issue an order on August 30, 2023, at 1:30 pm to distribute six million dollars ($6,000,000.00) of life insurance policy proceeds acquired pre-petition (using commingled funds) which the Menlo Trust beneficiaries claim as their separate property and that legally, under 9th Circuit law, are presumptively property of the Debtor's estate." *See* Dkt. No. 304, 2(a).  The Trustee also claims throughout the Motion that he (through counsel) attempted to obtain documents from Co-Trustees of the Menlo Trust to no avail.  *See, e.g.*, Dkt. No. 303 at 12-13.  But, the Trustee's claims are unsupported by the factual record.

The Trustee misrepresents what happened at the August 18 hearing in the Superior Court as both Jeff and the Superior Court fully respected the automatic stay in place.[2]  Jeff requested that the Superior Court authorize distributions to certain Trust beneficiaries in the Petition for Instructions he filed (joined by Co-Trustee Frank) on July 28.  *See* Dkt. No. 254-1, Ex. 1.  He supplemented that petition on August 15 to inform the Court, *inter alia*, that he had filed the Motion for Relief from Stay in the Bankruptcy Action the day before to facilitate his requested distributions.  *See* Weingarten Decl., Ex. 2.  All relevant parties (including Klein) were given notice of the Petition and had the opportunity to object prior to it coming on for hearing on August 18.  *See id.*  At the hearing, the Superior Court of her own accord (and not at the "urging" of Jeff or his counsel) issued an interim order authorizing the sum of $6,000,000.00 (a small fraction of what was requested in the Petition for Instructions) to be released by American General (one of the insurance policies at issue) to Co-Trustees for distribution to the Trust beneficiaries.  *See* Weingarten Decl., Ex. 4.  The Superior Court then granted a stay on the interim order "[a]t the request of counsel for the bankruptcy trustee" until the August 30 hearing.

---

[2] This should be obvious considering Jeff filed the Motion for Relief from Stay *before* the Trustee engaged in his recent flurry of filings and has otherwise respected the automatic stay.

1  *See id.*[3] Neither Jeff nor the Superior Court has done anything in violation of the automatic stay or this Court's orders.

3  The Trustee also misstates the facts regarding the "commingled funds" at issue. There is no indication in the extensive factual record, including the findings of Judge Reiser after a trial extending over several months, that the insurance policy premiums were paid from non-beneficiary third-party sources. *See* Dkt. No. 254. The Superior Court is familiar with this factual record and made her August 18 interim order because there is no evidence of any non-beneficiary third-party contribution to payment of insurance premiums. *See id.* The Trustee has requested documents showing otherwise from Klein and has not received them. *See id.* Thus, the Trustee has no factual evidence of "commingling" with respect to the insurance funds the Co-Trustees seek to distribute. The Trustee is delaying distributions to the Trust beneficiaries for no legitimate reason because there are no non-beneficiary creditors to protect with a bona fide interest in the insurance proceeds.

Finally, the Trustee is misguided regarding Jeff's failure to provide him with documents or information. The Trustee *never attempted to contact Jeff or his counsel* to obtain documents or information regarding the life insurance proceeds or the Petition for Instructions (despite Jeff being the filing party behind the Petition for Instructions, all supplements to the Petition, and the Motion for Relief from Stay). *See* Weingarten Decl., ¶ 8. Moreover, Jeff's counsel was not included in any discussions about missing documents or information between Frank's counsel and the Trustee. *See id.* At the August 30, 2023 hearing, Jeff's counsel was informed that Frank's counsel has been cooperating with the Trustee's requests and recently began sending the documents and information requested. *See id.* Jeff should not be punished for any early failure by Frank or his counsel to respond or comply with the Trustee's requests (and, anyway, it appears the Trustee has or is getting the information he needs).

---

[3] The Superior Court also previously offered to hold a joint hearing with this Court to ensure all parties were on the same page. *See* Weingarten Decl., Ex. 1.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

**B.     The Trustee Is Forcing Jeff To Participate In An Unnecessarily Expedited Motion Hearing For No Legitimate Reason**

The Trustee claims the Motion must be heard on September 6, 2023 (on only nine days' notice) because there are other unrelated matters on calendar that day and the Motion should be heard "[i]n the interest of economy, and in order to avoid further confusion." *See* Dkt. No. 304, 2(c). None of the Trustee's reasons for an expedited hearing make any sense.

First, the Trustee could have just opposed Jeff's Motion for Relief from Stay already on calendar (which he did on August 30) instead of filing another unnecessary motion. Jeff filed the Motion for Relief from Stay giving proper notice two weeks before the Trustee filed the Motion to Enforce. *See* Dkt. No. 254. The Motion for Relief from Stay has been set for hearing on September 13, 2023 for over two weeks (as of August 15, 2023). *See* Dkt. No. 256. Resources have already been expended properly briefing and serving the Motion for Relief from Stay and setting it for hearing with proper notice. The proper course of action for the Trustee was to simply oppose the Motion for Relief from Stay utilizing the procedural vehicle already in place rather than filing a flurry of unnecessary documents without proper notice *or even a courtesy meet and confer*. The issue of whether this matter should be stayed is *already on calendar* to be addressed on September 13 (only seven days after the Trustee's improperly noticed hearing date). The Court should address the issue of the stay methodically as noticed on September 13 as the Trustee has not even attempted to show any emergency which would require moving the hearing date up a week.

Second, the matters the Trustee lists already calendared for September 6 have no bearing on the Motion or whether the case is stayed. It makes very little practical difference to any of the parties whether the Motion is heard or decided on September 6 or September 13. Notably, the Trustee does not articulate any specific reason why any of the six matters mentioned affect the hearing or outcome of the Motion.

Third, the Trustee has created inefficiency and further confusion with this Application (far from requesting an expedited hearing "[i]n the interest of economy"). Jeff filed the Motion for Relief from Stay and set it for hearing following the rules and with proper notice – with no

motive other than to try to do right by the Trust beneficiaries and distribute at least part of the funds to which they are entitled in a timely manner. Rather than simply oppose Jeff's Motion, the Trustee first filed: (1) the Motion for 2004 Examination without consulting Jeff or requesting any documents from him to examine, *see* Dkt. No. 301; (2) the Motion For Order Enforcing the Automatic Stay again without consulting Jeff, *see* Dkt. No. 303; and (3) the Application inexplicably requesting a different hearing date than the September 13 hearing already set for the Motion for Relief from Stay, *see* Dkt. No. 304. The Trustee could have requested documents from Jeff and Frank directly (in lieu of filing the Motion for 2004 Examination) and opposed Jeff's Motion for Relief (in lieu of the Motion and Application resulting in unnecessary briefing and expenditure of all parties' resources). It appears that the Trustee's primary motive in filing the Motion and Application was to jump the line in order to mischaracterize the events that occurred in the Superior Court. *See supra* § I.A.

## II. THE MENLO TRUST IS ENTITLED TO RELIEF FROM STAY AS ARGUED IN JEFF'S NOTICED MOTION

The Trustee's Motion must fail because Jeff is entitled to relief from stay under 11 U.S.C. § 362(d), as he argues in the Motion for Relief from Stay filed on August 14. *See* Dkt. No. 254. First, this Court *must* grant relief from stay under § 362(d)(2) if two conditions apply (as they do here): (1) the debtor does not have an equity in the property in question; and (2) such property is not necessary to an effective reorganization of the bankruptcy estate. *See, e.g.*, *In re Tri-Growth Centre City, Ltd.*, 136 B.R. 848, 849-850 (Bankr. S.D. Cal. 1992) (granting motion for relief from stay where debtor had insufficient interest in motel property and failed to carry its burden to demonstrate that the motel could be effectively used to reorganize). Second, alternatively, "[t]he bankruptcy court generally has broad discretion in granting relief from stay for cause under § 362(d)." *In re Edwards*, 454 B.R. 100, 107 (B.A.P. 9th Cir. 2011); *see also* 11 U.S.C. § 362(d)(1).

### A. Relief From Stay Must Be Granted Under Section 362(d)(2)

Relief from stay must be granted under Section 362(d)(2) because: (1) Klein does not have an equity or, indeed, any interest whatsoever in the life insurance proceeds Co-Trustees

seek to distribute; and (2) the life insurance funds are not necessary to an effective reorganization of the estate because they are not part of the bankruptcy estate.

There is no evidence whatsoever that Klein has any equity in the life insurance proceeds because he has zero legitimate interest in or right to that property. *See* Dkt. No. 254-1, Ex. 7 at 19:14-24, 22:11-25:9; Ex. 9; Ex. 11, ¶¶ 6-7; Ex. 12, ¶ 6. Klein has been given ample opportunity to provide documents supporting any interest he has in the life insurance policies, and he has produced nothing. The bankruptcy trustee's request for "appropriate disclosures" is futile (as Klein has nothing more to disclose) and should not preclude the relief Jeff is seeking from being granted. The Menlo Beneficiaries are the rightful beneficiaries of the Menlo Trust assets including the proceeds of the life insurance policies within the Menlo Trusts.

Moreover, Klein cannot and does not claim the life insurance policies as part of the bankruptcy estate (much less establish that they are essential to a reorganization of the estate). *See* Dkt. No. 254-1, Exs. 9, 12. At most, Klein claims that approximately $6 million related to life insurance policies belong to certain beneficiaries (from whom he "borrowed" to pay insurance premiums or attorneys' fees), but Klein does not claim that these funds belong to him or to another non-beneficiary third party (and, thus, does not claim these funds as part of the bankruptcy estate). *See id.*, Exs. 9, 11, 12. The funds belong to the Menlo Trust beneficiaries. *See id.*, Exs. 1-2.

### B. Alternatively, The Court Should Grant Relief From Stay Under Section 362(d)(1) For "Cause"

The Court should grant relief from stay "for cause" under § 362(d)(1) as the balance of harms if the case remains stayed weighs in favor of the Menlo Beneficiaries and against Klein.

Myriad non-exclusive factors weigh in favor of relief from stay including:

- The Superior Court is the appropriate venue to confirm distributions to the beneficiaries as Judge Luna in the Superior Court is familiar with the facts of this long, drawn-out, and complicated litigation. *See, e.g.*, Dkt. No. 254-1, Exs. 4-5.

- The continued litigation in the Superior Court for the purposes of distributing life insurance proceeds to the Menlo Beneficiaries pursuant to the terms of the Distribution

1  Agreement and Petition for Instructions will not interfere with the bankruptcy case. *See id.*, Ex. 11, ¶¶ 10-13.

- Lifting the stay for the purposes of making life insurance distributions will not prejudice the interests of Klein or any interested parties. *See id.*, Exs. 9, 12.

- Finally, the Menlo Beneficiaries' interests will be resolved most expeditiously in the Superior Court. Klein has drawn this litigation out for over a decade during which time the Menlo Beneficiaries have received zero distributions. The Menlo Beneficiaries will suffer greater prejudice from the stay and continued lack of distributions than Klein or any other interested party will suffer by temporary relief from the stay because neither Klein nor any other third party has any legitimate interest in these distributions. *See* Weingarten Decl., Exs. 9, 11-12. There is no legitimate reason to further delay the beneficiaries' distributions of the life insurance proceeds.

## CONCLUSION

Co-Trustee Jeffrey Winter respectfully requests that the Court deny Trustee's Motion or, in the alternative, allow the Motion for Relief from Stay to be heard alongside Trustee's Motion on September 6, 2023.

Dated: August 31, 2023

**WILLKIE FARR & GALLAGHER LLP**

By: */s/ Alex M. Weingarten*
Alex M. Weingarten
Logan M. Elliott
Attorneys for Creditor
CO-TRUSTEE JEFFREY WINTER

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
WILLKIE FARR & GALLAGHER LLP, 2029 Century Park East, Suite 3400, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): _____
JEFFREY WINTER'S OPPOSITION TO MOTION OF CHAPTER 11 TRUSTEE, FOR ORDER
ENFORCING THE AUTOMATIC STAY AGAINST THE MENLO TRUST AND RELATED RELIEF
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/31/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
    SEE ATTACHED LIST.

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 08/31/2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
    SEE ATTACHED LIST.

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/31/2023 | Arkisa Ward | /s/ Arkisa Ward |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          F 9013-3.1.PROOF.SERVICE

# SERVICE LIST

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- Simon Aron saron@wrslawyers.com, moster@wrslawyers.com
- Reem J Bello rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Ron Bender rb@lnbyg.com
- Michael Jay Berger michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- Greg P Campbell ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- Baruch C Cohen bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- Theron S Covey tcovey@raslg.com, sferry@raslg.com
- Jeffrey W Dulberg jdulberg@pszjlaw.com
- Dane W Exnowski dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- Michael I. Gottfried mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com
- Brandon J Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
- Michael S Kogan mkogan@koganlawfirm.com
- John W Lucas jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Ron Maroko ron.maroko@usdoj.gov
- Kirsten Martinez Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- Steven M Mayer smayer@mayerlawla.com
- Krikor J Meshefejian kjm@lnbyg.com
- Kenneth Misken Kenneth.M.Misken@usdoj.gov
- Jeffrey P Nolan jnolan@pszjlaw.com
- Eric J Olson eric@ejolsonlaw.com
- Jeffrey N Pomerantz jpomerantz@pszjlaw.com
- Brian A Procel bprocel@millerbarondess.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- Joshua L Scheer jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- Mark M Sharf (TR) mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com
- Bradley D. Sharp (TR) bsharp@dsi.biz
- Nikko Salvatore Stevens nikko@cym.law, mandi@cym.law
- Alan G Tippie Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com; Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- Gary Tokumori gtokumori@pmcos.com

- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- Michael L Wachtell mwachtell@buchalter.com
- John P. Ward jward@attleseystorm.com, ezhang@attleseystorm.com
- Brett J. Wasserman wasserman@smcounsel.com
- Alex M Weingarten aweingarten@willkie.com, lcarter@willkie.com
- Clarisse Young youngshumaker@smcounsel.com, levern@smcounsel.com
- Paul P Young paul@cym.law, jaclyn@cym.law
- Roye Zur rzur@elkinskalt.com, cavila@elkinskalt.com; lwageman@elkinskalt.com;1648609420@filings.docketbird.com

**SERVED BY OVERNIGHT MAIL:**

Honorable Sandra R. Klein
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1582 / Courtroom 1575
Los Angeles, CA 90012

Honorable Ana Maria Luna
Superior Court of the State of CA
County of Los Angeles, Dept. 3
111 North Hill Street
Los Angeles, CA 90012

United States Trustee (LA)
915 Wilshire Blvd, Ste. 1850
Los Angeles, CA 90017-3560

Jeffrey P. Nolan
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd, 13th Floor
Los Angeles, CA 90067