# EXHIBIT 1

1            SUPERIOR COURT OF THE STATE OF CALIFORNIA

2              IN AND FOR THE COUNTY OF LOS ANGELES

3   DEPARTMENT 3               HON. ANA MARIA LUNA, JUDGE

4

5   IN THE MATTER OF        )  CASE NO. BP136769
                        )  [CONSOLIDATED/RELATED
6                        )  TO 24 CASES]
                        )
7   FRANKLIN HENRY MENLO     )
   IRREVOCABLE TRUST ESTABLISHED )
8   MARCH 1, 1983         )
   _____)
9                        )
   LESLIE KLEIN, TRUSTEE,    )
10                      )
            RESPONDENT,    )
11                      )
   LES KLEIN & ASSOCIATES, INC., )
12                      )
            RESPONDENT.    )
13   _____)

14

15           REPORTER'S TRANSCRIPT OF PROCEEDINGS

16              MONDAY, JULY 10, 2023

17

18

19

20

21

22

23

24

25   (APPEARANCES ON FOLLOWING PAGE)

26

27   REPORTED BY:        JANET MURPHY, CSR NO. 9650
                  OFFICIAL REPORTER PRO TEMPORE
28

Case 2:23-bk-10990-SK   Doc 318-2   Filed 08/31/23   Entered 08/31/23 12:11:30   Desc
Exhibit Exhibits to Declaration of Alex Weingarten ISO Opposition   Page 3 of 65

2

```
 1   APPEARANCES:

 2

 3   FOR PETITIONER CO-TRUSTEE JEFFREY WINTER:

 4              WILLKIE FARR & GALLAGHER LLP
               BY:  ALEX M. WEINGARTEN, ESQ.
 5                  STEVEN GOODRICH, ESQ.
               2029 CENTURY PARK EAST
 6             SUITE 3400
               LOS ANGELES, CALIFORNIA 90067
 7             (310) 855-3000
               AWEINGARTEN@WILLKIE.COM
 8             SGOODRICH@WILLKIE.COM

 9

10   FOR PETITIONER CO-TRUSTEE FRANKLIN MENLO AND
     NON-WINTER PETITIONERS:
11
               DONALD L. SALTZMAN,
12             PROFESSIONAL LAW CORPORATION
               BY:  DONALD L. SALTZMAN, ESQ.
13             10537 BUTTERFIELD ROAD
               LOS ANGELES, CALIFORNIA 90064
14             (310) 617-3073
               DLSLAWCORP@AOL.COM
15

16   FOR FORMER TRUSTEE LESLIE KLEIN:

17             PARKER, MILLIKEN, CLARK,
               O'HARA & SAMUELIAN, A PROFESSIONAL
18             CORPORATION
               BY:  TERENCE S. NUNAN, ESQ.
19             515 SOUTH FIGUEROA STREET
               EIGHTH FLOOR
20             LOS ANGELES, CALIFORNIA 90071
               (213) 683-6500
21             TNUNAN@PMCOS.COM

22

23   FOR RESPONDENT LESLIE KLEIN AS AN INDIVIDUAL:

24             EJOLSONLAW
               BY:  ERIC J. OLSON, ESQ.
25             301 EAST COLORADO BOULEVARD
               SUITE 520
26             PASADENA, CALIFORNIA 91101
               (626) 224-5619
27             ERIC@EJOLSONLAW.COM
               (VIA LA COURT CONNECT)
28
```

Case 2:23-bk-10990-SK    Doc 318-2    Filed 08/31/23    Entered 08/31/23 12:11:30    Desc
Exhibit Exhibits to Declaration of Alex Weingarten ISO Opposition    Page 4 of 65

3

```
 1   APPEARANCES (CONTINUED):

 2

 3   FOR MENLO BENEFICIARIES:

 4                 OLDMAN, COOLEY, SALLUS, BIRNBERG,
                   COLEMAN & GOLD, LLP
 5                 BY:  NATHAN TALEI, ESQ.
                   16133 VENTURA BOULEVARD
 6                 PENTHOUSE SUITE A
                   ENCINO, CALIFORNIA 91436
 7                 (818) 986-8080
                   NTALEI@OCLSLAW.COM
 8                 (VIA LA COURT CONNECT)

 9

10   FOR THE CHAPTER 11 BANKRUPTCY TRUSTEE:

11                 PACHULSKI STANG ZIEHL & JONES LLP
                   BY:  JEFFREY P. NOLAN, ESQ.
12                 10100 SANTA MONICA BOULEVARD
                   13TH FLOOR
13                 LOS ANGELES, CALIFORNIA 90067
                   (310) 277-6910
14                 JNOLAN@PSZJLAW.COM

15

16

17   ALSO PRESENT:

18                 RAFAEL DEUTSCH

19                 LESLIE KLEIN

20                 FRANKLIN MENLO

21                 JEFFREY WINTER

22                 JEREMY WINTER

23

24

25

26

27

28

29
```

Case 2:23-bk-10990-SK    Doc 318-2    Filed 08/31/23    Entered 08/31/23 12:11:30    Desc
Exhibit Exhibits to Declaration of Alex Weingarten ISO Opposition    Page 5 of 65

4

1              M A S T E R   I N D E X

2                   VOLUME 1

3

4                   SESSIONS

5

6   MONDAY, JULY 10, 2023                          PAGE

7      P.M. SESSION                                   5

Case 2:23-bk-10990-SK   Doc 318-2   Filed 08/31/23   Entered 08/31/23 12:11:30   Desc
Exhibit Exhibits to Declaration of Alex Weingarten ISO Opposition   Page 6 of 65

5

```
 1   CASE NUMBER:                 BP136769 [CONSOLIDATED/RELATED

 2                                TO 24 CASES]

 3   CASE NAME:                   MENLO, FRANKLIN HENRY

 4                                IRREVOCABLE TRUST

 5   LOS ANGELES, CALIFORNIA      MONDAY, JULY 10, 2023

 6   DEPARTMENT 3                 HON. ANA MARIA LUNA, JUDGE

 7   APPEARANCES:                 (AS HERETOFORE NOTED.)

 8   REPORTER:                    JANET MURPHY, CSR NO. 9650

 9   TIME:                        1:50 P.M.

10

11

12        THE COURT:  LET'S GO TO CALENDAR NUMBERS 5001

13   THROUGH 5010, WHICH INVOLVE THE ALAN JASON WINTER TRUST,

14   22STPB07138; EMILY WINTER TRUST, 22STPB07143; THE

15   AVROMI DEUTSCH TRUST, 22STPB11020; FRANKLIN MENLO TRUST,

16   BP136769; SARAH ELIZABETH WINTER TRUST, 22STPB07135.  I

17   THINK THAT'S ALL OF THE MATTERS THERE.

18             ALL RIGHT.  SO THEN WE HAVE NATHAN TALEI ON

19   COURT CONNECT IN THESE MATTERS.

20             AND AS I START, WE HAVE COUNSEL TO MY LEFT.

21             AT THE END OF THE TABLE, MR. SALTZMAN, GO

22   AHEAD AND GIVE YOUR APPEARANCE.

23        MR. SALTZMAN:  HI.  GOOD MORNING, YOUR HONOR.  THIS

24   IS -- GOOD AFTERNOON, THAT IS.  THIS IS DON SALTZMAN ON

25   BEHALF OF FRANK MENLO AND ALL THE PETITIONERS EXCEPT THE

26   WINTER PETITIONERS.

27        MR. GOODRICH:  GOOD AFTERNOON, YOUR HONOR.

28   STEVEN GOODRICH ON BEHALF OF CO-TRUSTEE JEFF WINTER AS
```

```
 1    MR. KLEIN'S LIABILITY WITH RESPECT TO THE 72 TRUST
 2    ACCOUNTINGS.
 3                THAT HAS NOT YET HAPPENED, UNDISPUTEDLY.
 4          MR. SALTZMAN:  IT'S NOT 72.  IT'S 24.
 5          MR. NUNAN:  WELL, THREE TIMES 24 IS 72 THE LAST TIME
 6    I CHECKED.
 7          THE COURT:  SURCHARGE AS TO EACH OF THE ACCOUNTINGS
 8    FOR EACH OF THE 24.
 9                ALL RIGHT.  SO LET'S GO AHEAD AND TAKE A
10    BREAK FOR THE BENEFIT OF THE COURT REPORTER AND COUNSEL.
11    FIFTEEN MINUTES.  WE'LL RESUME AT 3:15.
12          MR. SALTZMAN:  THANK YOU, YOUR HONOR.
13          MR. NUNAN:  THANK YOU, YOUR HONOR.
14                (A RECESS WAS HELD FROM 2:58 TO 3:29.)
15          MR. WEINGARTEN:  I HAVE A PROPOSAL, YOUR HONOR, I'VE
16    WORKED THROUGH ON THIS END THAT I THINK RESOLVES THE ISSUE.
17          THE COURT:  WE'RE BACK ON THE RECORD IN THE MENLO AND
18    WINTER MATTERS.  ALL PARTIES AND THE COUNSEL ARE PRESENT.
19                GO AHEAD, MR. WEINGARTEN.
20          MR. WEINGARTEN:  SO ASSUMING IT'S ALL RIGHT WITH
21    YOUR HONOR, WHAT THE CO-TRUSTEES INTEND TO DO -- YOU'VE
22    ALREADY GIVEN US THE AUTHORITY TO COLLECT THE MONEY.
23                WE WOULD FILE A MOTION TO PRESENT FOR YOUR
24    CONSIDERATION AND HOPEFULLY APPROVAL AUTHORIZING A SPECIFIC
25    DISTRIBUTION PLAN.  WE WILL CONCURRENTLY FILE A REQUEST OR
26    MOTION WITH THE BANKRUPTCY COURT SEEKING RELIEF FROM STAY,
27    TO THE EXTENT IT'S REQUIRED FOR IMPLEMENTATION OF SAID
28    DISTRIBUTION PLAN, TO DO A BELTS-AND-SUSPENDERS APPROACH AND
```

Case 2:23-bk-10990-SK   Doc 318-2   Filed 08/31/23   Entered 08/31/23 12:11:30   Desc
Exhibit Exhibits to Declaration of Alex Weingarten ISO Opposition   Page 8 of 65

48

1   RESOLVE IT THAT WAY.

2        MR. SALTZMAN:  WELL, YOU KNOW, WE'VE ALREADY FILED --

3   WE'VE ALREADY FILED -- AND I DIDN'T UNDERSTAND WHEN

4   MR. NOLAN SAID THIS EARLIER -- WE'VE ALREADY FILED A

5   PETITION FOR RELIEF FROM STAY.  AND MY UNDERSTANDING IS

6   THAT ON AUGUST 9, THAT'S ONE OF THE ISSUES FOR DECISION.

7        MR. WEINGARTEN:  WELL, AND THERE YOU GO.  IF IT'S

8   REDUNDANT, IT'S REDUNDANT AND WE DON'T NEED TO DO IT.

9             BUT IN ANY EVENT, THE PROPOSAL IS TO FILE A

10  PROPOSED DISTRIBUTION PLAN, YOUR HONOR, AND TO ADDRESS THE

11  BANKRUPTCY COURT EITHER THROUGH THE PENDING MOTION FOR

12  RELIEF FROM STAY OR IF A DIFFERENT ONE IS REQUIRED, AND

13  ADDRESS IT ALL THAT WAY, SO THERE IS NO CONCERN.

14        THE COURT:  ALL RIGHT.  WELL, I E-MAILED JUDGE KLEIN

15  TO SEE IF SHE'S AMENABLE TO A DUAL ON-THE-RECORD CONFERENCE

16  SO MAYBE WE CAN AT LEAST GET THE ISSUE OF THE INSURANCE

17  MONIES RESOLVED.  SO I DID THAT DURING THE BREAK, AMONG SOME

18  OTHER THINGS.

19        MR. NUNAN:  COULD I INQUIRE, IS THAT GOING TO BE JUST

20  YOU AND HER?

21        THE COURT:  NO.  IT WILL BE NOTICED AND EVERYBODY CAN

22  CHOOSE WHERE THEY WISH -- FEEL MORE COMFORTABLE.  I'M SURE

23  MR. NOLAN WOULD MUCH RATHER BE IN THE BANKRUPTCY COURTROOM

24  RATHER THAN HERE IN STATE COURT.

25        MR. NUNAN:  I'VE BEEN TRYING TO PERSUADE HIM IN THE

26  LAST 10 MINUTES THAT THIS IS REALLY WHERE THE ACTION IS.

27        THE COURT:  AND IT'S CONFIRMED HIS DECISION TO STAY

28  PRACTICING IN BANKRUPTCY, I'M SURE.

Case 2:23-bk-10990-SK   Doc 318-2   Filed 08/31/23   Entered 08/31/23 12:11:30   Desc
Exhibit Exhibits to Declaration of Alex Weingarten ISO Opposition   Page 9 of 65

54

1          THE COURT:  ALL RIGHT.  THANK YOU, COUNSEL.

2          MR. WEINGARTEN:  THANK YOU, YOUR HONOR.

3                (PROCEEDINGS CONCLUDED AT 3:38 P.M.)

55

```
 1              SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                  IN AND FOR THE COUNTY OF LOS ANGELES

 3   DEPARTMENT 3                      HON. ANA MARIA LUNA, JUDGE

 4

 5   IN THE MATTER OF            )   CASE NO. BP136769
                                 )   [CONSOLIDATED/RELATED
 6                               )   TO 24 CASES]
                                 )
 7   FRANKLIN HENRY MENLO        )
     IRREVOCABLE TRUST ESTABLISHED )   REPORTER'S CERTIFICATE
 8   MARCH 1, 1983              )
     _____)
 9                               )
     LESLIE KLEIN, TRUSTEE,      )
10                               )
                   RESPONDENT,   )
11                               )
     LES KLEIN & ASSOCIATES, INC., )
12                               )
                   RESPONDENT.   )
13   _____)

14

15              I, JANET MURPHY, CSR NO. 9650, OFFICIAL

16   REPORTER PRO TEMPORE OF THE SUPERIOR COURT OF THE STATE OF

17   CALIFORNIA, FOR THE COUNTY OF LOS ANGELES, DO HEREBY CERTIFY

18   THAT THE FOREGOING PAGES, 1 THROUGH 54, COMPRISE A FULL,

19   TRUE AND CORRECT TRANSCRIPT OF THE PROCEEDINGS TAKEN IN THE

20   ABOVE-ENTITLED CAUSE ON JULY 10, 2023.

21              DATED THIS 23RD DAY OF AUGUST, 2023.

22

23
                        Janet Murphy
24   _____
                   JANET MURPHY, CSR NO. 9650
25                 OFFICIAL REPORTER PRO TEMPORE

26

27

28
```

# EXHIBIT 2

Electronically FILED by Superior Court of California, County of Los Angeles 8/15/2023 4:10 PM David W. Slayton, Executive Officer/Clerk of Court, By A. Villarino, Deputy Clerk

Alex M. Weingarten (SBN 204410)
AWeingarten@willkie.com
Logan M. Elliott (SBN 268105)
LElliott@willkie.com
**WILLKIE FARR & GALLAGHER LLP**
2029 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: (310) 855-3000
Facsimile: (310) 855-3099

Attorneys for Petitioner
CO-TRUSTEE JEFFREY WINTER

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

In the Matter of

FRANKLIN HENRY MENLO IRREVOCABLE TRUST ESTABLISHED MARCH 1, 1983

LESLIE KLEIN, TRUSTEE,

Respondent,

LES KLEIN & ASSOCIATES, INC.,

Respondent.

CASE NO.: BP136769[1]
[Consolidated/Related to 24 Cases]

Assigned for All Purposes to
Hon. Ana Maria Luna, Dept. 3

**SECOND SUPPLEMENT TO PETITION FOR INSTRUCTIONS REGARDING DISTRIBUTIONS**

Date: August 18, 2023
Time: 1:30 p.m.
Dept.: 3

Action Filed: September 18, 2012

[1] Consolidated/Related to Case Nos.: BP139977; BP139978; BP139999; BP140000; BP140001; BP140002; BP140003; BP140004; BP140005; BP140007; BP140008; BP140009; BP140010; BP140011; BP140012; BP140013; BP140014; BP140015; BP140016; BP140017; BP140018; BP140019; BP140020; and BP154676.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

1    Petitioner Jeffrey Winter ("Jeff"), as Co-Trustee of the Franklin Henry Menlo Irrevocable

2 Trust Established March 1, 1983 (the "Trust"), hereby respectfully supplements his Petition For

3 Instructions Regarding Distributions ("Petition"), filed on July 28, 2023 and joined by Co-

4 Trustee Frank Menlo ("Frank" and collectively with Jeff, "Co-Trustees"), and alleges as follows:

5    **PRELIMINARY STATEMENT**

6    1.    Jeff (joined by Frank) files this Second Supplement To Petition For Instructions

7 Regarding Distributions ("Second Supplement") to notify the Court regarding two matters

8 related to the Petition.

9    2.    First, Co-Trustees confirm that in the event the Petition is granted there are

10 adequate reserves set aside for the payment of the various attorneys' fees and costs requests

11 Leslie Klein ("Klein") filed in this matter should payment of some or all of these fees be

12 awarded.

13    3.    Second, on August 14, 2023, Jeff filed a motion for relief from stay in the matter

14 of Klein's Chapter 11 bankruptcy, Case No. 2:23-bk-10990-SK (the "Bankruptcy Matter"),

15 requesting that the bankruptcy court grant temporary relief from stay so that Co-Trustees may

16 make distributions to the Trust beneficiaries in accordance with this Court's instructions.

17    **FACTUAL BACKGROUND**

18    4.    Klein filed three separate pleadings requesting attorneys' fees and costs in this

19 action as follows (together, the "Pending Fee Petitions") seeking, in total, $497,794.96.

20    •    On July 20, 2022, Klein filed the Fourth Petition For Approval Of Payment Of

21        Attorneys' Fees And Costs Incurred By Trustee requesting $117,975.46 to Parker,

22        Milliken, Clark, O'Hara & Samuelian, APC ("Parker Millken") for the period

23        March 2021 – May 2021.

24    •    On August 25, 2022, Klein filed the Joinder Of Buchalter To Fourth Petition For

25        Approval Of Payment Of Attorneys' Fees And Costs Incurred By Trustee

26        requesting $133,541.64 to Buchalter for the period August 2021 – October 2021

27        and $44,290.81 to Buchalter for the period January 2022 – July 2022.

28

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

- On September 9, 2022, Klein filed the Petition To Authorize Distribution, Appoint Receiver And To Instruct Trustee requesting additional attorneys' fees and costs in the amounts of: (a) $137,768.35 to Parker Milliken for the period December 2021 – February 2022; and (b) $64,236.70 to Buchalter for the period November 2021 – December 2021.

5.     On September 6, 2022, Frank and the other Menlo Beneficiaries filed the Opposition Of Petitioners To Trustee's Fourth Petition For Approval Of Payment Of Attorneys' Fees And Costs opposing Klein's fees and costs requests.

6.     On September 13, 2022, the Winter Beneficiaries filed the Objections To Fourth Petition For Approval Of Payment Of Attorneys' Fees And Costs Incurred By Trustee uniformly objecting to Klein's requests for fees and costs.

7.     On September 15, 2022, the Winter Beneficiaries filed the Objections To Petition To authorize Distribution, Appoint Receiver And To Instruct Trustee.

8.     On July 27, 2023, Co-Trustees signed an internal distribution agreement explaining how proceeds from life insurance policies associated with the Trust were to be distributed ("Distribution Agreement").  *See* Pet., Ex. 1.

9.     On July 28, 2023, Jeff filed the Petition (which was joined by Frank) to petition the Court for instructions confirming the Co-Trustee's distribution payouts agreed upon in the Distribution Agreement and proposed in the Petition.  *See generally* Pet.

10.     On August 8, 2023, Jeff filed the first Supplement To Petition For Instructions Regarding Distribution to inform the Court that the beneficiaries of the life insurance policies associated with the Trust (the "Life Insurance Beneficiaries") are all in agreement with the terms of the Distribution Agreement.  *See generally* First Suppl. To Pet.

## <u>ATTORNEYS' FEES AND COSTS RESERVE</u>

11.     There are adequate trust funds held in reserve (aside from the life insurance proceeds at issue in the Petition) to satisfy Klein's Pending Fee Petitions in the event the Pending Fee Petitions are granted in whole or in part.  The Trust will have at least $2,000,000.00 at its

disposal after the distributions proposed in the Petition are made.  This amount greatly exceeds the $497,794.96 sought by Klein.

## MOTION FOR RELIEF FROM STAY

12.     On August 14, 2023, Jeff filed a motion for relief from stay in the Bankruptcy Matter to request relief from the automatic stay imposed on this Court after Klein filed for bankruptcy.  Jeff requested temporary relief from stay in order to make distributions to the Life Insurance Beneficiaries and additional Trust beneficiaries in accordance with whatever this Court instructs pursuant to the Petition.  The motion for relief from stay was made on the grounds that: (a) Klein has zero interest in or claim to the insurance proceeds Co-Trustees seek to distribute; (b) the insurance funds are not necessary to reorganize the bankruptcy estate; and, alternatively (c) there is cause for relief from stay because the balance of harms weighs against maintaining the stay and prolonging the delay in the Trust beneficiaries receiving their distributions still further.  Currently, the motion is set to be heard on September 13, 2023.  A true and correct copy of the motion for relief from stay filed in the Bankruptcy Matter on August 14, 2023 is attached hereto as **Exhibit 29**.[2]

## PRAYER FOR RELIEF

WHEREFORE, Jeffrey Winter, as Co-Trustee of the Trust, prays for relief as follows:

1.     For instructions confirming the Co-Trustees' distribution payouts proposed herein for certain beneficiaries of the Trust; and

2.     For such other and further relief as the Court deems just and proper.

Dated:  August 15, 2023

**WILLKIE FARR & GALLAGHER LLP**

By: _____
     Alex M. Weingarten
     Logan M. Elliott
     Attorneys for Petitioner
     CO-TRUSTEE JEFFREY WINTER

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

---

[2] The motion for relief from stay and supporting documents are attached hereto sans exhibits for ease of review and to avoid an unnecessarily voluminous filing (as all the exhibits were for the benefit of the bankruptcy court and are already part of this Court's record).

66397269

3

**<u>VERIFICATION</u>**

I am a Petitioner in this matter and a Co-Trustee of the Franklin Henry Menlo Irrevocable Trust Established March 1, 1983.

I have read the **SECOND SUPPLEMENT TO PETITION FOR INSTRUCTIONS RE DISTRIBUTIONS** and know its contents.

The matters stated in the foregoing document are true of my own knowledge, or I am informed and believe that such allegations are true, and make such allegations on the basis of my information and belief.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____, at Los Angeles, California.

DocuSigned by:

*Jeff Winter*

5E6847521EB0407

Jeffrey Winter

VERIFICATION OF JEFFREY WINTER ISO SECOND SUPPLEMENT
TO PETITION FOR INSTRUCTIONS REGARDING DISTRIBUTIONS

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

Exhibit 29

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Alex M. Weingarten (SBN 204410)<br>AWeingarten@willkie.com<br>WILLKIE FARR & GALLAGHER LLP<br>2029 Century Park East, Suite 3400<br>Los Angeles, CA 90067<br>Telephone: (310) 855-3000<br>Facsimile: (310) 855-3099 | |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Jeffrey Winter | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>LESLIE KLEIN<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:23-bk-10990-SK<br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)** |
| | DATE: 09/13/2023<br>TIME: 8:30 am<br>COURTROOM: 1575 |

**Movant**: Jeffrey Winter, Co-Trustee of the Franklin Menlo Irrevocable Trust Established March 1, 1983

1. **Hearing Location**:
   ☒ 255 East Temple Street, Los Angeles, CA 90012      ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367      ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.   When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.   If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.   ☒   This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.   ☐   This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a.   ☐   An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b.   ☐   An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c.   ☐   An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:   08/14/2023

WILLKIE FARR & GALLAGHER LLP
Printed name of law firm (if applicable)

Alex M. Weingarten
Printed name of individual Movant or attorney for Movant

*/s/ Alex M. Weingarten*
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                   Page 2                              **F 4001-1.RFS.NONBK.MOTION**

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☐ Plaintiff

   b. ☐ Defendant

   c. ☒ Other (*specify*):  Jeffrey Winter, Co-Trustee of the Franklin Menlo Irrevocable Trust Established March 1, 1983

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action:* In the Matter of The Franklin Menlo Irrevocable Trust Established March 1, 1983

   b. *Docket number*: BP136769

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending*:
      Superior Court of the State of California, County of Los Angeles

   d. Causes of action or claims for relief (Claims):
      Accountings, Surcharge, Indemnification

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary  petition under chapter  ☐ 7  ☒ 11 ☐ 12 ☐ 13
      was filed on (*date*)  02/22/2023  .

   b. ☐ An order to convert this case to chapter  ☐ 7 ☐ 11 ☐ 12 ☐ 13
      was entered on (*date*) _____.

   c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**  Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☒ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☐ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                      Page 3                          **F 4001-1.RFS.NONBK.MOTION**

f. ☐ The bankruptcy case was filed in bad faith.

    (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2) ☐ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

    (3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

    (4) ☐ The Debtor filed only a few case commencement documents.  No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g. ☒ Other (*specify*):
The balance of harms weighs against maintaining the stay and towards granting relief as addressed in the attached Memorandum.  Additionally, Jeff requests relief from stay under 11 U.S.C. 362(d)(2).

5. **Grounds for Annulment of Stay.**  Movant took postpetition actions against the Debtor.

a. ☐ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c. ☐ Other (*specify*):

6. **Evidence in Support of Motion:  (*Important Note:  declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)**

a. ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b. ☐ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d. ☒ Other evidence (*specify*):
Exhibits attached to declaration

7. ☒ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☐ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3. ☐ The stay is annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 4                        **F 4001-1.RFS.NONBK.MOTION**

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☒ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☒ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☒ Other relief requested.

Date:  08/14/2023

WILLKIE FARR & GALLAGHER LLP
Printed name of law firm (*if applicable*)

 Alex M. Weingarten
Printed name of individual Movant or attorney for Movant

 */s/ Alex M. Weingarten*
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                              Page 5                                    **F 4001-1.RFS.NONBK.MOTION**

# DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (*name of Declarant*) __Alex M. Weingarten_____, declare as follows:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.  I am over 18 years of age.  I have knowledge regarding (Nonbankruptcy Action) because:

    ☐ I am the Movant.
    ☐ I am Movant's attorney of record in the Nonbankruptcy Action.
    ☐ I am employed by Movant as (*title and capacity*):
    ☒ Other (*specify*): I am counsel for Jeffrey Winter, Co-Trustee of the Franklin Menlo Irrevocable Trust Established March 1, 1983.

2.  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action.  I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

3.  In the Nonbankruptcy Action, Movant is:

    ☐ Plaintiff
    ☐ Defendant
    ☒ Other (*specify*): Jeffrey Winter, Co-Trustee of the Franklin Menlo Irrevocable Trust Established March 1, 1983

4.  The Nonbankruptcy Action is pending as:

    a.  *Name of Nonbankruptcy Action*: In the Matter of The Franklin Menlo Irrevocable Trust Established March 1, 1983
    b.  *Docket number*: BP136769
    c.  *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*:
        Superior Court of the State of California, County of Los Angeles

5.  **Procedural Status of Nonbankruptcy Action**:

    a.  The Claims are:
        with limited exceptions, fully resolved by the Superior Court's adoption of Court-Appointed Referee's 84-page Report & Recommendation on April 24, 2023.  Co-Trustees' ability to make distributions was stayed by Debtor's bankruptcy filing.

    b.  True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibits 1 through 12 of the Declaration of Alex M. Weingarten In Support Of Motion For Order Granting Relief From Automatic Stay Pursuant to 11 U.S.C. § 362
    c.  The Nonbankruptcy Action was filed on (*date*) __09/18/2012__.
    d.  Trial or hearing began/is scheduled to begin on (*date*) __12/15/2021__.
    e.  The trial or hearing is estimated to require __1__ days (*specify*).
    f.  Other plaintiffs in the Nonbankruptcy Action are (*specify*):
        Jeffrey Winter and Franklin Menlo, as Co-Trustees, and 24 beneficaries of the Menlo Family Trusts including the Franklin Menlo Irrevocable Trust Established March 1, 1983

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                           Page 6                              F 4001-1.RFS.NONBK.MOTION

g.  Other defendants in the Nonbankruptcy Action are (*specify*):

Leslie Klein and Les Klein & Associates, a professional law corporation

6.  **Grounds for relief from stay:**

a.  ☐  Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b.  ☒  Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c.  ☐  Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.  The insurance carrier and policy number are (*specify*):

d.  ☐  The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

(1)  ☐  It is currently set for trial on (*date*) _____.

(2)  ☐  It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____.  The basis for this belief is (*specify*):

(3)  ☐  The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e.  ☐  The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

(1)  ☐  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

(2)  ☐  The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):

(3)  ☐  Multiple bankruptcy cases affecting the Property include:

(A)  Case name:
Case number:                              Chapter:
Date filed:              Date discharged:              Date dismissed:
Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                              Page 7                              **F 4001-1.RFS.NONBK.MOTION**

(B) Case name:

   Case number:                                      Chapter:

   Date filed:                Date discharged:                  Date dismissed:

   Relief from stay regarding this Nonbankruptcy Action    ☐ was  ☐ was not  granted.

(C) Case name:

   Case number:                                      Chapter:

   Date filed:                Date discharged:                  Date dismissed:

   Relief from stay regarding this Nonbankruptcy Action    ☐ was  ☐ was not  granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f.  ☒ See attached continuation page for other facts justifying relief from stay.


7.  ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a.  ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b.  ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____

c.  ☐ For other facts justifying annulment, see attached continuation page.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


| 08/14/2023 | Alex M. Weingarten | /s/ Alex M. Weingarten |
|---|---|---|
| *Date* | *Printed name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                          Page 8                          **F 4001-1.RFS.NONBK.MOTION**

1

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

FACTUAL BACKGROUND ......................................................................................2

    Sam And Vera Menlo Establish Trusts For The Benefit Of Their Family .....................2

    Twenty-Four Beneficiaries Of The Menlo Trusts Initiate The Nonbankruptcy
    Action To Stop Klein's Theft Of Trust Assets ...................................................3

    Judge Reiser Finds Klein Committed Staggering Embezzlement In This Case And
    Orders A $30,401,823 Surcharge Against Klein ...............................................3

    The Superior Court Suspends Klein As Trustee And Appoints Jeffrey Winter And
    Frank Menlo As Interim Co-Trustees ............................................................5

    Co-Trustees File An Application For Writ Of Attachment And Right To Attach
    Order Which Klein Schemes To Avoid ..........................................................5

    Jeff Actively Pursued The Writs Of Attachment Prior To The Bankruptcy Stay ...........6

    The Superior Court Formally Adopts The R&R.................................................6

    The Superior Court Allows Distribution Of Insurance Proceeds To Co-Trustees ...........7

    Klein Admits He Is Not Entitled To The Life Insurance Proceeds ...........................7

    Jeff Files Petition For Instructions In Nonbankruptcy Action To Disburse Life
    Insurance Proceeds To Certain Trust Beneficiaries.............................................8

RELIEF REQUESTED..............................................................................................9

JURISDICTION .......................................................................................................9

ARGUMENT ...........................................................................................................9

I.     RELIEF FROM STAY MUST BE GRANTED UNDER SECTION 362(D)(2)...........10

    A.    Klein Has No Right To Or Interest In The Life Insurance Proceeds Co-
        Trustees Seek To Distribute................................................................11

    B.    The Life Insurance Proceeds Are Unnecessary For Effective
        Reorganization Of The Bankruptcy Estate .............................................12

II.    ALTERNATIVELY, THE COURT MAY GRANT RELIEF FROM STAY
     UNDER SECTION  362(D)(1) BECAUSE SUFFICIENT "CAUSE" EXISTS
     FOR RELIEF ...............................................................................................13

CONCLUSION.......................................................................................................15

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

i

## TABLE OF AUTHORITIES

**Federal Cases**                                                                                    **Page(s)**

*In re A Partners, LLC*
    344 B.R. 114 (Bankr. E.D. Cal. 2006) ...................................................................13

*In re Am. Spectrum Realty, Inc.*
    540 B.R. 730 (Bankr. C.D. Cal. 2015)) ..................................................................13

*In re Avila*
    311 B.R. 81 (Bankr. N.D. Cal. 2004) .....................................................................10

*In re Edwards*
    454 B.R. 100 (B.A.P. 9th Cir. 2011).......................................................................10

*In re Kennedy*
    165 B.R. 488 (Bankr. W.D. Wash. 1994) ...............................................................10

*In re Tri-Growth Centre City, Ltd.*
    136 B.R. 848 (Bankr. S.D. Cal. 1992) .........................................................10, 11, 13

*United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*
    484 U.S. 365 (1988)................................................................................................13

**California State Cases**

*Young v. McCoy*
    147 Cal. App. 4th 1078. (2007) ..............................................................................1

**Federal Statutes**

11 U.S.C. § 362................................................................................................ *passim*

28 U.S.C. § 157.........................................................................................................10

28 U.S.C. § 1334.......................................................................................................10

28 U.S.C. § 1408.......................................................................................................10

28 U.S.C. § 1409.......................................................................................................10

**California State Statutes**

Cal. Civ. Proc. Code § 639 ........................................................................................4

Cal. Prob. Code § 850 ................................................................................................4

Cal. Prob. Code § 859 .............................................................................................4, 5

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION FOR RELIEF FROM STAY MEMORANDUM

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

## MEMORANDUM OF POINTS AND AUTHORITIES

Jeffrey Winter ("Jeff"),[1] co-trustee of the Menlo trusts (the "Menlo Trusts"), as a holder of claims against Leslie Klein (the "Debtor" and "Klein"), hereby respectfully submits this Memorandum of Points and Authorities (the "Memorandum") in support of the *Motion for Relief From The Automatic Stay Under 11 U.S.C. § 362* (the "Motion"). Jeff seeks entry of an order granting relief from the automatic stay pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") to proceed under applicable nonbankruptcy law to allow the nonbankruptcy forum to provide Jeff and co-trustee Frank Menlo ("Frank") (together, "Co-Trustees") with instructions confirming co-trustees' distributions of proceeds from life insurance policies to beneficiaries of the Menlo Trusts as reflected in a distribution agreement between Co-Trustees ("Distribution Agreement"). Jeff also requests that the order be binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days.

## PRELIMINARY STATEMENT

Co-Trustees seek to distribute specific payouts of life insurance proceeds to certain beneficiaries of the Menlo Trusts who have long been prevented from receiving their rightful distributions by Klein's rampant embezzlement and repeated abuses of process. Jeff lays out Co-Trustees' agreement to distribute these specific payouts in great detail in the Distribution Agreement between Jeff and Frank and in the petition for instructions Jeff filed (and Frank joined) in the Nonbankruptcy Action[2] on July 28, 2023 to confirm Co-Trustees' agreement ("Petition for Instructions"). *See* Declaration of Alex M. Weingarten ("Weingarten Decl."), Ex. 1. Co-Trustees Jeff and Frank and are in complete agreement regarding the distribution payments each beneficiary is to receive, and the terms of their agreement are memorialized in the Distribution Agreement and the Petition for Instructions. Moreover, Klein has no legitimate interest in the life insurance funds Co-Trustees seek to distribute – and admits as much in his June 28, 2023 declaration. The life insurance proceeds Co-Trustees seek to distribute are in no way, shape, or form part of the

---

[1] Members of the Winter and Menlo families are referred to by their first names "for the purposes of clarity, not out of disrespect." *See Young v. McCoy*, 147 Cal. App. 4th 1078, 1081 n.2. (2007).

[2] Nonbankruptcy Action is defined in the Motion to be *In the Matter of Franklin Henry Menlo Irrevocable Trust vs. Klein*, No. BP-136769 (Cal. Supp. Ct. Sept. 18, 2012).

1   bankruptcy estate.  Klein merely seeks to delay the inevitable judgment against him and rightful

2   distributions to the Menlo Trust beneficiaries with this bankruptcy filed in bad faith.

3       The Court should put a stop to Klein's tactics and lift the stay to allow Co-Trustees'

4   distributions to the Menlo Beneficiaries for multiple reasons:

5       •   First, Section 362(d)(2) requires the Court to lift an automatic stay with respect to

6   a property if: (1) the debtor does not have equity in such property; and (2) such property is not

7   necessary to an effective reorganization.  Klein has no claim (and, indeed, makes no such claim)

8   to the life insurance proceeds Co-Trustees propose to distribute in the Petition for Instructions.

9   And, the life insurance policies belonging to the Menlo Trusts and their beneficiaries are not part

10  of the bankruptcy estate and are unnecessary to an effective reorganization of the estate.

11      •   Second, Section 362(d)(1) permits the Court to lift an automatic stay "for cause."

12  Granting relief from stay will prevent this Court from having to rule on specialized areas of probate

13  law and from interfering with factual and legal issues already decided in the nonbankruptcy forum,

14  the Superior Court of California, County of Los Angeles (the "Superior Court").  The Superior

15  Court already decided the beneficiaries of the Menlo Trusts were entitled to certain distributions

16  from the Menlo Trusts and that Klein wrongfully withheld such distributions in the Nonbankruptcy

17  Action.  *See* Weingarten Decl., Ex. 7 at 4:1-3, n.4, 9:11-10:27; Ex. 8.  The distributions Jeff and

18  Frank now seek to provide to the beneficiaries must be confirmed by the Superior Court – and

19  there is no reason to delay distributing these long overdue amounts now to the beneficiaries.   The

20  Motion should be granted.

21                    **FACTUAL BACKGROUND**

22      **Sam And Vera Menlo Establish Trusts For The Benefit Of Their Family**

23      Sam Menlo ("Sam") and Vera Menlo ("Vera") married in 1956.  *See* Dkt. No. 84,

24  Declaration of Paul P. Young ("Young Decl."), Ex. 2.  During their lifetime together, Sam and

25  Vera amassed significant wealth and had five children:  Frank, Deborah Menlo Deutsch, Norine

26  Eve Menlo, Judith Menlo Frankel, and Madeline Menlo Lipschitz.  *See generally id*.  Together as

27  Trustors, Sam and Vera established at least ninety-six irrevocable trusts for each of their children,

28

**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

grandchildren, and future generations including the twenty-four trusts at issue in the Nonbankruptcy Action (collectively, the "Menlo Trusts"). *Id.*

Klein served as sole trustee of the Menlo Trusts since their inception until his suspension by Judge Luna in the Nonbankruptcy Action on September 16, 2022. *Id.*

**Twenty-Four Beneficiaries Of The Menlo Trusts Initiate The Nonbankruptcy Action To Stop Klein's Theft Of Trust Assets**

Klein is a licensed attorney with a long and proven history of professional misconduct, including misappropriation and commingling of client funds. *See* Dkt. No. 84, Young Decl., Ex. 3. As a result, the State Bar of California suspended Klein's law practice license in 1992 and again in 1995. *Id.*

Klein applied his honed embezzlement skills in the course of his stewardship of the Menlo Trusts. *See id.*, Ex. 4. On September 18, 2012, Frank filed a petition on behalf of similarly situated Menlo Trusts beneficiaries (the "Menlo Beneficiaries") against Klein, requesting Klein's removal as trustee, an accounting, and a surcharge. *See id.* On March 22, 2013, twenty-four Menlo Beneficiaries filed separate petitions on behalf of their trusts that were ultimately consolidated in Department 3 of the Superior Court. *See id.*, Ex. 5. The beneficiaries contend that Klein breached his fiduciary duties as trustee by, among other things, misappropriating millions of dollars of funds and assets and establishing lines of credit using the trusts as collateral for his own use and benefit. *Id.*

**Judge Reiser Finds Klein Committed Staggering Embezzlement In This Case And Orders A $30,401,823 Surcharge Against Klein**

Klein submitted numerous erroneous, incomplete, and misleading accountings in violation of his fiduciary duties between 2013 and 2018. *See id.*, Ex. 6. On September 15, 2021, the Superior Court appointed the Hon. Glen M. Reiser (Ret.) as referee (the "Referee") under Civil Procedure Code Section 639(a)(1) to conduct consecutive trials on Klein's pending accounting petitions in the Nonbankruptcy Action (the "Accounting Trials"). *See id.*, Ex. 7. The September 15 appointment permitted the Referee to decide the amounts of surcharge resulting from a review

MOTION FOR RELIEF FROM STAY MEMORANDUM

1   of Klein's accountings including enhanced damages under Probate Code Sections 850 and 859.

2   *Id.*

3        On August 29, 2022, Judge Reiser issued his report and recommendation (the "R&R")

4   following trials held from December 15, 2021 through March 30, 2022. *See id.*, Ex. 1. Following

5   Judge Reiser's consideration of "thousands of pages of documentary exhibits beyond the accounts

6   themselves," expert forensic accounting testimony, and testimony from Klein himself, Judge

7   Reiser excoriated Klein for his wanton theft of trust assets. *Id.* at 16:19–20. Judge Reiser found:

8        [T]hat through an elaborate scheme to pay himself by co-mingling assets;
9        cross-borrowing among 24 [t]rusts; taking loans against trust assets and cross-
         paying debts—filtered with stunning frequency through Klein's personal and
10       business accounts with multiple other sources of income and receipts and
         outgoing payments, Klein was able to collectively embezzle millions of
11       dollars from the Menlo Trusts.

12   *Id.*, ¶¶ 48:11–15. Judge Reiser determined that Klein maximized his commingling of trust

13   accounts "to render the scope and breadth of Klein's misappropriations incalculable and

14   untraceable." *Id.* at 30 n.31. Judge Reiser further found that, among other conduct, Klein

15   "borrowed many millions of dollars against [t]rust assets as to which he has never shown any

16   interest in repaying" and "torpedoed $20,000,000 in valuable [t]rust life insurance policies because

17   of his compulsion to divert Menlo Trust[s] assets for non-[t]rust purposes for no legitimate reason."

18   *Id.* at 78:17-79:8.

19        Judge Reiser also found that Klein embezzled the principal sum of $19,225,065 based on

20   Klein's proven theft of Menlo Trusts assets. *Id.* at 78:20–21. Ultimately, Judge Reiser

21   recommended that Klein should be surcharged for his theft in the amount of $30,401,823 including

22   double damages under Probate Code Section 859 which imposes enhanced damages based on the

23   "bad faith" concealment of trust property. *Id.* at 55:6–56:2. Judge Reiser further determined that

24   Klein's removal "appears to be a *fait accompli*" under the circumstances. *Id.* at 22:25–27. There

25   is legitimate risk that Klein will conceal or disappear with the money he embezzled from the Menlo

26   Trusts now that his scheme has been exposed. *See id.*

27

28

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

4

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

**The Superior Court Suspends Klein As Trustee And Appoints Jeffrey Winter And Frank Menlo As Interim Co-Trustees**

On September 15, 2022, the Menlo Beneficiaries, represented by Willkie Farr & Gallagher LLP, filed *ex parte* applications for a temporary restraining order to suspend Klein as trustee.  *Id*., Ex. 8.  The applications were premised on Judge Reiser's irrefutable findings in the R&R that Klein embezzled millions of dollars, refused to comply with the terms of the Trust, wasted $20,000,000 in valuable life insurance policies, and engaged in a deceptive ploy to conceal millions of dollars of fiduciary breaches.  *Id*.

On September 16, 2022, the Superior Court suspended Klein as trustee of the Menlo Trusts and appointed Jeff and Frank as "Co-Trustees" of the Menlo Trusts.  *Id*., Ex. 9.  In so ruling, the Superior Court relied on the Menlo Beneficiaries' argument in their *ex parte* suspension applications that they have a strong probability of success on the merits of their breach of fiduciary duty claim.  *Id*.

**Co-Trustees File An Application For Writ Of Attachment And Right To Attach Order Which Klein Schemes To Avoid[3]**

On October 19, 2022, the Co-Trustees, on behalf of the Menlo Beneficiaries, brought an application for a right to attach order and a writ of attachment to attach $19,225,064 to ensure that Klein does not disappear with the money he stole from the Menlo Trusts ("Attachment Application").  *Id*., Ex. 10.  The Co-Trustees' Attachment Application seeks to attach Klein's nonexempt property, including, but not limited to, Klein's real property, personal property, equipment, motor vehicles, chattel paper, negotiable and other instruments, securities, deposit accounts, safe deposit boxes, accounts receivable, and general intangibles.  *See id*.

On November 10, 2022, the Superior Court issued a temporary protective order (the "TPO") in the interim "in the interest of equity and justice" to prevent Klein from taking further

---

[3] On April 25, 2023, Frank Menlo (Co-Trustee of the Menlo Trusts) filed a motion for relief from stay in this action seeking temporary relief from the bankruptcy stay so that Frank's outstanding nondischargeable claims against Klein could be resolved in the nonbankruptcy forum.  *See* Dkt. No. 84.  That motion recounts in even greater detail Klein's established wrongdoing and schemes to sell properties to avoid attachment.  Frank's motion for relief from stay has been fully briefed and is still pending before this Court.

MOTION FOR RELIEF FROM STAY MEMORANDUM

steps to "transfer, sell, dispose of, encumber or hypothecate any non-exempt property owned by him" and thereby render himself judgment-proof.  *See id.*, Ex. 13.

That same day (November 10, 2022), Co-Trustees were informed that Klein attempted to sell two residential properties in which he has an interest at a substantial discount.  *See id.*, Ex. 14. On November 11, 2022, Alex M. Weingarten, counsel for Jeff, sent Klein's representative a letter requesting that he cease any attempted sales of Klein's properties in light of the November 10 TPO.  *See id.*, Ex. 15.  To date, the Co-Trustees have received no assurances that Klein has refrained from selling any of the affiliated assets to avoid judgment in the Nonbankruptcy Action. *See id.*  In fact, as Klein continued the same pattern of behavior, the Superior Court issued multiple orders to prevent Klein from disposing of his property including an Attachment Application for $19,255,064.  *See id.*, Ex. 22.

**Jeff Actively Pursued The Writs Of Attachment Prior To The Bankruptcy Stay**

Jeff worked diligently to effectuate the writs of attachment after the Superior Court granted the Attachment Application on January 3, 2022 and before Klein filed for bankruptcy on February 22, 2023.  *See id.*, Ex. 25.  Among other things, counsel worked to prepare each of the required sheriff's instructions for the process server in compliance with each county sheriff's widely differing requirements (including incorporating assessor maps and title information) so that the writs can be noticed and served as soon as they are executed by the clerk.  *See id.*  While this was going on, Klein, on February 22, commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code.  *See* Dkt. No. 1.

Due to the imposition of the automatic stay, the corrected writs of attachment have not been served, and the Nonbankruptcy Action cannot proceed to judgment.  *See id.*; *see also* Weingarten Decl., Ex. 3.

**The Superior Court Formally Adopts The R&R**

On April 24, 2023, the Superior Court adopted the findings in Judge Reiser's R&R "without modification."  *See id.*, Ex. 4 at 12.  The Superior Court also removed Klein as Trustee of the Trust.  *See id.*, Ex. 5 at 5.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

**The Superior Court Allows Distribution Of Insurance Proceeds To Co-Trustees**

On May 12, 2023, the Menlo Beneficiaries filed a motion to remove the freeze on the Menlo Trust's accounts and life insurance policies ("Motion to Unfreeze") in the Nonbankruptcy Action arguing that the freeze on trust accounts and life insurance policies should be removed and distributions to the beneficiaries should be allowed pursuant to the terms of the relevant trusts in this proceeding. *See id.*, Ex. 6. These life insurance policies are included within the Menlo Trusts' assets and include: (1) American General Policy # A10159602L totaling $14,000,010; (2) American General Policy # A10162551L totaling $7,901,647.00; and (3) Lincoln National Policy # G1618958 totaling $8,398,275.00.

On June 5, 2023, the Motion to Unfreeze came on for hearing. *See id.*, Ex. 8. Following the hearing, the Superior Court granted the Motion to Unfreeze and ordered that the trust accounts and insurance proceeds at issue should be unfrozen and released only to the Co-Trustees (and not the trust beneficiaries). *See id.* at 2:5-15. The Superior Court also made clear that funds "shall not be disbursed to any trust beneficiary without further Order of the Court." *See id.* at 2:6-8, 14-15.

**Klein Admits He Is Not Entitled To The Life Insurance Proceeds**

On June 28, 2023, Klein filed a declaration in the Nonbankruptcy Action falsely stating he did not let insurance policies lapse (contrary to Judge Reiser's findings in the R&R) and arguing that only the amounts he "borrowed" from certain beneficiaries to pay insurance premiums be distributed back to them. *See id.*, Ex. 9. Klein submitted no evidence in support of his claims. *See id.*

On July 6, 2023, counsel for the bankruptcy trustee, Bradley D. Sharp, filed a response in the Nonbankruptcy Action stating that no distributions should be disbursed until Klein made "appropriate disclosures" in response to the trustee's requests and/or the trustee had opportunity to look into the matter further. *See id.*, Ex. 10. Sharp's response has no bearing on the bankruptcy estate because the additional documentation he is requesting does not exist. *See id.*, Ex. 7 at 19:14-24, 22:11-25:9; Ex. 9; Ex. 11, ¶¶ 6-7; Ex. 12. Klein has not produced *any* documents in a decade of ongoing litigation showing that he or any other third parties are entitled to the funds Co-Trustees are now proposing to distribute to the beneficiaries. *See id.*

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

MOTION FOR RELIEF FROM STAY MEMORANDUM

1    On July 7, 2023, counsel for the Menlo Beneficiaries, Donald Saltzman, filed a declaration

2    in the Nonbankruptcy Action in opposition to the declaration from Klein and the response from

3    the bankruptcy trustee arguing that Klein's declaration was nonsense and should be disregarded

4    because: (1) Klein submitted no evidence in support (and also did not argue these positions at

5    trial); (2) Klein actually did not claim that any of the insurance funds belong to him or any non-

6    beneficiary third party; and (3) funds belonging to the beneficiaries should be disbursed to them

7    without further delay.  *See id.*, Ex. 11.

8    On July 9, 2023, Klein's counsel, Eric Olson, filed a declaration in the Nonbankruptcy

9    Action *admitting* that Klein has no interest in the life insurance proceeds and "did not make a claim

10    personally to the insurance proceeds[.]"  *See id.*, Ex. 12, ¶ 6.  Klein again submitted no evidence

11    that unnamed third parties might have claims to the insurance proceeds.  *See generally id.*, Ex. 12.

12    **Jeff Files Petition For Instructions In Nonbankruptcy Action To Disburse Life**

13    **Insurance Proceeds To Certain Trust Beneficiaries**

14    On July 27, 2023, Jeff and Frank signed the Distribution Agreement memorializing the

15    terms of their agreement to make life insurance payout distributions in specific amounts to both:

16    (1) trust beneficiaries who were originally beneficiaries of the life insurance policies within the

17    Menlo Trusts ("Life Insurance Beneficiaries"); and (2) additional trust beneficiaries.  *See id.*, Ex.

18    1 at Ex. 1.

19    On July 28, 2023, Jeff filed a petition for instructions regarding distributions in the

20    Nonbankruptcy Action to request instructions from the Superior Court confirming the Co-

21    Trustees' distributions payouts agreed upon in the Distribution Agreement ("Petition for

22    Instructions").  *See id.*, Ex. 1.  In summary, the Co-Trustees first propose in the Petition for

23    Instructions to pay off the lines of credit extended to the trust by certain trust beneficiaries

24    (specifically, Frank, Deborah Deutsch, Madeline Lipschutz, and Judith Frankel).  *See id.*, ¶

25    19(b).  Co-Trustees then propose to make life insurance payout distributions (in amounts

26    specifically recorded in the Distribution Agreement and Petition for Instructions) to both the Life

27    Insurance Beneficiaries and additional trust beneficiaries.  *See id.*, ¶ 19(c)-(d).  The Distribution

28

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

8

1   Agreement between Co-Trustees is attached to the Petition for Instructions as Exhibit 1.  *See id.*,

2   Ex. 1 at Ex. 1.

3   On August 8, 2023, Jeff filed a supplement to the Petition for Instructions showing that

4   all the Life Insurance Beneficiaries consented to the terms of the Distribution Agreement and

5   agreed to the specific distributions of funds proposed by Co-Trustees in the Distribution

6   Agreement and Petition for Instructions.  *See id.*, Ex. 2.

## RELIEF REQUESTED

8   By this motion, Jeff seeks entry of an order granting him relief from the automatic stay

9   pursuant to section 362(d) of the bankruptcy code to allow him to proceed under applicable

10  nonbankruptcy law to allow the nonbankruptcy forum to provide Co-Trustees with instructions

11  confirming co-trustees' distributions of life insurance policies to beneficiaries of the Menlo

12  Trusts as reflected in the Distribution Agreement between Co-Trustees.  Jeff also requests that

13  the order be binding and effective in any bankruptcy case commenced by or against the Debtor

14  for a period of 180 days, so that no further automatic stay shall arise in that case in the

15  Nonbankruptcy Action.

## JURISDICTION

17  The Court has jurisdiction over the motion pursuant to 28 U.S.C. §§ 157 and 1334.

18  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The matter is a core proceeding

19  pursuant to 28 U.S.C. § 157(b)(2)(a), and this Court has subject matter jurisdiction to enter

20  findings of fact and conclusions of law and a final judgment.  The statutory predicate for the

21  relief sought herein is section 362(d) of the Bankruptcy Code.

## ARGUMENT

23  Under the Bankruptcy Code, "[o]n request of a party in interest and after notice and a

24  hearing, the court shall grant relief from the stay . . . such as by terminating, annulling,

25  modifying, or conditioning such stay . . . with respect to a stay of an act against property[.]" 11

26  U.S.C. § 362(d)(2).  Courts *must* grant relief from stay under § 362(d)(2) if two conditions apply:

27  (1) the debtor does not have an equity in the property in question; and (2) such property is not

28  necessary to an effective reorganization of the bankruptcy estate.  *See, e.g.*, *In re Tri-Growth*

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

9

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

1    *Centre City, Ltd.*, 136 B.R. 848, 849-850 (Bankr. S.D. Cal. 1992) (granting motion for relief

2    from stay where debtor had insufficient interest in motel property and failed to carry its burden to

3    demonstrate that the motel could be effectively used to reorganize).

4         Moreover, "[t]he bankruptcy court generally has broad discretion in granting relief from

5    stay for cause under § 362(d)." *In re Edwards*, 454 B.R. 100, 107 (B.A.P. 9th Cir. 2011); *see*

6    *also* 11 U.S.C. § 362(d)(1). "Exercising discretion in determining cause for stay relief requires

7    the balancing of hardships and consideration of totality of the circumstances." *See In re Avila*,

8    311 B.R. 81, 83-84 (Bankr. N.D. Cal. 2004) (citing *In re Kennedy*, 165 B.R. 488, 490 (Bankr.

9    W.D. Wash. 1994)); *In re Conejo Enters., Inc.*, 96 F.3d 346, 352 (9th Cir. 1996) ("'Cause' has

10   no clear definition and is determined on a case-by-case basis.").

11        Relief from stay must be granted under Section 362(d)(2) because: (1) Klein does not

12   have an equity or, indeed, any interest whatsoever in the life insurance proceeds Co-Trustees

13   seek to distribute; and (2) the life insurance funds are not necessary to an effective reorganization

14   of the estate because they are not part of the bankruptcy estate. Alternatively, relief from stay

15   should be granted for cause under Section 362(d)(1) because the Superior Court is the

16   appropriate venue to confirm distributions to the beneficiaries, the continued litigation in the

17   Superior Court will not interfere with the bankruptcy case or prejudice the interests of any

18   interested parties, the Menlo Beneficiaries' interests will be resolved most expeditiously in the

19   Superior Court, and the Menlo Beneficiaries will be more hurt by the stay than Klein or any

20   other interested party will be by temporary relief.

21   **I.      RELIEF FROM STAY MUST BE GRANTED UNDER SECTION 362(D)(2)**

22        The Court must grant relief from stay under § 362(d)(2). First, Klein has no interest or

23   equity in the property (specifically, the life insurance policies within the Menlo Trusts) that Co-

24   Trustees seek to distribute to the Menlo Beneficiaries. Second, the life insurance proceeds are

25   not necessary to a reorganization of the bankruptcy estate.

26

27

28

MOTION FOR RELIEF FROM STAY MEMORANDUM

**A.**   **Klein Has No Right To Or Interest In The Life Insurance Proceeds Co-Trustees Seek To Distribute**

The Court is required to grant stay relief to the movant if, "with respect to a stay of an act against property under" section 362(a), the debtor lacks an equity in the property.  *See Tri-Growth*, 136 B.R. at 850 (holding that "equity" for purposes of determining whether creditor is entitled to relief from stay is "the difference between the value of the debtor's interest in the property and the total of all encumbrances against it").

The Menlo Beneficiaries are the rightful beneficiaries of the Menlo Trust assets including the proceeds of the life insurance policies within the Menlo Trusts.  Jeff and Frank, as Co-Trustees of the Menlo Trusts, agreed to distribute the proceeds of three of these policies – two separate American General policies and a Lincoln National policy – among the original life insurance beneficiaries under the policies and additional Menlo Trust beneficiaries.  The exact terms of Co-Trustees' agreement are detailed in the Distribution Agreement attached to Jeff's Petition for Instructions filed in the Superior Court on July 28, 2023.  *See* Weingarten Decl., Ex. 1 at Ex. 1.

There is no evidence whatsoever that Klein has any equity in the life insurance proceeds because he has zero legitimate interest in or right to that property.  *See id.*, Ex. 7 at 19:14-24, 22:11-25:9; Ex. 9; Ex. 11, ¶¶ 6-7; Ex. 12, ¶ 6.  Klein for the first time on June 5, 2023 (after over a decade of litigation regarding the Menlo Trusts) argued without substantiating evidence that "potentially all sorts of ancillary claims" to the insurance proceeds existed from third parties or from Klein himself.  *See id.*, Ex. 7 at 10:12-28.  Klein was unable to provide any evidence supporting his arguments at hearing.  Then, after the Court gave him more time to provide the "underlying documents," Klein filed a June 28, 2023 declaration *without supporting documentation*.  *See id.*, Ex. 9.  Instead, he claimed (falsely and without evidence) that only amounts he "borrowed" from certain beneficiaries to pay insurance premiums should be distributed back to them.  *See id.*, Ex. 9, ¶ 6.  Klein has been given ample opportunity to provide documents supporting any interest he has in the life insurance policies, and he has produced

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

11

1   nothing.  The bankruptcy trustee's request for "appropriate disclosures" is futile (as Klein has

2   nothing more to disclose) and should not preclude the relief Jeff is seeking from being granted.

3        Significantly, Klein does not even claim that the insurance funds belong to him or any

4   non-beneficiary third party (as Saltzman points out in his July 7, 2023 declaration).  *See id.*, Ex.

5   9; Ex. 11, ¶¶ 6-7.  Olson flatly admits in his July 9, 2023 declaration that Klein "did not make a

6   claim personally to the insurance proceeds."  *See id.*, Ex. 12, ¶ 6.  And, Klein fails to name any

7   non-beneficiary third party who might have an interest or provide any evidence supporting such

8   a third party claim.  *See id.*, Exs. 9, 11, 12.  Moreover, any amounts of the life insurance

9   proceeds Klein "borrowed" or to which he might claim any right were procured via fraud and

10  embezzlement as has already been determined by Judge Reiser in the eighty-four page R&R and

11  adopted by Judge Luna in the Superior Court.  *See* Dkt. No. 84, Young Decl., Ex. 1; Weingarten

12  Decl., Ex. 11.  There is no legitimate reason to further delay distribution of the proceeds to the

13  Menlo Beneficiaries.

14      **B.**     **The Life Insurance Proceeds Are Unnecessary For Effective Reorganization**

15          **Of The Bankruptcy Estate**

16       The Court must grant relief from stay under § 362(d)(2) because the life insurance

17  policies within the Menlo Trusts that Co-Trustees seek to distribute to the Menlo Beneficiaries

18  are not part of the bankruptcy estate and are, therefore, not necessary to an effective

19  reorganization of the estate.  Klein does not even attempt to lay claim to most of the $30 million

20  Co-Trustees aim to distribute to beneficiaries with the Petition for Instructions and Distribution

21  Agreement.

22       The Court is required to grant stay relief to the movant if, "with respect to a stay of an act

23  against property under" section 362(a), the property is not "necessary to an effective

24  reorganization."  *See Tri-Growth*, 136 B.R. at 850 (citing Section 362(d)(2)).  The party

25  opposing the motion bears the burden to show that the property is necessary to a reorganization

26  that is "in prospect."  *See In re A Partners, LLC*, 344 B.R. 114, 126 (Bankr. E.D. Cal. 2006)

27  (citing *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375-

28

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

76 (1988)) (holding that "in prospect" means there must be "a reasonable possibility of a successful organization within a reasonable time").

Klein cannot and does not claim the life insurance policies as part of the bankruptcy estate (much less establish that they are essential to a reorganization of the estate).  *See* Weingarten Decl., Exs. 9, 12.  At most, Klein claims that approximately $6 million related to life insurance policies belong to certain beneficiaries (from whom he "borrowed" to pay insurance premiums or attorneys' fees), but Klein does not claim that these funds belong to him or to another non-beneficiary third party (and, thus, does not claim these funds as part of the bankruptcy estate). *See id.*, Exs. 9, 11, 12.  The funds belong to the Menlo Trust beneficiaries.  *See id.*, Exs. 1-2. Moreover, Klein has produced zero evidence to support his claims that these funds might belong to unnamed non-beneficiary third parties even after the bankruptcy trustee requested that he do so both at a June 5, 2023 hearing in the Superior Court and in Sharp's July 6, 2023 response to Klein's declaration (notably, neither Klein's nor Olson's declarations included supporting documentation).  *See generally id.*, Exs. 7, 9-12.  Needless to say, property that is not claimed to be part of the bankruptcy estate is not necessary to an effective reorganization of the estate.

## II.    ALTERNATIVELY, THE COURT MAY GRANT RELIEF FROM STAY UNDER SECTION 362(D)(1) BECAUSE SUFFICIENT "CAUSE" EXISTS FOR RELIEF

The Court should grant relief from stay "for cause" under § 362(d)(1) as the balance of harms if the case remains stayed weighs in favor of the Menlo Beneficiaries and against Klein.

The Court has broad discretion in granting relief from stay for cause under § 362(d).  *See In re Edwards*, 454 B.R. at 107.  The party seeking relief from stay must first establish a prima facie case that "cause" exists.  *See In re Am. Spectrum Realty, Inc.*, 540 B.R. 730, 737 (Bankr. C.D. Cal. 2015) (holding cause for relief from stay existed because the balance of factors weighed in favor of granting relief from stay).  The burden shifts to the debtor to show that relief from the stay is unwarranted once the movant's prima facie case has been established.  *See id.* ("The discretion whether to grant or deny stay relief is within the broad discretion of the bankruptcy court.").

MOTION FOR RELIEF FROM STAY MEMORANDUM

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

1    Courts will consider a number of non-exclusive factors to determine whether due "cause"

2    warrants relief from stay including, but not limited to: (1) whether there is lack of any connection

3    or interference with the bankruptcy case; (2) whether the litigation in another forum would

4    prejudice the interests of other creditors and other interested parties; (3) the interests of judicial

5    economy and the expeditious and economical determination of litigation for the parties; and (4)

6    the impact of the stay on the parties and the "balance of hurt." *See In re Am. Spectrum Realty*,

7    540 B.R. at 737.

8    Myriad non-exclusive factors weigh in favor of relief from stay including:

9    •    The Superior Court is the appropriate venue to confirm distributions to the

10   beneficiaries.  Judge Luna in the Superior Court is well-versed in probate-specific issues and

11   familiar with the facts of a decade-long drawn-out and complicated litigation. *See, e.g.*,

12   Weingarten Decl., Exs. 4-5.

13   •    The continued litigation in the Superior Court for the purposes of distributing life

14   insurance proceeds to the Menlo Beneficiaries pursuant to the terms of the Distribution

15   Agreement and Petition for Instructions will not interfere with the bankruptcy case.  The life

16   insurance proceeds are not part of the bankruptcy estate and will not impact or interfere with any

17   reorganization of the bankruptcy estate. *See id.*, Ex. 11, ¶¶ 10-13.

18   •    Lifting the stay for the purposes of making life insurance distributions will not

19   prejudice the interests of Klein or any interested parties.  The Menlo Beneficiaries are the only

20   parties entitled to these distributions as both Co-Trustees of the Menlo Trusts.  Klein has no

21   interest in these distributions nor does he claim such an interest in his June 28, 2023 declaration

22   or Olson's July 9, 2023 declaration (on behalf of himself or any non-beneficiary third party). *See*

23   *id.*, Exs. 9, 12.

24   •    Finally, the Menlo Beneficiaries' interests will be resolved most expeditiously in

25   the Superior Court.  Klein has drawn this litigation out for over a decade during which time the

26   Menlo Beneficiaries have received zero distributions.  Now he is attempting to stall the litigation

27   still further by filing for bankruptcy in bad faith. *See* Dkt. No. 84.  The Menlo Beneficiaries will

28   suffer greater prejudice from the stay and continued lack of distributions than Klein or any other

**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

MOTION FOR RELIEF FROM STAY MEMORANDUM

1    interested party will suffer by temporary relief from the stay because neither Klein nor any other

2    third party has any legitimate interest in these distributions. *See* Weingarten Decl., Exs. 9, 11-

3    12.

4        There is no legitimate reason to further delay the beneficiaries' distributions of the life

5    insurance proceeds.

6                                **CONCLUSION**

7        Based on the foregoing, the Motion should be granted.

8    Dated:  August 14, 2023                 **WILLKIE FARR & GALLAGHER LLP**

9

10                                    By:  ___/s/ Alex M. Weingarten_____
                                          Alex M. Weingarten
11                                        Logan M. Elliott
                                          Attorneys for Petitioner
12                                        CO-TRUSTEE JEFFREY WINTER

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

## DECLARATION OF ALEX M. WEINGARTEN

I, Alex M. Weingarten, declare as follows:

1.  I am an attorney licensed to practice before the courts of the State of California and am a partner of Willkie Farr & Gallagher LLP, attorneys of record for Petitioner Jeffrey Winter ("Winter"), Co-Trustee of the twenty-four irrevocable trusts at issue in this action ("Menlo Trusts"). I have personal knowledge of the facts set forth herein, or know of such facts by reason of my inspection of the records maintained by Willkie Farr & Gallagher LLP in the ordinary course of business, and could and would competently testify thereto if asked to do so.

2.  I make this declaration in support of the Motion For Relief From Automatic Stay Pursuant To 11 U.S.C § 362.

3.  Attached hereto as **Exhibit 1** is a true and correct copy of the Petition For Instructions Regarding Distributions filed in Los Angeles Superior Court Case No. BP136769 on July 28, 2023.

4.  Attached hereto as **Exhibit 2** is a true and correct copy of the Supplement To Petition For Instructions Regarding Distributions filed in Los Angeles Superior Court Case No. BP136769 on August 8, 2023.

5.  Attached hereto as **Exhibit 3** is a true and correct copy of the Notice of Stay of Proceedings filed in Los Angeles Superior Court Case No. BP136769 on April 13, 2023.

6.  Attached hereto as **Exhibit 4** is a true and correct copy of the Notice Of Ruling Re: Report And Recommendation Of The Court-Appointed Referee issued in Los Angeles Superior Court Case No. BP136769 on April 24, 2023.

7.  Attached hereto as **Exhibit 5** is a true and correct copy of the Minute Order issued in Los Angeles Superior Court Case No. BP136769 on April 27, 2023 re the Fifth Amended Petition for Removal filed on March 8, 2019 by Norine Eve Menlo Winter and the Fifth Amended Petition for Removal filed March 8, 2019 by Franklin Menlo.

8.  Attached hereto as **Exhibit 6** is a true and correct copy of the Notice of Motion And Motion of Petitioners for Order to Remove Freeze On Trust Accounts And Life Insurance Policies (sans exhibits) filed in Los Angeles Superior Court Case No. BP136769 on May 12, 2023.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

9.    Attached hereto as **Exhibit 7** is a true and correct copy of the Reporter's Transcript of the hearing in Los Angeles Superior Court Case No. BP136769 on June 5, 2023.

10.    Attached hereto as **Exhibit 8** is a true and correct copy of the Interim Order After Hearing issued in Los Angeles Superior Court Case No. BP136769 on June 5, 2023.

11.    Attached hereto as **Exhibit 9** is a true and correct copy of the Declaration of Leslie Klein Re Claims Against "Unfrozen" Funds Held By Trustees of 24 Trusts filed in Los Angeles Superior Court Case No. BP136769 on June 28, 2023.

12.    Attached hereto as **Exhibit 10** is a true and correct copy of the Response of Chapter 11 Trustee, Bradley D. Sharp, To The Declaration Of Leslie Klein Re: Claims Against Unfrozen Funds Held By Trustees of 24 Trusts filed in Los Angeles Superior Court Case No. BP136769 on July 6, 2023.

13.    Attached hereto as **Exhibit 11** is a true and correct copy of the Declaration of Donald L. Saltzman In Opposition to Klein Declaration And In Opposition to Bankruptcy Trustee Response To Request For Order To Allow Disbursal of Trust Funds And Life Insurance Benefits to Beneficiaries filed in Los Angeles Superior Court Case No. BP136769 on July 7, 2023.

14.    Attached hereto as **Exhibit 12** is a true and correct copy of the Declaration of Eric Olson In Reply To Declaration of Donald L. Saltzman filed in Los Angeles Superior Court Case No. BP136769 on July 9, 2023.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on August 14, 2023, at Los Angeles, California.


*/s/ Alex M. Weingarten*
Alex M. Weingarten

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Willkie Farr & Gallagher LLP, 2029 Century Park East, Suite 3400, Los Angeles, California 90067

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _08/14/2023_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

  See Attached List.

                                       ☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _08/14/2023_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

  Honorable Sandra R. Klein
  United States Bankruptcy Court Central District of California
  Edward R. Roybal Federal Building and Courthouse
  255 E. Temple Street, Suite 1582 / Courtroom 1575, Los Angeles, CA 90012

                                       ☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

                                       ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/14/2023 | Arkisa Ward | */s/ Arkisa Ward* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**SERVICE LIST**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Reem J Bello on behalf of Interested Party Reem J Bello
rbello@goeforlaw.com, kmurphy@goeforlaw.com

Greg P Campbell on behalf of Interested Party Courtesy NEF
ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com

Theron S Covey on behalf of Creditor Wilmington Savings Fund Society, FSB, d/b/a Christiana
Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust
tcovey@raslg.com, sferry@raslg.com

Jeffrey W. Dulberg on behalf of Trustee Bradley D. Sharp
jdulberg@pszjlaw.com

Dane W Exnowski on behalf of Interested Party Courtesy NEF
dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com

Robert P Goe on behalf of Creditor Erica Vago
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Creditor Joseph Vago
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Interested Party Robert P Goe
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Brandon J Iskander on behalf of Creditor Erica Vago
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Creditor Joseph Vago
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Michael S. Kogan on behalf of Debtor Leslie Klein
mkogan@koganlawfirm.com

John W. Lucas on behalf of Trustee Bradley D. Sharp
jlucas@pszjlaw.com

Ron Maroko on behalf of U.S. Trustee United States Trustee (LA)
ron.maroko@usdoj.gov

Kenneth Misken on behalf of U.S. Trustee United States Trustee (LA)
kenneth.m.misken@usdoj.gov

Jeffrey P. Nolan on behalf of Trustee Bradley D. Sharp
jnolan@pszjlaw.com

Jeffrey N. Pomerantz on behalf of Trustee Bradley D. Sharp
jpomerantz@pszjlaw.com

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

PROOF OF SERVICE

1

2

Joshua L Scheer on behalf of Creditor Ajax Mortgage Loan Trust 2021-D, Mortgage-Backed Securities, Series 2021-D, by U.S. Bank National Association, as Indenture Trustee
jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com

3

4

Mark M Sharf (TR)
mark@sharflaw.com,
C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com

5

6

Alan G Tippie on behalf of Interested Party Courtesy
Alan.Tippie@gmlaw.com,
atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com

7

8

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

9

Michael L Wachtell on behalf of Interested Party Courtesy
mwachtell@buchalter.com

10

11

John P. Ward on behalf of Creditor U.S. Bank, N.A., as Trustee
for Velocity Commercial Capital Loan Trust 2018-2
jward@attleseystorm.com, ezhang@attleseystorm.com

12

13

Clarisse Young on behalf of Interested Party Courtesy
youngshumaker@smcounsel.com, levern@smcounsel.com

14

Paul P. Young on behalf of Creditor Franklin Menlo
paul@cym.law, jaclyn@cym.law

15

16

Paul P. Young on behalf of Interested Party Courtesy
paul@cym.law, jaclyn@cym.law

17

18

19

20

21

22

23

24

25

26

27

28

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

3

PROOF OF SERVICE

**SERVED BY UNITED STATES MAIL:**

Mark M Sharf
6080 Center Drive, Ste 600
Los Angeles, CA 90045-1540

Bradley D. Sharp
333 So. Grand Ave., Suite 4070
Los Angeles, CA 90071

Andor Gestetner
c/o Law Offices of Jacob Unger
5404 Whitsett Ave, Ste 182
Valley Village, CA 91607- 1615

Bank of America
Attn: Bankruptcy
4909 Savarese Circle
Tampa, FL 33634-2413

Bank of America, N.A.
PO Box 673033
Dallas, TX 75267-3033

Barclays Bank Delaware
Attn: Bankruptcy
PO Box 8801
Wilmington, DE 19899-8801

CCO Mortgage Corp
10561 Telegraph Rd
Glen Allen, VA 23059-4577

California Bank & Trust
PO Box 711510
Santee, CA 92072-1510

JPMorgan Chase Bank, N.A.
Bankruptcy Mail Intake Team
700 Kansas Lane Floor 01
Monroe, LA 71203-4774

Chase Doe
143 S Highland Drive
Los Angeles, CA 90036-3028

Chase Mortgage
BK Department / Mail Code LA4 5555
700 Kansas Lane
Monroe, LA 71203

Citibank
Attn: Bankruptcy
PO Box 790034
St Louis, MO 63179-0034

Citizens Bank, N.A.
10561 Telegraph Rd.
Glen Allen, VA 23059

David Berger
c/o Baruch C. Cohen Esq.
4929 Wilshire Blvd Ste 940
Los Angeles, CA 90010

Robert & Esther Mermelstein
c/o Baruch C Cohen Esq
4929 Wilshire Blvd Ste 940
Los Angeles CA 90010

Eliave Sobol
1501 Sulgrave Ave 1000
Baltimore, MD 21209

Erica Vago and Joseph Vago
c/o Brian A Procel / Procel Law, PC
401 Wilshire Blvd, 12th Fl
Santa Monica, CA 90401-1456

Erica and Joseph Vago
124 N Highland Ave
Sherman Oaks, CA 91423

Fiore Racobs and Powers
Attn Palm Springs Country Club HOA
6820 Indiana Avenue, Suite 140
Riverside, CA 92506-4261

First Amended Wendriger
Family Trust
c/o Shumaker Mallory LLP
Clarisse Young Shumaker
280 S Beverly Dr, Suite 505
Beverly Hills, CA 90212-3908

Franchise Tax Board
Bankruptcy Section MS
A340
PO Box 2952

Franklin H. Menlo Irrevocable Trust
c/o Wilkie Farr & Gallagher LLP
Attn: Alex M Weingarten, Esq.
2029 Century Park East, Ste 3400
Los Angeles, CA 90067-3020

Franklin H. Menlo, Trustee
Paul P. Young c/o Chora Young &
Manasserian LLP
650 Sierra Madre Villa Ave., Ste. 304
Pasadena, CA 91107

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

PROOF OF SERVICE

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

| | |
|---|---|
| Gestetner Charitable Remainder Trust<br>c/o Andor Gestatner<br>1425 55th Street<br>Brooklyn, NY 11219 | Shellpoint Mortgage Servicing<br>Attn Bankruptcy<br>PO Box 10826<br>Greenville, SC 29603-0826 |
| Gestetner Charitable Remainder Unitrust<br>c/o Andor Gestetner<br>Michael I. Gottfried<br>10345 W. Olympic Blvd.<br>Los Angeles, CA 90064 | Toyota Financial Services<br>Attn: Bankruptcy<br>PO Box 259001<br>Plano, TX 75025-9001 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Toyota Lease Trust<br>c/o Toyota Motor Credit<br>Corporation<br>PO Box 9013<br>Addison, TX 75001-9013 |
| JPMorgan Chase Bank, N.A.<br>s/b/m/t Chase Bank USA, N.A.<br>c/o National Bankruptcy Services LLC<br>PO Box 9013<br>Addison, TX 75001-9013 | U.S. Bank National Association<br>c/o Nationstar Mortgage LLC<br>Attn: Bankruptcy Dept.<br>PO Box 619096 |
| Jacob Rummitt<br>315 N Martel Avenue<br>Los Angeles, Ca 90036-2515 | Wilmington Savings Fund<br>Society, FSB<br>d/b/a Robertson, Anschutz,<br>Schneid, Crane & Partners<br>350 10th Avenue, Suite 1000<br>San Diego, CA 92101-8705 |
| Jeffrey Siegel, Successor Trustee<br>Of the Hubert Scott Trust<br>c/o Oldman, Cooley, Sallus<br>16133 Ventura Blvd,<br>Penthouse Ste<br>Encino, CA 91436-2447 | US Bank Trust, N.A., et al.<br>Fay Servicing LLC<br>PO Box 814609<br>Dallas, TX 75381-4609 |
| Los Angeles County Treasurer/Tax<br>Attn: Bankruptcy Unit<br>PO Box 54110<br>Los Angeles, CA 90054-0110 | MRC/United Wholesale M<br>Attn: Bankruptcy<br>PO BOX 619098<br>Dallas TX 75261 |
| Leslie Klein & Associates, Inc.<br>c/o Parker Milliken<br>555 Flower Street<br>Los Angeles, CA 90071-2300 | Fiore Racobs & Powers<br>c/o Palm Springs Country Club HOA<br>6820 Indiana Ave, Ste 140<br>Riverside CA 92506 |
| MRS/United Wholesale M<br>Attn Bankruptcy<br>PO Box 619098<br>Dallas, TX 75261-9098 | Reem J Bello<br>Goe Forsythe & Hodges LLP<br>17701 Cowan, Bldg. D Suite<br>210<br>Irvine, CA 92614 |
| Sandra Layton<br>161 N Poinsettia Place<br>Los Angeles, CA 90036-2805 | Robert P Goe<br>Goe Forsythe & Hodges LLP<br>17701 Cowan Street, Suite 210<br>Bldg D<br>Irvine CA 92614 |
| Selene Finance<br>Attn Bankruptcy<br>PO Box 8619<br>Philadelphia, PA 19101-8619 | |

PROOF OF SERVICE

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Greg P Campbell
Aldridge Pite, LLP
8880 Rio San Diego Drive; Ste 725
San Diego, CA 92108

Theron S Covey
350 10th Ave.
Suite 1000
San Diego, CA 92101

Dane W Exnowski
McCalla Raymer Leibert
Pierce, LLP
301 E. Ocean Blvd., Suite 1720
Long Beach, CA 90802

Brandon J Iskander
Goe Forsythe & Hodges LLP
17701 Cowan; Building D
Suite 210
Irvine, CA 92614

United States Trustee (LA)
915 Wilshire Blvd, Ste. 1850
Los Angeles, CA 90017-3560

Ron Maroko
915 Wilshire Blvd., Ste 1850
Los Angeles, CA 90017

Joshua L Scheer
85 Argonaut, Suite 202
Aliso Viejo, CA 92656

Alan G Tippie
Greenspoon Marder LLP
333 South Grand Avenue
Suite 3400
Los Angeles, CA 90071

Michael L Wachtell
Buchalter, A Professional
Corporation
1000 Wilshire Blvd.
Suite 1500
Los Angeles, CA 90210

John P. Ward
Attlesey Storm, LLP
111 Pacifica, Suite 140
Irvine, CA 94618

Clarisse Young
Shumaker Mallory, LLP
333 S. Hope Street
35th Floor
Los Angeles, CA 90071

U.S. Bank
c/o Fay Servicing, LLC
PO Box 814609
Dallas, TX 75381

Chase Card Services
Attn: Bankruptcy
PO Box 15298
Wilmington, DE 19850

Leslie Klein & Associates, Inc.
515 South Figueroa Street
8th Floor
Los Angeles, California 90071

Fay Servicing LLC
Attn: Bankruptcy Dept
PO BOX 809441
Chicago, IL 60680

Leslie Klein, Debtor
322 N. June Street
Los Angeles, CA 90001

Kenneth Misken
411 W. Fourth Street, #7160
Santa Ana, CA 92701

Jeffrey W. Dulberg
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd, 13th Floor
Los Angeles, CA 90067

John W. Lucas
Pachulski Stang Ziehl & Jones LLP
One Sansome Street, 34th Floor, Ste. 3430
San Francisco, CA 94104

Jeffrey P. Nolan
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd, 13th Floor
Los Angeles, CA 90067

Jeffrey N. Pomerantz
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd, 13th Floor
Los Angeles, CA 90067

Honorable Sandra R. Klein
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal
Building and Courthouse
255 E. Temple Street, Suite 1582 /
Courtroom 1575
Los Angeles, CA 90012

PROOF OF SERVICE

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA          )
                             )   ss.
3

COUNTY OF LOS ANGELES    )

4

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Willkie Farr & Gallagher LLP, 2029 Century Park East, Suite 3400, Los Angeles, California.

5

6

     On **August 15, 2023**, I served a copy ☑ / original ☐ of the foregoing document(s) described as **SECOND SUPPLEMENT TO PETITION FOR INSTRUCTIONS REGARDING DISTRIBUTIONS** on the interested parties in this action addressed as follows:

7

8

     **SEE ATTACHED SERVICE LIST.**

9

    ☑     **BY ELECTRONIC SUBMISSION AND E-SERVICE VIA GREEN FILING:**  I caused the above-entitled document(s) to be electronically filed and e-served through Green Filing to those parties on the Service List above.  Upon completion of transmission of said document(s), a filing receipt is issued acknowledging receipt, filing, and service by Green Filing's system.  A copy of Green Filing's receipt will be maintained with the original document(s) in our office.

10

11

12

13

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

14

15

     Executed on **August 15, 2023**, at Los Angeles, California.

16

_____
                 Yumi Chung

17

18

19

20

21

22

23

24

25

26

27

28

**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

1

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

# SERVICE LIST

*In the Matter of Franklin Henry Menlo Irrevocable Trust Established March 1, 1983*
Los Angeles County Superior Court, Case No. BP136769
[Consolidated/Related to 24 Cases]

| | |
|---|---|
| Donald L. Saltzman | Attorneys for Petitioners |
| DONALD L. SALTZMAN, Professional Law Corporation | |
| 10537 Butterfield Road | |
| Los Angeles, CA 90064 | |
| Telephone: (310) 617-3073 | |
| Facsimile: (310) 836-8944 | |
| Email: dlslawcorp@aol.com | |

Joseph Chora                    Attorneys for Petitioners
Paul P. Young
CHORA YOUNG & MANASERIAN LLP
650 Sierra Madre Villa Avenue, Suite 304
Pasadena, CA 91107
Telephone: (626) 744-1838
Email: joseph@cym.law
Email: paul@cym.law

Leslie Klein
Les Klein & Associates, Inc., A Professional
Law Corporation
14245 Ventura Blvd., 3rd Floor
Sherman Oaks, CA 91423
Email: les.kleinlaw@gmail.com
        kleinlaw@earthlink.net

Eric Olson                      Attorney for Leslie Klein
301 East Colorado Boulevard, Suite 520
Pasadena, CA 91101
Telephone: (626) 224-5619
Email: Eric@EJOlsonLaw.com

Terence S. Nunan                Attorneys for Trustee, Leslie Klein
Alan D. Weinfeld
PARKER, MILLIKEN, CLARK, O'HARA
 & SAMUELIAN, A Professional
Corporation
555 S. Flower Street, 30th Floor
Los Angeles, CA 90071-2440
Telephone: (213) 683-6500
Facsimile: (213) 683-6669
Email: tnunan@pmcos.com
Email: aweinfeld@pmcos.com

PROOF OF SERVICE

| | | |
|---|---|---|
| 1 | Michael L. Wachtell | Attorneys for Trustee, Leslie Klein |
| | BUCHALTER, A Professional Corporation | |
| 2 | 1000 Wilshire Blvd., Suite 1500 | |
| | Los Angeles, CA 90017 | |
| 3 | Telephone: (213) 891-0700 | |
| | Facsimile: (213) 896-0400 | |
| 4 | Email: mwachtell@buchalter.com | |

Candice K. Rogers — Attorneys for Les Klein & Associates, Inc.
HAHN & HAHN LLP
301 E. Colorado Blvd., Ninth Floor
Pasadena, CA 91101-1977
Telephone: (626) 796-9123
Email: crogers@hahnlawyers.com

Justin B. Gold — Attorneys for Menlo Beneficiaries
Nathan Talei
OLDMAN, COOLEY, SALLUS,
BIRNBERG, COLEMAN & GOLD, LLP
16133 Ventura Blvd., PH A
Encino, CA 91436
Telephone: (818) 986-8080
Email: jgold@oclslaw.com
Email: ntalei@oclslaw.com

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

3

# EXHIBIT 3

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/25/2023 4:58 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Villarino, Deputy Clerk

1  Alex M. Weingarten (SBN 204410)
 AWeingarten@willkie.com
2  Logan M. Elliott (SBN 268105)
 LElliott@willkie.com
3  **WILLKIE FARR & GALLAGHER LLP**
2029 Century Park East, Suite 3400
4  Los Angeles, CA 90067
Telephone: (310) 855-3000
5  Facsimile: (310) 855-3099

6  Attorneys for Petitioner
CO-TRUSTEE JEFFREY WINTER
7

8

9     **SUPERIOR COURT OF CALIFORNIA**

10    **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

| | |
|---|---|
| 11   In the Matter of | CASE NO.: BP136769[1] |
| 12 | [Consolidated/Related to 24 Cases] |
| 13   FRANKLIN HENRY MENLO | Assigned for All Purposes to |
|   IRREVOCABLE TRUST ESTABLISHED | Hon. Ana Maria Luna, Dept. 3 |
| 14   MARCH 1, 1983 | **THIRD SUPPLEMENT TO PETITION FOR** |
| 15 | **INSTRUCTIONS REGARDING** |
| | **DISTRIBUTIONS** |
| 16   LESLIE KLEIN, TRUSTEE, | Date:  August 18, 2023 |
| 17     Respondent, | Time:  1:30 p.m. |
| | Dept.:  3 |
| 18   LES KLEIN & ASSOCIATES, INC., | Action Filed:  September 18, 2012 |
| 19     Respondent. | |

20

21

22

23

24

25

26

---

27  [1] Consolidated/Related to Case Nos.: BP139977; BP139978; BP139999; BP140000; BP140001;
BP140002; BP140003; BP140004; BP140005; BP140007; BP140008; BP140009; BP140010;
28  BP140011; BP140012; BP140013; BP140014; BP140015; BP140016; BP140017; BP140018;
BP140019; BP140020; and BP154676.

66397269

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

1    Petitioner Jeffrey Winter ("Jeff"), as Co-Trustee of the Franklin Henry Menlo Irrevocable

2    Trust Established March 1, 1983 (the "Trust"), hereby respectfully supplements his Petition For

3    Instructions Regarding Distributions ("Petition"), filed on July 28, 2023 and joined by Co-

4    Trustee Frank Menlo ("Frank" and collectively with Jeff, "Co-Trustees"), and alleges as follows:

5    Jeff (joined by Frank) files this Third Supplement To Petition For Instructions Regarding

6    Distributions ("Third Supplement") to provide documentary substantiation of the financial

7    reserves (in the amount of $2,000,000.00) set aside for the payment of Leslie Klein's ("Klein")

8    various attorneys' fees and costs requests should payment of some or all of these fees be

9    awarded.  The Court requested such substantiation at the hearing held on August 18, 2023.

10    Attached hereto as **Exhibit 30** is a true and correct copy of a Merrill Lynch account statement

11    showing a transfer of $2,000,000.00 into Trust account "7HR-MENLO".

12    **PRAYER FOR RELIEF**

13    WHEREFORE, Jeffrey Winter, as Co-Trustee of the Trust, prays for relief as follows:

14    1.    For instructions confirming the Co-Trustees' distribution payouts proposed herein

15    for certain beneficiaries of the Trust; and

16    2.    For such other and further relief as the Court deems just and proper.

17    Dated:  August 25, 2023             **WILLKIE FARR & GALLAGHER LLP**

18

19    By: _____

20         Alex M. Weingarten
         Logan M. Elliott
         Attorneys for Petitioner
21         CO-TRUSTEE JEFFREY WINTER

22

23

24

25

26

27

28

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

**VERIFICATION**

I am a Petitioner in this matter and a Co-Trustee of the Franklin Henry Menlo Irrevocable Trust Established March 1, 1983.

I have read the **THIRD SUPPLEMENT TO PETITION FOR INSTRUCTIONS RE DISTRIBUTIONS** and know its contents.

The matters stated in the foregoing document are true of my own knowledge, or I am informed and believe that such allegations are true, and make such allegations on the basis of my information and belief.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____, at Los Angeles, California.

DocuSigned by:

*Jeff Winter*

5E6847521EB0407...

_____
Jeffrey Winter

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

VERIFICATION OF JEFFREY WINTER ISO THIRD SUPPLEMENT
TO PETITION FOR INSTRUCTIONS REGARDING DISTRIBUTIONS

Exhibit 30

# All Activity

All Activity Types

1 items - Last 30 Days - From 7/26/2023 to 8/25/2023 as of Close of Business 8/24/2023

| | | |
|---|---|---|
| Total Count: | 1 | |
| Total Amount: | 2,000,000.00 | |
| Pending Count: | 0 | |
| Pending Amount: | 0.00 | |
| Settled Count: | 1 | |
| Settled Amount: | 2,000,000.00 | |



MERRILL
A BANK OF AMERICA COMPANY

| Account / Nickname | Trade/Transaction Date | Settle Date | Type | Description | Symbol | Security # | CUSIP | Entry # | JE ID | SOL | Client Entered | Quantity | Price | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7HR-MENL | 08/24/2023 | 08/24/2023 | ⇄ | Wire Transfer In WIRE TRF IN D5323604102 ORG=/237184820523 RAFAEL | | | | 1 | 419 | | | | | 2,000,000.00 |

Activity is shown in the currency of the account

Pending refunds are not reflected in your available balance. Once funds from the merchant are received, your available balance will be adjusted.

Pending Visa debit transaction(s): The amount may change when the transaction is finalized (i.e. gratuity).

IMPORTANT DISCLOSURES

Merrill Lynch, Pierce, Fenner & Smith Incorporated (also referred to as "MLPF&S" or "Merrill") makes available certain investment products sponsored, managed, distributed or provided by companies that are affiliates of Bank of America Corporation ("BofA Corp."). MLPF&S is a registered broker-dealer, registered investment adviser, Member SIPC, and a wholly owned subsidiary of BofA Corp.

Merrill Lynch Life Agency Inc. ("MLLA") is a licensed insurance agency and a wholly owned subsidiary of BofA Corp.

Trust and fiduciary services are provided by Bank of America, N.A., Member FDIC, and a wholly-owned subsidiary of BofA Corp.

Banking products are provided by Bank of America, N.A., and affiliated banks, Members FDIC, and wholly owned subsidiaries of BofA Corp.

Investment products offered through MLPF&S and insurance and annuity products offered through MLLA:

| Are Not FDIC Insured | Are Not Bank Guaranteed | May Lose Value |
|---|---|---|
| Are Not Deposits | Are Not Insured by Any Federal Government Agency | Are Not a Condition to Any Banking Service or Activity |

© 2023 Bank of America Corporation. All rights reserved.

Accounts included in this report: 7HR    (CMA) "MENLO"                                    Report Created 11:23:35AM, August 25, 2023 for MENLO GRANDCHILDREN 1986 IP TR

For Informational Purposes Only - Account Statement is Official Record of Holdings, Balances and Security Values

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )   ss.
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Willkie Farr & Gallagher LLP, 2029 Century Park East, Suite 3400, Los Angeles, California.

On **August 25, 2023**, I served a copy ☑ / original ☐ of the foregoing document(s) described as **THIRD SUPPLEMENT TO PETITION FOR INSTRUCTIONS REGARDING DISTRIBUTIONS** on the interested parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST.**

☑          **BY ELECTRONIC SUBMISSION AND E-SERVICE VIA GREEN FILING:**  I caused the above-entitled document(s) to be electronically filed and e-served through Green Filing to those parties on the Service List above.  Upon completion of transmission of said document(s), a filing receipt is issued acknowledging receipt, filing, and service by Green Filing's system.  A copy of Green Filing's receipt will be maintained with the original document(s) in our office.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **August 25, 2023**, at Los Angeles, California.

_____
Yumi Chung

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

PROOF OF SERVICE

<div align="left">

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

</div>

**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA  90067
310-855-3000

## SERVICE LIST

*In the Matter of Franklin Henry Menlo Irrevocable Trust Established March 1, 1983*
Los Angeles County Superior Court, Case No. BP136769
[Consolidated/Related to 24 Cases]

| | |
|---|---|
| Donald L. Saltzman<br>DONALD L. SALTZMAN, Professional Law<br>Corporation<br>10537 Butterfield Road<br>Los Angeles, CA 90064<br>Telephone: (310) 617-3073<br>Facsimile: (310) 836-8944<br>Email: dlslawcorp@aol.com | Attorneys for Petitioners<br><br>*Via GreenFiling E-Service* |
| Joseph Chora<br>Paul P. Young<br>CHORA YOUNG & MANASERIAN LLP<br>650 Sierra Madre Villa Avenue, Suite 304<br>Pasadena, CA 91107<br>Telephone: (626) 744-1838<br>Email: joseph@cym.law<br>Email: paul@cym.law | Attorneys for Petitioners<br><br>*Via GreenFiling E-Service* |
| Leslie Klein<br>Les Klein & Associates, Inc., A Professional<br>Law Corporation<br>14245 Ventura Blvd., 3rd Floor<br>Sherman Oaks, CA 91423<br>Email: les.kleinlaw@gmail.com<br>        kleinlaw@earthlink.net | *Via GreenFiling E-Service* |
| Eric Olson<br>301 East Colorado Boulevard, Suite 520<br>Pasadena, CA 91101<br>Telephone: (626) 224-5619<br>Email: Eric@EJOlsonLaw.com | Attorney for Leslie Klein<br><br>*Via GreenFiling E-Service* |
| Terence S. Nunan<br>Alan D. Weinfeld<br>PARKER, MILLIKEN, CLARK, O'HARA<br>  & SAMUELIAN, A Professional<br>Corporation<br>555 S. Flower Street, 30th Floor<br>Los Angeles, CA 90071-2440<br>Telephone: (213) 683-6500<br>Facsimile: (213) 683-6669<br>Email: tnunan@pmcos.com<br>Email: aweinfeld@pmcos.com | Attorneys for Trustee, Leslie Klein<br><br>*Via Personal Service and GreenFiling E-Service* |

PROOF OF SERVICE

**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-855-3000

| | | |
|---|---|---|
| 1 | Michael L. Wachtell | Attorneys for Trustee, Leslie Klein |
| 2 | BUCHALTER, A Professional Corporation<br>1000 Wilshire Blvd., Suite 1500<br>Los Angeles, CA 90017 | ***Via Personal Service and GreenFiling E-Service*** |
| 3 | Telephone: (213) 891-0700<br>Facsimile: (213) 896-0400<br>Email: mwachtell@buchalter.com | |
| 4 | | |
| 5 | Candice K. Rogers<br>HAHN & HAHN LLP | Attorneys for Les Klein & Associates, Inc. |
| 6 | 301 E. Colorado Blvd., Ninth Floor<br>Pasadena, CA 91101-1977 | ***Via GreenFiling E-Service*** |
| 7 | Telephone: (626) 796-9123<br>Email: crogers@hahnlawyers.com | |
| 8 | Justin B. Gold | Attorneys for Menlo Beneficiaries |
| 9 | Nathan Talei<br>OLDMAN, COOLEY, SALLUS, | ***Via GreenFiling E-Service*** |
| 10 | BIRNBERG, COLEMAN & GOLD, LLP<br>16133 Ventura Blvd., PH A | |
| 11 | Encino, CA 91436<br>Telephone: (818) 986-8080 | |
| 12 | Email: jgold@oclslaw.com<br>Email: ntalei@oclslaw.com | |
| 13 | Jeffrey W. Dulberg | Attorneys for Bankruptcy Trustee, Bradley Sharp |
| 14 | John W. Lucas<br>PACHULSKI STANG ZIEHL & JONES | |
| 15 | LLP<br>10100 Santa Monica Blvd., 13th Floor | ***Via Personal Service and GreenFiling E-Service*** |
| 16 | Los Angeles, CA 90067<br>Telephone: (310) 277-6910 | |
| 17 | Facsimile: (310) 201-0760<br>Email: jdulberg@pszjlaw.com<br>Email: jlucas@pszjlaw.com | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

PROOF OF SERVICE

# EXHIBIT 4

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

## Probate Division
### Stanley Mosk Dept. - 3

**BP136769**
**In re: MENLO, FRANKLIN HENRY IRREVOCABLE TRUST - TRUST**

**August 18, 2023**
**1:30 PM**

Honorable Ana Maria Luna, Judge

Grace Woo, Judicial Assistant

---

**NATURE OF PROCEEDINGS:** Petition - Trust/Pursuant Prob Code Sec 17200 (Subsequent) filed on July 28, 2023 by Jeffrey Winter.

The following parties are present for the aforementioned proceeding:

> Rafael Deutsch
> Leslie Klein
> Jeremy Winter
> Jeff Winter
> Daniel Winter via LACC
> Donald Lawrence Saltzman, Attorney
> Matthew Busch, Attorney
> Eric John Olson, Attorney
> Alex M Weingarten, Attorney
> Jeffrey P Nolan, Attorney via LACC
> Terrence S. Nunan, Attorney via LACC

The matter is called for hearing.

The Petition for Instructions filed 7/28/23 by successor co-trustee, Jeffrey Winter, is continued to September 15, 2023 at 10:30 a.m. in this department.

Petitioner shall deliver a hard copy of the Petition, and any and all supplements thereto, to the law offices of Parker, Milliken Clark, O'Hara and Samuelian and Buchalter no later than August 22, 2023 at 3:00 p.m.

Objections, if any to this Petition, are to be filed and served by September 5, 2023. Reply, if any, to be filed and served by September 11, 2023.

Counsel for the bankruptcy trustee (Pachulski, Stang, Ziehl & Jones, LLP) are to be included in the service of the Petition, Objections and/or Reply.

An Order to Show Cause re Production of any Writing that Substantiates a Claim to the Insurance Trust Proceeds Currently Held by American General and/or Lincoln National (as described in the Petition for Instructions) by Former Trustee, Leslie Klein, is set for the same date and time.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

### Probate Division
### Stanley Mosk Dept. - 3

**BP136769**
**In re: MENLO, FRANKLIN HENRY IRREVOCABLE TRUST - TRUST**

**August 18, 2023**
**1:30 PM**

Notice of this OSC is given in open court to counsel for Leslie Klein (Attorneys Eric Olson and Terence Nunan) who accept notice in place of Mr. Klein as he left the courtroom prior to the court setting this OSC.

Over the objection of counsel for the bankruptcy trustee and as an interim order, the Court authorizes the sum of $6,000,000.00 to be released by American General (policy #1) to the successor co-trustees, Franklin Menlo and Jeffrey Winter, forthwith. One-half of this amount ($3,000,000.00) shall be used to satisfy a portion of the lines of credit as set forth in footnote 2 of the Petition for Instructions as the successor co-trustees deem appropriate. The other one-half ($3,000,000.00) shall be distributed proportionally by the successor co-trustees to the named beneficiaries as set forth on page 6, line 17 to page 10, line 15 of this Petition.

At the request of counsel for the bankruptcy trustee, a stay on this interim order is granted until August 30, 2023 at 1:30 p.m.

A Status Conference as to this stay is set for August 30, 2023 at 1:30 p.m.