**CHORA YOUNG & MANASSERIAN LLP**
Paul P. Young, Esq., CFE (SBN 257571)
Joseph Chora, Esq. (SBN 284700)
Nikko S. Stevens, Esq. (SBN 305843)
650 Sierra Madre Villa Ave., Suite 304
Pasadena, CA 91107
Tel.: (626) 744-1838
Fax: (626) 744-3167

Attorneys for Creditor
Franklin Menlo, Co-Trustee of The Franklin
Menlo Irrevocable Trust established on March 1, 1983

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:23-bk-10990-SK |
| LESLIE KLEIN, | Chapter 11 |
| Debtor. | **OPPOSITION TO MOTION OF CHAPTER 11 TRUSTEE FOR ORDER ENFORCING THE AUTOMATIC STAY AGAINST THE MENLO TRUST AND RELATED RELIEF; DECLARATION OF PAUL P. YOUNG, ESQ., CFE IN SUPPORT THEREOF** |
| | DATE:   September 6, 2023<br>TIME:    9:00 a.m.<br>PLACE: Courtroom 1575<br>            255 E. Temple Street<br>            Los Angeles. CA 90012 |

1

## <u>**TABLE OF CONTENTS**</u>

I.     INTRODUCTION ...................................................................................................5

II.    NO LEGITIMATE BASIS EXISTS TO HEAR OR ADJUDICATE THE
MOTION ON AN EXPEDITED BASIS.......................................................................6

III.   NEITHER THIS COURT'S JURISDICTION NOR THE AUTOMATIC STAY
EXTENDS TO THE POLICIES OR THEIR PROCEEDS................................................8

   A. The Court's Jurisdiction and the Automatic Stay Only Extend to Estate Property...............8

   B. The Trustee Provides No Evidence That Either the Insurance Policies or Their Proceeds
   are Property of the Estate Subject to this Court's Jurisdiction or the Automatic
   Stay.......................................................................................................................9

      1.    The Trustee Fails to Satisfy His Burden to Show the Policies are "Presumptively
      Property of the
      Estate.............................................................................................................9

      2.    The Trustee Fails to Satisfy his Burden to Show the Insurance Policy Proceeds are
      Property of the Estate........................................................................................13

IV.   THE MOTION IS A DISGUISED REQUEST FOR INJUNCTIVE RELIEF THAT IS
BOTH PROCEDURALLY AND SUBSTANTIVELY DEFECTIVE...........................................14

V.    CONCLUSION................................................................................................16

1

2

3                                 **<u>TABLE OF AUTHORITIES</u>**

4    **CASES, FEDERAL**                                                    **PAGE(S)**

5    *Barrientos v. Wells Fargo Bank, N.A. (In re Barrientos)*

6              633 F.3d 1186 (9th Cir. 2011)................................................................16

7    *Canter v. Canter (In re Canter)*

8          299 F.3d 1150 (9th Cir. 2002)..............................................................15

9    *Chugach Timber Corp. v. Northern Stevedoring & Handling Corp. (In re Chugach Forest Prod.,*

10   *Inc.)*

11         23 F.3d 241 (9th Cir. 1994).....................................................................8

12   *First Fidelity Bank v. McAteer*

13         985 F.2d 114 (3rd Cir. 1993)..................................................................14

14   *G-I Holdings, Inc. v. Reliance Insurance Company (In re G-I Holdings, Inc.)*

15         278 B.R. 725 (Bankr. D.N.J. 2002) ........................................................14

16   *Garner v. Teran (In re Garner)*

17         2011 WL 10676932 *7 (Bankr. E.D. Cal. June 8, 2011) .............................15, 16

18   *Girardi v. Miller (In re Keese)*

19         2023 WL 3175422 *7 (C.D. Cal. May 1, 2023)...................................10

20   *In re Moskowitz*, 14 B.R. 677

21         (Bankr. S.D.N.Y. 1981)........................................................................15

22   *Lyons v. Lyons (In re Lyons)*

23         995 F.2d 923, 924 (9th Cir. 1993).........................................................15

24   *Shepard v. United States (In the Matter of Potomac Systems Engineering, Inc.)*

25         202 B.R. 632 (Bankr. N.D. Ala. 1996).....................................................8

26   *Solidus Networks, Inc. v. Excel Innovations, Inc. (In re Excel Innovations, Inc.)*

27         502 F.3d 1086 (9th Cir. 2007)...............................................................15

28

OPPOSITION TO MOTION OF CHAPTER 11 TRUSTEE FOR ORDER ENFORCING THE AUTOMATIC STAY
AGAINST THE MENLO TRUST AND RELATED RELIEF; DECLARATION OF PAUL P. YOUNG, ESQ., CFE
IN SUPPORT THEREOF

**STATUTES, FEDERAL**

Fed. R. Bankr. P. Rule 7001(7) ................................................................................................15

**LOCAL BANKRUPTCY RULES**

Rule 9075-1(b) ...........................................................................................................................6, 7

Rule 9075-1(c) ...............................................................................................................................5

OPPOSITION TO MOTION OF CHAPTER 11 TRUSTEE FOR ORDER ENFORCING THE AUTOMATIC STAY
AGAINST THE MENLO TRUST AND RELATED RELIEF; DECLARATION OF PAUL P. YOUNG, ESQ., CFE
IN SUPPORT THEREOF

1    Creditor Franklin Menlo ("Menlo"), co-trustee of the Franklin Menlo

2 Irrevocable Trust established March 1, 1983 and on behalf of the 24 trusts on whose

3 behalf he acts (the "Menlo Trusts"), submits this opposition to the *Motion of Chapter*

4 *11 Trustee for Order Enforcing the Automatic Stay Against the Menlo Trust and*

5 *Related Relief* [Dkt. No. 303] (the "Motion") filed on shortened notice by Bradley D.

6 Sharp, the chapter 11 trustee (the "Trustee").[1]

7

8    **I. INTRODUCTION**

9    The Trustee demonstrates no emergency or other genuine need for an expedited

10 hearing to afford victimized Menlo Trusts beneficiaries a mere 48 hours to read, digest,

11 and oppose the 330-paged Motion. The Trustee urges this Court to improperly expand

12 the scope of the automatic stay to non-estate insurance policies that will only further

13 victimize the Menlo Trusts beneficiaries and prolong the already decades-long harm

14 from the Debtor Leslie Klein ("Debtor"). At bottom, absent complete denial of the

15 Motion, the hearing should be continued to allow the Menlo Trusts a fair opportunity to

16 respond.

17    If the Court adjudicates the Motion now, it should be denied. The evidence

18 proffered by the Trustee does not come close to that needed to support the relief sought.

19 Trustee effectively admits as much. The entire Motion is premised on contentions that

20 certain unidentified premiums for the insurance policies were paid with commingled

21 funds so the policies or their proceeds are presumptively property of the estate. Yet the

22 Trustee flatly concedes he "has been unable to make these determinations." (*See* Dkt.

23 No. 303 at 15:12-15.) Devoid of evidence, the Motion ultimately rests solely on pleas

24 for the Court's intervention based on the Trustee's "concerns" that commingled funds

25 were utilized to pay the premiums of insurance policies and on conjecture the policies

26 _____

27 [1] The Menlo Trusts object to the shortened timing of the hearing on the Motion under Local Bankruptcy
Rule 9075-1(c). As discussed below, this Opposition must be considered as the Menlo Trusts' preliminary
28 opposition with full reservation of rights in favor of a more complete response.

OPPOSITION TO MOTION OF CHAPTER 11 TRUSTEE FOR ORDER ENFORCING THE AUTOMATIC STAY
AGAINST THE MENLO TRUST AND RELATED RELIEF; DECLARATION OF PAUL P. YOUNG, ESQ., CFE
IN SUPPORT THEREOF

are "potentially" property of the estate.[2]  Instead, the fact is neither the policies nor the proceeds are property of the estate and, in turn, both fall outside the scope of the automatic stay and this Court's subject matter jurisdiction.

the Motion, in this regard, is a disguised request for injunctive relief improperly sought without resort to an adversary proceeding and all the important due process protections to which the Menlo Trusts are entitled.  If the Trustee wishes to impose any stay against the Menlo Trusts, the policies, or the proceeds, he must commence an adversary proceeding through the filing of a complaint, followed by the filing of a motion that satisfies all the substantive elements required to obtain an injunction.  The Trustee has done none of this.

For these and other reasons discussed below, the Motion should be denied or, at minimum, continued.

## II.

## NO LEGITIMATE BASIS EXISTS TO HEAR OR ADJUDICATE THE MOTION ON AN EXPEDITED BASIS

Local Bankruptcy Rule 9075-1(b) provides, in part:

(1)    Scope of Rule.        A party may request that a non-emergency motion be heard on notice shorter than would otherwise be required by these rules. . . . The application may be granted for ***good cause shown*** in accordance with this rule.

(2)    Contents of Application.   Unless otherwise ordered

---

[2] Trustee resorts to blaming the victims to try to relieve himself of the failure to satisfy his burden.  The Debtor and Menlo Trusts have been litigating for eleven years.  The record is voluminous.  The Trustee repeatedly accuses the Menlo Trusts of stonewalling his requests for documents relating to the life insurance policies that purportedly would allow the Trustee to ascertain the estate's asserted interest therein.  What the Trustee fails to disclose is that not all the requested information is centrally maintained by the Menlo Trusts.  Some is maintained by third parties.  Moreover, the Menlo Trusts have worked diligently, daily, to obtain, compile, and produce the sought information since the Aug. 4, 2023 meeting between attorneys for Menlo Trusts and Trustee.  Trustee has now been provided with documents and substantial information.  Notably, none of these documents demonstrate comingled funds were used to pay the premiums of the subject life insurance policies.  The Menlo Trusts have at all times cooperated with the Trustee in his search for information and that cooperation will continue. *See* Declaration of Paul P. Young, Esq., CFE.

OPPOSITION TO MOTION OF CHAPTER 11 TRUSTEE FOR ORDER ENFORCING THE AUTOMATIC STAY AGAINST THE MENLO TRUST AND RELATED RELIEF; DECLARATION OF PAUL P. YOUNG, ESQ., CFE IN SUPPORT THEREOF

by the court, the application ***must***:

> (A)    [S]tate the reasons ***necessitating a hearing on
> shortened notice***; and

> (B)    Be supported by the declaration of one or more
> competent witnesses under penalty of perjury that ***justifies
> the setting of a hearing on shortened notice***[.]

(LBR 9075-1(b) (emphasis added).)  Local Bankruptcy Rule 9075-1(c) provides that,
"[a]t the hearing on the motion, any party may object to the adequacy of the notice
provided and seek a continuance for good cause shown."  (LBR 9075-1(c).)  If
anything, this Local Rule makes clear the absolute need to provide a well-supported
and documented justification for truncating a nonmoving party's right to the standard
21-day notice period for motions.

Although the Trustee must abide by these important procedural safeguards,
rules, and requirements just as any other litigant, he flaunts them.  However, the
Trustee did not even attempt to articulate *any* actual "cause" (much less "good cause")
for a hearing on shortened time.  The sole reason he advances in support of his request
for an expedited hearing is the unremarkable fact that other matters in this case were
previously set for hearing on September 6.  (*See Application for Order Setting Hearing
on Shortened Notice* [Dkt. No. 304], ¶ 2(c) ("The Trustee requests to have the hearing
on the Motion held on September 6, 2023, at 9:00 a.m., given the matters set for
hearing on that date and time (including matters relating to the Menlo Trust)".)

No "good cause" has been shown or exists.  Rather, the request for an expedited
hearing should be seen for what it truly is:  A litigation tactic designed to deprive the
Menlo Trusts of due process and the ability to properly defend their rights and
entitlement to non-estate insurance proceeds.  The Motion is comprised of over 330
pages, yet the Menlo Trusts were provided only 48 hours to read, digest, and oppose it.
Granting the Motion will only exacerbate the harm the Menlo Trusts and the
beneficiaries of the Trust have already endured for years at the Debtor's hands.  On the

1  other hand, no harm will come to the Trustee or the estate if the hearing is continued to

2  allow for development of a more complete record.

3       Absent outright denial of the Motion, the hearing should be continued.

4                                          **III.**

5  **NEITHER THIS COURT'S JURISDICTION NOR THE AUTOMATIC STAY**

6              **EXTENDS TO THE POLICIES OR THEIR PROCEEDS**

7  **A.    The Court's Jurisdiction and the Automatic Stay Only Extend to Estate**

8         **Property**

9       The Motion assumes the generally expansive jurisdiction of the Court and the far

10  range of the automatic stay.  But neither is broad enough to warrant the relief the

11  Trustee now seeks.

12      A bankruptcy court's "jurisdiction . . . does not extend to property in which the

13  debtor has no interest."  (*Shepard v. United States (In the Matter of Potomac Systems*

14  *Engineering, Inc.)*, 202 B.R. 632, 633 (Bankr. N.D. Ala. 1996) (citing *Romar Int'l Ga.,*

15  *Inc. v. Southtrust Bank (Matter of Romar Int'l Ga., Inc.)*, 198 B.R. 401 (Bankr. M.D.

16  Ga 1996).)  Additionally, the simple fact that a trustee "insist[s he] may have a possible

17  superior claim" in the property at issue does not magically extend the Court's

18  jurisdiction over such property.  (*Id.* at 634 (rejecting trustee's argument that the

19  bankruptcy court may exercise jurisdiction over property "by insisting that the trustee

20  may have a possible superior claim in the subject funds").)

21      Likewise, contrary to what the Trustee seems to believe, the scope of the

22  automatic stay is not unlimited.  While its range is generally broad:

23              "[t]he automatic stay of section 362(a) protects only the
                debtor, property of the debtor or property of the estate.  It
24              does not protect non-debtor parties or their property."

25  (*Chugach Timber Corporation v. Northern Stevedoring & Handling Corporation (In re*

26  *Chugach Forest Products, Inc.)*, 23 F.3d 241, 246 (9th Cir. 1994) (quoting *Advanced*

27  *Ribbons & Office Prods. v. U.S. Interstate Distrib.  (In re Advanced Ribbons & Office*

28

1  *Prods.)*, 125 B.R. 259, 263 (B.A.P. 9th Cir. 1991).)

2      Importantly, the Ninth Circuit Court of Appeals cautioned that "'the automatic

3  stay provisions should be construed no more expansively than is necessary to effectuate

4  legislative purpose.'" *Id.* (quoting *Continental Air Lines, Inc. v. Hillblom (In re*

5  *Continental Air Lines, Inc.)*, 61 B.R. 758, 779 (S.D. Tex. 1986)).  While "'the object of

6  the automatic stay provision is essentially . . . to make sure that creditors do not destroy

7  the bankrupt estate in their scramble for relief[, f]ulfillment of that purpose cannot

8  require that every party who acts in resistance to the debtor's view of its rights violates

9  § 362(a)." *Id.* (quoting *United States v. Inslaw, Inc. (In re Inslaw, Inc.)*, 932 F.2d

10  1467, 1473 (D.C. Cir. 1991).)

11      As detailed below, in derogation of these Ninth Circuit admonitions, the Trustee

12  seeks to improperly expand the scope of this Court's jurisdiction and the automatic stay

13  over non-estate property.

14  **B.**    **The Trustee Provides No Evidence That Either the Insurance Policies or**

15         **Their Proceeds are Property of the Estate Subject to this Court's**

16         **Jurisdiction or the Automatic Stay**

17      **1.**    **The Trustee Fails to Satisfy His Burden to Show the Policies are**

18            **"Presumptively" Property of the Estate**

19      The Trustee readily admits that funds held in trust are *not* property of the estate.

20  As explained at length in the Motion:

21         as a trustee for numerous beneficiaries, including the Menlo
         Trust, the Debtor had no equitable interest in funds he held
22         solely in trust.  Indeed, that is the classic definition of a trust
         – the beneficiary has an equitable interest in the trust
23         property while legal title is vested in a trustee.* * * *
         Monies held in an express trust for another is **not** property of
24         the estate.

25  (*See* Dkt. No. 303 at 13:5-13 (emphasis added).)  Recognizing this predicament, the

26  Trustee advances the false and unsupportable contention that the life insurance policies

27  are *presumptively* property of the estate.  By doing so, he then attempts to improperly

28

9

1    shift the burden to the Menlo Trust to prove to the contrary.  (*See* Dkt. No. 303 at

2    11:10-13 (accusing the Menlo Trust of "**incorrectly** fram[ing] the issue to the Superior

3    Court [to require] **Klein** [to] provide proof positive to the Court that any funds in issue

4    belong to this estate'") (emphasis in original).)

5        The Trustee bases his assertion on the statement "the Debtor utilized the Law

6    Firm trust fund bank account as 'one big pot' of commingled funds of the Debtor's

7    clients and his own."  (See Dkt. No. 303 at 11:18-19.)  But "merely stating that the

8    funds have been 'commingled' does not make it so."  (*Girardi v. Miller (In re Keese)*,

9    2023 WL 3175422, *7 (C.D. Cal. May 1, 2023).)  Rather, in direct conflict with the

10   Trustee's position, *he* (not the Menlo Trusts) "must show, by a preponderance of

11   evidence, that the funds were commingled such that they are presumptively estate

12   property."  (*Id*.)

13       In *Girardi* - a case on which the Trustee relies - the trustee sought turnover of

14   earrings that she claimed were property of the estate.  (*Id*. at *6.)  Like the Trustee here,

15   the *Girardi* trustee based "her argument that the earrings are estate property [on] a

16   claim that the trust funds [used to purchase the earrings] are presumptively estate

17   property because Girardi Keese commingled the money in the [Girardi Keese Trust

18   Account]."  (*Id*.)  Placing the burden on the trustee to establish the presumptive nature

19   of the earrings as property of the estate, the District Court rejected her claim:

20           The Trustee has done no legwork here to show the funds
             were commingled.  At most, the Trustee merely posits that
21           the "funds were commingled."  There are no facts in the
             record that indicate when Girardi Keese's costs and fees
22           became fixed, or whether they were withdrawn at that time.
             The Trustee has made no persuasive showing that the
23           separate identity of the money was completely lost.  Because
             the Trustee failed to show that the funds were commingled,
24           she has not met her burden to show that the earrings were
             estate property.
25

26   (*Id*. at *7.)

27       Like in *Girardi*, the Trustee woefully fails to meet his burden of proof here.

28   Rather than "do the legwork" required to prove his case, the Trustee merely points to a

OPPOSITION TO MOTION OF CHAPTER 11 TRUSTEE FOR ORDER ENFORCING THE AUTOMATIC STAY
AGAINST THE MENLO TRUST AND RELATED RELIEF; DECLARATION OF PAUL P. YOUNG, ESQ., CFE
IN SUPPORT THEREOF

handful of allegations (not facts or evidence) in a few nondischargeability complaints

he packaged together as exhibits to contend he supplied this Court with "abundant

examples" that the Debtor "commingled funds of the Debtor's clients and his own."

(*See* Dkt. No. 303 at 11:18-19.)  On closer examination, however, none of those

"examples" support the Trustee's asserted claim to the policies or proceeds, and he is

left with nothing beyond self-serving conjecture, as follows:

- *Vendriger Complaint (See* Dkt. No. 303-1, Exhibit A*)*:  The Trustee cites this complaint as alleging that "the Debtor utilized the Law Firm's trust accounts as his 'own private bank account.'"  (*See* Dkt. 303 at 5:4-5 (citing Vendriger Complaint, ¶ 30).  A review of the cited paragraph of the Vendriger Complaint, however, shows that it simply recites the principal that "[l]aw firm trust accounts comprised funds belonging to other people cannot be used as a lawyer's private bank account." *Id.*, ¶ 30.  It says nothing about the Debtor depositing his own funds in the trust accounts, using funds commingled with his own funds to purchase any insurance policies, or anything else that would render the policies "presumptively property of the estate."

- *Menlo Complaint/Referee Report (See* Dkt. No. 303-2, Exhibit B):  The Trustee cites the Referee Report accompanying the Menlo Complaint for its finding that "[t]he Law Firm trust account was noted to be 'one big pot' with commingled funds of all of the Debtor's clients."  (*See* Dkt. No. 303 at 5:15-16 (citing Referee Report, p. 18 n.21).)  This finding, however, only concludes the Debtor commingled funds of his *clients* and nothing about the Debtor commingling *his* funds with those of his clients.

- *Vago Complaint (See* Dkt. No. 303-3, Exhibit C):  The Trustee cites the Vago Complaint for the allegation that the Debtor "later admitted that he invested his own money in these same policies" in which "he purportedly invested the Vagos' money" (*See* Dkt. No. 303 at 6:4; Dkt. 303-3, Exhibit C at ¶ 46).  This says nothing about using commingled funds to purchase those policies; and even if so, this allegation (not

OPPOSITION TO MOTION OF CHAPTER 11 TRUSTEE FOR ORDER ENFORCING THE AUTOMATIC STAY
AGAINST THE MENLO TRUST AND RELATED RELIEF; DECLARATION OF PAUL P. YOUNG, ESQ., CFE
IN SUPPORT THEREOF

1    evidence) says nothing about whether these *Vago* policies have anything to do with the

2    *Menlo* policies that are the subject of the Superior Court's August 18 disbursement

3    order.  Furthermore, while the Motion cites to paragraph 46 of the Vago Complaint as

4    "alleg[ing] that the Debtor commingled trust funds with his personal funds," that

5    paragraph says nothing of the sort.

6    • *Mermelstein Complaint (See* Dkt. No. 303-4, Exhibit D):  The Trustee cites

7    the Mermelstein Complaint for its allegations "the Debtor commingled the funds

8    through the Law Firm trust account and diverted the monies."  (*See* Dkt. No. 303 at

9    6:22-23 (citing Mermelstein Complaint, ¶ 60).)  Again, these allegations are not

10    evidence and, even if they were, the foregoing says nothing about the alleged

11    commingling of *the Debtor's* funds in the same trust accounts with funds of the

12    Debtor's victims.  In fact, the Trustee altogether mischaracterizes this paragraph of the

13    Mermelstein Complaint; it does not even use the word "commingling."  Rather, it

14    simply alleges that the Debtor stole a significant amount of the Mermelsteins' money.

15    • *Scott Complaint (See* Dkt. No.303-5, Exhibit E):  The Trustee cites the Scott

16    Complaint as support for his assertion the Debtor "commingled trust funds which

17    damaged the Scott Trust" (*See* Dkt. No. 303 at 7:4, citing Scott Complaint, ¶ 87.)  That

18    referenced paragraph, however, says nothing about commingling of the *Debtor's* funds

19    with those of his clients.  Rather, it complains only of a failure to "keep trust property

20    separate and identified," and "the accounts into which he deposited Trust funds also

21    [held] monies from numerous other **clients**." (*See* Dkt. No. 303-5, ¶ 87 (emphasis

22    added).)

23    As reflected above, the supposed "abundant examples" provide no support for

24    the fundamental tenet upon which the entire Motion is premised; namely, that the

25    Debtor commingled his *own* funds with those of his clients in trust accounts and

26    thereafter used those funds to purchase the policies at issue.  The Trustee knows his

27    "evidence" is sorely deficient.  This is precisely why he is ultimately forced to rely on:

28

OPPOSITION TO MOTION OF CHAPTER 11 TRUSTEE FOR ORDER ENFORCING THE AUTOMATIC STAY
AGAINST THE MENLO TRUST AND RELATED RELIEF; DECLARATION OF PAUL P. YOUNG, ESQ., CFE
IN SUPPORT THEREOF

(i) his mere "**concern** . . . that commingled funds were utilized to pay the premiums of insurance policies held in the name of the Menlo Trust" (*See* Dkt. No. 303 at 2:21-23 (emphasis added)), and (ii) speculative statements "that the life insurance policies [are] **potentially** property of the estate" (*Id.* at 8:9-10 (emphasis added), and "**appear** to be purchased with monies from the commingled Law Firm trust account (I*d.* at 13:26-27 (emphasis added).)  The Trustee concedes he "has been unable to make these determinations" as to the nature of the policies, effectively conceding he has failed "to do the legwork".  The Motion's proffer of speculation and conjecture simply fails to meet his burden to show the policies are property of the estate.  (*See* Dkt. No. 303 at 15:14-16.)

In sum, the Trustee fails to carry his burden of proving the policies are property of the estate.  As a result, on the present record, neither this Court's jurisdiction nor the automatic stay extends to the policies.[3]

> ## 2.     The Trustee Fails to Satisfy his Burden to Show the Insurance Policy Proceeds are Property of the Estate

Even if the Court adopts the Trustee's bold position that the policies are presumptively property of the estate, this alone would not confer in the estate an interest in the proceeds of those policies sufficient to block disbursement of the proceeds to the Menlo Trusts beneficiaries as ordered by the state court.  The Trustee ignores the critical distinction between the policies and their proceeds, artificially conflating the two and collapsing them into a unitary asset.

As one court explained:

> [o]wnership of a life insurance policy . . . does not necessarily entail ownership of the proceeds of that policy. Several different parties may have a property interest in such a policy or its proceeds, including the owner, the insured,

---

[3] It bears noting that, even if the evidence supported the Trustee's contention that the Debtor commingled his own funds with those of the victims, such as the Menlo Trust, that would not automatically render the policies (as distinct from the trust funds) presumptively property of the estate.  For one thing, the Trustee provides no evidence that the Debtor used any such commingled funds to purchase the specific policies at issue or that are otherwise the subject of the Superior Court's disbursement order.

> and the beneficiary, all of whom may be different persons. *
> * * * [O]nce the insured dies, the beneficiary, who may or
> may not be the owner of the policy, becomes entitled to the
> proceeds of the policy.  [Citation omitted].
>
> Furthermore, if the owner of the a life insurance policy did
> not have an interest in its proceeds, the filing of the petition
> in bankruptcy cannot create one.* * * *

(*First Fidelity Bank v. McAteer*, 985 F.2d 114, 116-19 (3rd Cir. 1993) (holding proceeds of policy not property of the estate even when the "life insurance policy itself is property of the estate under Section 541(a) of the Bankruptcy Code" and awarding to nondebtor the proceeds of the policy the debtor "simply owned").)  (*See also*, *In re Moskowitz*, 14 B.R. 677, 680-81 (Bankr. S.D.N.Y. 1981) (holding that policy proceeds debtor assigned to third party not property of the estate); *G-I Holdings, Inc. v. Reliance Insurance Company (In re G-I Holdings, Inc.)*, 278 B.R. 725, (Bankr. D.N.J. 2002) (holding "[w]hether the proceeds are property of the estate will turn on who is the beneficiary, rather than the owner, of the policy").)

The Trustee does not allege, let alone establish, the Debtor is the beneficiary under any of the subject policies.  The Debtor makes no claim to the policies, either in his Schedules [Dkt. No. 70], nor in any filing with this Court.  Therefore, no grounds exist to impose any stay on disbursement of the proceeds even if the Court gives the Trustee the unearned benefit of the doubt, he supplied sufficient evidence to prove the *policies* are presumptively property of the estate.[4]

## IV.

## THE MOTION IS A DISGUISED REQUEST FOR INJUNCTIVE RELIEF THAT IS BOTH PROCEDURALLY AND SUBSTANTIVELY DEFECTIVE

As discussed above, the Trustee failed to establish that either the policies or the proceeds are property of the estate.  As a result, neither is subject to the automatic stay.

---

[4] To the extent the Debtor (and, in turn, the estate) is the beneficiary under the relevant policies (they are not), the estate will receive its portion of the proceeds in that the Superior Court's order provides for disbursement of $3,000,000 of the proceeds "to the named beneficiaries."  August 18 Order (*See* Dkt. No. 303-11, Exhibit K at 2.)

1    Consequently, to award the relief the Trustee seeks, this Court would be required to

2    issue a Court-imposed injunction or stay under section 105 of the Bankruptcy Code.

3    (*See, e.g.*, *Canter v. Canter (In re Canter)*, 299 F.3d 1150, 1155 n.1 (9th Cir. 2002)

4    ("[T]he bankruptcy automatic stay is differentiated from a bankruptcy court-ordered

5    injunction, which issues under § 105").)  In this instance, however, that relief is not

6    warranted and the Motion must be denied.

7        First, the Motion is procedurally defective.  Rule 7001 of the Federal Rules of

8    Bankruptcy Procedure mandates that injunctive relief may only be obtained through an

9    adversary proceeding, with all its important due process protections.  (*See* Fed. R.

10   Bankr. P. 7001(7); *Lyons v. Lyons (In re Lyons)*, 995 F.2d 923, 924 (9th Cir. 1993

11   (holding that when a Rule 7001 category was at issue, movant "may obtain the

12   authority he seeks only through an adversary proceeding"); *Garner v. Teran (In re*

13   *Garner)*, 2011 WL 10676932, *7 (Bankr. E.D. Cal. June 8, 2011) (explaining that "an

14   actual injunction would require an adversary proceeding" with "findings of fact and

15   procedural formalities in compliance with Fed.R.Civ.P. 65" and refusing to allow the

16   debtor to "circumvent the due process and procedural protections of the Rules with a

17   simple motion").)

18       Second, the Motion is substantively defective.  To impose a Court-ordered stay

19   to encompass matters outside the scope of the automatic stay, the usual preliminary

20   injunction standard applies.  (*See Solidus Networks, Inc. v. Excel Innovations, Inc. (In*

21   *re Excel Innovations, Inc.)*, 502 F.3d 1086, 1094 (9th Cir. 2007).)  Under that standard:

22       [t]he moving party must show:

23           (1) a strong likelihood of success on the merits, (2) the
             possibility of irreparable injury to plaintiff if
24           preliminary relief is not granted, (3) a balance of
             hardships favoring the plaintiff, and (4) advancement
25           of the public interest (in certain cases). Alternatively, a
             court may grant the injunction if the plaintiff
26           demonstrates *either* a combination of probable success
             on the merits and the possibility of irreparable
27           injury *or* that serious questions are raised and the
             balance of hardships tips sharply in his favor.

28

OPPOSITION TO MOTION OF CHAPTER 11 TRUSTEE FOR ORDER ENFORCING THE AUTOMATIC STAY
AGAINST THE MENLO TRUST AND RELATED RELIEF; DECLARATION OF PAUL P. YOUNG, ESQ., CFE
IN SUPPORT THEREOF

1   *Id.* at 1093 (emphasis in original).  The Trustee does not even attempt to make this

2   showing.

3        The Trustee failed to comply with any of the procedural or substantive

4   requirements to obtain an injunction.  On this basis, separate and apart from the other

5   defects described above, the Motion should be denied.[5]

6                                   **V.**

7                             **CONCLUSION**

8        In consideration of any one of the foregoing described defects, the Motion

9   should be denied.  However, to the extent the Court is not prepared to outright deny the

10  Motion, the hearing should be continued to afford the Menlo Trusts an appropriate

11  amount of time to more fully consider and respond to the Motion.

12  DATED: August 31, 2023            **CHORA YOUNG & MANASSERIAN LLP**

13

14

15                                   By: */s/ Paul P. Young, Esq., CFE*

16                                   Paul P. Young, Esq., CFE
                                     Nikko S. Stevens, Esq.
17                                   Attorneys for Creditor
                                     Franklin H. Menlo, Co-Trustee of the
18                                   Franklin Menlo Irrevocable Trust
                                     established March 1,
19                                   1983

20

21

22

23

24

25  _____

26  [5] If the automatic stay were found to apply to the policies or proceeds (it does not), the Motion should be
    denied nonetheless as unnecessary.  The automatic stay already serves as an injunction.  "An injunction
    against violating an existing injunction is superfluous, adding no judicial action and providing no additional
27  relief."  (*See In re Garner,* 2011 WL 10676932 at *7.)  (*See also*, *Barrientos v. Wells Fargo Bank, N.A. (In
    re Barrientos)*, 633 F.3d 1186, 1190 (9th Cir. 2011) (denying debtors an injunction because "[t]he proper
28  remedy for violation of an injunction is not another injunction, but rather an order for contempt").)

## DECLARATION OF PAUL P. YOUNG, ESQ., CFE

## RE: OPPOSITION TO MOTION OF CHAPTER 11 TRUSTEE FOR ORDER

## ENFORCING THE AUTOMATIC STAY

I, Paul P. Young, Esq., CFE declare:

1.     I am attorney licensed to practice before the courts of the State of California and am a partner at Chora Young & Manasserian LLP, attorney for Petitioner Franklin H. Menlo ("Menlo"), co-trustee of the twenty-four irrevocable trusts commonly known as the "Menlo Trusts."  I am a certified fraud examiner.  I have personal knowledge of the facts set forth herein, or know of such facts by reason of my inspection of the records maintained by Chora Young & Manasserian LLP in the ordinary course of business, and could and would competently testify thereto if asked to do so.

2.     I make this declaration in support of Menlo's Opposition to the "MOTION OF CHAPTER 11 TRUSTEE FOR ORDER ENFORCING THE AUTOMATIC STAY AGAINST THE MENLO TRUST AND RELATED RELIEF" ("Motion").

3.     I met with the Trustee on August 4, 2023.  I take issue withthe Motion characterizing the Menlo Trusts as uncooperative.  "While professing to cooperate with the Trustee, the Menlo Trust has produced no policy-related documents to the Trustee." (Dkt. No. 303 at 3:11-13.)   "Ironically, the Aug. 18 Minute Order requests the Trustee to produce what the Menlo Trust refused, and refuses to this day, to produce to the Trustee." (Dkt. No. 303 at 3:17-18.)  The Menlo Trusts arevictims of tens of millions of dollars of theft by the Debtor..

4.     The Motion uses the Report and Recommendation of the Nonbankruptcy Action appointed Referee as an exhibit in support.  Recall that the report articulates the Menlo Trusts were denied by the Debtor the detailed information requested by the beneficiaries of those Trusts, despite Court orders to produce such documents.

5.      The Menlo Trusts do not have possession, custody, or control of the documents the Trustee seeks.  They were not in control of the policies or the Law Firm's trust accounts and were required to sue the Debtor for an accounting for the many years during which he was the sole trustee of the Trusts.  The Trustee has filed a motion to take the examination of the trustees of the Menlo Trusts ("2004 Motion") [Dkt. No. 301].  Menlo does not oppose the 2004 Motion and intends to cooperate fully.  Menlo Trust have worked diligently to compile records since the August 4 meeting.  The Nonbankruptcy Action has gone on for more than eleven years, the record is voluminous, and documents utilized therein are not centrally maintained.

6.      We have also attempted to gather information from the insurers.  What we have learned is that at least one insurer, Aetna, can only go back so far to search its records and it does not retain copies of payment remittances (check, actual wire transfer, etc.) to assist in tracing.

7.      Despite our inability to locate exactly what we and the Trustee are looking for, the Menlo Trusts have provided the Trustee with as much information as we have been able to gather together to date.  We continue to supplement our production and did so a mere two days ago.  See, for example, an email from Attorney Donald L. Saltman (Melo Trusts) to the Trustee and his counsel of August 29, 2023, a true and correct copy of which is attached hereto as **Exhibit A**.  The attachments to the email which are detailed spreadsheets from the trial before the Referee are not included in Exhibit A.

I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

Executed this 31st day of August, 2023.

/s/ Paul P. Young
Paul P. Young

OPPOSITION TO MOTION OF CHAPTER 11 TRUSTEE FOR ORDER ENFORCING THE AUTOMATIC STAY AGAINST THE MENLO TRUST AND RELATED RELIEF; DECLARATION OF PAUL P. YOUNG, ESQ., CFE IN SUPPORT THEREOF

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
650 Sierra Madre Villa Ave., Ste. 304, Pasadena, CA 91107

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO MOTION OF CHAPTER 11 TRUSTEE FOR ORDER ENFORCING THE AUTOMATIC STAY AGAINST THE MENLO TRUST AND RELATED RELIEF; DECLARATION OF PAUL P. YOUNG IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 31, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Attached.

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) August 31, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Counsel for Chapter 11 Trustee**
Jeffrey W. Dulberg
John W. Lucas
PACHULSKI STANG SIEHL & JOHNES LLP
10100 Santa Monica Blvd., 13ᵗʰ Fl.
Los Angeles, CA 90067

**Debtor's Counsel**
Michael Kogan
KOGAN LAW FIRM, APC
11500 W. Olympic Blvd., Suite 400
Los Angeles, California 90064

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) August 31, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Sandra Klein
United States Bankruptcy Court
Edward R. Roybal Federal Building
255 E. Temple Street, Suite 1582
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 31, 2023 | Jaclyn Poon | /s/ Jaclyn Poon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) (continued):**

- **Simon Aron on behalf of Defendant Kenneth Klein:** saron@wrslawyers.com, moster@wrslawyers.com

- **Simon Aron on behalf of Defendant Shoshana Shrifa Klein:** saron@wrslawyers.com, moster@wrslawyers.com

- **Reem J Bello on behalf of Defendant Erica Vago:** rbello@goeforlaw.com, kmurphy@goeforlaw.com

- **Reem J Bello on behalf of Defendant Joseph Vago:** rbello@goeforlaw.com, kmurphy@goeforlaw.com

- **Reem J Bello on behalf of Interested Party Goe Forsythe & Hodges LLP:** rbello@goeforlaw.com, kmurphy@goeforlaw.com

- **Reem J Bello on behalf of Interested Party Reem J Bello:** rbello@goeforlaw.com, kmurphy@goeforlaw.com

- **Reem J Bello on behalf of Plaintiff Erica Vago:** rbello@goeforlaw.com, kmurphy@goeforlaw.com

- **Reem J Bello on behalf of Plaintiff Joseph Vago:** rbello@goeforlaw.com, kmurphy@goeforlaw.com

- **Ron Bender on behalf of Interested Party Life Capital Group, LLC:** rb@lnbyg.com

- **Michael Jay Berger on behalf of Attorney Michael Jay Berger:**
michael.berger@bankruptcypower.com,yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

- **Michael Jay Berger on behalf of Other Professional Michael Jay Berger:**
michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

- **Greg P Campbell on behalf of Interested Party Courtesy NEF:** ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com

- **Baruch C Cohen on behalf of Creditor David Berger:** bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com

- **Baruch C Cohen on behalf of Creditor Robert & Esther Mermelstein:** bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com

- **Baruch C Cohen on behalf of Plaintiff David Berger:** bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com

- **Baruch C Cohen on behalf of Plaintiff Robert & Esther Mermelstein:** bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com

- **Theron S Covey on behalf of Creditor Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust:** tcovey@raslg.com, sferry@raslg.com

- **Jeffrey W Dulberg on behalf of Plaintiff Bradley D. Sharp:** jdulberg@pszjlaw.com

- **Jeffrey W Dulberg on behalf of Trustee Bradley D. Sharp (TR):** jdulberg@pszjlaw.com

- **Dane W Exnowski on behalf of Creditor US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust:** dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                   **F 9013-3.1.PROOF.SERVICE**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) (continued):**</u>

- **Dane W Exnowski on behalf of Interested Party Courtesy NEF:**
- dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com

- **Robert P Goe on behalf of Creditor Erica Vago:** kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;goeforecf@gmail.com

- **Robert P Goe on behalf of Creditor Joseph Vago:** kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;goeforecf@gmail.com

- **Robert P Goe on behalf of Defendant Erica Vago:** kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;goeforecf@gmail.com

- **Robert P Goe on behalf of Defendant Joseph Vago:** kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;goeforecf@gmail.com

- **Robert P Goe on behalf of Interested Party Goe Forsythe & Hodges LLP:** kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;goeforecf@gmail.com

- **Robert P Goe on behalf of Interested Party Robert P Goe:** kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;goeforecf@gmail.com

- **Robert P Goe on behalf of Plaintiff Erica Vago:** kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;goeforecf@gmail.com

- **Robert P Goe on behalf of Plaintiff Joseph Vago:** kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;goeforecf@gmail.com

- **Michael I. Gottfried on behalf of Creditor A. Gestetner Family Trust:** mgottfried@elkinskalt.com,
  cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com

- **Michael I. Gottfried on behalf of Creditor Gestetner Charitable Remainder Unitrust:**
  mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com

- **Michael I. Gottfried on behalf of Interested Party Courtesy NEF:** mgottfried@elkinskalt.com,
  cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com

- **Brandon J Iskander on behalf of Creditor Erica Vago:** biskander@goeforlaw.com, kmurphy@goeforlaw.com

- **Brandon J Iskander on behalf of Creditor Joseph Vago:** biskander@goeforlaw.com, kmurphy@goeforlaw.com

- **Michael S Kogan on behalf of Debtor Leslie Klein:** mkogan@koganlawfirm.com

- **Michael S Kogan on behalf of Defendant Leslie Klein:** mkogan@koganlawfirm.com

- **Michael S Kogan on behalf of Interested Party Kogan Law Firm, APC:** mkogan@koganlawfirm.com

- **Michael S Kogan on behalf of Interested Party Michael Kogan Law Firm, APC:** mkogan@koganlawfirm.com

- **Michael S Kogan on behalf of Plaintiff Leslie Klein:** mkogan@koganlawfirm.com

- **Marc A Lieberman on behalf of Interested Party Courtesy NEF:** marc.lieberman@flpllp.com,
  safa.saleem@flpllp.com,addy@flpllp.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) (continued):**

- **Marc A Lieberman on behalf of Interested Party Les Klein & Associates:** marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com

- **John W Lucas on behalf of Trustee Bradley D. Sharp (TR):** jlucas@pszjlaw.com, ocarpio@pszjlaw.com

- **Ron Maroko on behalf of U.S. Trustee United States Trustee (LA):** ron.maroko@usdoj.gov

- **Kirsten Martinez on behalf of Creditor NewRez LLC d/b/a Shellpoint Mortgage Servicing, as servicer for J.P. Morgan Mortgage Acquisition Corp:** Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com

- **Steven M Mayer on behalf of Interested Party Courtesy NEF:** smayer@mayerlawla.com

- **Steven M Mayer on behalf of Plaintiff Jeffrey Siegel:**
- smayer@mayerlawla.com

- **Krikor J Meshefejian on behalf of Interested Party Life Capital Group, LLC:** kjm@lnbyg.com

- **Kenneth Misken on behalf of U.S. Trustee United States Trustee (LA):** Kenneth.M.Misken@usdoj.gov

- **Jeffrey P Nolan on behalf of Plaintiff Bradley D. Sharp:** jnolan@pszjlaw.com

- **Jeffrey P Nolan on behalf of Trustee Bradley D. Sharp (TR):** jnolan@pszjlaw.com

- **Eric J Olson on behalf of Attorney ERIC J OLSON:** eric@ejolsonlaw.com

- **Jeffrey N Pomerantz on behalf of Trustee Bradley D. Sharp (TR):** jpomerantz@pszjlaw.com

- **Brian A Procel on behalf of Plaintiff Erica Vago:** bprocel@millerbarondess.com, rdankwa@millerbarondess.com;docket@millerbarondess.com

- **Joshua L Scheer on behalf of Creditor Ajax Mortgage Loan Trust 2021-D, Mortgage-Backed Securities, Series 2021-D, by U.S. Bank National Association, as Indenture Trustee:** jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com

- **Mark M Sharf (TR):** mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com

- **Bradley D. Sharp (TR):** bsharp@dsi.biz

- **Nikko Salvatore Stevens on behalf of Creditor Franklin Menlo:** nikko@cym.law, mandi@cym.law

- **Nikko Salvatore Stevens on behalf of Interested Party Courtesy NEF:** nikko@cym.law, mandi@cym.law

- **Nikko Salvatore Stevens on behalf of Plaintiff Franklin Menlo, co-trustee of the Franklin Menlo Irrevocable Trust established March 1, 1983:** nikko@cym.law, mandi@cym.law

- **Alan G Tippie on behalf of Interested Party Courtesy NEF:** Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com

- **Gary Tokumori on behalf of Interested Party Courtesy NEF:** gtokumori@pmcos.com

- **United States Trustee (LA):** ustpregion16.la.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                              **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) (continued):**

- **Michael L Wachtell on behalf of Interested Party Courtesy NEF:** mwachtell@buchalter.com

- **John P. Ward on behalf of Creditor U.S. Bank, N.A., as Trustee for Velocity Commercial Capital Loan Trust 2018-2:** jward@attleseystorm.com, ezhang@attleseystorm.com

- **Brett J. Wasserman on behalf of Plaintiff Adi Vendriger:** wasserman@smcounsel.com

- **Alex M Weingarten on behalf of Creditor Jeffrey Winter:** aweingarten@willkie.com, lcarter@willkie.com

- **Alex M Weingarten on behalf of Interested Party Courtesy NEF:** aweingarten@willkie.com, lcarter@willkie.com

- **Clarisse Young on behalf of Creditor Adi Vendriger:** youngshumaker@smcounsel.com, levern@smcounsel.com

- **Clarisse Young on behalf of Interested Party Courtesy NEF:** youngshumaker@smcounsel.com, levern@smcounsel.com

- **Clarisse Young on behalf of Plaintiff Adi Vendriger:** youngshumaker@smcounsel.com, levern@smcounsel.com

- **Paul P Young on behalf of Creditor Franklin Menlo:** paul@cym.law, jaclyn@cym.law

- **Paul P Young on behalf of Interested Party Courtesy NEF:** paul@cym.law, jaclyn@cym.law

- **Paul P Young on behalf of Plaintiff Franklin Menlo, co-trustee of the Franklin Menlo Irrevocable Trust established March 1, 1983:** paul@cym.law, jaclyn@cym.law

- **Roye Zur on behalf of Interested Party Courtesy NEF:** rzur@elkinskalt.com, cavila@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com

2. **SERVED BY UNITED STATES MAIL (continued):**

| United States Trustee | Trustee | Debtor |
|---|---|---|
| Ron Maroko | Mark M Sharf (TR) | Leslie Klein |
| 915 Wilshire Blvd., Ste. 1850 | 6080 Center Drive, Ste. 600 | 322 N. June Street |
| Los Angeles, CA 90017 | Los Angeles, CA 90045 | Los Angeles, CA 90001 |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.