Jeffrey W. Dulberg (CA State Bar No. 181200)
John Lucas (CA State Bar No. 271038)
Jeffrey P. Nolan (CA State Bar No. 158923)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:   jdulberg@pszjlaw.com
          jlucas@pszjlaw.com
          jnolan@pszjlaw.com

Counsel to Bradley D. Sharp, Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>Debtor. | Case No.: 2:23-bk-10990-SK<br><br>Chapter 11<br><br>**LIMITED OBJECTION OF CHAPTER 11 TRUSTEE TO MOTION OF KOGAN LAW FIRM, APC FOR AN ORDER AUTHORIZING WITHDRAWAL OF COUNSEL OF DEBTOR**<br><br>Date:         October 18, 2023<br>Time:         9:00 am<br>Courtroom: 1575<br>Location:    255 E. Temple Street<br>                    Los Angeles, CA 90012<br>Judge:        Hon. Sandra R. Klein |

Bradley D. Sharp, the duly appointed chapter 11 trustee (the "Trustee") of the bankruptcy estate of Leslie Klein (the "Debtor"), hereby files this limited objection (the "Limited Objection") to the *Motion of Kogan Law Firm, APC for an Order Authorizing Withdrawal of Counsel of Debtor* [Docket No. 393] (the "Motion").  In support of the Limited Objection, the Trustee represents as follows:

As the Court is aware, prior to and after the appointment of the Trustee, the Debtor's chapter 11 case has been punctuated with the Debtor's blatant disregard for the bankruptcy process that the Debtor voluntarily filed for the purpose of restructuring his financial obligations. After the Trustee's appointment, he has not been successful obtaining documents, information, and answers from the

1

DOCS_LA:351740.3

Debtor, through counsel or otherwise. Consequently, the Trustee initiated his own discovery and investigation seeking to compile the information necessary to address the demands and disclosures required for the administration of the bankruptcy case, preservation of assets, and distributions to the holder of allowed claims.

The Motion documents some of the Debtor's delay and recalcitrance to fulfill his duties as a debtor but fails to identify or substitute new counsel in the place of the Kogan Law Firm. Instead, the Kogan Law Firm proposes that the Debtor could just as well represent himself because he is an attorney.

The Trustee files this Limited Objection to the Motion to guard against the Debtor using the withdrawal of his current counsel (who has never filed a retention application) as a mechanism to continue the Debtor's ongoing delay of numerous pending matters thereby further frustrating the bankruptcy process, wasting estate assets, and further prejudicing the rights of creditors.

**The Relief Requested Should be Conditioned on the Timely Compliance with
Pending Matters and the Preservation of All Records and Communications with the Debtor**

The decision to grant or deny a motion to withdraw as counsel, is committed to the sound discretion of the trial court. *See Monclova-Chavez v. McEachern,* 2018 U.S. Dist. LEXIS 76954, *5-6 ((E.D. Cal 2018) citing to *See LaGrand v. Stewart,* 133 F.3d 1253, 1269 (9th Cir. 1998); *Rus, Millband & Smith v. Conkle & Olesten*, 113 Cal. App. 4th 656, 673, 6 Cal. Rptr. 3d 612 (2003). Courts may consider the following factors in ruling on a motion for permissive withdrawal: "1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *Monclova-Chavez v. McEachern*, 2018 U.S. Dist. LEXIS 76954, *5-6 (E.D. Cal 2018) (citing to *CE Res., Inc. v. Magellan Grp., LLC*, 2009 U.S. Dist. LEXIS 100776, *2 (E.D. Cal. Oct. 14, 2009).

2

DOCS_LA:351740.3

The Motion is made without the apparent consent of the Debtor, without the selection of new counsel, and frames the issues as a break-down of the attorney client communications, action or inaction of the Debtor (Decl., §12), lack of agreement between counsel and Debtor such that Debtor has failed to respond to various issues in the bankruptcy case (Decl., §12), lack of responsiveness by the Debtor especially as to key goals in the bankruptcy case, and the inability to act as counsel and simultaneously serve as an officer of the Court. (Motion, Dkt No. 393, Decl., §15-16)

<u>First</u>, it should be clear from the pleadings filed to date that the Trustee has not received any cooperation from the Debtor regarding estate assets, claims against the estate, and basic disclosures that are required by all debtors in a bankruptcy case. It is the debtor's duty to provide a trustee information regarding property of the estate, claims against the estate, and any defenses for the purpose of administering the bankruptcy case. *Clippard v. Russell (In re Russell),* 392 B.R. 315, 358 (Bankr. E.D. Tenn. 2008).

If the Motion is granted the Debtor will need to retain his third bankruptcy counsel while numerous matters are pending and nearly 33% of the statutory period to commence avoidance actions has passed without the Debtor complying with his statutory duties to provide information and cooperate with the Trustee who is administering the Debtor's bankruptcy estate.

The Trustee has encountered this delay, filed numerous pleadings resulting in court orders, and made demands requiring the disclosure of information from the Debtor and counsel on a variety of topics that include:

- The factual and legal basis for the Vago appeal not later than October 13, 2023.
- Bankruptcy Rule 2004 Order for the deposition of the Debtor's law firm where the Debtor is scheduled to be examined as the person most knowledgeable
- Execution of a tolling agreement involving the delayed examination of the Debtor as the person most knowledgeable as a result of the Debtor's absence from the country.
- Review and processing of imaged documents from electronic devices.
- Production of 2022 tax returns

3

DOCS_LA:351740.3

- Disclosure of the source of income for Debtor's current overseas trips.

The withdrawal of the Kogan Law Firm as counsel, with no specified replacement, will lead to more delay jeopardizing disclosures and production of information, the identification of assets, and the ability of the Trustee to pursue and preserve assets for the benefit of the estate.

As a condition to granting the Motion, substitute counsel must be retained by the Debtor or the Debtor designated as representing himself in this case (including designating an address for service of process for pleadings). In the interim, the Kogan Law Firm must remain as counsel so that all of the scheduled matters are not delayed. In ruling on a motion for permissive withdrawal, the Court is well within its authority to look at the surrounding circumstances of the case to prevent prejudice to parties, creditors and the inexcusable delay that has been a strategic ploy by the Debtor since the petition date.

<u>Second</u>, the Trustee believes that as a fiduciary of the Debtor's estate and to his creditors, the Trustee is entitled to all documents and information in the possession or control of the Kogan Law Firm that relates to property of the estate or claims against the Debtor's estate, even documents or information that is subject to any attorney client privilege between the Debtor, the Kogan Law Firm, or any other legal representative of the Debtor. The withdrawal of the Kogan Law Firm as counsel to the Debtor should also be conditioned on the Kogan Law Firm's preservation of all documents and information (including attorney/client information and communications) in the possession or control of the Kogan Law Firm in the event the Trustee seeks discovery from the Kogan Law Firm for the benefit of the Debtor's estate.

Dated: October 11, 2023      PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ John W. Lucas*
  Jeffrey W. Dulberg
  John W. Lucas
  Jeffrey P. Nolan

Attorneys for Bradley D. Sharp, Chapter 11 Trustee

DOCS_LA:351740.3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **LIMITED OBJECTION OF CHAPTER 11 TRUSTEE TO MOTION OF KOGAN LAW FIRM, APC FOR AN ORDER AUTHORIZING WITHDRAWAL OF COUNSEL OF DEBTOR** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 11, 2023,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **October 11, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 11, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| **Via Federal Express** | **Via Email:** |
|---|---|
| Honorable Sandra R. Klein<br>United States Bankruptcy Court/Central District of California<br>Edward R. Roybal Federal Building and Courthouse<br>255 E. Temple Street, Suite 1582 / Courtroom 1575<br>Los Angeles, CA 90012 | Simon Aaron on behalf of Kenneth Klein and Shoshana Shrifa Klein--saron@wrslawyers.com; moster@wrslawyers.com<br><br>Leslie Klein les.kleinlaw@gmail.com |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 11, 2023 | Mary de Leon | /s/ *Mary de Leon* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                    **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:351757.1 78512/001

**ADDITIONAL MAILING INFORMATION FOR Case 2:23-bk-10990-SK**

- **Simon Aron**    saron@wrslawyers.com, moster@wrslawyers.com
- **Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Ron Bender**    rb@lnbyg.com
- **Michael Jay Berger**    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Greg P Campbell**    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Baruch C Cohen**    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Theron S Covey**    tcovey@raslg.com, sferry@raslg.com
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Dane W Exnowski**    dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Michael I. Gottfried**    mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com
- **Brandon J Iskander**    biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Michael S Kogan**    mkogan@koganlawfirm.com
- **Marc A Lieberman**    marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
- **John W Lucas**    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Kirsten Martinez**    Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Steven M Mayer**    smayer@mayerlawla.com
- **Krikor J Meshefejian**    kjm@lnbyg.com
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Jeffrey P Nolan**    jnolan@pszjlaw.com
- **Eric J Olson**    eric@ejolsonlaw.com
- **Jeffrey N Pomerantz**    jpomerantz@pszjlaw.com
- **Brian A Procel**    bprocel@millerbarondess.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- **Joshua L Scheer**    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Mark M Sharf (TR)**    mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com
- **Bradley D. Sharp (TR)**    bsharp@dsi.biz
- **Nikko Salvatore Stevens**    nikko@cym.law, mandi@cym.law
- **Alan G Tippie**    Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **Gary Tokumori**    gtokumori@pmcos.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Michael L Wachtell**    mwachtell@buchalter.com
- **John P. Ward**    jward@attleseystorm.com, ezhang@attleseystorm.com
- **Brett J. Wasserman**    wasserman@smcounsel.com
- **Alex M Weingarten**    aweingarten@willkie.com, lcarter@willkie.com
- **Clarisse Young**    youngshumaker@smcounsel.com, levern@smcounsel.com
- **Paul P Young**    paul@cym.law, jaclyn@cym.law

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:351757.1 78512/001

- **Roye Zur**  rzur@elkinskalt.com, cavila@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com

**2. SERVED BY UNITED STATES MAIL**:

Peter C. Anderson, U.S. Trustee
Michael Jones, Assistant U.S. Trustee
Office of the U.S. Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA  90017

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA  90071

Nathan Talei
Oldman, Sallus & Gold, L.L.P.
16133 Ventura Blvd., PH-A
Encino, CA 91436

Leslie Klein
322 N. June Street
Los Angeles, CA 90001

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:351757.1 78512/001