# EXHIBIT F

# OFFER TO PURCHASE REAL PROPERTY

The undersigned (the "Offeror") hereby offers (the "Offer") to purchase from Bradley D. Sharp, the duly appointed, authorized and acting trustee (the "Trustee") in the chapter 11 case of Leslie Klein (the "Debtor"), pending in the United States Bankruptcy Court for the Central District of California (Los Angeles Division) (the "Bankruptcy Court") bearing case number 2:23-bk-10990-SK, the Trustee's right, title and interest to the real property commonly known as 3752 Ocean Drive, Oxnard, California (the "Property"), which is the subject of a certain accepted Counter-Offer and exhibits thereto (collectively, the "Agreement"), dated on or about September 20, 2023. **Offeror hereby acknowledges receipt of a copy of the Agreement.  [Initials_____].** Offeror agrees to substitute into the Agreement upon identical terms and conditions as set forth therein, except as to price and as otherwise set forth herein.

The Offer price, all cash, shall be $_____ [no less than $1,810,000.00].

There are no contingencies to the Offer whatsoever—save and excepting Bankruptcy Court approval after notice and a hearing—including, without limitation, inspection, due diligence or financing contingencies.  The Offer is subject to acceptance by the Trustee, approval by the Bankruptcy Court, and potential "higher and better" bids made at a hearing to consider approval of the sale of the Property scheduled for November 15, 2023, at 9:00 a.m. in Courtroom "1575" of the United States Bankruptcy Court located at 255 East Temple Street, Los Angeles, California, or as soon thereafter as the Bankruptcy Court provides (the "Sale Approval Hearing").  The Offeror understands, acknowledges, and agrees that if the Offeror is deemed a "qualified bidder," they or their duly authorized representative must personally attend the Sale Approval Hearing.

Offeror understands and acknowledges that the Trustee has neither inspected the Property nor analyzed its fitness for any particular use.  Offeror further understands and acknowledges that the sale is solely of the Debtor's estate's right, title and interest in the Property, on an "As Is" and "Where Is" basis, with no warranty or recourse whatsoever.  Offeror has completed all due diligence which Offeror believes to be required to purchase the Property and has not relied upon any statement or representation from the Trustee, his attorneys, his real estate brokers or other agents.  Any necessary testing, remediation, repairs, or other actions, including without limitation, those relating to any environmental laws, shall be the sole responsibility of the Offeror, at Offeror's sole expense.

The initial deposit is $54,300.00 (the "Deposit").  To be "qualified bidders" for purposes of acquiring the Property, Offeror must deliver **no later than** November 13, 2023 at 9:00 a.m., to the Trustee, c/o Jeffrey W. Dulberg, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067: (a) a cashier's check payable to "Bradley D. Sharp, Chapter 11 Trustee" in an amount not less than the Deposit, (b) an executed copy of this Offer, and (c) proof of adequate funding to close the proposed sale.  Parties who do not timely submit the foregoing will be barred from bidding at the Sale Approval Hearing subject to the Trustee's sole discretion.  The Deposit shall be non-refundable in the event that the Bankruptcy Court confirms the sale to the Offeror but the Offeror breaches their obligations under the Offer, in which event the Trustee shall be free to sell the Property to another party and to retain the entire Deposit without liability to any party.  Offeror's sole remedy in the event a sale to Offeror is approved by the Bankruptcy Court and the Trustee proves unable to close the sale due to reasons not caused by Offeror shall be a return of the Deposit in full.  If the Offeror performs in full under the terms of the Offer, but the Bankruptcy Court confirms the sale of the Property to another party, Offeror's

Deposit shall be refundable in full. If another party is the successful bidder at the Sale Approval Hearing, Offeror may be deemed a back-up bidder in which event the Deposit will be retained by the Trustee until the sale closes to the initial successful bidder.

A commission of 2.5% of the sale price shall be payable to Offeror's real estate broker, if any, subject to approval of the Bankruptcy Court, but only upon closing of the sale to Offeror and only from the proceeds of said sale.

The Offeror understands, acknowledges, and agrees that at the Sale Approval Hearing, only qualified bidders shall be entitled to bid, and that the Trustee has sole discretion to determine, in the exercise of his sound business judgment, whether the Offeror is a "qualified bidder." If the Offeror is not deemed a qualified bidder (but have not otherwise defaulted), the Trustee will refund the Deposit.

The Offeror understands, acknowledges, and agrees that upon conclusion of the bidding process, the Trustee shall have sole discretion, in the exercise of his business judgment, to decide which of the bids is the "highest and best" bid, subject to approval of the Bankruptcy Court. The overbidder who is accepted by the Trustee and approved by the Bankruptcy Court as the successful bidder must pay all amounts reflected in its bid in cash at the closing of the sale. At the Sale Approval Hearing, and upon conclusion of the bidding process, the Trustee may also acknowledge a back-up bidder, which shall be the bidder with the next best bid determined in the sole discretion of the Trustee subject to Bankruptcy Court approval. Should the successful bidder fail to timely close on the sale of the Property, the Trustee may sell the Property to the back-up bidder without further Bankruptcy Court order and retain the Deposit as liquidated damages. The undersigned Offeror understands, acknowledges, and agrees that the Bankruptcy Court wherein bankruptcy case no. 2:23-bk-10990-SK is pending, shall have and retain exclusive jurisdiction to interpret and enforce this Offer as well as to resolve any dispute related in any way to this Offer, without a jury, and to enter final judgments thereon.

Dated: _____

_____
(Name of Offeror)

_____
(address of Offeror)

_____
(tel. no. and email address of Offeror)

_____
(name, tel. no. email address of authorized agent of Offeror, if applicable)

_____
(name, tel. no. email address of real estate agent and brokerage of Offeror, if applicable)

_____
(signature of Offeror and/or authorized agent of Offeror, if applicable)