Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:  jdulberg@pszjlaw.com
         jlucas@pszjlaw.com

*Counsel to Bradley D. Sharp,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>          Debtor. | Case No.: 2:23-bk-10990-SK<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S SECOND STATUS REPORT**<br><br>Date:   November 15, 2023<br>Time:   8:30 a.m.<br>Place:  Courtroom 1575<br>        255 East Temple Street<br>        Los Angeles, CA 90012<br><br>Judge:  Hon. Sandra R. Klein |

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, PARTIES THAT HAVE FILED REQUESTS FOR SPECIAL NOTICE, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

Bradley D. Sharp, the duly appointed and acting chapter 11 trustee (the "***Trustee***") in the above-captioned bankruptcy case (the "***Case***") of Leslie Klein (the "***Debtor***" or "***Klein***"), hereby submits this second status report of events in the case since the Trustee's appointment on May 23, 2023 and the first status report that was filed on July 21, 2023 [Docket No. 199] (the "***First Status Report***").

1.     Since the filing of the First Status Report, the Trustee has been identifying estate assets, locating bank accounts, transferring cash to accounts controlled by the Trustee, responding to

DOCS_SF:109780.3 78512/001                             1

pending motions, investigating certain transfers and commencing a related avoidance action, attending state court hearings (via counsel) regarding disputed assets of the Debtor's estate, and undertaking other efforts to stabilize this estate so that it can be administered in an efficient and value-maximizing manner. As the Court and the Office of the United States Trustee likely are aware, the Debtor's estate was handed to the Trustee in poor shape. On top of this, despite *numerous* law firms[1] advising him *even after* Mr. Berger and Mr. Kogan dropped the representation, the Debtor has been largely uncooperative with the Trustee and his professionals. The Debtor has failed to produce virtually any information and documentary requests made of him. Moreover, there are numerous, competing claims for potential estate assets that various parties assert as their own – in opposition to the Debtor's contrary assertions. While the Trustee has made some progress with information from third parties, the Trustee's efforts to date have only scratched the surface of identifying and understanding the breadth of the Debtor's assets and the extent of the claims asserted against the Debtor's estate.

2. The Trustee recognizes that many parties will be frustrated with the time it will take the Trustee to investigate the estate's affairs but that time is compounded by cooperation (or lack thereof) from the various parties who conducted business with the Debtor and the Debtor himself. The Trustee endeavors to make determinations about estate assets and claims against the estate promptly but only after the Trustee has acquired sufficient information that will enable him to make informed decisions as to the administration of this estate.

3. The Trustee and his professionals stand ready to meet with all claimants to discuss the many pending Debtor-related matters, both before this Court and the Superior Court (as defined below), to expedite the disposition of these matters. If these disputes cannot be consensually resolved, the Trustee will look to the Court to adjudicate any remaining contested issues.

4. Below is a short summary of certain significant events that have transpired since the Trustee's First Status Report.

///

///

---

[1] The Law Office of Eric Olson, Parker Millikan, and the Kogan Law Firm.

DOCS_SF:109780.3 78512/001    2

### A. Menlo Trust Litigation

5. As the Court is away, the Debtor is a defendant in an action styled as *In the matter of Franklin Henry Menlo Irrevocable Trust Established March 1, 1983*, Case No. BP136769, pending in the Superior Court of the State of California in the County of Los Angeles (the "**Menlo Action**"). The Menlo Action has been pending for years and involves allegations against the Debtor that include embezzlement, co-mingling of assets, borrowing between trusts, taking loans against trust and cross-paying debts, among other actions.

6. In response to a motion filed by the Trustee, the Court entered an order enforcing the automatic stay under section 362(a) of the Bankruptcy Code, which rendered void all orders entered by the court (the "**Superior Court**") in the Menlo Action. *See* [Docket No. 333] (the "**Stay Enforcement Order**").

7. The Trustee has been working cooperatively with the co-trustees (the plaintiffs in the Menlo Action, the "**Co-Trustees**") since entry of the Stay Enforcement Order. On September 22, 2023, the Trustee and Co-Trustees entered into a stipulation that sought reinstatement of certain aspects of an order entered by the Superior Court that removed the Debtor as a trustee of the Menlo related trusts and appointed the Co-Trustees as trustees for such trusts.

8. In response to the Bankruptcy Rule 2004 filed by the Trustee, the Co-Trustees have produced information that the Trustee is reviewing and analyzing. The Trustee's and Co-Trustees have agreed (subject to memorializing and this Court's approval) to continue the Co-Trustees' respective stay relief motions until the end of January 2024 so that the Trustee and his advisors can review the information produced and engage in discussions regarding the Co-Trustees' claims, the estate's claims, the stay relief motion, and whether there is a path toward a consensual resolution with respect to some or all of the claims among the parties.

### B. Pending Motions and Adversary Proceeding

9. Upon his appointment, the Trustee inherited many pending motions and adversary proceedings directed at the Debtor or certain assets of his estate. The Trustee and his counsel have been engaging with the movants and plaintiffs of these matters to reach intermediate agreements

(*i.e.*, stand-stills for the most part) so that the Trustee can better assess the requested relief and determine the best way to proceed from the perspective of the Debtor's estate.

10. Below is a short list and summary of these pending matters and their current status.

- *Motion for Relief from the Automatic Stay* filed by the Co-Trustee of the Franklin Menlo Trust [Docket No. 84], seeking stay relief so the pending Menlo Action can proceed. On July 19, 2023, the Trustee filed a response [Docket No. 196] seeking to continue the hearing on the motion to permit the Trustee and his professionals to gather the necessary information that will allow the Trustee to make an informed decision regarding the requested relief.

  - Subject to Court approval and memorialization between the parties, this motion will be set for hearing at the end of January 2024.

- *Motion for Relief from Stay,* [Docket No. 84] Ajax Mortgage Loan Trust, seeking stay relief with respect to a home owned by the Debtor located at 161 North Poinsettia Pl., Los Angeles, California. The Trustee has been in discussions with the movant to continue the hearing on the motion so that the Trustee can market and sell the property as there appears to be equity available to the Debtor's estate.

  - The hearing on this motion was continued to February 21, 2024 [Docket No. 455].

- *First and Final Application for Compensation and Reimbursement of Expenses* [Docket Nos. 181 & 182], filed by Michael Jay Berger whereby the Debtor's former counsel seeks allowance of fees and expenses incurred during his representation of the Debtor.

  - The Trustee filed a limited objection [Docket No. 195] seeking to continue this matter until the Trustee has had sufficient time to assess the application and is certain he has sufficient assets to pay any allowed fees and expenses without prejudicing his ability to administer the estate and pay other chapter 11 administrative claims in full.

- *Motion for Relief from Stay,* [Docket No. 174] filed by NewRez LLC d/b/a Shellpoint Mortgage Servicing, as servicer for JP Morgan Mortgage Acquisition Corp seeking stay relief with respect to a home owned by the Debtor located at 143 S. Highland, Los Angeles, CA 90036. The Trustee filed an objection to this motion [Docket No. 184] seeking to continue the hearing so that the Trustee can market and sell the property as there appears to be equity available to the Debtor's estate. Subsequently, the movant agreed to continue the hearing.

  - The hearing on this motion was continued to February 21, 2024 [Docket No. 455].

- *Klein v. J. Vago and E. Vago,* Adv. Case No. 23-01147, where the Debtor seeks to avoid the perfection of a judgment in the approximate amount of $25,000,000. As a result of his appointment, the Trustee arguably controls the rights asserted in this adversary proceeding. The Trustee believes that the claims asserted in the complaint have merit and that the defendants should stipulate to the relief requested because the claims are well supported. If defendants do not respond, the Trustee will either file his own adversary proceeding or take over the existing

       action and file a summary judgment motion seeking to avoid the abstract of judgment.

- *Sharp v. K. Klein and S. Klein*, Adv. Case No. 23-01167, where the Trustee is seeking to avoid the transfer of property located at 306 N. Highland, Los Angeles, California, to the Debtor's son and daughter-in-law in exchange for no apparent consideration. The Trustee recently received a settlement offer from the defendants and the Trustee is working with his advisors to provide a reponse.

11.     In addition to the above, the Debtor is subject to approximately six other adversary proceedings in which various parties are seeking to except their claims from any discharge that the Debtor might obtain. *See, e.g.*, Adv. Case Nos.: 23-01147, 23-01150, 23-01151, 23-01152, 23-01153, 23-01154, and 23-01169. While certain of those claims were recently dismissed, the Trustee does not have any immediate intention to participate in these adversary proceedings as they seek relief preventing the Debtor from discharging certain claims and do not impact the goals and duties of the Trustee's mandate.

### C. Bank Accounts, Safety Deposit Boxes, and Credit Cards

12.     The Trustee has located approximately eight (8) bank accounts in the name of the Debtor. The Trustee has been able to transfer the cash to bank accounts controlled and administered by the Trustee and close the Debtor's accounts so they cannot be used by the Debtor. In addition, the Trustee located one brokerage account in the name of the Debtor. The Trustee has received the funds from the Morgan Stanely brokerage account in the Debtor's name.

13.     The Trustee has or is in the process of obtaining all of the bank statements for the above-described accounts. The Trustee believes that after a review of the bank statements he and his professionals will be in a better position to identify any other Debtor-owned bank accounts or if any funds were transferred that should be avoided for the benefit of the estate.

14.     The Trustee has identified approximately sixteen (16) credit cards issued to the Debtor. The Trustee is in the process of terminating each of the credit cards so that the Debtor cannot use and incur administrative expenses. However, the Trustee is not confident that he has identified all of the Debtor's credit cards.

///

///

### D. Rule 2004 Applications

15. The Trustee has filed eighteen (18) motions (collectively, the "**Rule 2004 Motions**") for examination or production of documents pursuant to Bankruptcy Rule 2004. Most of the Rule 2004 Motions are directed at various banks or financial institutions where the Debtor conducted business or had deposited cash.

16. The Trustee and his advisors are currently reviewing information that has been produced to date from the targets of the Rule 2004 Motions. In other instances, the Trustee has not yet received any or all of the information sought by the applicable Rule 2004 Motion and is continuing to work through counsel regarding the complete production of the information sought.

17. The Trustee expects that he will file additional motions pursuant to Bankruptcy Rule 2004 or seek to enforce order(s) from the Court that authorized him to seek information that was not produced. As with the prior Rule 2004 Motions, the Trustee will pursue such motions for information that he believes will help better inform the Trustee about assets of the Debtor's estate and the various claims against the estate. The Trustee will endeavor to obtain the targeted information in a consensual manner first but will look to the Court if that proves to be unsuccessful.

### E. Real Property

18. The Trustee has re-routed rent payments for the estate's income producing rental properties and has established at least an initial level of contact/control over all such properties listed in the Debtor's Schedules of Assets and Liabilities and/or Statement of Financial Affairs.

19. On October 25, 2023, the Trustee filed a motion to sell the Debtor's property located at 3752 Ocean Drive, Oxnard, California [Docket Nos. 452 and 453] (the "**Sale Motion**"). As set forth in greater detail in the Sale Motion, the Trustee located a buyer that will pay $1,800,000 on an "as-is, where-is" basis subject to higher and better offers. Prior to the petition date but within the preference period, the Vagos recorded an abstract of judgment against the Ocean Drive property (in addition to other properties owned by the Debtor's estate). As reflected in the Sale Motion, the Vagos have consented to the sale (with any lien attaching to the sale proceeds). However, and as noted above regarding the Klein v. Vago adversary proceeding, the Trustee is in discussions with the Vagos regarding the consensual avoidance of the recorded abstract of judgment.

20.     The Trustee retained several real estate brokers as well as special landlord/tenant counsel so that he can market and sell the Debtor's other real estate assets. The eviction process has commenced with respect to certain of the properties pursuant to a consensual process in certain instances and litigated process with others.

### F.  Further Status Reports

21.     The Trustee will provide the Court will updated status reports as the Court directs or as they are necessary. The Trustee and his counsel are available to answer any questions the Court might have at the November 15, 2023 hearing and status conference. However, the Trustee also believes that the status conference can be continued for not less than six months to a date determined by the Court with a new status report due two weeks prior to such date.

Dated:    November 1, 2023

PACHULSKI STANG ZIEHL & JONES LLP

By:     */s/ John W. Lucas*
        John W. Lucas

        *Counsel for Bradley D. Sharp,
        Chapter 11 Trustee*