RON BENDER (SBN 143364)
BETH ANN R. YOUNG (SBN 143945)
KRIKOR J. MESHEFEJIAN (SBN 255030)
RICHARD P. STEELMAN, JR. (SBN 266449)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, CA 90034
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244
Email: RB@LNBYG.COM; BRY@LNBYG.COM; KJM@LNBYG.COM;
        RPS@LNBYG.COM

Attorneys for Life Capital Group, LLC

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>       Debtor and Debtor in Possession. | Case No.  2:23-bk-10990-SK<br><br>Chapter 11<br><br>**THIRD-PARTY LIFE CAPITAL GROUP, LLC'S LIMITED OPPOSITION AND REQUEST FOR HEARING ON CHAPTER 11 TRUSTEE'S MOTION FOR ORDER AUTHORIZING 2004 EXAMINATION TO LIFE CAPITAL GROUP, LLC [468]; DECLARATION OF RON BENDER**<br><br>**[FED. R. BANKR. P. 2004 AND L.B.R. 2004-1]**<br><br>**[Hearing Date Requested]** |

Third-party Life Capital Group, LLC ("LCG") respectfully submits this limited Opposition to Bradley D. Sharp, the duly appointed chapter 11 trustee's (the "Trustee") "*Motion Of Chapter 11 Trustee, For Order Authorizing The Examination Of Life Capital Group, LLC And Its Subsidiaries And Affiliates Pursuant To Fed. R. Bankr. P. 2004; Memorandum Of Points And Authorities; Declarations Of Bradley D. Sharp, Nicholas R. Troszak And Jeffrey P. Nolan In Support Thereof*" (the "LCG Rule 2004 Motion," Dkt. 468).

1

1.    The Trustee, through a 2004 examination, may seek information regarding debtor Leslie Klein ("<u>Debtor</u>")'s interest in LCG. But many of the Trustee's 25 document requests ("<u>Requests</u>") far exceed that proper scope. Third-party LCG's objections to these overly broad and unduly burdensome requests are attached as **<u>Exhibit 1</u>**.

2.    The Trustee is not entitled to use the LCG Rule 2004 Motion to launch a wholesale investigation of third-party, non-debtor LCG's private business affairs lacking in any reasonable connection to Debtor over the requested period of 117 months (*i.e.*, from January 1, 2014 through September 30, 2023). (Dkt.. 468-10 at Instructions § F. p. 7[1]). *See, e.g.*, *In re Mastro*, 585 B.R. 587, 597 n.12 (B.A.P. 9th Cir. 2018) (citing *In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985) ("It is clear that Rule 2004 may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs"); *In re Fin. Corp. of Am.*, 119 B.R. 728, 733 (Bankr. C.D. Cal. 1990) ("Matters having no relationship to the debtor's affairs, or the administration of the bankruptcy estate are not proper subjects of a Rule 2004 examination")); *In re Farris-Ellison*, 2015 WL 5306600, at *3 (Bankr. C.D. Cal. Sept. 10, 2015) (holding "a Rule 2004 examination must be both 'relevant and reasonable' and 'may not be used to annoy, embarrass or oppress the party being examined'"). In other words, the LCG Rule 2004 Motion must be properly tailored to the Debtor. As currently constructed, it is not. Any notion that a 2004 examination is akin to an "unfettered fishing expedition" is limited to information regarding the Debtor, but not third parties such as LCG.

3.    *In re Yahweh Center, Inc.*, 2017 WL 327473, at *4 (Bankr. E.D.N.C. Jan. 23, 2017) addressed similar overbroad document requests. There, the Rule 2004 movant sought all documents that were "not restricted to matters involving or related in some manner to the Debtor." *Id*. The court sustained the third-party objections to the Rule 2004 document requests because they sought information "with respect to matters and business not involving the Debtor." *Id*. The LCG Rule 2004 Motion suffers from the same infirmities. For example, LCG should not be ordered to produce

---

[1] This Opposition's page citations from the LCG Rule 2004 Motion are to the page number in the ECF header in the top center of the filing.

private financial information involving its operating expenses or LCG's distributions and transactions with non-debtor affiliated members and creditors. Producing every piece of paper related to such transactions, as the Trustee requests, would be unduly burdensome. Nor should LCG have to search for emails over the period of almost ten years (which time period is overbroad on its face from January 1, 2014 through September 30, 2023). *See, e.g.*, *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637–38 (C.D. Cal. 2005) (court finding that non-party subpoena imposes "undue burden" and is "overbroad on [its] face and exceed[s] the bounds of fair discovery" because the document requests "broadly seek any and all documents over a ten year or greater period relating to defendant and nonparty").

4.    LCG has proposed voluntarily producing financial statements reflecting all transactions between the Debtor and LCG; documents concerning the lone Klein creditor who interacted with LCG (Andor Gestetner and Gestetner Charitable Remainder Unitrust); and, operating documents concerning LCG, such as its operating agreement, and public filings. LCG proposes to produce such documents commencing this week. But requiring to produce ten plus years' worth of documents concerning  unrelated transactions where the Debtor is not involved is unfair and unduly burdensome. Such a compromise provides relevant Debtor-related information to the Trustee, but does not exceed the bounds of a Rule 2004 examination.

5.    LCG requests that the Court limit the scope of the Requests in the LCG Rule 2004 Motion to not only transactions regarding the Debtor, but also the four years before the Debtor's bankruptcy (*i.e.*, February 22, 2019 through February 22, 2023 [the Debtor's Petition Date]), instead of the Trustee's proposed nearly ten-year period from January 1, 2014 through September 30, 2023 time period. If the Court granted the Trustee's LCG Rule 2004 Motion without modification, then LCG would have to retrieve, if even possible, every document going back nearly ten years to determine whether such documents or communications exist, regardless of whether the topics in each document request have any significance to the Debtor's pending bankruptcy. Indeed, even a cursory review of the 25 Requests makes clear that any attempt to produce all such documents would be expensive, time-consuming, burdensome, and not proportional to the needs in this bankruptcy case.

6.     Although counsel for LCG and the Trustee engaged in a few discussions about the LCG Rule 2004 Motion prior to the filing of the LCG Rule 2004 Motion, the issues presented herein were not resolved due to the time restrictions imposed by the deadline to file an objection, if any, to the LCG Rule 2004 Motion by November 15, 2023. However as outlined in the attached Declaration of Ron Bender ("<u>Bender Declaration</u>"), LCG is optimistic that had there been more time for counsel to meet and confer as contemplated under LBR 2004-1(a), the Requests could have possibly been refined or modified on the grounds suggested herein. *See*, *e.g.*, *In re Farris-Ellison*, *supra*, 2015 WL 5306600, at **2-3 (denying motion for Rule 2004 examination due to movant's failure to satisfy the procedural prefiling requirements under LBR 2004-1(a)). LCG's counsel made several requests of the Trustee's counsel to grant LCG a 30-day extension of LCG's deadline to respond to the LCG Rule 2004 Motion, making it clear that LCG's hope was that no such response or objection would be necessary because the Trustee would be satisfied with what LCG proposed and would produce. (*See* Bender Declaration ¶ 6.) The Trustee declined those requests for any extension and only indicated a willingness to work with LCG on the timing of production after the order granting the LCG Rule 2004 Motion was entered. (*Id.*) Accordingly, to preserve its rights and objections, it was necessary for LCG to file the Limited Opposition even though LCG's preference was to extend LCG's opposition deadline to the LCG Rule 2004 Motion and continue to engage in a meaningful meet and confer process, which LCG's counsel believes may have resolved the limited objections set forth herein. (*Id.*)

7.     Regardless, LCG's counsel is now engaged in the meet-and-confer process with the Trustee's counsel to attempt to resolve the substantive disputes regarding the Requests and the proposed timing for the document production currently identified in the LCG Rule 2004 Motion as November 28, 2023. It remains LCG's hope that these meet and confer issues can be resolved consensually with the Trustee prior to a hearing on the LCG Rule 2004 Motion and this Opposition.

8.     Finally, the LCG Rule 2004 Motion acknowledges that the Trustee seeks non-debtor LCG's private financial information. (Dkt. 468 at 6:10-12) ("The lack of meaningful production of financial records produced to the Trustee means the Trustee must seek the financial information from third parties"). As such, LCG requests that the Court order that the Requests be narrowly

tailored in time (*i.e.*, February 22, 2019 through February 22, 2023 [the Debtor's Petition Date]) and scope (information sought must relate to the Debtor), limiting any production of LCG's financial information, pursuant to the standard protections of a protective order. *See*, *e.g.*, *In re Fin. Corp. of Am.*, 119 B.R at 733 ("to preserve the rights of those from whom discovery is sought, the Court may issue an appropriate protective order").

9.      Accordingly, for all of the reasons stated herein, LCG requests that the Court grant the relief requested in this limited Opposition and schedule a hearing regarding the scope of the Trustee's LCG Rule 2004 Motion as to (A) the period of time applied to the Requests; and (B) limiting the substance of the Requests to only the Debtor. In the interim, LCG will meet and confer with the Trustee on the aforementioned issues to avoid, if possible, further litigation on this matter.

Dated: November 15, 2023          LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.

By: */s/ Richard P. Steelman, Jr.*
          RON BENDER
          BETH ANN R. YOUNG
          KRIKOR J. MESHEFEJIAN
          RICHARD P. STEELMAN, JR.
Attorneys for Life Capital Group, LLC

### DECLARATION OF RON BENDER, ESQ.

I, Ron Bender, Esq., hereby declare as follows:

1.    I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto. I am a partner of the law firm of Levene, Neale, Bender, Yoo & Golubchik L.L.P. ("LNBYG"), counsel to third-party Life Capital Group, LLC. ("LCG").  I am an attorney licensed to practice law in the State of California and, among other courts, the United States Bankruptcy Court for the Central District of California.

2.    I submit this declaration in support of "*Life Capital Group, LLC's Limited Opposition And Request For Hearing On Chapter 11 Trustee's Motion For Order Authorizing 2004 Examination To Life Capital Group, LLC*" (the "Opposition"). All capitalized but undefined terms herein shall have the same meanings ascribed to them in the Opposition.

3.    On October 26, 2023, at 4:12 p.m., the Trustee's counsel Jeffrey Nolan with Pachulski Stang Ziehl & Jones LLP emailed me a copy of the Requests in the LCG Rule 2004 Motion along with an email that stated in relevant part as follows: "Attached please find the draft subpoena which includes the request for documents from your client, Life Capital Group, LLC, which would be an attachment to a Rule 2004 Motion. The subpoena is limited to a request for documents and written questions for the purpose of authentication of the records. I selected a date after the completion of the Thanksgiving holidays with the records to be delivered to our offices. Please advise with any issues as to the time table selected."

4.    Mr. Nolan and I then spoke about his email on October 30, 2023. On October 31, 2023, I sent to Mr. Nolan an email that stated in relevant part as follows: "With respect to the 2004 Motion, our client intends to be fully cooperative with you and the Trustee. What our client suggests and thinks would make the most sense for you and the Trustee is for our client to put together a compilation of all of the documents and a narrative that would be of interest to you and then if you want anything else you will tell me and I will get that to you. I told them to make this a top priority. Does that work for you?"

5.    Mr. Nolan responded with an email that stated in relevant part as follows: "On the 2004 Motion, we are looking for specific documents as itemized in Ex A to the subpoena.

At this juncture, we would like a more formal response as to what exists for these categories, the operative documents and the Debtor's involvement. I certainly would welcome any narrative as part of the production so we can define any issues to the extent they exist."

6.    I was surprised to learn that the Trustee decided to file the LCG Rule 2004 Motion the next day (on November 1, 2023). I made several requests of the Trustee's counsel to grant LCG a 30-day extension of LCG's deadline to respond to the LCG Rule 2004 Motion, making it clear that our hope was that no such response would ever be necessary because the Trustee would be satisfied with what LCG would produce. The Trustee declined those requests and only indicated a willingness to work with LCG on the timing of production after the order granting the LCG Rule 2004 Motion was entered. Accordingly, it was necessary for LCG to file the Limited Opposition even though LCG's preference was to extend LCG's opposition deadline to the LCG Rule 2004 Motion and engage in a meaningful meet and confer process, which LCG's counsel believes would have resolved the limited objections set forth herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed on this 15th day of November 2023, at Los Angeles, California.

_____
Ron Bender, Esq.

# EXHIBIT 1

RON BENDER (SBN 143364)
BETH ANN R. YOUNG (SBN 143945)
KRIKOR J. MESHEFEJIAN (SBN 255030)
RICHARD P. STEELMAN, JR. (SBN 266449)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, CA 90034
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244
Email: RB@LNBYG.COM; BRY@LNBYG.COM; KJM@LNBYG.COM;
     RPS@LNBYG.COM

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br><br>Debtor and Debtor in Possession. | Case No.  2:23-bk-10990-SK<br><br>Chapter 11<br><br>**LIFE CAPITAL GROUP, LLC'S OBJECTIONS AND RESPONSES TO CHAPTER 11 TRUSTEE'S RULE 2004 EXAMINATION SUBPOENA FOR PRODUCTION OF DOCUMENTS** |

PLEASE TAKE NOTICE THAT Life Capital Group, LLC ("LCG") hereby objects and responds to the requests for production of documents ("Requests") included as Exhibit J (Subpoena for Rule 2004 Examination and Exhibit A thereto) appended to Bradley D. Sharp, chapter 11 trustee's ("Trustee") "*Motion Of Chapter 11 Trustee, For Order Authorizing The Examination Of Life Capital Group, LLC And Its Subsidiaries And Affilliates Pursuant To Fed. R. Bankr. P. 2004; Memorandum Of Points And Authorities; Declarations Of Bradley D. Sharp, Nicholas R. Troszak And Jeffrey P. Nolan In Support Thereof*" (the "Rule 2004 Motion," doc. 468) as follows:

1

**PRELIMINARY STATEMENT**

1.    Each of LCG's responses herein to the Requests is referred to as a "Response" and are referred to collectively as "Responses" to the Requests. The Responses herein are made solely for the purpose of, and in relation to, the underlying bankruptcy case of debtor Leslie Klein (the "Debtor"). Further, these Responses are based upon LCG's perception and understanding of the nature and type of information requested, and upon the information presently known and available to LCG and its attorneys as of the time of these Responses. Each Response is given subject to all appropriate objections (including but not limited to objections concerning competency, relevancy, materiality, propriety and admissibility) which would require the exclusion of any statement contained herein if made by a witness present and testifying in court. All such objections and grounds therefore are reserved and may be interposed at the time of any hearing on a contested matter or any trial in this matter.

2.    The Responses set forth herein are given without prejudice to LCG's right to produce evidence of any subsequent facts or interpretations thereof, or to add to, modify, or otherwise change or amend the Responses herein. The information hereinafter set forth is true and correct to LCG's best knowledge as of this date, and is subject to correction for inadvertent errors, mistakes or omissions if any such errors, mistakes or omissions should be found to exist.

3.    LCG reserves the right to introduce any and all evidence heretofore or hereinafter produced that supports or tends to support LCG's contentions or in support of, or in opposition to, any motion filed in this bankruptcy case and/or other proceeding. To the extent that LCG identifies facts in response to the Requests herein, it does so without prejudice to establish at a later date any additional facts that may be discovered as a result of any additional investigation and discovery.

4.    Any Response contained herein does not constitute a waiver of any applicable privilege, nor does any Response contained herein waive any objection, including relevancy, to the admission of such responses in evidence.

5.    Except for explicit facts admitted herein, no incidental or implied admissions of any nature whatsoever are intended hereby, are implied, or should be inferred. The fact that a

2

Request has been responded to herein should not be taken as an admission, or a concession of the existence of any facts or documents set forth or assumed by the Requests, or that such Response constitutes evidence of any fact or document.

6.    LCG incorporates by reference this Preliminary Statement in each and every Response set forth below.

## **GENERAL OBJECTIONS**

1.    LCG objects to each Request to the extent that the Request seeks information or documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, or any other privilege, immunity, or limitation on discovery, including but not limited to Federal Rule of Bankruptcy Procedure 2004. Any inadvertent production of any document reflecting such privileged information shall not constitute a waiver of any of these privileges and the Propounding Party must affirm that any document received will be destroyed and returned to Responding Party.

2.    LCG objects to the Requests insofar as they seek information or documents for time periods not relevant to the issues in the bankruptcy case.

3.    LCG objects to the Requests insofar as they seek information that is immaterial to any issue in this bankruptcy case or otherwise not relevant, or not reasonably calculated to lead to the discovery of admissible evidence and is not related to the assets or liabilities of the Debtor.

4.    LCG further objects to the Requests insofar as they call for the production of information or documents not within LCG's possession, custody or control.

5.    LCG objects generally to the Requests to the extent that they call for the production of information protected by statutory, constitutional and/or common law rights of privacy and such privacy rights outweigh the need for such information.

6.    LCG objects to the Requests on the grounds that they are unduly burdensome, harassing, and not proportional to the needs of the bankruptcy case.

7.    The fact that LCG has responded to part or all of any Request is not intended and shall not be construed to be a waiver by LCG of any objection to any Request.

8.    LCG objects generally to the Requests to the extent that the Requests fail to identify

with specificity the documents requested.

9.    LCG objects generally to the Requests, which seek documents between January 1, 2014 through September 30, 2023 and are therefore overbroad as to time, unduly burdensome and/or oppressive.

10.    LCG objects generally to the Requests to the extent that the Requests seek to impose on LCG, a Non-Party, any requirement in excess of those required by the Federal Rule of Bankruptcy Procedure 2004.

LCG incorporates by reference these General Objections in each and every Response set forth below.

## **OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**Request No. 1:**

All DOCUMENTS maintained by YOU which memorialize COMMUNICATIONS or DOCUMENTS exchanged between YOU and either:

a. KLEIN;

b. KLEIN ASSOCIATED ENTITY

**Response To Request No. 1**

Objection.  Overly broad as to time, harassing and unduly burdensome.

Objection.  Vague as to "KLEIN" which is not defined.

Objection.  Seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Objection.  Seeks information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work product doctrine, the tax return privilege or any other applicable privilege.

**Request No. 2:**

All DOCUMENTS maintained by YOU, including, but not limited to, TRANSFERS, for any credit card issued or underwritten by YOU to KLEIN or a KLEIN ASSOCIATED ENTITY.

**Response To Request No. 2**

Objection.  Overly broad as to time, harassing and unduly burdensome.

Objection.  Vague as to "KLEIN" which is not defined and as to "underwritten by YOU." LCG does not underwrite or issue credit cards.

Objection.  Seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, LCG responds as follows:

LCG has no responsive documents because LCG has not issued or underwritten any credit cards to the Debtor or any organization.

**Request No. 3:**

All DOCUMENTS memorializing past and current members of YOU.

**Response To Request No. 3**

Objection.  Overly broad, harassing and unduly burdensome.

Objection.  Seeks confidential, financial, proprietary, trade secret and/or other competitively sensitive business information protected by the right to privacy.

Subject to and without waiving the foregoing objections, LCG responds as follows:

LCG will produce its Operating Agreement, which identifies all past and current members.

**Request No. 4:**

All DOCUMENTS memorializing past and present managers of YOU.

**Response To Request No. 4**

Objection.  Overly broad, harassing and unduly burdensome.

Objection.  Seeks information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work product doctrine, the tax return privilege or any other applicable privilege.

Subject to and without waiving the foregoing objections, LCG responds as follows:

LCG will produce its Operating Agreement, which identifies all past and present managers.

**Request No. 5:**

All DOCUMENTS memorializing the capital contributions of all members of YOU from inception through the date hereof.

///

**Response To Request No. 5**

Objection.  Overly broad, harassing and unduly burdensome.

Objection.  Seeks information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work product doctrine, the tax return privilege or any other applicable privilege.

Objection.  Seeks confidential, financial, proprietary, trade secret and/or other competitively sensitive business information protected by the right to privacy.

Subject to and without waiving the foregoing objections, LCG responds as follows:

LCG will produce a spreadsheet showing all capital contributions made to LCG.

**Request No. 6:**

All DOCUMENTS memorializing the number or percentage INTERESTS held by each member of YOU from inception through the date hereof.

**Response To Request No. 6**

Objection.  Seeks confidential, financial, proprietary, trade secret and/or other competitively sensitive business information protected by the right to privacy.

Subject to and without waiving the foregoing objections, LCG responds as follows:

LCG will produce its Operating Agreement, which reflects all member interests.

**Request No. 7:**

All Articles of Incorporation, By-laws for the establishment, and Operating Agreements for operations of YOU, including any amendments from inception through the date hereof.

**Response To Request No. 7**

Objection.  Seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Objection.  Vague as to "for the establishment."

Objection.  Seeks information that is publicly available and/or equally accessible to the propounding party.

Subject to and without waiving the foregoing objections, LCG responds as follows:

LCG will produce its Articles of Organization and Operating Agreement.  LCG does not

have any Articles of Incorproration, or By-laws in its possession, custody or control.  LCG is a limited liability company, not a corporation.

**Request No. 8:**

All DOCUMENTS evidencing any return of capital contributions of any member of YOU from inception through the date hereof.

**Response To Request No. 8**

Objection.  Overly broad, harassing and unduly burdensome.

Objection.  Seeks information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work product doctrine, the tax return privilege or any other applicable privilege.

Objection.  Seeks confidential, financial, proprietary, trade secret and/or other competitively sensitive business information protected by the right to privacy.

Subject to and without waiving the foregoing objections, LCG responds as follows:

LCG will produce its Operating Agreement and a spreadsheet showing payments or distributions to its members, including return of any capital contributions.

**Request No. 9:**

All DOCUMENTS evidencing distributions, including but not limited to repayments of loans, made to members of YOU or to third-parties on behalf of a member of YOU.

**Response To Request No. 9**

Objection.  Overly broad, harassing and unduly burdensome.

Objection.  Seeks information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work product doctrine, the tax return privilege or any other applicable privilege.

Objection.  Seeks confidential, financial, proprietary, trade secret and/or other competitively sensitive business information protected by the right to privacy.

Subject to and without waiving the foregoing objections, LCG responds as follows:

LCG will produce its Operating Agreement and a spreadsheet showing payments or distributions to its members, including return of any capital contributions, and any other

1    distributions to members.

2    **Request No. 10:**

3    All DOCUMENTS evidencing bank or financial accounts in the name of YOU or used by

4    YOU, or for YOUR benefit.

5    **Response To Request No. 10**

6    Objection.  Overly broad, harassing and unduly burdensome.

7    Objection.  Seeks information that is subject to a claim of privilege, including, without

8    limitation, the attorney-client privilege, the attorney work product doctrine, the tax return

9    privilege or any other applicable privilege.

10    Objection.  Seeks confidential, financial, proprietary, trade secret and/or other

11    competitively sensitive business information protected by the right to privacy.

12    Subject to and without waiving the foregoing objections, LCG responds as follows:

13    LCG will produce bank statements related to the Debtor.

14    **Request No. 11:**

15    All DOCUMENTS memorializing the accounting method maintained by YOU as

16    determined by RECHNITZ and the records CONCERNING such accounting.

17    **Response To Request No. 11**

18    Objection.  Vague as to "the accounting method maintained by YOU as determined by

19    RECHNITZ" and "such accounting."

20    Objection.  Seeks information that is neither relevant nor reasonably calculated to lead to

21    the discovery of admissible evidence.

22    Objection.  Seeks information that is subject to a claim of privilege, including, without

23    limitation, the attorney-client privilege, the attorney work product doctrine, the tax return

24    privilege or any other applicable privilege.

25    Objection.  Seeks confidential, financial, proprietary, trade secret and/or other

26    competitively sensitive business information protected by the right to privacy.

27    Subject to and without waiving the foregoing objections, LCG responds as follows:

28    LCG will produce its Operating Agreement and a spreadsheet showing payments or

distributions to its members, including return of any capital contributions, and any other distributions to members.

**Request No. 12:**

All DOCUMENTS memorializing the financial reporting of YOU.

**Response To Request No. 12**

Objection.  Vague as to "the financial reporting of YOU."

Objection.  Overly broad, harassing and unduly burdensome.

Objection.  Seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Objection.  Seeks information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work product doctrine, the tax return privilege or any other applicable privilege.

Objection.  Seeks confidential, financial, proprietary, trade secret and/or other competitively sensitive business information protected by the right to privacy.

**Request No. 13:**

All DOCUMENTS memorializing TRANSFERS of any interest or of any asset in which YOU have an interest.

**Response To Request No. 13**

Objection.  Vague as to "any interest or of any asset in which YOU have an interest."

Objection.  Overly broad, harassing and unduly burdensome.

Objection.  Seeks information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work product doctrine, the tax return privilege or any other applicable privilege.

Objection.  Seeks confidential, financial, proprietary, trade secret and/or other competitively sensitive business information protected by the right to privacy.

**Request No. 14:**

All DOCUMENTS memorializing any individual or entity that loaned monies to YOU, from January 1, 2015 forward, including any agreements, notes, or statements for the loans.

**Response To Request No. 14**

Objection.  Overly broad, harassing and unduly burdensome.

Objection.  Seeks information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work product doctrine, the tax return privilege or any other applicable privilege.

Objection.  Seeks confidential, financial, proprietary, trade secret and/or other competitively sensitive business information protected by the right to privacy.

Subject to and without waiving the foregoing objections, LCG responds as follows:

LCG will produce its Operative Agreement.

**Request No. 15:**

All DOCUMENTS memorializing any insurance policy(ies) providing death benefits which YOU own, manage, maintain or have an interest in which the policy insured is alive.

**Response To Request No. 15**

Objection.  Seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Objection.  Seeks information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work product doctrine, the tax return privilege or any other applicable privilege.

Objection.  Seeks confidential, financial, proprietary, trade secret and/or other competitively sensitive business information protected by the right to privacy.

Subject to and without waiving the foregoing objections, LCG responds as follows:

LCG will produce documents sufficient to identify the insurance policies it owns in which the policyholder is alive.

**Request No. 16:**

All DOCUMENTS, including any ledger or spreadsheet, CONCERNING life insurance policies in which YOU were an investor, beneficiary or obligor including the insurer, insured, policy number, policy amount, premiums, or status that have been purchased, sold or monetized by YOU.

**Response To Request No. 16**

Objection.  Vague as to "investor, beneficiary or obligor" and "status that have been purchased, sold or monetized."

Objection.  Overly broad, harassing and unduly burdensome.

Objection.  Seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Objection.  Seeks information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work product doctrine, the tax return privilege or any other applicable privilege.

Objection.  Seeks confidential, financial, proprietary, trade secret and/or other competitively sensitive business information protected by the right to privacy.

**Request No. 17:**

All corporate minutes, shareholder or officer resolutions, reflecting any modification or changes to the business of YOU.

**Response To Request No. 17**

Objection.  Vague as to "corporate minutes, shareholder or officer resolutions" and "modifications or changes to the business of YOU."

Objection.  Overly broad, harassing and unduly burdensome.

Objection.  Seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Objection.  Seeks information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work product doctrine, the tax return privilege or any other applicable privilege.

Objection.  Seeks confidential, financial, proprietary, trade secret and/or other competitively sensitive business information protected by the right to privacy.

**Request No. 18:**

The general ledger of YOU as memorialized on a quarterly, semi-annual or annual basis since inception.

**Response To Request No. 18**

Objection.  Vague as to "general ledger as memorialized."

Objection.  Overly broad, harassing and unduly burdensome.

Objection.  Seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Objection.  Seeks information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work product doctrine, the tax return privilege or any other applicable privilege.

Objection. Seeks confidential, financial, proprietary, trade secret and/or other competitively sensitive business information protected by the right to privacy.

**Request No. 19:**

All DOCUMENTS reflecting any account designated by a member, shareholder, or manager of YOU, for the receipt of TRANSFERS from YOU whether for their benefit or on their behalf.

**Response To Request No. 19**

Objection.  Vague as to "receipt of TRANSFERS."

Objection.  Overly broad, harassing and unduly burdensome.  The request seeks information that neither concerns the Debtor nor is relevant to his interest in LCG.

Objection.  Seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Objection.  Seeks information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work product doctrine, the tax return privilege or any other applicable privilege.

Objection. Seeks confidential, financial, proprietary, trade secret and/or other competitively sensitive business information protected by the right to privacy.

**Request No. 20:**

Exhibit B, to the Non-Recourse Secured Promissory Note entered into between Leslie Klein, Andor Gestetner and the Gestetner Charitable Remainder Unitrust, as identified by YOU

as Exhibit 3 to the Motion for Relief from the Automatic Stay filed by YOU, Docket No. 88,

Case No. 23-bk-10990-SK Motion.

**Response To Request No. 20**

Objection. Seeks confidential, financial, proprietary, trade secret and/or other

competitively sensitive business information protected by the right to privacy.

Subject to and without waiving the foregoing objections, LCG responds as follows:

LCG will produce any copy of Exhibit B in its possession custody or control.

**Request No. 21:**

Any Ledger recording payments or TRANSFERS made by the DEBTOR, on on [sic] his

behalf or received from a DEBTOR directed source, to YOU from January 1, 2016 to present.

**Response To Request No. 21**

Objection. Vague as to "Ledger recording payments or TRANFERS" and "DEBTOR

directed source."

Objection. Overly broad, harassing and unduly burdensome.

Objection. Seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence.

Objection. Seeks information that is subject to a claim of privilege, including, without

limitation, the attorney-client privilege, the attorney work product doctrine, the tax return

privilege or any other applicable privilege.

Objection. Seeks confidential, financial, proprietary, trade secret and/or other

competitively sensitive business information protected by the right to privacy.

Subject to and without waiving the foregoing objections, LCG responds as follows:

LCG has no responsive documents as LCG understands this Request.

**Request No. 22:**

All DOCUMENTS CONCERNING or memorializing any loans between members,

managers or shareholders of YOU whether related to business of YOU or otherwise.

**Response To Request No. 22**

Objection. Vague as to "related to business of YOU or otherwise."

13

1    Objection.  Overly broad, harassing and unduly burdensome.

2    Objection.  Seeks information that is neither relevant nor reasonably calculated to lead to

3    the discovery of admissible evidence.

4    Objection.  Seeks information that is subject to a claim of privilege, including, without

5    limitation, the attorney-client privilege, the attorney work product doctrine, the tax return

6    privilege or any other applicable privilege.

7    Objection.  Seeks confidential, financial, proprietary, trade secret and/or other

8    competitively sensitive business information protected by the right to privacy.

9    **Request No. 23:**

10    All DOCUMENTS CONCERNING any other entity(ies), trusts or other investment

11    vehicles where RECHNITZ and the Debtor together maintained an economic interest and/or

12    acted as an officer, shareholder, director or member.

13    **Response To Request No. 23**

14    Objection.  Vague as to "other entity(ies), trusts, or other investment vehicles" and

15    "together maintained an economic interest."

16    Objection.  Overly broad, harassing and unduly burdensome.

17    Objection.  Seeks information that is neither relevant nor reasonably calculated to lead to

18    the discovery of admissible evidence.

19    Objection.  Seeks information that is subject to a claim of privilege, including, without

20    limitation, the attorney-client privilege, the attorney work product doctrine, the tax return

21    privilege or any other applicable privilege.

22    Objection.  Seeks confidential, financial, proprietary, trade secret and/or other

23    competitively sensitive business information protected by the right to privacy.

24    **Request No. 24:**

25    All DOCUMENTS memorializing any reconciliation by YOU for sums YOU currently

26    owe the DEBTOR or the DEBTOR claims he is owed either directly or to another on his behalf.

27    **Response To Request No. 24**

28    Objection.  Vague as to "any reconciliation," "sums YOU currently owe," and "DEBTOR

claims he is owed either directly or to another on his behalf."

Objection.  Overly broad, harassing and unduly burdensome.

Objection.  Seeks information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work product doctrine, the tax return privilege or any other applicable privilege.

Objection.  Seeks confidential, financial, proprietary, trade secret and/or other competitively sensitive business information protected by the right to privacy.

Subject to and without waiving the foregoing objections, LCG responds as follows:

LCG has no responsive documents, as LCG understands this Request.

**Request No. 25:**

Any promissory note issued by YOU to any member or on the behalf of any member.

**Response To Request No. 25**

Objection.  Overly broad, harassing and unduly burdensome.

Objection.  Seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Objection.  Seeks information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work product doctrine, the tax return privilege or any other applicable privilege.

Objection.  Seeks confidential, financial, proprietary, trade secret and/or other competitively sensitive business information protected by the right to privacy.

Subject to and without waiving the foregoing objections, LCG responds as follows:

LCG has no responsive documents, as LCG understands this Request.


Dated: November 15, 2023          LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.


By: */s/ Richard P. Steelman, Jr.*
RON BENDER
BETH ANN R. YOUNG
KRIKOR J. MESHEFEJIAN
RICHARD P. STEELMAN, JR.
Attorneys for Life Capital Group, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2818 La Cienega Avenue, Los Angeles, California 90034

A true and correct copy of the foregoing document entitled (*specify*): **THIRD-PARTY LIFE CAPITAL GROUP, LLC'S LIMITED OPPOSITION AND REQUEST FOR HEARING ON CHAPTER 11 TRUSTEE'S MOTION FOR ORDER AUTHORIZING 2004 EXAMINATION TO LIFE CAPITAL GROUP, LLC [468]; DECLARATION OF RON BENDER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **November 15, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Simon Aron     saron@wrslawyers.com, moster@wrslawyers.com
- Reem J Bello     rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Ron Bender     rb@lnbyg.com
- Michael Jay Berger     michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- Greg P Campbell     ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- Baruch C Cohen     bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- Theron S Covey     tcovey@raslg.com, sferry@raslg.com
- Jeffrey W Dulberg     jdulberg@pszjlaw.com
- Dane W Exnowski     dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- Robert P Goe     kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- Michael I. Gottfried     mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com
- Brandon J Iskander     biskander@goeforlaw.com, kmurphy@goeforlaw.com
- Michael S Kogan     mkogan@koganlawfirm.com
- Marc A Lieberman     marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
- John W Lucas     jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Ron Maroko     ron.maroko@usdoj.gov
- Kirsten Martinez     Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- Steven M Mayer     smayer@mayerlawla.com
- Christopher M McDermott     ch11ecf@aldridgepite.com, CMM@ecf.inforuptcy.com;cmcdermott@aldridgepite.com
- Krikor J Meshefejian     kjm@lnbyg.com
- Kenneth Misken     Kenneth.M.Misken@usdoj.gov
- Jeffrey P Nolan     jnolan@pszjlaw.com
- Eric J Olson     eric@ejolsonlaw.com
- Jeffrey N Pomerantz     jpomerantz@pszjlaw.com
- Brian A Procel     bprocel@millerbarondess.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- Joshua L Scheer     jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- Mark M Sharf (TR)     mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com
- Bradley D. Sharp (TR)     bsharp@dsi.biz
- Nikko Salvatore Stevens     nikko@cym.law, mandi@cym.law
- Alan G Tippie     Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- Gary Tokumori     gtokumori@pmcos.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
- Michael L Wachtell     mwachtell@buchalter.com
- John P. Ward     jward@attleseystorm.com, ezhang@attleseystorm.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

- Brett J. Wasserman    wasserman@smcounsel.com
- Alex M Weingarten    aweingarten@willkie.com, lcarter@willkie.com
- Clarisse Young    youngshumaker@smcounsel.com, levern@smcounsel.com
- Paul P Young    paul@cym.law, jaclyn@cym.law
- Roye Zur    rzur@elkinskalt.com,
  cavila@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com

**2.  SERVED BY UNITED STATES MAIL**: On (*date*) *November 15, 2023*, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| Peter C. Anderson, U.S. Trustee<br>Michael Jones, Assistant U.S. Trustee<br>Office of the U.S. Trustee<br>915 Wilshire Boulevard, Suite 1850<br>Los Angeles, CA 90017 | Leslie Klein<br>14245 Ventura Blvd., 3rd Fl.<br>Sherman Oaks, CA 91423 |
| Leslie Klein & Associates, Inc.<br>c/o Parker Milliken<br>555 Flower Street<br>Los Angeles, CA 90071 | Leslie Klein<br>322 N. June Street<br>Los Angeles, CA 90001 |

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) *November 15, 2023*, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA OVERNIGHT MAIL**
Honorable Sandra R. Klein
United States Bankruptcy Court
255 E. Temple Street, Suite 1582 / Courtroom 1575
Los Angeles, CA 90012

**VIA EMAIL**
- Nathan Talei, Esq. ntalei@oclslaw.com
- Simon Aron on behalf of Kenneth Klein and Shoshana Shrifa Klein saron@wrslawyers.com; moster@wrslawyers.com
- Leslie Klein les.kleinlaw@gmail.com; leskleinlaw@gmail.com; kleinlaw@earthlink.net

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| November 15, 2023 | D. Woo | */s/ D. Woo* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.