# EXHIBIT D

Baruch C. Cohen, Esq. (SBN 159455)
LAW OFFICE OF BARUCH C. COHEN
   A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
Tel: (323) 937-4501   Fax: (888) 316-6107
email: baruchcohen@baruchcohenesq.com

*Attorney For Plaintiffs Robert & Esther Mermelstein*

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES ANA DIVISION

| | |
|---|---|
| In re | Case No. 2:23-bk-10990-SK |
| LESLIE KLEIN, | Hon.  Sandra Klein |
| Debtor and Debtor in Possession, | Chapter 11 |
| | |
| ROBERT & ESTHER MERMELSTEIN, | **COMPLAINT FOR NONDISCHARGEABILITY OF DEBT PURSUANT TO  11 USC § 523(a)(2)(A),  11 USC § 523(a)(4), & 11 USC § 523(a)(6); & FOR DENIAL OF DISCHARGE PURSUANT TO 11 USC § 727(a)(2)(A); 11 USC § 727(a)(2)(B); 11 USC § 727(a)(3); 11 USC § 727(a)(4); 11 USC § 727(a)(5)** |
| Plaintiffs | |
| vs. | |
| LESLIE KLEIN | |
| Defendant | |

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND HIS COUNSEL, AND ALL OTHER INTERESTED PARTIES**:

Plaintiffs-Creditors, Robert & Esther Mermelstein ("Plaintiffs"), complain for nondischargeability of debt & for denial of discharge against Defendant-Debtor, Leslie Klein ("Defendant"), and alleges respectfully as follows:

**CORE/NON-CORE DESIGNATION**

1.    In accordance with Local Bankruptcy Rule 7008-1, Plaintiffs allege that this adversary proceeding constitutes a core proceeding under 28 USC § 157(b)(2). Plaintiffs acknowledge that the Court has the power to enter final orders and judgments in this

matter. Plaintiffs also consent to the Court's entry of final orders and judgments in this

matter under FRBP Rule 7008..

### JURISDICTION, VENUE & STANDING

2.      This adversary proceeding arises under *In re Klein*, 2:23-bk-10990-SK, a Chapter 11 case

commenced in the United States Bankruptcy Court for the Central District of California

("Bankruptcy Case"). The Court has jurisdiction under 11 USC §§ 523 and 727, and 28

USC §§ 157 and 1334.

3.      The venue is proper in this Court pursuant to 28 USC § 1409.

4.      Plaintiffs have standing to bring this action because Plaintiffs are creditors in the

Bankruptcy Case under 11 USC § 101(10).

### PARTIES

5.      The following is a description of the relevant parties involved in the facts forming the

basis of this Complaint.

6.      Plaintiffs are individuals, senior citizens residing in Brooklyn, NY.

7.      Defendant is an individual, whose principal residence is in Los Angeles County,

California and who regularly conducted business from Los Angeles County, California.

Defendant was a certified public accountant, formerly licensed by the State of California,

and a former, and an attorney licensed by the State of California.[1] Defendant is the debtor

in the above-captioned Chapter 11 bankruptcy case.

///

---

[1]      On September 10, 1992, the Supreme Court of the State of California, in State Bar Court Case No. 86-O-14258, ordered that Defendant be suspended from the practice of law for 18 months and further ordered that he take and pass the California Professional Responsibility Examination ("CPRE"). Defendant failed the November 1993 and January 1994 CPREs. In Case No. 86-O-14258, Defendant admitted to intentional misrepresentations. On August 3, 1995, the Supreme Court of the State of California, in State Bar Court Case No. 92-O-11716 (consolidated with Case Nos. 93-O-11825, 94-O-13951, 94-O12055, and 94-O15901) ordered that Defendant be suspended from the practice of law for one year. In Case No. 92-O-11716, as consolidated, Defendant admitted to willful violations of Rules of Professional Conduct concerning client trust accounts and conflicts of interest.

**GENERAL ALLEGATIONS**

8.  The following general allegations form the background for the Plaintiffs' claims for relief against Defendant.

9.  Plaintiffs are family relatives of Defendant, are Orthodox Jews, and are the settlors and beneficiaries of the Mermelstein Charitable Remainder Unitrust Dated July 27, 2009, (the " Mermelstein Trust").

10. Defendant, on behalf of The Klein Charitable Remainder Unitrust dated 2-20-1996 (the "Klein Trust") solicited Plaintiffs to invest in at least seven (7) life insurance policies: (1) Garza; (2) Times Square; (3) Ganz; (4) Spitzer; (5) Kohn; (6) Friedman; & (7) Zimmerman.

**GARZA**

11. On 8-3-2009, Defendant on behalf of The Klein Charitable Remainder Unitrust dated 2-20-1996 (the "Klein Trust") entered into a Memorandum of Agreement for Joint Venture (the "Garza Memo"). The purpose of the Garza Memo, was to purchase a $1,000,000.00 life insurance Policy ("Garza Policy"); American General on the life of Emanuel Garza ("Garza"). In furtherance of the Garza Memo, Plaintiffs paid Klein $100,000.00 towards the purchase of the Garza Policy. Defendant instructed Plaintiffs to make said payments to Defendant's IOLTA - Attorney Client Trust Account. Per the Garza Memo, Defendant promised to pay the Mermelstein Trust $500,000.00 ($400,000.00 plus return of premiums paid; plus $100,000.00).

12. On 4-30-2021, Defendant executed a First Amendment to the Memorandum of Agreement for Joint Venture (Garza), changing the recipient of the $500,000.00 from the Mermelstein Trust to Robert & Esther Mermelstein.

13. Plaintiffs are informed and believe that Defendant sold 50% to the Garza Policy, to the Longevity Fund of NY and partially to the Longevity Fund of Michigan without their consent.

14. Plaintiffs are informed and believe that Garza apparently died in 2018, and on or about 7-

2-2018, Defendant collected the Garza Proceeds, on the Garza Policy. Defendant

concealed this information from Plaintiffs, misappropriated & kept the Garza Proceeds

for himself, and failed to pay Plaintiffs the $500,00.00 per the Garza Memo.

**TIMES SQUARE**

15.    On 7-16-2012, Defendant issued Plaintiffs a Non-Recourse Promissory Note, in the

amount of $333,333.00, due and payable by 7-16-2013, by Defendant on behalf of the

Times Square Media Inc., containing a "*Heter Iska*" document (an approved way of

restructuring a loan or debt so that it becomes an investment instead of a loan, per

*Halacha* - Jewish law).

16.    Plaintiffs are informed and believe that Defendant had no intention of paying the Times

Square Non-Recourse Promissory Note, as Plaintiffs made no payments whatseoever.

**GANZ**

17.    On 8-3-2009, Defendant on behalf of The Klein Charitable Remainder Unitrust dated

2-20-1996 (the "Klein Trust") entered into a Memorandum of Agreement for Joint

Venture with plaintiffs (the "Ganz Memo"). The purpose of the Ganz Memo, was to

purchase a $1,000,000.00 life insurance Policy ("Ganz Policy"); American General on

the life of Emanuel Ganz ("Ganz"). In furtherance of the Ganz Memo, Plaintiffs paid

Klein $100,000.00 towards the purchase of the Ganz Policy. Defendant instructed

Plaintiffs to make said payments to Defendant's IOLTA - Attorney Client Trust Account.

Per the Ganz Memo, Defendant promised to pay the Mermelstein Trust $500,000.00

($400,000.00 plus return of premiums paid; plus $100,000.00).

18.    On 4-30-2021, Defendant executed a First Amendment to the  Memorandum of

Agreement for Joint Venture (Ganz), changing the recipient of the $500,000.00 from the

Mermelstein Trust to Robert & Esther Mermelstein.

19.    Plaintiffs are informed and believe that Defendant apparently sold 50% to the Ganz

Policy, to the Longevity Fund of NY and partially to the Longevity Fund of Michigan,

without Plaintiff's consent.

20. Plaintiffs are informed and believe that Ganz apparently died in 2018, and on or about 7-2-2018, Defendant collected the Ganz Proceeds, on the Ganz Policy. Defendant concealed this information from Plaintiffs, misappropriated & kept the Ganz Proceeds for himself, and failed to pay Plaintiffs the $500,00.00 per the Ganz Memo.

**SPITZER**

21. On 8-3-2009, Defendant on behalf of The Klein Charitable Remainder Unitrust dated 2-20-1996 (the "Klein Trust") entered into a Memorandum of Agreement for Joint Venture with Plaintiffs (the "Spitzer Memo"). The purpose of the Spitzer Memo, was to make premium payments of a $5,000,000.00 life insurance Policy Number: US 0023546L ("Spitzer Policy"); American General on the life of Malvine Spitzer ("Spitzer"). In furtherance of the Spitzer Memo, Plaintiffs paid Defendant $250,000.00 towards the purchase of the Spitzer Policy. Defendant instructed Plaintiffs to make said payments to Defendant's IOLTA - Attorney Client Trust Account. Per the Spitzer Memo, Defendant promised to pay the Mermelstein Trust $2,250,000.00 ($2,000,000 plus $250,000 and all premiums paid of the proceeds).

22. On 4-30-2021, Defendant executed a First Amendment to the Memorandum of Agreement for Joint Venture (Spitzer), changing the recipient of the $2,250,000.00 from the Mermelstein Trust to Robert & Esther Mermelstein.

23. Plaintiffs are informed and believe that Defendant apparently sold portions of the Spitzer Policy, without their consent - but Plaintiffs do not know to whom. Defendant concealed this information from Plaintiffs.

**KOHN**

24. On 3-10-2010, Defendant on behalf of The Klein Charitable Remainder Unitrust dated 2-20-1996 (the "Klein Trust") entered into a Memorandum of Agreement for Joint Venture with Plaintiffs (the "Kohn Memo"). The purpose of the Kohn Memo, was to make premium payments of a $3,000,000.00 life insurance Policy ("Kohn Policy"); American General on the life of Eugene Kohn ("Kohn"). In furtherance of the Kohn

Memo, Plaintiffs paid Defendant $200,000.00 towards the purchase of the Kohn Policy. Defendant instructed Plaintiffs to make said payments to Defendant's IOLTA - Attorney Client Trust Account. Per the Kohn Memo, Defendant promised to pay the Mermelstein Trust $1,200,000.00 ($200,000 and $1,000,000 and all premiums paid of the proceeds).

25. On 4-30-2021, Klein executed a First Amendment to the Memorandum of Agreement for Joint Venture (Kohn), changing the recipient of the $1,200,000.00 from the Mermelstein Trust to Robert & Esther Mermelstein.

26. Plaintiffs are informed and believe that Defendant paid premiums of the Kohn Policy up to 2011. Thereafter, Defendant apparently sold portions or the entirety of the Kohn Policy - without Plaintiffs' consent - to Life Capital Group, LLC ("LCG"), where Shlomo Yehuda Rechnitz ("Rechnitz") was to resume paying the Kohn Policy premiums from 2011 onwards. Defendant concealed this information from Plaintiffs.

27. According to information recently received by Plaintiffs an unsigned Amended and Restated Limited Liability Company Agreement of Life Capital Group, LLC, Defendant and Rechnitz agreed that upon the death of Kohn, Defendant and Rechnitz would be reimbursed the premiums that they paid, plus interest on the premiums. Thereafter, Defendant and Rechnitz would split the profits 50/50 of the Kohn Policy, and that Plaintiffs would receive their $1,200,000.00.

**FRIEDMAN**

28. On 3-1-2010, Defendant on behalf of The Klein Charitable Remainder Unitrust dated 2-20-1996 (the "Klein Trust") entered into a Memorandum of Agreement for Joint Venture with Plaintiffs (the "Friedman Memo"). The purpose of the Friedman Memo, was to purchase a $1,500,000.00 life insurance Policy ("Friedman Policy"); American General on the life of Goldie Friedman ("Friedman"). In furtherance of the Friedman Memo, Plaintiffs paid Klein $250,000.00 towards the purchase of the Friedman Policy. Defendant instructed Plaintiffs to make said payments to Defendant's IOLTA - Attorney Client Trust Account. Per the Friedman Memo, Defendant promised to pay the

Mermelstein Trust $1,000,000.00 ($250,000.00 and $750,000.00 and all premiums paid of the proceeds).

29. On 4-30-2021, Defendant executed a First Amendment to the Memorandum of Agreement for Joint Venture (Friedman), changing the recipient of the $1,000,000.00 from the Mermelstein Trust to Robert & Esther Mermelstein.

30. Plaintiffs are informed and believe that Defendant apparently sold portions of the Friedman Policy, to the Longevity Fund of NY and partially to the Longevity Fund of Michigan, without Plaintiff's consent.

31. Plaintiffs are informed and believe that Friedman apparently died in 2020, and Defendant collected the Friedman Proceeds, on the Friedman Policy. Defendant concealed this information from Plaintiffs, misappropriated & kept the Friedman Proceeds for himself, and failed to pay Plaintiffs the $1,000,000.00 per the Friedman Memo.

### ZIMMERMAN

32. On 8-3-2009, Defendant on behalf of The Klein Charitable Remainder Unitrust dated 2-20-1996 (the "Klein Trust") entered into a Memorandum of Agreement for Joint Venture with Plaintiffs (the "Zimmerman Memo"). The purpose of the Zimmerman Memo, was to purchase a $9,000,000.00 life insurance Policy ("Zimmerman Policy"); American General Policy # US 0023738L on the life of Rozy Pearl Zimmerman ("Zimmerman"). In furtherance of the Zimmerman Memo, Plaintiffs paid Defendant $150,000.00 towards the purchase of the Zimmerman Policy. Defendant instructed Plaintiffs to make said payments to Defendant's IOLTA - Attorney Client Trust Account. Per the Zimmerman Memo, Defendant promised to pay the Mermelstein Trust $2,400,000.00 ($2,250,000.00 plus $150,000.00).

33. On 4-30-2021, Defendant executed a First Amendment to the Memorandum of Agreement for Joint Venture (Zimmerman), changing the recipient of the $2,400,000.00 from the Mermelstein Trust to Robert & Esther Mermelstein.

34. Plaintiffs are informed and believe that Defendant paid premiums of the Zimmerman

Policy up to 2011. Thereafter, Defendant apparently sold portions or the entirety of the

Zimmerman Policy to Life Capital Group, LLC ("LCG") - without Plaintiffs' consent - ,

where Shlomo Yehuda Rechnitz ("Rechnitz") was to resume paying the Zimmerman

Policy premiums from 2011 onwards. Defendant concealed this information from

Plaintiffs.

35. Defendant, as Trustee of the Rozy Pearl Zimmerman Irrevocable Life Insurance Trust

(the "Zimmerman Trust") issued three Non-Recourse Promissory Notes (the

"Zimmerman Notes") to Plaintiffs secured by the Zimmerman Policy in the amount of

$2,357,679.50:

    a.     Non-Recourse Promissory Notes # 1, principal sum of $1,412,679.53, dated June

          15, 2011 - due June 15, 2020 (the "$1,412,679.53 Zimmerman Note");

    b.     Non-Recourse Promissory Notes # 2, principal sum of $570,000.00, dated

          December 7, 2009 - due December 7, 2019 (the: "$570,000.00 Zimmerman

          Note");

    c.     Non-Recourse Promissory Notes # 2, principal sum of $375,000.00, dated

          January 14, 2010 - due January 14, 2020 (the "$375,000.00 Zimmerman Note").

    d.     Interest on the three Non-Recourse Zimmerman Notes until 4-30-2023 comes to

          $2,939,936.84. Therefore the total amount of the claim is: $7,697,616.34

          ($2,400,000.00 (Zimmerman Policy) + $2,357,679.50 (3 Zimmerman Notes) +

          2,939,936.84 (interest) = $7,697,616.34.

36. According to information recently received by Plaintiffs, an unsigned Amended and

Restated Limited Liability Company Agreement of Life Capital Group, LLC, Defendant

and Rechnitz agreed that upon the death of Zimmerman, Defendant and Rechnitz would

be reimbursed the premiums that they paid, plus interest on the premiums. Thereafter,

Defendant and Rechnitz would split the profits 50/50 of the Zimmerman Policy, and that

Plaintiffs would receive their $2,400,000.00. Defendant concealed this information from

Plaintiffs.

**PERIODIC PAYMENTS TO PLAINTIFFS FROM DEFENDANT'S IOLTA ACCOUNT**

37. During this entire time, Defendant repeatedly assured Plaintiffs that their investments in the 7 policies were secure and accruing interest. Defendant mailed Plaintiffs periodic monthly checks of $5,000.00 issued from Defendant's IOLTA - Attorney Client Trust Account.

**PLAINTIFFS' DISCOVERY OF DEFENDANT'S FRAUD**

38. On or about 1-21-2021, Plaintiffs discovered the above-referenced frauds and concealment.

39. On or about 6-22-2022, Defendant wrote Plaintiffs assuring them that their investments were "secure" when in reality, Defendant sold them off to third parties without Plaintiffs' consent:

    I received you e mail and I disagree. I paid in on the Zmerman policy over $1,000,000. The interest for the last 10 years is over $2,300,000 . I also own 25%of the profits. ***You are well secured***. You can call me if you have any questions. [Emphasis Added]

40. On or about 7-18-2022, Defendant wrote Plaintiffs admitting that he used Plaintiffs' monies from the Friedman Garza and Gans to pay for his legal fees in his lawsuit with Rechnitz.

    I got your email. I want to make it very clear we are family and I don't want to fight. I think I can make a deal with Rechnitz because I have the best lawyers in LA. If not we will go to court. I have big leverage on Rechnitz due to the Menlo case. I am not assigning the Zimmerman case to you. ***I am using the money from the Friedman Garza and Gans cases for attorney fees in the Rechnitz case***. On Zimmerman Rechnitz and I paid $4,000,000 in premiums but it is return of premium. We also gave Mrs Zimmerman $200,000. I am sure they will sue to get more. It is a big policy and all big policies have big fights. [Emphasis Added]

**PLAINTIFFS' PROOF OF CLAIMS**

41. Plaintiffs timely filed seven (7) *Proofs of Claim* against Defendant totaling $13,480,949, primarily based on Defendant misappropriating insurance policies and the proceeds, as follows:

    a. Claim # 19-1 (Garza) $500,000.00;

    b. Claim # 20-1 (Times Square) $333,333.00;

c.      Claim # 21-1 (Ganz) $500,000.00;

d.      Claim # 22-1 (Spitzer) $2,250,000.00;

e.      Claim # 23-1 (Kohn) $1,200,000.00;

f.      Claim # 24-1 (Friedman) $1,000,000.00; &

g.      Claim # 25-2 (Zimmerman) $7,697,616.34.

TOTAL:     **$13,480,949**

## FIRST CLAIM FOR RELIEF
### (Nondischargeability of Debt - 11 USC § 523(a)(2)(A))

42.    Plaintiffs reallege and incorporate by reference all of the prior and subsequent allegations in this Complaint as though fully set forth herein.

43.    At all relevant times, Defendant acted as Plaintiffs' fiduciary - investment adviser. Plaintiffs entrusted Defendant implicitly with their investments in the insurance policies.

44.    Defendant owed Plaintiffs fiduciary duties at all relevant times, including the duty of loyalty and candor. Defendant further owed a duty to use Plaintiffs' funds for legitimate business purposes and to refrain from using their funds and other property for his own personal non-business purposes.

45.    Defendant embezzled and stole from Plaintiffs. Defendant misrepresented the above-referenced information to Plaintiffs for the purpose of convincing Plaintiffs to invest in additional policies into Defendant's IOLTA client trust account. Defendant then stole more than $13,480,949 of Plaintiffs' money in a complicated life insurance scam, constituting intentional fraudulent, fraudulent concealment, breach of fiduciary duty and elder abuse.

46.    Defendant's misappropriation of Plaintiffs' funds and other property was unauthorized, without their consent and fraudulent. Defendant acted with the intent to permanently deprive Plaintiffs of the possession, use and benefit of their funds and other property.

47.    As a result of Defendant's unauthorized and fraudulent misappropriation of Plaintiffs' funds and other property and Defendant's false pretenses, false representations, and actual fraud set forth herein, Plaintiffs have suffered damages in the amount of not less

than $13,480,949.

48. Defendant's debt to Plaintiffs is nondischargeable under 11 USC § 523(a)(2) because it was incurred as a result of false pretenses, false representations, and actual fraud.

49. The damages arising from Defendant's willful and malicious false pretenses, false representation and actual fraud to Plaintiffs constitutes a debt against Defendant that is nondischargeable pursuant to 11 USC § 523(a)(2)(A).

**SECOND CLAIM FOR RELIEF**
**(Nondischargeability of Debt - 11 USC § 523(a)(4))**

50. Plaintiffs reallege and incorporate by reference all of the prior and subsequent allegations in this Complaint as though fully set forth herein.

51. At all relevant times, Defendant acted as Plaintiffs' fiduciary - investment adviser. Plaintiffs entrusted Defendant implicitly with their investments in the insurance policies.

52. Defendant owed Plaintiffs fiduciary duties at all relevant times, including the duty of loyalty and candor. Defendant further owed a duty to use Plaintiffs' funds for legitimate business purposes and to refrain from using their funds and other property for his own personal non-business purposes.

53. Defendant embezzled and stole from Plaintiffs. Defendant misrepresented the above-referenced information to Plaintiffs for the purpose of convincing Plaintiffs to invest in additional policies into Defendant's IOLTA client trust account. Defendant then stole more than $13,480,949 of Plaintiffs' money in a complicated life insurance scam, constituting intentional fraudulent, fraudulent concealment, breach of fiduciary duty and elder abuse.

54. Defendant's misappropriation of Plaintiffs' funds and other property was unauthorized, without their consent and fraudulent. Defendant acted with the intent to permanently deprive Plaintiffs of the possession, use and benefit of their funds and other property.

55. As a result of Defendant's unauthorized and fraudulent misappropriation of Plaintiffs' funds and other property and Defendant's false pretenses, false representations, and actual fraud set forth herein, Plaintiffs have suffered damages in the amount of not less

than $13,480,949.

56. The damages to Plaintiffs arising from Defendant's fraud, defalcation, embezzlement and larceny while acting in a fiduciary capacity constitutes a debt against Defendant that is non-dischargeable pursuant to 11 USC § 523(a)(4).

**THIRD CLAIM FOR RELIEF**
**(Nondischargeability of Debt - 11 USC § 523(a)(6))**

57. Plaintiffs reallege and incorporate by reference all of the prior and subsequent allegations in this Complaint as though fully set forth herein.

58. At all relevant times, Defendant acted as Plaintiffs' fiduciary - investment adviser. Plaintiffs entrusted Defendant implicitly with their investments in the insurance policies.

59. Defendant owed Plaintiffs fiduciary duties at all relevant times, including the duty of loyalty and candor. Defendant further owed a duty to use Plaintiffs' funds for legitimate business purposes and to refrain from using their funds and other property for his own personal non-business purposes.

60. Defendant embezzled and stole from Plaintiffs. Defendant misrepresented the above-referenced information to Plaintiffs for the purpose of convincing Plaintiffs to invest in additional policies into Defendant's IOLTA client trust account. Defendant then stole more than $13,480,949 of Plaintiffs' money in a complicated life insurance scam, constituting intentional fraudulent, fraudulent concealment, breach of fiduciary duty and elder abuse.

61. Defendant's misappropriation of Plaintiffs' funds and other property was unauthorized, without their consent and fraudulent. Defendant acted with the intent to permanently deprive Plaintiffs of the possession, use and benefit of their funds and other property.

62. As a result of Defendant's unauthorized and fraudulent misappropriation of Plaintiffs' funds and other property and Defendant's false pretenses, false representations, and actual fraud set forth herein, Plaintiffs have suffered damages in the amount of not less than $13,480,949.

63. The damages to Plaintiffs arising from Defendant's willful and malicious injury to

Plaintiffs constitutes a debt against Defendant that is non-dischargeable pursuant to 11 USC § 523(a)(6).

### FOURTH CAUSE OF ACTION
**(Objection to Debtor's Discharge  11 USC § 727(a)(2)(A))**

64.   Plaintiffs reallege and incorporate by reference all of the prior and subsequent allegations in this Complaint as though fully set forth herein.

65.   Plaintiffs are informed and believe that within one year before the Petition, Defendant transferred, removed, and/or concealed, or permitted to be transferred, removed, and/or concealed, Defendant's property.

66.   As of the dates of the transfers, removals, and/or concealments of Defendant's property, Defendant had one or more unsecured creditors.

67.   The transfers, removals, and/or concealments of Defendant's property prevented the distribution of Defendant's property to Defendant's unsecured creditors.

68.   Defendant, with intent to hinder, delay, and/or defraud at least one of Defendant's creditors, including, without limitation, Plaintiffs, transferred, removed, and/or concealed, or permitted to be transferred, removed, and/or concealed, Defendant's property.

69.   By transferring, removing, concealing, and/or permitting the transfer, removal, and/or concealment of Defendant's property with the intent to hinder, delay, and/or defraud at least one of Defendant's creditors, Defendant violated 11 USC § 727(a)(2)(A).

70.   Defendant failed to list valuable property on his schedule of assets and failed in his statement of affairs to disclose property transfers.

71.   Defendant has a reckless indifference to the truth.

### FIFTH CAUSE OF ACTION
**(Objection to Debtor's Discharge  11 USC § 727(a)(2)(B))**

72.   Plaintiffs reallege and incorporate by reference all of the prior and subsequent allegations in this Complaint as though fully set forth herein.

73.   Plaintiffs are informed and believe that After the Petition, Defendant transferred,

74. As of the dates of the transfers, removals, and/or concealments of the property of the estate, Defendant had one or more unsecured creditors.

75. The transfers, removals, and/or concealments of the property of the estate prevented the distribution of this property to Defendant's unsecured creditors.

76. Defendant, with intent to hinder, delay, and/or defraud at least one of Defendant's creditors, transferred, removed, and/or concealed, or permitted to be transferred, removed, and/or concealed, property of the estate.

77. By transferring, removing, concealing, and/or permitting the transfer, removal, and/or concealment of estate property, with the intent to hinder, delay, and/or defraud at least one of Defendant's creditors, Defendant violated 11 USC § 727(a)(2)(B).

78. Defendant failed to list valuable property on his schedule of assets and failed in his statement of affairs to disclose property transfers.

79. Defendant has a reckless indifference to the truth.

**SIXTH CAUSE OF ACTION**
**(Objection to Debtor's Discharge 11 USC § 727(a)(3))**

80. Plaintiffs reallege and incorporate by reference all of the prior and subsequent allegations in this Complaint as though fully set forth herein.

81. Plaintiffs are informed and believe that Defendant has not maintained adequate books and records from which Debtor's financial condition can be ascertained. Debtor has consistently not maintained adequate books and records. His failure to keep adequate books and records is not justified considering the circumstances articulated in this Complaint.

82. Defendant has concealed, destroyed, falsified, and/or failed to keep or preserve information from which Defendant's financial condition and/or business transactions might be ascertained.

83. Defendant has not been cooperative with the Office of the United States Trustee

-14-

(top, partial line) removed, concealed, and/or permitted to be transferred, removed, and/or concealed, property of the Bankruptcy estate.

("OUST") or with his creditors. Defendant has intentionally withheld records, books,

documents, and/or other papers relating to Defendant's property and/or financial affairs.

84.  Considering the foregoing, Defendant's discharge must be denied under 11 USC § 727(a)(3).

## SEVENTH CAUSE OF ACTION
### (Objection to Debtor's Discharge  11 USC § 727(a)(4))

85.  Plaintiffs reallege and incorporate by reference all of the prior and subsequent allegations in this Complaint as though fully set forth herein.

86.  Plaintiffs are informed and believe that Defendant has not made simple isolated errors or omissions in his Bankruptcy filings. Defendant's filings, such as his schedules and statement of affairs, do not reflect inadvertence or incompetence; rather, they exhibit fraudulent intent.

87.  Defendant has a pattern of misleading conduct.

88.  Defendant has a reckless indifference to the truth.

89.  Defendant has failed to list assets in his schedules.

90.  Defendant has falsely testified in the 341 Meeting.[2]

---

[2]  At the 3-13-2023 341(a) Meeting, Defendant at circa 11:15 testified in response to omissions to be brought to the attention of the United States Trustee ("UST"), that there were only "three minor errors" which he thought that his attorney corrected. Defendant testified that there were "no" errors related to any assets that he owns. At circa 12:52, Defendant testified that he identified all assets on his schedules. Defendant at circa 1:18:30-1:09:21 testified that in the year before the Bankruptcy, he received no commissions from his third-party life insurance deals. At circa 1:20:18, Defendant testified that he has not ever collected money on his third-party life insurance deals. At circa 1:22:18, Defendant testified that he has never received a payoff on his third-party life insurance deals. At circa 1:23:21, Defendant testified that four people have died and that he has received no money. Defendant at circa 1:39:00 testified, in response to whether he had transactions with Shlomo Rechnitz in the last five or six months relating to the thirdparty life insurance policies, "nope." Defendant testified that he does not remember paying the premiums for these policies out of his attorney client trust account at any time. Defendant at circa 1:40:03 testified that he does not remember depositing his own funds into his attorney-client trust account so that these insurance premiums could be paid. In response to the question of whether Defendant traveled out of the country anywhere recently, other than Israel, Defendant at circa 2:23:00 testified, "nope." In response

91.  Defendant has knowingly and fraudulently made false oaths and/or accounts in the
Bankruptcy Case.

92.  Defendant has failed to provide records which are necessary for the OUST and his
creditors to properly understand Defendant's financial condition and/or recent business
transactions.

93.  Considering the foregoing, Defendant's discharge must be denied under 11 USC §
727(a)(4).

**EIGHTH CAUSE OF ACTION**
**(Objection to Debtor's Discharge  11 USC § 727(a)(5)**

94.  Plaintiffs reallege and incorporate by reference all of the prior and subsequent allegations
in this Complaint as though fully set forth herein.

95.  Defendant has failed to explain satisfactorily his deficiency and/or loss of assets to meet
Debtor's liabilities. No determination has yet been made of an entitlement to a discharge
in this Bankruptcy Case.

96.  Considering the foregoing, Defendant's discharge must be denied under 11 USC §
727(a)(5).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request judgment on the Complaint as follows:

1.  On the First Claim for Relief, Plaintiffs seek an order determining that Defendant is
indebted to Plaintiffs in an amount not less than $13,480,949 and that Defendant's debt is
excepted from discharge pursuant to 11 USC § 523(a)(2)(A);

2.  On the Second Claim for Relief, Plaintiffs seek an order determining that Defendant is
indebted to Plaintiffs in an amount not less than $13,480,949 and that Defendant's debt is
excepted from discharge pursuant to 11 USC § 523(a)(4);

3.  On the Third Claim for Relief, Plaintiffs seek an order determining that Defendant is

---

to the question of whether Defendant has bank accounts in Israel, Defendant at circa
2:26:48 testified, "nope." Defendant at circa 2:59:15 testified that he has not
transferred any assets within the last year to a third party. Defendant at circa 2:59:33
testified that he has not given any gifts more than $12,000.00 to his family.

indebted to Plaintiffs in an amount not less than $13,480,949 and that Defendant's debt is excepted from discharge pursuant to 11 USC § 523(a)(6);

4. On the Fourth Claim for Relief, Plaintiffs seek an order denying Defendant his discharge pursuant to 11 USC § 727(a)(2)(A);

5. On the Fifth Claim for Relief, Plaintiffs seek an order denying Defendant his discharge pursuant to 11 USC § 727(a)(2)(B);

6. On the Sixth Claim for Relief, Plaintiffs seek an order denying Defendant his discharge pursuant to 11 USC § 727(a)(3);

7. On the Seventh Claim for Relief, Plaintiffs seek an order denying Defendant his discharge pursuant to 11 USC § 727(a)(4);

8. On the Eighth Claim for Relief, Plaintiffs seek an order denying Defendant his discharge pursuant to 11 USC § 727(a)(5);

9. For costs of suit incurred herein; and

10. For such other and further relief as the Court may deem appropriate.

DATED: May 12, 2023       LAW OFFICE OF BARUCH C. COHEN
A Professional Law Corporation

By    /S/ Baruch C. Cohen
Baruch C. Cohen, Esq.
*Attorney For Creditors Robert & Esther Mermelstein*

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| ROBERT & ESTHER MERMELSTEIN | LESLIE KLEIN |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Baruch C. Cohen, Esq. (SBN 159455)    (323) 937-4501 LAW OFFICE OF BARUCH C. COHEN, A Professional Law Corporation 4929 Wilshire Boulevard, Suite 940, Los Angeles CA 90010 | |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor      ☐ Other<br>☐ Trustee | ☒ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR NONDISCHARGEABILITY OF DEBT PURSUANT TO  11 USC § 523(a)(2)(A),  11 USC § 523(a)(4), & 11 USC § 523(a)(6); & FOR DENIAL OF DISCHARGE PURSUANT TO 11 USC § 727(a)(2)(A); 11 USC § 727(a)(2)(B); 11 USC § 727(a)(3); 11 USC § 727(a)(4); 11 USC § 727(a)(5)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court
    if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ 13,480,949 |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>LESLIE KLEIN | BANKRUPTCY CASE NO.<br>2:23-bk-10990-SK | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Klein |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>5/12/2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Baruch C. Cohen, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Baruch C. Cohen, Esq. (SBN 159455)<br>LAW OFFICE OF BARUCH C. COHEN<br> A Professional Law Corporation<br>4929 Wilshire Boulevard, Suite 940<br>Los Angeles, California 90010<br>(323) 937-4501 Facsimile: (888) 316-6107<br>Email: baruchcohen@baruchcohenesq.com<br><br><br>*Attorney for Plaintiff* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - **LOS ANGELES DIVISION**

| In re:<br>LESLIE KLEIN<br><br><br><br><br>Debtor(s). | CASE NO.: 2:23-bk-10990-SK<br><br>CHAPTER: 11<br><br>ADVERSARY NO.: |
|---|---|
| ROBERT & ESTHER MERMELSTEIN<br><br><br><br>Plaintiff(s)<br><br>LESLIE KLEIN   Versus<br><br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

> **Hearing Date:** _____
> **Time:** _____
> **Courtroom:** _____
>
> **Address:**
> ☐ 255 East Temple Street, Los Angeles, CA 90012
> ☐ 3420 Twelfth Street, Riverside, CA 92501
> ☐ 411 West Fourth Street, Santa Ana, CA 92701
> ☐ 1415 State Street, Santa Barbara, CA 93101
> ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

        **KATHLEEN J. CAMPBELL**
        **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
          Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| _____ | _____ | _____ |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.