# EXHIBIT I

# UNITED STATES BANKRUPTCY COURT

Central District of California, Los Angeles Division

In re LESLIE KLEIN.
           Debtor

Case No.   2:23-bk-10990-SK

Chapter   11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: SECURITY LIFE OF DENVER INSURANCE COMPANY

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA  90067 | January 31, 2024 at 10:00 a.m. |

The examination will be recorded by this method:

☒ *Production:* **YOU ARE COMMANDED** to produce the documents set forth on **Exhibit A** hereto and complete the written questions included as **Exhibit B**.

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   1/09/2024

                  CLERK OF COURT

                                    OR

*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing    Chapter 11 Trustee   , who issues or requests this subpoena, are: Jeffrey P. Nolan, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California  90067, Telephone:  (310) 277-6910

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:



# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

   *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

   *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   *(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   *(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   *(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)



# EXHIBIT A

## TO RULE 2004 SUBPOENA TO SECURITY LIFE OF DENVER INSURANCE COMPANY

Pursuant to Fed. R. Civ. P. 45, Bradley D Sharp, the duly appointed Chapter 11 trustee (the "Trustee") in the Chapter 11 Cases (defined below), hereby requests that Security Life of Denver Life Insurance Company, its subsidiaries and affiliates, including but not limited to, produce and make available for inspection and copying to the Trustee each of the following documents, things, and tangible items, or categories of documents, in your possession, custody, or control which are responsive to the following requests for documents and materials (the "Requests") at the offices of Pachulski Stang Ziehl & Jones, LLP, 10100 Santa Monica Boulevard., 13th Floor, Los Angeles, California, 90067 (Attn: Jeffrey P. Nolan):

## INSTRUCTIONS

A.    You are required to conduct a thorough investigation and produce all DOCUMENTS (as defined below) in your possession, custody and control including all DOCUMENTS in the possession, custody and control of your, officers, directors, employees, agents, representatives and anyone acting on your behalf.

B.    If there are no documents in existence that are responsive to a particular Request, your response must include a statement to that effect. If documents once existed in your possession, custody, or control, but are no longer in your possession, custody, or control for any reason, please identify the specific circumstances under which you lost possession, custody, or control, and identify your understanding of the documents' [current whereabouts] or the manner in which you disposed of the documents.

C.    Electronically stored information ("ESI") responsive to these Requests shall be produced in the same manner in which it is stored, together with all associated metadata. If software not in normal, typical, commercial use is necessary to view the ESI produced in full, native, and usable form with full functionality, then a copy of or license to the necessary software shall be produced together with the ESI.

D.  Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, documents should either be organized and labeled to correspond with the categories in this Document Request or produced as they are kept in the normal course of business.

E.  If any of the requested documents fall within the scope of this Request, but have not been produced on grounds that such documents are privileged, please provide the following information as to each document to which such claim is made: (a) the privilege that is grounds for withholding the Document; (b) the nature of the Document (*e.g.*, letter, spreadsheet, memorandum); (c) the date that the Document was prepared; (d) the name/title of the author; (e) the name/title of each recipient or addressee of the Document; (f) the number of pages withheld; and (g) the name and location of the current custodian of the Document.

F.  Unless otherwise provided herein, the relevant period of inquiry for these Requests is January 1, 2015 through November 30, 2023.

## DEFINITIONS FOR DOCUMENT PRODUCTION
## AND EXAMINATION TOPICS

1.  "YOU" or "YOUR" means **Security Life of Denver Insurance Company and its subsidiaries and affiliates**.

2.  "CONCERNING" means and includes relating to, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

3.  "DOCUMENT" or "DOCUMENTS" is defined to have the same meaning and to be equal in scope to the terms "documents" and "electronically stored information" as used in the Federal Rules of Civil Procedure 34(a) and/or "writings" as defined in the Federal Rules of Evidence 1001, and each "duplicate" as defined in the Federal Rules of Evidence 1001. "DOCUMENTS" means and includes all written, recorded, transcribed or graphic matter of every nature, type and kind, however and by whomever produced, reproduced, disseminated or made. This includes, but is not limited to, any and all originals, copies or drafts of any and all of the following: papers; books; letters; correspondence; loans, memoranda; notes; notations; transcripts;

minutes; reports; appraisals; estimates; projections; charts, graphs and tables; schedules; proposals; offers; contracts; agreements; signature cards; checks, canceled checks and bank or account statements; and any information contained in any computer tape, card, disk, drive, program or other device; computer print-outs; microfilm; microfiche; any other tangible or intangible thing or item that contains any information; and, all "writings and recordings" and "photographs" (and all negatives thereof) as defined in and by the Federal Rules of Evidence, Rule 1001.

4. "KLEIN" means the individual Leslie Klein and any alias name including Menachem Klein, and/or Lutzy Klein.

5. "KLEIN ASSOCIATED ENTITY" means the following organizations:

The Klein Charitable Remainder Unitrust dated 2-20-1996
The Klein Trust
Klein Charitable Remainder Unitrust
Klein Charitable Remainder Annuity
Klein Living Trust dated April 8, 1990
EKLK Foundation
Doctors Marketing Group, LLC
Doctors Marketing Network LLC
Doctors Referral Service LLC
Doctors Marketing Nationwide, Inc. (MD entity)
The Patient Referral Network, LLC (MD entity)
Bay Area Development Co.
Big Boyz Legal, LLC
Les Klein & Associates
Les Klein & Associates, dba Family Legal Services
Litigation Financing, LLC
Life Capital Group, LLC
Life Capital Group I, LLC
SYRTR Foundation
Time Square Media, Inc
Longevity Fund of NY
Longevity Fund of Michigan
BKR Life Settlements, LLC
GMR Life Settlements, LLC
BK Life Settlements, LLC
BW Life Settlements, LLC

6. "POLICIES" or "POLICY" means life insurance policies made on individuals with a payout to the beneficiary, annuity, or pension upon the insured person or annuitant's death.

7. "PREMIUM PAYMENTS" means those monies paid as consideration for coverage to remain in place including the date, amount and identity of the premium payment and any DOCUMENT related to its payment. Attached hereto as **Exhibit E**, please find a cancelled check/payment receipt for informational purposes.

8. "TRANSFERS" means any and all payments, credits, debits, deposits, in whatever form made, be it wire, check, ACH or otherwise.

## DOCUMENT REQUESTS

**Request No. 1:**

All DOCUMENTS maintained by YOU, including, but not limited to, TRANSFERS, for any POLICY issued by YOU from January 1, 2011 to the present wherein KLEIN or a KLEIN ASSOCIATED ENTITY is the POLICY insured, trustee or beneficiary.

**Request No. 2:**

All DOCUMENTS memorializing or CONCERNING any TRANSFERS received from or made by YOU to Life Capital Group, LLC from January 1, 2011 to the present.

**Request No. 3:**

All DOCUMENTS memorializing or CONCERNING any of the POLICIES for the insureds identified on **Exhibit C**, attached hereto, from January 1, 2011 to the present, including but not limited to the policies themselves, amendments, riders, loans and/or an accounting of PREMIUM PAYMENTS.

**Request No. 4:**

All DOCUMENTS memorializing or CONCERNING any of the POLICIES for the insureds identified on **Exhibit D**, attached hereto, from January 1, 2011 to the present, including but not limited to the policies themselves, amendments, riders, loans and/or an accounting of PREMIUM PAYMENTS.

# **EXHIBIT B**

# **DEPOSITION ON WRITTEN QUESTIONS TO SUBPOENA OF SECURITY LIFE OF DENVER INSURANCE COMPANY("DENVER LIFE")**

1. Please state your full name, occupation, official title, and business address.

Answer: _____

2. Are you the custodian of records for **Denver Life**?

Answer: _____

3. In your capacity as custodian of records for **Denver Life**, are you familiar with whether **Denver Life** maintains records of its business activities?

Answer: _____

4. Are the records of **Denver Life** kept under your care, supervision, custody, or control?

Answer: _____

5. Was it in the regular course of business activities of **Denver Life** for a person with personal knowledge of the act, event, condition, opinion, or diagnosis identified in the records requested in the attached Exhibit A, to make such records or to transmit such information to be included in the records?

Answer: _____

6. Were the documents requested in Exhibit A made at or near the time of the act, event, condition, opinion, or diagnosis identified in the records or within a reasonable time thereafter?

Answer: _____

7. Were the documents requested in the attached Exhibit A made and kept in the regular course of daily business activities by **Denver Life**?

Answer: _____

8. Were the documents requested in the attached Exhibit A transmitted to your files, and did you maintain the records as part of your official duties as the custodian of records for **Denver Life**?

Answer: _____

9. Please hand the originals or exact duplicates of the documents requested in the attached Exhibit A to the [court reporter/notary public] taking your deposition for photocopying and attachment to this deposition. Have you now given all documents requested in the attached Exhibit A to the [court reporter] taking your deposition? If not, identify for the [court reporter] the records and documents you did not produce and explain why you did not produce them.

Answer: _____

10. In the event you are unable to find any of the records requested in the subpoena you received, how long does **Denver Life** maintain its files, and does **Denver Life** ever destroy its files?

Answer: _____

11. Are you aware of any other entities or persons that may have possession of records pertaining to those identified in Exhibit A?  If so, please state the name and address of such entity or person, if known.

Answer: _____

12. Have you been requested or directed by any person to withhold or protect, for any reason, the records identified in Exhibit A? Has any person suggested that you should withhold or protect the records identified in Exhibit A? If so, please state the name and address of the person who conveyed this information to you and when such event occurred.

Answer: _____

13. Do you know or have reason to believe that the records identified in Exhibit A have in any manner been edited, purged, culled, or otherwise altered? If so, please identify the records and why they were altered or removed.

Answer: _____

14. If any document responsive to this subpoena was, but is no longer, in your possession, custody, or control, or no longer exists, state whether (1) it is missing or lost, (2) it was destroyed, (3) it was transferred to others, or (4) it was otherwise disposed of, and explain the circumstances surrounding its disposition, including the date of such disposition.

Answer: _____

## VERIFICATION

STATE OF _____ )
    ss.                                      )
COUNTY OF _____ )

    Before me, the undersigned authority, on this day personally appeared

_____, custodian of records for **SECURITY LIFE OF DENVER INSURANCE COMPANY** known to me to be the person whose named is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original records.

 

_____
Witness

SWORN TO ME AND SUBSCRIBED before me by _____ on _____, _____.