JOSHUA L. SCHEER #242722
REILLY D. WILKINSON #250086
SCHEER LAW GROUP, LLP
85 ARGONAUT, SUITE 202
ALISO VIEJO, CA  92656
Telephone:  (949) 263-8757
Facsimile:  (949) 308-7373
Email: jscheer@scheerlawgroup.com
G.550-427S

Attorneys for Secured Creditor
Ajax Mortgage Loan Trust 2021-D, Mortgage-Backed Securities, Series 2021-D, by U.S. Bank National Association, as Indenture Trustee, its successors and/or assignees

UNITED STATES BANKRUPTCY COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LESLIE KLIEN,<br><br>                              Debtor. | Bk. No. 2:23-bk-10990-SK<br><br>Chapter 11<br><br>**CONDITIONAL OPPOSITION TO MOTION FOR ORDER AUTHORIZING (1) SALE OF REAL PROPERTY COMMONLY KNOWN AS 161 NORTH POINSETTIA PLACE, LOS ANGELES, CALIFORNIA 90036, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(b) AND (f); AND (2) PAYMENT OF REAL ESTATE BROKERS' COMMISSION AND SALE RELATED EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF BRADLEY D. SHARP AND STEVE FLORES IN SUPPORT THEREOF**<br><br>Hearing:<br>Date: January 24, 2024<br>Time: 9:00 AM<br>Location: 255 E. Temple Street,<br>             Los Angeles, CA 90012,<br>             Courtroom 1575 |

1

Ajax Mortgage Loan Trust 2021-D, Mortgage-Backed Securities, Series 2021-D, by U.S. Bank National Association, as Indenture Trustee, its successors and/or assignees ("**Creditor**") hereby submits this *Conditional* Opposition ("**Opposition**") to Trustee's MOTION FOR ORDER AUTHORIZING (1) SALE OF REAL PROPERTY COMMONLY KNOWN AS 161 NORTH POINSETTIA PLACE, LOS ANGELES, CALIFORNIA 90036, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(b) AND (f); AND (2) PAYMENT OF REAL ESTATE BROKERS' COMMISSION AND SALE RELATED EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF BRADLEY D. SHARP AND STEVE FLORES IN SUPPORT THEREOF **("Sale Motion")** filed by Bradley D. Sharp, Chapter 11 Trustee **("Trustee")**. This Opposition is based on the pleadings and records on file in this matter and the following memorandum. Creditor also requests that the Court take Judicial Notice of certain documents of public record and on file with this Court in accordance with Federal Rule of Evidence 201.

## I.    FACTS

1.    Creditor is the current payee of a Note dated July 25, 2018 in the principal amount of $1,097,000.00 secured by a Deed of Trust of same date executed and recorded in Los Angeles County and which encumbers the real property located at 161 North Poinsettia Place, Los Angeles, CA 90036 (the "**Property**").[1]

2.    On April 26, 2023, Creditor filed a Motion for Relief from the Automatic Stay ("**Stay Motion**") due to Debtor's failure to make timely payments under the applicable loan documents and due to Debtor's failure to account for and/or turnover rents generated from the Property.[2]

3.    On May 24, 2023, after the filing of the Stay Motion, the court entered an order appointing Bradley D. Sharp as Trustee.[3]

---

[1] *See* Proof of Claim 26-1.
[2] *See* Docket No. 86.
[3] *See* Docket No. 155.

2

4. On July 25, 2023, Trustee and Creditor (together referred to herein as the "**Parties**"), entered into a stipulation regarding Trustee's use of cash collateral to "timely pay insurance, taxes, and maintenance". The Parties also continued the hearing on the Stay Motion.[4]

5. On October 25, 2023, the Parties entered into a *second* stipulation ("**Second Stipulation**") on similar terms, but also allowing the Trustee to use Creditor's cash collateral to remove the tenant on the Property. In the Second Stipulation the Trustee acknowledged again that any and all rents generated from the Property are Creditor's "cash collateral" as defined in 11 U.S.C § 362(a). The Parties agreed that the Stay Motion would be continued until February 21, 2024 so that the Property could be marketed and sold by the Trustee after the tenant was removed. The proceeds of any sale would be used to pay off the valid claims asserted by Creditor and the excess proceeds would be paid into the Debtor's estate for the Trustee to administer. In exchange for the continuation of the Stay Motion, the Parties agreed that the Trustee would use any cash collateral collected (*i.e.,* rent or other proceeds derived from the Property) to pay insurance, taxes, and maintenance as and when they come due, *and* to pay the tenant to vacate the Property.[5]

6. On December 20, 2023, the Trustee filed the subject Sale Motion.[6] Pursuant to the Sale Motion, the Trustee is seeking approval of the sale of the Property. The Sale Motion indicates that the Trustee has entered into an agreement to sell the Property to Louis and Barbara Katz or their assignee, for $1,850,000.00.[7]

7. The Sale Motion provides that Creditor is in *second* position on the Property, yet confirms that the alleged first trust deed of Loan Oak Fund, LLC has a zero balance.[8] The Sale Motion also lists Creditor's claim in favor of Mortgage Electronic Registration Systems, Inc., as nominee for OCMBC, Inc., but acknowledges that there is an assignment of record of the Deed of Trust to Creditor that was recorded on December 29, 2021.[9]

---

[4] *See* Docket Nos. 211 and 212.
[5] *See* Second Stipulation, Docket No. 450
[6] *See* Docket No. 537
[7] *See* Sale Motion, page 5
[8] *See* Sale Motion, Page 6; *See also* Exhibit C to Motion.
[9] *See* Sale Motion, Page 6, FN 1.

3

8.    The Sale Motion proposes to sell the Property and to pay "all undisputed amounts owed", but any disputed amounts will not be paid and will instead "attach to a like amount of the net proceeds with the same force, effect, validity, and priority that it has with respect to the Poinsettia Property".[10] The Sale Motion attaches a prior payoff of Creditor dated July 27, 2023, approximately five (5) months ago, in the amount of $1,465,408.76. However, the Motion does not specify whether Creditor's claim amount is disputed or whether it anticipates paying the claim in full directly out of escrow, including accrued interest, fees, and costs.[11]

9.    The Sale Motion further states that the Trustee is seeking to pay the real property taxes based upon the proportion of the first installment period that runs through the closing date.[12] According to the preliminary title report attached to the Sale Motion, both the first and second installment of $4,812.69 remain unpaid. This includes the 2023 (November) installment which is past due.[13]

## II.    CONDITIONAL OPPOSITION

Generally, a court considering a motion to approve a sale under 11 U.S.C. § 363(b) should determine from the evidence presented before it that a "good business reason" exists to grant such a motion. (*See In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983)). The Court also considers 1) whether the sale is fair and reasonable, 2) whether the property has been given adequate marketing, 3) whether the sale is in good faith, and 4) whether there has been adequate notice provided to creditors. (*See In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 841-2 (Bankr. C.D. Cal. 1991)).

The Trustee seeks authority to sell the Property "free and clear" of all liens and encumbrances pursuant to 11 U.S.C. § 363(f). More specifically, as to Creditor's claim, it alleges that such sale is allowed under section (f)(3), which allows a sale "free and clear" if "such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property." (11 U.S.C. § 363(f)(3)). The Trustee asserts that

---

[10] *See* Sale Motion, Page 7.
[11] *See* Sale Motion, Page 6, *See also* Sale Motion Exhibit D.
[12] *See* Sale Motion, page 7.
[13] Sale Motion, Exhibit B.

4

the sale of "at least $1,850,000" will be sufficient to pay the claims on the Property, specifically, 1) Creditor's claim and 2) the Property taxes.[14]

Creditor wants to be clear that it **supports the sale of the Property** and agrees that there is "good business reason" to sell the Property now, prior to the accrual of additional fees and costs. Creditor previously agreed to postpone its Relief Motion (filed almost 10 months ago) and for use of its cash collateral in the interim for the purposes of allowing a sale to occur for the benefit of the estate. Creditor also cooperated with the Trustee in allowing use of its "cash collateral" to assist with removing the tenant. In return, Creditor has only required that the Trustee maintain taxes and insurance on the Property and keep it apprised of any developments. As a whole, Creditor is pleased that a potential sale has materialized and is hopeful that it will promptly close. However, it wants to assure that its interests are protected and it is not forced to incur any unnecessary fees in addressing a dispute that may arise from the Sale Motion *after* the sale has closed or if the sale does not close.

*First*, the Motion provides that any "undisputed" claim of Creditor will be paid out of escrow. However, it also allows any "disputed" portion to be held back by the Trustee. While Creditor understands that the Trustee can object to or oppose a claim, it sees no reason why this should occur *after* closing and requests that its claim be paid in full out of escrow unless a reason is articulated for an objection.

Creditor's Relief Motion was filed on April 26, 2023 setting forth the amounts owing at that time. Its Proof of Claim was filed on May 2, 2023 also detailing its payoff at the time of the petition. It has also provided the Trustee with multiple payoffs, including, but not limited to, the payoff attached to the Sale Motion, and has received no indication that the amounts are disputed or will be in dispute. Creditor has (and will) cooperate in providing any requested payoff information to the Trustee, and does not anticipate that there will be a dispute. A more recent

---

[14] The sale is also based upon the consent of Joseph and Erica Vago ("**Vago**"), a junior lienholder allegedly owed over $24,000,000, pursuant to 11 U.S.C. § 363(f)(2). Vago has agreed to allow the sale to proceed despite a disputed cross-collateralized judgment lien.

5

1  payoff was provided to Trustee's counsel along with the Opposition, good through February 7,
2  2024.
3     If the Trustee objects to the Creditor payoff, it requests that this be addressed *prior to*
4  approval of the Sale Motion. Conversely, if the Trustee has no objection, it requests that its
5  claim be paid in full directly out of escrow and that this be included as part of the order
6  approving the sale.
7     *Second*, the Sale Motion acknowledges that the delinquent Property taxes have not been
8  paid and will instead be paid out of escrow. Creditor understands the reasoning for waiting on
9  paying taxes given the potential for a sale that would potentially pay taxes in full. However, *in*
10 *the event the sale does not close* as anticipated, the Trustee should abide by the requirements of
11 the Second Stipulation and pay the taxes as required.

### III.  CONCLUSION

Creditor supports the Sale Motion but requests any order granting the Sale Motion specify the following:

- Creditor will be paid in full on its claim concurrently upon close and directly out of escrow. Trustee, and or his agents, shall request an updated payoff demand to ensure Creditor is paid in full. Creditor reserves the right to submit an updated payoff demand prior to any close of escrow to ensure it is paid in full;
- That any and all outstanding taxes due on the Property are paid pursuant to the terms set forth in the Second Stipulation in the event the Sale does not close, within 7 days of the anticipated sale date;

In the event that the above language is included in the order approving the Sale Motion, Creditor joins the Sale Motion in support.

SCHEER LAW GROUP, LLP

DATED: 01/10/2024        /s/ JOSHUA L. SCHEER
                         #242722

6

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

85 Argonaut, Suite 202, Aliso Viejo, CA 92656

A true and correct copy of the foregoing document entitled (*specify*): Conditional Opposition to Motion for Order Authorizing (1) Sale of Real Property Commonly Known as 161 North Poinsettia Place, Los Angeles, California 90036, Free and Clear of All Liens, Claims and Encumbrances Pursuant to 11 USC §§ 363(b) and (f); and (2) Payment of Real Estate Brokers Commission and Sale Related Expenses; Memorandum of Points and Authorities; Declarations will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/10/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Trustee: Bradley D. Sharp, bsharp@dsi.biz; Trustee: Mark M. Scharf, mark@sharflaw.com; Attorneys for Trustee: Jeffrey W. Dulberg, jdulberg@pszjlaw.com; John W. Lucas, jlucas@pszjlaw.com; Jeffrey P. Nolan, jnolan@pszjlaw.com; Jeffrey N. Pomerantz, jpomerantz@pszjlaw.com

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 01/10/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Leslie Klein, 322 N. June Street, Los Angeles, CA 90001; Leslie Klein & Associates, Inc. c/o Parker Milliken, 555 Flower Street, Los Angeles, CA 90071
Trustee: Mark M. Sharf, 6080 Center Drive #600, Los Angeles, CA 90045
Trustee: Bradley D. Sharp, 333 So. Grand Ave. Suite 4070, Los Angeles, CA 90071-1544
Attorney for Trustee: Pachulski Stang Ziehl & Jones, LLP, 10100 Santa Monica Blvd. 13th Flr., Los Angeles, CA 90067;
  Pachulski Stang Ziehl & Jones, LLP, One Sansome Street, 34th Floor, Suite 3430, San Francisco, CA 94104-4436
U.S. Trustee: Office of the U.S. Trustee, 915 Wilshire Blvd Suite 1850, Los Angeles, CA 90017
Notice: Nathan Talei, Oldmad, Sallus & Gold, LLP, 16133 Ventura Blvd PH-A, Encino, CA 91436
Judge's copy: Sandra R. Klein, 255 E. Temple Street, Suite 1582, Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/10/2024 | Alani Gaytan | /s/ Alani Gaytan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE CONTINUATION PAGE

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **01/10/2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Michael I. Gottfried | mgottfried@elkinskalt.com |
| Joshua L Scheer | jscheer@scheerlawgroup.com |
| Reem J Bello | rbello@goeforlaw.com |
| Baruch C Cohen | bcc@BaruchCohenEsq.com |
| Michael Jay Berger | michael.berger@bankruptcypower.com |
| Alan G Tippie | Alan.Tippie@gmlaw.com |
| Alan W Forsley | alan.forsley@flpllp.com |
| Alex M Weingarten | aweingarten@willkie.com |
| Clarisse Young | youngshumaker@smcounsel.com |
| Dane W Exnowski | dane.exnowski@mccalla.com |
| Gary Tokumori | gtokumori@pmcos.com |
| Greg P Campbell | ch11ecf@aldridgepite.com |
| Marc A Lieberman | marc.lieberman@flpllp.com |
| Michael I. Gottfried | mgottfried@elkinskalt.com |
| Michael L Wachtell | mwachtell@buchalter.com |
| Paul P Young | paul@cym.law |
| Roye Zur | rzur@elkinskalt.com |
| Steven M Mayer | smayer@mayerlawla.com |
| Robert P Goe | kmurphy@goeforlaw.com |
| Eric J Olson | eric@ejolsonlaw.com |
| Michael S Kogan | mkogan@koganlawfirm.com |
| Krikor J Meshefejian | kjm@lnbyg.com |
| Richard P Steelman, Jr | rps@lnbyg.com |
| Ron Bender | rb@lnbyg.com |
| Nikko Salvatore Stevens | nikko@cym.law |
| Paul P Young | paul@cym.law |
| Baruch C Cohen | bcc@BaruchCohenEsq.com |
| Kirsten Martinez | Kirsten.Martinez@bonialpc.com |
| Christopher M McDermott | ch11ecf@aldridgepite.com |
| John P. Ward | jward@attleseystorm.com |
| Kenneth Misken | Kenneth.M.Misken@usdoj.gov |
| Michael Jones | michael.jones4@usdoj.gov |
| Noreen A Madoyan | Noreen.Madoyan@usdoj.gov |
| Ron Maroko | ron.maroko@usdoj.gov |
| Brandon J. Iskander | biskander@goeforlaw.com |
| Robert P Goe | kmurphy@goeforlaw.com |
| Clarisse Young | youngshumaker@smcounsel.com |
| Theron S Covey | tcovey@raslg.com |