581
Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Telephone: 310.277.6910
Facsimile: 310.201.0760
Los Angeles, California 90067-4003
E-mail:  jdulberg@pszjlaw.com
         jlucas@pszjlaw.com

Counsel to Bradley D. Sharp, Chapter 11 Trustee

**FILED & ENTERED**

**JAN 19 2024**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY may        DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>      Debtor. | Case No.: 2:23-bk-10990-SK<br><br>Chapter 11<br><br>**ORDER APPROVING PROTECTIVE STIPULATION REGARDING THE PRODUCTION OF DOCUMENTS PURSUANT TO THE MOTION OF CHAPTER 11 TRUSTEE, FOR ORDER AUTHORIZING THE EXAMINATION OF LIFE CAPITAL GROUP, LLC AND ITS SUBSIDIARIES AND AFFILIATES PURSUANT TO FED. R. BANKR. P. 2004**<br><br>**[Relates to Docket Nos. 468, 482, 523, 555, 581, and 585]**<br><br>[No Hearing Required] |

///

///

///

///

///

///

///

1       The Court, having reviewed and considered the "*Protective Stipulation Regarding the Production of Documents Pursuant to the Motion of Chapter 11 Trustee, for Order Authorizing the Examination of Life Capital Group, LLC and Its Subsidiaries and Affiliates Pursuant to Fed. R. Bankr. P. 2004 [Relates to Docket Nos. 468, 482, 523,555, 581, and 585]*" (the "Stipulation") [Dkt. 586] by and between Bradley D. Sharp (the "Trustee"), the duly appointed trustee for the chapter 11 estate of Leslie Klein (the "Debtor"), and Life Capital Group, LLC ("Life Capital," and together with the Trustee, the "Parties"), by and through their undersigned attorneys, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, incorporated herein by Rule 7026 of the Federal Rules of Bankruptcy Procedure, finds good cause and hereby APPROVES the Stipulation [Dkt. 586] and enters this Protective Order (the "Order" or "Protective Order") as set forth herein.

This Order shall govern the production, review and handling of Confidential Material (as defined below) by the Parties (as defined below) in this "Bankruptcy Case," which is hereafter defined as the above-captioned bankruptcy case (No. 2:23-bk-10990-SK). The purpose of this Order (*i.e.*, the "Good Cause Statement") is to expedite the flow of information, to protect confidential material, to ensure that the Parties are permitted reasonable, necessary use of such material, to protect the Parties hereto against the waiver of any privileges or protections, including, without limitation, the attorney-client privilege, work-product protection, and any other applicable privilege, protection, or immunity attaching to those documents, and to address the handling of such material at the end of the Bankruptcy Case. The Court enters this Order setting forth the conditions for treating, obtaining, and using such information.

1. As used herein, Confidential Material means:

    (a)   All documents marked by Life Capital as "Confidential."

    (b)   All documents (including, without limitation, data, reports, and records) that the Trustee substantially derives from the information described in Paragraph 2(a); and

    (c)   All reproductions of information described in Paragraphs 2(a) or Paragraph 2(b).

2. The term "Confidential Material" does not include information that:

2

      (a)    Either is or becomes publicly available and that did not become publicly available by being disclosed by Life Capital or its agents;

      (b)    Was available to the Trustee or the Debtor on a non-confidential basis before Life Capital disclosed the information to the Trustee; and

      (c)    Lawfully becomes available to the Trustee on a non-confidential basis and through a means other than through a breach of this Agreement.

3.    As used herein, the term, Confidential Material shall mean and include, but not be limited to each and every document marked "Confidential" and produced in response to the Rule 2004 Motion, including all originals and copies of documents, tapes, CDs or in any form, including documents reproduced or derived therefrom.

4.    Confidential Material produced pursuant hereto shall be subject to the restrictions contained herein and, subject to the right of any other party to seek an order from the Court that the material should not be subject to such restrictions.

5.    Disclosure and use of the Confidential Material shall be restricted to the Trustee and his advisors, and any other persons or entities identified herein, including the U.S. Trustee and employees of them, to whom it is reasonably necessary to disclose the Confidential Material for this Bankruptcy Case and any signatories to the "Acknowledgment And Agreement To Be Bound" attached hereto as Exhibit 1 to this Stipulation.

6.    Disclosure of Confidential Material is allowed to: attorneys in the firms that are or become litigation counsel to the Trustee for this Bankruptcy Case and to those signatories to the "Acknowledgment And Agreement To Be Bound" attached hereto as Exhibit 1 to this Stipulation; and to stenographic, clerical and other employees of those aforementioned individuals or firms whose functions require access to the Confidential Material.

7.    To experts or consultants engaged by the Trustee provided that prior to the initial disclosure of Confidential Material to any such expert or consultant, counsel for the party receiving the Confidential Material advise the retained expert of the confidential nature of the documents and such experts or consultants sign the "Acknowledgment And Agreement To Be Bound" attached hereto as Exhibit 1 to this Stipulation.

8. Each person to whom disclosure of Confidential Material is made shall be advised by the attorney retaining such expert of, and become subject to, the provisions herein.

9. Each person, including counsel, to whom disclosure of Confidential Material has been made, shall maintain any such material in a safe and secure fashion at all times so as to preserve the confidentiality of the material.

10. Any document containing any summary or recitation of any part of the content of confidential material also shall be deemed to be Confidential Material and subject to all the protections and restrictions in this Stipulation.

11. Meet and Confer. In the event that the Trustee objects to any specific Life Capital document designation as "Confidential Material," the Trustee shall advise Life Capital, in writing, of such objections, the specific documents to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(a) The Trustee shall have the burden of conferring either in person or by telephone with Life Capital in a good faith effort to resolve the dispute. Life Capital shall have the burden of justifying the disputed designation;

(b) Failing agreement, the Trustee may bring a motion to the Court for a ruling that the Confidential Material designation in question is not entitled to the status and protection of the Life Capital's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(c) Notwithstanding any challenge to a designation, the document(s) in question designated as "Confidential Material" shall continue to be treated as designated under this Order until one of the following occurs: (i) Life Capital withdraws such designation in writing; or (ii) the Court rules that the document(s) in question designated as "Confidential Material" is/are not entitled to the designation.

12. Upon final termination or resolution of all issues between the Debtor's estate and Life Capital, including all appeals, and at the request of the Life Capital, counsel for the party receiving the Confidential Material shall return all original Confidential Material produced by Life Capital or certify its destruction.

13. No action in accordance with the provisions of this Stipulation, nor the failure to object thereto, shall be construed as a waiver of claim, objection, or defense.

14. By producing Confidential Material, the parties do not waive and expressly retain the right to assert the application of any common law or statutory privileges or any theory of immunity from disclosure of private confidential information.

15. This Stipulation shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party with respect to the Confidential Material and the information contained therein.

16. In the event anyone shall violate or express an intention to violate any term of this Stipulation, the aggrieved party may immediately apply to obtain injunctive, or other relief against any such person violating or threatening to violate any of the terms of this order.

17. Upon receipt of a subpoena or other legal demand by any party, which may require the Trustee to turnover Confidential Material, the Trustee will give at least (10) ten days notice to Life Capital to allow Life Capital to take any action it deems appropriate.

18. Any party-in-interest to this Bankruptcy Case that either signs this Stipulation or signs the "Acknowledgment And Agreement To Be Bound" that is attached hereto as Exhibit 1 agrees to be bound by this Stipulation, including any natural person, partnership, corporation, association, or other legal entity not named as a party to this Bankruptcy Case, including all of its officers, directors, employees, partners, members, managers, and advisors.

19. Absent a court order secured after appropriate notice to all interested persons, the Trustee must seek from the Court permission to file such Confidential Material under seal pursuant to 11 U.S.C. section 107, LBR 5003-2(c), and/or Bankr. C.D. Cal. Court Manual section 2.8(b), as applicable. The parties acknowledge that Confidential Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Material at issue. In

connection with a party's motion to seal, the moving party will note Life Capital's approval to file under seal, if any. If the application for relief is denied, the Trustee may file the Confidential Material with the Court unless otherwise instructed by the Court.

20.    This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. This Court is responsible for the interpretation and enforcement of this Order. All disputes concerning Confidential Material, however designated, produced under the protection of this Order shall be resolved by the Court. In the event anyone shall violate or threaten to violate material terms of this Stipulation, the aggrieved Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Stipulation.

**IT IS SO ORDERED.**

###

Date: January 19, 2024

Sandra R. Klein
United States Bankruptcy Judge

# EXHIBIT 1
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [insert name], of _____ [insert address], declare under penalty of perjury that I have read in its entirety and understand the foregoing Stipulation and Order approving it that was issued by the United States Bankruptcy Court for the Central District of California on _____ (date) in the above-titled case *In re Leslie Klein*, Bankr. C.D. Cal. Case No. 2:23-bk-10990-SK (the "Order"). Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Order.

My present employer is _____ and the address of my present employment is _____. My present occupation or job description is _____. I agree to comply with and to be bound by all the terms of the Order as a Party thereto, as if I were an original signatory thereto, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in compliance with the provisions of the Order. I further understand that I am to retain all copies of all Confidential Material provided to me in the Bankruptcy Case in a secure manner, and that the use and retention of all copies of such Confidential Material shall be governed by the Order.

I further agree to submit to the jurisdiction of the Court for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this Bankruptcy Case.

Dated: _____    City and State where signed: _____

Printed Name: _____

Signature: _____

7