Leslie Klein, Esq. (SBN 50908)
14245 Ventura Boulevard
Sherman Oaks, CA 91423
Telephone (818) 501-2663
leskleinlaw@gmail.com

*In pro per*

**FILED**
JAN 22 2024
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re

LESLIE KLEIN,

        Debtor.

) Case No. 2:23-bk-10990-SK
)
)
) Chapter 11
)
)
) MOTION TO COMPEL ABANDONMENT
) OF PROPERTY BY TRUSTEE;
) MEMORANDUM OF POINTS AND
) AUTHORITIES AND DECLARATION OF
) LESLIE KLEIN IN SUPPORT THEREOF
)
) Date:      February 14, 2024
) Time:     9:00 a.m.
) Place:    Courtroom 1575
)
)
)
)

**MOTION TO COMPEL ABANDONMENT OF PROPERTY BY TRUSTEE**

1   Leslie Klein (the "**Debtor**" or "**Klein**"), the debtor in this bankruptcy case, respectfully
2   moves the Court on his Motion to Compel Abandonment of Property By Trustee (the "**Motion**"),
3   which requests that the Court enter an order compelling Brad Sharp, the chapter 7 trustee (the
4   "**Trustee**") of the bankruptcy estate of the Debtor to abandon the bankruptcy estate's interest in
5   the Debtors law practice commonly known as Les Klein & Associates, Inc. (the "**Law Firm**" or
6   "**LKA**").
7   Cause exists to compel the Trustee to abandon the Law Firm because it is not necessary to
8   the future administration of the Debtor's bankruptcy estate, has no net value or equity that can be
9   used for the benefit of creditors or to the bankruptcy estate, and the cost of administering the Law
10  Firm exceeds the benefit to the estate of administering it.[1] Therefore, the Law Firm is burdensome
11  to the estate and is of inconsequential value and benefit to the estate and the Motion should be
12  approved.
13  The Motion is based upon the concurrently filed Notice, this Motion, the attached
14  Memorandum of Points and Authorities, the Declaration of Leslie Klein, the pleadings on file in
15  this case, and upon such other evidence as may properly be presented to the Court at the hearing.
16  Wherefore, the Debtor respectfully requests that the Court approve the Motion and
17  conclude the meeting of creditors.

DATED: January 1*S*, 2024

By: _____
LESLIE KLEIN
*In pro per*

---

[1] In addition, the bankruptcy estate must insure the Law Firm from malpractice liability.

2
**MOTION TO COMPEL ABANDONMENT OF PROPERTY BY TRUSTEE**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Through this Motion, Leslie Klein (the "**Debtor**" or "**Klein**"), the debtor in this bankruptcy case, respectfully moves the Court on his Motion to Compel Abandonment of Property By Trustee (the "**Motion**"), which requests that the Court enter an order compelling Brad Sharp, the chapter 7 trustee (the "**Trustee**") of the bankruptcy estate of the Debtor to abandon the bankruptcy estate's interest in the Debtor's law practice commonly known as Les Klein & Associates, Inc. (the "**Law Firm**" or "**LKA**").

Cause exists to compel the Trustee to abandon the Law Firm because it is not necessary to the future administration of the Debtor's bankruptcy estate, has no net value or equity that can be used for the benefit of creditors or to the bankruptcy estate, and the cost of administering the Law Firm exceeds the benefit to the estate of administering it.[2] Therefore, the Law Firm is burdensome to the estate and is of inconsequential value and benefit to the estate and the Motion should be approved.

## II.

## FACTUAL BACKGROUND

The Debtor, a 76 year old attorney, a practicing orthodox Jew very involved in that community, who has throughout his career primarily practiced in the trusts and estates area of the law. Through a successful career, the Debtor set up many trusts and estate plans for his clients. In addition, for many clients in which he served as a trustee of their trust, he managed the assets of the trust and invested them in a number of valuable assets including insurance policies. This bankruptcy case was commenced on February 22, 2023, primarily due to a number of lawsuits commenced against the Debtor regarding the administering of his trustee duties, and also pending foreclosure actions on his real property. Further, the chapter 11 petition was filed to stop various creditors from collecting on judgments as they had perfected liens during the preference period on

---

[2] In addition, the bankruptcy estate must insure the Law Firm from malpractice liability.

the Debtor's real estate, to appeal disputed State Court judgments, and to file an adversary proceeding to stop an avoidable preference in favor of a creditor, to enable all creditors to be paid equally.

On April 24, 2023, creditors Erica and Joseph Vago filed a Motion for Order Dismissing Debtor's Chapter 11 Bankruptcy Case (the "**Motion to Dismiss**") [Docket No. 79].

On May 17, 2023, at a hearing held on the Motion to Dismiss, the Court ruled that the appointment of a chapter 11 trustee, and not dismissal of the case, was in the best interests of the estate. Moreover, the Court ruled and found cause to either appoint a chapter 11 trustee or convert to chapter 7. On May 23, 2023, the UST filed a Notice of Appointment of Chapter 11 Trustee [Docket No. 151].

On May 24, 2023, the UST Filed an Application for Order Approving Appointment of Trustee and Fixing Bond [Docket No. 154], approved by order entered the same day [Docket No. 155]. On that same day, the Trustee accepted his appointment [Docket No. 156].

The Debtor alleges that the only significant assets that the bankruptcy estate has to pay its creditors are real estate interests owned by the Debtor, potential payments on insurance policies the Debtor may have an interest in through LCG which is 25% owned by the Debtor, and avoidance actions and claims that may be made on behalf of the Debtor. Brad Sharp as Trustee is pursuing the liquidation of these assets. All can equally be accomplished in a chapter 7 bankruptcy case.

The only other significant asset that the Debtors estate possesses is that of the Law Firm of the Debtor, LKA which is not in bankruptcy, and is the primary source of employment and revenue for the Debtor to pay his living expenses. The Trustee cannot practice law and run LKA. Further, the Debtor could merely resign from LKA, and either practice law at another law firm or start a new law firm. Further, any claims the Trustee may have against LKA would remain for the Trustee to pursue, Moreover, the Trustee has commenced Rule 2004 Examinations of LKA with extensive document productions of its bank accounts. The continued use of administering the Law Firm cannot be justified here as the revenue generated by LKA is used to pay the Debtors living expenses, and any claims the Trustee or estate would have including quantum meruit claims would

be preserved if the Law Firm were abandoned. In addition, by maintaining the estate's interest in the Law Firm, the Trustee and the estate could be subject to further malpractice or liability claims generated by the Debtors continued operation of the Law Firm. Thus, the Law Firm is burdensome to the bankruptcy estate.

Further, the Debtor has no business operations other than having an "interest" in LKA and Life Capital Group, LLC ("**LCG**"). **Abandonment of the Law Firm would not change the estate's interests in those interests and claims. The continued administration of the Law Firm cannot be justified here.** The Monthly Operating Reports[3] filed in this bankruptcy case reflect that no income is being generated from the Debtor on account of a business including LKA as follows:

| MONTH | Receipts | Disbursements | Gross Income | Expenses | Profit |
|---|---|---|---|---|---|
| MARCH | 14,400 | 100 | 0 | 0 | 0 |
| APRIL | 18,576 | 5,100 | 0 | 0 | 0 |
| MAY | 12,661 | 688 | 0 | 0 | 0 |
| JUNE | 13,000 | 0 | 0 | 0 | 0 |
| JULY | 757,857[4] | 25 | 0 | 0 | 0 |
| AUGUST | 12,892 | 850 | 0 | 0 | 0 |
| SEPTEMBER | 15,258 | 1,307 | 0 | 0 | 0 |
| OCTOBER | 1,460,517 | 501 | 0 | 0 | 0 |
| NOVEMBER | 121,709 | 18,049 | 0 | 0 | 0 |
| DECEMBER | 2,183,590 | 1,264,976 | 0 | 0 | 0 |

Moreover, the recent December MOR (Doc #578) did not list the Law Firm as an asset of the bankruptcy estate, or any revenue from the Law Firm (See December MOR page 15-18)

**Simply, the continued administration of the Law Firm cannot be justified**[5] **Therefore, the Law Firm is burdensome to the estate and is of inconsequential value and benefit to the estate and the Motion should be approved.**

---

[3] See MORs filed on Court docket.

[4] These funds consist primarily from a payment by LCG and rent collected by the Trustee on the Debtor's real estate which are leased.

[5] In addition, the bankruptcy estate has not insured the Law Firm.

5
MOTION TO COMPEL ABANDONMENT OF PROPERTY BY TRUSTEE

## III.

## THE COURT SHOULD COMPEL THE TRUSTEE TO ABANDON THE LAW FIRM

The Bankruptcy Code 11 U.S.C. § 554(b) provides for the abandonment of property of the estate. It reads as follows:

> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

To order abandonment, a court should find that either (1) the property is burdensome to the estate, or (2) the property is both of inconsequential value and inconsequential benefit to the estate. See In re K.C. Machine and Tool Company, 816 F.2d 238, 245 (6th Cir. 1987). The language of the statute is quite broad, allowing for abandonment so long as a showing is made either that the property is of inconsequential value or benefit or that it is burdensome. See In re Johnston, 49 F.3d 538, 540 (9th Cir. 1995). Abandonment is effective *nunc pro tunc* as of the filing date of the debtor's bankruptcy petition. See Brown v. O'Keefe, 300 U.S. 598 (1973); Mason v. C.I.R., 646 F.2d 1039 (9th Cir. 1980); In re Hat, 363 B.R. 123 (Bankr. E.D. Cal. 2007).

### A. The Law Firm is Burdensome to the Estate.

"The principle of abandonment was developed to protect the bankruptcy estate from the various costs and burdens of having to administer property which could not conceivably benefit unsecured creditors of the estate." Carey v. Pauline (*In re* Pauline), 119 B.R. 727, 728 (9th Cir. BAP 1990).

The abandonment of the Law Firm is appropriate as the Law Firm is burdensome to the bankruptcy estate and the Trustee no longer needs to administer it for the benefit of the bankruptcy estate. The costs of maintaining the Law Firm and the risk of further claims against the bankruptcy estate far outweighs its benefit to the Estate. It appears that the Law Firm cannot be sold due to its negative net value to the estate, and that its income is wholly derived from the efforts of Leslie Klein and he could easily resign if the Law Firm were sold or the Trustee did not abandon the Law Firm. Thus, the Law Firm is no longer necessary or beneficial to the estate because the Trustee cannot use this asset for the benefit of creditors of the bankruptcy estate other than the claims he already possesses, and the Law Firm is not necessary for the administration of the estate.

1  Accordingly, the cost for the Trustee to maintain and/or liquidate the Law Firm is overly
2  burdensome to the estate and the standard for compelling abandonment is met.
3      A finding of burdensomeness or of "inconsequential value and benefit" by the Court is
4  generally sufficient to justify abandonment because it serves "the overlying purpose of bankruptcy
5  liquidation: the expeditious reduction of the Debtor's property to money, for equitable distribution
6  to creditors . . . . Midlantic National Bank v New Jersey Department of Environmental Protection,
7  474 U.S. 494, 106 S.Ct. 755, 763, 88 L.Ed.2d 859 (1986) (Rehnquist, S., dissenting) (citation
8  omitted). Thus the Law Firm is burdensome to the estate because it is not necessary to the
9  administration of the estate, and has no net value for creditors of the estate, and the cost to
10  maintain and risk of continued operation it is an unnecessary cost of administration of the estate.
11      **B.    The Law Firm is of Inconsequential Value and Benefit to the Estate.**
12      Estate property may be abandoned under § 554 when there is at "least a *prima facia* case
13  that the property is of inconsequential value and benefit to the estate." In re Bolden, 327 B.R. 657,
14  667 (Bankr. C.D. Cal. 2005) (citing In re Paoella, 79 B.R. 607, 610 (Bankr. E.D Pa. 1987)).
15  Typically, an asset is of inconsequential value or benefit to the estate if it is "not expected to sell
16  for a price sufficiently in excess of encumbrances to offset the costs of administration." In re
17  Laredo, 334 B.R. 401, 414 (Bankr. N.D. Ill. 2005)(quoting Midlantic Nat'l Bank v. N.J.
18  Department of Environmental Protection, 474 U.S. 494 (1986)(Rehnquist, C.J., dissenting)).
19  Abandonment of property is proper if administration is too burdensome to realize that value. The
20  question is whether the money received from the asset will exceed the cost of administering the
21  asset. Bolden, 327 B.R. at 667; In re Dunn, 320 B.R. 161, 164 (Bankr. S.D. Ohio 2004).
22      Here, abandonment of the Law Firm is in the best interest of the bankruptcy estate and is
23  appropriate under § 554. The continued use of administering the Law Firm cannot be justified here
24  as the revenue generated by LKA is used to pay the Debtors living expenses, and any claims the
25  Trustee or estate would have including quantum meruit claims would be preserved if the Law
26  Firm were abandoned. In addition, by maintaining the estate's interest in the Law Firm, the
27  Trustee and the estate could be subject to further malpractice or liability claims generated by the
28  Debtors continued operation of the Law Firm. Thus, the Law Firm is burdensome to the

bankruptcy estate. Abandonment of the Law Firm would not change the estate's interests in those interests and claims. The continued administration of the Law Firm cannot be justified here. Therefore, the Law Firm is burdensome to the estate and is of inconsequential value and benefit to the estate and the Motion should be approved.

## IV.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order granting the Motion, compelling the Trustee to abandon the Law Firm, and granting such other and further relief as the Court deems just and proper.

DATED: January 18, 2024

By: *[signature]*
LESLIE KLEIN
*In pro per*

## **DECLARATION OF LESLIE KLEIN**

I, Leslie Klein, declare and say as follows:

1. I am the debtor in this bankruptcy case ("**Debtor**" or "**Klein**"), and I submit this declaration in support of the Motion to Compel Abandonment of Property by Trustee (the "**Motion**"). I have personal knowledge of the facts set forth herein, if called as a witness, I could and would competently testify under oath to these facts set forth herein. If any facts are based upon information and belief, I so state.

2. In my capacity as the Debtor, I have reviewed and am readily familiar with my business affairs, and books and records, including how my business records are compiled and stored. I have also reviewed information supplied to me by my professionals. The information set forth in this declaration is based on this review of the aforementioned information and documents, and my opinion based upon my experience and knowledge. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this declaration.

3. I am a 76 year old attorney and a practicing orthodox Jew very involved in that community, who has throughout his career primarily practiced in the trusts and estates area of the law. Through a successful career, I have set up many trusts and estate plans for my clients. In addition, for many clients in which I served as a trustee of their trust, I managed the assets of the trust and invested them in a number of valuable assets including insurance policies. This bankruptcy case was commenced on February 22, 2023, primarily due to a number of lawsuits commenced against the Debtor regarding the administering of his trustee duties, and also pending foreclosure actions on his real property. Further, the chapter 11 petition was filed to stop various creditors from collecting on judgments as they had perfected liens during the preference period on the Debtors real estate, to appeal disputed State Court judgments, and to file an adversary proceeding to stop an avoidable preference in favor of a creditor, to enable all creditors to be paid equally.

4. On April 24, 2023, creditors Erica and Joseph Vago filed a Motion for Order Dismissing Debtor's Chapter 11 Bankruptcy Case (the "**Motion to Dismiss**") [Docket No. 79].

5. On May 17, 2023, at a hearing held on the Motion to Dismiss, the Court ruled that the appointment of a chapter 11 trustee, and not dismissal of the case, was in the best interests of the estate. Moreover, the Court ruled and found cause to either appoint a chapter 11 trustee or convert to chapter 7. On May 23, 2023, the UST filed a Notice of Appointment of Chapter 11 Trustee [Docket No. 151].

6. On May 24, 2023, the UST Filed an Application for Order Approving Appointment of Trustee and Fixing Bond [Docket No. 154], approved by order entered the same day [Docket No. 155]. On that same day, the Trustee accepted his appointment [Docket No. 156].

7. The Debtor alleges that the only significant assets that the bankruptcy estate has to pay its creditors are real estate interests owned by the Debtor, potential payments on insurance policies the Debtor may have an interest in through LCG which is 25% owned by the Debtor, and avoidance actions and claims that may be made on behalf of the Debtor. Brad Sharp as Trustee is pursuing the liquidation of these assets. All can equally be accomplished in a chapter 7 bankruptcy case.

8. The only other significant asset that the Debtor's estate possesses is that of the Law Firm of the Debtor, LKA which is not in bankruptcy, and is the primary source of employment and revenue for the Debtor to pay his living expenses. The Trustee cannot practice law and run LKA. Further, the Debtor could merely resign from LKA, and either practice law at another law firm or start a new law firm. Further, any claims the Trustee may have against LKA would remain for the Trustee to pursue, Moreover, the Trustee has commenced Rule 2004 Examinations of LKA with extensive document productions of its bank accounts. The continued use of administering the Law Firm cannot be justified here as the revenue generated by LKA is used to pay the Debtor's living expenses, and any claims the Trustee or estate would have including quantum meruit claims would be preserved if the Law Firm were abandoned. In addition, by maintaining the estate's interest in the Law Firm, the Trustee and the estate could be subject to further malpractice or

liability claims generated by the Debtor's continued operation of the Law Firm. Thus, the Law Firm is burdensome to the bankruptcy estate.

9. Further, the Debtor has no business operations other than having an "interest" in LKA and Life Capital Group, LLC ("LCG"). **Abandonment of the Law Firm would not change the estate's interests in those interests and claims. The continued administration of the Law Firm cannot be justified here.** The Monthly Operating Reports[6] filed in this bankruptcy case reflect that no income is being generated from the Debtor on account of a business including LKA as follows:

| MONTH | Receipts | Disbursements | Gross Income | Expenses | Profit |
|---|---|---|---|---|---|
| MARCH | 14,400 | 100 | 0 | 0 | 0 |
| APRIL | 18,576 | 5,100 | 0 | 0 | 0 |
| MAY | 12,661 | 688 | 0 | 0 | 0 |
| JUNE | 13,000 | 0 | 0 | 0 | 0 |
| JULY | 757,857[7] | 25 | 0 | 0 | 0 |
| AUGUST | 12,892 | 850 | 0 | 0 | 0 |
| SEPTEMBER | 15,258 | 1,307 | 0 | 0 | 0 |
| OCTOBER | 1,460,517 | 501 | 0 | 0 | 0 |
| NOVEMBER | 121,709 | 18,049 | 0 | 0 | 0 |
| DECEMBER | 2,183,590 | 1,264,976 | 0 | 0 | 0 |

10. Moreover, the most recent MOR (Doc #578) did not list the Law Firm as an asset of the bankruptcy estate, or any revenue from the Law Firm (See December MOR page 15-18).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18 day of January, 2024, at Los Angeles, California.

_____
LESLIE KLEIN

---

[6] See MORs filed on Court docket.

[7] These funds consist primarily from a payment by LCG and rent collected by the Trustee on the Debtor's real estate which is leased.

11
**MOTION TO COMPEL ABANDONMENT OF PROPERTY BY TRUSTEE**

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
FLP LAW GROUP LLP 1875 Century Park East, Suite 2230, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO COMPEL ABANDONMENT OF PROPERTY BY TRUSTEE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LESLIE KLEIN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*), I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

II. **SERVED BY UNITED STATES MAIL**:
On (*date*) **January 18, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court
Chambers of the Honorable Sandra Klein
255 E. Temple St., Suite 1582
Los Angeles, CA 90012

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 18, 2024 | SAFA SALEEM | /s/ Saleem |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              F 9013-3.1.PROOF.SERVICE

```
Label Matrix for local noticing              Los Angeles Division                    NewRez LLC d/b/a Shellpoint Mortgage Servici
0973-2                                       255 East Temple Street,                 14841 Dallas Parkway
Case 2:23-bk-10990-SK                        Los Angeles, CA 90012-3332              Suite 425
Central District of California                                                       Dallas, TX 75254-8067
Los Angeles
Thu Jan 18 13:28:55 PST 2024

Wilmington Savings Fund Society, FSB, d/b/a  Los Angeles Division                    Ajax Mortgage Loan Trust 2021-D, et al.
Robertson, Anschutz, Schneid, Crane & Pa     255 East Temple Street,                 c/o Gregory Funding LLC
350 10th Avenue, suite 1000                  Los Angeles, CA 90012-3332              PO Box 742334
San Deigo, CA 92101-8705                                                             Los Angeles, CA 90074-2334


Andor Gestetner                              Bank of America                         Bank of America, N.A.
c/o Law Offices of Jacob Unger               Attn: Bankruptcy                        PO Box 673033
5404 Whitsett Ave., Ste. 182                 4909 Savarese Circle                    Dallas, TX 75267-3033
Valley Village, CA 91607-1615                Tampa, FL 33634-2413


Barclays Bank Delaware                       (p)CCO MORTGAGE CORP                    California Bank & Trust
Attn: Bankruptcy                             10561 TELEGRAPH RD                      Po Box 711510
Po Box 8801                                  GLEN ALLEN VA 23059-4577                Santee, CA 92072-1510
Wilmington, DE 19899-8801


(p)JPMORGAN CHASE BANK N A                   Chase Doe                               Chase Mortgage
BANKRUPTCY MAIL INTAKE TEAM                  143 S. Highland Drive                   BK Department
700 KANSAS LANE FLOOR 01                     Los Angeles, CA 90036-3028              Mail Code LA4 5555  700 Kansas Ln
MONROE LA 71203-4774                                                                 Monroe, LA 71203


Citibank                                     Citizens Bank, N.A.                     David Berger
Attn: Bankruptcy                             10561 Telegraph Rd                      c/o Baruch C Cohen Esq
P.O. Box 790034                              Glen Allen, VA 23059-4577               4929 Wilshire Blvd St 940
St Louis, MO 63179-0034                                                              Los Angeles CA 90010-3889


Eliave Sobol                                 Erica Vago and Joseph Vago              Ericka and Joseph Vago
1501 Sulgrave Ave 1000                       c/o Brian A Procel / Procel Law, PC     c/o Brian Procel
Baltimore MD 21209-3654                      401 Wilshire Blvd, 12th Fl              Procel Law
                                             Santa Monica, CA 90401-1456             401 Wilshire Blvd., 12th Floor
                                                                                     Santa Monica, CA 90401-1456


Erika and Joseph Vago                        FRANCHISE TAX BOARD                     (p)FAY SERVICING LLC
124 N. Highland Ave                          BANKRUPTCY SECTION MS A340              P O BOX 814609
Sherman Oaks, CA 91423                       PO BOX 2952                             DALLAS TX 75381-4609
                                             SACRAMENTO CA 95812-2952


(p)FIORE RACOBS AND POWERS                   First Amendment Wendriger Family Trust dated   Franklin H. Menlo Irrevocable Trust
ATTN ERIN A MALONEY                          c/o Shumaker Mallory LLP                c/o Willkie Farr & Gallagher LLP
6820 INDIANA AVENUE                          Clarisse Young Shumaker                 Attn: Alex M. Weingarten, Esq.
SUITE 140                                    280 S. Beverly Dr., Suite 505           2029 Century Park East, Suite 3400
RIVERSIDE CA 92506-4261                      Beverly Hills, CA 90212-3908            Los Angeles, CA 90067-3020


Franklin H. Menlo, Trustee                   Gestetner Charitable Remainder Trus     Gestetner Charitable Remainder Unitrust
Paul P. Young c/o Chora Young & Manasser     c/o Andor Gestetner                     c/o Andor Gestetner
650 Sierra Madre Villa Ave., Ste. 304        1425 55th Street                        Michael I. Gottfried
Pasadena, CA 91107-2071                      Brooklyn, NY 11219                      10345 W. Olympic Blvd.
                                                                                     Los Angeles, CA 90064-2524
```

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

J.P. Morgan Mortgage Acquisition Corp
c/o NewRez LLC
d/b/a Shellpoint Mortgage Servicing
PO Box 10826
Greenville, South Carolina 29603-0826

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001-9013

Jacob Rummitz
315 N. Martel Avenue
Los Angeles, CA 90036-2515

Jeffrey Siegel, Successor Trustee
of the Hubert Scott Trust
c/o Oldman, Cooley, Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2403

(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA 90071-2300

Mrc/united Wholesale M
Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261-9098

Oldman, Cooley, and Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2447

Robert & Esther Mermelstein
c/o Baruch C Cohen Esq
4929 Wilshire Blvd Ste 940
Los Angeles CA 90010-3889

Sandra Layton
161 N. Poinsettia Place
Los Angeles, CA 90036-2805

Selene Finance
Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101-8619

Shellpoint Mortgage Servicing
Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603-0826

Toyota Financial Services
Attn: Bankruptcy
Po Box 259001
Plano, TX 75025-9001

Toyota Lease Trust
c/o Toyota Motor Credit Corporation
PO Box 9013
Addison, Texas 75001-9013

U.S. Bank National Association
C/O Nationstar Mortgage LLC
Attn: Bankruptcy Dept.
PO Box 619096
Dallas TX 75261-9096

US Bank Trust National Association, et al.
Fay Servicing, LLC
PO Box 814609
Dallas, TX 75381-4609

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Wilmington Savings Fund Society, FSB,
d/b/a Christiana Trust, not individually
but as trustee for Pretium Mortgage
Acquisition Trust - Selene Finance LP
3501 Olympus Blvd, Suite 500
Dallas, TX 75019-6295

Bradley D. Sharp (TR)
333 So. Grand Ave., Suite 4070
Los Angeles, CA 90071-1544

ERIC J OLSON
301 E. COLORADO BLVD
301 E. Colorado Blvd
SUITE 520
Pasadena, CA 91101-1919

Jeffrey Winter
1571 Rexford Drive
Los Angeles, CA 90035-3109

(p)MARK SHARF
6080 CENTER DRIVE SUITE 600
LOS ANGELES CA 90045-1540

Michael Kogan Law Firm, APC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064-1525

Michael Jay Berger
Law Offices of Michael Jay Berger
9454 Wilshire Blvd
6th Fl
Beverly Hills, CA 90212-2980

Reem J Bello
Goe Forsythe & Hodges LLP
17701 Cowan, Bldg. D
Suite 210
Irvine, CA 92614-6840

Robert P Goe
Goe Forsythe & Hodges LLP
17701 Cowan Street
Suite 210
Bldg D
Irvine, CA 92614-6840

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

CCO Mortgage Corp.
Attn: Bankruptcy
10561 Telegraph Rd
Glen Allen, VA 23059

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

(d)Chase Card Services
Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850

Fay Servicing Llc
Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680

Fiore Racobs & Powers
c/o Palm Springs Country Club HOA
6820 Indiana Ave., Ste. 140
Riverside, CA 92506

(d)JPMorgan Chase Bank National Association
Chase Records Center Attn:
Correspondence Mail Code LA4-5555
700 Kansas Lane
Monroe LA 71203

LOS ANGELES COUNTY TREASURER AND TAX COLLECT
ATTN: BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

Mark M Sharf (TR)
6080 Center Drive #600
Los Angeles, CA 90045


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)A. Gestetner Family Trust

(u)Ajax Mortgage Loan Trust 2021-D, Mortgage-

(u)Coldwell Banker Realty


(u)Courtesy NEF

(u)Desert Sands Realty and Coldwell Banker Re

(u)Development Specialists, Inc.


(u)Gestetner Charitable Remainder Unitrust

(u)Law Office of Eric Everett Hawes

(u)Life Capital Group, LLC


(u)Real Brokerage

(u)U.S. Bank National Association, as Trustee

(u)U.S. Bank, N.A., as Trustee for Velocity C


(u)US Bank Trust National Association, Not In

(u)Adi Vendriger

(u)David Berger

| | | |
|---|---|---|
| (u)Erica Vago | (u)Franklin Menlo | (u)Joseph Vago |
| (d)Michael Jay Berger<br>Law Offices of Michael Jay Berger<br>9454 Wilshire Blvd<br>6th Floor<br>Beverly Hills, CA 90212-2980 | (u)Robert & Esther Mermelstein | End of Label Matrix<br>Mailable recipients    57<br>Bypassed recipients    20<br>Total                  77 |