

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

Leslie Klein, Esq. (SBN 50908)
14245 Ventura Boulevard
Sherman Oaks, CA 91423
Telephone (818) 501-2663
leskleinlaw@gmail.com

In pro per

FOR COURT USE ONLY

**FILED**

**JAN 25 2024**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

☒ *Individual appearing without attorney*
☐ *Attorney for:*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

In re:

LESLIE KLEIN,

(AMENDED)

Debtor(s).

CASE NO.: 2:23-bk-10990-SK

CHAPTER: 11

**NOTICE OF MOTION FOR:**

Motion to Compel Abandonment of Property by Trustee

*(Specify name of Motion)*

DATE: 02/28/2024
TIME: 9:00 am
COURTROOM: 1575
PLACE: 255 E. Temple Street, Los Angeles, CA 90012

1. TO (*specify name*): __All Interested Parties__

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date: _____1/24/2024_____

_____
Printed name of law firm

_____
Signature

LESLIE KLEIN, in pro per
_____
Printed name of attorney

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 2                    **F 9013-1.1.HEARING.NOTICE**

1  Leslie Klein, Esq. (SBN 50908)
   14245 Ventura Boulevard
2  Sherman Oaks, CA 91423
   Telephone (818) 501-2663
3  leskleinlaw@gmail.com

4
   *In pro per*
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**

**JAN 22 2024**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re

LESLIE KLEIN,

        Debtor.

 ) Case No. 2:23-bk-10990-SK
 )
 )
 ) **Chapter 11**
 )
 )
 ) **MOTION TO COMPEL ABANDONMENT**
 ) **OF PROPERTY BY TRUSTEE;**
 ) **MEMORANDUM OF POINTS AND**
 ) **AUTHORITIES AND DECLARATION OF**
 ) **LESLIE KLEIN IN SUPPORT THEREOF**
 )
 ) **Date:      February 14, 2024**
 ) **Time:      9:00 a.m.**
 ) **Place:     Courtroom 1575**
 )
 )
 )
 )

**MOTION TO COMPEL ABANDONMENT OF PROPERTY BY TRUSTEE**

1    Leslie Klein (the **"Debtor"** or **"Klein"**), the debtor in this bankruptcy case, respectfully

2    moves the Court on his Motion to Compel Abandonment of Property By Trustee (the **"Motion"**),

3    which requests that the Court enter an order compelling Brad Sharp, the chapter 7 trustee (the

4    **"Trustee"**) of the bankruptcy estate of the Debtor to abandon the bankruptcy estate's interest in

5    the Debtors law practice commonly known as Les Klein & Associates, Inc. (the **"Law Firm"** or

6    **"LKA"**).

7    Cause exists to compel the Trustee to abandon the Law Firm because it is not necessary to

8    the future administration of the Debtor's bankruptcy estate, has no net value or equity that can be

9    used for the benefit of creditors or to the bankruptcy estate, and the cost of administering the Law

10    Firm exceeds the benefit to the estate of administering it.[1] Therefore, the Law Firm is burdensome

11    to the estate and is of inconsequential value and benefit to the estate and the Motion should be

12    approved.

13    The Motion is based upon the concurrently filed Notice, this Motion, the attached

14    Memorandum of Points and Authorities, the Declaration of Leslie Klein, the pleadings on file in

15    this case, and upon such other evidence as may properly be presented to the Court at the hearing.

16    Wherefore, the Debtor respectfully requests that the Court approve the Motion and

17    conclude the meeting of creditors.

18

19    DATED: January 18, 2024

20

21    By: _Leslie Klein_____

22    LESLIE KLEIN
     *In pro per*

23

24

25

26

27    _____

28    [1] In addition, the bankruptcy estate must insure the Law Firm from malpractice liability.

2
**MOTION TO COMPEL ABANDONMENT OF PROPERTY BY TRUSTEE**

1   **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.**

3   **INTRODUCTION**

4       Through this Motion, Leslie Klein (the "**Debtor**" or "**Klein**"), the debtor in this bankruptcy

5   case, respectfully moves the Court on his Motion to Compel Abandonment of Property By Trustee

6   (the "**Motion**"), which requests that the Court enter an order compelling Brad Sharp, the chapter 7

7   trustee (the "**Trustee**") of the bankruptcy estate of the Debtor to abandon the bankruptcy estate's

8   interest in the Debtor's law practice commonly known as Les Klein & Associates, Inc. (the "**Law**

9   **Firm**" or "**LKA**").

10      Cause exists to compel the Trustee to abandon the Law Firm because it is not necessary to

11  the future administration of the Debtor's bankruptcy estate, has no net value or equity that can be

12  used for the benefit of creditors or to the bankruptcy estate, and the cost of administering the Law

13  Firm exceeds the benefit to the estate of administering it.[2] Therefore, the Law Firm is burdensome

14  to the estate and is of inconsequential value and benefit to the estate and the Motion should be

15  approved.

16  **II.**

17  **FACTUAL BACKGROUND**

18      The Debtor, a 76 year old attorney, a practicing orthodox Jew very involved in that

19  community, who has throughout his career primarily practiced in the trusts and estates area of the

20  law. Through a successful career, the Debtor set up many trusts and estate plans for his clients. In

21  addition, for many clients in which he served as a trustee of their trust, he managed the assets of

22  the trust and invested them in a number of valuable assets including insurance policies. This

23  bankruptcy case was commenced on February 22, 2023, primarily due to a number of lawsuits

24  commenced against the Debtor regarding the administering of his trustee duties, and also pending

25  foreclosure actions on his real property. Further, the chapter 11 petition was filed to stop various

26  creditors from collecting on judgments as they had perfected liens during the preference period on

27  _____

28     [2] In addition, the bankruptcy estate must insure the Law Firm from malpractice liability.

1   the Debtor's real estate, to appeal disputed State Court judgments, and to file an adversary

2   proceeding to stop an avoidable preference in favor of a creditor, to enable all creditors to be paid

3   equally.

4        On April 24, 2023, creditors Erica and Joseph Vago filed a Motion for Order Dismissing

5   Debtor's Chapter 11 Bankruptcy Case (the "**Motion to Dismiss**") [Docket No. 79].

6        On May 17, 2023, at a hearing held on the Motion to Dismiss, the Court ruled that the

7   appointment of a chapter 11 trustee, and not dismissal of the case, was in the best interests of the

8   estate. Moreover, the Court ruled and found cause to either appoint a chapter 11 trustee or convert

9   to chapter 7. On May 23, 2023, the UST filed a Notice of Appointment of Chapter 11 Trustee

10   [Docket No. 151].

11        On May 24, 2023, the UST Filed an Application for Order Approving Appointment of

12   Trustee and Fixing Bond [Docket No. 154], approved by order entered the same day [Docket No.

13   155]. On that same day, the Trustee accepted his appointment [Docket No. 156].

14        The Debtor alleges that the only significant assets that the bankruptcy estate has to pay its

15   creditors are real estate interests owned by the Debtor, potential payments on insurance policies

16   the Debtor may have an interest in through LCG which is 25% owned by the Debtor, and

17   avoidance actions and claims that may be made on behalf of the Debtor. Brad Sharp as Trustee is

18   pursuing the liquidation of these assets. All can equally be accomplished in a chapter 7 bankruptcy

19   case.

20        The only other significant asset that the Debtors estate possesses is that of the Law Firm of

21   the Debtor, LKA which is not in bankruptcy, and is the primary source of employment and

22   revenue for the Debtor to pay his living expenses. The Trustee cannot practice law and run LKA.

23   Further, the Debtor could merely resign from LKA, and either practice law at another law firm or

24   start a new law firm. Further, any claims the Trustee may have against LKA would remain for the

25   Trustee to pursue, Moreover, the Trustee has commenced Rule 2004 Examinations of LKA with

26   extensive document productions of its bank accounts. The continued use of administering the Law

27   Firm cannot be justified here as the revenue generated by LKA is used to pay the Debtors living

28   expenses, and any claims the Trustee or estate would have including quantum meruit claims would

1   be preserved if the Law Firm were abandoned. In addition, by maintaining the estate's interest in

2   the Law Firm, the Trustee and the estate could be subject to further malpractice or liability claims

3   generated by the Debtors continued operation of the Law Firm. Thus, the Law Firm is burdensome

4   to the bankruptcy estate.

5       Further, the Debtor has no business operations other than having an "interest" in LKA and

6   Life Capital Group, LLC ("**LCG**"). **Abandonment of the Law Firm would not change the**

7   **estate's interests in those interests and claims. The continued administration of the Law Firm**

8   **cannot be justified here.** The Monthly Operating Reports[3] filed in this bankruptcy case reflect

9   that no income is being generated from the Debtor on account of a business including LKA as

10  follows:

| MONTH | Receipts | Disbursements | Gross Income | Expenses | Profit |
|-------|----------|---------------|--------------|----------|--------|
| MARCH | 14,400 | 100 | 0 | 0 | 0 |
| APRIL | 18,576 | 5,100 | 0 | 0 | 0 |
| MAY | 12,661 | 688 | 0 | 0 | 0 |
| JUNE | 13,000 | 0 | 0 | 0 | 0 |
| JULY | 757,857[4] | 25 | 0 | 0 | 0 |
| AUGUST | 12,892 | 850 | 0 | 0 | 0 |
| SEPTEMBER | 15,258 | 1,307 | 0 | 0 | 0 |
| OCTOBER | 1,460,517 | 501 | 0 | 0 | 0 |
| NOVEMBER | 121,709 | 18,049 | 0 | 0 | 0 |
| DECEMBER | 2,183,590 | 1,264,976 | 0 | 0 | 0 |

19      Moreover, the recent December MOR (Doc #578) did not list the Law Firm as an asset of

20  the bankruptcy estate, or any revenue from the Law Firm (See December MOR page 15-18)

21      **Simply, the continued administration of the Law Firm cannot be justified**[5] **Therefore,**

22  **the Law Firm is burdensome to the estate and is of inconsequential value and benefit to the**

23  **estate and the Motion should be approved.**

---

[3] See MORs filed on Court docket.

[4] These funds consist primarily from a payment by LCG and rent collected by the Trustee on the Debtor's real estate which are leased.

[5] In addition, the bankruptcy estate has not insured the Law Firm.

**MOTION TO COMPEL ABANDONMENT OF PROPERTY BY TRUSTEE**

**III.**

**THE COURT SHOULD COMPEL THE TRUSTEE TO ABANDON THE LAW FIRM**

The Bankruptcy Code 11 U.S.C. § 554(b) provides for the abandonment of property of the estate. It reads as follows:

> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

To order abandonment, a court should find that either (1) the property is burdensome to the estate, or (2) the property is both of inconsequential value and inconsequential benefit to the estate. See *In re* K.C. Machine and Tool Company, 816 F.2d 238, 245 (6th Cir. 1987). The language of the statute is quite broad, allowing for abandonment so long as a showing is made either that the property is of inconsequential value or benefit or that it is burdensome. See *In re* Johnston, 49 F.3d 538, 540 (9th Cir. 1995). Abandonment is effective *nunc pro tunc* as of the filing date of the debtor's bankruptcy petition. See Brown v. O'Keefe, 300 U.S. 598 (1973); Mason v. C.I.R., 646 F.2d 1039 (9th Cir. 1980); In re Hat, 363 B.R. 123 (Bankr. E.D. Cal. 2007).

**A.    The Law Firm is Burdensome to the Estate.**

"The principle of abandonment was developed to protect the bankruptcy estate from the various costs and burdens of having to administer property which could not conceivably benefit unsecured creditors of the estate." Carey v. Pauline (*In re* Pauline), 119 B.R. 727, 728 (9th Cir. BAP 1990).

The abandonment of the Law Firm is appropriate as the Law Firm is burdensome to the bankruptcy estate and the Trustee no longer needs to administer it for the benefit of the bankruptcy estate. The costs of maintaining the Law Firm and the risk of further claims against the bankruptcy estate far outweighs its benefit to the Estate. It appears that the Law Firm cannot be sold due to its negative net value to the estate, and that its income is wholly derived from the efforts of Leslie Klein and he could easily resign if the Law Firm were sold or the Trustee did not abandon the Law Firm. Thus, the Law Firm is no longer necessary or beneficial to the estate because the Trustee cannot use this asset for the benefit of creditors of the bankruptcy estate other than the claims he already possesses, and the Law Firm is not necessary for the administration of the estate.

1   Accordingly, the cost for the Trustee to maintain and/or liquidate the Law Firm is overly

2   burdensome to the estate and the standard for compelling abandonment is met.

3        A finding of burdensomeness or of "inconsequential value and benefit" by the Court is

4   generally sufficient to justify abandonment because it serves "the overlying purpose of bankruptcy

5   liquidation: the expeditious reduction of the Debtor's property to money, for equitable distribution

6   to creditors . . . . Midlantic National Bank v New Jersey Department of Environmental Protection,

7   474 U.S. 494, 106 S.Ct. 755, 763, 88 L.Ed.2d 859 (1986) (Rehnquist, S., dissenting) (citation

8   omitted). Thus the Law Firm is burdensome to the estate because it is not necessary to the

9   administration of the estate, and has no net value for creditors of the estate, and the cost to

10  maintain and risk of continued operation it is an unnecessary cost of administration of the estate.

11       **B.    The Law Firm is of Inconsequential Value and Benefit to the Estate.**

12       Estate property may be abandoned under § 554 when there is at "least a *prima facia* case

13  that the property is of inconsequential value and benefit to the estate." In re Bolden, 327 B.R. 657,

14  667 (Bankr. C.D. Cal. 2005) (citing In re Paoella, 79 B.R. 607, 610 (Bankr. E.D Pa. 1987)).

15  Typically, an asset is of inconsequential value or benefit to the estate if it is "not expected to sell

16  for a price sufficiently in excess of encumbrances to offset the costs of administration." In re

17  Laredo, 334 B.R. 401, 414 (Bankr. N.D. Ill. 2005)(quoting Midlantic Nat'l Bank v. N.J.

18  Department of Environmental Protection, 474 U.S. 494 (1986)(Rehnquist, C.J., dissenting)).

19  Abandonment of property is proper if administration is too burdensome to realize that value. The

20  question is whether the money received from the asset will exceed the cost of administering the

21  asset. Bolden, 327 B.R. at 667; In re Dunn, 320 B.R. 161, 164 (Bankr. S.D. Ohio 2004).

22       Here, abandonment of the Law Firm is in the best interest of the bankruptcy estate and is

23  appropriate under § 554. The continued use of administering the Law Firm cannot be justified here

24  as the revenue generated by LKA is used to pay the Debtors living expenses, and any claims the

25  Trustee or estate would have including quantum meruit claims would be preserved if the Law

26  Firm were abandoned. In addition, by maintaining the estate's interest in the Law Firm, the

27  Trustee and the estate could be subject to further malpractice or liability claims generated by the

28  Debtors continued operation of the Law Firm. Thus, the Law Firm is burdensome to the

**MOTION TO COMPEL ABANDONMENT OF PROPERTY BY TRUSTEE**

1    bankruptcy estate. Abandonment of the Law Firm would not change the estate's interests in those

2    interests and claims. The continued administration of the Law Firm cannot be justified here.

3    Therefore, the Law Firm is burdensome to the estate and is of inconsequential value and benefit to

4    the estate and the Motion should be approved.

5                                        **IV.**

6                                   **CONCLUSION**

7            **WHEREFORE**, the Debtor respectfully requests that this Court enter an Order granting

8    the Motion, compelling the Trustee to abandon the Law Firm, and granting such other and further

9    relief as the Court deems just and proper.

10

11   DATED: January _18_, 2024

12

13                                          By: _Leslie Klein_
                                          _____

14                                              LESLIE KLEIN
                                                *In pro per*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF LESLIE KLEIN

I, Leslie Klein, declare and say as follows:

1.      I am the debtor in this bankruptcy case (**"Debtor"** or **"Klein"**), and I submit this declaration in support of the Motion to Compel Abandonment of Property by Trustee (the **"Motion"**). I have personal knowledge of the facts set forth herein, if called as a witness, I could and would competently testify under oath to these facts set forth herein. If any facts are based upon information and belief, I so state.

2.      In my capacity as the Debtor, I have reviewed and am readily familiar with my business affairs, and books and records, including how my business records are compiled and stored. I have also reviewed information supplied to me by my professionals. The information set forth in this declaration is based on this review of the aforementioned information and documents, and my opinion based upon my experience and knowledge. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this declaration.

3.      I am a 76 year old attorney and a practicing orthodox Jew very involved in that community, who has throughout his career primarily practiced in the trusts and estates area of the law. Through a successful career, I have set up many trusts and estate plans for my clients. In addition, for many clients in which I served as a trustee of their trust, I managed the assets of the trust and invested them in a number of valuable assets including insurance policies. This bankruptcy case was commenced on February 22, 2023, primarily due to a number of lawsuits commenced against the Debtor regarding the administering of his trustee duties, and also pending foreclosure actions on his real property. Further, the chapter 11 petition was filed to stop various creditors from collecting on judgments as they had perfected liens during the preference period on the Debtors real estate, to appeal disputed State Court judgments, and to file an adversary proceeding to stop an avoidable preference in favor of a creditor, to enable all creditors to be paid equally.

4.       On April 24, 2023, creditors Erica and Joseph Vago filed a Motion for Order

Dismissing Debtor's Chapter 11 Bankruptcy Case (the **"Motion to Dismiss"**) [Docket No. 79].

5.       On May 17, 2023, at a hearing held on the Motion to Dismiss, the Court ruled that

the appointment of a chapter 11 trustee, and not dismissal of the case, was in the best interests of

the estate. Moreover, the Court ruled and found cause to either appoint a chapter 11 trustee or

convert to chapter 7. On May 23, 2023, the UST filed a Notice of Appointment of Chapter 11

Trustee [Docket No. 151].

6.       On May 24, 2023, the UST Filed an Application for Order Approving Appointment

of Trustee and Fixing Bond [Docket No. 154], approved by order entered the same day [Docket

No. 155]. On that same day, the Trustee accepted his appointment [Docket No. 156].

7.       The Debtor alleges that the only significant assets that the bankruptcy estate has to

pay its creditors are real estate interests owned by the Debtor, potential payments on insurance

policies the Debtor may have an interest in through LCG which is 25% owned by the Debtor, and

avoidance actions and claims that may be made on behalf of the Debtor. Brad Sharp as Trustee is

pursuing the liquidation of these assets. All can equally be accomplished in a chapter 7 bankruptcy

case.

8.       The only other significant asset that the Debtor's estate possesses is that of the Law

Firm of the Debtor, LKA which is not in bankruptcy, and is the primary source of employment

and revenue for the Debtor to pay his living expenses. The Trustee cannot practice law and run

LKA. Further, the Debtor could merely resign from LKA, and either practice law at another law

firm or start a new law firm. Further, any claims the Trustee may have against LKA would remain

for the Trustee to pursue, Moreover, the Trustee has commenced Rule 2004 Examinations of LKA

with extensive document productions of its bank accounts. The continued use of administering the

Law Firm cannot be justified here as the revenue generated by LKA is used to pay the Debtor's

living expenses, and any claims the Trustee or estate would have including quantum meruit claims

would be preserved if the Law Firm were abandoned. In addition, by maintaining the estate's

interest in the Law Firm, the Trustee and the estate could be subject to further malpractice or

**MOTION TO COMPEL ABANDONMENT OF PROPERTY BY TRUSTEE**

1   liability claims generated by the Debtor's continued operation of the Law Firm. Thus, the Law

2   Firm is burdensome to the bankruptcy estate.

3       9.      Further, the Debtor has no business operations other than having an "interest" in

4   LKA and Life Capital Group, LLC ("**LCG**"). **Abandonment of the Law Firm would not change**

5   **the estate's interests in those interests and claims. The continued administration of the Law**

6   **Firm cannot be justified here.** The Monthly Operating Reports[6] filed in this bankruptcy case

7   reflect that no income is being generated from the Debtor on account of a business including LKA

8   as follows:

| MONTH | Receipts | Disbursements | Gross Income | Expenses | Profit |
|---|---|---|---|---|---|
| MARCH | 14,400 | 100 | 0 | 0 | 0 |
| APRIL | 18,576 | 5,100 | 0 | 0 | 0 |
| MAY | 12,661 | 688 | 0 | 0 | 0 |
| JUNE | 13,000 | 0 | 0 | 0 | 0 |
| JULY | 757,857[7] | 25 | 0 | 0 | 0 |
| AUGUST | 12,892 | 850 | 0 | 0 | 0 |
| SEPTEMBER | 15,258 | 1,307 | 0 | 0 | 0 |
| OCTOBER | 1,460,517 | 501 | 0 | 0 | 0 |
| NOVEMBER | 121,709 | 18,049 | 0 | 0 | 0 |
| DECEMBER | 2,183,590 | 1,264,976 | 0 | 0 | 0 |

10      10.     Moreover, the most recent MOR (Doc #578) did not list the Law Firm as an asset

of the bankruptcy estate, or any revenue from the Law Firm (See December MOR page 15-18).

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed this _18_ day of January, 2024, at Los Angeles, California.

LESLIE KLEIN

---

[6] See MORs filed on Court docket.

[7] These funds consist primarily from a payment by LCG and rent collected by the Trustee
on the Debtor's real estate which is leased.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
FLP LAW GROUP LLP 1875 Century Park East, Suite 2230, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO COMPEL ABANDONMENT OF PROPERTY BY TRUSTEE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LESLIE KLEIN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*), I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**II. SERVED BY UNITED STATES MAIL:**
On (*date*) **January  18, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

United States Bankruptcy Court
Chambers of the Honorable Sandra Klein
255 E. Temple St., Suite 1582
Los Angeles, CA 90012

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| **January  18, 2024** | SAFA SALEEM | *(signature)* |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Label Matrix for local noticing
0973-2
Case 2:23-bk-10990-SK
Central District of California
Los Angeles
Thu Jan 18 13:28:55 PST 2024

NewRez LLC d/b/a Shellpoint Mortgage Servici
14841 Dallas Parkway
Suite 425
Dallas, TX 75254-8067

Wilmington Savings Fund Society, FSB, d/b/a
Robertson, Anschutz, Schneid, Crane & Pa
350 10th Avenue, suite 1000
San Deigo, CA 92101-8705

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

Ajax Mortgage Loan Trust 2021-D, et al.
c/o Gregory Funding LLC
PO Box 742334
Los Angeles, CA 90074-2334

Andor Gestetner
c/o Law Offices of Jacob Unger
5404 Whitsett Ave., Ste. 182
Valley Village, CA 91607-1615

Bank of America
Attn: Bankruptcy
4909 Savarese Circle
Tampa, FL 33634-2413

Bank of America, N.A.
PO Box 673033
Dallas, TX 75267-3033

Barclays Bank Delaware
Attn: Bankruptcy
Po Box 8801
Wilmington, DE 19899-8801

(p)CCO MORTGAGE CORP
10561 TELEGRAPH RD
GLEN ALLEN VA 23059-4577

California Bank & Trust
Po Box 711510
Santee, CA 92072-1510

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

Chase Doe
143 S. Highland Drive
Los Angeles, CA 90036-3028

Chase Mortgage
BK Department
Mail Code LA4 5555  700 Kansas Ln
Monroe, LA 71203

Citibank
Attn: Bankruptcy
P.O. Box 790034
St Louis, MO 63179-0034

Citizens Bank, N.A.
10561 Telegraph Rd
Glen Allen, VA 23059-4577

David Berger
c/o Baruch C Cohen Esq
4929 Wilshire Blvd St 940
Los Angeles CA 90010-3889

Eliave Sobol
1501 Sulgrave Ave 1000
Baltimore MD 21209-3654

Erica Vago and Joseph Vago
c/o Brian A Procel / Procel Law, PC
401 Wilshire Blvd, 12th Fl
Santa Monica, CA 90401-1456

Ericka and Joseph Vago
c/o Brian Procel
Procel Law
401 Wilshire Blvd., 12th Floor
Santa Monica, CA 90401-1456

Erika and Joseph Vago
124 N. Highland Ave
Sherman Oaks, CA 91423

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

(p)FAY SERVICING  LLC
P O BOX 814609
DALLAS TX 75381-4609

(p)FIORE RACOBS AND POWERS
ATTN ERIN A MALONEY
6820 INDIANA AVENUE
SUITE 140
RIVERSIDE CA 92506-4261

First Amendment Wendriger Family Trust dated
c/o Shumaker Mallory LLP
Clarisse Young Shumaker
280 S. Beverly Dr., Suite 505
Beverly Hills, CA 90212-3908

Franklin H. Menlo Irrevocable Trust
c/o Willkie Farr & Gallagher LLP
Attn: Alex M. Weingarten, Esq.
2029 Century Park East, Suite 3400
Los Angeles, CA 90067-3020

Franklin H. Menlo, Trustee
Paul P. Young c/o Chora Young & Manasser
650 Sierra Madre Villa Ave., Ste. 304
Pasadena, CA 91107-2071

Gestetner Charitable Remainder Trus
c/o Andor Gestetner
1425 55th Street
Brooklyn, NY 11219

Gestetner Charitable Remainder Unitrust
c/o Andor Gestetner
Michael I. Gottfried
10345 W. Olympic Blvd.
Los Angeles, CA 90064-2524

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

J.P. Morgan Mortgage Acquisition Corp
c/o NewRez LLC
d/b/a Shellpoint Mortgage Servicing
PO Box 10826
Greenville, South Carolina 29603-0826

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001-9013

Jacob Rummitz
315 N. Martel Avenue
Los Angeles, CA 90036-2515

Jeffrey Siegel, Successor Trustee
of the Hubert Scott Trust
c/o Oldman, Cooley, Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2403

(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA 90071-2300

Mrc/united Wholesale M
Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261-9098

Oldman, Cooley, and Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2447

Robert & Esther Mermelstein
c/o Baruch C Cohen Esq
4929 Wilshire Blvd Ste 940
Los Angeles CA 90010-3889

Sandra Layton
161 N. Poinsettia Place
Los Angeles, CA 90036-2805

Selene Finance
Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101-8619

Shellpoint Mortgage Servicing
Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603-0826

Toyota Financial Services
Attn: Bankruptcy
Po Box 259001
Plano, TX 75025-9001

Toyota Lease Trust
c/o Toyota Motor Credit Corporation
PO Box 9013
Addison, Texas 75001-9013

U.S. Bank National Association
C/O Nationstar Mortgage LLC
Attn: Bankruptcy Dept.
PO Box 619096
Dallas TX 75261-9096

US Bank Trust National Association, et al.
Fay Servicing, LLC
PO Box 814609
Dallas, TX 75381-4609

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Wilmington Savings Fund Society, FSB,
d/b/a Christiana Trust, not individually
but as trustee for Pretium Mortgage
Acquisition Trust - Selene Finance LP
3501 Olympus Blvd, Suite 500
Dallas, TX 75019-6295

Bradley D. Sharp (TR)
333 So. Grand Ave., Suite 4070
Los Angeles, CA 90071-1544

ERIC J OLSON
301 E. COLORADO BLVD
301 E. Colorado Blvd
SUITE 520
Pasadena, CA 91101-1919

Jeffrey Winter
1571 Rexford Drive
Los Angeles, CA 90035-3109

(p)MARK SHARF
6080 CENTER DRIVE SUITE 600
LOS ANGELES CA 90045-1540

Michael Kogan Law Firm, APC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064-1525

Michael Jay Berger
Law Offices of Michael Jay Berger
9454 Wilshire Blvd
6th Fl
Beverly Hills, CA 90212-2980

Reem J Bello
Goe Forsythe & Hodges LLP
17701 Cowan, Bldg. D
Suite 210
Irvine, CA 92614-6840

Robert P Goe
Goe Forsythe & Hodges LLP
17701 Cowan Street
Suite 210
Bldg D
Irvine, CA 92614-6840

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

CCO Mortgage Corp.
Attn: Bankruptcy
10561 Telegraph Rd
Glen Allen, VA 23059

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

(d)Chase Card Services
Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850

Fay Servicing Llc
Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680

Fiore Racobs & Powers
c/o Palm Springs Country Club HOA
6820 Indiana Ave., Ste. 140
Riverside, CA 92506

(d)JPMorgan Chase Bank National Association
Chase Records Center Attn:
Correspondence Mail Code LA4-5555
700 Kansas Lane
Monroe LA 71203

LOS ANGELES COUNTY TREASURER AND TAX COLLECT
ATTN: BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

Mark M Sharf (TR)
6080 Center Drive #600
Los Angeles, CA 90045

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)A. Gestetner Family Trust

(u)Ajax Mortgage Loan Trust 2021-D, Mortgage-

(u)Coldwell Banker Realty

(u)Courtesy NEF

(u)Desert Sands Realty and Coldwell Banker Re

(u)Development Specialists, Inc.

(u)Gestetner Charitable Remainder Unitrust

(u)Law Office of Eric Everett Hawes

(u)Life Capital Group, LLC

(u)Real Brokerage

(u)U.S. Bank National Association, as Trustee

(u)U.S. Bank, N.A., as Trustee for Velocity C

(u)US Bank Trust National Association, Not In

(u)Adi Vendriger

(u)David Berger

(u)Erica Vago                        (u)Franklin Menlo                        (u)Joseph Vago

(d)Michael Jay Berger                (u)Robert & Esther Mermelstein          End of Label Matrix
Law Offices of Michael Jay Berger                                            Mailable recipients      57
9454 Wilshire Blvd                                                           Bypassed recipients      20
6th Floor                                                                    Total                    77
Beverly Hills, CA 90212-2980

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
FLP LAW GROUP LLP 1875 Century Park East, Suite 2230, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **AMENDED NOTICE OF MOTION TO COMPEL ABANDONMENT OF PROPERTY BY TRUSTEE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*), I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

II. **SERVED BY UNITED STATES MAIL**:
On (*date*) **January 24, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court
Chambers of the Honorable Sandra Klein
255 E. Temple St., Suite 1582
Los Angeles, CA 90012

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 24, 2024 | SAFA SALEEM | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-2
Case 2:23-bk-10990-SK
Central District of California
Los Angeles
Tue Jan 23 15:22:28 PST 2024

Les Klein & Associates
14245 Ventura Blvd.
Ste 301
Sherman Oaks, CA 91423-2767

NewRez LLC d/b/a Shellpoint Mortgage Servici
14841 Dallas Parkway
Suite 425
Dallas, TX 75254-8067

Wilmington Savings Fund Society, FSB, d/b/a
Robertson, Anschutz, Schneid, Crane & Pa
350 10th Avenue, suite 1000
San Deigo, CA 92101-8705

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

Ajax Mortgage Loan Trust 2021-D, et al.
c/o Gregory Funding LLC
PO Box 742334
Los Angeles, CA 90074-2334

Andor Gestetner
c/o Law Offices of Jacob Unger
5404 Whitsett Ave., Ste. 182
Valley Village, CA 91607-1615

Bank of America
Attn: Bankruptcy
4909 Savarese Circle
Tampa, FL 33634-2413

Bank of America, N.A.
PO Box 673033
Dallas, TX 75267-3033

Barclays Bank Delaware
Attn: Bankruptcy
Po Box 8801
Wilmington, DE 19899-8801

(p)CCO MORTGAGE CORP
10561 TELEGRAPH RD
GLEN ALLEN VA 23059-4577

California Bank & Trust
Po Box 711510
Santee, CA 92072-1510

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

Chase Doe
143 S. Highland Drive
Los Angeles, CA 90036-3028

Chase Mortgage
BK Department
Mail Code LA4 5555  700 Kansas Ln
Monroe, LA 71203

Citibank
Attn: Bankruptcy
P.O. Box 790034
St Louis, MO 63179-0034

Citizens Bank, N.A.
10561 Telegraph Rd
Glen Allen, VA 23059-4577

David Berger
c/o Baruch C Cohen Esq
4929 Wilshire Blvd St 940
Los Angeles CA 90010-3889

Eliave Sobol
1501 Sulgrave Ave 1000
Baltimore MD 21209-3654

Erica Vago and Joseph Vago
c/o Brian A Procel / Procel Law, PC
401 Wilshire Blvd, 12th Fl
Santa Monica, CA 90401-1456

Ericka and Joseph Vago
c/o Brian Procel
Procel Law
401 Wilshire Blvd., 12th Floor
Santa Monica, CA 90401-1456

Erika and Joseph Vago
124 N. Highland Ave
Sherman Oaks, CA 91423

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

(p)FAY SERVICING  LLC
P O BOX 814609
DALLAS TX 75381-4609

(p)FIORE RACOBS AND POWERS
ATTN ERIN A MALONEY
6820 INDIANA AVENUE
SUITE 140
RIVERSIDE CA 92506-4261

First Amendment Wendriger Family Trust dated
c/o Shumaker Mallory LLP
Clarisse Young Shumaker
280 S. Beverly Dr., Suite 505
Beverly Hills, CA 90212-3908

Franklin H. Menlo Irrevocable Trust
c/o Willkie Farr & Gallagher LLP
Attn: Alex M. Weingarten, Esq.
2029 Century Park East, Suite 3400
Los Angeles, CA 90067-3020

Franklin H. Menlo, Trustee
Paul P. Young c/o Chora Young & Manasser
650 Sierra Madre Villa Ave., Ste. 304
Pasadena, CA 91107-2071

Gestetner Charitable Remainder Trus
c/o Andor Gestetner
1425 55th Street
Brooklyn, NY 11219

Gestetner Charitable Remainder Unitrust
c/o Andor Gestetner
Michael I. Gottfried
10345 W. Olympic Blvd.
Los Angeles, CA 90064-2524

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

J.P. Morgan Mortgage Acquisition Corp
c/o NewRez LLC
d/b/a Shellpoint Mortgage Servicing
PO Box 10826
Greenville, South Carolina 29603-0826

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001-9013

Jacob Rummitz
315 N. Martel Avenue
Los Angeles, CA 90036-2515

Jeffrey Siegel, Successor Trustee
of the Hubert Scott Trust
c/o Oldman, Cooley, Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2403

(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA 90071-2300

Mrc/united Wholesale M
Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261-9098

Oldman, Cooley, and Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2447

Robert & Esther Mermelstein
c/o Baruch C Cohen Esq
4929 Wilshire Blvd Ste 940
Los Angeles CA 90010-3889

Sandra Layton
161 N. Poinsettia Place
Los Angeles, CA 90036-2805

Selene Finance
Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101-8619

Shellpoint Mortgage Servicing
Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603-0826

Toyota Financial Services
Attn: Bankruptcy
Po Box 259001
Plano, TX 75025-9001

Toyota Lease Trust
c/o Toyota Motor Credit Corporation
PO Box 9013
Addison, Texas 75001-9013

U.S. Bank National Association
C/O Nationstar Mortgage LLC
Attn: Bankruptcy Dept.
PO Box 619096
Dallas TX 75261-9096

US Bank Trust National Association, et al.
Fay Servicing, LLC
PO Box 814609
Dallas, TX 75381-4609

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Wilmington Savings Fund Society, FSB,
d/b/a Christiana Trust, not individually
but as trustee for Pretium Mortgage
Acquisition Trust - Selene Finance LP
3501 Olympus Blvd, Suite 500
Dallas, TX 75019-6295

Bradley D. Sharp (TR)
333 So. Grand Ave., Suite 4070
Los Angeles, CA 90071-1544

ERIC J OLSON
301 E. COLORADO BLVD
301 E. Colorado Blvd
SUITE 520
Pasadena, CA 91101-1919

Jeffrey Winter
1571 Rexford Drive
Los Angeles, CA 90035-3109

Leslie Klein
322 N. June Street
Los Angeles, CA 90004-1042

(p)MARK SHARF
6080 CENTER DRIVE SUITE 600
LOS ANGELES CA 90045-1540

Michael Kogan Law Firm, APC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064-1525

Michael Jay Berger
Law Offices of Michael Jay Berger
9454 Wilshire Blvd
6th Fl
Beverly Hills, CA 90212-2980

Reem J Bello
Goe Forsythe & Hodges LLP
17701 Cowan, Bldg. D
Suite 210
Irvine, CA 92614-6840

Robert P Goe
Goe Forsythe & Hodges LLP
17701 Cowan Street
Suite 210
Bldg D
Irvine, CA 92614-6840

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

CCO Mortgage Corp.
Attn: Bankruptcy
10561 Telegraph Rd
Glen Allen, VA 23059

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

(d)Chase Card Services
Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850

Fay Servicing Llc
Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680

Fiore Racobs & Powers
c/o Palm Springs Country Club HOA
6820 Indiana Ave., Ste. 140
Riverside, CA 92506

(d)JPMorgan Chase Bank National Association
Chase Records Center Attn:
Correspondence Mail Code LA4-5555
700 Kansas Lane
Monroe LA 71203

LOS ANGELES COUNTY TREASURER AND TAX COLLECT
ATTN: BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

Mark M Sharf (TR)
6080 Center Drive #600
Los Angeles, CA 90045


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)A. Gestetner Family Trust

(u)Ajax Mortgage Loan Trust 2021-D, Mortgage-

(u)Coldwell Banker Realty


(u)Courtesy NEF

(u)Desert Sands Realty and Coldwell Banker Re

(u)Development Specialists, Inc.


(u)Gestetner Charitable Remainder Unitrust

(u)Kieckhafer Schiffer LLP

(u)Law Office of Eric Everett Hawes


(u)Life Capital Group, LLC

(u)Real Brokerage

(u)U.S. Bank National Association, as Trustee


(u)U.S. Bank, N.A., as Trustee for Velocity C

(u)US Bank Trust National Association, Not In

(u)Adi Vendriger

(u)David Berger                           (u)Erica Vago                              (u)Franklin Menlo

(u)Joseph Vago                            (d)Michael Jay Berger                      (u)Robert & Esther Mermelstein
                                          Law Offices of Michael Jay Berger
                                          9454 Wilshire Blvd
                                          6th Floor
                                          Beverly Hills, CA 90212-2980

End of Label Matrix
Mailable recipients    57
Bypassed recipients    21
Total                  78