| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Leslie Klein, Esq. (SBN 50908)<br>14245 Ventura Boulevard<br>Sherman Oaks, CA 91423<br>Telephone (818) 501-2663<br>leskleinlaw@gmail.com<br><br>In pro per<br><br><br>☒ *Individual appearing without attorney*<br>☐ *Attorney for:* | **FILED**<br><br>**JAN 25 2024**<br><br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:                           Deputy Clerk |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br><br>LESLIE KLEIN,<br><br><br><br>(AMENDED)<br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:23-bk-10990-SK<br><br>CHAPTER: 11<br><br>**NOTICE OF MOTION FOR:**<br><br>Motion to Convert This Chapter 11 Case to Chapter 7<br><br><br><br><br>*(Specify name of Motion)*<br><br>DATE: 02/28/2024<br>TIME:  9:00 am<br>COURTROOM: 1575<br>PLACE: 255 E. Temple Street, Los Angeles, CA 90012 |

1. TO (*specify name*): __All Interested Parties__

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date: _____

_____
Printed name of law firm

_____
Signature

LESLIE KLEIN, in pro per
_____
Printed name of attorney

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                              Page 2                    **F 9013-1.1.HEARING.NOTICE**

1  Leslie Klein, Esq. (SBN 50908)
   14245 Ventura Boulevard
2  Sherman Oaks, CA 91423
   Telephone (818) 501-2663
3  leskleinlaw@gmail.com

4

   *In pro per*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED

JAN 22 2024

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | ) Case No. 2:23-bk-10990-SK |
| | ) |
| LESLIE KLEIN, | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) |
| | ) **MOTION TO CONVERT THIS CHAPTER** |
| | ) **11 CASE TO CHAPTER 7;** |
| | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES AND DECLARATION OF** |
| | ) **LESLIE KLEIN IN SUPPORT THEREOF** |
| | ) |
| | ) **Date:     February 14, 2024** |
| | ) **Time:     9:00 a.m.** |
| | ) **Place:    Courtroom 1575** |
| | ) |
| | ) |
| | ) |
| | ) |

**MOTION TO CONVERT THIS CHAPTER 11 CASE TO CHAPTER 7**

1        Leslie Klein (the "**Debtor**" or "**Klein**"), the debtor in this bankruptcy case, respectfully

2    moves the Court on his Motion to Convert this Chapter 11 Case to Chapter 7 (the "**Motion**"),

3    which requests conversion of this Chapter 11 case to Chapter 7. The Chapter 11 Debtor is defunct

4    and is not operating a business. The Debtor has no ongoing or continuing business operations. The

5    continued use of Chapter 11 cannot be justified here as an attempt to rehabilitate.

6        Generally, a chapter 7 trustee would administer this estate going forward in a more cost-

7    effective manner than a chapter 11 trustee, and chapter 7 administrative fees would take a priority

8    over those of chapter 11. Section 1112(b)(1) of the Bankruptcy Code provides that a court "shall"

9    (which Congress in 2005 changed from "may") convert a case from Chapter 11 to Chapter 7 for

10   cause. A non-exclusive illustrative list of what constitutes cause is set out in Section 1112(b)(4).

11   Here, the first example on that list -- "substantial or continuing loss to or diminution of the estate

12   and the absence of a reasonable likelihood of rehabilitation" -- comfortably fits the facts herein.

13   Moreover, the lack of any overarching reason not to convert to chapter 7 does not exist, and once

14   conversion occurs the Debtor would be entitled to any income he earns, further support

15   conversion.

16       The Motion is based upon the concurrently filed Notice, this Motion, the attached

17   Memorandum of Points and Authorities, the Declaration of Leslie Klein, the pleadings on file in

18   this case, and upon such other evidence as may properly be presented to the Court at the hearing.

19       Wherefore, the Debtor respectfully requests that the Court approve the Motion and convert

20   the case to chapter 7.

21

22   DATED: January 1 8, 2024

23

24   By: _____

          LESLIE KLEIN

25        *In pro per*

26

27

28

**MOTION TO CONVERT THIS CHAPTER 11 CASE TO CHAPTER 7**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Through this Motion, Leslie Klein (the "**Debtor**" or "**Klein**"), the debtor in this bankruptcy case, respectfully moves the Court on his Motion to Convert this Chapter 11 Case to Chapter 7 (the "**Motion**"), and thus requests conversion of this Chapter 11 case to Chapter 7. The Chapter 11 Debtor is defunct and is not operating a business. The Debtor has no ongoing or continuing business operations. The continued use of Chapter 11 cannot be justified here as an attempt to rehabilitate.

The Debtor alleges that the only significant assets that the bankruptcy estate has to pay its creditors are real estate interests owned by the Debtor, potential payments on insurance policies the Debtor may have an interest in through Life Capital Group ("**LCG**") which is 25% owned by the Debtor, and avoidance actions and claims that may be made on behalf of the Debtor. Brad Sharp has already been appointed as the chapter 11 trustee ("**Trustee**") in the bankruptcy case as cause has already been found by the Court for appointment of a trustee or conversion to chapter 7, and he is pursuing the liquidation of these assets. All can equally be accomplished in a chapter 7 bankruptcy case. The only other significant asset that the Debtor's estate possesses is that of the law practice of the Debtor, Les Klein & Associates, Inc. ("**LKA**"), which is not in bankruptcy and is the primary source of employment and revenue for the Debtor to pay his living expenses. The Trustee cannot practice law and run LKA. Further, the Debtor could merely resign from LKA, and either practice law at another law firm or start a new law firm. Further, any claims the Trustee may have against LKA would remain for the Trustee to pursue after conversion to chapter 7. The continued use of Chapter 11 cannot be justified here as a plan of reorganization is highly unlikely at this point in time.

The Debtor is the subject of six (6) nondischargeabilty complaints by his various creditors. Those complaints can proceed just as expeditiously in chapter 7 as in chapter 11. The continued use of Chapter 11 cannot be justified here.

**MOTION TO CONVERT THIS CHAPTER 11 CASE TO CHAPTER 7**

1    The Trustee who has been appointed in chapter 11, and who has conducted a

2 significant investigation of the Debtor can continue to be the trustee in chapter 7. The Office

3 of the United States Trustee ("UST") has the discretion of who to appoint as chapter 7

4 trustee in converted cases, and one would assume that the same trustee would be appointed

5 given his experience in the bankruptcy case.

6    Generally, a chapter 7 trustee would administer this estate going forward in a more cost-

7 effective manner than a chapter 11 trustee, and chapter 7 administrative fees would take a priority

8 over those of chapter 11. Section 1112(b)(1) of the Bankruptcy Code provides that a court "shall"

9 (which Congress in 2005 changed from "may") convert a case from Chapter 11 to Chapter 7 for

10 cause. A non-exclusive illustrative list of what constitutes cause is set out in Section 1112(b)(4).

11 Here, the first example on that list -- "substantial or continuing loss to or diminution of the estate

12 and the absence of a reasonable likelihood of rehabilitation" -- comfortably fits the facts herein.

13 Moreover, the lack of any overarching reason not to convert to chapter 7 does not exist, and once

14 conversion occurs the Debtor would be entitled to any income he earns, further support

15 conversion.

16                                    **II.**

17                          **RELEVANT BACKGROUND**

18    The Debtor, a 76 year old attorney is a practicing orthodox Jew very involved in that

19 community, who has throughout his career primarily practiced in the trusts and estates area of the

20 law. Through a successful career, the Debtor set up many trusts and estate plans for his clients. In

21 addition, for many clients in which he served as a trustee of their trust, he managed the assets of

22 the trust and invested them in a number of valuable assets including insurance policies. This

23 bankruptcy case was commenced on February 22, 2023, primarily due to a number of lawsuits

24 commenced against the Debtor regarding the administering of his trustee duties, and also pending

25 foreclosure actions on his real property. Further, the chapter 11 petition was filed to stop various

26 creditors from collecting on judgments as they had perfected liens during the preference period on

27 the Debtors real estate, to appeal disputed State Court judgments, and to file an adversary

28

**MOTION TO CONVERT THIS CHAPTER 11 CASE TO CHAPTER 7**

1  proceeding to stop an avoidable preference in favor of a creditor, to enable all creditors to be paid

2  equally.

3  On April 24, 2023, creditors Erica and Joseph Vago filed a Motion for Order Dismissing

4  Debtor's Chapter 11 Bankruptcy Case (the "**Motion to Dismiss**") [Docket No. 79].

5  On May 17, 2023, at a hearing held on the Motion to Dismiss, the Court ruled that the

6  appointment of a chapter 11 trustee, and not dismissal of the case, was in the best interests of the

7  estate. Moreover, the Court ruled and found cause to either appoint a chapter 11 trustee or convert

8  to chapter 7. At that hearing the Court ruled that:

9  THE COURT:  So I've already found cause.  There's cause to dismiss, convert or
appoint a Chapter 11 trustee or an examiner.  Dismissal is not going to be granted
10  because all parties who are unsecureds need to be in the same position and given
the Vagos' filing of the abstract within 90 days, those abstracts could potentially be
11  avoided.  And I hear Mr. Goe's frustration in terms of you took the laboring oar,
you did all the work.  That's true, but that being said the Court has to look at
12  what's in the best interests of all creditors in the estate, not just one creditor.

13

14  So dismissal is not going to be authorized and appointment of an examiner is not
going to be authorized because this case screams out for the Bankruptcy Code, the
15  structure of it, and a trustee to be in place and handling everything that's going on
and trying to figure out what has and, more importantly, hasn't been disclosed and
16  what assets are available to potentially liquidate and be used to pay creditors'
claims.
17

18  So the only issue that the Court believes is currently before it is whether or not a
Chapter 11 or a Chapter -- or conversion to 7 and a Chapter 7 trustee is appropriate.

19

20  From what Mr. Maroko says, all parties here will have a potential say in who the
Chapter 11 trustee would be.  In contrast, in a Chapter 7 case nobody has a say
21  because the Chapter 7 trustee is just automatically appointed off of the wheel.  So I
do see benefit to appointing a Chapter 11 trustee.  It could also be a Chapter 11
22  trustee with experience in ferreting out any type of misconduct or fraud or hidden
assets when, again, when a Chapter 7 trustee is appointed, it's whomever is the next
23  one up on the Chapter 7 wheel.

24  **And if the Chapter 11 trustee believes that there's no chance of
reorganization, which appears potentially highly likely, given the debtor has
25  negative $35,000 in income each month, then my understanding -- and Mr.
Maroko, please correct me if I'm wrong -- the Chapter 11 Trustee can seek to
26  convert.  And at that point, the same trustee, who was appointed as an 11,
would maintain -- would stay on as the Chapter 7 trustee.  Is that correct?**

27

28

**MOTION TO CONVERT THIS CHAPTER 11 CASE TO CHAPTER 7**

1
2
3

MR. MAROKO:  **That is mostly correct**.  The -- still, discretion remains with the United States Trustee on the conversion, but my experience is seeing that it usually ends up being the same person.  But it -- ultimately the decision is that of Mr. Anderson.

4
5
6

THE COURT:  Okay.  All right.  **So based upon my analysis, again, I find there's cause to dismiss, convert or appoint a Chapter 11 trustee or an examiner**.  And I find that it will be in the best interests of all creditors and the estate to appoint a Chapter 11 trustee.

7

(Transcript, page 18-20) (emphasis added) Attached hereto and incorporated herein by this reference as Exhibit "A" is a copy of the relevant portions of the March 17, 2023 Court transcript "**Court Transcript**").

8
9
10

On May 23, 2023, the UST filed a Notice of Appointment of Chapter 11 Trustee [Docket No. 151].

11
12
13

On May 24, 2023, the UST Filed an Application for Order Approving Appointment of Trustee and Fixing Bond [Docket No. 154], approved by order entered the same day [Docket No. 155].  On that same day, the Trustee accepted his appointment [Docket No. 156].

14
15
16

**The Debtor is the subject of six (6) nondischargabilty complaints by his various creditors. Those complaints can proceed just as expeditiously in chapter 7 as in chapter 11. The continued use of Chapter 11 cannot be justified here.**

17
18
19
20
21
22
23
24
25
26
27
28

The Debtor alleges that the only significant assets that the bankruptcy estate has to pay its creditors are real estate interests owned by the Debtor, potential payments on insurance policies the Debtor may have an interest in through LCG which is 25% owned by the Debtor, and avoidance actions and claims that may be made on behalf of the Debtor. Brad Sharp has already been appointed as the Trustee in the bankruptcy case as cause has already been found by the Court for appointment of a trustee or conversion to chapter 7, and he is pursuing the liquidation of these assets. All can equally be accomplished in a chapter 7 bankruptcy case. The only other significant asset that the Debtors estate possesses is that of the law practice of the Debtor, LKA which is not in bankruptcy and is the primary source of employment and revenue for the Debtor to pay his living expenses. The Trustee cannot practice law and run LKA. Further, the Debtor could merely resign from LKA, and either practice law at another law firm or start a new law firm. Further, any claims the Trustee may have against LKA would remain for the Trustee to pursue after conversion

1  to chapter 7. The continued use of Chapter 11 cannot be justified here as a plan of reorganization is
2  highly unlikely at this point in time.

3      The Debtor owns a 2.5% membership interest in LCG, which is subject to
4  competing creditor claims. LCG is in the business of investing in life insurance policies and,
5  from time to time, receives benefits from such policies. To the extent LCG is required to make
6  any payments to the Debtor LCG has already entered into a stipulation with the Trustee regarding those
7  payments.

8      The Trustee has filed approximately fifteen (15) Motions for Rule 2004 Examinations of
9  financial institutions and other entities in his search for relevant information and documents to
10  proceed with claims against third parties on behalf of the bankruptcy estate. Those
11  examinations can proceed just as expeditiously in chapter 7 as in chapter 11. The continued use
12  of Chapter 11 cannot be justified here.

13      Further, the Debtor has no business operations other than having an "interest" in LKA and
14  LCG. **Conversion to chapter 7 would not change the estate's interests in those interests and**
15  **claims. The continued use of Chapter 11 cannot be justified here.**

16      The Debtor has just recently substituted in new experienced bankruptcy counsel (July 24,
17  2023), and based upon the Trustee's Response and the need for new counsel to the Debtor to have
18  adequate time to evaluate the Motion, the Debtor also requests that the Court continue this matter,
19  for new counsel to better evaluate the Motion, and allow the Debtor to make an adequate response
20  to the Application.

21      On or about June 15, 2023, Klein's then counsel Eric Olson (**"Olson"**), who had just been
22  recently retained on May 23, 2023 substituted in as counsel for Klein (Doc #150 in main case)
23  requested a 30-day extension to respond to the Complaint, and represented that the Defendant
24  needed time to retain experienced bankruptcy counsel for the adversary proceeding

25      In connection with the Complaint, the Plaintiff hired experienced competent bankruptcy
26  counsel (Michael Kogan of the Kogan Law Firm, APC – who substituted in on July 24, 2023). Mr.
27  Kogan is extremely familiar with both the issues in this adversary proceeding, and the rules and
28  procedures of this Court to enable the adversary proceeding to proceed in a normal manner.

7

**MOTION TO CONVERT THIS CHAPTER 11 CASE TO CHAPTER 7**

1    On July 24, 2023, the day Mr. Kogan substituted in as counsel,

2    Simply, the continued use of Chapter 11 cannot be justified.

3                                    **III.**

4                                 **ARGUMENT**

5    Section 1112(b)(1) of the Bankruptcy Code provides for mandatory conversion or

6  dismissal of a Chapter 11 case to Chapter 7 upon a showing of cause:

7       Except as provided in paragraph (2) and subsection (c), on request of a party in
        interest, and after notice and a hearing, the court shall convert a case under this
8       chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is
9       in the best interests of creditors and the estate, for cause unless the court determines
        that the appointment under section 1104(a) of a trustee or an examiner is in the best
10      interests of creditors and the estate.
        11 U.S.C. § 1112(b)(1).
11
12   Significantly, in 2005, Congress modified this section to direct that if cause is shown the

13 court "shall" convert rather than the prior formulation that if cause was shown the court "may"

14 convert. 11 U.S.C. § 1112, Pub.L. 109-8, Title IV, § 442(a), Title XV, § 1501, Apr. 20,  2005, 119

   Stat. 115, 216.
15
16   Section 1112(b)(4), in turn, provides a non-exhaustive list of what constitutes cause.

17 See In re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1311 (2d Cir. 1997) ("It is important to note that

18 this list is illustrative, not exhaustive.") (quoting the statute's legislative history stating that "'the

   list [contained in § 1112(b)] is not exhaustive. The Court will be able to consider other factors as
19
   they arise, and to use its equitable powers to reach an appropriate result in individual cases.' House
20
21 Report No. 95–595, 95th Cong., 1st Sess. at 405–6, U.S.Code Cong. & Admin.News 1978, pp.

22 5787, 6363–64")." "Accordingly, courts have also determined that conversion or dismissal of a

23 Chapter 11 case is warranted for other reasons." In re Babayoff, 445 B.R. 64, 76  (Bankr.

   E.D.N.Y. 2011).
24
25   Once the court determines that cause has been shown, it "has no choice, and no discretion,

26 and must dismiss or convert the Chapter 11 case." Lynch v. Barnard, 590 B.R. 30, 36 (E.D.N.Y.

27 2018), aff'd sub nom. In re Lynch, 795 Fed. Appx. 57 (2d Cir. 2020) (internal citations omitted).

   "Once a party establishes cause, a court must examine whether dismissal or conversion of a case
28

                                      8
           **MOTION TO CONVERT THIS CHAPTER 11 CASE TO CHAPTER 7**

1  under chapter 7 is in the best interests of the creditors and the estate." In re BH S & B Holdings,

2  LLC, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010).

3      Therefore, "[t]he Court will apply a two-step analysis in determining whether to dismiss or

4  convert this case. First, it will consider whether "cause" exists for relief under the statute. If it

5  does, the Court will determine whether dismissal or conversion of the case is in the best interest of

6  the creditors and the estate." In re Kuvykin, 18-10760 (JLG), 2019 WL 989414, at *5 (Bankr.

7  S.D.N.Y. Feb. 26, 2019) (quotations omitted).

8      A.      **Cause Exists for Conversion to Chapter 7**.

9      Here, cause exists to convert the Debtors' chapter 11 case to chapter 7 because (a) the

10  Debtors' negative cash flow is depleting the Debtors' estate and there is no reasonable likelihood

11  that the defunct Debtor will "rehabilitate;" (b) the Debtor is defunct and incapable of emerging as

12  an operating entity; (c) the purpose in filing this Chapter 11 Case was litigation strategies not

13  rehabilitation strategies; (d) there are no relevant activities the Trustee can take that a Chapter 7

14  trustee cannot undertake; and (e) the ongoing administrative costs of the estate would be much

15  lessened by conversion. Furthermore, as set forth in the Court Transcript, the Court has already

16  determined that **"cause to dismiss, convert or appoint a Chapter 11 trustee or an examiner"**.

17      **The Court at the previous hearing appointed a chapter 11 trustee rather than**

18  **converting to chapter 7 to give the UST full discretion to appoint whomever it deemed**

19  **appropriate for this case. Thus, Mr. Sharp was appointed. However, if the bankruptcy case**

20  **were now converted to chapter 7, The UST has the discretion of who to appoint as chapter 7**

21  **trustee in converted cases, and one would assume that the same trustee would be appointed**

22  **given his experience in the bankruptcy case. Mr. Maroko opined that it "usually ends up**

23  **being" the same trustee as in chapter 11. Thus, the continued use of Chapter 11 cannot be**

24  **justified here.**

25      Without taking into consideration the Courts ruling on March 17, 2023, there is cause

26  under §1112(b)(4)(A) if there is both (i) substantial or continuing loss to or diminution of the

27  estate and (ii) absence of a reasonable likelihood of rehabilitation. See In re AdBrite Corp., 290

28

B.R. 209, 215 (Bankr. S.D.N.Y. 2003). The two prongs for establishing cause to convert under §1112(b)(4)(A) are present here.

On the first prong, the section refers to either "substantial" or "continuing" in the disjunctive. Accordingly, when discussing whether there is substantial or continuing loss to or diminution of the estate, "[t]here need not be a significant diminution in the estate to satisfy Section 1112(b)[1]." In re East Coast Airways, Ltd., 146 B.R. 325, 336 (Bankr.E.D.N.Y.1992); In re Kanterman, 88 B.R. 26, 29 (S.D.N.Y. 1988)("All that need be found is that the estate is suffering some diminution in value."); Loop Corp. v. U.S. Tr., 379 F.3d 511, 516 (8th Cir. 2004)("In the context of a debtor who has ceased business operations and liquidated virtually all of its assets, any negative cash flow-including that resulting only from administrative expenses-effectively comes straight from the pockets of the creditors. This is enough to satisfy the first element of § 112(b)(1)."); In re Rundlett, 136 B.R. 376, 380 (Bankr. S.D.N.Y. 1992). ("In the context of [a debtor living at the expense of the creditors], every dollar expended by the debtor from the [funds that are property of the estate] thereby reduces and diminishes the property of the estate.") In re AdBrite Corp., 290 B.R. 209, 215 (Bankr. S.D.N.Y. 2003)("Obviously, if the debtor has negative cash flow after entry of the order for relief in the chapter 11 case, the elements of § 1112(b)(1) are satisfied") (citation omitted).

Here, the Debtors are no longer operating any business and are not generating any income or have any assets to sell.

The Monthly Operating Reports[1] filed in this bankruptcy case reflect that no income is being generated from the Debtor on account of a business as follows:

| MONTH | Receipts | Disbursements | Gross Income | Expenses | Profit |
|-------|----------|---------------|--------------|----------|--------|
| MARCH | 14,400 | 100 | 0 | 0 | 0 |
| APRIL | 18,576 | 5,100 | 0 | 0 | 0 |
| MAY | 12,661 | 688 | 0 | 0 | 0 |
| JUNE | 13,000 | 0 | 0 | 0 | 0 |
| JULY | 757,857[2] | 25 | 0 | 0 | 0 |

[1] See MORs filed on Court docket.

[2] These funds consist primarily from a payment by LCG and rent collected by the Trustee on the Debtor's real estate which is leased.

MOTION TO CONVERT THIS CHAPTER 11 CASE TO CHAPTER 7

| | | | | | |
|------------|-----------|-----------|---|---|---|
| AUGUST | 12,892 | 850 | 0 | 0 | 0 |
| SEPTEMBER | 15,258 | 1,307 | 0 | 0 | 0 |
| OCTOBER | 1,460,517 | 501 | 0 | 0 | 0 |
| NOVEMBER | 121,709 | 18,049 | 0 | 0 | 0 |
| DECEMBER | 2,183,590 | 1,264,976 | 0 | 0 | 0 |

Moreover, the costs of administering and winding up an estate are factored into the §

1112(b)(4)(A) loss analysis.  See In re Brutsche, 476 B.R. 298, 305 (Bankr. D.N.M. 2012)

("professional services come at a cost, obviously, which cost needs to be factored in the calculation

of gains and losses for the estate. And the hard fact is that these costs are rapidly mounting

expenses for the estate that help put the estate in the position of continuing substantial losses"); In

re Gateway Access Sols., Inc., 374 B.R. 556, 564 (Bankr. M.D. Pa. 2007) (evidence of "extensive

administrative costs from professional fees that [were] accumulating" supported a finding of

"substantial and continuing diminution of the estate"). Here, the chapter 11 administrative

expenses to date appear to be very large. In fact, the large administrative costs incurred s is

materially reducing the estate with no corresponding gains to offset. Surely, a Chapter 7 trustee

would administer this case at less expense.

The second part of § 1112(b)(4)(A) also is easily met here, because the Debtor is being
wound up and its rehabilitation in the present form is neither envisioned nor possible.
The concept of rehabilitation under § 1112(b)(4)(A) is interpreted as follows:
Rehabilitation of the debtor's estate, as that term is used in § 1112(b)(1), is not
synonymous with reorganization as that term is used in Chapter 11. Collier on
Bankruptcy explains the distinction between the terms:

"Rehabilitate" has been defined to mean "to put back in good condition; re-
establish on a firm, sound basis." Rehabilitation, as used in section 1112(b)(1),
does not mean the same thing as reorganization, as such term is used in chapter 11.
Since a debtor can be liquidated in chapter 11, the ability to confirm a plan of
reorganization is considerably different than reaching a firm, sound financial base.
Collier on Bankruptcy, ¶ 1112.03[i], p. 1112–15 (footnotes omitted). The
distinction is significant. Rehabilitation of a debtor's estate implies the re-
establishment of a sound financial basis, a concept which necessarily involves
establishing a cash flow from which current obligations can be met.

Reorganization, on the other hand, can involve simple liquidation and distribution
of assets.

1    In re Kanterman, 88 B.R. 26, 29 (S.D.N.Y. 1988). See In re Rundlett, 136 B.R. 376, 380

2    (Bankr. S.D.N.Y. 1992) ("[r]ehabilitation does not mean the same thing as reorganization for

3    purposes of Chapter 11 because a reorganization may include a complete liquidation"); In re

4    AdBrite Corp., 290 B.R. 209, 216 (Bankr. S.D.N.Y. 2003) (rehabilitation "signifies that the debtor

5    will be reestablished on a secured financial basis, which implies establishing a cash flow from

6    which its current obligations can be met"); In re Herb Philipson's Army, 18-61376 (DD),

7    2019  WL 11031654, at *7 (Bankr. N.D.N.Y. Dec. 19, 2019) ("rehabilitation is a different and

8    much more demanding standard than reorganization").

9    Here, the Debtor has no reasonable likelihood of rehabilitation because it (i) has no

10    business left to rehabilitate; (ii) expressly seeks to wind up; (iii) is an individual subject to many

11    nondischargeability actions; and (iv) unlikely to be able to file a reorganization plan and be put

12    back in good condition; re-establish on a firm, sound financial basis.

13    First, the Debtor cannot be "put back in good condition" or able to "re-establish a sound

14    financial basis" because there is no business left to rehabilitate that would allow "establishing a

15    cash flow from which current obligations can be met." See In re Gonic Realty Tr., 909 F.2d 624,

16    627 (1st Cir. 1990) ("with no business left to reorganize, Chapter 11 proceedings were not serving

17    the purpose of rehabilitating the debtor's business"); In re Taberna Preferred Funding IV, Ltd.,

18    594 B.R. 576, 604 (Bankr. S.D.N.Y. 2018) ("It is undisputed that [the debtor] is not an operating

19    business, and there is therefore no rehabilitative objective that can be served by allowing a

20    bankruptcy case to proceed"); In re Briggs-Cockerham, L.L.C., 10-34222-BJH-11, 2010 WL

21    4866874, at *5 (Bankr. N.D. Tex. Nov. 23, 2010) (holding that a debtor that had "no 'hard' assets,

22    no operations, no employees, and no ongoing business to rehabilitate" lacked reasonable

23    likelihood of rehabilitation); In re Bay Area Material Handling, Inc., 76 F.3d 384 (9th Cir. 1996)

24    (the debtor's "lack of operations, income, inventory, and employees, and its liquidation of assets all

25    indicated 'continuing loss to or diminution of the estate and absence of a reasonable likelihood of

26    rehabilitation.'").

27    Second, the Debtor lacks a reasonable likelihood of rehabilitation because it is expressly

28    seeking to wind up because it is an individual subject to many nondischargeability actions and

12

**MOTION TO CONVERT THIS CHAPTER 11 CASE TO CHAPTER 7**

1    unlikely to be able to file a reorganization plan and be put back in good condition; re-establish on

2    a firm, sound financial basis. "[T]he primary purpose of Chapter 11 is to enable businesses to

3    reorganize and emerge from bankruptcy as *operating enterprises*." In re C-TC 9th Ave. P'ship,

4    supra at 1308 (2d Cir. 1997) (emphasis added). If the debtor has the "intention to liquidate (rather

5    than rehabilitate), [it] demonstrates that there is no likelihood of rehabilitation." In re BH S & B

6    Holdings, LLC, 439 B.R. 342, 347 (Bankr. S.D.N.Y. 2010). See In re Kanterman, supra at  29

7    (S.D.N.Y. 1988) (finding that debtor's conceded intention to liquidate evidenced lack of reasonable

8    likelihood of rehabilitation); Loop Corp. v. U.S. Tr., 379 F.3d 511, 516 (8th Cir. 2004) ("[b]ecause

9    the debtors here intended to liquidate their assets rather than restore their business operations, they

10    had no reasonable likelihood of rehabilitation").

11       Here, the Debtor has at this point given the circumstances of the bankruptcy case no

12    intention to rehabilitate through the chapter 11 Case. This is not to say that a plan of liquidation

13    under chapter 11 is *per se* prohibited. "Although the central purpose of Chapter 11 is to facilitate

14    reorganizations rather than liquidations (covered generally by Chapter 7), Chapter 11 expressly

15    contemplates liquidations." Florida Dept. of Revenue v. Piccadilly Cafeterias, Inc., 554 U.S. 33,

16    37 (2008) ("in some cases, [...] a debtor sells all or substantially all its assets under § 363(b)(1)

17    (2000 ed., Supp. V) before seeking or receiving plan confirmation. In this scenario, the debtor

18    typically submits for confirmation a plan of liquidation (rather than a traditional plan of

19    reorganization) providing for the distribution of the proceeds resulting from the sale"). However,

20    this is not the circumstance in the present case. See In re Glob. Emergency Res., LLC, 563 B.R.

21    76, 84 (Bankr. S.D. Ga. 2016) (finding that there was no liquidation under Chapter 11 to be done

22    where the debtor had liquidated all its assets prior to the filing of the plan and had no business to

23    rehabilitate and no employees, and holding it would be the best interest of the creditors and the

24    estate would be best served through a Chapter 7 case under those circumstances).

25       Even if the Debtor' or Trustee filed a chapter 11 liquidation plan, conversion of the chapter

26    11 case to chapter 7 would still be warranted. Although "[a] chapter 11 liquidation plan is

27    permissible even though its basic premise is not to rehabilitate the bankrupt entity, [...] courts in

28    this district have converted or dismissed chapter 11 cases" for no likelihood of rehabilitation where

**MOTION TO CONVERT THIS CHAPTER 11 CASE TO CHAPTER 7**

1   the debtor presented a liquidation plan and sustained a negative cash flow, thereby amounting to

2   continuing losses.  In re BH S & B Holdings, LLC, 439 B.R. 342, 348 (Bankr. S.D.N.Y. 2010)

3   (listing cases in the S.D.N.Y. that held similarly and finding no likelihood of rehabilitation

4   existed due to the debtor's continuing losses and intention to liquidate); In re C-TC 9th Ave.

5   P'ship, supra at 1309 (2d Cir. 1997) ("[W]hile a debtor may conclude Chapter 11 proceedings by

6   liquidating and may even enter them with an intent to liquidate if necessary, there is no reason a

7   debtor should be permitted to enter these proceedings without a possibility of reorganization.");

8   Matter of Natrl Plants & Lands Mgmt. Co., Ltd., 68 B.R. 394, 396 (Bankr. S.D.N.Y. 1986)

9   ("Liquidation is not the proper function of reorganization proceedings, but the function of Chapter

10  7 proceedings.") (converting Chapter 11 case to Chapter 7 in which the debtor conceded that it was

11  unable to continue in business and filed a self-liquidation plan of reorganization); In re AdBrite

12  Corp., 290 B.R. 209, 217 (Bankr. S.D.N.Y. 2003) ("Additional factors upon which Courts

13  have based decisions to convert or dismiss include [...] a defunct debtor incapable of

14  reorganizing") (holding that cause existed to convert the Chapter 11 case filed by the debtor with

15  no business, no employees, and who owned a single asset and had a negative cash flow post-

16  petition).

17        The Debtor alleges that the only significant assets that the bankruptcy estate has to pay its

18  creditors are real estate interests owned by the Debtor, potential payments on insurance policies

19  the Debtor may have an interest in through LCG which is 25% owned by the Debtor, and

20  avoidance actions and claims that may be made on behalf of the Debtor. Brad Sharp has already

21  been appointed as the Trustee in the bankruptcy case as cause has already been found by the Court

22  for appointment of a trustee or conversion to chapter 7, and he is pursuing the liquidation of these

23  assets. All can equally be accomplished in a chapter 7 bankruptcy case. The only other significant

24  asset that the Debtors estate possesses is that of the law practice of the Debtor, LKA which is not

25  in bankruptcy and is the primary source of employment and revenue for the Debtor to pay his

26  living expenses. The Trustee cannot practice law and run LKA. Further, the Debtor could merely

27  resign from LKA, and either practice law at another law firm or start a new law firm. Further, any

28  claims the Trustee may have against LKA would remain for the Trustee to pursue after conversion

14

**MOTION TO CONVERT THIS CHAPTER 11 CASE TO CHAPTER 7**

1    to chapter 7. The continued use of Chapter 11 cannot be justified here as a plan of reorganization is

2    highly unlikely at this point in time.

3       The Debtor owns a 25% membership interest in LCG, which is subject to competing

4    creditor claims. LCG is in the business of investing in life insurance policies and, from time to

5    time, receives benefits from such policies. To the extent LCG is required to make any payments to

6    the Debtor LCG has already entered into a stipulation with the Trustee regarding those payments

7       Therefore, the Debtor lacks a reasonable likelihood of rehabilitation. **Thus, the continued**

8    **use of Chapter 11 cannot be justified here.**

9      **B.**     **The "Unusual Circumstances" Exception Does Not Apply.**

10       Section 1112(b)(1) provides for two exceptions to the mandatory conversion of the chapter

11    11 case to chapter 7 or dismissal for cause.

12       First, Section 1112(b)(2) provides that

13       The court may not convert [or dismiss the chapter 11 case] if the court finds and
      specifically identifies unusual circumstances establishing that converting or

14       dismissing the case is not in the best interests of creditors and the estate, and the
      debtor or any other party in interest establishes that (A) there is a reasonable

15       likelihood that a plan will be confirmed within the timeframes established in
      sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a

16       reasonable period of time; and (B) the grounds for converting or dismissing the

17       case include an act or omission of the debtor other than under paragraph (4)(A)— (i)
      for which there exists a reasonable justification for the act or omission; and (ii) that

18       will be cured within a reasonable period of time fixed by the court.

19

20       1112(b)(2). See In re BH S & B Holdings, LLC, 439 B.R. 342, 347 (Bankr. S.D.N.Y.

21    2010) (quoting statute).

22       Second, Section 1112(c) provides that *the court may not convert the Chapter 11 case to*

23    *Chapter 7 or dismiss for cause* "if the debtor is a farmer or a corporation that is not a moneyed,

24    business, or commercial corporation, unless the debtor requests such conversion." The Debtor is

25    neither a farmer nor a non-commercial venture; accordingly, this exception is inapplicable.

26       Because "cause" for conversion exists under Section 1112(b)(4)(A) [substantial or

27    continuing loss to or diminution of the estate], as per the language of the statute, the Section

28    1112(b)(2) "unusual circumstances" exception simply does not apply. See In re Herb Philipson's

1  <u>Army</u>, <u>supra</u> at n. 6 (Bankr. N.D.N.Y. Dec. 19, 2019)); <u>In re Andover Covered Bridge, LLC</u>, 553

2  B.R. 162, 177 (BAP 1st Cir. 2016); <u>In re Korn</u>, 523 B.R. 453, 465 (Bankr. E.D. Pa. 2014); <u>In re</u>

3  <u>Burgess</u>, 2013 WL 5874616, at *3 (Bankr. N.D.W.Va. October 30, 2013).

4       Moreover, no unusual circumstances exist here that would establish that converting the case

5  is not in the best interests of creditors and the estate.  See <u>In re Glob. Emergency Res.</u>, LLC, 563

6  B.R. 76, 83 (Bankr. S.D. Ga. 2016) ("While this is not a reorganization case, liquidation in a

7  chapter 11 is not an "unusual circumstance").  Here, the Debtor does not assert a unique or special

8  chapter 11 solution.

9  **IV.**

10 **CONCLUSION**

11      **WHEREFORE**, the Debtor respectfully requests that this Court enter an Order granting

12 the Motion, converting the bankruptcy case to chapter 7, and granting such other and further relief

13 as the Court deems just and proper.

14

15 DATED: January 18, 2024

16

17                        By: _____

                           LESLIE KLEIN

18                           *In pro per*

19

20

21

22

23

24

25

26

27

28

16
**MOTION TO CONVERT THIS CHAPTER 11 CASE TO CHAPTER 7**

<u>**DECLARATION OF LESLIE KLEIN**</u>

I, Leslie Klein, declare and say as follows:

1.    I am the debtor in this bankruptcy case (**"Debtor"** or **"Klein"**), and I submit this declaration in support of the Motion to Convert this Chapter 11 Case to Chapter 7 (the **"Motion"**). I have personal knowledge of the facts set forth herein, if called as a witness, I could and would competently testify under oath to these facts set forth herein.  If any facts are based upon information and belief, I so state.

2.    In my capacity as the Debtor, I have reviewed and am readily familiar with my business affairs, and books and records, including how my business records are compiled and stored.  I have also reviewed information supplied to me by my professionals.  The information set forth in this declaration is based on this review of the aforementioned information and documents, and my opinion based upon my experience and knowledge. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this declaration.

3.    The only significant assets that the bankruptcy estate has to pay its creditors are real estate interests owned by the Debtor, potential payments on insurance policies the Debtor may have an interest in through Life Capital Group (**"LCG"**) which is 25% owned by the Debtor, and avoidance actions and claims that may be made on behalf of the Debtor. Brad Sharp has already been appointed as the chapter 11 trustee (**"Trustee"**) in the bankruptcy case as cause has already been found by the Court for appointment of a trustee or conversion to chapter 7, and he is pursuing the liquidation of these assets. All can equally be accomplished in a chapter 7 bankruptcy case. The only other significant asset that the Debtor's estate possesses is that of the law practice of the Debtor, Les Klein & Associates, Inc. (**"LKA"**), which is not in bankruptcy and is the primary source of employment and revenue for the Debtor to pay his living expenses. The Trustee cannot practice law and run LKA. Further, the Debtor could merely resign from LKA, and either practice law at another law firm or start a new law firm. Further, any claims the Trustee may have against LKA would remain for the Trustee to pursue after conversion to chapter 7. The continued use of

**MOTION TO CONVERT THIS CHAPTER 11 CASE TO CHAPTER 7**

1  Chapter 11 cannot be justified here as a plan of reorganization is highly unlikely at this point in

2  time.

3       5.     The Debtor is the subject of six (6) nondischargeabilty complaints by his various

4  creditors. Those complaints can proceed just as expeditiously in chapter 7 as in chapter 11. The

5  continued use of Chapter 11 cannot be justified here.

6       **6.**     **The Trustee who has been appointed in chapter 11, and who has conducted a**

7  **significant investigation of the Debtor can continue to be the trustee in chapter 7. The Office**

8  **of the United States Trustee ("UST") has the discretion of who to appoint as chapter 7**

9  **trustee in converted cases, and one would assume that the same trustee would be appointed**

10  **given his experience in the bankruptcy case.**

11       7.     I am a 76 year old attorney and a practicing orthodox Jew very involved in that

12  community, who has throughout his career primarily practiced in the trusts and estates area of the

13  law. Through a successful career, I have set up many trusts and estate plans for my clients. In

14  addition, for many clients in which I served as a trustee of their trust, I managed the assets of the

15  trust and invested them in a number of valuable assets including insurance policies. This

16  bankruptcy case was commenced on February 22, 2023, primarily due to a number of lawsuits

17  commenced against the Debtor regarding the administering of his trustee duties, and also pending

18  foreclosure actions on his real property. Further, the chapter 11 petition was filed to stop various

19  creditors from collecting on judgments as they had perfected liens during the preference period on

20  the Debtor's real estate, to appeal disputed State Court judgments, and to file an adversary

21  proceeding to stop an avoidable preference in favor of a creditor, to enable all creditors to be paid

22  equally.

23       8.     On April 24, 2023, creditors Erica and Joseph Vago filed a Motion for Order

24  Dismissing Debtor's Chapter 11 Bankruptcy Case (the **"Motion to Dismiss"**) [Docket No. 79].

25       9.     On May 17, 2023, at a hearing held on the Motion to Dismiss, the Court ruled that

26  the appointment of a chapter 11 trustee, and not dismissal of the case, was in the best interests of

27  the estate. Moreover, the Court ruled and found cause to either appoint a chapter 11 trustee or

28  convert to chapter 7. At that hearing the Court ruled that:

**MOTION TO CONVERT THIS CHAPTER 11 CASE TO CHAPTER 7**

1    THE COURT:  So I've already found cause.  There's cause to dismiss, convert or
appoint a Chapter 11 trustee or an examiner.  Dismissal is not going to be granted
2    because all parties who are unsecureds need to be in the same position and given
the Vagos' filing of the abstract within 90 days, those abstracts could potentially be
3    avoided.  And I hear Mr. Goe's frustration in terms of you took the laboring oar,
you did all the work.  That's true, but that being said the Court has to look at
4    what's in the best interests of all creditors in the estate, not just one creditor.

5
So dismissal is not going to be authorized and appointment of an examiner is not
6    going to be authorized because this case screams out for the Bankruptcy Code, the
structure of it, and a trustee to be in place and handling everything that's going on
7    and trying to figure out what has and, more importantly, hasn't been disclosed and
what assets are available to potentially liquidate and be used to pay creditors'
8    claims.

9
So the only issue that the Court believes is currently before it is whether or not a
10   Chapter 11 or a Chapter -- or conversion to 7 and a Chapter 7 trustee is appropriate.

11
From what Mr. Maroko says, all parties here will have a potential say in who the
12   Chapter 11 trustee would be.  In contrast, in a Chapter 7 case nobody has a say
because the Chapter 7 trustee is just automatically appointed off of the wheel.  So I
13   do see benefit to appointing a Chapter 11 trustee.  It could also be a Chapter 11
trustee with experience in ferreting out any type of misconduct or fraud or hidden
14   assets when, again, when a Chapter 7 trustee is appointed, it's whomever is the next
one up on the Chapter 7 wheel.
15

16   **And if the Chapter 11 trustee believes that there's no chance of
reorganization, which appears potentially highly likely, given the debtor has**
17   **negative $35,000 in income each month, then my understanding -- and Mr.**
**Maroko, please correct me if I'm wrong -- the Chapter 11 Trustee can seek to**
18   **convert.  And at that point, the same trustee, who was appointed as an 11,**
**would maintain -- would stay on as the Chapter 7 trustee.  Is that correct?**
19

20   MR. MAROKO:  **That is mostly correct**.  The -- still, discretion remains with the
United States Trustee on the conversion, but my experience is seeing that it usually
21   ends up being the same person.  But it -- ultimately the decision is that of Mr.
Anderson.
22

23   THE COURT:  Okay.  All right.  **So based upon my analysis, again, I find
there's cause to dismiss, convert or appoint a Chapter 11 trustee or an**
24   **examiner**.  And I find that it will be in the best interests of all creditors and the
estate to appoint a Chapter 11 trustee.
25

26
(Transcript, page 18-20) (emphasis added) Attached hereto and incorporated herein by this
27   reference as Exhibit "A" is a copy of the relevant portions of the May 17, 2023 Court transcript
**"Court Transcript"**).
28

**MOTION TO CONVERT THIS CHAPTER 11 CASE TO CHAPTER 7**

10.     On May 23, 2023, the UST filed a Notice of Appointment of Chapter 11 Trustee [Docket No. 151].

11.     On May 24, 2023, the UST Filed an Application for Order Approving Appointment of Trustee and Fixing Bond [Docket No. 154], approved by order entered the same day [Docket No. 155].  On that same day, the Trustee accepted his appointment [Docket No. 156].

12.     The Trustee has filed approximately fifteen (15) Motions for Rule 2004 Examinations of financial institutions and other entities in his search for relevant information and documents to proceed with claims against third parties on behalf of the bankruptcy estate. Those examinations can proceed just as expeditiously in chapter 7 as in chapter 11. The continued use of Chapter 11 cannot be justified here.

13.     Further, the Debtor has no business operations other than having an "interest" in LKA and LCG. **Conversion to chapter 7 would not change the estate's interests in those interests and claims. The continued use of Chapter 11 cannot be justified here.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _19_ day of January, 2024, at Los Angeles, California.

LESLIE KLEIN

**MOTION TO CONVERT THIS CHAPTER 11 CASE TO CHAPTER 7**

# EXHIBIT A

18

1   Honor, I was unclear about the reason that the U.S. Trustee

2   requested a Chapter 11 trustee and I asked the same

3   question that you asked at the beginning as to why.  And I

4   did speak with Mr. Maroko about it.  Mr. Maroko explains

5   that he wanted to give creditors more of a voice in who the

6   trustee might be and that he would have a little bit more

7   flexibility in that regard.  And I do believe that's what

8   the U.S. Trustee wants to do with us.

9        So for those reasons I do believe that a trustee

10  is appropriate in this case, but given the U.S. Trustee's

11  preference for Chapter 11 and the reason that he would give

12  the creditors who are here today a little bit more of a

13  say, I think that's a good reason.

14        THE COURT:  Okay.  Thank you.

15        MR. GOTTFRIED:  Thank you.

16        THE COURT:  And I'm only allowing argument here

17  from the parties who actually filed position papers, which

18  I believe is the appropriate way to address this motion.

19        So I've already found cause.  There's cause to

20  dismiss, convert or appoint a Chapter 11 trustee or an

21  examiner.  Dismissal is not going to be granted because all

22  parties who are unsecureds need to be in the same position

23  and given the Vagos' filing of the abstract within 90 days,

24  those abstracts could potentially be avoided.  And I hear

25  Mr. Goe's frustration in terms of you took the laboring

1   oar, you did all the work.  That's true, but that being

2   said the Court has to look at what's in the best interests

3   of all creditors in the estate, not just one creditor.

4        So dismissal is not going to be authorized and

5   appointment of an examiner is not going to be authorized

6   because this case screams out for the Bankruptcy Code, the

7   structure of it, and a trustee to be in place and handling

8   everything that's going on and trying to figure out what

9   has and, more importantly, hasn't been disclosed and what

10  assets are available to potentially liquidate and be used

11  to pay creditors' claims.

12       So the only issue that the Court believes is

13  currently before it is whether or not a Chapter 11 or a

14  Chapter -- or conversion to 7 and a Chapter 7 trustee is

15  appropriate.

16       From what Mr. Maroko says, all parties here will

17  have a potential say in who the Chapter 11 trustee would

18  be.  In contrast, in a Chapter 7 case nobody has a say

19  because the Chapter 7 trustee is just automatically

20  appointed off of the wheel.  So I do see benefit to

21  appointing a Chapter 11 trustee.  It could also be a

22  Chapter 11 trustee with experience in ferreting out any

23  type of misconduct or fraud or hidden assets when, again,

24  when a Chapter 7 trustee is appointed, it's whomever is the

25  next one up on the Chapter 7 wheel.

Case 2:23-bk-10990-SK    Doc 608    Filed 01/25/24    Entered 01/25/24 16:33:17    Desc
Case 2:23-bk-10990-SK    Doc 596    Filed 01/22/24    Entered 01/23/24 13:16:16    Desc
Main Document    Page 24 of 29

20

1          And if the Chapter 11 trustee believes that

2    there's no chance of reorganization, which appears

3    potentially highly likely, given the debtor has negative

4    $35,000 in income each month, then my understanding -- and

5    Mr. Maroko, please correct me if I'm wrong -- the Chapter

6    11 Trustee can seek to convert.  And at that point, the

7    same trustee, who was appointed as an 11, would maintain --

8    would stay on as the Chapter 7 trustee.  Is that correct?

9          MR. MAROKO:  That is mostly correct.  The --

10   still, discretion remains with the United States Trustee on

11   the conversion, but my experience is seeing that it usually

12   ends up being the same person.  But it -- ultimately the

13   decision is that of Mr. Anderson.

14         THE COURT:  Okay.  All right.  So based upon my

15   analysis, again, I find there's cause to dismiss, convert

16   or appoint a Chapter 11 trustee or an examiner.  And I find

17   that it will be in the best interests of all creditors and

18   the estate to appoint a Chapter 11 trustee.  So based upon

19   that, Mr. Maroko, I believe that you will consult with all

20   parties and then you will propose appointment of a

21   particular Chapter 11 trustee.  Is that correct?

22         MR. MAROKO:  That is correct.  What I will do

23   this morning is send up -- lodge an order that essentially

24   says the U.S. Trustee is directed to appoint a Chapter 11

25   Trustee.  Cause has been shown, as stated on the record,

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
FLP LAW GROUP LLP 1875 Century Park East, Suite 2230, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (specify): **MOTION TO CONVERT THIS CHAPTER 11 CASE
TO CHAPTER 7; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LESLIE KLEIN IN
SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR
5005-2(d); and **(b)** in the manner stated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date), I
checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons
are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**II.  SERVED BY UNITED STATES MAIL**:
On (date) **January  18, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court
Chambers of the Honorable Sandra Klein
255 E. Temple St., Suite 1582
Los Angeles, CA 90012

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method
for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| **January  18, 2024** | SAFA SALEEM | _(signature)_ |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Label Matrix for local noticing
0973-2
Case 2:23-bk-10990-SK
Central District of California
Los Angeles
Thu Jan 18 13:28:55 PST 2024

NewRez LLC d/b/a Shellpoint Mortgage Servici
14841 Dallas Parkway
Suite 425
Dallas, TX 75254-8067

Wilmington Savings Fund Society, FSB, d/b/a
Robertson, Anschutz, Schneid, Crane & Pa
350 10th Avenue, suite 1000
San Deigo, CA 92101-8705

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

Ajax Mortgage Loan Trust 2021-D, et al.
c/o Gregory Funding LLC
PO Box 742334
Los Angeles, CA 90074-2334

Andor Gestetner
c/o Law Offices of Jacob Unger
5404 Whitsett Ave., Ste. 182
Valley Village, CA 91607-1615

Bank of America
Attn: Bankruptcy
4909 Savarese Circle
Tampa, FL 33634-2413

Bank of America, N.A.
PO Box 673033
Dallas, TX 75267-3033

Barclays Bank Delaware
Attn: Bankruptcy
Po Box 8801
Wilmington, DE 19899-8801

(p)CCO MORTGAGE CORP
10561 TELEGRAPH RD
GLEN ALLEN VA 23059-4577

California Bank & Trust
Po Box 711510
Santee, CA 92072-1510

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

Chase Doe
143 S. Highland Drive
Los Angeles, CA 90036-3028

Chase Mortgage
BK Department
Mail Code LA4 5555  700 Kansas Ln
Monroe, LA 71203

Citibank
Attn: Bankruptcy
P.O. Box 790034
St Louis, MO 63179-0034

Citizens Bank, N.A.
10561 Telegraph Rd
Glen Allen, VA 23059-4577

David Berger
c/o Baruch C Cohen Esq
4929 Wilshire Blvd St 940
Los Angeles CA 90010-3889

Eliave Sobol
1501 Sulgrave Ave 1000
Baltimore MD 21209-3654

Erica Vago and Joseph Vago
c/o Brian A Procel / Procel Law, PC
401 Wilshire Blvd, 12th Fl
Santa Monica, CA 90401-1456

Ericka and Joseph Vago
c/o Brian Procel
Procel Law
401 Wilshire Blvd., 12th Floor
Santa Monica, CA 90401-1456

Erika and Joseph Vago
124 N. Highland Ave
Sherman Oaks, CA 91423

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

(p)FAY SERVICING  LLC
P O BOX 814609
DALLAS TX 75381-4609

(p)FIORE RACOBS AND POWERS
ATTN ERIN A MALONEY
6820 INDIANA AVENUE
SUITE 140
RIVERSIDE CA 92506-4261

First Amendment Wendriger Family Trust dated
c/o Shumaker Mallory LLP
Clarisse Young Shumaker
280 S. Beverly Dr., Suite 505
Beverly Hills, CA 90212-3908

Franklin H. Menlo Irrevocable Trust
c/o Willkie Farr & Gallagher LLP
Attn: Alex M. Weingarten, Esq.
2029 Century Park East, Suite 3400
Los Angeles, CA 90067-3020

Franklin H. Menlo, Trustee
Paul P. Young c/o Chora Young & Manasser
650 Sierra Madre Villa Ave., Ste. 304
Pasadena, CA 91107-2071

Gestetner Charitable Remainder Trus
c/o Andor Gestetner
1425 55th Street
Brooklyn, NY 11219

Gestetner Charitable Remainder Unitrust
c/o Andor Gestetner
Michael I. Gottfried
10345 W. Olympic Blvd.
Los Angeles, CA 90064-2524

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

J.P. Morgan Mortgage Acquisition Corp
c/o NewRez LLC
d/b/a Shellpoint Mortgage Servicing
PO Box 10826
Greenville, South Carolina 29603-0826

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001-9013

Jacob Rummitz
315 N. Martel Avenue
Los Angeles, CA 90036-2515

Jeffrey Siegel, Successor Trustee
of the Hubert Scott Trust
c/o Oldman, Cooley, Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2403

(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA 90071-2300

Mrc/united Wholesale M
Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261-9098

Oldman, Cooley, and Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2447

Robert & Esther Mermelstein
c/o Baruch C Cohen Esq
4929 Wilshire Blvd Ste 940
Los Angeles CA 90010-3889

Sandra Layton
161 N. Poinsettia Place
Los Angeles, CA 90036-2805

Selene Finance
Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101-8619

Shellpoint Mortgage Servicing
Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603-0826

Toyota Financial Services
Attn: Bankruptcy
Po Box 259001
Plano, TX 75025-9001

Toyota Lease Trust
c/o Toyota Motor Credit Corporation
PO Box 9013
Addison, Texas 75001-9013

U.S. Bank National Association
C/O Nationstar Mortgage LLC
Attn: Bankruptcy Dept.
PO Box 619096
Dallas TX 75261-9096

US Bank Trust National Association, et al.
Fay Servicing, LLC
PO Box 814609
Dallas, TX 75381-4609

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Wilmington Savings Fund Society, FSB,
d/b/a Christiana Trust, not individually
but as trustee for Pretium Mortgage
Acquisition Trust - Selene Finance LP
3501 Olympus Blvd, Suite 500
Dallas, TX 75019-6295

Bradley D. Sharp (TR)
333 So. Grand Ave., Suite 4070
Los Angeles, CA 90071-1544

ERIC J OLSON
301 E. COLORADO BLVD
301 E. Colorado Blvd
SUITE 520
Pasadena, CA 91101-1919

Jeffrey Winter
1571 Rexford Drive
Los Angeles, CA 90035-3109

(p)MARK SHARF
6080 CENTER DRIVE SUITE 600
LOS ANGELES CA 90045-1540

Michael Kogan Law Firm, APC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064-1525

Michael Jay Berger
Law Offices of Michael Jay Berger
9454 Wilshire Blvd
6th Fl
Beverly Hills, CA 90212-2980

Reem J Bello
Goe Forsythe & Hodges LLP
17701 Cowan, Bldg. D
Suite 210
Irvine, CA 92614-6840

Robert P Goe
Goe Forsythe & Hodges LLP
17701 Cowan Street
Suite 210
Bldg D
Irvine, CA 92614-6840

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| CCO Mortgage Corp.<br>Attn: Bankruptcy<br>10561 Telegraph Rd<br>Glen Allen, VA 23059 | Chase Card Services<br>Attn: Bankruptcy<br>P.O. 15298<br>Wilmington, DE 19850 | (d)Chase Card Services<br>Attn: Bankruptcy<br>Po Box 15298<br>Wilmington, DE 19850 |
| Fay Servicing Llc<br>Attn: Bankruptcy Dept<br>Po Box 809441<br>Chicago, IL 60680 | Fiore Racobs & Powers<br>c/o Palm Springs Country Club HOA<br>6820 Indiana Ave., Ste. 140<br>Riverside, CA 92506 | (d)JPMorgan Chase Bank National Association<br>Chase Records Center Attn:<br>Correspondence Mail Code LA4-5555<br>700 Kansas Lane<br>Monroe LA 71203 |
| LOS ANGELES COUNTY TREASURER AND TAX COLLECT<br>ATTN: BANKRUPTCY UNIT<br>PO BOX 54110<br>LOS ANGELES CA 90054-0110 | Mark M Sharf (TR)<br>6080 Center Drive #600<br>Los Angeles, CA 90045 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)A. Gestetner Family Trust | (u)Ajax Mortgage Loan Trust 2021-D, Mortgage- | (u)Coldwell Banker Realty |
| (u)Courtesy NEF | (u)Desert Sands Realty and Coldwell Banker Re | (u)Development Specialists, Inc. |
| (u)Gestetner Charitable Remainder Unitrust | (u)Law Office of Eric Everett Hawes | (u)Life Capital Group, LLC |
| (u)Real Brokerage | (u)U.S. Bank National Association, as Trustee | (u)U.S. Bank, N.A., as Trustee for Velocity C |
| (u)US Bank Trust National Association, Not In | (u)Adi Vendriger | (u)David Berger |

(u)Erica Vago                        (u)Franklin Menlo                        (u)Joseph Vago


(d)Michael Jay Berger                (u)Robert & Esther Mermelstein          End of Label Matrix
Law Offices of Michael Jay Berger                                            Mailable recipients    57
9454 Wilshire Blvd                                                           Bypassed recipients     20
6th Floor                                                                    Total                   77
Beverly Hills, CA 90212-2980

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
FLP LAW GROUP LLP 1875 Century Park East, Suite 2230, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **AMENDED NOTICE OF MOTION TO CONVERT THIS CHAPTER 11 CASE TO CHAPTER 7** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*), I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

II. **SERVED BY UNITED STATES MAIL**:
On (*date*) **January 24, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court
Chambers of the Honorable Sandra Klein
255 E. Temple St., Suite 1582
Los Angeles, CA 90012

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 24, 2024 | SAFA SALEEM | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                      **F 9013-3.1.PROOF.SERVICE**

```
Label Matrix for local noticing          Les Klein & Associates                NewRez LLC d/b/a Shellpoint Mortgage Servici
0973-2                                    14245 Ventura Blvd.                   14841 Dallas Parkway
Case 2:23-bk-10990-SK                     Ste 301                               Suite 425
Central District of California            Sherman Oaks, CA 91423-2767           Dallas, TX 75254-8067
Los Angeles
Tue Jan 23 15:22:28 PST 2024

Wilmington Savings Fund Society, FSB, d/b/a   Los Angeles Division             Ajax Mortgage Loan Trust 2021-D, et al.
Robertson, Anschutz, Schneid, Crane & Pa      255 East Temple Street,          c/o Gregory Funding LLC
350 10th Avenue, suite 1000                   Los Angeles, CA 90012-3332        PO Box 742334
San Deigo, CA 92101-8705                                                        Los Angeles, CA 90074-2334


Andor Gestetner                           Bank of America                      Bank of America, N.A.
c/o Law Offices of Jacob Unger            Attn: Bankruptcy                     PO Box 673033
5404 Whitsett Ave., Ste. 182              4909 Savarese Circle                 Dallas, TX 75267-3033
Valley Village, CA 91607-1615             Tampa, FL 33634-2413


Barclays Bank Delaware                    (p)CCO MORTGAGE CORP                 California Bank & Trust
Attn: Bankruptcy                          10561 TELEGRAPH RD                   Po Box 711510
Po Box 8801                               GLEN ALLEN VA 23059-4577             Santee, CA 92072-1510
Wilmington, DE 19899-8801


(p)JPMORGAN CHASE BANK  N A               Chase Doe                            Chase Mortgage
BANKRUPTCY MAIL INTAKE TEAM               143 S. Highland Drive                BK Department
700 KANSAS LANE FLOOR 01                  Los Angeles, CA 90036-3028           Mail Code LA4 5555  700 Kansas Ln
MONROE LA 71203-4774                                                           Monroe, LA 71203


Citibank                                  Citizens Bank, N.A.                  David Berger
Attn: Bankruptcy                          10561 Telegraph Rd                   c/o Baruch C Cohen Esq
P.O. Box 790034                           Glen Allen, VA 23059-4577            4929 Wilshire Blvd St 940
St Louis, MO 63179-0034                                                        Los Angeles CA 90010-3889


Eliave Sobol                              Erica Vago and Joseph Vago           Ericka and Joseph Vago
1501 Sulgrave Ave 1000                    c/o Brian A Procel / Procel Law, PC  c/o Brian Procel
Baltimore MD 21209-3654                   401 Wilshire Blvd, 12th Fl           Procel Law
                                          Santa Monica, CA 90401-1456          401 Wilshire Blvd., 12th Floor
                                                                               Santa Monica, CA 90401-1456


Erika and Joseph Vago                     FRANCHISE TAX BOARD                  (p)FAY SERVICING  LLC
124 N. Highland Ave                       BANKRUPTCY SECTION MS A340           P O BOX 814609
Sherman Oaks, CA 91423                    PO BOX 2952                          DALLAS TX 75381-4609
                                          SACRAMENTO CA 95812-2952


(p)FIORE RACOBS AND POWERS                First Amendment Wendriger Family Trust dated   Franklin H. Menlo Irrevocable Trust
ATTN ERIN A MALONEY                       c/o Shumaker Mallory LLP              c/o Willkie Farr & Gallagher LLP
6820 INDIANA AVENUE                       Clarisse Young Shumaker              Attn: Alex M. Weingarten, Esq.
SUITE 140                                 280 S. Beverly Dr., Suite 505        2029 Century Park East, Suite 3400
RIVERSIDE CA 92506-4261                   Beverly Hills, CA 90212-3908         Los Angeles, CA 90067-3020


Franklin H. Menlo, Trustee                Gestetner Charitable Remainder Trus  Gestetner Charitable Remainder Unitrust
Paul P. Young c/o Chora Young & Manasser  c/o Andor Gestetner                  c/o Andor Gestetner
650 Sierra Madre Villa Ave., Ste. 304     1425 55th Street                     Michael I. Gottfried
Pasadena, CA 91107-2071                   Brooklyn, NY 11219                   10345 W. Olympic Blvd.
                                                                               Los Angeles, CA 90064-2524
```

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

J.P. Morgan Mortgage Acquisition Corp
c/o NewRez LLC
d/b/a Shellpoint Mortgage Servicing
PO Box 10826
Greenville, South Carolina 29603-0826

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001-9013

Jacob Rummitz
315 N. Martel Avenue
Los Angeles, CA 90036-2515

Jeffrey Siegel, Successor Trustee
of the Hubert Scott Trust
c/o Oldman, Cooley, Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2403

(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA 90071-2300

Mrc/united Wholesale M
Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261-9098

Oldman, Cooley, and Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2447

Robert & Esther Mermelstein
c/o Baruch C Cohen Esq
4929 Wilshire Blvd Ste 940
Los Angeles CA 90010-3889

Sandra Layton
161 N. Poinsettia Place
Los Angeles, CA 90036-2805

Selene Finance
Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101-8619

Shellpoint Mortgage Servicing
Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603-0826

Toyota Financial Services
Attn: Bankruptcy
Po Box 259001
Plano, TX 75025-9001

Toyota Lease Trust
c/o Toyota Motor Credit Corporation
PO Box 9013
Addison, Texas 75001-9013

U.S. Bank National Association
C/O Nationstar Mortgage LLC
Attn: Bankruptcy Dept.
PO Box 619096
Dallas TX 75261-9096

US Bank Trust National Association, et al.
Fay Servicing, LLC
PO Box 814609
Dallas, TX 75381-4609

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Wilmington Savings Fund Society, FSB,
d/b/a Christiana Trust, not individually
but as trustee for Pretium Mortgage
Acquisition Trust - Selene Finance LP
3501 Olympus Blvd, Suite 500
Dallas, TX 75019-6295

Bradley D. Sharp (TR)
333 So. Grand Ave., Suite 4070
Los Angeles, CA 90071-1544

ERIC J OLSON
301 E. COLORADO BLVD
301 E. Colorado Blvd
SUITE 520
Pasadena, CA 91101-1919

Jeffrey Winter
1571 Rexford Drive
Los Angeles, CA 90035-3109

Leslie Klein
322 N. June Street
Los Angeles, CA 90004-1042

(p)MARK SHARF
6080 CENTER DRIVE SUITE 600
LOS ANGELES CA 90045-1540

Michael Kogan Law Firm, APC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064-1525

Michael Jay Berger
Law Offices of Michael Jay Berger
9454 Wilshire Blvd
6th Fl
Beverly Hills, CA 90212-2980

Reem J Bello
Goe Forsythe & Hodges LLP
17701 Cowan, Bldg. D
Suite 210
Irvine, CA 92614-6840

Robert P Goe
Goe Forsythe & Hodges LLP
17701 Cowan Street
Suite 210
Bldg D
Irvine, CA 92614-6840

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

CCO Mortgage Corp.
Attn: Bankruptcy
10561 Telegraph Rd
Glen Allen, VA 23059

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

(d)Chase Card Services
Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850

Fay Servicing Llc
Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680

Fiore Racobs & Powers
c/o Palm Springs Country Club HOA
6820 Indiana Ave., Ste. 140
Riverside, CA 92506

(d)JPMorgan Chase Bank National Association
Chase Records Center Attn:
Correspondence Mail Code LA4-5555
700 Kansas Lane
Monroe LA 71203

LOS ANGELES COUNTY TREASURER AND TAX COLLECT
ATTN: BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

Mark M Sharf (TR)
6080 Center Drive #600
Los Angeles, CA 90045

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)A. Gestetner Family Trust

(u)Ajax Mortgage Loan Trust 2021-D, Mortgage-

(u)Coldwell Banker Realty

(u)Courtesy NEF

(u)Desert Sands Realty and Coldwell Banker Re

(u)Development Specialists, Inc.

(u)Gestetner Charitable Remainder Unitrust

(u)Kieckhafer Schiffer LLP

(u)Law Office of Eric Everett Hawes

(u)Life Capital Group, LLC

(u)Real Brokerage

(u)U.S. Bank National Association, as Trustee

(u)U.S. Bank, N.A., as Trustee for Velocity C

(u)US Bank Trust National Association, Not In

(u)Adi Vendriger

(u)David Berger

(u)Erica Vago

(u)Franklin Menlo

(u)Joseph Vago

(d)Michael Jay Berger
Law Offices of Michael Jay Berger
9454 Wilshire Blvd
6th Floor
Beverly Hills, CA 90212-2980

(u)Robert & Esther Mermelstein

End of Label Matrix
Mailable recipients    57
Bypassed recipients    21
Total                  78