| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* [Bradley D. Sharp, Chapter 11 Trustee] | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES** ||
| In re:<br><br>LESLIE KLEIN,<br><br><br><br><br><br><br><br>Debtor. | CASE NO.: 2:23-bk-10990-SK<br><br>CHAPTER: 11<br><br>**APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE**<br>**[LBR 9075-1(b)]** |

1. Movant applies under LBR 9075-1(b) for an order setting a hearing on shortened notice on the following motion:

   a. Title of motion: Notice of Motion and Motion for Order Disqualifying FLP Law Group LLP as Debtor's Attorney Pursuant to Rule 1.7 of the California Rules of Professional Conduct and Bankruptcy Rules 2016 and 2017 [Docket No. 673]

   b. Date of filing of motion: February 27, 2024

2. Compliance with LBR 9075-1(b)(2)(A): (***The following three sections must be completed***):

   a. Briefly specify the relief requested in the motion:

      1. In response to the *Attorney's Disclosure of Postpetition Compensation Arrangement with Debtor* [Docket No. 663], Bradley D. Sharp, the Chapter 11 trustee in the above-captioned bankruptcy case of Leslie Klein, filed an objection [Docket No. 671] wherein the Trustee objected to the above disclosure as being inadequate, contradictory, and confusing, and not a substitute for a retention application under section 327(a) of the Bankruptcy Code when FLP Law Group LLP ("FLP") confirms that the Debtor will be paying some or all of its fees (and FLP admits that expenses have already been reimbursed).

      2. In response, FLP filed an objection [Docket No. 672] and contends that the Trustee must file a motion before the Court can consider any disqualification request.

      3. As a result and in response to FLP's contention, the Trustee filed the *Notice of Motion and Motion for Order Disqualifying FLP Law Group LLP as Debtor's Attorney Pursuant to Rule 1.7 of the California Rules of Professional Conduct and Bankruptcy Rules 2016 and 2017* [Docket

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                                    Page 1                          **F 9075-1.1.APP.SHORT.NOTICE**
LA:4888-9190-8009.2 78512.001

    No. 673] ("Motion to Disqualify"), seeking an order to disqualify FLP from representing, or making a special appearance on behalf of, the debtor, Leslie Klein.

4. Consideration of the Motion to Disqualify is necessary because FLP currently represents the Debtor's law firm, Les Klein & Associates ("LKA"). As set forth in the Trustee's Objection to Motion to Convert [Docket No. 656] and Trustee's Opposition to Motion to Compel Abandonment [Docket No. 657], the Debtor admitted that LKA holds assets of the estate (e.g., interest in life insurance policies, social security distributions, etc.).

5. FLP holds an actual conflict of interest. FLP cannot represent LKA and the Debtor when the Debtor is using LKA to hold estate assets and prevent the Trustee from recovering cash and other assets that are property of the estate. Further, the model rules do not permit FLP to discontinue its representation of LKA so that it can rid itself of the actual conflict and take on the representation of the Debtor.

6. The issues presented to the Court have already been fully briefed on account of the disclosure, the Trustee's objection, the FLP's reply and the Motion to Disqualify.

7. The Trustee does not believe that a formal motion is necessary because the Court can disqualify counsel *sua sponte*. *See e.g., State Comp. Ins. Fund v. Drobot*, 192 F. Supp. 3d 1080, 1090 (C.D. Cal. 2016) (explaining that because of courts' "inherent obligation" to manage the conduct of attorneys appearing before the court and ensure the fair administration of justice, a court can "rais[e] the disqualification issue on its own when it found out about the conflict").

8. Nevertheless, the Trustee files this Motion to Shorten and the Motion to Disqualify out of an abundance of caution.

b. Identify the parties affected by the relief requested in the motion:

    Leslie Klein
    The Trustee as a fiduciary of the Debtor's estate.

c. State the reasons necessitating a hearing on shortened time:

The Trustee requests to have the hearing on the Motion held on February 28, 2024 at 9:00 a.m., or as soon thereafter as the Court may allow, given (a) that is the date and time at which FLP intends to appear before the Court on the Debtor's behalf for the first time; and (b) the other matters set for hearing on that date and time, as follows:

(1)     Debtor's Motion to Compel Abandonment of Property by Trustee [Docket No. 594]
(2)     Debtor's Motion to Convert Case [Docket No 596]
(3)     Trustee's Objection to Motion to Convert [Docket No. 656]; and
(4)     Trustee's Opposition to Motion to Compel Abandonment [Docket No. 657]

In the interest of economy, and in order to avoid an actual conflict of interest and further confusion, the Trustee believes it is in the best interests of the estate to have the hearing on the Motion held on February 28, 2024 at 9:00 a.m. for the reasons set forth above.

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                             Page 2                         **F 9075-1.1.APP.SHORT.NOTICE**
LA:4888-9190-8009.2 78512.001

3. Compliance with LBR 9075-1(b)(2)(B): The attached declaration(s) justifies setting a hearing on shortened notice, and establishes a *prima facie* basis for the granting of the motion.

4. Movant has lodged a proposed Order Setting Hearing on Shortened Notice on mandatory form F 9075-1.1.ORDER .SHORT.NOTICE

3. Compliance with LBR 9075-1(b)(2)(B): The attached declaration(s) justifies setting a hearing on shortened notice, and establishes a *prima facie* basis for the granting of the motion.

4. Movant has lodged a proposed Order Setting Hearing on Shortened Notice on mandatory form F 9075-1.1.ORDER .SHORT.NOTICE

Date: February 27, 2024

Pachulski Stang Ziehl & Jones LLP
Printed name of law firm

*/s/ John W. Lucas*
Signature of individual Movant or attorney for Movant

John W. Lucas
Printed name of individual Movant or attorney for Movant

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*
LA:4888-9190-8009.2 78512.001

Page 3

F 9075-1.1.APP.SHORT.NOTICE

**Declaration of John W. Lucas in Support of Application For Order Setting Hearing On Shortened Notice on the Motion of Chapter 11 Trustee, for Order Disqualifying FLP Law Group LLP as Debtor's Attorney**

I, John W. Lucas, declare and state:

1. I am an attorney licensed to practice law in all the courts in the state of California and in this Court. I am a partner of the firm Pachulski Stang Ziehl & Jones LLP, counsel to Bradley D. Sharp, Chapter 11 Trustee of the estate of Debtor, Leslie Klein (the "Trustee"), in this chapter 11 case (the "Case"). If called upon, I can and will competently testify to the facts stated herein from my own personal knowledge, or from a review of the files regularly maintained by the personnel of my law firm.
   d
2. I make this declaration in support of the foregoing *Application for Order Setting Hearing On Shortened Notice on the Motion of Chapter 11 Trustee for Order Disqualifying FLP Law Group LLP as Debtor's Attorney Pursuant to Rule 1.7 of the California Rules of Professional Conduct and Bankruptcy Rules 2016 and 2017* (the "Motion to Shorten").

3. The Trustee requests that the hearing on the Motion be held on February 28, 2024 at 9:00 a.m., because in response to the *Attorney's Disclosure of Postpetition Compensation Arrangement with Debtor* [Docket No. 663], Bradley D. Sharp, the Chapter 11 trustee in the above-captioned bankruptcy case of Leslie Klein, filed an objection [Docket No. 671] wherein the Trustee objected to the above disclosure as being inadequate, contradictory, and confusing, and not a substitute for a retention application under section 327(a) of the Bankruptcy Code when FLP Law confirms that the Debtor will be paying some or all of its fees (and FLP Law admits that expenses have already been reimbursed).

4. FLP Law Group ("FLP") filed an objection [Docket No. 672] and contends that the Trustee must file a motion before the Court can consider any disqualification request.

5. As a result and in response to FLP's contention, the Trustee filed the *Notice of Motion and Motion for Order Disqualifying FLP Law Group LLP as Debtor's Attorney Pursuant to Rule 1.7 of the California Rules of Professional Conduct and Bankruptcy Rules 2016 and 2017* [Docket No. 673] ("Motion to Disqualify"), seeking an order to disqualify FLP from representing, or making a special appearance on behalf of, the debtor, Leslie Klein.

6. Consideration of the Motion to Disqualify is necessary because FLP currently represents the Debtor's law firm, Les Klein & Associates ("LKA"). As set forth in the Trustee's Objection to Motion to Convert [Docket No. 656] and the Trustee's Opposition to Motion to Compel Abandonment [Docket No. 657], the Debtor admitted that LKA holds assets of the estate (e.g., interest in life insurance policies, social security distributions, etc.).

7. FLP holds an actual conflict of interest. FLP cannot represent LKA and the Debtor when the Debtor is using LKA to hold estate assets and prevent the Trustee from recovering cash and other assets that are property of the estate. Further, the model rules do not permit FLP to discontinue its representation of LKA so that it can rid itself of the actual conflict and take on the representation of the Debtor.

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 3    **F 9075-1.1.APP.SHORT.NOTICE**
LA:4888-9190-8009.2 78512.001

8.      The following matters set for hearing on that date and time:

    (a) Debtor's Motion to Compel Abandonment of Property by Trustee [Docket No. 594]
    (b) Debtor's Motion to Convert Case [Docket No 596]
    (c) Trustee's Objection to Motion to Convert [Docket No. 656]; and
    (d) Trustee's Opposition to Motion to Compel Abandonment [Docket No. 657]

9.      The issues presented to the Court have already been fully briefed on account of the disclosure, the Trustee's objection, the FLP Law's reply and the Motion to Disqualify.

I do not believe that a formal motion is necessary because the Court can disqualify counsel *sua sponte*. *See e.g., State Comp. Ins. Fund v. Drobot*, 192 F. Supp. 3d 1080, 1090 (C.D. Cal. 2016) (explaining that because of courts' "inherent obligation" to manage the conduct of attorneys appearing before the court and ensure the fair administration of justice, a court can "rais[e] the disqualification issue on its own when it found out about the conflict").

10.     Nevertheless, the Motion to Shorten and the Motion to Disqualify are filed out of an abundance of caution.

11.     In the interest of economy, and in order to avoid an actual conflict and further confusion, I believe it is in the best interests of the estate to have the hearing on the Motion to Disqualify held on February 28, 2024 at 9:00 a.m., or as soon thereafter as the Court may allow, given (a) that is the date and time at which FLP intends to appear before the Court on the Debtor's behalf for the first time; and (b) the other matters set for hearing on that date and time as forth in #8 above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of February, 2024 at San Francisco, California.

                                  */s/ John W. Lucas*
                                  John W. Lucas

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*　　　　　　　　　　　　　　　　Page 3　　　　　　　　**F 9075-1.1.APP.SHORT.NOTICE**
LA:4888-9190-8009.2 78512.001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
One Sansome Street, Suite 3430, San Francisco, CA 94104

A true and correct copy of the foregoing document entitled: **APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE [LBR 9075-1(b)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* **February 27, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On *(date)* **February 27, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method <u>for each person or entity served</u>): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* **February 27, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 27, 2024 | Hung Phan | */s/ Hung Phan* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 4    **F 9075-1.1.APP.SHORT.NOTICE**
LA:4888-9190-8009.2 78512.001