# EXHIBIT C

**From:** Jeffrey P. Nolan
**Sent:** Monday, July 10, 2023 10:13 PM
**To:** 'Tnunan@pmcos.com' <Tnunan@pmcos.com>
**Cc:** 'eric@EJOlsonLaw.com' <eric@EJOlsonLaw.com>; Jeffrey Dulberg <jdulberg@pszjlaw.com>; John W. Lucas <jlucas@pszjlaw.com>
**Subject:** FW: Sharp - Letter to Eric Olson

Terence,

It was a pleasure to make your acquaintance at the hearing in Superior Court today. As you know, I represent the duly appointed Chapter 11 Trustee, Bradley D. Sharp.

As I indicated at the hearing, the Trustee has not been getting the cooperation of the Debtor which is required under the Bankruptcy Code and, quite frankly, customary. I appreciate your offer to facilitate the forwarding of such information.

There are a number of outstanding matters starting with the issue of apparent lapses in coverage to various estate assets. The trustee has attempted to confirm coverage directly to insurance providers but those providers are rrequesting the cooperation of the insured/Debtor. There has been no response to the attached letter dated June 30, which requested a response by July 7.

I have also included the email below which preceded it.

Best Regards,

**Jeffrey P. Nolan**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
jnolan@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

**From:** Jeffrey P. Nolan
**Sent:** Wednesday, June 28, 2023 11:07 AM
**To:** 'eric@EJOlsonLaw.com' <eric@EJOlsonLaw.com>
**Cc:** John W. Lucas <jlucas@pszjlaw.com>; Jeffrey Dulberg <jdulberg@pszjlaw.com>
**Subject:** FW: Menlo Trust-Life Insurance Policies & Various other matters
**Importance:** High

Eric,

The information you provided on June 23, 2023, was not responsive to the request of the Trustee on numerous pending issues as well as to the administration of the case in general. Please remind Mr. Klein that he has a duty to produce this information as a debtor in bankruptcy. I have outlined the status of the various unfulfilled requests below.

1. **Menlo Trust:**

   The Trustee requested documents on three occasions June 7, 14, and 20, to support the contention made at the June 5th hearing that the Debtor is entitled to compensation out of the Life Insurance proceeds contemplated by Judge Luna to be disbursed to the Menlo Trust beneficiaries. I appreciate the explanation provided below but the explanation is not a substitute for the documents requested to assess and persuade the Superior Court that interests of the Debtor are involved.

   As you may recall, at the hearing Mr. Weingarten specifically asked if the documents supporting the claims of Mr. Klein would be provided to counsel. You advised the Court such documents would be forthcoming "soon". I do not know if Mr. Weingarten made a formal demand upon you after the hearing, but I interpreted the exchange with the Court to mean such production by Mr. Klein would be immediately forthcoming. The Interim Order can be reasonably interpreted as demanding such documents be produced in short order or the issue viewed as abandoned or without a factual basis. The Trustee is concerned that the continued inability of Mr. Klein to produce the documents you indicated would be forthcoming, yet have not been produced, will result in the loss of such claims. Said another way, we cannot press the issue without Mr. Klein's cooperation and the production of the requested records. As you know, argument of counsel is not a substitute for evidence.

2. **Computers/phones/lap tops:**

The Trustee provided two dates for Mr. Klein to meet representatives of the Trustee with respect to his electronic devices. Neither June 12 or 13th were satisfactory to Mr. Klein. He again ignored our request of June 22 for arranging of a meeting. We will provide one last occasion to promote the meeting before we seek intervention of the bankruptcy court: please forward the following dates for Mr. Klein's consideration: **June 30, or July 3, prior to 1:00pm.** Please select one.

3.      **Credit Cards:**

By letter dated June 8, the Trustee requested not later than June 12 a list and copies of monthly credit card statements under the Debtor's name and confirmation such accounts were closed. This is a simple request.

Please produce such records no later than **June 30th** at 5pm at the law offices of PSZJ Law, 10100 Santa Monica Blvd., Suite 1300, Century City, or by electronic submission to my attention.


5.      **Doctors Marketing Group:**
By letter dated June 8, the Trustee requested the following information pertaining to the gift from Doctors Marketing Group, LLC to Mr. Klein or for his benefit:

-History of Mr. Klein's (or any company in his control) relationship to Doctors Marketing Group, LLC, since the inception of Doctors Marketing Group, LLC.

-History of Mr. Klein's relationship to Mr. Eli Zobdeh.

-Confirm that Mr. Klein and any of his family members or their spouses, immediate or distant, do not currently own or have any economic interest in Doctors Marketing Group, LLC either now or in the past.

-Confirm that Mr. Klein has never held a manager, officer or director position with Doctors Marketing Group, LLC, or otherwise describe such position.


6.      **Reports of Entities the Debtor Holds a Financial Interest**

By letter dated June 8, the Trustee requested not later than June 22, (a) list of entities and (b) the financial reports of value in which the Debtor holds an interest. Again, this request was ignored .

Please produce such records no later than **June 30:**

7.      **Palm Springs Condominium:**

Real Property located at 2560-B Whitewater Club Drive Palm Springs, CA.
According to the Debtor's schedules, the property is listed as a vacation home. We have learned that there are rental occupants in the condominium. Are the occupants renters and if so please forward the contact information for the occupants and the lease to my attention no later than June 30.

8.      **Insurance:**

It is standard practice in a bankruptcy case that a debtor cooperate to insure assets are protected and that the Trustee and the United States Trustee be listed as additional insureds on various real and personal property.
Add Bradley D. Sharp, Chapter 11 Trustee to Leslie Klein and the UST as additionally insured to all Mercury insurance policies. Insurance provided by Mercury Insurance which we are advised to be in existence:

5

- Policy # 040104100290658 (Mercury Auto Policy)
- Policy # CAHP 0000757684 (Real Property policy – 3752 Ocean Drive)
- Policy # CAHP 00001156913 (Real Property policy – 322 N. June Street)
- Policy # PK 01017211 (Umbrella policy)

Please list the following as additional insureds:

| | |
|---|---|
| Bradley S. Sharp, Chapter 11 Trustee<br>333 S. Grand Ave., Suite 4100<br>Los Angeles, CA 90071 | Office of the United States Trustee<br>915 Wilshire Blvd., Suite 1850<br>Los Angeles, CA 90017 |

- Provide updated declaration pages.
- Date the insurance premiums are paid through.

Your immediate attention to this matter is requested.

Best Regards,

Jeffrey P. Nolan
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
jnolan@pszjlaw.com
vCard | Bio | LinkedIn

Los Angeles | San Francisco | Wilmington, DE | New York | Houston