# EXHIBIT D

PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY
HOUSTON, TX

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067-4003

TELEPHONE: 310.277.6910
FACSIMILE: 310.201.0760

SAN FRANCISCO
ONE SANSOME STREET, 34TH FLOOR, STE. 3430
SAN FRANCISCO
CALIFORNIA 94104-4436

TELEPHONE: 415/263 7000
FACSIMILE: 415/263 7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302.652.4100
FACSIMILE: 302.652.4400

NEW YORK
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212.561.7700
FACSIMILE: 212.561.7777

TEXAS
440 LOUISIANA STREET
SUITE 900
HOUSTON
TEXAS 77002-1062

TELEPHONE: 713.691.9385
FACSIMILE: 713.691.9407

WEB: www.pszjlaw.com

Jeffrey P. Nolan

August 10, 2023

jnolan@pszjlaw.com

Michael S. Kogan
KOGAN LAW FIRM, APC
11500 W. Olympic Blvd., Suite 400
Los Angeles, California 90064

Re:   Trustee's Outstanding Information Requests

Dear Michael:

Thank you for the email on August 8, 2023, in response (the "Response") to the Trustee's outstanding demands for information from Leslie Klein (the "Debtor"). I realize you have only been recently retained, however, the Trustee has sought this information from the Debtor and his prior sets of lawyers for several months, to no avail. The Debtor's responses should be meaningful, supported by the requested documents and data, and not merely a rebuttal. For ease of reference, I will address key outstanding issues in the order we have discussed:

1.   Credit Card Accounts/Lines of Credit/Statements

- The Response did not address lines of credit. The Debtor must confirm that all lines of credit were disclosed and any such lines of credit are closed? Like all of the other requests, the Trustee needs documents to support this request.

- We asked for copies of the monthly statements for both the credit cards and lines of credit. Please provide the statements for each credit card account and each line of credit. If the Debtor would prefer to forward the user name and password, we can access this electronically and alleviate his burden.

DOCS_LA:350469.4 78512/001



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES

Michael S. Kogan
August 10, 2023
Page 2

2. <u>Home laptop and iPhone</u>

- The Trustee has selected a third party vendor who will scan and image the Debtor's home computer, laptop, iPhone, and other devices storing electronic data. The vendor is available to meet the Debtor at his residence at 622 June Avenue, Los Angeles, on either August 15th or 18th, 2023, beginning at 9:00 am. Someone from the Trustee's office will be available to accompany the vendor.

- In the interim, and prior to the Trustee's review of the data, the Trustee will agree that he will not review any of the data until we agree or the Court approves a screening protocol that will outline which information the Trustee and his advisors can review.

- The Court approved protocol will also serve to protect the attorney/client privilege that the Debtor has with his clients. We also need to discuss the scope of the attorney/client issues with respect to the Debtor, you and his former counsel, and the Trustee as certain information and communications will be property of the estate that the Trustee has control over.

- For now, we recommend entering into a standard confidentiality stipulation and order that maintains the status quo until we can flesh out the details.

3. <u>Information Re: Doctors Marketing Group, LLC ("DMG"):</u>

- Even if DMG has been suspended you have not answered our questions. The Trustee needs documents regarding the Debtor's oversight/control/role over/in DMG or any other company's control over DMG that the Debtor owns, has an interest in, or controls either directly or indirectly.

- If the Debtor's spouse owns 20% of DMG, provide documentation showing that interest, how and when she acquired that interest. In addition, provide documentation that shows how this interest is independently owned by the Debtor's spouse and is not community property.

**PACHULSKI STANG ZIEHL & JONES**

LAW OFFICES

Michael S. Kogan
August 10, 2023
Page 3

- Documents regarding the DMG retainer (source, agreements, recipients). How did DMG make these payments if it is suspended?

    4. <u>Mr. Zobdeh</u>:

- Disclose all formal and informal relationships with Mr. Zobdeh. This includes the ventures, entities, partnerships or business ventures for which he was involved with Mr. Zobdeh, the years, and the nature of the business, and any outstanding obligations whether they run outbound or inbound.

    5. <u>Retainers</u>

- The Trustee requested copies of any payment documents and any agreement or documentation surrounding any retainer payment, be it email or otherwise with respect to his former and current counsel (bankruptcy and non-bankruptcy counsel).

- Documentation showing the source of payment for all past and current counsel (bankruptcy and non-bankruptcy counsel).

    6. <u>Documentation supporting the Debtor's entitlement to compensation from life insurance proceeds from the Menlo Trust</u>

- We have received a number of documents from Terrence Nunan. It remains unclear which documents forwarded are responsive to this issue.

- Please forward any such documents to my attention. Since you may have learned by now that the Menlo litigation is extensive and convoluted, please identify where in the document and provide some clarity as to the basis for the right.

- I have been in state court a number of times now and heard multiple bases for compensation claims by the Debtor's lawyers but none of it has been substantiated. We would like to ensure the Trustee has the correct information.



Michael S. Kogan
August 10, 2023
Page 4

7. <u>Detail of amounts due to the Debtor from Menlo Trust</u>

- Please have the Debtor contact White, Zuckerman since he has the relationship and direct them to forward any responsive documents to my attention.

8. <u>Jeffrey Winter Complaint Re: Frank Menlo</u>

- We reviewed the above-referenced complaint and the Trustee is not clear why you are forwarding the complaint to him?

- Has the state court made any rulings in connection with the complaint? If yes, please send us those rulings.

- How does this complaint relate to the general Menlo litigation that is directed at the Debtor?

9. <u>Life Capital Group, LLC ("LCG")</u>

- Documents that show all distributions made from LCG and who the distributions where made to.

- Are there any agreements or documents that limit or alter the Debtor's role in LCG? If yes, please send those agreements or documents.

- What role does the Debtor currently have in LCG? Is the Debtor fulfilling that role now? Please explain.

    If you have any questions, please do not hesitate to contact the undersigned.

Very truly yours,

Jeffrey P. Nolan

DOCS_LA:350469.4 78512/001