# EXHIBIT E

**From:** Jeffrey P. Nolan
**Sent:** Friday, September 1, 2023 5:25 PM
**To:** 'Marc Lieberman' <marc.lieberman@flpllp.com>
**Cc:** Jeffrey Dulberg <jdulberg@pszjlaw.com>; John W. Lucas <jlucas@pszjlaw.com>; 'Michael Kogan' <mkogan@koganlawfirm.com>
**Subject:** RE: Workshare Compare Document Distribution

Marc,

Once you forward over the executed Stipulation for Confidentiality Agreement, I will turn it back around to you.

Thank you for discussing the document production of the Les Klein & Associates (the "Law Firm") to the Trustee's 2004 Examination. With respect to the Law Firm, you confirmed the Debtor has turned over various bekins boxes for your review. I believe you remarked that the Debtor has not yet turned over various corporate documents such as the articles of incorporation, by-laws, policies of insurance in place. etc. Those would have been the documents I was expecting be immediately produced without any issue over the confidentiality etc. Given our discussion, is my understanding correct that the production will take place next week?

Second, I reiterated how the Trustee representatives met Mr. Klein at the Law Firm following the filing of the Petition. Your belief as expressed today is the Law Firm is still operating. I wish it to be clearly relayed to the Debtor that which should already be clear, that as a petitioner in bankruptcy, the law obligates him to accurately and fully present his financial affairs. I know you are aware of this fact, but I am purposely making a record to make clear that all business and financial records of the Law Firm are to be maintained including the computer equipment, server, accounting records and client files of the Law Firm. If at any time the Debtor chooses to move his offices or close them, the personal records of Debtor and for the Law Firm he controls are to be maintained in good clean and working order.

With respect to the Debtor's deposition as custodian of the records of the Law Firm, set for Sept. 8th, you indicated there was a conflict with your schedule and could we push out the deposition one week or to a convenient date. I certainly would seek to accommodate your schedule so let's discuss the dates as to when I will receive the documents and other dates for the Debtor's deposition.

I think we are on the same page about the documents, records, the 2004 Exam, but If I misunderstood any of our conversation, please feel free to correct me.

Have a great weekend.

Jeff

Jeffrey P. Nolan
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
jnolan@pszjlaw.com
vCard | Bio | LinkedIn

