| Attorney or Party Name, Address, Telephone & FAX Nos. | FOR COURT USE ONLY |
|---|---|
| Jeffrey W. Dulberg (State Bar No. 181200)<br>Jeffrey P. Nolan (State Bar No. 158923)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA  90067-4003<br>Telephone: 310.277.6910<br>Facsimile: 310.201.0760<br>E-mail:jdulberg@pszjlaw.com<br>jnolan@pszjlaw.com<br><br>Counsel to Bradley D. Sharp, Chapter 11 Trustee<br><br>☐ *Movant(s) appearing without an attorney*<br>☒ *Attorney for Movant(s)* | |

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>LESLIE KLEIN,<br><br><br><br><br><br><br><br>                                          Debtor(s). | CASE NO.:   2:23-bk-10990-SK<br><br>CHAPTER:  11<br><hr>**DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION LBR 9013-1(o)(3)**<hr>[No Hearing Required] |
|---|---|

1.  I am the ☐ Movant(s) or ☒ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2.  On (*date*):   04/08/2024   Movant(s) filed a motion or application (Motion) entitled: *Motion of Chapter 11 Trustee for Order Authorizing the Production of Records of the Debtor Leslie Klein Pursuant to Fed. R. Bankr. P. 2004; Memorandum of Points and Authorities; and Declaration of Jeffrey P. Nolan in Support Thereof* [Docket No. 708] and Notice thereon [Docket No. 709].

3.  A copy of the Motion and notice of motion is attached to this declaration.

4.  On (*date*):  04/08/2024    Movant(s), served a copy of ☐ the notice of motion or ☒the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5.  Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6.  More than  17    days have passed after Movant(s) served the notice of motion.

7.  I checked the docket for this bankruptcy case and/or adversary proceeding, and no objection and request for hearing was timely filed.

8.  No objection and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

9.   Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date: __04/26/2024__                    _/s/ Jeffrey P. Nolan_____
                                        Signature


                                        Jeffrey P. Nolan_____
                                        Printed name

1  Jeffrey W. Dulberg (CA Bar No. 181200)
   jdulberg@pszjlaw.com
2  John W. Lucas (CA State Bar No. 271038)
   jlucas@pszjlaw.com
3  Jeffrey P. Nolan (CA Bar No. 158923)
   jnolan@pszjlaw.com
4  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 13th Floor
5  Los Angeles, California 90067-4003
   Telephone: 310-277-6910
6  Facsimile:  310-201-0760

7  Attorneys for Counsel to Bradley D. Sharp,
   Chapter 11 Trustee

8

9              UNITED STATES BANKRUPTCY COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                  LOS ANGELES DIVISION

12  In re                          Case No. 2:23-bk-10990-SK

13  LESLIE KLEIN,                   Chapter 11

14        Debtor.                   **NOTICE OF MOTION AND MOTION OF
                                    CHAPTER 11 TRUSTEE, FOR ORDER
15                                  AUTHORIZING THE PRODUCTION OF
                                    RECORDS OF THE DEBTOR LESLIE
16                                  KLEIN PURSUANT TO FED. R. BANKR.
                                    P. 2004; MEMORANDUM OF POINTS
17                                  AND AUTHORITIES; DECLARATION
                                    OF JEFFREY P. NOLAN IN SUPPORT
18                                  THEREOF**

19                                  **[FED. R. BANKR. P. 2004 AND L.B.R.
                                    2004-1]**
20
                                    [No Hearing Required]
21

22

23  **TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE;**

24  **THE OFFICE OF THE UNITED STATES TRUSTEE; THE PROPOSED EXAMINEE;**

25  **AND PARTIES ENTITLED TO NOTICE HEREOF:**

26        **PLEASE TAKE NOTICE THAT** Bradley D. Sharp, the duly appointed chapter 11

27  trustee (the "Trustee" or "Applicant") of the bankruptcy estate (the "Estate") of Leslie Klein (the

28  "Debtor"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004")

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4873-7213-4323.5 78512.001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  and Local Bankruptcy Rule 2004-1 ("LBR 2004-1"), hereby moves the Court (the "Motion") for

2  an Order requiring that the Debtor, **Leslie Klein** (the "Proposed Examinee") produce documents

3  disclosing the identity, relationship and financial interests maintained by the Debtor.

4         The Motion is made without a hearing pursuant to Rule 2004 and LBR 2004-1.

5         The Motion is made on the grounds that the Debtor created numerous trusts as well as

6  corporate entities wherein he controlled these entities and the flow of funds. In some cases he

7  maintained a direct interest while in others he exerts control as a trustee, administrator or by

8  appointing a family member. As the Court is aware, numerous of his former clients have filed

9  complaints over the past eight (8) years in the State Court of California, Los Angeles County

10  ("Superior Court") in which they allege monies were diverted by the Debtor and utilized for

11  improper purposes. After repeated requests directly and through his various counsel, the Debtor

12  has failed to produce personal financial statements and/or stated that he personally failed to

13  maintain records of business and personal financial interests. One year removed from the filing of

14  the Petition, the Trustee believes that the Debtor has not made adequate disclosures and has

15  concealed his interests in various legal entities or purports that he no longer owns certain entities.

16  Investigation into the various legal entities are probative of the Debtor's Schedules, other claims

17  and/or property recoverable by the Debtor's bankruptcy estate.

18         The examination cannot proceed under Federal Rules of Bankruptcy Procedure 7030 or

19  9014 because no adversary or contested proceeding is currently pending encompassing the matters

20  subject to inquiry.

21         Nothing in the Motion or Order shall impair the right of the Trustee to seek additional

22  examinations of or productions by the Proposed Examinee in the future.

23         This Motion is based on this Notice and the attached Memorandum of Points and

24  Authorities, Declaration, and the proposed order to be lodged consistent herewith.

25         The Proposed Examinee's full name and address is **Leslie Klein**.

26

27

28

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion and such other and further relief as it deems necessary, just and proper.

Dated:  April 8, 2024                    PACHULSKI STANG ZIEHL & JONES LLP


By    */s/ Jeffrey P. Nolan*
       Jeffrey W. Dulberg
       John W. Lucas
       Jeffrey P. Nolan

       Attorneys for Counsel to Bradley D. Sharp,
       Chapter 11 Trustee

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## BACKGROUND

**A.      Procedural Background and Filing of the Cases:**

On February 22, 2023, the Debtor filed a voluntary petition for relief under subchapter V of Chapter 11 of the Bankruptcy Code.

On April 24, 2023, creditors Erica and Joseph Vago filed a *Motion for Order Dismissing Debtor's Chapter 11 Bankruptcy Case* (the "Motion to Dismiss") [Docket No. 79].

On May 17, 2023, at a hearing held on the Motion to Dismiss, the Court ruled that the appointment of a chapter 11 trustee, and not dismissal of the case, was in the best interests of the estate.

On May 23, 2023, the UST filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 151], appointing Bradley D. Sharp to serve as chapter 11 Trustee (the "Trustee").

On May 24, 2023, the UST Filed an *Application for Order Approving Appointment of Trustee and Fixing Bond* [Docket No. 154], approved by order entered the same day [Docket No. 155].  On that same day, the Trustee accepted his appointment [Docket No. 156].

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**B.      Factual Background:**

On May 31, 2023, in the single in-person meeting with the Trustee, the Debtor claimed he did not maintain personal financial records. (See Declaration of Ch. 11 Trustee, Bradley D. Sharp, ¶3, attached hereto as **Ex. A**). As an attorney, accountant and trustee of thirty-plus years, the claim seemed incompatible with standard business practices and the Debtor's numerous and substantial financial dealings.

On June 8, 2023, counsel for the Trustee wrote to the Debtor's lawyers seeking the disclosure of any entity that Mr. Klein had a financial interest as well as records related thereto. (See Declaration of J. Nolan ("J. Nolan Dec."), letter dated June 8, 2023, attached hereto as **Ex. B**).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

On July 10, 2023, counsel for the Trustee appealed to different lawyers for the Debtor in an effort to garner their cooperation regarding the disclosure of entities in which the Debtor held a financial interest. (See J. Nolan Dec., email dated July 10, 2023, attached hereto as **Ex. C**). It began to become apparent the Debtor as a lawyer had incorporated various corporate entities, operated a law firm and created numerous trusts for the benefit of himself and others.

On August 10, 2023, counsel for the Trustee appealed to yet another set of lawyers, this time the Debtor's new bankruptcy counsel, to gain the Debtor's cooperation to make full and complete disclosures regarding his various financial interests. (See J. Nolan Dec., letter dated August 10, 2023, attached hereto as **Ex. D**).

On September 1, 2023, the Trustee  repeated to both counsel representing the Debtor and the Debtor's Law Firm that which should already be clear to him as to his obligations under the Bankruptcy Code, "that as petitioner in bankruptcy, the law obligates him to accurately and fully present his financial affairs".(See J. Nolan Dec., email dated September 1, 2023, attached hereto as **Ex. E**).

On December 7, 2023, the Trustee filed a Motion for 2004 Order to issue a subpoena to Lincoln Financial Group and Lincoln Insurance Company. [Docket No. 511]  A 2004 subpoena was subsequently issued by the Court.  In response thereto, Lincoln Insurance Company produced a March 24, 2022 letter evidencing that the "Leslie Klein Life Insurance Irrevocable Trust dated 06-01-2021" held a 9% interest in the Roslia Feldman death benefits policy with a face value of $10,000,000 (the "Klein Irrevocable Trust"). (See J. Nolan Dec., correspondence dated March 24, 2022, attached hereto as **Ex. F**).  The life insurance policy is active meaning it is in effect.

On March 20, 2024, the Trustee emailed the Debtor's latest lawyer (FLP Law Group, LLP) in an attempt to build a path toward resolving the representation, production, and other informational disputes that have plagued this case before and after the Trustee's appointment.[1] (See J. Nolan Dec., email dated March 20, 2024, attached hereto as **Ex. G**). However, the Debtor's

---

[1] As of this filing, the FLP Law Group, LLP has not demonstrated to the Trustee's satisfaction that his fees are being paid by a non-debtor directly or indirectly. The Trustee reserves all rights.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    initial response through his proposed counsel was underwhelming and showed that the Debtor is

2    continuing to try to divert assets away from the estate and the Trustee. For example, the Debtor

3    now contends that he only owns 50% of Bay Area Development Company ("BADCO") when his

4    schedules reflect the Debtor owns 100% and the bankruptcy schedules of BADCO also reflected

5    that the Debtor owns 100%. The Debtor now contends that the estate of his deceased spouse who

6    died approximately 12 years ago owns 50% of of BADCO as part of her marital deduction trust.

7    Incredibly, the Debtor claims no knowledge of the Klein Irrevocable Trust or whether it exists.

8    (See J. Nolan Dec., email dated March 28, 2024. ¶ 9, attached hereto as **Ex. G**)

9    The Debtor, a probate lawyer, had also created myriad of trusts for himself and family

10    members which he refused to disclose or make complete disclosures.  Many of these trusts hold

11    interests in death benefits policies in the millions of dollars that are open and a potential asset of

12    the estate.  The Debtor in Schedule A of his petition claims his deceased wife's martial trust has a

13    50% ownership in the Debtor principle residence worth millions.  However, the Debtor cannot

14    produce a complete copy of the trust agreement with assets, or the deed that reflects any

15    bifurcation of the Debtor's and his deceased wife's home (or any other assets that purportedly are

16    held by the marital deduction trust. (See J. Nolan Dec., email dated March 28, 2024, ¶ 1, attached

17    hereto as **Ex. G**). Various documents were produced incomplete: in an unexecuted form, without

18    backup or with the caveat the Debtor does not know if a trustee exists as for example with  the

19    Second Amended Klein Living Trust, and the Irrevocable Second-To-Die Life Insurance Trust.

20    (See J. Nolan Dec., email dated March 28, 2024. ¶ 10, attached hereto as **Ex. G**).

21    The Debtor operates EKLK Foundation, his solely owned and controlled charitable trust,

22    which has not produced an accounting of assets, liabilities, nor documented the value of interests it

23    owns or controls.  Klein has no monies to make available to creditors but the Trustee has learned

24    EKLK Foundation owns millions of dollars in potential payouts of insurance contracts. (See J.

25    Nolan Dec., email dated March 28, 2024. ¶¶ 8(b), 8(c), 11, attached hereto as **Ex. G**)  The Trustee

26    has yet to receive complete documents or a complete disclosure regarding the various Klein

27    Associated or Klein controlled entities.

28

## II.

### THE TRUSTEE IS ENTITLED TO A RULE 2004 ORDER UNDER APPLICABLE LAW

Bankruptcy Rule 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity." See Fed. R. Bankr. P. 2004(a). Examinations under Bankruptcy Rule 2004 include within their scope, *inter alia*, any matter that may be related to the property and assets of the estate, the financial condition of the debtor, and any matter that may affect the administration of a debtor's estate, or to the debtor's right to a discharge. See Fed. R. Bankr. P. 2004(b). In addition, the attendance of a person at an examination may be ordered by the Court "at any time or place it designates, whether within or without the district court wherein the case is pending." See Fed. R. Bankr. P. 2004(d). The Bankruptcy Court has broad discretion in issuing a 2004 examination. *In re Deshetler*, 435 B.R. 295, 302 (Bankr. S.D. Ohio 2011)

It is the debtor's duty to provide the required information of creditors and assets to a trustee which is crucial to the working of the bankruptcy system. *Clippard v. Russell (In re Russell),* 392 B.R. 315, 358 (Bankr. E.D. Tenn. 2008) The required information is needed for a variety of purposes in the administration of the bankruptcy case. *Id*. The debtor's obligation to provide the required information is a cost imposed on the debtor for the benefit of obtaining bankruptcy relief. *Id*. The Bankruptcy Code is clear, as is its interpretation under California Law, that "the Code requires a debtor to surrender to a trustee 'any recorded information, including books, documents, records, and papers, relating to property of the estate…." 11 U.S.C. §521(a)(4) Similarly, it is well settled that a Trustee is the proper party to "investigate the financial affairs of the debtor…." 11 U.S.C. §704(a)(1) &(4). *Rigby v. Mastro (in re Mastro*), 585 B.R. 587, 595 (9th Cir. B.A.P. 2018)

The purpose of a Bankruptcy Rule 2004 examination is "to allow inquiry into the debtor's acts, conduct or financial affairs so as to discover the existence or location of assets of the estate." *In re Dinbilo*, 177 B.R. 932, 940 (E.D. Cal. 1993); *see also In re N. Plaza LLC*, 395 B.R. 113, 122 n. 9 (S.D. Cal. 2008) (purpose of Bankruptcy Rule 2004 examination is "discovering assets and unearthing frauds") (internal citations omitted); *In re Fearn*, 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989) (rule's primary purpose is to ascertain "the extent and location of the estate's assets [and]

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

examination is not limited to the debtor or his agents, but may properly extend to creditors and third parties who have had dealings with the debtor.") (internal citations omitted).  In addition, Bankruptcy Rule 2004 is a discovery tool that can be used as a pre-litigation device to determine whether there are grounds to bring an action to determine a debtor's right to discharge a particular debt.  See *In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005).

The scope of an examination permitted under Bankruptcy Rule 2004 is "exceptionally broad."  *In re N. Plaza LLC*, 395 B.R. at 122 n. 9; *see also In re W&S Investments, Inc.* 1993 U.S. App. LEXIS 2231 at *6 (9th Cir. Jan. 28, 1993) ("The scope of inquiry permitted under a Rule 2004 examination is generally very broad and can legitimately be in the nature of a 'fishing expedition.'") (internal citations omitted).  This broad inquiry extends to third parties as well: "Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation."  *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993); *see also In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. D. Wis. 1984) ("When there is a showing that the purpose of the examination is to enable a party to probe into matters which may lead to the discovery of assets by examining not only the debtor, but also other witnesses, such inquiry is allowed.").  This is because "[t]he clear intent of Rule 2004 . . . is to give parties in interest an opportunity to examine individuals having knowledge of the financial affairs of the debtor in order to preserve the rights of creditors."  *In re GHR Companies, Inc.*, 41 B.R. 655, 660 (Bankr. D. Mass. 1984).

Two facts are clear at this juncture.  <u>First</u>, the Debtor's disclosure has been inadequate or non-existent to date.  Rather than make disclosures required under the Bankruptcy Code and the Bankruptcy Rules, the Debtor prefers to employ a multitude of lawyers to issue rebuttals to the Trustee that are incomplete and evasive.  (See **Ex. D**). A Rule 2004 order on the specific topics raised therein will make clear that absent compliance, in addition to flouting the Bankruptcy Code and Bankruptcy Rules, the Debtor is violating a court order directing him to make a complete disclosure on these topics.

<u>Second</u>, the Trustee has located a number of Klein Associated entities both as incorporated entities and as trusts that the Debtor either did not disclose when he was under an affirmative

8

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

obligation to do so or at best simply acknowledges without properly documenting.  The Trustee is directed under the Bankruptcy Code to investigate and the demand for full disclosure concerning the business dealings of the Debtor and the various trusts which implicate the rights of all creditors is proper.  11 U.S.C. §704(a)(1) &(4).  As set forth above, the Trustee has made numerous requests of the Debtor's lawyers and the responses have been elusive and incomplete. Good cause exists to issue the subpoena as the Trustee must locate reliable records for the administration of the estate and the records which will impact ongoing investigations, claims, assets and the administration of the estate.

The proposed examination cannot proceed at this time under Bankruptcy Rule 7030 or 9014 because Debtor is not a party to any pending adversary proceeding or contested matter that encompasses the matters addressed in this Motion.

### III.

### CONCLUSION

For the reasons set forth above, the Trustee respectfully requests that this Court enter an order substantially in the form to be lodged granting this Motion in its entirety and (a) authorizing the Trustee, pursuant to Bankruptcy Rules 2004 and 9016, to issue a subpoena substantially in the form attached to the J. Nolan Dec. as **Ex. H**, for the production of the operative documents and

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  financial records, and (b) granting such other and further relief as this Court deems just and

2  proper.

3  Dated:  April 8, 2024                              PACHULSKI STANG ZIEHL & JONES LLP

4

5                                                     By   */s/ Jeffrey P. Nolan*

6                                                          Jeffrey W. Dulberg
                                                          John W. Lucas
7                                                          Jeffrey P. Nolan

8                                                          Attorneys for Counsel to Bradley D. Sharp,
                                                          Chapter 11 Trustee
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4873-7213-4323.5 78512.001                              10

## DECLARATION OF JEFFREY P. NOLAN

I, Jeffrey P. Nolan, declare:

1.    I am an attorney at law duly licensed to practice before all courts in the State of California.  I am an attorney with the law firm of Pachulski Stang Ziehl & Jones LLP, proposed attorneys of record for Bradley D. Sharp, Chapter 11 Trustee of the estate of Leslie Klein.  The facts stated herein are of my own personal knowledge, or made known to me from a review of the files and pleadings in this action which are maintained in the ordinary course of business.  If called upon as a witness to any facts set forth herein, I could and would competently testify thereto.

2.    The examination requested through the Motion cannot proceed under Federal Rules of Bankruptcy Procedure 7030 or 9014 because no adversary proceeding or contested matter is currently pending encompassing the matters subject to inquiry.

3.    Attached hereto as **Exhibits A,** is a true and correct copy of the Declaration of Bradley Sharp executed September 19, 2023, and lodged with the Court for various 2004 motions including for the examination of Invesco, Ltd. seeking the production of records.

4.    Attached hereto as **Exhibit B,** is a true and correct copy of the June 8, 2023, correspondence issued to Eric Olsen, counsel to the Debtor, from the Trustee as maintained in this office.

5.    Attached hereto as **Exhibit C** is a true and correct copy of an email dated July 10, 2023, issued by the undersigned to Terence Nunan, counsel to the Debtor, referencing my earlier email to Eric Olson, counsel to the Debtor, as maintained in this office.

6.    Attached hereto as **Exhibit D** is a true and correct copy of  the August 10, 2023, correspondence issued to Michael Kogan, counsel to the Debtor, from the Trustee as maintained in this office.

7.    Attached hereto as **Exhibit E** is a true and correct copy of an email dated September 1, 2023, issued by the undersigned to Marc Lieberman, counsel to the Law Firm of Les Klein & Associates, as maintained in this office.

8.    Attached hereto as **Exhibit F** is a true and correct copy of the March 24, 2022, correspondence produced by Lincoln Insurance Company in response to the subpoena issued to

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Lincoln Insurance Company, a true and correct copy of which was bate stamped and maintained in

2  the files of this firm.  Counsel to the Trustee maintains a copy of the affidavit from the custodian

3  of records which will be produced should the authenticity of the letter be questioned.

4          9.      Attached hereto as **Exhibit G** is a true and correct copy of the March 28, 2024,

5  email exchanged between the undersigned and new counsel for the Debtor, Marc Lieberman.

6          10.     The Trustee has issued numerous emails to the Debtor's various counsel and

7  recently demanded the documents at issue from the Debtor's new counsel.  The moving party has

8  met and conferred on these issues pursuant to Local Bankruptcy Rule 2004-1(a)

9          11.     The Debtor therefore requests authority to issue a subpoena to the Proposed

10  Examinee substantially in the form attached as **Exhibit H** to this Declaration.

11          I declare under penalty of perjury pursuant to the laws of the United States that the

12  foregoing is true and correct.

13          Executed this 8th day of April , 2024, at Los Angeles, California.

14

15                                          _/s/ Jeffrey P. Nolan_____
                                             JEFFREY P. NOLAN

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

## DECLARATION OF BRADLEY D. SHARP

2       I, Bradley D. Sharp, declare:

3       1.       I am the President and CEO of Development Specialists, Inc. ("DSI" or the "Firm").

4 I have personal knowledge of the facts stated in this Declaration, and if called as a witness, I could

5 and would testify competently to these facts.

6       2.       I make this declaration in support of the application (the "Application") filed by the

7 Trustee seeking an Order Authorizing the Production of Documents and Examination of Invesco

8 Ltd., Pursuant to Fed. R. Bankr. P. 2004.

9       3.       I met with the Debtor on or about May 31, 2023. At that time, the Debtor indicated

10 he did not maintain personal financial records for the various assets disclosed on his schedules. The

11 Debtor claimed he did not maintain records for his financial affairs.

12       I declare under penalty of perjury pursuant to the laws of the United States that the foregoing

13 is true and correct.

14       Executed this 19th day of September, 2023, at New York, New York.

15

16

17                            Bradley D. Sharp

18                            Chapter 11 Trustee

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY
COSTA MESA, CA

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

TELEPHONE: 310/277 6910
FACSIMILE: 310/201 0760

SAN FRANCISCO
ONE SANSOME STREET, 34TH FLOOR, STE. 3430
SAN FRANCISCO
CALIFORNIA 94104-4436

TELEPHONE: 415/263 7000
FACSIMILE: 415/263 7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302/652 4100
FACSIMILE: 302/652 4400

NEW YORK
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700
FACSIMILE: 212/561 7777

TEXAS
440 LOUISIANA STREET
SUITE 900
HOUSTON
TEXAS 77002

TELEPHONE: 713/691 9385
FACSIMILE: 713/691 9407

WEB: www.pszjlaw.com

Jeffrey W. Dulberg

June 8, 2023

310.772.2355
jdulberg@pszjlaw.com

**Via Email**

Eric Olson
E J Olson Law
301 E. Colorado Blvd, Ste 520
Pasadena, CA 91101

Re:    LESLIE KLEIN (Case No. 2:23-bk-10990-SK)

Dear Mr. Olson:

As you are aware, Bradley D. Sharp is the duly-appointed trustee (the "Trustee") for the bankruptcy estate of Leslie Klein ("Mr. Klein") in the above-referenced case. The following information request is made pursuant to 11 U.S.C. § 1106 and Bankruptcy Rules 2015 and 2015.3 pertaining to information relating to Mr. Klein and his bankruptcy estate. Mr. Klein should provide answers in writing to the Trustee by the date referenced in each request below.

**Credit Cards and Other Financing**

By Monday, June 12, 2023, please provide to the Trustee a listing and copies of monthly statements of any and all credit card accounts or lines of credit open under the name of Mr. Klein or for his benefit for the time period of February 1, 2023 through today.

If there are any credit card accounts or lines of credit that remain open under Mr. Klein's name or for his benefit, Mr. Klein must close each of them **immediately** and provide proof of such account closure to the Trustee by Monday, June 12, 2023.

**Computer, E-tablet, Telephone and Email Preservation**

Mr. Klein, and any other person or entity in control of the following information (including his counsel and former counsel), shall immediately preserve, and must not destroy, any information on any of Mr. Klein's computers (laptops and desktops), hard drives, e-tablets, and telephones (collectively, the "Electronic Devices") or

DOCS_LA:349468.1 78512/001



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES

June 8, 2023
Page 2

any such Electronic Devices that are used by Mr. Klein or for his benefit.

By Friday, June 9, 2023, Mr. Klein must coordinate a meeting with the Trustee's team for either Monday, June 12, 2023 or Tuesday, June 13, 2023 for the purpose of meeting with the Trustee's team and a representative of a company that specializes in preserving electronic data. Mr. Klein must come prepared with his Electronic Devices and the information necessary to access such Electronic Devices. In addition, Mr. Klein should be able to access his Gmail, EarthLink and/or any other email accounts so their contents may be preserved. The Trustee and his staff are available to meet in the Trustee's office from 9 AM to 4 PM on June 12 and 13, 2023. The Trustee and his staff are open to an alternative location as necessary.

## Doctors Marketing Group, LLC

By Friday, June 16, 2023, please provide the Trustee the following information pertaining to the gift from Doctors Marketing Group, LLC to Mr. Klein or for his benefit:

- History of Mr. Klein's (or any company in his control) relationship to Doctors Marketing Group, LLC, since the inception of Doctors Marketing Group, LLC.
- History of Mr. Klein's relationship to Mr. Eli Zobdeh.
- Explain any instances where Eli Zobdeh has ever been authorized or has ever used Mr. Klein's social security number for any purpose.
- Confirm that Mr. Klein and any of his family members or their spouses, immediate or distant, do not currently own or have any economic interest in Doctors Marketing Group, LLC, either now or in the past.
- Confirm that Mr. Klein has never held a manager, officer or director position with Doctors Marketing Group, LLC, or otherwise describe such position.

## Reports of Entities Mr. Klein Holds a Financial Interest

By June 22, provide to the Trustee financial reports of the value, operations, and profitability of each entity that is not a publicly



PACHULSKI

STANG

ZIEHL

JONES

LAW OFFICES

June 8, 2023
Page 3

traded corporation or a debtor in a case under title 11, and in which
Mr. Klein holds a substantial or controlling interest.

Please reach out to my office or the Trustee if you have any
questions.

Very truly yours,

Jeffrey W. Dulberg

cc Trustee

# EXHIBIT C

**From:** Jeffrey P. Nolan
**Sent:** Monday, July 10, 2023 10:13 PM
**To:** 'Tnunan@pmcos.com' <Tnunan@pmcos.com>
**Cc:** 'eric@EJOlsonLaw.com' <eric@EJOlsonLaw.com>; Jeffrey Dulberg <jdulberg@pszjlaw.com>; John W. Lucas <jlucas@pszjlaw.com>
**Subject:** FW: Sharp - Letter to Eric Olson

Terence,

It was a pleasure to make your acquaintance at the hearing in Superior Court today. As you know, I represent the duly appointed Chapter 11 Trustee, Bradley D. Sharp.

As I indicated at the hearing, the Trustee has not been getting the cooperation of the Debtor which is required under the Bankruptcy Code and, quite frankly, customary. I appreciate your offer to facilitate the forwarding of such information.

There are a number of outstanding matters starting with the issue of apparent lapses in coverage to various estate assets. The trustee has attempted to confirm coverage directly to insurance providers but those providers are rrequesting the cooperation of the insured/Debtor. There has been no response to the attached letter dated June 30, which requested a response by July 7.

I have also included the email below which preceded it.

Best Regards,

3

Jeffrey P. Nolan
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
jnolan@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

**From:** Jeffrey P. Nolan
**Sent:** Wednesday, June 28, 2023 11:07 AM
**To:** 'eric@EJOlsonLaw.com' <eric@EJOlsonLaw.com>
**Cc:** John W. Lucas <jlucas@pszjlaw.com>; Jeffrey Dulberg <jdulberg@pszjlaw.com>
**Subject:** FW: Menlo Trust-Life Insurance Policies & Various other matters
**Importance:** High

Eric,

The information you provided on June 23, 2023, was not responsive to the request of the Trustee on numerous pending issues as well as to the administration of the case in general. Please remind Mr. Klein that he has a duty to produce this information as a debtor in bankruptcy. I have outlined the status of the various unfulfilled requests below.

1.      **Menlo Trust:**

        The Trustee requested documents on three occasions June 7, 14, and 20, to support the contention made at the June 5th hearing that the Debtor is entitled to compensation out of the Life Insurance proceeds contemplated by Judge Luna to be disbursed to the Menlo Trust beneficiaries. I appreciate the explanation provided below but the explanation is not a substitute for the documents requested to assess and persuade the Superior Court that interests of the Debtor are involved.

        As you may recall, at the hearing Mr. Weingarten specifically asked if the documents supporting the claims of Mr. Klein would be provided to counsel. You advised the Court such documents would be forthcoming "soon". I do not know if Mr. Weingarten made a formal demand upon you after the hearing, but I interpreted the exchange with the Court to mean such production by Mr. Klein would be immediately forthcoming. The Interim Order can be reasonably interpreted as demanding such documents be produced in short order or the issue viewed as abandoned or without a factual basis. The Trustee is concerned that the continued inability of Mr. Klein to produce the documents you indicated would be forthcoming, yet have not been produced, will result in the loss of such claims. Said another way, we cannot press the issue without Mr. Klein's cooperation and the production of the requested records. As you know, argument of counsel is not a substitute for evidence.

2.      **Computers/phones/lap tops:**

The Trustee provided two dates for Mr. Klein to meet representatives of the Trustee with respect to his electronic devices. Neither June 12 or 13th were satisfactory to Mr. Klein. He again ignored our request of June 22 for arranging of a meeting. We will provide one last occasion to promote the meeting before we seek intervention of the bankruptcy court: please forward the following dates for Mr. Klein's consideration: **June 30, or July 3, prior to 1:00pm.** Please select one.

3.      **Credit Cards:**

By letter dated June 8, the Trustee requested not later than June 12 a list and copies of monthly credit card statements under the Debtor's name and confirmation such accounts were closed. This is a simple request.

Please produce such records no later than **June 30th** at 5pm at the law offices of PSZJ Law, 10100 Santa Monica Blvd., Suite 1300, Century City, or by electronic submission to my attention.


5.      **Doctors Marketing Group:**

By letter dated June 8, the Trustee requested the following information pertaining to the gift from Doctors Marketing Group, LLC to Mr. Klein or for his benefit:

-History of Mr. Klein's (or any company in his control) relationship to Doctors Marketing Group, LLC, since the inception of Doctors Marketing Group, LLC.

-History of Mr. Klein's relationship to Mr. Eli Zobdeh.

-Confirm that Mr. Klein and any of his family members or their spouses, immediate or distant, do not currently own or have any economic interest in Doctors Marketing Group, LLC either now or in the past.

-Confirm that Mr. Klein has never held a manager, officer or director position with Doctors Marketing Group, LLC, or otherwise describe such position.


6.      **Reports of Entities the Debtor Holds a Financial Interest**

By letter dated June 8, the Trustee requested not later than June 22, (a) list of entities and (b) the financial reports of value in which the Debtor holds an interest. Again, this request was ignored .

Please produce such records no later than **June 30:**

7.      **Palm Springs Condominium:**

        Real Property located at 2560-B Whitewater Club Drive Palm Springs, CA.
        According to the Debtor's schedules, the property is listed as a vacation home. We have learned that there are rental occupants in the condominium. Are the occupants renters and if so please forward the contact information for the occupants and the lease to my attention no later than June 30.

8.      **Insurance:**

It is standard practice in a bankruptcy case that a debtor cooperate to insure assets are protected and that the Trustee and the United States Trustee be listed as additional insureds on various real and personal property.
Add Bradley D. Sharp, Chapter 11 Trustee to Leslie Klein and the UST as additionally insured to all Mercury insurance policies. Insurance provided by Mercury Insurance which we are advised to be in existence:

- Policy # 040104100290658 (Mercury Auto Policy)
- Policy # CAHP 0000757684 (Real Property policy – 3752 Ocean Drive)
- Policy # CAHP 00001156913 (Real Property policy – 322 N. June Street)
- Policy # PK 01017211 (Umbrella policy)

Please list the following as additional insureds:

Bradley S. Sharp, Chapter 11 Trustee              Office of the United States Trustee
333 S. Grand Ave., Suite 4100                     915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90071                             Los Angeles, CA 90017

- Provide updated declaration pages.
- Date the insurance premiums are paid through.

Your immediate attention to this matter is requested.

Best Regards,

Jeffrey P. Nolan
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
jnolan@pszjlaw.com
vCard | Bio | LinkedIn

Los Angeles | San Francisco | Wilmington, DE | New York | Houston

# EXHIBIT D



**PACHULSKI
STANG
ZIEHL
JONES**

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY
HOUSTON, TX

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067-4003

**TELEPHONE:** 310.277.6910
FACSIMILE: 310.201.0760

**SAN FRANCISCO**
ONE SANSOME STREET, 34TH FLOOR, STE. 3430
SAN FRANCISCO
CALIFORNIA 94104-4436

**TELEPHONE:** 415/263 7000
FACSIMILE: 415/263 7010

**DELAWARE**
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE:** 302.652.4100
FACSIMILE: 302.652.4400

**NEW YORK**
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE:** 212.561.7700
FACSIMILE: 212.561.7777

**TEXAS**
440 LOUISIANA STREET
SUITE 900
HOUSTON
TEXAS 77002-1062

**TELEPHONE:** 713.691.9385
FACSIMILE: 713.691.9407

WEB: www.pszjlaw.com

Jeffrey P. Nolan                    August 10, 2023                    jnolan@pszjlaw.com

Michael S. Kogan
KOGAN LAW FIRM, APC
11500 W. Olympic Blvd., Suite 400
Los Angeles, California 90064

   Re:  Trustee's Outstanding Information Requests

Dear Michael:

   Thank you for the email on August 8, 2023, in response (the "Response") to the Trustee's outstanding demands for information from Leslie Klein (the "Debtor"). I realize you have only been recently retained, however, the Trustee has sought this information from the Debtor and his prior sets of lawyers for several months, to no avail. The Debtor's responses should be meaningful, supported by the requested documents and data, and not merely a rebuttal. For ease of reference, I will address key outstanding issues in the order we have discussed:

   1.  Credit Card Accounts/Lines of Credit/Statements

- The Response did not address lines of credit. The Debtor must confirm that all lines of credit were disclosed and any such lines of credit are closed? Like all of the other requests, the Trustee needs documents to support this request.

- We asked for copies of the monthly statements for both the credit cards and lines of credit. Please provide the statements for each credit card account and each line of credit. If the Debtor would prefer to forward the user name and password, we can access this electronically and alleviate his burden.

DOCS_LA:350469.4 78512/001



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES

Michael S. Kogan
August 10, 2023
Page 2

2.      Home laptop and iPhone

- The Trustee has selected a third party vendor who will scan and image the Debtor's home computer, laptop, iPhone, and other devices storing electronic data. The vendor is available to meet the Debtor at his residence at 622 June Avenue, Los Angeles, on either August 15th or 18th, 2023, beginning at 9:00 am. Someone from the Trustee's office will be available to accompany the vendor.

- In the interim, and prior to the Trustee's review of the data, the Trustee will agree that he will not review any of the data until we agree or the Court approves a screening protocol that will outline which information the Trustee and his advisors can review.

- The Court approved protocol will also serve to protect the attorney/client privilege that the Debtor has with his clients. We also need to discuss the scope of the attorney/client issues with respect to the Debtor, you and his former counsel, and the Trustee as certain information and communications will be property of the estate that the Trustee has control over.

- For now, we recommend entering into a standard confidentiality stipulation and order that maintains the status quo until we can flesh out the details.

3.      Information Re: Doctors Marketing Group, LLC ("DMG"):

- Even if DMG has been suspended you have not answered our questions. The Trustee needs documents regarding the Debtor's oversight/control/role over/in DMG or any other company's control over DMG that the Debtor owns, has an interest in, or controls either directly or indirectly.

- If the Debtor's spouse owns 20% of DMG, provide documentation showing that interest, how and when she acquired that interest. In addition, provide documentation that shows how this interest is independently owned by the Debtor's spouse and is not community property.



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES

Michael S.Kogan
August 10, 2023
Page 3

- Documents regarding the DMG retainer (source, agreements, recipients). How did DMG make these payments if it is suspended?

  4.    Mr. Zobdeh:

- Disclose all formal and informal relationships with Mr. Zobdeh. This includes the ventures, entities, partnerships or business ventures for which he was involved with Mr. Zobdeh, the years, and the nature of the business, and any outstanding obligations whether they run outbound or inbound.

  5.    Retainers

- The Trustee requested copies of any payment documents and any agreement or documentation surrounding any retainer payment, be it email or otherwise with respect to his former and current counsel (bankruptcy and non-bankruptcy counsel).

- Documentation showing the source of payment for all past and current counsel (bankruptcy and non-bankruptcy counsel).

  6.    Documentation supporting the Debtor's entitlement to compensation from life insurance proceeds from the Menlo Trust

- We have received a number of documents from Terrence Nunan.  It remains unclear which documents forwarded are responsive to this issue.

- Please forward any such documents to my attention.  Since you may have learned by now that the Menlo litigation is extensive and convoluted, please identify where in the document and provide some clarity as to the basis for the right.

- I have been in state court a number of times now and heard multiple bases for compensation claims by the Debtor's lawyers but none of it has been substantiated. We would like to ensure the Trustee has the correct information.



PACHULSKI

STANG

ZIEHL

JONES

LAW OFFICES

Michael S. Kogan
August 10, 2023
Page 4

 7.   Detail of amounts due to the Debtor from Menlo
      Trust

- Please have the Debtor contact White, Zuckerman since he has
  the relationship and direct them to forward
  any responsive documents to my attention.

 8.   Jeffrey Winter Complaint Re: Frank Menlo

- We reviewed the above-referenced complaint and the Trustee is
  not clear why you are forwarding the complaint to him?

- Has the state court made any rulings in connection with the
  complaint? If yes, please send us those rulings.

- How does this complaint relate to the general Menlo litigation
  that is directed at the Debtor?

 9.   Life Capital Group, LLC ("LCG")

- Documents that show all distributions made from LCG and who
  the distributions where made to.

- Are there any agreements or documents that limit or alter the
  Debtor's role in LCG? If yes, please send those agreements or
  documents.

- What role does the Debtor currently have in LCG? Is the Debtor
  fulfilling that role now? Please explain.

 If you have any questions, please do not hesitate to contact
the undersigned.

 Very truly yours,

 Jeffrey P. Nolan

# EXHIBIT E

**From:** Jeffrey P. Nolan
**Sent:** Friday, September 1, 2023 5:25 PM
**To:** 'Marc Lieberman' <marc.lieberman@flpllp.com>
**Cc:** Jeffrey Dulberg <jdulberg@pszjlaw.com>; John W. Lucas <jlucas@pszjlaw.com>; 'Michael Kogan'
<mkogan@koganlawfirm.com>
**Subject:** RE: Workshare Compare Document Distribution

Marc,

Once you forward over the executed Stipulation for Confidentiality Agreement, I will turn it back around to you.

Thank you for discussing the document production of the Les Klein & Associates (the "Law Firm") to the Trustee's 2004 Examination. With respect to the Law Firm, you confirmed the Debtor has turned over various bekins boxes for your review. I believe you remarked that the Debtor has not yet turned over various corporate documents such as the articles of incorporation, by-laws, policies of insurance in place. etc. Those would have been the documents I was expecting be immediately produced without any issue over the confidentiality etc. Given our discussion, is my understanding correct that the production will take place next week?

Second, I reiterated how the Trustee representatives met Mr. Klein at the Law Firm following the filing of the Petition. Your belief as expressed today is the Law Firm is still operating. I wish it to be clearly relayed to the Debtor that which should already be clear, that as a petitioner in bankruptcy, the law obligates him to accurately and fully present his financial affairs. I know you are aware of this fact, but I am purposely making a record to make clear that all business and financial records of the Law Firm are to be maintained including the computer equipment, server, accounting records and client files of the Law Firm. If at any time the Debtor chooses to move his offices or close them, the personal records of Debtor and for the Law Firm he controls are to be maintained in good clean and working order.

With respect to the Debtor's deposition as custodian of the records of the Law Firm, set for Sept. 8th, you indicated there was a conflict with your schedule and could we push out the deposition one week or to a convenient date. I certainly would seek to accommodate your schedule so let's discuss the dates as to when I will receive the documents and other dates for the Debtor's deposition.

I think we are on the same page about the documents, records, the 2004 Exam, but If I misunderstood any of our conversation, please feel free to correct me.

Have a great weekend.

Jeff

Jeffrey P. Nolan
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
jnolan@pszjlaw.com
vCard | Bio | LinkedIn



# EXHIBIT F



The Lincoln National Life Insurance Company
100 North Greene Street
P.O. Box 21008
Greensboro, NC 27420-1008

March 24, 2022

Wilmington Trust, Na
300 Park Street Ste 390
Birmingham, MI 48009

Issuing Company: The Lincoln National
Life Insurance Company
Policy: JJ7033900
Insured: Rosalia Feldman

Dear Policyowner:

The beneficiary designation for your policy has been changed to the following:

**Beneficiary:**

| Beneficiary Name | Beneficiary Designation | Relationship | Beneficiary % | Effective Date |
|---|---|---|---|---|
| WILMINGTON TRUST NA | Primary Beneficiary | | 65% | 12/09/2021 |
| ROBERT MERMELSTEIN | Primary Beneficiary | | 25% | 12/09/2021 |
| LESLIE KLEIN LIFE INSURANCE IRRECOCABLE TRUST DATED 06-01-2021 | Primary Beneficiary | | 9% | 12/09/2021 |
| CONGREGATION ZWEHIL OF MONSEY | Primary Beneficiary | | 1% | 12/09/2021 |

If you have any questions, please call us at the phone number listed below and we will be happy to assist you. Our Customer Care Representatives are available Monday through Friday between the hours of 8:00 a.m. and 6:00 p.m. (Eastern Time).

For additional information about Lincoln Financial Group, visit our website at LincolnFinancial.com.

Sincerely,
Life Customer Service and Claims
800-487-1485

*Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates. LincolnFinancial.com*
*The Lincoln National Life Insurance Company is domiciled in Fort Wayne, IN.*

LCN-1228467-061615 UL

LINCOLN006717

# EXHIBIT G

**Subject:**          FW: Leslie Klein Info
**Attachments:**      1990-04-08 Second Amended Klein Living Trust.pdf; 2012-12-12 Erika Klein Death
                      Certificate.pdf; 2017-01-27 Allianz Letter re Barbara Holtzman.pdf; 2006-01-25 Klein
                      Irrevocable Trust.pdf

**From:** Marc Lieberman <marc.lieberman@flpllp.com>
**Sent:** Thursday, March 28, 2024 12:03 PM
**To:** John W. Lucas <jlucas@pszjlaw.com>
**Cc:** Jeffrey Dulberg <jdulberg@pszjlaw.com>; Jeffrey P. Nolan <jnolan@pszjlaw.com>
**Subject:** RE: Leslie Klein Info

John:

The email below responds to you first 12 categories of questions.  I'm working on getting
documents and responses to your question 13 (regarding Bay Area Development, EKLK, Big
Boyz, and Doctors Marketing Group.)

1.  Deceased wife's trust agreement (and all amendments).  A copy of the 23-page
    Second Amended Klein Living Trust dated April 8, 1990 ("Klein Living
    Trust")is attached, along with a copy of Erika Klein's death certificate.  The
    Marital Deduction Trust, which is the irrevocable trust presently in effect,
    begins at the bottom of page 4.  I have requested from Mr. Klein a list of all of
    the assets that were held in the Trust on the date Erika passed and that are
    owned by the MTD today.

2.  Has your firm received the $30,000 retainer?  If yes, need source of payment and back-
    up for the same.  On March 12, 2024, our firm received by credit card payment
    the first $5,000 of the $30,000.  We have yet to receive any other portion of the
    $30,000.  It has recently been brought to my attention that the credit card
    confirmation receipt states that the "Account Holder" is Bay Area
    Development Co ("BADC").  This is troubling to me, because BADC is not
    Barbara and is scheduled as being owned 100% by Les Klein.  I have asked
    our bookkeeper reverse the charge.  It is unclear whether Barbara will
    replace those funds.  Candidly, this may impact our firm's ability to proceed
    with Les's representation.  (Note: Les explains that his schedules are

1

incorrect in that he only owns 50% of BADC and that the MTD owns the other 50%.)

3. Klein received $1,250,000 in connection with the Life Capital/Rechnitz settlement in Dec. 2022; where did that money go? Les says that his attorney Jeff Slot received $1.25M of which he transferred 1.094M to Les, keeping the balance for legal fees. Of that amount, Les paid $1M to Andrew and Yvette Gardner and paid the $94,935.30 balance to Andor Gestetner.

   a. Per the settlement agreement between LCG and Klein, Security Life of Denver was to pay Jeffrey Slott (Mr. Klein's attorney) $1,250,000 directly. Correct. It appears the payment to Slott occurred because on December 22, 2022, LKA received a wire from Slott in the amount of $1,094,935.30 with a memo "LIFE CAPITOL GROUP SETTLEMENT". Correct. Is it correct that Mr. Klein is still owed $500,000 from the LCG settlement **Correct** and those funds appear to be sitting in a Klein payable account on LCG's books? Les does not know.

4. Documentation regarding the life insurance policies/interest that Les Klein & Associates holds (per deposition testimony). Les believes that he has documentation and is looking for it.

5. Original 2021 tax return; and all schedules and supporting documents. Les states that he has provided a copy of this return, schedules and supporting documents from his accountant Polina Tsikman. Les is in the process of obtaining another copy.

6. Status regarding 2022 and 2023 tax returns; who is preparing it? These returns are being prepared by Polina Tsikman.

7. Klein authorization permitting Trustee to engage wit Google to obtain emails in the various Klein email accounts. Les will not provide this authorization.

8.  Identification of all trusts, where Leslie Klein is the trustee, beneficiary, or administrator.

a.  The Barbara O. Holtzman Trust.  Ms. Holtzman passed in 2017.  The beneficiaries of the trust are (i) the Holtzman Family ($800,000); EKLK Foundation (50% less $400,000) and SYPR Foundation (50% less $400,000).  The only asset of the trust was an insurance policy, which paid $8,011,178.08.  The insurance check was paid to "National Society for Hebrew Day School" ("Hebrew Day School")  See attached letter from Allianz.  Les does not know why the insurance proceeds were not paid to the trust.  Les states that $800,000 of the proceeds of the policy were not paid to the Holtzman family as they should have been.  Les further states that the EKLK Foundation has received none of the proceeds.  Les believes that Rechnitz or his SYPR Foundation directed the payment of the funds to the Hebrew Day School.  Les is the trustee of the EKLK Foundation.

b.  Louis Goodkin Trust.  Mr. Goodkin is living.  The sole asset of this trust is a $5 million American General Life insurance policy on Mr. Goodkin's life.  The beneficiaries of the Good Trust are (i) the Goodkin Family (10%); (ii) the SYTR Foundation (45%) and (iii) the EKLK Foundation (45%).  Les is the Trustee of the EKLK Foundation.

c.  The Agnes Roth Trust.  Ms. Roth (92) is living.  The sole asset of this trust is a $6 million insurance policy on Ms. Roth's life.  The beneficiaries are the (i) the Agnes Roth children (10%); (ii) the EKLK Foundation (45%) and the STYR Foundation (45%).  Les is trustee of the Agnes Roth trust.  Les is the trustee of the EKLK Foundation.

d.  The Eugene Kohn Trust.  Mr. Kohn passed in 2023.  Les is uncertain whether he remains trustee of the Eugene Kohn Trust.  The beneficiaries of the Kohn Trust  are: the Kohn family (10%); Life Capital

3

Group LLC ("LCG") (90%) The members of LCG are: Shlomo Rechnitz (50%); Leslie Klein individually (25%); and Leslies as trustee of the MDT (25%). The sole asset of the Eugene Kohn Trust was an American General life insurance policy. The policy was a $4 million policy plus return of premiums. The agreement among the LCG members is that they would first receive a preferred return on the premiums they had paid for the policy. Les estimates that Shlomo Rechnitz received the entire amount of the policy proceeds (approx. $6 million). Of that amount, Les is informed that Shlomo Rechnitz caused Les's Chapter 11 trustee to be paid $1.5 million, but Rechnitz has caused nothing to be paid to the Kohn family or the MDT. Les is (for now) trustee of the MTD.

e. <u>The Judith Frankel Trust</u>. Ms. Frankel, a member of the Menlo family, is deceased. Les is the trustee of the Judith Frankel Trust. The Judith Frankel Trustee is a 1/5 remainder beneficiary of the Sam and Vera Menlo Trust.

f. <u>Rosie Zimmerman Trust.</u> Rosie Zimmerman is alive. The Rosie Zimmerman Trust is the beneficiary of a $9 million American General return of premium policy (est. value $12-$14 million). Les recalls that LCG (90%) and the Zimmerman family (10%) are the sole beneficiaries of the Kohn Trust. Shlomo Rechnitz (45%); Leslie Klein (22.5%); and the MDT (22.5%) are the members LCG. Les is uncertain whether he remains trustee of the Zimmerman Trust. He is looking into this.

g. <u>The David Y. Green Trust</u>. Mr. Green died in about 2019. Les is the trustee of Mr. Green's trust. The David Green Trust formerly owned 50% of 3752 Ocean Blvd, Oxnard, California ("Property"). The Property was sole in 2023 by the Chapter 7 trustee. The David Green Trust has a claim to 50% of the proceeds of that sale. In addition, Leslie Klein individually assigned 20 percentage points (about $1 million) of his

4

22.5% beneficial interest in the Eugene Kohn Trust or the Eugene Kohn
insurance policy. Les estimates that he is owed fees in excess of
$250,000 for his work in connection with the David Y. Green Trust. Les
estimates that the value of assets in the David Y. Green Trust to be
about $2.5 million.

h. <u>Andrew Friedman Trust</u>. Andrew Friedman is a deceased relative of
Les. Les is the trustee. The assets of the trust consist a wrongful death
claim that is being litigated an homeowner's insurance policy. Les is
presently owed no money from this trust.

i. <u>The Sam Menlo and Vera Menlo Trusts</u>. Sam and Vera Menlo have
passed. Les was the original trustee all of the Menlo Trusts. Les was
removed by the probate court as trustee of the Menlo Trusts in April or
May of 2023, during the pendency of the instant case. The successor
trustees are Frank Menlo and Jeffrey Winter. It is unclear whether or
not probate court order is void on account of the instant
case. However, Les has not exercised any control of the Menlo Trusts
since he was removed by the probate court. Les claims to be owed $4.2
million in trustee fees for his work for the Menlo Trusts.

j. <u>The Menlo Grandchildren's Trusts</u>. There a several dozen trusts
created by Sam and Vera Menlo for the benefit of their
grandchildren. The trusts hold stocks and cash. Les is uncertain
whether he remains the trustee of the Menlo Grandchildren's
Trusts. Les believes that he is owed trustee fees for his services to the
Menlo Grandchildren's Trusts. He is uncertain of the amount.

k. <u>The Menlo Great-Grandchildren's Trusts</u>. There a several dozen trusts
created by Sam and Vera Menlo for the benefit of their
grandchildren. The trusts hold stocks and cash. Les is uncertain
whether he remains the trustee of the Menlo Grandchildren's

Trusts. Les believes that he is owed trustee fees for his services to the Menlo Great-Grandchildren's Trusts. He is uncertain of the amount.

9. <u>Leslie Klein Life Insurance Irrevocable Trust Dated 06-01-2021</u> Les does not know what this trust is or whether it exists.

    a. Trust agreement and all amendments

    b. Emails and documents exchanged with Yacov Lunger

        i. How and why is he the trustee of the trust?

        ii. Is he still the trustee?

    c. Assets currently or previously owned by this trust.

    d. Emails and documents exchanged with the Congregation of Zwehil of Monsey

10. <u>The Klein ILIT Dtd 01/25/06 Kenneth Klein Ttee (Irrevocable Life Insurance Trust ("ILIT"))</u>

    a. Trust agreement and all amendments. A copy of this trust is attached.

    b. Information relating to Ken Klein as Trustee

        i. Is he still the trustee? No. Les does not know whether or not the trust has a trustee.

    c. Assets currently or previously owned by this trust.

        i. Security Life of Denver Policy # 911627690 (Leslie and Erika Klein) in the amount of $5,000,000 death benefit. This policy (7690) has lapsed.

        ii. What happened to these policies #'s 911627691, 911621667, 911627692? Policy 7592 has lapsed. Polices 7691 and 1667 were sold in or about to a hedge fund for $600,000 each. All of the proceeds were paid to Andor Gestner.

11. Policy and ownership information for the two policies listed on Leslie Klein's bankruptcy Schedule A/B: Property.

    a. Judith Bittman and Isaac Kirzner. Les believes that 50% of these two policies are owned by EKLK Foundation and the other 50% is owned by the MTD. The Bittman death benefit is $540,000. Ms. Bittman is living. The death benefit on the Kirzner policy is $750,000. Mr. Kirzner is living. Les has located relevant documents which I will forward once I receive them.

    b. Leslie Klein indicates $1,000,000 per policy owed to him upon maturity. This is not correct. The EKLK Foundation owns 50% and the MTD owns 50%.

    c. Current trustee is indicated to be Sol. C. Majer. This is correct as to the Bittman Trust. Mr. Majer's address is 327 N. Alta Vista Blvd, Los Angeles, CA 90036. As to the Kirzner Trust, there are two co-trustees. One is Mr. Majer and the other is William Moskowitz, whose address is 364 Martel Ave, Los Angeles, CA 90036.

12. Overseas Bank accounts wherein you are a signatory, owner, or beneficiary. Les states that there are no such accounts.

13. For the following: TBP

    a. Bay Area Development,

    b. EKLK Foundation, and

    c. Big Boyz Legal, LLC

    d. Doctors Marketing Group, LLC (including similar named entities)

        i. For each of them:

        ii. Books & Records, including P&L, tax returns, financial statements, and operating agreements (from 2019-present)

    iii.    Any Life Insurance policies wherein named as Beneficiary, trustee, or administrator (from 2019-present)

    iv.    All bank statements for 2023-2024

**From:** John W. Lucas [mailto:jlucas@pszjlaw.com]
**Sent:** Wednesday, March 20, 2024 2:16 PM
**To:** Marc Lieberman
**Cc:** Jeffrey Dulberg; Jeffrey P. Nolan
**Subject:** RE: Leslie Klein Info

Marc:

Use this list. Your list is missing the items after #12.

Thanks,

John

**John W. Lucas**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 415.217.5108
Tel: 415.263.7000 | Cell: 415.306.3576 | Fax: 415.263.7010
jlucas@pszjlaw.com - vCard | Bio | LinkedIn

Los Angeles | New York | Wilmington, DE | Houston | San Francisco



**From:** Marc Lieberman <marc.lieberman@flpllp.com>
**Sent:** Wednesday, March 20, 2024 2:14 PM
**To:** John W. Lucas <jlucas@pszjlaw.com>
**Cc:** Jeffrey Dulberg <jdulberg@pszjlaw.com>; Jeffrey P. Nolan <jnolan@pszjlaw.com>
**Subject:** RE: Leslie Klein Info

Our emails crossed.  But thanks!

**MARC A. LIEBERMAN, ESQ.**
**FLP LAW GROUP, LLP**
(formerly Fredman Lieberman Pearl LLP)
1875 Century Park East, Suite 2230
Los Angeles, CA 90067
t. 310.284.7350 ext. 2
marc.lieberman@flpllp.com
**www.flpllp.com**







Certified Specialist
Bankruptcy Law
State Bar of California
Board of Legal Specialization

This message and any attached documents contain information from the law firm of FLP LAW GROUP LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message. We are a federally designated Debt Relief Agency under the United States Bankruptcy Laws. We help individuals and their companies find solutions to their debt problems, including, where appropriate, assisting them file petitions for relief under the United States Bankruptcy Code. This does not constitute an electronic signature.

**From:** John W. Lucas [mailto:jlucas@pszjlaw.com]
**Sent:** Wednesday, March 20, 2024 2:06 PM
**To:** Marc Lieberman
**Cc:** Jeffrey Dulberg; Jeffrey P. Nolan; John W. Lucas
**Subject:** RE: Leslie Klein Info

Marc:

Here you go:

1. Deceased wife's trust agreement (and all amendments).
2. Has your firm received the $30,000 retainer? If yes, need source of payment and back-up for the same.
3. Klein received $1,250,000 in connection with the Life Capital/Rectnitz settlement in Dec. 2022; where did that money go?
   a. Per the settlement agreement between LCG and Klein, Security Life of Denver was to pay Jeffrey Slott (Mr. Klein's attorney) $1,250,000 directly. It appears the payment to Slott occurred because on December 22, 2022, LKA received a wire from Slott in the amount of $1,094,935.30 with a memo "LIFE CAPITOL GROUP SETTLEMENT". Is it correct that Mr. Klein is still owed $500,000 from the LCG settlement and those funds appear to be sitting in a Klein payable account on LCG's books?
4. Documentation regarding the life insurance policies/interest that Les Klein & Associates holds (per deposition testimony).
5. Original 2021 tax return; and all schedules and supporting documents.
6. Status regarding 2022 and 2023 tax returns; who is preparing it?

7. Klein authorization permitting Trustee to engage wit Google to obtain emails in the various Klein email accounts
8. Identification of all trusts, where Leslie Klein is the trustee, beneficiary, or administrator.
9. Leslie Klein Life Insurance Irrevocable Trust Dated 06-01-2021
   a. Trust agreement and all amendments
   b. Emails and documents exchanged with Yacov Lunger
      i. How and why is he the trustee of the trust?
      ii. Is he still the trustee?
   c. Assets currently or previously owned by this trust.
   d. Emails and documents exchanged with the Congregation of Zwehil of Monsey
10. The Klein ILIT Dtd 01/25/06 Kenneth Klein Ttee (Irrevocable Life Insurance Trust ("ILIT"))
   a. Trust agreement and all amendments
   b. Information relating to Ken Klein as Trustee
      i. Is he still the trustee?
   c. Assets currently or previously owned by this trust.
      i. Security Life of Denver Policy # 911627690 (Leslie and Erika Klein) in the amount of $5,000,000 death benefit.
      ii. What happened to these policies #'s 911627691, 911621667, 911627692?
11. Policy and ownership information for the two policies listed on Leslie Klein's bankruptcy Schedule A/B: Property.
   a. Judith Bittman and Isaac Kirzner
   b. Leslie Klein indicates $1,000,000 per policy owed to him upon maturity.
   c. Current trustee is indicated to be Sol. C. Majer.

12. Overseas Bank accounts wherein you are a signatory, owner, or beneficiary.

13. For the following:

   a. Bay Area Development,
   b. EKLK Foundation, and
   c. Big Boyz Legal, LLC
   d. Doctors Marketing Group, LLC (including similar named entities)
      i. For each of them:
      ii. Books & Records, including P&L, tax returns, financial statements, and operating agreements (from 2019-present)
      iii. Any Life Insurance policies wherein named as Beneficiary, trustee, or administrator (from 2019-present)
      iv. All bank statements for 2023-2024

**John W. Lucas**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 415.217.5108
Tel: 415.263.7000 | Cell: 415.306.3576 | Fax: 415.263.7010
jlucas@pszjlaw.com - vCard | Bio | LinkedIn

Los Angeles | New York | Wilmington, DE | Houston | San Francisco



**From:** Marc Lieberman <marc.lieberman@flpllp.com>
**Sent:** Wednesday, March 20, 2024 1:57 PM

**To:** John W. Lucas <jlucas@pszjlaw.com>;
**Cc:** Jeffrey Dulberg <jdulberg@pszjlaw.com>; Jeffrey P. Nolan <jnolan@pszjlaw.com>
**Subject:** RE: Leslie Klein Info

Thank you John.  I will forward promptly your email below to Les, begin obtaining copies of documents and information and forward them to you as I receive them.  (Next time, kindly use numbers and/or letters rather than bullet points for long list.  It makes it easier to communicate with the client and to reference in responsive emails.)


**MARC A. LIEBERMAN, ESQ.**
**FLP LAW GROUP, LLP**

(formerly Fredman Lieberman Pearl LLP)
1875 Century Park East, Suite 2230
Los Angeles, CA 90067
t. 310.284.7350 ext. 2
marc.lieberman@flpllp.com
**www.flpllp.com**







Certified Specialist
Bankruptcy Law
State Bar of California
Board of Legal Specialization

This message and any attached documents contain information from the law firm of FLP LAW GROUP LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message. We are a federally designated Debt Relief Agency under the United States Bankruptcy Laws. We help individuals and their companies find solutions to their debt problems, including, where appropriate, assisting them file petitions for relief under the United States Bankruptcy Code. This does not constitute an electronic signature.

**From:** John W. Lucas [mailto:jlucas@pszjlaw.com]
**Sent:** Wednesday, March 20, 2024 1:48 PM
**To:** Marc Lieberman

**Cc:** Jeffrey Dulberg; Jeffrey P. Nolan; John W. Lucas
**Subject:** Leslie Klein Info

Marc:

Per our discussion last week, here is a list of questions that the Trustee currently has for Mr. Klein. Please note that this is not an exhaustive list. In our prior attempts to acquire information from Mr. Klein, we received vague answers or non-answers via email. The Trustee needs documentation that supports Mr. Klein's responses. For example, Mr. Klein contends that he only holds a 50% interest in the June St. home. The Trustee needs to see the trust agreement (or any other relevant document) that disposed of Mr. Klein's former spouse's interest in the home.

Also, please do not wait until you collect all of the information. Please send responses on a rolling basis.

And, of course, if you have questions or would like to discuss timing or the responses, please let us know and we will set up a zoom.

Thank you,

John

14. Deceased wife's trust agreement (and all amendments).
15. Has your firm received the $30,000 retainer? If yes, need source of payment and back-up for the same.
16. Klein received $1,250,000 in connection with the Life Capital/Rectnitz settlement in Dec. 2022; where did that money go?
    a. Per the settlement agreement between LCG and Klein, Security Life of Denver was to pay Jeffrey Slott (Mr. Klein's attorney) $1,250,000 directly. It appears the payment to Slott occurred because on December 22, 2022, LKA received a wire from Slott in the amount of $1,094,935.30 with a memo "LIFE CAPITOL GROUP SETTLEMENT". Is it correct that Mr. Klein is still owed $500,000 from the LCG settlement and those funds appear to be sitting in a Klein payable account on LCG's books?
17. Documentation regarding the life insurance policies/interest that Les Klein & Associates holds (per deposition testimony).
18. Original 2021 tax return; and all schedules and supporting documents.
19. Status regarding 2022 and 2023 tax returns; who is preparing it?
20. Klein authorization permitting Trustee to engage wit Google to obtain emails in the various Klein email accounts
21. Identification of all trusts, where Leslie Klein is the trustee, beneficiary, or administrator.
22. Leslie Klein Life Insurance Irrevocable Trust Dated 06-01-2021
    a. Trust agreement and all amendments
    b. Emails and documents exchanged with Yacov Lunger
        i. How and why is he the trustee of the trust?
        ii. Is he still the trustee?
    c. Assets currently or previously owned by this trust.
    d. Emails and documents exchanged with the Congregation of Zwehil of Monsey
23. The Klein ILIT Dtd 01/25/06 Kenneth Klein Ttee (Irrevocable Life Insurance Trust ("ILIT"))
    a. Trust agreement and all amendments
    b. Information relating to Ken Klein as Trustee
        i. Is he still the trustee?
    c. Assets currently or previously owned by this trust.
        i. Security Life of Denver Policy # 911627690 (Leslie and Erika Klein) in the amount of $5,000,000 death benefit.
        ii. What happened to these policies #'s 911627691, 911621667, 911627692?
24. Policy and ownership information for the two policies listed on Leslie Klein's bankruptcy Schedule A/B: Property.

12

    a. Judith Bittman and Isaac Kirzner

    b. Leslie Klein indicates $1,000,000 per policy owed to him upon maturity.

    c. Current trustee is indicated to be Sol. C. Majer.

- Overseas Bank accounts wherein you are a signatory, owner, or beneficiary.

i.    Bay Area Development,

ii.    EKLK Foundation, and

iii.    Big Boyz Legal, LLC

iv.    Doctors Marketing Group, LLC (including similar named entities)

    o For each of them:

        ▪ Books & Records, including P&L, tax returns, financial statements, and operating agreements (from 2019-present)

        ▪ Any Life Insurance policies wherein named as Beneficiary, trustee, or administrator (from 2019-present)

        ▪ All bank statements for 2023-2024

John W. Lucas
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 415.217.5108
Tel: 415.263.7000 | Cell: 415.306.3576 | Fax: 415.263.7010
jlucas@pszjlaw.com – vCard | Bio | LinkedIn

Los Angeles | New York | Wilmington, DE | Houston | San Francisco



# EXHIBIT H

# UNITED STATES BANKRUPTCY COURT

## Central District of California, Los Angeles Division

In re  LESLIE KLEIN.                          Case No.    2:23-bk-10990-SK
            Debtor

Chapter    11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  **Leslie Klein, an individual**

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA  90067 | May 2, 2024 at 10:00 a.m. |

The examination will be recorded by this method:

☒ *Production:* **YOU ARE COMMANDED** to produce the documents set forth on **Exhibit A** hereto.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    April 8, 2024

CLERK OF COURT

                              OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Bradley D. Sharp
___Chapter 11 Trustee___, who issues or requests this subpoena, are: Jeffrey P. Nolan, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California  90067, Telephone:  (310) 277-6910

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                            _____
                                                    *Server's signature*

                                            _____
                                                    *Printed name and title*

                                            _____
                                                    *Server's address*

Additional information concerning attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)


American LegalNet, Inc.
www.FormsWorkFlow.com

B2540 (Form 2540 - Subpoena for Rule 2004 Examination) (Page 1)

American LegalNet, Inc.
www.FormsWorkFlow.com

## EXHIBIT A

### TO RULE 2004 SUBPOENA TO THE DEBTOR LESLIE KLEIN

Pursuant to Fed. R. Civ. P. 45, Bradley D Sharp, the duly appointed Chapter 11 trustee (the "Trustee") in the Chapter 11 Cases (defined below), hereby requests that the Debtor, **Leslie Klein,** produce and make available for inspection and copying to the Trustee each of the following documents, things, and tangible items, or categories of documents, in your possession, custody, or control which are responsive to the following requests for documents and materials (the "Requests") at the offices of Pachulski Stang Ziehl & Jones, LLP, 10100 Santa Monica Boulevard., 13th Floor, Los Angeles, California, 90067 (Attn: Jeffrey P. Nolan):

### INSTRUCTIONS

A.    You are required to conduct a thorough investigation and produce all DOCUMENTS (as defined below) in your possession, custody and control including all DOCUMENTS in the possession, custody and control of your, officers, directors, employees, agents, representatives and anyone acting on your behalf.

B.    If there are no documents in existence that are responsive to a particular Request, your response must include a statement to that effect.  If documents once existed in your possession, custody, or control, but are no longer in your possession, custody, or control for any reason, please identify the specific circumstances under which you lost possession, custody, or control, and identify your understanding of the documents' current location or the manner in which you disposed of the documents.

C.    Electronically stored information ("ESI") responsive to these Requests shall be produced in the same manner in which it is stored, together with all associated metadata.  If software not in normal, typical, commercial use is necessary to view the ESI produced in full, native, and usable form with full functionality, then a copy of or license to the necessary software shall be produced together with the ESI.

LA:4890-6722-9107.4 78512.001

D.      Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, documents should either be organized and labeled to correspond with the categories in this Document Request or produced as they are kept in the normal course of business.

E.      If any of the requested documents fall within the scope of this Request, but have not been produced on grounds that such documents are privileged, please provide the following information as to each document to which such claim is made: (a) the privilege that is grounds for withholding the Document; (b) the nature of the Document (*e.g.*, letter, spreadsheet, memorandum); (c) the date that the Document was prepared; (d) the name/title of the author; (e) the name/title of each recipient or addressee of the Document; (f) the number of pages withheld; and (g) the name and location of the current custodian of the Document.

F.      Unless otherwise provided herein, the relevant period of inquiry for these Requests is January 1, 2011 through April 1, 2024.

## DEFINITIONS FOR DOCUMENT PRODUCTION
## AND EXAMINATION TOPICS

1.      "YOU" or "YOUR" means Leslie Klein, Menachem Klein or Lutzy Klein an individual, acting in any capacity be it as a trustee, lawyer, administrator, accountant, fiduciary for yourself, your former or current spouse or any entity you own, control, manage supervise or have an interest possessory, legal, equitable, contingent or non-contingent.

2.      "CONCERNING" means and includes relating to, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

3.      "DOCUMENT" or "DOCUMENTS" is defined to have the same meaning and to be equal in scope to the terms "documents" and "electronically stored information" as used in the Federal Rules of Civil Procedure 34(a) and/or "writings" as defined in the Federal Rules of Evidence 1001, and each "duplicate" as defined in the Federal Rules of Evidence 1001. "DOCUMENTS" means and includes all written, recorded, transcribed or graphic matter of every nature, type and kind, however and by whomever produced, reproduced, disseminated or made.

This includes, but is not limited to, any and all originals, copies or drafts of any and all of the following: papers; books; letters; correspondence; loans, memoranda; notes; notations; transcripts; minutes; reports; appraisals; estimates; projections; charts, graphs and tables; schedules; proposals; offers; contracts; agreements; signature cards; checks, canceled checks and bank or account statements; and any information contained in any computer tape, card, disk, drive, program or other device; computer print-outs; microfilm; microfiche; all amendments or riders any other tangible or intangible thing or item that contains any information; and, all "writings and recordings" and "photographs" (and all negatives thereof) as defined in and by the Federal Rules of Evidence, Rule 1001.

4.    "KLEIN" means the individual Leslie Klein and any alias name including Menachem Klein, and/or Lutzy Klein.

5.    "KLEIN ASSOCIATED ENTITY" means the following organizations:

EKLK Foundation
Doctors Marketing Group, LLC
Doctors Marketing Network LLC
Doctors Referral Service LLC
Doctors Marketing Nationwide, Inc. (MD entity)
The Patient Referral Network, LLC (MD entity)
Bay Area Development Co.
Big Boyz Legal, LLC
Les Klein & Associates
Les Klein & Associates, dba Family Legal Services
Litigation Financing, LLC
Life Capital Group, LLC
Life Capital Group I, LLC
SYRTR Foundation
Time Square Media, Inc
Longevity Fund of NY
Longevity Fund of Michigan
BKR Life Settlements, LLC
GMR Life Settlements, LLC
BK Life Settlements, LLC
BW Life Settlements, LLC

6.　　"KLEIN TRUSTS" means any trust established by YOU, for YOU, or at YOUR direction wherein YOU are a grantor, grantee, settlor, trustee, beneficiary (whether contingent or otherwise), executor, administrator OR any trust established by you for a family member (spouse, former spouse, children and/or grandchildren), wherein you are a grantor, grantee, settlor, trustee, beneficiary (whether contingent or otherwise), executor, administrator, OR wherein any entity you control, own, manage, or maintain any equity share is identified as a grantor, grantee, settlor, trustee, beneficiary (whether contingent or otherwise), executor, administrator, including but not limited to:

The Klein Charitable Remainder Unitrust dated 2-20-1996
The Klein Trust
Klein Charitable Remainder Unitrust
Klein Charitable Remainder Annuity
Klein Living Trust dated April 8, 1990
The Second Amended Klein Living Trust
The Irrevocable Second To-Die Life Insurance Trust
The Leslie Klein Life Insurance Irrevocable Trust Dated 06-01-2021
The Marital Deduction Trust

7.　　"POLICIES" or "POLICY" means life insurance policies made on individuals with a payout to the beneficiary, annuity, or pension upon the insured person or annuitant's death.

8.　　"PREMIUM PAYMENTS" means those monies paid as consideration for coverage to remain in place including the date, amount and identity of the premium payment and any DOCUMENT related to its payment.

9.　　"TRANSFERS" means any and all payments, credits, debits, deposits, in whatever form made, be it wire, check, ACH or otherwise.

## DOCUMENT REQUESTS

**Request No. 1:**

All DOCUMENTS within YOUR possession, custody or control, for any POLICY
currently active or in effect wherein KLEIN, KLEIN TRUSTS or a KLEIN ASSOCIATED
ENTITY is the insured, administrator, trustee or beneficiary under the applicable POLICY.

**Request No. 2:**

All DOCUMENTS within YOUR possession, custody or control memorializing or
CONCERNING any TRANSFERS received from or made by YOU, a KLEIN TRUST, or a
KLEIN ASSOCIATED ENTITY to Life Capital Group, LLC. from January 1, 2011 to the
present.

**Request No. 3:**

All DOCUMENTS within YOUR possession, custody or control memorializing or
CONCERNING any POLICIES  from January 1, 2011 to the present, involving EKLK
Foundation or any other foundation or charitable organization YOU manage, control or have an
interest directly or indirectly as a grantor, grantee, settlor, trustee, beneficiary  or otherwise, be it
contingent or non- contingent, including but not limited to the policies themselves, amendments,
riders, loans, accounting of PREMIUM PAYMENTS and disbursements

**Request No. 4:**

All DOCUMENTS within YOUR possession, custody or control memorializing or
CONCERNING any legal fees YOU, any KLEIN ASSOCIATED ENTITY, or any entity YOU
own or control, claim are owed pre-petition as a result of acting as a trustee, fiduciary, attorney,
or any other capacity, including but not limited to attorney's fees.

**Request No. 5:**

All DOCUMENTS within YOUR possession, custody or control memorializing or CONCERNING any amounts paid by YOU, a KLEIN ASSOCIATED ENTITY,  or any other entity YOU own or control to Andor Gestetner, his trust, or to his estate from YOU, the KLEIN TRUSTS, a KLEIN ASSOCIATED ENTITY, or any other entity YOU own or control from January 1, 2011 to the present.

**Request No. 6:**

All DOCUMENTS within YOUR possession, custody or control memorializing or CONCERNING the Second Amended Klein Living Trust, dated April 8, 1990 (the "KLEIN LIVING TRUST"), including all property owned by the KLEIN LIVING TRUST and any trust (each a "SUBTRUST") that came into existence under the terms of the KLEIN LIVING TRUST and all property owned by any SUBTRUST that came into existence under the terms of the KLEIN LIVING TRUST.

**Request No. 7:**

All DOCUMENTS within YOUR possession, custody or control forming, maintaining, or CONCERNING Bay Area Development Co., including but limited to all iterations of articles of incorporation, by-laws, all stock certificates, and any corporate governance DOCUMENTS that identify the current members of the board of directors and all senior officers.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*):   **NOTICE OF MOTION AND MOTION OF CHAPTER 11 TRUSTEE, FOR ORDER AUTHORIZING THE PRODUCTION OF RECORDS OF THE DEBTOR LESLIE KLEIN PURSUANT TO FED. R. BANKR. P. 2004; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JEFFREY P. NOLAN IN SUPPORT THEREOF**
will be served or was served (a) on the judge in chambers in the form and manner required by lbr 5005-2(d); and (b) in the manner stated below**:**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 8, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **April 8, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **April 8, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 8, 2024 | Rolanda Mori | /s/ *Rolanda Mori* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                      **F 9013-3.1.PROOF.SERVICE**

LA:4879-0887-1349.1 78512.001

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- **Simon Aron**    saron@wrslawyers.com, moster@wrslawyers.com
- **Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Ron Bender**    rb@lnbyg.com
- **Michael Jay Berger**    michael.berger@bankruptcypower.com,
  yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Greg P Campbell**    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Baruch C Cohen**    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Theron S Covey**    tcovey@raslg.com
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Dane W Exnowski**    dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Michael I. Gottfried**    mgottfried@elkinskalt.com,
  cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com
- **Brandon J. Iskander**    biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Michael S Kogan**    mkogan@koganlawfirm.com
- **Marc A Lieberman**    marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
- **John W Lucas**    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Armen Manasserian**    armen@cym.law, jennifer@cym.law
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Kirsten Martinez**    Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Steven M Mayer**    smayer@mayerlawla.com
- **Christopher M McDermott**    ch11ecf@aldridgepite.com, CMM@ecf.inforuptcy.com;cmcdermott@aldridgepite.com
- **Krikor J Meshefejian**    kjm@lnbyg.com
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Jeffrey P Nolan**    jnolan@pszjlaw.com
- **Eric J Olson**    eric@ejolsonlaw.com
- **Jeffrey N Pomerantz**    jpomerantz@pszjlaw.com
- **Brian A Procel**    bprocel@millerbarondess.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- **Joshua L Scheer**    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Mark M Sharf (TR)**    mark@sharflaw.com,
  C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com
- **Bradley D. Sharp (TR)**    bsharp@dsi.biz
- **Richard P Steelman**    rps@lnbyg.com, john@lnbyb.com
- **Nikko Salvatore Stevens**    nikko@cym.law, mandi@cym.law
- **Alan G Tippie**    Alan.Tippie@gmlaw.com,
  atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **Gary Tokumori**    gtokumori@pmcos.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Michael L Wachtell**    mwachtell@buchalter.com
- **John P. Ward**    jward@attleseyward.com, ezhang@attleseystorm.com
- **Brett J. Wasserman**    wasserman@smcounsel.com
- **Alex M Weingarten**    aweingarten@willkie.com, lcarter@willkie.com
- **Beth Ann R. Young**    bry@lnbyg.com, bry@lnbyb.com
- **Clarisse Young**    youngshumaker@smcounsel.com, levern@smcounsel.com
- **Paul P Young**    paul@cym.law, jaclyn@cym.law
- **Roye Zur**    rzur@elkinskalt.com,
  TParizad@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

LA:4879-0887-1349.1 78512.001

**2. SERVED BY UNITED STATES MAIL**

Leslie Klein
322 N. June Street
Los Angeles, CA 90001

**3.        SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**

Via Overnight Mail
Honorable Sandra Klein
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1582 / Courtroom 1575
Los Angeles, CA 90012

Via Email
Nathan Talei, Esq.
ntalei@oclslaw.com

Via Email
Leslie Klein, Esq.
les.kleinlaw@gmail.com;
leskleinlaw@gmail.com;
kleinlaw@earthlink.net

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**

LA:4879-0887-1349.1 78512.001

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jeffrey W. Dulberg (CA State Bar No. 181200)<br>Jeffrey P. Nolan (CA State Bar No. 158923)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA  90067<br>Telephone:  (310) 277-6910; Facsimile:  (310) 201-0760<br>Email:  jdulberg@pszjlaw.com, jnolan@pszjlaw.com | |
| ☐  *Debtor(s) appearing without an attorney*<br>☒  *Attorney for:* Bradley Sharp, Chapter 11 Trustee | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re: | CASE NO.: 2:23-bk-10990-SK |
|---|---|
| | CHAPTER: 11 |
| LESLIE KLEIN, | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]** |
| Debtor(s). | [No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) <u>Bradley D. Sharp, Chapter 11 Trustee for the Estate of Leslie Klein</u>,
   filed a motion or application (Motion) entitled <u>Motion of Chapter 11 Trustee for Order Authorizing the Production of</u>
   <u>Records of the Debtor Leslie Klein Pursuant to Fed. R. Bank P. 2004, Memorandum of Points & Authorities, Decl...</u>.

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion.  (*Check appropriate box below*):

   ☐  The full Motion is attached to this notice; or

   ☒  The full Motion was filed with the court as docket entry # <u>708</u>, and a detailed description of the relief sought is attached to this notice.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion.  The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

a. If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b. If you fail to comply with this deadline:

(1) Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

(2) Movant will lodge an order that the court may use to grant the Motion; and

(3) The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]


Respectfully submitted,


Date: 04/08/2024


/s/ Jeffrey P. Nolan
Signature of Movant or attorney for Movant

Jeffrey P. Nolan
Printed name of Movant or attorney for Movant

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**In re: Leslie Klein**

**Case No: 2:23-bk-10990-SK**

Attachment (Detailed description of relief sought):

The Debtor created numerous trusts as well as corporate entities wherein he controlled these
entities and the flow of funds.  In some cases he maintained a direct interest while in others he
exerts control as a trustee, administrator or with the assistance of a family member.

After repeated requests directly and through his various counsel, the Debtor has failed to produce
personal financial statements and/or stated that he personally failed to maintain records of
business and personal financial interests.  One year removed from the filing of the Petition, the
Trustee believes that the Debtor has made inadequate disclosures and has concealed his interests
in various legal entities.  Assets in the form of open Life Insurance policies or trusts are in
existence and the Debtor will not make full disclosures or purports that he no longer owns certain
entities.

The Motion seeks the production of records maintained by the Debtor, disclosing the identity,
relationship and financial interests as maintained by the Debtor and memorializing the facts
surrounding the business and financial dealings with various assets.  Numerous former clients of
the Debtor have filed complaints in which they allege monies were improperly diverted by the
Debtor.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*):  NOTICE OF OPPORTUNITY TO REQUEST A
HEARING ON,MOTION [LBR 9013-1(O)] will be served or was served (a) on the judge in chambers in the form and
manner required by lbr 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**April 8, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **April 8, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

⊠ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **April 8, 2024**, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

⊠ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| April 8, 2024 | Rolanda Mori | /s/ Rolanda Mori |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                              **F 9013-3.1.PROOF.SERVICE**

LA:4879-0887-1349.1 78512.001

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:**

- **Simon Aron**    saron@wrslawyers.com, moster@wrslawyers.com
- **Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Ron Bender**    rb@lnbyg.com
- **Michael Jay Berger**    michael.berger@bankruptcypower.com,
  yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Greg P Campbell**    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Baruch C Cohen**    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Theron S Covey**    tcovey@raslg.com
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Dane W Exnowski**    dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Michael I. Gottfried**    mgottfried@elkinskalt.com,
  cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com
- **Brandon J. Iskander**    biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Michael S Kogan**    mkogan@koganlawfirm.com
- **Marc A Lieberman**    marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
- **John W Lucas**    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Armen Manasserian**    armen@cym.law, jennifer@cym.law
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Kirsten Martinez**    Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Steven M Mayer**    smayer@mayerlawla.com
- **Christopher M McDermott**    ch11ecf@aldridgepite.com, CMM@ecf.inforuptcy.com;cmcdermott@aldridgepite.com
- **Krikor J Meshefejian**    kjm@lnbyg.com
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Jeffrey P Nolan**    jnolan@pszjlaw.com
- **Eric J Olson**    eric@ejolsonlaw.com
- **Jeffrey N Pomerantz**    jpomerantz@pszjlaw.com
- **Brian A Procel**    bprocel@millerbarondess.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- **Joshua L Scheer**    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Mark M Sharf (TR)**    mark@sharflaw.com,
  C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com
- **Bradley D. Sharp (TR)**    bsharp@dsi.biz
- **Richard P Steelman**    rps@lnbyg.com, john@lnbyb.com
- **Nikko Salvatore Stevens**    nikko@cym.law, mandi@cym.law
- **Alan G Tippie**    Alan.Tippie@gmlaw.com,
  atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **Gary Tokumori**    gtokumori@pmcos.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Michael L Wachtell**    mwachtell@buchalter.com
- **John P. Ward**    jward@attleseyward.com, ezhang@attleseystorm.com
- **Brett J. Wasserman**    wasserman@smcounsel.com
- **Alex M Weingarten**    aweingarten@willkie.com, lcarter@willkie.com
- **Beth Ann R. Young**    bry@lnbyg.com, bry@lnbyb.com
- **Clarisse Young**    youngshumaker@smcounsel.com, levern@smcounsel.com
- **Paul P Young**    paul@cym.law, jaclyn@cym.law
- **Roye Zur**    rzur@elkinskalt.com,
  TParizad@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                          **F 9013-3.1.PROOF.SERVICE**

LA:4879-0887-1349.1 78512.001

**2. SERVED BY UNITED STATES MAIL**

Leslie Klein
322 N. June Street
Los Angeles, CA 90001

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**

<u>Via Overnight Mail</u>
Honorable Sandra Klein
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1582 / Courtroom 1575
Los Angeles, CA 90012

<u>Via Email</u>
Nathan Talei, Esq.
ntalei@oclslaw.com

<u>Via Email</u>
Leslie Klein, Esq.
les.kleinlaw@gmail.com;
leskleinlaw@gmail.com;
kleinlaw@earthlink.net

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                        **F 9013-3.1.PROOF.SERVICE**

LA:4879-0887-1349.1 78512.001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

10100 Santa Monica Boulevard, Suite 1300, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION LBR 9013-1(o)(3)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 26, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) April 26, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) April 26, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Via FedEx**:
Hon. Sandra R. Klein
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1582
Los Angeles, CA 90012

**Via Email**:
Simon Aron on behalf of Kenneth Klein and Shoshana
Shrifa Klein: saron@wrslawyers.com;
moster@wrslawyers.com
Leslie Klein: les.kleinlaw@gmail.com;
leskleinlaw@gmail.com; kleinlaw@earthlink.net
Nathan Talei, Esq.: ntalei@oclslaw.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/26/24 | Ramon Sainz | /s/ Ramon Sainz |
|---------|-------------|-----------------|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                          **F 9013-3.1.PROOF.SERVICE**

**SERVICE INFORMATION FOR CASE NO. 2:23-bk-19090-SK**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Simon Aron**  saron@wrslawyers.com, moster@wrslawyers.com
- **Reem J Bello**  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Ron Bender**  rb@lnbyg.com
- **Michael Jay Berger**  michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com, michael.berger@ecf.inforuptcy.com
- **Greg P Campbell**  ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com, gcampbell@aldridgepite.com
- **Baruch C Cohen**  bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Theron S Covey**  tcovey@raslg.com, sferry@raslg.com
- **Jeffrey W Dulberg**  jdulberg@pszjlaw.com
- **Dane W Exnowski**  dane.exnowski@mccalla.com, bk.ca@mccalla.com, mccallaecf@ecf.courtdrive.com
- **Robert P Goe**  kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com
- **Michael I. Gottfried**  mgottfried@elkinskalt.com, cavila@elkinskalt.com, lwageman@elkinskalt.com, docketing@elkinskalt.com
- **Brandon J. Iskander**  biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Michael S Kogan**  mkogan@koganlawfirm.com
- **Marc A Lieberman**  marc.lieberman@flpllp.com, safa.saleem@flpllp.com, addy@flpllp.com
- **John W Lucas**  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Armen Manasserian**  armen@cym.law, jennifer@cym.law, cameron@cym.law, paul@cym.law
- **Ron Maroko**  ron.maroko@usdoj.gov
- **Kirsten Martinez**  Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Steven M Mayer**  smayer@mayerlawla.com
- **Christopher M McDermott**  ch11ecf@aldridgepite.com, CMM@ecf.inforuptcy.com, cmcdermott@aldridgepite.com
- **Krikor J Meshefejian**  kjm@lnbyg.com
- **Kenneth Misken**  Kenneth.M.Misken@usdoj.gov
- **Jeffrey P Nolan**  jnolan@pszjlaw.com
- **Eric J Olson**  eric@ejolsonlaw.com
- **Jeffrey N Pomerantz**  jpomerantz@pszjlaw.com
- **Brian A Procel**  bprocel@millerbarondess.com, rdankwa@millerbarondess.com, docket@millerbarondess.com
- **Joshua L Scheer**  jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Mark M Sharf (TR)**  mark@sharflaw.com, C188@ecfcbis.com, sharf1000@gmail.com, 2180473420@filings.docketbird.com
- **Bradley D. Sharp (TR)**  bsharp@dsi.biz
- **Richard P Steelman**  rps@lnbyg.com, john@lnbyb.com
- **Nikko Salvatore Stevens**  nikko@cym.law, mandi@cym.law
- **Alan G Tippie**  Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com, Karen.Files@gmlaw.com, patricia.dillamar@gmlaw.com, denise.walker@gmlaw.com
- **Gary Tokumori**  gtokumori@pmcos.com
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov
- **Michael L Wachtell**  mwachtell@buchalter.com
- **John P. Ward**  jward@attleseystorm.com, ezhang@attleseystorm.com
- **Brett J. Wasserman**  wasserman@smcounsel.com
- **Alex M Weingarten**  aweingarten@willkie.com, lcarter@willkie.com
- **Clarisse Young**  youngshumaker@smcounsel.com, levern@smcounsel.com
- **Paul P Young**  paul@cym.law, jaclyn@cym.law
- **Roye Zur**  rzur@elkinskalt.com, cavila@elkinskalt.com, lwageman@elkinskalt.com, 1648609420@filings.docketbird.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

**SERVICE INFORMATION FOR CASE NO. 2:23-bk-19090-SK**

**2**. <u>**SERVED BY UNITED STATES MAIL**</u>:

Peter C. Anderson, U.S. Trustee
Michael Jones, Assistant U.S. Trustee
Office of the U.S. Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA 90017

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA 90071

Leslie Klein
322 N. June Street
Los Angeles, CA 90001

Nathan Talei
Oldman, Sallus & Gold, L.L.P.
16133 Ventura Blvd., PH-A
Encino, CA 91436

Leslie Klein
14245 Ventura Blvd., 3rd Fl.
Sherman Oaks, CA 91423

Leslie Klein & Associates, Inc.
c/o Leslie Klein
6454 Van Nuys Blvd. Suite 150
Van Nuys, CA 91401

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**