Jeffrey W. Dulberg (CA Bar No. 181200)
John W. Lucas (CA State Bar No. 271038)
Jeffrey P. Nolan (CA Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760
Email: jdulberg@pszjlaw.com
       jlucas@pszjlaw.com
       jnolan@pszjlaw.com

Counsel to Bradley D. Sharp, Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>            Debtor. | Case No. 2:23-bk-10990-SK<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION OF CHAPTER 11 TRUSTEE FOR ORDER (1) RESTORING POSSESSION OF THE PROPERTY LOCATED AT 322 N. JUNE ST., LOS ANGELES, CALIFORNIA TO THE TRUSTEE AND COMPELLING DEBTOR TO VACATE THE PROPERTY; AND (2) DIRECTING AND AUTHORIZING THE UNITED STATES MARSHAL SERVICE, OR ANY OTHER LAW ENFORCEMENT AGENCY WITH JURISDICTION, TO ENFORCE THE ORDER OF THE COURT TO RESTORE POSSESSION OF THE PROPERTY TO THE TRUSTEE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF BRADLEY D. SHARP AND JEFFREY W. DULBERG IN SUPPORT THEREOF**<br><br>Date:    February 12, 2025<br>Time:   9:00 a.m.<br>Place:   Courtroom 1575<br>           255 E. Temple Street<br>           Los Angeles, CA 90012 |

LA:4902-5967-1053.2 78512.001

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND HIS COUNSEL OF RECORD, AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Bradley D. Sharp, in his capacity as Chapter 11 Trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of Leslie Klein, the debtor herein (the "**Debtor**") hereby moves (the "**Motion**") the Court for entry of an order pursuant to 11 U.S.C. §§ 105(a) and 542(a) to restore possession of the property located at 322 N. June Street, Los Angeles, California (the "**Property**") to the Trustee, to compel the Debtor to vacate the Property, and to direct and authorize the United States Marshal Service, or any other law enforcement agency with jurisdiction, to enforce the order of the Court to restore control and possession of the Property to the Estate and the Trustee.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion will be held on **February 12, 2025,** at **9:00 a.m. Pacific Time**, or as soon thereafter as counsel may be heard before the Honorable Sandra R. Klein, United States Bankruptcy Judge, in Courtroom 1575, 255 East Temple Street, Los Angeles, California 90012.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and Declaration of Bradley D. Sharp annexed thereto, the record in this chapter 11 case, as well as any other documentary evidence as may be presented to this Court at or before the hearing.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), if you wish to oppose the Motion, you must file a written response with the Court and serve a copy of it upon the undersigned counsel no later than fourteen (14) days prior to the hearing on the Motion. The failure to properly file and serve an opposition may be deemed consent to the relief requested in the Motion or a waiver of any right to oppose the Motion.

Dated: January 17, 2025

PACHULSKI STANG ZIEHL & JONES LLP

 */s/ Jeffrey W. Dulberg*
Jeffrey W. Dulberg

Counsel to Bradley D. Sharp, Chapter 11 Trustee

I.

**MEMORANDUM OF POINTS AND AUTHORITIES**

A.     **STATEMENT OF FACTS**

In his amended bankruptcy schedules filed on April 10, 2023 [Docket No 70], the Debtor listed the value of the property located at 322 N. June Street, Los Angeles, California (the "**Property**") at $4,900,000.00, with his ownership interest in the Property at 50%, and the remaining 50% ownership interest in the Property held by his deceased wife's irrevocable marital trust.

Pursuant to the *Motion to Disallow Debtor's Claim of Homestead Exemption Pursuant to 11 U.S.C. § 522(q)* [Docket No. 71], approved by order entered May 17, 2023 [Docket No. 141], the Debtor's homestead exemption in the Property was reduced to $189,050.00, and all amounts in excess of that amount were disallowed.

On May 29, 2024, the Trustee filed a *First Amended Complaint for Quiet Title and Avoidance of Unrecorded Interest in Real Property Located at 322 June St., Los Angeles, California* (the "**Complaint**") [Adv. Docket No. 6].[1] The Trustee commenced this action seeking to (i) quiet title, pursuant to section 760.101, et. seq. of the California Code of Civil Procedure, of the Property in the name of the Debtor and, as such, as property of the Estate, (ii) avoid any unrecorded or invalid transfers, pursuant to section 544(a)(3) of the Bankruptcy Code, of the Property, and (iii) recover the Estate's[2] interest in the Property, pursuant to section 550 of the Bankruptcy Code.

On September 20, 2024, the Trustee filed a *Motion for Summary Judgment on All Claims for Relief Against Defendants* (the "**MSJ**") [Adv. Docket No. 32], seeking summary judgment on all claims for relief as set forth in the Complaint. The MSJ was approved by order entered on January 20, 2024 (the "**Judgment**") [Adv. Docket No. 62].

On January 3, 2025, the Debtor filed a *Notice of Appeal* of the Judgment [Adv. Docket No. 67]. No stay of the Judgment is in place.

On January 15, 2025, Jeffrey Dulberg, counsel for the Trustee, wrote to the Debtor and his occasional counsel, Mr. Olson, requesting that the Debtor "begin the process of the turning over

---

[1] All references herein to "Adv. Docket No. ___" are to the docket entries in Adv. Case No.: 2:24-ap-01140-SK.
[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

control of [the Property] to Mr. Sharp." In counsel's correspondence, he indicated that the Trustee preferred to not expend estate resources to obtain control of the Property.

Mr. Dulberg received no response to the January 15, 2025 correspondence, even though he wrote to both individuals, and merely asked the Debtor to abide by this Court's ruling awarding the Property to the estate.

On January 17, 2025, Mr. Dulberg wrote a follow up note to the Debtor and Mr. Olson confirming their non-response to his earlier e-mail. Attached hereto as **Exhibit "A"** and incorporated herein by reference is a true and correct copy of Mr. Dulberg's correspondence with the Debtor and Mr. Olson.

**B.      ARGUMENT**

    **1.    This Court Has the Authority To Issue An Order Restoring the Trustee To Possession of the Property and Compel Leslie Klein to Vacate the Property.**

Section 105(a) of the Bankruptcy Code states, in pertinent part, that "[t]he Court may issue any order, process or judgment that is necessary to carry out the provisions of this title." In Unioil, 948 F.2d 678 (10th Cir. 1991). A Bankruptcy Court has the equitable authority to enforce judgments for possession of property through writs and orders under § 105(a). In re Kerlo, 311 B.R. 256, 262 (Bankr. C.D. Cal. 2004) (citing Stone v. White (In re Stone), No. 92-01383, 1998 WL 1819081 (Bankr. D.C. 1998) (discussing a writ of possession issued to enforce a turnover order), (citing Toledano v. Kittay (In re Toledano) 299 B.R. 284, 299 (Bankr S.D. N.Y. 2003) (stating that in the event the debtor or any other individuals occupying property of the estate did not voluntarily vacate the premises in accordance with the court's order, the trustee is authorized to direct the United States Marshal Service to effectuate the terms of the order by evicting all occupants form the premises).

Further, Bankruptcy Code section 542(a) provides that:3

> (a) Except as provided in subsection (c) or (d) of this section, an entity other than a custodian, <u>in possession, custody, or control during the case, of property that the trustee may use, sell, or lease under section 363</u>, of this title, or that the debtor may exempt under section 522 of this title, <u>shall</u>

---

[3] The Federal Rules of Bankruptcy Procedure generally require turnover actions to be commenced via adversary proceeding however there is a specific exception for "a proceeding to compel the debtor to deliver property to the trustee." Fed. R. Bankr. Proc. 7001(a).

<u>deliver to the trustee</u>, and account for, such property, unless such property is of inconsequential value or benefit to the estate. (Emphasis added).

There is no dispute that the Property is an asset of the Estate. The Property is clearly property that the Trustee may use, sell, or lease under section 363 and is not of inconsequential value. The Trustee believes that substantial equity would be derived from the sale of the Property, which would benefit creditors and be advantageous to the Estate.

Section 105(a) Bankruptcy Code provides the Court with the authority to do what may be necessary and appropriate for the Trustee to obtain possession of the Property. The Trustee therefore requests that the Court issue an order restoring the Trustee to possession of the Property and compelling the Debtor and all other occupants to vacate the Property immediately, or as the Court may order, and to remove all personal possessions from the Property. The Trustee will not be able to adequately market and sell the Property unless he is able to provide unfettered access to prospective purchasers to perform inspections of the Property, conduct appraisals and/or waive any other contingencies. Further, without control of the Property, the Property is at risk of loss to the creditors due to potential negligence or the Debtor's failure to maintain the Property. Furthermore, the Debtor has failed to cooperate with the Trustee's request that he turnover control and possession of the Property to the Trustee. Thus, an order directing the Debtor and all other occupants to vacate the Property and deliver possession to the Trustee is appropriate.

**2. The United States Marshal Service, or any other Law Enforcement Agency with Jurisdiction, Should be Directed and Authorized to Enforce the Order Restoring Trustee to Possession of the Property.**

The involvement of the United States Marshal Service, or any other law enforcement agency with jurisdiction, is the only way that the Trustee can effectively enforce the Court's order restoring Trustee to possession of the Property. *See* <u>In re Kerlo</u>, 311 B.R. at 265. In the case of <u>Toledano v. Kittay (In re Toledano)</u>, 299 B.R. 284, 299 (Bankr. S.D.N.Y. 2003), the Court stated that in the event the debtor or any other individuals occupying property of the estate did not voluntarily vacate the premises in accordance with the court's order, the trustee is authorized to direct the United States Marshal Service to effectuate the terms of the order by evicting all occupants from the premises. Thus, in the event the Trustee's attempt to resolve this matter by an order restoring the Trustee's

possession of the Property fails, the Trustee will require the assistance of the United States Marshal Service, or any other law enforcement agency with jurisdiction, to assist him in implementing the Court's Order. Accordingly, the Trustee requests an order requiring the Debtor to deliver possession to the Trustee and for issuance of a writ of possession directing the United States Marshal Service to enforce the order if the Debtor and any other occupants fail to vacate the Property and remove all personal possessions.

## II.

## CONCLUSION

**WHEREFORE,** the Trustee respectfully requests that this Court enter an order (a) granting the Motion; (b) restoring possession of the Property to the Trustee; (c) compelling the Debtor and all occupants of the Property to vacate and deliver possession of the Property immediately, or as the Court may order; (d) compelling the Debtor and all occupants of the Property to remove all personal possessions from the Property immediately, or as the Court may order; (e) directing and authorizing the United States Marshal Service, or any other law enforcement agency with jurisdiction, to immediately enforce the Court's order to restore Trustee to possession of the Property if the Debtor and all occupants fail to vacate the Property; and (f) granting such other and further relief as this Court deems just and proper under the circumstances.

Dated: January 17, 2025

PACHULSKI STANG ZIEHL & JONES LLP

 /s/ Jeffrey W. Dulberg
Jeffrey W. Dulberg

Counsel to Bradley D. Sharp, Chapter 11 Trustee

**DECLARATION OF BRADLEY D. SHARP**

I, Bradley D. Sharp, declare as follows:

1. I am the duly appointed Chapter 11 Trustee of the bankruptcy estate of Leslie Klein.

2. I make this Declaration in support of the *Motion of Chapter 11 Trustee (1) Restoring Possession of the Property Located at 322 N. June St., Los Angeles, California to the Trustee and Compelling Debtor to Vacate the Property; and (2) Directing and Authorizing the United States Marshal Service, or Any Other Law Enforcement Agency With Jurisdiction, to Enforce the Order of the Court to Restore Possession of the Property to the Trustee* (the "**Motion**") to which this Declaration is annexed.

3. All matters set forth herein are based on either my personal knowledge, my review of relevant documents and information, including, without limitation, documents and information supplied to me by my professionals, and the record in these Cases for which judicial notice is sought. All capitalized terms herein which are otherwise not defined herein shall have the same meaning ascribed to them in the Motion to which this Declaration is attached. If called upon to testify, I could and would testify competently to the facts set forth herein.

4. In his amended bankruptcy schedules filed on April 10, 2023 [Docket No 70], the Debtor listed the value of the property located at 322 N. June Street, Los Angeles, California (the "**Property**") at $4,900,000.00, with his ownership interest in the Property at 50%, and the remaining 50% ownership interest in the Property held by his deceased wife's irrevocable marital trust.

5. Pursuant to the *Motion to Disallow Debtor's Claim of Homestead Exemption Pursuant to 11 U.S.C. § 522(q)* [Docket No. 71], approved by order entered May 17, 2023 [Docket No. 141], the Debtor's homestead exemption in the Property was reduced to $189,050.00, and all amounts in excess of that amount were disallowed.

6. On May 29, 2024, I filed a First Amended Complaint for Quiet Title and Avoidance of Unrecorded Interest in Real Property Located at 322 June St., Los Angeles, California (the "**Complaint**") [Adv. Docket No. 6].[4]  I commenced this action seeking to (i) quiet title, pursuant to

---

[4] All references herein to "Adv. Docket No. ___" are to the docket entries in Adv. Case No.: 2:24-ap-01140-SK.

section 760.101, et. seq. of the California Code of Civil Procedure, of the Property in the name of the Debtor and, as such, as property of the Estate, (ii) avoid any unrecorded or invalid transfers, pursuant to section 544(a)(3) of the Bankruptcy Code, of the Property, and (iii) recover the Estate's interest in the Property, pursuant to section 550 of the Bankruptcy Code.

7. On September 20, 2024, the Trustee filed a *Motion for Summary Judgment on All Claims for Relief Against Defendants* (the "**MSJ**") [Adv. Docket No. 32], seeking summary judgment on all claims for relief as set forth in the Complaint. The MSJ was approved by order entered on January 20, 2024 (the "**Judgment**") [Adv. Docket No. 62].

8. On January 3, 2025, the Debtor filed a *Notice of Appeal* of the Judgment [Adv. Docket No. 67]. No stay of the Judgment is in place.

9. There is no dispute that the Property is an asset of the Estate. The Property is clearly property that I may use, sell, or lease under section 363 and is not of inconsequential value. I believe that substantial equity would be derived from the sale of the Property, which would benefit creditors and be advantageous to the Estate.

10. I request that the Court issue an order restoring possession of the Property to my control and compelling the Debtor and all other occupants to vacate the Property immediately, or as the Court may order, and to remove all personal possessions from the Property. I cannot adequately market and sell the Property unless I am able to provide unfettered access to prospective purchasers to perform inspections of the Property, conduct appraisals and/or waive any other contingencies. Further, without control of the Property, the Property is at risk of loss to the creditors due to potential negligence or the Debtor's failure to maintain the Property. Furthermore, the Debtor has failed to cooperate with my formal requests that he turnover control and possession of the Property. Thus, an

order directing the Debtor and all other occupants to vacate the Property and deliver possession to me is appropriate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of January, 2025 at Oakland, California.

*/s/ Bradley D. Sharp*
Bradley D. Sharp

## DECLARATION OF JEFFREY W. DULBERG

I, Jeffrey W. Dulberg, declare as follows:

1. I am a partner of Pachulski Stang Ziehl & Jones LLP, general bankruptcy counsel to Bradley D. Sharp, the duly appointed chapter 11 Trustee (the "**Trustee**") of the bankruptcy estate of Leslie Klein.

2. I make this Declaration in support of the *Motion of Chapter 11 Trustee (1) Restoring Possession of the Property Located at 322 N. June St., Los Angeles, California to the Trustee and Compelling Debtor to Vacate the Property; and (2) Directing and Authorizing the United States Marshal Service, or Any Other Law Enforcement Agency With Jurisdiction, to Enforce the Order of the Court to Restore Possession of the Property to the Trustee* (the "**Motion**") to which this Declaration is annexed.

3. All matters set forth herein are based on either my personal knowledge, my review of relevant documents and information, including, without limitation, documents and information supplied to me by my professionals, and the record in this case for which judicial notice is sought. All capitalized terms herein which are otherwise not defined herein shall have the same meaning ascribed to them in the Motion. If called upon to testify, I could and would testify competently to the facts set forth herein.

4. On January 15, 2025, on behalf of the Trustee, I wrote to the Debtor and his occasional counsel, Mr. Olson, requesting that the Debtor "begin the process of the turning over control of [the Property] to Mr. Sharp." In my note, I indicated that the Trustee preferred to not expend estate resources to obtain control of the Property.

5. I received no response to my e-mail, even though I wrote to both individuals, and merely asked the Debtor to abide by this Court's ruling awarding the Property to the estate.

6.  On January 17, 2025, I wrote a follow up note the Debtor and Mr. Olson confirming their non-response to my e-mail. Attached hereto as **Exhibit "A"** and incorporated herein by reference is a true and correct copy of my correspondence with the Debtor and Mr. Olson.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of January, 2025 at Los Angeles, California.

*/s/ Jeffrey W. Dulberg*
Jeffrey W. Dulberg

LA:4902-5967-1053.2 78512.001    11

# EXHIBIT A

**From:** Jeffrey Dulberg <jdulberg@pszjlaw.com>
**Date:** January 17, 2025 at 3:12:25 PM PST
**To:** "Eric J. Olson" <Eric@ejolsonlaw.com>, les.kleinlaw@gmail.com, leskleinlaw@gmail.com
**Cc:** Bradley Sharp <bsharp@dsiconsulting.com>, "John W. Lucas" <jlucas@pszjlaw.com>
**Subject: RE: Klein / June St Turnover**

Messrs. Olson & Klein:

I am confirming that I have not received a response from you with respect to the Trustee's turnover demand below.  The Trustee will proceed accordingly.

Best,

**Jeffrey Dulberg**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
jdulberg@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

---

**From:** Jeffrey Dulberg
**Sent:** Wednesday, January 15, 2025 10:19 AM
**To:** Eric J. Olson <Eric@ejolsonlaw.com>; les.kleinlaw@gmail.com; leskleinlaw@gmail.com
**Cc:** Bradley Sharp <bsharp@DSIConsulting.com>; John W. Lucas <jlucas@pszjlaw.com>
**Subject:** Klein / June St Turnover

Messrs. Olson & Klein:

As you know, the Trustee prevailed in the June St adversary proceeding and Mr. Klein's bankruptcy estate is now the lawful owner of 100% of the property. I am writing to begin the process of turning over control of the property to Mr. Sharp. Please contact me at your earliest opportunity to discuss the turnover. We would prefer not to have to spend more of the estate's funds to obtain control of the property so please contact me at once.

Best,


**Jeffrey Dulberg**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
jdulberg@pszjlaw.com
vCard | Bio | LinkedIn

<image001.jpg>
Los Angeles | New York | Wilmington, DE | Houston | San Francisco

2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION OF CHAPTER 11 TRUSTEE FOR ORDER (1) RESTORING POSSESSION OF THE PROPERTY LOCATED AT 322 N. JUNE ST., LOS ANGELES, CALIFORNIA TO THE TRUSTEE AND COMPELLING DEBTOR TO VACATE THE PROPERTY; AND (2) DIRECTING AND AUTHORIZING THE UNITED STATES MARSHAL SERVICE, OR ANY OTHER LAW ENFORCEMENT AGENCY WITH JURISDICTION, TO ENFORCE THE ORDER OF THE COURT TO RESTORE POSSESSION OF THE PROPERTY TO THE TRUSTEE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF BRADLEY D. SHARP AND JEFFREY W. DULBERG IN SUPPORT THEREOF** served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **January 17, 2025,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.** **SERVED BY UNITED STATES MAIL**:  On (*date*) **January 17, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.** **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **January 17, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| **Via Email:**<br>Eric J Olson:  eric@ejolsonlaw.com<br><br>Leslie Klein:  les.kleinlaw@gmail.com; leskleinlaw@gmail.com; kleinlaw@earthlink.net | |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 17, 2025 | | /s/ |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                              **F 9013-3.1.PROOF.SERVICE**
LA:4888-5069-3839.1 78512.001

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Case 2:23-bk-10990-SK

- **Simon Aron**  saron@wrslawyers.com, moster@wrslawyers.com;jlee@wrslawyers.com
- **Reem J Bello**  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Ron Bender**  rb@lnbyg.com
- **Michael Jay Berger**  michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Greg P Campbell**  ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Baruch C Cohen**  bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Theron S Covey**  tcovey@raslg.com
- **Jeffrey W Dulberg**  jdulberg@pszjlaw.com
- **Dane W Exnowski**  dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Todd S. Garan**  ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Robert P Goe**  kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Michael I. Gottfried**  mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com,tparizad@elkinskalt.com
- **Brandon J. Iskander**  biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Michael S Kogan**  mkogan@koganlawfirm.com
- **John W Lucas**  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Armen Manasserian**  armen@ml-apc.com, jennifer@ml-apc.com,maria@ml-apc.com
- **Ron Maroko**  ron.maroko@usdoj.gov
- **Kirsten Martinez**  Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Steven M Mayer**  smayer@mayerlawla.com
- **Christopher M McDermott**  ch11ecf@aldridgepite.com, CMM@ecf.inforuptcy.com;cmcdermott@aldridgepite.com
- **Krikor J Meshefejian**  kjm@lnbyg.com
- **Kenneth Misken**  Kenneth.M.Misken@usdoj.gov
- **Jeffrey P Nolan**  jnolan@pszjlaw.com
- **Eric J Olson**  eric@ejolsonlaw.com
- **Jeffrey N Pomerantz**  jpomerantz@pszjlaw.com
- **Brian A Procel**  bprocel@millerbarondess.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- **Kevin Ronk**  Kevin@portilloronk.com, jaclyn@cym.law,karen@cym.law
- **Joshua L Scheer**  jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Mark M Sharf (TR)**  mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com
- **Bradley D. Sharp (TR)**  bsharp@dsi.biz
- **Richard P Steelman**  RPS@LNBYG.COM
- **Nikko Salvatore Stevens**  nikko@cym.law, karen@cym.law
- **Alan G Tippie**  Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **Gary Tokumori**  gtokumori@pmcos.com
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov
- **Michael L Wachtell**  mwachtell@buchalter.com, marias@buchalter.com;docket@buchalter.com
- **John P. Ward**  jward@attleseyward.com, ephuong@attleseyward.com
- **Brett J. Wasserman**  wasserman@smcounsel.com
- **Alex M Weingarten**  aweingarten@willkie.com, lcarter@willkie.com
- **Beth Ann R. Young**  bry@lnbyg.com, bry@lnbyb.com
- **Clarisse Young**  youngshumaker@smcounsel.com, levern@smcounsel.com
- **Paul P Young**  paul@cym.law, jaclyn@cym.law
- **Roye Zur**  rzur@elkinskalt.com, TParizad@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com

2. **SERVED BY UNITED STATES MAIL**:

Peter C. Anderson, U.S. Trustee
Michael Jones, Assistant U.S. Trustee
Office of the U.S. Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA  90017

Nathan Talei
Oldman, Sallus & Gold, L.L.P.
16133 Ventura Blvd., PH-A
Encino, CA 91436

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA  90071

Leslie Klein
322 North June Street
Los Angeles, CA 90004

Leslie Klein & Associates, Inc.
c/o Leslie Klein
6454 Van Nuys Blvd. Suite 150
Van Nuys, CA 91401

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                         **F 9013-3.1.PROOF.SERVICE**
LA:4888-5069-3839.1 78512.001