Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:  jdulberg@pszjlaw.com
            jlucas@pszjlaw.com

*Counsel to Bradley D. Sharp,*
*Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>               Debtor. | Case No.: 2:23-bk-10990-SK<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S FIFTH STATUS REPORT**<br><br>Date: February 5, 2025<br>Time: 9:00 a.m.<br>Place: Courtroom 1575<br>       255 East Temple Street<br>       Los Angeles, CA 90012<br><br>Judge:  Hon. Sandra R. Klein |

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, PARTIES THAT HAVE FILED REQUESTS FOR SPECIAL NOTICE, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

Bradley D. Sharp, the duly appointed and acting chapter 11 trustee (the "***Trustee***") in the above-captioned bankruptcy case (the "***Case***") of Leslie Klein (the "***Debtor***" or "***Klein***"), hereby submits this fifth status report of events in the case since the Trustee's appointment on May 23, 2023 and the first status report that was filed on July 21, 2023 [Docket No. 199] (the "***First Status Report***"), the second status report filed on November 1, 2023 [Docket No. 465] (the "***Second Status Report***"), the third status report filed on January 29, 2024 [Docket No. 623 (the "***Third Status Report")***, and the fourth status report filed on October 16, 2024 [Docket No. 840] (the "***Fourth Status Report")***.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Since the filing of the First Status Report, Second Status Report, Third Status Report, and the Fourth Status Report, the Trustee has been identifying estate assets, locating bank accounts, transferring cash to accounts controlled by the Trustee, selling real property owned by the Debtor, responding to pending motions, investigating certain prepetition transfers and commencing related avoidance actions, seeking determinations regarding the extent of property of the estate (*i.e.*, the Debtor's primary residence), commencing fraudulent transfer actions regarding property owned by the Debtor for the benefit of the Debtor's son, attending state court hearings regarding disputed assets of the Debtor's estate, negotiating settlements and seeking approval therefor, and undertaking other efforts to stabilize this estate so that it can be administered in an efficient and value-maximizing manner. As the Court and the Office of the United States Trustee likely are aware, the Debtor's estate was handed to the Trustee in poor shape, and it has taken the Trustee and his advisors substantial time and effort to obtain some level of control over the Debtor's assets.

As set forth in the prior status reports, the Debtor and his various counsel have been largely uncooperative with the Trustee and his professionals. The Debtor has failed to produce virtually any information or documents in response to requests made of him. Moreover, there are numerous, competing claims for potential estate assets that various parties assert as their own – in opposition to the Debtor's contrary assertions. In addition, the Debtor and his various counsel oppose the Trustee's actions to control and maintain property of estate and have even filed state court actions attempting to convert property of the estate. The Trustee has made progress with information from third parties and the Trustee's efforts to identify and understand the breadth of the Debtor's assets and the extent of the claims asserted against the Debtor's estate are culminating towards a plan of liquidation.

The Trustee has progressed significantly in this case despite the Debtor being generally uncooperative and failing to provide unfettered access to his financial affairs.  His investigation of the Debtor's complex financial affairs has included the issuance of thirty-four (34) Rule 2004 orders as well as the collections of thousands of pages of evidence on a voluntary basis from various banks, financial institutions, and other entities.  The Trustee has successfully appeared through counsel at numerous state court hearings involving litigation against the Debtor to defend the estate's interests. He has launched a fraudulent transfer action against the Debtor's adult son with respect to a valuable

Los Angeles home, and also won summary judgment regarding the property located at 322 N. June Street, Los Angeles, California (the Debtor's primary residence) that such property is property of the estate.

The Trustee recognizes that many parties will be frustrated with the time it is taking to investigate the estate's affairs, but that time is compounded by cooperation (or lack thereof) from the various parties who conducted business with the Debtor and the Debtor himself. The Trustee endeavors to make determinations about estate assets and claims against the estate promptly but only after the Trustee has acquired sufficient information that will enable him to make informed decisions as to the administration of this estate.

As stated in prior status reports, the Trustee and his professionals stand ready to meet with all claimants to discuss the many pending Debtor-related matters, both before this Court and the Superior Court (as defined below), to expedite the disposition of these matters. If these disputes cannot be consensually resolved, the Trustee will look to the Court to adjudicate any remaining contested issues.

Below is a short summary of certain significant events that have transpired since the Trustee's Fourth Status Report.

## A.    Life Capital Group

The estate's interest in Life Capital Group ("**LCG**") might be one of the largest assets of the Debtor's estate. LCG is a limited liability company that was formed by the Debtor and co-owned with one other member. It is the Trustee's understanding that LCG owns approximately fourteen (14) unmatured life insurance policies. As of January 7, 2025, the Trustee estimates that the net value of such policies to the Debtor's estate is approximately $15,200,000 (which assumes that the life insurance policies all matured on such date). It should be noted that the foregoing value is contingent on the maturity of the life insurance policies (*i.e.*, the insured individual(s) must pass away) and that the value of the proceeds decreases over time on account of the payment of premiums, interest on such premiums, and other costs associated with maintaining the policies.

In December 2022, the Debtor reached a settlement with LCG, its other member, and the manager regarding the distribution of approximately $22,000,000 in life insurance proceeds. The

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Trustee expects to file a complaint regarding the settlement that will seek to recover substantial amounts in life insurance proceeds and other avoidance action proceeds.

**B.    Menlo Trust Litigation**

The Debtor is a defendant in an action styled as *In the matter of Franklin Henry Menlo Irrevocable Trust Established March 1, 1983*, Case No. BP136769, pending in the Superior Court of the State of California in the County of Los Angeles (the "***Menlo Action***"). The Menlo Action has been pending for years and involves allegations against the Debtor that include embezzlement, commingling of assets, borrowing between trusts, taking loans against trust and cross-paying debts, among other allegations.

The Trustee has been working cooperatively with the co-trustees (the plaintiffs in the Menlo Action, the "***Co-Trustees***") since entry of the Stay Enforcement Order. On January 16, 2025, the Trustee and Co-Trustees entered into a stipulation that continues the Co-Trustees' stay relief motions until February 12, 2025 [Docket No. 887].

The Trustee entered into a settlement with the Co-Trustees, and filed a motion seeking approval of such settlement, which is set to be heard on February 12, 2025 [Docket No. 885] (the "**Menlo Settlement Motion**"). As set forth in greater detail in the Menlo Settlement Motion, the Trustee seeks authorization to settle any claims that the Debtor's estate has an interest in the Menlo related life insurance polices that the Debtor had administered as trustee prior to the petition date. The Trustee and his advisor determined that the estate's interest is remote at best and the Menlo parties agreed to mutual releases with respect to such claim in exchange for a payment of $300,000, which for the reasons set forth in the Menlo Settlement Motion are reasonable.

**C.    Property Located at 322 N. June Street, Los Angeles, California**

On December 20, 2024, summary judgment was granted in favor of the Trustee and against the Debtor and other defendants, finding that the property located at 322 N. June Street, Los Angeles, California (the "***June Street Property***") is property of the estate. *See* [Adv. Docket No. 62].

On January 17, 2025, the Trustee filed a motion for turnover over the June Street Property, set to be heard on February 12, 2025 [Docket No. 890] (the "**Turnover Motion**"). By the Turnover Motion, the Trustee is seeking to compel the Debtor to vacate the June Street Property, and to direct

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

and authorize the United States Marshal Service, or any other law enforcement agency with jurisdiction, to enforce the order of the Court to restore control and possession of the Property to the Estate and the Trustee.

In connection with obtaining control of the June Street Property, the Trustee expects to engage a broker and sell the property for the benefit of the estate and the Debtor's creditors.

On January 3, 2025, the defendants in this adversary proceeding appealed the Court's summary judgment ruling. [Docket No. 67]. Since that time, the defendants have filed a statement of fifteen (15) issues on appeal and designated the record. The Trustee's deadline to counter-designate the record is January 31, 2025. The defendants' deadline to file their brief is on or about February 20, 2025. The Trustee will respond to the brief and address the arguments raised by the defendants, many of which are frivolous.

**D.      Gestetner Settlement Motion**

On January 7, 2025, the Trustee filed the *Motion to Approve Settlement Between Trustee and A. Gestetner Family Trust and Gestetner Charitable Remainder Unitrust,* [Docket No. 882] (the "**Gestetner Settlement Motion**"). As set forth in greater detail in the Gestetner Settlement Motion, the Trustee seeks authority to settle a $19 million claim against the estate that is secured by the Debtor's equity interest in LCG. By the terms of the proposed settlement, Gestetner would receive an allowed claim in the amount of $3.65 million that is secured by the Debtor's equity interest in LCG and such claim would share 50/50 with the estate any distributions from LCG. The settled claim does not accrue interest and after the claimant receives $3.65 million he has no further entitlement form the estate or any distributions from LCG.

**E.      306 N. Highland, Los Angeles, California**

The Trustee filed a complaint styled as *Sharp v. K. Klein and S. Klein*, Adv. Case No. 23-01167, where summary judgment is being sought in favor of the estate Trustee and against Kenneth Klein and Shoshana Klein (the Debtor's son and daughter-in-law) to avoid the fraudulent transfer of property located at 306 N. Highland, Los Angeles, California. [Docket No. 47].  The defendants therein filed a cross-motion for summary judgment. [Docket No. 65].  The hearing on this motion and cross motion is set for February 5, 2025.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**F.      Israel Real Property**

On January 25, 2024, the Trustee commenced a proceeding in Jerusalem Magistrates Court (the "**Israeli Court**") for recognition of the Debtor's bankruptcy case as a foreign main proceeding under Israel's Insolvency and Economic Rehabilitation Law, 2018. The Israeli Court subsequently recognized the Debtor's bankruptcy case as a foreign main proceeding and appointed an Israeli trustee with respect to the Debtor and his Israeli affairs (the "**Israeli Trustee**"), for the purpose of, inter alia, liquidation of the Debtor's interest in the Suite 1323 of The Leonardo Plaza Hotel, Ha-Rav Avida St 1, Jerusalem, 9426801, Israel (the "***Leonardo Hotel Property***"). The Israeli Court through the publication of a request for offers and competitive bidding between two bidders who made offers for the Leonardo Hotel Property and accepted an offer for 3,271,000 Israel New Shekels (ILS) which is roughly equal to $920,138.40 at current exchange rates, subject to approval of the Israeli Court. On January 22, 2025, the Trustee, in his business judgment, filed a motion to approve the sale of the Leonardo Hotel Property for the benefit of the Debtor's creditors [Docket No. 895].

The Trustee anticipates that, after subtracting costs of sale, including the above-described commissions, appraisal fees, transfer fees, taxes and the Israeli Trustee's fees, the sale of the Property will result in a pre-tax gain of approximately ILS 2,963,960 which equals approximately $833,768, at present conversion rates, for the Debtor's bankruptcy estate. This figure is prior to payment of any U.S. taxes which the Trustee anticipates will be *de minimis,* if any, after accounting for the estate's offsetting tax losses.

**G.      Other Appeals**

The Debtor appealed an adverse jury verdict in favor of Erica and Joseph Vago in the amount of approximately $24,334,039. The Trustee requested information from the Debtor regarding the factual and legal basis for the appeal as well as advised the California Court of Appeal, Second Appellate District (the "***Appellate Court***") as to the status. The Debtor responded in late October and the Trustee examined the stated basis and documents as well as followed up with the Debtor as well as the Appellee. On December 27, 2023, Benedon & Serlin, LLP filed a letter with the Appellate Court apparently on behalf of the Debtor. The Trustee has reached out to Benedon & Serlin to determine if there is any additional information which was not forwarded for the Trustee's consideration.

**H.    Fee Applications**

On October 9, 2024, the Law Office of Eric Everett Hawes, landlord/tenant counsel to the Trustee, and the Law Offices of Goldfarb Gross Seligman & Co., special Israeli litigation and real estate counsel to the Trustee, filed their second interim fee applications, [Docket Nos. 830 and 831, respectively], which were approved by order entered on October 31, 2024 [Docket No. 855].

On November 13, 2024, the Trustee and Michael Jay Berger, former counsel to the Debtor, entered into a stipulation [Docket No. 863], resolving Berger's request for final fees and expenses incurred during his representation of the Debtor, which was approved by order entered November 14, 2024 [Docket No. 865].  All allowed fees and expenses approved per the order have been paid to Berger.

**I.    Professional Fees and Expenses Through December 31, 2024**

Fees and expenses incurred through December 31, 2024, for the Trustee and his professionals are as follows:

| Professional | Fees | Expenses | Total |
|---|---|---|---|
| Bradley D. Sharp, Chapter 11 Trustee[1] | $125,055.00 | $0.00 | $125,055.00 |
| Pachulski Stang Ziehl & Jones LLP ("PSZJ"), Bankruptcy Counsel to the Chapter 11 Trustee[2] | $3,203,825.25 | $92,152.82 | $3,295,978.072 |
| Development Specialists, Inc., Forensic Accountant to the Chapter 11 Trustee | $947,089.00 | $0.00 | $947,089.00 |
| Goldfarb Gross Seligman & Co., Special Litigation and Real Estate Counsel to the Chapter 11 Trustee | $91,199.23 | $103.30 | $91,302.53 |
| Law Office of Eric Everett Hawes, Landlord/Tenant Counsel to the Chapter 11 Trustee | $50,850.00 | $7,825.08 | $58,675.08 |

[1] The Trustee has incurred actual fees in the amount of $671,360.50 as of December 31, 2024.
[2] PSZJ's fees are reflected at 75% of their incurred amount, however, in accordance with the terms of PSZJ's employment order, this figure could increase up to 110% of the total incurred fees. *See* Docket No. 330.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**J.      Further Status Reports**

The Trustee will provide the Court with updated status reports as the Court directs or as they are necessary.  The Trustee and his counsel are available to answer any questions the Court might have at the February 5, 2025, status conference. However, the Trustee also believes that the status conference can be continued for not less than six months to a date determined by the Court with a new status report due two weeks prior to such date.

Dated:    January 22, 2025                    PACHULSKI STANG ZIEHL & JONES LLP

                                                             By:      /s/ John W. Lucas
                                                                        John W. Lucas

                                                                        *Counsel for Bradley D. Sharp,
                                                                        Chapter 11 Trustee*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13ᵗʰ Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **CHAPTER 11 TRUSTEE'S FIFTH STATUS REPORT** served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **January 22, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2**.  **SERVED BY UNITED STATES MAIL**:  On (*date*) **January 22, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3**.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **January 22, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| <u>**Via Email:**</u> | |
|---|---|
| Eric J Olson:  eric@ejolsonlaw.com<br><br>Leslie Klein:  les.kleinlaw@gmail.com;<br>leskleinlaw@gmail.com; kleinlaw@earthlink.net | |

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 22, 2025 | Nancy H. Brown | */s/ Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
LA:4888-5069-3839.1 78512.001

**F 9013-3.1.PROOF.SERVICE**

**1.** **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  **Case 2:23-bk-10990-SK**

- **Simon Aron**   saron@wrslawyers.com, moster@wrslawyers.com;jlee@wrslawyers.com
- **Reem J Bello**   rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Ron Bender**   rb@lnbyg.com
- **Michael Jay Berger**   michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Greg P Campbell**   ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Baruch C Cohen**   bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Theron S Covey**   tcovey@raslg.com
- **Jeffrey W Dulberg**   jdulberg@pszjlaw.com
- **Dane W Exnowski**   dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Todd S. Garan**   ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Robert P Goe**   kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Michael I. Gottfried**   mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com,tparizad@elkinskalt.com
- **Brandon J. Iskander**   biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Michael S Kogan**   mkogan@koganlawfirm.com
- **John W Lucas**   jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Armen Manasserian**   armen@ml-apc.com, jennifer@ml-apc.com,maria@ml-apc.com
- **Ron Maroko**   ron.maroko@usdoj.gov
- **Kirsten Martinez**   Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Steven M Mayer**   smayer@mayerlawla.com
- **Christopher M McDermott**   ch11ecf@aldridgepite.com, CMM@ecf.inforuptcy.com;cmcdermott@aldridgepite.com
- **Krikor J Meshefejian**   kjm@lnbyg.com
- **Kenneth Misken**   Kenneth.M.Misken@usdoj.gov
- **Jeffrey P Nolan**   jnolan@pszjlaw.com
- **Eric J Olson**   eric@ejolsonlaw.com
- **Jeffrey N Pomerantz**   jpomerantz@pszjlaw.com
- **Brian A Procel**   bprocel@millerbarondess.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- **Kevin Ronk**   Kevin@portillolronk.com, jaclyn@cym.law,karen@cym.law
- **Joshua L Scheer**   jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Mark M Sharf (TR)**   mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com
- **Bradley D. Sharp (TR)**   bsharp@dsi.biz
- **Richard P Steelman**   RPS@LNBYG.COM
- **Nikko Salvatore Stevens**   nikko@cym.law, karen@cym.law
- **Alan G Tippie**   Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **Gary Tokumori**   gtokumori@pmcos.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Michael L Wachtell**   mwachtell@buchalter.com, marias@buchalter.com;docket@buchalter.com
- **John P. Ward**   jward@attlesseyward.com, ephuong@attlesseyward.com
- **Brett J. Wasserman**   wasserman@smcounsel.com
- **Alex M Weingarten**   aweingarten@willkie.com, lcarter@willkie.com
- **Beth Ann R. Young**   bry@lnbyg.com, bry@lnbyb.com
- **Clarisse Young**   youngshumaker@smcounsel.com, levern@smcounsel.com
- **Paul P Young**   paul@cym.law, jaclyn@cym.law
- **Roye Zur**   rzur@elkinskalt.com, TParizad@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com

**2.** **SERVED BY UNITED STATES MAIL**:

Peter C. Anderson, U.S. Trustee
Michael Jones, Assistant U.S. Trustee
Office of the U.S. Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA  90017

Nathan Talei
Oldman, Sallus & Gold, L.L.P.
16133 Ventura Blvd., PH-A
Encino, CA 91436

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA  90071

Leslie Klein
322 North June Street
Los Angeles, CA 90004

Leslie Klein & Associates, Inc.
c/o Leslie Klein
6454 Van Nuys Blvd. Suite 150
Van Nuys, CA 91401

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
LA:4888-5069-3839.1 78512.001

**F 9013-3.1.PROOF.SERVICE**