Eric J. Olson (SBN 37630)
EJOLSONLAW
301 East Colorado Boulevard, Suite 520
Pasadena, California 91101
T: 818-245-2246
C: 626-224-5619
Eric@EJOlsonLaw.com

Attorney for Adversary Proceeding Defendants
Leslie Klein, The Second Amended Klein Living Trust, The Marital Deduction Trust of Erika Klein, The Survivor's Trust of Leslie Klein, and Barbara Klein

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>    Debtor. | Case No.: 2:23-bk-10990-SK<br><br>Chapter 11<br><br>**OPPOSITION TO MOTION OF CHAPTER 11 TRUSTEE FOR ORDER (1) RESTORING POSSESSION OF THE PROPERTY LOCATED AT 322 N. JUNE ST., LOS ANGELES, CALIFORNIA TO THE TRUSTEE AND COMPELLING DEBTOR TO VACATE THE PROPERTY; ETC.; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LESLIE KLEIN; EXHIBITS**<br><br>Date: February 12, 2025<br>Time: 9:00 AM<br>Place: Courtroom 1575<br>255 East Temple Street<br>Los Angeles, California 90012 |

**TO THE HONORABLE SANDRA R. KLEIN, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, OFFICE OF THE UNITED STATES TRUSTEE, CHAPTER 11 TRUSTEE, AND TO ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that Adversary Proceeding Defendants, Leslie Klein, Leslie Klein as Trustee of The Second Amended Klein Living Trust, Leslie Klein as Trustee of The Marital Deduction Trust of Erika Klein, Leslie Klein as Trustee of The Survivor's Trust of Leslie Klein, and Barbara Klein, hereby file this opposition to the Chapter 11 Trustee's Motion for Order (1) Restoring Possession of the Property Located at 322 N. June St., Los Angeles, California to the Trustee and Compelling Debtor to Vacate the Property; Etc. ("Motion to Restore Possession of June Street"), and respectfully represent as follows:

I.  **INTRODUCTION**

In his motion, Plaintiff Trustee seeks a turnover order based on the Order in the Motion for Summary Judgment regarding the June Street Property against Debtor from his residence. Curiously, it is not addressed to his wife, co-defendant Barbara Klein, also a resident.

At the hearing the Court declined to grant such an order (transcript p 72 line 22 – p 73 line 8). In his motion, moving party states *"No stay of the judgment is in place"*. If the Court's prior declination to grant an eviction against defendants does not suffice for these purposes, **Defendants request the Court to grant a stay to the extent of declining to evict defendants at this time.**

Defendants have proposed to Plaintiff that the marital deduction trust and credit trust are willing to pay $10,000 a month to Mr. Sharp, and to pay all the utility bills and all the repair and maintenance bills until the appeals court decides if the bankruptcy estate owns the house or the marital deduction trust or credit trust owns the house. The trusts are also prepared to go to mediation and to discuss other types of proposals.

Defendants have pointed out that continued presence of Defendants Leslie Klein and Barbara Klein in June Street Property is in best interest of the estate to avoid vacant property in hands of the estate while further proceedings are had to (if successful by Plaintiff) create clear and insurable title as set forth below.

Additionally, the Court has authority and the responsibility to not unnecessarily burden third parties in connection with Section 344(a)(3). (See II d p 5, infra)

## II. ARGUMENT

### a. Facts

In his motion, Plaintiff recites that on January 15, 2025 he emailed a demand to start arranging for vacation of the Property and that on January 17, 2025 he sent a follow up email that went unanswered as of the time he filed his motion on January 17, 2025. Actually, a response had been sent before the filing. A copy of the exchange of emails is attached as Exhibit A.

On January 16, 2024, Defendants filed and served their Statement of Issues in connection with their Appeal, a copy of which is attached as Exhibit B.

This Court awarded Plaintiff judgment as he requested and the title issues raised are based on Plaintiff's First Amended Complaint, the Motion for Summary Judgment, and the Order prepared by Plaintiff (Exhibits C, D, E).

Defendants call attention to Issues 3 and 4 as set forth in Exhibit B.

### b. Failure to Join Necessary Parties

The Second Amended Klein Living Trust has 5 named parties, the four children of the late Erika Klein and debtor Les Klein, and the Credit Trust, who, for reasons never explained, were never joined as parties to the Quiet Title litigation.

CCP § 762.010 provides *"The plaintiff shall name as defendants in the action the persons having adverse claims to the title of the plaintiff against which a determination is sought"*. The Code Commissioner states, *"Section 762.010 states the rule for the joinder of known adverse claimants; Failure to join these persons will result in a judgment that does not bind them"*.

### c. Naming of "trusts" as if they had juridical existence

The First Amended Complaint and the Order name as parties "The Second Amended Klein Living Trust", "The Marital Deduction Trust of Erika Klein" and "The Survivor's Trust of Leslie Klein".

A *"trust itself cannot sue or be sued"*. *Presta v. Tepper (2009) 179 CA4th 4th 909* cited in *Portico Management Group v. Harrison, 202 CA4th 464, 473 (2011)*.

The California courts have consistently held that issues related to standing, which affect the jurisdiction of the court, are not waived by the failure to raise them at trial and can be addressed on appeal. *Cummings v. Stanley, 177 Cal. App. 4th 493, In re B.S., 65 Cal. App. 5th 888*. (see also Exhibit F)

It is in the best interest of the Estate that Defendants Barbara Klein and Leslie Klein remain in possession of the June Street Property, with the Marital Deduction Trust and Credit Trust paying maintenance utilities and repairs and by their presence deterring occupancy by homeless people as opposed to leaving it vacant.

While it is not unique to this estate, we have seen situations where comparable properties left vacant attract homeless people who do significant damage thereby reducing the value of the asset for the estate. For example, see Declaration of Leslie Klein attached.

### d. The Court should review the trustee's proposed exercise of powers so as not to unnecessarily harm third parties in the exercise of Section 344(a)(3)

The Trustee's proposed action affects not only the Debtor but others, not least his wife, Defendant Barbara Klein. It is clear that the Trustee would not be in a position to sell immediately and so, would have a vacant property on his hands. There is an offer on the table as well as an expression of willingness to mediate. Under the circumstances there is no reason to evict from her residence a woman during a period when it is of no value to the Trustee.

The following is from a search of Lexis Nexis, but counsel has verified the authority cited:

*"Yes, a trustee should use discretion to avoid unnecessarily harming third parties when exercising powers under Section 344(a)(3). The bankruptcy court has the discretion to authorize and enforce actions requested by the trustee, such as compelling a debtor to sign a consent directive, which is part of the trustee's investigatory duties. Rigby v. Mastro (In re Mastro), 585 B.R. 587. The trustee's investigatory powers are broad and include the authority to require the production of documents and other information necessary for the administration of the estate. <u>However, the exercise of these powers should be balanced with the potential impact on third parties, ensuring that actions taken are necessary and proportionate to the objectives of the bankruptcy process. This approach aligns with the general principle that bankruptcy proceedings should be conducted in a manner that is fair and equitable to all parties involved, including third</u>*

**OPPOSITION TO MOTION FOR ORDER RESTORING POSSESSION OF THE PROPERTY LOCATED AT 322 N. JUNE ST., LOS ANGELES, CALIFORNIA**

*parties who may be affected by the trustee's actions. Rigby v. Mastro (In re Mastro), 585 B.R. 587, Miller v. Mathis (In re Mathis), 548 B.R. 465."*

### III. CONCLUSION

For the foregoing reasons, the Adversary Proceeding Defendants respectfully request that the Court deny the Motion to Restore Possession of June Street, order the parties to meet and confer, and to the extent necessary, mediate regarding the property, and order the trustee to stay the order on the Motion for Summary Judgment to prevent eviction of defendants pending further motion.

Dated: January 29, 2025

Eric J. Olson
Attorney for Adversary Proceeding Defendants
Leslie Klein, The Second Amended Klein Living Trust, The Marital Deduction Trust of Erika Klein, The Survivor's Trust of Leslie Klein, and Barbara Klein

---

OPPOSITION TO MOTION FOR ORDER RESTORING POSSESSION OF THE PROPERTY LOCATED AT 322 N. JUNE ST., LOS ANGELES, CALIFORNIA

- 6 -

## DECLARATION OF LESLIE KLEIN

I, Leslie Klein, states:

1. I am Debtor herein. My wife, Barbara Klein and I reside in the subject property at 322 North June Street. She is not a co-debtor.

2. I am familiar with properties in the area which were left vacant and became occupied by homeless people and left serious damage diminishing its value. One such example is 315 North Martel Avenue, Los Angeles, California 90036, originally part of this estate, which I estimate lost $1,000,000 in value.

3. Attached hereto as Exhibit A is a true and correct copy of the exchange of emails regarding a demand to start arranging for vacation of the property.

4. Attached hereto as Exhibit B is a true and correct copy of the Statement of Issues.

5. Attached hereto as Exhibit C is a true and correct copy of Plaintiff's First Amended Complaint.

6. Attached hereto as Exhibit D is a true and correct copy of the Motion for Summary Judgment.

7. Attached hereto as Exhibit E is a true and correct copy of the Order regarding Motion for Summary Judgment.

//

//

8. Attached hereto as Exhibit F is a true and correct copy of a memo on raising lack of standing on appeal.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 29th day of January 2025, at Los Angeles, California.

Dated: January 29, 2025

_____
Leslie Klein

8. Attached hereto as Exhibit F is a true and correct copy of a memo on raising lack of standing on appeal.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 29th day of January 2025, at Los Angeles, California.

Dated: January 29, 2025

/s/ Leslie Klein
_____
Leslie Klein

| In re: LESLIE KLEIN | Chapter 11 |
|---|---|
| Debtor. | Case No.: 2:23-bk-10990-SK |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 East Colorado Boulevard, Suite 520, Pasadena, California 91101.

A true and correct copy of the foregoing document described as **"Opposition to Motion for Order Restoring Possession of the Property Located at 322 N. June St., Los Angeles, California"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On January 29, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicated method for each person or entity served): On January 29, 2025, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page.

OPPOSITION TO MOTION FOR ORDER RESTORING POSSESSION OF THE PROPERTY LOCATED AT 322 N. JUNE ST., LOS ANGELES, CALIFORNIA
- 9 -

| In re: LESLIE KLEIN | Chapter 11 |
|---|---|
| Debtor. | Case No.: 2:23-bk-10990-SK |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 01/29/2025 | Jasper Pantaleon | /s/ Pantaleon |
|---|---|---|
| Date | Type Name | Signature |

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)":**

- Simon Aron  saron@wrslawyers.com, moster@wrslawyers.com
- Kenneth Misken  Kenneth.m.misken@usdoj.gov
- Reem J Bello  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Jeffrey Nolan  jnolan@pszjlaw.com
- Ron Bender  rb@lnbyg.com
- Michael Jay Berger  Michael.berger@bankruptcypower.com, Yathida.nipha@bankruptcypower.com, Michael.berger@ecf.inforuptcy.com
- Jeffrey N Pomerantz  jpomerantz@pszjlaw.com
- Greg P Campbell  ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com, gcampbell@aldridgepite.com
- Brian A Procel  bprocel@millerbarondess.com, rdankwa@millerbarondess.com, docket@millerondess.com
- Joshua L Scheer  jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- Baruch C Cohen  bcc@baruchcohenesq.com, paralegal@baruchcohenesq.com
- Mark M Sharf (TR)  mark@sharflaw.com, c188@ecfcbis.com, sharf1000@gmail.com, 2180473420@filings.docketbird.com
- Theron S Covey  tcovey@raslg.com
- Bradley D Sharp (TR)  bsharp@dsi.biz
- Jeffrey W Dulberg  jdulberg@pszjlaw.com
- Dane W Exnowski  dane.exnowski@mccalla.com, bk.ca@mccalla.com, mccallaecf@ecf.courtdrive.com
- Richard P Steelman  rps@lnbyg.com, john@lnbyg.com
- Alan W Forsley  alan.forsley@flpllp.com, awf@fkllawfirm.com, awf@fl-lawyers.net, addy@flpllp.com
- Nikko Salvatore Stevens  nikko@cym.law, mandi@cym.law
- Robert P Goe  kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com
- Alan G Tippie  alan.tippie@gmlaw.com, atippie@ecf.courtdrive.com, karen.files@gmlaw.com, patricia.dillamar@gmlaw.com, denise.walker@gmlaw.com

OPPOSITION TO MOTION FOR ORDER RESTORING POSSESSION OF THE PROPERTY LOCATED AT 322 N. JUNE ST., LOS ANGELES, CALIFORNIA
- 10 -

- Michael I Gottfried  mgottfried@elkinskalt.com, cavila@elkinskalt.com, lwageman@elkinskalt.com, docketing@elkinskalt.com
- Gary Tokumori  gtokumori@pmcos.com
- Brandon J Iskander  biskander@goeforlaw.com, kmurphy@goeforlaw.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- Michael S Kogan  mkogan@koganlawfirm.com
- Michael L Wachtell  mwachtell@buchalter.com
- John P Ward  jward@attleseyward.com, ezhang@attleseystorm.com
- Marc A Lieberman  marc.lieberman@flpllp.com, safa.saleem@flpllp.com, addy@flpllp.com
- Brett J Wasserman  wasserman@smcounsel.com
- John W Lucas  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Alex M Weingarten  aweingarten@willkie.com, lcarter@willkie.com
- Armen Manasserian  armen@cym.law, jennifer@cym.law
- Beth Ann R Young  bry@lnbyg.com, bry@lnbyb.com
- Ron Maroko  ron.maroko@usdoj.gov
- Clarisse Young  youngshumaker@smcounsel.com, levern@smcounsel.com
- Kirsten Martinez  Kirsten.martinez@bonialpc.com, notices.bonial@ecf.courtdrive.com
- Paul P Young  paul@cym.law, jaclyn@cym.law
- Steven M Mayer  smayer@mayerlawla.com
- Roye Zur  rzur@elkinskalt.com, tparizad@elkinskalt.com, lwageman@elkinskalt.com, 1648609420@filings.docketbird.com
- Christopher M McDermott  ch11ecf@aldridgepite.com, cmm@ecf.inforuptcy.com, cmcdermott@aldridgepite.com
- Krikor J Meshefejian  kjm@lnbyg.com

II. **SERVED BY UNITED STATES MAIL:**

Hon. Sandra Klein
U.S. Bankruptcy Court
255 East Temple Street #1582
Los Angeles, California 90012

Peter C. Anderson, U.S. Trustee
Michael Jones, Assistant U.S. Trustee
Office of the U.S. Trustee
915 Wilshire Boulevard Suite 1850
Los Angeles, California 90017

Nathan Talei
Oldman, Sallus & Gold, LLP
16133 Ventura Boulevard, PH-A
Encino, California 91436