# EXHIBIT B

Eric J. Olson (SBN 37630)
EJOLSONLAW
301 East Colorado Boulevard, Suite 520
Pasadena, California 91101
T: 818-245-2246
C: 626-224-5619
Eric@EJOlsonLaw.com

Attorney for Defendant-Appellants Leslie Klein, an individual, Leslie Klein as Trustee of The Second Amended Klein Living Trust, a trust, Leslie Klein as Trustee of The Marital Deduction Trust of Erika Klein, a trust, Leslie Klein as Trustee of The Survivor's Trust of Leslie Klein, a trust, and Barbara Klein, an individual

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| IN RE<br>LESLIE KLEIN,<br>　　　　DEBTOR. | Case No.: 2:23-bk-10990-SK<br>Hon. Sandra Klein<br>Chapter 11 |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE,<br>　　　　Plaintiff-Appellee,<br>vs.<br>LESLIE KLEIN, AN INDIVIDUAL, THE SECOND AMENDED KLEIN LIVING TRUST, A TRUST, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, A TRUST, THE SURVIVOR'S TRUST OF LESLIE KLEIN, A TRUST, AND BARBARA KLEIN, AN INDIVIDUAL,<br>　　　　Defendant-Appellants. | Adv. No.: 2:24-ap-01140-SK<br><br>**STATEMENT OF ISSUES** |

Eric J. Olson, attorney for Defendants, Leslie Klein, an individual, Leslie Klein as Trustee of The Second Amended Klein Living Trust, a trust, Leslie Klein as Trustee of The Marital Deduction Trust of Erika Klein, a trust, Leslie Klein as Trustee of The Survivor's Trust of Leslie Klein, a trust, and Barbara Klein, an individual, states the following Statement of Issues on his Appeal:

1. Whether the Bankruptcy Court erred in denying Defendant-Appellants' Motion for Continuance of the Motion for Summary Judgment on All Claims for Relief Against Defendants.

2. Whether the Bankruptcy Court erred in granting the Motion for Summary Judgment on All Claims for Relief Against Defendants.

3. Whether the Bankruptcy Court could grant a judgment in quiet title under CCP §762.010 et seq. effective against parties named in the Second Amended Living Trust but not named as parties to the action or when the Court could not convey insurable title, the Trustee not having stated adverse claims against them.

4. Whether the Bankruptcy Court could grant a judgment in quiet title under CCP §762.010 et seq. against parties only named as trusts.

5. Whether the Bankruptcy Court could treat the Second Amended Living Trust as "self-settled" by Debtor when it explicitly provides that

STATEMENT OF ISSUES
-2-

the Marital Deduction Trust and the Credit Trust (depending on circumstances) including the June Street property are funded from the community share of the deceased Erika Klein for the ultimate benefit of her children.

6. Whether the ledgers showing the June Street property as property of either the Marital Deduction Trust or the Credit Trust at least create a triable issue of fact as to whether the June Street property is held for the benefit of the Marital Deduction Trust or the Credit Trust.

7. Whether Probate Code §15304(b) and the fact that the June Street property is shown to come from Erika Klein, not the Debtor shows that it is protected by the spendthrift provisions of the trust.

8. Whether the statements of Debtor under oath and his course of performance do not at least constitute a triable issue of fact as to limitations of the issue of control of Debtor over the June Street property.

9. Whether the inclusion of the June Street property in the Second Amended Trust does not constitute a conveyance of the June Street property without a separate deed pursuant to Estate of Heggstad 16 Cal. App. 4th 193 and Probate Code §15200.

10. Whether the recording of the Second Amended Trust whose terms incorporate the terms of the Marital Deduction Trust and the Credit Trust does not suffice to protect the Marital Deduction Trust, Credit Trust and Survivor's Trust as well as other parties to the recorded Second Amended Trust as set forth in the prayer.

11. Whether the presence of Barbara Klein, resident in the June Street property is sufficient to put a party (including the Trustee) on notice of her rights so that no one could be a bona fide purchaser pursuant to 11 U.S.C. §544(a)(3) as set forth in the prayer.

12. Whether the parties to the action or to the Second Amended Trust other than Debtor are entitled to the legal protections of their interests and they should not be impaired by any purported estoppels or other alleged actions or omissions by Debtor.

13. Whether there is any evidence supporting the idea that either the Marital Deduction Trust or the Credit Trust was required to have a TIN or to file a tax return, and the testimony of Debtor that the June Street property does and did not generate income contradicts any such contention.

14. Whether the issues of interpretation and ownership of assets under the Second Amended Trust are properly determined exclusively under California law in a California Probate Court.

15. Whether the Second Amended Trust was created in 1990 and became partly irrevocable in 2012 on the death of Erika Klein as to her half of the community property and the Marital Deduction Trust and Credit Trust, more than 10 years before the date of bankruptcy.

16. Appellants reserve the right to supplement this filing of issues.

Dated: January 16, 2025

Eric J. Olson
Attorney for Defendant-Appellants

| In re: LESLIE KLEIN<br>Debtor(s)<br>BRADLEY D. SHARP, Chapter 11 Trustee | Chapter: 11<br>Case No: 2:23-bk-10990-SK<br>AP No.: 2:24-ap-01140-SK |
|---|---|

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 **East Colorado Boulevard, Suite 520, Pasadena, California 91101.**

A true and correct copy of the foregoing document described as **"Statement of Issues"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 1/16/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicated method for each person or entity served):**
On 1/16/2025, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page

STATEMENT OF ISSUES
-6-

| In re: LESLIE KLEIN<br>Debtor(s)<br>BRADLEY D. SHARP, Chapter 11 Trustee | Chapter: 11<br>Case No: 2:23-bk-10990-SK<br>AP No.: 2:24-ap-01140-SK |
|---|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/16/2025 | Jasper Pantaleon | [signature] |
|---|---|---|
| Date | Type Name | Signature |

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)":

- Simon Aron  saron@wrslawyers.com, moster@wrslawyers.com
- Reem J Bello  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Jeffrey W Dulberg  jdulberg@pszjlaw.com
- Robert P Goe  kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- John W Lucas  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Jeffrey P. Nolan  jnolan@pszjlaw.com

## II. SERVED BY UNITED STATES MAIL:

Hon. Sandra Klein
U.S. Bankruptcy Court
255 East Temple Street #1582
Los Angeles, California 90012