# EXHIBIT C

Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
Jeffrey P. Nolan (State Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile: 310-201-0760
Email: jdulberg@pszjlaw.com
        jlucas@pszjlaw.com
        jnolan@pszjlaw.com

Attorneys for Plaintiff, Bradley D. Sharp,
Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 23-10990-SK |
| LESLIE KLEIN, | Adv. Case No.: 2:24-ap-01140-SK |
| Debtor. | Chapter 11 |
| BRADLEY D. SHARP, Chapter 11 Trustee,, | **FIRST AMENDED COMPLAINT FOR QUIET TITLE AND AVOIDANCE OF UNRECORDED INTERESTS IN REAL PROPERTY LOCATED AT 322 N. JUNE ST., LOS ANGELES, CALIFORNIA** |
| Plaintiff, | |
| v. | |
| LESLIE KLEIN, an individual, THE SECOND AMENDED KLEIN LIVING TRUST, a trust, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual, | |
| Defendants. | |

Bradley D. Sharp (“**Plaintiff**” or “**Trustee**”), the duly appointed trustee for the chapter 11

estate of Leslie Klein (the “**Debtor**”) brings this adversary proceeding against the defendants

named herein.  Plaintiff alleges as follows:

### INTRODUCTION

1.       On February 22, 2023 (the “**Petition Date**”), the Debtor commenced a voluntary

chapter 11 case in the United States Bankruptcy Court for the Central District of California (Los

Angeles Division) Case No. 23-10990-SK (the “**Bankruptcy Case**”).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2. At the time the Bankruptcy Case was commenced, an estate was created by operation of law, pursuant to 11 U.S.C. § 541, of all legal and equitable interests of the Debtor in property.

3. On March 8, 2023, the Debtor filed his schedules of assets and liabilities and statement of financial affairs [Docket No. 34] (the "**SOFAs**") reflecting that the real property located at 322 N. June St., Los Angeles, California (the "**Property**") is 50% owned by the Debtor's bankruptcy estate, 50% owned by an alleged marital deduction trust (the "**MDT**") of the Debtor's deceased spouse, Erika Klein, and a life estate held by Barbara Klein ("**Barbara Klein**"), the Debtor's current spouse. A true and correct copy of the SOFAs are annexed hereto as **Exhibit A**.

4. Plaintiff seeks a determination that the Property is solely owned by the Debtor's bankruptcy estate and not held or own by the MDT, Barbara Klein, or any other party.

5. The resolution of this disputed issue is critical to the underlying bankruptcy case because the Property has substantial value and will materially affect distributions to the creditors holding allowed claims against the Debtor and his bankruptcy estate.

## **JURISDICTION**

6. This Court has jurisdiction over the instant adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334, 11 U.S.C. § 105, and Federal Rules of Bankruptcy Procedure 7001.

7. Venue in this judicial district is appropriate pursuant to 28 U.S.C. § 1409.

8. This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## **PARTIES**

9. On May 23, 2023, the Office of the United States Trustee (the "**OUST**") filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 151]. On May 24, 2023, the OUST filed an *Application for Order Approving Appointment of Trustee and Fixing Bond* [Docket No. 154], which was approved by order entered the same day [Docket No. 155]. On that same day, the Trustee accepted his appointment [Docket No. 156] as the chapter 11 trustee of the Debtor's bankruptcy estate.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

10.     Leslie Klein, the Debtor, is an individual who is a debtor in the above-captioned bankruptcy case and resides in Los Angeles, California in the Property.

11.     The *Second Amended Klein Living Trust*, dated April 8, 1990 (the "**Klein Living Trust**"), is a living trust that was settled by the Debtor and his former/deceased spouse, Erika Klein. A true and correct copy of the Klein Living Trust is annexed hereto as **Exhibit B**.

12.     The MDT (*i.e.*, the *Marital Deduction Trust of Erika Klein*) was purportedly created and funded in connection with the death of Erika Klein on or around December 2012.

13.     The *Survivor's Trust of Leslie Klein* (the "**Survivor's Trust**") is a trust that was purportedly created at the time of Erika Klein's death as a successor to the Klein Living Trust.

14.     Barbara Klein, an individual, is the current spouse of the Debtor.

### THE PROPERTY

15.     The only and the most recently recorded deed (the "**Property Deed**") relating to the Property reflects that on or about July 8, 1977, the Property was granted to Leslie Klein and Erika Noemi Klein, as Trustees under the Klein Living Trust of 1975.  A true and correct copy of the Property Deed is annexed hereto as **Exhibit C**.

16.     The Klein Living Trust reflects that it amends and supersedes the "Klein Living Trust" and the "First Amended Klein Living Trust." *See* Klein Living Trust, Art. 1.

17.     On April 29, 2024, the Debtor's current counsel sent an email (the "**April 29 Email**") to the Plaintiff's counsel stating that "A Trust owns 100% of the June Street Property and the 2 Israel properties." A true and correct copy of the April 29 Email is annexed hereto as **Exhibit D**. The Plaintiff understands the reference to the "A Trust" to mean the MDT.

18.     On or about May 3, 2024, the Debtor, through his current counsel, produced documents in response to a formal discovery demand by the Trustee. The produced documents included the Klein Living Trust and a typed document (the "**Klein Trust Property Schedule**") that purports to reflect the property division between the MDT and the Klein Living Trust as a result of the death of Erika Klein. A true and correct copy of the Klein Trust Property Schedule is annexed hereto as **Exhibit E**.

19.     The Klein Trust Property Schedule is undated, unexecuted, and unrecorded, and

there is no evidence that indicates when the schedule was created.

## **FIRST CLAIM FOR RELIEF**

### **(Quiet Title)**

20. Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the above paragraphs as though fully set forth hereat.

21. As of the Petition Date, the Property Deed reflects that the Property is owned by the Klein Living Trust.

22. On or about March 8, 2023, the Debtor represented under penalty of perjury in the SOFAs that the Property was owned 50% by his bankruptcy estate and 50% by the MDT. The Trustee is unaware of any documents to support that the MDT owns 50% of the Property or any other interest in the Property.

23. On or about March 8, 2023, the Debtor represented under penalty of perjury in the SOFAs that Barbara Klein holds a life estate in the Property. The Trustee is unaware of any documents to support any life estate held or owned by Barbara Klein or any other interest in the Property.

24. On or about May 3, 2024, the Trustee received the undated, unexecuted, unrecorded Klein Trust Property Schedule that purports to indicate that the Property is 100% owned by the MDT. The Trustee is unaware of any documents to support that the MDT owns 100% of the Property or any other interest in the Property.

25. As of the Petition Date, the Klein Living Trust or the Survivor's Trust owned 100% of the Property and continues to own 100% of the Property.

26. The Trustee is entitled to a judicial declaration, pursuant to sections 760.010 *et. seq.* of the CCP, quieting title of the Property in name of the Debtor's bankruptcy estate as of February 22, 2023.

## **SECOND CLAIM FOR RELIEF**

### **(Avoidance pursuant to 11 U.S.C. § 544(a)(3))**

27. Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the above paragraphs as though fully set forth hereat.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

28.     All unrecorded interests in the Property are voidable by a *bona fide* purchaser of such real property who properly perfected such purchase at the time of the commencement of this bankruptcy case.

29.     Pursuant to 11 U.S.C. § 544(a)(3), the Plaintiff as Trustee has the rights and powers of a bona fide purchaser of real property as of the Petition Date and therefore, the estate may void all unrecorded interests in the Property, including any unrecorded interests that beneficiaries of the Klein Living Trust, MDT, Survivor's Trust, and Barbara Klein may assert.

30.     Plaintiff is entitled to a judicial declaration, pursuant to 11 U.S.C. § 544(a)(3), that all unrecorded interests in the  Property are void and unenforceable and the Property is property of the Debtor's bankruptcy estate.

**WHEREFORE**, the Plaintiff prays for judgment as follows:

1.     Declaring that any interests in the Property that were not created, transferred or declared in a validly recorded deed or instrument transferring the Property to the Klein Living Trust, Survivor's Trust, or recorded in the appropriate county real estate records are void and that the Property is property of the Debtor's bankruptcy estate giving the Trustee the right and power to transfer the Property free of any such interests (subject to Court approval and any enforceable exemption);

2.     Declaring that any unrecorded interests of the MDT, Survivor's Trust, Barbara Klein, or any other person or entity in the Property are void pursuant to 11 U.S.C. § 544(a)(3); and

3.     For such other and further relief as the Court may deem just and proper.

Dated:  May 29, 2024                    PACHULSKI STANG ZIEHL & JONES LLP


                                        By    */s/ John W. Lucas*
                                              _____
                                              Jeffrey W. Dulberg
                                              John W. Lucas
                                              Jeffrey P. Nolan

                                              Attorneys for Plaintiff, Bradley D. Sharp,
                                              Chapter 11 Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>EXHIBIT A</u>**

**(SOFAs)**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# United States Bankruptcy Court
## Central District of California

In re    __Leslie Klein__ _____

                                           Debtor(s)

Case No.    __2:23-bk-10990-SK__

Chapter    __11__

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
| --- | --- | --- | --- |
| **-NONE-** | | | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

      I, Leslie Klein, am the named debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date    _3/8/2023_           Signature _Leslie Klein_

                                                   **Leslie Klein**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Leslie Klein** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | **2:23-bk-10990-SK** | | |
| (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106Sum
### Summary of Your Assets and Liabilities and Certain Statistical Information          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:    Summarize Your Assets

|   | | Your assets<br>Value of what you own |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B)<br>1a. Copy line 55, Total real estate, from Schedule A/B......................................... | $       12,250,000.00 |
| | 1b. Copy line 62, Total personal property, from Schedule A/B............................... | $        2,044,000.00 |
| | 1c. Copy line 63, Total of all property on Schedule A/B....................................... | $       14,294,000.00 |

### Part 2:    Summarize Your Liabilities

|   | | Your liabilities<br>Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)<br>2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $       31,564,856.56 |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)<br>3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*............................... | $               0.00 |
| | 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........................... | $          97,928.00 |
| | Your total liabilities | $       31,662,784.56 |

### Part 3:    Summarize Your Income and Expenses

|   | | |
|---|---|---|
| 4. | *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I*............................... | $          17,633.00 |
| 5. | *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J*................................. | $           9,552.00 |

### Part 4:    Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ■ Yes

7. **What kind of debt do you have?**

   ☐ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ■ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Official Form 106Sum          Summary of Your Assets and Liabilities and Certain Statistical Information          page 1 of 2

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com

Debtor 1    **Leslie Klein**                                  Case number *(if known)*   **2:23-bk-10990-SK**

8.    **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form
      122A-1 Line 11; **OR,** Form 122B Line 11; **OR,** Form 122C-1 Line 14.                  $ _____

9.    **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ _____ |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ _____ |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ _____ |
| 9d. Student loans. (Copy line 6f.) | $ _____ |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ _____ |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ _____ |
| 9g. **Total.** Add lines 9a through 9f. | $ _____ |

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com

| Fill in this information to identify your case and this filing: | | | |
|---|---|---|---|
| Debtor 1 | **Leslie Klein** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | **2:23-bk-10990-SK** | | |

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property                                   12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

☑ Yes. Where is the property?

| 1.1 | | | |
|---|---|---|---|

**322 N. June Street**
Street address, if available, or other description

**What is the property?** Check all that apply

☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$4,900,000.00** | **$2,450,000.00** |

**Los Angeles       CA     90004-0000**
City            State    ZIP Code

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**50% is held in by Debtor and 50% held by his Erika's irrevocable marital deduction trust**

**Los Angeles**
County

Other information you wish to add about this item, such as local property identification number:

☐ Check if this is community property (see instructions)

**Debtor's principal residence; paid in full. The property is held in the marital deduction trust. The Debtor's current spouse, Barbara Klein, has a life estate interest in the residence.**

---

Official Form 106A/B                        Schedule A/B: Property                        page 1

Debtor 1    Leslie Klein                                     Case number *(if known)*    2:23-bk-10990-SK

**If you own or have more than one, list here:**

1.2

**315 N. Martel Avenue**
Street address, if available, or other description

**What is the property?** Check all that apply

- ■ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$2,500,000.00** | **$2,500,000.00** |

**Los Angeles**      **CA**      **90036-0000**
City             State       ZIP Code

**Who has an interest in the property?** Check one

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**100%**

**Los Angeles**
County

☐ **Check if this is community property** (see instructions)

Other information you wish to add about this item, such as local property identification number:

**Single family residence; rental property.  Debtor collects $5,500/month.**

**If you own or have more than one, list here:**

1.3

**143 S. Highland Drive**
Street address, if available, or other description

**What is the property?** Check all that apply

- ■ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$2,200,000.00** | **$2,200,000.00** |

**Los Angeles**      **CA**      **90036-0000**
City             State       ZIP Code

**Who has an interest in the property?** Check one

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**100%**

**Los Angeles**
County

☐ **Check if this is community property** (see instructions)

Other information you wish to add about this item, such as local property identification number:

**Single family residence; rental property. Debtor collects $4,000 per month in rental income.**

Debtor 1    **Leslie Klein**                                          Case number *(if known)*   **2:23-bk-10990-SK**

**If you own or have more than one, list here:**

1.4

**161 N. Poinsettia Place**

Street address, if available, or other description

**Los Angeles**     **CA**     **90036-0000**

City     State     ZIP Code

**Los Angeles**

County

**What is the property?** Check all that apply

■ Single-family home
□ Duplex or multi-unit building
□ Condominium or cooperative

□ Manufactured or mobile home
□ Land
□ Investment property
□ Timeshare
□ Other _____

**Who has an interest in the property?** Check one

■ Debtor 1 only
□ Debtor 2 only
□ Debtor 1 and Debtor 2 only
□ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**Single family residence; rental property. Debtor collects $3,000 per month rental income.**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?     Current value of the portion you own?
**$2,000,000.00**     **$2,000,000.00**

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**100%**

□ Check if this is community property (see instructions)

---

**If you own or have more than one, list here:**

1.5

**2560-B Whitewater Club Drive**

Street address, if available, or other description

**Palm Springs**     **CA**     **92262-0000**

City     State     ZIP Code

**Riverside**

County

**What is the property?** Check all that apply

□ Single-family home
□ Duplex or multi-unit building
■ Condominium or cooperative

□ Manufactured or mobile home
□ Land
□ Investment property
□ Timeshare
□ Other _____

**Who has an interest in the property?** Check one

■ Debtor 1 only
□ Debtor 2 only
□ Debtor 1 and Debtor 2 only
□ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**A condo with 2 bedrooms and 2 bathrooms; vacation home.**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?     Current value of the portion you own?
**$350,000.00**     **$350,000.00**

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**100%**

□ Check if this is community property (see instructions)

---

Official Form 106A/B                    Schedule A/B: Property                    page 3

Debtor 1    Leslie Klein                                                    Case number (if known)    2:23-bk-10990-SK

**If you own or have more than one, list here:**

1.6

**3752 Ocean Drive**
Street address, if available, or other description

| What is the property? Check all that apply | |
| --- | --- |
| ■ | Single-family home |
| ☐ | Duplex or multi-unit building |
| ☐ | Condominium or cooperative |
| ☐ | Manufactured or mobile home |
| ☐ | Land |
| ☐ | Investment property |
| ☐ | Timeshare |
| ☐ | Other |

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
| --- | --- |
| **$2,400,000.00** | **$2,400,000.00** |

**Oxnard**          **CA**     **93035-0000**
City                    State          ZIP Code

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.
**100%**

Who has an interest in the property? Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**Ventura**
County

☐ Check if this is community property (see instructions)

Other information you wish to add about this item, such as local property identification number:

**Single family home; vacation home.**

---

**If you own or have more than one, list here:**

1.7

**Leonardo Plaza Hotel Jerusalem**
Street address, if available, or other description

| What is the property? Check all that apply | |
| --- | --- |
| ☐ | Single-family home |
| ☐ | Duplex or multi-unit building |
| ☐ | Condominium or cooperative |
| ☐ | Manufactured or mobile home |
| ☐ | Land |
| ■ | Investment property |
| ☐ | Timeshare |
| ■ | Other     Unit in a hotel |

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Jerusalem**
City                    State          ZIP Code

| Current value of the entire property? | Current value of the portion you own? |
| --- | --- |
| **$500,000.00** | **$250,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.
**50% by Debtor and 50% by deceased wife's irrevocable trust**

Who has an interest in the property? Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**Israel**
County

☐ Check if this is community property (see instructions)

Other information you wish to add about this item, such as local property identification number:

**Debtor owns a unit in the Leanoardo Plaza Hotel. Vacation home.**

---

| Debtor 1 | Leslie Klein | | Case number *(if known)* | 2:23-bk-10990-SK |
|---|---|---|---|---|

**If you own or have more than one, list here:**

1.8

| | | | |
|---|---|---|---|
| **Dan Boutique Hotel Jerusalem** | | | |
| Street address, if available, or other description | | | |

**What is the property?** Check all that apply

☐ Single-family home

☐ Duplex or multi-unit building

☐ Condominium or cooperative

☐ Manufactured or mobile home

☐ Land

☐ Investment property

☐ Timeshare

■ Other    **Unit in a hotel**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$200,000.00** | **$100,000.00** |

| | | |
|---|---|---|
| **Jerusalem** | | |
| City | State | ZIP Code |

**Who has an interest in the property?** Check one

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**50% by Debtor and 50% by deceased spouse's irrevocable trust**

☐ **Check if this is community property**
(see instructions)

| | |
|---|---|
| **Israel** | |
| County | |

Other information you wish to add about this item, such as local property identification number:

**Debtor owns a unit in the Leanoardo Plaza Hotel. Vacation home.**

---

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.........................................................=>

| **$12,250,000.00** |
|---|

---

**Describe Your Vehicles**

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No

■ Yes

3.1

| Make: | **Lexus** |
|---|---|
| Model: | **LS500** |
| Year: | **2021** |
| Approximate mileage: | **n/a** |
| Other information: | |

**Leased vehicle. Monthly payment is $1,319.00.**

**Who has an interest in the property?** Check one

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this is community property**
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$0.00** | **$0.00** |

3.2

| Make: | **Lexus** |
|---|---|
| Model: | **LS** |
| Year: | **2021** |
| Approximate mileage: | **n/a** |
| Other information: | |

**Leased vehicle. Debtor's spouses drives this vehicle. Monthly payment is $500.**

**Who has an interest in the property?** Check one

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this is community property**
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$0.00** | **$0.00** |

---

| Debtor 1 | Leslie Klein | | Case number *(if known)* | 2:23-bk-10990-SK |
|---|---|---|---|---|

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here..................................................................=>

$0.00

**Part 3:  Describe Your Personal and  Household Items**

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes.  Describe.....

| Debtor's residence: Debtor's residence: Couches, coffee tables, dining room table with chairs, mattresses with bedframes, wall mirrors, desk with chairs, lamps, rugs, dressers, kitchen table, patio furniture,  cabinets, refrigerators, and other household goods and furnishings | $8,000.00 |
|---|---|
| 2560-B Whitewater Club Drive, Palm Spring vacation home: living room sofa, table, chairs, dining room table and chairs, TV, phone, kitchen appliances, china, beds and side tables, mirrors, paintings, and miscellaneous household goods and furnishings. | $5,000.00 |
| 3752 Ocean Drive, Oxnard CA vacation home: living room sofa, table, chairs, dining room table and chairs, TV, phone, kitchen appliances, china, beds and side tables, mirrors, paintings, and miscellaneous household goods and furnishings. | $5,000.00 |

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☐ No
■ Yes.  Describe.....

| TVs, phones, computers | $3,000.00 |
|---|---|

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
☐ No
■ Yes.  Describe.....

| Books and art objects | $4,000.00 |
|---|---|

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
☐ No
■ Yes.  Describe.....

Debtor 1    **Leslie Klein**                                                                    Case number *(if known)*    **2:23-bk-10990-SK**

| Sports and Hobyy equipment | $2,000.00 |
|---|---|

**10. Firearms**
   *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
   ☑ No
   ☐ Yes. Describe.....

**11. Clothes**
   *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
   ☐ No
   ☑ Yes. Describe.....

| Debtor's residence: Clothes and shoes | $2,000.00 |
|---|---|

**12. Jewelry**
   *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
   ☐ No
   ☑ Yes. Describe.....

| Debtor's residence: Furs, diamond ring, gold necklace, diamond earrings,  gold rings and costume jewelry | $20,000.00 |
|---|---|

**13. Non-farm animals**
   *Examples:* Dogs, cats, birds, horses
   ☑ No
   ☐ Yes. Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**
   ☑ No
   ☐ Yes. Give specific information.....

**15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ...........................................................................**

| | $49,000.00 |
|---|---|

| **Part 4:** | **Describe Your Financial Assets** |
|---|---|

Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions.

**16. Cash**
   *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
   ☑ No
   ☐ Yes...................................................................................

**17. Deposits of money**
   *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
   ☐ No
   ☑ Yes....................... | Institution name:

| 17.1. | **Checking account ending in 9401** | **Bank of America** | $4,000.00 |
|---|---|---|---|

| Debtor 1 | Leslie Klein | Case number *(if known)* | 2:23-bk-10990-SK |

**18. Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☑ No
☐ Yes..................    Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
☐ No
☑ Yes. Give specific information about them...................

| Name of entity: | % of ownership: | |
|---|---|---|
| Debtor has a 100% ownership interest in Bay Area Development, Co. Bay Area Development, Co. filed a chapter 11 bankruptcy petition on 9/12/2022, Case No.: 2:22-bk-15031-SK. On December 6, 2022, Bay Area entered into a stipulation with its secured creditor Scott Capital Management Fund 1, LLC and OUST to dismiss the case. The order dismissing the case with a 180 day bar (due to pending RFS motion) was entered on 12/6/2022. The real property owned by Bay Area Development, Co. went into foreclosure. The company currently does not own any assets. | 100% % | $0.00 |
| Debtor has a membership interest in Life Capital Group, LLC, which is an investment company. The LLC buys insurance policies on other people's lives and upon passing, the LLC collects the funds and makes a distribution to its members. | 5% membership interest % | Unknown |

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
☑ No
☐ Yes. Give specific information about them
    Issuer name:

**21. Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
☑ No
☐ Yes. List each account separately.
    Type of account:    Institution name:

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
☑ No
☐ Yes. .....................    Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
☑ No
☐ Yes............    Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
☑ No
☐ Yes............    Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
☐ No

Official Form 106A/B                  Schedule A/B: Property                  page 8

Debtor 1    Leslie Klein                                    Case number (if known)    2:23-bk-10990-SK

■ Yes.  Give specific information about them...

| | |
|---|---|
| Klein Living Trust dated April 8, 1990. The Settlors of the Trust are Leslie Klein and Erika Noemi Klein, husband and wife. Erika Klein passed away several years ago, and pursuant to the trust provision, Erika Klein's interest in the assets is now in an irrevocable trust ("Marital Deduction Trust").  The assets of the trust are listed on Schedule A/B, item #1 for each property that is part of the Trust. | $0.00 |

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
■ No
☐ Yes.  Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
■ No
☐ Yes.  Give specific information about them...

**Money or property owed to you?**

Current value of the portion you own?
Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**
■ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
■ No
☐ Yes. Give specific information......

30. **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else
☐ No
■ Yes.  Give specific information..

| | |
|---|---|
| Isaac Kirzner. Debtor entered into an agreement with Isaac Kirzner whereby he paid the insurance premiums for Mr. Kirzner, and upon Mr. Kirzner's passing, the Debtor would receive $1 Million. | $1,000,000.00 |

| | |
|---|---|
| Judith Bittman.  Debtor entered into an agreement with Judith Bittman whereby he paid the insurance premiums for Ms. Bittmanm  and upon Ms. Bittman's passing, the Debtor would receive $1 Million. | $1,000,000.00 |

31. **Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
■ No
☐ Yes. Name the insurance company of each policy and list its value.
Company name:                    Beneficiary:                    Surrender or refund value:

Debtor 1    **Leslie Klein**                                              Case number *(if known)*    **2:23-bk-10990-SK**

---

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

    ■ No
    ☐ Yes.  Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue

    ■ No
    ☐ Yes.  Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

    ■ No
    ☐ Yes.  Describe each claim.........

35. **Any financial assets you did not already list**

    ■ No
    ☐ Yes.  Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here**..............................................................................................

    | $2,004,000.00 |

---

**Part 5:**    Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. **Do you own or have any legal or equitable interest in any business-related property?**
    ■ No. Go to Part 6.
    ☐ Yes.  Go to line 38.

---

**Part 6:**    Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
    If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
    ■ No. Go to Part 7.
    ☐ Yes.  Go to line 47.

---

**Part 7:**    Describe All Property You Own or Have an Interest In That You Did Not List Above

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership

    ■ No
    ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** .....................................

    | $0.00 |

---

Official Form 106A/B                          Schedule A/B: Property                                    page 10

Debtor 1    **Leslie Klein**                                                    Case number *(if known)*   **2:23-bk-10990-SK**

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

55.  **Part 1: Total real estate, line 2** ........................................................................................................    **$12,250,000.00**

56.  **Part 2: Total vehicles, line 5**                                      $0.00

57.  **Part 3: Total personal and household items, line 15**               $49,000.00

58.  **Part 4: Total financial assets, line 36**                        $2,004,000.00

59.  **Part 5: Total business-related property, line 45**                  $0.00

60.  **Part 6: Total farm- and fishing-related property, line 52**         $0.00

61.  **Part 7: Total other property not listed, line 54**           +      $0.00

62.  **Total personal property. Add lines 56 through 61...**      $2,053,000.00      Copy personal property total ▶    **$2,053,000.00**

63.  **Total of all property on Schedule A/B. Add line 55 + line 62**                                              **$14,303,000.00**

| Fill in this information to identify your case: | |
|---|---|
| **Debtor 1** | **Leslie Klein** |
| | First Name  Middle Name  Last Name |
| **Debtor 2** | |
| (Spouse if, filing) | First Name  Middle Name  Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| **Case number** | **2:23-bk-10990-SK** |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106C
# Schedule C: The Property You Claim as Exempt

4/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill it out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

### Part 1:  Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **322 N. June Street Los Angeles, CA 90004  Los Angeles County Debtor's principal residence; paid in full. The property is held in the marital deduction trust. The Debtor's current spouse, Barbara Klein, has a life estate interest in the residence.** Line from *Schedule A/B*: **1.1** | $2,450,000.00 | ■ $678,391.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.730 |
| **Debtor's residence: Debtor's residence: Couches, coffee tables, dining room table with chairs, mattresses with bedframes, wall mirrors, desk with chairs, lamps, rugs, dressers, kitchen table, patio furniture,  cabinets, refrigerators, and other household g** Line from *Schedule A/B*: **6.1** | $8,000.00 | ■ $8,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **TVs, phones, computers** Line from *Schedule A/B*: **7.1** | $3,000.00 | ■ $3,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |

| Debtor 1 | **Leslie Klein** | | Case number (if known) | **2:23-bk-10990-SK** |
|---|---|---|---|---|

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Books and art objects**<br>Line from *Schedule A/B*: **8.1** | $4,000.00 | ■ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.040** |
| **Sports and Hobyy equipment**<br>Line from *Schedule A/B*: **9.1** | $2,000.00 | ■ $2,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.020** |
| **Debtor's residence: Clothes and shoes**<br>Line from *Schedule A/B*: **11.1** | $2,000.00 | ■ $2,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.020** |
| **Debtor's residence: Furs, diamond ring, gold necklace, diamond earrings, gold rings and costume jewelry**<br>Line from *Schedule A/B*: **12.1** | $20,000.00 | ■ $9,525.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.040** |

3. **Are you claiming a homestead exemption of more than $189,050?**
   (Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☐ No

   ■ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

   　■ No

   　☐ Yes

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Leslie Klein** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | **2:23-bk-10990-SK** | | |
| (if known) | | | |

☐ Check if this is an
amended filing

## Official Form 106D

## Schedule D: Creditors Who Have Claims Secured by Property                 12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. **Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1:**   List All Secured Claims

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A<br>Amount of claim<br>Do not deduct the<br>value of collateral. | Column B<br>Value of collateral<br>that supports this<br>claim | Column C<br>Unsecured<br>portion<br>If any |
|---|---|---|---|---|

| 2.1 | **CCO Mortgage Corp.** | | $19,372.00 | $2,400,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**

**3752 Ocean Drive Oxnard, CA 93035**
**Ventura County**
**Single family home; vacation home.**

**Attn: Bankruptcy**
**10561 Telegraph Rd**
**Glen Allen, VA 23059**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a
    community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured
    car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    **Secured Line of Credit**

Date debt was incurred    **Opened 05/05 Last Active 1/09/23**

Last 4 digits of account number    **1428**

Debtor 1 **Leslie Klein**

    First Name              Middle Name            Last Name

Case number (*if known*)    **2:23-bk-10990-SK**

| 2.2 | **Chase Mortgage** | Describe the property that secures the claim: | $138,719.00 | $350,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

| | |
|---|---|
| **BK Department**<br>**Mail Code LA4 5555  700**<br>**Kansas Ln**<br>**Monroe, LA 71203** | **2560-B Whitewater Club Drive Palm Springs, CA 92262  Riverside County**<br>**A condo with 2 bedrooms and 2 bathrooms; vacation home.** |

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)  **Deed of Trust**

Date debt was incurred  **Opened 07/05  Last Active 8/23/22**    Last 4 digits of account number  **2700**

| 2.3 | **Ericka and Joseph Vago** | Describe the property that secures the claim: | $24,334,038.99 | $0.00 | $24,334,038.99 |
|---|---|---|---|---|---|

Creditor's Name

| | |
|---|---|
| **c/o Brian Procel**<br>**Procel Law**<br>**401 Wilshire Blvd., 12th Floor**<br>**Santa Monica, CA 90401** | **Assets of the Debtor** |

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☑ Disputed

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☑ Other (including a right to offset)  **Notice of Judgment Lien**

Date debt was incurred  **July 2020**    Last 4 digits of account number  **5050**

Debtor 1 **Leslie Klein**
First Name            Middle Name            Last Name

Case number (if known) **2:23-bk-10990-SK**

| 2.4 | **Fay Servicing LLC** | | $712,265.00 | $2,400,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**

**3752 Ocean Drive Oxnard, CA 93035 Ventura County Single family home; vacation home.**

**Attn: Bankruptcy Dept Po Box 809441 Chicago, IL 60680**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **1st Deed of Trust**

**Opened 10/13/04 Last Active 08/20**

Date debt was incurred

Last 4 digits of account number   **9505**

---

| 2.5 | **Fay Servicing LLC** | | $327,886.00 | $2,400,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**

**3752 Ocean Drive Oxnard, CA 93035 Ventura County Single family home; vacation home.**

**Attn: Bankruptcy Dept Po Box 809441 Chicago, IL 60680**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **2nd Deed of Trust**

**Opened 11/04 Last Active 8/09/22**

Date debt was incurred

Last 4 digits of account number   **9492**

---

| Debtor 1 | **Leslie Klein** | | Case number (if known) | **2:23-bk-10990-SK** |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| 2.6 | **Fiore Racobs & Powers** | Describe the property that secures the claim: | **$49,436.57** | **$350,000.00** | **$0.00** |
|---|---|---|---|---|---|

Creditor's Name

**c/o Palm Springs
Country Club HOA
6820 Indiana Ave., Ste
140
6820 Indiana Ave., Ste
140
Riverside, CA 92506**

Number, Street, City, State & Zip Code

**2560-B Whitewater Club Drive Palm Springs, CA 92262  Riverside County
A condo with 2 bedrooms and 2 bathrooms; vacation home.**

As of the date you file, the claim is: Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

**Who owes the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☑ At least one of the debtors and another

☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)

☐ Judgment lien from a lawsuit

☑ Other (including a right to offset)    **HOA Assessments**

Date debt was incurred  **2020 - 2023**     Last 4 digits of account number   **4460**

| 2.7 | **Gestetner Charitable Remainder Trus** | Describe the property that secures the claim: | **$2,000,000.00** | **Unknown** | **Unknown** |
|---|---|---|---|---|---|

Creditor's Name

**Debtor has a membership interest in Life Capital Group, LLC, which is an investment company. The LLC buys insurance policies on other people's lives and upon passing, the LLC collects the funds and makes a distribution to its members.
5% m**

As of the date you file, the claim is: Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

**c/o Andor Gestetner
1425 55th Street
Brooklyn, NY 11219**

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

☑ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)

☐ Judgment lien from a lawsuit

☑ Other (including a right to offset)    **UCC Financing**

Date debt was incurred  **5/14/2021**     Last 4 digits of account number   **3629**

Debtor 1  **Leslie Klein**
First Name       Middle Name        Last Name

Case number (if known)  **2:23-bk-10990-SK**

| | | | |
|---|---|---|---|
| **2.8** | **Los Angeles County Tax Collector** | $15,000.00 | $4,900,000.00 | $0.00 |

Creditor's Name

Describe the property that secures the claim:

322 N. June Street Los Angeles, CA
90004  Los Angeles County
Debtor's principal residence; paid in
full. The property is held in the
marital deduction trust. The
Debtor's current spouse, Barbara
Klein, has a life estate interest in the
res

**Bankruptcy Unit
PO Box 54110
Los Angeles, CA
90054-0027**
Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **Property Taxes**

Date debt was incurred  **2022 - 2023**      Last 4 digits of account number   **3008**

| | | | |
|---|---|---|---|
| **2.9** | **Mrc/united Wholesale M** | $954,432.00 | $2,000,000.00 | $0.00 |

Creditor's Name

Describe the property that secures the claim:

161 N. Poinsettia Place Los
Angeles, CA 90036  Los Angeles
County
Single family residence; rental
property. Debtor collects $3,000 per
month rental income.

**Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261**
Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **Deed of Trust**

Date debt was incurred  **Opened 05/05  Last Active 11/17/22**      Last 4 digits of account number   **2120**

Official Form 106D          Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**          page 5 of 8

Debtor 1  **Leslie Klein**

First Name  Middle Name  Last Name

Case number (if known)  **2:23-bk-10990-SK**

| 2.10 | **Selene Finance** | Describe the property that secures the claim: | $1,755,385.00 | $2,500,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

> **315 N. Martel Avenue Los Angeles, CA 90036 Los Angeles County Single family residence; rental property. Debtor collects $5,500/month.**

**Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)  **Deed of Trust**

**Opened 08/18 Last Active**

Date debt was incurred  **6/22/21**

Last 4 digits of account number  **8372**

| 2.11 | **Shellpoint Mortgage Servicing** | Describe the property that secures the claim: | $1,213,516.00 | $2,200,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

> **143 S. Highland Drive Los Angeles, CA 90036 Los Angeles County Single family residence; rental property. Debtor collects $4,000 per month in rental income.**

**Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)  **Deed of Trust**

**Opened 04/19 Last Active**

Date debt was incurred  **12/27/22**

Last 4 digits of account number  **4516**

Debtor 1   **Leslie Klein**

   First Name        Middle Name        Last Name       Case number (if known)   **2:23-bk-10990-SK**

| 2.1 2 | **Toyota Financial Services** | Describe the property that secures the claim: | $34,318.00 | $0.00 | $34,318.00 |

Creditor's Name

**2021 Lexus LS500 n/a miles Leased vehicle. Monthly payment is $1,319.00.**

**Attn: Bankruptcy
Po Box 259001
Plano, TX 75025**

As of the date you file, the claim is: Check all that apply.

Number, Street, City, State & Zip Code

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

**Nature of lien.** Check all that apply.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **Auto Lease**

Date debt was incurred   **Opened 05/21  Last Active 3/18/22**   Last 4 digits of account number   **X788**

| 2.1 3 | **Toyota Financial Services** | Describe the property that secures the claim: | $10,488.00 | $0.00 | $10,488.00 |

Creditor's Name

**2021 Lexus LS n/a miles Leased vehicle. Debtor's spouses drives this vehicle. Monthly payment is $500.**

**Attn: Bankruptcy
Po Box 259001
Plano, TX 75025**

As of the date you file, the claim is: Check all that apply

Number, Street, City, State & Zip Code

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

**Nature of lien.** Check all that apply.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **Auto Lease**

Date debt was incurred   **Opened 06/21  Last Active 6/01/22**   Last 4 digits of account number   **Y582**

Add the dollar value of your entries in Column A on this page. Write that number here:   **$31,564,856.56**

If this is the last page of your form, add the dollar value totals from all pages. Write that number here:   **$31,564,856.56**

**Part 2:**   **List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

Official Form 106D      Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**      page 7 of 8

| Debtor 1 | **Leslie Klein** | | | Case number (if known) | **2:23-bk-10990-SK** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

[ ]   Name, Number, Street, City, State & Zip Code
**Andor Gestetner**
**c/o Law Offices of Jacob Unger**
**5404 Whitsett Ave Ste. 182**
**Valley Village, CA 91607**

On which line in Part 1 did you enter the creditor? __2.7__

Last 4 digits of account number ___

[ ]   Name, Number, Street, City, State & Zip Code
**Ericka and Joseph Vago**
**124 N. Highland Ave**
**Sherman Oaks, CA 91423**

On which line in Part 1 did you enter the creditor? __2.3__

Last 4 digits of account number ___

Fill in this information to identify your case:

| Debtor 1 | **Leslie Klein** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)   **2:23-bk-10990-SK**

☐ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:     List All of Your PRIORITY Unsecured Claims

1.  Do any creditors have priority unsecured claims against you?

☑ No. Go to Part 2.

☐ Yes.

### Part 2:     List All of Your NONPRIORITY Unsecured Claims

3.  Do any creditors have nonpriority unsecured claims against you?

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☑ Yes.

4.  List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim. If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3. If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

|  | | | Total claim |
|---|---|---|---|
| **4.1** | **Bank of America** | Last 4 digits of account number    8296 | $7,450.00 |

| Nonpriority Creditor's Name | |
|---|---|
| **Attn: Bankruptcy** **4909 Savarese Circle** **Tampa, FL 33634** | When was the debt incurred?  **Opened 09/16  Last Active 02/23** |
| Number Street City State Zip Code | |
| **Who incurred the debt? Check one.** | **As of the date you file, the claim is: Check all that apply** |

☑ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

Is the claim subject to offset?

☑ No

☐ Yes

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☑ Other. Specify    **Credit Card**

Debtor 1 **Leslie Klein**        Case number *(if known)*    **2:23-bk-10990-SK**

---

| 4.2 | **Bank of America** | Last 4 digits of account number   6416 | $1,566.00 |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**4909 Savarese Circle**
**Tampa, FL 33634**
Number Street City State Zip Code

When was the debt incurred?    **Opened 04/89  Last Active 02/23**

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a  community debt

Is the claim subject to offset?

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   **Credit Card**

---

| 4.3 | **Barclays Bank Delaware** | Last 4 digits of account number   0647 | $8,896.00 |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 8801**
**Wilmington, DE 19899**
Number Street City State Zip Code

When was the debt incurred?    **Opened 05/09  Last Active 1/11/23**

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a  community debt

Is the claim subject to offset?

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   **Credit Card**

---

| 4.4 | **California Bank & Trust** | Last 4 digits of account number   9505 | $1,695.00 |

Nonpriority Creditor's Name

**Po Box 711510**
**Santee, CA 92072**
Number Street City State Zip Code

When was the debt incurred?    **Opened 02/83  Last Active 02/23**

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a  community debt

Is the claim subject to offset?

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   **Credit Card**

---

Debtor 1    **Leslie Klein**                                                    Case number *(if known)*    **2:23-bk-10990-SK**

---

| 4.5 | **Chase Card Services** | Last 4 digits of account number | **4280** | **$22,278.00** |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**P.O. 15298**
**Wilmington, DE 19850**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**When was the debt incurred?**    **Opened 06/18  Last Active 5/07/21**

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify    **Credit Card**

---

| 4.6 | **Chase Card Services** | Last 4 digits of account number | **1527** | **$22,095.00** |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**P.O. 15298**
**Wilmington, DE 19850**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**When was the debt incurred?**    **Opened 08/18  Last Active 03/21**

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify    **Credit Card**

---

| 4.7 | **Chase Card Services** | Last 4 digits of account number | **9155** | **$17,555.00** |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 15298**
**Wilmington, DE 19850**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**When was the debt incurred?**    **Opened 09/02  Last Active 02/23**

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify    **Credit Card**

---

Debtor 1   Leslie Klein                                                   Case number (if known)    **2:23-bk-10990-SK**

| | | |
|---|---|---|
| **4.8** | **Chase Card Services** <br> Nonpriority Creditor's Name | Last 4 digits of account number **2050** | **$15,112.00** |

**Chase Card Services**
Nonpriority Creditor's Name
**Attn: Bankruptcy**
**P.O. 15298**
**Wilmington, DE 19850**
Number Street City State Zip Code

Last 4 digits of account number **2050**

**Opened 01/89  Last Active**
When was the debt incurred? **1/22/23**

$15,112.00

**Who incurred the debt? Check one.**

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**
**Is the claim subject to offset?**
■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed
**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Credit Card**

---

| | | |
|---|---|---|
| **4.9** | **Citibank** <br> Nonpriority Creditor's Name | Last 4 digits of account number **3837** | **$1,281.00** |

**Citibank**
Nonpriority Creditor's Name
**Attn: Bankruptcy**
**P.O. Box 790034**
**St Louis, MO 63179**
Number Street City State Zip Code

Last 4 digits of account number **3837**

**Opened 11/90  Last Active**
When was the debt incurred? **8/12/22**

$1,281.00

**Who incurred the debt? Check one.**

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**
**Is the claim subject to offset?**
■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed
**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Credit Card**

---

| | | |
|---|---|---|
| **4.10** | **Franklin H. Menlo Irrevocable Trust** <br> Nonpriority Creditor's Name | Last 4 digits of account number **6769** | **Unknown** |

**Franklin H. Menlo Irrevocable Trust**
Nonpriority Creditor's Name
**c/o Willkie Farr & Gallagher LLP**
**Attn: Alex M. Weingarten, Esq.**
**2029 Century Park East, Suite 3400**
**Los Angeles, CA 90067**
Number Street City State Zip Code

Last 4 digits of account number **6769**

When was the debt incurred?    **2012**

Unknown

**Who incurred the debt? Check one.**

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ **Check if this claim is for a community debt**
**Is the claim subject to offset?**
■ No
☐ Yes

■ Contingent
■ Unliquidated
■ Disputed
**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **pending litigation (consolidated and related to 24 other cases)**

---

Debtor 1    **Leslie Klein**                                    Case number (if known)    **2:23-bk-10990-SK**

| 4.1 |
|-----|
| 1 |

**Jeffrey Siegel, Successor Trustee**              Last 4 digits of account number    **2432**              **Unknown**
Nonpriority Creditor's Name
**of the Hubert Scott Trust**                      When was the debt incurred?    **2017**
**c/o Oldman, Cooley, Sallus**
**16133 Ventura Blvd., Penthouse**
**Suit**
**Encino, CA 91436-2408**
Number Street City State Zip Code              As of the date you file, the claim is: Check all that apply
Who incurred the debt? Check one.

■ Debtor 1 only                                   ■ Contingent
☐ Debtor 2 only                                   ■ Unliquidated
☐ Debtor 1 and Debtor 2 only                      ■ Disputed
☐ At least one of the debtors and another         Type of NONPRIORITY unsecured claim:
☐ **Check if this claim is for a  community**     ☐ Student loans
  **debt**                                        ☐ Obligations arising out of a separation agreement or divorce that you did not
Is the claim subject to offset?                      report as priority claims
■ No                                              ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                             ■ Other. Specify  **pending litigation**

---

**Part 3:    List Others to Be Notified About a Debt That You Already Listed**

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency
is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you
have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be
notified for any debts in Parts 1 or 2, do not fill out or submit this page.

Name and Address                          On which entry in Part 1 or Part 2 did you list the original creditor?
**Oldman, Cooley, and Sallus**           Line **4.10** of (Check one):    ☐ Part 1: Creditors with Priority Unsecured Claims
**16133 Ventura Blvd., Penthouse Suit**
**Encino, CA 91436-2408**                                                 ■ Part 2: Creditors with Nonpriority Unsecured Claims

                                          Last 4 digits of account number _____

---

**Part 4:    Add the Amounts for Each Type of Unsecured Claim**

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each
type of unsecured claim.

|                   |     |                                                                                      |     | Total Claim |            |
|-------------------|-----|--------------------------------------------------------------------------------------|-----|-------------|------------|
|                   | 6a. | Domestic support obligations                                                         | 6a. | $           | 0.00       |
| Total             | 6b. | Taxes and certain other debts you owe the government                                 | 6b. | $           | 0.00       |
| claims            | 6c. | Claims for death or personal injury while you were intoxicated                       | 6c. | $           | 0.00       |
| from Part 1       | 6d. | Other. Add all other priority unsecured claims. Write that amount here.               | 6d. | $           | 0.00       |
|                   | 6e. | Total Priority. Add lines 6a through 6d.                                              | 6e. | $           | 0.00       |

|                   |     |                                                                                      |     | Total Claim |            |
|-------------------|-----|--------------------------------------------------------------------------------------|-----|-------------|------------|
|                   | 6f. | Student loans                                                                        | 6f. | $           | 0.00       |
| Total             | 6g. | Obligations arising out of a separation agreement or divorce that                    | 6g. | $           | 0.00       |
| claims            |     | you did not report as priority claims                                                |     |             |            |
| from Part 2       | 6h. | Debts to pension or profit-sharing plans, and other similar debts                    | 6h. | $           | 0.00       |
|                   | 6i. | Other. Add all other nonpriority unsecured claims. Write that amount                 | 6i. | $           | 97,928.00  |
|                   |     | here.                                                                                |     |             |            |
|                   | 6j. | Total Nonpriority. Add lines 6f through 6i.                                           | 6j. | $           | 97,928.00  |

---

Official Form 106 E/F                    Schedule E/F: Creditors Who Have Unsecured Claims                    Page 5 of 5

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Leslie Klein** | |
| | First Name     Middle Name     Last Name | |
| Debtor 2 | | |
| (Spouse if, filing) | First Name     Middle Name     Last Name | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | |
| Case number | 2:23-bk-10990-SK | |
| (if known) | | |

☐ Check if this is an amended filing

# Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.
   ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2. List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone). See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| | Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|---|
| 2.1 | **Chase Doe**<br>143 S. Highland Drive<br>Los Angeles, CA 90036 | **Month to month residential lease agreement wtih the Debtor for 143 S. Highland Drive, Los Angeles rental property. Debtor collects $4,000 rental income per month.** |
| 2.2 | **Jacob Rummitz**<br>315 N. Martel Avenue<br>Los Angeles, CA 90036 | **Month to month residential lease agreement wtih the Debtor for 315 N. Martel Avenue, Los Angeles rental property. Debtor collects $5,500 rental income per month.** |
| 2.3 | **Sandra Layton**<br>161 N. Poinsettia Place<br>Los Angeles, CA 90036 | **Month to month residential lease agreement wtih the Debtor for 161 N. Poinsettia Place rental property. Debtor collects $3,000 rental income per month.** |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Leslie Klein** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | 2:23-bk-10990-SK | | |
| (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106H
## Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

1. **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

☐ No
■ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** (Community property states and territories include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☐ No. Go to line 3.
■ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

    ☐ No
    ■ Yes.

    In which community state or territory did you live?    -NONE-    . Fill in the name and current address of that person.

    Name of your spouse, former spouse, or legal equivalent
    Number, Street, City, State & Zip Code

3. **In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| | Column 1: Your codebtor<br>Name, Number, Street, City, State and ZIP Code | Column 2: The creditor to whom you owe the debt<br>Check all schedules that apply: |
|---|---|---|
| 3.1 | **Leslie Klein & Associates, Inc.**<br>c/o Parker Milliken<br>555 Flower Street<br>Los Angeles, CA 90071 | ☐ Schedule D, line _____<br>■ Schedule E/F, line   4.10<br>☐ Schedule G _____<br>**Franklin H. Menlo Irrevocable Trust** |

| Fill in this information to identify your case: |
|---|
| Debtor 1 __Leslie Klein__ |
| Debtor 2 (Spouse, if filing) |
| United States Bankruptcy Court for the: __CENTRAL DISTRICT OF CALIFORNIA__ |
| Case number (If known) __2:23-bk-10990-SK__ |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form 106I

## Schedule I: Your Income                                          12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:  Describe Employment

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| 1. | Fill in your employment information. | | |
| | **Employment status** | ■ Employed | ☐ Employed |
| | If you have more than one job, attach a separate page with information about additional employers. | ☐ Not employed | ■ Not employed |
| | **Occupation** | **Attorney** | |
| | Include part-time, seasonal, or self-employed work. | | |
| | **Employer's name** | **Leslie Klein & Associates, Inc.** | |
| | **Employer's address** | **14245 Ventura Blvd., #301 Sherman Oaks, CA 91423** | |
| | Occupation may include student or homemaker, if it applies. | | |
| | **How long employed there?** | **50 years** | |

### Part 2:  Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 0.00 | $ 0.00 |
| 3. | Estimate and list monthly overtime pay. | 3. | +$ 0.00 | +$ 0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | $ 0.00 | $ 0.00 |

Debtor 1 **Leslie Klein**                                                                  Case number *(if known)* **2:23-bk-10990-SK**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here | 4. | $ 0.00 | $ 0.00 |

5. List all payroll deductions:

| | | | |
|---|---|---|---|
| 5a. Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ 0.00 |
| 5b. Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ 0.00 |
| 5c. Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ 0.00 |
| 5d. Required repayments of retirement fund loans | 5d. | $ 0.00 | $ 0.00 |
| 5e. Insurance | 5e. | $ 0.00 | $ 0.00 |
| 5f. Domestic support obligations | 5f. | $ 0.00 | $ 0.00 |
| 5g. Union dues | 5g. | $ 0.00 | $ 0.00 |
| 5h. Other deductions. Specify: | 5h.+ | $ 0.00 + | $ 0.00 |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.  6.  $ 0.00  $ 0.00

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.  7.  $ 0.00  $ 0.00

8. List all other income regularly received:

| | | | |
|---|---|---|---|
| 8a. Net income from rental property and from operating a business, profession, or farm<br>Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 1,800.00 | $ 0.00 |
| 8b. Interest and dividends | 8b. | $ 0.00 | $ 0.00 |
| 8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive<br>Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. Unemployment compensation | 8d. | $ 0.00 | $ 0.00 |
| 8e. Social Security | 8e. | $ 3,333.00 | $ 0.00 |
| 8f. Other government assistance that you regularly receive<br>Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.<br>Specify: | 8f. | $ 0.00 | $ 0.00 |
| 8g. Pension or retirement income | 8g. | $ 0.00 | $ 0.00 |
| 8h. Other monthly income. Specify: **Rental Income from Martel Property** | 8h.+ | $ 5,500.00 + | $ 0.00 |
| **Rental Income from Highland Property** | | $ 4,000.00 | $ 0.00 |
| **Rental Income from Poinsettia Property** | | $ 3,000.00 | $ 0.00 |

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.  9.  $ 17,633.00  $ 0.00

10. **Calculate monthly income.** Add line 7 + line 9.  10.  $ 17,633.00 + $ 0.00 = $ 17,633.00
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. State all other regular contributions to the expenses that you list in *Schedule J.*
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify:  11. +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related Data, if it applies  12.  $ 17,633.00

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
☐ No.
☒ Yes. Explain: | **Debtor intends to sell one or more of his assets to be able to make the payments to his creditors and to successfully reorganize.** |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Leslie Klein** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | **CENTRAL DISTRICT OF CALIFORNIA** |
| Case number (if known) | **2:23-bk-10990-SK** |

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:
_____
MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.
   ☐ Yes. Does Debtor 2 live in a separate household?

       ☐ No
       ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?** ■ No

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents names.

   ☐ Yes. Fill out this information for each dependent..............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| _____ | _____ | ☐ No / ☐ Yes |
| _____ | _____ | ☐ No / ☐ Yes |
| _____ | _____ | ☐ No / ☐ Yes |
| _____ | _____ | ☐ No / ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ■ No
   ☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | Your expenses |
|---|---|

4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot.

    4. $      0.00

If not included in line 4:

| | | |
|---|---|---|
| 4a. | Real estate taxes | 4a. $ 1,250.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ 333.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ 350.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ 0.00 |

5. Additional mortgage payments for your residence, such as home equity loans      5. $      0.00

| Debtor 1 | Leslie Klein | | Case number (if known) | 2:23-bk-10990-SK |
|---|---|---|---|---|

| 6. | Utilities: | | | |
|---|---|---|---|---|
| | 6a. Electricity, heat, natural gas | 6a. | $ | 1,800.00 |
| | 6b. Water, sewer, garbage collection | 6b. | $ | 0.00 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | 200.00 |
| | 6d. Other. Specify: | 6d. | $ | 0.00 |
| 7. | Food and housekeeping supplies | 7. | $ | 2,000.00 |
| 8. | Childcare and children's education costs | 8. | $ | 0.00 |
| 9. | Clothing, laundry, and dry cleaning | 9. | $ | 100.00 |
| 10. | Personal care products and services | 10. | $ | 100.00 |
| 11. | Medical and dental expenses | 11. | $ | 200.00 |
| 12. | Transportation. Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ | 400.00 |
| 13. | Entertainment, clubs, recreation, newspapers, magazines, and books | 13. | $ | 150.00 |
| 14. | Charitable contributions and religious donations | 14. | $ | 0.00 |
| 15. | Insurance. Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. Life insurance | 15a. | $ | 0.00 |
| | 15b. Health insurance | 15b. | $ | 0.00 |
| | 15c. Vehicle insurance | 15c. | $ | 500.00 |
| | 15d. Other insurance. Specify: | 15d. | $ | 0.00 |
| 16. | Taxes. Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. | $ | 0.00 |
| 17. | Installment or lease payments: | | | |
| | 17a. Car payments for Vehicle 1 | 17a. | $ | 1,319.00 |
| | 17b. Car payments for Vehicle 2 | 17b. | $ | 500.00 |
| | 17c. Other. Specify: **Mortgage for Martel Rental** | 17c. | $ | 10,854.00 |
| | 17d. Other. Specify: **Mortgage for Highland Rental** | 17d. | $ | 10,729.00 |
| | **Mortgage for Poinsettia Rental** | | $ | 10,215.00 |
| | **Mortgage for Whitewater Club Drive Property** | | $ | 433.00 |
| | **Property Tax for Whitewater Club Drive Property** | | $ | 100.00 |
| | **Mortgage for Ocean Drive Property** | | $ | 8,813.00 |
| | **Leonardo Plaza Hotel Maintenance Expenses** | | $ | 2,500.00 |
| 18. | Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I). | 18. | $ | 0.00 |
| 19. | Other payments you make to support others who do not live with you. Specify: | 19. | | |
| 20. | Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.* | | | |
| | 20a. Mortgages on other property | 20a. | $ | 0.00 |
| | 20b. Real estate taxes | 20b. | $ | 0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | $ | 0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | $ | 0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. | $ | 0.00 |
| 21. | Other: Specify: | 21. | +$ | 0.00 |
| 22. | Calculate your monthly expenses | | | |
| | 22a. Add lines 4 through 21. | | $ | 52,846.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | | $ | 52,846.00 |
| 23. | Calculate your monthly net income. | | | |
| | 23a. Copy line 12 (*your combined monthly income*) from Schedule I. | 23a. | $ | 17,633.00 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. | -$ | 52,846.00 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. | $ | -35,213.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☐ No.

■ Yes. Explain here: **Debtor intends to sell one or more of his assets to be able to make the payments to his creditors and to successfully reorganize.**

Fill in this information to identify your case:

Fill in this information to identify your case:

| Debtor 1 | **Leslie Klein** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number  2:23-bk-10990-SK
(if known)

☐ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

■ No

☐ Yes. Name of person _____  *Attach Bankruptcy Petition Preparer's Notice, Declaration, and Signature (Official Form 119)*

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X _____   X _____
Leslie Klein                                    Signature of Debtor 2
Signature of Debtor 1

Date  3/8/2023                              Date _____

Official Form 106Dec                    Declaration About an Individual Debtor's Schedules

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Leslie Klein** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | 2:23-bk-10990-SK | | |
| (if known) | | | |

☐ Check if this is an amended filing

## Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy

04/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:  Give Details About Your Marital Status and Where You Lived Before

1. **What is your current marital status?**

   ☑ Married
   ☐ Not married

2. **During the last 3 years, have you lived anywhere other than where you live now?**

   ☑ No
   ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

   | Debtor 1: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
   |---|---|---|---|

3. **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

   ☐ No
   ☑ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2   Explain the Sources of Your Income

4. **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
   Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
   If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

   ☐ No
   ☑ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) |
| From January 1 of current year until the date you filed for bankruptcy: | ☐ Wages, commissions, bonuses, tips | $4,000.00 | ☐ Wages, commissions, bonuses, tips | |
| | ☑ Operating a business | | ☐ Operating a business | |

Debtor 1    **Leslie Klein**                                                                Case number *(if known)*    **2:23-bk-10990-SK**

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| **For last calendar year:**<br>(January 1 to December 31, 2022 ) | ☐ Wages, commissions, bonuses, tips | $24,000.00 | ☐ Wages, commissions, bonuses, tips | |
| | ■ Operating a business | | ☐ Operating a business | |
| **For the calendar year before that:**<br>(January 1 to December 31, 2021 ) | ☐ Wages, commissions, bonuses, tips | $24,000.00 | ☐ Wages, commissions, bonuses, tips | |
| | ■ Operating a business | | ☐ Operating a business | |

5.  **Did you receive any other income during this year or the two previous calendar years?**
    Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

    List each source and the gross income from each source separately. Do not include income that you listed in line 4.

    ☐ No
    ■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) | **Sources of income**<br>Describe below. | **Gross income**<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | Social Security | $6,666.00 | | |
| | Rental Income | $25,000.00 | | |
| **For last calendar year:**<br>(January 1 to December 31, 2022 ) | Social Security | $40,000.00 | | |
| | Rental Income | $144,000.00 | | |
| **For the calendar year before that:**<br>(January 1 to December 31, 2021 ) | Social Security | $40,000.00 | | |
| | Rental Income | $144,000.00 | | |

## Part 3:    List Certain Payments You Made Before You Filed for Bankruptcy

6.  **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**
    ■ No.    **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

    During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $7,575* or more?

    ■ No.    Go to line 7.
    ☐ Yes    List below each creditor to whom you paid a total of $7,575* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

    * Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.

| Debtor 1 | Leslie Klein | | Case number *(if known)* | **2:23-bk-10990-SK** |
|---|---|---|---|---|

☐ **Yes. Debtor 1 or Debtor 2 or both have primarily consumer debts.**
During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

☐ **No.** Go to line 7.

☐ **Yes** List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

■ No

☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
Include payments on debts guaranteed or cosigned by an insider.

■ No

☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|

| **Part 4:** | **Identify Legal Actions, Repossessions, and Foreclosures** |
|---|---|

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☐ No

☐ Yes. Fill in the details.

| Case title Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| In re Matter of the Franklin Henry Menlo Irrevocable Trust, et al. v. Leslie Klein BP136769 | Trust | Superior Court of California 111 Hill St. Los Angeles, CA 90012 | ■ Pending ☐ On appeal ☐ Concluded |
| The Scott Trust DTD 12/24/1992 - Trust BP172432 | Trust | Superior Court of California 111 Hill St. Los Angeles, CA 90012 | ■ Pending ☐ On appeal ☐ Concluded |
| Joseph Vago, Et Al vs. Leslie Klein 20STCV25050 | Fraud | Superior Court of California 111 Hill St Los Angeles, CA 90012 | ☐ Pending ■ On appeal ☐ Concluded |

Debtor 1  **Leslie Klein**                                   Case number *(if known)*  **2:23-bk-10990-SK**

10. Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied? Check all that apply and fill in the details below.

☑ No. Go to line 11.
☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property | Date | Value of the property |
|---|---|---|---|
| | Explain what happened | | |

11. Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?

☑ No
☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

12. Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?

☐ No
☐ Yes

## Part 5:  List Certain Gifts and Contributions

13. Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?

☑ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| Person to Whom You Gave the Gift and Address: | | | |

14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?

☑ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that  total more than $600 | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|
| Charity's Name | | | |
| Address (Number, Street, City, State and ZIP Code) | | | |

## Part 6:  List Certain Losses

15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?

☑ No
☐ Yes.  Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss | Date of your loss | Value of property lost |
|---|---|---|---|
| | Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | | |

## Part 7:  List Certain Payments or Transfers

16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
☑ Yes. Fill in the details.

| Person Who Was Paid | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Address | | | |
| Email or website address | | | |
| Person Who Made the Payment, If Not You | | | |

| Debtor 1 | Leslie Klein | | Case number *(if known)* | **2:23-bk-10990-SK** |

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, If Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Law Offices of Michael Jay Berger<br>9454 Wilshire Boulevard, 6th floor<br>Beverly Hills, CA 90212<br>michael.berger@bankruptcypower.com | Attorney Fees | 2/15/2023 + the filing fee | $21,738.00 |

17. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?
Do not include any payment or transfer that you listed on line 16.

■ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

■ No
☐ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

19. Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary? (These are often called *asset-protection devices*.)

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

### Part 8: List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

20. Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

21. Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution<br>Address (Number, Street, City, State and ZIP Code) | Who else had access to it?<br>Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

| Debtor 1 | Leslie Klein | Case number *(if known)* | 2:23-bk-10990-SK |
|---|---|---|---|

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of Storage Facility<br>Address *(Number, Street, City, State and ZIP Code)* | Who else has or had access to it?<br>Address *(Number, Street, City, State and ZIP Code)* | Describe the contents | Do you still have it? |
|---|---|---|---|

---

**Part 9:   Identify Property You Hold or Control for Someone Else**

23. **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

■ **No**
☐ **Yes. Fill in the details.**

| Owner's Name<br>Address *(Number, Street, City, State and ZIP Code)* | Where is the property?<br>*(Number, Street, City, State and ZIP Code)* | Describe the property | Value |
|---|---|---|---|

---

**Part 10:   Give Details About Environmental Information**

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.
■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.
■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24. **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of site<br>Address *(Number, Street, City, State and ZIP Code)* | Governmental unit<br>Address *(Number, Street, City, State and ZIP Code)* | Environmental law, if you know it | Date of notice |
|---|---|---|---|

25. **Have you notified any governmental unit of any release of hazardous material?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of site<br>Address *(Number, Street, City, State and ZIP Code)* | Governmental unit<br>Address *(Number, Street, City, State and ZIP Code)* | Environmental law, if you know it | Date of notice |
|---|---|---|---|

26. **Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ **No**
☐ **Yes. Fill in the details.**

| Case Title<br>Case Number | Court or agency<br>Name<br>Address *(Number, Street, City, State and ZIP Code)* | Nature of the case | Status of the case |
|---|---|---|---|

---

**Part 11:   Give Details About Your Business or Connections to Any Business**

27. **Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

Debtor 1    Leslie Klein                                    Case number (if known)   2:23-bk-10990-SK

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

☐ No. None of the above applies. Go to Part 12.

■ Yes. Check all that apply above and fill in the details below for each business.

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
| --- | --- | --- |
| Bay Area Development, Co.<br>14245 Ventura Blvd<br>Sherman Oaks, CA 91423 | real estate holding company | EIN:   95-2816693<br><br>From-To |
| Life Capital Group, LLC<br>7223 Beverly Blvd., Suite 205<br>Los Angeles, CA 90036 | investment company | EIN:<br><br>From-To |

28. **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

■ No
☐ Yes. Fill in the details below.

| Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Date Issued |
| --- | --- |

---

**Part 12:   Sign Below**

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

_signature_

Leslie Klein                                          Signature of Debtor 2
**Signature of Debtor 1**

Date     3/9/2023                                    Date _____

**Did you attach additional pages to** *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* **(Official Form 107)?**
■ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**
■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

# Notice Required by 11 U.S.C. § 342(b) for
# Individuals Filing for Bankruptcy (Form 2010)

This notice is for you if:

> You are an individual filing for bankruptcy,
> and
>
> Your debts are primarily consumer debts.
> *Consumer debts* are defined in 11 U.S.C.
> § 101(8) as "incurred by an individual
> primarily for a personal, family, or
> household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

Chapter 7 - Liquidation

Chapter 11 - Reorganization

Chapter 12 - Voluntary repayment plan for family farmers or fishermen

Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $78 | administrative fee |
| + $15 | trustee surcharge |
| $338 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their non-exempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

most taxes;

most student loans;

domestic support and property settlement obligations;

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

## Chapter 11: Reorganization

|   | | |
|---|---:|---|
|   | $1,167 | filing fee |
| + | $571 | administrative fee |
|   | $1,738 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

## Read These Important Warnings

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Chapter 12: Repayment plan for family farmers or fishermen

|   | | |
|---|---|---|
|   | $200 | filing fee |
| + | $78 | administrative fee |
|   | $278 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13: Repayment plan for individuals with regular income

|   | | |
|---|---|---|
|   | $235 | filing fee |
| + | $78 | administrative fee |
|   | $313 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

domestic support obligations,

most student loans,

certain taxes,

debts for fraud or theft,

debts for fraud or defalcation while acting in a fiduciary capacity,

most criminal fines and restitution obligations,

certain debts that are not listed in your bankruptcy papers,

certain debts for acts that caused death or personal injury, and

certain long-term secured debts.

### Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/forms/bankruptcy-forms

## Bankruptcy crimes have serious consequences

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

## Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

## Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from:
http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

In Alabama and North Carolina, go to:
http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Leslie Klein** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Central District of California |
| Case number (if known) | **2:23-bk-10990-SK** |

☐ Check if this is an amended filing

## Official Form 122B
# Chapter 11 Statement of Your Current Monthly Income

12/21

You must file this form if you are an individual and are filing for bankruptcy under Chapter 11 (other than Subchapter V). If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

**Part 1:  Calculate Your Current Monthly Income**

1. **What is your marital and filing status?** Check one only.

   ☐ **Not married.** Fill out Column A, lines 2-11.

   ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

   ■ **Married and your spouse is NOT filing with you.** Fill out Column A, lines 2-11.

   Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A Debtor 1 | Column B Debtor 2 |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 0.00 | $ |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ 0.00 | |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | Debtor 2 | | | |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $ | 2,000.00 | | | |
| Ordinary and necessary operating expenses | -$ | 200.00 | | | |
| Net monthly income from a business, profession, or farm | $ | 1,800.00 | Copy here -> | $ 1,800.00 | $ |

6. **Net income from rental and other real property**

| | Debtor 1 | Debtor 2 | | | |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $ | 12,500.00 | | | |
| Ordinary and necessary operating expenses | -$ | 0.00 | | | |
| Net monthly income from rental or other real property | $ | 12,500.00 | Copy here -> | $ 12,500.00 | $ |

Debtor 1    **Leslie Klein**

Case number *(if known)*    **2:23-bk-10990-SK**

|  | | Column A<br>Debtor 1 | Column B<br>Debtor 2 |
|---|---|---|---|
| 7. | Interest, dividends, and royalties | $ 0.00 | $ |
| 8. | Unemployment compensation | $ 0.00 | $ |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

For you    $    0.00

For your spouse    $

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title.

$    0.00    $

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below.

| | | | |
|---|---|---|---|
| | | $ | $ |
| | | $ 0.00 | $ |
| Total amounts from separate pages, if any. | + | $ 0.00 | $ |

11. **Calculate your total current monthly income.**
Add lines 2 through 10 for each column.
Then add the total for Column A to the total for Column B.

$   14,300.00   + $            = $   14,300.00

Debtor 1   __Leslie Klein_____          Case number (*if known*)   __2:23-bk-10990-SK_____

---

**Part 2:**   **Sign Below**

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

X _____

**Leslie Klein**
Signature of Debtor 1

Date __3/8/2023_____
MM / DD / YYYY

---

| Debtor 1 | **Leslie Klein** | Case number *(if known)* | **2:23-bk-10990-SK** |
|---|---|---|---|

## Current Monthly Income Details for the Debtor

**Debtor Income Details:**
Income for the Period **08/01/2022** to **01/31/2023**.

**Line 5 - Income from operation of a business, profession, or farm**
Source of Income: **Leslie Klein & Associates, Inc.**
Income/Expense/Net by Month:

| | Date | Income | Expense | Net |
|---|---|---|---|---|
| 6 Months Ago: | **08/2022** | **$2,000.00** | **$200.00** | **$1,800.00** |
| 5 Months Ago: | **09/2022** | **$2,000.00** | **$200.00** | **$1,800.00** |
| 4 Months Ago: | **10/2022** | **$2,000.00** | **$200.00** | **$1,800.00** |
| 3 Months Ago: | **11/2022** | **$2,000.00** | **$200.00** | **$1,800.00** |
| 2 Months Ago: | **12/2022** | **$2,000.00** | **$200.00** | **$1,800.00** |
| Last Month: | **01/2023** | **$2,000.00** | **$200.00** | **$1,800.00** |
| | Average per month: | **$2,000.00** | **$200.00** | |
| | | | Average Monthly NET Income: | **$1,800.00** |

**Line 6 - Rent and other real property income**
Source of Income: **Rental Income from Highland**
Income/Expense/Net by Month:

| | Date | Income | Expense | Net |
|---|---|---|---|---|
| 6 Months Ago: | **08/2022** | **$4,000.00** | **$0.00** | **$4,000.00** |
| 5 Months Ago: | **09/2022** | **$4,000.00** | **$0.00** | **$4,000.00** |
| 4 Months Ago: | **10/2022** | **$4,000.00** | **$0.00** | **$4,000.00** |
| 3 Months Ago: | **11/2022** | **$4,000.00** | **$0.00** | **$4,000.00** |
| 2 Months Ago: | **12/2022** | **$4,000.00** | **$0.00** | **$4,000.00** |
| Last Month: | **01/2023** | **$4,000.00** | **$0.00** | **$4,000.00** |
| | Average per month: | **$4,000.00** | **$0.00** | |
| | | | Average Monthly NET Income: | **$4,000.00** |

**Line 6 - Rent and other real property income**
Source of Income: **Rental Income from Martel**
Income/Expense/Net by Month:

| | Date | Income | Expense | Net |
|---|---|---|---|---|
| 6 Months Ago: | **08/2022** | **$5,500.00** | **$0.00** | **$5,500.00** |
| 5 Months Ago: | **09/2022** | **$5,500.00** | **$0.00** | **$5,500.00** |
| 4 Months Ago: | **10/2022** | **$5,500.00** | **$0.00** | **$5,500.00** |
| 3 Months Ago: | **11/2022** | **$5,500.00** | **$0.00** | **$5,500.00** |
| 2 Months Ago: | **12/2022** | **$5,500.00** | **$0.00** | **$5,500.00** |
| Last Month: | **01/2023** | **$5,500.00** | **$0.00** | **$5,500.00** |
| | Average per month: | **$5,500.00** | **$0.00** | |
| | | | Average Monthly NET Income: | **$5,500.00** |

| Debtor 1 | **Leslie Klein** | Case number *(if known)* | **2:23-bk-10990-SK** |

**Line 6 - Rent and other real property income**
Source of Income: **Rental Income from Poinsettia**
Income/Expense/Net by Month:

|  | Date | Income | Expense | Net |
|---|---|---|---|---|
| 6 Months Ago: | 08/2022 | $3,000.00 | $0.00 | $3,000.00 |
| 5 Months Ago: | 09/2022 | $3,000.00 | $0.00 | $3,000.00 |
| 4 Months Ago: | 10/2022 | $3,000.00 | $0.00 | $3,000.00 |
| 3 Months Ago: | 11/2022 | $3,000.00 | $0.00 | $3,000.00 |
| 2 Months Ago: | 12/2022 | $3,000.00 | $0.00 | $3,000.00 |
| Last Month: | 01/2023 | $3,000.00 | $0.00 | $3,000.00 |
|  | Average per month: | $3,000.00 | $0.00 |  |
|  |  |  | Average Monthly NET Income: | $3,000.00 |

**Non-CMI - Social Security Act Income**
Source of Income: **Social Security Income**
Income by Month:

|  | Date | Income |
|---|---|---|
| 6 Months Ago: | 08/2022 | $3,333.00 |
| 5 Months Ago: | 09/2022 | $3,333.00 |
| 4 Months Ago: | 10/2022 | $3,333.00 |
| 3 Months Ago: | 11/2022 | $3,333.00 |
| 2 Months Ago: | 12/2022 | $3,333.00 |
| Last Month: | 01/2023 | $3,333.00 |
|  | Average per month: | $3,333.00 |

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Michael Jay Berger<br>9454 Wilshire Boulevard, 6th floor<br>Beverly Hills, CA 90212<br>(310) 271-6223 Fax: (310) 271-9805<br>California State Bar Number: 100291 CA<br>michael.berger@bankruptcypower.com | |

☐ *Debtor(s) appearing without an attorney*
■ *Attorney for Debtor*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>    **Leslie Klein**<br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:23-bk-10990-SK<br>CHAPTER: 11 |
|---|---|
| | **VERIFICATION OF MASTER<br>MAILING LIST OF CREDITORS**<br><br>**[LBR 1007-1(a)]** |

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of __4__ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: _3/8/2023_            _____
                                           Signature of Debtor 1

Date: _____      _____
                                           Signature of Debtor 2 (joint debtor) ) (if applicable)

Date: _3/8/2023_            _____
                                           Signature of Attorney for Debtor (if applicable)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                    **F 1007-1.MAILING.LIST.VERIFICATION**

Leslie Klein
322 N. June Street
Los Angeles, CA 90001

Michael Jay Berger
Law Offices of Michael Jay Berger
9454 Wilshire Boulevard, 6th floor
Beverly Hills, CA 90212

Andor Gestetner
c/o Law Offices of Jacob Unger
5404 Whitsett Ave Ste. 182
Valley Village, CA 91607

Bank of America
Attn: Bankruptcy
4909 Savarese Circle
Tampa, FL 33634

Barclays Bank Delaware
Attn: Bankruptcy
Po Box 8801
Wilmington, DE 19899

California Bank & Trust
Po Box 711510
Santee, CA 92072

CCO Mortgage Corp.
Attn: Bankruptcy
10561 Telegraph Rd
Glen Allen, VA 23059

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

Chase Card Services
Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850


Chase Doe
143 S. Highland Drive
Los Angeles, CA 90036


Chase Mortgage
BK Department
Mail Code LA4 5555  700 Kansas Ln
Monroe, LA 71203


Citibank
Attn: Bankruptcy
P.O. Box 790034
St Louis, MO 63179


Ericka and Joseph Vago
c/o Brian Procel
Procel Law
401 Wilshire Blvd., 12th Floor
Santa Monica, CA 90401


Ericka and Joseph Vago
124 N. Highland Ave
Sherman Oaks, CA 91423


Fay Servicing LLC
Attn: Bankruptcy Dept
Po Box 809441
Chicago, IL 60680


Fiore Racobs & Powers
c/o Palm Springs Country Club HOA
6820 Indiana Ave., Ste 140
6820 Indiana Ave., Ste 140
Riverside, CA 92506

Franklin H. Menlo Irrevocable Trust
c/o Willkie Farr & Gallagher LLP
Attn: Alex M. Weingarten, Esq.
2029 Century Park East, Suite 3400
Los Angeles, CA 90067


Gestetner Charitable Remainder Trus
c/o Andor Gestetner
1425 55th Street
Brooklyn, NY 11219


Jacob Rummitz
315 N. Martel Avenue
Los Angeles, CA 90036


Jeffrey Siegel, Successor Trustee
of the Hubert Scott Trust
c/o Oldman, Cooley, Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2408


Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA 90071


Los Angeles County Tax Collector
Bankruptcy Unit
PO Box 54110
Los Angeles, CA 90054-0027


Mrc/united Wholesale M
Attn: Bankruptcy
P. O. Box 619098
Dallas, TX 75261


Oldman, Cooley, and Sallus
16133 Ventura Blvd., Penthouse Suit
Encino, CA 91436-2408

Sandra Layton
161 N. Poinsettia Place
Los Angeles, CA 90036


Selene Finance
Attn: Bankruptcy
Po Box 8619
Philadelphia, PA 19101


Shellpoint Mortgage Servicing
Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603


Toyota Financial Services
Attn: Bankruptcy
Po Box 259001
Plano, TX 75025

1

## EXHIBIT B

2

**(Klein Living Trust)**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA



**This page is part of your document - DO NOT DISCARD**



# 20130540038



**Pages:
0027**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**04/11/13 AT 11:27AM**

| | |
|---|---|
| FEES: | 93.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 93.00 |





**L E A D S H E E T**



**201304110940011**

**00007537718**

**004785000**

**SEQ:
01**

**DAR - Counter (Upfront Scan)**



**THIS FORM IS NOT TO BE DUPLICATED**




E220504

Recording Request By:

**Les Klein & Associates**
*and when recorded mail to:*

Name   **LES KLEIN & ASSOCIATES**
Mailing Address
   **14245 Ventura Blvd,3rd Floor**
City,State **Sherman Oaks, Ca.**
Zip Code **91423**

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

# TITLE(S)

## SECOND AMENDED KLEIN LIVING TRUST

**Re:   ERIKA  NOEMI  KLEIN**

**County Recorder: Please see Page 22 - ARTICLE 10**

# SECOND AMENDED KLEIN LIVING TRUST

## ARTICLE 1

### DECLARATION OF TRUST

Trust Establishment: LESLIE KLEIN and ERIKA NOEMI KLEIN, husband and wife, as settlors, will deliver to the trustee without consideration the property described in the attached schedule entitled "Trust Estate." The term "settlor" refers to one or both settlors. This Trust amends in its entirety the First Amended KLEIN Living Trust and revokes in its entirety both the KLEIN Living Trust and the first Amended KLEIN Living Trust. The Klein Living Trust and the first Amended KLEIN Living Trust was not recorded.

Trust Particulars: For convenient reference, the following information applies:

Settlors: LESLIE KLEIN and ERIKA NOEMI KLEIN

Name of trust: KLEIN Living Trust

Date established: 4/8/1990

First trustee: LESLIE KLEIN and ERIKA NOEMI KLEIN
as co-trustees

Children living: KENNETH KLEIN, an adult;
SHERI LEE KLEIN, born ███████████
RICHARD KLEIN, born ███████████
JASON KLEIN, born ███████████

Property Status - Community: All property transferred to this trust is and shall remain community property after its transfer and shall be called the "community trust estate." Further, the trustee shall have the power to convey, encumber, or otherwise dispose of community property without the consent of either husband or wife, whether or not each is then capable of giving such consent.

## ARTICLE 2

### TRUST DURING SETTLORS' JOINT LIVES

Introduction:  The trustee shall hold, administer, and distribute all property during the joint lives of the settlors as follows:

Beneficiaries - Both Spouses:  The beneficiaries of this trust shall be as follows:

>            Income beneficiaries:  ·Class composed of the settlors for their joint lives

>            Principal beneficiaries:  Class composed of the settlors for their joint lives

Community Income - Broad Standard:  The trustee shall pay to or for the income beneficiary's benefit as much of the net income of the community trust estate as necessary for the income beneficiary's health, education, support, comfort, welfare, or happiness to maintain at a minimum the income beneficiary's accustomed manner of living.  The trustee shall add to principal any net income not so distributed.

Community Principal - Broad Standard:  If the trustee considers the community income insufficient, the trustee shall pay to or for the principal beneficiary's benefit as much of the principal from the community trust estate as necessary for the principal beneficiary's health, education, support, comfort, welfare or happiness to maintain at a minimum the principal beneficiary's accustomed manner of living.

Beneficiary's Incapacity - Ascertainable Standard:  If a court declared a beneficiary incompetent or if the trustee, after consultation with medical professionals, considers a beneficiary unable to manage the beneficiary's own affairs by reason of physical or mental disability, then the trustee during the beneficiary's life may pay to or for the beneficiary as much of the income and principal from he trust estate as is necessary for the beneficiary's health, education, or support to maintain the beneficiary;s accustomed manner of living.  The trustee shall make payments first form the community trust estate, then equally form the beneficiary's separate trust estates.  The trustee shall add to principal any income not distributed.

Community Payments - Special Duty:  The beneficiary receiving payments from the community trust estate shall have the ·same duty to use community income and principal allocations for the income

and principal beneficiary's benefit as that beneficiary has with
respect to any other community property.


Guidelines - Other Sources Considered:  In making distributions,
the trustee may (1) consider any other income or resources of a
beneficiary known to the trustee and reasonably available;   (2)
pay or apply for one beneficiary more than the other and may make
payments or applications of benefits for one beneficiary to the
exclusion of the other; and (3) consider the value of the trust
assets, the relative needs, both present and future, of each
beneficiary, and the tax consequences to the trust and to the
beneficiaries


Payments to Others:  The settlors acting jointly may at any time
direct the trustee in writing to pay single sums or periodic
payments out of the community trust estate to any  persons or
organization .  Additionally, a settlor's conservator upon
appropriate court order may exercise this power for payments
qualifying for the federal gift tax annual donee exclusion.


Revocation During Settlors' Lives:  During the settlors' joint
lives, either or both settlors may revoke from the trust the
community trust estate in whole or in part by a written document
delivered to the trustee that the trustee may require to be
acknowledged.  On revocation, the trustee shall promptly deliver
to both settlors or their designee the revoked portion of the
community trust estate, which shall continue as the settlors'
community property.  The trustee shall also provide an accounting
of the trustee's acts for the period since the preceding
accounting.  If the settlors revoke this trust with respect to
all or a major portion of the trust estate, then the trustee may
retain sufficient assets reasonable to secure payment of
liabilities lawfully incurred by the trustee in the
administration of the trust, unless the settlors indemnify the
trustee against losses or expenses.


Amendment During Settlors' Lives:  The settlors acting together
may at any time during their joint lives amend any of the terms
of this trust by a written document delivered to the trustee.  No
amendment shall substantially increase the trustee's duties and
liabilities or change the trustee's compensation without the
trustee's consent.  The trustee need not abide by the terms of
the amendment until it is accepted.  If the settlors remove a
trustee, the settlors shall pay to the trustee any sums due and
shall indemnify the trustee against liabilities lawfully incurred
by the trustee in the administration of the trust.

Powers of Revocation and Amendment Personal:  The settlors'
powers to revoke or amend this trust are personal to them, and no
guardian, conservator, or other person shall exercise them.

END OF ARTICLE

ARTICLE 3

TRUST ALLOCATION AFTER FIRST SPOUSE'S DEATH

Action at First Spouse's Death:  The first settlor to die shall
be the "deceased spouse," and the living settlor, the "surviving
spouse."  At the death of the deceased spouse but before the
trust assets are allocated as set forth below, the trustee shall
make the following distributions:

Deceased Spouse's Expenses and Taxes:  The trustee may, in the
trustee's reasonable discretion, pay from the trust estate the
deceased spouse's debts, last illness and funeral costs, and
expenses of administration for this trust and the deceased
spouse's debts to the deceased spouse's interest in the community
trust estate as the trustee determines in the trustee's
reasonable discretion.  However, the trustee shall further
allocate community debts between the deceased spouse's and
surviving spouse's trust interests in the trust estate according
to California law in effect at the deceased spouse's date of
death.

Allocation of Surviving Spouse's Property - Surviving Spouse's
Trust:  At the deceased spouse's death, the trustee shall
allocate the surviving spouse's interest in the community trust
estate to the Surviving Spouse's Trust.

Interrelated Marital Deduction Pecuniary Formula and Exemption
Residue - Distribution Date Values:  From the remainder of the
deceased spouse's interest in the community trust estate, the
trustee shall allocate the following gifts:

A. The Marital Deduction Trust

The Marital Deduction Trust shall consist of the minimum
amount that will entirely eliminate or reduce as far as possible

-4-

the federal estate tax, after allowance of all other deductions,
when added to the sum of (a) the federal estate tax value of all
other gifts passing under this instrument and outside this
instrument included in the deceased spouse's gross taxable
estate and qualified as federal estate tax marital deduction
gifts; and (b) the exemption equivalent value of the allowable
unified credit and state death tax credit (provided this latter
credit does not increase the state death taxes paid) reduced by
the federal estate tax value of all other gifts passing under
this instrument and outside this instrument included in the
deceased spouse's gross taxable estate but not qualified as
federal estate tax marital or charitable deduction gifts and by
all debts, administration expenses and charges to principal not
allowed or utilized as federal estate tax deductions.  The amount
so allocated to the Marital Deduction Trust is referred to as
the Marital Deduction Amount.  If a portion of the deceased
spouse's generation-skipping transfer exemption under Section
2631 of the Internal Revenue Code is allocated to the Marital
Deduction Trust under paragraph E below and if the Marital
Deduction Amount exceeds the portion of the exemption so
allocated to the Marital Deduction Trust., the Marital Deduction
Trust shall be divided into two trusts, known as Marital
Deduction Trust A and Marital Deduction Trust B.  Marital
Deduction Trust A shall consist of an amount equal to the
portion of the deceased spouse's exemption allocated to the
Marital Deduction Trust; Marital Deduction Trust B shall consist
of the balance of the Marital Deduction Trust.  Each of Marital
Deduction Trust A and Marital Deduction Trust B shall constitute
separate and independent trusts.

### B.  The Credit Trust

The Credit Trust shall consist of the balance of the
deceased spouse's community property trust estate.

### C. Funding of Trusts

All trusts may be funded in cash or in kind, partly in each.
However, the Marital Deduction Trust, or Marital Deduction Trust
A and Marital Deduction Trust B, as the case may be, shall only
be funded with assets includable in the deceased spouse's gross
estate and eligible for the marital deduction.  Assets allocated
in kind to the Marital Deduction Trust, or to Marital Deduction
Trust A and Marital Deduction Trust B shall be valued either at
their values on the date of distribution to the Marital
Deduction Trust or Trusts, or at their final federal estate tax
values.  If final federal estate tax values are used, assets
allocated in kind shall be fairly representative of appreciation
or depreciation in value for all assets available for
distribution.  The trustee shall not allocate to either Marital
Deduction Trust (1) any interest in life insurance policies or
(2) assets that are, by reason of the deceased spouse's death,
subject to any tax in any foreign country, except to the extent

-5-

the value of those assets exceeds the value of the Credit Trust
created in paragraph B above.

        D. Marital Deduction and Generation Skipping Elections.

     The settlors direct the trustee to elect under Section 2056
(b)(7) of the Internal Revenue Code to treat all of the property
allocated to the Marital Deduction Trust as qualified terminable
interest property.  If, however, the Marital Deduction Trust is
divided into Marital Deduction Trust A and Marital Deduction
Trust B, the trustee shall elect under Section 2056 (b)(7) of the
Internal Revenue Code to treat all of the property allocated to
Marital Deduction Trust A as qualified terminable interest
property and my executor may, but is not required to elect under
Section 2056 (b)(7) of the Internal Revenue Code to treat all or
any part of the property allocated to Marital Deduction Trust B
as qualified terminable interest property.  The trustee shall not
be liable to any beneficiary under this instrument by reason of
making or not making such an election with respect to Marital
Deduction Trust B.  If the  trustee makes an election with
respect to only a part of the property allocated to Marital
Deduction Trust B, the trustee shall divide Marital Deduction
Trust B into separate trusts to reflect the partial election,
according to the fair market value of the assets of Marital
Deduction Trust B at the time of the division.  The portion of
Marital Deduction Trust B with respect to which the election has
not been made shall be known as "Non-Qualified Marital Deduction
Trust B" and the portion of Marital Deduction Trust B with
respect to the election has been made shall be known as
"Qualified Marital Deduction Trust B."  The trustee shall elect
under Section 2652 (a)(3) of the Internal Revenue Code to treat
the deceased spouse as the transferor of the Marital Deduction
Trust or, if the Marital Deduction Trust is divided into Marital
Deduction Trust A and Marital Deduction Trust B, to treat the
deceased spouse as the transferor of Marital Deduction Trust A.

        E. Allocation of Generation Skipping Exemption

     The portion of the deceased spouse's generation-skipping
transfer exemption under Section 2631 of the Internal Revenue
code which was not allocated during the lifetime of the deceased
spouse shall be allocated by the trustee first to direct skips,
if any, occurring under the provisions of this trust by reason of
the deceased spouse's dearth.  If the aggregate value of such
direct skips, as finally determined for federal estate tax
purposes, exceeds that exemption, the unused portion of the
exemption shall be allocated among the direct skips pro-rata in
accordance with their respective values.  The remaining unused
portion, if any, of the exemption shall next be allocated to the
Credit Trust and the balance, if any, shall be allocated to the
Marital Deduction Trust; provided, however, that if the Marital
Deduction Trust is divided into Marital Deduction Trust A and
Marital Deduction Trust B, the balance shall be allocated to
Marital Deduction Trust A.

Special Allocation Guidelines: In computing the interrelated
exemption-marital gifts, the trustee shall disregard all assets
that would disqualify the marital deduction. In all other
respects, the trustee shall have the sole discretion to select
the assets that will constitute the marital gift. In exercising
that discretion, the trustee shall consider the tax advantages
and disadvantages of allocating to the marital gift the
following:

  (1)  Assets not qualifying for the marital deduction;

  (2)  Assets qualifying for the federal estate tax foreign
       death taxes credit;

  (3)  Securities qualifying for Internal Revenue Code capital
gain corporate  stock redemption, unless they exceed the maximum
number of shares qualifying for such redemption;

  (4)  Assets qualifying as Internal Revenue Code income in
respect of decedent;

  (5)  United States Treasury bonds eligible for redemption at
par as payment of federal estate taxes; and

  (6)  Unmatured life insurance policies.

Additionally, the trustee shall allocate to the exemption
equivalent gift that amount of any retirement, profit-sharing, or
death benefit plan excluded from federal estate taxes.

  Also, the trustee shall charge and pay from the exemption
equivalent gift to the extent of reasonably available assets:

  (1)  All death taxes payable from such gift; and

  (2)  All debts and expenses for administration deducted
against fiduciary income.

Further, the trustee may or may not fund all trusts prorata with
insurance proceeds, retirement plan distributions, or other
contract payments that are paid to the trustee, unless the
beneficiary designations specifically earmark a particular trust.


Death Taxes - Statutory Provisions and Exemption Gift: The
deceased spouse directs the trustee to charge and collect all
federal death taxes for assets passing under this trust, under
the deceased spouse's will, and outside the deceased spouse's
trust or will from those persons sharing in the deceased spouse's
taxable estate in accordance with California Probate Code

provisions for death tax apportionment and allocation.  However,
as three exceptions, the deceased spouse directs the trustee to
pay from the exemption equivalent gift, without apportionment
among the beneficiaries, (1) all federal death taxes chargeable
to any assets passing under or outside this trust or the deceased
spouse's will constituting federal estate tax marital deduction
gifts;  (2)  all federal death taxes chargeable to any family
allowance; and (3)  all federal death taxes chargeable to any
gift under this trust or the deceased spouse's will designated as
"free of all death taxes."  The deceased spouse recognizes and
confirms that such statutes provide that if a beneficiary's gift
contributes to the taxable estate, the beneficiary must pay a
proportionate share of the tax calculated at the average tax
rate.  Further, the deceased spouse directs that all state death
taxes shall be charged and collected in the same manner as the
federal death taxes and not as a probate administration expense.
To the extent other assets are available, the trustee shall not
use any qualified retirement plan distribution excluded from
federal estate tax under the Internal Revenue Code to pay taxes,
debts, or other charges enforceable against the deceased spouse's
estate.


**Revocation - Surviving Spouse's Trust:**  After the allocation of
the trust estate, the following provisions regarding revocation
and amendment shall apply:

(1) Surviving Spouse's Trust:  The surviving spouse may
revoke and amend the Surviving Spouse's Trust subject to the
qualifications contained in Article 1.

(2)  Other Trusts:  All other trusts shall become
irrevocable and nonamendable.

END OF ARTICLE

ARTICLE 4

SURVIVING SPOUSE'S TRUST


**Introduction:**  The trustee shall hold, administer, and distribute
all property allocated to the Surviving Spouse's Trust as
follows:


**Beneficiary - Surviving Spouse:**  The beneficiary of this trust
shall be as follows:

Income beneficiary:  Surviving spouse

-8-

Principal beneficiary:  Surviving spouse

Income - Broad Standard:  The trustee shall pay to or for the
income beneficiary as much of the net income as the trustee
considers necessary for the income beneficiary's health,
education, support, comfort, welfare, or happiness to maintain
at a minimum the income beneficiary's accustomed manner of
living.  The trustee shall add to principal any net income not so
distributed.

Principal - Broad Standard:  If the trustee considers the income
insufficient, the trustee shall pay to or for the principal
beneficiary as much of the principal as is reasonably necessary
for the principal beneficiary's health, education, support,
comfort, welfare, or happiness to maintain at a minimum the
principal beneficiary's accustomed manner of living.

Surviving Spouse's Lifetime Income and Principal General Power of
Appointment - Broad Standard:  At any time during the surviving
spouse's life, the trustee shall distribute all or any part of
the trust, including accrued income and undistributed income, to
such one or more persons and entitles, including the surviving
spouse or the surviving spouse's estate, and on such terms and
conditions, outright, in trust, or by creating further powers of
appointment, as the surviving spouse shall request by an
acknowledged document that specifically refers to this power of
appointment.

Surviving Spouse's Deathtime Income and Principal General Power
of Appointment:  On the death of the surviving spouse, the
trustee shall distribute the remainder, if any, of the trust,
including accrued income and undistributed income to such one or
more persons and entitles, including the surviving spouse's
estate, and on such terms and conditions, either outright, in
trust, or by creating further powers of appointment as the
surviving spouse shall appoint by a valid instrument or lifetime
document that was executed after the deceased spouse's death and
specifically refers to this power of appointment.  If the
surviving spouse does not effectively appoint all the trust
estate, the trustee shall distribute such property according to
the distribution provisions below.

Distribution - Credit Trust:  At the surviving spouse's death,
the trustee shall distribute (1) any accrued and undistributed

income to the surviving spouse's estate, and (2) any remaining principal according to the Credit Trust distribution provisions.

Spouse's Last Illness Expenses and Taxes:  At the surviving spouse's death, the trustee, in the trustee's reasonable discretion, may pay the expenses of the surviving spouse's last illness and funeral, other obligations incurred for the surviving spouse's support, and any estate or inheritance taxes arising by reason of the surviving spouse's death from either income or principal of this trust to the extent they have not been specifically appointed, unless other adequate provisions exist.

Death Taxes - Surviving Spouse's Will:  The surviving spouse directs the trustee and the surviving spouse's executor to charge and collect all federal death taxes for assets passing under the surviving spouse's will and outside the surviving spouse's will from those persons sharing in the federal taxable estate in accordance with the California Probate Code provisions for death tax apportionment and allocation.  Further, the surviving spouse directs the trustee to charge and collect all state death taxes in the same manner as the federal death taxes and not as probate administration expenses.  These tax directions shall not apply to any gifts passing under the surviving spouse's will or under this trust designated as "free of all death taxes," and the trustee shall pay all such death taxes form the remainder of the trust estate without apportionment among the beneficiaries.

END OF ARTICLE

ARTICLE 5

MARITAL DEDUCTION TRUST

Introduction:  The trustee shall hold, administer, and distribute all property allocated to the Marital Deduction Trust as follows:

Beneficiary - Surviving Spouse:  The beneficiary of this trust shall be as follows:

> Income beneficiary:  Surviving spouse

> Principal beneficiary:  Surviving spouse

Income - Entire:  The trustee shall pay to or for the income
beneficiary all net income of the trust in convenient
installments at least annually.

Principal - Ascertainable Standard:  If the trustee considers the
income insufficient, the trustee shall pay to or for the
principal beneficiary as much of the principal as is necessary
for the principal beneficiary's health, education, or support to
maintain the principal beneficiary's accustomed manner of living.

Guidelines - Other Sources, One Beneficiary:  In making
distributions, the trustee, in it s reasonable discretion, may
consider any other income or resources of the beneficiary known
to the trustee and reasonably available.

Distribution - Credit Trust:  At the surviving spouse's death,
the trustee shall distribute (1) any accrued and undistributed
income to the surviving spouse's estate, and (2) any remaining
principal according to the Credit Trust distribution provisions.

QTIP Election - Optional:  The settlors authorize the trustee, in
the trustee's absolute discretion, to make or not make the
election provided by section 2056 (b)(7)(B)(v) of the Internal
Revenue Code to treat all or a portion of the Marital Deduction
Trust as qualified terminable interest property for the purpose
of qualifying all or a specific portion of the trust for the
federal estate tax marital deduction.  The settlors recognize
that if the trustee does not make such an election, the Marital
Deduction Trust will not qualify for such marital deduction.  In
exercising such discretion, the trustee may consider all relevant
factors, including the potential benefits and detriments of
reducing the federal estate tax on the deceased spouse's trust
estate and increasing such tax on the estate of the surviving
spouse's gross estate such appreciation in value of the marital
deduction share as may occur after the deceased spouse's death
and before the surviving spouse's death.  This discretion of the
trustee shall be absolute, notwithstanding any beneficial or
adverse effect the making or not making of this election may have
on the deceased spouse's estate, the surviving spouse's estate,
or the beneficiaries of these estates.  The trustee shall not
incur personal liability for exercising or not exercising this
election, and the deceased spouse's estate shall hold the trustee
harmless against all claims with regard to the election.  The
discretion under this clause is not limited by the wording of the
Marital Deduction Intention clause.  If the trustee makes that
election, the settlors further request, but do not require, that

-11-
-12-

-12-

the trustee make an election under Section 5652 (a)(3) of the
Internal Revenue Code to treat that property, for purposes of
Chapter 13 of the Internal Revenue Code, as if the election had
not been made.  The trustee shall not be liable to any
beneficiary by reason of making or not making these elections.
If the trustee decides not to make these elections, the trustee
shall notify the surviving spouse of the decision in writing at
least 30 days before the due date plus any extensions for filing
the deceased spouse's federal estate tax return.


**Tax Payment to Spouse's Estate:**  On demand of the appropriate
fiduciary representing the surviving spouse's estate, the trustee
of the Marital QTIP trust shall distribute to that fiduciary
property equal to the amount of any federal estate tax that such
fiduciary requests up to the amount that the federal and state
tax codes entitle the surviving spouse's estate to recover.  If
no such fiduciary exists, the trustee shall pay directly to the
taxing authorities any such death taxes.


**Marital Deduction Intention:**  The deceased spouse intends that
this marital trust qualify for the marital deduction provisions
of the Internal Revenue Code.  Therefore, the deceased spouse
directs that the trustee not take any action or exercise any
power that will impair the marital deduction.  Further, the
deceased spouse specifically directs that the following
provisions apply to the marital trust, notwithstanding contrary
provisions in this instrument:

(1) The surviving spouse, by written instrument
delivered to the trustee, shall have the right to direct the
trustee to convert any non-income-producing property, including
life insurance policies, to income-producing property, and the
trustee shall comply with any such direction within a reasonable
time after its receipt;

(2) The trustee shall determine all matters with
respect to what is principal and income and the apportionment and
allocation of receipts and expenses by the provisions of the
California Revised Uniform Principal and Income Act from time to
time existing and shall establish reserves for depreciation and
depletion.  When such act is silent, the trustee, in the
trustee's reasonable discretion, shall determine the
characterization and allocation;

(3) For all bonds purchased at a discount, the trustee
shall, at least annually, accumulate and pay each discount as
interest if necessary from principal or the sale or redemption
proceeds;

(4) The surviving spouse shall have the right to
continue to occupy any real property free of rent in which the
trust holds an interest and which the settlors used regularly or
occasionally as a residence ar vacation home at the time of the
deceased spouse's death.  However, the surviving spouse, in the
surviving spouse's discretion, may direct the trustee to sell any
such property and replace it with another residence of comparable
or lower value selected by the surviving spouse.  The trustee
shall pay such portion of the mortgage or trust deed payments,
property taxes, assessments, insurance, maintenance, and ordinary
repairs on all such property as is proportional to the interest
in such property held in the trust.

(5) If the trustee redeems treasury bonds at par to pay
the deceased spouse's federal estate tax liability, the trustee
shall consider any accrued interest on such bonds in calculating
the payment of income from the marital trust to the surviving
spouse.

END OF ARTICLE


ARTICLE 6

CREDIT TRUST


Introduction:  The trustee shall hold, administer, and distribute
all property allocated to the Credit Trust as follows:


Beneficiaries - Surviving Spouse, Settlors' Descendants:  The
beneficiaries of this trust shall be as follows:

> Income beneficiary:  Surviving spouse, settlors'
>                       children

> Principal beneficiary:  Surviving Spouse, settlors'
>                         children


Income - Ascertainable Standard:  The trustee shall pay to or for
the income beneficiary's health, education, or support to
maintain the income beneficiary's accustomed manner of living.
The trustee shall add to principal any net income not so
distributed.


Principal - Ascertainable Standard:  If the trustee considers the
income insufficient, the trustee shall pay to or for the
principal beneficiary as much of the principal as is necessary

-13-

for the principal beneficiary's health, education, or support to maintain the principal beneficiary's accustomed manner of living.

**Division on Death of Surviving Spouse:** Upon the death of the surviving spouse, the trustee shall divide the trust estate into as many shares as there are children of the settlors then living. Each child shall thereupon be an income and principal beneficiary only to the extent of the share allocated to him or her, and the ascertainable standards specified in paragraphs 6.03 and 6.04 of this Article shall govern the trustee's discretion with respect to distributions of income and principal respectively of the child's share to the child.

**Distribution - Progressive Ages:** Upon a child's attainment of age 21, the trustee shall distribute to that child, outright, the percentage of the then remaining balance of the trust estate. Should a child predecease complete distribution of his or her share survived by issue, then the issue of such child shall take his or her distributive share by right of representation; provided, however, that should a child predecease complete distribution of his or her share without issue, then the then-remaining balance of his or her share shall augment the shares of the then-surviving children of the settlors equally.

END OF ARTICLE

ARTICLE 7

OFFICE OF TRUSTEE

**Nomination of Trustees for All Trusts:** For all trusts under this instrument, the trustee and successor trustees shall be those persons named below. Each successor trustee shall serve in the order designated if the prior trustee fails to qualify or ceases to act.

Trustee: settlors as co-trustees

Successors:

First: surviving settlor

Second: KENNETH KLEIN

-14-

Employment of Consultants - General:  The trustee may employ
custodians, attorneys, accountants, investment advisers,
corporate fiduciaries, or any other agents or advisers to assist
the trustee in the administration of this trust and may rely on
the advice given by these agents.  The trustee shall pay
reasonable compensation for all services performed by these
agents from the trust estate out of either income or principal as
the trustee in the trustee's reasonable discretion determines.
These payments shall not decrease the compensation to which the
trustee is entitled.

Exculpatory Clause - All Trustees:  No trustee shall be liable to
any person interested in this trust for any act or default unless
it results from the trustee's bad faith, willful misconduct, or
gross negligence.

Waiver of Liability for Predecessor Trustee:  Any successor
trustee may accept as correct any accounting of trust assets made
by any predecessor trustee.  However, a successor trustee may
institute any action or proceeding for the settlement of the
accounts, acts, or omissions of any predecessor trustee.

Bond - Waiver:  No trustee, including nonresidents, shall be
required to post bond or security.

Trustee Self-Dealing - Loan, Buy, and Sell:  The trustee shall
have the power to loan or advance the trustee's own funds to the
trust for any trust purpose, with interest at current rates, to
receive security for such loans in the form of a mortgage,
pledge, deed of trust, or other encumbrance of any assets of the
trust, to purchase or exchange assets of the trust at their fair
market value as determined by an independent appraise, to sell
property to the trust at a price not in excess of its fair market
value as determined by an independent appraise, and to lease
assets to or from the trust for fair rental value as determined
by an independent appraise.

Trustee and Executor Transactions - Self-Dealing Permitted:  The
trustee and the executor of the settlor's estate may freely
contract financial transactions between themselves, such as the
purchase and sale of assets and the making of loans, secured and
unsecured, notwithstanding each office being held by the d\same
person and apparent conflicts of interest.

END OF ARTICLE

-15-

-16-

ARTICLE 8

TRUSTEE MANAGEMENT POWERS

Introduction:  For all trusts under this instrument, the trustee shall have the management powers set forth below in addition to those powers now or hereafter conferred by law.

Retain or Abandon Property:  The trustee shall have the power to continue to hold any property, including shares of the trustee's own stock, or to abandon any property that the trustee receives or acquires.

Unproductive Property:  Except when specifically restricted, the trustee shall have the power to retain , purchase, or otherwise acquire unproductive property.

Sell, Exchange, Repair:  The trustee shall have the power to manage, control, grant options on, sell (for cash or on deferred payments with or without security), convey, exchange, partition, divide, improve, and repair trust property.

Lease:  The trustee shall have the power to lease trust property for terms within or beyond the terms of the trust and for any purpose, including exploration for and removal of gas, oil, and other minerals and to enter into community oil leases, pooling, and unitization agreements.

Investments - General Power:  The trustee shall have the power to invest and reinvest the trust estate in every kind of property, real, personal, or mixes, and every kind of investment, specifically including, but not by way of limitation, corporate obligations of every kind, stocks, preferred or common, shares in investment trusts, investment companies, mutual funds, mortgage participations, life insurance policies on the life of any beneficiary that men of prudence, discretion, and intelligence acquire for their own account, and any common trust fund administered by the trustee.

Private Accounting: The trustee shall annually render an account of its administration of the trusts under this instrument to all of the current income and current principal beneficiaries who are then adults. The beneficiary's written approval of the accounting shall be a complete protection of the trustee as to all matters and transactions stated or shown by the accounting. Failure to transmit to the trustee either (a) the written approval of such accounting, or (b) a written objection to the accounting, with reasons specified, within a period of ninety (90) days after a written request by the trustee for such approval shall constitute a written approval of the guardian, conservator, or representative of such person entitled to the accounting. To the extent permitted by law, the written approval of the adult beneficiaries shall bind minor and contingent remainder interests. Except as provided in this paragraph, any reports or accounts otherwise required by the California Probate Code are hereby waived to the fullest extent of the law.

Principal and Income - Act Governs: The trustee shall determine all matters with respect to what is principal and income of the trust estate and the apportionment and allocation of receipts and expenses between these accounts by the provisions of the California Revised Uniform Principal and Income Act from time to time existing. When this instrument or such Act does not provide, the Trustee, in the Trustee's reasonable discretion, shall determine the characterization.

Depreciation Reserve - Mandatory: The trustee shall establish reasonable reserves for depreciation, notwithstanding any other provision of this instrument or the California Revised Uniform Principal and Income Act.

Undistributed Income: Income accrued or unpaid on trust property when received into the trust shall be treated as any other income. Income accrued or held undistributed by the trustee at the termination of any trust or any interest in a trust created under this instrument, other than a trust that may be a qualified terminable interest property trust, shall go to the next beneficiaries of that interest or trust in proportion to their interest in it. Income accrued or held in trust on the termination of a qualified terminable interest property trust shall go to the beneficiary of that trust immediately before the termination or to his or her estate.

Expense Allocation - Proration: The trustee shall prorate all taxes and current expenses among successive beneficiaries over the period to which they relate on a daily basis.

Tax Consequences - Adjustment: The trustee shall have the power in the trustee's reasonable discretion to take any action and to make any election to minimize the tax liabilities of any trust and its beneficiaries, to allocate the benefits among the various beneficiaries, and to make adjustments in the rights of any

beneficiaries, or between the income and principal accounts, to
compensate for the consequences of any tax election or any
investment or administrative decision that the trustee believes
has had the effect of directly or indirectly preferring one
beneficiary or group of beneficiaries over others.

Multiple Trusts - No Physical Division:  If this instrument
creates more than one trust, the trustee shall not be required to
physically segregate or divide assets among the various trusts,
except on the termination of any of the trusts.  However, the
trustee shall keep separate undivided interests, and the trust
may hold undivided interests in the same assets.

Death Taxes of Beneficiary - Authority to Pay:  The trustee, in
the trustee's reasonable discretion, shall have the power to pay
from the trust estate, and to allocate between income and
principal, any death taxes to the extent that such taxes are
attributable to the trust estate or any part of it (calculated at
the average rates applicable to such tax).  However, any trust
property otherwise exempt from federal estate tax shall not be
subject to the payment of any such death taxes.

Beneficiary's Last Illness and Funeral Expenses:  The trustee
shall have the power, in the trustee's reasonable discretion, to
pay the last illness expenses, funeral expenses, and other
obligations incurred for the beneficiary's support from the
income or principal of the beneficiary's trust.

Distributions - Consideration of Basis of Assets:  In making
nonprorata distributions to the beneficiaries, the trustee shall
consider and attempt to equalize, insofar as practicable, the
aggregate income tax basis of assets distributed to the various
beneficiaries.  Any such determination by the trustee shall bind
all parties in interest.

Distributions and Powers of Appointment:  If, on expiration of
the later of either six (6) months after the death of any person
holding a power of appointment created by this instrument or the
expiration of the statutory period which a will contest must be
files, the trustee has not received any document purporting to
exercise the power, the trustee may distribute any property
according to the terms of this instrument as if the  power had
not been exercised.  If a document purporting to exercise the
power is subsequently located, the trustee shall not be liable to
the appointees under that exercise, and the rights of the
appointees and the persons receiving property from the trustee
shall follow applicable law.

Distribution - Broad Powers:  When the trustee must divide any
trust property into parts or shares for the purpose of
distribution or otherwise, the trustee may, in the trustee's
reasonable discretion, make the division and distribution in
identical interests, in kind, or partly in kind and partly in
money, prorata or nonprorata.  Also, the trustee may make such

sales, of the trust property as the trustee deems necessary to accommodate such distributions.

Deferral of Division and Distribution: If the trust directs distribution of the trust estate or division into separate trusts, then the trustee may, in the trustee's reasonable discretion, defer that distribution or division for six months. When the trustee so defers, the trustee shall make the distribution or division as if it had taken place at the time prescribed in the absence of this paragraph, and all beneficiary rights in those trust assets shall accrue and vest as of the prescribed time.

Small Trust Termination - Trustee Discretion: The trustee may determine, in its reasonable discretion, if the principal of the trust is uneconomical to administer. The trustee may then, in its reasonable discretion, (1) distribute the trust assets to the beneficiaries in proportion to their interests in income; (2) purchase and deliver to the income beneficiaries a restrictive savings, account, certificate of deposit, annuity, or endowment; (3) distribute the trust assets to a custodian for the beneficiaries under the California Uniform Transfers to Minors Act; or (4) distribute the trust assets as provided by law. On such distribution and delivery, the trust shall terminate. The trustee shall not be liable or responsible to any person for its action or for its failure or refusal at any time to terminate the trust as authorized in this paragraph

Payment of Income or Principal - Trustee's Discretion To Select Payee: If Income or principal is payable to a minor, to a person under legal disability, or to a person not adjudicated incompetent but who, by reason of illness or mental or physical disability, is in the opinion of the trustee unable to manage the distribution properly, then the trustee may, in its reasonable discretion, pay such income or principal in any of the following ways: (1) to the beneficiary directly, (2) to the legally appointed guardian or conservator of the beneficiary, (3) to a custodian for the beneficiary under the California Uniform Transfers to Minors Act, (4) for the benefit of the beneficiary, or (5) to an adult relative or friend in reimbursement for amounts property advanced for the benefit of the beneficiary.

Back-up Trust for Minor Beneficiary's Distribution: Except when this instrument provides otherwise, the trustee shall delay outright distribution of any minor beneficiary's interest in a trust by continuing in a separate trust such minor's share. subject to any trustee discretion to terminate a small trust or court-ordered termination. The trustee shall add all income to principal and pay to and for the benefit of the minor beneficiary as much of the trust estate as is necessary for the minor beneficiary's health, education, support, or maintenance in the minor beneficiary's accustomed manner of living taking into account the minor beneficiary's other income and resources known to the trustee and reasonably available for that purpose. When

-19-

Bonds - Limitations:  The trustee shall have the power to
purchase bonds either at a premium or at a discount.  For bonds
purchased at a premium, the trustee shall, in a reasonable
manner, periodically repay to principal each premium from
interest on the bond or sale or redemption proceeds.  For bonds
purchased at discounts, the trustee shall periodically accumulate
each discount as interest and, to the extent necessary, pay such
discount out of principal or from the sale or redemption
proceeds.

Invest in Life Insurance:  The trustee shall have the power to
acquire and maintain life insurance policies on the life of any
person, including a trust beneficiary, and to exercise all rights
of ownership granted to such policies.

General Partnership Restriction:  The trustee, in the trustee's
absolute discretion, shall have the election to act only as a
limited partner of any general partnership in the trust and shall
take any action necessary to effect this election.

Treasury Bonds - Special Tax Redemptions:  The trustee shall have
the power to purchase at less than par obligations of the United
States of America that are redeemable at par in payment of any
federal estate tax liability of a settlor in such amounts as the
trustee deems advisable.  The trustee shall exercise this
discretion if the trustee believes that a settlor is in
substantial danger of death, and the trustee may borrow funds and
doubt concerning the desirability of making the purchase and its
amount in favor of making the purchase and in purchasing a
larger, even though somewhat excessive, amount.  The trustee
shall not be liable to a settlor, any heir, or any beneficiary of
this trust for losses resulting from purchases made in good
faith.  The trustee shall redeem such obligations to the fullest
extent possible in payment of a settlor's federal estate tax
liability.

END OF ARTICLE

TRUSTEE ACCOUNTING AND DISTRIBUTION POWERS

Introduction:  For all trusts under this instrument, the trustee
shall have the following powers and duties for accounting and tax
matters.

Securities:  The trustee shall have all the rights, powers, and
privileges of an owner of the securities held in trust,
including, but not by way of limitation, the power to vote, give
proxies, and pay assessments; to participate in voting trusts and
pooling agreements (whether or not extending beyond the term of
the trust); to enter into shareholders' agreements; to consent to
foreclosure, reorganizations, consolidations, merger
liquidations, sales, and leases, and, incident to any such
action, to deposit securities with and transfer title to any
protective or other committee on such terms as the trustee may
deem advisable; and to exercise or sell stock subscription or
conversion rights.

Investment Funds:  The trustee shall have the power to invest in
mortgage participations, in shares of investment trusts and
regulated investment counsel employed by the trustee, in mutual
funds, money market funds, and index funds that investors of
prudence, discretion, and intelligence acquire for their own
account.

Nominee's Name:  The trustee shall have the power to hold
securities or other property in the trustee's name as trustee
under this trust, or in the trustee's own name, or in the name of
a nominee, or the trustee may hold securities unregistered in
such condition that ownership will pass by delivery.

Insurance:  The trustee shall have the power to carry, at the
expense of the trust, insurance of such kinds and in such amounts
as the trustee deems advisable to protect the trust estate
against any damage or loss and to protect the trustee against
liability with respect to third parties.

Borrow - General:  The trustee shall have the power to borrow
money and to encumber or hypothecate trust property by mortgage,
deed of trust, pledge, or by otherwise securing the indebtedness
of the trust or the joint indebtedness of the trust and s co-
owner of trust property.

Loan:  The trustee shall have the power to loan money to any
person, including a trust beneficiary or the estate of a trust
beneficiary, at prevailing interest rates and with or without
security as the trustee deems advisable.

the minor beneficiary attains majority, the trustee shall distribute the trust estate to the beneficiary outright. If the minor beneficiary dies before distribution, the trustee shall distribute the trust estate to the beneficiary's estate.

END OF ARTICLE

ARTICLE 10

TRUST ADMINISTRATION PROVISIONS

Introduction: The following additional trust provisions shall apply under this instrument.

Upon death of either Trustor: This Trust shall be recorded with death certificate. with the county recorder where decedent resided. *[handwritten]* 

Spendthrift Provision: No beneficiary shall anticipate, assign, encumber, or subject to any creditor's claim or to legal process any interest in principal or income before its actual receipt by any beneficiary. The beneficial and legal interests in this trust, its principal, and its income shall be free from interference or control of any beneficiary's creditor and shall not be subject to claims of any such creditor or liable to attachment, execution, bankruptcy, or other process of law.

Perpetuities Savings Clause - Surviving Spouse and Descendants: All trusts created by this instrument or by the exercise of any power of appointment shall terminate 21 years after the death of the surviving spouse and of settlors' descendants living at the surviving spouse's death.

California Law Governs; California law shall govern the validity, construction, interpretation, and administration of this trust.

No contest-contestant disinherited; If an beneficiary in any matter directly or in directly contests or attacks this instrument any interest in the trust given to that contesting beneficiary is revoked and shall be dispose as if that contesting beneficiary had predeceased the settlor.

Survivorship requirement; Surviving spouse or beneficiaries must survive the settlor for 60 days before entitlement to such gifts.

Educational expenses; Education expenses shall include the cost of elementary, secondary, college, and travel for foreign study. the trustee may also consider the beneficiaries related living expenses to the extent that they are reasonable.

DATED: *[handwritten: 7/8/199 ]*

SETTLOR

LESLIE KLEIN

-22-

# COUNTY OF LOS ANGELES DEPARTMENT OF PUBLIC HEALTH

**CERTIFICATE OF DEATH**
STATE OF CALIFORNIA
USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS
VS-11(REV 3/06)

3201219050694

| STATE FILE NUMBER | | | LOCAL REGISTRATION NUMBER |
|---|---|---|---|

**DECEDENT'S PERSONAL DATA**

| 1. NAME OF DECEDENT—FIRST (Given) | 2. MIDDLE | 3. LAST (Family) |
|---|---|---|
| ERIKA | NAOEMI | KLEIN |

| AKA, ALSO KNOWN AS – Include full AKA (FIRST, MIDDLE, LAST) | | 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs. | IF UNDER ONE YEAR Months Days | IF UNDER 24 HOURS Hours Minutes | 6. SEX |
|---|---|---|---|---|---|---|
| | | 09/01/1947 | 65 | | | F |

| 9. BIRTH STATE/FOREIGN COUNTRY | 10. SOCIAL SECURITY NUMBER | 11. EVER IN U.S. ARMED FORCES? YES [X] NO [ ] UNK | 7. MARITAL STATUS/SRDP (at Time of Death) | 7. DATE OF DEATH mm/dd/ccyy | 8. HOUR (24 Hour) |
|---|---|---|---|---|---|
| GERMANY | 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 | | MARRIED | 12/12/2012 | 2115 |

| 13. EDUCATION – Highest Level/Degree (see worksheet on back) | 14/15. WAS DECEDENT HISPANIC/LATINO/A)/SPANISH? (If yes, see worksheet on back) YES [X] NO | 16. DECEDENT'S RACE – Up to 3 races may be listed (see worksheet on back) |
|---|---|---|
| BACHELOR | | CAUCASIAN |

| 17. USUAL OCCUPATION – Type of work for most of life. DO NOT USE RETIRED | 18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) | 19. YEARS IN OCCUPATION |
|---|---|---|
| HOMEMAKER | OWN HOME | 42 |

**USUAL RESIDENCE**

| 20. DECEDENT'S RESIDENCE (Street and number, or location) |
|---|
| 322 N. JUNE ST. |

| 21. CITY | 22. COUNTY/PROVINCE | 23. ZIP CODE | 24. YEARS IN COUNTY | 25. STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| LOS ANGELES | LOS ANGELES | 90004 | 42 | CA |

**INFORMANT**

| 26. INFORMANT'S NAME, RELATIONSHIP | 27. INFORMANT'S MAILING ADDRESS (Street and number, or rural route number, city or town, state and zip) |
|---|---|
| LESLIE KLEIN, HUSBAND | 322 N. JUNE ST., LOS ANGELES, CA 90004 |

**SPOUSE/SRDP AND PARENT INFORMATION**

| 28. NAME OF SURVIVING SPOUSE/SRDP—FIRST | 29. MIDDLE | 30. LAST (BIRTH NAME) | |
|---|---|---|---|
| LESLIE | | KLEIN | |
| 31. NAME OF FATHER/PARENT—FIRST | 32. MIDDLE | 33. LAST | 34. BIRTH STATE |
| KOLEV | | GESTETNER | HUNGARY |
| 35. NAME OF MOTHER/PARENT—FIRST | 36. MIDDLE | 37. LAST (BIRTH NAME) | 38. BIRTH STATE |
| TERESA | | SOLOMON | HUNGARY |

**FUNERAL DIRECTOR/LOCAL REGISTRAR**

| 39. DISPOSITION DATE | 40. PLACE OF FINAL DISPOSITION |
|---|---|
| 12/13/2012 | JERUSALEM, ISRAEL HAR HAMENUCHOS CEMETERY |

| 41. TYPE OF DISPOSITION(S) | | 43. LICENSE NUMBER |
|---|---|---|
| TR/BU | NOT EMBALMED | |

| 44. NAME OF FUNERAL ESTABLISHMENT | 45. LICENSE NUMBER | 46. SIGNATURE OF LOCAL REGISTRAR | 47. DATE mm/dd/ccyy |
|---|---|---|---|
| CHEVRA KADISHA MORTUARY | FD1326 | JONATHAN FIELDING, MD | 12/13/2012 |

**PLACE OF DEATH**

| 101. PLACE OF DEATH | 102. IF HOSPITAL, SPECIFY ONE | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE |
|---|---|---|
| CEDARS-SINAI MEDICAL CENTER | IP [X] ER/OP [ ] DOA [ ] | Hospice [ ] Nursing Home/LTC [ ] Decedent's Home [ ] Other [ ] |

| 104. COUNTY | 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location) | 106. CITY |
|---|---|---|
| LOS ANGELES | 8700 BEVERLY BLVD | WEST HOLLYWOOD |

**CAUSE OF DEATH**

| 107. CAUSE OF DEATH | Enter the chain of events – diseases, injuries, or complications – that directly caused death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. | Time Interval Between Onset and Death | 108. DEATH REPORTED TO CORONER? YES [ ] NO [X] |
|---|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) | (A) CARDIOPULMONARY ARREST | 5 MINS. | |
| Sequentially, list conditions, if any, leading to cause on Line A. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST | (B) METASTATIC COLON CANCER | 6 MTHS. | 109. BIOPSY PERFORMED? YES [ ] NO [X] |
| | (C) | | 110. AUTOPSY PERFORMED? YES [ ] NO [X] |
| | (D) | | 111. USED IN DETERMINING CAUSE? YES [ ] NO [ ] |

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 |
|---|
| NONE |

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (If yes, list type of operation and date.) | 113A. IF FEMALE, PREGNANT IN LAST YEAR? YES [ ] NO [X] UNK [ ] |
|---|---|
| NO | |

**PHYSICIAN'S CERTIFICATION**

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. Decedent Attended Since / Decedent Last Seen Alive | 115. SIGNATURE AND TITLE OF CERTIFIER | 116. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
|---|---|---|---|
| (A) mm/dd/ccyy 09/--/2011 (B) mm/dd/ccyy 12/12/2012 | MICHAEL T DUFFY M.D. | G59599 | 12/12/2012 |
| | 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE MICHAEL T DUFFY M.D. 9400 BRIGHTON WAY #300, BEVERLY HILLS, CA 90210 | | |

**CORONER USE ONLY**

| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | 120. MANNER OF DEATH Natural [ ] Accident [ ] Homicide [ ] Suicide [ ] Pending Investigation [ ] Could not be determined [ ] | 120. INJURED AT WORK? YES [ ] NO [ ] UNK [ ] | 121. INJURY DATE mm/dd/ccyy | 122. HOUR (24 Hour) |
|---|---|---|---|---|

| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) |
|---|

| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) |
|---|

| 125. LOCATION OF INJURY (Street and number, or location, and city, and zip) |
|---|

| 126. SIGNATURE OF CORONER / DEPUTY CORONER | 127. DATE mm/dd/ccyy | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER |
|---|---|---|

**STATE REGISTRAR**

| A | B | C | D | E | | FAX AUTH.J | CENSUS TRACT |
|---|---|---|---|---|---|---|---|

*010001002224734*

This is a true certified copy if the record filed in the County of Los Angeles Department of Public Health if it bears the Registrar's signature in purple ink.

*Jonathan E. Fielding mo*
VE                                      DATE ISSUED

*HD3041577*

DEC 13 2012

Director of Public Health and Registrar

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.
PBNCO (REV) 08/11

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

DATED: 4/8/1990        _____
                              SETTLOR ✓
                              ERIKA NOEMI KLEIN

DATED: 4/8/1990        _____
                              TRUSTEE
                              LESLIE KLEIN

DATED: 4/8/1990        _____
                              TRUSTEE
                              ERIKA NOEMI KLEIN

The settlors' attorney approves this Declaration of Trust.

Dated:

     4/8/1990

LESLIE KLEIN     _____
                          KLEIN AND CUTLER
                          Attorneys for
                          settlors

ACKNOWLEDGMENT FOR SETTLORS AND INITIAL CO-TRUSTEES

COUNTY OF LOS ANGELES          )
STATE OF CALIFORNIA            )

On ___4/8___ 1990, before me, the undersigned, a Notary
Public for this State, personally appeared _Leslie Klein_
and _Erika Klein_ personally known to me or proved to me
on the basis of satisfactory evidence to be the settlors and
initial co-trustees of the trust created by this instrument and
to be the persons whose names are subscribed to this instrument
and who acknowledged its signing as the settlors.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my
official seal the day and year first above written.

                        _Vicente E. Coronel_
                        Notary Public

                        VINCENT E. CORONEL

(Seal)

**OFFICIAL SEAL**
**VICENTE E. CORONEL**
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Dec. 17, 1993

-23-

## SCHEDULE "A"

Real property located in the County of Los Angeles, State of California, more

particularly described as follows:

Lot 146 of Tract 4891 as per Map recorded in Book 52 Page 57 of Maps in the office of the
County Recorder of said County.

APN NO: 5527-014-022
Commonly known as:  730 N. Laurel Avenue, Los Angeles, Ca.


Real property located in the County of Los Angeles, State of California, more

particularly described as follows:

Lot 300 of Tract 8320 as per Map recorded in Book 98 Page 41 of Maps in the office of the
County recorder of said County.

APN NO: 5523-033-008
Commonly known as: 322 N. June Street, Los Angeles, Ca.

# EXHIBIT C

**(Property Deed)**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

RECORDING REQUESTED BY

S.W.C.O. TITLE INS. CO.

CENTURY BANK

AND WHEN RECORDED MAIL TO

Name: Leslie Klein and Erika Klein
Street Address: 613 N. Alta Vista
City & State: Los Angeles, California

Escrow No. 1449-NR    7720760

MAIL TAX STATEMENTS TO

Mail Tax Statements to Return Address Above

**77-1376859**

RECORDED IN OFFICIAL RECORDS
OF LOS ANGELES COUNTY, CA.
27 MIN.
PAST 9 A.M. DEC 14 1977
Recorder's Office

FEE $3 J

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Individual Grant Deed

THIS FORM FURNISHED BY TICOR TITLE INSURERS

A.P.N.

The undersigned grantor(s) declare(s):
Documentary transfer tax is $ 363.00
(X) computed on full value of property conveyed, or
( ) computed on full value less value of liens and encumbrances remaining at time of sale.
( ) Unincorporated area: ( ) City of _____ and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

HOWARD L. RAYKOFF AND JUDY H. RAYKOFF

hereby GRANT(S) to    LESLIE KLEIN AND ERIKA NOEMI KLEIN, AS TRUSTEES UNDER THE
KLEIN LIVING TRUST OF 1975,

the following described real property in the city of Los Angeles
County of     Los Angeles        , State of California:

Lot 300 of Tract 8320 as per map recorded in Book 98 Page 41 of maps in the office
of the County REcorder of said County.

Dated    July 8, 1977

Howard L. Raykoff

Judy H. Raykoff

STATE OF CALIFORNIA
COUNTY OF Los Angeles }ss.
On    11th July 1977        before me, the under-
signed, a Notary Public in and for said State, personally appeared

Howard L. Raykoff and Judy H. Raykoff

_____ known to me
to be the person s whose name are subscribed to the within
instrument and acknowledged that they executed the same.
WITNESS my hand and official seal.

Signature  Irene M. Sells

OFFICIAL SEAL
IRENE M. SELLS
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My comm. expires JAN 7, 1979
445 South Figueroa, Los Angeles, CA 90017

(This area for official notarial seal)

Title Order No. _____    Escrow or Loan No. 1449

MAIL TAX STATEMENTS AS DIRECTED ABOVE    7720760-53

END OF RECORDED DOCUMENT

**EXHIBIT D**

**(April 29 Email)**

| From: | Marc Lieberman <marc.lieberman@flpllp.com> |
| --- | --- |
| Sent: | Monday, April 29, 2024 7:30 PM |
| To: | Jeffrey P. Nolan |
| Cc: | John W. Lucas; Safa Saleem |
| Subject: | Re: (Sent on behalf of Jeffrey W. Dulberg) In re: LESLIE KLEIN - USBC for the Central District of California - 23-10990 (SK) |
| Attachments: | image001.jpg; image001.jpg; Klein-Order Entered 4-26-2024 Dkt 721.pdf; Sharp-Klein-Klein Subpoena for Documents.pdf |

Jeff:

Our paralegal Safa Saleem and I are both back in town and loading up a Dropbox with Bates-stamped copies of all responsive documents we can get our hands on.

Some of the responsive documents were provided by Michael Kogan, so there may be a few duplicates.

I believe that there is only one version of the Marital Deduction Trust (MTD) that you refer to below. The MTD, also called the "A Trust" is one of two sub trusts under the Second Amended Klein Trust of 1990 ("Klein Trust") The other is called the Survivors Trust or "B Trust." When Les's late wife passed away in 2012, the A Trust and B Trust became irrevocable.

Les's position has been that assets in the B Trust are property of the bankruptcy estate, while the assets of the A Trust are not property of the estate.

Les contends that the A Trust owns 100% of the June Street Property and the 2 Israel properties. However, I have yet to see documents that support those contentions. If I obtain them, I will up load them to the Dropbox.

The major challenge has been finding documents that evidence what assets are in the A Trust and what assets are in the B Trust. Les is trying to get certified copies of the title documents for the Israel properties, and will provide them when he gets them.

I'm hopeful that some of the documents uploaded to the Dropbox will shed light on other ownership issues.

Other documents to be uploaded are copies of several life insurance policies, title to which appears to be held by various insurance trusts (the "Insurance Trusts") of which Les Klein is the trustee. I hope to also obtain copies of the Insurance Trusts to track who the beneficiaries are.

Then there is Life Capital Group, LLC ("LCG"). The LCG operating agreement will be in the Dropbox. It says that Les Klein owns 50% and Shlomo Rechnitz owns 50% of LCG. (Les contends that his 50% is split equally between the A Trust and the B Trust. However, I have yet to see any documents explaining why this is the case.)

My understanding is that LCG has always been managed by a Rechnitz controlled manager and that there was previously litigation between Les on the one hand and Shlomo and the manger on the other hand. Les is concerned that Shlomo has short-changed the estate or out-right misappropriated LCG monies, all of which would have been the proceeds of insurance policies. Certainly communications among Shlomo, Les, and the manager would be helpful here. Les does not have such communications. It seems that Shlomo and the manager should be subpoenaed.

It is not yet clear to me how the LKA law firm fits into all this. I am still trying to get responsive documents that will shed light on this.

**MARC A. LIEBERMAN, ESQ.**
FLP Law Group LLP
1875 Century Park East, Suite 2230
Los Angeles, CA 90067
t. 310.284.7350 ext. 2
marc.lieberman@flpllp.com
**www.flpllp.com**

This message and any attached documents contain information from the law firm of FLP Law Group LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message. We are a federally designated Debt Relief Agency under the United States Bankruptcy Laws. We help individuals and their companies find solutions to their debt problems, including, where appropriate, assisting them file petitions for relief under the United States Bankruptcy Code. This does not constitute an electronic signature.

On Apr 29, 2024, at 6:04 PM, Jeffrey P. Nolan <jnolan@pszjlaw.com> wrote:

Marc,

Attached please find a courtesy copy of the Court order approving the issuance of the 2004 subpoena to the Debtor. I also included a courtesy copy of the subpoena again. I think my secretary meant this to go to you earlier today rather than Simon. My apologies. I did talk to Simon today and he mentioned the Marital Trust and receiving documents with regards to it. I assume that this is the one and the same Marital Trust the Trustee has been seeking documents in our emails and communications with the Debtor. If it is a different Marital Trust, it would also be responsive to the subpoena. I wanted to check in as to timing and if there is a preferred format to exchange the documents.

Hope all is well otherwise.

Jeff
**Jeffrey P. Nolan**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
jnolan@pszjlaw.com
vCard | Bio | LinkedIn

Los Angeles | New York | Wilmington, DE | Houston | San Francisco

**From:** Ramon X. Sainz <rsainz@pszjlaw.com>
**Sent:** Monday, April 29, 2024 3:17 PM
**To:** saron@wrslawyers.com; moster@wrslawyers.com; les.kleinlaw@gmail.com; leskleinlaw@gmail.com; kleinlaw@earthlink.net; Nathan Talei <ntalei@oclslaw.com>
**Cc:** Jeffrey Dulberg <jdulberg@pszjlaw.com>; John W. Lucas <jlucas@pszjlaw.com>; Jeffrey P. Nolan

<jnolan@pszjlaw.com>; Yves P. Derac <yderac@pszjlaw.com>
**Subject:** (Sent on behalf of Jeffrey W. Dulberg) In re: LESLIE KLEIN - USBC for the Central District of
California - 23-10990 (SK)

Please see attached.

**Ramon Sainz**
Legal Secretary
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 310.772.2385
Tel: 310.277.6910 | Fax: 310.201.0760
rsainz@pszjlaw.com

Los Angeles | New York | Wilmington, DE | Houston | San Francisco

1

## EXHIBIT E

2

**(Klein Trust Property Schedule)**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# KLEIN SECOND AMENDED TRUST AGREEMENT
## dated 4-08-1990
as of
## September 10, 2013

| | | | |
|---|---|---|---|
| | | Marital Deduction Trust (Trust A) | |
| 322 N. June Street<br>Los Angeles, CA. 90004<br>(Home)<br>100% | Value on 9-10-2013 | $3,500,000 | |
| Suite 1323 in Leonardo<br>Plaza Jerusalem Israel<br>(King George Street)<br>100% | Value on 9-10-2013 | $500,000 | |
| Dan Boutique<br>Suite on 5th Floor in<br>Jerusalem Israel<br>(Hebron Road)<br>100% | Value on 9-10-2013 | $250,000 | |
| | TOTAL | $4,250,000 | |

25% interest in Life Capital Group LLC

| | | Survivor Trust (Trust B) | |
|---|---|---|---|
| COMMON STOCK in<br>Bay Area Dev. Co 100% which<br>owns the following properties: | | | |
| 14245 Ventura Blvd.<br>Sherman Oaks, CA. 91423<br>(Commercial Office Building) | Value on 9-10-2013 | $2,500,000 | |
| 419 N. Highland Ave<br>Los Angeles, CA 90036<br>(Home) | Value on 9-10-2013 | $1,000,000 | |
| 507 N. Mansfield Ave<br>Los Angeles, CA. 90036<br>(Home) | Value on 9-10-2013 | $750,000 | |
| | TOTAL | $4,250,000 | |

25% interest in Life Capital Group LLC

KLEIN000814