Jeffrey W. Dulberg (CA Bar No. 181200)
John W. Lucas (CA State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760
Email: jdulberg@pszjlaw.com
       jlucas@pszjlaw.com

Counsel to Bradley D. Sharp,
Chapter 11 Trustee

**FILED & ENTERED**

**FEB 12 2025**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY penning   DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>　　　　　　　Debtor. | Case No. 2:23-bk-10990-SK<br><br>Chapter 11<br><br>**ORDER GRANTING (1) MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 FILED BY FRANKLIN H. MENLO, CO-TRUSTEE OF THE FRANKLIN MENLO IRREVOCABLE TRUST ESTABLISHED MARCH 1, 1983 [DOCKET NO. 65]; AND (2) MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362, FILED BY JEFFREY WINTER, CO-TRUSTEE OF THE FRANKLIN MENLO IRREVOCABLE TRUST ESTABLISHED MARCH 1, 1983 [DOCKET NO. 254]**<br><br>Date:　February 12, 2025<br>Time:　9:00 a.m.<br>Place:　Courtroom 1575<br>　　　　255 E. Temple Street<br>　　　　Los Angeles, CA 90012 |

**WHEREAS**, on April 5, 2023, Franklin H. Menlo, Co-Trustee Of The Franklin Menlo Irrevocable Trust Established March 1, 1983 ("**Menlo**") filed a *Motion for Relief From the Automatic Stay Under 11 U.S.C. § 362* (the "**Menlo Lift Stay Motion**") [Docket No. 65];

LA:4935-4743-0408.4 78512.001

**WHEREAS**, on August 14, 2023, Jeffrey Winter, Co-Trustee of the Franklin Menlo Irrevocable Trust Established March 1, 1983 ("**Winter**" and together with Menlo, the "**Menlo Parties**") filed a *Motion for Relief From the Automatic Stay Under 11 U.S.C. § 362* (the "**Winter Lift Stay Motion**") [Docket No. 254];

**WHEREAS**, on or about February 12, 2025, the Court entered an *Order Granting Motion for Order Pursuant to Bankruptcy Rule 9019 Approving Settlement With Mutual Releases Between the Trustee and Franklin H. Menlo and Jeffrey Winter, Co-Trustees of the Franklin Menlo Irrevocable Trust Established March 1, 1983 and Granting Relief From Stay* (the "**Settlement Order**")[1];

**WHEREAS**, the Settlement Order approved a settlement agreement (the "**Settlement Agreement**"), by and between Bradley D. Sharp, in his capacity as Chapter 11 Trustee (the "**Trustee**"), on the one hand, and the Menlo Parties, on the other hand;

**WHEREAS**, pursuant to the Settlement Order, the Settlement Agreement is modified to make it effective upon entry of the Settlement Order (the "**Effective Date**"); and

**WHEREAS**, the Settlement Agreement provides that at the same time the Bankruptcy Court shall execute the Settlement Order, the Court shall also execute and enter a separate lift stay order (the "**Lift Stay Order**") which the Menlo Parties can readily refer to and rely upon when returning to Probate Court, *provided, however*, that the Menlo Parties shall not be entitled to present or file the Lift Stay Order with the Probate Court prior to the Effective Date of the Settlement Agreement.

Based upon the Court's review of the Menlo Lift Stay Motion, the Winter Lift Stay Motion, and the Settlement Order, and finding that that the Settlement Agreement is in effect and no further notice be given,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement and the Motion.

LA:4935-4743-0408.4 78512.001

**IT IS HEREBY ORDERED**:

1.      The Menlo Parties (and the beneficiaries of all Menlo Trusts to the extent permitted by law) shall have relief from the automatic stay in the Debtor's bankruptcy case with respect to all Probate Court matters and the stay shall be unconditionally lifted to allow the Menlo Parties to pursue all of their rights and remedies in the Probate Court; provided, however, that the Menlo Parties shall not be permitted to seek to collect upon any judgment, claims or similar awards from property of the Debtor's bankruptcy estate nor will they be permitted to increase the amount of their allowed claims against the Debtor's bankruptcy estate as a result of any such judgment, claims or similar awards; and further provided that the Menlo Parties shall not be permitted to present or file this Lift Stay Order with the Probate Court prior to the Effective Date of the Settlement Agreement.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

3

LA:4935-4743-0408.4 78512.001

2. Upon the Effective Date of the Settlement Agreement, the Trustee shall immediately provide the Menlo Parties with a letter stating that the Effective Date of the Settlement Agreement has been reached. When presented to the Probate Court by the Menlo Parties, such letter shall be *prima facie* evidence that the Effective Date of the Settlement Agreement has been reached, thereby allowing the Menlo Parties to file this Lift Stay Order with the Probate Court.

3. Following the Effective Date, the Trustee shall not be given notice of further proceedings involving the Menlo Parties in the Probate Court and shall not appear in any such proceedings unless such appearance is specifically requested by any of the parties to such proceedings or requested by the Probate Court.

4. The Court shall retain jurisdiction to interpret and enforce the terms of this Order.

### # # #

Date: February 12, 2025

Sandra R. Klein
United States Bankruptcy Judge

LA:4935-4743-0408.4 78512.001