| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Bradley D. Sharp, Chapter 11 Trustee | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES**

| In re:<br><br>LESLIE KLEIN,<br><br><br><br><br><br><br><br><br>Debtor. | CASE NO.: 2:23-bk-10990-NB<br><br>CHAPTER: 11<br><br>**APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE**<br>**[LBR 9075-1(b)]** |
|---|---|

1. Movant applies under LBR 9075-1(b) for an order setting a hearing on shortened notice on the following motion:

   a. Title of motion:  *Motion of Chapter 11 Trustee, For Order Enforcing the Automatic Stay and Sanctions Against the Debtor, Daniel Crawford, Crawford Law Group, Leslie Klein & Associates, Inc. and EKLK Foundation, and Related Relief* (the "Motion") [Docket No. 969]

   b. Date of filing of motion:  March 21, 2025

2. Compliance with LBR 9075-1(b)(2)(A): (The following three sections must be completed):

   a. Briefly specify the relief requested in the motion:

   Through his Motion, the Trustee seeks entry of an order (a) enforcing the automatic stay against the Debtor, Daniel Crawford, The Crawford Law Group, Les Klein & Associates Inc., and EKLK Foundation regarding the commencement of two actions that seek to obtain control over Estate rights and claims (and proceeds thereof), (b) compelling the Debtor, Daniel Crawford, The Crawford Law Group, Les Klein & Associates, Inc., and EKLK Foundation to dismiss the foregoing actions, with prejudice, and (c) sanctioning the Debtor, Daniel Crawford, The Crawford Law Group, Les Klein & Associates, Inc., and EKLK Foundation, on a joint and several basis, for the costs and fees associated with enforcing the Trustee's rights as the representative of the Debtor's Estate. Granting the Motion is necessary to protect the rights of all creditors of the Debtor's estate and to avoid the unnecessary depletion of estate resources.

   b. Identify the parties affected by the relief requested in the motion:

   Leslie Klein, the Debtor
   Daniel Crawford
   The Crawford Law Group
   Les Klein & Associates, Inc.
   EKLK Foundation

   c. State the reasons necessitating a hearing on shortened time:

   The Debtor, who is no longer in possession of his estate as a result of the appointment of Mr. Sharp as the chapter 11 trustee, continues to violate the stay by the commencement of actions (this time in Superious Court of California, County of Los Angeles) seeking to ursurp the same claims the Trustee is prosecuting for the benefit of the Debtor's estate.

   This is the second automatic stay violation by the Debtor and is current counsel, Mr. Crawford, who were subject to Judge Klein's order to show cause entered in the June St. Action, Case No. 2:24-ap-01140, [Adv.

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                                 Page 1                                      **F 9075-1.1.APP.SHORT.NOTICE**
LA:4931-2212-3820.1 78512.001

Docket No. 64], regarding an attempt to "reform" the Debtor's living trust by moving his multi-million dollar home into a trust that is alleged to hold non-debtor assets.

It is imperative that the Trustee stays the two actions filed by the Debtor and Mr. Crawford so they can be promptly dismissed. Plus, it is essential that the Court approve sanctions to reimburse the estate for the cost and fees arising from the stay violations but also to help ensure that the Debtor, Mr. Crawford, or any of the Debtor's attorneys do not take further actions to violate the automatic stay.

The requests for the Court to reduce the notice period from 21 days to 18 days, which provides the affected parties with ample notice to prepare a response, especially since they are aware of this pending bankruptcy case, the claims the Debtor and Mr. Crawford are attempting to control, and Judge Klein's prior admonitions regarding stay violations.

In addition, the Trustee requests to have the hearing on the Motion held on April 8, 2025 at 2:00 p.m., given the matters set for hearing on that date and time, as follows:

(1)  Status Conference (lead case)
(2)  Status Conference – Klein v. Vago Adversary Proceeding No. 23-01147
(3)  Status Conference – Vago v. Klein Adversary Proceeding No. 23-01150
(4)  Status Conference – Menlo v. Klein Adversary Proceeding No. 23-01152
(5)  Status Conference - Mermelstein v. Klein Adversary Proceeding No. 23-01153
(6)  Status Conference – Sharp v. Klein Adversary Proceeding No. 23-01167
(7)  Status Conference – Berger v. Klein Adversary Proceeding No. 23-01169
(8)  Status Conference – Sharp v. Klein Adversary Proceeding No. 24-01140
(9)  Status Conference – Sharp v. Life Capital Group, LLC Adversary Proceeding No. 25-01020
(10) Motion for Order Approving Settlement Between the Trustee and Erica Vago and Joseph Vago Pursuant to Bankruptcy Rule 9019 [Docket No. 961]
(11) Motion to Restore Possession of the Property Located at 322 N. June St., Los Angeles, California to the Trustee [Docket No. 962]

In the interest of economy, the Trustee believes it is in the best interests of the estate to have the hearing on the Motion held on April 8, 2025 at the same time the above-listed matters are set to be heard.

3.  Compliance with LBR 9075-1(b)(2)(B): The attached declaration(s) justifies setting a hearing on shortened notice, and establishes a *prima facie* basis for the granting of the motion.

4.  Movant has lodged a proposed Order Setting Hearing on Shortened Notice on mandatory form F 9075-1.1.ORDER SHORT.NOTICE

5.  Compliance with LBR 9075-1(b)(2)(B): The attached declaration(s) justifies setting a hearing on shortened notice, and establishes a *prima facie* basis for the granting of the motion.

6.  Movant has lodged a proposed Order Setting Hearing on Shortened Notice on mandatory form F 9075-1.1.ORDER .SHORT.NOTICE

Date:    March _21, 2025                    Pachulski Stang Ziehl & Jones LLP
                                            Printed name of law firm

                                            */s/ John W. Lucas*
                                            Signature of individual Movant or attorney for Movant

                                            John W. Lucas
                                            Printed name of individual Movant or attorney for Movant

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 2                    **F 9075-1.1.APP.SHORT.NOTICE**
LA:4931-2212-3820.1 78512.001

**Declaration of John W. Lucas in Support of Application For Order Setting Hearing On Shortened Notice on the Motion of Chapter 11 Trustee, For Order Enforcing the Automatic Stay and Sanctions Against the Debtor, Daniel Crawford, Crawford Law Group, Leslie Klein & Associates, Inc. and EKLK Foundation, and Related Relief**

I, John W. Lucas, declare and state:

1. I am an attorney licensed to practice law in all the courts in the state of California and in this Court. I am a partner of the firm Pachulski Stang Ziehl & Jones LLP, counsel to Bradley D. Sharp, Chapter 11 Trustee of the estate of Debtor, Leslie Klein (the "Trustee"), in this chapter 11 case (the "Case"). If called upon, I can and will competently testify to the facts stated herein from my own personal knowledge, or from a review of the files regularly maintained by the personnel of my law firm.

2. I make this declaration in support of the foregoing Application for Order Setting Hearing On Shortened Notice on the Motion of Chapter 11 Trustee, For Order Enforcing the Automatic Stay and Sanctions Against the Debtor, Daniel Crawford, Crawford Law Group, Leslie Klein & Associates, Inc. and EKLK Foundation, and Related Relief.

3. The Trustee requests to have the hearing on the Motion held on April 8, 2025 at 2:00 p.m. as follows:

The Debtor, who is no longer in possession of his estate as a result of the appointment of Mr. Sharp as the chapter 11 trustee, continues to violate the stay by the commencement of actions (this time in Superious Court of California, County of Los Angeles) seeking to ursurp the same claims the Trustee is prosecuting for the benefit of the Debtor's estate.

This is the second automatic stay violation by the Debtor and is current counsel, Mr. Crawford, who were subject to Judge Klein's order to show cause entered in the June St. Action, Case No. 2:24-ap-01140, [Adv. Docket No. 64], regarding an attempt to "reform" the Debtor's living trust by moving his multi-million dollar home into a trust that is alleged to hold non-debtor assets.

It is imperative that the Trustee stays the two actions filed by the Debtor and Mr. Crawford so they can be promptly dismissed. Plus, it is essential that the Court approve sanctions to reimburse the estate for the cost and fees arising from the stay violations but also to help ensure that the Debtor, Mr. Crawford, or any of the Debtor's attorneys do not take further actions to violate the automatic stay.

The requests for the Court to reduce the notice period from 21 days to 18 days, which provides the affected with ample notice to prepare a response, especially since they are aware of this pending bankruptcy case, the claims the Debtor and Mr. Crawford are attempting to control, and Judge Klein's prior admonitions regarding stay violations.

In addition, the Court is already set to hear the following matters on April 8, 2024 at 2:00 p.m.

Status Conference (lead case)
Status Conference – Klein v. Vago Adversary Proceeding No. 23-01147
Status Conference – Vago v. Klein Adversary Proceeding No. 23-01150
Status Conference – Menlo v. Klein Adversary Proceeding No. 23-01152
Status Conference - Mermelstein v. Klein Adversary Proceeding No. 23-01153
Status Conference – Sharp v. Klein Adversary Proceeding No. 23-01167
Status Conference – Berger v. Klein Adversary Proceeding No. 23-01169
Status Conference – Sharp v. Klein Adversary Proceeding No. 24-01140
Status Conference – Sharp v. Life Capital Group, LLC Adversary Proceeding No. 25-01020
Motion for Order Approving Settlement Between the Trustee and Erica Vago and Joseph Vago Pursuant to Bankruptcy Rule 9019 [Docket No. 961]
Motion to Restore Possession of the Property Located at 322 N. June St., Los Angeles, California to the Trustee [Docket No. 962]

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 4    **F 9075-1.1.APP.SHORT.NOTICE**
LA:4931-2212-3820.1 78512.001

In the interest of economy, I believe it is in the best interests of the estate to have the hearing on the Motion held on April 8, 2025 to stop the stay violations and at a time that the other above-listed matters are set to be heard.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of March, 2025 at San Francisco, California.


/s/ John W. Lucas
John W. Lucas

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*
LA:4931-2212-3820.1 78512.001

Page 4

**F 9075-1.1.APP.SHORT.NOTICE**