Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:   jdulberg@pszjlaw.com
              jlucas@pszjlaw.com

*Counsel to Bradley D. Sharp,
Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>            Debtor. | Case No.: 2:23-bk-10990-NB<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S SIXTH STATUS REPORT**<br><br>Date:   April 8, 2025<br>Time:  2:00 p.m.<br>Place:  Courtroom 1545<br>          255 East Temple Street<br>          Los Angeles, CA 90012<br><br>Judge:  Hon. Neil W. Bason |

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, PARTIES THAT HAVE FILED REQUESTS FOR SPECIAL NOTICE, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

Bradley D. Sharp, the duly appointed and acting chapter 11 trustee (the "***Trustee***") in the above-captioned bankruptcy case (the "***Case***") of Leslie Klein (the "***Debtor***" or "***Klein***"), hereby submits this sixth status report of events in the Case since the Trustee's appointment on May 23, 2023 and the first status report that was filed on July 21, 2023 [Docket No. 199], the second status report filed on November 1, 2023 [Docket No. 465], the third status report filed on January 29, 2024 [Docket No. 623], the fourth status report filed on October 16, 2024 [Docket No. 840], and the fifth status report filed on January 22, 2025 [Docket No. 896] (the "***Fifth Status Report***" and collectively with the previously filed status reports, the "***Status Reports***").

SF 4902-6351-0571.4 78512.001

A. **Introduction**

The Debtor is an attorney, a certified public accountant and a serial "affinity" fraudster. He spent years preying upon members of his own Orthodox Jewish community – in many instances, his victims are Holocaust survivors – and he filed his chapter 11 case for the sole purpose of staying numerous litigations against him resulting from his misappropriation of funds from numerous trusts to the detriment of the trusts' beneficiaries.

Since the filing of the Fifth Status Report, the Trustee has continued to administer the assets of the Debtor's estate ("***Estate***"), which are each described in more detail below. As this Case was recently transferred from Judge Klein to this Court, the Trustee believes it is appropriate to provide some general background to aid the Court's understanding of the Case.

The Debtor's Estate was handed to the Trustee in poor shape. It took the Trustee and his advisors substantial time and effort to obtain any degree of visibility into (a) the assets of the Estate, (b) affirmative claims held by the Estate, and (c) the claims against the Debtor and the Estate. As set forth in the prior Status Reports, the Debtor and his various counsels[1] have been largely uncooperative with the Trustee and his professionals. The Debtor has failed to produce virtually any information or documents in response to requests made of him and the authenticity of many of the documents he has produced is highly questionable. Indeed, the Debtor and his various counsels' primary participation in the Case has been to seek to "recharacterize" assets of the Estate and to oppose the Trustee's efforts to complete his statutory duties. Often, the Debtor's efforts have included blatant violations of the automatic stay. *See, e.g.,* Section B.8 below discussing recently filed actions by the Debtor in violation of the stay.

In light of such awful facts, the Debtor's creditors are rightly frustrated and no longer have patience after years of the Debtor's obfuscation and litigation. Unfortunately, the Trustee can only proceed as quickly as the information he obtains allows.

---

[1] Since the filing of this case, the Debtor has had numerous counsel that include: (a) The Law Offices of Michael Jay Berger; (b) The Law Offices of Michael Kogan; (c) The Law Offices of Eric Olson; (d) FLP Law Group, LLP; (e) Parker, Milliken, Clark, O'Hara & Samuelian; (f) Michele Ferroni; and (g) The Crawford Law Group. Many of the foregoing counsels continue to provide services to the Debtor to this day. It is unclear how the Debtor compensates these firms because the Debtor refuses to share information with the Trustee about his income or propose a budget (despite the Trustee's numerous requests that he do so) according to which the Debtor could maintain his day-to-day living needs and operate his law firm, Les Klein & Associates.

SF 4902-6351-0571.4 78512.001                           2

To that end, the Trustee has sought and obtained approximately twenty-three (23) Rule 2004 orders. These orders have helped the Trustee begin to understand the scope of the Estate's assets while at the same time given him sufficient information to commence certain adversary proceedings that confirm assets of the Estate, avoid prepetition transactions that are aimed to bring property back into the Estate, and settle with major creditors regarding the size and amount of their claims.

As stated in the prior Status Reports, the Trustee and his professionals stand ready to meet with all claimants to discuss the many pending Debtor-related matters, both before this Court and any other matter that is related to the Estate for the purpose of bringing this Case to conclusion.

Below is a summary of certain significant events that have transpired since the Trustee's Fifth Status Report.

**B.    Settlements**

   1.    **Menlo Trust Litigation and Settlement**

The Debtor is a defendant in an action styled as *In the matter of Franklin Henry Menlo Irrevocable Trust Established March 1, 1983*, Case No. BP136769, pending in the Superior Court of the State of California in the County of Los Angeles (the "***Menlo Action***"). The Menlo Action has been pending for approximately 12 years and involves allegations against the Debtor that include embezzlement, commingling of assets, borrowing between trusts, taking loans against trust, cross-paying debts, among other allegations. As a result of the claims, the co-trustees (the plaintiffs in the Menlo Action, the "***Co-Trustees***") filed claims against the Estate of more than $55,000,000.

After the Trustee's appointment, the Trustee and the Co-Trustees began sharing information aimed toward developing a common set of facts for the purpose of evaluating the claims by parties with a view toward settlement. After approximately one-year, and a key in-person meeting with both sides, the Trustee entered into a settlement with the Co-Trustees (the "***Menlo Settlement Agreement***"), and filed a motion seeking approval of such settlement, which was heard on February 12, 2025 (the "***Menlo Settlement Motion***") [Docket No. 885] and approved by order entered that same day [Docket No. 919]. As set forth in greater detail in the Menlo Settlement Motion, the Trustee settled any claims that the Debtor's Estate had in the Menlo related trusts and life insurance policies that the Debtor administered as trustee prior to the petition date. The Trustee and his advisor determined that the

Estate's interest was remote at best and the Menlo parties agreed to mutual releases with respect to such claims in exchange for a payment of $300,000, which for the reasons set forth in the Menlo Settlement Motion, are reasonable. The Menlo Settlement Agreement also significantly reduced the $55,000,000 claim resulting in a general unsecured claim of $19,225,065.00 and a subordinated unsecured claim in the amount of $11,176,758.00.

Further, the Menlo Settlement Agreement provided that the Court also enter a separate lift stay order (the "*Lift Stay Order*") which was entered on February 12, 2025 [Docket No. 918]. The Lift Stay Order grants the Co-Trustees (and the beneficiaries of all Menlo Trusts to the extent permitted by law) relief from the automatic stay with respect to all Probate Court matters. The stay is unconditionally lifted to allow the Menlo Parties to pursue all of their rights and remedies in the Probate Court; provided, however, that the Menlo Parties will not seek to collect upon any judgment, claims or similar awards from property of the Estate, nor are they permitted to increase the amount of their allowed claims against the Estate as a result of any such judgment, claims or similar awards.

2. **Gestetner Settlement**

A. Gestetner Family Trust and Gestetner Charitable Remainder Unitrust (together, "**Gestetner**") filed claims against the Estate of more than $17,900,000, which were alleged to be secured by the Debtor's equity interest in Life Capital Group, LLC ("***LCG***").[2] The Trustee conducted extensive discovery with respect to Gestetner's claims and also the Estate's interest in LCG. After the conclusion of discovery, and negotiations with certain creditors that opposed the Trustee's proposed resolution with Gestetner, the Trustee filed the *Motion to Approve Settlement Between Trustee and A. Gestetner Family Trust and Gestetner Charitable Remainder Unitrust* [(the "***Gestetner Settlement Motion***") [Docket No. 882], which was heard on February 12, 2025, and approved by order entered on February 13, 2025 [Docket No. 924]. As set forth in greater detail in the Gestetner Settlement Motion, the Trustee settled the Gestetner's claim for a single $3,650,000 secured claim that does not accrue interest but also shares in distributions from LCG received by the Estate on a 50/50 basis until

---

[2] The Debtor's stake in LCG is likely the most valuable asset of the Estate. As of January 2025, the Trustee estimates that its approximate net value is $15,000,000.

SF 4902-6351-0571.4 78512.001                                     4

the claim is paid in full. As a result of this settlement, on February 25, 2025, the Trustee distributed $1,155,894.33, which reduces Gestetner's claim to $2,494,105.67.

### 3. Vago Settlement

Prior to the petition date, a judgment was entered against the Debtor in the amount of approximately $24,000,000 (Vago, *et al.* v. Klein, *et al.* 2nd Appellate District Case No. B327011) (the "***Vago Action***") as a result of the complaint filed by Erica and Joseph Vago (the "***Vagos***"). The Trustee engaged with the Vagos regarding the amount of their claim and the parties agreed to the subordination of the punitive portion of the claim to all other allowed general unsecured claims. Accordingly, on March 17, 2025, the Trustee filed the *Motion to Approve Settlement Between Trustee and Erica Vago and Joseph Vago* (the "***Vago Settlement Motion***") [Docket No. 961]. As set forth in greater detail in the Vago Settlement Motion, the Trustee and the Vagos are seeking the Court's approval to allow the Vagos' claim as (a) a general unsecured claim in the amount of $17,638,081.00, (b) a subordinated unsecured claim in the amount of $8,486,466.00 with all other amounts to be disallowed, and (c) the dismissal of the Debtor's appeal of the judgment the Vagos obtained prior to the petition date. The Vago Settlement Motion is scheduled for hearing on April 8, 2025.

### 4. Other Settlements

The Trustee and his advisors are currently analyzing other proofs of claim. The Trustee's advisors have reached out to counsel for certain claimants seeking information and further support for their claims. The Trustee intends to engage with these parties for the purpose of generating consensus among the creditor body in order to obtain sufficient support for a plan of liquidation.

## C. Pursuit, Protection and Recovery of Estate Assets

### 1. The June St. Action

The Trustee filed a complaint styled as *Sharp v. Leslie Klein*, et al., Adv. Case No. 24-01140, seeking to quiet title on, and obtain full value from, the Debtor's unencumbered residence located at 322 N. June Street, Los Angeles, California (the "***June St. Property***"), and to avoid any unrecorded transfers or other interests by virtue of section 544(a)(3) of the Bankruptcy Code.

Defendants Leslie Klein (i.e. the Debtor), The Second Amended Klein Living Trust, The Marital Deduction Trust of Erika Klein, The Survivor's Trust of Leslie Klein, and Barbara Klein

(collectively, the "**Defendants**") contended that the Property is owned by the "Marital Deduction Trust," which was purportedly established by the Debtor and his late spouse (Erika Klein) at the time of her death; and that Barbara Klein, the Debtor's current spouse, holds a life-estate in the Property. The Trustee and the Defendants were unable to resolve the matter and after the completion of discovery, the Trustee moved for summary judgment against the Defendants on all counts.

On December 18, 2024, Judge Klein ruled from the bench and granted summary judgment on all counts in the complaint. The Court entered an order on December 20, 2024, formally granting the summary judgment motion in favor of the Plaintiff and against the Defendants, finding that the June St. Property is property of the estate (and that the Debtor's living trust is "self-settled" and the property therein is in fact property of the Estate) and that all of the unrecorded interests or transfers were avoided. [Adv. Docket No. 62] (the "**Summary Judgment Order**").

On January 3, 2025, the Defendants appealed the Summary Judgment Order [Lead Case No. 23-10990, Docket No. 67] to the Bankruptcy Appellate Panel (BAP Case No. 25-1002). The Summary Judgment Order is not stayed and remains enforceable. Both the Trustee and the Defendants have filed their opening briefs and excerpts of record. The deadline for the Defendants to file their appellate reply brief is March 27, 2025.

2. **The Turnover Motion**

On January 17, 2025, the Trustee filed a motion for turnover of the June St. Property (the "**Turnover Motion**") [Lead Case No. 23-10990, Docket No. 890], which was heard on February 12, 2025, and approved by order entered on February 13, 2025 (the "**Turnover Order**") [Lead Case No. 23-10990, Docket No. 923]. In deciding the Turnover Motion, the Court found that the Trustee holds the power to exercise or enforce all legal and equitable rights relating to the June St. Property, including all authority to perform all acts as its owner, such as memorializing the transfer of legal title of the Property from or to the Debtor's estate. Under the terms of the Turnover Order, the Debtor and all occupants of the Property were to have vacated and delivered possession of the Property to the Trustee no later than thirty (30) following entry of the Turnover Order, *i.e.*, March 17, 2025 (the "**Turnover Deadline**"). The Defendants failed to honor the terms of the Turnover Order.

SF 4902-6351-0571.4 78512.001                                6

On February 26, 2025, the Defendants appealed the Turnover Order [Lead Case No. 23-10990, Docket No. 939] to the Bankruptcy Appellate Panel (BAP Case No. 25-1037). The Turnover Order was not stayed and remains enforceable. On March 12, 2025, the Trustee and the Defendants entered into a stipulation which provided the Defendants with additional time to file their issues on appeal and designate the record on appeal. [Lead Case No. 23-10990, Docket No. 954]. On March 13, 2025, the Court entered an order approving the foregoing stipulation [Lead Case No. 23-10990, Docket No. 957].

As a result, the timeline for the appeal has been revised as follows: the Defendants' deadline to file issues on appeal and designate the record is March 27, 2025; the Plaintiff's deadline to counter-designate the record is April 10, 2025.

### 3. **Turnover Enforcement Motion**

Despite the Trustee's repeated sincere attempts to cooperate with and assist the Debtor in vacating the June St. Property, the Debtor's counsel confirmed in writing that the Debtor would not vacate the Property and that the Trustee needed to resort to the Court for additional relief.

Accordingly, on March 18, 2025, the Trustee filed a motion to enforce the turnover of the June St. Property to the Trustee (the "***Turnover Enforcement Motion***") [Lead Case No. 23-10990, Docket No. 962]. The Turnover Enforcement Motion seeks (a) to compel the Debtor and all occupants to vacate the Property, (b) to direct and authorize the United States Marshals Service, or any other law enforcement agency with jurisdiction, to enforce the Turnover Order to restore control and possession of the Property to the Estate and the Trustee, and (c) to authorize the Trustee to remove any personal property left on the Property and to place such personal property in a storage unit that would then be made available to Debtor. The Turnover Enforcement Motion is scheduled for hearing on April 8, 2025.

### 4. **Real Estate Broker Engagement**

In connection with his duty to liquidate the June St. Property, the Trustee filed an application to employ Coldwell Banker (the "***Coldwell Banker Retention Application***") [Lead Case No. 23-10990, Docket No. 931] to market and sell the Property, to which an opposition was filed by the Debtor and Barbara Klein on March 5, 2025 [Lead Case No. 23-10990, Docket No. 944]. A hearing

SF 4902-6351-0571.4 78512.001    7

on the Coldwell Banker Retention Application is scheduled for May 27, 2025 [Lead Case No. 23-10990, Docket No. 946].

### 5. **306 N. Highland, Los Angeles, California**

The Trustee filed a complaint styled as *Sharp v. K. Klein and S. Klein*, Adv. Case No. 23-01167, to recover the real property located at 306 N. Highland Avenue, Los Angeles California (the "**Highland Property**") or its value, as having been fraudulently transferred to defendants, Kenneth and Shoshana Klein (the "**Highland Defendants**"), the Debtor's son and daughter-in-law, while the Debtor was insolvent. Discovery was completed on September 30, 2024.

The Highland Defendants contended that the Debtor had no legal, beneficial or other interest in the Highland Property and that the Debtor received adequate consideration from the Highland Defendants.

As the Trustee and the Highland Defendants were unable to resolve the matter, the Trustee moved for summary judgment against the Highland Defendants [Adv. Docket No. 47]. The Highland Defendants filed a cross-motion for summary judgment [Adv. Docket No. 65]. On February 7, 2025, summary judgment was granted in favor of the Trustee on all counts and against the Highland Defendants [Adv. Docket No. 112], and the Highland Defendants' cross-motion for summary judgment was denied [Adv. Docket No. 113].

On February 18, 2025, the Highland Defendants appealed the Court's summary judgment orders [Adv. Docket No. 119] to the Bankruptcy Appellate Panel (BAP Case No. 25-1027). Both the Trustee and the Highland Defendants have filed their designation of record of items to be included in the record on appeal. The deadline for the Highland Defendants to file their opening brief and appendix is April 4, 2025.

### 6. **Israel Real Property**

On January 25, 2024, the Trustee commenced a proceeding in Jerusalem Magistrates Court (the "**Israeli Court**") for recognition of the Debtor's bankruptcy case as a foreign main proceeding under Israel's Insolvency and Economic Rehabilitation Law, 2018. The Israeli Court subsequently recognized the Debtor's bankruptcy case as a foreign main proceeding and appointed an Israeli trustee with respect to the Debtor and his Israeli affairs (the "**Israeli Trustee**"), for the purpose of,

SF 4902-6351-0571.4 78512.001                           8

inter alia, liquidation of the Debtor's interests in (a) Suite 1323 of The Leonardo Plaza Hotel, Ha-Rav Avida St 1, Jerusalem, 9426801, Israel (the "**Leonardo Plaza Hotel Property**") and (b) Unit 505 at the Dan Boutique Hotel at Hebron Rd 31, Jerusalem, Israel (Block 30018, Plot 5) (the "***Dan Hotel Property***").

The Israeli Trustee, through the publication of a request for offers and competitive bidding between two bidders, accepted an offer for the Leonardo Plaza Hotel Property of 3,271,000 Israel New Shekels (ILS), which is roughly equal to $920,138.40 at then-prevailing exchange rates, subject to approval of the Israeli Court. On January 22, 2025, the Trustee, in his business judgment, filed a motion to approve the sale of the Leonardo Plaza Hotel Property for the benefit of the Debtor's creditors [Docket No. 895], which motion was granted on February 13, 2025 (the "**Leonardo Plaza Sale Order**") [Docket No. 920].

The Trustee anticipates that, after subtracting costs of sale, including the above-described commissions, appraisal fees, transfer fees, taxes and the Israeli Trustee's fees, the sale of the Leonardo Hotel Property will result in a pre-tax gain of approximately ILS 2,963,960 which equals approximately $833,768, at then-prevailing conversion rates, for the Estate. This figure is prior to payment of any U.S. taxes which the Trustee anticipates will be *de minimis,* if any, after accounting for the Estate's offsetting tax losses.

On February 27, 2025, Leslie Klein, as trustee of The Marital Deduction Trust of Erika Klein and trustee of The Credit Trust of Erika Klein (together, the "**Leonardo Hotel Plaza Appellants**"), appealed the Leonardo Plaza Hotel Sale Order [Docket No. 941] to the Bankruptcy Appellate Panel (BAP Case No. 25-1042). The Leonardo Hotel Plaza Sale Order is not stayed and remains enforceable. The deadline for the Leonardo Plaza Hotel Appellants to file their opening brief is April 14, 2025.

The Israeli Trustee continues to market the Dan Hotel Property for the ultimate benefit of the Estate.

7. **Life Capital Group**

As noted above, the Estate's interest in LCG might be one of the most valuable assets of the Debtor's estate. LCG is a limited liability company that was formed by the Debtor and co-owned with one other member. It is the Trustee's understanding that LCG currently owns approximately fourteen

(14) unmatured life insurance policies. As of January 7, 2025, the Trustee estimates that the net value of such policies to the Debtor's estate is approximately $15,000,000 (which assumes that the life insurance policies all matured as of such date). It should be noted that the foregoing value is contingent on the maturity of the life insurance policies (*i.e.*, the insured individual(s) must pass away) and that the value of the proceeds decreases over time on account of the payment of premiums, interest on such premiums, and other costs associated with maintaining the policies.

In December 2022, the Debtor reached a settlement with LCG, LCG's other member, and the manager regarding the distribution of approximately $22,000,000 in life insurance proceeds. The Trustee filed a complaint styled as *Sharp v. Life Capital Group, LLC*, et al., Adv. Case No. 25-01020 (the "***LCG Complaint***") regarding the settlement that will seek to avoid the settlement the Debtor reached less than two months before the bankruptcy case was filed and recover substantial amounts in life insurance proceeds and avoidance of other preferential transfers. *See* Status Report, Sharp v. LCG Adv. No. 25-01020, filed on March 6, 2025 [Adv. Docket No. 25].

In response to the LCG Complaint, defendants Life Capital Group, LLC and Jonathan Polter filed a motion to compel arbitration before the Rabbinical Council of California and for a stay [Adv. Docket No. 26], and defendants Shlomo Rechnitz and Yisroel Zev Rechnitz also filed a motion to compel arbitration before the Rabbinical Counsel of California and for a stay [Adv. Docket No. 28]. A hearing on both motions to compel arbitration is set for May 6, 2025.

8. **Automatic Stay Enforcement Motion**

On March 6, 2025 – approximately two years after commencing this Case – the Debtor, through two of his wholly owned companies (Les Klein & Associates, his law firm, and EKLK Foundation, a company owned and controlled by the Debtor), commenced two actions in state court against LCG, LCG's other member/owner, its manager, and certain other individuals for $7,500,000 in damages purportedly arising from LCG's and its other member's handling and administration of the life insurance policies owned by LCG (the "***LKA/EKLK Actions***"). The claims and damages the Debtor is seeking in the LKA/EKLK Actions are the **same damages** the Trustee is seeking via the LCG Complaint but based on a variety of state law claims (while the LCG Complaint is primarily based upon causes of action arising under the Bankruptcy Code).

SF 4902-6351-0571.4 78512.001                              10

On March 21, 2025, the Trustee filed a *Motion Enforcing the Automatic Stay* [Docket No. 969] (the "**Stay Enforcement Motion**") against the Debtor, Daniel Crawford of The Crawford Law Group, Les Klein & Associates, and EKLK Foundation, who are each attempting to usurp Estate causes of action and recoveries for the personal benefit of the Debtor, who no longer has any control over Estate assets. On March 21, 2025, the Court entered an order scheduling the Stay Enforcement Motion for April 8, 2025.

### D. Plan of Liquidation

As reflected above, the Trustee is in the process of analyzing and allowing claims so that he can build consensus with the creditor body for the support of a plan of liquidation. As discussed above, the Trustee settled with the Menlos, Gestetner, and the Vagos, which together resulted in the reduction of in excess of $59,000,000 in claims against the Estate (on a full or subordinated basis).

The Trustee expect to engage with the other major creditors in this Case for the purpose of liquidating and settling their claims. The Trustee estimates that the majority of the claim reconciliation process will be complete by June 2025. Upon completion, the Trustee intends to file a plan and disclosure statement.

### E. Fee Applications

On October 9, 2024, the Law Office of Eric Everett Hawes, landlord/tenant counsel to the Trustee, and the Law Offices of Goldfarb Gross Seligman & Co., special Israeli litigation and real estate counsel to the Trustee, filed their second interim fee applications, [Docket Nos. 830 and 831, respectively], which were approved by order entered on October 31, 2024 [Docket No. 855].

On November 13, 2024, the Trustee and Michael Jay Berger, former counsel to the Debtor, entered into a stipulation [Docket No. 863], resolving Berger's request for final fees and expenses incurred during his representation of the Debtor, which was approved by order entered November 14, 2024 [Docket No. 865]. All allowed fees and expenses approved per the order have been paid to Berger.

### F. Professional Fees and Expenses Through February 28, 2025

Fees and expenses incurred through February 28, 2025, for the Trustee and his professionals are as follows:

| Professional | Fees | Expenses | Total |
|---|---|---|---|
| Bradley D. Sharp, Chapter 11 Trustee[3] | $163,866.21 | $9,015.17 | $172,881.38 |
| Pachulski Stang Ziehl & Jones LLP ("PSZJ"), Bankruptcy Counsel to the Chapter 11 Trustee | $3,203,825.25[4] | $92,152.82 | $3,295,978.07 |
| Development Specialists, Inc., Forensic Accountant to the Chapter 11 Trustee | $978,468.50 | $188.09 | $978,655.59 |
| Goldfarb Gross Seligman & Co., Special Litigation and Real Estate Counsel to the Chapter 11 Trustee | $102,443.28 | $103.30 | $102,546.58 |
| Law Office of Eric Everett Hawes, Landlord/Tenant Counsel to the Chapter 11 Trustee | $55,665.00 | $8,096.13 | $63,761.13 |
| Kieckhafer Schiffer LLP, Tax Accountant to the Chapter 11 Trustee | $19,899.00 | $302.34 | $20,201.34 |

A hearing on interim fee applications has been set for May 27, 2025 [*See*, Docket No. 945].

### G. Further Status Reports

The Trustee will provide the Court with updated status reports as the Court directs or as they are necessary. The Trustee and his counsel are available to answer any questions the Court might have at the status conference on April 8, 2025.

Dated: March 25, 2025

PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ John W. Lucas*
John W. Lucas

*Counsel for Bradley D. Sharp, Chapter 11 Trustee*

---

[3] The Trustee has incurred actual fees in the amount of $739,500.00 as of February 28, 2025.

[4] PSZJ's fees are reflected at 75% of their incurred amount, however, in accordance with the terms of PSZJ's employment order, this figure could increase up to 110% of the total incurred fees. *See* Docket No. 330.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*)**: CHAPTER 11 TRUSTEE'S SIXTH STATUS REPORT** served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 25, 2025,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) **March 25, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **March 25, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| **Via Email:**<br>Eric J Olson:  eric@ejolsonlaw.com<br><br>Leslie Klein:  les.kleinlaw@gmail.com; leskleinlaw@gmail.com; kleinlaw@earthlink.net | |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 25, 2025 | Ramon Sainz | /s/ Ramon Sainz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                              **F 9013-3.1.PROOF.SERVICE**
LA:4888-5069-3839.1 78512.001

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Case 2:23-bk-10990-SK

- **Simon Aron** saron@wrslawyers.com, moster@wrslawyers.com;jlee@wrslawyers.com
- **Reem J Bello** rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Ron Bender** rb@lnbyg.com
- **Michael Jay Berger** michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Greg P Campbell** ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Baruch C Cohen** bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Theron S Covey** tcovey@raslg.com
- **Michael G D'Alba** mgd@lnbyg.com
- **Jeffrey W Dulberg** jdulberg@pszjlaw.com
- **Dane W Exnowski** dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Todd S. Garan** ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Robert P Goe** kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Michael I. Gottfried** mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com,tparizad@elkinskalt.com
- **Brandon J. Iskander** biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Michael S Kogan** mkogan@koganlawfirm.com
- **Matthew A Lesnick** matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **John W Lucas** jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Armen Manasserian** armen@ml-apc.com, jennifer@ml-apc.com,maria@ml-apc.com
- **Ron Maroko** ron.maroko@usdoj.gov
- **Kirsten Martinez** Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Steven M Mayer** smayer@mayerlawla.com
- **Christopher M McDermott** ch11ecf@aldridgepite.com, CMM@ecf.inforuptcy.com;cmcdermott@aldridgepite.com
- **Krikor J Meshefejian** kjm@lnbyg.com
- **Kenneth Misken** Kenneth.M.Misken@usdoj.gov
- **Jeffrey P Nolan** jnolan@pszjlaw.com
- **Eric J Olson** eric@ejolsonlaw.com
- **Jeffrey N Pomerantz** jpomerantz@pszjlaw.com
- **Brian A Procel** brian@procel-law.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- **Matthew D. Resnik** matt@rhmfirm.com, roksana@rhmfirm.com;sloan@rhmfirm.com;nina@rhmfirm.com;david@rhmfirm.com;priscilla@rhmfirm.com;gabriela@rhmfirm.com;rosario@rhmfirm.com;rebeca@rhmfirm.com;LA@rhmfirm.com
- **Kevin Ronk** Kevin@portilloronk.com, eService@cym.law,karen@cym.law
- **Joshua L Scheer** jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Mark M Sharf (TR)** mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com
- **Bradley D. Sharp (TR)** bsharp@dsi.biz
- **Richard P Steelman** RPS@LNBYG.COM
- **Nikko Salvatore Stevens** nikko@cym.law, eService@cym.law,karen@cym.law
- **Alan G Tippie** Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **Gary Tokumori** gtokumori@pmcos.com
- **United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov
- **Michael L Wachtell** mwachtell@buchalter.com, marias@buchalter.com;docket@buchalter.com
- **John P. Ward** jward@attleseyward.com, ephuong@attleseyward.com
- **Brett J. Wasserman** wasserman@smcounsel.com
- **Alex M Weingarten** aweingarten@willkie.com, lcarter@willkie.com
- **Beth Ann R. Young** bry@lnbyg.com, bry@lnbyb.com
- **Clarisse Young** youngshumaker@smcounsel.com, levern@smcounsel.com
- **Paul P Young** paul@cym.law, eService@cym.law,karen@cym.law
- **Roye Zur** rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com

2. **SERVED BY UNITED STATES MAIL**:

Peter C. Anderson, U.S. Trustee
Michael Jones, Assistant U.S. Trustee
Office of the U.S. Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA  90017

Leslie Klein
322 North June Street
Los Angeles, CA 90004

Nathan Talei
Oldman, Sallus & Gold, L.L.P.
16133 Ventura Blvd., PH-A
Encino, CA 91436

Leslie Klein & Associates, Inc.
c/o Leslie Klein
6454 Van Nuys Blvd. Suite 150
Van Nuys, CA 91401

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                            F 9013-3.1.PROOF.SERVICE
LA:4888-5069-3839.1 78512.001