Eric J. Olson (SBN 37630)
EJOLSONLAW
301 East Colorado Boulevard, Suite 520
Pasadena, California 91101
T: 818-245-2246
C: 626-224-5619
E: Eric@EJOlsonLaw.com

Attorney for Adversary Proceeding Defendants
Leslie Klein, an individual; The Second Amended Klein Living Trust, a trust;
The Marital Deduction Trust of Erika Klein, a trust; The Survivor's Trust of
Leslie Klein, a trust; and Barbara Klein, an individual

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>        Debtor. | Case No.: 2:23-bk-10990-NB<br><br>Chapter 11<br><br>**OPPOSITION TO CHAPTER 11 TRUSTEE'S MOTION SET FOR APRIL 8, 2025 TO ENFORCE ORDER TO RESTORE POSSESSION OF THE PROPERTY LOCATED AT 322 N. JUNE ST., LOS ANGELES, CALIFORNIA**<br><br>Date: April 8, 2025<br>Time: 2:00 PM<br>Place: Courtroom 1545<br>255 East Temple Street<br>Los Angeles, California 90012 |

## TO THE HONORABLE NEIL W. BASON, JUDGE OF THE UNITED

## STATES BANKRUPTCY COURT, OFFICE OF THE UNITED STATES

**TRUSTEE, CHAPTER 11 TRUSTEE, AND TO ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that Adversary Proceeding Defendants ("AP Defendants"), Leslie Klein, an individual; The Second Amended Klein Living Trust, a trust; The Marital Deduction Trust of Erika Klein, a trust; The Survivor's Trust of Leslie Klein, a trust; and Barbara Klein, an individual, hereby files this opposition to the Chapter 11 Trustee's Motion to Enforce Order to Restore Possession of the Property Located at 322 N. June St., Los Angeles, California to the Trustee, Compelling Debtor to Vacate the Property, Authorizing and Directing the United States Marshals Service to Turnover Possession of the Property, and Authorizing the Trustee to Remove Any Remaining Personal Property ("Motion to Enforce June Street Turnover"), respectfully represent as follows:

## I.   INTRODUCTION

Plaintiff Trustee seeks to remove Debtor and his wife, Barbara Klein including if necessary, to order the U.S. Marshals to assist in such eviction based on the Order in the Motion for Summary Judgment regarding 322 N. June Street, Los Angeles, California ("the June Street Property") the residence of Debtor and his wife, co-defendant Barbara Klein, also a resident but not a Debtor.

The Order is on appeal, but it is clear on its face that Trustee does not have an insurable title (see infra).

Plaintiff previously sought an order that would include enforcement by the U.S. Marshal. The transcript of the hearing is in Exhibit C of Plaintiff's moving papers beginning at Page 101, a copy of which is attached as Exhibit 1. The wait did not grant enforcement by the U.S. Marshal.

Beginning at Page 112, the Court discusses the cases on which Plaintiff relied to justify the appointment of the Marshal (In re Kerlo, 311 B.R. 256, 2004 Bankr. LEXIS 354) and (Toledano v. Kittay (In re Toledano), 299 B.R. 284, 2003 Bankr. LEXIS 1173) and at Page 115 held that any such appointment would be premature but after 30 days the Trustee could seek any remedy he deemed appropriate. Beginning at Page 119, the Court made it clear that she was not entitling Plaintiff to appointment based on the passage of 30 days and Plaintiff would need to show appropriate cause in a new motion. No showing is made in the present motion in the present motion other than passage of 30 days including nothing addressing the fact that he does not have insurable title or the other issues raised by Defendants.

Plaintiff also has on file an application to employ Coldwell Banker to sell the property which the Court has set for hearing on May 20, 2025 which involves the same issues.

Defendants have proposed to Plaintiff that the Marital Deduction Trust and Credit Trust are willing to pay $10,000 a month to Mr. Sharp, and to pay all the utility bills and all the repair and maintenance bills until the appeals court decides if the bankruptcy estate owns the house or the Marital Deduction Trust or Credit Trust owns the house. The trusts are also prepared to go to mediation and to discuss other types of proposals.

Defendants have pointed out that continued presence of Defendants Leslie Klein and Barbara Klein in June Street Property is in the best interest of the estate to avoid vacant property in hands of the estate while further proceedings are had to (if successful by Plaintiff) create clear and insurable title as set forth below.Additionally, the Court has authority and the responsibility to not unnecessarily burden third parties in connection to Section 344(a)(3). (See II d p 5, infra)

//

//

**OPPOSITION TO CHAPTER 11 TRUSTEE'S MOTION SET FOR APRIL 8, 2025 TO ENFORCE ORDER TO RESTORE POSSESSION OF THE PROPERTY LOCATED AT 322 N. JUNE ST., LOS ANGELES, CALIFORNIA**

- 4 -

## II.    ARGUMENT

### a. Facts

This Court awarded Plaintiff judgment as he requested and the title issues raised are based on Plaintiff's First Amended Complaint, the Motion for Summary Judgment, and the Order prepared by Plaintiff.

### b. Failure to Join Necessary Parties

This Second Amended Klein Living Trust has 5 named parties, the four children of the late Erika Klein and Debtor Leslie Klein, and the Credit Trust, who, for reasons never explained, were never joined as parties to the Quiet Title litigation.

CCP § 762.010 provides *"The plaintiff shall name as defendants in the action the persons having adverse claims to the title of the plaintiff against which a determination is sought"*. The Code Commissioner states, *"Section 762.010 states the rule for the joinder of known adverse claimants; Failure to join these persons will result in a judgment that does not bind them"*.

### c. Naming of "trusts" as if they had juridical existence

The First Amended Complaint and the Order (both prepared by Plaintiff) name as parties "The Second Amended Klein Living Trust", "The Marital Deduction Trust of Erika Klein" and "The Survivor's Trust of Leslie Klein".

A *"trust itself cannot sue or be sued"*. *Presta v. Tepper (2009) 179 CA4th 4th 909 cited in Portico Management Group v. Harrison, 202 CA4th 464, 473 (2011)*.

The California courts have consistently held that issues related to standing, which affect the jurisdiction of the court, are not waived by the failure to raise them at trial and can be addressed on appeal. *Cummings v. Stanley, 177 Cal. App. 4th 493, In re B.S., 65 Cal. App. 5th 888*.

It is in the best interest of the Estate that Defendants Barbara Klein and Leslie Klein remain in possession of the June Street Property, with the Marital Deduction Trust and Credit Trust paying maintenance utilities and repairs and by their presence deterring occupancy by homeless people as opposed to leaving it vacant.

While it is not unique to this estate, we have seen situations where comparable properties left vacant attract homeless people who do significant damage thereby reducing the value of the asset for the estate.

### d. The Court should review the trustee's proposed exercise of powers so as not to unnecessarily harm third parties in the exercise of Section 344(a)(3)

The Trustee's proposed action affects not only the Debtor but others, not least his wife, Defendant Barbara Klein.  It is clear that the Trustee

OPPOSITION TO CHAPTER 11 TRUSTEE'S MOTION SET FOR APRIL 8, 2025 TO ENFORCE ORDER TO RESTORE POSSESSION OF THE PROPERTY LOCATED AT 322 N. JUNE ST., LOS ANGELES, CALIFORNIA

- 6 -

would not be in a position to sell immediately and so, would have a vacant

property on his hands.  There is an offer on the table as well as an

expression of willingness to mediate.  Under the circumstances there is no

reason to evict from her residence a woman during a period when it is of no

value to the Trustee.

The following is from a search of Lexis Nexis, but counsel has verified

the authority cited:

*"Yes, a trustee should use discretion to avoid unnecessarily harming third*

*parties when exercising powers under Section 344(a)(3). The bankruptcy*

*court has the discretion to authorize and enforce actions requested by the*

*trustee, such as compelling a debtor to sign a consent directive, which is*

*part of the trustee's investigatory duties. Rigby v. Mastro (In re Mastro), 585*

*B.R. 587. The trustee's investigatory powers are broad and include the*

*authority to require the production of documents and other information*

*necessary for the administration of the estate. However, the exercise of*

*these powers should be balanced with the potential impact on third parties,*

*ensuring that actions taken are necessary and proportionate to the*

*objectives of the bankruptcy process. This approach aligns with the general*

*principle that bankruptcy proceedings should be conducted in a manner*

*that is fair and equitable to all parties involved, including third parties who*

OPPOSITION TO CHAPTER 11 TRUSTEE'S MOTION SET FOR APRIL 8, 2025 TO ENFORCE ORDER
TO RESTORE POSSESSION OF THE PROPERTY LOCATED AT 322 N. JUNE ST., LOS ANGELES,
CALIFORNIA

*may be affected by the trustee's actions. Rigby v. Mastro (In re Mastro),*

*585 B.R. 587, Miller v. Mathis (In re Mathis), 548 B.R. 465."*

## III.   CONCLUSION

For the foregoing reasons, the AP Defendants respectfully state that

there is no legitimate basis for evicting Defendants, that it is in the best

interest of the Estate that the property remains occupied by Mrs. Klein as

well as the Debtor when Plaintiff does not have title to convey, order parties

to meet and confer, regarding the property.

Dated: April 4, 2025

_____

Eric J. Olson
Attorney for Adversary Proceeding
Defendants

## DECLARATION OF ERIC J. OLSON

I, Eric J. Olson, states:

1. I am an attorney licensed to practice law in the State of California. I am counsel of record for AP Defendants in this action. The statements herein are based upon my personal knowledge and my review of the records within my office. If called as a witness, I could and would competently testify hereto.

2. I make this declaration in support of the Adversary Proceeding Defendants' Opposition to Chapter 11 Trustee's Motion to Enforce June Street Turnover.

3. Attached hereto as Exhibit 1 is a true and correct copy of the transcript of the hearing in Exhibit C of Plaintiff's moving papers beginning at Page 101.

//

//

4.  Attached hereto as Exhibit 2 is a true and correct copy of the

Declaration of Leslie Klein attached to the Opposition to Application

to Employ Coldwell Banker (without exhibits).

I declare under penalty of perjury under the laws of the United States

that the foregoing is true and correct. Executed this 4th day of April 2025,

at Los Angeles, California.

Dated: April 4, 2025

_____

Eric J. Olson

# EXHIBIT 1

```
 1                   UNITED STATES BANKRUPTCY COURT

 2              CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES

 3                            --oOo--

 4   In Re:                        )
                                   ) Case No. 2:23-bk-10990-SK
 5                                 )
     LESLIE KLEIN,                 ) Chapter 11
 6                                 )
                    Debtor.        ) Los Angeles, California
 7                                 ) Wednesday, 9:00 A.M.
     ------------------------------X February 12, 2025
 8   SHARP,                        )
                                   )
 9               Plaintiff,        )
                                   )
10               v.                ) Adv. No. 2:24-ap-01140-SK
                                   )
11   KLEIN,                        )
                                   )
12               Defendant.        )
     ------------------------------X
13
                                   HEARING RE:   CHAPTER 11
14                                 TRUSTEE'S MOTION FOR ORDER
                                   PURSUANT TO BANKRUPTCY RULE
15                                 9019 APPROVING SETTLEMENT
                                   WITH MUTUAL RELEASES BETWEEN
16                                 THE TRUSTEE AND FRANKLIN H.
                                   MENLO AND JEFFREY WINTER, CO-
17                                 TRUSTEES OF THE FRANKLIN
                                   MENLO IRREVOCABLE TRUST
18                                 ESTABLISHED MARCH 1, 1983 AND
                                   GRANTING RELIEF FROM STAY
19
                                   MOTION FROM RELIEF FROM STAY
20                                 FRANK H. MENLO V. DEBTOR  ECF
                                   [NON-BK FORUM] PAUL YOUNG,
21                                 ATTY/MOVANT

22

23

24

25
```



P 888.272.0022  F 818.343.7119    **BENHYATT**    www.benhyatt.com
Certified Deposition Reporters

1   Proceedings produced by electronic sound recording;
    transcript produced by transcription service.

2                          MOTION FROM RELIEF FROM STAY
                           JEFFREY WINTER, CO-TRUSTEE OF
3                          THE FRANKLIN MENLO
                           IRREVOCABLE TRUST ESTABLISHED
4                          MARCH 1, 1983 V. DEBTOR ECF
                           [NON-BK FORUM] ALEX
5                          WEINGARTEN, ATTY/MOVANT

6                          HEARING RE:  CHAPTER 11
                           TRUSTEE'S MOTION FOR ORDER
7                          APPROVING SETTLEMENT BETWEEN
                           THE TRUSTEE AND A. GESTETNER
8                          FAMILY TRUST AND GESTETNER
                           CHARITABLE REMAINDER UNITRUST
9                          PURSUANT TO BANKRUPTCY
                           RULE 9019
10
                           HEARING RE:  MOTION  OF
11                         CHAPTER 11 TRUSTEE FOR ORDER
                           APPROVING SETTLEMENT BETWEEN
12                         TRUSTEE AND A. GESTETNER
                           FAMILY TRUST AND GESTETNER
13                         CHARITABLE REMAINDER UNITRUST
                           PURSUANT TO BANKRUPTCY RULE
14                         9019

15                         HEARING RE:  MOTION FOR ORDER
                           APPROVING SALE OF ESTATE'S
16                         INTEREST IN SUITE 1323 OF THE
                           LEONARDO PLAZA HOTEL, HA-RAV
17                         AVIDA ST. 1, JERUSALEM,
                           9426801, ISRAEL
18
                           HEARING RE:  CHAPTER 11
19                         TRUSTEE FOR ORDER (1)
                           RESTORING POSSESSION OF THE
20                         PROPERTY LOCATED AT 322 N.
                           JUNE ST., LOS ANGELES,
21                         CALIFORNIA TO THE TRUSTEE AND
                           COMPELLING DEBTOR TO VACATE
22                         THE PROPERTY;

23

24

25



1                                        AND (2) DIRECTING AND
                                         AUTHORIZING THE UNITED STATES
2                                        MARSHAL SERVICE, OR ANY OTHER
                                         LAW ENFORCEMENT AGENCY WITH
3                                        JURISDICTION, TO ENFORCE THE
                                         ORDER OF THE COURT TO RESTORE
4                                        POSSESSION OF THE PROPERTY TO
                                         THE TRUSTEE

5                           TRANSCRIPT OF PROCEEDINGS
6                      BEFORE THE HONORABLE SANDRA KLEIN
                      UNITED STATES BANKRUPTCY JUDGE
7

8    <u>APPEARANCES</u>:

9    For the Chapter 11        JEFFREY W. DULBERG, ESQ.
     Trustee Bradley Sharp:    JOHN W. LUCAS, ESQ.
10                             Pachulski Stang Ziehl & Jones, LLP
                               10100 Santa Monica Boulevard
11                             13th Floor
                               Los Angeles, California 90067
12
     For the Chapter 11        STEVEN GOODRICH, ESQ.
13   Co-Trustee Jeffrey        Willkie Farr & Gallagher LLP
     Winters:                  2029 Century Park East
14                             Los Angeles, California 90067

15   For the Chapter 11        KEVIN C. RONK, ESQ.
     Co-Trustee Frank Menlo:   Brinkman Portillo Ronk, APC
16                             4333 Park Terrace Drive
                               Suite #205
17                             Westlake Village, California 91361

18   For A. Gestetner Family   MICHAEL I. GOTTFRIED, ESQ.
     Trust and Gestetner       LAUREN N. GANS, ESQ.
19   Charitable Remainder      Elkins Kalt
     Unitrust:                 10345 West Olympic Boulevard
20                             Los Angeles, California 90064

21   For Creditors Erica       BRIAN A. PROCEL, ESQ.
     and Joseph Vago:          Procel Law, PC
22                             401 Wilshire Boulevard
                               Floor 12
23                             Santa Monica, California 90401

24

25

P 888.272.0022  F 818.343.7119        www.benhyatt.com

| | | |
|---|---|---|
| 1 | For Robert and Ester Mermelstein: | BARUCH C. COHEN, ESQ. Law Office of Baruch C. Cohen, APLC |
| 2 | | 4929 Wilshire Boulevard |
| 3 | | Suite #940 Los Angeles, California 90010 |
| 4 | | |
| 5 | Chapter 11 Trustee: | BRADLEY D. SHARP, Trustee DSI Development Specialists, Inc. |
| 6 | | 333 South Grand Avenue Suite 4100 |
| 7 | | Los Angeles, California 90071 |
| 8 | For the Marital Deduction Trust and | ERIC J. OLSON, ESQ. EJOlsonLAW |
| 9 | | 301 East Colorado Boulevard Suite #520 |
| 10 | | Pasadena, California 91101 |
| 11 | Court Recorder: | Wanda Toliver U.S. Bankruptcy Court |
| 12 | | Central District of California Edward R. Roybal Federal Building |
| 13 | | and Courthouse 255 East Temple Street, Room #1639 |
| 14 | | Los Angeles, California  90012 (855) 460-9641 |
| 15 | Court Transcriptionist: | Ruth Ann Hager, C.E.T.**D-641 |
| 16 | | Ben Hyatt Certified Deposition Reporters |
| 17 | | 17835 Ventura Boulevard Suite #310 |
| 18 | | Encino, California  91316 |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |



P 888.272.0022  F 818.343.7119   BENHYATT Certified Deposition Reporters   www.benhyatt.com

1                                         INDEX

2                                                                               Page

3

4       WITNESSES:                    Direct    Cross    Redirect    Recross

        FREDDIE MORSEL
5         By Ms. Gans                    15
          By Mr. Procel                           26
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

P 888.272.0022  F 818.343.7119    **BENHYATT**    www.benhyatt.com
                                    Certified Deposition Reporters

Page                                                                6

1    LOS ANGELES, CALIFORNIA, WEDNESDAY, FEBRUARY 12, 2025

2                           10:26 A.M.

3                            --oOo--

4          THE CLERK:  Please come to order.  This Court is

5    again in session.

6          THE COURT:  Good morning again.  We are back on

7    the record and starting with the Klein matters.

8          Matter #15.00 is the trustee's motion to approve

9    a settlement with Frank Menlo and Jeffrey Winter, co-

10   trustees, of the Menlo Trust.

11         Who is appearing on this matter?  I see

12   Mr. Dulberg, you have your video on.

13         MR. DULBERG:  I do, Your Honor.  It will be me

14   for the Pachulski Stang firm.  I'll enter my appearance.

15   Jeffrey Dulberg, Pachulski Stang Ziehl & Jones, on behalf

16   of the Chapter 11 Trustee, Bradley Sharp.

17         THE COURT:  Good morning.

18         Mr. -- it says Mr. Goodrich, but I don't believe

19   you're Mr. Goodrich.

20         MR. GOODRICH:  Good morning, Your Honor.  I am

21   Mr. Goodrich.  I'm appearing for Mr. Weingarten, who is

22   counsel of record for Jeffrey Winter.

23         THE COURT:  Okay.  I was thinking of a different

24   Mr. Goodrich.  I -- I apologize for that.

25         Mr. Ronk?

P 888.272.0022  F 818.343.7119        **BENHYATT**        www.benhyatt.com
                                      Certified Deposition Reporters

Page                                                                          7

1           MR. RONK:  Good morning, Your Honor.  Kevin Ronk

2      appearing on behalf of Frank Menlo, co-trustee of the

3      Franklin Menlo irrevocable trust.

4           THE COURT:  Good morning.

5           Mr. Olson, are you appearing on this matter,

6      which is the settlement of the Menlo and Winter relief from

7      stays, as well as -- I believe that's it.

8           MR. OLSON:  No.

9           THE COURT:  Okay.  Thank you.

10          Is anyone else appearing on this matter?

11          (No response.)

12          THE COURT:  Okay.  All right.  So there were no

13     timely oppositions filed.  The trustee is seeking approval

14     of a settlement with Mr. Winter and Menlo on behalf of the

15     Menlo Trust.  A summary of the settlement, the Menlo's

16     proof of claim for more than $55 million will be allowed as

17     follows.

18          They'll have a general unsecured claim of

19     $19,225,065 million, a subordinated, unsecured claim of

20     $11,176,758 and all other amounts will be disallowed.

21     Menlo will pay $300,000 to the estate pending approval of

22     the settlement and the settlement is a full and final

23     revolute -- resolution, excuse me, of the Menlo relief from

24     stay, which is docket 65, and the Winter relief from stay,

25     docket 254, and Menlo will have relief to proceed to

Page                                                                    8

1    judgment on all of the state court probation -- probate

2    matters, but they'll not be permitted to collect any

3    resulting judgment from the estate assets nor will they be

4    permitted to increase the amount of their allowed claims

5    against the estate as a result of any such judgment.

6              In terms of the issues that the Court considers,

7    those are the A&C Properties issues that are set out by the

8    Ninth Circuit in 784 F.2d 1377, a Ninth Circuit case from

9    1986.  Those are the probability of success in litigation,

10   the difficulties, if any, to be encountered in the matter

11   of collection, the complexity of the litigation involved in

12   the expense and convenience and delay necessarily attending

13   it, and the paramount interests of the creditors and a

14   proper deference to their reasonable views.

15             The Court finds that all of those factors weigh

16   in favor of granting the 9019 motion.  The settlement

17   reduces the Menlo claim to what Mr. Sharp indicates he

18   would expect the results would be if those claims were

19   litigated.  Difficulties in collection, that wasn't a

20   considerable or critical factor in the analysis.

21   Complexity of the litigations, Mr. Sharp indicates that the

22   issues were not complex and the existing documents

23   regarding the Menlo claim establishes that the settlement

24   is appropriate and expensive and further investigation and

25   litigation is not justified in the Trustee's opinion and

Page                                                                                    9

1   the Court agrees.

2           And there is a significant benefit to this

3   settlement.  It shaves over $36 million off the Menlo claim

4   and it generates $300,000 for the estate.  Therefore, the

5   Court approves the settlement.

6           Mr. Dulberg, you're the prevailing party.  I'll

7   ask that you upload an order within seven days via LOU.

8           MR. DULBERG:  Your Honor, just two comments.  One

9   is, this really requires two orders.  One is the -- the

10  order approving the 9019 motion, one is the really heavily

11  crafted relief from stay order that was attached as part of

12  the agreement.  Your Honor, I see Your Honor's nodding.

13  I'm assuming that Your Honor's okay with executing both

14  orders now in connection with approval at settlement.  I

15  know it means a lot to the others on the phone.

16          THE COURT:  Absolutely.  Yes.

17          MR. DULBERG:  Thank you, Your Honor.

18          THE COURT:  I appreciate you clarifying,

19  Mr. Dulberg.

20          MR. DULBERG:  And then --

21          THE COURT:  So --

22          MR. DULBERG:  -- and it's very --

23          THE COURT:  -- the --

24          MR. DULBERG:  Yes, Your Honor?

25          THE COURT:  The -- there will be two orders

Page                                                                    101

1   in the opposition and Sharp does not address it in the

2   reply.  Here, Klein's position is premised on an argument

3   that the Court has already addressed and rejected.

4   Therefore, the Court finds that waiver of the 14-day stay

5   is appropriate.

6           So to summarize, the Court grants the motion and

7   approves the sale of the property in Jerusalem.

8           Mr. Dulberg, you are the prevailing party.  I'll

9   ask that you upload an order within seven days via LOU.

10          MR. DULBERG:  Thank you, Your Honor.  Will do so.

11          THE COURT:  Thank you.

12          Now turning to matter number #21.00, which is the

13  Trustee's motion to restore possession of the 322 June

14  Street property to the Trustee.

15          Mr. Lucas, are you arguing this one?

16          MR. DULBERG:  You want --

17          MR. LUCAS:  Yes, Your Honor.

18          MR. DULBERG:  -- Mr. Lucas on this one.

19          THE COURT:  Okay.

20          MR. LUCAS:  Yes, Your Honor.

21          THE COURT:  Okay.  Mr. Lucas, it's your motion.

22  Please proceed.

23          MR. LUCAS:  Your Honor, I think everything that

24  we have in the motion is set forth in, but I would just

25  like to point out something just sort of the timing here.

Page                                                                102

1          The Trustee filed the complaint in May of 2024.

2    The answer was filed in July of 2024.  Discovery was

3    completed at the conclusion of the summer of 2024 and the

4    Trustee filed this motion for summary judgment on the

5    property estate issue in September of 2024.

6          There was an opposition filed in the middle of

7    October, a reply at the end of October.  And, Your Honor,

8    there was a hearing before Your Honor on December 18th

9    where Your Honor ruled in favor of the Trustee on all

10   counts in the complaint in the summary judgment motion.

11         And, Your Honor, we filed this motion and now it

12   has been nine months since we have filed the complaint.

13   There are no surprises here, Your Honor, and the Trustee is

14   looking forward to acquire or control possession of the

15   property so that we can make appropriate measures to deal

16   with liquidation or otherwise, Your Honor, for the

17   creditors of the estate.

18         Nothing further, Your Honor, unless you have

19   questions.

20         THE COURT:  I don't.  Thank you, Mr. Lucas.

21         Mr. Olson?

22         MR. OLSON:  Okay.  We are not, at this point,

23   seeking to re-argue the results of the motions for summary

24   judgment.  It's on appeal.  One point is that for reasons

25   never explained in the record, the Trustee did not seek to



P 888.272.0022  F 818.343.7119    BENHYATT    www.benhyatt.com
Certified Deposition Reporters

Page                                                                103

1   name as a defendant in this quiet title action a named

2   party in the trust.  Actually, five named parties in the

3   trust.

4            And so on the face of it, the -- as called out by

5   the co-commissioner in state of California, the judgment is

6   not binding as to those five parties.

7            In my opposition, I raised the point that such

8   title as the Trustee claims to have is uninsurable, which

9   means he's not going to be able to sell it in the

10  foreseeable future, and so he's going -- if he succeeds in

11  removing Mr. Klein and his wife, who incidentally is --

12  although she is a party to the motion for summary

13  judgment is not designated in this motion, he's going to

14  have a vacant property on his hands.

15           It is going to be an expensive proposition to

16  secure this property and maintain it.  On the other hand,

17  the Kleins are living there.  They can continue to live

18  there.  They have indicated a willingness to pay or seems

19  to be paid the bills associated with it and have secured

20  the -- a proposal to pay the Trustee an amount -- the

21  Trustee or to mediator meet and confer about that.  The

22  Trustee has not seen fit to talk about any of those things

23  with us.

24           And so at least for -- until the Trustee is in a

25  position to show that he would be able to do something with

Page                                                                    104

1  this property, the Court should not grant him possession

2  should it turn out that, in the end, he is able to

3  establish insurable title.   The circumstances may be

4  otherwise.

5          But at least for the time being, and I think it

6  is not inappropriate, even though the Court thought the

7  showing was thin, the Court probably noticed on the bill

8  that it had the address of the pharmacy in the hospital in

9  Baltimore where Mister -- where Mr. Klein is, that there's

10 no particular value to the estate at this point to throw

11 them out and then be burdened with this property.

12         It's a -- you know, the Court, as I pointed out

13 in my papers, also has the obligation to do things so that

14 there's not undue burden on people who are not the debtor.

15 And in this case, what we're talking about is to -- they're

16 asking now that Mrs. Klein, who is not mentioned as the

17 subject of this motion, that she should be evicted.

18 Nothing -- I don't know of any -- anything ever in this

19 case that has suggested she's done anything wrong, either

20 in a moral sense or in a creditor's sense.

21         In any event, so we would ask the Court to deny

22 the motion without prejudice should circumstances change in

23 the future so that if the Trustee can show that he's got

24 insurable title, he can actually do something with the

25 property and if, by that time, they -- the case has not

Page                                                                    105

 1   been reversed on appeal, the Court can deal with it at that

 2   time.

 3           Your Honor, I --

 4           THE COURT:  I muted myself.

 5           MR. OLSON:  Oh, I'm --

 6           THE COURT:  Mister --

 7           MR. OLSON:  -- sorry.

 8           THE COURT:  Mr. Lucas, is there anything you'd

 9   like to address?  Please make it brief.  I still have

10   another matter and then I have meetings --

11           MR. LUCAS:  I'll be very --

12           THE COURT:  -- this afternoon.

13           MR. LUCAS:  -- very, very brief.

14           Your Honor, in the debtor's schedules, he said

15   that himself and the MDT own the house and in the answer to

16   the complaint, he said the MDT owned the entire house, and

17   now they're saying the creditor trust owns the house.  It's

18   just not credible.  Whether the property is uninsurable,

19   that's the Trustee's problem.  The property's vacant and

20   it's a burdensome issue.  That's the Trustee's problem.

21           And, Your Honor, the debtor wants to pay $10,000

22   a month with money from the MDT, which is property of the

23   estate, which is just mind-boggling, Your Honor.  I don't

24   know what else to say.  I apologize for my colloquial

25   language, but I don't know what else to say.  But, Your

Page                                                                      106

1  Honor, we request approval of the motion.  Thank you.

2          THE COURT:  Thank you.

3          All right.  So before the Court is Mr. Sharp, the

4  Chapter 11 Trustee's motion for order restoring possession

5  of the property on June Street compelling debtor to vacate

6  and directing and authorizing the U.S. Marshals to enforce

7  the order.

8          The debtor filed an opposition and the Trustee

9  filed a reply.  Again, Klein filed a voluntary Chapter 11

10 case a couple of years ago and a few months later, Sharp

11 was appointed.

12          In April of 2023, Klein filed Schedule A/B in

13 which he indicated he had a 50 percent ownership in the

14 property and the other 50 percent was held by his deceased

15 wife's irrevocable trust.  On 12/12, Klein filed an amended

16 Schedule A/B and represented he had a life estate in the

17 property.

18          On May 23, '24, Sharp filed an adversary

19 proceeding against Klein.  Klein filed an answer indicating

20 that he didn't have an interest in the property because his

21 50 percent interest was transferred to his deceased wife's

22 marital trust.  The answer also provided that the MDT and

23 the credit trust in Klein's current wife, Barbara

24 (phonetic), held all the interests in the property.

25          As Mr. Lucas mentioned, he filed a motion for

Page                                                                107

1   summary judgment.  There was an opposition and reply.  On

2   12/18, the Court held a hearing and after thoroughly

3   analyzing both Sharp's and Klein's arguments and the

4   evidence presented by both sides, the Court granted the MSJ

5   on quieted title in favor of Sharp finding that the entire

6   property was property of Klein's estate and there was no

7   evidence that either the MDT or CT had been created, let

8   alone funded.

9          The Court also found that even if the property

10  had been transferred to the MDT or CT and, again, there was

11  no evidence that it had been, the -- because Klein was the

12  settler, the trustee, and the beneficiary of the living

13  trust, and the trustee and beneficiary of the MDT and CT,

14  the spendthrift provision of the living trust was invalid

15  and the property was property of the estate.

16         Finally, the Court held that Sharp could avoid

17  any purported interest Barbara had in the property because

18  Sharp had no constructive notice that Barbara or anyone

19  else had any interest in the property.  On 12/20/2024, the

20  Court entered an order granting the MSJ.

21         Legal standard, 11 U.S.C. 105, provides the Court

22  may issue any order process of judgment that is necessary

23  or appropriate to carry out the provisions of this title.

24  Section 104 permits a bankruptcy court to issue any order

25  or process or judgment that is necessary or appropriate to

Page                                                                            108

1  carry out the provisions of Title 11.  That's a Supreme

2  Court case from 1990.

3          The power granted to bankruptcy courts under 105

4  is not limitless.  That's *Law v. Siegal*.  And 105 provides

5  bankruptcy courts with the power to exercise equity in

6  carrying out provisions of the Code rather than to further

7  the purposes of the Code generally or, otherwise, due the

8  right thing.

9          11 U.S.C. 542(a) provides an entity in

10  possession, custody or control.  During the case of

11  property, the trustee may use, sell, or lease under 363

12  shall deliver to the trustee such property or the value of

13  such property, unless the property is of inconsequential

14  value or benefit to the estate.

15          The Trustee has the burden of proof under 542 and

16  must demonstrate by a preponderance of the evidence that

17  the property is one in the possession, custody, or control

18  of a third party, it's property of the estate and of a type

19  that trustee can use, sell, or lease under 363.

20          Analysis.  Although generally an adversary

21  proceeding is required to recover money or property, FRBP

22  7001 contains an exception for a trustee seeking to compel

23  a debtor to turn over property to the trustee.  Therefore,

24  the Court finds that the motion is procedurally proper.

25          In terms of the first element, possession,

Page                                                              109

1   custody or control of a non-custodial third party, Sharp

2   argues Klein has failed to cooperate with his request to

3   turnover control and possession of the property.

4            Klein responds that to avoid problems with vacant

5   properties, his and Barbara's presence at the property in

6   the best interests of the estate.  Klein highlights that

7   during the MSJ hearing, the Court declined to enter an

8   eviction order and he requests that the Court, likewise, do

9   so now and grant a stay.

10           Sharp replies that Klein's request for a stay

11  must be denied.  He argues that a request for stay must be

12  made by separate motion and on notice to the proper

13  parties.  Additionally, Sharp asserts that a request for a

14  stay must also be supported by evidence and satisfy all of

15  the factors required for granting a stay, which hasn't

16  occurred here.

17           The Court finds that here there is no dispute

18  that Klein is in possession of the property and this

19  element is met.  In terms of property of the estate, Sharp

20  asserts the property is an asset of the estate.  Klein does

21  not address this element or deny that the property is

22  property of the estate.

23           During the 12/18 hearing on Sharp's MSJ, the

24  Court held that the entire property is property of the

25  estate.  Although Klein has appealed that ruling, it does

Page                                                                110

1   not alter the Court's findings and the Court finds this

2   element is met.

3          The third element is a type that the Trustee

4   could use, sell, or lease under 363.  Sharp contends that

5   the property is clearly property that he can use, sell, or

6   lease.  He alleges he cannot adequately market and sell the

7   property unless he can provide unfettered access to

8   potential purchasers to perform inspections, conduct

9   appraisals and/or waive any other contingencies.

10         Klein asserts that if he is evicted, Sharp would

11  not be in a position to sell the property immediately and

12  would have to have a vacant property on his hands.  Sharp

13  does not address this element in the reply.  It is

14  undisputed that the element that the property can be used,

15  sold or leased and, therefore, this element is met.

16         Not of inconsequential value or benefit to the

17  estate, Sharp argues that the property is not of

18  inconsequential value and he believes that when the

19  property sells, there will be substantial equity that will

20  benefit creditors and the estate.

21         He asserts that without being in control of the

22  property, it is at risk of loss due to potential negligence

23  or failure to maintain it.  Klein responds that when

24  properties are left vacant, they attract people who do

25  significant damage and potentially reduce the value and

Page                                                                                         111

1   it's in the best interest of the estate that Klein and his

2   wife remain at the property.

3          He offers the following.  The MDT and CT will pay

4   $10,000 per month to Sharp and the utility, repair, and

5   maintenance bills until Klein's appeal of the MSJ is

6   resolved or the parties go to mediation and discuss other

7   types of proposals.

8          Sharp replies that Klein's offer is troubling

9   because he's offering to pay the estate $10,000 a month and

10  it implies he has financial ability to make such payments

11  and that he is hiding substantial cash from the Trustee,

12  estate, and creditors.  Sharp asserts that he is doubtful

13  of Klein's ability to perform such agreement and he is not

14  interested in dealing with Klein or his co-defendants.

15         In Klein's Schedule A/B, he listed the property's

16  value at 4.9 million and in his amended A/B, he indicated

17  that the property's value was five million.

18         Therefore, it's beyond dispute that the property

19  is of significant value and benefit to the estate.  It is

20  true that vacant properties can be damaged potentially

21  reducing their value.  This possibility, however, does not

22  alter the fact that the property is valuable and its sale

23  can benefit the estate and the sooner Sharp gains

24  possession of the property, the sooner it can be marketed

25  and sold and the sooner the estate will realize a benefit.

Page                                                                          112

1   Therefore, the Court finds this factor is met.

2           In terms of the U.S. Marshal Service, Sharp

3   argues that the involvement of the U.S. Marshals is the

4   only way to effectuate enforcement of the court order

5   turning over possession of the property to the Trustee.  He

6   requests the Court issue a writ of possession directing the

7   U.S. Marshals to enforce a turnover issue if Klein or any

8   other occupants fail to vacate the property and remove all

9   their personal possessions.  In the opposition, Klein

10  doesn't address this request and Sharp doesn't mention it

11  in the reply.

12          Sharp cites *Curlow* (phonetic) and *Toledano*

13  (phonetic) to support his position that involving the U.S.

14  Marshals is necessary to enforce a turnover order.  In

15  *Curlow*, Elizabeth Curlow filed a bankruptcy and listed a

16  property in Santa Ana on her schedules valued at $200,000.

17  Curlow lived at the property, as did numerous tenants.

18          The trustee determined that the fair market value

19  of the property was substantially higher and that

20  administering the property would generate substantial

21  return to the estate.  The trustee obtained a turnover

22  order requiring debtor to immediately turnover the property

23  and authorizing the trustee to employ a real estate agent

24  to market and sell the property.  That order allowed Curlow

25  and her son to remain on the property until further court

Page                                                                    113

1  order.

2          A few months later, the trustee obtained a second

3  turnover order requiring Curlow to turnover the property in

4  vacant condition.  That order was to become effective

5  unless Curlow converted her case from 7 to 13.  Curlow

6  unsuccessfully attempted to convert her case.

7          About seven months later, the trustee served

8  notice on Curlow and all occupants indicating that all

9  tenancies were terminated and demanding immediate

10 possession.  A few days later, the trustee moved for a

11 finding of civil contempt, sanctions and writ of possession

12 and order of ejectment, and requesting that the U.S.

13 Marshals be directed to take all necessary steps to remove

14 occupants from the property.

15         During a hearing, the court found that Curlow was

16 in contempt for willfully violating the turnover orders and

17 that a writ of possession was appropriate under FRCP 69.

18 It requested additional briefing regarding remedies that

19 were available to enforce the turnover orders and whether

20 enforcing the orders would implicate any person's Fourth

21 Amendment rights.

22         After additional briefing, the Court found that

23 FRCP 70 and Section 105 authorized it to issue a writ of

24 execution ordering the Marshals to take possession of the

25 property and to turn it over to the trustee.

Page                                                                              114

1           The Court then addressed whether enforcement of

2    the orders implicated the Fourth Amendment.  The Court

3    found it did not.  The trustee was not a government actor

4    and based on the turnover orders, which were served on

5    Curlow and all tenants and posted on the premises, neither

6    Curlow nor the tenants had a possessory interest in the

7    property and were not legitimately on the premises.

8           In *Toledano*, Andrea Toledano filed a *pro se*

9    Chapter 7 and listed an interest in a rent stabilized New

10   York apartment.  In 2003, the trustee sought an order

11   assuming and assigning the apartment to South Park, to

12   let Toledano's landlord for 150,000 and for an order to

13   convey the premises vacant and free and clear of all

14   occupants.

15          After much briefing and litigation, the Court

16   issued a memorandum about three month -- four months later

17   ordering and authorizing the trustee to assume and assign

18   the lease free and clear of all occupants and to directing

19   Toledano and Brian Demurs (phonetic), who lived with

20   Toledano, to vacate the property within ten days of the

21   order's entry.

22          About a week later, the Court entered a judgment

23   directing Toledano and Demurs to vacate the premises within

24   ten days of the order's entry.  The judgment provided that

25   if any person occupying the premises did not voluntarily



Page                                                                    115

1   vacate, the trustee was authorized to settle an order on

2   three days' notice to Toledano and her counsel directing

3   the U.S. Marshals to effectuate the terms of the assignment

4   by evicting all occupants on the premises.

5          Here, the Trustee correctly summarized the

6   history of the case, but it wasn't until December 20th of

7   2024, less than two months ago, that this Court entered an

8   order granting the MSJ and ruling that the entire property

9   is property of the estate.

10         The evidence before the Court that was filed in

11  support of the Trustee's motion indicates that less than a

12  month ago, on January 15, 2025, Mr. Dulberg, Sharp's

13  counsel, contacted Klein and Klein's counsel requesting

14  that Klein begin the process of turning over the property

15  to Sharp.

16         Two days later, on January 17th, Dulberg sent

17  another email to Klein and Klein's counsel following up.

18  That day, Klein's counsel, Mr. Olson, responded, indicated

19  that he was drafting a response to Dulberg's demand.

20  Dulberg acknowledged receiving Olson's email, but he

21  indicated that the turnover motion had already been filed.

22         Based on the timeline of events in this matter,

23  as compared with *Curlow*, the Court finds that issuance of a

24  writ of possession at this time and directing the Marshals

25  to enforce the turnover at this time is premature.  The

Page                                                                116

1   Court in *Curlow* did not issue a writ of possession or

2   involve the U.S. Marshals until two turnover orders had

3   been issued and ignored and a separate hearing was held

4   addressing whether the Court should issue a writ of

5   possession.

6            Similarly, in *Toledano*, the order and memorandum

7   indicated that the assumption and assignment was to be free

8   and clear of all occupants and Toledano and demands --

9   Demurs had ten days to vacate the property.  The judgment

10  issued about a week later indicated that if anyone did not

11  voluntarily vacate the premises, as required by the order,

12  the Trustee could seek assistance from the U.S. Marshal to

13  evict all occupants.

14           Here, it is undisputed that the property is

15  Klein's residence and he is to be given a reasonable period

16  of time to comply with the turnover order that the Court

17  will issue at the conclusion of today's hearings.  Given

18  the facts in the case, the Court believes that 30 days is a

19  reasonable time for Klein to be given to turnover and

20  vacate the property and for all occupants of the property

21  to vacate.  If that does not occur, then the Trustee can

22  seek whatever remedy he deems appropriate at that time.

23           I want to address an argument that Klein raised

24  regarding joinder.  In the opposition, Klein reiterated an

25  argument that he made in his motion to join necessary

Page                                                          117

1  parties that he filed in *Sharp v. Klein*, 23-1140, seeking

2  to join his and Erica's four children as defendants in that

3  adversary proceeding and stating, for reasons never

4  explained, the children were never joined as parties to

5  that adversary proceeding.

6          Sharp replied that the necessary parties were

7  sued in that adversary and the Court analyzed Klein's

8  joinder motion in that adversary and denied it.  The

9  deadline to appeal the Court's joinder motion ruling has

10 passed and Klein has waived any right to really --

11 relitigate those issues or to litigate those issues before

12 an appellate court.

13         The Court also notes that it addresses -- it

14 addressed Klein's arguments regarding joinder in the MSJ

15 and made explicit detailed findings why joinder of Klein's

16 and Erica's children was unnecessary.  On 12/18, this Court

17 held a hearing on Sharp's MSJ filed in the adversary during

18 which the Court reiterated some of its previous rulings

19 regarding why it was unnecessary to join the children.

20         Finally, the Court will briefly mention a few

21 other issues Klein has raised.  He cited Section 344(a)(3)

22 and argues the Trustee should not use it or as to harm

23 third parties, in this case to evict Barbara.  Section

24 344(a)(3) doesn't exist.  Section 344 deals with self-

25 incrimination, immunity for persons required to testify.

Page                                                                    118

1           In terms of Klein mentioning that a stay should

2    be issued and he has -- but he didn't explain the basis for

3    that request or provide any analysis of the factors that

4    courts consider when determining whether to issue a stay,

5    to the extent that Klein seeks a stay in the context of his

6    opposition to the turnover motion, it is procedurally and

7    substantively improper.

8           Procedurally, such a request must be brought via

9    a separate notice motion.  Substantively, a movant seeking

10   a stay has the burden of proof and other than mentioning a

11   stay in one sentence, Klein does not provide any evidence

12   or argument or legal analysis demonstrating that issuance

13   of a stay would be appropriate.

14          So for the reasons stated, the Court finds that

15   Sharp has met his burden under 542(a) and the turnover

16   motion is granted.

17          Mr. Lucas, is there anything further regarding

18   the turnover motions?

19          MR. LUCAS:  Yes, Your Honor.  I have a question.

20          THE COURT:  Yes.

21          MR. LUCAS:  Your Honor, I heard that the form of

22   the order should provide the debtor with 30 days from the

23   entry for him to vacate and the occupants to vacate and to

24   take whatever it is he's going to remove?

25          THE COURT:  Correct.



Page                                                                            119

1          MR. LUCAS:  And I heard that and that's -- I've

2    conferred with Mr. Sharp and he's fine with that.

3          In the event that he doesn't, I assume the order

4    is also going to allow us to seek the assistance of the

5    U.S. Marshal without having to come back to the Court

6    again?

7          THE COURT:  At that time, Mr. Lucas, you will

8    have to file a separate motion to lay out --

9          MR. LUCAS:  (Indiscernible) --

10          THE COURT:  -- that he -- that he did not comply

11    what occurred, that this order was entered I expect today

12    or maybe tomorrow, that it's 30 days, that you attempted to

13    get him out, that you sent reminders, that it didn't occur

14    and, therefore, at that point, you're seeking that the

15    Court enter an order authorizing assistance of the U.S.

16    Marshal and issuance of a writ of possession.

17          I know that was requested in the motion.  Again,

18    you relied on *Curlow*.  In *Curlow*, there were two turnover

19    orders and it wasn't until there was a separate motion

20    filed and I believe that's the best procedure.  And there

21    may also be, at that point, a motion for contempt for the

22    debtor's failure to comply with the turnover order.

23          I know it's cumbersome.  I know it takes more

24    estate resources.  But due process, which I think in this

25    case as well as all other cases, is very important and we

Page                                                                    120

1   need to see what occurs.  I've now issued an order ordering

2   the debtor to turnover the property to the Trustee within

3   30 days.

4        Let's see what happens.  Maybe he will, maybe he

5   won't, and then you can come back in and seek whatever

6   relief you deem is appropriate at that time based upon what

7   has occurred.

8        MR. LUCAS:  Your Honor, thank you.  We

9   understand.  And just in concluding, Your Honor, we have

10  asked a lot of the Court over the past several months.  A

11  lot has been going on in this case and we know that Your

12  Honor is stepping down from the bench.

13       And so I can't put words in Mr. Sharp's mouth and

14  my partner, Mr. Dulberg's mouth and Mr. Nolan, who's not

15  here, is that we greatly appreciate all of the work and the

16  time that you have accorded to us and, you know, we're just

17  disappointed that we're going to lose somebody who has all

18  of the case history in her head.  And so -- but we wish you

19  well and best wishes, Your Honor.  Thank you.

20       THE COURT:  Thank you, Mr. Lucas.  Thank you,

21  Mr. Dulberg.  Thank you, Mr. Sharp.

22       MR. DULBERG:  Thank you, Your Honor.

23       THE COURT:  And thank you, Mr. Olson.

24       So, Mr. Dulberg, you'll upload the orders, as

25  well as Mr. Lucas --

Page                                                                          121

1           MR. DULBERG:  Yes.

2           THE COURT:  -- that the Court has ruled on.

3           MR. DULBERG:  Yes.

4           THE COURT:  Okay.  And --

5           MR. SHARP:  Your Honor?

6           THE COURT:  -- Mr. Cohen, did you wish to be

7   heard?

8           MR. COHEN:  I want to wish you well.  I heard --

9           THE COURT:  Thank you.

10          MR. COHEN:  -- you're retiring.  That's all.

11          THE COURT:  Thank you.  Appreciate it.

12          All right.  So that concludes the *Klein* matters.

13  (End at 1:16 p.m.)

14                  *  *  *  *  *  *  *

15          I certify that the foregoing is a correct

16  transcript from the electronic sound recording of the

17  proceedings in the above-entitled matter.

18

19  *Ruth Ann Hager*

20  _____    Date:  3/3/2025

21  RUTH ANN HAGER, C.E.T.**D-641

22

23

24

25

P 888.272.0022  F 818.343.7119        BEN HYATT                www.benhyatt.com
                                        Certified Deposition Reporters

# EXHIBIT 2

## DECLARATION OF LESLIE KLEIN

I, Leslie Klein, states:

1. I am Debtor herein. My wife, Barbara Klein and I reside in the subject property at 322 North June Street. She is not a co-debtor.

2. I am familiar with properties in the area which were left vacant and became occupied by homeless people and left serious damage diminishing its value. One such example is 315 North Martel Avenue, Los Angeles, California 90036, originally part of this estate, which I estimate lost $1,000,000 in value. Other properties part of the estate, where Plaintiff took possession and left them vacant and without maintenance that suffered similar losses are in Palm Springs and Oxnard.

3. Attached hereto as Exhibit A is a true and correct copy of the proposed listing agreement.

4. Attached hereto as Exhibit B is a true and correct copy of Plaintiff's First Amended Complaint.

5. Attached hereto as Exhibit C is a true and correct copy of the Motion for Summary Judgment.

//

//

OPPOSITION TO CHAPTER 11 TRUSTEE'S APPLICATION TO (A) EMPLOY COLDWELL BANKER
REALTY AS REAL ESTATE BROKER AND (B) ENTER INTO EXCLUSIVE LISTING AGREEMENT
- 8 -

6. Attached hereto as Exhibit D is a true and correct copy of the Order

regarding Motion for Summary Judgment.

I declare under penalty of perjury under the laws of the United States

that the foregoing is true and correct. Executed this 5th day of March 2025,

at Los Angeles, California.

Dated: March 5, 2025

Leslie Klein

6. Attached hereto as Exhibit D is a true and correct copy of the Order regarding Motion for Summary Judgment.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 5th day of March 2025, at Los Angeles, California.

Dated: March 5, 2025

/s/ Leslie Klein

Leslie Klein

| In re: LESLIE KLEIN | Chapter 11 |
| Debtor. | Case No.: 2:23-bk-10990-NB |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 East Colorado Boulevard, Suite 520, Pasadena, California 91101.

A true and correct copy of the foregoing document described as **"Opposition to Chapter 11 Trustee's Motion to Enforce Order to Restore Possession of the Property Located at 322 N. June St., Los Angeles, California"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 4, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicated method for each person or entity served): On April 4, 2025, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page.

OPPOSITION TO CHAPTER 11 TRUSTEE'S MOTION SET FOR APRIL 8, 2025 TO ENFORCE ORDER TO RESTORE POSSESSION OF THE PROPERTY LOCATED AT 322 N. JUNE ST., LOS ANGELES, CALIFORNIA

- 11 -

| In re: LESLIE KLEIN | Chapter 11 |
|---|---|
| Debtor. | Case No.: 2:23-bk-10990-NB |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| __04/04/2025__ | __Jasper Pantaleon__ | __/s/ Jasper Pantaleon__ |
|---|---|---|
| Date | Type Name | Signature |

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)":**

- Donald L. Saltzman dlslawcorp@aol.com
- Simon Aron saron@wrslawyers.com, moster@wrslawyers.com
- Kenneth Misken Kenneth.m.misken@usdoj.gov
- Reem J Bello rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Jeffrey Nolan jnolan@pszjlaw.com
- Ron Bender rb@lnbyg.com
- Michael Jay Berger Michael.berger@bankruptcypower.com, Yathida.nipha@bankruptcypower.com, Michael.berger@ecf.inforuptcy.com
- Jeffrey N Pomerantz jpomerantz@pszjlaw.com
- Greg P Campbell ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com, gcampbell@aldridgepite.com
- Brian A Procel bprocel@millerbarondess.com, rdankwa@millerbarondess.com, docket@millerondess.com
- Joshua L Scheer jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- Baruch C Cohen bcc@baruchcohenesq.com, paralegal@baruchcohenesq.com
- Mark M Sharf (TR) mark@sharflaw.com, c188@ecfcbis.com, sharf1000@gmail.com, 2180473420@filings.docketbird.com
- Theron S Covey tcovey@raslg.com
- Bradley D Sharp (TR) bsharp@dsi.biz
- Jeffrey W Dulberg jdulberg@pszjlaw.com
- Dane W Exnowski dane.exnowski@mccalla.com, bk.ca@mccalla.com, mccallaecf@ecf.courtdrive.com
- Richard P Steelman rps@lnbyg.com, john@lnbyg.com
- Alan W Forsley alan.forsley@flpllp.com, awf@fkllawfirm.com, awf@fl-lawyers.net, addy@flpllp.com
- Nikko Salvatore Stevens nikko@cym.law, mandi@cym.law
- Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com
- Alan G Tippie alan.tippie@gmlaw.com, atippie@ecf.courtdrive.com, karen.files@gmlaw.com, patricia.dillamar@gmlaw.com, denise.walker@gmlaw.com

OPPOSITION TO CHAPTER 11 TRUSTEE'S MOTION SET FOR APRIL 8, 2025 TO ENFORCE ORDER TO RESTORE POSSESSION OF THE PROPERTY LOCATED AT 322 N. JUNE ST., LOS ANGELES, CALIFORNIA

- 12 -

- Michael I Gottfried  mgottfried@elkinskalt.com, cavila@elkinskalt.com, lwageman@elkinskalt.com, docketing@elkinskalt.com
- Gary Tokumori  gtokumori@pmcos.com
- Brandon J Iskander  biskander@goeforlaw.com, kmurphy@goeforlaw.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- Michael S Kogan  mkogan@koganlawfirm.com
- Michael L Wachtell  mwachtell@buchalter.com
- John P Ward  jward@attleseyward.com, ezhang@attleseystorm.com
- Marc A Lieberman  marc.lieberman@flpllp.com, safa.saleem@flpllp.com, addy@flpllp.com
- Brett J Wasserman  wasserman@smcounsel.com
- John W Lucas  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Alex M Weingarten  aweingarten@willkie.com, lcarter@willkie.com
- Armen Manasserian  armen@cym.law, jennifer@cym.law
- Beth Ann R Young  bry@lnbyg.com, bry@lnbyb.com
- Ron Maroko  ron.maroko@usdoj.gov
- Clarisse Young  youngshumaker@smcounsel.com, levern@smcounsel.com
- Kirsten Martinez  Kirsten.martinez@bonialpc.com, notices.bonial@ecf.courtdrive.com
- Paul P Young  paul@cym.law, jaclyn@cym.law
- Steven M Mayer  smayer@mayerlawla.com
- Roye Zur  rzur@elkinskalt.com, tparizad@elkinskalt.com, lwageman@elkinskalt.com, 1648609420@filings.docketbird.com
- Christopher M McDermott  ch11ecf@aldridgepite.com, cmm@ecf.inforuptcy.com, cmcdermott@aldridgepite.com
- Krikor J Meshefejian  kjm@lnbyg.com

II. **SERVED BY UNITED STATES MAIL:**

Hon. Neil W. Bason
U.S. Bankruptcy Court
255 East Temple Street #1552
Los Angeles, California 90012

Peter C. Anderson, U.S. Trustee
Michael Jones, Assistant U.S. Trustee
Office of the U.S. Trustee
915 Wilshire Boulevard Suite 1850
Los Angeles, California 90017

Nathan Talei
Oldman, Sallus & Gold, LLP
16133 Ventura Boulevard, PH-A
Encino, California 91436

**OPPOSITION TO CHAPTER 11 TRUSTEE'S MOTION SET FOR APRIL 8, 2025 TO ENFORCE ORDER TO RESTORE POSSESSION OF THE PROPERTY LOCATED AT 322 N. JUNE ST., LOS ANGELES, CALIFORNIA**

- 13 -