ROBERT P. GOE (State Bar No. 137019)
rgoe@goeforlaw.com
REEM J. BELLO (State Bar No. 198840)
rbello@goeforlaw.com
**GOE FORSYTHE & HODGES LLP**
17701 Cowan Avenue, Suite 210, Bldg. D
Irvine, CA 92614
Telephone: (949) 798-2460
Facsimile: (949) 955-9437

BRIAN A. PROCEL (State Bar No. 218657)
brian@procel-law.com
MARTIN H. PRITIKIN (State Bar No. 210845)
marty@procel-law.com
**PROCEL LAW, PC**
401 Wilshire Boulevard, 12th Floor
Santa Monica, California 90401
Telephone: (424) 788-4538

Attorneys for Judgment Creditors
Erica and Joseph Vago

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>      Debtor, | Case No. 2:23-bk-10990-NB<br><br>Chapter 11 Proceeding<br><br>**CREDITORS ERICA AND JOSEPH VAGOS' OPPOSITION TO DEBTOR'S MOTION TO CONTINUE HEARING ON TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT; DECLARATION OF BRIAN PROCEL IN SUPPORT THEREOF**<br><br>Date:     April 8, 2025<br>Time:    2:00 p.m.<br>Place:   Courtroom 1545<br>          U.S. Bankruptcy Court<br>          255 E. Temple Street<br>          Los Angeles, CA 90012 |

**TO THE HONORABLE NEIL W. BASON, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, OFFICE OF THE UNITED STATES TRUSTEE, CHAPTER 11 TRUSTEE, AND TO ALL PARTIES IN INTEREST:**

1

**PLEASE TAKE NOTICE** that Judgment Creditors Erica and Joseph Vago (collectively the "Vagos") file this Opposition to the Motion of Debtor Leslie Klein ("Debtor") to continue the hearing on the Trustee's Motion to Approve Settlement with the Vagos [Docket No. 1003] (the "Motion to Continue"):

**I.    <u>INTRODUCTION</u>**

The Debtor's Motion to Continue fails to present the Court with an accurate picture of the relevant issues. It merely regurgitates antiquated allegations that were rejected by both the state court judge and jury. The Motion to Continue should be denied.

The Motion to Continue suggests that Leslie Klein & Associates ("LKA") "has become aware" that there is a dispute concerning the Vagos' entitlement to the $24.3 million judgment entered in their favor. That statement is misleading, at best.

The Debtor claims that the Vagos were not actually entitled to the inheritance from their brother. Instead, the Debtor baldly asserts that the money was held by a Swiss banker named David Jesselsohn ("Jesselsohn") on behalf of the Lowinger family (not on behalf of the Vagos' brother). In other words, the Debtor claims he is the good guy—a hapless attorney who got stuck in the middle of a sophisticated international inheritance scam orchestrated by the Vagos, his clients. The Debtor claims the Vagos are the real criminals. These are not new facts. According to the Debtor, he knew this information in 2019, more than five years ago.

The Debtor litigated this issue *ad nauseum* in the underlying case against the Vagos (the "State Court Action"). The Debtor raised this issue in motion after motion. They were all denied by the trial court. The Debtor took discovery on this issue. He questioned the Vagos about it at deposition. The Debtor's opening statement and closing statement at trial argued that the money at issue did not belong to the Vagos. The Debtor testified repeatedly at trial that the money was being held by a Swiss banker named Jesselsohn for the benefit of the Lowinger family, not the Vagos.

The Debtor now claims that a subpoena issued to Jesselsohn in October 2024 is good cause to delay the Trustee's Motion to Approve. This is yet another attempt by the Debtor to delay and evade. There is no discovery that will erase the fact that a jury found the Debtor liable for $24.3

million, finding that he stole the Vagos' money in a complicated life insurance scam. This is the same scam that the Debtor used on other creditors of the bankruptcy estate.

The Debtor also claims there is a mediation scheduled for April 24. That mediation is entirely unrelated to the Vagos or the settlement that Trustee seeks to approve. There was no basis for the Debtor to even raise this issue with the Court.

## II.    THE MOTION TO CONTINUE SHOULD BE DENIED

### A.    The Basis for the Motion is Nothing New

The Debtor argues that a continuance on the Trustee's Motion is warranted because he has "become informed there is a substantial dispute" concerning the ownership of the fund at issue in the State Court Action. (Dkt. 1003 at 3:6-9.) Specifically, the Debtor claims that the Vagos' inheritance was held by a Swiss banker named Jesselsohn for the benefit of the Lowinger family (not Erica Vagos' brother). (*Id*. at 3:14-18.) But the Debor has known about this dispute for ***at least five years***. In fact, it was the Debtor's primary defense in the State Court Action. It was rejected by the Court numerous times and by the jury. The jury ultimately found the money belonged to the Vagos; that the Debtor stole it; and awarded the Vagos $24.3 million.

The record in the State Court Action is replete with instances where the Debtor raised this issue, to no avail. In an ***August 3, 2021*** Joint Statement for Informal Discovery Conference, the Debtor claimed the money at issue belonged to the Lowingers and not to the Vagos. (Procel Decl., ¶ 2 & Exhibit A at 5:3-8).

The Debtor filed a declaration opposing the Vagos' motion for sanctions on ***March 9, 2022***. (Procel Decl., ¶ 3 & Exhibit B.) In that declaration, the Debtor claims that the money at issue did not belong to the Vagos, but rather to the Lowinger family. (*Id*.) The trial court rejected the Debtor's argument and entered sanctions against him for repeated and willful discovery violations. (*Id*.)

On August 11, 2022, the Debtor filed a Cross-Complaint for fraud against the Vagos. In that Cross-Complaint, the Debtor claimed that ***in 2019*** he learned that the money at issue belonged to the Lowinger family (not the Vagos). (Procel Decl., ¶ 4 & Exhibit C at ¶ 36.)

At trial *in September 2022*, the Debtor testified that Jesselsohn said the money did not belong to the Vagos. The Debtor claimed he believed the money at issue did not belong to the Vagos (September 8, 2022 at 31:11-14; 59:14-18, Procel Decl., ¶ 5 & Exhibit D). The Debtor testified that the money was being held by Jesselsohn in Switzerland was for the benefit of Danny Lowinger, not the Vagos' brother. (*Id*. at 86:3-11). In fact, Jesselsohn's name appears 62 times in the September 8 transcript of the trial alone. (Procel Decl., ¶ 6.) The Debtor had Jesselsohn on his witness list but ultimately decided not to call him at trial. The mysterious Swiss banker conspiring to defraud the Lowinger family never materialized. The Debtor's defense was smoke and mirrors with no substance whatsoever.

The subpoena attached to the Debtor's Motion was issued by Harry Baldinger. Baldinger and the Debtor at some point became accomplices. Together, they have done everything imaginable to derail the State Court Action. Baldinger moved to intervene in the State Court Action. The court denied that motion. Then he filed a new action in Los Angeles Superior Court that alleged the money at issue did not belong to the Vagos. (Los Angeles Superior Court Case No. 22STCV18168). He sought to have that case related to the State Court Action. The trial court denied that motion. Baldinger appealed that ruling. Baldinger's appeal was denied. Baldinger then sought to strike the judge in the State Court Action. The court rejected Baldinger's request. Baldinger filed an application for temporary restraining order against the Vagos. The court denied that application. Baldinger ultimately dismissed his case against the Vagos. (Procel Decl., ¶ 7.)

Baldinger has now sought to reopen discovery in a New York probate action involving the Vagos. The Court has permitted Baldinger to issue a subpoena on Jesselsohn. The order was issued on *October 23, 2024*. Needless to say, there has been no smoking gun evidence showing that the Vagos' judgment is meritless or that the Vagos did not have a right to the money at issue.

The Debtor's attempt to continue a hearing—scheduled for April 8—based on a subpoena from *five and a half months ago* is baseless. The Debtor has a history of abusing the court system and trying to derail hearings and trials. This is more of the same.

\\\

**B.    The Mediation Purportedly Scheduled for April 24 is Irrelevant**

The Debtor claims there is a mediation scheduled for April 24, which should somehow affect the Trustee's Motion to Approve. This is the first time that the Vagos have been made aware of a mediation on April 24. (Procel Decl., ¶ 8.) Mr. Crawford reached out to the Vagos several times to schedule (yet another) mediation. (*Id*.) The Vagos rejected those overtures. (*Id*.)  The Vagas have attended several mediations with the Debtor. (*Id*.) They have all been a waste of time. (*Id*.) The Vagos do not believe the Debtor has anything to offer them at this point. (*Id*.) The Vagos believe the Debtor is a con man who stole not only their inheritance, but also tens of millions of dollars from other members of the Los Angeles community who are creditors in this case. (*Id*.)

The Vagos now want to move on with their lives. They have reached a settlement with the Trustee following hard fought litigation against the Debtor, including a $24.3 million victory following a jury trial. That settlement should be approved by the Court.

**III.    CONCLUSION**

This is yet another attempt by the Debtor to stall and delay. The Court should deny the Motion to Continue in all respects.

Respectfully submitted,

Dated: April 7, 2025

**GOE FORSYTHE & HODGES LLP**

By: /s/Robert P. Goe
Robert P. Goe
Attorneys for Judgment Creditors Erica Vago
and Joseph Vago

## **DECLARATION OF BRIAN PROCEL**

1.      I was lead trial counsel for Erica and Joseph Vago (collectively, the "Vagos") in the action they filed against Debtor Leslie Klein ("Klein") in Los Angeles Superior Court (Case No. 20STCV25050) ("Fraud Action"). I prosecuted the case on behalf of the Vagos from July 2020 to the present. I handled all related lawsuits and appeals. I am familiar with the facts related to this declaration. I make this declaration based on my own personal knowledge and if called as a witness I could and would testify thereto.

2.      In an August 3, 2021 Joint Statement for Informal Discovery Conference, the Debtor claimed the money at issue belonged to the Lowingers and not to the Vagos. A true and correct copy of the Joint Statement is attached hereto as Exhibit A.

3.      The Debtor filed a declaration opposing the Vagos' motion for sanctions on March 9, 2022. In that declaration, the Debtor claims that the money at issue did not belong to the Vagos, but rather to the Lowinger family. The trial court rejected the Debtor's argument and entered sanctions against him for repeated and willful discovery violations. A true and correct copy of the Debtor's Declaration is attached hereto as Exhibit B.

4.      On August 11, 2022, the Debtor filed a Cross-Complaint for fraud against the Vagos. In that Cross-Complaint, the Debtor claimed that in 2019 he learned that the money at issue belonged to the Lowinger family (not the Vagos). A true and correct copy of the Cross-Complaint is attached hereto as Exhibit C.

5.      At trial *in September 2022*, the Debtor testified that Jesselsohn said the money did not belong to the Vagos. The Debtor claimed he believed the money at issue did not belong to the Vagos The Debtor testified that the money was being held by Dr. Jesselsohn in Switzerland was for the benefit of Danny Lowinger, not the Vagos' brother. A true and correct copy of excerpts of the trial transcripts are attached hererto as Exhibit D.

6.      Jesselsohn's name appears 62 times in the September 8 transcript of the trial alone. The Debtor had Jesselsohn on his witness list but ultimately decided not to call him at trial.

1

6.      Baldinger did, however, testify in the State Court Action. He claimed that the money belonged to the Lowingers. The jury rejected that testimony. Baldinger moved to intervene in the State Court Action. The court denied that motion. Then he filed a new action in Los Angeles Superior Court that alleged the money at issue did not belong to the Vagos (Los Angeles Superior Court Case No. 22STCV18168). He sought to have that case related to the State Court Action. The trial court denied that motion. Baldinger appealed that ruling. Baldinger's appeal was denied. Baldinger then sought to strike the judge in the State Court Action. The court rejected Baldinger's request. Baldinger filed an application for temporary restraining order against the Vagos. The court denied that application. Baldinger ultimately dismissed his case against the Vagos.

7.      Baldinger has now sought to reopen discovery in a New York probate action involving the Vagos. The Court has permitted Baldinger to issue a subpoena on Jesselsohn. The order was issued on October 23, 2024. Needless to say, there has been no smoking gun evidence showing that the Vagos' judgment is meritless or that the Vagos did not have a right to the money at issue.

8.      The Debtor claims there is a mediation scheduled for April 24, which should somehow affect the Trustee's Motion to Approve. This is the first time that the Vagos have been made aware of a mediation on April 24. Mr. Crawford reached out to the Vagos several times to schedule (yet another) mediation. The Vagos rejected those overtures. The Vagas have attended several mediations with the Debtor. They have all been a waste of time. The Vagos do not believe the Debtor has anything to offer them at this point. The Vagos believe the Debtor is a con man who stole not only their inheritance, but also tens of millions of dollars from other members of the Los Angeles community who are creditors in this case.

EXECUTED this 7th day of April 2025, at Los Angeles, California.

_____

Brian Procel

2

# EXHIBIT A

1  BRIAN A. PROCEL (State Bar No. 218657)
   bprocel@millerbarondess.com
2  ADAM M. AGATSTON (State Bar No. 325114)
   aagatston@millerbarondess.com
3  MILLER BARONDESS, LLP
   1999 Avenue of the Stars, Suite 1000
4  Los Angeles, California 90067
   Telephone:    (310) 552-4400
5  Facsimile:    (310) 552-8400

6  Attorneys for Plaintiffs
   JOSEPH VAGO and ERICA VAGO

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10

11 JOSEPH VAGO and ERICA VAGO,          **CASE NO. 20STCV25050**

12          Plaintiffs,                 **JOINT STATEMENT FOR INFORMAL**
                                        **DISCOVERY CONFERENCE**
13      v.
                                        Date:      August 11, 2021
14 LESLIE KLEIN; LES KLEIN &            Time:      10:00 AM
   ASSOCIATES, INC.; KENNETH KOLEV      Dept.:     14
15 KLEIN and LAW OFFICE OF KENNETH
   KLEIN, P.C.,                         Assigned for All Purposes to:
16                                      Hon. Terry Green, Dept. 14
           Defendants.
17                                      Action Filed:    July 1, 2020
                                        Trial Date:      November 8, 2021
18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Electronically Received 08/03/2021 06:43 PM

Electronically Received 08/03/2021 06:43 PM

**FILED**
Superior Court of California
County of Los Angeles

08/03/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ M. Ventura _____ Deputy

## PLAINTIFFS' STATEMENT

Plaintiffs Joseph and Erica Vago ("Plaintiffs" or the "Vagos") requested this informal discovery conference ("IDC") to obtain guidance concerning the stonewalling and evasive tactics by Defendants Leslie Klein ("Klein") and Les Klein & Associates ("LKA") (collectively, "Defendants").  Defendants are withholding critical documents, misrepresenting information, and refusing to respond to basic interrogatories.

Plaintiffs allege that Klein, their lawyer, stole millions of dollars from them.  Klein admittedly took millions of dollars from the Vagos, most of which went into the LKA Client Trust Account.  He then purported to act as their lawyer, accountant, and investment advisor.  He ultimately claimed to invest more than $6.5 million of the Vagos' funds in "life insurance trusts." Klein made himself trustee of each trust, giving him total control.  Klein told the Vagos that the life insurance trusts took out policies on third-policies.  According to Klein, when the insureds passed away, the Vagos would receive their principal plus interest.  Klein said these investments were "as good as cash" and that they could get their money back any time they wanted.  Klein is involved in other lawsuits where clients are accusing him of similar acts of fraud.  He surrendered his accounting license after similar accusations.

On December 30, 2020, the Vagos served form interrogatories and 56 targeted document requests on Klein.  Klein initially sought a stay of all discovery pending Defendants' demurrer. This Court rejected Klein's request for a stay.  Klein then asked and received a two-week extension to gather documents and provide substantive responses.  But Defendants produced no documents and served evasive interrogatory responses.  Defendants then ignored a detailed meet and confer letter outlining the problems in their discovery responses.

On March 29, 2021, this Court overruled Defendants' demurrers in virtually all respects. The Court further ordered Defendants to meet and confer on the pending discovery, which Defendants had failed and refused to do until that point.  Subsequently, Defendants' counsel Michael Wachtell represented that Defendants would provide substantive supplemental responses to the Vagos' form interrogatories within two weeks.  Mr. Wachtell further represented that Defendants hired an accountant to trace the millions of dollars the Vagos had given Klein.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

## A.   Klein's Document Production Is Deficient

On April 9, 2021, Klein made his only document production.  It consisted of 197 documents.  This is shockingly deficient in light of the fact that Klein handled numerous law, accounting, and tax issues for the Vagos over the course of eight years, and purported to invest more than $6 million for them.  Mr. Wachtell advised that Klein would "be producing documents on a rolling basis as they are identified, retrieved, and or obtained from third parties." ***Defendants have not produced a document since April 2021.***  They refuse to produce basic information:

- Klein produced no documents showing how the Vagos' funds were maintained.
- Klein produced no documents showing how the Vagos' funds were disbursed.
- Klein produced no documents showing how the life insurance trusts were funded.
- Klein produced no documents reflecting premiums of the Vagos' investments.
- Klein produced no communications with the insureds.
- Klein produced no documents regarding the status of the insureds.
- Klein produced no documents regarding the status of the life insurance policies.
- Klein failed to produce numerous trust agreements.
- Klein failed to produce numerous insurance applications.
- Klein has not searched his "les.kleinlaw@gmail.com" email account.
- Klein has refused to produce a privilege log, despite withholding material as privileged.

On June 7, 2021, the parties met and conferred again.  In the meeting, Mr. Wachtell made more promises that were never fulfilled.  Mr. Wachtell stated that:

- Klein was "preparing an accounting" of the Vagos' funds, and he would follow up about producing the documents used in that accounting;
- He was still working on producing the LKA Client Trust Account records;
- He would follow up about producing records for two other bank accounts where the Vagos' funds were sent belonging to Klein's EKLK Foundation.
- He was working on producing documents regarding insurance premium payments
- He would follow up about documents about the transfer of the life insurance policies.
- He would follow up about communications between Klein and the insureds.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1    • He would follow up on producing the agreements creating the relevant trusts.

2    ***Defendants have not produced a single document following the meeting with Mr. Wachtell on***

3    ***June 7, 2021.***

4    The most significant category is LKA Client Trust Account records. The Vagos sent

5    millions of dollars into that account. The few, heavily-redacted records Defendants produced

6    confirmed this. Further, Klein paid premiums on the relevant life insurance policies with checks

7    from the LKA Client Trust Account. These records will show how the Vagos' funds were

8    received, maintained, and disbursed. But Defendants' refuse to produce them.

9    Despite not producing a privilege log and asserting that no documents are being withheld

10   on privilege grounds, Defendants have claimed in a motion to quash that the LKA Client Trust

11   Account records are privileged. They are not. "It is well settled that there is no privilege between

12   a bank and a depositor." *Reiserer v. United States*, 479 F.3d 1160, 1165 (9th Cir. 2007). "There

13   is no confidentiality where a third party such as a bank either receives or generates the documents

14   sought[.]" *Id.* "The reasons which led to the attorney-client privilege, such as the aim of

15   encouraging full disclosure in order to enable proper representation, do not exist in the case of a

16   bank and its depositor." *Id.* (quoting *Harris v. United States*, 413 F.2d 316, 319 (9th Cir. 1969)).

17   "For such reasons, courts have repeatedly held that checks and bank records are not subject to the

18   protection of the attorney-client privilege." *Harris*, 413 F.2d at 320 (compelling production of

19   checks deposited in attorney's client trust account). The documents requested were held and

20   created by a third-party bank. They are third-party accounting records. They do not reflect legal

21   advice. And they are vital to this case.

22      **B.    Defendants Offer Deficient Interrogatory Responses**

23   Defendants have refused to answer form interrogatory 15.1 asking for the bases for their

24   denials and defenses. ***Mr. Wachtell promised to provide substantive responses to interrogatory***

25   ***on the parties' April 1, 2021 call, but he has not done so in the four months since***.

26   Defendants also refuse to identify their insurance coverage in response to form

27   interrogatory 4.1. Instead they attest: "LKA never served as an attorney for plaintiffs."

28   Ridiculous. First, Plaintiffs have sued Klein and LKA for professional negligence. They are

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1    entitled to know about their professional negligence insurance (regardless of what Klein is

2    claiming as a defense).  Second, Klein's sworn statement is just false.  Defendants are counsel of

3    record for Erica Vago in a probate proceeding in Los Angeles.  ***Klein even filed a declaration in***

4    ***that proceeding attesting he was Erica's counsel***.  And Mr. Wachtell promised ***in writing*** that he

5    would produce "Klein's file regarding ***his legal representation*** of the Vagos."

6            Finally, Erica served special interrogatories on Klein on June 14, 2021.  ***Klein did not***

7    ***answer a single one***.  He did not request an extension (though Plaintiffs have granted every

8    extension he previously requested).  He waited until the July 16, 2021 response deadline, and

9    served blanket objections.

10                                   **DEFENDANTS' STATEMENT**

11           Plaintiffs' position paints a very lopsided and misleading picture of the current state affairs.

12    Indeed, Plaintiffs are throwing stones in a glass house, as they have failed and refused to respond to

13    basic written discovery requests seeking both background information and highly relevant documents.

14           Erica Vago claims that she is the beneficiary of the estate of her late brother Robert

15    Schweitzer, and inherited as his sole beneficiary, a vast amount of money that was at the time of

16    Schweitzer's death, then held in a Swiss bank account under the control of David Jeselsohn.[1]

17           At the time of Schweitzer's death in October 2012, he was the Executor of the Estate of Louis

18    Lowinger, who died in June 2012 and was then being probated in Brooklyn. Schweitzer (and

19    therefore, Erica as his sole heir) was one of several beneficiaries of the Lowinger Estate. After Erica

20    was appointed by the LASC as the Executor of Schweitzer's Estate, she continued to serve as

21    Executor of the Lowinger Estate. Lowinger's beneficiaries alleged that Lowinger had substantial off-

22    shore accounts that were never disclosed in the Lowinger probate. They also alleged that Erica, as

23    Executor of the Lowinger Estate, did not take action to identify or recover the missing the Lowinger

24

25

26    [1] How Jeselsohn obtained these funds has not been established, nor is there any evidence that the money held by Jeselson
was Schweitzer's, or even how Jeselsohn obtained the money. Schweitzer lived off-shore for the years before his death (at

27    Cedars Sinai in Los Angeles), and what he did for a living that would enable him to obtain the millions of dollars that
Jeselsohn may have obtained from Schweitzer, or others, is a mystery. As late as 2008, Schweitzer had alleged in divorce

28    proceedings that he had no assets, yet by 2012 he had somehow acquired as much as $18,000,000.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1    assets. It was clearly in her economic interest to not disprove that the funds Jeselsohn held were

2    Schweitzer's, so she would inherit all of the money through the Schweitzer Estate.

3        There is no evidence that (i) the money Jeselsohn had was in fact assets of her late brother, (ii)

4    how he obtained that money, (iii) Robert Schweitzer complied with U.S. laws regarding the reporting

5    of foreign accounts, and (iv) Erica as the Executor of the Schweitzer Estate properly reported the

6    foreign accounts. (See 35 U.S.C. § 5316, *et seq.*) The other Lowinger beneficiaries contend that the

7    money that Jesselsohn held was money that belonged to Lowinger. Defendants contend that Erica

8    Vago knew that this was the case and she intentionally withheld this information from Defendants.

9        Plaintiffs were both senior officers at Chase bank in Beverly Hills, and were fully aware of the

10    requirements for disclosure and reporting of foreign bank accounts. Plaintiffs have intentionally failed

11    to respond to discovery to establish the legal ownership of the Jeselsohn funds and the failure of

12    Schweitzer and the Plaintiffs to comply with the United States tax laws regarding foreign accounts.

13        Plaintiff's Responses and Amended Responses to Defendants' written discovery are deficient.

14    ## A.    **Plaintiff's Responses to Form Interrogatories, Set One, Remain Deficient**

15        On May 14, 2021, Plaintiff served Responses to Form Interrogatories, Set One. On June 2,

16    2021, she served Amended Responses to Form Interrogatories, Set One, which remain incomplete and

17    evasive in several ways. Plaintiff has failed and refuses to provide substantive responses to Nos. 2.3,

18    2.6, 2.7, and 3.7, which simply seek background information. Plaintiff has failed and refuses to

19    provide any information responsive to Nos. 6.4, 6.5, 6.6, 6.7, 10.2, and 10.3 to support her claims for

20    physical and emotional injuries she allegedly caused by the allegations in her Complaint. No. 9.2 asks

21    her to identify any of her alleged damages not otherwise called for in the preceding interrogatories.

22    Plaintiff provided a verbose narrative without specifically responding to the interrogatory, and has

23    failed to provide a further, more specific response. Plaintiff refused to respond to No. 12.2 regarding

24    witness interviews. Her responses to Nos. 50.1 and 50.2 as to the agreements alleged in the pleadings

25    are vague, evasive, and nonresponsive, and fail to respond to their subparts. She has failed to

26    supplement them.

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

**B.    Plaintiff's Responses to Special Interrogatories, Set One, Remain Deficient**

Based on the numerous issues raised in the pleadings, Defendants served Plaintiff with 134 specific, narrowly tailored Special Interrogatories to efficiently investigate the issues and prepare for trial. Many of Plaintiff's Responses and Amended Responses remain vague, evasive, or nonresponsive (*e.g.*, Nos. 31, 56, 67, 90, 91, 92, 98, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, and 116). Plaintiff asserted objections and refused to respond altogether to several others, including: Nos. 37, 38, and 39, which seek the information and documents central to Plaintiffs' allegations that certain funds have "vanished;" No. 54, which seeks documents to support Plaintiff's claim for severe emotional distress; Nos. 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, and 130, which seek information regarding the disclosure of money Plaintiff allegedly inherited from Schweitzer on his federal tax returns and Plaintiff's payment of taxes regarding same; and No. 133, which seeks the identification of witnesses in Israel Plaintiff communicated with for locating Schweitzer's money.

**C.    Plaintiff's Responses to Requests for Production, Set One, Remain Deficient**

In response to the majority of Defendants' document requests, Plaintiff responded that she "will produce non-privileged documents responsive" to the requests. None of Plaintiff's responses are *Code* compliant—they force Defendants' to speculate as to whether responsive documents exist, and whether all responsive documents have been produced. (See Code Civ. Proc. §§ 2031.210-2031.240.) While Plaintiff has produced some documents, she has failed to produce responsive documents to many requests, notwithstanding her responses that confirm that she will produce responsive documents. For example, she indicated that she will produce documents responsive to the following requests, but has failed to do so: Nos. 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 16, 35, 36, 37, 38, 39, 40, 41, 42, 57, 58, and 59. Some responses state that she will produce responsive documents upon the entry of a Stipulated Protective Order (*e.g.*, No. 38), which has already been entered.

Plaintiff also asserted frivolous, inapposite objections, and refused to produce any documents whatsoever in response to many other requests, including: Nos. 25, 27, 28, 44, 45, 48, 49, 50, 52, 53, 54, 72, 73, and 74. Many of Plaintiff's responses to these requests include improper objections based on privilege (where none applies), and on relevance (in response to requests for documents that clearly seek documents relevant to the issues). (See Code Civ. Proc. § 2017.010.)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

To the extent that Plaintiff is withholding any responsive documents on purported privilege grounds, she is required to produce a detailed privilege log, which she has yet to produce. (See Code Civ. Proc. § 2031.240(c)(1); see also *Catalina, etc. v. Super. Ct.* (2015) 242 Cal.App.4th 1116, 1130.)

As to the documents Plaintiff has produced, none of them identify the specific document request(s) to which they respond. (See Code Civ. Proc. § 2031.280(a).)

Plaintiffs have yet to produce any documents or information in response to Defendants' discovery requests to substantiate that the money Jeselsohn purportedly had in his possession and sent to Defendant Leslie Klein at Plaintiff's request was Schweitzer's money, and thus, that it was Erica Vago's inheritance, not money that belongs to others—possibly the Lowinger Estate beneficiaries. Plaintiff asserted objections only and has refused to respond to any of Defendants' interrogatories and document requests relating to whether Plaintiffs, or the Estate of Robert Schweitzer (Ms. Vago was the Executor), have disclosed the existence of what is alleged to be Schweitzer's foreign account to the federal government, or paid taxes on any of the millions of dollars Plaintiffs allege were imported from foreign bank accounts. Plaintiffs are stonewalling Defendants' attempts to seek this information, which is discoverable and highly relevant. Erica met with Defendants and a tax lawyer, who advised her before she requested that Jeselsohn wire the funds to Defendants, that she must disclose the foreign accounts to the U.S. government and pay taxes on them, lest she be subject to civil or criminal penalties, and substantial fines. Defendants are entitled to ascertain the reports have been filed, funds that have been disclosed, and the taxes that have been paid, if any, regarding the funds. Plaintiff's relevance, privacy, and privilege objections to these requests are inapposite and sanctionable.

**D.    Documents Have Not Been Produced Per Plaintiffs' Records Subpoenas**

Plaintiffs issued several business records subpoenas, including, but not limited to, the following: Equitable Financial Services, LLC, Lincoln National Life Insurance Company, American General Life Insurance Company, Transamerica Premier Life Insurance Company, Nassau Companies of New York, Bank of America Corporation, and Irwin Lowi. To Defendants' knowledge, only Nassau has produced responsive documents. Defendants are also waiting to receive copies of the subpoenaed documents so that they can proceed with and complete the preparation of their accounting for the use and disbursement of the funds that Jeselsohn provided to them at the direction of Erica Vago. It is

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1    anticipated that the documents responsive to these subpoenas, once produced, are likely to moot many

2    of the instant discovery disputes Plaintiffs are alleging against Defendants.[2]

3

4    DATED:  August 3, 2021                    MILLER BARONDESS, LLP

5

6                                             By: _____

7                                                 BRIAN A. PROCEL
                                                 Attorneys for Plaintiffs
8                                                 JOSEPH VAGO and ERICA VAGO

9

10   DATED:  August 3, 2021                    BUCHALTER, A Professional Corporation

11

12                                            By: _____

13                                                MICHAEL WACHTELL
                                                 Attorneys for Defendants
14                                                LESLIE KLEIN and LES KLEIN &
                                                 ASSOCIATES

15

16

17

18

19

20

21

22

23

24

25

26   _____
     [2] As a matter of brevity, the deficiencies regarding Plaintiff's discovery responses and document production outlined above
27   reflect a non-exhaustive list of only those issues Defendants sought to include in this Joint Statement to comply with the
     Court's IDC briefing requirements. Defendants reserve the right to raise additional issues with Plaintiff's discovery
28   responses at the time of the IDC on this matter, or subsequently in a motion to compel further discovery compliance.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

     At the time of service, I was over 18 years of age and not a party to this action.  I am
employed in the County of Los Angeles, State of California.  My business address is 1999 Avenue
4  of the Stars, Suite 1000, Los Angeles, CA 90067.

5

     On August 3, 2021, I served true copies of the following document(s) described as:

6

**JOINT STATEMENT FOR INFORMAL DISCOVERY CONFERENCE**

7

on the interested parties in this action as follows:

8

     Assigned for All Purposes to Honorable Terry Green, Dept. 14

9

| | |
|---|---|
| Michael L. Wachtell | Attorney for Defendants |
| C. Dana Hobart | |
| Michael J. Worth | *LESLIE KLEIN and LES KLEIN &* |
| BUCHALTER, APC | *ASSOCIATES* |
| 1000 Wilshire Boulevard, Suite 1500 | |
| Los Angeles, CA 90017-1730 | Telephone:  (213) 891-0700 |
| | Facsimile:  (213) 896-0400 |
| | Email:     mwachtell@buchalter.com |
| | dhobart@buchalter.com |
| | mworth@buchalter.com |
| | docket@buchalter.com |

10

11

12

13

14

15

16

17

     **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the
document(s) to be sent from e-mail address clumia@millerbarondess.com to the persons at the e-
18  mail addresses listed in the Service List.  I did not receive, within a reasonable time after the
transmission, any electronic message or other indication that the transmission was unsuccessful.

19

     **BY ELECTRONIC SERVICE:**  I served the document(s) on the person listed in the
20  Service List by submitting an electronic version of the document(s) to One Legal, LLC, through
the user interface at www.onelegal.com.

21

     I declare under penalty of perjury under the laws of the State of California that the
22  foregoing is true and correct.

23

     Executed on August 3, 2021, at Los Angeles, California.

24

25

_____
Cindy B. Lumia

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 11/20/2023 01:32 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Abraham, Deputy Clerk

1 | JEFFREY A. SLOTT, ESQ. (SBN 103807)
LAW OFFICES OF JEFFREY A. SLOTT
2 | A Professional Corporation
15760 Ventura Boulevard, Suite 1600
3 | Encino, California 91436
Telephone:    (818) 995-1955
4 | Facsimile:     (818) 995-0955

5 | Attorneys for Defendants and Cross-Complainants
LESLIE KLEIN and LES KLEIN & ASSOCIATES, INC.

6

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10 | DR. HARRY BALDINGER, an individual,

11 | Plaintiffs,

12 | v.

13 | JOSEPH VAGO, an individual; ERICA VAGO, an individual; LESLIE KLEIN, an individual; LES KLEIN & ASSOCIATES, a California professional corporation; and DOES 1 through 20, inclusive,

14 |

15 |

16 | Defendants.

17 |

18 |

19 |

20 | LESLIE KLEIN, an individual; and LES KLEIN & ASSOCIATES, INC., a California corporation,

21 |

22 | Cross-Complainants,

23 | v.

24 | ERICA VAGO, individually and as Executor/Administrator of the Estate of Robert Schweitzer, and as Executor/Administrator of the Estate of Louis Lowenger; DR, DAVID JESSELSOHN, individually; DR. HARRY BALDINGER, an individual; and DOES 1-30, inclusive,

25 |

26 |

27 | Cross-Defendants.

28 |

Case No. 22STCV18168
*[Assigned for All Purposes to Hon. Jon R. Takasugi, Dept. 17]*

**CROSS-COMPLAINT OF LESLIE KLEIN and LES KLEIN & ASSOCIATES FOR:**

1. **EQUITABLE INDEMNITY;**
2. **FRAUD AND DECEIT;**
3. **FINANCIAL ELDER ABUSE;**
4. **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING;**
5. **VIOLATION OF RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO) [18 U.S.C. SECTIONS 1962(a)-(d)];**
6. **INTERPLEADER; and**
7. **DECLARATORY RELIEF**

LAW OFFICES OF JEFFREY A. SLOTT, APC
15760 Ventura Boulevard, Suite 1600
Encino, CA 91436

-1-
**CROSS-COMPLAINT OF LESLIE KLEIN and LES KLEIN & ASSOCIATES**

LAW OFFICES OF JEFFREY A. SLOTT, APC
15760 Ventura Boulevard, Suite 1600
Encino, CA 91436

COME NOW Cross-Complainants, LESLIE KLEIN, an individual, and LES KLEIN & ASSOCIATES, INC., a California corporation (collectively, "Klein") and hereby allege against Cross-Defendants, and each of them, as follows:

## **GENERAL ALLEGATIONS**

1.     At all times herein mentioned, Leslie Klein was and now is an individual residing in the County of Los Angeles, State of California.  At all times herein mentioned, Leslie Klein was and now is an attorney, licensed to practice law in the State of California, with his principal place of business located in Sherman Oaks, California.

2.     At all times herein mentioned, Les Klein & Associates, Inc. was and now is a corporation, authorized, licensed, and doing business in the State of California with its principal place of business located in Sherman Oaks, Los Angeles County, California.  At all times herein mentioned, Cross-Complainant Leslie Klein was and now is the President and sole owner of Cross-Complainant Les Klein & Associates, Inc.

3.     At all times herein mentioned, Cross-Defendant Erica Vago, individually and as Executor and/or Administrator of the Estates of Robert Schweitzer ("Schweitzer") and Louis Lowenger and DOES 1 through 10, inclusive, and each of them (collectively, "Vago") were and now are individuals residing in the County of Los Angeles, State of California.  At all times herein mentioned, Schweitzer was the brother of Vago.

4.     At all times herein mentioned, Vago was sole Administrator and/or Executor of the Estate of Schweitzer, which said estate was administered in the Superior Court of the State of California for the County of Los Angeles, Case no. BP143070 ("the Schweitzer Estate").

5.     At all times herein mentioned, Vago was the sole Administrator and/or Executor of the Estate of Louis Lowenger ("Lowenger"), which said Estate was administered by Vago from her residence in Los Angeles County, California, in a legal proceeding maintained by Vago in the City of New York, State of New York, Case No. 2870/2012 ("the Lowenger Estate").

6.     For a limited period of time, concluding in April, 2019, Klein represented Vago in her capacity as Administrator/Executor of the Estate of Robert Schweitzer.  At no time has Klein

**CROSS-COMPLAINT OF LESLIE KLEIN and LES KLEIN & ASSOCIATES**

1    served as legal representative of Vago individually.

2        7.    At all times herein mentioned, Cross-Defendants David Jesselsohn and DOES 11

3    through 20, inclusive, and each of them (collectively, "Jesselsohn"), were and now are residents of

4    the country of Switzerland and/or other countries outside the United States, but have recently

5    conducted business extensively within the United States, including the State of California.

6        8.    At all times herein mentioned, Cross-Defendants Harry Baldinger and DOES 21-30,

7    inclusive, and each of them (collectively, "Baldinger"), were and now are residents of the State of

8    New York, but have recently conducted significant business within the State of California.

9        9.    The true names and capacities, whether individual, corporate, associate, or

10   otherwise, of Cross-Defendants and DOES 1 through 20, inclusive, and each of them, are unknown

11   to Cross-Complainants at this time, who therefore sue said Cross-Defendants by such fictitious

12   names.  Cross-Complainants will seek leave of Court to amend this Cross-Complaint accordingly,

13   if and when Cross-Complainants learn the true names and capacities of said Cross-Defendants.

14   Cross-Complainants are informed and believe, and therefore allege, that each of the Cross-

15   Defendants named herein as a DOE is responsible in some manner for the events and happenings

16   hereinafter referred to.

17       10.    At all times herein mentioned, Cross-Defendants, and each of them, were the agents,

18   employees, partners, joint venturers, co-conspirators, co-tortfeasors, and joint racketeers of each of

19   the other Cross-Defendants named herein, and were acting within their individual capacities and

20   within the course and scope of such agencies, partnerships, joint ventures, and other representative

21   capacities in committing the acts hereinafter alleged.

22       11.    In or about July, 2012, Lowenger, with whom Klein had no prior connection and

23   about whom Klein had no prior knowledge, died from natural causes.  The Executor of his Estate

24   was initially Schweitzer, the brother of Vago.  Vago was Co-Executor of the Estate of Lowenger.

25   In or about October, 2012, Schweitzer died.  Cross-Defendant Vago then became the Executor/

26   Administrator of the Estate of Lowenger in connection with a pending Probate Estate proceeding in

27   the Courts of New York.  At the same time, Vago became the Executor/ Administrator of the

28   Estate of Schweitzer in Los Angeles.  Vago served in such capacities as Executor and

LAW OFFICES OF JEFFREY A. SLOTT, APC
15760 Ventura Boulevard, Suite 1600
Encino, CA 91436

-3-
**CROSS-COMPLAINT OF LESLIE KLEIN and LES KLEIN & ASSOCIATES**

1   Administrator of the aforesaid estates throughout 2012 and for approximately seven years

2   thereafter.

3        12.    In or about October, 2012, Vago approached Klein, who was then a member of

4   Vago's Orthodox Jewish community.  Cross-Defendant Vago and Cross-Complainant Leslie Klein

5   were acquainted for many years prior to the time Vago approached Klein in 2012.  At that time,

6   Vago requested that Cross-Complainant Klein assist her with the administration of the Estate of

7   Schweitzer.  Cross-Complainant Klein thereupon informally agreed to represent Vago in her

8   capacity as Executor and/or Administrator of the Estate of Schweitzer in connection with a Probate

9   proceeding to be filed in the County of Los Angeles, State of California, by Cross-Complainant

10  Klein on behalf of Cross-Defendant Vago.  Because Klein and Vago had been acquainted for many

11  years prior to 2012, Cross-Complainant did not formalize the Attorney-Client relationship with a

12  Consulting Agreement and/or Attorney Retainer Agreement.  However, Cross-Complainant filed

13  papers in the Probate proceeding for the Estate of Schweitzer on behalf of Vago, stating therein

14  Klein's legal representation of Vago in connection with that estate proceeding.

15       13.    Schweitzer was one of three heirs to the Lowenger Estate.  Vago was the sole heir to

16  the Schweitzer Estate.  As the sole surviving heir of Schweitzer, Vago, through the Schweitzer

17  Estate, became one of the three heirs of the Lowenger Estate when Schweitzer died in October,

18  2012.  Cross-Complainants are informed and believe, and based upon such information and belief

19  allege, that the Lowenger Estate included an asset consisting of a foreign bank account located in

20  Switzerland, with a balance of approximately Eighteen Million Dollars ($18,000,000) ("the

21  Fund").  Cross-Complainants did not become aware that the Fund actually belonged to the

22  Lowenger Estate until 2019, when such assertion was brought to the attention of Cross-

23  Complainants by various individuals, including Cross-Defendant Baldinger.

24       14.    In or about October, 2012, Vago, at the time she solicited Cross-Complainants to

25  represent her in connection with the Probate proceeding for the Estate of Schweitzer, told Cross-

26  Complainants that Schweitzer died with very few assets.  Although that assertion by Vago in or

27  about October, 2012, turned out to be true, throughout the years and during the legal representation

28  of Vago by Klein until the Schweitzer Estate was closed, Vago repeatedly changed her story when

LAW OFFICES OF JEFFREY A. SLOTT, APC
15760 Ventura Boulevard, Suite 1600
Encino, CA  91436

-4-

**CROSS-COMPLAINT OF LESLIE KLEIN and LES KLEIN & ASSOCIATES**

LAW OFFICES OF JEFFREY A. SLOTT, APC
15760 Ventura Boulevard, Suite 1600
Encino, CA 91436

1   discussing the Estate of Schweitzer with Cross-Complainants. Prior to 2019, Vago signed

2   numerous documents under penalty of perjury, swearing that the Estate of Schweitzer was very

3   small, and at other times signed documents under penalty of perjury claiming that the Estate of

4   Schweitzer was as large as Ten Million Five Hundred Thousand Dollars ($10,500,000). Klein

5   prepared papers at the request of Vago as her legal counsel and pursuant to her instructions, and did

6   not question her differing opinions regarding the value of the Estate of Schweitzer until 2019, when

7   he learned that money received by the Estate of Schweitzer actually belonged to the Estate of

8   Lowenger, both of which estates were controlled by Vago!  Cross-Complainants are informed and

9   believe that as it turned out, Vago was engaged in a Ponzi Scheme, shuffling tens of millions of

10  dollars between the Schweitzer Estate and the Lowenger Estate, utilizing the Attorney-Client Trust

11  Account of Klein to accomplish her ultimate goal of repatriating tens of millions of dollars from

12  Europe, pursuant to an international tax fraud scheme she devised.

13       15.    In or about late October, 2012, when Cross-Defendant Vago first approached Cross-

14  Complainants to represent her in connection with the Schweitzer Estate, she told Klein that she has

15  access to millions of dollars in a foreign bank account, and that she wished to have the Fund

16  transferred to the United States. At that time, Vago did not identify the Fund as belonging to the

17  Estate of Schweitzer, nor did she identify the Fund as belonging to the Estate of Lowenger.  Klein

18  agreed to assist Cross-Defendant Vago in repatriating the Fund and properly advised her that she

19  would have to file tax returns on behalf of the ultimate recipient of the Fund.  At the time Cross-

20  Defendant Vago told Cross-Complainants about the Fund, she also identified an individual in

21  Switzerland, Cross-Defendant Jesselsohn, as having control of the Fund in a bank account under

22  his direct supervision and control.  Cross-Complainants are informed and believe that as part of the

23  international tax fraud scheme, Cross-Defendant Vago requested that Cross-Complainants allow

24  her to transfer tens of millions of dollars from the Jesselsohn accounts in Switzerland to the Client

25  Trust Account of Klein, which Klein agreed to do so long as Cross-Defendant Vago agreed that the

26  ultimate recipient of the Fund would file tax returns to acknowledge receipt of the Fund in the

27  United States.  Klein insisted on complying with all United States laws, including tax reporting

28  laws.  Cross-Complainants are informed and believe that at that point in time, Vago continued to

-5-

**CROSS-COMPLAINT OF LESLIE KLEIN and LES KLEIN & ASSOCIATES**

conceal from Klein her scheme and deceitfully made arrangements with Cross-Defendant Jesselsohn to send large sums of money to Klein's Client Trust Account for the sole benefit of Vago and to the exclusion of its true owner.

16.     Between late 2012 and 2019, Cross-Defendant Vago repatriated approximately Thirteen Million Three Hundred Thousand Dollars ($13,300,000) of the Fund through approximately ten or more wire transfers from Cross-Defendant Jesselsohn to Cross-Complainants' Trust Account, and/or to the account held by the Foundation managed by Klein.  The transfers were always in a sum just under One Million Dollars ($1,000,000) for each bank wire transfer, so that Vago could deceive the Internal Revenue Service, which has a red flag system for international wire transfers of One Million Dollars ($1,000,000) or more.

17.     Keeping in mind that Vago stood to inherit One Hundred Percent (100%) of the Schweitzer Estate and only one-third (1/3) of the Lowenger Estate, Vago eventually told Klein that the money belongs to the Estate of Schweitzer, and that he should prepare Estate Tax Returns accordingly.  Klein followed the instructions of his client, and ultimately prepared Estate Tax Returns for the Schweitzer Estate, claiming a total Estate value of Ten Million Five Hundred Thousand Dollars ($10,500,000), which is all that Vago wished to report as part of the Schweitzer Estate, despite the fact that she actually received from Cross-Defendant Jesselsohn the sum of Thirteen Million, Three Hundred Thousand Dollars ($13,300,000).  At all times herein mentioned, Cross-Complainants believed that the nearly Two Million Eight Hundred Thousand Dollars ($2,800,000) portion of the Fund not attributed to the Schweitzer Estate was being attributed to the Lowenger Estate by Cross-Defendant Vago, or was being kept by Cross-Defendant Vago as her personal money outside of the Schweitzer and Lowenger Estates.

18.     At all times herein mentioned, Cross-Complainants are informed and believe, and based upon such information and belief allege, that Cross-Defendant Vago never paid taxes on the remainder of the Fund not included in the Schweitzer Estate, nor as part of the Lowenger Estate. She also did not pay taxes on that balance in her own name.  At all times herein mentioned, Cross-Complainants did not participate in the preparation of tax returns for the Lowenger Estate, nor for Vago individually, and just assumed that other professionals were taking care of that requirement.

LAW OFFICES OF JEFFREY A. SLOTT, APC
15760 Ventura Boulevard, Suite 1600
Encino, CA 91436

-6-
**CROSS-COMPLAINT OF LESLIE KLEIN and LES KLEIN & ASSOCIATES**

LAW OFFICES OF JEFFREY A. SLOTT, APC
15760 Ventura Boulevard, Suite 1600
Encino, CA 91436

19.     Over the course of approximately seven years, from 2012 through 2019, Cross-Defendant Vago requested the aforesaid transfers of large sums of money from Cross-Defendant Jesselsohn to be deposited into the Attorney Trust Account of Cross-Complainants, with some of the Funds being directed to the aforesaid foundation managed by Cross-Complainants, at the specific instance and request of Cross-Defendant Vago.  The requests for money transfers were always in writing, signed by Vago and on the instruction of Vago were delivered to Cross-Defendant Jesselsohn by Cross-Complainants, without any designation that the Funds were being applied to the Estate of Schweitzer, or to the Estate of Lowenger, or to Vago individually.  Vago signed the Schweitzer Estate Tax Returns under penalty of perjury, claiming that the Estate of Schweitzer did not exceed Ten Million Five Hundred Thousand Dollars ($10,500,000), and upon filing those final tax returns the Schweitzer Estate was closed by Cross-Complainants in or about 2019.

20.     Between 2014 and 2019, Vago continued to draw funds from the international bank account of Cross-Defendant Jesselsohn, and those funds were deposited into the Attorney Trust Account of Cross-Complainants and/or the foundation managed buy Cross-Complainants, all on the instruction of Vago.  All of the additional transfers beyond the total of Ten Million Five Hundred Thousand Dollars ($10,500,000) reported on the Schweitzer Estate Tax Return were made in the same manner as those transfers described hereinabove (*i.e.,* in writing, directed to Cross-Defendant Jesselsohn, signed by Cross-Defendant Vago, and without any designation of the ultimate recipient and/or use of those funds).

21.     In 2019, Cross-Complainants continued to hold and manage several million dollars of the Fund at the request of Cross-Defendant Vago.  On or about 2016, Vago entered into an agreement with Klein, pursuant to which Cross-Defendant Vago instructed Cross-Complainants to invest the remaining Funds in life insurance trusts, to which Cross-Complainants agreed in writing, subject to various terms and conditions.

22.     In or about 2019, Cross-Complainants received notice from heirs of the Lowenger Estate claiming that all the money brought to the United States illegally by Cross-Defendant Vago actually belongs to the Estate of Lowenger, not to the Estate of Schweitzer, and not for the personal

-7-

LAW OFFICES OF JEFFREY A. SLOTT, APC
15760 Ventura Boulevard, Suite 1600
Encino, CA 91436

benefit of Cross-Defendant Vago. Upon learning this information, Cross-Complainants refused to release any additional funds to Cross-Defendant Vago, despite having done so on multiple occasions over the preceding seven years.

23.    At all times herein mentioned, Cross-Defendant Vago claims that the day before Schweitzer died in October, 2012, he whispered in her ear that he has a private fund of Eighteen Million Dollars ($18,000,000) in Switzerland, being held by a man who would contact her upon his death. Cross-Defendant Vago claims that upon the death of Schweitzer, Cross-Defendant Jesselsohn miraculously contacted her to tell her that he was holding Eighteen Million Dollars ($18,000,000) belonging to the Estate of Schweitzer. Cross-Defendant Vago never disclosed this purported "deathbed" conversation to Cross-Complainants until she sued Cross-Complainants in that certain lawsuit pending in the County of Los Angeles, State of California, LASC Case No. 20STCV25050 (the "Other Litigation"). In the Other Litigation, which is still pending at the time of filing this Cross-Complaint, Cross-Defendant Vago claims that Cross-Complainants are holding in excess of $8.5 million which belongs to her, as part of the Fund she received from Cross-Defendant Jesselsohn. Cross-Complainants are informed and believe, and based thereon allege, that for several days prior to his death, Schweitzer was in hospice and in a coma, unable to speak or communicate by any method. A true and correct copy of the Complaint in the Other Litigation is attached hereto as Exhibit "A" and is incorporated herein by this reference.

24.    The actual value of the life insurance trusts in which Cross-Complainants invested the balance of the Fund, at the request of Cross-Defendant Vago, is unknown to Cross-Complainants at this time. Cross-Complainants will seek leave of Court to amend this Cross-Complaint accordingly when the exact valuation of such investment becomes known. The aforesaid investment in life insurance trusts is currently managed by a company in California known as Life Capital Group, LLC ("LCG"), which manages multiple life insurance trusts and life insurance policy investments. The life insurance trusts and life insurance investment at Life Capital Group, LLC for the benefit of the Lowenger Estate, the Schweitzer Estate, or Erica Vago individually ("the Life Insurance Investment") are currently controlled by LCG, but subject to agreements under terms which do not result in a return on such investment until such time as the

-8-

**CROSS-COMPLAINT OF LESLIE KLEIN and LES KLEIN & ASSOCIATES**

human subjects of the various life insurance policies become deceased.  Upon the death of the

human subjects of the various life insurance policies which are the subject of the Life Insurance

Investment, the money from proceeds of the life insurance policies will be received by LCG.  Klein

is a member and manager of LCG

25.    As of the date of filing this Cross-Complaints, claims to the Life Insurance

Investment are being made by the Schweitzer Estate, Erica Vago individually, and Harry Baldinger

individually.  All of the aforesaid conflicting claims have been submitted to Klein in writing with

demands that Klein deliver and turn over the life insurance investment to each such claimant.

26.    At all times herein mentioned, Cross-Defendant Vago owes approximately $6.5

million in taxes to the Internal Revenue Service and the United States government, based upon the

amount of the Fund and the failure of said Cross-Defendant to file tax returns and pay the

appropriate taxes for the entirety thereof.

## FIRST CAUSE OF ACTION

### (For Equitable Indemnity As Against

### Cross-Defendants Vago, Baldinger, and Jesselsohn)

27.    Cross-Complainants hereby refer to the allegations set forth in Paragraphs 1 through

26 above, and incorporate same herein by this reference.

28.    Cross-Complainants hereby allege that if it is determined that they were in any

manner at fault for, and caused or contributed to, the damages alleged by Plaintiff in this action

and/or Vago in the Other Litigation, any such fault was vicarious, passive, and secondary, and the

duties, responsibilities, negligence, fault, fraud, culpability of Cross-Defendants herein, and each of

them, was active, primary, and affirmative.

29.    Any liability of Cross-Complainants herein to the Plaintiff in this case or to Vago in

the Other Litigation, if any, is directly attributable to the conduct of Cross-Defendants herein, and

each of them.  But for the acts and omissions of Cross-Defendants herein, the allegations of

Plaintiff herein and Vago in the Other Litigation would not have arisen, and the various breaches of

duties by Cross-Defendants herein, and each of them, are the legal cause of any claim for damages

by Plaintiff herein and Vago in the Other Litigation.  Accordingly, Cross-Complainants herein are

LAW OFFICES OF JEFFREY A. SLOTT, APC
15760 Ventura Boulevard, Suite 1600
Encino, CA  91436

entitled to indemnification by Cross-Defendants, and each of them, for any and all amounts that Cross-Complainants may pay or be called upon to pay by compromise, settlement, or judgment in the action brought by Plaintiff herein, or the action brought by Vago in the Other Litigation, and Cross-Complainants herein are entitled to recover all costs, fees and expenses in connection with the Complaint filed by the Plaintiff herein and the Complaint filed by Vago as Plaintiff in the Other Litigation. Cross-Complainants have not ascertained the full amount of their damages, but they are in excess of the jurisdictional limits of this Court.

30.    Cross-Complainants herein allege, in the alternative, that if all of the relief requested by Cross-Complainants herein is denied, then Cross-Complainants seek a determination of the proportion of negligence, fault and other wrongful conduct attributable to Cross-Complainants herein, if any, and that attributable to Cross-Defendants, and each of them, which caused any damages to Cross-Complainant in this case or Plaintiff Vago in the Other Litigation, based upon the principles of the law of comparative fault adopted in the State of California in *American Motorcycle Association v. Superior Court* (1978) 20 Cal.3d 578, and its progeny. Cross-Complainants are entitled to partial or full indemnity from Cross-Defendants, and each of them, on a comparative basis in an amount equal to the percentage of damages, if any, sustained by Cross-Complainant herein or Plaintiff Vago in the Other Litigation, which is proportionate to the negligence, fault, or other culpable conduct on the part of Cross-Defendants, and each of them.

## SECOND CAUSE OF ACTION

### (Fraud and Deceit As Against Cross-Defendant Vago)

31.    Cross-Complainants refer to the allegations set forth in Paragraphs 1 through 26, 28 and 29 above, and incorporate same herein by this reference.

32.    At all times herein mentioned, Cross-Defendant Vago owed and continues to owe Cross-Complainants a general duty to disclose to Cross-Complainants all facts, circumstances, and knowledge known to said Cross-Defendant concerning the Fund, the Schweitzer Estate, the Lowenger Estate, and the identification, use, description, and/or application of the Fund, the filing or non-filing of tax returns relating to some or all of the Fund, and the basis for all of Vago's conduct and/or omissions to act in connection therewith.

-10-

**CROSS-COMPLAINT OF LESLIE KLEIN and LES KLEIN & ASSOCIATES**

LAW OFFICES OF JEFFREY A. SLOTT, APC
15760 Ventura Boulevard, Suite 1600
Encino, CA 91436

33.    The aforesaid conduct on the part of Cross-Defendant Vago, and each of them, as heretofore alleged, was fraudulent and deceitful in that said Cross-Defendant knowingly, willingly, and willfully failed and refused to disclose to Cross-Complainants the true nature, extent, value, and/or characterization of the Schweitzer Estate, the Lowenger Estate, the Fund and/or the basis for said Cross-Defendant's use and application of proceeds from the Fund.  In addition to the foregoing, Cross-Defendant Vago deceived Cross-Complainant for the purpose of wrongfully and illegally utilizing Cross-Complainants' Attorney/Client Trust Account, so that the Cross-Defendant could implement and accomplish her scheme to defraud Cross-Complainants, the Internal Revenue Service and other taxing authorities, the United States Government, the Estate of Lowenger, Baldinger, and Jesselsohn.

34.    The manner in which Cross-Defendant Vago conducted herself as heretofore alleged constitutes deceit under Civil Code section 1709.

35.    At all times herein mentioned, Cross-Complainant justifiably relied on the misrepresentations, instructions, false claims, lies and devious and deceitful conduct and maneuverings regarding the Estate of Schweitzer, the Estate of Lowenger, and the private interests of Cross-Defendant Vago, all to the detriment of Cross-Complainants.  Reliance on the part of Cross-Complainants was justified in that they were longtime friends of said Cross-Defendant, were part of a religious community with said Cross-Defendant, and were placed in a position of authority, trust and control, so that Cross-Complainants, instead of said Cross-Defendant, would be held responsible for the fraudulent Court filings in regard to the Schweitzer Estate, and the failure to pay taxes upon receipt of the Fund, all according to the scheme plotted by Cross-Defendant Vago.

36.    Cross-Complainants did not discover the aforesaid fraud until in or about the Fall of 2019, when Cross-Complainants learned about the claims of Baldinger and other heirs to the Lowenger Estate that the Fund belongs to the Lowenger Estate and not to Cross-Defendant Vago or the Schweitzer Estate.  Once the scheme was suspected by Cross-Complainants, they refrained from engaging in further dealings with Cross-Defendant Vago and so advised Cross-Defendant Vago.

-11-

**CROSS-COMPLAINT OF LESLIE KLEIN and LES KLEIN & ASSOCIATES**

37.     As a direct and proximate result of the aforesaid fraud and deceit by Cross-Defendant Vago, as heretofore alleged, Cross-Complainants have suffered special damages, consisting of out-of-pocket expenditures for managing the life insurance investments, filing papers with the Court, preparing and filing tax returns for the Schweitzer Estate, and other related expenses, all in a sum to be determined according to proof.  Cross-Complainants will seek leave of Court to amend this Cross-Complaint accordingly when the exact nature and extent of all such damages has been ascertained.

38.     As a further direct and proximate result of the aforesaid fraudulent and deceitful conduct on the part of Cross-Defendant Vago, Cross-Complainants have suffered general damages, loss of goodwill, loss of earnings, loss of reputation, and other general damages which are the direct result of said Cross-Defendant's aforesaid conduct, all in a sum to be determined according to proof.  Cross-Complainants will seek leave of Court to amend this Cross-Complaint accordingly when the exact nature and extent of all such damages has been ascertained.

39.     The aforesaid conduct on the part of Cross-Defendant Vago, and each of them, was deceitful, intentional, willful, wanton, malicious, fraudulent, and undertaken in conscious disregard of the rights of Cross-Complainants.  Such conduct was and is despicable by even the most liberal standards.  Cross-Complainants therefore seek an award of exemplary and punitive damages against said Cross-Defendant, and each of them, in a sum to be determined according to proof.  Cross-Complainants will seek leave of Court to amend this Cross-Complaint accordingly when the exact nature and extent of all such damages has been ascertained.

40.     As a direct and proximate result of the aforesaid deceitful and fraudulent conduct on the part of said Cross-Defendant, and each of them, as heretofore alleged, Cross-Complainants seek a full and/or partial rescission of any and all agreements on the part of Cross-Complainants to perform services for said Cross-Defendant, to invest or manage investments with or for said Cross-Defendant, and to undertake any conduct or activities associated with the balance of the Fund.  Cross-Complainants hereby seek an Order from the Court disgorging Cross-Defendant Vago from any and all financial benefits they fraudulently and deceitfully derived from their activities, association and/or relationship with Cross-Complainants through their wrongful conduct as

LAW OFFICES OF JEFFREY A. SLOTT, APC
15760 Ventura Boulevard, Suite 1600
Encino, CA 91436

-12-

**CROSS-COMPLAINT OF LESLIE KLEIN and LES KLEIN & ASSOCIATES**

1    heretofore alleged.

2    ## THIRD CAUSE OF ACTION

3    ### (Financial Elder Abuse By Cross-Complainant Leslie Klein

4    ### As Against Cross-Defendant Vago)

5    41.    Cross-Complainants refer to the allegations as set forth in Paragraphs 1 through 26,

6    28, 29 and 32 through 36, above, and incorporate same herein by this reference.

7    42.    Cross-Complainant Leslie Klein was born in 1947 and attained the age of 65 in

8    2012.  Accordingly, at the time Cross-Defendant Vago engaged in the aforesaid unlawful activities,

9    Cross-Complainant Leslie Klein was an "Elder," as defined in section 15610.27 of the California

10   *Welfare and Institutions* Code.

11   43.    Cross-Defendant Vago has defrauded Cross-Complainant Leslie Klein and has

12   otherwise caused damage to Cross-Complainant Leslie Klein, as heretofore alleged.

13   44.    As a direct and proximate result of the aforesaid conduct on the part of Cross-

14   Defendant Vago, Cross-Complainant Leslie Klein has suffered and will continue to suffer

15   substantial damages in an amount to be determined at Trial, according to proof.

16   45.    As a direct and proximate result of the actions of Cross-Defendant Vago, Cross-

17   Complainant Leslie Klein was forced to retain counsel to file this Cross-Complaint and to defend

18   himself in the Other Litigation.  Based on the foregoing, Cross-Complainant Leslie Klein alleges

19   that the actions of Cross-Defendant Vago were committed fraudulently, willfully and maliciously,

20   and constitute Financial Elder Abuse under *Welfare and Institutions* Code section 15610.30.

21   Cross-Complainant Leslie Klein is therefore entitled to a mandatory award of attorneys' and costs,

22   and other damages incurred in this matter under *Welfare and Institutions* Code section 1567.5.

23   ## FOURTH CAUSE OF ACTION

24   ### (Breach of Covenant of Good Faith And Fair Dealing By Cross-Complainants

25   ### As Against Cross-Defendant Vago)

26   46.    Cross-Complainants refer to the allegations set forth in Paragraphs 1 through 26, 28,

27   29 and 32 through 36, above, and incorporate same herein by this reference.

28   47.    In all agreements entered into among attorneys and their clients, including those

LAW OFFICES OF JEFFREY A. SLOTT, APC
15760 Ventura Boulevard, Suite 1600
Encino, CA 91436

-13-
**CROSS-COMPLAINT OF LESLIE KLEIN and LES KLEIN & ASSOCIATES**

LAW OFFICES OF JEFFREY A. SLOTT, APC
15760 Ventura Boulevard, Suite 1600
Encino, CA 91436

1  entered into by and between Cross-Complainants and Cross-Defendant Vago herein, there exists an

2  implied covenant of good faith and fair dealing, pursuant to which each party must treat the other

3  in good faith, fairly and honestly, thereby ensuring that all parties to the agreements and

4  arrangements would benefit from the aforesaid agreements and arrangements.  At all times herein

5  mentioned, Cross-Complainants are informed and believe, and thereon allege, that Cross-

6  Defendant Vago acted in bad faith in committing the aforesaid fraud, and engaging in the aforesaid

7  tax fraud scheme, all to the detriment of Cross-Complainants.

8      48.    At all times herein mentioned, there existed an implied covenant of good faith and

9  fair dealing as among Cross-Complainants and Cross-Defendant Vago, in regard to the business

10 relationship and financial dealings hereinabove described, pursuant to which said Cross-Defendant

11 owed a duty to act in good faith and with fair dealings, in an honest manner, ensuring that to the

12 best of their ability, Cross-Complainants would receive the benefit of their involvement in the

13 business relationship.

14     49.    From in or about late 2012 through the present, Cross-Defendant Vago breached her

15 implied covenant of good faith and fair dealing in regard to her business relationship with Cross-

16 Complainants by engaging in the aforesaid fraudulent, illicit, unfair, illegal and disloyal conduct.

17     50.    As a direct and proximate result of the aforesaid breach of the implied covenant of

18 good faith and fair dealing by Cross-Defendant Vago, Cross-Complainant has sustained damages

19 in a certain but presently unascertained sum.  Cross-Complainant will seek leave of Court to amend

20 this Cross-Complaint accordingly when the exact nature and extent of all such damages has been

21 ascertained.

22     51.    The aforesaid conduct on the part of said Cross-Defendant was intentional, willful,

23 fraudulent, deceitful, malicious, and undertaken in conscious disregard of the rights of Cross-

24 Complainants.  Such conduct was, by even the lowest standards, outrageous and despicable.

25 Cross-Complainants are therefore entitled to and hereby seek an award of exemplary and punitive

26 damages, in a sum to be determined according to proof.

27 ///

28 ///

**FIFTH CAUSE OF ACTION**

**(Violation of Racketeering Influenced And Corrupt Organizations Act (RICO)**

**[18 U.S.C. Sections 1962(a)-(d)] By Cross-Complainants**

**As Against Cross-Defendant Vago)**

52.     Cross-Complainant refers to the allegations set forth in Paragraphs 1 through 26, 28, 29, 32 through 36, 42 through 44 and 47 through 49, above, and incorporates same herein by this reference.

53.     At all times herein mentioned, the foregoing conduct of Cross-Defendant Vago constituted and constitutes racketeering activity as defined in 18 U.S.C. Section 1961(1) inasmuch as such activity constitutes fraud, mail fraud, wire fraud, fraud relating to financial institutions, interference with commerce, racketeering, and engaging in monetary transactions and property derived from specific unlawful activity.  At all times herein mentioned, the foregoing activity constitutes a pattern of racketeering within the meaning of such phrases in 18 U.S.C. Section 1961(5).

54.     At all times herein mentioned, Cross-Defendant Vago and her husband, Joseph Vago, and in conjunction with other individuals including Jesselsohn, with whom said Cross-Defendant worked together, conspired and assisted in all of the aforesaid activities undertaken by said Cross-Defendants, and each of them, and acted as principals in connection with such racketeering activity.  At all times herein mentioned, said Cross-Defendants, and each of them, received income from the aforesaid pattern of racketeering activity, and invested such income and/or the proceeds thereof through the acquisition of and interest in, or the establishment or operation of, the aforesaid life insurance trusts, the Schweitzer Estate, the Lowenger Estate, and as tenants-in-common, through ownership of the Fund repatriated to the United States unlawfully, through which the aforesaid activities were conducted via interstate commerce and international bank wires.

55.     The aforesaid conduct of Cross-Defendant Vago constitutes a violation of 18 U.S.C. Sections 1962(a)-(d), for which Cross-Complainants are entitled to recover damages.

56.     As a direct and proximate result of the aforesaid racketeering activities of said

**CROSS-COMPLAINT OF LESLIE KLEIN and LES KLEIN & ASSOCIATES**

LAW OFFICES OF JEFFREY A. SLOTT, APC
15760 Ventura Boulevard, Suite 1600
Encino, CA  91436

1    Cross-Defendants, and each of them, Cross-Complainant has been damaged in a certain, but

2    presently unascertained, sum in excess of Eight Million Dollars ($8,000,000).  Cross-Complainants

3    will seek leave of Court to amend this Cross-Complaint accordingly when the exact nature and

4    extent of all such damages has been ascertained.

5          57.    Based upon the aforesaid conduct by said Cross-Defendants, and each of them,

6    Cross-Complainants are entitled to, and hereby seek, treble damages, plus attorney's fees.

7                                    **SIXTH CAUSE OF ACTION**

8          **(Interpleader By Cross-Complainants As Against All Cross-Defendants)**

9          58.    Cross-Complainants refer to the allegations set forth in Paragraphs 1 through 28, 32

10   through 36, 42 through 44 and 47, above, and incorporate same herein by this reference.

11         59.    Based on the foregoing, Cross-Complainants could be liable to conflicting claimants

12   relating to the balance of the Fund, over which management and control has been bestowed by

13   Cross-Defendant Vago upon Cross-Complainants.  Cross-Defendant Vago asserts some claim to

14   right, title, interest and/or possession and control over the balance of the Fund presently invested in

15   the aforesaid Life Insurance Investment, the exact value of which is unknown to Cross-

16   Complainants at this time.  Cross-Complainant will seek leave of Court to amend this Cross-

17   Complaint accordingly when the exact extent and value of the Life Insurance Investment has been

18   ascertained.

19         60.    Each of the Cross-Defendants claims that the balance of the Fund belongs to them,

20   and therefore all of it, included that invested in the Life Insurance Investment, is subject to the

21   claim of each Cross-Defendant that they each own all of such Fund, including the remaining

22   balance thereof and the investments made therewith, as heretofore alleged.

23         61.    Cross-Complainants are indifferent with respect to which of Cross-Defendants the

24   Cross-Complainants should deliver possession, management and/or control of the Fund and/or the

25   balance thereof and investments made therewith, and Cross-Complainants claim no interest in such

26   property, money, or investments.

27         62.    The aforesaid respective claims by said Cross-Defendants, and each of them, are

28   adverse and conflicting, and are made without Cross-Complainants' collusion.  Cross-

LAW OFFICES OF JEFFREY A. SLOTT, APC
15760 Ventura Boulevard, Suite 1600
Encino, CA 91436

-16-

**CROSS-COMPLAINT OF LESLIE KLEIN and LES KLEIN & ASSOCIATES**

Complainants are unable to safely determine which of the aforesaid claims is valid.

63.     Cross-Complainant seeks to deposit the entirety of the balance of the Fund, all rights to the Fund, all investments made with proceeds from the Fund, and any other tangible and intangible, inchoate and/or physical property, money and/or rights associated with the Fund and/or the investments made therewith with the Clerk of this Court upon seeking an Order therefor.

64.     Cross-Defendants Vago and Baldinger have commenced separate actions against Cross-Complainants on their respective claims.  The *Vago* action consists of the Other Litigation, and the *Baldinger* action consists of this lawsuit, in which Cross-Complainants have been sued. Cross-Defendants Vago and Baldinger have threatened to pursue, and are pursuing, damage claims against Cross-Complainants on their respective claims and based on the foregoing, Cross-Complainants fear that unless restrained by an Order of the Court, Cross-Defendants will pursue such actions on their conflicting claims as against Cross-Complainants.

65.     Based on the foregoing, it is necessary to restrain the prosecution of the Other Litigation and the Complaint filed by Baldinger herein, which have been commenced against Cross-Complainants, and in order to prevent a multiplicity of judicial proceedings and to prevent Cross-Complainants from facing vexatious litigation with respect to the above-described property, money and/or investments.

## SEVENTH CAUSE OF ACTION

### (Declaratory Relief As Against All Cross-Defendants)

66.     Cross-Complainants refer to the allegations set forth in Paragraphs 1 through 65, above, and incorporate same herein by this reference.

67.     Cross-Complainants contend that they have suffered damages as the result of the fraud and breaches of duties by Cross-Defendant Vago.  Cross-Complainants contend that Baldinger, Jesselsohn and Vago are all making claims to, for and against the Fund, some or all portions and/or balances thereof, and against investments resulting therefrom, and/or utilizing the proceeds thereof.  Cross-Complainants contend that the conflicting claims of Baldinger, Vago and Jesselsohn are subject to disposition under the Sixth Cause of Action of this Cross-Complaint, that Cross-Complainants have no interest, stake or other claim to the Fund or any portion thereof, and

LAW OFFICES OF JEFFREY A. SLOTT, APC
15760 Ventura Boulevard, Suite 1600
Encino, CA 91436

-17-

**CROSS-COMPLAINT OF LESLIE KLEIN and LES KLEIN & ASSOCIATES**

LAW OFFICES OF JEFFREY A. SLOTT, APC
15760 Ventura Boulevard, Suite 1600
Encino, CA 91436

that they should be removed from the dispute and conflicting claims by Order of this Court. Cross-Defendants Vago and Baldinger have asserted conflicting claims against Cross-Complainants involving the Fund and investments made with the proceeds thereof.

68.    Cross-Complainants seek a Declaration from the Court that the conflicting claims of Baldinger, Vago and Jesselsohn must be resolved pursuant to the Sixth Cause of Action herein, and that Cross-Complainants have no liability to any of the aforesaid claimants involving their conflicting claims.

69.    An actual controversy has arisen and now exists among Cross-Complainants and Cross-Defendants, and each of them, regarding their respective rights and obligations in connection with the conflicting claims over the Fund and investments made with proceeds thereof, including the attendant business relationships and dealings associated therewith.

70.    Cross-Defendants, and each of them, dispute their respective claims, contend that Cross-Complainants are not subject to conflicting claims, that Cross-Defendants did not defraud Cross-Complainants or violate the rights of Cross-Complainants in any respect, and that Cross-Complainants have no right to interplead the Fund or any investments made with the proceeds thereof.

71.    Cross-Complainants hereby seek a declaration and determination by the Court with regard to the foregoing contentions of the parties and the conflicting claims among them.

WHEREFORE, Cross-Complainants pray for Judgment against Cross-Defendants, and each of them, as follows:

### FIRST CAUSE OF ACTION

1.    For a Judgment that one or more of the Cross-Defendants must equitably indemnify Cross-Complainants;

2.    Alternatively, that Judgment be rendered against Cross-Defendants determining their respective comparative responsibility and/or fault in connection with their conflicting claims and the Other Litigation;

3.    For damages according to proof at Trial;

4.    For attorney's fees, costs, and other expenses incurred by Cross-Complainants in

-18-

**CROSS-COMPLAINT OF LESLIE KLEIN and LES KLEIN & ASSOCIATES**

1   this action and the Other Litigation according to proof at Trial;

2        5.     For such other and further relief as the Court may deem just and proper.

3   <center>**SECOND CAUSE OF ACTION**</center>

4        1.     For special damages for out-of-pocket expenses incurred by Cross-Complainants,

5   according to proof;

6        2.     For general damages, according to proof;

7        3.     For punitive damages, according to proof;

8        4.     For pre-Judgment interest;

9        5.     For costs of suit incurred herein; and

10       6.     For such other and further relief as the Court may deem just and proper.

11  <center>**THIRD CAUSE OF ACTION**</center>

12       1.     For compensatory and consequential damages, according to proof;

13       2.     For special damages for out-of-pocket expenses, according to proof;

14       3.     For pre-Judgment interest, according to proof;

15       4.     For punitive and exemplary damages in a sum to be determined according to proof;

16       5.     For attorney's fees, according to proof;

17       6.     For costs of suit incurred herein; and

18       7.     For such other and further relief as the Court may deem just and proper.

19  <center>**FOURTH CAUSE OF ACTION**</center>

20       1.     For special damages for out-of-pocket expenses incurred by Cross-Complainants,

21  according to proof;

22       2.     For general damages, according to proof;

23       3.     For punitive damages, according to proof;

24       4.     For pre-Judgment interest;

25       5.     For costs of suit incurred herein; and

26       6.     For such other and further relief as the Court may deem just and proper.

27  <center>**FIFTH CAUSE OF ACTION**</center>

28       1.     For damages, according to proof;

LAW OFFICES OF JEFFREY A. SLOTT, APC
15760 Ventura Boulevard, Suite 1600
Encino, CA  91436

-19-

**CROSS-COMPLAINT OF LESLIE KLEIN and LES KLEIN & ASSOCIATES**

LAW OFFICES OF JEFFREY A. SLOTT, APC
15760 Ventura Boulevard, Suite 1600
Encino, CA  91436

2.    For treble damages, according to proof;

3.    For attorney's fees, according to proof;

4.    For pre-Judgment Interest;

5.    For costs of suit incurred herein; and

6.    For such other and further relief as the Court may deem just and proper.

## SIXTH CAUSE OF ACTION

1.    That Cross-Defendants be ordered to interplead and litigate their respective claims and rights to the above-described Property, money, and/or rights and investments relating thereto;

2.    That Cross-Complainants be discharged from any and all liability on account of the conflicting claims of each of the Cross-Defendants;

3.    That Cross-Defendants be restrained and enjoined from prosecution of their various actions, including the Other Litigation, against Cross-Complainants on their respective conflicting claims, and that Cross-Defendants be restrained and enjoined from instituting any additional actions against Cross-Complainants on their respective conflicting claims;

4.    For attorney's fees, according to proof;

5.    For costs of suit incurred herein; and

6.    For such other and further relief as the Court may deem just and proper.

## SEVENTH CAUSE OF ACTION

1.    For a declaration by the Court as to the rights and obligations of the Parties as herein described;

2.    For costs of suit incurred herein; and

3.    For such other and further relief as the Court may deem just and proper

Dated:  August 10, 2022        LAW OFFICES OF JEFFREY A. SLOTT

By:  _____

Jeffrey A. Slott
Attorney for Defendants and Cross-
Complainants LESLIE KLEIN and
LES KLEIN & ASSOCIATES, INC.

-20-

**CROSS-COMPLAINT OF LESLIE KLEIN and LES KLEIN & ASSOCIATES**

LAW OFFICES OF JEFFREY A. SLOTT, APC
15760 Ventura Boulevard, Suite 1600
Encino, CA 91436

## VERIFICATION

I, LESLIE KLEIN, individually and as President of Les Klein & Associates, Inc., are the Cross-Complainants in the above-entitled action.  I have read the foregoing Cross-Complaint and know the contents thereof.  The contents of the within Cross-Complaint are true of my own knowledge, except as to those matters which are therein alleged on information belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 11th day of August, 2022, at Sherman Oaks, California.

Leslie Klein, individual and as
President of Les Klein & Associates, Inc.

-21-
**KLEIN DEFENDANTS' CROSS-COMPLAINT**

1

**PROOF OF SERVICE**
*Baldinger v. Vago, etc., et al.*
LASC Case No. 22STCV18168

2

3

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

5          At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 15760 Ventura Boulevard, Suite 1600, Encino, California 91436.

6

7          On **August 11, 2022,** I served true copies of the following document described as **CROSS-COMPLAINT OF LESLIE KLEIN and LES KLEIN & ASSOCIATES** on the interested parties in this action as follows:

8

9                            **SEE ATTACHED SERVICE LIST**

10

11  ☒ **BY U.S. MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service

12  on that same day with postage thereon fully prepaid at Encino, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal

13  cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

14

15  ☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION**: I caused the document(s) listed to be sent from e-mail address **lreuben327@aol.com** to the person(s) at the e-mail address(es) listed on

16  the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

17          I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

18

19          Executed on **August 11, 2022,** at Encino, California.

20

21                            Sharon Alsina

22

23

24

25

26

27

28

LAW OFFICES OF JEFFREY A. SLOTT, APC
15760 Ventura Boulevard, Suite 1600
Encino, CA 91436

-22-
**CROSS-COMPLAINT OF LESLIE KLEIN and LES KLEIN & ASSOCIATES**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF JEFFREY A. SLOTT, APC
15760 Ventura Boulevard, Suite 1600
Encino, CA 91436

### SERVICE LIST
*Baldinger v. Vago, etc., et al.*
LASC Case No. 22STCV18168

Jeffrey Alpert, Esq.
Dean Asher, Esq.
ALPERT LAW GROUP, APC
16133 Ventura Blvd., Ste. 1180
Encino, CA 91436
Telephone:     (818) 285-5370
Facsimile:      (818) 285-5371
Email:          jeff@alpertlawgroup.com
*Attorneys for Plaintiffs and Cross-Defendant*
*DR. HARRY BALDINGER*


Brian Procel
PROCEL LAW, PLC
401 Wilshire Blvd., 12th Floor
Santa Monica, CA 90401
Telephone:     (424) 788-4538
Email:          brian@procel-law.com
*Attorneys for Cross-Defendants JOSEH*
*VAGO and ERICA VAGO*

-23-

**CROSS-COMPLAINT OF LESLIE KLEIN and LES KLEIN & ASSOCIATES**

# EXHIBIT C

BUCHALTER
A Professional Corporation
MICHAEL L. WACHTELL (SBN: 47218)
C. DANA HOBART (SBN: 125139)
MICHAEL J. WORTH (SBN: 291817)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA  90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400
Email: mwachtell@buchalter.com

Attorneys for Defendants,
LESLIE KLEIN and LES KLEIN & ASSOCIATES, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| JOSEPH VAGO and ERICA VAGO,<br><br>        Plaintiffs,<br><br>      vs.<br><br>LESLIE KLEIN, an individual; LES KLEIN &<br>ASSOCIATES, INC., a corporation; KENNETH<br>KOLEV KLEIN, an individual; LAW OFFICE<br>OF KENNETH KLEIN, P.C., a corporation; and<br>DOES 1-25,<br><br>        Defendants. | CASE NO. 20STCV25050<br>Assigned to Honorable Terry Green<br>Department:  14<br><br>**DECLARATION OF LESLIE KLEIN IN<br>SUPPORT OF DEFENDANTS LESLIE<br>KLEIN'S AND LES KLEIN &<br>ASSOCIATES, INC.'S OPPOSITION TO<br>PLAINTIFFS' MOTION FOR<br>SANCTIONS**<br><br>[Filed Concurrently with Opposition]<br><br>Date:      March 22, 2022<br>Time:     8:45 a.m.<br>Dept.:     14<br><br>Complaint filed:  July 1, 2020<br><br>**RESERVATION ID: 662675604403** |

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 69073091v2
1
DECLARATION OF LESLIE KLEIN
EXHIBIT C
Page 1 of 7

## DECLARATION OF LESLIE KLEIN

I, Leslie Klein, hereby declare as follows:

1.        I am Leslie Klein, an individual over the age of 18 and a named defendant in the above referenced action. I am an attorney at and principal of the law firm Les Klein & Associates, Inc., which is also a named defendant in the above referenced action. I make this Declaration in support of defendant Leslie Klein's and Les Klein & Associates, Inc.'s (collectively, "Defendants") Opposition to plaintiffs Joseph Vago's and Erica Vago's (collectively, "Plaintiffs") Motion for Sanctions against Defendants ("Motion"). The following facts are true of my personal knowledge, except as to matters stated as being based upon information and belief, and as to those matters, I believe such information and belief to be true. If called upon to do so, I could and would competently testify to the truth thereof.

2.        I have been a practicing attorney and have never experienced anything like what I am currently dealing with regarding the Vagos and their attorneys.

3.        My attorneys have taken the deposition of Joseph Vago, which I attended remotely and he testified in pertinent part in the paragraphs below:

4.        The money at issue in this action that Erica Vago told me belonged to her late brother Robert Schweitzer is not true. Joseph Vago testified that he and his wife Erica were told by Dr. David Jeselsohn, who lives in Switzerland, but met them in Israel about a month after her brother's death in late 2012, that he held $18,000,000 in an account in Switzerland. Over a number of years, they sent requests to Dr. Jeselsohn to wire money to my Trust account at the Bank of America and to an EKLK Foundation account also at the Bank of America. Mr. Vago testified that over several years he wired $15,000,000 to my Trust Account and the EKLK Foundation account. He knows that these funds were never reported to the IRS by Robert Schweitzer, or by him or his wife, as a foreign account of Robert Schweitzer, and the tax penalty is $7,500,000. He also knows that there is income tax on the foreign account and interest amounting to another $4,000,000.

5.        On information and belief, the Vagos owe the IRS about $11,500,000 relating to the money at issue in this action.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 69073091v2                                    2
DECLARATION OF LESLIE KLEIN
EXHIBIT C                                    Page 2 of 7

6.      Mr. Vago further testified that Dr. David Jeselsohn kept $3,000,000 of the $18,000,000, which he was told was for costs and taxes, but he never got any proof of these alleged expenses. This makes no sense since there would not be any taxes due on money held by Dr. Jeselsohn if he was simply holding those funds in trust for the owner of those funds.

7.      I spoke to Dr. Jeselsohn a number of times since the filing of this action. He verified to me that the money does not belong to Mr. Vago's brother-in-law, Robert Schweitzer, and that no taxes were paid to the U.S. IRS on these funds. Rather, he told me that the money belongs to the Lowinger family. On information and belief, Robert Schweitzer never filed tax returns, and never had any bank accounts with funds exceeding $50,000. I am further informed and believe that when Mr. Schweitzer filed for divorce from his former wife about 7 years before his death, he declared under oath to the court that he had no assets.

8.      I have discovered that the assets to which Plaintiffs are making a claim in this action belong to Eva Lowinger and Louis Lowinger. Dr. Jeselsohn could have kept all of this money. According to Dr. Jeselsohn, he also told the Vagos that he will never pay them interest. The Lowinger family has been searching for this money, as it belongs to them, and Erica Vago, who was the successor Executor of the Louis Lowinger estate in New York after Robert Schweitzer, the original executor, died, was sued by other beneficiaries for not recovering the money that she claims her brother left her for the Lowinger estate.

9.      Mr. Vago further testified that I purchased a duplex house taken in the name of the Estate of Robert Schweitzer for $1,700,000, and that one unit is occupied by Vago's daughter and the other unit is rented out. He also testified that I gave $2,000,000 to their designated charities, which were part of the fraud, and gave them personally $500,000 in cash, as an advance on their case. He also testified that I paid $440,000 of their credit card bills. He testified that they never signed an engagement agreement with me, received bills from me for legal services, and never paid me any legal fees except for a check that they gave me to cover travel expenses on a trip to Europe to meet Dr. Jeselsohn, which they falsely claim was a retainer for legal services.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 69073091v2                                3
DECLARATION OF LESLIE KLEIN
EXHIBIT C                                                    Page 3 of 7

10.     The Vagos have no case. Mr. Vago testified that he and his wife are both registered mortgage brokers and Erica Vago is a retired loan officer with several major money center banks. They are attempting to blackmail me into giving them more money, but the answer is "No." They already received cash relating to the house. They are trying to steal another house from the Lowinger family in Israel, and they stole another house in Los Angeles. The Lowinger family has advised me that it will retain attorneys and sue the Vagos and me. In fact, I was named and summoned to appear in a proceeding before a Rabbinical Court in Lakewood, New Jersey filed by Dr. Baldinger to which I appeared. Erica Vago was also named and summoned to appear and intentionally failed to appear.

11.     I am holding $6,500,000 of insurance policies, which rightfully belongs to Louis Lowinger because the premiums have been paid with the Lowinger money that I received from Dr. Jeselsohn. They need to reopen the Estate in New York.

12.     My attorneys have hired Kinsel Forensic Accounting LLC to reconstruct the premiums that I paid on the six relevant insurance policies. When the insureds pass and the policy benefits are paid, the Vagos will get nothing, as Mr. Vago testified that they want to make sure that they pay any funds that are payable to the IRS. I believe that any remaining funds are properly the property of the Lowinger heirs.

13.     Through counsel, I provided Plaintiffs' counsel with the names of the six relevant insurance policies, and the names of the insurance companies where the policies are held. Plaintiffs' counsel can write letters to the applicable insurance companies to obtain the information they are seeking. The six relevant insurance policies are as follows: (1) Rosalia Feldman – Lincoln; (2) Carole Seidman – Security Life of Denver; (3) Lois Goodkin – America General; (4) Agnes Roth – American General; (5) Isaac Kirzner – American General; and (6) Ann Radow – American General.

14.     Through my counsel, I provided Plaintiffs with all of the information in my possession, custody, and control relating to these policies, even though I do not believe that Plaintiffs are entitled to such information.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 69073091v2                                4

DECLARATION OF LESLIE KLEIN
EXHIBIT C                                Page 4 of 7

15.     I believe that the Vagos are conspiring to defraud the United States government, by not disclosing and reporting the offshore account held by Dr. Jeselsohn, which was remitted to the Plaintiffs over a number of years at the specific request of the Vagos, and I will not be part of it.

16.     Plaintiffs are scheduled to take my deposition on April 8, 2022, and I will appear as noticed.

17.     Counsel acting on my behalf along with the attorneys for Kenneth Klein will take Erica Vago's deposition thereafter on April 11, 2022. Then, counsel acting on my behalf will take the depositions of: Dr. Jesselsohn in Switzerland, Dr. Harry Baldinger, Judy Baldinger, Danny Lowinger, Danny Lowinger's wife, Abraham Lowinger, the Person Most Qualified of Fidelity Investments and/or its Custodian of Records, Mr. Schlesinger of Merrill Lynch, and the divorced wife of Robert Schweitzer, Rivka Rokeach, the attorney who represented Rivka, Morris Lowinger's wife, and his two sons, the CEO of Rabbi Meir Bal Hanes, and the CEO of Lamberger Charities. Five of the depositions will take place in Israel, one will take place in Switzerland, and six will take place in New York. Defendants intend to schedule all these depositions after Mrs. Vago's deposition has been taken.

18.     Now that I know what happened in this matter, and am further verifying said facts and circumstances, I intend on filing a motion for summary judgment.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on March 9, 2022, at Sherman Oaks, California.

_____
LESLIE KLEIN

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 69073091v2                                5
DECLARATION OF LESLIE KLEIN
EXHIBIT C                                                    Page 5 of 7

## PROOF OF SERVICE

*Vago v. Klein*
LASC (Central) Case No. 20STCV25050

I am employed in the County of Los Angeles , State of California.  I am over the age of 18

and not a party to the within action.  My business address is at BUCHALTER, A Professional

Corporation, 1000 Wilshire Boulevard, Suite 1500, Los Angeles, CA  90017-2457.

On the date set forth below, I served the foregoing document described as

**DECLARATION OF LESLIE KLEIN IN SUPPORT OF DEFENDANTS LESLIE**

**KLEIN'S AND LES KLEIN & ASSOCIATES, INC.'S OPPOSITION TO PLAINTIFFS'**

**MOTION FOR SANCTIONS** on all other parties and/or their attorney(s) of record as follows:

### **SEE ATTACHED SERVICE LIST**

☑       **BY EMAIL**  On **March 9, 2022**, I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct to the best of my knowledge.  Executed on **March 9, 2022**, at Los

Angeles, California.


Elizabeth Hernandez                          */s/ Elizabeth Hernandez*
                                             (Signature)

## SERVICE LIST

*Vago v. Klein*
LASC (Central) Case No. 20STCV25050

| | |
|---|---|
| Brian Procel, Esq.<br>PROCEL LAW, PLC<br>2425 Olympic Boulevard, Suite 4000-W<br>Santa Monica, CA 90404<br>Tel: 424.788.4538<br>Email:  brian@procel-law.com | *Attorneys for Plaintiffs*<br>*JOSEPH VAGO and ERICA VAGO* |
| Adam M. Agatston, Esq.<br>MILLER BARONDESS, LLP<br>1999 Avenue of the Stars, Suite 1000<br>Los Angeles, CA  90067<br>Tel: 310.552-4400<br>Email: aagatston@millerbarondess.com | *Attorneys for Plaintiffs*<br>*JOSEPH VAGO and ERICA VAGO* |
| Jeffrey G. Huron, Esq.<br>Thi Hoang Ho, Esq.<br>Dykema Gossett LLP<br>333 S. Grand Ave., Ste. 2100<br>Los Angeles, CA 90071<br>Tel: 213.457.1800<br>Fax: 213.457.1850<br>Email: JHuron@dykema.com<br>          THo@dykema.com | *Attorneys for defendants*<br>*KENNETH KOLEV KLEIN and*<br>*LAW OFFICE OF KENNETH*<br>*KLEIN,P.C.* |

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

1              SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                   FOR THE COUNTY OF LOS ANGELES

3

4        DEPARTMENT 14  HON. TERRY A. GREEN, JUDGE

5    JOSEPH VAGO AND ERICA VAGO,          )
                                          )
6                   PLAINTIFFS,           )
                                          )
7        VS.                              )  NO. 20STCV25050
                                          )
8    LESLIE KLEIN; LES KLEIN &            )
     ASSOCIATES, INC.; KENNETH KOLEV      )
9    KLEIN; AND LAW OFFICE OF KENNETH     )
     KLEIN, P.C.,                         )
10                                        )
                    DEFENDANTS.           )
11   _____)

12

13

14              REPORTER'S TRANSCRIPT OF PROCEEDINGS

15                      SEPTEMBER 8, 2022

16

17   APPEARANCES:

18

19   FOR PLAINTIFFS:      PROCEL LAW, PC
                          BY:  BRIAN A. PROCEL, ESQ.
20                        401 WILSHIRE BOULEVARD
                          12TH FLOOR
21                        SANTA MONICA, CALIFORNIA 90401

22

23   FOR DEFENDANTS:      LAW OFFICES OF JEFFREY A. SLOTT, APC
                          BY:  JEFFREY A. SLOTT, ESQ.
24                        15760 VENTURA BOULEVARD
                          SUITE 1600
25                        ENCINO, CALIFORNIA 91436

26

27                        KRISTINE M. HICKS, CSR NO. 13634
                          OFFICIAL REPORTER PRO TEMPORE
28

1    BY MR. PROCEL:

2        Q    LET'S GO THROUGH THE REST OF THESE REALLY

3    QUICK.

4              EXHIBIT 32 -- I'M SORRY, THAT WAS 32.

5    EXHIBIT 33 NOW.

6              THIS IS ANOTHER MEMO THAT YOU DID.  SO, SAME

7    LETTERHEAD.  ALSO TO ERICA VAGO.

8              THIS ONE HAS SOME LINES SCRATCHED OUT.  IT

9    SAYS JANUARY 1, 2018.  NOW YOU SAY THE VAGOS ARE --

10   HAVE A LIEN ON $9.5 MILLION; RIGHT?

11       A    ACTUALLY, IN 2018, I FOUND OUT FROM JESSELSOHN

12   THAT THIS MONEY WAS NOT THE VAGOS.  DR. JESSELSOHN TOLD

13   ME THAT THE VAGOS WERE -- DIDN'T HAVE A PENNY BECAUSE

14   HER BROTHER NEVER HAD A DIME.

15             SO IN 2018, WHEN I WROTE THIS MEMO, I WAS JUST

16   WRITING IT, BUT CAN I DIDN'T KNOW WHAT TO DO, SO I

17   DISCONTINUED DOING THIS.

18             BUT BASICALLY, I LOOK AT MYSELF AS A

19   STAKEHOLDER.  I'M HOLDING THE MONEY FOR WHOEVER'S MONEY

20   THIS IS AND IT WASN'T THE VAGOS.

21       Q    SO I WANT TO MAKE SURE I UNDERSTOOD WHAT YOU

22   SAID.  IN 2018, YOU BELIEVED THAT THE MONEY DID NOT

23   BELONG TO THE ESTATE OF ROBERT SCHWEITZER?

24       A    THAT IS CORRECT.

25       Q    AND THE PREMIUMS WERE BEING PAID BY MONEY THAT

26   DID NOT BELONG TO THE ESTATE OF ROBERT SCHWEITZER?

27       A    THE PREMIUMS WERE BEING PAID.

28       Q    MR. KLEIN, YES OR NO?  THAT'S CORRECT?

1    BY MR. PROCEL:

2        Q    NOW I WANT TO GO BACK TO SOMETHING THAT YOU

3    RAISED BEFORE ABOUT KNOWING THAT THE MONEY DID NOT

4    BELONG TO ROBERT SCHWEITZER IN 2018; RIGHT?

5        A    THAT IS CORRECT.

6        Q    OKAY.  AND THAT'S WHAT YOU BELIEVED?

7        A    2018, I BELIEVE -- THAT IS NOT CORRECT.

8            MY TESTIMONY WAS THAT WHEN THE VAGOS GAVE ME

9    THE JOB, WHEN THEY TOLD ME WHAT HAPPENED HERE IN 2012,

10   I BELIEVED THE VAGOS.

11           I HAD NO REASON -- I HAD REASONS SO I COULD

12   DOUBT IT, BUT I HAD NO REASON TO NOT BELIEVE THEM I'D

13   KNOWN THE VAGOS FOR A LONG TIME AND I TRUSTED THEM.

14           IN 2018 FOR THE FIRST TIME, WHEN IN 2012 I MET

15   WITH DR. JESSELSOHN.

16       Q    MR. KLEIN?

17       A    OKAY.   2018 I KNEW THAT IT WASN'T ROBERT

18   SCHWEITZER'S MONEY.

19       Q    GREAT.  THANK YOU.

20           MR. PROCEL:  YOUR HONOR, I'D LIKE TO OFFER

21   INTO EVIDENCE THE ENTIRETY OF EXHIBIT 1, WHICH IS

22   MR. KLEIN'S RESPONSES TO SPECIAL INTERROGATORIES.

23           THE COURT:  ANY OBJECTION?

24           MR. SLOTT:  NO OBJECTION.

25           MR. PROCEL:  THANK YOU.

26

27           (DEFENDANT'S EXHIBIT NO. 1 WAS RECEIVED

28           INTO EVIDENCE BY THE COURT.)

```
 1              (THE FOLLOWING PROCEEDINGS WERE HELD IN

 2         OPEN COURT OUTSIDE THE PRESENCE OF THE

 3         JURY:)

 4

 5              THE COURT:  ANYTHING FURTHER, PLAINTIFF?

 6              MR. PROCEL:  JUST SO YOU KNOW, MR. SLOTT AND I

 7    REACHED AN AGREEMENT THAT WE'RE GOING TO MEET AND

 8    CONFER ABOUT THE EXHIBITS AND WHICH ONES CAN BE

 9    ADMITTED WITHOUT THE NEED TO HAVE MR. KLEIN TO

10    AUTHENTICATE THEM ON STAND.  WE'RE RESERVING OUR RIGHT

11    TO CALL HIM BACK TO AUTHENTICATE DOCUMENTS IF

12    NECESSARY.

13              THE COURT:  RIGHT.  HERE IS MY PROBLEM,

14    WHENEVER YOU ADMIT A SUMMARY OF TESTIMONY BY A THIRD

15    PERSON IN THIS CASE, JUDGE RISER, AS MUCH AS I RESPECT

16    HIM, THAT'S JUST HIS OPINION.  THAT'S HIS TAKE ON

17    THINGS, AND I WILL NOT ADMIT THAT.

18              HE APPARENTLY HAS STRONG OPINIONS ABOUT WHAT

19    HE HEARD IN THE CASE, THAT HE HEARD BEFORE HIM, AND

20    THAT'S ALL WELL AND GOOD.  BUT HIS OPINIONS ARE NOT THE

21    EVIDENCE IN THIS CASE.

22              NOW, IF YOU HAVE A TRANSCRIPT WHERE YOU CAN

23    POINT TO SOMEBODY WHO TESTIFIED AND SAID, XYZ, WHEN

24    MR. KLEIN SAID THEY DIDN'T TESTIFY TO XYZ, I'M ASSUMING

25    THE TRANSCRIPT IS -- IF THERE ARE OTHER ADMISSIBILITY

26    STANDARDS LIKE ARE DONE IN THE COURTROOM PROCEEDING,

27    THEN YOU CAN ADMIT THAT.  BUT NOT A JUDGE OR A REFEREE

28    CHARACTERIZATION OF WHAT HAPPENED.
```

ROUGH DRAFT

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 17701 Cowan, Bldg. D., Suite 210, Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): **CREDITORS ERICA AND JOSEPH VAGOS' OPPOSITION TO DEBTOR'S MOTION TO CONTINUE HEARING ON TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT; DECLARATION OF BRIAN PROCEL IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 7, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) April 7, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) April 7, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

NO JUDGE'S COPIES REQUIRED

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 7, 2025 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

3

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Mailing Information for Case 2:23-bk-10990-SK**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Simon Aron**    saron@wrslawyers.com, moster@wrslawyers.com;jlee@wrslawyers.com
- **Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Ron Bender**    rb@lnbyg.com
- **Michael Jay Berger**    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Greg P Campbell**    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Baruch C Cohen**    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Theron S Covey**    tcovey@raslg.com
- **Michael G D'Alba**    mgd@lnbyg.com
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Dane W Exnowski**    dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Todd S. Garan**    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Michael I. Gottfried**    mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com,tparizad@elkinskalt.com
- **M. Jonathan Hayes**    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com
- **Brandon J. Iskander**    biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Michael S Kogan**    mkogan@koganlawfirm.com
- **Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **John W Lucas**    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Armen Manasserian**    armen@ml-apc.com, jennifer@ml-apc.com,maria@ml-apc.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Kirsten Martinez**    Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Steven M Mayer**    smayer@mayerlawla.com
- **Christopher M McDermott**    ch11ecf@aldridgepite.com, CMM@ecf.inforuptcy.com;cmcdermott@aldridgepite.com
- **Krikor J Meshefejian**    kjm@lnbyg.com
- **Jeffrey P Nolan**    jnolan@pszjlaw.com
- **Eric J Olson**    eric@ejolsonlaw.com
- **Jeffrey N Pomerantz**    jpomerantz@pszjlaw.com
- **Brian A Procel**    brian@procel-law.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- **Matthew D. Resnik**    matt@rhmfirm.com, roksana@rhmfirm.com;sloan@rhmfirm.com;nina@rhmfirm.com;david@rhmfirm.com;priscilla@rhmfirm.com;gabriela@rhmfirm.com;rosario@rhmfirm.com;rebeca@rhmfirm.com;LA@rhmfirm.com

4

- **Kevin Ronk    Kevin@portilloronk.com, eService@cym.law,karen@cym.law**
- **Joshua L Scheer    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com**
- **Bradley D. Sharp (TR)    bsharp@dsi.biz**
- **Richard P Steelman    RPS@LNBYG.COM**
- **Nikko Salvatore Stevens    nikko@cym.law, eService@cym.law,karen@cym.law**
- **Alan G Tippie    Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise. walker@gmlaw.com**
- **Gary Tokumori    gtokumori@pmcos.com**
- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**
- **Michael L Wachtell    mwachtell@buchalter.com, marias@buchalter.com;docket@buchalter.com**
- **John P. Ward    jward@attleseyward.com, ephuong@attleseyward.com**
- **Brett J. Wasserman    wasserman@smcounsel.com**
- **Alex M Weingarten    aweingarten@willkie.com, lcarter@willkie.com**
- **Beth Ann R. Young    bry@lnbyg.com, bry@lnbyb.com**
- **Clarisse Young    youngshumaker@smcounsel.com, levern@smcounsel.com**
- **Paul P Young    paul@cym.law, eService@cym.law,karen@cym.law**
- **Roye Zur    rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com**

5