Eric J. Olson (SBN 37630)
EJOLSONLAW
301 East Colorado Boulevard, Suite 520
Pasadena, California 91101
T: 818-245-2246
C: 626-224-5619
Eric@EJOlsonLaw.com

Attorney for Defendants
Leslie Klein, an individual; The Second Amended Klein Living Trust, a trust; The Marital Deduction Trust of Erika Klein, a trust; The Survivor's Trust of Leslie Klein, a trust; and Barbara Klein, an individual

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>Debtor. | Case No.: 2:23-bk-10990-NB<br><br>Chapter 11<br><br>Adv. Case No.: 2:24-ap-01140-NB<br><br>**MOTION TO STAY ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS FOR RELIEF AGAINST DEFENDANTS DATED DECEMBER 20, 2024 (ADV. DKT. NO. 62) [REGARDING THE PROPERTY LOCATED AT 322 N. JUNE ST., LOS ANGELES, CALIFORNIA] INCLUDING ACTIONS TO ENFORCE THE ORDER GRANTING MOTION FOR SUMMARY JUDGMENT INCLUDING ORDER DATED APRIL 10, 2025 TO ENFORCE ORDER RESTORING POSSESSION; DECLARATION OF ERIC J. OLSON**<br><br>Date: _____ \_\_\_\_, 2025<br>Time: _____ PM<br>Place: Courtroom 1545<br>255 East Temple Street<br>Los Angeles, California 90012 |

**MOTION TO STAY OF ORDER PENDING APPEAL**
-1-

**MOTION FOR STAY ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS FOR RELIEF AGAINST DEFENDANTS DATED DECEMBER 20, 2024 (ADV. DKT. NO. 62) [REGARDING THE PROPERTY LOCATED AT 322 N. JUNE ST., LOS ANGELES, CALIFORNIA] INCLUDING ACTIONS TO ENFORCE THE ORDER GRANTING MOTION FOR SUMMARY JUDGMENT INCLUDING ORDER DATED APRIL 10, 2025 TO ENFORCE ORDER RESTORING POSSESSION**

Leslie Klein, an individual; The Second Amended Klein Living Trust, a trust; The Marital Deduction Trust of Erika Klein, a trust; The Survivor's Trust of Leslie Klein, a trust; and Barbara Klein, an individual (the "Movants"), by and through its undersigned counsel, hereby files this motion ("Motion to Stay Order for Summary Judgment Pending Appeal") pursuant to Rule 8007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as Exhibit 8, granting a stay pending determination of Movants' appeal of the Order Granting Motion for Summary Judgment on All Claims for Relief Against Defendants (Adv. Dkt. No. 62) (the "Order for Summary Judgment") as well as any action to enforce the order including the Order dated April 10, 2025. In support of the Motion to Stay Order for Summary Judgment Pending Appeal, Movants respectfully state as follows:

**PRELIMINARY STATEMENT**

1. Defendants seek to stay the Order Granting Motion for Summary Judgment – the argument is scheduled for May 29, 2025 – together with any orders enforcing the same including the Order dated April 10, 2025 based on which the U.S. Marshal has served a Notice to Vacate by May 4, 2025 at noon.

(a) Plaintiff seeks to place Leslie Klein and his wife on the street less than a month before the argument where the order granting motion for summary judgment is expected to be overturned on multiple grounds. Leslie Klein has lived in the house since 1977. Barbara Klein, his second wife (and not a debtor) has lived there since 2013. Record title is in the name of the Second Amened Trust and under the terms of the trust, the community interest of Erika Klein goes to the Marital Deduction Trust and/or the Credit Trust. Among the points raised is that there is no valid ruling that the Plaintiff has any interest in either trust.

(b) Plaintiff will suffer no harm by waiting a few weeks to the argument until the Order Granting Motion for Summary Judgment will be overturned. There is nothing in the meantime that Plaintiff can do with the house. If the motion for summary judgment is upheld, he will still not have insurable title to be able to sell. The presence of the Kleins in the house protects it for the benefit of whoever turns out to be the owner. Plaintiff has a motion to employ a broker set by the Court for hearing May 20, 2025.

(c) Attached as Exhibit 3 is the Statement of Issues that identifies that there were substantial numbers of issues based on which there is a reasonable expectation that the Order Granting Motion for Summary Judgment will be overturned.

The order sought to be stayed is an Order Granting Motion for Summary Judgment on All Claims for Relief Against Defendants dated December 20, 2024. A true and correct copy is attached as Exhibit 4; said order states:

*"1. The Motion is GRANTED.*

*2. The Bankruptcy Court shall retain exclusive jurisdiction to resolve any dispute arising from or relating to this Order."*

A. A copy of the underlying complaint is Complaint for Quiet Title and Avoidance of Unrecorded Interests in Real Property Located at 322 N. June St., Los Angeles, California dated May 23, 2024. A true and correct copy is attached as Exhibit 5.

B. A copy of the Notice of Motion and Motion of Bradley D. Sharp, Chapter 11 Trustee, for Summary Judgment on All Claims for Relief Against All Defendants dated September 20, 2024. A true and correct copy is attached as Exhibit 6. In Plaintiff's conclusion, he states at page 24, line 11-16: *"the Court should enter a judgment in favor of the Trustee that the June St. Property is owned by the Debtor and is property of the estate, or alternatively, that any interest held by Barbara, MDT, or the Survivor's Trust may be avoided by the Trustee pursuant to section 544(a)(3) of the Bankruptcy Code and recover the June St. Property pursuant to section 550 of the Bankruptcy Code."*

I. **The Order**

3. Defendants seek to stay the Order Granting Motion for Summary Judgment dated December 20, 2024 and any orders seeking to enforce the same including the Order Dated April 10, 2025.

4. The Order Granting Motion to Enforce Order Restoring Possession of the Property Located at 322 N. June St., Los Angeles, California to the Trustee,

Compelling Debtor to Vacate the Property, Authorizing and Directing the United States Marshals Service to Turnover Possession of the Property, and Authorizing the Trustee to Remove Any Remaining Personal Property was entered on April 10, 2025 [Docket No. 1015], attached hereto as Exhibit 7.

5. On January 3, 2025, Movants timely filed a notice of appeal of the Order for Summary Judgment with the Bankruptcy Court (the "MSJ Appeal") [Adv. Docket No. 67]. The appeal has been fully briefed and argument is set for May 29, 2025.

## RELIEF REQUESTED

6. Movants respectfully request that the Court stay the Order Granting Motion to Enforce Order Restoring Possession of the Property Located at 322 N. June St., Los Angeles, California to the Trustee, Compelling Debtor to Vacate the Property, Authorizing and Directing the United States Marshals Service to Turnover Possession of the Property, and Authorizing the Trustee to Remove Any Remaining Personal Property together with any order seeking to enforce the same pending the outcome of the MSJ Appeal.

## BASIS FOR RELIEF

7. The relief sought by Movants is grounded in Bankruptcy Rule 8007. Bankruptcy Rule 8007 provides the procedural mechanism for moving for a stay pending the appeal of a bankruptcy court order. *See Fed. R. Bankr. P. 8007*. Pursuant to Bankruptcy Rule 8007, the Court may suspend a proceeding in a bankruptcy case while an appeal is pending. *See id.* Courts grant requests for a stay pending appeal to avoid a forfeiture of an appellant's appeal rights and to preserve the

status quo during the appeal. *In re Howley*, 38 B.R. 314, 315 (Bankr. Minn. 1984).

8. In general, courts weigh four factors in determining whether to grant a motion for stay pending appeal: *"(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected."* ACC Bondholder Group. V. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.), 361 B.R. 337, 346 (S.D.N.Y. 2007) (quoting *Hirschfeld v. Bd. Of Elections in the City of N.Y.*, 984 F.2d 35, 39 (2d Cir. 1993); *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983) (the standard is similar to that employed in deciding whether to grant a preliminary injunction).

9. In assessing whether a movant has satisfied its burden of showing that a stay pending appeal is warranted, no one factor is considered in isolation. Rather, the Court must balance and weigh all relevant factors. *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (courts in the Second Circuit must weigh each factor against the others and more of one excuses less of the other); *See Hilton v. Braunskill*, 481 U.S. 770, 777 (1987) ("the formula cannot be reduced to a set of rigid rules.").

10. Courts have held that the standard for evaluating stays pending appeals contains two interrelated legal tests:

> *At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury....At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance*

*of hardships tips sharply in its favor…."The relative hardship to the parties" is the "critical element" in deciding at which point along the continuum a stay is justified.*
*Lopez v. Heckler, 713 F.2d at 1435 (citations omitted); Providence Journal Co. v. Fed. Bureau of Investigation, 595 F.2d 889, 890 (1st Cir. 1979) (where "denial of a stay will utterly destroy the status quo, irreparably harming appellants, but the granting of a stay will cause relatively slight harm to the appellee, appellants need not show an absolute probability of success in order to be entitled to a stay").*

11. Here, each of the four factors is present and supports the relief sought by Movants.

I.   **Movants will Suffer Irreparable Harm Absent a Stay.**

12. First, Movants, not to mention parties not even named, will suffer irreparable harm if a stay is not ordered.

13. Courts have held that mooting of an appeal is the *"quintessential form"* of irreparable injury. *See In re Adelphia Commc'ns Corp., 361 B.R. at 348 (where "denial of a stay pending appeal risks mooting any appeal of significant claims of error, the irreparable harm requirement is satisfied,").* Indeed, where the harm to the movants involve the potential mooting of its appeal, the Second District has required only that the grounds for appeal are *"non-frivolous." See In re Agent Orange Prod. Liab. Litig., 804 F.2d 19, 20 (2d Cir. 1986).*

14. Here, if the Order for Summary Judgment and Order to Enforce Turnover are not stayed, the individual defendants would be ousted from their long time residence, days before the argument on the appeal without any indication of how Plaintiff would make them whole if they prevail. Five of the named beneficiaries of the trust were not even named as parties and it is obvious that Plaintiff hopes to sell the home without even joining them in the quiet title. The MSJ Appeal would

**MOTION TO STAY OF ORDER PENDING APPEAL**

effectively be rendered moot, and Movant would thereby be deprived of any meaningful opportunity to have the Order for Summary Judgment reviewed by this Court. Clear errors that were committed in deciding on as outlined in the Statement of Issues (Exhibit 3), the loss of appellate review would work a substantial injury on Movants. The damage that the eviction would inflict on Movants would thus be immediate, permanent, and irreparable. Plaintiff seeks to permanently deprive the unjoined beneficiaries of any right to asset their rights in the house. Movants as well as the unjoined beneficiaries will clearly suffer irreparable harm, absent imposition of a stay, and this factor, therefore, supports granting the relief requests by Movant.

II. **No Party Will Suffer a Substantial Injury If a Stay Is Issued.**

15. Second, and in contrast to the irreparable harm that Movants will suffer without a stay, no party will suffer any harm (let along substantial harm) if the Court were to grant a stay pending adjudication of the MSJ Appeal.

16. With respect to the second prong of the test for a stay pending appeal, the movant must establish that the non-moving party or other parties will not suffer substantial harm if the stay is granted. See *In re Tribune Co.*, 477 B.R. 465, 475-476 *(Bankr. D. Del. 2012) ("the key exercise is the balancing of any irreparable harm to the Movants with any substantial injury to the non-moving parties").*

17. Here, no harm would befall any party in interest if a stay pending appeal is granted. The delay is in the rrder of a month. Even if Movants moved out, Plaintiff would not have insurable title, the motion to employ a broker is set for May 20, 2025 and Plaintiff would have no one to maintain and protect the property. When

**MOTION TO STAY OF ORDER PENDING APPEAL**
**- 8 -**

weighed against the clear irreparable harm that Movants would suffer if a stay is not entered, the absence of any potential injury to any other party strongly counsels in favor of granting Movants' request.

### III. Movants Have Demonstrated a Substantial Possibility of Success on Appeal.

18. Third, there is a substantial likelihood that the MSJ Appeal will be successful and that the Order for Summary Judgment will be overturned. To satisfy the third factor of the relevant test, a movant is not required to show a *"probability of success on the merits,"* rather a movant is required to demonstrate only that a serious legal question is involved and that a *"balance of the equities"* favors a stay. *LaRouche v. Kezer, 20 F.3d 68, 72-73 (2d. Cir. 1994)* (noting that a *"substantial possibility of success"* on appeal is a lesser standard than a *"likelihood of success"*); *Arnold v. Garlock, 278 F.3d 426, 438 (5th Cir. 2001); Country Squire Assocs. Of Carle Place, L.P. v. Rochester Cmty. Sav. Bank (In re Country Squire Assocs. Of Carle Place, L.P.), 203 B.R. 182, 183 (B.A.P. 2d Cir. 1996)* (movant need only show that there is *"more than a mere possibility of a successful appeal"*).

19. Here, as evidenced by the Statement of Issues submitted by Movants [Adv. Docket No. 73], attached as Exhibit 3, multiple grounds exist to overturn the Order for Summary Judgment. These include:

(a) The underlying action is a Complaint in quiet title under California law. The record title to the house is in the Second Amended Klein Living Trust.

However, Plaintiff failed to join as parties five parties, the Credit Trust and the four children of decedent co-trustor Erika Klein and Debtor.

(b) Of the parties named in the Complaint, three are only named as trusts which under California law have no juridical existence.

(c) The Second Amended Klein Living Trust provides the Marital Deduction Trust and Credit Trust as to be wholly funded from the community interest of Erika Klein, not the Debtor whereas they were described in the opinion of "self-funded".

(d) Whether the ledgers of the Trust create a triable issue as to whether the house is an asset of the Marital Deduction Trust and/or Credit Trust.

(e) Whether the foregoing matters do not show that the limited interest of Debtor is protected by the spendthrift provisions of the trust.

(f) Whether the statements under oath of Debtor and his course of conduct do not create a triable issue of fact regarding his limited visits in the house.

(g) Whether the inclusion of the house in the trust creates a conveyance of the property without need of a separate deed pursuant to Estate of Heggstad 16 Cal. App. 4th 193 and Probate Code § 15200.

(h) Whether the recording of that Second Amended Klein Living Trust does not create protection of the rights of the Marital Deduction Trust and/or Credit Trust as well as others named in the Trust.

(i) The presence of Barbara Klein as resident of the house is sufficient to put the trustee on notice of her rights under the marital agreements.

(j) The parties other than Debtor is entitled to their non-legal protections and are not estopped by alleged acts or omissions of Debtor.

(k) Whether there is any basis for the idea that a trust was required to have a TIN or file tax returns even if they did not have income to be recognized as a trust subject.

Taken singly or together, these issues amount to a *"substantial possibility"* that the Order for Summary Judgment will be reversed on appeal. Accordingly, a stay of the Order to Enforce Turnover pending appeal is appropriate here.

### IV. The Relevant Public Interests Would Be Well Served by a Stay Pending Appeal.

20. Fourth, to the extent the public interests are implicated by the MSJ Appeal they support the issuance of a stay.

21. The policy underlying considerations of a motion for stay pending appeal is that the law is applied correctly. See *In re Revel AC, Inc., 802 F.3d 558, 573 (3d Cir. 2015)*.

22. Here, a stay of the Order Granting Motion for Summary Judgment is sought to permit Movants to assert their rights as well as the rights of the unjoined beneficiaries. In light of the public interest in, issuance of a stay is appropriate here.

### V. No Reason Exists to Order the Filing of a Bond.

23. Bankruptcy Rule 8007 allows a court in its discretion, to condition a stay pending appeal on the filing of a bond. *Fed. R. Bankr. P. 8007*. The posting of a bond is discretionary and is not a prerequisite to granting a stay pending appeal. *See,*

*e.g., In re Sphere Holding Corp., 162 B.R. 639, 644 (Bankr. E.D.N.Y. 1994).* Courts have not required appellants to post a bond for a stay where little or no injury or prejudice to appellees will occur. *In re United Merchs. Trucking, Inc., 138 B.R. 426, 430 (D. Del. 1992) (stay of further distributions pursuant to confirmed Chapter 11 plan would not be conditioned upon the filing of a bond because the debtor would not suffer any loss as a result of the stay pending appeal).* As discussed above, no party will suffer a substantial (indeed, any) injury if a stay pending appeal is granted.

24. For the reasons set forth above, Movants respectfully submit that grounds exists for the Court to stay the Order Granting Motion to Enforce Order Restoring Possession of the Property Located at 322 N. June St., Los Angeles, California to the Trustee, Compelling Debtor to Vacate the Property, Authorizing and Directing the United States Marshals Service to Turnover Possession of the Property, and Authorizing the Trustee to Remove Any Remaining Personal Property including Orders to Enforce the same including Order Dated April 10, 2025 as requested herein.

## PROCEDURE

25. Pursuant to Bankruptcy Rule 8007(b)(4), Movants have provided notice of this Motion to Stay Pending Appeal by electronic mail, facsimile, regular or overnight mail to: **[See Attached Service List]**. Due to the nature of the relief requested herein, Movants respectfully submit that no further notice of this Motion to Stay Pending Appeal is required.

## CONCLUSION

**MOTION TO STAY OF ORDER PENDING APPEAL**
- 12 -

**WHEREFORE**, Movants respectfully request the entry of an order substantially in the form annexed hereto as Exhibit 8, staying the effectiveness of the Order Granting Motion to Enforce Order Restoring Possession of the Property Located at 322 N. June St., Los Angeles, California to the Trustee, Compelling Debtor to Vacate the Property, Authorizing and Directing the United States Marshals Service to Turnover Possession of the Property, and Authorizing the Trustee to Remove Any Remaining Personal Property including Orders to Enforce the same including Order Dated April 10, 2025 and granting such other and further relief as the Court deems appropriate.

Dated: April 29, 2025                                    EJOLSONLAW

_____
Eric J. Olson
Attorney for Defendants

## DECLARATION OF ERIC J. OLSON

I, Eric J. Olson states:

1. I am an attorney for Defendants. All matters set forth herein are of my own firsthand knowledge unless otherwise stated and I am competent to testify thereto. I make this Declaration In Support of the Motion to Stay Order Granting Motion to Enforce Order Restoring Possession of the Property Located at 322 N. June St., Los Angeles, California to the Trustee, Compelling Debtor to Vacate the Property, Authorizing and Directing the United States Marshals Service to Turnover Possession of the Property, and Authorizing the Trustee to Remove Any Remaining Personal Property including Orders to Enforce the same including Order Dated April 10, 2025.

2. On April 24, 2025, I wrote an email to Counsel for the Trustee Plaintiff that they stipulate for a stay pending the argument on the appeal dated May 29, 2025. A true and correct copy is attached as Exhibit 1. I have not heard back from them.

3. On April 25, 2025, I was informed that a Notice to Vacate was served that day by the U.S. Marshal. Attached as Exhibit 2 is a true and correct copy (without the attached copy of the Order dated April 10, 2025).

4. Attached hereto as Exhibit 3 is a true and correct copy of the Statement of Issues filed January 16, 2025.

5. Attached hereto as Exhibit 4 is a true and correct copy of the Order Granting Motion for Summary Judgment on All Claims for Relief Against Defendants filed December 20, 2024.

Case 2:23-bk-10990-NB    Doc 1036    Filed 04/29/25    Entered 04/29/25 14:56:42    Desc
Main Document    Page 15 of 18

6. Attached hereto as Exhibit 5 is a true and correct copy of the Complaint for Quiet Title and Avoidance of Unrecorded Interests in Real Property Located at 322 N. June St., Los Angeles, California filed May 23, 2024.

7. Attached hereto as Exhibit 6 is a true and correct copy of the Notice of Motion and Motion of Bradley D. Sharp, Chapter 11 Trustee, for Summary Judgment on All Claims for Relief Against Defendants; Declaration of John W. Lucas; and Request for Judicial Notice filed September 20, 2024.

8. Attached hereto as Exhibit 7 is a true and correct copy of the Order Granting Motion to Enforce Order Restoring Possession of the Property Located at 322 N. June St., Los Angeles, California to the Trustee, Compelling Debtor to Vacate the Property, Authorizing and Directing the United States Marshal Service to Turnover Possession of the Property, and Authorizing the Trustee to Remove Any Remaining Personal Property filed April 10, 2025.

9. Attached hereto as Exhibit 8 is a true and correct copy of the proposed Order.

I declare under the penalty of perjury to the laws of the United States of America that the foregoing is true and correct.

Dated: April 29, 2025

Eric J. Olson

| In re: LESLIE KLEIN | Chapter 11 |
|---|---|
| Debtor. | Case No.: 2:23-bk-10990-NB |

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 East Colorado Boulevard, Suite 520, Pasadena, California 91101.

A true and correct copy of the foregoing document described as **"Motion to Stay of Order Pending Appeal"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 29, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicated method for each person or entity served): On April 29, 2025, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page.

| In re: LESLIE KLEIN | Chapter 11 |
|---|---|
| Debtor. | Case No.: 2:23-bk-10990-NB |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| __04/29/2025__ | __Jasper Pantaleon__ | __/s/ Jasper Pantaleon__ |
|---|---|---|
| Date | Type Name | Signature |

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)":**

- Donald L. Saltzman  dlslawcorp@aol.com
- Simon Aron  saron@wrslawyers.com, moster@wrslawyers.com
- Kenneth Misken  Kenneth.m.misken@usdoj.gov
- Reem J Bello  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Jeffrey Nolan  jnolan@pszjlaw.com
- Ron Bender  rb@lnbyg.com
- Michael Jay Berger  Michael.berger@bankruptcypower.com, Yathida.nipha@bankruptcypower.com, Michael.berger@ecf.inforuptcy.com
- Jeffrey N Pomerantz  jpomerantz@pszjlaw.com
- Greg P Campbell  ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com, gcampbell@aldridgepite.com
- Brian A Procel  bprocel@millerbarondess.com, rdankwa@millerbarondess.com, docket@millerondess.com
- Joshua L Scheer  jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- Baruch C Cohen  bcc@baruchcohenesq.com, paralegal@baruchcohenesq.com
- Mark M Sharf (TR)  mark@sharflaw.com, c188@ecfcbis.com, sharf1000@gmail.com, 2180473420@filings.docketbird.com
- Theron S Covey  tcovey@raslg.com
- Bradley D Sharp (TR)  bsharp@dsi.biz
- Jeffrey W Dulberg  jdulberg@pszjlaw.com
- Dane W Exnowski  dane.exnowski@mccalla.com, bk.ca@mccalla.com, mccallaecf@ecf.courtdrive.com
- Richard P Steelman  rps@lnbyg.com, john@lnbyg.com
- Alan W Forsley  alan.forsley@flpllp.com, awf@fkllawfirm.com, awf@fl-lawyers.net, addy@flpllp.com
- Nikko Salvatore Stevens  nikko@cym.law, mandi@cym.law
- Robert P Goe  kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com
- Alan G Tippie  alan.tippie@gmlaw.com, atippie@ecf.courtdrive.com, karen.files@gmlaw.com, patricia.dillamar@gmlaw.com, denise.walker@gmlaw.com
- Michael I Gottfried  mgottfried@elkinskalt.com, cavila@elkinskalt.com, lwageman@elkinskalt.com, docketing@elkinskalt.com

- Gary Tokumori  gtokumori@pmcos.com
- Brandon J Iskander  biskander@goeforlaw.com, kmurphy@goeforlaw.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- Michael S Kogan  mkogan@koganlawfirm.com
- Michael L Wachtell  mwachtell@buchalter.com
- John P Ward  jward@attleseyward.com, ezhang@attleseystorm.com
- Marc A Lieberman  marc.lieberman@flpllp.com, safa.saleem@flpllp.com, addy@flpllp.com
- Brett J Wasserman  wasserman@smcounsel.com
- John W Lucas  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Alex M Weingarten  aweingarten@willkie.com, lcarter@willkie.com
- Armen Manasserian  armen@cym.law, jennifer@cym.law
- Beth Ann R Young  bry@lnbyg.com, bry@lnbyb.com
- Ron Maroko  ron.maroko@usdoj.gov
- Clarisse Young  youngshumaker@smcounsel.com, levern@smcounsel.com
- Kirsten Martinez  Kirsten.martinez@bonialpc.com, notices.bonial@ecf.courtdrive.com
- Paul P Young  paul@cym.law, jaclyn@cym.law
- Steven M Mayer  smayer@mayerlawla.com
- Roye Zur  rzur@elkinskalt.com, tparizad@elkinskalt.com, lwageman@elkinskalt.com, 1648609420@filings.docketbird.com
- Christopher M McDermott  ch11ecf@aldridgepite.com, cmm@ecf.inforuptcy.com, cmcdermott@aldridgepite.com
- Krikor J Meshefejian  kjm@lnbyg.com

II. **SERVED BY UNITED STATES MAIL:**

Hon. Neil W. Bason
U.S. Bankruptcy Court
255 East Temple Street #1552
Los Angeles, California 90012

Peter C. Anderson, U.S. Trustee
Michael Jones, Assistant U.S. Trustee
Office of the U.S. Trustee
915 Wilshire Boulevard Suite 1850
Los Angeles, California 90017

Nathan Talei
Oldman, Sallus & Gold, LLP
16133 Ventura Boulevard, PH-A
Encino, California 91436