Daniel A. Crawford (SBN 187807)
CRAWFORD LAW GROUP
15303 Ventura Blvd., 9th Floor
Sherman Oaks, California 91403
Tel: (818) 935-6568
dac@crawfordlawgroup.com

Attorneys for LESLIE KLEIN & ASSOCIATES, INC., and EKLK FOUNDATION, and In Pro Per

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Los Angeles Division**

| | |
|---|---|
| **IN RE LESLIE KLEIN,** | Case No.: 2:23-bk-10990-SK |
| **Debtor,** | Adv. Case No.: 2:24-ap-01140-SK |
| | Chapter 11 |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE, | Hon. NEIL W. BASON |
| Plaintiff, | **DECLARATION OF DANIEL A. CRAWFORD IN OPPOSITION TO DECLARATION OF JEFFREY W. DULBERG ISO REQUEST FOR SANCTIONS AWARD** |
| v. | |
| LESLIE KLEIN, an individual, THE SECOND AMENDED KLEIN LIVING TRUST, a trust, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual, | Previous Hearing Date: April 8, 2025
Time: 2:00 p.m.
Courtroom: 1575
255 East Temple Street
Los Angeles, CA 90012 |
| Defendants. | |

1

**DECLARATION OF DANIEL A. CRAWFORD
IN OPPOSITION TO DECLARATION OF JEFFREY W. DULBERG
ISO REQUEST FOR SANCTIONS AWARD**

I, Daniel A. Crawford, hereby declare as follows:

1. I am an attorney licensed to practice before all courts of the State of California, and before the above-entitled Court. The facts stated herein are within my personal knowledge and I could testify competently to these facts.

2. I am the attorney for EKLK Foundation ("EKLK") in Los Angeles Superior Court Case No. 25STCV06306. I am also the attorney for Leslie Klein & Associates ("LK&A") in Los Angeles Superior Court Case No. 25STCV06300. Both EKLK and LK&A are legal corporate entities.

3. I do not represent Debtor Leslie Klein personally in the above-entitled matter. Except as EKLK and LK&A were subjects of Trustee Bradley D. Sharp's motion to enforce the automatic stay and for sanctions brought before this Court, I do not represent any entity in the above-entitled action.

4. I make this declaration in response and opposition to the DECLARATION OF JEFFREY W. DULBERG IN SUPPORT OF MOTION OF CHAPTER 11 TRUSTEE FOR ORDER ENFORCING THE AUTOMATIC STAY AND AWARDING SANCTIONS, and specifically in opposition to the request of Trustee Bradley D. Sharp's for sanctions against EKLK, LK&A, and me, personally, pursuant to 11 U.S.C. Sec. 362(h) and 11 U.S.C. Sec. 105(a). I make this declaration on behalf of EKLK, LK&A and myself, personally (collectively "Opponents").

5. For the reasons stated herein, on behalf of the Opponents, I request that the Trustee's request for fees be disallowed. In the alternative, I request that the Court discount the total fee award to $12,000, reflecting the reasonable value of the work.

**A. Sanctions Cannot be Awarded to the Trustee under 11 U.S.C. Sec. 362(h).**

6. The Trustee's motion was made in his capacity as a trustee, and not as an individual. It is not clear whether the Trustee seeks monetary sanctions under 11 U.S.C. Sec. 362(h), or not.

7. The Trustee is not eligible to recover damages through monetary sanctions for any violation of the automatic stay under 11 U.S.C. Sec. 362(h) because that section only applies to "individuals." A trustee acting in that capacity is not an "individual" for purposes of 11 U.S.C. Sec. 362(h), and not eligible to recover damages under that section. *Havelock v. Taxel (In re Pace),* 67 F.3d 187, 192 (9th Cir.1995).

**B. Sanctions Cannot be Levied under 11 U.S.C. Sec. 105(a) Against the Opponents because They were Not Subject to the Court's Contempt Jurisdiction.**

8. I understand and concede that sanctions in the form of reasonable costs may be levied under 11 U.S.C. Sec. 105(a) for a violation of the automatic stay, based on a finding of contempt, in some cases.

9. In the present case, while the Opponents were subject to the automatic stay under 11 U.S.C. Sec 362, and the Court found that the Opponents violated the automatic stay by filing Los Angeles Superior Court Case Nos. 25STCV06300 and 25STCV06306, the Opponents cannot be held in contempt for that violation.

10. The Opponents filed Los Angeles Superior Court Case Nos. 25STCV06300 and 25STCV06306 on March 6, 2025. From that time until April 8, 2025, when the Trustee's motion was heard, the Opponents took no action whatsoever with respect to Los Angeles Superior Court Case Nos. 25STCV06300 and 25STCV06306 on March 6, 2025.

11. At the time the Opponents filed Los Angeles Superior Court Case Nos. 25STCV06300 and 25STCV06306, they were not parties to the above-entitled case (and Mr. Crawford was not representing any party to the above-entitled case.

12. Accordingly, the Opponents respectfully assert they were not subject to the jurisdiction of this Court at the time of their operative conduct. The Opponents did not engage in contempt of this Court's authority at the time of their ostensibly offensive conduct.

13. Because Opponents did not engage in contempt of this Court's authority, there is no basis for contempt sanctions to be levied against them under 11 U.S.C Sec 105(a).

14. I note I have attempted to locate specific legal authority for or against the foregoing proposition, but have not been able to find any either way. I have not seen this proposition raised in or addressed by another court. I believe this legal contention is warranted by a nonfrivolous argument for extending or modifying existing law, or for establishing new law.

C. **The Trustee's Request for Sanctions is Not Supported by Admissible or Sufficient Evidence.**

15. The Trustee's request is supported by the declaration of Jeffrey W. Dulberg. With respect to Mr. Dulberg, that declaration is not admissible evidence. Mr. Dulberg's statements lack foundation (Fed. Rules of Evid. § 602), and are inadmissible hearsay (Fed. Rules of Evid. § 802), and Opponents object to Mr. Dulberg's declaration on those bases.

16. Regarding a lack of foundation, nowhere does Mr. Dulberg declare that the facts are within his personal knowledge, and there is no basis to conclude he would be familiar with the hourly work of other persons in his office on this case. There is no evidence from any of the other purported timekeepers about the accuracy of their claimed hours, or the accuracy of their work descriptions.

17. Apparently, Mr. Dulberg submits his status as a supervising attorney as a basis to establish a foundation for the evidence, or as a basis for personal knowledge to overcome any hearsay difficulty. That should not be sufficient--certainly he is not standing over his colleagues' shoulders.

18. The timesheet or time compilation attached is an out-of-court statement, offered to this Court for the truth of the matters asserted therein. It is hearsay. Mr. Dulberg offers no evidence for how those numbers were generated, or any basis to justify any

4

DECLARATION OF DANIEL A. CRAWFORD
IN OPPOSITION TO DECLARATION OF JEFFREY W. DULBERG
ISO REQUEST FOR SANCTIONS AWARD

exception to the hearsay rule. Therefore, the evidence of Mr. Dulberg's declaration, and the exhibit thereto, should not be admitted.

**D. The Amount of Fees and Costs Sought by the Trustee is Grossly Excessive for the Motion.**

19. The Trustee's counsel requests over $48,000 for what should have been a routine motion for that firm. Opponents submit that amount, for a relatively simple matter, is grossly excessive and effectively, punitive.

20. While there are a variety of ways to determine attorney's fees, the common denominator regarding fees in bankruptcy courts is that fees should not exceed the "reasonable" value of services rendered. 11 U.S.C. §§ 328(a), 329(b), 330(a)(1)(A), 502(b)(4), 503(b)(4) & 506(b) ("reasonable"). The "reasonable" value of services, of necessity, is determined on a case-by-case basis in light of the peculiar circumstances of each case, as modulated by the sound discretion of the bankruptcy court. *Sundquist v. Bank of America, N.A.* (Bankr. E.D. Cal. 2017) 566 B.R. 563, 595, *vacated in part sub nom. In re Sundquist* (Bankr. E.D. Cal. 2018) 580 B.R. 536.

21. The Trustee's motion in this case is not complex, novel or lengthy. The law firm of Trustees' counsel, Pachulski Stang Ziehl & Jones LLP, bills itself as one of the top bankruptcy firms in the nation. Certainly for such a firm, a motion to enforce the automatic stay is common, their bread-and-butter, and not a challenge.

22. The memorandum supporting the motion is just 14 pages in length, with most of that comprising the same summary of the litigation which is attached to each motion filed by the Trustee in this case. The particular analysis of Los Angeles Superior Court Case Nos. 25STCV06300 and 25STCV06306 is just a small fraction of that, less than two pages (4:27-5:24; 7:10-25; and 13:17-14:3).

23. While Opponents do not suggest that a shorter paper is necessarily easier to write, it the Trustee's motion is not an effort which justified fees and costs approaching $50,000.

5

DECLARATION OF DANIEL A. CRAWFORD
IN OPPOSITION TO DECLARATION OF JEFFREY W. DULBERG
ISO REQUEST FOR SANCTIONS AWARD

24. Additionally, the proffered evidence for the fee request (Dulberg Declaration, Exhibit K) shows that the request is excessive and unsupported.

25. First, there are two timekeepers on Exhibit K who are not identified at all: Beth D. Dassa and Yves P. Derac. Presumably they are paralegals, despite having hourly rates higher than most Los Angeles attorneys. With no qualifications for those individuals given, or even having them identified, there is no basis for the Court to find that their hourly rates were reasonable. The fees for those listed individuals should be rejected. Alternatively, Opponents suggest that a rate of $150/hour is reasonable for competent paralegals, and their rates should be adjusted accordingly.

26. Some of the tasks shown are not necessary for the Trustee's motion, and should be disallowed entirely or discounted. For example, on March 13, Mr. Dulberg's time entry shows he worked on something regarding "306 Highland and draft notes regarding same." He then had a call with Mr. Lucas "regarding same topics." The property at 306 Highland is entirely unrelated to the Opponents or the Trustee's motion, and Mr. Dulberg's time for those tasks should be rejected.

27. On March 20, Mr. Lucas billed for an hour to "collect and assemble exhibits…" That is quintessential paralegal work, for which Mr. Lucas billed $1,425/hour. That time should be disallowed.

28. On April 1, Mr. Lucas billed for 2.3 hours for "research regarding stay violation and property of estate issues." That is apparently duplicative of research he conducted on March 13 and March 20, and should not have been necessary for an attorney with Mr. Lucas' exemplary qualifications, as suggested by his exemplary rate (discussed below). His time for duplicative research on April 1 should be disallowed.

29. With respect to the rates of the attorneys—$1,425/hour for John Lucas and $1,595/hour for Mr. Dulberg—those rates are at the very top end of any scale. Notably, there is no information provided about the experience or other qualifications

of those attorneys, which must be necessary in order for the Court to judge the reasonableness of their claimed rates.

30.  Opponents suggest those hourly rates for Messrs. Lucas and Dulberg are greatly in excess of reasonable market rates, but it would not be efficient to present expert evidence on that point.  Opponents request the Court to make that determination based on its own experience, and to adjust the attorneys' rates accordingly.  Opponents suggest that $600/hour is a reasonable rate for experienced and highly qualified attorneys in Los Angeles.

31.  The rates demanded by Messrs. Lucan and Dulberg suggest they must be among the most highly qualified and experienced attorneys in California.  However, their reported work time on the Trustee's motion does not support that suggestion, and does not support their stated hourly rates.

32.  For example, counsel collectively billed for 22.3 hours of work to write the 14-page motion.  Again, a substantial part of that motion was a recycled summary of the Klein bankruptcy case.

33.  Then, notably on March 13, 2025, Mr. Lucas billed for work to "Review stay enforcement motions and related case law…"  Of course, a preeminent bankruptcy firm would be expected to have a catalog of previously prepared motions for standard disputes, and Mr. Lucas' time entry from March 13 confirms that fact.

34.  Working from a previously-written case summary, and previously-filed sample motions (which were certainly replete with legal authorities) it is not reasonable for any law firm to spend over 22 hours creating a routine motion.  *It is certainly not reasonable for attorneys charging top rates to spend that long.*  The most qualified and experienced attorneys in the State should be *the most efficient and productive attorneys*.

35.  I have been a litigator in the State of California for 28 years.  During that time, I have worked for several medium and small-sized business litigation "boutique" firms.

7

DECLARATION OF DANIEL A. CRAWFORD
IN OPPOSITION TO DECLARATION OF JEFFREY W. DULBERG
ISO REQUEST FOR SANCTIONS AWARD

I have also been awarded attorney's fees for numerous motions and entire cases. In my experience, to prepare a motion like the Trustee's motion competently, in a field I am familiar with, should have taken no more than approximately 10 hours. An extremely highly-qualified attorney in a specialized field should require less time.

36. In addition to time spent on the moving papers, Messrs. Lucas and Dulberg, report working another 12.2 hours on their reply brief and preparing for the hearing. Again, respectfully, in my experience an attorney of average ability should not have spent more than about 6 hours for that work. Attorneys charging the rates of Messrs. Lucas and Dulberg should have accomplished the work in less time than that.

37. The fact that the Trustee prevailed on the motion is not a license to charge any amount of fees without restriction. At most, the Trustee is authorized to recover the *reasonable value* of the services his attorneys rendered. It is not reasonable for the Trustee's attorneys to seek payment for an excessive number of hours, billed at an elite-level hourly rate.

38. Opponents respectfully request the Court to find that an average rate of $600/hour is reasonable for the Trustee's attorneys, and that 20 hours of work is reasonable for the Trustee's motion, yielding a total fee award of $12,000.

E. **No Additional Amounts Not Stated in Mr. Dulberg's Declaration should be Allowed.**

39. Mr. Dulberg states in his declaration that there are additional, unlisted amounts of fees or costs which have been incurred but not itemized. Mr. Dulberg purports to reserve the right to seek recovery of those fees or costs later.

40. No additional fees or costs which are not set forth in Mr. Dulberg's declaration should be allowed under any circumstances. The Court directed the Trustee and Mr. Dulberg's office to submit their request, and they did so without requesting additional time.

41. Mr. Dulberg does not offer any reason why the purported additional fees and costs could not have been included in his initial request.

42. Opponents submit it would be unjust and unduly costly to Opponents to allow the Trustee to seek additional fees or costs later, on a piecemeal basis, requiring additional hearing(s) and adding still more attorney's fees, after the Court's prescribed deadline.

F. **Opponents Request the Court to Exercise its Discretion to Reduce the Amount of Sanctions.**

43. Assuming sanctions in some amount will be awarded under 11 U.S.C. Sec. 105(a), Opponents request the Court to exercise its discretion to reduce the amount of sanctions to not more than $12,000.00 as an amount appropriate to carry out the provisions of the law. *Pace, supra*, 67 F.3d at 193–94 ("relief under § 362(h) is mandatory, while relief under § 105(a) is discretionary").

44. For the reasons discussed above, the amount sought by Trustee's counsel for fees and costs for the motion is grossly excessive. The amount of $12,000 would be equivalent to fees for 20 hours of work, at a reasonable average attorney rate of $600/hour. That is an amount which is more than reasonable for a motion such as the Trustee filed, and is appropriate to ensure enforcement of the provisions of the bankruptcy code.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed in Los Angeles, California, on April 29, 2025.

_____
DANIEL A. CRAWFORD, Esq.

| In re: LESLIE KLEIN<br>Debtor. | Chapter 11<br>Case No.: 2:23-bk-10990-NB |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 East Colorado Boulevard, Suite 520, Pasadena, California 91101.

A true and correct copy of the foregoing document described as **"Declaration of Daniel A. Crawford In Opposition to Declaration of Jeffrey W. Dulberg ISO Request for Sanctions Award"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 29, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicated method for each person or entity served): On April 29, 2025, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page.

| In re: LESLIE KLEIN | Chapter 11 |
|---|---|
| Debtor. | Case No.: 2:23-bk-10990-NB |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| __04/29/2025__ | __Jasper Pantaleon__ | __/s/  Jasper Pantaleon__ |
|---|---|---|
| Date | Type Name | Signature |

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)":**

- Donald L. Saltzman  dlslawcorp@aol.com
- Simon Aron   saron@wrslawyers.com, moster@wrslawyers.com
- Kenneth Misken   Kenneth.m.misken@usdoj.gov
- Reem J Bello   rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Jeffrey Nolan   jnolan@pszjlaw.com
- Ron Bender   rb@lnbyg.com
- Michael Jay Berger   Michael.berger@bankruptcypower.com, Yathida.nipha@bankruptcypower.com, Michael.berger@ecf.inforuptcy.com
- Jeffrey N Pomerantz   jpomerantz@pszjlaw.com
- Greg P Campbell   ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com, gcampbell@aldridgepite.com
- Brian A Procel   bprocel@millerbarondess.com, rdankwa@millerbarondess.com, docket@millerondess.com
- Joshua L Scheer   jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- Baruch C Cohen   bcc@baruchcohenesq.com, paralegal@baruchcohenesq.com
- Mark M Sharf (TR)   mark@sharflaw.com, c188@ecfcbis.com, sharf1000@gmail.com, 2180473420@filings.docketbird.com
- Theron S Covey   tcovey@raslg.com
- Bradley D Sharp (TR)   bsharp@dsi.biz

- Jeffrey W Dulberg  jdulberg@pszjlaw.com
- Dane W Exnowski  dane.exnowski@mccalla.com, bk.ca@mccalla.com, mccallaecf@ecf.courtdrive.com
- Richard P Steelman  rps@lnbyg.com, john@lnbyg.com
- Alan W Forsley  alan.forsley@flpllp.com, awf@fkllawfirm.com, awf@fl-lawyers.net, addy@flpllp.com
- Nikko Salvatore Stevens  nikko@cym.law, mandi@cym.law
- Robert P Goe  kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com
- Alan G Tippie  alan.tippie@gmlaw.com, atippie@ecf.courtdrive.com, karen.files@gmlaw.com, patricia.dillamar@gmlaw.com, denise.walker@gmlaw.com
- Michael I Gottfried  mgottfried@elkinskalt.com, cavila@elkinskalt.com, lwageman@elkinskalt.com, docketing@elkinskalt.com
- Gary Tokumori  gtokumori@pmcos.com
- Brandon J Iskander  biskander@goeforlaw.com, kmurphy@goeforlaw.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- Michael S Kogan  mkogan@koganlawfirm.com
- Michael L Wachtell  mwachtell@buchalter.com
- John P Ward  jward@attleseyward.com, ezhang@attleseystorm.com
- Marc A Lieberman  marc.lieberman@flpllp.com, safa.saleem@flpllp.com, addy@flpllp.com
- Brett J Wasserman  wasserman@smcounsel.com
- John W Lucas  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Alex M Weingarten  aweingarten@willkie.com, lcarter@willkie.com
- Armen Manasserian  armen@cym.law, jennifer@cym.law
- Beth Ann R Young  bry@lnbyg.com, bry@lnbyb.com
- Ron Maroko  ron.maroko@usdoj.gov
- Clarisse Young  youngshumaker@smcounsel.com, levern@smcounsel.com

**PROOF OF SERVICE**
- 3 -

- Kirsten Martinez  Kirsten.martinez@bonialpc.com, notices.bonial@ecf.courtdrive.com
- Paul P Young  paul@cym.law, jaclyn@cym.law
- Steven M Mayer  smayer@mayerlawla.com
- Roye Zur  rzur@elkinskalt.com, tparizad@elkinskalt.com, lwageman@elkinskalt.com, 1648609420@filings.docketbird.com
- Christopher M McDermott  ch11ecf@aldridgepite.com, cmm@ecf.inforuptcy.com, cmcdermott@aldridgepite.com
- Krikor J Meshefejian  kjm@lnbyg.com

II. **SERVED BY UNITED STATES MAIL:**

Hon. Neil W. Bason
U.S. Bankruptcy Court
255 East Temple Street #1552
Los Angeles, California 90012

Peter C. Anderson, U.S. Trustee
Michael Jones, Assistant U.S. Trustee
Office of the U.S. Trustee
915 Wilshire Boulevard Suite 1850
Los Angeles, California 90017

Nathan Talei
Oldman, Sallus & Gold, LLP
16133 Ventura Boulevard, PH-A
Encino, California 91436