Jeffrey W. Dulberg (CA State Bar No. 181200)
John W. Lucas (CA State Bar No. 271038)
Jeffrey P. Nolan (CA Bar No. 158923)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:   jdulberg@pszjlaw.com
          jlucas@pszjlaw.com
          jnolan@pszjlaw.com

*Counsel to Bradley D. Sharp,
Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>           Debtor. | Case No.: 2:23-bk-10990-NB<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S OPPOSITION TO (A) MOTION TO SHORTEN TIME AND (B) MOTION FOR A STAY FILED BY THE DEBTOR AND OTHER DEFENDANTS IN THE JUNE ST. ACTION**<br><br>Date:         May 1, 2025<br>Time:        3:00 p.m.<br>Courtroom: 1545<br>Location:   255 E. Temple Street<br>                   Los Angeles, CA 90012<br>Judge:       Hon. Neil W. Bason<br><br>[Relates to Docket Nos. 1035 and 1036] |

4918-1436-2684.2 78512.001

**TABLE OF CONTENTS**

**Page(s)**

Contents

I. PRELIMINARY STATEMENT ................................................................................................. 1

II. The motion to shorten and the Motion to Stay should be DENIED ......................................... 2
    A.    The Motion to Shorten is Not Based on a Legitimate Emergency ....................... 2
    B.    There is No Legal or Factual Basis to Approve the Motion to Stay ..................... 4
        1.    There is No Basis to Stay the MSJ Order .................................................. 5
        2.    There is No Legal Right to Stay the Enforcement Order ........................... 7
III. IF THE COURT GRANTS THE MOTION TO STAY ANY ORDER SHOULD BE
    CONDITIONED ON THE POSTING OF A BOND OR CASH IN FAVOR OF THE
    ESTATE ................................................................................................................................ 8

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**CASES**

*ACC Bondholder Group v. Adelphia Communs. Corp.* (*In re Adelphia Communs. Corp.*),
    361 B.R. 337 (S.D.N.Y. 2007) .................................................................................................. 9
*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ................................................................................................................. 6
*Ayers v. Richmond*,
    895 F.2d 1267 (9th Cir. 1990) ................................................................................................. 7
*Barboza v. New Form, Inc. (In re Barboza)*,
    545 F. 3d 702 (9th Cir. 2008) .................................................................................................. 6
*In re Silva*,
    2015 Bankr. LEXIS 842 (Bankr. C.D. Cal. Mar. 17, 2015) ................................................ 5, 7
*Matter of Hester*,
    899 F.2d 361 (5th Cir. 1990) ................................................................................................... 2
*Nken v. Holder*,
    556 U.S. 418 (2009) ................................................................................................................. 5
*Official Committee of Disputed Litigation Creditors v. McDonald Investment, Inc.*,
    2 B.R. 981 (N.D. Tex. 1984) ................................................................................................... 2
*Shapiro v. Henson*,
    739 F.3d 1198 (9th Cir. 2014) ................................................................................................. 8
*Summers v. Teichert & Son, Inc.*,
    127 F.3d 1150 (9th Cir.1997) .................................................................................................. 6
*T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*,
    809 F.2d 626 (9th Cir. 1987) ................................................................................................... 6
*Turner v. Wells Fargo Bank NA* (*In re Turner*),
    859 F.3d 1145 (9th Cir. 2017) ................................................................................................. 7

**STATUTES**

11 U.S.C. § 542(a) ........................................................................................................................ 8

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Bradley D. Sharp, the duly appointed chapter 11 trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of Leslie Klein (the "**Debtor**"), hereby files this opposition (the "**Opposition**") to the *Application for an Order Setting Hearing on Shortened Notice* [Docket No. 1035] (the "**Motion to Shorten**") regarding the Debtor and other defendants' (together, the "**Movants**") *Motion for a Stay of the Summary Judgment Order and Order to Enforce Order Restoring Possession of the June St. Property* [Docket No. 1036] (the "**Motion to Stay**" and together with the Motion to Shorten, the "**Motions**"). In support of the Opposition, the Trustee represents as follows:

## I.

## PRELIMINARY STATEMENT

The Motion to Shorten and the Motion to Stay should be denied. Movants have sat on their hands since December 20, 2024 (*i.e.*, the date Judge Klein entered the order [Adv. Docket No. 62] (the "**MSJ Order**") granting the Trustee's summary judgment motion regarding the 322 N. June St., Los Angeles, California (the "**June St. Property**")) while the Trustee enforced his rights granted thereunder seeking turnover of the June St. Property. In the turnover motions [Docket Nos. 890 and 962], the Trustee made it clear that he was seeking the turnover of the June St. Property because the MSJ Order was effective and enforceable. Movants have now waited four months presumably for the purpose of creating an emergency and attempting to complicate an otherwise clear and straight forward record.

Beyond being untimely, the Motion to Stay suffers from other significant defects, both substantive and procedural in nature. The Motion to Stay fails to include any analysis showing why movants are likely to prevail on the appeal of the MSJ Order. Instead, Movants make conclusory statements that the appellate court will reverse Judge Klein because there are "many" disputed issues but fail to outline what those issues are or provide any concrete evidence that such facts have a basis in reality.

While not entirely clear, Movants appear to be seeking the stay of the *Order Granting Motion for an Order Restoring Possession of the Property Located at 322 N. June St., Los Angeles, California to the Trustee, Compelling Debtor to Vacate the Property, Authorizing and Directing the United States Marshals Service to Turnover Possession of the Property, and Authorizing the Trustee*

*to Remove Any Remaining Personal Property* [Docket No. 1015] (the "**Enforcement Order**" and together with the MSJ Order, the "**Orders**"), which authorized the Trustee to employ the U.S. Marshals Service (the "**U.S. Marshal**") to restore possession of the June St. Property to the Trustee and the estate. The movants **did not take an appeal** of the Enforcement Order. The deadline to appeal the Enforcement Order was April 24, 2025, and the Court's docket reflects that no notice of appeal was filed. Consequently, the Enforcement Order is final, enforceable, and Bankruptcy Rule 8007 only applies in the context of appeals.

If the Court grants a stay of either of the Orders, any stay should be conditioned on the Movants providing a bond to the Trustee for the purpose of protecting the estate's interest in the June St. Property. For the reasons set forth herein and at the hearing, the Motions should be denied.

## II.

## THE MOTION TO SHORTEN AND THE MOTION TO STAY SHOULD BE DENIED

There is no legal or factual basis to grant the Motion to Shorten or the Motion to Stay. Both Motions are legally and factually deficient for a host reasons that are outlined below. The Trustee requests the Court deny the Motions for the reasons stated herein and as set forth on the record of the May 1, 2025, hearing.

### A.    The Motion to Shorten is Not Based on a Legitimate Emergency

The Bankruptcy Rules provide that:

> When a rule, notice given under a rule, or court order requires or allows an act to be done within a specified time, the court may—for cause and with or without a motion or notice—reduce the time.

Bankruptcy Rule 9006(c).

Bankruptcy Rule 9006 authorizes the Court to shorten notice in a variety of circumstances "for cause shown." Cause is <u>not</u> present when the need for an expedited hearing is one of the movant's own making. *Official Committee of Disputed Litigation Creditors v. McDonald Investment, Inc.*, 42 B.R. 981, 987 (N.D. Tex. 1984) ("an 'emergency' was brought on solely by the dalliance of debtors' counsel and it was an abuse of discretion for the bankruptcy court to shorten the notice period . . ."); *see also*, *Matter of Hester*, 899 F.2d 361, 364 (5th Cir. 1990).

Here, Movants have known about the Trustee's intentions regarding the June St. Property for nearly **one year**. The Trustee commenced the adversary proceeding, Adv. Case No.: 2:24-ap-01140 (the "**June St. Action**"), regarding the June St. Property on May 23, 2024. The Trustee filed his summary judgment motion on September 20, 2024. Judge Klein held a hearing on the summary judgment motion on December 18, 2024, and entered the MSJ Order on December 20, 2024. The Trustee quickly moved to take control of the June St. Property by filing a turnover motion [Docket No. 890] on January 17, 2025. After the Debtor failed to turn over the June St. Property, the Trustee filed a further motion [Docket No. 962] seeking to enforce his previously granted turnover rights on March 18, 2025. The Court held a hearing on said motion on April 8, 2025, and entered the Enforcement Order on April 10, 2025, which, importantly and as noted earlier, was never appealed.

While the U.S. Marshal only recently provided notice to Movants that on May 4, 2025, they will be removed from the June St. Property, the above timeline demonstrates that Movants have given little to no thought to the actions taken by the Trustee. Movants' disregard for the turnover process was evidenced by their counsel who expressly informed the Trustee's counsel that,

> [T]his will confirm that Defendants [sic] Klein will not be vacating the property today. You will recall that at the hearing Judge Klein made it explicit that her order did not imply that if they failed to vacate you would not be entitled to some enforcement mechanism such as a right to a marshal's assistance. Additionally, more recently the new judge has set a hearing May 27, 2025 on your motion to engage Coldwell Banker to sell the property and our objections including that the Trustee does not have insurable title.

[Docket No. 962], Exhibit G.

This email from the Debtor's counsel makes it abundantly clear that the Debtor had no intention to vacate the June St. Property (in the face of a Court order requiring him to do just that) and that the Trustee would be required to seek *further* relief. In the end, Movants have had four months to address this with the Court and they act now because their removal from the June St. Property is imminent. Movants have not shown cause to shorten time and the Motion to Shorten should be denied.

4918-1436-2684.2 78512.001    3

**B.    There is No Legal or Factual Basis to Approve the Motion to Stay**

The Bankruptcy Rules provide that:

**(a) Initial Motion in the Bankruptcy Court.**

**(1)** *In General.* Ordinarily, a party must move first in the bankruptcy court for the following relief:

**(A)** a stay of the bankruptcy court's judgment, order, or decree pending appeal;
**(B)** the approval of a bond or other security provided to obtain a stay of judgment;
**(C)** an order suspending, modifying, restoring, or granting an injunction while an appeal is pending; or
**(D)** an order suspending or continuing proceedings or granting other relief permitted by (e).

**(2)** *Time to File.* The motion may be filed either before or after the notice of appeal is filed.

**(b) Motion in the District Court, BAP, or Court of Appeals on Direct Appeal.**

**(1)** *In General.* A motion for the relief specified in (a)(1)—or to vacate or modify a bankruptcy court's order granting such relief—may be filed in the court where the appeal is pending.
**(2)** *Required Showing.* The motion must:
**(A)** show that moving first in the bankruptcy court would be impracticable; or
**(B)** if a motion has already been made in the bankruptcy court, state whether the court has ruled on it, and if so, state any reasons given for the ruling.
**(3)** *Additional Requirements.* The motion must also include:
**(A)** the reasons for granting the relief requested and the facts relied on;
**(B)** affidavits or other sworn statements supporting facts subject to dispute; and
**(C)** relevant parts of the record.
**(4)** *Serving Notice.* The movant must give reasonable notice of the motion to all parties.

Bankruptcy Rule 8007.

Bankruptcy Rule 8007(b)(3) outlines the necessary elements to be considered when ruling upon a motion to stay an order or judgment, which include: (a) likelihood to succeed on the merits, (b) applicant will suffer irreparable harm, (c) whether the stay will substantially injure other parties, and (d) where the public interest lies. *In re Silva*, 2015 Bankr. LEXIS 842, *11-*12 (Bankr. C.D. Cal. Mar. 17, 2015). A stay is not a matter of right, even if irreparable injury might otherwise result. *Id.* at *12. While a bankruptcy court has discretion to grant a stay pending appeal based on the facts and circumstances of the particular case, the burden is on the party requesting a stay with the first two factors of the traditional standard are the most critical and it is not enough that the chance of success on the merits be "better than negligible." *Id.* (citing and quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009).

### 1. There is No Basis to Stay the MSJ Order

Movants have not satisfied or addressed any of the factors under Bankruptcy Rule 8007 (b)(3). For example, Movants contend that they will be forcibly removed from the June St. Property "less than a month before the argument where the order granting motion for summary judgment is expected to be overturned on multiple grounds." Motion to Shorten, 3:1-4. While the BAP scheduled oral argument for the appeal of the MSJ Order on May 29, 2025, there is no reason to expect that the BAP will rule at the hearing. It is quite common for an appellate court to draft a fulsome decision regarding an appeal that can take as long as twelve months or more to issue. This factor weighs in favor of the Trustee.

Movants contend that "[a]mong the points raised is that there is no valid ruling that the Plaintiff has any interest in either trust [*i.e.*, the MDT or the Credit Trust that purportedly own the June St. Property]." Motion to Stay, 3:9-12. The foregoing is false. Not only did Judge Klein quiet title in the name of the Debtor's estate, her Honor also found and held that the Debtor's living trust (and each of the sub-trusts thereunder) is "self-settled" because the Debtor is the trustee and beneficiary of all trusts with unfettered discretion to use and dispose of the trusts' res. Thus, it does not matter if an appellate court reverses Judge Klein or finds that the June St. Property is owned by one of the sub-trusts because those trusts are "self-settled" and their assets property of the Debtor's

Main Document    Page 9 of 14

estate. Movants do not provide any evidence to the contrary in the Motion to Stay. This again shows Movants are not likely to succeed on appeal.

Movants contend that the Trustee will not have insurable title to the June St. Property if the MSJ Order is upheld. Motion to Stay, 3:12-19. It is unclear why Movants believe this is the case nor what this contention amounts to given that this Court's order quieting title is clearly more than sufficient to insure title. From the Trustee's perspective, this point is a complete red herring.

In addition, Movants state that there are a number of factual issues in dispute but fail to explain what they are. Motion to Stay, 3:20-24. Judge Klein was extremely thorough when ruling to establish that there were not any material factual issues in dispute. Movants cannot create a dispute simply by disagreeing. Instead, they needed real, concrete evidence, which they failed to provide. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Rather, following the filing of "a properly submitted summary judgment motion, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial." *Barboza v. New Form, Inc. (In re Barboza)*, 545 F. 3d 702, 707 (9th Cir. 2008). The opposing party cannot simply assert the "mere existence of some alleged factual dispute between the parties" (*Liberty Lobby*, 477 U.S. at 247-48), nor can it "rest upon the mere allegations or denials" in the pleadings. *Id.* Thus, "[f]or an issue to be 'genuine,' there must be evidence such that a reasonable jury could reach a verdict in favor of the nonmoving party." *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir.1997).

Movants argue they will be irreparably harmed absent a stay because they will lose their appellate rights with respect to the MSJ Order. Motion to Stay, 7:9-28 and 8:1-12. However, the Debtor and other movants have not outlined or explained *why* they are likely to prevail on appeal nor provided any basis (legal or factual) why Judge Klein erred when ruling upon the MSJ Order.

Movants also assert that "[f]ive of the named beneficiaries of the trust were not even named as parties and it is obvious that Plaintiff hopes to sell the home without even joining them in the quiet title." Motion to Shorten, 7:25-28. The foregoing is untrue and extremely misleading. First, Movants attempted to join the Debtor's offspring as necessary parties to the June St. Action arguing

they had a beneficial interest in the June St. Property by way of the "Credit Trust." [Adv. Docket No. 30]. Judge Klein denied the aforementioned motion to join, [Adv. Docket No. 46], and Movants never appealed. An order is final once the time for appeal has elapsed. *Ayers v. Richmond*, 895 F.2d 1267, 1271 (9th Cir. 1990). A party's failure to file a timely notice of appeal constitutes a waiver of such issues or claims not appealed. *Turner v. Wells Fargo Bank NA* (*In re Turner*), 859 F.3d 1145, 1148 n. 4 (9th Cir. 2017). As a result, that issue is final and no longer subject to review.

Second, it was only recently (in connection with the appeal) that Movants asserted that the Credit Trust holds an interest in the June St. Property. Not only are there no facts to support this baseless assertion, the Debtor's schedules [Docket No. 34] reflect that he and the "MDT" own the June St. Property and in Movants' answer to the complaint they represented that the MDT owns the entire June St. Property. [Adv. Docket No. 21]. In the end, it does not matter if the Credit Trust owns the June St. Property because such trust is "self-settled" and its assets property of the Debtor's estate, as Judge Klein has already determined.

Accordingly, the request to stay the MSJ Order should be denied.

### 2. There is No Legal Right to Stay the Enforcement Order

The plain meaning of Bankruptcy Rule 8007 clearly reflects that it only applies to orders, judgments, or decrees that are subject to a pending appeal. There is no dispute that that the Enforcement Order was not appealed. As noted above with respect to a different order, an order is final once the time for appeal has elapsed. *Ayers v. Richmond*, 895 F.2d 1267, 1271 (9th Cir. 1990). A party's failure to file a timely notice of appeal constitutes a waiver of such issues or claims not appealed. *Turner v. Wells Fargo Bank NA* (*In re Turner*), 859 F.3d 1145, 1148 n. 4 (9th Cir. 2017). As a result, that issue is final and no longer subject to review, and, thus, there is no legal basis to stay the Enforcement Order pursuant to Bankruptcy Rule 8007.

If, however, the Court considers Movants' request to stay the Enforcement Order, such request should be denied because there is no discussion regarding: (a) the likelihood to succeed on the merits, (b) whether applicant will suffer irreparable harm, (c) whether the stay will substantially injure other parties, and (d) the public interest. *In re Silva*, 2015 Bankr. LEXIS 842, *11-*12 (Bankr. C.D. Cal. Mar. 17, 2015).

The Bankruptcy Code provides that:

> (a) Except as provided in subsection (c) or (d) of this section, an entity other than a custodian, in possession, custody, or control during the case, of property that the trustee may use, sell, or lease under section 363, of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a).

A motion for turnover of property of the estate has the following requirements: (a) the request must occur during the bankruptcy case, (b) the property must be property of the debtor's estate, (c) the party targeted by the turnover request must either have or had possession of the property, and (d) is the type of property that a trustee may use under section 363 of the Bankruptcy Code and must not have inconsequential value. *Shapiro v. Henson*, 739 F.3d 1198, 1200-1202 (9th Cir. 2014). If a motion for turnover is directed at the debtor, the party seeking turnover may proceed by motion. Bankruptcy Rule 7001(1).

There is no dispute that the June St. Property is an asset of the Debtor's estate because the Judge Klein quieted title to the June St. Property in the name of the Debtor's estate by entry of the MSJ Order. Judge Klein held that the June St. Property is: (a) in the possession of the Debtor, (b) property of the Debtor's estate, and (c) is the type of property that the Trustee may use, sell, or lease under section 363 and is not of inconsequential value. Substantial equity will be derived from the sale of the June St. Property, which would benefit creditors and be advantageous to the estate. Movants have done nothing to show the above is wrong. Accordingly, the request to stay the Enforcement Order should be denied.

### III.
### IF THE COURT GRANTS THE MOTION TO STAY ANY ORDER SHOULD BE CONDITIONED ON THE POSTING OF A BOND OR CASH IN FAVOR OF THE ESTATE

If the Court grants the Motion to Stay, in whole or in part, any relief should be conditioned upon Movants promptly posting a bond in favor of the Trustee and the estate or cash that sufficient protects the estate's interest in the June St. Property.

The reasoning that applies to posting of a bond pursuant to Fed. R. Civ. P. 62(d) also applies to posting of bond under Bankruptcy Rule 8007. *ACC Bondholder Group v. Adelphia Communs.*

4918-1436-2684.2 78512.001                              8

*Corp.* (*In re Adelphia Communs. Corp.*), 361 B.R. 337, 348 (S.D.N.Y. 2007). A stay of a bankruptcy court's order should set bond at or near full amount of potential harm to non-moving parties if (a) stay pending appeal is likely to cause harm by diminishing value of estate or endanger non-moving parties' interest in ultimate recovery and (b) there is no good reason not to require posting of bond. *Id.*

Movants should be required to post a bond (or provide cash to the Trustee) in the amount of 25% of the value of the June St. Property, which the Trustee asserts equals $1,341,616.63.[1] Home values fluctuate wildly in the Los Angeles area and a drop in value of this amount while an appeal is pending would not be shocking. In addition, the Los Angeles area is at risk of destructive wildfires and earthquakes as well, all of which could contribute to a dramatic loss of value. Plus, the Debtor has not proven himself to be good steward in this case and the Trustee has no reason to believe that the Debtor will sufficiently care for the June St. Property pending a stay, especially if the Debtor sees he will lose his appeal of the MSJ Order. In addition, Movants should provide the Trustee, in advance, a year's worth of market rent, which will compensate the estate for the Debtor's use and enjoyment of the June St. Property during the pendency of any stay. If the stay extends beyond twelve months (or the applicable period imposed by the Court), Movants should be required to pay further rent through the time the stay remains in place.

Absent a bond or cash, the stay of the MSJ Order and Enforcement Order should be denied.

Dated: April 30, 2025                    PACHULSKI STANG ZIEHL & JONES LLP

                                         By:    */s/ John W. Lucas*
                                                John W. Lucas

                                                *Attorneys for Bradley D. Sharp,*
                                                *Chapter 11 Trustee*

---

[1] Zillow estimates the June St. Property's value to be: $4,956,100 - https://www.zillow.com/homedetails/322-N-June-St-Los-Angeles-CA-90004/20782388_zpid/. Redfin estimates the June St. Property's value to be: $5,776,833 - https://www.redfin.com/CA/Los-Angeles/322-N-June-St-90004/home/7099756. The average of the two, $5,366,466.50 * .25 = $1,341,616.63. In addition, the Trustee has a broker's opinion of value of $6 million to $6.3 million for the June St. Property.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 11 TRUSTEE'S OPPOSITION TO (A) MOTION TO SHORTEN TIME AND (B) MOTION FOR A STAY FILED BY THE DEBTOR AND OTHER DEFENDANTS IN THE JUNE ST. ACTION** served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 30, 2025,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **April 30, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **April 30, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| Via Email:<br>Eric J Olson: eric@ejolsonlaw.com<br><br>Leslie Klein: les.kleinlaw@gmail.com;<br>leskleinlaw@gmail.com; kleinlaw@earthlink.net | Via Email:<br>Daniel A. Crawford: dac@crawfordlawgroup.com |
|---|---|

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 30, 2025 | Ramon Sainz | /s/ Ramon Sainz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**
LA:4907-5996-1913.1 78512.001

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Case 2:23-bk-10990-NB

- **Simon Aron**   saron@wrslawyers.com, moster@wrslawyers.com;jlee@wrslawyers.com
- **Reem J Bello**   rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Ron Bender**   rb@lnbyg.com
- **Michael Jay Berger**   michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Greg P Campbell**   ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Baruch C Cohen**   bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Theron S Covey**   tcovey@raslg.com
- **Michael G D'Alba**   mgd@lnbyg.com
- **Jeffrey W Dulberg**   jdulberg@pszjlaw.com
- **Dane W Exnowski**   dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Todd S. Garan**   ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Robert P Goe**   kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Michael I. Gottfried**   mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com,tparizad@elkinskalt.com
- **M. Jonathan Hayes**   jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com
- **Brandon J. Iskander**   biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Michael S Kogan**   mkogan@koganlawfirm.com
- **Matthew A Lesnick**   matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **John W Lucas**   jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Armen Manasserian**   armen@ml-apc.com, jennifer@ml-apc.com,maria@ml-apc.com
- **Ron Maroko**   ron.maroko@usdoj.gov
- **Kirsten Martinez**   Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Steven M Mayer**   smayer@mayerlawla.com
- **Christopher M McDermott**   ch11ecf@aldridgepite.com, CMM@ecf.inforuptcy.com;cmcdermott@aldridgepite.com
- **Krikor J Meshefejian**   kjm@lnbyg.com
- **Jeffrey P Nolan**   jnolan@pszjlaw.com
- **Eric J Olson**   eric@ejolsonlaw.com
- **Jeffrey N Pomerantz**   jpomerantz@pszjlaw.com
- **Brian A Procel**   brian@procel-law.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- **Matthew D. Resnik**   matt@rhmfirm.com, roksana@rhmfirm.com;sloan@rhmfirm.com;nina@rhmfirm.com;david@rhmfirm.com;priscilla@rhmfirm.com;gabriela@rhmfirm.com;rosario@rhmfirm.com;rebeca@rhmfirm.com;LA@rhmfirm.com
- **Kevin Ronk**   Kevin@portilloronk.com, eService@cym.law,karen@cym.law
- **Joshua L Scheer**   jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Bradley D. Sharp (TR)**   bsharp@dsi.biz
- **Richard P Steelman**   RPS@LNBYG.COM
- **Nikko Salvatore Stevens**   nikko@cym.law, eService@cym.law,karen@cym.law
- **Alan G Tippie**   Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **Gary Tokumori**   gtokumori@pmcos.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Michael L Wachtell**   mwachtell@buchalter.com, marias@buchalter.com;docket@buchalter.com
- **John P. Ward**   jward@attleseyward.com, ephuong@attleseyward.com
- **Brett J. Wasserman**   wasserman@smcounsel.com
- **Alex M Weingarten**   aweingarten@willkie.com, lcarter@willkie.com
- **Beth Ann R. Young**   bry@lnbyg.com, bry@lnbyb.com
- **Clarisse Young**   youngshumaker@smcounsel.com, levern@smcounsel.com
- **Paul P Young**   paul@cym.law, eService@cym.law,karen@cym.law
- **Roye Zur**   rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com

2. **SERVED BY UNITED STATES MAIL**:

Peter C. Anderson, U.S. Trustee
Michael Jones, Assistant U.S. Trustee
Office of the U.S. Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA  90017

Leslie Klein
322 North June Street
Los Angeles, CA 90004

Nathan Talei
Oldman, Sallus & Gold, L.L.P.
16133 Ventura Blvd., PH-A
Encino, CA 91436

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA 90071

Leslie Klein & Associates, Inc.
c/o Leslie Klein
6454 Van Nuys Blvd. Suite 150
Van Nuys, CA 91401

Daniel A. Crawford, Esq.
Crawford Law Group
15303 Ventura Blvd., Ninth Floor
Sherman Oaks, California 91403

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                    **F 9013-3.1.PROOF.SERVICE**
LA:4907-5996-1913.1 78512.001