United States Bankruptcy Court

Central District of California

In re:                                                                          Case No. 23-10990-NB

Leslie Klein                                                                    Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0973-2 | User: admin | Page 1 of 5 |
|---|---|---|
| Date Rcvd: Apr 28, 2025 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol      Definition**

+           Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 30, 2025:**

**Recip ID          Recipient Name and Address**
db                  + Leslie Klein, 322 N. June Street, Los Angeles, CA 90004-1042

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 30, 2025                     Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 28, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Alan G Tippie | |
| | on behalf of Interested Party Courtesy NEF Alan.Tippie@gmlaw.com atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com |
| Alex M Weingarten | |
| | on behalf of Creditor Jeffrey Winter aweingarten@willkie.com  lcarter@willkie.com |
| Alex M Weingarten | |
| | on behalf of Interested Party Courtesy NEF aweingarten@willkie.com  lcarter@willkie.com |
| Armen Manasserian | |
| | on behalf of Plaintiff Franklin Menlo  co-trustee of the Franklin Menlo Irrevocable Trust established March 1, 1983 armen@ml-apc.com, jennifer@ml-apc.com,maria@ml-apc.com |
| Baruch C Cohen | |
| | on behalf of Plaintiff David Berger bcc@BaruchCohenEsq.com  paralegal@baruchcohenesq.com |
| Baruch C Cohen | |

District/off: 0973-2                           User: admin                              Page 2 of 5
Date Rcvd: Apr 28, 2025                   Form ID: pdf042                        Total Noticed: 1

Baruch C Cohen
    on behalf of Interested Party Courtesy NEF bcc@BaruchCohenEsq.com  paralegal@baruchcohenesq.com

Baruch C Cohen
    on behalf of Creditor Robert & Esther Mermelstein bcc@BaruchCohenEsq.com  paralegal@baruchcohenesq.com

Baruch C Cohen
    on behalf of Creditor David Berger bcc@BaruchCohenEsq.com  paralegal@baruchcohenesq.com

Baruch C Cohen
    on behalf of Plaintiff Robert & Esther Mermelstein bcc@BaruchCohenEsq.com  paralegal@baruchcohenesq.com

Beth Ann R. Young
    on behalf of Interested Party Courtesy NEF bry@lnbyg.com  bry@lnbyb.com

Beth Ann R. Young
    on behalf of Interested Party Life Capital Group  LLC bry@lnbyg.com, bry@lnbyb.com

Bradley D. Sharp (TR)
    bsharp@dsi.biz

Brandon J. Iskander
    on behalf of Creditor Joseph Vago biskander@goeforlaw.com  kmurphy@goeforlaw.com

Brandon J. Iskander
    on behalf of Interested Party Robert P Goe biskander@goeforlaw.com  kmurphy@goeforlaw.com

Brandon J. Iskander
    on behalf of Creditor Erica Vago biskander@goeforlaw.com  kmurphy@goeforlaw.com

Brett J. Wasserman
    on behalf of Plaintiff Adi Vendriger wasserman@smcounsel.com

Brian A Procel
    on behalf of Plaintiff Erica Vago brian@procel-law.com  rdankwa@millerbarondess.com;docket@millerbarondess.com

Christopher M McDermott
    on behalf of Creditor U.S. Bank National Association  as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series ch11ecf@aldridgepite.com, CMM@ecf.inforuptcy.com;cmcdermott@aldridgepite.com

Clarisse Young
    on behalf of Creditor Adi Vendriger youngshumaker@smcounsel.com  levern@smcounsel.com

Clarisse Young
    on behalf of Plaintiff Adi Vendriger youngshumaker@smcounsel.com  levern@smcounsel.com

Clarisse Young
    on behalf of Interested Party Courtesy NEF youngshumaker@smcounsel.com  levern@smcounsel.com

Dane W Exnowski
    on behalf of Creditor US Bank Trust National Association  Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com

Dane W Exnowski
    on behalf of Interested Party Courtesy NEF dane.exnowski@mccalla.com  bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com

Eric J Olson
    on behalf of Defendant The Marital Deduction Trust of Erika Klein eric@ejolsonlaw.com

Eric J Olson
    on behalf of Attorney ERIC J OLSON eric@ejolsonlaw.com

Eric J Olson
    on behalf of Defendant Barbara Klein eric@ejolsonlaw.com

Eric J Olson
    on behalf of Defendant Leslie Klein eric@ejolsonlaw.com

Eric J Olson
    on behalf of Defendant The Second Amended Klein Living Trust eric@ejolsonlaw.com

Eric J Olson
    on behalf of Defendant The Survivor's Trust of Leslie Klein eric@ejolsonlaw.com

Gary Tokumori
    on behalf of Interested Party Courtesy NEF gtokumori@pmcos.com

Greg P Campbell
    on behalf of Interested Party Courtesy NEF ch11ecf@aldridgepite.com  gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com

Jeffrey N Pomerantz
    on behalf of Trustee Bradley D. Sharp (TR) jpomerantz@pszjlaw.com

District/off: 0973-2                          User: admin                          Page 3 of 5
Date Rcvd: Apr 28, 2025                       Form ID: pdf042                       Total Noticed: 1

Jeffrey P Nolan
    on behalf of Plaintiff Bradley D. Sharp  Chapter 11 Trustee jnolan@pszjlaw.com

Jeffrey P Nolan
    on behalf of Plaintiff Bradley D. Sharp jnolan@pszjlaw.com

Jeffrey P Nolan
    on behalf of Trustee Bradley D. Sharp (TR) jnolan@pszjlaw.com

Jeffrey W Dulberg
    on behalf of Trustee Bradley D. Sharp (TR) jdulberg@pszjlaw.com

Jeffrey W Dulberg
    on behalf of Plaintiff Bradley D. Sharp jdulberg@pszjlaw.com

Jeffrey W Dulberg
    on behalf of Plaintiff Bradley D. Sharp jdulberg@pszjlaw.com

Jeffrey W Dulberg
    on behalf of Plaintiff Bradley D. Sharp  Chapter 11 Trustee jdulberg@pszjlaw.com

John P. Ward
    on behalf of Creditor U.S. Bank  N.A., as Trustee for Velocity Commercial Capital Loan Trust 2018-2 jward@attleseyward.com,
ephuong@attleseyward.com

John W Lucas
    on behalf of Plaintiff Bradley D. Sharp  Chapter 11 Trustee jlucas@pszjlaw.com, ocarpio@pszjlaw.com

John W Lucas
    on behalf of Plaintiff Bradley D. Sharp jlucas@pszjlaw.com  ocarpio@pszjlaw.com

John W Lucas
    on behalf of Trustee Bradley D. Sharp (TR) jlucas@pszjlaw.com  ocarpio@pszjlaw.com

Joshua L Scheer
    on behalf of Creditor Ajax Mortgage Loan Trust 2021-D  Mortgage-Backed Securities, Series 2021-D, by U.S. Bank National
Association, as Indenture Trustee jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com

Kevin Ronk
    on behalf of Creditor Miracle Mile Properties  LP Kevin@portilloronk.com, eService@cym.law,karen@cym.law

Kevin Ronk
    on behalf of Creditor Franklin Menlo Kevin@portilloronk.com  eService@cym.law,karen@cym.law

Kirsten Martinez
    on behalf of Creditor NewRez LLC d/b/a Shellpoint Mortgage Servicing  as servicer for J.P. Morgan Mortgage Acquisition Corp
Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com

Kirsten Martinez
    on behalf of Creditor Toyota Lease Trust as serviced by Toyota Motor Credit Corporation Kirsten.Martinez@bonialpc.com
Notices.Bonial@ecf.courtdrive.com

Krikor J Meshefejian
    on behalf of Interested Party Life Capital Group  LLC kjm@lnbyg.com

M. Jonathan Hayes
    on behalf of Defendant Chaim Manela jhayes@rhmfirm.com
roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm
.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com

Matthew A Lesnick
    on behalf of Defendant Yisroel Zev Rechnitz matt@lesnickprince.com  matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Matthew A Lesnick
    on behalf of Defendant Shlomo Y. Rechnitz matt@lesnickprince.com  matt@ecf.inforuptcy.com;jmack@lesnickprince.com

Matthew D. Resnik
    on behalf of Interested Party Courtesy NEF matt@rhmfirm.com
roksana@rhmfirm.com;russ@rhmfirm.com;sloan@rhmfirm.com;nina@rhmfirm.com;susie@rhmfirm.com;gabriela@rhmfirm.co
m;priscilla@rhmfirm.com;rebeca@rhmfirm.com;rosario@rhmfirm.com;david@rhmfirm.com

Matthew D. Resnik
    on behalf of Defendant Chaim Manela matt@rhmfirm.com
roksana@rhmfirm.com;russ@rhmfirm.com;sloan@rhmfirm.com;nina@rhmfirm.com;susie@rhmfirm.com;gabriela@rhmfirm.co
m;priscilla@rhmfirm.com;rebeca@rhmfirm.com;rosario@rhmfirm.com;david@rhmfirm.com

Michael G D'Alba
    on behalf of Interested Party Life Capital Group  LLC mgd@lnbyg.com

Michael G D'Alba
    on behalf of Defendant Jonathan Polter mgd@lnbyg.com

Michael G D'Alba

District/off: 0973-2 | User: admin | Page 4 of 5
Date Rcvd: Apr 28, 2025 | Form ID: pdf042 | Total Noticed: 1

on behalf of Defendant Life Capital Group  LLC mgd@lnbyg.com

Michael I. Gottfried

on behalf of Interested Party Courtesy NEF mgottfried@elkinskalt.com
cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com,tparizad@elkinskalt.com

Michael I. Gottfried

on behalf of Creditor A. Gestetner Family Trust mgottfried@elkinskalt.com
cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com,tparizad@elkinskalt.com

Michael I. Gottfried

on behalf of Creditor Gestetner Charitable Remainder Unitrust mgottfried@elkinskalt.com
cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com,tparizad@elkinskalt.com

Michael Jay Berger

on behalf of Other Professional Michael Jay Berger michael.berger@bankruptcypower.com
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Michael Jay Berger

on behalf of Attorney Michael Jay Berger michael.berger@bankruptcypower.com
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Michael L Wachtell

on behalf of Interested Party Courtesy NEF mwachtell@buchalter.com  marias@buchalter.com;docket@buchalter.com

Michael S Kogan

on behalf of Interested Party Michael Kogan Law Firm  APC mkogan@koganlawfirm.com

Nikko Salvatore Stevens

on behalf of Interested Party Courtesy NEF nikko@cym.law  eService@cym.law,karen@cym.law

Nikko Salvatore Stevens

on behalf of Plaintiff Franklin Menlo  co-trustee of the Franklin Menlo Irrevocable Trust established March 1, 1983
nikko@cym.law, eService@cym.law,karen@cym.law

Nikko Salvatore Stevens

on behalf of Creditor Franklin Menlo nikko@cym.law  eService@cym.law,karen@cym.law

Paul P Young

on behalf of Creditor Franklin Menlo paul@cym.law  eService@cym.law,karen@cym.law

Paul P Young

on behalf of Plaintiff Franklin Menlo  co-trustee of the Franklin Menlo Irrevocable Trust established March 1, 1983
paul@cym.law, eService@cym.law,karen@cym.law

Paul P Young

on behalf of Interested Party Courtesy NEF paul@cym.law  eService@cym.law,karen@cym.law

Reem J Bello

on behalf of Interested Party Reem J Bello rbello@goeforlaw.com  kmurphy@goeforlaw.com

Reem J Bello

on behalf of Defendant Joseph Vago rbello@goeforlaw.com  kmurphy@goeforlaw.com

Reem J Bello

on behalf of Plaintiff Erica Vago rbello@goeforlaw.com  kmurphy@goeforlaw.com

Reem J Bello

on behalf of Interested Party Joseph Vago rbello@goeforlaw.com  kmurphy@goeforlaw.com

Reem J Bello

on behalf of Defendant Erica Vago rbello@goeforlaw.com  kmurphy@goeforlaw.com

Reem J Bello

on behalf of Plaintiff Joseph Vago rbello@goeforlaw.com  kmurphy@goeforlaw.com

Reem J Bello

on behalf of Interested Party Goe Forsythe & Hodges LLP rbello@goeforlaw.com  kmurphy@goeforlaw.com

Richard P Steelman, Jr

on behalf of Interested Party Life Capital Group  LLC RPS@LNBYG.COM

Robert P Goe

on behalf of Interested Party Goe Forsythe & Hodges LLP kmurphy@goeforlaw.com
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe

on behalf of Creditor Erica Vago kmurphy@goeforlaw.com
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe

on behalf of Creditor Joseph Vago kmurphy@goeforlaw.com
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

District/off: 0973-2                    User: admin                    Page 5 of 5
Date Rcvd: Apr 28, 2025                 Form ID: pdf042                 Total Noticed: 1

Robert P Goe
                on behalf of Interested Party Robert P Goe kmurphy@goeforlaw.com
                rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe
                on behalf of Defendant Erica Vago kmurphy@goeforlaw.com
                rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe
                on behalf of Plaintiff Joseph Vago kmurphy@goeforlaw.com
                rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe
                on behalf of Plaintiff Erica Vago kmurphy@goeforlaw.com
                rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe
                on behalf of Defendant Joseph Vago kmurphy@goeforlaw.com
                rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe
                on behalf of Interested Party Joseph Vago kmurphy@goeforlaw.com
                rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Ron Bender
                on behalf of Interested Party Life Capital Group  LLC rb@lnbyg.com

Ron Maroko
                on behalf of U.S. Trustee United States Trustee (LA) ron.maroko@usdoj.gov

Roye Zur
                on behalf of Creditor A. Gestetner Family Trust rzur@elkinskalt.com
                lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com

Roye Zur
                on behalf of Interested Party Courtesy NEF rzur@elkinskalt.com
                lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com

Roye Zur
                on behalf of Creditor Gestetner Charitable Remainder Unitrust rzur@elkinskalt.com
                lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com

Simon Aron
                on behalf of Defendant Shoshana Shrifa Klein saron@wrslawyers.com  moster@wrslawyers.com;jlee@wrslawyers.com

Simon Aron
                on behalf of Defendant Kenneth Klein saron@wrslawyers.com  moster@wrslawyers.com;jlee@wrslawyers.com

Steven M Mayer
                on behalf of Interested Party Courtesy NEF smayer@mayerlawla.com

Steven M Mayer
                on behalf of Plaintiff Jeffrey Siegel smayer@mayerlawla.com

Theron S Covey
                on behalf of Creditor Wilmington Savings Fund Society  FSB, d/b/a Christiana Trust, not individually but as trusteefor Pretium
                Mortgage Acquisition Trust tcovey@raslg.com

Todd S. Garan
                on behalf of Creditor JPMorgan Chase Bank  N.A. ch11ecf@aldridgepite.com,
                TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com

United States Trustee (LA)
                ustpregion16.la.ecf@usdoj.gov


TOTAL: 99

FILED & ENTERED

APR 28 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

In re:

Leslie Klein,

                                    Debtor(s)

Case No.:    2:23-bk-10990-NB

Chapter:    11

**MEMORANDUM DECISION GRANTING CHAPTER 11 TRUSTEE'S MOTION FOR ORDER ENFORCING THE AUTOMATIC STAY AND SANCTIONS, SUBJECT TO FURTHER PROCEEDINGS TO ESTABLISH DOLLAR AMOUNT OF SANCTIONS**

Hearing:
Date:  April 8, 2025
Time:  2:00 p.m.
Place: Courtroom 1545
         255 E. Temple Street
         Los Angeles, CA 90012
(or via Zoomgov per posted procedures)

This Memorandum Decision supplements this Bankruptcy Court's "Interim Order Granting Motion for Order Enforcing the Automatic Stay and Sanctions Against (A) The Debtor, (B) Daniel Crawford, (C) Crawford Law Group, (D) Leslie Klein & Associates, Inc., and (E) EKLK Foundation, and Related Relief" (dkt. 1026, "Stay Violation Order"). Specifically, this decision elaborates on this Bankruptcy Court's oral findings of fact and

-1-

conclusions of law set forth on the record at the above-captioned hearing on Trustee's

motion (dkt. 969, the "Stay Violation Motion") seeking to enforce the automatic stay and

an award of sanctions arising from the responding parties' stay violation.

## 1.  BACKGROUND

Life Capital Group, LLC ("Life Capital") is a California limited liability corporation

that was formed on or about April 8, 2011.  Stay Violation Motion (dkt. 969), Ex. B.  Life

Capital is governed by a limited liability company operating agreement.  *Id.,* Ex. C (the

"LLC Agreement").  As set forth in the LLC Agreement, Debtor holds a 50%

membership interest in Life Capital and Shlomo Rechnitz holds the other 50%

membership interest.  *Id.*, Ex. C, Schedule A.

### a.  The Life Capital Action

On January 23, 2025 Trustee commenced an adversary proceeding in this

Bankruptcy Court (Adv. No. 2:25-ap-01020-NB) (the "**Life Capital Action**") against Life

Capital, Mr. Rechnitz, Jonathan Polter (the sole manager of Life Capital) and other

parties, seeking to avoid, as a fraudulent and/or preferential transfer, Debtor's pre-

petition release of his rights and entitlements to distributions from the proceeds of life

insurance policies governed by the terms and conditions of the LLC Agreement

pursuant to a settlement agreement (the "Life Capital Settlement") in which the parties

agreed on the terms and conditions concerning the distribution of proceeds from certain

life insurance policies.

### b.  The LKA Action

On March 6, 2025 - just over one month after Trustee filed the Life Capital Action

asserting that this bankruptcy estate has an interest in certain life insurance proceeds -

Leslie Klein & Associates, Inc. ("LKA") and EKLK Foundation ("EKLK" or, with LKA, the

"Klein Entities") filed an action in California Superior Court (Case No. 25STCV06300)

(the "**LKA Action**") *asserting an interest in those same proceeds*.  Specifically, the Klein

Entities asserted claims against Life Capital, Mr. Polter, and Mr. Rechnitz alleging that

Debtor and Mr. Polter agreed that LKA would be designated as a "lender" in the LLC

1  Agreement and that all amounts paid by LKA for life insurance premiums or to maintain

2  life insurance policies made before the formation of Life Capital would be repaid to it

3  from payments made by the respective insurers on the policies *before* any amounts

4  would be paid to Debtor and Mr. Rechnitz.  Stay Violation Motion (dkt. 969), Ex. F at

5  PDF pp. 163:10-21.[1]

6          **c.  The EKLK Action**

7          Also, on March 6, 2025 - again, just over one month after Trustee filed the Life

8  Capital Action asserting that this bankruptcy estate has an interest in certain life

9  insurance proceeds - EKLK filed an action in California Superior Court (Case No.

10  25STCV06306) (the "**EKLK Action**" or, with the LKA Action, the "**Superior Court**

11  **Actions**") *asserting another interest in those same proceeds*.  Specifically, EKLK

12  asserted claims against Mr. Rechnitz, among others, alleging that in 2011 EKLK

13  entered into an agreement with Sytamar Foundation ("SYTR"), a charitable foundation,

14  whereby the parties agreed, among other things, that SYTR would assume EKLK's

15  responsibility for making premium payments for three life insurance policies in which

16  EKLK was the assigned designated beneficiary: (x) the Goodkin Policy (Policy No.

17  UME2041681), (y) the Holtzman Policy (Policy No. 6003033), and (z) the Roth Policy

18  (Policy No. US0023724L) (collectively, the "Policies"), and, in exchange, EKLK and

19  SYTR would split the benefits and proceeds paid by the insurers of those policies.  Stay

20  Violation Motion (dkt. 969), Ex. G at PDF p. 174:6-12.[2]

21  _____

22  [1] LKA further alleges that Life Capital has received proceeds from policies and has distributed money from those
proceeds without making payments due to it (*id.,* at PDF p. 164:11-13) and has transferred certain beneficial rights

23  and interests in some of the policies to third parties. *Id.,* at PDF p. 164:25-26.  As a result of the foregoing, LKA seeks

24  an award of damages, declaratory relief, injunctive relief and/or the imposition of a constructive trust, and avoidance
of certain transfers made to the defendants in that action and/or third parties that allegedly were wrongfully distributed

25  in violation of its rights and claims to such funds, rights and/or beneficial interests. *Id.,* at PDF pp. 167:10-11:6.  In
other words, LKA not only asserts rights that allegedly would be prior to Trustee's claims but seeks a constructive

26  trust and enforcement of such purported rights.

27  [2] EKLK further alleges that it did not receive the required payments under the Policies and that those monies and
certain rights and/or beneficial interests in the Policies were wrongfully converted and distributed to other parties. *Id.*

28  at 174:26-180:19.  Accordingly, EKLK seeks an award of damages, declaratory relief, injunctive relief and/or the
imposition of a constructive trust, and the avoidance of certain transfers, among other things. *Id.,* at PDF pp. 180:23-

**2.  EVIDENTIARY OBJECTIONS**

The Klein Entities and Daniel A. Crawford, Esq. (collectively, "Respondents")[3] object (dkt. 997 at PDF pp. 10-12) to the admissibility of (x) paragraph 3 of the Lucas Declaration (dkt. 969, PDF p. 22); (y) "Schedule C"  of Life Capital's Operating Agreement (*id.*, Ex. C, Schedule C PDF p. 61); and (z) page 33 of the Life Capital's Operating Agreement (*id.,* Ex. C, PDF p. 58) on the grounds that the documents lack foundation, are hearsay and/or the declarant has not established that he is a custodian of records.

This Bankruptcy Court orally sustained those objections but granted leave for the Trustee's counsel to make an offer of proof at the hearing, to be supplemented with Trustee's declaration, about whether the Trustee could establish (i) a sufficient factual basis that he is the custodian of records or "another qualified witness" within the meaning of Rule 803(6)(D) (Fed. R. Evid.) and (ii) that the other elements of Rule 803(6) are satisfied (and a sufficient foundation for admissibility of the documents), and to follow up with the Trustee's actual written declaration verifying the foregoing things. *See* Dkt. 1026, p. 2:17-24.  *See also, e.g., United States v. Childs,* 5 F.3d 1328, 1334 (9th Cir. 1993) ("The phrase 'other qualified witness' [in FRE 803(6)] is broadly interpreted to require only that *the witness understand the record-keeping system*.") (citation omitted, emphasis added); *see also* Stay Violation Order (dkt. 1026).

In this Court's experience, trustees in bankruptcy generally qualify as an "other qualified witness" under this broad rule.  In addition, analogous authority supports that conclusion.  *See, e.g., MRT Constr. Inc. v. Hardrives, Inc.,* 158 F.3d 478, 483 (9th Cir. 1998) ("records a business *receives from others* are admissible under [FRE 803(6)] when those records are kept in the regular course of that business, relied upon by that

---

181:24.  In other words, EKLK not only asserts rights that allegedly would be prior to Trustee's claims but seeks a constructive trust and other enforcement of such purported rights.

[3] Debtor did not file any written response in advance of the hearing on the to the Stay Violation Motion or present any oral response at the hearing, so any opposition has been waived and/or forfeited. *See In re Hamer*, 138 S. Ct. 13, 17 n.1, 199 L. Ed. 2d 249 (2017) (distinguishing forfeiture and waiver)

1   business, and where that business has a substantial interest in the accuracy of the

2   records.") (emphasis added); *In re New Century TRS Holdings, Inc.,* 502 B.R. 416

3   (Bankr. D. Del. 2013) (similarly broad definition of "qualified witness," who need not

4   have personally participated in creation of that record or know who actually recorded the

5   information; if he or she is familiar with record-keeping procedures of organization).

6        Based on this Bankruptcy Court's consideration of Trustee's counsel's

7   representations on the record at the above-captioned hearing and review of Trustee's

8   supplemental declaration (dkt. 1028) filed after the hearing, this Bankruptcy Court finds

9   and concludes that Trustee has established sufficient grounds to admit the documents

10  so Respondents' evidentiary objections are overruled.

11  **3.  JURISDICTION, AUTHORITY, AND VENUE**

12       This Bankruptcy Court has jurisdiction, and venue is proper, under 28 U.S.C.

13  §§ 1334 and 1408.  This is a "core" proceeding in which this Bankruptcy Court has the

14  authority to enter a final judgment or order under 28 U.S.C. § 157(b)(2)(A).  *See*

15  *generally Stern v. Marshall*, 131 S. Ct. 2594 (2011); *In re Deitz*, 469 B.R. 11 (9th Cir.

16  BAP 2012) (discussing *Stern*); *In re AWTR Liquidation, Inc.*, 547 B.R. 831 (Bankr. C.D.

17  Cal. 2016) (same).

18  **4.  DISCUSSION**

19       **a.  § 362(a)(3)**

20       The parties' disputes concern the portion of the automatic stay contained in §

21  362(a)(3) [4], which provides:

22       (a) [With inapplicable exceptions,] a [bankruptcy] petition ... operates as a
23           stay, applicable to all entities, of—
             * * *
24                (3) *any act to obtain possession of property* of the estate or of property
                     from the estate *or to exercise control over property of the estate*[.]
25                   [§ 362(a)(3), emphasis added.]

26

27  _____
    [4] Unless the context suggests otherwise, a "chapter" or "section" ("§") refers to the United States Bankruptcy Code,
28  11 U.S.C. § 101 et seq. (the "Code"), a "Rule" means the Federal Rules of Bankruptcy Procedure or other federal or
    local rule, and other terms have the meanings provided in the Code, Rules, and the parties' filed papers.

**b. The parties' dispute**

Trustee argues that Respondents violated the automatic stay under § 362(a)(3) by filing the State Court Actions because Respondents are seeking to usurp the rights, benefits and control of proceeds and/or beneficial rights and interests in millions of dollars derived from life insurance policies that the estate has an interest in and which are the subject of the Life Capital Action.  Stay Violation Motion (dkt. 969) at pp. 10:21-11:10.

Respondents contend that neither action involves property of the estate (or asserts claims against Debtor).  Opp. (dkt. 997) pp. 3:11-12 & 23, 4:14-5:9.  They argue that the LKA Action does not affect property of the estate because LKA seeks to recover payments and enforce rights to which it allegedly is entitled *prior to* any distribution to Debtor and that those payments did not pass through Debtor's hands at any time, but instead were wrongfully (they assert) conveyed to other parties.  *Id.,* pp. 4:14-5:9. Respondents also argue that the EKLK Action involves life insurance policies that were never Debtor's property and, even assuming the policies might later become property of the estate in the event EKLK is successful (because EKLK is wholly owned by Debtor), there is no property in which Debtor himself owns even an indirect interest unless and until a judgment is entered in favor of EKLK.  *Id.*, pp. 3:14-4:13.

**c. Legal standards**

"The scope of the automatic stay is undeniably broad."  *In re Bialac*, 712 F.2d 426 (9th Cir. 1983).  "It is designed to effect an immediate freeze of the status quo by precluding and nullifying post-petition actions, judicial or nonjudicial, in nonbankruptcy fora against the debtor or affecting the property of the estate."  *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir. 1993).

For conduct that violates the automatic stay to be sanctionable, it is not necessary to show that the violator knew that its acts violated the automatic stay.  Once that person knows of the bankruptcy case, and hence of the possible application of the automatic stay, they act at their own risk, unless there is an "objectively reasonable

basis" to conclude that the conduct "might be lawful" under the automatic stay.  *Taggart v. Lorenzen*, 587 U.S. 554, 560 (2019).

"[A] creditor who attempts, but fails, to achieve actual control over estate property does not give the creditor a safe harbor against a stay violation action."  *In re Qarni*, 2019 LEXIS 3779, at *9 (Bankr. E.D. Cal. Dec. 11, 2019) (citations omitted).  In other words, an "act to" obtain possession of property, or to exercise control over property, is still an "act" even if it does not succeed.

As noted above, § 362(a)(3) stays "any act *to obtain possession of property* of the estate or property from the estate or to *exercise control over property of the estate*." § 362(a)(3) (emphasis added).  The Ninth Circuit has applied a three-part test to determine whether a creditor has violated § 362(a)(3).  *Bialac*, 712 F.2d 426, 429.

First, the court examined whether a "property" interest existed.  *Id.*  Property rights are generally, but not always, determined under applicable State law.  *Butner v. United States,* 440 U.S. 48, 54 (1979) ("Congress has *generally* left the determination of property rights in the assets of a bankrupt's estate to state law.") (footnote omitted, emphasis added).  But that is not always so.  For example, "property of the estate" includes not just property of a debtor as of the petition date (§ 541(a)(1)) but also recoveries of avoidance actions (§ 541(a)(3)) and legal claims that belong to the estate by virtue of the filing of the petition (§ 541(a)(7)).

Second, the Ninth Circuit asked whether, if any rights in property existed, such property was "of the estate" under 11 U.S.C. § 541.  *Bialac*, 712 F.2d 426, 429.  This is important because some property interests that belong to a debtor do not pass into the estate, such as certain retirement accounts under § 541(b)(7), and conversely some property interests, such as avoidance actions and their recoveries, do not belong to a debtor as of the petition date but are property of the estate under § 541(a)(3) and (7).  In other words, to come within § 362(a)(3) any property must be property "of the estate."

Third, the Ninth Circuit determined "*if the property was altered* in a manner contrary to the relevant provisions of 11 U.S.C. § 362(a) …."  *Bialac*, 712 F.2d 426, 429-

30 (emphasis added).  In *Bialac* the Ninth Circuit held that a creditor's act of foreclosing on 5/6ths of a promissory note converted the debtor's 1/6 _undivided_ interest into a _divided_ interest and transformed his right to redeem 100% (6/6ths) of the promissory note for $450,000.00 into a right to redeem only 1/6th for $300,000.00, which was a huge financial loss.  *Id.,* 712 F.2d 426, 432.  That constituted an act in violation of § 362(a)(3).

### (i)  The legal claims in the Life Capital Action qualify as "property," and so do the equity interests in Life Capital

Respondents focus on (A) the life insurance policies, (B) the proceeds of those policies, and (C) the Klein Entities' claims to those things as asserted in the LKA Action and the EKLK Action.  They argue that at best Life Capital has certain claims and property interests, but that Debtor's 50% ownership interest in Life Capital does not give him any direct property interest in the property belonging to Life Capital.  That is true as far as it goes.

But, first, Respondents do not deny that Debtor's 50% ownership interest in Life Capital qualifies by itself as "property."  Second, Respondents do not deny that legal claims (such as Trustee's legal claims asserted in the Life Capital Action) are a form of intangible property.  *See e.g., Sierra Switchboard Co. v. Westinghouse Elec. Corp.,* 789 F.2d 705, 707 (9th Cir. 1986) ("[t]he scope of section 541 is broad and includes causes of action").

### (ii)  The claims in the Life Capital Action and the equity interests in Life Capital itself are property "of the estate"

Respondents contend that "neither of the Superior Court Actions involves property of the estate."  Opp. (dkt. 997) p. 3:14-15.  This Bankruptcy Court disagrees.

Again, the property at issue is not the life insurance policies, their proceeds, or Respondents' asserted claims to an interest in those things.  Instead, the property at issue is (A) the bundle of rights comprising Debtor's equity interests in Life Capital, including the dollar value of that equity interest after payment of legitimate claims or

1    interests that are determined to be of higher priority, and (B) the bundle of rights

2    asserted in the Life Capital Action.  Both of those things are property "of the

3    [bankruptcy] estate" under § 541(a)(1), (3), and (7).  Respondents do not claim

4    otherwise.

5    <center>**(iii)Trustee's bundles of rights were "altered" in a manner contrary to**</center>

6    <center>**§ 362(a)(3)'s proscription against taking "possession" or**</center>

7    <center>**"control" over property of the estate**</center>

8    Respondents willfully undertook acts to obtain possession of, or seek control

9    over, parts of the bundles of rights belonging to the bankruptcy estate.  Again, the

10   estate's interests include its ownership of Life Capital and the estate's claims asserted

11   in the Life Capital Action.  By filing the State Court Actions, which assert purportedly

12   superior rights in the same life insurance proceeds and assets sought by Trustee in the

13   Life Capital Action, and which would denude Life Capital of enormous value,

14   Respondents have violated § 362(a)(3).

15   To illustrate, consider a hypothetical scenario, and contrast that with the facts in

16   this case.  The hypothetical scenario is that a bankruptcy estate asserts a 0.1% interest

17   in the stock of General Motors and does *not* assert any direct claim against the real or

18   personal property held by General Motors, and then during the bankruptcy case a

19   vendor sues General Motors for nonpayment.  In that scenario, the vendor's suit would

20   not violate the automatic stay of § 362(a)(3) because the vendor is not engaging in acts

21   to seizing control over General Motors, nor is the vendor engaging in acts to seize or

22   attempt to control any property that the estate itself owns (as distinguished from

23   property owned by General Motors).

24   This case presents a very different factual scenario.  Here, Trustee has not only

25   asserted a 50% membership interest in Life Capital, including *an undivided 50% interest*

26   *in the residual value* of all the assets of Life Capital after payment of creditors, but has

27   also filed a lawsuit *asserting claims in the property of Life Capital* - *i.e.,* rights regarding

28   disposition of certain actions contemplated by Life Capital with respect to more than

<center>-9-</center>

1    $30,000,000.00 of unmatured life insurance policies.  Stay Violation Motion (dkt. 969) p.

2    11:5-8.  Then, almost immediately after Trustee asserted such claims, Respondents

3    asserted their own claims to the same property that attempted to usurp all of the value

4    of the estate's 50% interest in Life Capital and all of the value of Trustee's claims, by

5    purporting to have primacy over whatever interests Trustee might hold.

6          By filing the State Court Actions, Respondents attempted to seize "possession"

7    or "exercise control over property" of or from the estate, in violation of the automatic

8    stay.  They were asserting competing interests in the very same property that the

9    Trustee is seeking to recover for the benefit of the estate.  *See e.g., Qarni*, 2019 LEXIS

10   3779, at *9 ("The act of filing suit, which includes causes of action that seek to exercise

11   control over property of the estate, is itself a violation of [§] 362(a)(3)," and creditor's

12   action to appoint receiver for individual debtor's corporation was attempt to exercise

13   control over debtor's right to steer corporate affairs).

14         This is no less a violation of § 362(a)(3) than what happened in *Bialac*.  In that

15   case a seizure of property that did *not* belong to the debtor (the 5/6ths interest in the

16   promissory note that did not belong to him) nevertheless converted his 1/6 undivided

17   interest into a divided interest, and converted his right to redeem the entire promissory

18   note into a much more expensive right to redeem only a 1/6 interest in the promissory

19   note.  *See Bialac,* 712 F.2d 426, 429-30.

20         Likewise, this is no less a violation of § 362(a)(3) than what happened in *Hillis

21   Motors*.  In that case a state agency's proceeding to dissolve a corporate debtor for

22   failure to file corporate exhibits and pay its annual fees effectuated a transfer of all

23   corporate property to the debtor's sole shareholder and deprived the trustee from

24   continuing to oversee the administration of the estate for the benefit of creditors in

25   accordance with the terms of the confirmed plan.  *See Hillis Motors*, 997 F.2d 581, 586-

26   90.

27         To be clear, this Bankruptcy Court is *not* ruling that Respondents are prohibited

28   from *properly* asserting any claims they believe they might have, even if those claims

-10-

assert an interest in the same property in which the estate claims an interest.  The

problem is not Respondents' desire to protect whatever rights and interests they might

have, which they could have done by, for example, seeking relief from the automatic

stay.  The problem is that Respondents sought to assert primacy over the bundle of

rights that Trustee was asserting *without* seeking relief from the automatic stay.

## 5.  SANCTIONS

Trustee asks this Court to impose sanctions against Respondents pursuant to

§ 105(a) in the form of his attorney's fees and costs.  *See In re Dyer*, 322 F.3d 1178,

1189-90 (9th Cir. 2003) ("Trustee may be entitled to recovery for violation of the

automatic stay under § 105(a) as a sanction for ordinary civil contempt") (citation and

quotation marks omitted).  To "hold a [party] in civil contempt" for violating the automatic

stay, there must be "no objectively reasonable basis for concluding that the creditor's

conduct might be lawful" under the automatic stay.  *Taggart v. Lorenzen*, 587 U.S. 554,

560.  Accordingly, this Bankruptcy Court must determine whether there was an

"objectively reasonable basis" for Respondents to conclude that filing the State Court

Actions would not violate § 362(a)(3), even though those were acts calculated to

denude the value of the estate's 50% interest in Life Capital and to supersede Trustee's

claims in the Life Capital Action.

It is not necessary for a party subjectively to want to violate the automatic stay.

*Qarni*, 2019 LEXIS 3779, at *6 (citing authorities).  But it is relevant, as Trustee

highlights, that Respondents previously engaged in similar conduct in violation of the

automatic stay by filing a probate complaint seeking to exercise control over real

property belonging to Debtor.  Stay Violation Motion (dkt. 969), p. 13:3-16 & 2:24-ap-

01140-NB, dkt. 64.  After Judge Sandra Klein (who previously presided over this case)

issued an order directing Debtor and Mr. Crawford to appear and show cause why they

have not violated the automatic stay and why they should not be sanctioned, they

dismissed the probate action.  *Id.*  Accordingly, Respondents were even more aware of

1    the potential application of the automatic stay than a typical respondent, who has no

2    such prior warning.

3          By filing the State Court Actions, Respondents knew they were acting to seize or

4    exercise control over $30 million or so of property that this Court might find is property

5    of the estate.  This Bankruptcy Court has little trouble concluding that Respondents

6    lacked an objectively reasonable basis to believe that their actions were consistent with

7    the automatic stay.  In addition, their filing of the State Court Actions establishes a

8    pattern that, once the estate asserts an interest in an asset, Respondents have

9    attempted to go into State Court to undue or supersede that interest.

10          In sum, a finding of civil contempt is appropriate because Respondents violated

11    the automatic stay based on "an objectively unreasonable understanding of the

12    [automatic stay or] its scope." *Taggart*, 587 U.S. 554, 562.  *See also Dyer*, 322 F.3d

13    1178.  This Bankruptcy Court will determine, in further proceedings, an appropriate

14    dollar amount of civil contempt sanctions, including reimbursing Trustee and the estate

15    for the costs of Respondents' stay violations.  *See* Stay Violation Order (dkt. 1026, pp.

16    8:25-4:17).

17    **6.  CONCLUSION**

18          For the reasons set forth above, Respondents violated § 362(a)(3) of the

19    automatic stay by filing the State Court Actions, and civil contempt sanctions are

20    appropriate.  The dollar amount of those sanctions will be determined in future

21    proceedings.

22                ###

23

24      Date: April 28, 2025

                        *Neil W. Bason*

25                            Neil W. Bason
                        United States Bankruptcy Judge

26

27

28