1  Jeffrey W. Dulberg (CA State Bar No. 181200)
   John W. Lucas (CA State Bar No. 271038)
2  Pachulski Stang Ziehl & Jones LLP
   10100 Santa Monica Blvd., 13th Floor
3  Los Angeles, CA 90067
   Telephone: 310/277-6910
4  Facsimile: 310/201-0760
   E-mail:  jdulberg@pszjlaw.com
5            jlucas@pszjlaw.com

6  Counsel to Bradley D. Sharp,
   Chapter 11 Trustee

7              UNITED STATES BANKRUPTCY COURT

8               CENTRAL DISTRICT OF CALIFORNIA

9                   LOS ANGELES DIVISION

10 | In re                          | Case No.: 2:23-bk-10990-NB
11 | LESLIE KLEIN,                  | Chapter 11
12 |        Debtor.                 | **REPLY OF CHAPTER 11 TRUSTEE TO OPPOSITION FILED BY LESLIE KLEIN AND BARBARA KLEIN TO APPLICATION TO (A) EMPLOY COLDWELL BANKER REALTY AS REAL ESTATE BROKER AND (B) ENTER INTO EXCLUSIVE LISTING AGREEMENT**

16 Date:      May 20, 2025
   Time:      2:00 p.m.
17 Courtroom: 1545
   Location:  255 E. Temple Street
18            Los Angeles, CA 90012
   Judge:     Hon. Neil W. Bason
19
   [Relates to Docket Nos. 931 and 944]
20

21        Bradley D. Sharp, the duly appointed chapter 11 trustee (the "**Trustee**") of the bankruptcy

22 estate of Leslie Klein (the "**Debtor**"), hereby files this reply (the "**Reply**") to the opposition filed

23 by Leslie Klein and Barbara Klein  [Docket No. 944] (the "**Opposition**"), to the *Chapter 11*

24 *Trustee's Application to (A) Employ Coldwell Banker Realty as Real Estate Broker and (B) Enter*

25 *Into Exclusive Listing Agreement* [Docket No. 931] (the "**Application**").[1]  In support of the Reply,

26 the Trustee represents as follows:

27 _____

28 [1] Capitalized terms not defined herein have meanings used in the Application.

4919-0269-0876.3 78512.001

*(left margin, vertical text)* PACHULSKI STANG ZIEHL & JONES LLP  ATTORNEYS AT LAW  LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**I.**

**THE OPPOSITION SHOULD BE OVERRULED BECAUSE IT**

**PROVIDES NO BASIS TO QUESTION THE TRUSTEE'S BUSINESS JUDGMENT**

**TO ENGAGE A BROKER AND ATTEMPTS TO RELITIGATE THE JUNE ST. ACTION**

The Trustee seeks to employ Coldwell Banker ("**Coldwell**") for the purpose of marketing and selling the property located at 322 N. June Street, Los Angeles, CA (the "**June St. Property**"). As the Court is aware, the Trustee commenced an adversary proceeding, Adv. Case No.: 2:24-ap-01140 (the "**June St. Action**"), seeking, among other things, to quiet title to the June St. Property as an asset of the Debtor's estate. Judge Klein entered an order granting the Trustee's summary judgment motion on all counts. *See* [Adv. Docket No. 62] (the "**MSJ Order**"). The MSJ Order is not stayed and fully enforceable. While the Trustee acknowledges that the Debtor filed a stay request of the MSJ Order on April 29, 2025 [Docket Nos. 1035 and 1036], the request for a stay was filed *more than four months* after entry of the MSJ Order and provides little or no support for the relief requested nor justification for the extended delay. The Opposition is nothing more than indirect attempt by the Debtor to contest the MSJ Order and delay the Trustee's disposition of the June St. Property. The Trustee provides further support for the Application and responds to each of issues raised in the Opposition.

**A.      The Engagement of a Broker is Routine and
        Any Sale Will Be Subject to a Separate Motion**

The Trustee's engagement of Coldwell simply authorizes the Trustee to market and sell the June St. Property, **but** any such sale cannot be consummated until the Trustee obtains authorization from the Court pursuant to section 363 of the Bankruptcy Code. If Coldwell locates a suitable buyer, the Trustee is required to seek the Court's authorization to consummate any purchase and sale agreement for the June St. Property. As the record presently stands, the Trustee requires the services of Coldwell because he cannot market the June St. Property without a professional broker and the Court likely will not approve a sale of the June St. Property unless the Trustee demonstrates that the property has been thoroughly and adequately marketed. If a court determines that the MSJ Order should be reversed, then Coldwell simply will not sell the June St.

1   Property. However, until that happens the Trustee has demonstrated sufficiently that the Court

2   should approve the Application.

3   **B.      The Joinder Motion Was Denied and Never Appealed**

4           The Debtor and the other defendants in the June St. Action filed the *Motion to Join*

5   *Necessary Parties* [Adv. Pro. Docket No. 30] (the "**Joinder Motion**"), whereby they sought to

6   join the Debtor's adult offspring because they are purportedly beneficiaries under one of the sub-

7   trusts under the "Klein Living Trust" referred to therein as the credit trust (the "**Credit Trust**").

8   The Bankruptcy Court denied the Joinder Motion [Adv. Pro. Docket No. 46] (the "**Order**

9   **Denying Joinder Motion**"). The Order Denying Joinder Motion is a final order because it was

10  never appealed. Consequently, the Debtor's offspring not being named in the June St. Action is no

11  longer a basis for an objection.

12          Moreover, the Credit Trust has never asserted an interest in the June St. Property. Initially,

13  the Debtor's schedules reflected that the June St. Property is 50% owned by the Debtor and 50%

14  owned by the Debtor's late spouse's "Marital Deduction Trust" (the "**MDT**") [Docket No. 34].

15  The Debtor's story changed when he filed an answer to the complaint in the June St. Action where

16  he asserted that the MDT owns 100% of the June St. Property. [Adv. Pro. Docket No. 21]. As a

17  result, the Debtor sued the MDT, the Debtor, and the other sub-trusts of the Debtor's living trust

18  (excluding the Credit Trust) and the MSJ Order is binding upon all of these parties.

19          Contrary to the Debtor's assertion, a complaint does not fail to state a claim for quiet title

20  if it does not name parties who might claim an interest in the subject property. *Seror v. Stone (In*

21  *re Automated Fin. Corp.)*, 2011 Bankr. LEXIS 291 (Bankr. C.D. Cal. Jan. 25, 2011)(citing

22  *Blackburn v. Bucksport & E. R. R. Co.*, 7 Cal. App. 649 (Cal. App. 1908)(failure to name parties

23  claiming adverse interests in a quiet title action does not go to the cause of action). As the

24  legislative comment to section 762.010 of the California Code of Civil Procedure makes clear, the

25  failure to join any other adverse claimants in a quiet title action merely results in a judgment that

26  does not bind those unnamed parties, but it does bind the parties that are named. In the end, the

27

28

Pachulski Stang Ziehl & Jones LLP
Attorneys at Law
Los Angeles, California

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Credit Trust's unfounded assertions about its ownership interest in the June St. Property do not matter until the Credit Trust legally establishes that it holds a legitimate ownership interest.

## C.  The Trustees of the Living Trust and Sub-Trust Acknowledged in Writing They Were Served

After the Complaint was filed in the June St. Action, the Debtor and the other defendants requested additional time to respond to the Complaint. The Trustee agreed, and the parties entered into a stipulation [Adv. Pro. Docket No. 16] (the "**Extension Stipulation**"), which provided them with additional time to respond to the Complaint.

The Extension Stipulation provides that "**Each of the Defendants acknowledge being duly served with a copy of the FAC [Complaint] and summons**." (emphasis added). The Extension Stipulation was executed by the Debtor, as co-counsel for the Debtor and each of the subject trusts, and also executed by the Debtor **in his capacity as trustee of**: (a) the Second Amended Klein Living Trust of 1990, (b) Marital Deduction Trust of Erika Klein (*i.e.*, the MDT), (c) Survivors Trust of Leslie Klein, and (d) Leslie Klein. Each of the signature lines for the subject defendants clearly reflects that the trustees of the above-described trusts acknowledged being duly served and agreed to a new deadline to answer the Complaint. The Bankruptcy Court approved the Extension Stipulation [Adv. Pro. Docket No. 20].

Contrary to the Debtor's assertions, the MSJ Order is effective and enforceable against the Debtor's living trust and each of the sub-trusts thereunder because they never made a "direct negative averment" in the answer to support a claim for a lack of capacity to be sued. The failure to make a "direct negative averment" results in the waiver of such defense at trial on appeal. While the Federal Rules of Civil Procedure do not require a plaintiff to aver capacity, it does require a defendant to plead absence of capacity. *Lang v. Tex. & Pac. Ry. Co.*, 624 F.2d 1275, 1277 (5th 1980). A defendant must challenge the plaintiff's allegations and a "specific negative averment must be made in the responsive pleading or by motion before the pleading." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 878 (9th Cir. 2000). A defendant that fails to make a "specific negative averment in its answer, or at any time [sic] until the appeal, is deemed to have waived that defense." *Summers v. Interstate Tractor & Equipment Co.*, 466 F.2d 42, 50 (9th Cir.

1972); *see also*, *Swaim v. Moltan Co.*, 73 F.3d 711 (7th Cir. 1996) (holding that defendant against whom default judgment was entered would not be allowed to argue on appeal that it lacked capacity to be sued); *Howerton v. Designer Homes by Georges, Inc.*, 950 F.2d 281 (5th Cir. 1992)(holding that defendant did not object to complaint naming corporation as defendant in "every capacity" waived claim that it could be held liable only in limited capacities). The Debtor and the other defendants cannot now raise this defense because it has been waived.

**D.    The Trustee Cannot Market and Sell the**
**    June St. Property When it is Occupied by the Debtor**

The Trustee cannot market and sell the June St. Property while the Debtor and Barbara Klein are occupying it. The Trustee must secure the June St. Property so that its value can be preserved for the benefit of creditors. The Debtor has not engaged constructively with the Trustee since his appointment and the Trustee is unwilling to work out an arrangement with the Debtor until the June St. Property is sold. The Trustee considers the Debtor a liability and the estate will be better served with the Trustee in control of the June St. Property; and the Trustee will take all necessary precautions to safeguard the June St. Property from third parties, including the Debtor.

**II.**

**CONCLUSION**

For the reasons set forth herein and in the Application, the Opposition should be overruled and the Application granted, authorizing the Trustee to retain Coldwell as real estate broker and enter into an exclusive listing agreement.

Dated:  May 1, 2025,                    PACHULSKI STANG ZIEHL & JONES LLP


                                        By:   */s/ John W. Lucas*
                                            John W. Lucas

                                            Attorneys for Bradley D. Sharp,
                                            Chapter 11 Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**One Sansome Street, Suite 3430, San Francisco, CA  94105.**

A true and correct copy of the foregoing document entitled (*specify*):  ***REPLY OF CHAPTER 11 TRUSTEE TO OPPOSITION FILED BY LESLIE KLEIN AND BARBARA KLEIN TO APPLICATION TO (A) EMPLOY COLDWELL BANKER REALTY AS REAL ESTATE BROKER AND (B) ENTER INTO EXCLUSIVE LISTING AGREEMENT*** is served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 1, 2025,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) **May 1, 2025,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **May 1, 2025,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| Via Email: | Via Email: |
|---|---|
| Eric J Olson:  eric@ejolsonlaw.com | Daniel A. Crawford, Esq. |
|  | Crawford Law Group |
| Leslie Klein:  les.kleinlaw@gmail.com; | 15303 Ventura Blvd., Ninth Floor |
| leskleinlaw@gmail.com; kleinlaw@earthlink.net | Sherman Oaks, California 91403 |
|  | Email: dac@crawfordlawgroup.com |

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 1, 2025 | Oliver Carpio | /s/ Oliver Carpio |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
   **Case 2:23-bk-10990-SK**

- Simon Aron    saron@wrslawyers.com, moster@wrslawyers.com;jlee@wrslawyers.com
- Reem J Bello    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Ron Bender    rb@lnbyg.com
- Michael Jay Berger    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- Greg P Campbell    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- Baruch C Cohen    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- Theron S Covey    tcovey@raslg.com
- Michael G D'Alba    mgd@lnbyg.com
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Dane W Exnowski    dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- Todd S. Garan    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- Michael I. Gottfried    mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com,tparizad@elkinskalt.com
- M. Jonathan Hayes    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com
- Brandon J. Iskander    biskander@goeforlaw.com, kmurphy@goeforlaw.com
- Michael S Kogan    mkogan@koganlawfirm.com
- Matthew A Lesnick    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- John W Lucas    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Armen Manasserian    armen@ml-apc.com, jennifer@ml-apc.com,maria@ml-apc.com
- Ron Maroko    ron.maroko@usdoj.gov
- Kirsten Martinez    Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- Steven M Mayer    smayer@mayerlawla.com
- Christopher M McDermott    ch11ecf@aldridgepite.com, CMM@ecf.inforuptcy.com;cmcdermott@aldridgepite.com
- Krikor J Meshefejian    kjm@lnbyg.com
- Jeffrey P Nolan    jnolan@pszjlaw.com
- Eric J Olson    eric@ejolsonlaw.com
- Jeffrey N Pomerantz    jpomerantz@pszjlaw.com
- Brian A Procel    brian@procel-law.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- Matthew D. Resnik    matt@rhmfirm.com, roksana@rhmfirm.com;russ@rhmfirm.com;sloan@rhmfirm.com;nina@rhmfirm.com;susie@rhmfirm.com;gabriela@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;rosario@rhmfirm.com;david@rhmfirm.com
- Kevin Ronk    Kevin@portilloronk.com, eService@cym.law,karen@cym.law
- Joshua L Scheer    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- Bradley D. Sharp (TR)    bsharp@dsi.biz
- Richard P Steelman    RPS@LNBYG.COM
- Nikko Salvatore Stevens    nikko@cym.law, eService@cym.law,karen@cym.law
- Alan G Tippie    Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- Gary Tokumori    gtokumori@pmcos.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Michael L Wachtell    mwachtell@buchalter.com, marias@buchalter.com;docket@buchalter.com
- John P. Ward    jward@attleseyward.com, ephuong@attlseyward.com
- Brett J. Wasserman    wasserman@smcounsel.com
- Alex M Weingarten    aweingarten@willkie.com, lcarter@willkie.com
- Beth Ann R. Young    bry@lnbyg.com, bry@lnbyb.com
- Clarisse Young    youngshumaker@smcounsel.com, levern@smcounsel.com
- Paul P Young    paul@cym.law, eService@cym.law,karen@cym.law
- Roye Zur    rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**2. SERVED BY UNITED STATES MAIL:**

| Peter C. Anderson, U.S. Trustee Michael Jones, Assistant U.S. Trustee Office of the U.S. Trustee 915 Wilshire Boulevard, Suite 1850 Los Angeles, CA  90017 | Nathan Talei Oldman, Sallus & Gold, L.L.P. 16133 Ventura Blvd., PH-A Encino, CA 91436 | Leslie Klein & Associates, Inc. c/o Parker Milliken 555 Flower Street Los Angeles, CA  90071 |
|---|---|---|
| Leslie Klein 322 North June Street Los Angeles, CA 90004 | Leslie Klein & Associates, Inc. c/o Leslie Klein 6454 Van Nuys Blvd. Suite 150 Van Nuys, CA 91401 | Daniel A. Crawford, Esq. Crawford Law Group 15303 Ventura Blvd., Ninth Floor Sherman Oaks, California 91403 |
| Eric J. Olson EJOLSONLAW 301 East Colorado Blvd.ite 520 Pasadena, California 91101 | | |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA