Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:  jdulberg@pszjlaw.com
    jlucas@pszjlaw.com

Counsel to Bradley D. Sharp, Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>　　　　　　　Debtor. | Case No.: 2:23-bk-10990-NB<br><br>Chapter 11<br><br>**THIRD APPLICATION OF THE LAW OFFICE OF ERIC EVERETT HAWES FOR INTERIM APPROVAL OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS LANDLORD/TENANT COUNSEL TO THE CHAPTER 11 TRUSTEE; DECLARATION OF ERIC EVERETT HAWES IN SUPPORT THEREOF**<br><br>[Third Interim Fee Period: September 1, 2024 – February 28, 2025]<br><br>DATE:  May 27, 2025<br>TIME:  1:00 p.m.<br>PLACE: 255 East Temple Street,<br>　　　　　Los Angeles, California<br>CTRM:  1545 |

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, THE OFFICE OF THE UNITED STATES TRUSTEE, AND PARTIES REQUESTING SPECIAL NOTICE:**

The Law Office of Eric Everett Hawes (the "*Firm*"), landlord/tenant counsel to Bradley D. Sharp, the duly appointed, authorized and acting chapter 11 trustee (the "*Trustee*") in the above-captioned bankruptcy case (the "*Case*") of Leslie Klein (the "*Debtor*"), hereby files its *Third Application for Interim Approval of Compensation and Reimbursement of Expenses* (the

1

LA:4903-5150-3675.1 78512.001

"*Application*") for the period September 1, 2024 through February 28, 2025 (the "***Third Interim Fee Period***"), pursuant to 11 U.S.C. §§ 330 and 331 (the "***Bankruptcy Code***").

## I.
## RELIEF REQUESTED

By this application, the Firm seeks entry of an order approving fees for professional services rendered for and on behalf of the Trustee as landlord/tenant counsel during the Third Interim Fee Period in the amount of $10,215.00 and expenses incurred in the amount of $590.70, for a total of $10,804.70 in fees and expenses incurred. As set forth more fully herein, this Application complies with all statutory guidelines and court-imposed requirements.

Invoices for the Third Interim Fee Period with time and expense detail are attached **Exhibit A** to the Hawes Declaration, annexed hereto. *LBR 2016-1(a)(1)(E) and (F)*.

## II.
## RELEVANT BACKGROUND AND THE FIRM'S RETENTION

**A.    The Chapter 11 Case**

On February 22, 2023, the Debtor filed a voluntary petition for relief under subchapter V of Chapter 11 of the Bankruptcy Code.

On April 24, 2023, creditors Erica and Joseph Vago filed a *Motion for Order Dismissing Debtor's Chapter 11 Bankruptcy Case* (the "***Motion to Dismiss***") [Docket No. 79].

On May 17, 2023, at a hearing held on the Motion to Dismiss, the Court ruled that the appointment of a chapter 11 trustee, and not dismissal of the Case, was in the best interests of the estate.

On May 23, 2023, the Office of the United States Trustee (the "***UST***") filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 151], appointing Bradley D. Sharp to serve as chapter 11 Trustee.

On May 23, 2023, the UST filed an *Application for Order Approving Appointment of Trustee and Fixing Bond* [Docket No. 154], approved by order entered the same day [Docket No. 155]. On that same day, the Trustee accepted his appointment [Docket No. 156].

2

**B.     Hawes' Retention**

On August 1, 2023, the Trustee filed an *Application to Employ The Law Office of Eric Everett Hawes as Landlord/Tenant Counsel Effective as of August 1, 2023* [Docket No. 226], approved by order entered August 22, 2023 [Docket No. 280]. A copy of the resume of Eric Everett Hawes ("**Hawes**"), the attorney at the Firm responsible for working on the Case, is attached as **Exhibit B** to the Declaration of Eric Everett Hawes (the "**Hawes Declaration**"), annexed hereto. *LBR 2016-1(a)(1)(H)*.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.

## NARRATIVE HISTORY AND PRESENT POSTURE OF CASE

Pursuant to Local Bankruptcy Rule 2016-1(a)(1)(A)(iv), Hawes incorporates by reference the *First Application of Pachulski Stang Ziehl & Jones LLP for Interim Approval of Compensation and Reimbursement of Expenses* to be heard contemporaneously by the Court.

## IV.
## COMPENSATION AND EXPENSES SOUGHT

This is the Firm's third fee application. On February 7, 2024, the Firm filed its first fee application for the period August 10, 2023 through January 10, 2024 [Docket No. 640], seeking fees in the amount of $18,225.00 and expenses in the amount of $3,529.75, for a total of $21,754.75 in fees and expenses, which were approved by order entered on February 28, 2024 [Docket No. 680].

On October 9, 2024, the Firm filed its second fee application for the period February 1, 2024 through August 31, 2024 [Docket No. 830], which fees and expenses were approved by order entered on October 31, 2024 [Docket No. 855].

By way of this Application, the Firm seeks interim allowance of $10,805.70, consisting of $10,215.00 in fees incurred and $590.70 in expenses advanced during the Third Interim Fee Period.

3

LA:4903-5150-3675.1 78512.001

# V.
# FUNDS ON HAND

**(LBR 2016-1(A)(1)(A)(III))**

As of March 31, 2025, the Estate has $2,509,602.00 in funds on hand.

# VI.
# CLIENT'S DECLARATION

**(LBR 2016-1(a)(1)(J))**

A separate declaration will be filed regarding the Trustee's review of this Application.

# VII.
# NARRATIVE STATEMENT OF SERVICES RENDERED AND TIME EXPENDED DURING THE THIRD INTERIM FEE PERIOD

**(LBR 2016-1(a)(1)(D))**

During the Third Interim Fee Period, the Firm filed and prosecuted unlawful detainer actions for various properties owned by the Debtor. During the Third Interim Fee Period, the Firm, among other things, (1) prepared for and appeared at a trial and related hearings in October of 2024 for the property located at 143 S. Highland Avenue, Los Angeles, California (the "*Highland Property*"), and conferred with then Trustee and tenant regarding the same; (2) conducted settlement negotiations regarding the Highland Property, (3) prepared a notice of termination and intent and related Housing department documents to evict tenant at the Highland Property, (4) reviewed applications for fees received from opposing counsel regarding the Highland Property and opposed these motions, and (5) conferred with opposing counsel regarding the same, and (6) prepared a dismissal regarding the Highland Property.

The Firm spent 22.70 hours on this Case during the Third Interim Fee Period, accounting for $10,215.00 in fees incurred.

# VIII.
# LIST OF EXPENSES

**(LBR 2016-1(a)(1)(F))**

The Firm incurred $590.70 in expenses during the Third Interim Fee Period. A detailed listing of the expenses is included in **Exhibit A** to the Hawes Declaration, annexed hereto.

# IX.
# NO FEE SHARING

The Firm has no understanding, agreement, or arrangement of any kind to divide with or pay to anyone any of the fees sought by Hawes except to the extent they are shared among members of the Firm.

# X.
# THE FEES AND EXPENSES REQUESTED SHOULD BE AWARDED BASED UPON APPLICABLE LAW

The fees requested by this Application are an appropriate award for the Firm's services as landlord/tenant counsel to the Trustee.

**A.    Factors In Evaluating Requests For Compensation**

Pursuant to section 330 of the Bankruptcy Code, the Court may award reasonable compensation for actual and necessary services rendered. The professional services rendered by the Firm have required an expenditure of substantial time and effort. The Firm spent 22.70 hours during the Third Interim Fee Period. The fees for which the Firm requests compensation are for actual and necessary services rendered at the request of the Trustee and/or his counsel.

Time and labor devoted is only one of many pertinent factors in determining an award of fees and costs. Based on the skills brought to bear in this matter by the Firm and the results obtained, in light of the accepted lodestar approach, the Firm submits that the compensation requested herein is reasonable and appropriate.

**B.    The Lodestar Award Should Be Calculated By Multiplying A Reasonable Hourly Rate By The Hours Expended**

The United States Supreme Court has approved application of the lodestar approach in determining a reasonable attorney's fee. The lodestar approach is as follows:

> The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.... Adjustments to that fee then may be made as necessary in the particular case.

*Blum vs. Stenson*, 465 U.S. 886, 888 (1984. In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court explained that while ad hoc factors from older tests might be considered in

5

LA:4903-5150-3675.1 78512.001

setting fees[1], the lodestar amount subsumed many of those factors. *Hensley v. Eckerhart*, 461 U.S.424, 434, n.9 (1983).

In 1986, the Supreme Court expressly held that factors relevant to determining fees should be applied using the lodestar approach, and expressly rejected reliance on the ad hoc application of the factors in older tests, stating that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee . . ." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-66 (1986); see also *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) ("we have said repeatedly that the initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate") (citations and quotations omitted).

Although the lodestar approach provides the fundamental framework for determining fee awards under the Bankruptcy Code, some of the ad hoc factors remain relevant for determining the appropriate hourly rate to use under the lodestar approach. In *re Charles Russel Buckridge, Jr.*, 367 B.R. 191, 201 (C.D. Cal. 2007) ("a court is permitted to adjust the lodestar up or down using a 'multiplier' based on the criteria listed in § 330 and its consideration of the Kerr factors not subsumed within the initial calculations of the lodestar"); *Dang v. Cross*, 422 F.3d 800, 812 (9th Cir. 2005) (court may "adjust the lodestar amount after considering other factors that bear on the reasonableness of the fee"); *Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 960 (9th Cir. 1991) (starting with the lodestar approach is not mandatory in all cases, particularly given the uniqueness of bankruptcy proceedings).

Under the lodestar approach, the Firm is entitled to payment for all of the fees incurred, calculated by multiplying the number of hours expended by Hawes' hourly billing rate.

---

[1] The ad hoc factors, now largely subsumed by the lodestar approach, are set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974. The original twelve Johnson/Kerr factors are: (1) time and labor required; (2) novelty and difficulty of the questions involved; (3) skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances involved; (8) amount involved and results obtained; (9) experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) nature and length of the professional relationship with client; and (12) awards in similar cases.

LA:4903-5150-3675.1 78512.001

The information contained in **Exhibit A** support both the time and the rate components of the lodestar approach and warrant an award to the Firm of the entirety of the fees that it incurred providing services to the Trustee in this Case.

### XI.
### NOTICE

Notice of the filing of this Application has been given to the Debtor, the United States Trustee, and all parties entitled to notice under Federal Rules of Bankruptcy Procedure 2002 (*"**Rule 2002**"*). Therefore, notice should be deemed adequate under the circumstances and in accordance with Rule 2002(a)(6) and (c)(2).

### XII.
### CONCLUSION

This is the Firm's third request for compensation and reimbursement of expenses. The Firm believes that the services rendered for which compensation is sought in this Application have been beneficial to the Debtor's estate and its creditors, and that the sums requested for the services rendered are fair and reasonable.

*[Remainder of Page Intentionally Left Blank]*

LA:4903-5150-3675.1 78512.001

**WHEREFORE**, the Firm respectfully requests that this Court authorize payment to the Firm in the amount of $10,215.00 for fees incurred and $590.70 in expenses advanced, for a total of $10,805.70 in fees and expenses incurred during the Third Interim Fee Period.

Dated: May 6, 2025

LAW OFFICE OF ERIC EVERETT HAWES

By: _____
Eric Everett Hawes
Landlord/Tenant Counsel to
Bradley D. Sharp, Chapter 11 Trustee

Respectfully submitted by:

**PACHULSKI STANG ZIEHL & JONES LLP**

By: */s/ Jeffrey W. Dulberg*
　　Jeffrey W. Dulberg
　　10100 Santa Monica Blvd., 13th Floor
　　Los Angeles, CA 90067

*Counsel for Bradley D. Sharp,*
*Chapter 11 Trustee*

8

LA:4903-5150-3675.1 78512.001

# DECLARATION OF ERIC EVERETT HAWES

I, Eric Everett Hawes, declare and state as follows:

1. I am a principal of the Law Office of Eric Everett Hawes (the "**Firm**")[2], and duly admitted to practice in the State of California and before this Court. I have personal knowledge of the facts stated herein, and if called as a witness, could testify competently thereto.

2. I was the attorney responsible at the Firm to provide the services for which the Firm is seeking fees. I have personally reviewed the Firm's invoices for this matter and the invoices represent true and correct charges to the best of knowledge, information and belief.

3. Attached hereto as **Exhibit A** are the invoices containing the time and expense detail incurred by the Firm during the Third Interim Fee Period.

4. I have, among other things, expertise in the area of landlord/tenant law. I represent developers, investors, design professionals, general and sub-contractors, owner-occupiers, landlords and other users of real estate in matters involving sales, purchases, options, leases, construction and development, easements, adverse and prescriptive use, boundary and other title disputes, subsidence, lateral support, entitlements, water rights, eminent domain and inverse condemnation of commercial, office, industrial, retail, agricultural, residential and multifamily properties. I have also represented national and community based lenders in matters involving loan origination, operations, non-performing loans, lender liability issues, receiverships, writs of attachment, writs of possession and other provisional remedies, judicial and non-judicial foreclosures, Article 9 sales, judicial reformation of loan documents and equitable subrogations, subsidence and construction defects, stop notices, commercial and residential landlord/tenant issues, eminent domain and inverse condemnation. My experience also runs to forbearance, modification, assumption, purchase, inter-creditor and other loan workout agreements and to formation of partnerships, joint ventures, corporations and limited liability companies. In addition to representing countless developers, condominium associations, home and land owners, I have also represented the numerous national, regional and community banks and lender. A copy of my resume is attached hereto as **Exhibit B**.

---

[2] Capitalized terms not defined herein have the meanings used in the Application.

9

LA:4903-5150-3675.1 78512.001

5.  <u>Local Rule 2016-1(a)(1)(K) Compliance</u>:  I have reviewed Local Bankruptcy Rule 2016-1 and the Application complies with Local Rule 2016-1.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed at Calabasas, California on this 6th day of May, 2025.

Eric Everett Hawes

LA:4903-5150-3675.1 78512.001

# EXHIBIT A

**Invoice**

LAW OFFICE OF ERIC EVERETT HAWES
23945 CALABASAS ROAD
SUITE 113
CALABASAS, CA 91302

FEBRUARY 28, 2025

**PLEASE PAY $10,805.70 BY 03/20/2025**
**THANK YOU**

PLEASE SEND PAYMENT TO:

BRADLEY SHARP, TRUSTEE
C/O JEFFREY DULBERG, ESQ.
PACHULSKI STANG ZIEHL & JONES, LLP

LAW OFFICE OF ERIC EVERETT HAWES
23945 CALABASAS ROAD
SUITE 113
CALABASAS, CA 91302

CLIENT #0461        KLEIN, LESLIE - UNLAWFUL DETAINERS

PLEASE DETACH AND RETURN WITH YOUR PAYMENT OF $10,805.70

CLIENT #0461        KLEIN, LESLIE - UNLAWFUL DETAINERS

## KLEIN, LESLIE - UNLAWFUL DETAINERS

**PROFESSIONAL SERVICES SINCE THE LAST STATEMENT**

| Date | | Description | HOURS | FEES |
|---|---|---|---|---|
| 09/18/24 | EEH | PREPARE TRIAL DOCUMENTS AND EMAIL CORRESPONDENCE TO CLIENTS. | 1.60 | $720.00 |
| 09/20/24 | EEH | REVIEW ISSUES AND PREPARE FOR TELEPHONE CONFERENCE WITH CLIENT, TELEPHONE CONFERENCE WITH CLIENT, PREPARE TRIAL FORMS AND EMAIL CORRESPONDENCE TO CLIENT. | 2.30 | $1,035.00 |
| 09/30/24 | EEH | REVIEW MULTIPLE EMAIL CORRESPONDENCE RECEIVED FROM CLIENT AND FROM OPPOSING COUNSEL AND RESPOND. | 0.80 | $360.00 |
| 10/01/24 | EEH | PREPARE TO APPEAR AT COURT, APPEAR AT COURT AND PREPARE EMAIL CORRESPONDENCE TO OPPOSING COUNSEL. | 2.10 | $945.00 |
| 10/02/24 | EEH | TELEPHONE CONFERENCE WITH OPPOSING COUNSEL. | 0.40 | $180.00 |
| 10/03/24 | EEH | PREPARE FOR APPEARANCE AT COURT AND APPEARANCE AT COURT. | 1.40 | $630.00 |
| 10/08/24 | EEH | REVIEW EMAIL CORRESPONDENCE RECEIVED FROM CLIENT AND RESPOND. | 0.40 | $180.00 |
| 10/11/24 | EEH | EXCHANGE EMAIL CORRESPONDENCE WITH CLIENT. | 0.20 | $90.00 |
| 10/14/24 | EEH | TELEPHONE CONFERENCE WITH OPPOSING COUNSEL. | 0.20 | $90.00 |
| 10/15/24 | EEH | PREPARE EMAIL CORRESPONDENCE TO CLIENT. | 0.20 | $90.00 |
| 10/17/24 | EEH | PREPARE REQUEST FOR DISMISSAL AND EXCHANGE EMAIL CORRESPONDENCE WITH CLIENT. | 0.50 | $225.00 |
| 10/22/24 | EEH | EXCHANGE MULTIPLE EMAIL CORRESPONDENCE WITH CLIENT. | 0.40 | $180.00 |
| 11/12/24 | EEH | TELEPHONE CONFERENCE WITH CLIENT. | 0.20 | $90.00 |
| 11/13/24 | EEH | TELEPHONE CONFERENCE WITH OPPOSING COUNSEL. | 0.30 | $135.00 |
| 11/18/24 | EEH | PREPARE EMAIL CORRESPONDENCE TO CLIENT. | | $0.00 |
| 11/27/24 | EEH | PREPARE EMAIL CORRESPONDENCE TO CLIENT. | 0.40 | $180.00 |
| 12/03/24 | EEH | EXCHANGE MULTIPLE EMAIL CORRESPONDENCE WITH CLIENT SINCE DECEMBER 2ND. | 0.60 | $270.00 |
| 01/20/25 | EEH | PREPARE FOR CONFERENCE CALL WITH CLIENTS, CONFERENCE CALL WITH CLIENTS AND PREPARE EMAIL CORRESPONDENCE TO CLIENTS. | 0.50 | $225.00 |
| 01/28/25 | EEH | PREPARE OPPOSITION AND DECLARATION RE: FEE MOTION. | 2.10 | $945.00 |
| 01/29/25 | EEH | EXCHANGE EMAIL CORRESPONDENCE WITH CLIENT. | 0.20 | $90.00 |
| 02/03/25 | EEH | TELEPHONE CONFERENCE WITH OPPOSING COUNSEL AND PREPARE EMAIL CORRESPONDENCE TO CLIENT. | 0.40 | $180.00 |
| 02/04/25 | EEH | PREPARE FOR APPEARANCE AT COURT, APPEARANCE AT COURT, PREPARE EMAIL CORRESPONDENCE TO CLIENT AND INITIAL REVIEW OF | 2.00 | $900.00 |

PAGE 1 OF 2        0461        KLEIN, LESLIE - UNLAWFUL DETAINERS        02/28/25

## KLEIN, LESLIE - UNLAWFUL DETAINERS

| | | | | | |
|---|---|---|---|---|---|
| | | | DISCOVERY RECEIVED FROM OPPOSING COUNSEL. | | |
| 02/06/25 | EEH | | PREPARE NOTICE OF TERMINATION AND RELATED AND SUPPORTING HOUSING DEPARTMENT DOCUMENTS. | 1.40 | $630.00 |
| 02/07/25 | EEH | | EXCHANGE MULTIPLE EMAIL CORRESPONDENCE WITH CLIENT. | 0.60 | $270.00 |
| 02/10/25 | EEH | | PREPARE SETTLEMENT DEMAND TO OPPOSING COUNSEL. | 0.50 | $225.00 |
| 02/12/25 | EEH | | PREPARE DO NOT ACCEPT RENT NOTICE TO CLIENT. | 0.30 | $135.00 |
| 02/18/25 | EEH | | EXCHANGE EMAIL CORRESPONDENCE WITH CLIENT. | 0.20 | $90.00 |
| 02/20/25 | EEH | | REVIEW EMAIL CORRESPONDENCE FROM CLIENT AND PREPARE EMAIL CORRESPONDENCE TO OPPOSING COUNSEL. | 0.30 | $135.00 |
| 02/20/25 | EEH | | REVIEW EMAIL CORRESPONDENCE AND ATTACHMENT RECEIVED FROM CLIENT. | 0.10 | $45.00 |
| 02/27/25 | EEH | | EXCHANGE EMAIL CORRESPONDENCE WITH CLIENT. | 0.10 | $45.00 |
| 02/28/25 | EEH | | EXCHANGE MULTIPLE EMAIL CORRESPONDENCE WITH OPPOSING COUNSEL. EXCHANGE FURTHER EMAIL CORRESPONDENCE WITH CLIENT, ANALYSIS OF DISCOVERY AND EXAMINATION ORDER APPLICATION RECEIVED FROM OPPOSING COUNSEL AND ANALYSIS OF ISSUES ARISING THEREFROM. | 2.00 | $900.00 |
| | | | **TOTAL:** | 22.70 | $10,215.00 |

### COST ADVANCED SINCE THE LAST STATEMENT

| | | COSTS |
|---|---|---|
| 08/26/24 | ATTORNEY SERVICE - PROCESS SERVER APPEARANCE AT TRIAL. | $150.00 |
| 09/12/24 | ATTORNEY SERVICE - FILING STIPULATION TO CONTINUE MOTION WITH COURT. | $71.15 |
| 10/08/24 | ATTORNEY SERVICE - FILING NOTICE OF CONTINUED TRIAL DATE WITH COURT. | $49.15 |
| 10/17/24 | ATTORNEY SERVICE - FILING REQUEST FOR DISMISSAL WITH COURT. | $49.15 |
| 01/28/25 | ATTORNEY SERVICE - FILING OPPOSITION TO MOTION FOR ATTORNEY'S FEES AND DECLARATION OF ERIC HAWES WITH COURT. | $50.70 |
| 02/11/25 | ATTORNEY SERVICE - SERVICE OF NOTICE OF TERMINATION - JOSEPH CHASE RIVERA. | $151.15 |
| 02/11/25 | ATTORNEY SERVICE - SERVICE OF NOTICE OF TERMINATION - ALL OCCUPANTS. | $69.40 |
| | **TOTAL:** | $590.70 |

### PAYMENTS RECEIVED SINCE THE LAST STATEMENT

| | | |
|---|---|---|
| 10/31/24 | PAYMENT WAS RECEIVED 11/12/24. THANK YOU! | $31,200.68 |
| | **TOTAL:** | $31,200.68 |

### STATEMENT SUMMARY

| | |
|---|---|
| BALANCE FROM THE LAST STATEMENT: | $31,200.68 |
| PLUS CHARGES LISTED ABOVE: | $10,805.70 |
| MINUS PAYMENTS SINCE THE LAST STATEMENT: | -$31,200.68 |
| **TOTAL BALANCE DUE:** | **$10,805.70** |

# **EXHIBIT B**

## Attorney Biography

LA:4903-5150-3675.1 78512.001



LAW OFFICE OF
**ERIC EVERETT HAWES**

# About Eric Everett Hawes



## ERIC EVERETT HAWES, ATTORNEY AT LAW

Eric Hawes was born in Westminster, California in 1960 and raised in the Southern California Area. He graduated with honors from California State University at Northridge in 1982 receiving the Bachelor of Arts Degree in Political Science. He attended Santa Barbara and Ventura Colleges of Law receiving the degree of Juris Doctor in 1987.

Eric Hawes has focused his practice in the area of commercial, real estate, business and construction litigation and transactions.

Mr. Hawes represents developers, investors, design professionals, general and sub-contractors, owner-occupiers, landlords and other users of real estate in matters involving sales, purchases, options, leases, construction and

development, easements, adverse and prescriptive use, boundary and other title disputes, subsidence, lateral support, entitlements, water rights, eminent domain and inverse condemnation of commercial, office, industrial, retail, agricultural, residential and multifamily properties.

Mr. Hawes has also represented national and community based lenders in matters involving loan origination, operations, non-performing loans, lender liability issues, receiverships, writs of attachment, writs of possession and other provisional remedies, judicial and nonjudicial foreclosures, Article 9 sales, judicial reformation of loan documents and equitable subrogations, subsidence and construction defects, stop notices, commercial and residential landlord/tenant issues, eminent domain and inverse condemnation.

Mr. Hawes' experience also runs to forbearance, modification, assumption, purchase, intercreditor and other loan workout agreements and to formation of partnerships, joint ventures, corporations and limited liability companies.

In addition to representing countless developers, condo associations, home and land owners, he has also represented the numerous national, regional and community banks and lenders.

Eric Hawes is a member and featured speaker of the American, California, Los Angeles and San Fernando Valley Bar Associations, with membership in the Real Estate and Commercial Sections and the Provisional Remedy Subsection. In addition, Mr. Hawes is a member of the Financial Lawyers Conference and Western Independent Bankers, he is a featured speaker and member of the Risk Management Association, he is a featured speaker of the Federal Reserve Bank and he sits on the Government Affairs Committee of the Building Industry Association, the Civil Litigation Panel for the California Continuing Education of the Bar and the Planning Committee of the California Bankers Association. Eric is also a member of the Providence Tarzana Hospital Real Estate Committee.

Eric Hawes has been published in the Verdicts and Settlements section of the Daily Journal for successfully defending financial institutions against lender liability and identity theft claims, he has published Legal Update for Bankers, and he has represented financial institutions in published opinions involving Nigerian Check Scams.



## LAW OFFICE OF
## ERIC EVERETT HAWES

**Contact Us**

818.564.4500

23945 Calabasas Rd, Suite 113
Calabasas, CA 91302



# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*): **THIRD APPLICATION OF THE LAW OFFICE OF ERIC EVERETT HAWES FOR INTERIM APPROVAL OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS LANDLORD/TENANT COUNSEL TO THE CHAPTER 11 TRUSTEE; DECLARATION OF ERIC EVERETT HAWES IN SUPPORT THEREOF** served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 6, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On (*date*) **May 6, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **May 6, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| **Via Email:**<br>Eric J Olson:  eric@ejolsonlaw.com<br><br>Leslie Klein:  les.kleinlaw@gmail.com; leskleinlaw@gmail.com; kleinlaw@earthlink.net | **Via Email:**<br>Eric Hawes:  eeh@eehlawoffice.com<br>James Kieckhafer:  jkieckhafer@ks-llp.com<br>Art Swicker:  aswicker@ks-llp.com<br>Jeremy Benjamin:  Jeremy.benjamin@goldfarb.com<br>Shirin Herzog:  shrin.herzog@goldfarb.com |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 6, 2025 | Nancy H. Brown | */s/ Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*     **F 9013-3.1.PROOF.SERVICE**
LA:4888-5069-3839.1 78512.001

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Case 2:23-bk-10990-SK

- **Simon Aron**  saron@wrslawyers.com, moster@wrslawyers.com;jlee@wrslawyers.com
- **Reem J Bello**  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Ron Bender**  rb@lnbyg.com
- **Michael Jay Berger**  michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Greg P Campbell**  ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Baruch C Cohen**  bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Theron S Covey**  tcovey@raslg.com
- **Michael G D'Alba**  mgd@lnbyg.com
- **Jeffrey W Dulberg**  jdulberg@pszjlaw.com
- **Dane W Exnowski**  dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Todd S. Garan**  ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Robert P Goe**  kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Michael I. Gottfried**  mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com,tparizad@elkinskalt.com
- **M. Jonathan Hayes**  jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com
- **Brandon J. Iskander**  biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Michael S Kogan**  mkogan@koganlawfirm.com
- **Matthew A Lesnick**  matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **John W Lucas**  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Armen Manasserian**  armen@ml-apc.com, jennifer@ml-apc.com,maria@ml-apc.com
- **Ron Maroko**  ron.maroko@usdoj.gov
- **Kirsten Martinez**  Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Steven M Mayer**  smayer@mayerlawla.com
- **Christopher M McDermott**  ch11ecf@aldridgepite.com, CMM@ecf.inforuptcy.com;cmcdermott@aldridgepite.com
- **Krikor J Meshefejian**  kjm@lnbyg.com
- **Jeffrey P Nolan**  jnolan@pszjlaw.com
- **Eric J Olson**  eric@ejolsonlaw.com
- **Jeffrey N Pomerantz**  jpomerantz@pszjlaw.com
- **Brian A Procel**  brian@procel-law.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- **Matthew D. Resnik**  matt@rhmfirm.com, roksana@rhmfirm.com;russ@rhmfirm.com;sloan@rhmfirm.com;nina@rhmfirm.com;susie@rhmfirm.com;gabriela@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;rosario@rhmfirm.com;david@rhmfirm.com
- **Kevin Ronk**  Kevin@portilloronk.com, eService@cym.law,karen@cym.law
- **Joshua L Scheer**  jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Bradley D. Sharp (TR)**
- **Richard P Steelman**  RPS@LNBYG.COM
- **Nikko Salvatore Stevens**  nikko@cym.law, eService@cym.law,karen@cym.law
- **Alan G Tippie**  Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **Gary Tokumori**  gtokumori@pmcos.com
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov
- **Michael L Wachtell**  mwachtell@buchalter.com, marias@buchalter.com;docket@buchalter.com
- **John P. Ward**  jward@attleseyward.com, ephuong@attleseyward.com
- **Brett J. Wasserman**  wasserman@smcounsel.com
- **Alex M Weingarten**  aweingarten@willkie.com, lcarter@willkie.com
- **Beth Ann R. Young**  bry@lnbyg.com, bry@lnbyb.com
- **Clarisse Young**  youngshumaker@smcounsel.com, levern@smcounsel.com
- **Paul P Young**  paul@cym.law, eService@cym.law,karen@cym.law
- **Roye Zur**  rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com

**2. SERVED BY UNITED STATES MAIL**:

Peter C. Anderson, U.S. Trustee
Michael Jones, Assistant U.S. Trustee
Office of the U.S. Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA  90017

Leslie Klein
322 North June Street
Los Angeles, CA 90004

Nathan Talei
Oldman, Sallus & Gold, L.L.P.
16133 Ventura Blvd., PH-A
Encino, CA 91436

Leslie Klein & Associates, Inc.
c/o Leslie Klein
6454 Van Nuys Blvd. Suite 150
Van Nuys, CA 91401

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  
LA:4888-5069-3839.1 78512.001

**F 9013-3.1.PROOF.SERVICE**