

**FILED & ENTERED**

**MAY 21 2025**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin     DEPUTY CLERK

1  Jeffrey W. Dulberg (State Bar No. 181200)
   John W. Lucas (State Bar No. 271038)
2  Jeffrey P. Nolan (CA State Bar No. 158923)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA 90067
4  Telephone:  310/277-6910
   Facsimile:  310/201-0760
5  Los Angeles, California 90067-4003
   E-MAIL: jdulberg@pszjlaw.com
6          jlucas@pszjlaw.com
           jnolan@pszjlaw.com
7
   *Counsel to Bradley D. Sharp,*
8  *Chapter 11 Trustee*

**CHANGES MADE BY COURT**

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                 **LOS ANGELES DIVISION**

12  In re:                          | Case No. 2:23-bk-10990-NB

13  LESLIE KLEIN,                   | Chapter 11

14                                  | **SECOND INTERIM ORDER GRANTING
                                    | MOTION FOR ORDER ENFORCING THE**
15                Debtor.           | **AUTOMATIC STAY AND SANCTIONS
                                    | AGAINST (A) THE DEBTOR, (B) DANIEL**
16                                  | **CRAWFORD, (C) CRAWFORD LAW GROUP,
                                    | (D) LESLIE KLEIN & ASSOCIATES, INC.,**
17                                  | **AND (E) EKLK FOUNDATION, AND
                                    | RELATED RELIEF**
18
                                    | Date:      May 20, 2025
19                                  | Time:      1:00 p.m.

20                                  | Continued Hearing
                                    | Date:      June 17, 2025
21                                  | Time:      1:00 p.m.
                                    | Location:  U.S. Bankruptcy Court
22                                  |            Courtroom 1545
                                    |            255 E. Temple St.
23                                  |            Los Angeles, CA 90012
                                    | Judge:     Hon. Neil W. Bason
24

25      The Court having considered the *Motion for Order Enforcing the Automatic Stay Against

26  the Debtor, Daniel Crawford, the Crawford Law Group, Leslie Klein & Associates, Inc., and*

27  *EKLK Foundation* [Docket No. 969] (the "**Motion**") filed by Bradley D. Sharp, the chapter 11

28  trustee (the "**Trustee**"), and the Declaration of John W. Lucas in support thereof; the *Opposition*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*to the Motion for Order Enforcing the Automatic Stay Against the Debtor, Daniel Crawford, the Crawford Law Group, Leslie Klein & Associates, Inc., and EKLK Foundation* [Docket No. 997] (the "**Original Opposition**") filed by Leslie Klein (the "**Debtor**"), Daniel Crawford, the Crawford Law Group, Leslie Klein & Associates, Inc., and EKLK Foundation; and the *Reply to the Opposition to the Motion for Order Enforcing the Automatic Stay Against the Debtor, Daniel Crawford, the Crawford Law Group, Leslie Klein & Associates, Inc., and EKLK Foundation* [Docket No. 999]; as well as the Notice of Lodgment of the proposed form of the first interim order [Docket No. 1014] and the lack of any objection to the form of the first interim order [Docket No. 1026] (the "**First Interim Order**"); and the Courting having previously found that the Debtor, Daniel Crawford, the Crawford Law Group, Leslie Klein & Associates, Inc., and EKLK Foundation have willfully violated section 362 of the Bankruptcy Code as set forth in the First Interim Order; and upon the Declaration of Jeffrey W. Dulberg [Docket No. 1028] (the "**Dulberg Declaration**") in further support of the Motion regarding award of sanctions; and upon the Declaration of Daniel Crawford [Docket No. 1039] in response to and opposition to the Dulberg Declaration; and upon the Declaration of John W. Lucas [Docket No. 1053]; and for the reasons stated in this Court's tentative ruling, a copy of which is attached hereto as **Exhibit A** and incorporated herein (except as to Trustee's showing as to market rates for comparable attorneys, as set forth below), and for the additional reasons stated on the record of the May 20, 2025, hearing:

**IT IS HEREBY ORDERED,**

1.      The Motion is GRANTED and the Opposition is OVERRULED except as set forth in the Court's tentative ruling that is incorporated herein.

2.      On or before June 3, 2025, the Debtor, Daniel Crawford, the Crawford Law Group, Leslie Klein & Associates, Inc., and EKLK Foundation may file a response (the "**Response**") to [Docket No. 229], which Trustee's counsel relies on for the purpose of establishing the reasonable value of Trustee's counsel's services as determined by looking to the prevailing rates of other attorneys in the community with like skill, experience, and reputation.

3.      On or before June 10, 2025, the Trustee may file a reply to the Response.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4.      The Court will hold a final hearing ~~on June 24, 2025 at 1:00 p.m.~~ at the above-captioned Continued Hearing date on the Trustee's request for sanctions as set forth in the Motion and the other pleadings referenced herein that were filed in support and in opposition to the Motion.

###

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Date: May 21, 2025

Neil W. Bason
United States Bankruptcy Judge

## **EXHIBIT A**

**Tentative Ruling for 5/20/25:**

Overrule Respondents' opposition in substantial part, except as set forth below, and continue this matter to 6/17/25 at 1:00 p.m. with (x) a **deadline of 5/27/25** for Trustee's counsel to file a supplemental declaration with evidence establishing that its hourly rates are reasonable within the community, (y) a **deadline of 6/3/25** for Respondents to respond and/or present their own evidence, and (z) a **deadline of 6/10/25** for Trustee's counsel to reply, all as set forth below.  Appearances are not required on 5/20/25.  (If you wish to contest the tentative ruling, see the Posted Procedures of Judge Bason, available at www.cacb.uscourts.gov, then search for "tentative rulings.")

If you are making an appearance, you may do so (1) in person in the courtroom, unless the Court has been closed (check the Court's website for public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone.  For ZoomGov instructions for all matters on calendar, please see page 1 of the posted Tentative Rulings.

Key documents reviewed (in addition to motion papers): Dulberg Declaration (dkt. 1030), Opposition of Leslie Klein & Associates, Inc., EKLK Foundation, and Daniel A. Crawford, Esq. ("Respondents") (dkt. 1039), Lucas Declaration (dkt. 1053).

Analysis:

(a) Background

        On 4/28/25 this Court issued its Memorandum Decision (dkt. 1033) setting forth the reasons for granting the Stay Violation Motion, subject to further proceedings to establish the appropriate dollar amount of sanctions.  *See also* Orders (dkt. 1026, 1034).  The Memorandum Decision found and concluded that Respondents violated the automatic stay because there was no objectively reasonable basis for concluding that their conduct might not violate 11 U.S.C. 362(a).  *See* dkt. 1033, pp. 11:6-12:15.

(b) Sanctions are appropriate under 11 U.S.C. 105(a)

        Respondents contend that sanctions cannot be imposed on them because they were not subject to the jurisdiction of this Court at the time of their operative conduct.  Opp. (dkt. 1039) pp. 3:6-4:7.  Respondents do not cite any authority for this argument.  In addition, this Court has already determined that sanctions are appropriate under section 105(a), and as argued by Trustee in his reply (dkt. 1053, pp. 4:18-5:24) there is authority that the automatic stay applies to all persons worldwide.

(c) Evidentiary objections

        Respondents argue that the Dulberg declaration is inadmissible because it lacks foundation and is hearsay.  Opp (dkt. 1039), pp. 4:10-5:2.  Trustee's reply (dkt. 1053) includes a declaration from Mr. Lucas addressing these arguments and providing further foundation and grounds for applying the "business records" exception to the hearsay rule.  The tentative ruling is that Trustee has the better position pursuant to Rules 602 and 803(6) (Fed. R. Evid.).

(d) Sanctions Award

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   To determine what fee should be awarded, this Court must first determine the "lodestar," which is (x) the number of hours reasonably expended to bring an end to

2   Respondents' stay violation, multiplied by (y) a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983); *Jordan v. Multnomah Cnty.,* 815 F.2d 1258, 1262

3   (9th Cir. 1987).

4

5   (i) Reasonable hours
    Trustee's counsel seeks an award of fees for 34.40 hours of work billed between

6   3/12/25 and 4/8/25 (dkt. 1030, Ex. K, PDF pp. 5-7, "First Timesheet") and an additional 13.60 hours of work billed between 4/8/25 - 5/5/25 (dkt. 1053, Ex. L, PDF pp. 12-13,

7   "Second Timesheet"), for a total of 48 hours (34.40 + 13.60 = 48 hours). Trustee's counsel reserve the right to seek additional compensation as this dispute proceeds.

8   First, Respondents [object] to the amount of time the Firm spent drafting what they characterize as a routine, uncomplicated, 14-page motion that includes the same

9   background summary included in prior motions.  Opp. (dkt. 1039), pp. 5:6-8, 16-27, 7:20-25, 8:1-14.  Respondents assert that only 20 hours of work is reasonable in this case.  *Id.*

10  p. 8:15-17.  Respondents also argue that (w) two timekeepers are not identified, (x) some tasks appear to be unrelated to the stay violation, (y) one entry on 3/20/25 should be

11  disallowed as "paralegal work," and (z) certain entries billed on 4/1/25 appear, they

12  assert, duplicative of other entries billed on 3/13/25 and 3/20/25.
    The tentative ruling is [] to overrule in part and sustain in part Respondents

13  objections as follows:

14  (A) Hours spent in connection with Stay Violation Motion: Based on this

15  Court's extensive experience with billing related to bankruptcy matters, the number of hours expended as reflected in the Dulberg Declaration (dkt. 1030, Ex. K) and the

16  supplemental Lucas Declaration (dkt. 1053 Ex. L) appear reasonable, except as noted below.

17      *Note:* This Court observes what appears to be a minor typographical error:

18      the entry for travel by Mr. Lucas (who is based in San Francisco) for 4/8/25
        refers to travel "from Los Angeles to San Francisco for April 8 in person

19      hearing," which implies that the hearing was in San Francisco, whereas in fact
        it was in Los Angeles.  But this makes no difference to the number of hours

20      billed (and the note for that billing entry, on PDF p. 13, states that the hourly
        rate was reduced 50% for non-working travel and that only 33% of the travel

21      time was allocated to this matter, as distinguished from other matters for
        Trustee).

22      (B) Unidentified timekeepers: The tentative ruling is to overrule this

23  objection because Mr. Lucas' declaration (dkt. 1053, p. 7:13-16) clarifies that those services were performed by qualified paralegals who regularly work on this bankruptcy

24  case.

25      (C) Apparently unrelated billing entries: The tentative ruling is to sustain this objection and reduce the hours the Firm may seek reimbursement for by **0.6 hours** of Mr.

26  Dulberg's time (dkt. 1030, at PDF p. 5, last two entries for 3/13/25) because Trustee's counsel has agreed to deduct the two entries.  *See* Lucas Decl. (dkt. 1053) p. 8:1-6.

27      (D) Paralegal work allegedly performed by Mr. Lucas:  The tentative ruling is to overrule this objection because Mr. Lucas' declaration (dkt. 1053, p. 8:7-16) provides

28

Pachulski Stang Ziehl & Jones LLP
Attorneys at Law
Los Angeles, California

1  further detail about this entry and this Court agrees that it is necessary and routine for
2  attorneys to do some work reviewing and assembling exhibits.

           (E) Allegedly duplicative entries: The tentative ruling is to overrule this
3  objection because Mr. Lucas' declaration (dkt. 1054, p. 8:17-23) adequately explains why
4  those services were reasonable and not duplicative.

           But this Court notes an item of apparent duplication to which Respondents did not
5  object.  The last entry in the First Timesheet (4/8/25 - "Prepare for motion to enforce
   automatic stay ..." (dkt. 1030 at PDF p. 7, for Mr. Lucas, 0.5 hours)) and the first entry in
6  the Second Timesheet (also 4/8/25 - "Prepare for motion to enforce automatic stay ...")
7  (dkt. 1053 at PDF p. 12, for Mr. Lucas, 0.5 hours) appear to be duplicative.  Therefore,
   the tentative ruling is to reduce the requested fees by **0.5 hours** of Mr. Lucas' time.

8          (F) Conclusion as to reasonableness of hours expended: For the reasons
   set forth above, the tentative ruling is to reduce the time the Firm may be compensated
9  for by **0.6 hours** of Mr. Dulberg's time and **0.5 hours** of Mr. Lucas' time.  In other words,
10 it was reasonable for the Firm to expend ***46.9 hours*** (48 hours - 0.6 - 0.5 = 46.9 hours) in
   connection with bringing about an end to Respondents stay violations and, now, seeking
11 compensatory sanctions.

12         (2) Reasonableness of hourly rate
           The reasonable value of attorney services is determined by looking to the
13 prevailing rates of other attorneys in the community with like skill, experience, and
   reputation.  *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210-11 (9th Cir. 1986).
14
           Respondents argue that the professionals' hourly rates greatly exceed reasonable
15 market rates and that $600/hr would be more appropriate.  Opp. (dkt. 1039), pp. 7:3-8 &
   8:15-17.  However, Respondents do not provide any support for a $600.00/hour rate and
16 Mr. Crawford concedes that he practices in California State Court (*id.,* pp. 7:26-8:4), not
   Bankruptcy Court.
17
           Trustee's counsel counters that the Firm's hourly rates were already approved by
18 Judge Sandra Klein (who previously presided over this case) in connection with its
   employment application (dkt. 177 & 330) and that its rates will be subject to future fee
19 applications under 11 U.S.C. 327 and 330.  Lucas Declaration (dkt. 1053), p. 7:17-27.

20         The tentative ruling is that, although this Court agrees that it would be unfair to
   collaterally attack the Firm's hourly rates for services billed to the estate after Judge Klein
21 approved the Firm's employment, the fees at issue in this matter are for an award of
   sanctions under section 105(a) and this Court is required to determine whether the hourly
22 rates are reasonable under the Lodestar method.

23         The tentative ruling is also that Trustee's counsel has not provided evidence
   demonstrating that the requested rates are in line with those prevailing in the community
24 for similar services by lawyers of reasonably comparable skill, experience, and
   reputation, so this matter must be continued for it to do so.  *See Skidmore v. Gilbert,*
25 2022 U.S. Dist. LEXIS 180114, at *7-8 (N.D. Cal. Sept. 30, 2022) (The moving party
   bears the burden of establishing that their requested rates are reasonable).  The tentative
26 ruling is to continue this matter as set forth at the start of this tentative ruling for the
   parties to submit additional evidence on this issue.

27 (e) Conclusion
           For the reasons set forth above, the tentative ruling is to overrule Respondents'
28 opposition in substantial part, except that this Court is persuaded (i) to reduce the amount

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

of [compensable] hours spent by the Firm in connection with this matter by1.1 hours and (ii) to continue this matter for Trustee to file supplemental papers supporting its hourly rates under the foregoing authorities, Respondents to file any response, and Trustee to file his reply (by the deadlines set forth at the start of this tentative ruling).

The tentative ruling is that the only issue the parties are permitted to address in these supplemental papers is the reasonableness of the Firm's requested hourly rates.

**[PRIOR TENTATIVE RULING(S) OMITTED]**

Pachulski Stang Ziehl & Jones LLP
Attorneys at Law
Los Angeles, California