Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:  jdulberg@pszjlaw.com
            jlucas@pszjlaw.com

Counsel to Bradley D. Sharp, Chapter 11 Trustee

**FILED & ENTERED**

**MAY 21 2025**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** sumlin **DEPUTY CLERK**

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>                    Debtor. | Case No.: 2:23-bk-10990-NB<br><br>Chapter 11<br><br>**ORDER APPROVING CHAPTER 11 TRUSTEE'S APPLICATION TO (A) EMPLOY COLDWELL BANKER REALTY AS REAL ESTATE BROKER AND (B) ENTER INTO EXCLUSIVE LISTING AGREEMENT**<br><br>[322 N. June Street, Los Angeles, CA 90004]<br><br>Date:           May 20, 2025<br>Time:          1:00 p.m.<br>Courtroom: 1545<br>Location:    255 E. Temple Street<br>                    Los Angeles, CA 90012<br>Judge:        Hon. Neil W. Bason<br><br>[Relates to Docket Nos. 931 and 944] |

The Court, having considered the *Chapter 11 Trustee's Application to (A) Employ Coldwell Banker Realty as Real Estate Broker and (B) Enter Into Exclusive Listing Agreement* (the "**Application**") [Docket No. 931] and the Declarations of Jessica Heredia and William Friedman in support thereof; the opposition to the Application filed by the debtor, Leslie Klein (the

LA:4922-8394-8613.2 78512.001

"**Opposition**") [Docket No. 944], and for the reasons stated on the record of the May 20, 2025, hearing:

**IT IS HEREBY ORDERED:**

1. The Application is APPROVED and the Opposition is OVERRULED.

2. The Chapter 11 Trustee is authorized to (a) employ Coldwell Banker Realty as real estate broker and (b) enter into the exclusive listing agreement attached as Exhibit 1 to the Application, on the terms and conditions set forth therein; and

3. Coldwell Banker Realty shall be entitled to receive compensation in accordance with the terms of the listing agreement and shall not be required to file further application to the Court.

//

LA:4922-8394-8613.2 78512.001

4.  Notwithstanding any other provisions, Judge Bason's standard terms apply (unless struck through): (a) employment is per 11 U.S.C. § 327 ~~not~~ and § 328; ~~(b) payment only per 11 U.S.C. § 330(a)    no lien or superpriority claim is allowed (except as explicitly allowed — *e.g.*, realtor commissions on court-approved sales); (c) maximum 2 hours per day of non-working time (*e.g.*, travel, or waiting for matter to be called) absent an adequate explanation;~~ (d) **no buyers' premium** for auctioneers; (e) **no dual agency**; (f) all matters relating to the professional's engagement, compensation and costs shall be resolved in this court, notwithstanding any provisions for arbitration, choice of venue, or the like, (g) any indemnification, limitation of damages or the like is ineffective; (h) billing judgment and bankruptcy limitations are mandatory, keeping in mind that a debtor in possession/trustee is acting for the benefit of creditors/the estate; and (i) notwithstanding any waivers, including as to disclosures or conflicts, federal bankruptcy requirements govern, and any waiver can apply only as against Debtor, not the bankruptcy estate. *See, e.g., In re Strand,* 375 F.3d 854 (9th Cir. 2004); *In re Garcia*, 335 B.R. 717, 723-29 & n. 6 (9th Cir. BAP 2005); *In re Triple Star Welding, Inc.,* 324 B.R. 778, 790-91 (9th Cir. BAP 2005); *In re AWTR Liquidation, Inc.*, 548 B.R. 300 (Bankr. C.D. Cal. 2016) (cost/benefit analysis).

###

Date: May 21, 2025

Neil W. Bason
United States Bankruptcy Judge