Daniel A. Crawford (SBN 187807)
CRAWFORD LAW GROUP
15303 Ventura Blvd., 9th Floor
Sherman Oaks, California 91403
Tel: (818) 935-6568
dac@crawfordlawgroup.com

Attorneys for LESLIE KLEIN & ASSOCIATES, INC., and EKLK FOUNDATION, and In Pro Per

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Los Angeles Division

| | |
|---|---|
| **IN RE LESLIE KLEIN,** | Case No.: 2:23-bk-10990-SK |
| **Debtor,** | Adv. Case No.: 2:24-ap-01140-SK |
| | Chapter 11 |
| BRADLEY D. SHARP, CHAPTER 11 TRUSTEE, | Hon. NEIL W. BASON |
| Plaintiff, | ***SUPPLEMENTAL* DECLARATION OF DANIEL A. CRAWFORD IN OPPOSITION TO REQUEST FOR SANCTIONS AWARD – ATTORNEY FEE RATES** |
| v. | |
| LESLIE KLEIN, an individual, THE SECOND AMENDED KLEIN LIVING TRUST, a trust, THE MARITAL DEDUCTION TRUST OF ERIKA KLEIN, a trust, THE SURVIVOR'S TRUST OF LESLIE KLEIN, a trust, and BARBARA KLEIN, an individual, | Date: June 17, 2025<br>Time: 1:00 p.m.<br>Courtroom: 1575<br>255 East Temple Street<br>Los Angeles, CA 90012 |
| Defendants. | |

1

***SUPPLEMENTAL* DECLARATION OF DANIEL A. CRAWFORD
IN OPPOSITION TO REQUEST FOR SANCTIONS AWARD –
ATTORNEY FEE RATES**

I, Daniel A. Crawford, hereby declare as follows:

1. I am an attorney licensed to practice before all courts of the State of California, and before the above-entitled Court. The facts stated herein are within my personal knowledge and I could testify competently to these facts.

2. I am the attorney for EKLK Foundation ("EKLK") in Los Angeles Superior Court Case No. 25STCV06306. I am also the attorney for Leslie Klein & Associates ("LK&A") in Los Angeles Superior Court Case No. 25STCV06300. Both EKLK and LK&A are legal corporate entities. I do not represent Debtor Leslie Klein personally in the above-entitled matter.

3. During the May 20, 2025 hearing on the Trustee's motion for sanctions, the Court offered Trustee's counsel, the law firm of Pachulski, Stang, Ziehl & Jones ("PSZJ"), the opportunity to present further support for their claimed hourly attorney rates. In response, John Lucas of PSZJ directed the Court to Docket No. 229, "CHAPTER 11 TRUSTEE'S REPLY TO UNITED STATES TRUSTEE'S OPPOSITION TO CHAPTER 11 TRUSTEE'S APPLICATION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP", as support for PSZJ's claimed rates. PSZJ declined to offer any further support for their claimed hourly rates, and PSZJ has not proffered any other support or any evidence for their claimed rates.

4. Accordingly, the statements in Docket No. 229, "CHAPTER 11 TRUSTEE'S REPLY TO UNITED STATES TRUSTEE'S OPPOSITION TO CHAPTER 11 TRUSTEE'S APPLICATION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP", is the only information PSZJ has presented to support its claimed hourly rates.[1]

---

[1] Docket 229 was accompanied by a declaration of attorney Jeffrey W. Dulberg (Dock. No. 231). In that declaration, the only evidence Mr. Dulberg offers to support PSZJ's hourly rates is to repeat and verify the statements in Docket 229, regarding PSZJ usual rate and regarding one claimed rate by PLA. Notably, Mr. Dulberg's statement about the DLA Piper rate is hearsay and lacking foundation.

2

**SUPPLEMENTAL DECLARATION OF DANIEL A. CRAWFORD
IN OPPOSITION TO REQUEST FOR SANCTIONS AWARD –
ATTORNEY FEE RATES**

5.    I make this supplemental declaration pursuant to the Court's order of May 20, 2025, directing me to respond to Docket No. 229.

6.    The statements in Docket No. 229 (and Mr. Dulberg's accompanying declaration) do not support PSZJ's claim for attorney's fees in the present matter—the appropriate amount of sanctions under 11 U.S.C. 105(a)—for at least two reasons. First, Docket No. 229 only purports to support PSZJ's *usual* hourly rate at the time. It was not proffered as evidence of *reasonable* hourly rates, which are the issue now. Second, to the extent Docket No. 229 purports to offer evidence about the rates of any firm other than PSZJ itself (specifically, Docket No. 229 purports to show an hourly rate for DLA Piper) those statements lack foundation (Fed. Rules of Evid. § 602), and are inadmissible hearsay (Fed. Rules of Evid. § 802), and not admissible evidence.

**Docket No. 229 Only Establishes PSZJ's Usual Hourly Fee Rates.**

7.    PSZJ filed Docket No. 229 (and Mr. Dulberg's declaration) following its filing in Docket No. 177, "CHAPTER 11 TRUSTEE'S APPLICATION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL BANKRUPTCY COUNSEL EFFECTIVE MAY 23, 2023." In that application, PSZJ states "…the Trustee proposes to pay PSZJ its customary hourly rates in effect from time to time…" *See* Dock. No. 177, 4:21-22.

8.    In Docket 229, the only apparent statements PSZJ offered to support its rates were on page 8 thereof, in which PSZJ states what fees it charged in 6 previous cases. PSZJ also states (as Mr. Dulberg declares):

> In *In re Zetta Jet USA, Inc.* (Bankr. C.D. Cal.), Case No. 2:17-bk-21386-SK, which is a case that is currently pending before this Court, DLA Piper represents Jonathan King as chapter 7 trustee. During that representation, DLA Piper charged the estate rates as high as $1,420 per hour in 2022.

3

*SUPPLEMENTAL* DECLARATION OF DANIEL A. CRAWFORD
IN OPPOSITION TO REQUEST FOR SANCTIONS AWARD –
ATTORNEY FEE RATES

9.  PSZJ's statement about *its own rates* could not establish anything but PSZJ's own rates charged. (Presumably, PSZJ means to suggest those rates were approved by a court, although it does not state as much and Mr. Dulberg does not declare that.)

10. PSZJ's statement about the purported rate of DLA Piper lacks foundation (Fed. Rules of Evid. § 602), and is inadmissible hearsay (Fed. Rules of Evid. § 802), and not admissible evidence. (It is not clear whether those objections were raised previously by the parties at the time, but I raise them now.)

11. The Court did accept the Trustee's application to employ PSZJ on the terms it requested. Dock. No. 330. However, the Court offered no analysis and made no express finding that PSZJ's rate was reasonable or consistent with prevailing community rates.

12. At this point and for purposes of any sanctions award, Docket No. 229 does not establish anything but PSZJ's exorbitant rates which it charged in some previous cases.

### Any Sanction under 11 U.S.C. Sec. 105(a) Must be Based on a Reasonable Hourly Fee Rates.

13. As the Court recognized, the amount of a reasonable attorney fees award must begin with the lodestar figure, being "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *In re Hawkeye Entertainment, LLC* (Bankr. C.D. Cal. 2021) 625 B.R. 745, 760, *aff'd* (C.D. Cal., Sept. 20, 2023, No. 2:20-CV-10656-FLA) 2023 WL 7273740, *aff'd sub nom. Smart Capital Investments I, LLC v. Hawkeye Entertainment, LLC* (9th Cir., Nov. 1, 2024, No. 23-3127) 2024 WL 4648079.

14. "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and

4

SUPPLEMENTAL DECLARATION OF DANIEL A. CRAWFORD
IN OPPOSITION TO REQUEST FOR SANCTIONS AWARD –
ATTORNEY FEE RATES

reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

15. "In determining hourly rates, the Court must look to the 'prevailing market rates in the relevant community.'" *Koonwaiyou v. Blinken* (W.D. Wash. 2024) 724 F.Supp.3d 1222, 1235.

16. In the present case, Trustee's counsel has not presented sufficient evidence to meet its burden to show that its claimed hourly rates are consistent with the prevailing market rates in the community or reasonable. At most, PSZJ has provided minimal evidence of rates it charged previously, which were not necessarily ever challenged or reviewed by any court.

17. Because PSZJ has not met the burden to show its claimed hourly attorney rates are reasonable, Docket No. 229 should be disregarded, and excluded from evidence or any consideration by the Court.

**The Reasonable Hourly Fee Rates.**

18. Perhaps the best indication of reasonable hourly attorney fees for work in the present case are the actual fees charged by the attorneys working on this case, other than PSZJ.

19. PSZJ claims hourly rates between $1,425 and $1,595/hour for its attorneys' work in this case.

20. The Court's record reveals that, apart from PSZJ, the fees charged by attorneys on this case and in this community range from about $450/hour to about $700/hour (for attorneys actually retained by PSZJ). The docket entries showing those rates are:

| Docket No.: | Attorney(s): | Hourly rate(s): |
|---|---|---|
| 181 | Michael J. Berger and associates | $545-95/hr. |
| 449 | Michael S. Kogan | $600/hr. |
| 629 | Eric J. Olson | $500/hr. |
| 640 | ERIC EVERETT HAWES (employed | $450/hr. |

5

**SUPPLEMENTAL DECLARATION OF DANIEL A. CRAWFORD
IN OPPOSITION TO REQUEST FOR SANCTIONS AWARD –
ATTORNEY FEE RATES**

| | | |
|---|---|---|
| | by PSZJ) | |
| 641 | Goldfarb Gross Seligman & Co. (employed by PSZJ) | $620-$700/hr. |
| 663 | Marc A. Lieberman | $645/hr. |

21. While it is possible that some of those attorneys are not as qualified or experienced as PSZJ's attorneys, it is more significant that *none of those attorneys charge even half as much as PSZJ's lower hourly rate.* The average of those rates is (approx. $600/hr.) is about 40% of PSZJ's rate.

22. With the lack or paucity of evidence supporting PSZJ's claimed hourly rates, and the abundant evidence in the Court's record of reasonable hourly attorney rates in the community for work on this exact case, a reasonable hourly rate for PSZJ's attorneys should be no more than $600/hour.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed in Los Angeles, California, on June 3, 2025.

*/s/ Daniel A. Crawford/*
DANIEL A. CRAWFORD, Esq.

| In re: LESLIE KLEIN | Chapter 11 |
|---|---|
| Debtor. | Case No.: 2:23-bk-10990-NB |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 East Colorado Boulevard, Suite 520, Pasadena, California 91101.

A true and correct copy of the foregoing document described as **"Supplemental Declaration of Daniel A. Crawford In Opposition to Request for Sanctions Award – Attorney Fee Rates"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 3, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicated method for each person or entity served): On June 3, 2025, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page.

| In re: LESLIE KLEIN | Chapter 11 |
|---|---|
| Debtor. | Case No.: 2:23-bk-10990-NB |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| _06/03/2025_ | _Jasper Pantaleon_ | _/s/ Jasper Pantaleon_ |
|---|---|---|
| Date | Type Name | Signature |

## I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)":**

- Donald L. Saltzman  dlslawcorp@aol.com
- Simon Aron  saron@wrslawyers.com, moster@wrslawyers.com
- Kenneth Misken  Kenneth.m.misken@usdoj.gov
- Reem J Bello  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Jeffrey Nolan  jnolan@pszjlaw.com
- Ron Bender  rb@lnbyg.com
- Michael Jay Berger  Michael.berger@bankruptcypower.com, Yathida.nipha@bankruptcypower.com, Michael.berger@ecf.inforuptcy.com
- Jeffrey N Pomerantz  jpomerantz@pszjlaw.com
- Greg P Campbell  ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com, gcampbell@aldridgepite.com
- Brian A Procel  bprocel@millerbarondess.com, rdankwa@millerbarondess.com, docket@millerondess.com
- Joshua L Scheer  jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- Baruch C Cohen  bcc@baruchcohenesq.com, paralegal@baruchcohenesq.com
- Mark M Sharf (TR)  mark@sharflaw.com, c188@ecfcbis.com, sharf1000@gmail.com, 2180473420@filings.docketbird.com
- Theron S Covey  tcovey@raslg.com
- Bradley D Sharp (TR)  bsharp@dsi.biz

- Jeffrey W Dulberg  jdulberg@pszjlaw.com
- Dane W Exnowski  dane.exnowski@mccalla.com, bk.ca@mccalla.com, mccallaecf@ecf.courtdrive.com
- Richard P Steelman  rps@lnbyg.com, john@lnbyg.com
- Alan W Forsley  alan.forsley@flpllp.com, awf@fkllawfirm.com, awf@fl-lawyers.net, addy@flpllp.com
- Nikko Salvatore Stevens  nikko@cym.law, mandi@cym.law
- Robert P Goe  kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com
- Alan G Tippie  alan.tippie@gmlaw.com, atippie@ecf.courtdrive.com, karen.files@gmlaw.com, patricia.dillamar@gmlaw.com, denise.walker@gmlaw.com
- Michael I Gottfried  mgottfried@elkinskalt.com, cavila@elkinskalt.com, lwageman@elkinskalt.com, docketing@elkinskalt.com
- Gary Tokumori  gtokumori@pmcos.com
- Brandon J Iskander  biskander@goeforlaw.com, kmurphy@goeforlaw.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- Michael S Kogan  mkogan@koganlawfirm.com
- Michael L Wachtell  mwachtell@buchalter.com
- John P Ward  jward@attleseyward.com, ezhang@attleseystorm.com
- Marc A Lieberman  marc.lieberman@flpllp.com, safa.saleem@flpllp.com, addy@flpllp.com
- Brett J Wasserman  wasserman@smcounsel.com
- John W Lucas  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Alex M Weingarten  aweingarten@willkie.com, lcarter@willkie.com
- Armen Manasserian  armen@cym.law, jennifer@cym.law
- Beth Ann R Young  bry@lnbyg.com, bry@lnbyb.com
- Ron Maroko  ron.maroko@usdoj.gov
- Clarisse Young  youngshumaker@smcounsel.com, levern@smcounsel.com

- Kirsten Martinez  Kirsten.martinez@bonialpc.com, notices.bonial@ecf.courtdrive.com
- Paul P Young  paul@cym.law, jaclyn@cym.law
- Steven M Mayer  smayer@mayerlawla.com
- Roye Zur  rzur@elkinskalt.com, tparizad@elkinskalt.com, lwageman@elkinskalt.com, 1648609420@filings.docketbird.com
- Christopher M McDermott  ch11ecf@aldridgepite.com, cmm@ecf.inforuptcy.com, cmcdermott@aldridgepite.com
- Krikor J Meshefejian  kjm@lnbyg.com

II. **SERVED BY UNITED STATES MAIL:**

Hon. Neil W. Bason
U.S. Bankruptcy Court
255 East Temple Street #1552
Los Angeles, California 90012

Peter C. Anderson, U.S. Trustee
Michael Jones, Assistant U.S. Trustee
Office of the U.S. Trustee
915 Wilshire Boulevard Suite 1850
Los Angeles, California 90017

Nathan Talei
Oldman, Sallus & Gold, LLP
16133 Ventura Boulevard, PH-A
Encino, California 91436

**PROOF OF SERVICE**
-4-