Jeffrey W. Dulberg (CA State Bar No. 181200)
John W. Lucas (CA State Bar No. 271038)
Jeffrey P. Nolan (CA Bar No. 158923)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:  jdulberg@pszjlaw.com
        jlucas@pszjlaw.com
        jnolan@pszjlaw.com

*Counsel to Bradley D. Sharp,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>Debtor. | Case No.: 2:23-bk-10990-NB<br><br>Chapter 11<br><br>**AMENDED REPLY OF CHAPTER 11 TRUSTEE TO SUPPLEMENTAL DECLARATION OF DANIEL A. CRAWFORD IN OPPOSITION TO REQUEST FOR SANCTIONS AWARD - ATTORNEY FEE RATES**<br><br>Prior Hearings:<br>Date:        April 8, 2025 and May 20, 2025<br>Courtroom:   1545<br>Location:    255 E. Temple Street<br>             Los Angeles, CA 90012<br>Judge:       Hon. Neil W. Bason<br><br>Continued Sanctions Hearing:<br>Date:        June 17, 2025<br>Time:        1:00 p.m.<br>Courtroom:   1545<br>Location:    255 E. Temple Street<br>             Los Angeles, CA 90012<br>Judge:       Hon. Neil W. Bason<br><br>[Relates to Docket Nos. 229, 969, 997, 999, 1026, 1030, 1039, 1092 and 1102] |

Bradley D. Sharp, the duly appointed chapter 11 trustee (the "**Trustee**") of the bankruptcy estate of Leslie Klein (the "**Debtor**"), hereby files this reply (the "**Reply**") to the *Supplemental Declaration of Daniel Crawford in Opposition to Request for Sanctions Award* [Docket No. 1100]

4897-1635-6426.4 78512.001

(the "**Supplemental Declaration**") filed by Daniel Crawford in response to the *Second Interim Order Granting Motion for Order Enforcing the Automatic Stay and Sanctions Against (A) Debtor, (B) Daniel Crawford, (C) Crawford Law Group, (D) Leslie Klein & Associates, and (E) EKLK Foundation* [Docket No. 1092] (the "**Second Interim Order**"). In support of the Reply, the Trustee represents as follows:

## THE RATES OF PACHULSKI STANG ZIEHL & JONES ARE REASONABLE

This Court has *twice* previously considered and determined that the rates of Pachulski Stang Ziehl & Jones, LLP ("**PSZJ**") are reasonable. Earlier in this case, the Office of the United States Trustee (the "**UST**") filed an objection [Docket No. 185] (the "**UST Objection**") to PSZJ's retention application. By the UST Objection, the UST questioned the reasonableness of PSZJ's rates. PSZJ filed a response [Docket No. 229] (the "**PSZJ Response**") wherein PSZJ outlined the rates it previously had approved by bankruptcy judges in the Central District of California where PSZJ represented chapter 7 and 11 trustees. PSZJ Response, 8:1-27.

Mr. Crawford contends that the PSZJ Response is inadequate because it demonstrates that the rates therein are only the "usual hourly rates at the time . . . [but not] evidence of reasonable hourly rates." Supplemental Declaration, 3:3-7. However, the rates reflected in the PSZJ Response are comparable to the rates charged by PSZJ and other firms representing chapter 7 or 11 trustees of financially troubled or mismanaged bankruptcy estates.

Mr. Crawford fails to appreciate that in each of the representations cited in the PSZJ Response, the trustee's counsel was required to obtain the bankruptcy court's authorization to employ PSZJ. Accordingly, in each of those cases, the Court definitively would not have permitted the applicable trustee to employ PSZJ unless the firm's hourly rate structure was reasonable. Similarly, Judge Sandra Klein (who formerly presided over this case), already approved PSZJ's retention [Docket No. 330] (the "**Retention Order**"), which established that the firm's rates are reasonable. While it is true that Retention Order did not "pre-approve" any fees PSZJ would seek, at that juncture the primary analysis relates to the necessity of the services for which fee are sought. This Court already found that Mr. Crawford, his firm, the Debtor, Les Klein & Associates, and EKLK Foundation violated the automatic stay and that the fees incurred by the Trustee were

<u>obviously necessary to protect and preserve valuable assets of the estate.</u> It is difficult to understand how PSZJ's rate could be recognized as unreasonable after the rate structure was already approved.

In further support of the Trustee's and PSZJ's position, the chart below shows the orders entered by this Court in each respective case identified below regarding the bankruptcy court approved retentions of PSZJ and the approval of the payment of fees:

| | | |
|---|---|---|
| *In re Penthouse Global Media, Inc.*, Case No. 18-bk-10098-MB (Bankr. C.D. Cal.), | | |
| Retention Order | Docket No. 374 | |
| Fee Order | Docket No. 1134 | |
| *In re Layfield & Barrett, APC*, Case No. 17-bk-19548-NB (Bankr. C.D. Cal.) | | |
| Retention Order | Docket No. 102 | |
| Fee Order | Docket No. 643 | |
| In *In re KSL Media, Inc., et al.*, Case No. 13-bk-15929-MB (Bankr. C.D. Cal.), | | |
| Retention Order | Docket No. 253 | |
| Fee Order | Docket No. 1736 | |
| *In re Solyman and Massoud Yashouafar*, Case No.16-bk-12255-GM (Bankr. C.D. Cal.) | | |
| Retention Order | Docket No. 244 | |
| Fee Order | Docket No. 875 | |
| *In re Georges Marciano, et al.*, Case No. 11-bk-10426-VK (Bankr. C.D. Cal.) | | |
| Retention Order | Docket No. 322 | |
| Fee Order | Docket No. 2833 | |
| *In re Ezri Namvar*, Case No. 08-bk-32349-BR (Bankr. C.D. Cal.) | | |
| Retention Order | Docket No. 156 | |
| Fee Order | Docket No. 1882 | |

Mr. Crawford contends that the PSZJ Response is unhelpful because "PSZJ's statement about its own rates could not establish anything but PSZJ's own rates charged." Supplemental Declaration, 4:1-2. Mr. Crawford's criticism is short-sighted because he fails to recognize, as reflected in the chart above, that the rates in the above cases were not "simply charged" by PSZJ and paid by the applicable client but approved by this Court in different cases where PSZJ acted as counsel in a substantially similar capacity. Indeed, there could not be a better indication of the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation than the rates charged by PSZJ acting as counsel for a trustee of a troubled bankruptcy estate where its retention application disclosed the hourly rate structure that was approved by the bankruptcy court along with the fees incurred, which in both instances require that such fees be reasonable.

4897-1635-6426.4 78512.001                   3

Most recently, PSZJ filed the *First Application of Pachulski Stang Ziehl & Jones LLP for Interim Approval of Compensation and Reimbursement of Expenses as General Bankruptcy Counsel to the Chapter 11 Trustee* (the "**Interim Application**") [Docket No. 1056]. By the Interim Application, PSZJ sought payment of fees and reimbursement of expenses representing the Trustee since his appointment. Erica and Joseph Vago filed an opposition to the Interim Application [Docket No. 1087] (the "**Vago Opposition**"), which contested the reasonableness of PSZJ's hourly rates. The Court overruled the Vago Opposition. *See* [Docket No. 1115] (the "**PSZJ Fee Order**").

As set forth in Exhibit 1 of the PSZJ Fee Order, the Court found that:

> Judge Klein (who previously presided over this case) has already determined that Trustee's Counsel's hourly billing rates are appropriate in view of the circumstances of this case (dkt. 330, the "Employment Order"). It would be unfair for this Court to now change the rules and revisit the reasonableness of Trustee's Counsel's hourly billing rates (as opposed to the reasonableness of the services performed) after Trustee's Counsel has performed a significant amount of work in reliance on the previously approved employment terms.

PSZJ Fee Order, Exhibit 1, ECF Pg. No. 10.

In the end, the practice area for some firms might be limited to the greater Los Angeles area (and those firms might have rates that are less than PSZJ's) but the practice of bankruptcy law is not limited to Los Angeles nor should PSZJ be required to reduce its rates to the lowest common denominator. As a firm with a national practice, clients inside and outside the greater Los Angeles area look to PSZJ for its experience advising troubled bankruptcy estates and PSZJ charges the rates that are commensurate with its services.

As set forth in the PSZJ Response (and the record of the case generally), this is decidedly not an ordinary case, which was one of the primary reasons Mr. Sharp was selected as the trustee. The Debtor's estate is complex and messy; Mr. Sharp selected PSZJ as his counsel because the firm had the necessary experience to advise the Trustee on how to proceed in the most cost-effective and efficient manner. Unfortunately, bankruptcy cases that are predicated on fraud and mismanagement are expensive by definition. The abusive actions taken in conscious disregard of the automatic stay

– such as those Mr. Crawford and the others took in this case – only cause those expenses to increase dramatically.

Mr. Crawford and the other parties found to have violated the stay fail to recognize that they completely ignored the "free pass" they received with respect to the probate action Mr. Crawford improperly filed. As the Court's record reflects, PSZJ made *repeated* attempts to engage with Mr. Crawford prior to filing the motion to enforce the stay and seek sanctions. Mr. Crawford simply refused to engage with PSZJ despite its numerous entreaties. Instead, Mr. Crawford ultimately sent PSZJ a misguided letter that purported to outline why his actions were not violative of the automatic stay.

As discussed above, this Court found that PSZJ's hourly rates were reasonable for the period of May 2023 through February 2025. Plus, the PSZJ Response and the Retention Order also support that PSZJ's rates in this and other cases are reasonable, otherwise PSZJ's retention would not have been approved. The Trustee's counsel should not be required to "reinvent the wheel" to establish the reasonableness of its rates each time a party has to be sanctioned for violating the automatic stay.

For the reasons set forth herein and all the other pleadings filed in support, the Supplemental Declaration should be overruled, and the Court should impose joint-and-several sanctions against Mr. Crawford, the Debtor, Les Klein & Associates, The Crawford Law Group, and EKLK Foundation.

Dated: June 9, 2025

PACHULSKI STANG ZIEHL & JONES LLP

By: /s/ *John W. Lucas*
John W. Lucas

Attorneys for Bradley D. Sharp,
Chapter 11 Trustee

4897-1635-6426.4 78512.001

5