Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
Jeffrey P Nolan (CA State Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-MAIL: jdulberg@pszjlaw.com
          jlucas@pszjlaw.com
          jnolan@pszjlaw.com

*Counsel to Bradley D. Sharp, Chapter 11 Trustee*



**FILED & ENTERED**

**JUL 16 2025**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ghaltchi   DEPUTY CLERK

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>Debtor. | Case No. 2:23-bk-10990-NB<br><br>Chapter 11<br><br>**FINAL ORDER GRANTING SANCTIONS AGAINST (A) LESLIE KLEIN, (B) DANIEL CRAWFORD, (C) CRAWFORD LAW GROUP, (D) LESLIE KLEIN & ASSOCIATES, AND (E) EKLK FOUNDATION**<br><br>Dates/times: April 8 at 2:00 p.m., May 20 at 1:00 p.m., July 15, 2025 at ~~Time:~~ 2:00 p.m.<br>Location:   U.S. Bankruptcy Court<br>            Courtroom 1545<br>            255 E. Temple St.<br>            Los Angeles, CA 90012 |

The Court, having reviewed and considered: (a) *Motion for Order Enforcing Stay and Sanctions* [Docket No. 969] (the "**Sanctions Motion**") against (i) Leslie Klein (the "**Debtor**"), (ii) Daniel Crawford ("**Crawford**"), (iii) Crawford Law Group ("**Crawford Law**"), (iv) Leslie Klein & Associates ("**LKA**"), and (v) EKLK Foundation ("**EKLK**", and together with the Debtor, Crawford, Crawford Law, and LKA, the "**Respondents**"); (b) *Opposition by the Respondents* [Docket No. 997]; (c) *Interim Order Granting Motion of Chapter 11 Trustee for Sanctions* [Docket No. 1026], (d) *Declaration of Jeffrey W. Dulberg in support of the Sanctions Motion* [Docket No. 1030] (the "**Dulberg Declaration**"), (e) *Memorandum Decision Granting the Sanctions Motion* [Docket No. 1033], (f) *Order Regarding Trustee's Supplemental Declaration in*

4918-7401-0965.2 78512.001

1  *Support of the Sanctions Motion* [Docket No. 1034], (g) *Trustee's Reply to the United States*

2  *Trustee's Opposition to the Application to Employ Pachulski Stang Ziehl & Jones LLP* [Docket

3  No. 229], (h) *Declaration of Daniel A. Crawford in opposition to the Dulberg Declaration*

4  [Docket No. 1039], (i) *Declaration of John W. Lucas in support of the Sanctions Motion* [Docket

5  No. 1053] (the "**Lucas Declaration**"), (j) *Second Interim Order Granting the Sanctions Motion*

6  [Docket No. 1092], (k) *Supplemental Declaration of Daniel A. Crawford in opposition to the*

7  *Sanctions Motion* [Docket No. 1102] (the "**Supplemental Crawford Declaration**"), (*l*) the

8  Trustee's Amended Reply to the Supplemental Crawford Declaration [Docket No. 1127], (m)

9  *Supplemental Statement of the Trustee and Declaration of John W. Lucas in Support of Request*

10  *for Sanctions Award re Attorney Fee Rates* (the "**Trustee's Supplemental Statement**") [Docket

11  No. 1157], (n) *Objection of Leslie Klein & Associates, LLC, EKLK Foundation, and Daniel A.*

12  *Crawford, Esq. to the Trustee's Supplemental Statement* [Docket No. 1161], and (*o*) *Declaration*

13  *of Daniel A. Crawford in opposition to the Trustee's Supplemental Statement and the Lucas*

14  *Declaration* [Docket No. 1162]; and upon arguments of the Trustee's and Respondents' counsel at

15  the prior hearings and July 15, 2025 hearing; and for the reasons set forth in the Court's tentative

16  ruling annexed hereto as **Exhibit 1,** as well as additional reasons set forth by the Court at the prior

17  hearings and the July 15, 2025 hearing on the Motion, it is hereby ORDERED:

18      1.    Sanctions are imposed against the Debtor, Daniel Crawford, Crawford Law Group,

19  Leslie Klein & Associates, and EKLK Foundation, jointly and severally, and are awarded to

20  Pachulski Stang Ziehl & Jones LLP ("**PSZJ**") in the amount of $62,664.50 on the grounds that

21  PSZJ has carried its burden to establish the reasonableness of its hourly rates, and all other

22  elements required for the award of sanctions (see dkt. 1026, 1033, 1034, and 1092).

23  //

24  //

25  //

26  //

27  //

28  //

2. Evidentiary objections filed by the Respondents are overruled, most recently for the reasons set forth by the Court at the above-captioned hearing, and in the adopted tentative ruling posted prior to the hearings (Exhibit 1 hereto), and as to prior evidentiary objections for the reasons previously stated (*see, e.g.,* Exhibit A to Order at dkt. 1092 p. 4:22-27, *and* Mem. Dec., dkt. 1033, pp. 4:1-5:10).

3. This Order is effective and enforceable against each of the Respondents on a joint and serval basis.

# # #

Date: July 16, 2025

Neil W. Bason
United States Bankruptcy Judge

# EXHIBIT 1

# United States Bankruptcy Court
## Central District of California
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

---

**Tuesday, July 15, 2025**                                                                                       Hearing Room      **1545**

2:00 PM
**2:23-10990     Leslie Klein**                                                                                                    **Chapter 11**

#7.00     Cont'd hrg re: Motion of Chapter 11 Trustee, for Order Enforcing the Automatic Stay and Sanctions Against (A) the Debtor, (B) Daniel Crawford, (C) Crawford Law Group, (D) Leslie Klein & Associates, Inc., and (E) EKLK Foundation, and Related Relief
fr. 04/08/25, 5/20/25, 6/17/25

Docket    969

**Tentative Ruling:**

**Tentative Ruling for 7/15/25:**
Appearances required.
     Subject to an offer of proof from Trustee's counsel that he (a) has the requisite personal knowledge of the prevailing rates of other attorneys in the community with like skill, experience, and reputation; and (b) describing the process undertaken to obtain the information set forth in Trustee's counsel's latest papers (dkt. 1157), the tentative ruling is (x) to take judicial notice of what other courts have awarded other firms with like skill, experience and reputation in other cases as matters of public record and this Court's own knowledge and experience, and overrule responding parties' evidentiary objections, and (y) impose sanctions of **$62,664.50** ($47,069.00 (dkt. 1030) [$48,738.50 - $1,669.50 as a result of this Court's previous rulings sustaining Respondents' objections to certain time entries and sua sponte reducing others = $47,069.00] + $15,595.50 (dkt. 1053) = $62,664.50) against Debtor, Daniel Crawford, Crawford Law Group, Leslie Klien & Associates, Inc., and EKLK Foundation, jointly and severally, and in favor of Trustee's counsel, on the grounds that Trustee's counsel has carried its burden to establish the reasonableness of its hourly rates.
     The tentative ruling is also that, although Trustee's counsel questions the need to provide evidence in support of its hourly rates in connection with this matter, (a) Trustee's counsel has not cited any authority that the law of the case or principles of preclusion would apply such that approval of its employment under 11 U.S.C. 327, *at the expense of the estate*, precludes parties from later challenging the reasonableness of that hourly rate for purposes of determining the appropriate award of compensatory sanctions under 11 U.S.C. 105(a), *to be charged to such parties*; (b) that distinguishes

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Neil Bason, Presiding
**Courtroom 1545 Calendar**

| | |
|---|---|
| **Tuesday, July 15, 2025** | **Hearing Room    1545** |

**2:00 PM**
**CONT...    Leslie Klein                                                                              Chapter 11**

this Court's prior comments about how it would be unfair to "change the rules" and "revisit the reasonableness of Trustee's Counsel's hourly billing rates" (dkt. 1157 p. 5:14-21); and (c) this Court was not asked to, and did not, provide leave to submit further briefing on that particular issue.

In sum, subject to a sufficient offer of proof on the evidentiary objections, the tentative ruling is to award the fees stated above.

Proposed order(s): Unless otherwise ordered, Trustee's counsel is directed to lodge proposed order(s) on the matter(s) addressed here via LOU within 7 days after the hearing date (per LBR 9021-1(b)(1)(B)) and attach a copy of this tentative ruling, thereby incorporating it as this Court's actual ruling.

If you are making an appearance, you may do so (1) in person in the courtroom, unless the Court has been closed (check the Court's website for public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone. For ZoomGov instructions for all matters on calendar, please see page 1 of the posted Tentative Rulings.

Key documents reviewed (in connection with this Court's determination of the appropriate dollar amount of civil contempt sanctions, *see* dkt. 1026, 1033 & 1034): Trustee's Counsel's reply in support of its employment application (dkt. 229), Dulberg Declaration (dkt. 1030), Opposition of Leslie Klein & Associates, Inc., EKLK Foundation, and Daniel A. Crawford, Esq. ("Corporate Respondents" and together with Debtor, "Respondents") (dkt. 1039), Lucas Declaration (dkt. 1053), Second interim order (dkt. 1092), Supplemental Crawford Declaration (dkt. 1102), Trustee's reply (dkt. 1127), Filed papers in connection with counsel's original employment regarding hourly rates (dkt. 229), Supplemental Crawford Declaration (dkt. 1102), Trustee's reply (dkt. 1127), Supplemental Lucas Declaration (dkt. 1157), Corporate Respondents' evidentiary objections to supplemental Lucas declaration (dkt. 1161), Supplemental Crawford Declaration (dkt. 1162)

**Tentative Ruling for 6/17/25:**
Continue this matter to 7/15/25 at 2:00 p.m. with (x) a **deadline of 6/24/25** for Trustee's counsel to file a supplemental declaration with additional evidence addressing the issue set forth below, and (y) a **deadline of 7/1/25** for