Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:  jdulberg@pszjlaw.com
            jlucas@pszjlaw.com

Counsel to Bradley D. Sharp, Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>        Debtor. | Case No.: 2:23-bk-10990-NB<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION OF CHAPTER 11 TRUSTEE FOR ORDER AUTHORIZING (A) ABANDONMENT OF PERSONAL PROPERTY LOCATED AT 322 N. JUNE STREET, LOS ANGELES, CALIFORNIA TO THE DEBTOR AND BARBARA KLEIN, AND (B) DONATION OR DISPOSAL OF UNCLAIMED PERSONAL PROPERTY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRADLEY D. SHARP IN SUPPORT THEREOF**<br><br>**DATE:** October 7, 2025<br>**TIME**:  2:00 p.m.<br>**PLACE:** 255 East Temple Street,<br>      Los Angeles, California<br>**CTRM**:  1545 (*or via Zoom per posted procedures*) |

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, BARBARA KLEIN, THE OFFICE OF THE UNITED STATES TRUSTEE, ALL CREDITORS, AND ALL INTERESTED PARTIES:**

   **PLEASE TAKE NOTICE** that, Bradley D. Sharp, in his capacity as Chapter 11 Trustee (the "***Trustee***") of the bankruptcy estate of Leslie Klein, the debtor herein (the "***Debtor***"), hereby moves (the "***Motion***") this Court for entry of an order authorizing the Trustee to (i) abandon to the Debtor and his wife Barbara Klein ("***Barbara***") any and all personal property (the "***Personal Property***")

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

located at 322 N. June Street, Los Angeles, California (the "**June Street Property**") in accordance with the terms and the deadline set forth below, or (ii) donate to a suitable charitable organization, or dispose of, at the expense of the bankruptcy estate, any and all Personal Property located at the June Street Property that is left unclaimed by the Debtor and Barbara.

The Personal Property located at the June Street Property is subject to (i) Barbara's claims of ownership and the Debtor's exemption claims, both of which issues would have to be litigated, perhaps through appeals, at the expense of the bankruptcy estate, and (ii) costly sale, staging, storage and removal expenses, all before the Trustee could hope to obtain any value therefrom for the bankruptcy estate. As the Court is aware, the Trustee now controls the June Street Property. While evaluating the Personal Property, the Trustee allowed the Debtor to identify those items that he would not dispute belong to the bankruptcy estate. This resulted in relatively few items that Barbara would not claim as her own.[1]

After soliciting bids from sales professionals and considering all of the aforementioned circumstances, the Trustee has determined that further administration of the Personal Property at the June Street Property is unduly burdensome and of inconsequential value to the bankruptcy estate.

The Trustee has communicated with counsel for the Debtor and Barbara regarding this issue and the Trustee is informed by their counsel that, on or after October 15, 2025, the Debtor and Barbara will be prepared to remove those items of the Personal Property they wish to retain. Accordingly, the Trustee seeks an order allowing him to abandon any and all of the Personal Property that the Debtor and Barbara wish to keep to them and that the Debtor and Barbara be required to actually remove such items from the June Street Property on or before October 31, 2025 (the "**Property Removal Deadline**"), at their <u>sole</u> expense and via suitable reasonable arrangements made with the Trustee via his advisors. The Trustee further requests that the order state that upon expiration

---

[1] Moreover, the Debtor claims that his wholly controlled entity, EKLK Foundation, owns the book collection in the June Street Property and the Debtor's counsel asserts that the Marital Deduction Trust of Erika Klein owns certain of the Personal Property. To the extent these allegations are true, it is irrelevant to the Trustee since they are without value. As those entities are controlled by the Debtor, abandonment of the items they are alleged to own will be entrusted to the Debtor and accomplished by giving the Debtor the opportunity to remove the items described herein. (It is worth noting, however, that the Court has previously held that the Marital Deduction Trust is a self-settled trust with any property it owns therefore belonging to the bankruptcy estate.)

of the Property Removal Deadline, the Trustee may donate to a suitable charitable organization, or dispose of, at the expense of the estate, any and all Personal Property then remaining at the June Street Property.

**PLEASE TAKE FURTHER NOTICE** that, a hearing to consider the Motion has been scheduled for **October 7, 2025, at 2:00 p.m. Pacific Time**, or as soon thereafter as counsel may be heard before the Honorable Neil W. Bason, United States Bankruptcy Judge, in Courtroom 1545, 255 East Temple Street, Los Angeles, California 90012.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the declarations of Jeffrey W. Dulberg, and Bradley D. Sharp annexed hereto, the record in this chapter 11 case, as well as any other documentary evidence as may be presented to this Court at or before the hearing.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), if you wish to oppose the Motion, you must file a written response with the Court and serve a copy of it upon the undersigned counsel no later than fourteen (14) days prior to the hearing on the Motion. The failure to properly file and serve an opposition may be deemed consent to the relief requested in the Motion or a waiver of any right to oppose the Motion.

**WHEREFORE,** the Trustee respectfully requests that this Court enter an order (a) granting the Motion; and (b) granting the Trustee such other and further relief as the Court deems just and proper.

Dated:    September 8, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

By   */s/ Jeffrey W. Dulberg*
     Jeffrey W. Dulberg

Counsel for Bradley D. Sharp, Chapter 11 Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## PRELIMINARY STATEMENT

The Trustee seeks entry of an order authorizing the Trustee to either abandon to the Debtor and his wife Barbara Klein ("**Barbara**"), donate to a suitable charitable organization, or dispose of, at the expense of the bankruptcy estate, any and all personal property (the "**Personal Property**") located at 322 N. June Street, Los Angeles, California (the "**June Street Property**"). The Trustee is focused upon readying the June Street Property for sale.

The Personal Property located at the June Street Property is subject to (i) Barbara's claims of ownership and the Debtor's exemption claims, both of which issues would have to be litigated, perhaps through appeals, at the expense of the bankruptcy estate, and (ii) costly sale, staging, storage and removal expenses, all before the Trustee could hope to obtain any value therefrom for the bankruptcy estate. As the Court is aware, the Trustee now controls the June Street Property. While evaluating the Personal Property, the Trustee allowed the Debtor to identify those items that he would not dispute belong to the bankruptcy estate. This resulted in relatively few items that Barbara would not claim as her own.[2]

After soliciting bids from sales professionals and considering all of the aforementioned circumstances, the Trustee has determined that further administration of the Personal Property at the June Street Property is unduly burdensome and of inconsequential value to the bankruptcy estate.

The Trustee has communicated with counsel for the Debtor and Barbara regarding this issue and the Trustee is informed by their counsel that, on or after October 15, 2025, the Debtor and Barbara will be prepared to remove those items of the Personal Property they wish to retain. Accordingly, the Trustee seeks an order allowing him to abandon any and all of the Personal Property

---

[2] Moreover, the Debtor claims that his wholly controlled entity, EKLK Foundation, owns the book collection in the June Street Property and the Debtor's counsel asserts that the Marital Deduction Trust of Erika Klein owns certain of the Personal Property. To the extent these allegations are true, it is irrelevant to the Trustee since they are without value. As those entities are controlled by the Debtor, abandonment of the items they are alleged to own will be entrusted to the Debtor and accomplished by giving the Debtor the opportunity to remove the items described herein. (It is worth noting, however, that the Court has previously held that the Marital Deduction Trust is a self-settled trust with any property it owns therefore belonging to the bankruptcy estate.)

1  that the Debtor and Barbara wish to keep to them and that the Debtor and Barbara be required to

2  actually remove such items from the June Street Property on or before October 31, 2025 (the

3  "***Property Removal Deadline***"), at their <u>sole</u> expense and via suitable reasonable arrangements made

4  with the Trustee via his advisors, including that any professionals used by the Debtor or Barbara (e.g.

5  moving company) must maintain appropriate insurance coverage and provide a certificate of

6  insurance to the Trustee prior to being permitted to enter the June Street Property. The Trustee further

7  requests that the order state that upon expiration of the Property Removal Deadline, the Trustee may

8  donate to a suitable charitable organization, or dispose of, at the expense of the estate, any and all

9  Personal Property then remaining at the June Street Property.

**II.**
**<u>JURISDICTION AND VENUE</u>**

12  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is

13  a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue for proceedings on this Motion is proper

14  in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**III.**
**<u>STATEMENT OF FACTS</u>**

**A.**    **<u>General Case Background</u>**

18  On February 22, 2023, the Debtor commenced a voluntary chapter 11 case in the United

19  States Bankruptcy Court for the Central District of California (Los Angeles Division) Case No.

20  23-10990.

21  On May 23, 2023, and in response to certain creditors seeking to dismiss the Debtor's case,

22  the Court denied the motion to dismiss and instead instructed the Office of the United States Trustee

23  (the "***UST***") to appoint a chapter 11 trustee to administer the Debtor's Estate and chapter 11 case. In

24  response, the UST filed a *Notice of Appointment of Chapter 11 Trustee [Docket No. 151]. On May*

25  *24, 2023, the UST filed an Application for Order Approving Appointment of Trustee and Fixing Bond*

26  [Docket No. 154], which was approved by order entered the same day [Docket No. 155]. On that

27  same day, the Trustee accepted his appointment [Docket No. 156], as the chapter 11 trustee of the

28  Estate.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**B.**      <u>Administration of the June Street Property</u>

The Trustee filed a complaint styled as *Sharp v. Leslie Klein*, et al., Adv. Case No. 24-01140, seeking to quiet title on, and obtain full value from, the June Street Property and to avoid any unrecorded transfers or other interests by virtue of section 544(a)(3) of the Bankruptcy Code.

The Defendants, including the Debtor and Barbara (collectively, the "***Defendants***"), contended that the June Street Property is owned by the "Marital Deduction Trust," which was purportedly established by the Debtor and his late spouse (Erika Klein) at the time of her death; and that Barbara holds a life-estate in the June Street Property.

On December 18, 2024, Judge Sandra Klein ruled from the bench and granted summary judgment on all counts in the Trustee's complaint. The Court entered an order on December 20, 2024, formally granting the summary judgment motion in favor of the Trustee and against the Defendants. The Court found that the June Street Property is property of the estate (and that the Debtor's living trust is "self-settled" and the property therein is in fact property of the estate) and that all of the unrecorded interests or transfers were avoided. [Adv. Docket No. 62] (the "***Summary Judgment Order***").

On January 3, 2025, the Defendants appealed the Summary Judgment Order [Lead Case No. 23-10990, Docket No. 67] to the Bankruptcy Appellate Panel ("***BAP***") (BAP Case No. 25-1002). On May 29, 2025, the BAP heard oral argument and on June 5, 2025, issued a memorandum decision [BAP Docket No. 20] affirming the Summary Judgment Order in all respects. On June 18, 2025, Defendants filed a Petition for Panel Rehearing [BAP Docket No. 24], which was denied by the BAP on August 6, 2025 [BAP Docket No. 25].

On January 17, 2025, the Trustee filed a motion for turnover of the June Street Property (the "***Turnover Motion***"), which was heard on February 12, 2025, and approved by order entered on February 13, 2025 (the "***Turnover Order***"). In deciding the Turnover Motion, the Court found that the Trustee holds the power to exercise or enforce all legal and equitable rights relating to the June Street Property. Under the terms of the Turnover Order, the Debtor and all occupants of the Property were to have vacated and delivered possession of the June Street Property to the Trustee no later than

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    thirty (30) following entry of the Turnover Order, *i.e.*, March 17, 2025. The Debtor failed to honor

2    the terms of the Turnover Order.

3         On February 26, 2025, the Debtor and the Defendants appealed the Turnover Order [Docket

4    No. 939] to the Bankruptcy Appellate Panel (BAP Case No. 25-1037). On June 12, 2025, the BAP

5    heard oral argument and on June 18, 2025, issued a memorandum decision [BAP Docket No. 21]

6    affirming the Turnover Order in all respects.

7         On March 18, 2025, the Trustee filed a motion to enforce the turnover of the June Street

8    Property to the Trustee (the "***Turnover Enforcement Motion***") [Docket No. 962]. The Turnover

9    Enforcement Motion sought, (a) to compel the Debtor and all occupants to vacate the June Street

10   Property, (b) to direct and authorize the United States Marshals Service, or any other law enforcement

11   agency with jurisdiction, to enforce the Turnover Order to restore control and possession of the June

12   Street Property to the Estate and the Trustee, and (c) to authorize the Trustee to remove any personal

13   property left at the June Street Property and to place such personal property in a storage unit that

14   would then be made available to Debtor.

15        On April 10, 2025, the Court granted the Turnover Enforcement Motion. [Docket No. 1015]

16   (the "***Enforcement Order***"). Pursuant to the Enforcement Order, the United States Marshals Service

17   provided notice to the Debtor that he must surrender possession of the June Street Property on or

18   before May 4, 2025, or he and any others will be removed. On May 6, 2025, the Trustee's

19   representatives and the United States Marshals Service were able to gain entry to the June Street

20   Property because the Debtor relinquished occupancy. The Trustee has been in possession of the June

21   Street Property since that time.

22        On July 2, 2025, Jeffrey W. Dulberg, counsel for the Trustee, sent correspondence to Eric

23   Olson, Debtor's attorney, advising that the Trustee would be liquidating the personal property left

24   behind at the June Street Property, but before doing so, would provide the Debtor with the

25   opportunity to remove certain items to the extent the Debtor holds a valid and enforceable exemption.

26   In his letter, Mr. Dulberg further advised that if those items were not removed by August 14, 2025,

27   the Personal Property would be sold, donated or abandoned as necessary. See letter dated July 2,

28   2025, attached hereto as **Exhibit A**.  After being provided with numerous opportunities by the Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   within which to visit the June Street Property to identify and remove certain items, the Debtor and

2   Barbara ultimately identified the majority of the Personal Property as Barbara's sole and separate

3   property. In addition, the Debtor holds and asserted exemptions in certain of the Personal Property

4   which the Trustee would have difficulty overcoming and which reduce the value of these assets to

5   the estate.

6        Thus, the Personal Property located at the June Street Property is ultimately subject to (i)

7   Barbara's claims of ownership and the Debtor's exemption claims, both of which issues would have

8   to be litigated, through appeals, at the expense of the bankruptcy estate, and (ii) costly sale, staging,

9   storage and removal expenses, all before the Trustee could hope to obtain any value therefrom for

10  the bankruptcy estate. While evaluating the Personal Property, the Trustee allowed the Debtor to

11  identify those items that he would not dispute belong to the bankruptcy estate. This resulted in

12  relatively few items that Barbara would not claim as her own.[3]  After soliciting bids from sales

13  professionals and considering all of the aforementioned circumstances, the Trustee has determined

14  that further administration of the Personal Property at the June Street Property is unduly burdensome

15  and of inconsequential value to the bankruptcy estate.

16                          **IV.**

                  **ARGUMENT**

17

18       Section 554(a) of the Bankruptcy Code provides that, "[a]fter notice and a hearing, the trustee

19  may abandon any property of the estate that is burdensome to the estate or that is of inconsequential

20  value and benefit to the estate." 11 U.S.C. § 554(a); *see, e.g.*, *Midlantic Nat'l Bank v. N.J. Dep't of*

21  *Envtl. Prot.*, 474 U.S. 494, 497 (1986), *reh'g denied*, 475 U.S. 1091 (1986).  In evaluating decisions

22  to abandon property of the estate, courts focus on whether such decision reflects a business judgment

23  made in good faith. *See, e.g., In re Cult Awareness Network, Inc.*, 205 B.R. 575, 579 (Bankr. N.D.

24  Ill. 1997) (citations omitted); *In re Wilson*, 94 B.R. 886, 888-889 (Bankr. E.D. Va. 1989); *In re*

25  *Moore*, 110 B.R. 924, 928 (Bankr. C.D. Cal. 1990) ("The choice of which type of action [is

26

27

28  _____

[3] *See* footnote 2, *supra*.

1   appropriate to liquidate the assets of the estate] belongs to the trustee within the sound exercise of

2   the trustee's business judgment so long as the trustee fulfills his statutory duties.").

3       The Trustee has determined that further administration of the Personal Property at the June

4   Street Property is not in the best interest of the estate.  The Personal Property is unduly burdensome

5   and of inconsequential value to the bankruptcy estate. The Personal Property located at the June

6   Street Property is subject to (i) Barbara's claims of ownership and the Debtor's exemption claims,

7   both of which issues would have to be litigated, through appeals, at the expense of the bankruptcy

8   estate, and (ii) costly sale, staging, storage and removal expenses, all before the Trustee could hope

9   to obtain any value therefrom for the bankruptcy estate. There are relatively few items that Barbara

10  would not claim as her own which means that the Trustee would have to overcome Barbara's claims

11  of ownership for much of the Personal Property. This naturally mitigates against the value of these

12  assets for the estate. After soliciting bids from sales professionals and considering all of the

13  aforementioned circumstances, the Trustee has determined that further administration of the Personal

14  Property at the June Street Property would be unduly burdensome, and the property is of

15  inconsequential value to the bankruptcy estate.

16      The Trustee, therefore, submits that the standard set forth in section 554(a) of the Bankruptcy

17  Code is satisfied.  Attached hereto as **Exhibit "B"** is a draft proposed order granting this Motion.

**V.**
**CONCLUSION**

20      For the reasons set forth herein, the Trustee respectfully requests that the Court enter an order

21  authorizing the Trustee to (i) abandon to the Debtor and his wife Barbara any and all Personal

22  Property located at the June Street Property in accordance with the terms and the deadline set forth

23  hereinabove, or (ii) donate to a suitable charitable organization, or dispose of, at the expense of the

24  bankruptcy estate, any and all Personal Property located at the June Street Property that is left

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  unclaimed by the Debtor and Barbara. and (c) granting such other and further relief as it deems

2  necessary and appropriate.

3

4  Dated:    September 8, 2025                **PACHULSKI STANG ZIEHL & JONES LLP**

5

6                                            By    */s/ Jeffrey W. Dulberg*_____
                                                   Jeffrey W. Dulberg

7                                                  Counsel for Bradley D. Sharp, Chapter 11
8                                                  Trustee

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## **DECLARATION OF BRADLEY D. SHARP**

I, Bradley D. Sharp, declare as follows:

1.      I am the duly appointed, authorized and acting chapter 11 trustee in the above-captioned bankruptcy case of Leslie Klein.  If called upon to testify, I would testify to the facts set forth in this Declaration.

2.      I make this Declaration in support of the Motion of Chapter 11 Trustee for Order Authorizing (A) Abandonment of Personal Property Located at 322 N. June Street, Los Angeles, California to the Debtor and Barbara Klein, and (B) Donation or Disposal of Unclaimed Personal Property (the "***Motion***").[4]

3.      I filed a complaint styled as *Sharp v. Leslie Klein*, et al., Adv. Case No. 24-01140, seeking to quiet title on, and obtain full value from, the June Street Property and to avoid any unrecorded transfers or other interests by virtue of section 544(a)(3) of the Bankruptcy Code.

4.      The Defendants, including the Debtor and Barbara contended that the June Street Property is owned by the "Marital Deduction Trust," which was purportedly established by the Debtor and his late spouse (Erika Klein) at the time of her death; and that Barbara holds a life-estate in the June Street Property.

5.      On December 18, 2024, Judge Sandra Klein ruled from the bench and granted summary judgment on all counts in my complaint. The Court entered an order on December 20, 2024, formally granting the summary judgment motion in my favor and against the Defendants. The Court found that the June Street Property is property of the estate (and that the Debtor's living trust is "self-settled" and the property therein is in fact property of the estate) and that all of the unrecorded interests or transfers were avoided. [Adv. Docket No. 62].

6.      On January 3, 2025, the Defendants appealed the Summary Judgment Order [Lead Case No. 23-10990, Docket No. 67] to the Bankruptcy Appellate Panel (BAP Case No. 25-1002). On May 29, 2025, the BAP heard oral argument and on June 5, 2025, issued a memorandum decision [BAP Docket No. 20] affirming the Summary Judgment Order in all respects. On June 18, 2025,

---

[4]  Capitalized terms not defined herein shall have the same meaning ascribed to them in the Motion.

1    Defendants filed a Petition for Panel Rehearing [BAP Docket No. 24], which was denied by the BAP

2    on August 6, 2025 [BAP Docket No. 25].

3          7.     On January 17, 2025, I filed a motion for turnover of the June Street Property, which

4    was heard on February 12, 2025, and approved by order entered on February 13, 2025. In deciding

5    the Turnover Motion, the Court found that I hold the power to exercise or enforce all legal and

6    equitable rights relating to the June Street Property, including all authority to perform all acts as its

7    owner. Under the terms of the Turnover Order, the Debtor and all occupants of the Property were to

8    have vacated and delivered possession of the June Street Property to the Trustee no later than thirty

9    (30) following entry of the June Street Turnover Order, *i.e.*, March 17, 2025. The Debtor failed to

10   honor the terms of the June Street Turnover Order.

11         8.     On February 26, 2025, the Debtor and the Defendants appealed the Turnover Order

12   [Docket No. 939] to the Bankruptcy Appellate Panel (BAP Case No. 25-1037). On June 12, 2025,

13   the BAP heard oral argument and on June 18, 2025, issued a memorandum decision [BAP Docket

14   No. 21] affirming the June Street Turnover Order in all respects.

15         9.     On March 18, 2025, I filed a motion to enforce the turnover of the June Street Property

16   to the Trustee [Docket No. 962]. The Turnover Enforcement Motion sought, (a) to compel the Debtor

17   and all occupants to vacate the June Street Property, (b) to direct and authorize the United States

18   Marshals Service, or any other law enforcement agency with jurisdiction, to enforce the Turnover

19   Order to restore control and possession of the June Street Property to the Estate and myself, and (c)

20   to authorize me to remove any personal property left at the June Street Property and to place such

21   personal property in a storage unit that would then be made available to Debtor.

22         10.    On April 10, 2025, the Court granted the Turnover Enforcement Motion. [Docket No.

23   1015]. Pursuant to the Enforcement Order, the United States Marshals Service provided notice to the

24   Debtor that he must surrender possession of the June Street Property on or before May 4, 2025, or he

25   and any others will be removed. On May 6, 2025, my representatives and the United States Marshals

26   Service were able to gain entry to the June Street Property because the Debtor relinquished

27   occupancy. I have been in possession of the June Street Property since that time.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

11.     On July 2, 2025, my counsel sent correspondence to Eric Olson, the Debtor's attorney, advising that I would be liquidating the personal property left behind at the June Street Property, but before doing so, would provide the Debtor with the opportunity to remove certain items to the extent the Debtor holds a valid and enforceable exemption.  In his letter, Mr. Dulberg further advised that if those items were not removed by August 14, 2025, the Personal Property would be sold, donated or abandoned as necessary. See letter dated July 2, 2025, attached hereto as Exhibit A.  After being provided with numerous opportunities by the Trustee within which to visit the June Street Property to identify and remove certain items, the Debtor and Barbara ultimately identified the majority of the Personal Property as Barbara's sole and separate property.

12.     The Personal Property located at the June Street Property is subject to (i) Barbara's claims of ownership and the Debtor's exemption claims, both of which issues would have to be litigated, through appeals, at the expense of the bankruptcy estate, and (ii) costly sale, staging, storage and removal expenses, all before I could hope to obtain any value therefrom for the bankruptcy estate. While evaluating the Personal Property, I allowed the Debtor to identify those items that he would not dispute belong to the bankruptcy estate. This resulted in relatively few items that Barbara would not claim as her own. After soliciting bids from sales professionals and considering all of the aforementioned circumstances, I have determined that further administration of the Personal Property at the June Street Property would be unduly burdensome and therefore the assets are of inconsequential value to the bankruptcy estate.  Therefore, in my business judgment, I believe that abandoning, donating, or disposing of the Personal Property would be in the best interest of the Estate.

13.     Through my counsel, I have communicated with counsel for the Debtor and Barbara regarding this issue and I am informed by their counsel that, on or after October 15, 2025, the Debtor and Barbara will be prepared to remove those items of the Personal Property they wish to retain. Accordingly, I seek an order allowing me to abandon any and all of the Personal Property that the Debtor and Barbara wish to keep to them and that the Debtor and Barbara be required to actually remove such items from the June Street Property on or before October 31, 2025, at their sole expense and via suitable reasonable arrangements made with my advisors, including that any professionals

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

used by the Debtor or Barbara (e.g. moving company) must maintain appropriate insurance coverage and provide a certificate of insurance to me or my advisors prior to being permitted to enter the June Street Property.

14.    I further request that the order state that upon expiration of the Property Removal Deadline, I may donate to a suitable charitable organization, or dispose of, at the expense of the estate, any and all Personal Property then remaining at the June Street Property.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of September, 2025, at San Juan Capistrano, California.

Bradley D. Sharp

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT A

**From:** Jeffrey Dulberg
**Sent:** Wednesday, July 2, 2025 2:24 PM
**To:** eric@ejolsonlaw.com
**Cc:** 'Leslie Klein' <les.kleinlaw@gmail.com>; leskleinlaw@gmail.com
**Subject:** Klein - Personal Property at 322 N. June St.

Mr. Olson – Please see the attached letter of even date.

Best,

**Jeffrey Dulberg**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
jdulberg@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | New York | Wilmington, DE | Houston | San Francisco


PACHULSKI
STANG
ZIEHL &
JONES

Jeffrey W. Dulberg                    July 2, 2025                    310.772.2355
jdulberg@pszjlaw.com

**LOS ANGELES**

10100 SANTA MONICA BLVD. 13TH FL.
LOS ANGELES, CALIFORNIA 90067-4003
310.277.6910

**NEW YORK**

1700 BROADWAY, 36TH FL.
NEW YORK, NEW YORK 10019
212.561.7700

**WILMINGTON**

919 NORTH MARKET STREET, 17TH FLOOR,
P.O. BOX 8705
WILMINGTON, DELAWARE 19899-8705
302.652.4100

**HOUSTON**

700 LOUISIANA STREET, STE. 4500
HOUSTON, TEXAS 77002
713.691.9385

**SAN FRANCISCO**

ONE SANSOME STREET, 34TH FL. STE. 3430
SAN FRANCISCO, CALIFORNIA 94104
415.263.7000

**Via E-mail: Eric@EJOlsonLaw.com**

Eric J. Olson, Esq.
EJOLSONLAW
301 East Colorado Boulevard
Suite 520
Pasadena, California 91101

Re:    In re Leslie Klein, Case No. 2:23-bk-10990-SK

Dear Mr. Olson:

Pursuant to his duties under section 1106 of the Bankruptcy Code, the Trustee plans to liquidate the personal property (as described below, the "**Personal Property**") located at 322 N. June St., Los Angeles, CA (the "**June St. Property**") as property owned by the Leslie Klein bankruptcy estate.  However, before the Trustee conducts an auction or otherwise disposes of the Personal Property, he will provide Mr. Klein with an opportunity to remove certain items of the Personal Property to the extent he holds a valid and enforceable exemption under section 522 of the Bankruptcy Code and applicable California law.

Subject to the conditions and exceptions set forth below, the Trustee will provide Mr. Klein a designated day (to be determined) to identify the Personal Property that he wishes to retain, and a designated day to physically remove the designated Personal Property from the June St. Property (likely August 14, 2025) at Mr. Klein's sole expense.

If any of the Personal Property first identified by Mr. Klein is not removed by August 14, 2025, such Personal Property will be sold, donated or otherwise discarded as set forth below.

4899-7130-2226.1 78512.001


PACHULSKI
STANG
ZIEHL &
JONES

July 2, 2025
Page 2

### Property Subject to Exemption Which Mr. Klein MUST Remove OR Abandon His Claim

Description Exempt Amount
TV's, Phones, computers ("**Electronics**")    $3,000
Sports and Hobby Equipment                     $2,000
Clothes and Shoes                              $2,000

The Trustee is granting Mr. Klein permission to remove and keep all Electronics, Sports and Hobby Equipment, Clothes and Shoes.  All other Personal Property may not be removed by Mr. Klein, or any other party related to him.

For the categories listed above, Mr. Klein may remove and keep any items that he wishes, however, to the extent he elects to leave behind any items in these categories, as of August 15, 2025, **he will be deemed to have abandoned his interest in the items in these categories**.  In those cases, the Trustee will then sell the remaining items in these categories and **not** turn over the proceeds to Mr. Klein.

### Property Subject to Exemption Which Mr. Klein May NOT Remove

- Books or Art Objects: No Exemption Claimed by Mr. Klein
- Household Furnishings: Exempt Amount - $8,000
- Furs and Jewelry: Exempt Amount - $9,525

No Books or Art Objects will be allowed to be removed as Mr. Klein claimed a zero exemption in this category.
No couches, coffee tables, dining room tables with chairs, mattresses with bedframes, wall mirrors, desk with chairs, lamps, rugs, dressers, kitchen table, patio furniture, cabinets, refrigerators, and other household items (collectively, "**Household Furnishings**") may be removed.  The Trustee will sell all Household Furnishings and Mr. Klein will be entitled to the first $8,000 in net sale proceeds, after costs of sale (including but not limited to sale/auctioneer fees, expenses, taxes, etc.).

The Trustee is not in possession of the furs, diamond ring, gold necklace, diamond earrings, gold rings and costume jewelry (collectively, "**Furs and Jewelry**") referenced in Mr. Klein's



PACHULSKI
STANG
ZIEHL &
JONES

July 2, 2025
Page 3

bankruptcy schedules. Pursuant to section 542 of the Bankruptcy
Code, Mr. Klein is obligated to account to the Trustee for the Furs
and Jewelry. In the event he does so, the Trustee will sell all Furs
and Jewelry and Mr. Klein will be entitled to the first $9,525 in net
sale proceeds, after costs of sale (including but not limited to
sale/auctioneer fees, expenses, taxes, etc.).

The Trustee will file a motion with the Court seeking authority to
sell the Personal Property subject to the exemptions and procedures
described herein.  We believe that it would be productive to engage
in a discussion regarding the Personal Property and the exemptions
before filing the motion so that the Trustee can attempt to align the
motion with any resolutions or disagreements between them.

Please review and let me know when we can discuss.

Thank you

Very truly yours,

Jeffrey W. Dulberg

JWD:mrv

# EXHIBIT B

Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:  jdulberg@pszjlaw.com
              jlucas@pszjlaw.com

Counsel to Bradley D. Sharp, Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>                                        Debtor. | Case No.: 2:23-bk-10990-NB<br><br> Chapter 11<br><br>**ORDER APPROVING MOTION AUTHORIZING (A) ABANDONMENT OF PERSONAL PROPERTY LOCATED AT 322 N. JUNE STREET, LOS ANGELES, CALIFORNIA TO THE DEBTOR AND BARBARA KLEIN, AND (B) DONATION OR DISPOSAL OF UNCLAIMED PERSONAL PROPERTY**<br><br>**DATE:**     October 7, 2025<br>**TIME**:      2:00 p.m.<br>**PLACE:**   255 East Temple Street,<br>                  Los Angeles, California<br>**CTRM**:    1545 (*or via Zoom per posted procedures*) |

The Court has considered the Motion for Order Authorizing (A) Abandonment of Personal Property Located at 322 N. June Street, Los Angeles, California to the Debtor and Barbara Klein, and (B) Donation or Disposal of Unclaimed Personal Property (the "***Motion***")[1] [Docket No. ___].

---

[1] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Motion.

4908-5492-1061.1 78512.001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Based upon the Court's review of the Motion and the Declaration of Bradley D. Sharp in support of the Motion, the Court finds that (1) the relief requested in the Motion is reasonable, appropriate, and in the best interests of the estate (the "***Estate***"); and (2) notice of the Motion was adequate and appropriate under the circumstances and no further notice be given, and therefore

**IT IS HEREBY ORDERED**:

1.      The Personal Property located at the June Street Property is abandoned pursuant to 11 U.S.C. § 554(a).

2.      The Debtor and Barbara Klein ("***Barbara***"), at their sole expense, must remove items of Personal Property that they wish to retain from the June Street Property on or before October 31, 2025 (the "***Property Removal Deadline***").

3.      Any professionals used by the Debtor or Barbara (e.g. moving company) must maintain appropriate insurance coverage and provide a certificate of insurance to the Trustee prior to being permitted to enter the June Street Property.

4.      Upon expiration of the Property Removal Deadline, the Trustee is authorized to donate to a suitable charitable organization, or dispose of, at the expense of the Estate, any and all Personal Property then remaining at the June Street Property.

# # #

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **NOTICE OF MOTION AND MOTION OF CHAPTER 11 TRUSTEE FOR ORDER AUTHORIZING (A) ABANDONMENT OF PERSONAL PROPERTY LOCATED AT 322 N. JUNE STREET, LOS ANGELES, CALIFORNIA TO THE DEBTOR AND BARBARA KLEIN, AND (B) DONATION OR DISPOSAL OF UNCLAIMED PERSONAL PROPERTY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRADLEY D. SHARP IN SUPPORT THEREOF** served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **September 8, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) **September 8, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **September 8, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| **Via Email:**<br>Eric J Olson:  eric@ejolsonlaw.com<br><br>Leslie Klein:  les.kleinlaw@gmail.com;<br>leskleinlaw@gmail.com; kleinlaw@earthlink.net | |

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 8, 2025 | Nancy H. Brown | */s/ Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
LA:4925-1024-2137.1 78512.001

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Case 2:23-bk-10990-SK

- Simon Aron    saron@wrslawyers.com, moster@wrslawyers.com;jlee@wrslawyers.com
- Reem J Bello    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Ron Bender    rb@lnbyg.com
- Michael Jay Berger    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- Greg P Campbell    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- Baruch C Cohen    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- Theron S Covey    AttorneyTCovey@gmail.com
- Daniel A Crawford    dac@crawfordlawgroup.com
- Michael G D'Alba    mgd@lnbyg.com
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Craig A Edelman    notice@bkcylaw.com
- Dane W Exnowski    dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- Todd S. Garan    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- Robert P Goe    rgoe@goeforlaw.com, kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- Michael I. Gottfried    mgottfried@elkinskalt.com, lwageman@elkinskalt.com,docketing@elkinskalt.com,lmasse@elkinskalt.com
- M. Jonathan Hayes    jhayes@rhmfirm.com
- Brandon J. Iskander    biskander@goeforlaw.com, kmurphy@goeforlaw.com
- Michael S Kogan    mkogan@koganlawfirm.com
- Matthew A Lesnick    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- John W Lucas    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Armen Manasserian    armen@ml-apc.com, jennifer@ml-apc.com,maria@ml-apc.com
- Ron Maroko    ron.maroko@usdoj.gov
- Kirsten Martinez    Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- Steven M Mayer    smayer@mayerlawla.com
- Christopher M McDermott    ch11ecf@aldridgepite.com, CMM@ecf.inforuptcy.com;cmcdermott@aldridgepite.com
- Krikor J Meshefejian    kjm@lnbyg.com

- Jeffrey P Nolan    jnolan@pszjlaw.com
- Eric J Olson    eric@ejolsonlaw.com
- Lisa Patel    lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com;lpatel@ecf.courtdrive.com
- Jeffrey N Pomerantz    jpomerantz@pszjlaw.com
- Brian A Procel    brian@procel-law.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- Matthew D. Resnik    matt@rhmfirm.com, roksana@rhmfirm.com;russ@rhmfirm.com;sloan@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;rosario@rhmfirm.com;gabriela@rhmfirm.com;david@rhmfirm.com
- Kevin Ronk    Kevin@portilloronk.com, eService@cym.law,karen@cym.law,jodie@cym.law
- Joshua L Scheer    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- Bradley D. Sharp (TR)    bsharp@dsi.biz
- Richard P Steelman    RPS@LNBYG.COM
- Nikko Salvatore Stevens    nikko@cym.law, eService@cym.law,karen@cym.law
- Alan G Tippie    Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- Gary Tokumori    gtokumori@pmcos.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Michael L Wachtell    mwachtell@buchalter.com, marias@buchalter.com;docket@buchalter.com
- John P. Ward    jward@attleseyward.com, ephuong@attleseyward.com
- Brett J. Wasserman    wasserman@smcounsel.com
- Alex M Weingarten    aweingarten@willkie.com, lcarter@willkie.com
- Beth Ann R. Young    bry@lnbyg.com, bry@lnbyb.com
- Clarisse Young    youngshumaker@smcounsel.com, levern@smcounsel.com
- Paul P Young    paul@cym.law, eService@cym.law,karen@cym.law
- Roye Zur    rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

2. **SERVED BY UNITED STATES MAIL**:

Peter C. Anderson, U.S. Trustee
Michael Jones, Assistant U.S. Trustee
Office of the U.S. Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA  90017

Leslie Klein
322 North June Street
Los Angeles, CA 90004

Nathan Talei
Oldman, Sallus & Gold, L.L.P.
16133 Ventura Blvd., PH-A
Encino, CA 91436

Leslie Klein & Associates, Inc.
c/o Leslie Klein
6454 Van Nuys Blvd. Suite 150
Van Nuys, CA 91401

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**2.  SERVED BY UNITED STATES MAIL:**

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

Ajax Mortgage Loan Trust 2021-D, et al.
c/o Gregory Funding LLC
PO Box 742334
Los Angeles, CA 90074-2334

Andor Gestetner
c/o Law Offices of Jacob Unger
5404 Whitsett Ave., Ste. 182
Valley Village, CA 91607-1615

Bank of America
Attn: Bankruptcy
4909 Savarese Circle
Tampa, FL 33634-2413

Bank of America, N.A.
PO Box 673033
Dallas, TX 75267-3033

Barclays Bank Delaware
Attn: Bankruptcy
PO Box 8801
Wilmington, DE 19899-8801

CCO Mortgage Corp
10561 Telegraph Road
Glen Allen, VA 23059-4577

California Bank & Trust
PO Box 711510
Santee, CA 92072-1510

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850-5298

Chase Card Services
Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850-5298

Chase Doe
143 S. Highland Drive
Los Angeles, CA 90036-3028

Chase Mortgage, BK Dept.
Mail Code LA4 5555
700 Kansas Lane
Monroe, LA 71203

Citibank
Attn: Bankruptcy
P.O. Box 790034
St Louis, MO 63179-0034

Citizens Bank, N.A.
10561 Telegraph Road
Glen Allen, VA 23059-4577

Daniel A. Crawford, Esq.
Crawford Law Group
15303 Ventura Blvd., Ninth Floor
Sherman Oaks, California 91403

David Berger
c/o Baruch C. Cohen, Esq.
4929 Wilshire Blvd., Suite 940
Los Angeles, CA 90010-3889

David Levy
2567 Larchmont Road
Beachwood, OH 44122-1515

Eliave Sobol
1501 Sulgrave Ave., #1000
Baltimore, MD 21209-3654

Ericka and Joseph Vago
c/o Brian Procel
Procel Law
401 Wilshire Blvd., 12th Floor
Santa Monica, CA 90401-1456

Erika and Joseph Vago
124 N. Highland Ave
Sherman Oaks, CA 91423

FCI Lender Services, Inc.
Customer Service Department
PO Box 27370
Anaheim, CA 92809-0112

FLP Law Group LLP
1875 Century Park East
Suite 2230
Los Angeles Ca 90067-2522

Franchise Tax Board
Bankruptcy Section MS A340
PO Box 2952
Sacramento, CA 95812-2952

Fay Servicing  LLC
PO Box 814609
Dallas, TX 75381-4609

Fiore Racobs & Powers
Attn:  Erin A Maloney
6820 Indiana Avenue, Suite 140
Riverside, CA 92506-4261

First Amendment Wendriger Family Trust
c/o Shumaker Mallory LLP
Clarisse Young Shumaker
280 S. Beverly Dr., Suite 505
Beverly Hills, CA 90212-3908

Franklin H. Menlo Irrevocable Trust
c/o Willkie Farr & Gallagher LLP
Attn: Alex M. Weingarten, Esq.
2029 Century Park East, Suite 3400
Los Angeles, CA 90067-3020

Franklin H. Menlo, Trustee
Paul P. Young
c/o Chora Young & Manasser
650 Sierra Madre Villa Ave., Ste. 304
Pasadena, CA 91107-2071

Gestetner Charitable Remainder Trust
c/o Andor Gestetner
1425 55th Street
Brooklyn, NY 11219

Gestetner Charitable Remainder Unitrust
c/o Andor Gestetner
Michael I. Gottfried
10345 W. Olympic Blvd.
Los Angeles, CA 90064-2524

Eric E. Hawes
Law Office of Eric Everett Hawes
23945 Calabasas Road. Suite 113
Calabasas, CA 91302

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

JPMorgan Chase Bank National Assoc.
Attn: Chase Records Center
Correspondence Mail Code LA4-5555
700 Kansas Lane
Monroe LA 71203-4774

JP Morgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001-9013

JP Morgan Mortgage Acquisition Corp
c/o NewRez LLC
d/b/a Shellpoint Mortgage Servicing
PO Box 10826
Greenville, SC 29603-0826

Kieckhafer Schiffer LLP
6201 Oak Canyon, Suite 200
Irvine, CA  92618

Jacob Rummitz
315 N. Martel Avenue
Los Angeles, CA 90036-2515

LA County Treasurer and Tax Collector
Attn: Bankruptcy Unit
PO Box 54110
Los Angeles CA 90054-0110

Leslie Klein & Associates, Inc.
c/o Parker Milliken
555 Flower Street
Los Angeles, CA 90071-2300

Michael Kogan Law Firm, APC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064-1525

Michael Jay Berger
Law Offices of Michael Jay Berger
9454 Wilshire Blvd., 6th Fl.
Beverly Hills, CA 90212-2980

MRC/United Wholesale M
Attn: Bankruptcy
P.O. Box 619098
Dallas, TX 75261-9098

NewRez LLC
d/b/a Shellpoint Mortgage Servicing
14841 Dallas Parkway, Suite 425
Dallas, TX 75254-8067

Oldman, Cooley & Sallus
16133 Ventura Blvd.
Penthouse Suite
Encino, CA 91436-2447

Reem J Bello
Goe Forsythe & Hodges LLP
17701 Cowan, Bldg. D
Suite 210
Irvine, CA 92614-6840

Residential Credit Opportunities
  Trust IX-A
14841 Dallas Parkway, Suite 350
Dallas, TX 75254-7685

Jeffrey Siegel, Successor Trustee
of the Hubert Scott Trust
c/o Oldman, Cooley & Sallus
16133 Ventura Blvd., Penthouse Suite
Encino, CA 91436-2403

Toyota Lease Trust as serviced by
  Toyota Motors
3160 Crow Canyon Place, Suite 215
San Ramon, CA 94583-1110

Robert & Esther Mermelstein
c/o Baruch C Cohen Esq
4929 Wilshire Blvd., Suite 940
Los Angeles CA 90010-3889

Sandra Layton
161 N. Poinsettia Place
Los Angeles, CA 90036-2805

Selene Finance
Attn: Bankruptcy
PO Box 8619
Philadelphia, PA 19101-8619

Shellpoint Mortgage Servicing
Attn: Bankruptcy
PO Box 10826
Greenville, SC 29603-0826

Toyota Financial Services
Attn: Bankruptcy
PO Box 259001
Plano, TX 75025-9001

Toyota Lease Trust
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

Toyota Lease Trust
c/o Toyota Motor Credit Corp.
PO Box 9013
Addison, Texas 75001-9013

United States Trustee (LA)
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017-3560

US Bank Trust National Assoc., et al.
Fay Servicing, LLC
PO Box 814609
Dallas, TX 75381-4609

U.S. Bank National Association
c/o Nationstar Mortgage LLC
Attn: Bankruptcy Dept.
PO Box 619096
Dallas TX 75261-9096

Bradley D. Sharp (TR)
333 So. Grand Ave., Suite 4070
Los Angeles, CA 90071-1544

Jeffrey Winter
1571 Rexford Drive
Los Angeles, CA 90035-3109

Wilmington Savings Fund Society, FSB
d/b/a Christiana Trust, T'tee for Pretium
Mortgage Acq. Trust - Selene Finance LP
3501 Olympus Blvd, Suite 500
Dallas, TX 75019-6295

Wilmington Savings Fund Society, FSB
d/b/a Robertson, Anschutz, Schneid, et al.
350 10th Avenue, Suite 1000
San Diego, CA 92101-8705