ROBERT P. GOE (State Bar No. 137019)
rgoe@goeforlaw.com
REEM J. BELLO (State Bar No. 198840)
rbello@goeforlaw.com
**GOE FORSYTHE & HODGES LLP**
17701 Cowan Avenue, Suite 210, Bldg. D
Irvine, CA 92614
Telephone: (949) 798-2460
Facsimile: (949) 955-9437

BRIAN A. PROCEL (State Bar No. 218657)
brian@procel-law.com
MARTIN H. PRITIKIN (State Bar No. 210845)
marty@procel-law.com
**PROCEL LAW, PC**
401 Wilshire Boulevard, 12th Floor
Santa Monica, California 90401
Telephone: (424) 788-4538

Attorneys for Judgment Creditors, Erica and Joseph Vago

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>    Debtor, | Case No. 2:23-bk-10990-NB<br><br>Chapter 11 Proceeding<br><br>**OMNIBUS OPPOSITION OF JUDGMENT CREDITORS ERICA AND JOSEPH VAGO TO THE INTERIM FEE APPLICATIONS OF:**<br>**(1) BRADLEY D. SHARP, CHAPTER 11 TRUSTEE [DOCKET NO. 1215];**<br>**(2) PACHULSKI STANG ZIEHL & JONES LLP [DOCKET NO. 1216];**<br>**(3) DEVELOPMENT SPECIALISTS, INC. [DOCKET NO. 1217];**<br>**(4) GOLDFARB GROSS SELIGMAN & CO. [DOCKET NO. 1218];**<br>**(5) KIECKHAFER SCHIFFER LLP [DOCKET NO. 1219]; AND**<br>**(6) ERIC EVERETT HAWES [DOCKET NO. 1220]**<br><br>Date:        September 23, 2025<br>Time:        2:00 p.m.<br>Place:      Courtroom 1545<br>             U.S. Bankruptcy Court<br>             255 E. Temple Street<br>             Los Angeles, CA 90012 |

1

**TO THE HONORABLE NEIL BASON, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, OFFICE OF THE UNITED STATES TRUSTEE, CHAPTER 11 TRUSTEE, AND TO ALL PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that Judgment Creditors Erica and Joseph Vago (collectively the "Vagos") hereby file this omnibus opposition to the Applications of: (1) Bradley D. Sharp, Chapter 11 Trustee ("Trustee") [Docket No. 1215]; (2) Pachulski Stang Ziehl & Jones LLP ("PSZJ") [Docket No. 1216]; (3) Development Specialists, Inc. ("DSI") [Docket No. 1217]; (4) Goldfarb Gross Seligman & Co. ("GGS") [Docket No. 1218]; (5) Kieckhafer Schiffer LLP ("KS") [Docket No. 1219]; and (6) Eric Everett Hawes ("Hawes") [Docket No. 1220] for Interim Approval of Compensation and Reimbursement of Expenses, and respectfully represent as follows.

## I.    INTRODUCTION

With approximately **only $850,000 in funds on hand in the Estate** (*see* p. 13, line 4 of Docket No. 1216, the second interim fee application of PSZJ ("PSZJ Second Interim Application")), the Trustee seeks allowance of **further interim fees and expenses** of him and his professionals of almost **$1.5 million**.  This is **in addition** to the interim fees and expenses which have already been sought in prior interim fee applications totaling in excess of **$6.2 million**.  What is to be left for creditors of this bankruptcy estate ("Estate")?  Debtor, Leslie Klein ("Debtor") duped most of his creditors out of tens of millions of dollars, including the Vagos.  Despite the Vagos' best efforts and pleadings filed in this bankruptcy case ("Case"), it is clear that this Case is not about the Vagos and the other victims being compensated from available assets of this Estate.  Instead, it is about the continuous draining of the limited assets in the Estate by the Trustee and his professionals.  For example, the PSZJ Second Interim Application covers only 5 months (March 1, 2025, through July 31, 2025), yet PSZJ seeks almost $1.5 million in fees and expenses, which is approximately $250,000 per month just for Trustee's general bankruptcy counsel!

At what point does the Trustee reign in his professionals?  At what point will creditors see the fruits of these millions of dollars of fees incurred.  Other than the recovery of Debtor's real properties, what other assets will be recovered?  Certainly, the funds in the Estate cannot sustain

the rate at which professionals are depleting the assets of the Estate.  Creditors have not received any distribution and despite the promise of a distribution at some later date, there is no guarantee that additional assets will be recovered.

Again, the PSZJ Second Interim Fee Application states that the Debtor's Estate has funds on hand in the amount of approximately only $850,000, yet PSZJ alone seeks allowance of further **interim fees and expenses** in the amount of almost **$1.5 million** in addition to the **$4,973,454.89** which has already been sought by PSZJ in its first interim application.  *See* Docket No. 1056.  In addition to PSZJ (which up this point has sought almost $6.5 million in interim fees and expenses), the Trustee seeks interim fees and expenses in the additional amount of $47,143.09 [Docket No. 1215].  Trustee's prior interim fee application sought fees and expenses in the amount of $163,866.22 [Docket No. 1055.  The Trustee's Tax Accountant seeks interim fees and expenses in the amount of $3,202 [Docket No. 1219].  Trustee's Tax Accountant's prior interim fee application sought fees and expenses in the amount of $20,201.34 [Docket No. 1057].  Trustee's Landlord/Tenant Counsel seeks interim fees and expenses in the amount of $9,702.68 [Docket No. 1220].  Trustee's Landlord/Tenant Counsel's prior interim fee application sought fees and expenses in the amount of $10,804.70 [Docket No. 1058].  Trustee's Special Litigation Counsel seeks interim fees and expenses in the amount of $11,944.55 [Docket No. 1218].  Trustee's Special Litigation Counsel's prior interim fee application sought fees and expenses in the amount of $22,894.94 in addition to the $79,651.63 that have already been allowed on an interim basis [Docket No. 1061].  Trustee's Forensic Accountant seeks interim fees and expenses in the amount of.  Trustee's Forensic Accountant's prior interim fee application sought fees and expenses in the amount of $965,373.09 [Docket No. 1062].  Taking into account the fees and expenses currently sought by the Trustee and his professionals, and the interim fees and expenses that have already been sought, the professionals of this Estate will incurred fees and expenses of almost **$7.8 million**, while creditors have not received a single penny.  Surprisingly, the Trustee once again simply filed a declaration of "no opposition".

The fees and expenses currently sought continue to greatly exceed the amount of funds on hand in the Estate.  Again, the creditors of this Case are victims of the Debtor, many of whom are

elderly and there must be a substantial distribution to the general unsecured creditors. So far, Estate assets have only been used to pay the Trustee and his professionals. To continue to allow Estate assets to only line the pockets of the professionals is not only premature, but also wrong. It is also not clear what the net proceeds will be from any other assets that may be liquidated or collected. Allowance of the professional's further interim fees and expenses in the amount of approximately $1.5 million (which is in addition to the over $6.2 million previously allowed) is premature at this time when there is no certainty that unsecured creditors will receive a substantial distribution in this case.

The Vagos do not argue that the Trustee and his professionals be paid nothing (and, in fact, the Trustee's professionals have already been paid multiple seven figures in fees and expenses), but rather, the Vagos believe that no further fees and expenses of Trustee's professionals be allowed at this time. The Estate does not even have sufficient funds to pay the prior amounts allowed by this Court. Therefore, no further fees should be allowed and/or paid until the Trustee and his professionals can show that unsecured creditors will receive a substantial distribution in this case[1].

**II.     THE FEES SHOULD NOT BE ALLOWED AS REQUESTED AT THIS TIME AS THE DETERMINATION OF BENEFIT AND REASONABLENESS CANNOT BE MADE WHEN AT THIS POINT IN TIME THERE ARE NOT ENOUGH FUNDS TO MAKE ANY DISTRIBUTION TO GENERAL UNSECURED CREDITORS**

**A.     Legal Standard**

Under 11 U.S.C. § 330(a)(1), a bankruptcy court is authorized to award "reasonable compensation for actual, necessary services rendered by . . . an attorney" and any paraprofessional person employed by an attorney. Courts also have the power to award reduced fees to a professional requesting compensation under Section 330. 11 U.S.C. § 330(a)(2).

In determining fees allowed to a professional of a bankruptcy estate, the court must examine "all relevant factors, including: (A) the time spent on [the] services; (B) the rates charged

---

[1] The Trustee and his professionals will likely argue these are only interim fees subject to final allowance, but as any seasoned bankruptcy professional knows it is hard, if not impossible, to un-ring the bell of an interim fee order.

for [the] services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of [the case]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in [nonbankruptcy cases]." 11 U.S.C. § 330(a)(3). The court also must not allow compensation for (i) unnecessary duplication of services, or (ii) services that were not:

(I) Reasonably likely to benefit the debtor's estate, or

(II) Necessary to the administration of the case.

11 U.S.C. § 330(a)(4)(A)(ii).

When determining the amount of reasonable fees, the court's "examination . . . should include the following questions: First, were the services authorized? Second, were the services necessary or beneficial to the administration of the estate at the time they were rendered? Third, are the services adequately documented? Fourth, are the fees requested reasonable, taking into consideration the factors set forth in § 330(a)(3)? Finally, . . . the court must [also consider] whether the professional exercised reasonable billing judgment." *In re Mednet*, 251 B.R. 103, 108 (9th Cir. BAP 2000) (citation omitted).

Regarding the requirement to exercise billing judgment, the Ninth Circuit has stated that employment authorization does "not give [the professional] free reign to run up a tab without considering the maximum probable recovery." *Unsecured Creditors' Committee v. Puget Sound Plywood, Inc.*, 924 F.2d at 958. Before undertaking work on a bankruptcy matter, a professional is obligated to consider:

(a) Is the burden of the probable cost of legal services disproportionately large in relation to the size of the estate and maximum probable recovery?

(b) To what extent will the estate suffer if the services are not rendered?

(c) To what extent may the estate benefit if the services are rendered and what is the

likelihood of the disputed issues being resolved successfully?

*Id.* at 959-960 (citation omitted). Moreover, "'[w]hen a cost benefit analysis indicates that the only parties who will likely benefit from [a service] are the trustee and his professionals,' the service is unwarranted, and a court does not abuse its discretion in denying fees for those services." *In re Mednet*, 251 B.R. at 108-109 (quoting *In re Riverside-Linden Investment Co.*, 925 F.2d 320, 321 (9th Cir. 1991)).

Ultimately, the applicant seeking compensation and reimbursement of expenses bears the burden of persuasion to establish that the fees requested meet both prongs of section 330 of the Bankruptcy Code as reasonable and necessary. *In re Smith*, 331 B.R. 622, 627 (Bankr. M.D. Pa. 2005); *In re Mazzocone*, 1995 U.S. Dist. LEXIS 3218, 1995 WL 113110, at *8 (E.D. Pa. Mar. 16, 1995) (citing *In re Kenneth Leventhal & Co.*, 19 F.3d 1174, 1177, 1178 (7th Cir, 1994); *Cont'l Ill. Nat'l Bank & Trust Co, v. Charles N. Wooten, Ltd. (In re Evangeline Ref. Co.)*, 890 F.2d 1312, 1326 (5th Cir. 1989)).

### B.      Specific Objections to PSZJ's Categories of Services

#### 1.      Asset Disposition

In the Asset Disposition category, PSZJ describes fees incurred relating to the enforcement of the turnover of the June Street Property and eviction of the Debtor and other tenants of this property, more analysis of fraudulent conveyance of the grant deed to EKLK regarding the June Street Property, facilitating the sale of the Israeli properties, obtaining the lender's continued cooperation regarding 143 S. Highland, and investigating other potential life insurance policies. Despite incurring approximately $150,000 in fees in this category, the Estate did not receive any net proceeds from these activities during this fee period.

#### 3.      Avoidance Action

In the Avoidance Actions category, PSZJ identifies only a single action for services relating to continuing to engage in litigation to recover the Highland Property.  In PSZJ's prior interim fee application, they sought and were allowed $831,857.00 in fees just for this category. In this PSZJ Second Interim Application, PSZJ seek an additional $49,869.50 in fees.  Therefore, **PSZJ's fees in this category alone represent over 60% of the value of the assets recovered**

($1,450,000) by the Estate in the Highland Property litigation.

### 4.      Bankruptcy Litigation

The Bankruptcy Litigation category includes fees related to "all chapter 11 litigation matters".  *See* p. 15, lines 2-3 of PSZJ Second Interim Application.  However, this category includes additional fees for the avoidance action to recover the Highland Property (as set forth above, PSZJ's fees in the avoidance action category which relates solely to the Highland Action to recover the Highland Property represents over 60% of the funds recovered to the Estate).  Therefore, PSZJ incurred fees represent a much higher percentage of the amount of the recovery from the settlement of the Highland Action.  The $336,528.50 in fees for this category is **in addition** to the $49,869.50 in fees incurred in the Avoidance Action category and **in addition** to the approximately $150,000 in fees incurred in the Asset Disposition category.  More importantly, the Estate has not yet recovered any funds for services performed in this category.

### 5.      Case Administration

The Case Administration category includes excessive fees for actions that are administrative.  The description of services provided include calendaring matters, updating deadlines and dates, maintaining a work progress list, and reviewing Court procedures.  It is not clear what benefit the Estate reaps from such activities when the attorney hourly rates are over $1,000 per hour.  PSZJ incurred fees in this category in the amount of $146,694.50.

### 6.      Claims Administration

The fees incurred in this category relate almost exclusively to the settlement of the claim held by the Vagos, yet the fees expended total $108,672.50.  Documenting the settlement with the Vagos and filing and appearing at the hearing on the motion for order approving the settlement with the Vagos (which was not contested) should not be in the six figures with the attorney rates at $1,250, $1,425 and $1,595 per hour when creditors have not received any distribution and there is no guarantee creditors will receive any meaningful distribution.

### 7.      Compensation of Professionals

PSZJ filed their first interim fee application on May 6, 2025 [Docket No. 1056] and have already filed this PSZJ Second Interim Application less than four months later.  Moreover, the

preparation of this PSZJ Second Interim Application cost the Estate an additional almost $50,000 and the Estate does not have enough funds to even cover the fees awarded to PSZJ in the prior fee order.  The filing of the PSZJ Second Interim Application at this point in time when there are no funds in the Estate to pay these fees and when PSZJ has not even paid in full on their prior fee award is a waste of Estate resources.  The Vagos request that no further fee applications be filed until the Estate has sufficient funds to pay the outstanding fee awards.  Creditors like the Vagos are forced to spend time and money on legal fees to review these fee applications which are premature at this time.

### 8.      Compensation of Professionals/Others

The same issue arises with the fee applications of the other of the Trustee's professionals. Fee applications have been filed yet again by all of the Trustee's other professionals and PSZJ expended almost $100,000 in this category.  The cost to the Estate in the preparation and filing of these interim fee applications of the Trustee's professionals at a time when the Estate does not have sufficient funds to pay these fees or the fees previously awarded is not reasonable and beneficial to the Estate.  There are no funds available to pay all of these fees and there are insufficient funds to pay the outstanding fee awards from prior fee applications.  No further fees should be allowed, and no further fee applications should be filed until additional assets are brought into the Estate.

### 9.      Stay Litigation

While the actions of the Debtor and his counsel in violation of the stay needed to be stopped, the Vagos are concerned of the amount of fees expended and the benefit to the Estate. With over $210,000 expended by PSZJ alone in this category at the rate of over $50,000 per month during the five month time period in the PSZJ Second Interim Application.  The Estate recovered less than 30% of these fees as an award of sanctions against the Debtor and his counsel. There is no dispute that the Trustee's professionals need to perform legal and financial services, but they need to be reasonable, and they need to provide a benefit to the Estate before an order can be entered allowing these fees.  It is premature to award these fees when there is absolutely no certainty that general unsecured creditors, victim of the Debtor's bad acts, will receive any

meaningful distribution from this Estate.

### C.    Objections to the Fees Sought by Trustee's Other Professionals

Trustee's other professionals incurred fees for services relating to accounting and litigation.  There is no discussion in the applications of these other professionals regarding the return of assets into the Estate as a result of these services.  General unsecured creditors, the victims of Debtor's bad acts, hold claims in excess of $56 million and have not received any distribution in this Case.  Yet, Trustee's professionals seek allowance of fees in excess of $7.7 million and the Estate currently has $850,000 on hand.  Again, Trustee's professionals should not be permitted to wipe out all assets in the Estate, leaving nothing for Debtor's victims.

## III.    CONCLUSION

For the reasons set forth above, the PSZJ Second Interim Application as well as the fee applications of the Trustee and the Trustee's other professionals should not be allowed at this time as requested when there is great uncertainty as to what distribution will be made to general unsecured creditors.  The Estate does not even have sufficient funds on hand to pay the fees and expenses which have already been allowed.  Therefore, the Vagos request that until a distribution to general unsecured creditors is made in this Case, no further fees should be allowed to the Trustee's professionals until the Court has a full and complete picture of the final outcome of the case and what distribution will be made to general unsecured creditors.

Respectfully submitted,

Dated:  September 9, 2025             **GOE FORSYTHE & HODGES LLP**

By: /s/Robert P. Goe
Robert P. Goe
Attorneys for Judgment Creditors Erica Vago
and Joseph Vago

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 17701 Cowan, Bldg. D., Suite 210, Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): **OMNIBUS OPPOSITION OF JUDGMENT CREDITORS ERICA AND JOSEPH VAGO TO THE INTERIM FEE APPLICATIONS OF:**
**(1)      BRADLEY D. SHARP, CHAPTER 11 TRUSTEE [DOCKET NO. 1215];**
**(2)      PACHULSKI STANG ZIEHL & JONES LLP [DOCKET NO. 1216];**
**(3)      DEVELOPMENT SPECIALISTS, INC. [DOCKET NO. 1217];**
**(4)      GOLDFARB GROSS SELIGMAN & CO. [DOCKET NO. 1218];**
**(5)      KIECKHAFER SCHIFFER LLP [DOCKET NO. 1219]; AND**
**(6)      ERIC EVERETT HAWES [DOCKET NO. 1220]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 9, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒      Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) September 9, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐      Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 9, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Sandra R. Klein, USBC, 255 E. Temple Street, Suite 1582, Los Angeles, CA 90012

☐      Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 9, 2025 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Mailing Information for Case 2:23-bk-10990-SK**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Simon Aron**    saron@wrslawyers.com, moster@wrslawyers.com;jlee@wrslawyers.com
- **Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Ron Bender**    rb@lnbyg.com
- **Michael Jay Berger**    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Greg P Campbell**    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Baruch C Cohen**    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Theron S Covey**    AttorneyTCovey@gmail.com
- **Daniel A Crawford**    dac@crawfordlawgroup.com
- **Michael G D'Alba**    mgd@lnbyg.com
- **Jeffrey W Dulberg**    jdulberg@pszjlaw.com
- **Craig A Edelman**    notice@bkcylaw.com
- **Dane W Exnowski**    dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Todd S. Garan**    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Robert P Goe**    rgoe@goeforlaw.com, kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Michael I. Gottfried**    mgottfried@elkinskalt.com, lwageman@elkinskalt.com,docketing@elkinskalt.com,lmasse@elkinskalt.com
- **M. Jonathan Hayes**    jhayes@rhmfirm.com
- **Brandon J. Iskander**    biskander@goeforlaw.com, kmurphy@goeforlaw.com;jfountain@goeforlaw.com
- **Michael S Kogan**    mkogan@koganlawfirm.com
- **Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **John W Lucas**    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Armen Manasserian**    armen@ml-apc.com, jennifer@ml-apc.com,maria@ml-apc.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Kirsten Martinez**    Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Steven M Mayer**    smayer@mayerlawla.com
- **Christopher M McDermott**    ch11ecf@aldridgepite.com, CMM@ecf.inforuptcy.com;cmcdermott@aldridgepite.com
- **Krikor J Meshefejian**    kjm@lnbyg.com
- **Jeffrey P Nolan**    jnolan@pszjlaw.com
- **Eric J Olson**    eric@ejolsonlaw.com
- **Lisa Patel**    lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com;lpatel@ecf.courtdrive.com
- **Jeffrey N Pomerantz**    jpomerantz@pszjlaw.com
- **Brian A Procel**    brian@procel-law.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- **Matthew D. Resnik**    matt@rhmfirm.com, roksana@rhmfirm.com;russ@rhmfirm.com;sloan@rhmfirm.com;susie@rhmfirm.com;priscila@rhmfirm.com;rebeca@rhmfirm.com;rosario@rhmfirm.com;gabriela@rhmfirm.com;david

11

@rhmfirm.com
- **Kevin Ronk      Kevin@portilloronk.com, eService@cym.law,karen@cym.law,jodie@cym.law**
- **Joshua L Scheer      jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com**
- **Bradley D. Sharp (TR)      bsharp@dsi.biz**
- **Richard P Steelman      RPS@LNBYG.COM**
- **Nikko Salvatore Stevens      nikko@cym.law, eService@cym.law,karen@cym.law**
- **Alan G Tippie      Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise. walker@gmlaw.com**
- **Gary Tokumori      gtokumori@pmcos.com**
- **United States Trustee (LA)      ustpregion16.la.ecf@usdoj.gov**
- **Michael L Wachtell      mwachtell@buchalter.com, marias@buchalter.com;docket@buchalter.com**
- **John P. Ward      jward@attleseyward.com, ephuong@attleseyward.com**
- **Brett J. Wasserman      wasserman@smcounsel.com**
- **Alex M Weingarten      aweingarten@willkie.com, lcarter@willkie.com**
- **Beth Ann R. Young      bry@lnbyg.com, bry@lnbyb.com**
- **Clarisse Young      youngshumaker@smcounsel.com, levern@smcounsel.com**
- **Paul P Young      paul@cym.law, eService@cym.law,karen@cym.law**
- **Roye Zur      rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lm asse@elkinskalt.com**