Jeffrey W. Dulberg (CA State Bar No. 181200)
John W. Lucas (CA State Bar No. 271038)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:  jdulberg@pszjlaw.com
   jlucas@pszjlaw.com

Counsel to Bradley D. Sharp, Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>     Debtor. | Case No. 2:23-bk-10990-NB<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION OF CHAPTER 11 TRUSTEE FOR ORDER APPROVING SETTLEMENT BETWEEN THE TRUSTEE AND DAVID BERGER PURSUANT TO BANKRUPTCY RULE 9019; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRADLEY D. SHARP IN SUPPORT THEREOF**<br><br>Date: October 21, 2025<br>Time: 2:00 p.m.<br>Place: Courtroom 1545<br>    255 E. Temple Street<br>    Los Angeles, CA 90012 |

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, DAVID BERGER AND HIS ATTORNEY OF RECORD, THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:**

   **PLEASE TAKE NOTICE** that Bradley D. Sharp, in his capacity as chapter 11 trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of Leslie Klein, the debtor herein (the "**Debtor**") hereby moves (the "**Motion**") the Court for entry of an order pursuant Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") to approve the settlement ("**Settlement**") by and between the Trustee, on behalf of the Estate, on the one hand, and David Berger

LA:4922-1184-2649.3 78512.001

("**Claimant**"), on the other hand (and together with the Trustee,  the "**Parties**"), regarding Proof of Claim 35-1 ("**Claim 35-1**") and Proof of Claim 35-2 ("**Claim 35-2**").

The terms of the Settlement are more fully set forth in the Settlement Agreement (the "**Settlement Agreement**") annexed to the Declaration of Bradley D. Sharp (the "**Sharp Declaration**") as **Exhibit "A"**.  The principal terms include: (1) Claim 35-2, filed in the face amount of over $12 million, will be reduced and allowed as a general unsecured claim in the amount of $400,000.00; while Claim 35-1 will be expunged as having been amended and superseded by Claim 35-2 and the terms of the Settlement Agreement; and (2) Claimant agrees that he does not have a direct interest in or claim to the proceeds of the life insurance policies of Andrew Gardner and Yvette Gardner, or any other life insurance policy that is owned, controlled, or held by Life Capital Group, LLC.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion has been scheduled for **October __, 2025,** at **2:00 p.m. Pacific Time**, or as soon thereafter as counsel may be heard before the Honorable Neil W. Bason, United States Bankruptcy Judge, in Courtroom 1545, 255 East Temple Street, Los Angeles, California 90012.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and Declaration of Bradley D. Sharp annexed thereto, the record in this chapter 11 case, as well as any other documentary evidence as may be presented to this Court at or before the hearing.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), if you wish to oppose the Motion, you must file a written response with the Court and serve a copy of it upon the undersigned counsel no later than fourteen (14) days prior to the hearing on the Motion.  The failure to properly file and serve an opposition may be deemed consent to the relief requested in the Motion or a waiver of any right to oppose the Motion.

LA:4922-1184-2649.3 78512.001                               2

**WHEREFORE,** the Trustee respectfully requests that this Court enter an order (a) granting the Motion; (b) approving the terms of the Settlement as set forth in the Settlement Agreement and the Trustee's execution thereof; and (c) granting the Trustee such other and further relief as the Court deems just and proper.

Dated:    September 25, 2025                 PACHULSKI STANG ZIEHL & JONES LLP

                                            _/s/ John W. Lucas_____
                                            John W. Lucas

                                            Counsel to Bradley D. Sharp, Chapter 11 Trustee

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.      BACKGROUND

### A.      <u>The Administration Of The Bankruptcy Case</u>

On February 22, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of United States Code.

On May 23, 2023, in response to certain motions to dismiss the case, the Court entered an order directing the United States Trustee (the "**UST**") to appoint a chapter 11 trustee [Docket No. 142].  On that same day, the UST filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 151], appointing Bradley D. Sharp to serve as chapter 11 Trustee (the "**Trustee**"). On May 23, 2023, the UST Filed an *Application for Order Approving Appointment of Trustee and Fixing Bond* [Docket No. 154], approved by order entered the same day [Docket No. 155].  On that same day, the Trustee accepted his appointment [Docket No. 156].

### B.      <u>Circumstances Leading to Settlement</u>

In accordance with his statutory duties under the Bankruptcy Code, the Trustee and his professionals are reviewing all proofs of claim filed against the estate to determine whether they are appropriate in amount and classification.  As part of that review, the Trustee and his professionals reviewed Claim 35-1 and Claim 35-2 and determined the claims were objectionable.  Instead of filing a formal objection to the claims, the Trustee contacted claimant's counsel to discuss the Trustee's concerns with Claim 35-1 and Claim 35-2 and a potential resolution.  The Settlement Agreement reflects the outcome of the Parties' successful negotiations.

## II.      SUMMARY OF THE SETTLEMENT

The Parties have negotiated all claims between them and a full and complete settlement has been achieved with the following principal terms:[1]

- Allowance of Claim 35-2 Only. On or before the occurrence of the effective date of the Settlement Agreement, Claim 35-2 shall be modified and Claimant shall have an allowed general unsecured claim in the amount of $400,000.00.  Claim 35-1 shall be expunged as having been amended and superseded by Claim 35-2 and the terms of the Settlement Agreement.

---

[1] The terms described are referenced herein as the "**Settlement**." A true and correct copy of the settlement agreement (the "**Settlement Agreement**") is annexed to the Sharp Declaration as **Exhibit "A"**.

- Source of Payments. Claimant hereby agrees that he does not have a direct interest in or claim to the proceeds of the life insurance policies of Andrew Gardner and Yvette Gardner, or any other life insurance policy that is owned, controlled, or held by Life Capital Group, LLC.

- The Settlement does not diminish, alter, impair, or in any way affect Berger's existing judgment [Adv. Pro. Docket No. 66] in the amount of $7,401,369.86 entered in Adv. Case No. 23-01169, which remains fully intact, enforceable, and wholly independent of this Settlement; provided, however, Berger shall not enforce the judgment against property of the Debtor's bankruptcy estate, which includes all pre and postpetition property of the Debtor's estate as provided by 11 U.S.C. §§ 541 and 1115.

The foregoing is a summary and creditors and other interested parties are encouraged to review the Settlement Agreement in its entirety for the complete terms of the Settlement.

## III.    RELIEF REQUESTED

By this Motion, the Trustee is seeking, pursuant Rule 9019 of the Federal Rules of Bankruptcy Procedure, an order (a) granting the Motion; (b) approving the Settlement and his entry into the Settlement Agreement; and (c) granting the Trustee such other and further relief as the Court deems just and proper. A proposed form of order is annexed to the Sharp Declaration **Exhibit "B"**.

## IV.    THE SETTLEMENT SHOULD BE APPROVED.

### A.    Standard of Review for Approval of a Compromise.

Bankruptcy Rule 9019(a) sets forth the requirements for the settlement or compromise of controversies after notice to all creditors and a hearing upon each such proposed compromise. Bankruptcy courts favor compromise. *See In re Sassalos*, 160 B.R. 646, 653 (D. Or. 1993) (stating that "compromises are favored in bankruptcy, and the decision of the bankruptcy judge to approve or disapprove a compromise … rests in the sound discretion of the bankruptcy judge."). In reviewing a settlement, bankruptcy courts must determine whether the settlement is "fair and equitable" based on an "educated estimate of the complexity, expense, and likely duration of . . . litigation, the possible difficulties of collecting on any judgment which might be obtained and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Protective Committee v. Anderson*, 390 U.S. 414, 424 (1968). When deciding whether to approve a settlement, the bankruptcy court must determine if the settlement is reasonable under the circumstances of the case, fair and equitable, and in the best interest of the estate. *See Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1381 (9th Cir. 1986). Courts generally should "give[ ] deference to a trustee's

business judgment in deciding whether to settle a matter" for the benefit of the estate." (citations omitted). *In re Douglas J. Roger, M.D., Inc., APC, ("Roger"),* 393 F. Supp. 3d 940, 961 (C.D. Cal. 2019). Under the circumstances of this case, the Settlement as set forth in the Settlement Agreement between the Parties meets this standard.

The United States Court of Appeals for the Ninth Circuit has indicated that in determining the fairness, reasonableness, and adequacy of a proposed settlement agreement, a court should consider the following factors:  (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it; and (4) the paramount interest of the creditors and the proper deference to their reasonable views in the premises. *See Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988) (quoting *A & C Props.*, 784 F.2d at 1380). It is not necessary that all of the conclusions reached in the consideration of each of the foregoing factors support the settlement, but taken as a whole, those conclusions must favor the approval of the settlement. *See In re Pacific Gas & Elec. Co*, 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004) (citing *In re WCI Cable, Inc.*, 282 B.R. 457, 473-74 (Bankr. D. Or. 2002)). "Ultimately, the court must determine whether the individual settlement sought to be approved under Bankruptcy Rule 9019(a) falls within the lowest range of reasonableness." *In re TCI2 Holdings, LLC*, 428 B.R. 117, 136 (Bankr. D.N.J. 2010).

As set forth below, the Settlement represents a fair and adequate settlement that should be approved by this Court.

**B.      The Settlement Agreement Satisfies The Rule 9019(a) Standard.**

As discussed below, consideration of the foregoing factors supports Court approval of the proposed Settlement.

**1.      Probability of Success.**

While the Trustee believes that his probability of success is high in this matter, he cannot guarantee that he will prevail on appeal or in any trial on the merits. Here, the key claim, Claim 35-2 was filed in the amount of $12,010,958.83. Of that amount, $5,000,000 was on account an asserted

LA:4922-1184-2649.3 78512.001

50% interest in the "Gardner Policies," which had a face value of $10,000,000, and interest on such claim in the amount of $7,010,958.83.

It is the Trustee's view that the life insurance policy purchase agreement (the "**LIPPA**") (*i.e.*, the agreement that governed the purchase of the Gardner Policies from the Gardners) did not reflect that Berger was entitled to an specific share of the proceeds from the Gardner Policies. In addition, there is no document or agreement reflecting that Berger was entitled to interest on his entitlement of the proceeds of the Gardner Policies. However, the LIPPA does reflect that Berger paid $400,000 for the Gardner Policies, which amount the Trustee believes the Berger's claim should be allowed.

In the end, the Settlement will reduce Claim 35-2 by over 96% which means that the Trustee will have achieved an outcome that matches any expectation he could have at trial.

### 2.    Difficulties With Collection

As this settlement involves administering a proof of claim and no payment to the estate is anticipated or required, this factor is not pertinent to the approval of the Settlement Agreement.

### 3.    The Complexity of the Litigation.

As the Court is aware, due to the nature of this case, the Trustee has limited records available to him to defend against claims.  Plus, the records the Trustee has obtained from the Debtor are not always reliable. Accordingly, the Settlement Agreement eliminates the complexities involved in reconstructing the Debtor's sometimes incomplete or inaccurate financial records.

### 4.    Interests of Creditors.

The bankruptcy case has been pending for over two years with the Trustee conducting numerous investigations. There are many substantial claims against the Estate, some holders of which have been litigating with the Debtor for more than a decade. The proposed Settlement is clearly in the best interests of creditors. The Settlement Agreement eliminates Claim 35-1 and reduces Claim 35-2 by over 96% – from the face amount of more than $12 million to an allowed amount of $400,000;

Under the circumstances of this case, the Settlement is fair, reasonable and in the best interests of creditors.

LA:4922-1184-2649.3 78512.001                                        7

**WHEREFORE,** the Trustee respectfully requests that this Court enter an order (a) granting the Motion; (b) approving the Settlement and his entry into the Settlement Agreement; and (c) granting the Trustee such other and further relief as the Court deems just and proper.

Dated:    September 25 , 2025           PACHULSKI STANG ZIEHL & JONES LLP

                                        _/s/ John W. Lucas_
                                           John W. Lucas

                                        Counsel to Bradley D. Sharp, Chapter 11 Trustee

## DECLARATION OF BRADLEY D. SHARP

I, Bradley D. Sharp, declare as follows:

1.      I am the duly appointed, authorized and acting chapter 11 trustee of the estate (the "**Estate**") of Leslie Klein, the debtor herein (the "**Debtor**").

2.      I make this Declaration in support of the *Motion for Order Approving Settlement Between The Trustee and David Berger* (the "**Motion**")[1] to which this Declaration is annexed.  All matters set forth herein are based on either my personal knowledge, my review of relevant documents and information, including, without limitation, documents and information supplied to me by my professionals, and the record in this case for which judicial notice is sought.  All capitalized terms herein which are otherwise not defined herein shall have the same meaning ascribed to them in the Motion.  If called upon to testify, I could and would testify competently to the facts set forth herein.  A true and correct copy of the Settlement Agreement is attached to this Declaration as **Exhibit A**.

3.      On February 22, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of United States Code.

4.      On May 23, 2023, in response to certain motions to dismiss the case, the Court entered an order directing the UST to appoint a chapter 11 trustee [Docket No. 142].  On that same day, the UST filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 151], appointing me to serve as chapter 11 Trustee. On May 23, 2023, the UST Filed an *Application for Order Approving Appointment of Trustee and Fixing Bond* [Docket No. 154], approved by order entered the same day [Docket No. 155].  On that same day, I accepted this appointment [Docket No. 156].

---

[1] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Motion.

5.    On June 5, 2023, Claimant filed Claim 35-1 against the Debtor's estate.  Claim 35-1 was filed on account of a certain Life Insurance Policy Purchase Agreement, dated February 17, 2009 (the "**LIPPA**"), wherein Claimant and the Debtor (through BK Life Settlement LLC) purchased the life insurance policies of Andrew Gardner and Yvette Gardner (the "**Gardner Policies**"), each having a value of $5,000,000.00 upon the death of the respective insured parties. Claimant paid the Debtor $400,000.00 for an asserted 50% share of the policy proceeds arising from the LIPPA and the Gardner Policies.  Claim 35-1 provides that Claimant is owed $5,000,000.00 plus accrued interest in the amount of $2,143,835.62, for a total claim of $7,143,835.62.

6.    On December 19, 2023, Claimant amended Claim 35-1 by filing Claim 35-2 on account of the LIPPA and the Gardner Policies but amended and superseded Claim 35-1 by providing that Claimant is owed $5,000,000.00 for his share of the Gardner Policy proceeds and $7,010,958.83 in interest for a total claim of $12,010,958.83.

7.    The Parties have negotiated all claims between them and a full and complete settlement has been achieved with the following principal terms:

• Claim 35-2 will be modified and Berger will have an allowed general unsecured claim in the amount of $400,000.00.  Claim 35-1 will be expunged as having been amended and superseded by Claim 35-2 and the terms of the Settlement Agreement; and (2) Claimant agrees that he does not have a direct interest in or claim to the proceeds of the Gardner Policies, or any other life insurance policy that is owned, controlled, or held by Life Capital Group, LLC.

8.    The proposed Settlement achieves all of my goals with respect to the questions regarding Berger's entitlement to an asserted 50% share of the proceeds from the Gardner Policies and the accrual of interest that does not have any support under the LIPPA or any other document provided by Berger.

9.    In absence of this settlement, I believe that the estate would have to incur legal fees and other expenses to successful oppose Claim 35-2 and there is no guarantee that I would prevail. In my view, the settlement reached here reduces Berger's claim by more than 96%, which inures to the benefit of all creditors by increasing the pro rata distribution to all claims that are ultimately allowed.

10.    The proposed Settlement is clearly in the best interests of creditors.  The Case has been pending for nearly two years with numerous investigations having been conducted by me and my professionals employed in this Case. There are many substantial claims against the Estate, some holders of which have been litigating with the Debtor for more than a decade.  The proposed Settlement will provide the Estate with certainly regarding Claim 35-2 (at a substantially reduced rate) and a creditor who I believe will ultimately support the administration of the case through a plan of liquidation. A proposed order to the Motion is attached to this Declaration as **Exhibit B**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of September, 2025 at Chicago, Illinois.

_____
Bradley D. Sharp

# EXHIBIT A

**(Settlement Agreement)**

LA:4922-1184-2649.3 78512.001

### *SETTLEMENT AGREEMENT*

This *Settlement Agreement* ("**Agreement**") is made and entered into by and between Bradley D. Sharp, solely in his capacity as the duly appointed, authorized, and acting chapter 11 trustee (the "**Trustee**") of the bankruptcy estate of Leslie Klein (the "**Debtor**") and David Berger ("**Berger**"), with reference to the following facts and recitals. The Trustee and Berger are referred to collectively hereinafter as the "**Parties**," and individually as a "**Party**."

### *R E C I T A L S*

WHEREAS, the Debtor commenced a voluntary chapter 11 case on February 22, 2023, Case No.: 2:23-bk-10990-SK, in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "**Court**").

WHEREAS, on June 5, 2023, Berger filed proof of claim number 35-1 ("**Claim 35-1**") against the Debtor's estate. Claim 35-1 was filed on account of a certain Life Insurance Policy Purchase Agreement, dated February 17, 2009 (the "**LIPPA**"), wherein Berger and the Debtor (through BK Life Settlements LLC) purchased the life insurance policies of Andrew Gardner and Yvette Gardner (the "**Gardner Policies**"), each having a value of $5,000,000 upon the death of the respective insured parties. Berger paid the Debtor $400,000 for a 50% share of the policy proceeds arising from the LIPPA and the Gardner Policies. Claim 35-1 provides that Berger is owed $5,000,000 plus accrued interest in the amount of $2,143,835.62, for a total claim of $7,143,835.62.

WHEREAS, on June 9, 2023, Berger commenced an adversary proceeding for Non-Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. § 523(a)(4), and 11 U.S.C. § 523(a)(6); and for Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(2)(A); 11 U.S.C. § 727(a)(2)(B); 11 U.S.C. § 727(a)(3); 11 U.S.C. § 727(a)(4); 11 U.S.C. § 727(a)(5), Adv. Case No. 23-01169 (the "**Adversary Proceeding**").

WHEREAS, on December 19, 2023, Berger amended and superseded Claim 35-1 by filing Claim 35-2 ("**Claim 35-2**"), which on account of the LIPPA and the Gardner Policies asserted that Berger is owed $5,000,000 for his share of the Gardner Policy proceeds and $7,010,958.83 in accrued interest for a total claim of $12,010,958.83.

WHEREAS, on February 22, 2024, in the Adversary Proceeding, Berger obtained a non-dischargeable judgment against the Debtor, pursuant to 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. § 523(a)(4), and 11 U.S.C. § 523(a)(6) in the amount of $7,401,369.86 [Adv. Pro. Docket No. 66] (the "**Judgment**").

WHEREAS, the Trustee has reviewed Claim 35-1 and Claim 35-2 and sought and obtained informal discovery from Berger on account of these proofs of claim.

4922-0302-0889.5 78512.001

WHEREAS, following the Trustee's review of Claim 35-1, Claim 35-2 and the information Berger subsequently provided to the Trustee, the Parties have reached a settlement regarding the allowance of Claim 35-1 and Claim 35-2.

In consideration of the mutual covenants, conditions and provisions set forth below, and each Party intending to be legally bound, the Parties agree as follows:

*A G R E E M E N T*

## 1.   EFFECTIVENESS OF AGREEMENT

This Agreement shall become effective on the later of the date (the "**Effective Date**") that (a) the Parties have fully executed this Agreement (the "**Execution Date**") and (b) the date that an order entered by the Court approving the Agreement has become a final order because it is not subject to a pending appeal and the applicable deadline in Federal Rule of Bankruptcy Procedure 8002 expired without any timely appeal having been filed.

## 2.   GLOBAL SETTLEMENT

(a)   Allowance of Claim 35-2 Only.   Upon the Effective Date, Claim 35-2 shall be modified and Berger shall have an allowed general unsecured claim in the amount of **$400,000.00** (the "**General Unsecured Claim**"). Claim 35-1 shall be expunged as having been amended and superseded by Claim 35-2 and the terms of this Agreement.

(b)   Source of Payments.   Berger hereby agrees that he does not have a direct interest in or claim to the proceeds of the Gardner Policies or any other life insurance policy that is owned, controlled, or held by the Debtor's estate or Life Capital Group, LLC.

(c)   Court Approval. Promptly after the Execution Date, the Trustee shall seek the Court's approval of this Agreement pursuant to Bankruptcy Rule 9019.

## 3.   LIMITATIONS REGARDING ENFORCEMENT OF THE JUDGMENT

The Settlement referenced herein resolves only Berger's Claim No. 35-2. It does not diminish, alter, impair, or in any way affect Berger's existing Judgment in the amount of $7,401,369.86, which remains fully intact, enforceable, and wholly independent of this Settlement; provided, however, Berger shall not enforce the Judgment against property of the Debtor's bankruptcy estate, which includes all pre and postpetition property of the Debtor's estate as provided by 11 U.S.C. §§ 541 and 1115.

## 4.   REPRESENTATIONS

Berger hereby represents that he is not party to any other agreements with the Debtor, any company owned or controlled by the Debtor, or any trust owned by the Debtor or administered by the Debtor as trustee, nor has Berger made any agreements with the

2

4922-0302-0889.5 78512.001

Debtor, any company owned or controlled by the Debtor, or any trust owned by the Debtor or administered by the Debtor as trustee, regarding Berger's Claim 35-2, Claim 35-1, or any other claim against the Debtor's estate or any company or trust owned or controlled by the Debtor.

**5.    MUTUAL GENERAL RELEASE**

<u>Mutual Release</u>.  As of the Effective Date, except as otherwise set forth herein with respect to modified Claim 35-2, Berger, on the one hand, and Trustee, on behalf of the Debtor's estate, on the other hand, mutually release each other and each of their respective predecessors, successors, corporate parents, subsidiaries, affiliates, present or former trustees, directors, officers, attorneys, agents and employees (excluding in all cases the Debtor to the extent it could apply) from any and all claims, suits, damages, liabilities, costs, losses, interest, or expenses of any kind or nature whatsoever, which have arisen or could arise on or before the Effective Date except as otherwise set forth in this Agreement. Each Party hereby waives and releases any and all rights under Section 1542 of the California Civil Code, which provides as follows:  "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or releasing party."

**6.    GENERAL**

(a)    <u>Executed In Counterparts</u>.  This Agreement may be executed in counterparts and copies may be used instead of originals and delivered with electronic mail (including in PDF format) with the same force and effect as originals.  The executed counterparts shall be construed as and constitute one document.

(b)    <u>Integration Clause; Modifications In Writing</u>.  This Agreement is the final and entire agreement of the Parties regarding the subject matter herein, and supersedes all previous oral and written understandings, negotiations, term sheets, and agreements on the subject matter herein.  This Agreement may only be modified by a written amendment signed by an authorized signatory of all Parties.

(c)    <u>Agreement Ineffective If Not Approved In Whole</u>.  This effectiveness of this Agreement is conditioned upon the Court approving it in its entirety and all terms required thereby, including, but not limited to, the lift stay provisions.  In the event this Agreement is not approved in its entirety, the Agreement and each of its terms shall be deemed void and of no legal force or effect.

4922-0302-0889.5 78512.001

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the Execution
Date.

**Chapter 11 Trustee**

Digitally signed by David H
Berger
DN: cn=David H Berger, o=., ou=.,
email=dhb366@aol.com, c=US
Date: 2025.09.08 09:54:01 -07'00'

_____
Authorized Signature

_____
David Berger

Bradley D. Sharp, Chapter 11 Trustee


   9/16/2025
_____
Date

   09/08/2025
_____
Date

4

4922-0302-0889.5 78512.001

# EXHIBIT B

### (Proposed Order)

LA:4922-1184-2649.3 78512.001

Jeffrey W. Dulberg (CA State Bar No. 181200)
John W. Lucas (CA State Bar No. 271038)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:  jdulberg@pszjlaw.com
           jlucas@pszjlaw.com

Counsel to Bradley D. Sharp, Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>                 Debtor. | Case No. 2:23-bk-10990-NB<br><br>Chapter 11<br><br>**ORDER GRANTING MOTION OF CHAPTER 11 TRUSTEE FOR ORDER APPROVING SETTLEMENT BETWEEN THE TRUSTEE AND DAVID BERGER PURSUANT TO BANKRUPTCY RULE 9019**<br><br>Date:     October 21, 2025<br>Time:    2:00 p.m.<br>Place:   Courtroom 1545<br>            255 E. Temple Street<br>           Los Angeles, CA 90012 |

The Court has considered the *Motion of Chapter 11 Trustee for Order Approving Settlement Between the Trustee and David Berger Pursuant to Bankruptcy Rule 9019* (the "**Motion**")[1] [Docket No. _____], filed by Bradley D. Sharp, in his capacity as Chapter 11 Trustee (the "**Trustee**") of the bankruptcy estate of Leslie Klein, and the Declaration of Bradley D. Sharp (the "**Sharp Declaration**"), filed in support of the Motion, pursuant to which the Trustee sought approval of a settlement agreement, dated Septmeber __, 2025 (the "**Settlement Agreement**") by and between the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

LA:4922-1184-2649.3 78512.001

Trustee, on behalf of the Estate, and claimant, David Berger. The terms of the settlement (the "**Settlement**") are specifically set forth in the Settlement Agreement, a copy of which is attached to the Sharp Declaration. Based upon the Court's review of the Motion, the Sharp Declaration, and the Settlement, the Court finds that (1) the relief requested in the Motion is reasonable, appropriate, and in the best interests of the Parties; and (2) notice of the Motion was adequate and appropriate under the circumstances and no further notice be given, therefore

**IT IS HEREBY ORDERED** :

1.    The Motion is granted and the Settlement and the Settlement Agreement are approved in their entireties.

2.    The Trustee is authorized to enter into and take any and all actions reasonably necessary to effectuate the Settlement Agreement.

# # #

LA:4922-1184-2649.3 78512.001                              2