| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jeffrey W. Dulberg (CA Bar No. 181200)<br>John W. Lucas (CA Bar No. 271038)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, California  90067<br>Telephone: 310/277-6910<br>Facsimile:  310/201-0760<br>E-mail:  jdulberg@pszjlaw.com<br>         jlucas@pszjlaw.com<br><br>☐  Individual *appearing without an attorney*<br>☒  *Attorney for* Bradley D. Sharp, Chapter 11 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>　　　LESLIE KLEIN,<br><br>　　　　　　　　　Debtor(s) | CASE NO.:  2:23-bk-10990-SK<br><br>CHAPTER: 11<br><br>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** (*title of motion*[1])<br>Second Application of Pachulski Stang Ziehl & Jones LLP for Interim Approval of Compensation and Reimbursement of Expenses as General Bankruptcy Counsel to Chapter 11 Trustee |
|---|---|

PLEASE TAKE NOTE that the order titled **ORDER APPROVING SECOND APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR INTERIM APPROVAL OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS GENERAL BANKRUPTCY COUNSEL TO THE CHAPTER 11 TRUSTEE** was lodged on (*date*) October 7, 2025 and is attached. This order relates to the Application which is docket number 1216.

---

[1] Please abbreviate if title cannot fit into text field.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:  jdulberg@pszjlaw.com
           jlucas@pszjlaw.com

Counsel to Bradley D. Sharp, Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>                          Debtor. | Case No.: 2:23-bk-10990-NB<br><br>Chapter 11<br><br>**ORDER APPROVING SECOND APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR INTERIM APPROVAL OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS GENERAL BANKRUPTCY COUNSEL TO THE CHAPTER 11 TRUSTEE**<br><br>[Relates to Dockets Nos. 1216, 1222, 1225, 1236 and 1237]<br><br>**DATE:**   October 7, 2025<br>**TIME:**    2:00 p.m.<br>**PLACE:** 255 East Temple Street,<br>              Los Angeles, California<br>**CTRM**: 1545 |

The Court, having considered the *Second Application of Pachulski Stang Ziehl & Jones LLP for Interim Approval of Compensation and Reimbursement of Expenses as General Bankruptcy Counsel to the Chapter 11 Trustee* (the "***Interim Application***")[1] [Docket No. 1216] and the declaration of Bradley D. Sharp filed in support thereof [Docket No. 1222], the opposition filed by judgment creditors, Erica and Joseph Vago (the "***Opposition***") [Docket No. 1225], the reply filed by

---

[1] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Interim Application.

LA:4929-5165-8352.2 78512.001

the Trustee [Docket No. 1236], and the reply filed by Gestetner Charitable Remainder Unitrust and A. Gestetner Family [Docket No. 1237], and for the reasons stated in the Court's tentative ruling, attached hereto as Exhibit "1" (the "*Tentative Ruling*"):

**IT IS HEREBY ORDERED:**

1.      The Opposition is overruled in part, and sustained in part, as set forth in the Tentative Ruling.

2.      The Interim Application is approved on an interim basis in the amount of $1,327,479.12, consisting of $1,313,167.95[2] in fees incurred and $14,311.17 in expenses advanced.

3.      Payment of approved fees is prohibited pending further order of the Court.

4.      The Trustee is authorized to and shall reimburse the Firm one hundred percent (100%) of its approved expenses, as funds permit.

###

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

[2] Fees requested in the Interim Application totaled $1,459,075.70. The approved amount of $1,313,167.95 represents a 10% fee reduction pursuant to the Tentative Ruling. This 10% reduction is in addition to the Firm's Court-approved employment terms, which provides a temporary "cap" on its fees at 75% of the customary hourly amount (the "*Temporary Cap*") subject to a catch-up payment of fees equal to 10% of the distributions made to general unsecured creditors, which shall not exceed twice the aggregate of the discounted amount associated with the Temporary Cap [Docket Nos. 177 and 330].

# EXHIBIT 1

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, October 7, 2025**                                          **Hearing Room    1545**

2:00 PM
**2:23-10990    Leslie Klein**                                            **Chapter 11**

**#3.00**    Cont'd hrg re: Second application of Pachulski Stang Ziehl & Jones LLP for
Interim approval of compensation and reimbursement of expenses as General
Bankruptcy Counsel to the Chapter 11 Trustee
fr. 09/23/25

Docket    1216

**Tentative Ruling:**

Appearances are not required.  The tentative ruling is (A) to sustain in part
and overrule in part the Vagos' objection to Pachulski Stang Ziehl & Jones
LLP's ("Trustee's Counsel") fees on an interim basis, without prejudice to
revisiting these issues in connection with any final allowance of such fees, but
also without "20/20 hindsight," (B) to approve the requested fees of Trustee's
Counsel, subject to a 10% fee reduction (in addition to the "Temporary Cap"
reduction approved in connection with Trustee's Counsel's employment, *see*
dkt. 1216, p. 2, n. 2), for allowance in the amount of $1,313,167.95
($1,459,075.70 - $145,907.57 (10%) = $1,313,167.95), and $14,311.17 in
expenses, for a total second interim award of **$1,327,479.12**, (C) to prohibit
payment of the approved fees until further order of the Court, and (D) to
authorize payment of the approved expenses as funds allow, all for the
reasons set forth below.  (If you wish to contest the tentative ruling, see the
Posted Procedures of Judge Bason, available at www.cacb.uscourts.gov,
then search for "tentative rulings.")

Proposed order(s): Unless otherwise ordered, Applicant is directed to
lodge proposed order(s) on the matter(s) addressed here via LOU
within 7 days after the hearing date (per LBR 9021-1(b)(1)(B)) and
attach a copy of this tentative ruling, thereby incorporating it as this
Court's actual ruling.

If you are making an appearance, you may do so (1) in person in the
courtroom, unless the Court has been closed (check the Court's website for
public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone.  For
ZoomGov instructions for all matters on calendar, please see page 1 of the
posted Tentative Rulings.

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, October 7, 2025**                                                                      **Hearing Room    1545**

2:00 PM
**CONT...      Leslie Klein**                                                                                **Chapter 11**

Key documents reviewed (in addition to motion papers): Trustee declaration (dkt. 1222), Opposition of Erica and Joseph Vago (dkt. 1225, "Opposition"), Notice of hearing (dkt. 1226), Reply (dkt. 1236), Gestetner Response (dkt. 1237)

Analysis:
     This Court is keenly aware of, and troubled by, the likelihood that there might be only a small distribution to creditors and the sensitivity to high administrative fees and expenses.  This Court also recognizes that it has only a limited window into any counsel's strategy and tactics in the middle of litigation, especially when requiring more detail might reveal that strategy and tactics to opposing parties, which makes it difficult to gauge the prudency of Trustee's Counsel's billing judgment at this stage.
     In an attempt to balance these things, and based on the record presently before this Court, the tentative ruling is to allow the requested fees, but with a 10% reduction and with no actual payment until further order of this Court, which will depend in part on the actual and projected distributions to creditors, and additional information to better assess the factors under 11 U.S.C. 330(a)(3)(C) & (D) (billing judgment), all as explained below.

(1) Issues of concern to this Court
     The Vagos have not cited any specific time entries that they find objectionable.  Their arguments that advocate for (x) a retrospective review of Trustee's Counsel's services, and/or (y) measuring the appropriateness of any fee award against actual recoveries remain unpersuasive.  But this Court again acknowledges that Trustee's Counsel's billing rates are unusually high for the typical chapter 11 cases filed in this district and the *quid pro quo* for billing at a high hourly rate is that creditors and this Court expect superior legal skills (which are unquestioned), and (what is challenged by the Vagos) efficient services, high quality work product, and a superior likelihood of positive results.  With that in mind, this Court's independent review of Trustee's Counsel's billing records raises some specific concerns about those considerations, in addition to the more general concerns raised by the Vagos. For example:

    (a) Travel time

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, October 7, 2025**                                          **Hearing Room   1545**

<u>2:00 PM</u>
**CONT...        Leslie Klein**                                                                 **Chapter 11**

Trustee's Counsel seeks $6,412.50 in fees for nine hours (billed at ½ rate) of counsel's time spent traveling to and from San Francisco to Los Angeles to attend hearings before this Court in person on 4/8/25 (dkt. 1216, Ex. A, PDF p. 85) and another $2,137.50 in fees for three hours (billed at ½ rate) for appearing at a hearing on 5/6/25. *Id.,* PDF p. 123.  On the one hand, it can be very important, especially when there are significant dollars at stake and when a new judge has been assigned to a case, to appear in person – and, of course, appearing in person was standard practice until recently.  On the other hand, given the likelihood that administrative expenses will be proportionately high and distributions to creditors will be very low, this Court has concerns about whether repeated appearances in person are an appropriate use of billing judgment.

(b) <u>Billing paralegal time for work that arguably should have been performed by a well qualified legal secretary and internally billled to overhead</u>
The billing records contain entries performed by a paralegal that appear to be secretarial in nature, as with prior fee applications.  Examples are:

(i) dkt. 1216, Ex. A, PDF p. 122, 5/1/25 entry by BDD for "[r]eview today's tentative ruling re Motion to Stay Pending Appeal Motion to Stay Order Granting MSJ re June Street (.10) and email DSI team re same (.10)";

(ii) *id.,* PDF p. 140, 6/10/25 entry by BDD for "[r]eview logistics for 6/12 Zoom hearing (.10) and emails to J. Lucas, B. Anavim and M. Kulick re same (.10)";

(iii) *id.,* PDF p. 149, 6/2/25 entry by BDD for "[r]eview Judge Bason's tentatives throughout the day re 6/3 hearing (.60) and emails/texts to J. Dulberg re same (.20)";

(iv) *id.,* PDF p. 156, 6/9/25 entry by BDD for "[m]essage to court (.10) and emails J. Dulberg re entered fee orders (.10)";

(v) *id.*, PDF p. 183, 7/24/25 entry by BDD for "[r]eview entered order on K & S Klein settlement motion (.10) and email J. Dulberg re same (.10)";

(vi) *id.,* PDF p. 187, 7/29/25 entry by BDD for "[c]all with Sharon (Judge Bason's clerk) re upcoming status conferences (8/5 and 8/12) (.20) and emails J. Dulberg and J. Lucas re same (.10)."

True, without more information, this Court is not persuaded that it is

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, October 7, 2025**                                          **Hearing Room    1545**

<u>2:00 PM</u>
**CONT...        Leslie Klein**                                                   **Chapter 11**

appropriate to second guess Trustee's Counsel's delegation of any *specific* daily tasks between secretaries and paralegals, because it may be important to have the skills and background of a paralegal in performing certain tasks, particularly given the litigious nature of this case.  On the other hand, in *aggregate* the use of paralegals rather than legal secretaries appears to be excessive, which factors into the tentative ruling for a 10% reduction (along with the Vagos' objections and the other more specific issues raised in this tentative ruling).

        (c) <u>Substantial time on projects that do not appear, without explanation, to require such time</u>
        Trustee's Counsel expended more time performing certain services than appears to have been necessary, at least without the benefit of more information.  For example:
        (i) 6/27/25 entry by JWL for "[r]eview and revise letter to L. Klein re disposition of personal property located at June St. (1.20)" (dkt. 1216, Ex. A, PDF p. 138); and
        (ii) 6/30/25 entry by JWD for "[w]ork on letter to Debtor regarding personal property (1.50)") (*id.*).
        Conceptually, a letter advising a debtor to "come and pick up your personal property" does not inherently appear to be something that would take 2.7 hours.  That said, this Court takes judicial notice that tasks that sound simple can require careful consideration of a myriad of legal issues and thoughtful crafting of written communications and it may be difficult for counsel to explain more fully the services performed without showing their cards to opposing parties, at least in an interim fee application, when litigation is still pending.

        (2) <u>Countervailing considerations</u>
        Notwithstanding the foregoing concerns, and although Trustee's Counsel's hourly rates are high for this district, this Court has previously ruled that it is inappropriate to subject Trustee's Counsel's fees to a "20/20 hindsight" review.  In cases like this one, it is also important to acknowledge that a disappointing dividend to creditors might have been "baked in" from the start of the case.  While tragic, creditors' money has already been largely dissipated, and it is the unenviable task for bankruptcy professionals to attempt to salvage whatever can be salvaged, with no assurances of a

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, October 7, 2025**                                    **Hearing Room    1545**

2:00 PM
**CONT...        Leslie Klein**                                                    **Chapter 11**

likelihood of success or even of getting paid.

To use a hypothetical example (exaggerated for illustrative purposes), it would be unrealistic to presume that a trustee's counsel could turn a likely 1% dividend to creditors into a 50% dividend, and to suppose that results would have been better if only they had been more efficient or if their fees were subjected to "20/20 hindsight" review.  In fact, taking on a matter of this nature often exposes a law firm to a potential "catch 22."  The firm is expected to aggressively pursue potential recoveries and produce miraculous results, while simultaneously assuming all risk that litigation will not result in enough funds to appropriately compensate it for its work, especially if counsel is expected to cap its own compensation so as to generate a meaningful dividend for creditors.

This Court also takes judicial notice of the record in this case, which highlights that Debtor and his affiliates have been unusually litigious and uncooperative - far more than the vast majority of cases before this Court.  Although many of the arguments advanced by Debtor and his affiliates have been determined to be without merit and frequently frivolous, Trustee's Counsel had no choice but to litigate those disputes.

Given all the foregoing, and the limited window that any court has into the amount of work that is appropriate for a given issue based solely on daily timesheets and the parties' briefs, this Court has to rely to some extent on creditors, if they are concerned about particular items, to highlight specific items and provide evidence to support any suspicions of inefficiency, poor billing judgment, or other issues.  Requiring any objecting party to do these things also gives the counsel who are seeking any fees an opportunity to respond and provide a more detailed explanation.

Based on all of the foregoing, although this Court has noted some items of concern, and has tentatively determined that a 10% reduction is appropriate, this Court has also noted reasons why, on the present record, it does not appear to be appropriate to impose any more substantial reduction in fees.  If any creditor believes that there is good cause for this Court to rule otherwise, they would have needed to set forth in detail, with reference to specific time entries and/or other actual evidence, why greater cuts would be appropriate.

This Court recognizes that requiring such "due diligence" of any creditor would force that creditor into the dilemma of possibly throwing good money after bad when attempting to object to seemingly high fees.  But that

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, October 7, 2025**                                                    **Hearing Room    1545**

2:00 PM

**CONT...        Leslie Klein                                                              Chapter 11**

only proves the point that it is difficult, and frequently inappropriate, to second guess what skilled professionals have attempted to do with a difficult case.

(3) Frequency of fee applications

The tentative ruling is that this Court is not persuaded that it would be appropriate to prohibit Trustee's Counsel, or any other estate professional, from filing future fee applications.  This Court agrees with Trustee's Counsel that more frequent fee applications are actually beneficial because they allow creditors and this Court to remain informed about the fees and expenses being incurred by estate professionals and the work they are undertaking.

(4) Conclusion

For the foregoing reasons, the tentative ruling is to sustain in part and overrule in part the Vagos' objection on an interim basis, as set forth at the start of this tentative ruling.

| Party Information |
| --- |

**Debtor(s):**

Leslie  Klein                                    Pro Se

**Trustee(s):**

Bradley D. Sharp (TR)                    Represented By
                                                      Jeffrey W Dulberg
                                                      Jeffrey N Pomerantz
                                                      John W Lucas
                                                      Jeffrey P Nolan
                                                       Pachulski Stang Ziehl & Jones LLP

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

---

**Tuesday, October 7, 2025**                                          **Hearing Room        1545**

2:00 PM
**2:23-10990    Leslie Klein**                                                                    **Chapter 11**

> **#8.00**      Cont'd Status Conference re: Chapter 11 Case
>                    fr. 4/8/25, 4/22/25, 05/01/25, 5/6/25, 5/20/25, 6/3/25,
>                    6/17/25, 6/24/25, 07/15/25, 8/5/25, 8/12/25, 9/9/25,
>                    9/23/25

Docket       1

**Tentative Ruling:**

**Tentative Ruling for 10/7/25:**
Appearances required by counsel for Trustee for the status conference only.
Other parties in interest are welcome to appear for the status conference, but
are not required.  Appearances are excused for all other matters.

If you are making an appearance, you may do so (1) in person in the
courtroom, unless the Court has been closed (check the Court's website for
public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone.  For
ZoomGov instructions for all matters on calendar, please see page 1 of the
posted Tentative Rulings.

(1) Current issues
        (a) Deadline to file plan and disclosure statement
        Counsel for Trustee to appear and address (i) why the 9/15/25
deadline to file (but NOT SERVE on anyone except the U.S. Trustee) a plan
and disclosure statement was not met, and (ii) what new deadline this Court
should set for filing a plan and disclosure statement.  (Note: per the
"Procedures of Judge Bason," available at www.cacb.uscourts.gov, draft
plans and disclosure statements should not be served until this Court
authorizes such service, and other specific procedures apply.)

---

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, October 7, 2025**                                      **Hearing Room       1545**

2:00 PM
**CONT...        Leslie Klein**                                                        **Chapter 11**

(b) Stay violation motion (dkt. 1228), Application for hearing on shortened time (dkt. 1229), Order shortening time (dkt. 1230, "OST"), Notice of hearing (dkt. 1231), Proofs of service (dkt. 1233 & 1234), No opposition on file
Grant.

(c) Motion to abandon (dkt. 1223), no opposition on file
Grant.

(d) Interim fee application of Pachulski Stang Ziehl & Jones LLP ("Trustee's Counsel") (dkt. 1216), Trustee declaration in support of fee application (dkt. 1222), Omnibus opposition of Erica & Joseph Vago (dkt. 1225, "Omnibus Vago Opposition"), Notice of hearing (dkt. 1226), Reply (dkt. 1236), Response of Gestetner Charitable Remainder Unitrust and A. Gestetner Family Trust (dkt. 1237, "Gestetner Response")
The tentative ruling is to (x) sustain in part and overrrule in part the Omnibus Vago Opposition with respect to this fee application, and (y) allow Trustee's Counsel's fees on an interim basis, the amount of $1,313,167.95 in fees and $14,311.17 in expenses, for a total second interim award of $1,327,479.12, all as set forth in greater detail in the tentative ruling for calendar no. 3 on today's calendar (10/7/25 at 2:00 p.m.).

(e) Interim fee application of Development Specialists, Inc. (dkt. 1217), Trustee declaration in support of fee application (dkt. 1222), Omnibus Vago Opposition (dkt. 1225), Notice of hearing (dkt. 1226), Reply (dkt. 1236), Gestetner Response (dkt. 1237)
The tentative ruling is to (x) overrrule the Omnibus Vago Opposition with respect to this fee application, and (y) allow $100,830.25 in fees and $120.42 in expenses, for a total award of $100,950.67. The tentative ruling is that the Trustee is (x) not authorized to make any payment(s) on account of the approved interim fees absent further order of this Court but (y) may pay the allowed expenses as funds allow.

(f) Interim fee application of The Law Offices of Goldfarb Gross Seligman & Co. (dkt. 1218), Trustee declaration in support of fee application (dkt. 1222), Omnibus Vago Opposition (dkt. 1225), Notice of hearing (dkt. 1226), Reply (dkt. 1236), Gestetner Response (dkt. 1237)

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, October 7, 2025**                                                **Hearing Room    1545**

2:00 PM
**CONT...        Leslie Klein**                                                              **Chapter 11**

The tentative ruling is to (x) overrule the Omnibus Vago Opposition with respect to this fee application, (y) approve $11,944.55 in fees and $0.00 in expenses, for a total award of $11,944.55, and (z) authorize and direct payment of the full amounts allowed.

(g) Interim fee application of Kieckhafer Schiffer LLP (dkt. 1219), Trustee declaration in support of fee application (dkt. 1222), Omnibus Vago Opposition (dkt. 1225), Notice of hearing (dkt. 1226), Reply (dkt. 1236), Gestetner Response (dkt. 1237)
The tentative ruling is to (x) overrule the Omnibus Vago Opposition with respect to this fee application, (y) approve $19,899.00 in fees and $302.34 in expenses, for a total award of $20,201.34, and (z) authorize and direct payment of the full amounts allowed.

(h) Final fee application of The Law Offices of Eric Everett Hawes (dkt. 1220), Trustee declaration in support of fee application (dkt. 1222), Omnibus Vago Opposition (dkt. 1225), Notice of hearing (dkt. 1226), Reply (dkt. 1236), Gestetner Response (dkt. 1237)
The tentative ruling is to (w) overrule the Omnibus Vago Opposition with respect to this fee application, (x) allow $8,415.00 in fees and $1,287.68 in expenses, for a total award of $9,702.68 on a final basis, (y) authorize all previously approved interim fees and expenses on a final basis, and (z) authorize and direct payment of the full amounts allowed.

Proposed orders: Unless otherwise ordered, Trustee or Trustee's Counsel is directed (x) to lodge proposed orders on each of the foregoing motions via LOU within 7 days after the hearing date, (y) to attach a copy of the tentative ruling for calendar no. 3 on today's calendar (10/7/25 at 2:00 p.m.) to the order on the Trustee's Counsel's fee application, and (z) incorporate that tentative ruling into every order, by cross-reference, thereby adopting it as this Court's actual ruling on each of the fee applications.  See LBR 9021-1(b)(1)(B).

(2) Dates/procedures.  This case was filed on 2/22/23 as a Subchapter V case.  The petition was amended to remove the Subchapter V election and proceed as a chapter 11 case on 3/8/23.  See dkt. 33,  37 & 43.  On 5/17/23 this Court directed the appointment of a chapter 11 trustee (dkt. 142) and on

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Boulevard, Suite 1300, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 7, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

$\boxtimes$ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On (*date*) **October 7, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

$\boxtimes$ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 7, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| Via Email: | Via Email: |
|---|---|
| Eric J Olson:  eric@ejolsonlaw.com<br><br>Leslie Klein:  les.kleinlaw@gmail.com;<br>leskleinlaw@gmail.com; kleinlaw@earthlink.net | Eric Hawes: eeh@eehlawoffice.com<br>James Kieckhafer: jkieckhafer@ks-llp.com<br>Art Swicker: aswicker@ks-llp.com<br>Jeremy Benjamin: Jeremy.benjamin@goldfarb.com;<br>Shirin Herzog: shrin.herzog@goldfarb.com |

$\square$ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 7, 2025 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**1.      TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: **2:23-bk-10990-SK**

- **Simon Aron**   saron@wrslawyers.com, moster@wrslawyers.com;jlee@wrslawyers.com
- **Reem J Bello**   rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Ron Bender**   rb@lnbyg.com
- **Michael Jay Berger**   michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Greg P Campbell**   ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Baruch C Cohen**   bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Theron S Covey**   tcovey@raslg.com
- **Michael G D'Alba**   mgd@lnbyg.com
- **Jeffrey W Dulberg**   jdulberg@pszjlaw.com
- **Craig A Edelman**   notice@bkcylaw.com
- **Dane W Exnowski**   dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Todd S. Garan**   ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Robert P Goe**   kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Michael I. Gottfried**   mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com,tparizad@elkinskalt.com
- **M. Jonathan Hayes**   jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com
- **Brandon J. Iskander**   biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Michael S Kogan**   mkogan@koganlawfirm.com
- **Matthew A Lesnick**   matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **John W Lucas**   jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Armen Manasserian**   armen@ml-apc.com, jennifer@ml-apc.com,maria@ml-apc.com
- **Ron Maroko**   ron.maroko@usdoj.gov
- **Kirsten Martinez**   Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com

- **Steven M Mayer**   smayer@mayerlawla.com
- **Christopher M McDermott**   ch11ecf@aldridgepite.com, CMM@ecf.inforuptcy.com;cmcdermott@aldridgepite.com
- **Krikor J Meshefejian**   kjm@lnbyg.com
- **Jeffrey P Nolan**   jnolan@pszjlaw.com
- **Eric J Olson**   eric@ejolsonlaw.com
- **Jeffrey N Pomerantz**   jpomerantz@pszjlaw.com
- **Brian A Procel**   brian@procel-law.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- **Matthew D. Resnik**   matt@rhmfirm.com, roksana@rhmfirm.com;russ@rhmfirm.com;sloan@rhmfirm.com;nina@rhmfirm.com;susie@rhmfirm.com;gabriela@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;rosario@rhmfirm.com;david@rhmfirm.com
- **Kevin Ronk**   Kevin@portilloronk.com, eService@cym.law,karen@cym.law
- **Joshua L Scheer**   jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Bradley D. Sharp (TR)**   bsharp@dsi.biz
- **Richard P Steelman**   RPS@LNBYG.COM
- **Nikko Salvatore Stevens**   nikko@cym.law, eService@cym.law,karen@cym.law
- **Alan G Tippie**   Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **Gary Tokumori**   gtokumori@pmcos.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Michael L Wachtell**   mwachtell@buchalter.com, marias@buchalter.com;docket@buchalter.com
- **John P. Ward**   jward@attleseyward.com, ephuong@attleseyward.com
- **Brett J. Wasserman**   wasserman@smcounsel.com
- **Alex M Weingarten**   aweingarten@willkie.com, lcarter@willkie.com
- **Beth Ann R. Young**   bry@lnbyg.com, bry@lnbyb.com
- **Clarisse Young**   youngshumaker@smcounsel.com, levern@smcounsel.com
- **Paul P Young**   paul@cym.law, eService@cym.law,karen@cym.law
- **Roye Zur**   rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com

**2.  SERVED BY UNITED STATES MAIL**:

Peter C. Anderson, U.S. Trustee
Michael Jones, Assistant U.S. Trustee
Office of the U.S. Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA  90017

Leslie Klein
322 North June Street
Los Angeles, CA 90004

Nathan Talei
Oldman, Sallus & Gold, L.L.P.
16133 Ventura Blvd., PH-A
Encino, CA 91436

Leslie Klein & Associates, Inc.
c/o Leslie Klein
6454 Van Nuys Blvd. Suite 150
Van Nuys, CA 91401

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.