Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:  jdulberg@pszjlaw.com
         jlucas@pszjlaw.com

Counsel to Bradley D. Sharp, Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>Debtor. | Case No.: 2:23-bk-10990-NB<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION OF CHAPTER 11 TRUSTEE FOR ORDER: (1) APPROVING THE DISCLOSURE STATEMENT; (2) APPROVING PLAN SOLICITATION, NOTICE, AND VOTING PROCEDURES; (3) APPROVING FORMS OF NOTICE AND BALLOTS; AND (4) ESTABLISHING PLAN CONFIRMATION DEADLINES AND PROCEDURES**<br><br><u>Disclosure Statement Hearing</u>:<br>**DATE:**    February 17, 2026<br>**TIME:**    2:00 p.m.<br>**PLACE:**   255 East Temple Street<br>            Los Angeles, California<br>**CTRM**:   1545 |

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND HIS COUNSEL, THE OFFICE OF THE UNITED STATES TRUSTEE, PARTIES REQUESTING SPECIAL NOTICE, AND ALL CREDITORS AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that a hearing will be held **on February 17, 2026 at 2:00 p.m. (Pacific)** before the Honorable Neil W. Bason, United States Bankruptcy Judge, in Courtroom 1545 in the above entitled court, located at 255 East Temple Street, Los Angeles, California, to consider the motion (the "<u>Motion</u>") of  Bradley D. Sharp, as the duly appointed chapter 11 trustee (the "<u>Trustee</u>") in the chapter 11 case of Leslie Klein (the "<u>Debtor</u>"), for the entry of an order, in substantially the form attached hereto as **Exhibit "A"**, pursuant to sections 105, 502, 1125, and

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4922-1086-2211.2 78512.001

1126 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1007(i), 3003, 3017 and 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving and/or setting, as described more fully below, (1) the Disclosure Statement (as defined below), (2) certain Plan solicitation, notice, and voting procedures, (3) confirmation deadlines and procedures, certain specified procedures for transmitting the Plan and Disclosure Statement in support of the Plan, ballots, and related solicitation materials, and notice of same, (4) certain procedures for tabulating votes on the Plan, (5) the forms of ballots that will accompany the Plan and Disclosure Statement sent to those classes of creditors entitled to vote on the Plan, (6) the form of notice of the confirmation hearing and related matters, and (7) the requisite dates in connection with the solicitation, voting, and confirmation process.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this Notice of Motion and Motion, and the Memorandum of Points and Authorities annexed hereto, the record in this case and all other matters of which this Court may take judicial notice, and such other arguments or evidence as may be presented at the hearing.

**PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rules 3017-1(b) and 9013-1(f) require that any objection or response to the Motion be filed with the Court and served upon undersigned counsel for the Trustee at least fourteen (14) days prior to the hearing date and any replies thereto at least seven (7) days prior to the hearing date. Pursuant to Local Bankruptcy Rule 9013-1(h), the failure to timely file and serve written opposition may be deemed by the Court to be consent to the granting of the relief requested in the Motion.

WHEREFORE, the Trustee respectfully requests that the Court enter an order granting the Motion, and such other relief as the Court deems just and proper.

Dated: January 6, 2026                    PACHULSKI STANG ZIEHL & JONES LLP


By:   */s/ John W. Lucas*
          John W. Lucas

          Attorneys for Bradley D. Sharp, Chapter 11
          Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4922-1086-2211.2 78512.001

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................................1

II.    JURISDICTION .................................................................................................................1

III.    STATEMENT OF FACTS .................................................................................................1

    A.    Commencement of the Chapter 11 Case and Appointment of the Trustee ...............1

    B.    The Filing of the Plan .............................................................................................3

    C.    The Disclosure Statement ........................................................................................4

IV.    ARGUMENTS AND AUTHORITIES ..............................................................................5

    A.    The Disclosure Statement Contains  Adequate Information Pursuant to Bankruptcy Code Section 1125. ..............................................................................5

    B.    The Court Should Approve the Form and Manner  of Notice of the Disclosure Statement Pursuant to Bankruptcy Rule 3017(d). ...................................7

        1.    Solicitation Package ....................................................................................7

        2.    Service of Solicitation Packages on the Notice Parties ................................8

    C.    The Court Should Approve the Form of Ballots and Method of Tabulation of Votes. ..................................................................................................................9

        1.    Approval of Forms of Ballots ......................................................................9

        2.    Notice of Non-Voting Status ......................................................................10

        3.    Allowed Amount of Claims for Voting ......................................................11

        4.    Tabulation of Ballots .................................................................................12

    D.    Voting Deadline and Voting Record Date .............................................................13

    E.    The Confirmation Hearing .....................................................................................14

    F.    Objections to Confirmation and Reply Briefs ........................................................14

    G.    Summary of Requested Dates ................................................................................15

V.    CONCLUSION .................................................................................................................15

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**
**INTRODUCTION**

By this Motion, the Plan Trustee requests the Court approve certain solicitation, notice, voting, tabulation, and related procedures, as more fully described below, with respect to the *Plan of Liquidation of the Estate of Leslie Klein* [Docket No. 1282] (as may be amended, the "Plan") and the *Disclosure Statement in Support of the Plan of Liquidation of the Estate of Leslie Klein* [Docket No. 1283] (as may be amended, the "Disclosure Statement").[1] In addition, the Trustee requests the Court approve the Disclosure Statement and the Trustee's proposed forms of notice of the confirmation hearing with respect to the Plan and ballots for the Plan, as well as a cover letter and a notice of non-voting status, substantially in the forms attached hereto as exhibits.  Lastly, the Trustee requests that the Court establish applicable dates, as set forth herein, in connection with the solicitation, voting, and confirmation process, including without limitation an extension of time to solicit votes to accept or reject the Plan as set forth below.

**II.**
**JURISDICTION**

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 (1) and (2). The statutory bases for the relief sought herein are sections 105, 502, 1121, 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 1007(i), 3003, 3017 and 3018.

**III.**
**STATEMENT OF FACTS**

**A.      Commencement of the Chapter 11 Case and Appointment of the Trustee**

On February 22, 2023, the Debtor filed a voluntary petition for relief under subchapter V of Chapter 11 of the Bankruptcy Code, which was subsequently converted to a case under chapter 11.

---

[1] All capitalized terms not defined herein have the meaning ascribed to them in the Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

On April 24, 2023, creditors Erica and Joseph Vago filed a *Motion for Order Dismissing Debtor's Chapter 11 Bankruptcy Case* (the "**Motion to Dismiss**") [Docket No. 79]. On May 17, 2023, at a hearing held on the Motion to Dismiss, the Court ruled that the appointment of a chapter 11 trustee, and not dismissal of the Case, was in the best interests of the estate. On May 23, 2023, the Office of the United States Trustee (the "**UST**") filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 151], appointing Bradley D. Sharp to serve as chapter 11 trustee.

On May 23, 2023, the UST filed an *Application for Order Approving Appointment of Trustee and Fixing Bond* [Docket No. 154], approved by order entered the same day [Docket No. 155]. On that same day, the Trustee accepted his appointment [Docket No. 156].

The Debtor is an attorney, a certified public accountant and a serial "affinity" fraudster. He spent years preying upon members of his own Orthodox Jewish community – in many instances, his victims are Holocaust survivors – and he filed his chapter 11 case for the sole purpose of staying numerous litigations against him resulting from his misappropriation of funds from numerous trusts to the detriment of the trusts' beneficiaries.

The Debtor's Estate was handed to the Trustee in poor shape. It took the Trustee and his advisors substantial time and effort to obtain any degree of visibility into (a) the assets of the Estate, (b) affirmative claims held by the Estate, and (c) the claims against the Debtor and the Estate.  Since the Trustee's appointment, the Debtor and his various counsels have been largely uncooperative with the Trustee and his professionals. The Debtor has failed to produce virtually any information or documents in response to requests made of him and the authenticity of many of the documents he has produced is highly questionable. Indeed, the Debtor and his various counsels' primary participation in the Chapter 11 Case has been to seek to "recharacterize" assets of the Estate and to oppose the Trustee's efforts to complete his statutory duties. Often, the Debtor's efforts have included blatant violations of the automatic stay.

The Trustee has identified assets of the estate, negotiated settlements with certain creditors and third parties, and prepared a plan of liquidation and disclosure statement.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**B.**     **The Filing of the Plan**

The Plan provides for the establishment of a Liquidation Trust on the Effective Date for the primary purpose of administering and liquidating the Liquidation Trust Assets and for the secondary purposes of, *inter alia*, (a) collecting and liquidating Liquidation Trust Assets, (b) collecting accounts receivable, (c) resolving all Administrative Expense Claims, Professional Fee Claims, and Claims, and (d) making all Distributions provided for under the terms of the Plan. The Liquidation Trust shall be under the direction and control of the Liquidation Trustee, as trustee of the Liquidation Trust. On the Effective Date, all of the Estates Property, which are principally cash, equity interest in LCG, the June St. Property, interests in certain life insurance policies, and the Causes of Action, shall vest in the Liquidation Trust.

Administrative Claims, Priority Tax Claims, and Professional Fee Claims have not been classified and are excluded from the Classes set forth in Section 3 of the Plan in accordance with section 1123(a)(1) of the Bankruptcy Code.  The following tables summarize the classification and treatment of the Classes of Claims under the Plan:

| CLASS | DESCRIPTION | IMPAIRED / UNIMPAIRED | ENTITLED TO VOTE |
|---|---|---|---|
| **CLASS 1** | Other Priority Claims | Unimpaired | No - Deemed to Accept |
| **CLASS 2** | Secured Tax Claim | Unimpaired | No – Deemed to Accept |
| **CLASS 3** | Gestetner Secured Claim | Impaired | Yes |
| **CLASS 3(A)** | Other Secured Claims | Impaired | Yes |
| **CLASS 4** | General Unsecured Claims | Impaired | Yes |

Pending the occurrence of the Effective Date, the Trustee shall remain as the representative of the Estate and shall continue to be authorized to implement actions on behalf of the Estate, including, without limitation, collecting and selling or otherwise liquidating the Assets.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**C.    The Disclosure Statement**

Along with the Plan, the Trustee has prepared a Disclosure Statement describing, among other things, the proposed Plan, the proposed treatment of various Claims pursuant thereto, and the potential effects of such treatment on Creditors.  Approval of the Disclosure Statement and the development of confirmation procedures comprise the first step in the confirmation process.

The Disclosure Statement provides information about the Debtor's Chapter 11 Case, the Plan, and financial and other information underlying the Plan.  Among other things, the Disclosure Statement includes the following information, which courts generally look to in determining whether a disclosure statement provides "adequate information" that will enable creditors to make informed decisions with respect to a debtor's chapter 11 plan:

(1)    A history of the Debtor (Disclosure Statement at Section V.A.);

(2)    A summary of the terms of the Plan (Disclosure Statement at Section III.A.)

(3)    A summary of asset sales that occurred during the Case (Disclosure Statement at Section VI.C;)

(4)    A summary of the sale of the June Street Property (Disclosure Statement at Section VI.D);

(5)    A summary of the Estate's equity interest in Life Capital Group (Disclosure Statement at Section VI.E);

(6)    A description of executory contracts and unexpired leases (Disclosure Statement at Section VI.F. and Exhibit "C");

(7)    A description of schedules of assets and liabilities and establishment of bar date, filed by the Debtor (Disclosure Statement at Section VI.F);

(8)    Classification and treatment of the claims in the Case (Disclosure Statement at Section VII.A.);

(9)    A description of the means to implement the Plan (Disclosure Statement at Section VII.B.)

(10)    A description of the claims reconciliation process (Disclosure Statement at Section VII.C)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

(11)    Distributions to be made under the Plan [Disclosure Statement at Section VII.D); and

(12)    A description of the terms of exculpation and injunction or stay [Disclosure Statement at Section VII.E).

## IV.
## ARGUMENTS AND AUTHORITIES

A.    **The Disclosure Statement Contains**
**Adequate Information Pursuant to Bankruptcy Code Section 1125.**

Section 1125(b) of the Bankruptcy Code provides that an acceptance or rejection of a proposed chapter 11 plan may not be solicited from a party unless and until there has been transmitted to that party (1) either the plan or a summary of the plan, and (2) a written disclosure statement that the bankruptcy court has approved, after notice and a hearing, as containing adequate information.   The Bankruptcy Code defines adequate information as information that would enable a hypothetical, reasonable investor to make an informed judgment about the proposed plan:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of the claims or interests in the case, that would enable a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information to creditors and other parties in interest, and the cost of providing additional information …."

11 U.S.C. § 1125(a).

The reason that the Bankruptcy Code requires such "adequate information" is to require a debtor to furnish to voting classes of claims and interests (if applicable) sufficient financial and operating information to enable each voting party to make an "informed judgment" whether to accept or reject a proposed plan of reorganization.  *See In re Macgibbon*, 2006 Bankr. LEXIS 4875, *17 (B.A.P. 9th Cir. Aug. 14, 2006)*; In re Valrico Square Ltd. Partnership*, 113 B.R. 794, 795 (Bankr. S.D. Fla. 1990); *In re Stanley Hotel, Inc.*, 13 B.R. 926 (Bankr. D. Colo. 1981).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

The determination of whether a particular disclosure statement provides adequate information is subjective, made on a case-by-case basis, and is largely within the discretion of the bankruptcy court. *In re Brotby*, 303 B.R. 177, 193 (B.A.P. 9th Cir. 2003). In making this determination, depending on the circumstances of the debtor and its case, courts may consider whether the disclosure statement provides the following information:

- A description of the events that led to the commencement of a bankruptcy case;

- A description of the debtor's available assets;

- A discussion of the debtor's condition during its chapter 11 case;

- An analysis of the estimated return to creditors under a chapter 7 liquidation;

- Either the chapter 11 plan or a summary of the plan;

- A discussion of estimated administrative expenses, including professionals' fees;

- Financial information, data, or projections relevant to the creditors' decision to accept or reject the chapter 11 plan;

- Information relevant to the risks posed to creditors under the plan; and

- A discussion of the litigation likely to arise.

*See, e.g.,In re Reilly*, 71 B.R. 132, 134 (Bankr. D. Mont. 1987); *In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001); *In re Metrocraft Publishing Services, Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (identifying certain factors comprising "adequate information" including the foregoing or related items and other potential factors).

As discussed above, the Disclosure Statement provides extensive information about the Trustee's administration of the Debtor's Estate and a detailed explanation of the proposed Plan and the underlying and related financial information and other data. Based on all of the information contained in the Disclosure Statement and exhibits thereto, a hypothetical, reasonable investor should be able to make an informed judgment about the proposed Plan. Therefore, the Disclosure Statement meets the adequate-information requirement of Bankruptcy Code section 1125 and should be approved for distribution and for use in soliciting votes to accept or reject the proposed Plan.

**B.    The Court Should Approve the Form and Manner**
**of Notice of the Disclosure Statement Pursuant to Bankruptcy Rule 3017(d).**

Pursuant to Bankruptcy Rule 3017(d), upon approval of a disclosure statement, the plan proponent must mail to the U.S. Trustee, all creditors, and all equity security holders the plan, the disclosure statement, notice of the time within which to file acceptances or rejections, notice of the date of the confirmation hearing, and such other information as the court may require.  Fed. R. Bankr. P. 3017(d).

**1.    Solicitation Package**

The Trustee requests that the Court authorize the transmittal by the Trustee's counsel and/or other agents of the following items to be in included in the "Solicitation Package" delivered to all Notice Parties (as defined below):

(a)    The order approving the Disclosure Statement and the Motion, substantially in the form attached hereto as **Exhibit "A"**;

(b)    Notice of the confirmation hearing, non-voting status, and related matters, including notice of the time fixed for filing objections to confirmation of the Plan (the "Confirmation Hearing Notice"), substantially in the form attached hereto as **Exhibit "B"** (but which may be single-spaced or otherwise reformatted by the Trustee in his discretion);

(c)    The Disclosure Statement and the Plan (as an exhibit to the Disclosure Statement); and

(d)    Such other information as the Court may direct.

In addition, with respect to creditors entitled to vote on the Plan, the Trustee requests that the Court authorize the inclusion in the Solicitation Package of ballots (the "Ballots"), substantially in one of the forms collectively attached hereto as **Exhibit "C"**.  A Ballot return envelope also will be included in the Solicitation Package.  Bankruptcy Rule 3017(d) provides, in relevant part, that the Trustee may include in the Solicitation Package "any other information as the court may direct."  Fed. R. Bankr. P. 3017(d).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

To avoid any possible challenges to the appropriateness of the materials contained in the Solicitation Package, the Trustee requests that the Court approve the inclusion in the Solicitation Package of all materials described above. *See In re Media Central, Inc.*, 89 B.R. 685, 691 (Bankr. E.D. Tenn. 1988) ("Failure to obtain beforehand a judicial ruling on the propriety of statements or information sent in conjunction with a vote solicitation may lead to a vote disqualification after the fact if it is later determined that the statements or information were improper and the solicitation in bad faith."). The Trustee also requests authority to make non-substantive modifications to the Disclosure Statement and other documents in the Solicitation Package prior to distribution in order to insert dates and deadlines or make corrections or modifications of any typographical error that is conforming and/or ministerial nature.

Copies of the documents in the Solicitation Package will be available by contacting the Trustee's counsel: Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067, telephone: 310-277-6910, facsimile: 310-201-0760, Attn: Beth Dassa, email: bdassa@pszjlaw.com (email preferred).

**2.      Service of Solicitation Packages on the Notice Parties**

Bankruptcy Rule 3017(d) requires the Disclosure Statement to be mailed to the U.S. Trustee, all creditors, and all equity security holders. *See* Fed. R. Bankr. P. 3017(d) . The Trustee proposes to transmit within five (5) business days of the entry of an order approving this Motion the Solicitation Package, at the expense of the Estate, to the following parties (collectively, the "Notice Parties"): (i) the Debtor and his various counsel for himself and for the various companies he owns or controls; (ii) all parties or entities that have filed proofs of claim on or before the Voting Record Date (as defined below), provided that such claim is not a Non-Voting Claim; (iii) all parties identified in the Debtor's Schedules as holding liquidated, noncontingent, undisputed claims as of the Voting Record Date, provided that such claim is not a Non-Voting Claim; (iv) all other known holders (known to the Trustee and his counsel) of claims against or interests in the Debtor as of the Voting Record Date, provided that such claim is not a Non-Voting Claim; (v) all parties to executory contracts and unexpired leases, if any, with the Debtor as reflected in the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Schedules; (vi) the U.S. Trustee; (vii) the Internal Revenue Service; and (viii) the Securities and Exchange Commission.

For purposes of receiving a Solicitation Package, holders of claims as of the Voting Record Date (as defined below) are (i) those persons or entities listed on the Debtor's Schedules as holding a claim (other than creditors with claims scheduled as disputed, contingent or unliquidated who have failed to timely file a proof of claim), as amended, from time to time, prior to the Voting Record Date and (ii) those persons or entities that have filed with the Clerk of Court a proof of claim asserting a claim that has not been disallowed, withdrawn or expunged on or before the Voting Record Date, excluding any asserted holders of Non-Voting Claims.

Bankruptcy Rule 2002(b) requires twenty eight days' notice of the time fixed for filing objections and the hearing to consider confirmation of a chapter 11 plan. Fed. R. Bankr. P. 2002(b). Local Bankruptcy Rule 9013-1 provides that objections must be filed 14 days prior to a hearing date. The Trustee requests that the Court set a date that is seven (7) calendar days after the date of the entry of the order approving the Disclosure Statement as the last date by which the Solicitation Packages and notices must be mailed to the Notice Parties.

The Trustee also requests a determination by the Court that the Trustee will not be required to serve the Solicitation Package on any entity for which the Solicitation Package has been returned by the United States Postal Service as undeliverable, unless the Trustee receives an accurate address for such addressee.

**C.      The Court Should Approve the Form of Ballots and Method of Tabulation of Votes.**

**1.      Approval of Forms of Ballots**

Bankruptcy Rule 3017(d) provides that ballots for accepting or rejecting the Plan should conform substantially to the appropriate Official Form (Official Form No. 14) and be mailed to "creditors and equity security holders entitled to vote on the plan." Fed R. Bankr. P. 3017(d) . The Trustee proposes to distribute Ballots substantially in the forms attached hereto as **Exhibit "C"** to the holders of claims in Class 3 (Gestetner Secured Claim), Class 3(A) (Other Secured Claims), and Class 4 (General Unsecured Claims), which classes are entitled to vote to accept or reject the Plan. These forms are based upon Official Bankruptcy Form 14, but have been modified

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4922-1086-2211.2 78512.001                                        9

to include certain additional information and optional elections that the Trustee believes to be appropriate for this case.

All Ballots will be accompanied by return envelopes addressed to the Trustee's bankruptcy counsel. The voting creditor may send in its, his or her Ballot via regular mail, overnight mail or hand delivery. The Trustee's counsel will accept, review, validate, and tabulate the Ballots; counsel will tabulate the Ballots and report to the Court on the votes for acceptance and rejection of the Plan no later than one (1) business day before the Confirmation Hearing pursuant to Local Bankruptcy Rule 3018-1.

The Trustee requests approval of the sample forms of Ballots substantially in the form attached hereto as **Exhibit "C"**.

### 2.    Notice of Non-Voting Status

Bankruptcy Rule 3017(d) provides, in relevant part, as follows:

> If the court orders that the disclosure statement and the plan or a summary of the plan shall not be mailed to any unimpaired class, notice that the class is designated in the plan as unimpaired and notice of the name and address of the person from whom the plan or summary of the plan and disclosure statement may be obtained upon request and at the plan proponent's expense, shall be mailed to members of the unimpaired class together with the notice of the time fixed for filing objections to and the hearing on confirmation.

Fed. R. Bankr. P. 3017(d) .

Class 1 (Other Priority Claims) and Class 2 (Secured Tax Claim) are unimpaired under the Plan and are conclusively presumed to accept the Plan under section 1126(f) of the Bankruptcy Code. Solicitation of the foregoing classes is not required under Bankruptcy Rule 3017(d), and no ballots have been proposed for creditors in these classes. Claims in any of the foregoing referenced classes are referred to herein as the "Non-Voting Claims."

The Trustee proposes to send to holders of Non-Voting Claims (only) the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit "B"**, which, *inter alia*, provides notice of the Confirmation Hearing and the time fixed for filing objections to confirmation of the Plan and sets forth the manner in which a copy of the Plan and Disclosure Statement may be obtained.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4922-1086-2211.2 78512.001                              10

The Trustee respectfully submits that because the holders of Non-Voting Claims are presumed, as a matter of law, to accept the Plan, or are not otherwise entitled to vote on the Plan, the Notice of Non-Voting Status satisfies the requirements of Bankruptcy Rule 3017(d) because it sets forth the manner in which copies of the Plan and Disclosure Statement may be obtained, thereby providing each holder of a Non-Voting Claim with the opportunity to receive all pertinent documents upon request. Accordingly, the Trustee requests that the Court determine that he is authorized to send the Notice of Non-Voting Status to Holders of Non-Voting Claims, and is not required to distribute Solicitation Packages to Holders of Non-Voting Claims.

### 3. Allowed Amount of Claims for Voting

The Trustee will collect and tabulate the Ballots received in accordance with the procedures described herein, consistent with the Bankruptcy Code and the Bankruptcy Rules. Generally, only the holder of an allowed claim or interest is entitled to vote to accept or reject a plan. *See* 11 U.S.C. § 1126(a). An unsecured creditor must file a proof of claim in accordance with Bankruptcy Rule 3002 for such claim to be allowed, with certain exceptions. *See* 11 U.S.C. §§ 501, 502; Fed. R. Bankr. P. 1019(3), 3003, 3004, 3005. One noted exception to this general rule covers certain claims listed on a debtor's schedule of liabilities. *See* 11 U.S.C. § 1111(a); Fed. R. Bankr. P. 3003(b).

For the purpose of tabulating votes, the Trustee proposes that the amount of a claim for voting purposes (regardless of whether the claim amount that may be listed by a voting creditor on a particular ballot differs from the following amounts[2]) should be: (a) the claim amount as listed in the Schedules, provided that (i) such claim is not listed as contingent, unliquidated, or disputed, (ii) no proof of claim has been filed, and (iii) no objection to the claim as scheduled has been filed by the time of the confirmation hearing (*see* Fed. R. Bankr. P. 3003(b)(1)); or (b) the liquidated amount specified in a proof of claim filed with the Court to the extent the claim is not the subject of an objection filed before the Confirmation Hearing (as defined below) (*see* 11 U.S.C. § 502(a);

[2] Ballots mailed to creditors entitled to vote on the Plan will have a blank space in which the creditor can insert a claim amount for voting purposes only. In the event that there is a discrepancy between the amount listed by a creditor on a Ballot and the amount determined by the procedures described above, the latter shall control for purposes of tabulating voting amounts.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Fed. R. Bankr. P. 3002) or in the case of claims resolved pursuant to a stipulation or order entered by the Court before the Confirmation Hearing, the amount set forth in such stipulation or order; or (c) the amount temporarily allowed by the Court for voting purposes after notice and a hearing in accordance with Bankruptcy Rule 3018(a) prior to the Confirmation Hearing.

If a creditor casts a Ballot and has filed a proof of claim that is the subject of an objection filed before the Confirmation Hearing (as defined below), the creditor's Ballot shall not be counted unless:  (i) some portion of the creditor's claim is not disputed, in which case such creditor's Ballot shall only be counted up to the undisputed amount of the creditor's claim; or (ii) the creditor's claim is temporarily allowed by the Court for voting purposes in accordance with Bankruptcy Rule 3018, after notice and a hearing prior to the Confirmation Hearing.  Ballots cast by creditors whose claims are not listed on the Debtor's Schedules, but who have timely filed proofs of claim in <u>unliquidated or unknown</u> amounts will not be counted unless the claim is temporarily allowed or estimated by the Court for voting purposes prior to the Confirmation Hearing.

**4.    Tabulation of Ballots**

Ballots received by the Trustee in the following categories shall not be counted as an acceptance or rejection of the Plan, unless otherwise ordered by the Court:

    (i)    Ballots where the creditor or the creditor's representative did not use the authorized form, or a form of Ballot substantially similar to such authorized form;

    (ii)    Ballots not received by the Trustee on or before the Voting Deadline (as defined in below);

    (iii)    Ballots where the creditor or the creditor's authorized representative checked boxes indicating both acceptance and rejection of the Plan;

    (iv)    Ballots not signed by the creditor or the creditor's authorized representative; and

    (v)    Ballots where the individual or institution casting the Ballot (whether directly or as representative) was not a holder of a Claim as of the Voting Record Date and, therefore, was not entitled to vote.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

In addition, the following voting procedures and standard assumptions will be used in tabulating Ballots:

(i)     Creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, a Ballot (or multiple Ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will not be counted.

(ii)    Ballots that fail to indicate an acceptance or rejection of the Plan, but that are otherwise properly executed and received prior to the Voting Deadline, will not be counted.

(iii)   Only Ballots that are timely received with original signatures will be counted.  Unsigned Ballots will not be counted.  Ballots sent by facsimile or email will not be counted.

(iv)    If prior to the Voting Deadline, a holder of a claim casts more than one Ballot for the same claim, the last properly completed Ballot received by the Balloting Agent prior to the Voting Deadline will be deemed to reflect such voter's intent and to supersede any prior Ballot.

The Trustee and other parties in interest may seek further clarification from the Court on vote tabulation and the solicitation process, and retain the right to object or raise any issue with respect to any Ballot.

**D.     Voting Deadline and Voting Record Date**

Pursuant to Bankruptcy Rule 3017(c), "[a]t the time or before the disclosure statement is approved, the court must set a deadline for the holders of claims and interests to accept or reject the plan." *See* Fed. R. Bankr. P. 3017(c).  The Trustee requests that the Court establish **March 24, 2026** as the deadline by which all Ballots must be received by the Trustee (the "Voting Deadline") (*i.e.*. the date that is 28 days after the mailing of the Solicitation Packages).  The Trustee submits that this deadline will afford creditors reasonably adequate time to vote, while allowing sufficient time for the Trustee to tabulate votes and prepare the applicable ballot tabulation for filing with the Court.

Bankruptcy Rule 3018(a)  governs the voting of shareholder claims and provides for a determination of when the creditor is a "holder of record of the security," or record date, for voting purposes.  In accordance with this Rule, the record date is typically the date the court signs an order approving the disclosure statement.  Accordingly, the Trustee proposes that the record date

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

in this Case be the date on which an order approving the Disclosure Statement is entered (the "Voting Record Date") for purposes of determining which creditors are entitled to vote on the Plan.

**E.      The Confirmation Hearing**

The Trustee requests that the Court set the confirmation hearing on a date that is convenient for the Court and is approximately 42 days after the mailing of the Solicitation Packages (the "Confirmation Hearing"), which the Trustee projects as **April 7, 2026 at 2:00 p.m**. Setting the Confirmation Hearing on such date will allow adequate notice to be provided to creditors and parties in interest consistent with Bankruptcy Rules 2002(b)  and 3017 and Local Bankruptcy Rule 9013, as further described below.

**F.      Objections to Confirmation and Reply Briefs**

Bankruptcy Rule 3020(b)(1) provides that "objections to the confirmation of the plan shall be filed and served . . . within a time fixed by the court." *See* Fed. R. Bankr. P. 3020(b)(1).  The Trustee submits that the Court should fix **March 24, 2026** as the last day to file and serve objections to the Plan (the "Confirmation Objection Deadline").  The Trustee requests that the Court order that objections must be set forth in a written statement and be accompanied by a memorandum of points and authorities and any supporting evidence.  Additionally, the Trustee requests that the Court order that any objections not timely filed and served are deemed waived. The Trustee also requests that the Court set **March 31, 2026** as the date on which the Trustee must file and serve his memorandum in support of Plan confirmation and on which the Trustee or any party supporting the Plan must file and serve any replies.

Finally, in accordance with Bankruptcy Rule 3020(b)(1), the Trustee proposes that the Court designate the entities set forth below as those entities upon which any objections to confirmation of the Plan must be served:

Counsel for the Trustee
Jeffrey W. Dulberg and John W. Lucas
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA  90067
jdulberg@pszjlaw.com
jlucas@pszjlaw.com

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4922-1086-2211.2 78512.001

14

Office of the United States Trustee
Ron Maroko
915 Wilshire Blvd., Ste 1850
Los Angeles, CA 90017
ron.maroko@usdoj.gov

**G.    Summary of Requested Dates**

In summary, the Trustee requests that the Court establish the dates set forth below for the following events:

| | |
|---|---|
| Last day for Trustee to mail (i) Solicitation Package or (ii) Notice of Non-Voting Status (as applicable) | February 24, 2026 |
| Last day for creditors to deliver ballots to the Trustee's counsel | March 24, 2026 |
| Last day to file and serve objections to confirmation ("Confirmation Objection Deadline") | March 24, 2026 |
| Last day to file and serve Trustee's confirmation brief and any parties' replies to confirmation objection(s) | March 31, 2026 |
| Last day for Trustee to file Ballots and Ballot tabulation | March 31, 2026 |
| Confirmation Hearing | April 7, 2026 at 2:00 p.m. |

The Trustee will serve notice of entry of the Court's Order and deadlines therein if and when the Court approves the Disclosure Statement and solicitation procedures.

**V.**
**CONCLUSION**

The Trustee respectfully submits that the procedures proposed herein are reasonable and appropriate, and conform to the requirements of the Bankruptcy Code, Bankruptcy Rules, and the Local Rules.  Accordingly, the Trustee requests that the Court enter an order, substantially in the form attached hereto as **Exhibit "A"**, (a) approving the Disclosure Statement; (b) approving the procedures proposed herein; (c) approving the forms of the Confirmation Hearing Notice and Ballots attached hereto as **Exhibit "B" and Exhibit "C"**, respectively; (d) setting applicable dates in connection with the solicitation, voting, and confirmation process as proposed herein; and (e) granting such other and further relief as may be just and proper.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4922-1086-2211.2 78512.001                    15

Dated:    January 6, 2026

PACHULSKI STANG ZIEHL & JONES LLP

By    */s/ John W. Lucas*
John W. Lucas

Attorneys for Bradley D. Sharp,
Chapter 11 Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4922-1086-2211.2 78512.001

16

**EXHIBIT A**

(Order Approving Disclosure Statement)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4922-1086-2211.2 78512.001

17

Jeffrey W. Dulberg (CA Bar No. 181200)
John W. Lucas (CA State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760
jdulberg@pszjlaw.com
jlucas@pszjlaw.com

Counsel to Bradley D. Sharp, Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LESSLIE KLEIN,<br><br>               Debtor. | Case No.: 2:23-bk-10990-SK<br><br>Chapter 11<br><br>**ORDER (I) APPROVING DISCLOSURE STATEMENT, AND (II) GRANTING MOTION FOR ORDER (1) APPROVING PLAN SOLICITATION, NOTICE, AND VOTING PROCEDURES, (2) APPROVING FORMS OF NOTICE AND BALLOTS, AND (3) ESTABLISHING PLAN CONFIRMATION DEADLINES AND PROCEDURES**<br><br><u>Disclosure Statement Hearing:</u><br><br>**DATE:**    February 17, 2026<br>**TIME:**    2:00 p.m.<br>**PLACE:**  255 East Temple Street<br>               Los Angeles, California<br>**CTRM**:   1545 |

This matter came on for hearing upon the disclosure statement and the motion [Docket No. __] (the "Motion") of Bradley D. Sharp, as the duly appointed chapter 11 trustee (the "Trustee" or "Plan Proponent") in the Chapter 11 case of Leslie Klein (the "Debtor") for an order (i) approving the *Disclosure Statement in Support of the Plan of Liquidation of the Estate of Leslie Klein* [Docket No. __] (the "Disclosure Statement"), (ii) establishing the voting deadline, notice, and procedures for

filing objections to confirmation of the *Plan of Liquidation of the Estate of Leslie Klein* [Docket No. ____] (as may be amended or modified, the "Plan"), (iii) approving the forms of ballots (the "Ballots"), (iv) establishing solicitation and tabulation procedures, and (v) granting related relief.[1] Appearances were as noted on the record.

The Court, having considered the Motion and the Disclosure Statement proposed by the Plan Proponent, the objections thereto, the Plan Proponent's reply and amendments to the Disclosure Statement and Plan; and it appearing that adequate and sufficient notice of the Motion and Disclosure Statement has been given under the circumstances; and it further appearing that adequate and sufficient notice, pursuant to Bankruptcy Rule 2002(b), Local Bankruptcy Rule 3017-1 and any other applicable Bankruptcy Rule, of the hearing to approve the Disclosure Statement has been given; and after due deliberation and upon the Court's determination that the relief requested in the Motion is in the best interests of the Debtor's estate, creditors, and other parties in interest; and good cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1.    The Motion is GRANTED.

2.    All objections to the Motion and to the Disclosure Statement, which have not been withdrawn or settled by the parties, are overruled.

3.    The Disclosure Statement contains "adequate information" as defined in Bankruptcy Code section 1125(a), and is hereby APPROVED in all respects pursuant to Bankruptcy Code section 1125(a).

4.    A hearing to consider confirmation of the Plan will be held on **April 7, 2026 at 2:00 p.m. (Pacific Time)**, or as soon thereafter as counsel can be heard, before the Honorable Neil W. Bason in Courtroom 1545 of the United States Bankruptcy Court for the Central District of California, located at 255 E. Temple St., Los Angeles, CA 90012 (the "Confirmation Hearing"). The Confirmation Hearing may be adjourned from time to time without further notice other than the announcement at the Confirmation Hearing of the date or dates of any adjourned hearing.  In

---

[1] Any capitalized term not defined herein shall have the meaning ascribed to such term in the Motion.

4900-0771-3924.1 78512.001                                    2

addition, the Plan may be modified without further notice, prior to, at, or as a result of, the Confirmation Hearing.

5.    The record date for purposes of voting to accept or reject the Plan is the date of entry of this order (the "Voting Record Date").

6.    Upon entry of this Order, the Trustee is authorized and directed to mail, or cause to be mailed, by United States Postal Service, first-class delivery, to: (i) the Debtor and his bankruptcy counsel; (ii) all parties or entities that have filed proofs of claim on or before the Voting Record Date (as defined below), provided that such claim is not a Non-Voting Claim; (iii) all parties identified in the Debtor's Schedules as holding liquidated, non-contingent, undisputed claims as of the Voting Record Date, provided that such claim is not a Non-Voting Claim; (iv) all other known (known to the Trustee and his counsel) Holders of Claims against, or interests in, the Debtor as of the Voting Record Date, provided that such claim is not a Non-Voting Claim; (v) all parties to executory contracts and unexpired leases with the Debtor as reflected in the Schedules; (vi) counsel for the Committee; (vii) members of the Committee; (viii) the U.S. Trustee; (ix) the Internal Revenue Service; and (x) the Securities and Exchange Commission (collectively, the "Notice Parties"), the following items to be in included in the "Solicitation Package":

    (i)    notice of the Confirmation Hearing and non-voting status, and related matters, including notice of the time fixed for filing objections to Confirmation of the Plan, substantially in the form attached hereto as **Exhibit A** (the "Confirmation Hearing Notice") (which form may be single-spaced or otherwise reformatted by the Plan Proponent in his discretion);

    (ii)    the Disclosure Statement and the Plan (as an exhibit to the Disclosure Statement);

    (iii)    a copy of this Order; and

    (iv)    If the recipient is a creditor entitled to vote on the Plan, a hard copy of an applicable Ballot (with voting instructions thereon), and a pre-addressed return envelope shall also be included in and be a part of the Solicitation Package.

7.    For purposes of distributing the Solicitation Package, Holders of Claims as of the Voting Record Date are (i) those persons or entities listed on the Debtor's Schedules as holding a

4900-0771-3924.1 78512.001

3

claim (other than creditors with claims scheduled as disputed, contingent or unliquidated who have failed to timely file a proof of claim), as amended, from time to time, prior to the Voting Record Date, and (ii) those persons or entities that have filed with the Court a proof of claim asserting a claim that has not been disallowed, withdrawn or expunged on or before the Voting Record Date, excluding any holders of Non-Voting Claims.

8.    The Trustee is not required to serve the Solicitation Package on any person or entity for which the notice of the hearing on the approval of the Disclosure Statement has been returned by the United States Postal Service as undeliverable, unless the Plan Proponent receives an accurate address for such addressee.

9.    The Confirmation Hearing Notice, substantially in the form attached here as **Exhibit A**, is hereby approved.

10.    The Ballots, substantially in the forms attached hereto as **Exhibit B**, are hereby approved.

11.    The Trustee is authorized to make non-substantive modifications to the Disclosure Statement and other documents in the Solicitation Package prior to distribution in order to insert dates and deadlines or make corrections or modifications of any typographical error that is conforming and/or ministerial in nature.

12.    The deadline for the receipt of Ballots accepting or rejecting the Plan shall be **5:00 p.m. (Pacific Time) on March 24, 2026** (the "Voting Deadline").  For a Ballot to be counted, it must be actually received prior to the Voting Deadline at the applicable address indicated in the voting instructions that accompany the Ballot.

13.    For the purposes of voting, the amount of a claim used to tabulate acceptance or rejection of the Plan (regardless of whether the claim amount that may be listed by a voting creditor on a particular Ballot differs from the following amounts) shall be: (a) the claim amount listed on the Debtor's Schedules, provided that (i) such claim is not scheduled as contingent, unliquidated or disputed, (ii) no proof of claim has been timely filed, and (iii) no objection to the claim as scheduled has been filed by the time of the Confirmation Hearing; or (b) the liquidated amount specified in a proof of claim timely filed to the extent the liquidated amount specified in such proof of claim is not

the subject of an objection to claim filed before the Confirmation Hearing (or in the case of claims resolved pursuant to a stipulation or order entered by the Court before the Confirmation Hearing, the amount set forth in such stipulation or order); or (c) the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018(a), after notice and a hearing prior to the Confirmation Hearing.

14.   If a creditor casts a Ballot and has filed a proof of claim that is the subject of an objection filed before the Confirmation Hearing, the creditor's Ballot shall not be counted, unless: (i) some portion of the creditor's claim is not disputed, in which case such creditor's Ballot shall only be counted up to the undisputed amount of the creditor's claim; or (ii) the creditor's claim is temporarily allowed by the Court for voting purposes in accordance with Bankruptcy Rule 3018, after notice and a hearing prior to the Confirmation Hearing.  Ballots cast by creditors whose claims are not listed on the Debtor's Schedules, but who have timely filed proofs of claim in unliquidated or unknown amounts that are not the subject of an objection filed before the commencement of the Confirmation Hearing, will not be counted, unless such claim is temporarily allowed or estimated for voting purposes by the Court prior to the Confirmation Hearing.

15.   The Trustee is authorized and directed to accept, review, determine the validity of, and tabulate the Ballots and report to the Court on the votes for acceptance and rejection of the Plan, in a reasonable and customary manner.

16.   Ballots received by the Trustee in the following categories shall not be counted as an acceptance or rejection of the Plan, unless otherwise ordered by the Court:

(a)   Ballots where the claimant or the claimant's representative did not use the authorized form, or a form of Ballot substantially similar to such authorized form;

(b)   Ballots not received by the Trustee on or before the Voting Deadline;

(c)   Ballots where the claimant or the claimant's authorized representative checked boxes indicating both acceptance and rejection of the Plan;

(d)   Ballots not signed by the claimant or the claimant's authorized representative; and

(e)     Ballots where the individual or institution casting the Ballot (whether directly or as representative) was not a Holder of a Claim as of the Voting Record Date and, therefore, was not entitled to vote.

17.    The following voting procedures and standard assumptions will be used in tabulating Ballots:

(a)     Creditors must vote all of their Claims within a particular class either to accept or reject the Plan and may not split their vote.  Accordingly, a Ballot (or multiple ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will not be counted.

(b)     Ballots that fail to indicate an acceptance or rejection of the Plan otherwise properly executed and received prior to the Voting Deadline, will not be counted.

(c)     Only Ballots that are timely received with original signatures will be counted. Unsigned Ballots will not be counted.  Ballots sent via facsimile or email will not be counted.

(d)     If prior to the Voting Deadline, a holder of a claim casts more than one Ballot for the same claim, the last properly completed Ballot received by the Plan Proponent prior to the Voting Deadline will be deemed to reflect the voter's intent and to supersede any prior Ballot.

18.    **March 31, 2026** is fixed as the date for the Trustee to file with the Court his balloting report, including information to assess acceptance or rejection of the Plan pursuant to Section 1126 of the Bankruptcy Code.

19.    **March 24, 2026** is fixed as the last day for filing and serving written objections, comments or responses, including any supporting memoranda, to confirmation of the Plan.  Any such objections must be in writing and must (1) specify a caption setting forth the name of the court, the case number and title of the objection, indicating the matter to which objection is being made, (2) state the name and address of the objector and the amount of its claim or the nature of its interest in the Debtor's Chapter 11 Case, (3) specify the basis and nature of the objection, and (4) be filed with the Clerk of the Court, together with proof of service, and served upon the following parties:  (a) counsel to the Trustee, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, Telephone: 310-277-6910, Facsimile: 310-201-0760, Attn: Jeffrey W.

4900-0771-3924.1 78512.001

6

Dulberg and John W. Lucas; and (b) Office of the United States Trustee, Attn: Ron Maroko, 915 Wilshire Blvd., Ste 1850, Los Angeles, CA 90017.  To preserve an objection, anyone filing an objection must also attend the Confirmation Hearing, either in person or through counsel.  The Confirmation Hearing, generally or as to any matter being considered threat, may be adjourned from time to time by the Court without further notice except for an adjournment announced at the Confirmation Hearing or any adjournment of that hearing.  Any objections not filed and served as set forth above shall be deemed waived and shall not be considered by the Court.

20.    On **March 31, 2026**, the Trustee shall file and serve on any party who objected to confirmation of the Plan, the Trustee's memorandum in support of Plan confirmation.

21.    The Trustee and other parties in interest may seek further clarification from the Court on vote tabulation and the solicitation process, and retain the right to object or raise any issue with respect to any Ballot.

**\*\*\* END OF ORDER \*\*\***

# **EXHIBIT B**

(Confirmation Hearing Notice)

Jeffrey W. Dulberg (CA Bar No. 181200)
John W. Lucas (CA State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760
jdulberg@pszjlaw.com
jlucas@pszjlaw.com

Counsel to Bradley D. Sharp, Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| In re:<br><br>LESLIE KLEIN,<br><br>                    Debtor. | Case No.: 2:23-bk-10990-NB<br><br>Chapter 11<br><br>**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) HEARING TO CONSIDER CONFIRMATION OF THE PLAN, (III) SUMMARY OF PLAN TREATMENT, AND (IV) DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN**<br><br><u>Confirmation Hearing</u>:<br><br>Date:    April 7, 2026<br>Time:    2:00 p.m.<br>Location: U.S. Bankruptcy Court<br>           Courtroom 1545<br>           255 E. Temple St.<br>           Los Angeles, CA 90012<br>Judge:   Hon. Neil W. Bason |

**PLEASE TAKE NOTICE** that by order dated February __, 2026 (the "<u>Disclosure Statement Approval Order</u>"), the United States Bankruptcy Court for the Central District of California (the "<u>Court</u>") approved the *Disclosure Statement in Support of the Plan of Liquidation of the Estate of Leslie Klein* [Docket No. __] (the "<u>Disclosure Statement</u>") as containing adequate information within the meaning of section 1125 of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

4922-6208-7044.1 78512.001

**PLEASE TAKE FURTHER NOTICE** that on **April 7, 2026 at 2:00 p.m. (Pacific Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Neil W. Bason in Courtroom 1545 of the United States Bankruptcy Court for the Central District of California, located at 255 E. Temple St., Los Angeles, CA 90012, to consider confirmation of the *Plan of Liquidation of the Estate of Leslie Klein* [Docket No. ____] (as may be amended or modified, the "Plan"), and for such other and further relief as may be just and proper (the "Confirmation Hearing").[1]

**PLEASE TAKE FURTHER NOTICE** that the Plan and Disclosure Statement have been filed with the Court and copies thereof may be obtained by parties in interest at the Estate's expense upon written request to the Trustee's counsel at the following address:  Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA  90067, telephone: 310-277-6910, facsimile: 310-201-0760, Attn: Beth Dassa, email: bdassa@pszjlaw.com (email preferred).

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Hearing may be adjourned from time to time without further notice to creditors or other parties in interest, other than by an announcement of such an adjournment in open court at the Confirmation Hearing or any adjournment thereof.  Additionally, the Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the terms of the Plan and the Bankruptcy Code, Holders of Class 1 (Other Priority Claims) and Holders of Class (Secured Tax Claims) are deemed unimpaired under the Plan and are conclusively presumed to accept the Plan under section 1126(f) of the Bankruptcy Code.  Solicitation of the foregoing classes is not required under Bankruptcy Rule 3017(d), and no ballots have been proposed for creditors in these classes. Claims in any of the foregoing referenced classes are referred to herein as the "Non-Voting Claims."

Only the holders of impaired Claims in Class 3 (Gestetner Secured Claim), Class 3A (Other Secured Claims), and Class 4 (General Unsecured Claims) are entitled to vote to accept or to reject the Plan. **You have been sent this notice because either you (i) are a holder of a Non-Voting**

---

[1] All capitalized terms not defined herein have the meaning ascribed to them in the Plan.

4922-6208-7044.1 78512.001                          2

**Claim, or (ii) are being sent this Notice for informational purposes only.**

**PLEASE TAKE FURTHER NOTICE** that the Plan proposes to modify the rights of certain creditors and interest holders of the Debtors.  The Plan establishes the following Classes of Claims:

| CLASS | DESCRIPTION | IMPAIRED / UNIMPAIRED | ENTITLED TO VOTE |
|---|---|---|---|
| CLASS 1 | Other Priority Claims | Unimpaired | No - Deemed to Accept |
| CLASS 2 | Secured Tax Claim | Unimpaired | No – Deemed to Accept |
| CLASS 3 | Gestetner Secured Claim | Impaired | Yes |
| CLASS 3(A) | Other Secured Claims | Impaired | Yes |
| CLASS 4 | General Unsecured Claims | Impaired | Yes |

**PLEASE TAKE FURTHER NOTICE** that **March 24, 2026** is fixed as the last day for filing and serving written objections, comments or responses, including any supporting memoranda, to confirmation of the Plan.  Any such objections must be in writing and must (1) state the name and address of the objector and the amount of its claim or the nature of its interest in the Debtor's Chapter 11 Case, (2) specify the basis and nature of the objection, and (3) be filed with the Clerk of the Court, together with proof of service, and served upon the following parties:  (a) counsel to the Trustee, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, Telephone: 310-277-6910, Facsimile: 310-201-0760, Attn: Jeffrey W. Dulberg and John W. Lucas; and (b) Office of the United States Trustee, Attn: Ron Maroko, 915 Wilshire Blvd., Ste 1850, Los Angeles, CA 90017.  To preserve an objection, anyone filing an objection must also attend the Confirmation Hearing, either in person or through counsel.  The Confirmation Hearing, generally or as to any matter being considered thereat, may be adjourned from time to time by the Court without further notice except for an adjournment announced at the Confirmation Hearing or

4922-6208-7044.1 78512.001

3

any adjournment of that hearing.  Any objections not filed and served as set forth above shall be deemed waived and shall not be considered by the Court.

**PLEASE TAKE FURTHER NOTICE** that the Trustee and any other party supporting the Plan shall file with the Court and serve on the applicable objecting party any memorandum in support of confirmation of the Plan by **March 31, 2026**

**PLEASE TAKE FURTHER NOTICE** that the Trustee and other parties in interest may seek further clarification from the Court on vote tabulation and the solicitation process, and retain the right to object or raise any issue with respect to any Ballot.

UNLESS AN OBJECTION TO CONFIRMATION IS TIMELY SERVED AND FILED, IT WILL NOT BE CONSIDERED BY THE COURT.  IF NO OBJECTIONS ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY CONFIRM THE PLAN WITHOUT FURTHER NOTICE OR HEARING.

Dated:    February __, 2026                    PACHULSKI STANG ZIEHL & JONES LLP


By    _____
                    John W. Lucas
                    Counsel for Bradley D. Sharp, Chapter 11
                    Trustee

4922-6208-7044.1 78512.001                                4

# **EXHIBIT C**

(Ballots)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4922-1086-2211.2 78512.001

19

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>              Debtor. | Case No.: 2:23-bk-10990-NB<br><br>Chapter 11 |

**BALLOT FOR HOLDERS OF CLAIMS IN CLASS 3 (GESTETNER SECURED CLAIM)**

PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THE BALLOT.

PLEASE CHECK THE APPROPRIATE BOX BELOW TO INDICATE YOUR ACCEPTANCE OR REJECTION OF THE PLAN OF REORGANIZATION PROPOSED BY CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF LESLIE KLEIN (AS AMENDED OR MODIFIED, THE "PLAN").

THIS FORM DOES NOT CONSTITUTE A PROOF OF CLAIM AND MUST NOT BE USED TO FILE A CLAIM OR TO INCREASE ANY AMOUNT LISTED IN THE DEBTOR'S SCHEDULES OR A PREVIOUSLY FILED PROOF OF CLAIM.

**Item 1.**   **Amount and Type of Claim**

The undersigned is a creditor holding a Claim as indicated below.

| TYPE OF CLAIM | CLASS IN PLAN | AMOUNT OF CLAIM (FOR VOTING PURPOSES ONLY) |
|---|---|---|
| Gestetner Secured Claim | Class 3 | $ |

**Item 2.**   **Voting on the Plan**

The holder of the Claim(s) set forth in Item 1 votes (please check one):

_____ To Accept the Plan               _____ To Reject the Plan

**Item 3.**   By signing this Ballot, the undersigned creditor hereby certifies that it has been provided with and has read a copy of the *Disclosure Statement in Support of the Plan of Liquidation of the Estate of Leslie Klein* [Docket No. ☐] (the "Disclosure Statement") and it is the holder of the Claim(s) set forth in Item 1 and has full power and authority to vote to accept or reject the Plan. The undersigned also acknowledges that the solicitation is pursuant to the information contained in the Disclosure Statement and the Plan.

Creditor Name: _____

Signature: _____

Name of Signatory: _____
                     (Please Print or Type Name)
Address: _____

City, State & Zip Code: _____

Phone No.: _____ Email: _____ Date: _____

Ballots must be received on or before **March 24, 2026** (the "Voting Deadline"). Subject to the Order approving the Disclosure Statement, if a Ballot is received after the Voting Deadline, it will not be counted.

4906-1385-6900.1 78512.001

**VOTING INSTRUCTIONS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLEASE COMPLETE, SIGN AND DATE
THE BALLOT AND RETURN IT PROMPTLY TO THE
BALLOTING AGENT AT:**

<u>If by U.S. Postal Service, Overnight mail, or Hand Delivery:</u>

Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067
Attn: Beth Dassa

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**YOUR BALLOT MUST BE RECEIVED BY
5:00 P.M. PACIFIC TIME ON MARCH 24, 2026
OR YOUR VOTE WILL NOT BE COUNTED**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1. All capitalized terms used in the Ballot or Voting Instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan.

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims actually voting in each Class.

3. For purposes of determining whether one-half in number of Claims in each Class have accepted the Plan, separate Claims held by a single creditor against the Debtor in a particular Class will be aggregated as if such creditor held one Claim in such Class, and the votes related to such Claims will be treated as a single vote to accept or reject the Plan.

4. You must vote all of your Claims within a single Class under the Plan to either accept or reject the Plan. Accordingly, a Ballot (or multiple Ballots with respect to multiple Claims within a single Class) that partially accepts and partially rejects the Plan will be counted as a single acceptance of the Plan.

5. Please complete the Ballot, indicate acceptance or rejection of the Plan in the box indicated and sign and return this Ballot by mail to the Plan Proponents' agent as listed above **SO THAT IT IS <u>RECEIVED</u> BEFORE THE VOTING DEADLINE OF 5:00 P.M., PACIFIC TIME ON MARCH 24, 2026, AT THE APPLICABLE ADDRESS LISTED ABOVE.** Subject to the Order approving the Disclosure Statement, if a Ballot is received after the Voting Deadline, it will not be counted.

6. This Ballot does not constitute and shall not be deemed a proof of Claim or Interest or an assertion or admission of a Claim or Interest.

7. Only Ballots submitted by persons who hold Claims as of the Voting Record Date, which is **February __, 2026**, shall be counted.

8. Only Ballots that are timely received with original signatures shall be counted. **Ballots sent via facsimile or email will not be counted.**

IF YOU NEED ASSISTANCE IN COMPLETING YOUR BALLOT OR HAVE ANY QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL (ATTN: BETH DASSA), AT (310) 277-6910 or bdassa@pszjlaw.com (email preferred).

4906-1385-6900.1 78512.001                           2

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>               Debtor. | Case No.: 2:23-bk-10990-NB<br><br>Chapter 11 |

**BALLOT FOR HOLDERS OF CLAIMS IN CLASS 3A (OTHER SECURED CLAIMS)**

PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THE BALLOT.

PLEASE CHECK THE APPROPRIATE BOX BELOW TO INDICATE YOUR ACCEPTANCE OR REJECTION OF THE PLAN OF REORGANIZATION PROPOSED BY CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF LESLIE KLEIN (AS AMENDED OR MODIFIED, THE "PLAN").

THIS FORM DOES NOT CONSTITUTE A PROOF OF CLAIM AND MUST NOT BE USED TO FILE A CLAIM OR TO INCREASE ANY AMOUNT LISTED IN THE DEBTOR'S SCHEDULES OR A PREVIOUSLY FILED PROOF OF CLAIM.

**Item 1.**   **Amount and Type of Claim**

The undersigned is a creditor holding a Claim as indicated below.

| TYPE OF CLAIM | CLASS IN PLAN | AMOUNT OF CLAIM (FOR VOTING PURPOSES ONLY) |
|---|---|---|
| Other Secured Claim | Class 3A | $ |

**Item 2.**   **Voting on the Plan**

The holder of the Claim(s) set forth in Item 1 votes (please check one):

\_\_\_\_  To Accept the Plan                    \_\_\_\_  To Reject the Plan

**Item 3.**   By signing this Ballot, the undersigned creditor hereby certifies that it has been provided with and has read a copy of the *Disclosure Statement in Support of the Plan of Liquidation of the Estate of Leslie Klein* [Docket No.    ] (the "Disclosure Statement") and it is the holder of the Claim(s) set forth in Item 1 and has full power and authority to vote to accept or reject the Plan. The undersigned also acknowledges that the solicitation is pursuant to the information contained in the Disclosure Statement and the Plan.

Creditor Name: _____

Signature: _____

Name of Signatory: _____
(Please Print or Type Name)
Address: _____

City, State & Zip Code: _____

Phone No.: _____   Email: _____   Date: _____

Ballots must be received on or before **March 24, 2026** (the "Voting Deadline"). Subject to the Order approving the Disclosure Statement, if a Ballot is received after the Voting Deadline, it will not be counted.

4906-1385-6900.1 78512.001

**VOTING INSTRUCTIONS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLEASE COMPLETE, SIGN AND DATE
THE BALLOT AND RETURN IT PROMPTLY TO THE
BALLOTING AGENT AT:**

<u>If by U.S. Postal Service, Overnight mail, or Hand Delivery:</u>

Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067
Attn:  Beth Dassa

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**YOUR BALLOT MUST BE RECEIVED BY
5:00 P.M. PACIFIC TIME ON MARCH 24, 2026
OR YOUR VOTE WILL NOT BE COUNTED**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1.  All capitalized terms used in the Ballot or Voting Instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan.

2.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims actually voting in each Class.

3.  For purposes of determining whether one-half in number of Claims in each Class have accepted the Plan, separate Claims held by a single creditor against the Debtor in a particular Class will be aggregated as if such creditor held one Claim in such Class, and the votes related to such Claims will be treated as a single vote to accept or reject the Plan.

4.  You must vote all of your Claims within a single Class under the Plan to either accept or reject the Plan.  Accordingly, a Ballot (or multiple Ballots with respect to multiple Claims within a single Class) that partially accepts and partially rejects the Plan will be counted as a single acceptance of the Plan.

5.  Please complete the Ballot, indicate acceptance or rejection of the Plan in the box indicated and sign and return this Ballot by mail to the Plan Proponents' agent as listed above **SO THAT IT IS RECEIVED BEFORE THE VOTING DEADLINE OF 5:00 P.M., PACIFIC TIME ON MARCH 24, 2026, AT THE APPLICABLE ADDRESS LISTED ABOVE.**  Subject to the Order approving the Disclosure Statement, if a Ballot is received after the Voting Deadline, it will not be counted.

6.  This Ballot does not constitute and shall not be deemed a proof of Claim or Interest or an assertion or admission of a Claim or Interest.

7.  Only Ballots submitted by persons who hold Claims as of the Voting Record Date, which is **February ⬜, 2026**, shall be counted.

8.  Only Ballots that are timely received with original signatures shall be counted.  **Ballots sent via facsimile or email will not be counted.**

IF YOU NEED ASSISTANCE IN COMPLETING YOUR BALLOT OR HAVE ANY QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL (ATTN: BETH DASSA), AT (310) 277-6910 or bdassa@pszjlaw.com (email preferred).

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No.: 2:23-bk-10990-NB |
| LESLIE KLEIN, | Chapter 11 |
| Debtor. | |

### BALLOT FOR HOLDERS OF CLAIMS IN CLASS 4 (GENERAL UNSECURED CLAIMS)

PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THE BALLOT.

PLEASE CHECK THE APPROPRIATE BOX BELOW TO INDICATE YOUR ACCEPTANCE OR REJECTION OF THE PLAN OF REORGANIZATION PROPOSED BY CHAPTER 11 TRUSTEE FOR DEBTOR LESLIE KLEIN (AS AMENDED OR MODIFIED, THE "PLAN").

THIS FORM DOES NOT CONSTITUTE A PROOF OF CLAIM AND MUST NOT BE USED TO FILE A CLAIM OR TO INCREASE ANY AMOUNT LISTED IN THE DEBTOR'S SCHEDULES OR A PREVIOUSLY FILED PROOF OF CLAIM.

**Item 1.**   **Amount and Type of Claim**

The undersigned is a creditor holding a Claim as indicated below.

| TYPE OF CLAIM | CLASS IN PLAN | AMOUNT OF CLAIM (FOR VOTING PURPOSES ONLY) |
|---|---|---|
| General Unsecured Claim | Class 4 | $ |

**Item 2.**   **Voting on the Plan**

The holder of the Claim(s) set forth in Item 1 votes (please check one):

_____ To Accept the Plan                _____ To Reject the Plan

**Item 3.**   By signing this Ballot, the undersigned creditor hereby certifies that it has been provided with and has read a copy of the *Disclosure Statement in Support of the Plan of Liquidation of the Estate of Leslie Klein* [Docket No. ▮] (the "Disclosure Statement") and it is the holder of the Claim(s) set forth in Item 1 and has full power and authority to vote to accept or reject the Plan. The undersigned also acknowledges that the solicitation is pursuant to the information contained in the Disclosure Statement and the Plan.

Creditor Name: _____

Signature: _____

Name of Signatory: _____
                             (Please Print or Type Name)

Address: _____

City, State & Zip Code: _____

Phone No.: _____ Email: _____ Date: _____

Ballots must be received on or before **March 24, 2026** (the "Voting Deadline"). Subject to the Order approving the Disclosure Statement, if a Ballot is received after the Voting Deadline, it will not be counted.

4906-1385-6900.1 78512.001

## VOTING INSTRUCTIONS

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**PLEASE COMPLETE, SIGN AND DATE
THE BALLOT AND RETURN IT PROMPTLY TO THE
BALLOTING AGENT AT:**

If by U.S. Postal Service, Overnight mail, or Hand Delivery:

Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067
Attn:  Beth Dassa

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**YOUR BALLOT MUST BE RECEIVED BY
5:00 P.M. PACIFIC TIME ON MARCH 24, 2026
OR YOUR VOTE WILL NOT BE COUNTED**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

1. All capitalized terms used in the Ballot or Voting Instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan.

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims actually voting in each Class.

3. For purposes of determining whether one-half in number of Claims in each Class have accepted the Plan, separate Claims held by a single creditor against the Debtor in a particular Class will be aggregated as if such creditor held one Claim in such Class, and the votes related to such Claims will be treated as a single vote to accept or reject the Plan.

4. You must vote all of your Claims within a single Class under the Plan to either accept or reject the Plan.  Accordingly, a Ballot (or multiple Ballots with respect to multiple Claims within a single Class) that partially accepts and partially rejects the Plan will be counted as a single acceptance of the Plan.

5. Please complete the Ballot, indicate acceptance or rejection of the Plan in the box indicated and sign and return this Ballot by mail to the Plan Proponents' agent as listed above **SO THAT IT IS RECEIVED BEFORE THE VOTING DEADLINE OF 5:00 P.M., PACIFIC TIME ON MARCH 24, 2026, AT THE APPLICABLE ADDRESS LISTED ABOVE.**  Subject to the Order approving the Disclosure Statement, if a Ballot is received after the Voting Deadline, it will not be counted.

6. This Ballot does not constitute and shall not be deemed a proof of Claim or Interest or an assertion or admission of a Claim or Interest.

7. Only Ballots submitted by persons who hold Claims as of the Voting Record Date, which is **February    , 2026**, shall be counted.

8. Only Ballots that are timely received with original signatures shall be counted.  **Ballots sent via facsimile or email will not be counted.**

IF YOU NEED ASSISTANCE IN COMPLETING YOUR BALLOT OR HAVE ANY QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL (ATTN: BETH DASSA), AT (310) 277-6910 or bdassa@pszjlaw.com (email preferred).