ROBERT P. GOE (State Bar No. 137019)
rgoe@goeforlaw.com
REEM J. BELLO (State Bar No. 198840)
rbello@goeforlaw.com
**GOE FORSYTHE & HODGES LLP**
17701 Cowan Avenue, Suite 210, Bldg. D
Irvine, CA 92614
Telephone: (949) 798-2460
Facsimile: (949) 955-9437

BRIAN A. PROCEL (State Bar No. 218657)
brian@procel-law.com
MARTIN H. PRITIKIN (State Bar No. 210845)
marty@procel-law.com
**PROCEL LAW, PC**
401 Wilshire Boulevard, 12th Floor
Santa Monica, California 90401
Telephone: (424) 788-4538

Attorneys for Judgment Creditors, Erica and Joseph Vago

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>Debtor, | Case No. 2:23-bk-10990-NB<br><br>Chapter 11 Proceeding<br><br>**OPPOSITION OF JUDGMENT CREDITORS ERICA AND JOSEPH VAGO TO APPROVAL OF THE CHAPTER 11 TRUSTEE'S DISCLOSURE STATEMENT**<br><br>Disclosure Statement Hearing:<br>Date:           February 17, 2026<br>Time:          2:00 p.m.<br>Place:         Courtroom 1545<br>                   U.S. Bankruptcy Court<br>                   255 E. Temple Street<br>                   Los Angeles, CA 90012 |

**TO THE HONORABLE NEIL BASON, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, OFFICE OF THE UNITED STATES TRUSTEE, CHAPTER 11 TRUSTEE, AND TO ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that Judgment Creditors Erica and Joseph Vago (collectively the "Vagos") hereby file this opposition to approval of the disclosure statement ("Disclosure

1

Statement") filed by Bradley D. Sharp, as the duly appointed chapter 11 trustee (the "Trustee") in the chapter 11 case of Leslie Klein (the "Debtor"), and respectfully represent as follows.

I. **INTRODUCTION**

With approximately **only $673,713 in funds on hand in the Estate** and in excess of **$7.6 million** in professional fees incurred by both the Trustee and his professionals to date, the Vagos have grave concerns regarding the potential distribution to creditors of this bankruptcy estate ("Estate"). *See* Monthly Operating Report for the period ending December 31, 2025 at Docket No. 1291. A total of approximately $5 million has been recovered by the Trustee at a cost of more than $7.6 million to the Estate, with over **$4 million** of this amount already paid to the Trustee and his professionals. What will be left for creditors of this Estate? The creditors in this Estate are victims of the Debtor who were duped out of tens of millions of dollars, including the Vagos. Despite the Vagos' best efforts and numerous pleadings filed in this bankruptcy case ("Case"), it is clear that this Case is not about the Vagos and the other victims being compensated from available assets of this Estate. Instead, it is about the continuous draining of the limited assets in the Estate by the Trustee and his professionals. As such, the Disclosure Statement should not be approved in its current form. There must be mechanisms in place that require Court and creditor oversight post-confirmation of the Liquidating Trustee as set forth below.

II. **THE DISCLOSURE STATEMENT IS NOT CLEAR ON WHAT REMAINING ASSETS, IF ANY, ARE TO BE RECOVERED**

Preliminarily, the Disclosure Statement is not clear on what remaining assets may be liquidated or collected by the Trustee. Certainly the funds in the Estate cannot sustain the rate at which professionals are depleting the assets of the Estate. The "Liquidation Analysis" attached as Exhibit B to the Disclosure Statement, projects on the high end that an additional almost $25 million will be recovered by the Trustee, but the only remaining assets listed in the Disclosure Statement to be liquidated are the insurance policies in Life Capital Group and the June Street Property. *See* p. 33 of Disclosure Statement at Docket No. 1283. It is unclear how the Trustee valued the remaining assets to be recovered at almost $25 million.

///

The Liquidation Analysis also asserts that there are an additional approximately $6 million in professional fees that have been approved but are not yet paid. *Id.* To date, Estate assets have only been used to pay the Trustee and his professionals. The Trustee projects in the Liquidation Analysis, on the low end, that general unsecured creditors are projected to receive only a 4% distribution on account of their claims. *Id.* There has not been a single distribution to the unsecured creditors of this Estate. At what point will creditors see the fruits of these millions of dollars of fees incurred? It appears that what the Vagos have been fearing all along is coming to fruition. Creditors have not received any distribution and despite the continued promise of a distribution at some later date, the projected distribution is dismal compared to the millions in fees incurred and paid to the Trustee and his professionals. Finally, there is no guarantee that additional assets will be recovered and why the Trustee needs a team of professionals post-confirmation to liquidate the minimal assets that may be recovered post-confirmation. As such, without additional adequate information regarding the value of the assets to be recovered by the Trustee, the Disclosure Statement should not be approved at this time.

### III. COURT AND CREDITOR OVERSIGHT POST-CONFIRMATION MUST BE REQUIRED

Again, the creditors of this Case are victims of the Debtor, many of whom are elderly and there must be a substantial distribution to the general unsecured creditors. To date, the Trustee and his professionals have incurred fees and costs in excess of $7.6 million, with over $4 million of this amount already paid to the Trustee and his professionals. Again, there is only $673,713 in funds on hand in the Estate while general unsecured creditors are owed in excess of $52 million. Furthermore, the Liquidation Analysis projects that the Trustee will incur an additional over $1.7 million in professional fees simply to administer the Liquidating Trust to its conclusion. *See* p. 33 of Disclosure Statement at Docket No. 1283. These professional fees are projected to be incurred post-confirmation without any oversight by the Court or creditors of the Estate. The creditors of this Estate cannot afford to have professionals run up an additional $2 million in fees post-confirmation without any oversight as not even the 4% projected distribution is guaranteed at this point. The Estate does not even have sufficient funds to pay the prior professional fee amounts

3

1  allowed by this Court.

2  Therefore, the Vagos request that the Court require that an oversight committee ("Oversight Committee") of general unsecured creditors be created to oversee and be consulted on the post-confirmation collection of Estate assets, including with respect to any litigation that the Liquidating Trustee may undertake or any settlements that the Liquidating Trustee may enter into. Furthermore, the allowance and payment of any post-confirmation fees of the Liquidating Trustee and his professionals must be subject to approval of the Bankruptcy Court. The Trustee and his professionals cannot be permitted to further deplete the assets of this Estate until unsecured creditors receive a substantial distribution in this Case. In order to ensure that the Trustee's professionals do not wipe out all assets in the Estate, leaving nothing for Debtor's victims, both an Oversight Committee should be appointed, and any post-confirmation fees of the Liquidating Trustee and his professionals should be subject to approval by the Bankruptcy Court.

Further, any post-confirmation settlements must be approved by the Bankruptcy Court.

## IV.  CONCLUSION

For the reasons set forth above, the Disclosure Statement should not be approved at this time as requested when there is great uncertainty as to what distribution will be made to general unsecured creditors. The Estate does not even have sufficient funds on hand to pay the fees and expenses which have already been allowed. Therefore, the Vagos request that Disclosure Statement be amended to require the appointment of an Oversight Committee post-confirmation as well to provide for Bankruptcy Court approval of any post-confirmation fees of the Liquidating Trustee and his professionals in order to ensure that there is a meaningful distribution to the general unsecured creditors of this Estate.

Respectfully submitted,

Dated: February 10, 2026    **GOE FORSYTHE & HODGES LLP**

By: /s/Robert P. Goe
Robert P. Goe
Attorneys for Judgment Creditors Erica Vago and Joseph Vago

4

# PROOF OF SERVICE

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 17701 Cowan, Bldg. D., Suite 210, Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION OF JUDGMENT CREDITORS ERICA AND JOSEPH VAGO TO APPROVAL OF THE CHAPTER 11 TRUSTEE'S DISCLOSURE STATEMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 10, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) February 10, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 10, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- Judge Bason does not require copies

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 10, 2026 | Kerry A. Murphy | /s/Kerry A. Murphy |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

5

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Mailing Information for Case 2:23-bk-10990-SK**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Simon Aron    saron@wrslawyers.com, moster@wrslawyers.com;jlee@wrslawyers.com
- Reem J Bello    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Ron Bender    rb@lnbyg.com
- Michael Jay Berger    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- Greg P Campbell    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- Baruch C Cohen    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- Theron S Covey    AttorneyTCovey@gmail.com
- Daniel A Crawford    dac@crawfordlawgroup.com
- Michael G D'Alba    mgd@lnbyg.com
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Craig A Edelman    notice@bkcylaw.com
- Dane W Exnowski    dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- Todd S. Garan    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- Robert P Goe    rgoe@goeforlaw.com, kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- Michael I. Gottfried    mgottfried@elkinskalt.com, lwageman@elkinskalt.com,docketing@elkinskalt.com,lmasse@elkinskalt.com
- M. Jonathan Hayes    jhayes@rhmfirm.com
- Brandon J. Iskander    biskander@goeforlaw.com, kmurphy@goeforlaw.com;jfountain@goeforlaw.com
- Michael S Kogan    mkogan@koganlawfirm.com
- Matthew A Lesnick    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com;porpe@lesnickprince.com
- John W Lucas    jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Armen Manasserian    armen@ml-apc.com, jennifer@ml-apc.com,maria@ml-apc.com
- Ron Maroko    ron.maroko@usdoj.gov
- Kirsten Martinez    Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- Steven M Mayer    smayer@mayerlawla.com
- Christopher M McDermott    ch11ecf@aldridgepite.com, CMM@ecf.inforuptcy.com;cmcdermott@aldridgepite.com
- Krikor J Meshefejian    kjm@lnbyg.com
- Jeffrey P Nolan    jnolan@pszjlaw.com
- Eric J Olson    eric@ejolsonlaw.com
- Lisa Patel    lpatel@lesnickprince.com, jmack@lesnickprince.com;porpe@lesnickprince.com;lpatel@ecf.courtdrive.com
- Jeffrey N Pomerantz    jpomerantz@pszjlaw.com
- Brian A Procel    brian@procel-law.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- Matthew D. Resnik    matt@rhmfirm.com, roksana@rhmfirm.com;russ@rhmfirm.com;sloan@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;rosario@rhmfirm.com;gabriela@rhmfirm.com;david@rhmfirm.com
- Kevin Ronk    Kevin@portilloronk.com,

eService@cym.law,karen@cym.law,jodie@cym.law,aileen@cym.law,sarah@cym.law
- Joshua L Scheer    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- Bradley D. Sharp (TR)    bsharp@dsi.biz
- Richard P Steelman    RPS@LNBYG.COM
- Nikko Salvatore Stevens    nikko@cym.law, eService@cym.law,karen@cym.law,aileen@cym.law,sarah@cym.law
- Alan G Tippie    Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- Gary Tokumori    gtokumori@pmcos.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Michael L Wachtell    mwachtell@buchalter.com, marias@buchalter.com;docket@buchalter.com
- John P. Ward    jward@attleseyward.com, ephuong@attleseyward.com
- Brett J. Wasserman    wasserman@smcounsel.com
- Alex M Weingarten    aweingarten@willkie.com, lcarter@willkie.com
- Beth Ann R. Young    bry@lnbyg.com, bry@lnbyb.com
- Clarisse Young    youngshumaker@smcounsel.com, levern@smcounsel.com
- Paul P Young    paul@cym.law, eService@cym.law,karen@cym.law,jodie@cym.law
- Roye Zur    rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com