Paul P. Young (SBN 257571)
Joseph Chora (SBN 284700)
Kevin Ronk (SBN 241598)
**CHORA YOUNG & MANASSERIAN LLP**
281 E. Colorado Blvd., Suite 378
Pasadena, California 91101
Tel.: (626) 744-1838
Fax: (626) 744-3167
Email: paul@cym.law

Attorneys for Franklin H. Menlo, co-trustee
of the Franklin Menlo Irrevocable Trust established
March 1, 1983

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>      Debtor. | Case No. 2:23-bk-10990-NB<br><br>Chapter 11<br><br>**OBJECTION OF THE FRANKLIN H. MENLO IRREVOCABLE TRUST TO DISCLOSURE STATEMENT IN SUPPORT OF CHAPTER 11 TRUSTEE'S PLAN OF LIQUIDATION OF THE ESTATE OF LESLIE KLEIN**<br><br>Date:    February 24, 2026<br>Time:   2:00 p.m.<br>Place:   Courtroom 1545<br>           255 East Temple Street<br>           Los Angeles, CA 90012 |

**TO THE HONORABLE NEIL BASON, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, OFFICE OF THE UNITED STATES TRUSTEE, CHAPTER 11 TRUSTEE, AND ALL PARTIES IN INTEREST:**

Franklin Menlo, in his capacity as co-trustee of the Franklin H. Menlo Irrevocable Trust established March 1, 1983, hereby files his objection (the "Objection") to the Chapter 11 Trustee's Disclosure Statement in Support of Chapter 11 Trustee's Plan of Liquidation of the Estate of Leslie Klein [Dkt. 1283] (the "Disclosure Statement") on the following grounds.

I. **INTRODUCTION**

The Disclosure Statement filed by the Chapter 11 Trustee in support of the Chapter 11 Trustee's Plan of Liquidation of the Estate of Leslie Klein (the "Proposed Plan") fails to satisfy the minimum requirements of 11 U.S.C. § 1125. Rather than providing creditors with the "adequate information" necessary to make an informed judgment regarding the Proposed Plan, the Disclosure Statement omits critical details concerning asset values, liquidation assumptions, governance and oversight of the proposed Liquidation Trustee, post-confirmation fees, and the risks associated with the Proposed Plan. As drafted, the Disclosure Statement asks creditors to vote on a liquidation structure without meaningful transparency, accountability, or the ability to evaluate whether the Proposed Plan will actually yield a recovery superior to a chapter 7 liquidation. For these reasons, and as set forth more fully below, the Disclosure Statement should not be approved absent substantial amendment.

II. **LEGAL STANDARD**

The Disclosure Statement does not contain "adequate information" within the meaning of section 1125 of title 11 of the United States Code (the "Bankruptcy Code") and cannot be approved unless amended to provide significant additional information. Section 1125(b) of the Bankruptcy Code provides that "[a]n acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information." 11 U.S.C. § 1125(b). The Bankruptcy Code defines "adequate information" as follows:

> "adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of

2

claims or interest in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information…

11 U.S.C. §1125(a)(1); *In re Zenith Elecs. Corp.*, 241 B.R. 92, 99-100 (Bankr. D. Del. 1999)(disclosure statement must contain information that is "reasonably practicable [to permit an] informed judgment" by holders of claims or interests entitled to vote on the plan)(overruled in part on other grounds); *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991) (disclosure statement "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution."); *In re Crowthers McCall Patterns, Inc.*, 120 B.R. 279, 300 (Bankr. S.D.N.Y. 1990) ("At the 'heart' of the chapter 11 process is the requirement that holders of claims in impaired classes be furnished a proper disclosure statement 'that would enable a hypothetical reasonable investor…to make an informed judgment about the plan'" (quoting H.R. Rep. No. 95-595, at 408-409 (1977), reprinted in 1978 U.S.C.C.A.N. 6963, 6364- 65)).

The determination of whether a particular disclosure statement provides "adequate information" is "subjective and made on a case by case basis . . . [and] . . . is largely within the discretion of the bankruptcy court." *In re Texas Extrusion Corp.*, 844 f.2d 1142, 1157 (5th Cir. 1988); *accord, e.g., Menard-Sanford v. Mabey (In re A.H. Robins Co.)*, 880 F.2d 694, 696 (4th Cir. 1989). Nevertheless, in determining whether the "adequate information" requirements of section 1125(b) have been satisfied in a particular case, courts frequently investigate whether the disclosure statement provides descriptions of the following information:

(1) the events which led to the filing of a bankruptcy petition;

(2) a description of the available assets and their value;

(3) the anticipated future of the company;

(4) the source of information stated in the disclosure statement;

(5) a disclaimer;

(6) the present condition of the debtor while in Chapter 11;

(7)    the scheduled claims;

(8)    the estimated return to creditors under a Chapter 7 liquidation;

(9)    the accounting method utilized to produce financial information and the name of the accountants responsible for such information;

(10)    the future management of the debtor;

(11)    the Chapter 11 plan or a summary thereof;

(12)    the estimated administrative expenses, including attorneys' and accountants' fees;

(13)    the collectability of accounts receivable;

(14)    financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan;

(15)    information relevant to the risks posed to creditors under the plan;

(16)    the actual or projected realizable value from recovery of preferential or otherwise voidable transfers;

(17)    litigation likely to arise in a nonbankruptcy context; tax attributes of the debtor;

(18)    tax attributes of the debtor; and

(19)    the relationship of the debtor with affiliates.

*In re Metrocraft Pub. Servs. Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984); *accord, e.g., In re Reilly*, 71 B.R. 132, 134 (Bankr. D. Mont. 1987).

## III.   THE OBJECTIONS

The Chapter 11 Trustee's Disclosure Statement is deficient for the following reasons:

### 1.   The Disclosure Statement is Vague as to How the Liquidation Trustee Will be Selected and by Whom

The Disclosure Statement indicates the Liquidation Trustee shall be appointed pursuant to the Confirmation Order. However, the Disclosure Statement lacks any detail about the process for selecting a Liquidation Trustee. The Disclosure Statement should provide more detail about how the Liquidation Trustee will be selected and by whom. The creditors of the bankruptcy estate should have some say in the selection of Liquidation Trustee, or, at least the process for selecting the Liquidation Trustee should be transparent to the creditors.

4

OBJECTION OF THE FRANKLIN H. MENLO IRREVOCABLE TRUST TO DISCLOSURE STATEMENT IN SUPPORT OF CHAPTER 11 TRUSTEE'S PLAN OF LIQUIDATION OF THE ESTATE OF LESLIE KLEIN

### 2. The Disclosure Statement Does Not Attach the Proposed Liquidation Trust Agreement

The Disclosure Statement states "[t]he powers, rights, and responsibilities of the Liquidation Trustee shall be specified in and subject to the terms of the Liquidation Trust Agreement…" The Creditor Trust Agreement should be attached to the Disclosure Statement so creditors are able to understand the proposed terms of the agreement they are voting on.

### 3. The Disclosure Statement and Plan Provide for No Oversight of the Liquidation Trustee or its Professionals

The Liquidation Trust is set up such that there will be virtually no oversight of the Liquidation Trustee's activities. Under the Disclosure Statement and Proposed Plan, the Liquidation Trustee will have all of the rights and powers of a trustee in bankruptcy, a chapter 11 trustee and/or a debtor in possession; however, the Liquidation Trustee will have little, if any, oversight. The Liquidation Trustee may pursue avoidance actions, claim objections, settle or abandon the avoidance actions and claim objections, employ and pay estate professionals and pay himself, herself or itself all without notice or order of this Court.

According to the Monthly Operating Report for the month ending December 31, 2025 [Dkt. 1291], the approved trustee and estate professional fees and costs total $7,609,349[1]. Of this amount, $4,004,588 in fees and costs have already been paid. The creditors need oversight of the Liquidation Trustee's activities. The Menlo Trust agrees with and joins in the Vagos' request that the Court require an oversight committee of general unsecured creditors be created to oversee and be consulted on the post-confirmation collection of Estate assets, including with respect to any litigation that the Liquidating Trustee may undertake or any settlements that the Liquidating Trustee may enter into. The Menlo Trust also supports the Vagos' request that the post-confirmation fees of the Liquidating Trustee and its professionals be subject to bankruptcy court approval.

---

[1] This amount already exceeds the high estimate in pre-effective administrative claims set forth in the Trustee's Liquidation Analysis, $5,972,243, by nearly $1,700,000.

4. **The Disclosure Statement Lacks Adequate Information Concerning the Description of the Assets and Their Value**

The Disclosure Statement states generally that the assets that will fund the Liquidation Trust are the cash, equity interest in LCG, the June Street Property, the interests in certain life insurance policies, and the Causes of Action. However, Disclosure Statement does not list the respective values of the assets.  A reasonable investor would want to know the relative values of the assets to assess the likelihood of distribution.  This is especially true here where the Trustee's Liquidation Analysis reports a wide range assets available for distribution of nearly $10,500,000 on the low end to $25,0000,000 on the high end. The Disclosure Statement does not explain why the range is so large.  Similarly, the estimated distribution ranges between 4% and 28%.  How much of value is cash or real estate versus riskier assets like the Causes of Action?  The Liquidation Analysis offers no assistance here because it reports only "Total Assets" without any itemization.  It also appears from Footnote 1 to the Liquidation Analysis that "Total Assets" does not include any value for the Causes of Action.  If true, the Trustee should state that fact in the text of the Disclosure Statement and explain why there is no value in the Causes of Action.

5. **The Liquidation Analysis is Deficient and Does Not Allow Creditors to Properly Evaluate the Risk the Plan Will Not Yield a Distribution Equal to or Greater than a Chapter Liquidation**

The Trustee's Liquidation Analysis is deficient and inadequate.  The relative asset values are not broken out.  There is no disclosure of the amount of the pre-effective date administrative claims that have already been paid.  There is no disclosure of the assumptions or basis for the estimated pre or post-effective date administration costs or how the chapter 7 administrative claims were estimated.  Given the summary level information provided in the Liquidation Analysis and the lack of information provided as to how the figures were calculated, one cannot evaluate the chances that the Proposed Plan will produce a better result than a chapter 7 liquidation

6. **The Disclosure Concerning Discharge is Inconsistent with the Information Provided in the Plan – The Disclosure Statement Should be Amended**

The Chapter 11 Trustee's Plan of Liquidation of the Estate of Leslie Klein [Dkt. 1282](the "Proposed Plan") states, "[p]ursuant to section 1141(d)(5) of the Bankruptcy Code, Section 13.1 of

the Plan, the Trustee is not seeking entry of an Order discharging the prepetition claims against the Debtor." See Proposed Plan at Section 13.1, pg. 22 of 36. This same language does not appear in the Disclosure Statement. In fact, the Disclosure Statement leaves open the possibility of a discharge and states, "[a]ny discharge of the Debtor is subject to section 1141(d)(5) of the Bankruptcy Code." Disclosure Statement at Section VIII.C., pg. 30 of 33.

The Disclosure Statement should be amended in a manner to reflect that the Chapter 11 Trustee is not seeking entry of an order discharging the prepetition claims against the Debtor.

## IV. CONCLUSION

For the foregoing reasons, the Menlo Trust respectfully requests that the Court not approve the Disclosure Statement in its current form. The Disclosure Statement fails to provide adequate information to allow creditors to make an informed decision to vote in favor of or against the Proposed Plan and should be amended. The Menlo Trust also requests that the Disclosure Statement be amended to provide for the appointment of an oversight committee of general unsecured creditors and require that the post-confirmation fees of the Liquidation Trustee and its professionals be subject to bankruptcy court approval.

DATED: February 10, 2026        Respectfully submitted,

**CHORA YOUNG & MANASSERIAN LLP**

By:    /s/ Kevin Ronk
Paul Young
Kevin Ronk
Attorneys for Franklin H. Menlo, co-trustee of the Franklin Menlo Irrevocable Trust established March 1, 1983

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:   281 E. Colorado Blvd., Suite 378, Pasadena, California 91101

A true and correct copy of the foregoing document entitled (*specify*):

**OBJECTION OF THE FRANKLIN H. MENLO IRREVOCABLE TRUST TO DISCLOSURE STATEMENT IN SUPPORT OF CHAPTER 11 TRUSTEE'S PLAN OF LIQUIDATION OF THE ESTATE OF LESLIE KLEIN**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **February 10, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Attached.

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **February 10, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **February 10, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 10, 2026 | Kevin Ronk | /s/ Kevin Ronk |
|---|---|---|
| Date | Printed Name | Signature |

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) (continued):**

- **Simon Aron**  saron@wrslawyers.com, moster@wrslawyers.com;jlee@wrslawyers.com
- **Reem J Bello**  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Ron Bender**  rb@lnbyg.com
- **Michael Jay Berger**  michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Greg P Campbell**  ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Baruch C Cohen**  bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Theron S Covey**  AttorneyTCovey@gmail.com
- **Daniel A Crawford**  dac@crawfordlawgroup.com
- **Michael G D'Alba**  mgd@lnbyg.com
- **Jeffrey W Dulberg**  jdulberg@pszjlaw.com
- **Craig A Edelman**  notice@bkcylaw.com
- **Dane W Exnowski**  dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Todd S. Garan**  ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Robert P Goe**  rgoe@goeforlaw.com, kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Michael I. Gottfried**  mgottfried@elkinskalt.com, lwageman@elkinskalt.com,docketing@elkinskalt.com,lmasse@elkinskalt.com
- **M. Jonathan Hayes**  jhayes@rhmfirm.com
- **Brandon J. Iskander**  biskander@goeforlaw.com, kmurphy@goeforlaw.com;jfountain@goeforlaw.com
- **Michael S Kogan**  mkogan@koganlawfirm.com
- **Matthew A Lesnick**  matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com;porpe@lesnickprince.com
- **John W Lucas**  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Armen Manasserian**  armen@ml-apc.com, jennifer@ml-apc.com,maria@ml-apc.com
- **Ron Maroko**  ron.maroko@usdoj.gov
- **Kirsten Martinez**  Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Steven M Mayer**  smayer@mayerlawla.com
- **Christopher M McDermott**  ch11ecf@aldridgepite.com, CMM@ecf.inforuptcy.com;cmcdermott@aldridgepite.com
- **Krikor J Meshefejian**  kjm@lnbyg.com
- **Jeffrey P Nolan**  jnolan@pszjlaw.com
- **Eric J Olson**  eric@ejolsonlaw.com
- **Lisa Patel**  lpatel@lesnickprince.com, jmack@lesnickprince.com;porpe@lesnickprince.com;lpatel@ecf.courtdrive.com
- **Jeffrey N Pomerantz**  jpomerantz@pszjlaw.com
- **Brian A Procel**  brian@procel-law.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- **Matthew D. Resnik**  matt@rhmfirm.com, roksana@rhmfirm.com;russ@rhmfirm.com;sloan@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;rosario@rhmfirm.com;gabriela@rhmfirm.com;david@rhmfirm.com
- **Kevin Ronk**  Kevin@portilloronk.com, eService@cym.law,karen@cym.law,jodie@cym.law,aileen@cym.law,sarah@cym.law
- **Joshua L Scheer**  jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Bradley D. Sharp (TR)**  bsharp@dsi.biz
- **Richard P Steelman**  RPS@LNBYG.COM
- **Nikko Salvatore Stevens**  nikko@cym.law, eService@cym.law,karen@cym.law,aileen@cym.law,sarah@cym.law

9

OBJECTION OF THE FRANKLIN H. MENLO IRREVOCABLE TRUST TO DISCLOSURE STATEMENT IN SUPPORT OF CHAPTER 11 TRUSTEE'S PLAN OF LIQUIDATION OF THE ESTATE OF LESLIE KLEIN

- **Alan G Tippie**  Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **Gary Tokumori**  gtokumori@pmcos.com
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov
- **Michael L Wachtell**  mwachtell@buchalter.com, marias@buchalter.com;docket@buchalter.com
- **John P. Ward**  jward@attleseyward.com, ephuong@attleseyward.com
- **Brett J. Wasserman**  wasserman@smcounsel.com
- **Alex M Weingarten**  aweingarten@willkie.com, lcarter@willkie.com
- **Beth Ann R. Young**  bry@lnbyg.com, bry@lnbyb.com
- **Clarisse Young**  youngshumaker@smcounsel.com, levern@smcounsel.com
- **Paul P Young**  paul@cym.law, eService@cym.law,karen@cym.law,jodie@cym.law
- **Roye Zur**  rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

10

OBJECTION OF THE FRANKLIN H. MENLO IRREVOCABLE TRUST TO DISCLOSURE STATEMENT IN SUPPORT OF CHAPTER 11 TRUSTEE'S PLAN OF LIQUIDATION OF THE ESTATE OF LESLIE KLEIN