Jeffrey W. Dulberg (CA Bar No. 181200)
John W. Lucas (CA State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760
jdulberg@pszjlaw.com
jlucas@pszjlaw.com

Counsel to Bradley D. Sharp, Chapter 11 Trustee

**FILED & ENTERED**

**MAR 02 2026**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY llewis     DEPUTY CLERK**

**CHANGES MADE BY COURT**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

|  |  |
|---|---|
| In re:<br><br>LESSLIE KLEIN,<br><br><div align=center>Debtor.</div> | Case No.: 2:23-bk-10990-SK<br><br>Chapter 11<br><br>**ORDER (I) APPROVING DISCLOSURE STATEMENT, AND (II) GRANTING MOTION FOR ORDER (1) APPROVING PLAN SOLICITATION, NOTICE, AND VOTING PROCEDURES,**<br>**(2) APPROVING FORMS OF NOTICE AND BALLOTS, AND**<br>**(3) ESTABLISHING PLAN CONFIRMATION DEADLINES AND PROCEDURES**<br><br>[Relates to Docket Nos. 1282, 1283, 1286, 1295, 1296, and 1301]<br><br><u>Disclosure Statement Hearing</u>:<br><br>**DATE:**    February 24, 2026<br>**TIME:**    2:00 p.m.<br>**PLACE:**   255 East Temple Street<br>            Los Angeles, California<br>**CTRM**:    1545 |

This matter came on for hearing upon the disclosure statement and the motion [Docket No. 1286] (the "**Motion**") of Bradley D. Sharp, as the duly appointed chapter 11 trustee (the "**Trustee**" or "**Plan Proponent**") in the Chapter 11 case of Leslie Klein (the "**Debtor**") for an order (i) approving the *Disclosure Statement in Support of the Plan of Liquidation of the Estate of Leslie*

*Klein* [Docket No. 1312] (the "**Disclosure Statement**"), (ii) establishing the voting deadline, notice, and procedures for filing objections to confirmation of the *Plan of Liquidation of the Estate of Leslie Klein* [Docket No. 1311] (as may be amended or modified, the "Plan"), (iii) approving the forms of ballots (the "**Ballots**"), (iv) establishing solicitation and tabulation procedures, and (v) granting related relief.[1]  Appearances were as noted on the record.

The Court, having considered the Motion and the Disclosure Statement proposed by the Plan Proponent, the objection filed by judgment creditors Erica and Joseph Vago [Docket No. 1295] (the "**Vago Objection**"), the objection filed by The Franklin H. Menlo Irrevocable Trust [Docket No. 1296] (the "**Menlo Objection**", and together with the Vago Objection, the "**Objections**"), and the reply to the Objections filed by the Plan Proponent [Docket No. 1301]; and it appearing that adequate and sufficient notice of the Motion and Disclosure Statement has been given under the circumstances; and it further appearing that adequate and sufficient notice, pursuant to Bankruptcy Rule 2002(b), Local Bankruptcy Rule 3017-1 and any other applicable Bankruptcy Rule, of the hearing to approve the Disclosure Statement has been given; and after due deliberation and upon the Court's determination that the relief requested in the Motion is in the best interests of the Debtor's estate, creditors, and other parties in interest; and good cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1.  The Motion is **GRANTED**.

2.  The Objections, as they related to disclosure issues, are **OVERRULED**.

3.  The rights and defenses of the Trustee and all parties in interest are preserved regarding whether (a) the liquidation trust should include an oversight committee as part of any liquidation trust agreement approved under the Plan; (b) the post-effective date professional fees of the professionals engaged by a liquidation trustee under the Plan should be subject to the Court's approval; ~~and~~ (c) post-effective date settlements entered into by the any liquidation trust under the Plan should be subject to the Court's approval; and (d) any other objections that are properly raised in connection with whether to confirm the Plan (as distinguished from Disclosure Statement objections).

---

[1] Any capitalized term not defined herein shall have the meaning ascribed to such term in the Motion.

4.    The Disclosure Statement contains "adequate information" as defined in Bankruptcy Code section 1125(a), and is hereby APPROVED in all respects pursuant to Bankruptcy Code section 1125(a).

5.    A hearing to consider confirmation of the Plan will be held on **April 21, 2026 at 2:00 p.m. (Pacific Time)**, or as soon thereafter as counsel can be heard, before the Honorable Neil W. Bason in Courtroom 1545 of the United States Bankruptcy Court for the Central District of California, located at 255 E. Temple St., Los Angeles, CA 90012 (the "Confirmation Hearing"). The Confirmation Hearing may be adjourned from time to time without further notice other than the announcement at the Confirmation Hearing of the date or dates of any adjourned hearing.  In addition, the Plan may be modified without further notice, prior to, at, or as a result of, the Confirmation Hearing.

6.    The record date for purposes of voting to accept or reject the Plan is the date of entry of this order (the "Voting Record Date").

7.    Upon entry of this Order and no later than **March 10, 2026**, the Trustee is authorized and directed to mail, or cause to be mailed, by United States Postal Service, first-class delivery, to: (i) the Debtor and his bankruptcy counsel; (ii) all parties or entities that have filed proofs of claim on or before the Voting Record Date (as defined below), provided that such claim is not a Non-Voting Claim;* (iii) all parties identified in the Debtor's Schedules as holding liquidated, non-contingent, undisputed claims as of the Voting Record Date, provided that such claim is not a Non-Voting Claim; * (iv) all other known (known to the Trustee and his counsel) Holders of Claims against, or interests in, the Debtor as of the Voting Record Date, provided that such claim is not a Non-Voting Claim; * (v) all parties to executory contracts and unexpired leases with the Debtor as reflected in the Schedules; (vi) counsel for the Committee; (vii) members of the Committee; (viii) the U.S. Trustee; (ix) the Internal Revenue Service; and (x) the Securities and Exchange Commission (collectively, the "Notice Parties"), the following items to be in included in the "Solicitation Package":

(i)    notice of the Confirmation Hearing ~~and non-voting status~~,* and related matters, including notice of the time fixed for filing objections to Confirmation of the Plan,

4900-0771-3924.4 78512.001                    3

substantially in the form attached hereto as **Exhibit A** (the "Confirmation Hearing Notice") (which form may be single-spaced or otherwise reformatted by the Plan Proponent in his discretion);*

(ii)    the Disclosure Statement (inclusive of the Liquidation Analysis, Addendum, and Liquidation Trust Agreement) and the Plan (as an exhibit to the Disclosure Statement);

(iii)    a copy of this Order;* and

(iv)    If the recipient is a creditor entitled to vote on the Plan, a hard copy of an applicable Ballot (with voting instructions thereon), and a pre-addressed return envelope shall also be included in and be a part of the Solicitation Package.

* Non-Voting Claims must be served with the Confirmation Hearing Notice and a copy of this Order, but should not be served with any Ballot and need not be served with a copy of the Disclosure Statement or the Plan (provided that those documents must be made available upon request).

8.    For purposes of distributing the Solicitation Package, Holders of Claims as of the Voting Record Date are (i) those persons or entities listed on the Debtor's Schedules as holding a claim (other than creditors with claims scheduled as disputed, contingent or unliquidated who have failed to timely file a proof of claim), as amended, from time to time, prior to the Voting Record Date, and (ii) those persons or entities that have filed with the Court a proof of claim asserting a claim that has not been disallowed, withdrawn or expunged on or before the Voting Record Date, excluding any holders of Non-Voting Claims.*

9.    The Trustee is not required to serve the Solicitation Package on any person or entity for which the notice of the hearing on the approval of the Disclosure Statement has been returned by the United States Postal Service as undeliverable, unless the Plan Proponent receives an accurate address for such addressee.

10.    The Confirmation Hearing Notice, substantially in the form attached here as **Exhibit A**, is hereby approved.

4900-0771-3924.4 78512.001                                        4

11.    The Ballots, substantially in the forms attached hereto as **Exhibit B**, are hereby approved.

12.    The Trustee is authorized to make non-substantive modifications to the Disclosure Statement and other documents in the Solicitation Package prior to distribution in order to insert dates and deadlines or make corrections or modifications of any typographical error that is conforming and/or ministerial in nature.

13.    The deadline for the receipt of Ballots accepting or rejecting the Plan shall be **on April 7, 2026** (the "Voting Deadline").  For a Ballot to be counted, it must be actually received prior to the Voting Deadline at the applicable address indicated in the voting instructions that accompany the Ballot.

14.    For the purposes of voting, the amount of a claim used to tabulate acceptance or rejection of the Plan (regardless of whether the claim amount that may be listed by a voting creditor on a particular Ballot differs from the following amounts) shall be: (a) the claim amount listed on the Debtor's Schedules, provided that (i) such claim is not scheduled as contingent, unliquidated or disputed, (ii) no proof of claim has been timely filed, and (iii) no objection to the claim as scheduled has been filed by the time of the Confirmation Hearing; or (b) the liquidated amount specified in a proof of claim timely filed to the extent the liquidated amount specified in such proof of claim is not the subject of an objection to claim filed before the Confirmation Hearing (or in the case of claims resolved pursuant to a stipulation or order entered by the Court before the Confirmation Hearing, the amount set forth in such stipulation or order); or (c) the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018(a), after notice and a hearing prior to the Confirmation Hearing.

15.    If a creditor casts a Ballot and has filed a proof of claim that is the subject of an objection filed before the Confirmation Hearing, the creditor's Ballot shall not be counted, unless: (i) some portion of the creditor's claim is not disputed, in which case such creditor's Ballot shall only be counted up to the undisputed amount of the creditor's claim; or (ii) the creditor's claim is temporarily allowed by the Court for voting purposes in accordance with Bankruptcy Rule 3018, after notice and a hearing prior to the Confirmation Hearing.  Ballots cast by creditors whose claims

are not listed on the Debtor's Schedules, but who have timely filed proofs of claim in unliquidated or unknown amounts that are not the subject of an objection filed before the commencement of the Confirmation Hearing, will not be counted, unless such claim is temporarily allowed or estimated for voting purposes by the Court prior to the Confirmation Hearing.

16.    The Trustee is authorized and directed to accept, review, determine the validity of, and tabulate the Ballots and report to the Court on the votes for acceptance and rejection of the Plan, in a reasonable and customary manner.

17.    Ballots received by the Trustee in the following categories shall not be counted as an acceptance or rejection of the Plan, unless otherwise ordered by the Court:

(a)    Ballots where the claimant or the claimant's representative did not use the authorized form, or a form of Ballot substantially similar to such authorized form;

(b)    Ballots not received by the Trustee on or before the Voting Deadline;

(c)    Ballots where the claimant or the claimant's authorized representative checked boxes indicating both acceptance and rejection of the Plan;

(d)    Ballots not signed by the claimant or the claimant's authorized representative; and

(e)    Ballots where the individual or institution casting the Ballot (whether directly or as representative) was not a Holder of a Claim as of the Voting Record Date and, therefore, was not entitled to vote.

18.    The following voting procedures and standard assumptions will be used in tabulating Ballots:

(a)    Creditors must vote all of their Claims within a particular class either to accept or reject the Plan and may not split their vote.  Accordingly, a Ballot (or multiple ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will not be counted.

(b)    Ballots that fail to indicate an acceptance or rejection of the Plan otherwise properly executed and received prior to the Voting Deadline, will not be counted.

(c)    Only Ballots that are timely received with original signatures will be counted. Unsigned Ballots will not be counted.  Ballots sent via facsimile or email will not be counted.

4900-0771-3924.4 78512.001                6

(d)    If prior to the Voting Deadline, a holder of a claim casts more than one Ballot for the same claim, the last properly completed Ballot received by the Plan Proponent prior to the Voting Deadline will be deemed to reflect the voter's intent and to supersede any prior Ballot.

19.    **April 7, 2026** is fixed as the last day for filing and serving written objections, comments or responses, including any supporting memoranda, to confirmation of the Plan.  Any such objections must be in writing and must (1) specify a caption setting forth the name of the court, the case number and title of the objection, indicating the matter to which objection is being made, (2) state the name and address of the objector and the amount of its claim or the nature of its interest in the Debtor's Chapter 11 Case, (3) specify the basis and nature of the objection, and (4) be filed with the Clerk of the Court, together with proof of service, and served upon the following parties:  (a) counsel to the Trustee, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, Telephone: 310-277-6910, Facsimile: 310-201-0760, Attn: Jeffrey W. Dulberg and John W. Lucas; and (b) Office of the United States Trustee, Attn: Ron Maroko, 915 Wilshire Blvd., Ste 1850, Los Angeles, CA 90017.  To preserve an objection, anyone filing an objection must also attend the Confirmation Hearing, either in person or through counsel.  The Confirmation Hearing, generally or as to any matter being considered thereat, may be adjourned from time to time by the Court without further notice except for an adjournment announced at the Confirmation Hearing or any adjournment of that hearing.  Any objections not filed and served as set forth above shall be deemed waived and shall not be considered by the Court.

20.    **April 14, 2026** is fixed as the date for the Trustee to file with the Court his balloting report, including information to assess acceptance or rejection of the Plan pursuant to Section 1126 of the Bankruptcy Code.

21.    On **April 14, 2026**, the Trustee shall file and serve on any party who objected to confirmation of the Plan, the Trustee's memorandum in support of Plan confirmation.

_//_

4900-0771-3924.4 78512.001

7

22.    The Trustee and other parties in interest may seek further clarification from the Court on vote tabulation and the solicitation process, and retain the right to object or raise any issue with respect to any Ballot.

<div align="center">###</div>

Date: March 2, 2026

Neil W. Bason
United States Bankruptcy Judge

# EXHIBIT A

(Confirmation Hearing Notice)

4900-0771-3924.4 78512.001

Jeffrey W. Dulberg (CA Bar No. 181200)
John W. Lucas (CA State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760
jdulberg@pszjlaw.com
jlucas@pszjlaw.com

Counsel to Bradley D. Sharp, Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| In re:<br><br>LESLIE KLEIN,<br><br>Debtor. | Case No.: 2:23-bk-10990-NB<br><br>Chapter 11<br><br>**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) HEARING TO CONSIDER CONFIRMATION OF THE PLAN, (III) SUMMARY OF PLAN TREATMENT, AND (IV) DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN**<br><br>Confirmation Hearing:<br><br>Date:      April 21, 2026<br>Time:      2:00 p.m.<br>Location: U.S. Bankruptcy Court<br>               Courtroom 1545<br>               255 E. Temple St.<br>               Los Angeles, CA 90012<br>Judge:    Hon. Neil W. Bason |

**PLEASE TAKE NOTICE** that by order dated February __, 2026 [Docket No. __] (the "Disclosure Statement Approval Order"), the United States Bankruptcy Court for the Central District of California (the "Court") approved the *Disclosure Statement in Support of the Plan of Liquidation of the Estate of Leslie Klein* [Docket No. ___] (the "Disclosure Statement") as containing adequate information within the meaning of section 1125 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4922-6208-7044.3 78512.001

**PLEASE TAKE FURTHER NOTICE** that on **April 21, 2026 at 2:00 p.m. (Pacific Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Neil W. Bason in Courtroom 1545 of the United States Bankruptcy Court for the Central District of California, located at 255 E. Temple St., Los Angeles, CA 90012, to consider confirmation of the *Plan of Liquidation of the Estate of Leslie Klein* [Docket No. ____] (as may be amended or modified, the "Plan"), and for such other and further relief as may be just and proper (the "Confirmation Hearing").[1]

**PLEASE TAKE FURTHER NOTICE** that the Plan and Disclosure Statement have been filed with the Court and copies thereof may be obtained by parties in interest at the Estate's expense upon written request to the Trustee's counsel at the following address:  Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA  90067, telephone: 310-277-6910, facsimile: 310-201-0760, Attn: Beth Dassa, email: bdassa@pszjlaw.com (email preferred).

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Hearing may be adjourned from time to time without further notice to creditors or other parties in interest, other than by an announcement of such an adjournment in open court at the Confirmation Hearing or any adjournment thereof.  Additionally, the Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the terms of the Plan and the Bankruptcy Code, Holders of Class 1 (Other Priority Claims) and Holders of Class (Secured Tax Claims) are deemed unimpaired under the Plan and are conclusively presumed to accept the Plan under section 1126(f) of the Bankruptcy Code.  Solicitation of the foregoing classes is not required under Bankruptcy Rule 3017(d), and no ballots have been proposed for creditors in these classes. Claims in any of the foregoing referenced classes are referred to herein as the "Non-Voting Claims."

**PLEASE TAKE FURTHER NOTICE** that, only the holders of impaired Claims in Class 3 (Gestetner Secured Claim), Class 3A (Other Secured Claims), and Class 4 (General Unsecured Claims) are entitled to vote to accept or to reject the Plan and ballots will be sent to the creditors in

---

[1] All capitalized terms not defined herein have the meaning ascribed to them in the Plan.

4922-6208-7044.3 78512.001                                         2

these classes to vote to accept or reject the Plan.

PLEASE TAKE FURTHER NOTICE that the Plan proposes to modify the rights of certain creditors and interest holders of the Debtors. The Plan establishes the following Classes of Claims:

| CLASS | DESCRIPTION | IMPAIRED / UNIMPAIRED | ENTITLED TO VOTE |
|---|---|---|---|
| CLASS 1 | Other Priority Claims | Unimpaired | No - Deemed to Accept |
| CLASS 2 | Secured Tax Claim | Unimpaired | No – Deemed to Accept |
| CLASS 3 | Gestetner Secured Claim | Impaired | Yes |
| CLASS 3(A) | Other Secured Claims | Impaired | Yes |
| CLASS 4 | General Unsecured Claims | Impaired | Yes |

PLEASE TAKE FURTHER NOTICE that April 7, 2026 is fixed as the last day for filing and serving written objections, comments or responses, including any supporting memoranda, to confirmation of the Plan. Any such objections must be in writing and must (1) state the name and address of the objector and the amount of its claim or the nature of its interest in the Debtor's Chapter 11 Case, (2) specify the basis and nature of the objection, and (3) be filed with the Clerk of the Court, together with proof of service, and served upon the following parties: (a) counsel to the Trustee, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., Suite 1300, Los Angeles, CA 90067, Telephone: 310-277-6910, Facsimile: 310-201-0760, Attn: Jeffrey W. Dulberg and John W. Lucas; and (b) Office of the United States Trustee, Attn: Ron Maroko, 915 Wilshire Blvd., Ste 1850, Los Angeles, CA 90017. To preserve an objection, anyone filing an objection must also attend the Confirmation Hearing, either in person or through counsel. The Confirmation Hearing, generally or as to any matter being considered thereat, may be adjourned from time to time by the Court without further notice except for an adjournment announced at the Confirmation Hearing or

any adjournment of that hearing. Any objections not filed and served as set forth above shall be deemed waived and shall not be considered by the Court.

PLEASE TAKE FURTHER NOTICE that the Trustee and any other party supporting the Plan shall file with the Court and serve on the applicable objecting party any memorandum in support of confirmation of the Plan by April 14, 2026.

PLEASE TAKE FURTHER NOTICE that the Trustee and other parties in interest may seek further clarification from the Court on vote tabulation and the solicitation process, and retain the right to object or raise any issue with respect to any Ballot.

UNLESS AN OBJECTION TO CONFIRMATION IS TIMELY SERVED AND FILED, IT WILL NOT BE CONSIDERED BY THE COURT. IF NO OBJECTIONS ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY CONFIRM THE PLAN WITHOUT FURTHER NOTICE OR HEARING.

Dated:    March 10, 2026                    PACHULSKI STANG ZIEHL & JONES LLP

By      /s/ John W. Lucas
            John W. Lucas
        Counsel for Bradley D. Sharp, Chapter 11
        Trustee

# **EXHIBIT B**

(Ballots)

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION**

In re:

LESLIE KLEIN,

          Debtor.

Case No.: 2:23-bk-10990-NB

Chapter 11

**BALLOT FOR HOLDERS OF CLAIMS IN CLASS 3 (GESTETNER SECURED CLAIM)**

PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THE BALLOT.

PLEASE CHECK THE APPROPRIATE BOX BELOW TO INDICATE YOUR ACCEPTANCE OR REJECTION OF THE PLAN OF REORGANIZATION PROPOSED BY CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF LESLIE KLEIN [Docket No. ___] (AS AMENDED OR MODIFIED, THE "PLAN").

THIS FORM DOES NOT CONSTITUTE A PROOF OF CLAIM AND MUST NOT BE USED TO FILE A CLAIM OR TO INCREASE ANY AMOUNT LISTED IN THE DEBTOR'S SCHEDULES OR A PREVIOUSLY FILED PROOF OF CLAIM.

**Item 1.   Amount and Type of Claim**

The undersigned is a creditor holding a Claim as indicated below.

| TYPE OF CLAIM | CLASS IN PLAN | AMOUNT OF CLAIM (FOR VOTING PURPOSES ONLY) |
|---|---|---|
| Gestetner Secured Claim | Class 3 | $_____ |

**Item 2.   Voting on the Plan**

The holder of the Claim(s) set forth in Item 1 votes (please check one):

____ To Accept the Plan          ____ To Reject the Plan

**Item 3.**   By signing this Ballot, the undersigned creditor hereby certifies that it has been provided with and has read a copy of the *Disclosure Statement in Support of the Plan of Liquidation of the Estate of Leslie Klein* [Docket No. ___] (the "Disclosure Statement") and it is the holder of the Claim(s) set forth in Item 1 and has full power and authority to vote to accept or reject the Plan. The undersigned also acknowledges that the solicitation is pursuant to the information contained in the Disclosure Statement and the Plan.

Creditor Name: _____

Signature: _____

Name of Signatory: _____
          (Please Print or Type Name)
Address: _____

City, State & Zip Code: _____

Phone No.: _____ Email: _____ Date: _____

Ballots must be received on or before **April 7, 2026** (the "Voting Deadline"). Subject to the Order approving the Disclosure Statement, if a Ballot is received after the Voting Deadline, it will not be counted.

**VOTING INSTRUCTIONS**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**PLEASE COMPLETE, SIGN AND DATE
THE BALLOT AND RETURN IT PROMPTLY TO THE
BALLOTING AGENT AT:**

If by U.S. Postal Service, Overnight mail, or Hand Delivery:

Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067
Attn: Beth Dassa

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**YOUR BALLOT MUST BE RECEIVED BY APRIL 7, 2026
OR YOUR VOTE WILL NOT BE COUNTED**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1. All capitalized terms used in the Ballot or Voting Instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan.

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if either (a) each Class in the Plan is accepted by the holders of two-thirds in amount and more than one-half in number of Claims actually voting in each Class or (b) pursuant to section 1129(b) of the Bankruptcy Code, at least one impaired Class accepts the Plan and the Plan does not discriminate unfairly, and is fair and equitable, with respect to each Class of claims that is impaired under the Plan that has not accepted the Plan.

3. For purposes of determining whether one-half in number of Claims in each Class have accepted the Plan, separate Claims held by a single creditor against the Debtor in a particular Class will be aggregated as if such creditor held one Claim in such Class, and the votes related to such Claims will be treated as a single vote to accept or reject the Plan.

4. You must vote all of your Claims within a single Class under the Plan to either accept or reject the Plan. Accordingly, a Ballot (or multiple Ballots with respect to multiple Claims within a single Class) that partially accepts and partially rejects the Plan will be counted as a single acceptance of the Plan.

5. Please complete the Ballot, indicate acceptance or rejection of the Plan in the box indicated and sign and return this Ballot by mail to the Plan Proponents' agent as listed above **SO THAT IT IS RECEIVED ON OR BEFORE THE VOTING DEADLINE OF APRIL 7, 2026, AT THE APPLICABLE ADDRESS LISTED ABOVE.** Subject to the Order approving the Disclosure Statement, if a Ballot is received after the Voting Deadline, it will not be counted.

6. This Ballot does not constitute and shall not be deemed a proof of Claim or Interest or an assertion or admission of a Claim or Interest.

7. Only Ballots submitted by persons who hold Claims as of the Voting Record Date, which is **February __, 2026**, shall be counted.

8. Only Ballots that are timely received with original signatures shall be counted. **Ballots sent via facsimile or email will not be counted.**

IF YOU NEED ASSISTANCE IN COMPLETING YOUR BALLOT OR HAVE ANY QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL (ATTN: BETH DASSA), AT (310) 277-6910 or bdassa@pszjlaw.com (email preferred).

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

In re:

LESLIE KLEIN,

                              Debtor.

Case No.: 2:23-bk-10990-NB

Chapter 11

**BALLOT FOR HOLDERS OF CLAIMS IN CLASS 3A (OTHER SECURED CLAIMS)**

PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THE BALLOT.

PLEASE CHECK THE APPROPRIATE BOX BELOW TO INDICATE YOUR ACCEPTANCE OR REJECTION OF THE PLAN OF REORGANIZATION PROPOSED BY CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF LESLIE KLEIN [Docket No. ___] (AS AMENDED OR MODIFIED, THE "PLAN").

THIS FORM DOES NOT CONSTITUTE A PROOF OF CLAIM AND MUST NOT BE USED TO FILE A CLAIM OR TO INCREASE ANY AMOUNT LISTED IN THE DEBTOR'S SCHEDULES OR A PREVIOUSLY FILED PROOF OF CLAIM.

**Item 1.    Amount and Type of Claim**

The undersigned is a creditor holding a Claim as indicated below.

| TYPE OF CLAIM | CLASS IN PLAN | AMOUNT OF CLAIM (FOR VOTING PURPOSES ONLY) |
|---|---|---|
| Other Secured Claim | Class 3A | $_____ |

**Item 2.    Voting on the Plan**

The holder of the Claim(s) set forth in Item 1 votes (please check one):

____ To Accept the Plan              ____ To Reject the Plan

**Item 3.**    By signing this Ballot, the undersigned creditor hereby certifies that it has been provided with and has read a copy of the *Disclosure Statement in Support of the Plan of Liquidation of the Estate of Leslie Klein* [Docket No. ___] (the "Disclosure Statement") and it is the holder of the Claim(s) set forth in Item 1 and has full power and authority to vote to accept or reject the Plan. The undersigned also acknowledges that the solicitation is pursuant to the information contained in the Disclosure Statement and the Plan.

Creditor Name: _____

Signature: _____

Name of Signatory: _____
                        (Please Print or Type Name)
Address: _____

City, State & Zip Code: _____

Phone No.: _____ Email: _____ Date: _____

Ballots must be received on or before **April 7, 2026** (the "Voting Deadline"). Subject to the Order approving the Disclosure Statement, if a Ballot is received after the Voting Deadline, it will not be counted.

**VOTING INSTRUCTIONS**
*******************************
**PLEASE COMPLETE, SIGN AND DATE
THE BALLOT AND RETURN IT PROMPTLY TO THE
BALLOTING AGENT AT:**

If by U.S. Postal Service, Overnight mail, or Hand Delivery:

Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067
Attn:  Beth Dassa

*******************************
**YOUR BALLOT MUST BE RECEIVED BY APRIL 7, 2026
OR YOUR VOTE WILL NOT BE COUNTED**
*******************************

1.    All capitalized terms used in the Ballot or Voting Instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan.

2.    The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if either (a) each Class in the Plan is accepted by the holders of two-thirds in amount and more than one-half in number of Claims actually voting in each Class or (b) pursuant to section 1129(b) of the Bankruptcy Code, at least one impaired Class accepts the Plan and the Plan does not discriminate unfairly, and is fair and equitable, with respect to each Class of claims that is impaired under the Plan that has not accepted the Plan.

3.    For purposes of determining whether one-half in number of Claims in each Class have accepted the Plan, separate Claims held by a single creditor against the Debtor in a particular Class will be aggregated as if such creditor held one Claim in such Class, and the votes related to such Claims will be treated as a single vote to accept or reject the Plan.

4.    You must vote all of your Claims within a single Class under the Plan to either accept or reject the Plan.  Accordingly, a Ballot (or multiple Ballots with respect to multiple Claims within a single Class) that partially accepts and partially rejects the Plan will be counted as a single acceptance of the Plan.

5.    Please complete the Ballot, indicate acceptance or rejection of the Plan in the box indicated and sign and return this Ballot by mail to the Plan Proponents' agent as listed above **SO THAT IT IS RECEIVED ON OR BEFORE THE VOTING DEADLINE OF APRIL 7, 2026, AT THE APPLICABLE ADDRESS LISTED ABOVE.**  Subject to the Order approving the Disclosure Statement, if a Ballot is received after the Voting Deadline, it will not be counted.

6.    This Ballot does not constitute and shall not be deemed a proof of Claim or Interest or an assertion or admission of a Claim or Interest.

7.    Only Ballots submitted by persons who hold Claims as of the Voting Record Date, which is **February __, 2026**, shall be counted.

8.    Only Ballots that are timely received with original signatures shall be counted.  **Ballots sent via facsimile or email will not be counted.**

IF YOU NEED ASSISTANCE IN COMPLETING YOUR BALLOT OR HAVE ANY QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL (ATTN: BETH DASSA), AT (310) 277-6910 or bdassa@pszjlaw.com (email preferred).

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>        Debtor. | Case No.: 2:23-bk-10990-NB<br><br>Chapter 11 |

### BALLOT FOR HOLDERS OF CLAIMS IN CLASS 4 (GENERAL UNSECURED CLAIMS)

PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THE BALLOT.

PLEASE CHECK THE APPROPRIATE BOX BELOW TO INDICATE YOUR ACCEPTANCE OR REJECTION OF THE PLAN OF REORGANIZATION PROPOSED BY CHAPTER 11 TRUSTEE FOR DEBTOR LESLIE KLEIN [DOCKET NO. ____] (AS AMENDED OR MODIFIED, THE "PLAN").

THIS FORM DOES NOT CONSTITUTE A PROOF OF CLAIM AND MUST NOT BE USED TO FILE A CLAIM OR TO INCREASE ANY AMOUNT LISTED IN THE DEBTOR'S SCHEDULES OR A PREVIOUSLY FILED PROOF OF CLAIM.

**Item 1.    Amount and Type of Claim**

The undersigned is a creditor holding a Claim as indicated below.

| TYPE OF CLAIM | CLASS IN PLAN | AMOUNT OF CLAIM (FOR VOTING PURPOSES ONLY) |
|---|---|---|
| General Unsecured Claim | Class 4 | $ |

**Item 2.    Voting on the Plan**

The holder of the Claim(s) set forth in Item 1 votes (please check one):

____ To Accept the Plan            ____ To Reject the Plan

**Item 3.** By signing this Ballot, the undersigned creditor hereby certifies that it has been provided with and has read a copy of the *Disclosure Statement in Support of the Plan of Liquidation of the Estate of Leslie Klein* [Docket No. ____] (the "Disclosure Statement") and it is the holder of the Claim(s) set forth in Item 1 and has full power and authority to vote to accept or reject the Plan. The undersigned also acknowledges that the solicitation is pursuant to the information contained in the Disclosure Statement and the Plan.

Creditor Name: _____

Signature: _____

Name of Signatory: _____
                    (Please Print or Type Name)

Address: _____

City, State & Zip Code: _____

Phone No.: _____ Email: _____ Date: _____

Ballots must be received on or before **April 7, 2026** (the "Voting Deadline"). Subject to the Order approving the Disclosure Statement, if a Ballot is received after the Voting Deadline, it will not be counted.

4906-1385-6900.3 78512.001

---

### VOTING INSTRUCTIONS
******************************
**PLEASE COMPLETE, SIGN AND DATE**
**THE BALLOT AND RETURN IT PROMPTLY TO THE**
**BALLOTING AGENT AT:**

If by U.S. Postal Service, Overnight mail, or Hand Delivery:

Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067
Attn: Beth Dassa

******************************
**YOUR BALLOT MUST BE RECEIVED BY APRIL 7, 2026**
**OR YOUR VOTE WILL NOT BE COUNTED**
******************************

1.  All capitalized terms used in the Ballot or Voting Instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan.

2.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if either (a) each Class in the Plan is accepted by the holders of two-thirds in amount and more than one-half in number of Claims actually voting in each Class or (b) pursuant to section 1129(b) of the Bankruptcy Code, at least one impaired Class accepts the Plan and the Plan does not discriminate unfairly, and is fair and equitable, with respect to each Class of claims that is impaired under the Plan that has not accepted the Plan.

3.  For purposes of determining whether one-half in number of Claims in each Class have accepted the Plan, separate Claims held by a single creditor against the Debtor in a particular Class will be aggregated as if such creditor held one Claim in such Class, and the votes related to such Claims will be treated as a single vote to accept or reject the Plan.

4.  You must vote all of your Claims within a single Class under the Plan to either accept or reject the Plan. Accordingly, a Ballot (or multiple Ballots with respect to multiple Claims within a single Class) that partially accepts and partially rejects the Plan will be counted as a single acceptance of the Plan.

5.  Please complete the Ballot, indicate acceptance or rejection of the Plan in the box indicated and sign and return this Ballot by mail to the Plan Proponents' agent as listed above **SO THAT IT IS RECEIVED ON OR BEFORE THE VOTING DEADLINE OF APRIL 7, 2026, AT THE APPLICABLE ADDRESS LISTED ABOVE.** Subject to the Order approving the Disclosure Statement, if a Ballot is received after the Voting Deadline, it will not be counted.

6.  This Ballot does not constitute and shall not be deemed a proof of Claim or Interest or an assertion or admission of a Claim or Interest.

7.  Only Ballots submitted by persons who hold Claims as of the Voting Record Date, which is **February __, 2026**, shall be counted.

8.  Only Ballots that are timely received with original signatures shall be counted. **Ballots sent via facsimile or email will not be counted.**

IF YOU NEED ASSISTANCE IN COMPLETING YOUR BALLOT OR HAVE ANY QUESTIONS, PLEASE CONTACT THE TRUSTEE'S COUNSEL (ATTN: BETH DASSA), AT (310) 277-6910 or bdassa@pszjlaw.com (email preferred).

4906-1385-6900.3 78512.001                    2