Jeffrey W. Dulberg (CA Bar No. 181200)
John W. Lucas (CA Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760
Email:  jdulberg@pszjlaw.com
            jlucas@pszjlaw.com

Counsel to Bradley D. Sharp, Chapter 11 Trustee

**FILED & ENTERED**

**MAR 12 2026**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY llewis      DEPUTY CLERK**

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

In re

LESLIE KLEIN,

　　　　Debtor.

Case No. 2:23-bk-10990-NB

Chapter 11

**ORDER GRANTING MOTION AND AUTHORIZING (1) SALE OF REAL PROPERTY COMMONLY KNOWN AS 143 S. HIGHLAND AVE., LOS ANGELES, CALIFORNIA, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. *§§* 363(b) AND (f); AND (2) PAYMENT OF REAL ESTATE BROKERS' COMMISSION**

[143 S. Highland Ave., Los Angeles, CA]

Date:     March 10, 2026
Time:     2:00 p.m.
Crtrm.:   1545

Judge:    Hon. Neil W. Bason

LA:4929-1045-3140.1 78512.001

1   A hearing was held on March 10, 2026, at 2:00 p.m., before the Honorable Neil W. Bason,
2   United States Bankruptcy Judge for the Central District of California, in Courtroom 1545 located
3   at 255 East Temple Street, Los Angeles, California, on the *Motion For Order Authorizing (1) Sale*
4   *of Real Property Commonly Known as 143 S. Highland Avenue, Los Angeles, California,, Free*
5   *and Clear of All Liens, Claims and Encumbrances Pursuant to 11 U.S.C. §§ 363(b) and (f); And*
6   *(2) Payment of Real Estate Brokers' Commission* [Docket No. 1299] (the "Sale Motion")[1], filed
7   by Bradley D. Sharp, the duly appointed, authorized and acting chapter 11 trustee (the "Trustee")
8   in the above-captioned bankruptcy case. Appearances were made as noted on the record.

9   The Court, having found that due and sufficient notice of the Sale Motion has been given,
10  and having read and considered the Sale Motion and all papers filed in support thereof and, having
11  found that the Accepted Counter-Offer of Both Sides Now Holding, LLC or its assignee, Butterfly
12  RE Holdings LLC  (the "Buyer"), is the "highest and best" offer received with respect to the
13  proposed sale, and having found that the holders of any and all liens, claims and encumbrances to
14  be sold "free and clear" of will be paid in full from the proceeds of the sale, subject to the
15  Trustee's pending *Motion for Order Approving Surcharge Against Proceeds of the Sale of 143 S.*
16  *Highland Ave., Los Angeles, California* [Docket No. 1320] (the "Surcharge Motion"), or have
17  consented to the proposed sale, and for the reasons set forth by the Court in the attached tentative
18  ruling, which is incorporated as the actual ruling and on the record of the hearing, and with good
19  cause shown,

20  IT IS HEREBY ORDERED:

21  1.   The Sale Motion is **GRANTED**.

22  2.   The Trustee is authorized to sell pursuant to 11 U.S.C. §363(b) & (f)(2), (3), and
23  (4) the real property commonly known as 143 S. Highland Avenue, Los Angeles, California and
24  assigned APN: 5513-014-024, legally described as Lost 630 of Tract No. 8498 in the City of Los
25  Angeles, County of Los Angeles, State of California, as per Map recorded in Book 95, Pages 53 to

---

[1] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Sale Motion.

55 of Maps, in the Office of the County Recorder of said County (the "Highland Property"), as further set forth herein.

3. The Accepted Counter Offer from Buyer in the amount of $1,700,000.00 is approved.

4. The Highland Property shall be sold "as is," "where is," "with all faults," and without warranty or recourse, pursuant to 11 U.S.C. §363(b).

5. The Highland Property shall be sold free and clear of the following liens, claims, encumbrances or other interests, pursuant to 11 U.S.C. §363(f)(2), (3) and (4), respectively, as the holders of such liens, claims, encumbrances or other interests have consented to the sale, shall be paid from the proceeds of the sale (subject to the Surcharge Motion), or are in "bona fide" dispute, and the recordation of this order with the Los Angeles County Recorder shall constitute a discharge, termination, and cancellation as to the Highland Property of all such liens, claims, encumbrances, or other interests, without the need for their reconveyance or release:

    a. A deed of trust, recorded on April 10, 2019, as Instrument No. 20190316566 in the Los Angeles County Recorder's Office, in favor of WFG National Title Company of California Mortgage (the "Deed of Trust"), securing an original indebtedness of $1,100,000.00. Pursuant to the Seller's Estimated Settlement Statement annexed as Exhibit C to the Sale Motion, the total amount that will be due as of closing is $1,604,753.36.[2]

6. The Trustee shall pay through escrow: (a) subject to the Trustee's pending Surcharge Motion, all undisputed amounts owed on the Deed of Trust (b) all outstanding real property taxes due and owing to the Los Angeles County Treasurer - Tax Collector upon closing of the Sale; and (c) broker commissions (including as specifically described in the Sale Motion), escrow fees, title insurance premiums and other ordinary and typical closing costs and expenses payable by a seller.

---

[2] This figure may be updated nearer to the closing date and is subject to the Trustee's pending Surcharge Motion.

7. Any liens, claims or encumbrances on the Highland Property not otherwise paid off shall have the same validity, priority, and scope with respect to the sale proceeds as such liens, claims or encumbrances had against the Highland Property as of the petition date, subject to any and all of the Trustee's rights to object to, surcharge, dispute, or subordinate such liens, claims or encumbrances.

8. The Trustee is accordingly authorized to direct the escrow agent to withhold any payoff on the Deed of Trust pending the outcome of the Surcharge Motion.

9. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry, its provisions shall be self-executing, and the Trustee is authorized to proceed with the sale. The Sale Motion or notice of Sale Motion shall be deemed to provide sufficient notice of the Trustee's request for waiver of the otherwise applicable stay of the Order.

### ###

Date: March 12, 2026

Neil W. Bason
United States Bankruptcy Judge

# United States Bankruptcy Court
## Central District of California
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

---

**Tuesday, March 10, 2026**  Hearing Room  **1545**

2:00 PM
**2:23-10990**  Leslie Klein  Chapter 11

**#3.00**  Cont'd Status Conference re: Chapter 11 Case
fr. 4/8/25, 4/22/25, 05/01/25, 5/6/25, 5/20/25, 6/3/25,
6/17/25, 6/24/25, 07/15/25, 8/5/25, 8/12/25, 9/9/25,
9/23/25, 10/7/25, 10/21/25, 11/18/25, 12/2/25, 12/16/25,
01/20/26, 2/24/26

Docket    1

**Tentative Ruling:**

**Tentative Ruling for 3/10/26:**
Grant the sale motion and continue the status conferences, as set forth below. Appearances required on Calendar nos. 1 and 3 (3/10/26 at 2:00 p.m.).

If you are making an appearance, you may do so (1) in person in the courtroom, unless the Court has been closed (check the Court's website for public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone. For ZoomGov instructions for all matters on calendar, please see page 1 of the posted Tentative Rulings.

(1) Current issues
(a) Motion for order approving sale of 143 S. Highland Avenue property ("Highland Property") (dkt. 1299, "Sale Motion"), no opposition on file
The tentative ruling is to grant the Sale Motion and authorize a sale free and clear of all liens, claims and interests under 11 U.S.C. 363(b) and 363(f)(3) (sale price greater than all liens) - and implicitly also under 11 U.S.C. 363(f)(4) (bona fide dispute) to the extent that Trustee disputes the payoff amount to the holder of the first deed of trust (*see* dkt. 1299 pp. 5:18-6:8) - subject to any overbids at the hearing.

# United States Bankruptcy Court
## Central District of California
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, March 10, 2026**                                      Hearing Room    1545

2:00 PM
CONT...        Leslie Klein                                                                Chapter 11

Caveat: Trustee has proposed a sale that on its face is a net negative to the estate (estimated at -$17,511.17, per dkt. 1299 at PDF p. 82 of 90). In addition, disposition of the property involved additional expenses including the expenses associated with evicting the tenant at the property. *See* Surcharge Motion (dkt. 1320) p. 4:5-9 *and* Ex. A (requesting approx. $207,853.39 surcharge).

   This Court presumes that Trustee's business judgment in proposing this sale is predicated on the net negative figure turning into a net positive if (x) this Court grants the Trustee's surcharge motion (dkt. 1320), and/or (y) there is sufficient overbidding at the hearing on this motion. But the tentative ruling is that this Court may revisit the issue of the business judgment of Trustee and/or his counsel in connection with any future fee applications if it turns out that this proposed transaction is a net negative for the estate.

   To be clear, this Court does not intend to apply "20/20 hindsight." But in the event that the bankruptcy estate loses money on this transaction then this Court does intend to examine whether Trustee and his counsel, who currently know more than this Court about the cost/benefit analysis, have appropriately exercised their discretion viewed from the dates when the decisions were made to attempt to evict the tenant and market and sell the subject property.

   The tentative ruling is also (x) to approve the proposed overbid procedures, (y) to grant the request to waive the 14-day stay (Rule 6004(h), Fed. R. Bankr. P.) and, (z) if the winning bidder seeks a "good faith" finding (11 U.S.C. 363(m)), to require that they file declaration(s), prior to the lodging of any order containing any such finding, substantially in the form set forth in the posted "Procedures of Judge Bason" (available at www.cacb.uscourts.gov).

Proposed order(s): Unless otherwise ordered, Trustee is directed to lodge proposed order(s) on the matter(s) addressed here via LOU within 7 days after the hearing date and attach a copy of this tentative ruling, thereby incorporating it as this Court's actual ruling. *See* LBR 9021-1(b)(1)(B).

(b) Menlo dischargeability action (Adv. No. 2:23-ap-01152-NB)