| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| LESLIE KLEIN & ASSOCIATES, INC.<br>6454 VAN NUYS BLVD., SUITE 150<br>VAN NUYS, CA 91401<br>(818) 756-2000 | |

☐ *Individual appearing without attorney*
☒ *Attorney for:* LES KLEIN & ASSOCIATES, INC.

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -** LOS ANGELES DIVISION

| In re:<br><br>LESLIE KLEIN<br><br><br>Debtor(s). | CASE NO.: .23-bk-10990-NB<br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(PERSONAL PROPERTY)** |
| | DATE:<br>TIME:<br>COURTROOM: 1545 |

**Movant:** LESLIE KLEIN & ASSOCIATES

1. **Hearing Location**:

   ☒ 255 East Temple Street, Los Angeles, CA 90012        ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (if any)(Responding Parties), their attorneys (if any), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay, as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 1                          **F 4001-1.RFS.PP.MOTION**

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒  This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the hearing and appear at the hearing of this motion.

7.  ☐  This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

    a.  ☐  An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐  An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☐  An application for order setting hearing on shortened notice and remains pending.  After the court has ruled on that application, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  03/11/2026

LESLIE KLEIN & ASSOCIATES
_____
Printed name of law firm (if applicable)

LESLIE KLEIN & ASSOCIATES
_____
Printed name of individual Movant or attorney for Movant

By: /s/ Leslie Klein
_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO PERSONAL PROPERTY

1.  Movant has a perfected security interest in the Property.

2.  **The Property at Issue (Property):**

    a.  ☐ Vehicle (*year, manufacturer, type, and model*):

    *Vehicle Identification Number:*
    *Location of vehicle (if known):*

    b.  ☐ Equipment (*manufacturer, type, and characteristics*):

    *Serial number(s):*

    *Location (if known):*

    c.  ☐ Other Personal Property (*type, identifying information, and location*):

3.  **Bankruptcy Case History:**

    a.  ☒ A voluntary bankruptcy petition   ☐ An involuntary bankruptcy petition
        under chapter   ☐ 7   ☒ 11   ☐ 12   ☐ 13   was filed on (*date*) _____.

    b.  ☐ An order to convert this case to chapter   ☐ 7   ☐ 11   ☐ 12   ☐ 13   was entered on (*date*) _____.

    c.  ☐ Plan was confirmed on (*date*) _____.

4.  **Grounds for Relief from Stay:**

    a.  ☐ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

        (1)  ☐ Movant's interest in the Property is not adequately protected.

            (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

            (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant
                sufficient to protect Movant's interest against that decline.

            (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's
                obligation to insure the collateral under the terms of Movant's contract with Debtor.

            (D) ☐ Other (*see attached continuation page*).

        (2)  ☐ The bankruptcy case was filed in bad faith.

            (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case
                commencement documents.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

(B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

(C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

(D) ☐ Other bankruptcy cases were filed in which an interest in the Property was asserted.

(E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition.  Schedules and statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

(3) ☐ (*Chapter 12 or 13 cases only*)  All payments on account of the Property are being made through the plan and plan payments have not been made to the chapter 12 or chapter 13 trustee for payments due ☐ postpetition preconfirmation   ☐ postpetition postconfirmation.

(4) ☐ The lease has matured, been rejected or deemed rejected by operation of law.

(5) ☐ The Debtor filed a statement of intention that indicates the Debtor intends to surrender the Property.

(6) ☐ Movant regained possession of the Property on (*date*) _____, which is ☐ prepetition ☐ postpetition.

(7) ☐ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

5. **Grounds for Annulment of the Stay.**  Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew that the bankruptcy petition had been filed and Movant would have been entitled to relief from stay to proceed with those actions,

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions,

c. ☐ Other (*specify*):

6. ☐ **Evidence in Support of Motion:** *(Declaration(s) must be signed under penalty of perjury and attached to this motion)*

a. The PERSONAL PROPERTY DECLARATION on page 6 of this motion.

b. ☒ Supplemental declaration(s).

c. ☐ The statements made by the Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in the Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit(s) _____.

d. ☐ Other:

7. **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**Movant requests the following relief:**

1. Relief from the stay is granted under: ☐ 11 U.S.C. § 362(d)(1)   ☐ 11 U.S.C. § 362(d)(2)

2. ☐ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to repossess and sell the Property.

3. ☒ Confirmation that there is no stay in effect.

4. ☐ The stay is annulled retroactive to the petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☒ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

8. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

9. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days, so that no further stay shall arise in that case as to the Property.

10. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be
    ☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ If relief from stay is not granted, the court orders adequate protection.

12. ☐ See continuation page for other relief requested

Date:   03/11/2026

LESLIE KLEIN & ASSOCIATE
Print name of law firm

LESLIE KLEIN & ASSOCIATES
Print name of individual Movant or attorney for Movant

By: /s/ Leslie Klein
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## SUPPLEMENTAL DECLARATION OF LESLIE KLEIN

LESLIE KLEIN Declares:

1      I am the Trustee of the following four policies:

A. The EUGENE KOHN  IRREVOCABLE LIFE INSURANCE TRUST.

B. The AGNES ROTH IRREVOCABLE LIFE INSURANCE TRUST

C. The LEWIS GOODKIN IRREVOCABLE LIFE INSURANCE TRUST.

2.     All the premiums on these 3 policies were paid by Leslie Klein & Associates between 2006-2011. All these individuals have passed away.

3.     Jonathan Polter assigned the Agnes Roth and Lewis Goodkin Policies from the Irrevocable Life Insurance  Trusts to Life Capital LLC. He then transferred 100% of the Policy to Shlomo and Tamar Rechnitz.

4.     Shlomo and Tamar Rechnitz contributed the policies to Hebrew Day Schools and took a charitable deduction on 100% of said  policies.

5.     The Trustee, Bradley Sharpe, has zero interest in the Kohn Policy, the Roth Policy and the Goodkin Policy.

I Declare under penalty of Perjury under the laws of the State of California and of the United States that the foregoing is true and correct. Dated this 19th day of March, 2026 at Van Nuys, CA.

  /s/ Leslie Klein
LESLIE KLEIN, as Trustee of the Kohn,
Roth and Goodkin Irrevocable Life
Insurance Trusts

1

## SUPPLEMENTAL DECLARATION OF LESLIE KLEIN

| In re: LESLIE KLEIN<br>Debtor. | Chapter 11<br>Case No.: 2:23-bk-10990-NB |
| --- | --- |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 East Colorado Boulevard, Suite 520, Pasadena, California 91101.

A true and correct copy of the foregoing document described as **"Notice of Motion and Motion for Relief from the Automatic Stay Under 11 U.S.C. §362 (with supporting declarations) (PERSONAL PROPERTY)"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 20, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicated method for each person or entity served): On March 20, 2026, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page.

| In re: LESLIE KLEIN | Chapter 11 |
| Debtor. | Case No.: 2:23-bk-10990-NB |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

__03/20/2026__        __Jasper Pantaleon__        __/s/  Jasper Pantaleon__

Date                          Type Name                          Signature

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)":**

- Donald L. Saltzman dlslawcorp@aol.com
- Simon Aron  saron@wrslawyers.com, moster@wrslawyers.com
- Kenneth Misken  Kenneth.m.misken@usdoj.gov
- Reem J Bello  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Jeffrey Nolan  jnolan@pszjlaw.com
- Ron Bender  rb@lnbyg.com
- Michael Jay Berger  Michael.berger@bankruptcypower.com, Yathida.nipha@bankruptcypower.com, Michael.berger@ecf.inforuptcy.com
- Jeffrey N Pomerantz  jpomerantz@pszjlaw.com
- Greg P Campbell  ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com, gcampbell@aldridgepite.com
- Brian A Procel  bprocel@millerbarondess.com, rdankwa@millerbarondess.com, docket@millerondess.com
- Joshua L Scheer  jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- Baruch C Cohen  bcc@baruchcohenesq.com, paralegal@baruchcohenesq.com
- Mark M Sharf (TR)  mark@sharflaw.com, c188@ecfcbis.com, sharf1000@gmail.com, 2180473420@filings.docketbird.com
- Theron S Covey  tcovey@raslg.com
- Bradley D Sharp (TR)  bsharp@dsi.biz

- Jeffrey W Dulberg  jdulberg@pszjlaw.com
- Dane W Exnowski  dane.exnowski@mccalla.com,
  bk.ca@mccalla.com, mccallaecf@ecf.courtdrive.com
- Richard P Steelman  rps@lnbyg.com, john@lnbyg.com
- Alan W Forsley  alan.forsley@flpllp.com, awf@fkllawfirm.com,
  awf@fl-lawyers.net, addy@flpllp.com
- Nikko Salvatore Stevens  nikko@cym.law, mandi@cym.law
- Robert P Goe  kmurphy@goeforlaw.com, rgoe@goeforlaw.com,
  goeforecf@gmail.com
- Alan G Tippie  alan.tippie@gmlaw.com, atippie@ecf.courtdrive.com,
  karen.files@gmlaw.com, patricia.dillamar@gmlaw.com,
  denise.walker@gmlaw.com
- Michael I Gottfried  mgottfried@elkinskalt.com,
  cavila@elkinskalt.com, lwageman@elkinskalt.com,
  docketing@elkinskalt.com
- Gary Tokumori  gtokumori@pmcos.com
- Brandon J Iskander  biskander@goeforlaw.com,
  kmurphy@goeforlaw.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- Michael S Kogan  mkogan@koganlawfirm.com
- Michael L Wachtell  mwachtell@buchalter.com
- John P Ward  jward@attleseyward.com, ezhang@attleseystorm.com
- Marc A Lieberman  marc.lieberman@flpllp.com,
  safa.saleem@flpllp.com, addy@flpllp.com
- Brett J Wasserman  wasserman@smcounsel.com
- John W Lucas  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Alex M Weingarten  aweingarten@willkie.com, lcarter@willkie.com
- Armen Manasserian  armen@cym.law, jennifer@cym.law
- Beth Ann R Young  bry@lnbyg.com, bry@lnbyb.com
- Ron Maroko  ron.maroko@usdoj.gov
- Clarisse Young  youngshumaker@smcounsel.com,
  levern@smcounsel.com

**PROOF OF SERVICE**
**- 3 -**

- Kirsten Martinez  Kirsten.martinez@bonialpc.com, notices.bonial@ecf.courtdrive.com
- Paul P Young  paul@cym.law, jaclyn@cym.law
- Steven M Mayer  smayer@mayerlawla.com
- Roye Zur  rzur@elkinskalt.com, tparizad@elkinskalt.com, lwageman@elkinskalt.com, 1648609420@filings.docketbird.com
- Christopher M McDermott  ch11ecf@aldridgepite.com, cmm@ecf.inforuptcy.com, cmcdermott@aldridgepite.com
- Krikor J Meshefejian  kjm@lnbyg.com

II. **<u>SERVED BY UNITED STATES MAIL:</u>**

Hon. Neil W. Bason
U.S. Bankruptcy Court
255 East Temple Street #1552
Los Angeles, California 90012

Peter C. Anderson, U.S. Trustee
Michael Jones, Assistant U.S. Trustee
Office of the U.S. Trustee
915 Wilshire Boulevard Suite 1850
Los Angeles, California 90017

Nathan Talei
Talei and Talei
16133 Ventura Boulevard, Suite 700
Encino, California 91436