Jeffrey W. Dulberg (CA Bar No. 181200)
John W. Lucas (CA State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760
jdulberg@pszjlaw.com
jlucas@pszjlaw.com

Counsel to Bradley D. Sharp, Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>Debtor. | Case No.: 2:23-bk-10990-NB<br><br>Chapter 11<br><br>**NOTICE OF FILING OF CHAPTER 11 TRUSTEE'S SECOND AMENDED PLAN OF LIQUIDATION OF THE ESTATE OF LESLIE KLEIN** |

**PLEASE TAKE NOTICE** that on December 15, 2025, Bradley D. Sharp, as the duly

appointed chapter 11 trustee in the chapter 11 case of Leslie Klein (the "***Trustee***"), filed the (i)

*Chapter 11 Plan of Liquidation of the Estate of Leslie Klein* [Docket No. 1282] (the "***Original***

***Plan***").

**PLEASE TAKE FURTHER NOTICE** that on February 27, 2026, the Trustee filed an

amended Plan [Docket No. 1311] (the "***Amended Plan***").

**PLEASE TAKE FURTHER NOTICE** that on March 3, 2026, the Trustee filed a blackline

comparison of the Amended Plan marked against the Original Plan [Docket No. 1319].

**PLEASE TAKE FURTHER NOTICE** that the March 30, 2026 Trustee filed a second

amended plan (the "***Second Amended Plan***") [Docket No. 1346], attached hereto as **Exhibit A**.  A

4907-0302-1724.1 78512.001

blackline comparison of the Second Amended Plan marked against the Amended Plan is attached

hereto as **Exhibit B.**

Dated:    March 30, 2026                    PACHULSKI STANG ZIEHL & JONES LLP


By      */s/ John W. Lucas*
               John W. Lucas
               Counsel for Bradley D. Sharp, Chapter 11
               Trustee

4907-0302-1724.1 78512.001                                    2

# EXHIBIT A

Jeffrey W. Dulberg (CA Bar No. 181200)
John W. Lucas (CA State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760
jdulberg@pszjlaw.com
jlucas@pszjlaw.com

Counsel to Bradley D. Sharp, Chapter 11 Trustee

<div align="center">

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

</div>

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>              Debtor. | Case No. 2:23-bk-10990-NB<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S SECOND AMENDED PLAN OF LIQUIDATION OF THE ESTATE OF LESLIE KLEIN** |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SF 4881-2686-0476.10 78512.001

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

SECTION 1.    RULES OF INTERPRETATION ................................................................ 1

SECTION 2.    PLAN OBJECTIVES ................................................................................... 1

SECTION 3.    METHOD OF CLASSIFICATION OF CLAIMS ....................................... 2

3.1    General Rules of Classification ................................................................. 2

3.2    Holders of Claims Entitled to Vote ........................................................... 2

3.3    Administrative and Priority Claims ........................................................... 2

SECTION 4.    TREATMENT OF CLAIMS AND INTERESTS .......................................... 3

4.1    Summary of Claims' Treatment ................................................................. 3

4.2    Postpetition Interest on Claims .................................................................. 3

4.3    Insurance ..................................................................................................... 3

4.4    Satisfaction of Claims ................................................................................ 3

SECTION 5.    ADMINISTRATIVE AND PRIORITY TAX CLAIMS ............................... 3

5.1    Administrative Expense Claims ................................................................. 3

5.2    Professional Fee Claims ............................................................................. 4

5.3    Priority Tax Claims ..................................................................................... 5

5.4    Exemption ................................................................................................... 5

SECTION 6.    CLASSIFICATION AND TREATMENT OF CLAIMS ............................... 5

6.1    Class 1:  Other Priority Claims ................................................................. 5

6.2    Class 2:  Secured Tax Claims .................................................................... 5

6.3    Class 3: Gestetner Secured Claim ............................................................. 6

6.4    Class 3(a):  Other Secured Claims ............................................................ 6

6.5    Class 4:  General Unsecured Claims ......................................................... 6

SECTION 7.    ACCEPTANCE OR REJECTION OF THE PLAN ..................................... 7

7.1    Administrative Expense Claims and Priority Tax Claims .......................... 7

7.2    Class 1:  Other Priority Claims ................................................................. 7

SF 4881-2686-0476.10 78512.001                    i

7.3    Class 2: Secured Tax Claims ............................................................................... 7

7.4    Class 3: Gestetner Secured Claim ...................................................................... 7

7.5    Class 3(a): Other Secured Claims ..................................................................... 7

7.6    Class 4: General Unsecured Claims ................................................................... 7

7.7    Ballots ................................................................................................................ 7

7.8    Elimination of Vacant Classes ........................................................................... 7

SECTION 8.    MEANS FOR IMPLEMENTATION OF THE PLAN ....................................... 7

8.1    The Liquidation Trust ........................................................................................ 7

8.2    Settlements ....................................................................................................... 11

8.3    The Source of Distributions ............................................................................ 13

8.4    Claims Reconciliation Process ........................................................................ 13

8.5    Preservation of Right to Conduct Investigations ............................................ 13

8.6    Preservation of Privilege and Defenses .......................................................... 13

8.7    Abandonment of Property ................................................................................ 13

SECTION 9.    CLAIMS RECONCILIATION PROCESS ......................................................... 13

9.1    Objections to, and Resolution, of Disputed Claims ........................................ 13

9.2    Claim Objections ............................................................................................. 14

9.3    Estimation of Certain Claims .......................................................................... 14

SECTION 10.    DISTRIBUTIONS ............................................................................................. 14

10.1    Manner of Cash Payments .............................................................................. 14

10.2    Setoff and Recoupment ................................................................................... 14

10.3    No Distributions With Respect to Disputed Claims ....................................... 14

10.4    Reserve for Disputed Claims and Administrative Expenses ............................ 14

10.5    Undeliverable or Unclaimed Distributions ..................................................... 15

10.6    De Minimis Distributions ................................................................................ 15

SECTION 11.    LITIGATION ................................................................................................... 15

11.1    Preservation of Causes of Action ................................................................... 15

SECTION 12.    EXCULPATION AND INJUNCTION ............................................................. 17

SF 4881-2686-0476.10 78512.001

ii

12.1    Term of Bankruptcy Injunction or Stay ................................................................ 17

12.2    Exculpation for Estate Fiduciaries ...................................................................... 17

12.3    Injunction .......................................................................................................... 17

SECTION 13.    NO GENERAL DISCHARGE AND NON-DISCHARGEABLE CLAIMS ... 18

13.1    Scope of Discharge ............................................................................................ 18

13.2    Non-Dischargeable Claims ................................................................................ 18

13.3    Notice Regarding Payment of Non-Dischargeable Claims ................................. 19

SECTION 14.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES ........................ 19

14.1    Preservation of Executory Contracts and Rejection of Unexpired Leases ........... 19

14.2    Bar Date for Rejection Damage Claims............................................................... 19

SECTION 15.    RETENTION OF JURISDICTION ................................................................ 19

15.2    Successors and Assigns........................................................................................ 21

15.3    Saturday, Sunday, or Legal Holiday. .................................................................. 21

SECTION 16.    MODIFICATION, REVOCATION, OR WITHDRAWAL OF PLAN ........... 21

16.1    Modification and Amendments............................................................................ 21

16.2    Effect of Confirmation on Modifications. ........................................................... 21

16.3    Revocation or Withdrawal of this Plan................................................................ 21

SECTION 17.    MISCELLANEOUS PLAN PROVISIONS ...................................................... 22

17.1    Conditions Precedent to the Effective Date. ....................................................... 22

17.2    Entire Agreement. .............................................................................................. 22

17.3    Binding Effect. ................................................................................................... 22

17.4    U.S. Trustee Fees and Quarterly Reports............................................................ 22

17.5    Post-Effective Date Effect of Evidences of Claims............................................. 22

17.6    No Recourse. ...................................................................................................... 22

17.7    No Admissions.................................................................................................... 23

17.8    Severability of Plan Provisions. .......................................................................... 23

17.9    Governing Law. .................................................................................................. 23

SECTION 18.    RECOMMENDATIONS AND CONCLUSION ........................................... 23

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SF 4881-2686-0476.10 78512.001

iii

**INTRODUCTION**

On February 22, 2023, Leslie Klein, referred to herein as the Debtor,[1] filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Central District of California, Los Angeles Division. The Debtor's chapter 11 case was originally filed pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code but on March 10, 2023, the Debtor voluntarily converted the case to chapter 11. *See* [Docket No. 43].

On April 24, 2023, a *Motion for Order Dismissing Debtor's Chapter 11 Bankruptcy Case* [Docket No. 79] was filed and heard by the Bankruptcy Court on May 17, 2023, where the Court ruled that the appointment of a chapter 11 trustee, and not dismissal of the case, was in the best interests of the estate. On May 23, 2023, the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 151]. On May 24, 2023, the United States Trustee filed an *Application for Order Approving Appointment of Trustee and Fixing Bond* [Docket No. 154], which was approved by an order entered the same day [Docket No. 155]. On May 24, 2023, the Trustee accepted his appointment [Docket No. 156].

The Trustee proposes this Plan to establish a trust that will identify and liquidate the Estate's Assets available for the resolution and satisfaction[2] of the allowed claims against the Estate of the Debtor.

Subject to certain restrictions and requirements set forth in Bankruptcy Code section 1127 and Bankruptcy Rule 3019, the Trustee reserves the right to alter, amend, modify, revoke, or withdraw this Plan prior to its substantial consummation. Reference is made to the Disclosure Statement for a discussion of the Debtor's history and assets, a summary and analysis of this Plan, and certain related matters, including the distributions to be made under this Plan and the risk factors relating to the consummation of this Plan.

**SECTION 1.  RULES OF INTERPRETATION**

Unless otherwise specified, all section or exhibit references in this Plan are to the respective section in, or exhibit to, this Plan, as the same may be amended, supplemented, waived, or modified from time to time.  A term used herein that is not defined herein shall have the meaning assigned to that term in the Bankruptcy Code.  The rules of construction contained in section 102 of the Bankruptcy Code shall apply to this Plan. The headings in this Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof.  Unless otherwise provided, any reference in this Plan to an existing document, exhibit or schedule means such document, exhibit or schedule as it may have been amended, restated, revised, supplemented or otherwise modified.  If a time or date is specified for any payments or other Distribution under this Plan, it shall mean on or as soon as reasonably practicable thereafter.  In the event of any ambiguity or conflict between this Plan and the Disclosure Statement, the provisions of this Plan shall control.

**SECTION 2.  PLAN OBJECTIVES**

The Plan provides for the establishment of a Liquidation Trust on the Effective Date for the primary purpose of administering and liquidating the Liquidation Trust Assets and for the secondary purposes of, *inter alia*, (a) analyzing and pursuing Causes of Action, including collecting accounts receivable, (b) identifying any undisclosed assets of the Estate, (c) resolving all Administrative Expense Claims, Professional Fee Claims, and Claims, and (d) making all Distributions provided for under the terms of the Plan. The Liquidation Trust shall be under the direction and control of the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in <u>Appendix 1</u>.

[2] Any discharge of the Debtor's obligations of Claims is subject to the requirements set forth under section 1141(d)(5) of the Bankruptcy Code and Section 13 of the Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Liquidation Trustee, as trustee of the Liquidation Trust.  On the Effective Date, all of the Estate's Assets shall vest in the Liquidation Trust and the Liquidation Trustee shall be empowered to identify any assets of the Estate that were not disclosed and take the necessary action to liquidate such assets pursuant to the terms of this Plan.  Subject to section 1141(d)(5) of the Bankruptcy Code and Section 13 of the Plan, the Plan contemplates liquidation of the Estate's Assets and the distribution of the net proceeds thereof to Holders of Allowed Administrative Expense Claims, Allowed Professional Fee Claims, and Allowed Claims in order of their payment priority as prescribed by the Plan in satisfaction of the Claims against the Debtor's Estate; *provided*, *however*, (a) to the extent the Debtor is subject to a Non-Dischargeable Claim, the Plan does not provide a discharge for such claims and (b) the Plan does not contemplate the Debtor receiving a discharge for claims that are not Non-Dischargeable Claims.

**SECTION 3.  METHOD OF CLASSIFICATION OF CLAIMS**

3.1    General Rules of Classification

The Plan divides Holders of Administrative Expense Claims, Professional Fee Claims, Claims, and Interests into different groups and Classes based on their legal rights and interests, and provides for the distributions from the Liquidation Trust of Administrative Expense Claims, Professional Fee Claims, and Claims.  Section 5 of the Plan describes the categories of Administrative Expense Claims, Professional Fee Claims, and Priority Tax Claims, all of which are not classified.  Section 6 of the Plan classifies Claims and Interests, for all purposes, including voting, confirmation, and distributions under the Plan.  A Claim or Interest is classified in a particular Class only to the extent the Claim or Interest falls within the Class description. To the extent part of the Claim or Interest falls within a different Class description, the Claim or Interest is classified in that different Class. A Claim or Interest is in a particular Class only to the extent that such Claim or Interest is Allowed in that Class and has not been paid or otherwise settled prior to the Effective Date.

3.2    Holders of Claims Entitled to Vote

Each Holder of an Allowed Class 3 Claim (Gestetner Secured Claim), Class 3(a) (Other Secured Claim), and Class 4 Claim (General Unsecured Claims), and each Holder of a Class 3 Claim, Class 3(a), or Class 4 Claim that has been temporarily allowed for voting purposes by an order under Bankruptcy Rule 3018(a), shall be entitled to vote separately to accept or reject the Plan as provided by the Solicitation Procedures Order.  Any Unimpaired Class of Claims shall be deemed to have accepted the Plan.

3.3    Administrative and Priority Claims

Administrative Expense Claims, Professional Fee Claims, and Priority Tax Claims have not been classified and are excluded from the Classes set forth in Section 6 of the Plan in accordance with section 1123(a)(1) of the Bankruptcy Code.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SF 4881-2686-0476.10 78512.001

2

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## SECTION 4.  TREATMENT OF CLAIMS AND INTERESTS

4.1    Summary of Claims' Treatment

The following table summarizes the classification and treatment of the Classes of Claims and Interests under the Plan.

| CLASS | DESCRIPTION | IMPAIRED / UNIMPAIRED | ENTITLED TO VOTE |
|---|---|---|---|
| CLASS 1 | Other Priority Claims | Unimpaired | No - Deemed to Accept |
| CLASS 2 | Secured Tax Claim | Unimpaired | No – Deemed to Accept |
| CLASS 3 | Gestetner Secured Claim | Impaired | Yes |
| CLASS 3(A) | Other Secured Claims | Impaired | Yes |
| CLASS 4 | General Unsecured Claims | Impaired | Yes |

4.2    Postpetition Interest on Claims

Except as required by applicable bankruptcy law, postpetition interest shall not accrue or be payable on account of any Claim.

4.3    Insurance

Notwithstanding anything to the contrary herein, if any Allowed Claim is covered by an insurance policy, such Claim shall first be paid from the proceeds of such insurance policy, with the balance, if any, treated in accordance with the provisions of this Plan governing the Class applicable to such Claim.

4.4    Satisfaction of Claims

Subject to section 1141(d)(5) of the Bankruptcy Code and Section 13 of the Plan, the treatment in the Plan is in full and complete satisfaction of all of the legal, contractual, and equitable rights that each Holder of an Allowed Claim may have against the Debtor or the Estate.  All Distributions under the Plan will be tendered to the Entity holding the Allowed Claim.

**EXCEPT AS SPECIFICALLY SET FORTH IN THE PLAN, NO DISTRIBUTIONS WILL BE MADE AND NO RIGHTS WILL BE RETAINED ON ACCOUNT OF ANY ADMINISTRATIVE EXPENSE CLAIM, PROFESSIONAL FEE CLAIM, OR CLAIM THAT IS NOT ALLOWED.**

## SECTION 5.  ADMINISTRATIVE AND PRIORITY TAX CLAIMS

5.1    Administrative Expense Claims

(a)    *Treatment*.  Except as otherwise provided in Section 5.1(b) of the Plan, or to the extent that a Holder of an Allowed Administrative Expense Claim agrees to different treatment

with the Trustee or Liquidation Trustee, each Holder of an Allowed Administrative Expense Claim shall receive Cash in an amount equal to the unpaid amount of such Allowed Administrative Expense Claim on the later of the Effective Date or the date on which such Administrative Expense Claim becomes an Allowed Administrative Expense Claim, or as soon thereafter as is reasonably practicable; *provided*, *however*, that Allowed Administrative Expense Claims representing liabilities incurred in the ordinary course of business by the Debtor or liabilities arising under obligations incurred by the Debtor, prior to the Effective Date, shall be paid by the Debtor, in the ordinary course of business and in accordance with the terms and subject to the conditions of any agreements governing, instruments evidencing, or other documents relating to such transactions, including, but not limited to, any applicable orders of the Bankruptcy Court.  In addition, Allowed Administrative Expense Claims of the United States Trustee for statutory fees under 28 U.S.C. § 1930 incurred prior to the Effective Date shall be paid on the Effective Date by the Estate, and thereafter, as such fees may thereafter accrue and be due and payable, by the Liquidation Trust in accordance with the applicable schedule for payment of such fees.

(b)    *Administrative Expense Claims Deadline*.   To be eligible to receive Distributions under the Plan on account of an Administrative Expense Claim that is not otherwise Allowed by the Plan, a request for payment of an Administrative Expense Claim must have been or be filed with the Bankruptcy Court on or before the Administrative Expense Claims Deadline, or such other date as may be agreed to by the Liquidation Trustee. Any Administrative Expense Claims that are not asserted in accordance herewith and with Section 5.1(a) of the Plan shall be disallowed under the Plan and shall be forever barred against the Estate, the Liquidation Trust, or any of their Assets or property, and the Holder thereof shall be enjoined from commencing or continuing any action, employment of process or act to collect, offset, recoup or recover such Claim.

5.2    Professional Fee Claims

Each Professional requesting compensation for services rendered and reimbursement for expenses incurred during the period from the Petition Date through the Effective Date must (i) file and serve a properly noticed final fee application by no later than 42 days after the Effective Date and (ii) be paid (a) the full unpaid amount as is Allowed by the Bankruptcy Court within 14 days after the date that such Claim is Allowed by Order of the Bankruptcy Court, or (b) upon such other terms as may be mutually agreed upon between the Holder of such an Allowed Professional Fee Claim and the Liquidation Trustee.  Any Professional Fee Claim that is not asserted in accordance with this Section 5.2 shall be disallowed under this Plan and shall be forever barred against the Estate, the Liquidation Trust, or any of their Assets or property, and the Holder thereof shall be enjoined from commencing or continuing any action, employment of process or act to collect, offset, recoup or recover such Claim.

(a)    *Professional Fee Estimate*.   Professionals shall estimate in good faith their unpaid Professional Fee Claims and other unpaid fees and expenses incurred in rendering services to the Trustee before and as of the Effective Date and shall deliver such reasonable, good faith estimate to the Trustee no later than seven days prior to the Effective Date; provided, that such estimate shall not be deemed to limit the amount of the fees and expenses that are the subject of the Professional's final request for payment of Professional Fee Claims.

(b)    *Professional Fee Escrow*. If the Professional Fee Claims Estimate is greater than zero, as soon as reasonably practicable and no later than the Effective Date, the Trustee shall fund the Professional Fee Escrow Account with Cash equal to the Professional Fee Claims Estimate, and no Liens, Claims, or Interests shall encumber the Professional Fee Escrow in any way.  The Professional Fee Escrow Account (including funds held in the Professional Fee Escrow) (i) shall not be and shall not be deemed property of the Estate or the Liquidation Trust and (ii) shall be held in trust for the Professionals; provided that funds remaining in the Professional Fee Escrow Account after all Allowed Professional Fee Claims have been irrevocably paid in full shall revert to the

SF 4881-2686-0476.10 78512.001

4

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Liquidation Trust.  Allowed Professional Fee Claims shall be paid in Cash to such Professionals from funds held in the Professional Fee Escrow Account when such Claims are Allowed by an order of the Bankruptcy Court; provided further that the Estate's or the Liquidating Trust's obligations with respect to Professional Fee Claims shall not be limited nor deemed to be limited in any way to the balance of funds held in the Professional Fee Escrow Account.

If the amount of funds in the Professional Fee Escrow Account is insufficient to fund payment in full of all Allowed Professional Fee Claims and any other Allowed amounts owed to Professionals, the deficiency shall be promptly funded to the Professional Fee Escrow Account from the Estate or the Liquidating Trust, as applicable, without any further action or order of the Bankruptcy Court.

5.3    Priority Tax Claims

Except to the extent that a Holder of an Allowed Priority Tax Claim agrees to a different treatment of such Claim, each Holder of an Allowed Priority Tax Claim, if any such Claim exists, shall receive Cash in an amount equal to the unpaid portion of such Allowed Priority Tax Claim on, or as soon thereafter as is reasonably practicable, the date that is 90 calendar days after the Effective Date.

5.4    Exemption

Except to the extent the Debtor agrees to a different treatment, pursuant to the Exemption Order, the Trustee or the Liquidating Trust, as applicable, shall distribute  $189,050.00 (less any expenses incurred by the Estate or the Liquidating Trust, as the case may be, for removing the personal property located at the June St. Property) to the Debtor within the latter of twenty-one (21) days after (a) the closing of the sale of the June St. Property or (b) the Effective Date.

## SECTION 6.  CLASSIFICATION AND TREATMENT OF CLAIMS

6.1    Class 1:  Other Priority Claims

(a)    *Classification*.  Class 1 consists of all Allowed Other Priority Claims against any of the Debtor that are specified as having priority in section 507(a) of the Bankruptcy Code if any such Claims exist as of the Effective Date.

(b)    *Treatment*.  Except to the extent that a Holder of an Allowed Other Priority Claim against the Debtor has agreed to a different treatment of such Claim, each such Holder shall receive, in full and final satisfaction, settlement, release, and discharge of each such Allowed Other Priority Claim, Cash in an amount equal to such Allowed Other Priority Claim, on or as soon as reasonably practicable after the latest of (i) the Effective Date, (ii) the date the Other Priority Claim becomes an Allowed Claim, and (iii) the date for payment provided by any agreement or arrangement between the Trustee or the Liquidation Trustee and the Holder of the Allowed Other Priority Claim against the Debtor.

6.2    Class 2:  Secured Tax Claims

(a)    *Classification*.  Class 2 consists of all Allowed Secured Tax Claims against the Debtor that, absent the secured status of such Claim, would be entitled to priority in right of payment under section 507(a) of the Bankruptcy Code if any such Claims exist as of the Effective Date.

(b)    *Treatment*.  Each Holder of an Allowed Secured Tax Claim against the Debtor shall receive, in full and final satisfaction, settlement, release, and discharge of each such Allowed Secured Tax Claim, Cash in an amount equal to such

SF 4881-2686-0476.10 78512.001

Allowed Secured Tax Claim, on or as soon as reasonably practicable after the latest of (i) the Effective Date, (ii) the date the Secured Tax Claim becomes an Allowed Claim, and (iii) the date for payment provided by any agreement or arrangement between the Trustee or the Liquidation Trustee and the Holder of the Secured Tax Claim. The Trustee and the Liquidation Trustee (after the Effective Date) specifically reserve the right to challenge the validity, nature, and perfection of, and to avoid, pursuant to the provisions of the Bankruptcy Code and other applicable law, any purported liens relating to the Secured Tax Claims.

6.3    Class 3:  Gestetner Secured Claim

(a)    ***Classification***.  Class 3 consists of the Gestetner Secured Claim. The Trustee will provide a ballot to the Holder of asserted Class 3 Gestetner Secured Claim.

(b)    ***Treatment***.  On the later of the Effective Date or the date on which LCG makes a distribution to the Estate or the Liquidating Trustee on account of the Debtor's equity interest in LCG, the Holder of an Allowed Class 3 Gestetner Secured Claim will receive 50% of the distribution made to the Estate or the Liquidating Trust, as the case may be, from LCG until the Gestetner Secured Claim held by the Gestetners is paid in full.

6.4    Class 3(a):  Other Secured Claims

(a)    ***Classification***.  Class 3(a) consists of all Other Secured Claims.

(b)    ***Treatment***.    On the Effective Date, or as soon as reasonably practicable thereafter, each Holder of an Allowed Class 3(a) Other Secured Claim will receive the collateral in which such Holder has a security interest or lien; *provided*, *however*, if such action was already undertaken prior to the Petition Date, in response to a stay relief request, by the Estate's abandonment, or other similar action then the Liquidation Trustee need not take any further action; provided, further, upon the request of a holder of an Allowed Class 3(a) Other Secured Claim it may elect to receive such other and less favorable distributions or treatments as may be agreed upon by and between the Holder of the Allowed Class 3(a) Claim and the Liquidation Trustee.

6.5    Class 4:  General Unsecured Claims

(a)    ***Classification***.  Class 4 consists of all General Unsecured Claims.  The Trustee will provide ballots to Holders of asserted Class 4 General Unsecured Claims.

(b)    ***Treatment***.  Except to the extent that a Holder of an Allowed Class 4 Claim agrees to a different treatment of such Claim, each Holder of an Allowed Class 4 Claim will receive its Pro Rata share of the liquidated Liquidating Trust Assets as soon as practicable as determined by the Liquidation Trustee in accordance with the Liquidation Trust Agreement; *provided*, *however*, any Allowed Class 4 Claim that is subordinated shall not receive any distribution unless and until all holders of Allowed Class 4 Claims are paid in full or otherwise agree that their Claims have been satisfied. The Plan preserves the rights to dispute the validity of any Class 4 Claim, whether or not objected to prior to the Effective Date; *provided*, *however*, any Class 4 Claim that has been settled pursuant to a Bankruptcy Court order shall not be subject to further objection by the Liquidating Trustee or any party in interest.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## SECTION 7.  ACCEPTANCE OR REJECTION OF THE PLAN

7.1    Administrative Expense Claims and Priority Tax Claims

Holders of Administrative Expense Claims, including Professional Fee Claims, and Priority Tax Claims who do not object to confirmation of the Plan have consented to treatment, as set forth in the Plan, that is or may be different from that set forth in section 1129(a)(9) of the Bankruptcy Code.

7.2    Class 1:  Other Priority Claims

Class 1 is an unimpaired Class.  Holders of Class 1 Other Priority Claims are deemed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code and are not entitled to vote.

7.3    Class 2:  Secured Tax Claims

Class 2 is an unimpaired Class.  Holders of Class 2 Secured Tax Claims are deemed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code and are not entitled to vote.

7.4    Class 3:  Gestetner Secured Claim

Class 3 is an impaired Class.  The Holder of Class 3 Gestetner Secured Claim shall be entitled to vote to accept or reject the Plan.

7.5    Class 3(a):  Other Secured Claims

Class 3 is an impaired Class.  Holders of Class 3 Other Secured Claims shall be entitled to vote to accept or reject the Plan.

7.6    Class 4: General Unsecured Claims

Each Holder of a Class 4 General Unsecured Claim that is not a Disallowed Claim and is not subject to a pending claim objection as of the deadline to submit Ballots shall be entitled to vote to accept or reject the Plan.

7.7    Ballots

Each Holder of a Claim entitled to vote on this Plan will be asked to complete and return a Ballot, which will be tabulated together with other Ballots so received.

7.8    Elimination of Vacant Classes

To the extent applicable, any Class that does not contain any allowed Claims or Claims temporarily allowed for voting purposes under Bankruptcy Rule 3018 for the Debtor, shall be eliminated from the Plan for purposes of (a) voting to accept or reject the Plan and (b) determining whether such Class has accepted or rejected the Plan pursuant to Bankruptcy Code section 1129(a)(8).

## SECTION 8.  MEANS FOR IMPLEMENTATION OF THE PLAN

8.1    The Liquidation Trust

(a)    ***Formation of the Liquidation Trust***.  On the Effective Date, the Liquidation Trust shall be established pursuant to the Liquidation Trust Agreement for the purpose of identifying any undisclosed Assets of the Estate, administering and liquidating the Liquidation Trust Assets, prosecuting and resolving the Causes of Action, objecting to all Claims, and effectuating the Distributions to be made

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SF 4881-2686-0476.10 78512.001

under the Plan to the Holders of Allowed Claims in accordance with the terms of the Plan.

(b) ***Federal Income Tax Treatment of the Liquidation Trust***. For federal income tax purposes, it is intended that the Liquidation Trust be classified as a "grantor trust" for federal income tax purposes, pursuant to sections 671-677 of the Internal Revenue Code of 1986, as amended, and that the Liquidation Trust be owned by the Beneficiaries. Accordingly, for federal income tax purposes, it is intended that the Beneficiaries be treated as if they had received a distribution from the Estate of an undivided interest in the Liquidation Trust Assets and then contributed such interest to the Liquidation Trust.

(c) ***Funding the Liquidation Trust***. On the Effective Date, all of the Assets of the Estate, including all Causes of Action, as well as the rights and powers of the Debtor, shall automatically vest in the Liquidation Trust. Specifically, and without limitation, the Liquidation Trust, through the Liquidation Trustee, shall have the right to prosecute all Causes of Action, and receive all accounts receivable and the proceeds related thereto.

(d) ***Termination of Liquidation Trust***. The duties, responsibilities, and powers of the Liquidation Trustee shall terminate in accordance with the terms of the Plan and the Liquidation Trust Agreement after (a) all the Liquidation Trust Assets have been fully administered, (b) all reasonably possible Distributions have been made in accordance with the terms of the Plan, and (c) all Disputed Claims have been resolved.

Upon the termination of the Liquidation Trust, the Liquidation Trustee shall file with the Bankruptcy Court a report thereof, seeking an order discharging the Liquidation Trustee and a final decree closing the Chapter 11 Case. As efficiently and expeditiously as possible, the Liquidation Trustee shall endeavor to resolve, settle or otherwise dispose of all Liquidation Trust Assets, and effect the distribution of the Liquidation Trust Assets in accordance with the terms of the Plan.

(e) ***Vesting and Transfer of Assets to the Liquidation Trust***. Pursuant to section 1141(b) of the Bankruptcy Code, the Assets of the Estate shall vest in the Liquidation Trust; *provided*, *however*, that the Liquidation Trustee may seek Bankruptcy Court approval to abandon or otherwise not accept any Assets that the Liquidation Trustee believes, in good faith, have no meaningful value to the Liquidation Trust, provided that at least 14 days' notice of any such request is provided to parties to pending litigation in which the Debtor is a party. Any Assets the Liquidation Trustee so abandons or otherwise does not accept shall not vest in the Liquidation Trust and shall re-vest in the Debtor; *provided*, *further*, that pursuant to an order of the Bankruptcy Court following proper notice, the Liquidation Trustee may abandon any Assets to any Person. For the avoidance of doubt, the Liquidation Trustee may not abandon, destroy, or otherwise dispose of the Debtor's books and records without a further order of the Bankruptcy Court upon at least 14 days' notice of any such request to parties to pending litigation in which the Debtor is party.

On the Effective Date and subject to the provisions herein, the Liquidation Trustee shall take possession, custody, and control of all disclosed and undisclosed Assets of the Estate. Nothing herein shall be construed to deem the Liquidation Trustee to have possession, custody, or control of the books, records, and files of the Debtor and the Estate not actually in the possession, custody, or control of the Liquidation Trustee on the Effective Date.

As of the Effective Date, all Assets vested in the Liquidation Trust and all Assets dealt with in the Plan, shall be free and clear of all Claims, Liens, and Interests except as otherwise specifically

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

provided in the Plan or in the Confirmation Order. The Liquidation Trustee shall make distributions in accordance with the Plan and the Liquidation Trust Agreement.

(f) ***Appointment and Powers of the Liquidation Trustee***. On the Effective Date, the Liquidation Trustee shall be appointed pursuant to the Confirmation Order, as of the Effective Date. The Liquidation Trustee shall be the exclusive trustee of the Liquidation Trust Assets for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3) as well as the representative of the Estate appointed pursuant to section 1123(b)(3)(B) of the Bankruptcy Code. The powers, rights, and responsibilities of the Liquidation Trustee shall be specified in and subject to the terms of the Liquidation Trust Agreement and shall include the authority and responsibility to: (i) receive, manage, invest, supervise and protect the Liquidation Trust Assets; (ii) pay taxes and other obligations incurred by the Liquidation Trust; (iii) retain and compensate, without further order of the Bankruptcy Court, the services of professionals to advise and assist in the administration, prosecution and Distribution of Liquidation Trust Assets; (iv) calculate and implement Distributions of Distributable Cash (v) prosecute, compromise and settle all Disputed Claims and all claims and Causes of Action vested in the Liquidation Trust; (vi) provide reasonable access to the Estate's books and records upon request from any Holder of a Claim, Administrative Expense Claim, or Professional Fee Claim; and (vii) pay Professional Fees of professionals retained in the Chapter 11 Case which are Allowed pursuant to any order of the Bankruptcy Court, whether such Professional Fees were incurred before or after the Effective Date. Other rights and duties of the Liquidation Trustee shall be set forth in the Liquidation Trust Agreement.

The Liquidation Trustee shall have all of the rights and powers of a trustee in bankruptcy, a chapter 11 trustee and/or a debtor in possession to the same extent as would be held by those officers if this plan had not been confirmed, and shall have the benefit of all time frames that would be applicable to actions by such officers, including without limitation pursuant to section 108 of the Bankruptcy Code.

(g) ***Compensation of Liquidation Trustee***. The Liquidation Trustee shall be reasonably compensated out of the Liquidation Trust Assets for his or her services and reimbursed out of the Liquidation Trust for his or her reasonable expenses in accordance with the Liquidation Trust Agreement.

(h) ***Resignation of Liquidation Trustee***. The Liquidation Trustee may resign at any time. The Liquidation Trustee shall file such written resignation with the Bankruptcy Court. Any party in interest may request a hearing before the Bankruptcy Court regarding the Liquidation Trustee's resignation. If no such hearing is requested, the resignation shall take effect 30 days after the filing of the notice of resignation with the Bankruptcy Court. The resigning Liquidation Trustee shall, by the earliest date possible, deliver to the Liquidation Trustee's successor all of the Liquidation Trust Assets that were in the possession of the resigning Liquidation Trustee along with a complete record and inventory of all such Liquidation Trust Assets.

(i) ***Removal of Liquidation Trustee***. The Bankruptcy Court may remove a Liquidation Trustee for good cause shown on a motion submitted by a Beneficiary of the Liquidation Trust or the U.S. Trustee following notice to parties in interest, including without limitation, the Liquidation Trustee. The removal will take effect upon the date the Bankruptcy Court specifies. Any removed Liquidation Trustee shall, by the earliest date possible, deliver to the Liquidation Trustee's successor all of the Liquidation Trust Assets that were in

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

the possession of the removed Liquidation Trustee along with a complete record and inventory of all such Liquidation Trust Assets.

(j) **Successor Liquidation Trustee**. Any vacancy in the office of Liquidation Trustee shall be appointed by the Bankruptcy Court after notice and a hearing.

Any successor Liquidation Trustee's acceptance of appointment as a successor Liquidation Trustee shall be in writing and shall be filed with the Bankruptcy Court. The acceptance shall become effective when filed with the Bankruptcy Court. The successor Liquidation Trustee shall thereupon be considered a Liquidation Trustee of the Liquidation Trust without the necessity of any conveyance or instrument. Each successor Liquidation Trustee shall have all of the rights, powers, duties, authority, and privileges as if named as the initial Liquidation Trustee hereunder. Each successor Liquidation Trustee shall be exempt from any liability related to the acts or omissions of any prior Liquidation Trustee.

(k) **Records**. The Liquidation Trustee shall maintain books and records relating to the Liquidation Trust Assets, Cash, Distributable Cash, Liquidation Trust Reserve, the management thereof, all post-Confirmation transactions undertaken by the Liquidation Trustee, all expenses incurred by or on behalf of the Liquidation Trustee after the Effective Date, and all distributions contemplated or effectuated under the Plan. Subject to further order of the Court, such records shall be maintained and preserved by the Liquidation Trustee until the earlier to occur of (i) entry of the final decree closing the Chapter 11 Case and (ii) termination of the Liquidation Trust.

(l) **Liability of the Liquidation Trustee**. The Liquidation Trustee shall not be personally liable for any claim asserted against the Liquidation Trust or the Liquidation Trustee, except as set forth below. The Liquidation Trustee shall not be liable for any error of judgment made in good faith or with respect to any action taken or omitted to be taken in good faith, unless with respect to the Liquidation Trustee's own respective fraud, gross negligence or willful misconduct. Notwithstanding anything to the contrary set forth herein or in the Liquidation Trust Agreement, no provision of the Plan or the Liquidation Trust Agreement shall be construed to relieve the Liquidation Trustee from liability for gross negligence, fraud or willful misconduct.

(m) **Indemnification**. From and after the Effective Date, the Liquidation Trustee and the independent contractors, employees, and/or professionals employed by the Liquidation Trust (collectively, the "Indemnified Parties" and each an "Indemnified Party") shall be, and hereby are, indemnified by the Liquidation Trust, to the fullest extent permitted under applicable law, from and against any and all claims, debts, dues, accounts, actions, suits, causes of action, bonds, covenants, judgments, damages, attorneys' fees and defense costs, and other assertions of liability arising out of any such Indemnified Parties' good faith exercise of what such Indemnified Party reasonably understands to be its powers or the discharge of what such Indemnified Party reasonably understands to be its duties conferred by the Plan, the Liquidation Trust Agreement, or by any order of the Bankruptcy Court entered pursuant to, or in furtherance of, the Plan, applicable law, or otherwise (except only for actions or omissions to act to the extent determined by a Final Order of a court of competent jurisdiction to be due to such Indemnified Party's own respective fraud, gross negligence or willful misconduct), including but not limited to, acts or omissions concerning pursuing or not pursuing any Causes of Action or objections to Claims, on and after the Effective Date. The foregoing indemnification shall also extend to matters directly or indirectly, in connection with, arising out of, based on, or in any way related to (i) the Plan; (ii) the services to be rendered

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

pursuant to the Plan; (iii) any document or information, whether verbal or written, referred to herein or supplied to the Liquidation Trustee; or (iv) proceedings by or on behalf of any claimant or Creditor.  Subject to the terms of the Plan and the Liquidation Trust Agreement, the Liquidation Trust shall, on demand, advance or pay promptly, in either case from the Liquidation Trust Reserve, on behalf of each Indemnified Party, reasonable attorneys' fees and other expenses and disbursements which such Indemnified Party would be entitled to receive pursuant to the foregoing indemnification obligation; provided, however, that any Indemnified Party receiving any such advance shall execute a written undertaking to repay such advance amounts if a court of competent jurisdiction ultimately determines that such Indemnified Party is not entitled to indemnification hereunder due to the gross negligence, fraud, or willful misconduct of such Indemnified Party.  Any person entitled to indemnification hereunder shall have the right to employ such person's own separate counsel in any such action, payable solely from the Liquidation Trust Reserve, subject to the terms and conditions of the Plan.

The Liquidation Trustee is authorized, but not required, to obtain and purchase (solely from funds in the Liquidation Trust Reserve) insurance coverage with respect to the responsibilities, liabilities, and obligations of the Indemnified Parties under the Plan.

(n)    ***Post-Confirmation Fees and Settlements.*** Notwithstanding anything to the contrary in the Plan or the Liquidation Trust Agreement, the Liquidation Trustee shall provide holders of Allowed Claims with notice regarding the post-confirmation payment of fees incurred by the Liquidation Trustee's advisors and the entry into compromises or settlements. If there are no objections to such notices then the Liquidation Trustee will proceed and pay the fees or consummate the settlement, as applicable. However, if the holder of an Allowed Claim opposes the Liquidation Trustee's payment of fees or entry into a settlement, the Liquidation Trustee shall file a fee application or a settlement motion and have the Court adjudicate the dispute.

8.2    Settlements

Pursuant to section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019 and in consideration for the distributions and other benefits provided under the Plan, as of the Effective Date, the provisions of the Plan and Section 8.2 of the Plan shall constitute good-faith compromises and settlements of Claims and controversies among the parties thereto relating to the contractual, legal, equitable and subordination rights that holders of Claims may have with respect to any Claim under the Plan or any Distribution to be made on account of an Allowed Claim.  The Plan shall be deemed a motion, proposed by the Trustee, and the entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the compromise and settlement of all such Claims and controversies among the parties thereto, as well as a finding by the Bankruptcy Court that such compromise or settlement is in the best interests of the Estate and holders of Claims, and is fair, equitable and reasonable.

(a)    Gestetner Settlement

Pursuant to the Order Granting the Motion of Chapter 11 Trustee for Approval of Settlement Between the Trustee and A. Gestetner Family Trust and Gestetner Charitable Remainder Unitrust Pursuant to Bankruptcy Rule 9019 [Docket No. 924] (the "Gestetner Settlement Order"), A. Gestetner Family Trust and Gestetner Charitable Remainder Unitrust (together, the "**Gestetners**") have an allowed Class 3 Gestetner Secured Claim in the amount of $3,650,000.00.

Per the terms of the settlement agreement between the Trustee and the Gestetners, all distributions received from LCG that would otherwise be payable to the Debtor as a result of his

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

ownership interest in LCG are to be shared evenly between the Estate, on the one hand, and the Gestetners, on the other hand, which includes $745,353.42 and $1,442,631.77 (the "**Initial LCG Distribution**") that was distributed to the Trustee from LCG, which amount (*i.e.*, $1,155,894.33) was already paid to the Gestetners in connection with the Gestetner Settlement Order. The balance of the Gestetners' Allowed Class 3 Gestetner Secured Claim (*i.e.*, $2,494,105.67) shall be paid pursuant to the Plan after LCG makes further distributions to the Estate until such claim is paid in full.

(b)    Menlo Settlement

Pursuant to the *Order Granting Motion for Order Pursuant to Bankruptcy Rule 9019 Approving Settlement With Mutual Releases Between the Trustee and Franklin H. Menlo and Jeffrey Winter, Co-Trustees of the Franklin Menlo Irrevocable Trust Established March 1*, 1983 *and Granting Relief From Stay* [Docket No. 919] (the "**Menlo Settlement Order**"), the Court approved the settlement between the Trustee on the one hand and Franklin H. Menlo and Jeffrey Winter, Co-Trustees of the Franklin Menlo Irrevocable Trust Established March 1, 1983 (the "**Menlo Parties**") regarding the claims the Estate had against the Menlo Parties and the claims the Menlo Parties had against the Estate. Under the Menlo Settlement Order, the Menlo Parties have an Allowed Class 4 General Unsecured Claim in the amount of $19,225,065.00 and an Allowed Class 4 General Unsecured Subordinated Claim in the amount of $11,176,758.00, the latter of which will not receive any distribution unless and until all other Class 4 General Unsecured Claims are paid in full.

(c)    Vago Settlement

Pursuant to the *Order Granting Motion of Chapter 11 Trustee for Order Approving Settlement Between the Trustee and Erica Vago and Joseph Vago Pursuant to Bankruptcy Rule 9019* [Docket No. 1018] (the "Vago Settlement Order"), Erica and Joseph Vago have an Allowed Class 4 General Unsecured Claim in the amount of $17,638,081.00 and an Allowed Class 4 General Unsecured Subordinated Claim in the amount of $8,486,466.00, the latter of which will not receive any distribution unless and until all other Class 4 General Unsecured Claims are paid in full.

(d)    Berger Settlement

Pursuant to the *Order Granting Motion of Chapter 11 Trustee for Order Approving Settlement Between the Trustee and David Berger Pursuant to Bankruptcy Rule 9019* [Docket No. 1264] (the "**Berger Settlement Order**"), David Berger has an Allowed Class 4 General Unsecured Claim in the amount of $400,000.00.

(e)    Mermelstein Settlement

Pursuant to the *Order Granting the Motion of Chapter 11 Trustee for Order Approving Settlement Between the Trustee and Robert and Esther Mermelstein Pursuant to Bankruptcy Rule 9019* [Docket No. 1274], Robert and Esther Mermelstein have Allowed Class 4 General Unsecured Claims as follows:

| Claim No. | Claim Amount | Life Insurance Policy |
|---|---|---|
| 19-2 | $500,000.00 | Garza |
| 20-2 | $0.00 | Times Square Media |
| 21-2 | $500,000.00 | Ganz |
| 22-2 | $2,250,000.00 | Spitzer |
| 23-2 | $1,200,000.00 | Kohn |
| 24-2 | $1,000,000.00 | Friedman |
| 25-3 | $3,662,679.53 | Zimmerman |
| | | |
| Total: | **$9,112,679.53** | |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SF 4881-2686-0476.10 78512.001                    12

8.3    The Source of Distributions

The sources of all distributions and payments under the Plan are the Liquidation Trust Assets (or proceeds of any Liquidation Trust Assets), including without limitation Cash and Distributable Cash, proceeds of all Causes of Action, and proceeds of or recoveries from any other remaining property of the Debtor and the Estate.

8.4    Claims Reconciliation Process

From and after the Effective Date, the Liquidation Trust shall be solely responsible for objecting to Claims that are not otherwise Allowed.

8.5    Preservation of Right to Conduct Investigations

Any and all rights to conduct investigations pursuant to Bankruptcy Rule 2004 held by the Debtor's Estate or the Trustee prior to the Effective Date shall vest with the Liquidation Trust upon the Effective Date and shall continue in effect until dissolution or termination of the Liquidation Trust.

8.6    Preservation of Privilege and Defenses

No action taken by the Trustee in connection with this Plan shall be (or be deemed to be) a waiver of any privilege or immunity of the Debtor or the Estate, as applicable, including any attorney-client privilege or work-product privilege attaching to any documents or communications (whether written or oral) (collectively, the "Transferred Privileges"). The Confirmation Order shall provide that, notwithstanding the Estate providing any Transferred Privileges to the Liquidation Trustee, the Liquidation Trust, or any party or Person associated with the Liquidation Trust, such Transferred Privileges shall be without waiver in recognition of the joint and/or successorship interest in prosecuting any Claim or Cause of Action on behalf of the Estate and shall remain privileged and shall vest in the Liquidation Trust, in trust, and, consistent with sections 1123(a)(5)(B) and 1123(b)(3)(B) of the Bankruptcy Code, for the sole benefit of the Liquidation Trustee and the Liquidation Trust beneficiaries; *provided*, *however*, the Liquidation Trustee shall not share information protected by any Transferred Privilege with a holder of a general unsecured claim to the extent that such protected information implicates the claims the creditors have against the Liquidating Trust or claims the Liquidating Trust has against the holder of a general unsecured claim; *provided further*, *however*, that the Liquidation Trustee shall not waive any Transferred Privilege, or otherwise disclose any material subject to a Transferred Privilege, to the extent such Transferred Privilege is held jointly with a third party, without the express written consent of such third party.

8.7    Abandonment of Property

If and to the extent the Liquidation Trustee determines to abandon any Liquidation Trust Assets, then the Liquidation Trustee may abandon such assets in accordance with the Plan or any further order of the Bankruptcy Court.

**SECTION 9.  CLAIMS RECONCILIATION PROCESS**

9.1    Objections to, and Resolution, of Disputed Claims

From and after the Effective Date, the Liquidation Trust shall have the exclusive authority to compromise, resolve, and Allow any Disputed Claim without the need to obtain approval from the Bankruptcy Court, subject to the Liquidation Trust Agreement, and any agreement entered into by the Liquidation Trust with respect to the Allowance of any Claim shall be conclusive evidence and a final determination of the Allowance of such Claim; *provided, however*, that, under the Plan, all Disputed Claims will have no right to receive any Distributions under the Plan unless and until such Claims are affirmatively Allowed by a Final Order.

SF 4881-2686-0476.10 78512.001                    13

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

9.2    Claim Objections

All objections to Claims (other than Professional Fee Claims) shall be filed by the Liquidation Trust on or before the Claim Objection Deadline, which date may be extended by filing a motion on or before the then Claim Objection Deadline.  If a timely objection has not been filed to a proof of claim or the Schedules have not been amended with respect to a Claim that was Scheduled by the Debtor but was not Scheduled as contingent, unliquidated, or disputed, then the Claim to which the proof of claim or Scheduled Claim relates will be treated as an Allowed Claim.

9.3    Estimation of Certain Claims

The Liquidation Trust may, at any time, move for a Bankruptcy Court order estimating any contingent Claim, Disputed Claim, or unliquidated Claim pursuant to section 502(c) of the Bankruptcy Code, regardless of whether the Trustee or other party in interest have previously objected to such Claim or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court shall retain jurisdiction and power to estimate any Claim at any time during litigation concerning any objection to any Claim, including during the pendency of any appeal relating to any such objection. The estimated amount of any Claim so determined by the Bankruptcy Court shall constitute the maximum recovery that the Holder thereof may recover after the ultimate liquidation of its Claim, irrespective of the actual amount that is ultimately Allowed.  All of the aforementioned Claims objection, estimation, and resolution procedures are cumulative and are not necessarily exclusive of one another.

**SECTION 10.        DISTRIBUTIONS**

10.1    Manner of Cash Payments

Cash payments to Holders of Allowed Claims will be denominated in U.S. dollars and will be made by checks drawn on a bank selected by the Liquidation Trustee or, at the Liquidation Trustee's option, by wire transfer from a bank.  Cash payments to foreign Holders of Allowed Claims may be paid, at the Liquidation Trustee's option, either in the same manner as payments to domestic entities or in any funds and by any means that are necessary or customary in the particular foreign jurisdiction.

10.2    Setoff and Recoupment

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE PLAN, THE LIQUIDATION TRUSTEE, ON BEHALF OF THE LIQUIDATION TRUST, MAY SETOFF, RECOUP, OR WITHHOLD AGAINST DISTRIBUTIONS ON ACCOUNT OF ANY CLAIM OR ANY ADMINISTRATIVE EXPENSE CLAIM, ANY CLAIMS THAT A DEBTOR, THE ESTATE, OR THE LIQUIDATION TRUST MAY HAVE AGAINST THE HOLDER OF SUCH CLAIM OR ADMINISTRATIVE EXPENSE CLAIM.  THE LIQUIDATION TRUST AND THE LIQUIDATION TRUSTEE WILL NOT BE DEEMED TO WAIVE OR RELEASE ANY CLAIM AGAINST THE HOLDER OF SUCH CLAIM OR ADMINISTRATIVE EXPENSE CLAIM BY FAILING TO EFFECT SUCH A SETOFF OR RECOUPMENT; BY ALLOWING ANY CLAIM OR ADMINISTRATIVE EXPENSE CLAIM, AS APPLICABLE, AGAINST THE DEBTOR, THE ESTATE, OR THE LIQUIDATION TRUST; OR BY MAKING A DISTRIBUTION ON ACCOUNT OF SUCH CLAIM OR ADMINISTRATIVE EXPENSE CLAIM.**

10.3    No Distributions With Respect to Disputed Claims

Notwithstanding any other Plan provision, Distributions will be made on account of a Disputed Claim only after, and only to the extent that, the Disputed Claim becomes an Allowed Claim or is deemed to be an Allowed Claim for Distribution purposes.

10.4    Reserve for Disputed Claims and Administrative Expenses

SF 4881-2686-0476.10 78512.001                           14

Liquidating Trustee may maintain a reserve for any distributable amounts required to be set aside on account of Disputed Claims and cost associated with administering the Liquidating Trust and shall distribute such amounts (net of any expenses, including any taxes relating thereto), as provided herein and in the Liquidating Trust Agreement, as such Disputed Claims are resolved by Final Order, and such amounts shall be distributable in respect of such Disputed Claims as such amounts would have been distributable had the Disputed Claims been Allowed Claims as of the Effective Date, provided that no interest shall be distributable or accrue with respect thereto.

10.5    Undeliverable or Unclaimed Distributions

Distributions to Holders of Allowed Claims will initially be made by U.S. mail as follows:

(a)    Distributions will be sent to the address, if any, (i) set forth on a filed Proof of Claim, as amended by any written notice of address change filed on the docket for these Chapter 11 Case no later than 14 days prior to the date of any Distribution, or (ii) such other address as the Beneficiary provides to the Liquidation Trustee in writing (including via email) at least 30 days prior to the date of such Distribution; or

(b)    If no such address is available, distributions will be sent to the address set forth on the Schedules.

If no address is available as set forth above, the Distribution will be deemed to be undeliverable. If a Distribution is returned to the Liquidation Trustee as an undeliverable Distribution, or is deemed to be an undeliverable Distribution, the Liquidation Trustee shall make no further Distribution to the Entity holding the Allowed Claim on which the Distribution is being made unless and until the Liquidation Trustee is timely notified in writing of that Entity's current address.

If at the time a final Distribution is to be made under the Plan, the Liquidation Trustee is holding an undeliverable Distribution for any Allowed Claim for which the Liquidation Trustee has not received written notice of the current address of the Entity holding such Allowed Claim, then (i) such Distribution shall vest in the Liquidation Trust and be distributed to other Holders of Allowed Claims in accordance with the terms of the Plan and (ii) the Entity holding such Allowed Claim will be forever barred from receiving such undeliverable Distribution or asserting any claim against the Liquidation Trust, the Liquidation Trust Assets, or the Liquidation Trustee. Nothing contained in the Plan shall be deemed to require the Liquidation Trustee to attempt to locate any Entity holding an Allowed Claim whose Distribution is undeliverable.

If an instrument delivered as a Distribution to a Beneficiary is not negotiated within 180 days after such instrument was sent to the Beneficiary, then the instrument shall be null and void and payment thereon shall be stopped, the Beneficiary shall be deemed to have waived any right to receive such Distribution on account of its Allowed Claim, and the applicable funds shall be used otherwise by the Liquidation Trustee in accordance with the terms of the Plan.

10.6    De Minimis Distributions

If at the time of making the final distribution the amount of cash to be distributed to the Holders of Allowed Claims is *de minimis* such that the administrative expense of making a final distribution would absorb any benefit thereto, the Liquidating Trustee may contribute the remaining *de minimis* cash to a charitable organization of his choosing that is qualified as a tax exempt under Internal Revenue Code section 501(c)(3).

**SECTION 11.    LITIGATION**

11.1    Preservation of Causes of Action

SF 4881-2686-0476.10 78512.001                                    15

The Liquidation Trustee, on behalf of the Debtor, the Estate, and/or the Liquidation Trust, shall retain, and may exclusively enforce, any and all claims, rights, or Causes of Action (including, without limitation, Avoidance Actions), whether arising before or after the Petition Date, in any court or other tribunal, including, without limitation, an adversary proceeding filed in the Chapter 11 Case. Subject to this Plan and the Liquidation Trust Agreement, the Liquidation Trustee, on behalf of the Estate and the Liquidation Trust, shall have the exclusive right, authority, and discretion to institute, prosecute, abandon, settle, or compromise on any reasonable terms any and all claims, rights and Causes of Action, and shall not be required to seek prior approval from the Bankruptcy Court to do so, except as otherwise provided in the Plan, and shall have the full rights and powers to commence and pursue any such Causes of Action (including, without limitation, any Avoidance Actions), on or after the Effective Date to at least the same extent as a trustee or debtor in possession could commence such actions prior to the Effective Date.  With respect to any matter affecting Liquidation Trust Assets, the Liquidation Trustee stands in the shoes of the Debtor, the Estate, and/or the Liquidation Trust and may take such actions in their name without the need to intervene in, amend any pending matters, proceedings, or actions, or obtain any further order of the Bankruptcy Court.

The Liquidation Trustee is authorized to exercise and perform the rights, powers, and duties held by the Trustee, Debtor, the Estate and/or the Liquidation Trust, including without limitation the authority under section 1123(b)(3) of the Bankruptcy Code to provide for the settlement, adjustment, retention and enforcement of claims against the Debtor, the Estate, or the Liquidation Trust, including, but not limited to all Causes of Action (including, without limitation, Avoidance Actions).

Unless a claim or Cause of Action is expressly waived, relinquished, released, compromised, or settled in the Plan or in any Final Order, the Liquidation Trustee, on behalf of the Debtor, the Estate, and/or the Liquidation Trust, expressly reserves such claim or Cause of Action for later adjudication (including without limitation, claims and Causes of Action which the Liquidation Trustee, the Debtor may presently be unaware, or which may arise or exist by reason of additional facts or circumstances unknown at this time, or facts or circumstances which may change or be different from those now believed to exist) and, therefore, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise), or laches shall apply to such claims or Causes of Action upon, or after, the Confirmation or Consummation of the Plan based on the Disclosure Statement, the Plan, or the Confirmation Order, except where such claims or Causes of Action have been released in the Plan or other Final Order.

Any Person to whom the Debtor has  transacted business with the Debtor should assume that such obligation, transfer, or transaction may be reviewed by the Liquidation Trustee on behalf of the Liquidation Trust, subsequent to the Effective Date and may, if appropriate, be the subject of a filed action or other proceeding after the Effective Date, regardless of whether (i) such Person or Entity has filed a Proof of Claim against the Debtor in this Chapter 11 Case; (ii) such Person's or Entity's Proof of Claim has been objected to; (iii) such Person's or Entity's Claim was included in the Schedules; or (iv) such Person's or Entity's scheduled Claims have been objected to or have been identified as disputed, contingent, or unliquidated.

**SUBJECT TO THIS PLAN AND THE LIQUIDATION TRUST AGREEMENT, THE LIQUIDATION TRUSTEE WILL MAKE THE DECISION OF WHETHER OR NOT TO PURSUE ANY CAUSES OF ACTION AND TO SETTLE OR NOT SETTLE CAUSES OF ACTION.  THIS DECISION WILL BE BASED UPON THE LIQUIDATION TRUSTEE'S REVIEW OF THE MERITS OF THE VARIOUS CAUSES OF ACTION AS WELL AS THE COSTS REQUIRED TO PROSECUTE SUCH CAUSES OF ACTION IN LIGHT OF THE LIMITED RESOURCES AVAILABLE FOR DISTRIBUTION TO CREDITORS.  THE LIQUIDATION TRUSTEE (I) MAY SEEK TO RETAIN COUNSEL ON ANY REASONABLE TERMS, INCLUDING ON A CONTINGENCY BASIS, TO PROSECUTE SOME OR ALL CAUSES OF ACTION, (II) SEEK TO FINANCE ANY COSTS RELATING TO THE PROSECUTION OF SUCH LITIGATION, OR (III) DECIDE NOT TO PURSUE SUCH CAUSES OF ACTION AT ALL.  THE LIQUIDATION TRUSTEE AND HIS OR HER FIRMS,**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SF 4881-2686-0476.10 78512.001

16

**PARTNERS, MEMBERS, OFFICERS, DIRECTORS, EMPLOYEES, PROFESSIONALS, SUCCESSORS AND ASSIGNS SHALL HAVE NO LIABILITY ARISING OUT OF THE GOOD FAITH DETERMINATIONS OF THE LIQUIDATION TRUSTEE OF WHETHER OR NOT TO PURSUE PROSECUTION OF AND/OR THE SETTLEMENT OF ANY CAUSES OF ACTION PURSUANT TO THE TERMS OF THE PLAN.**

The Plan preserves all claims and Causes of Action against any and all third parties, including, but not limited to, all creditors and interest holders, and others. Nothing contained in this Plan shall be construed as an acknowledgment or concession regarding the existence or validity of any claim or Cause of Action.

**SECTION 12.        EXCULPATION AND INJUNCTION**

12.1    Term of Bankruptcy Injunction or Stay

Except as otherwise expressly provided in the Plan or the Confirmation Order, all injunctions or stays provided for in the Chapter 11 Case under sections 105 or 362 of the Bankruptcy Code, or otherwise, and which are in effect on the Confirmation Date, shall remain in full force and effect until the Effective Date.

12.2    Exculpation for Estate Fiduciaries

**Upon the occurrence of the Effective Date, except as otherwise specifically provided herein or any Plan Supplement, no Exculpated Party shall have or incur, and each Exculpated Party is hereby exculpated from any claim, obligation, cause of action, or liability for any Exculpated Claim, except for gross negligence, willful misconduct, fraud, or criminal conduct, but in all respects such entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have, and upon confirmation of the Plan, shall be deemed to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

12.3    Injunction

**The Plan provides, and the Confirmation Order shall provide, among other things, that any Person (other than the Estate or the Liquidation Trustee) who has held, holds, or may hold a claim against, interest in, or right with respect to the Debtor's Estate, the Assets, the Liquidation Trust, or the Liquidation Trust Assets, or any claim against or interest in the foregoing, with respect to any such claim, interest, or right, permanently enjoined from and after the Effective Date from taking any of the following actions (other than actions taken in the Bankruptcy Court or in any of the Chapter 11 Case to enforce any rights or obligations under the Plan or to defend challenges to the validity or amount of a Disputed Claim), absent further order of the Bankruptcy Court:  (i) asserting, commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Estate, the Assets, the Liquidation Trust, or the Liquidation Trust Assets, on account of any claim for which the Debtor or Liquidation Trustee are directly or indirectly liable, including without limitation, by way of contribution, indemnity or otherwise; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against any of the Estate, the Assets, the Liquidation Trust, or the Liquidation Trust Assets; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien of any kind against the Estate, the Assets, the Liquidation Trust,**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

or the Liquidation Trust Assets; (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; (v) prosecuting, commencing, continuing or otherwise asserting any right, claim or cause of action released pursuant to the Plan or that is otherwise inconsistent with the provisions of the Plan against the Estate, the Assets, the Liquidation Trust, or the Liquidation Trust Assets; and (vi) acting to obtain possession of the Liquidation Trust Assets or to exercise control over the Liquidation Trust Assets or any rights or interests of the Estate, the Liquidation Trust, or the Liquidation Trustee with respect to the Assets or the Liquidation Trust Assets.  If the Liquidation Trustee, the Liquidation Trust Assets or the Estate are injured by any willful violation of such injunction, the Liquidation Trustee shall be entitled to seek actual damages, including costs and attorneys' fees, and, in appropriate circumstances, punitive damages, from the willful violator(s). Notwithstanding the foregoing, holders of Disputed Claims are not enjoined from and shall retain all rights to defend or prosecute such Disputed Claims in the Bankruptcy Court, including, without limitation, the right to assert affirmative defenses, setoff, or recoupment, if applicable.  Nothing herein shall impair or delay any rights of any Holder of a Claim against the Debtor, the Estate, the Assets, the Liquidation Trust, or the Liquidation Trust Assets, to pursue any action against any third party who may be directly liable to such Holder.

Nothing contained in this Section 12.3 shall be construed to in any way enjoin, prevent, or limit the Liquidation Trustee's rights, power, and authority under the Plan and the Liquidation Trust Agreement.

Nothing contained in this Section 12.3 shall be construed to in any way enjoin, prevent, or limit the ability of a party that was granted relief from the automatic stay during the Chapter 11 Case to liquidate its claims, from continuing to liquidate such claims in the applicable court.

SECTION 13.          NO GENERAL DISCHARGE AND NON-DISCHARGEABLE CLAIMS

13.1    Scope of Discharge

Pursuant to section 1141(d)(5) of the Bankruptcy Code, Section 13.1 of the Plan, the Trustee is not seeking entry of an Order discharging the prepetition claims against the Debtor. Except as otherwise specifically provided in the Plan and Non-Dischargeable Claims, the Distributions, rights and treatment that are provided in the Plan shall not be in full and final satisfaction, settlement, release and discharge, effective as of the Effective Date, of all Claims and causes of action of any nature whatsoever, including any interest accrued on Claims from and after the Petition Date, whether known or unknown, against, liabilities of, liens on, obligations of, rights against the Debtor or any of the Estate's Assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities and causes of action that arose before the Effective Date, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in Bankruptcy Code sections 502(g), 502(h) or 502(i), in each case whether or not:  (1) a Proof of Claim or Interest based upon such Claim, debt, right or Interest is filed or deemed filed pursuant to section 501 of the Bankruptcy Code; (2) a Claim or Interest based upon such Claim, debt, right or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (3) the Holder of such a Claim or Interest has accepted the Plan.

13.2    Non-Dischargeable Claims

The Holders of Non-Dischargeable Claims are not enjoined from enforcing such Non-Dischargeable Claims against the Debtor; *provided*, *however*, the Holders of Non-Chargeable Claim shall not accept payment from the Debtor or execute on assets that are Estate Assets or Liquidation Trust Assets without the express written consent of the Liquidating Trustee as set forth in Section 13.3 of the Plan.

SF 4881-2686-0476.10 78512.001                                    18

13.3    Notice Regarding Payment of Non-Dischargeable Claims

If a Holder of a Non-Dischargeable Claim receives payment on such Claim from the Debtor, any other person, or company or intends to execute or levy, each on account of the Non-Dischargeable Claim, the Holder of the Non-Dischargeable Claim shall notify in writing to the Liquidating Trustee of receipt of such payment and segregate such payment or the property subject to execution or levy and not apply towards the Non-Dischargeable Claim until the earlier of (a) 28 days after written notice to the Liquidating Trustee, (b) the Liquidating Trustee consents to such payment, execution, levy, or the like or (c) the Court approves such payment, execution, levy or the like on account of the Non-Dischargeable Claim.

**SECTION 14.        EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

14.1    Preservation of Executory Contracts and Rejection of Unexpired Leases

Upon the Effective Date, all agreements executed by the Trustee before the Effective Date, other than agreements that were previously either assumed and assigned or rejected by a Final Order, to the extent that these agreements constitute executory contracts under section 365 of the Bankruptcy Code, shall be held in abeyance until the Liquidating Trustee elects to assume or reject such executory contract. The order approving such assumption or rejection, as the case may be, shall constitute a Final Order under section 365 of the Bankruptcy Code approving such assumption or rejection. Any unexpired leases that were not assumed or rejected by a prior Final Order are rejected upon entry of the Confirmation Order, which shall constitute a Final Order under section 365 of the Bankruptcy Code approving such rejection of an unexpired lease.

14.2    Bar Date for Rejection Damage Claims

Any Rejection Damage Claims arising from rejection under the Plan of an executory contract or unexpired lease must be filed with the Bankruptcy Court and served on the Liquidation Trustee and his or her counsel within 30 days after the Effective Date. Any Rejection Damage Claims that are not timely filed and served will be forever barred and unenforceable against the Estate, the Liquidation Trust, and the Liquidation Trustee, and their property, and the entities holding these Claims will be barred from receiving any Distributions under the Plan on account of their Rejection Damage Claims. The Liquidation Trustee shall have the right to object to any such Rejection Damage Claims.

**SECTION 15.        RETENTION OF JURISDICTION**

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, or related to, the Chapter 11 Case and this Plan, including, but not limited to, jurisdiction to:

(a)    hear and determine objections to Claims, Administrative Expense Claims, and Professional Fee Claims;

(b)    hear and determine any dispute arising under the Plan or the Liquidation Trust Agreement, including the implementation and execution of any necessary documents thereunder, and any requests to amend, modify, or correct the Plan or the Liquidation Trust Agreement;

(c)    hear and determine any dispute regarding the determination whether any disclosed or undisclosed property is property of the Estate.

(d)    hear and determine any dispute regarding the payment of or the execution of property to satisfy a Non-Dischargeable Claim.

SF 4881-2686-0476.10 78512.001

19

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

(e)     grant extensions of any deadlines set forth in the Confirmation Order or the Plan as may be appropriate;

(f)     hear and determine any matter regarding the existence, nature, scope, and enforceability of any exculpation, stay, release, or injunction provided for under the Plan;

(g)     hear and determine all motions, adversary proceedings, applications, and contested or litigated matters that may be pending on the Effective Date or that are instituted by the Liquidation Trustee or the Liquidation Trust after the Effective Date, including without limitation all Causes of Action (including, without limitation, Avoidance Actions);

(h)     hear and determine motions for or objections to the assumption or rejection of executory contracts or unexpired leases pending on the Confirmation Date, and the allowance of claims resulting from the assumption or rejection of an executory contract or lease;

(i)     ensure that Distributions to Holders of Allowed Administrative Expense Claims, Allowed Professional Fee Claims, and Allowed Claims are accomplished as provided herein;

(j)     resolve disputes as to the ownership of any Claim, Administrative Expense Claim, or Professional Fee Claim;

(k)     hear and determine any disputes relating to or in connection with the retention, employment, compensation, liability, indemnification, resignation, removal, or nomination of the Liquidation Trustee;

(l)     hear and determine any disputes relating to or in connection with the employment, compensation, liability, indemnification, resignation, or termination of an independent contractor, employee, or professional employed by the Liquidation Trustee or the Liquidation Trust;

(m)     enter and implement such orders as may be appropriate if the Confirmation Order is for any reason stayed, revoked, modified or vacated;

(n)     issue such orders in aid of execution of the Plan, to the extent authorized by section 1142 of the Bankruptcy Code;

(o)     consider any modifications of the Plan, to cure any defect or omission, or to reconcile any inconsistency in any order of the Court, including, without limitation, the Confirmation Order;

(p)     hear and determine all applications for compensation and reimbursement of expenses of Professionals under sections 330, 331 and 503(b) of the Bankruptcy Code;

(q)     hear and determine any issue for which the Plan requires a Final Order of the Court;

(r)     hear and determine matters concerning state, local, or federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code;

(s)     hear and determine all Causes of Action preserved under the Plan, including, without limitation, all Causes of Action under sections 541, 542, 544, 547, 548,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SF 4881-2686-0476.10 78512.001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

549, 550, 551, 553, and 1123(b)(3) of the Bankruptcy Code brought within the time frames applicable to a trustee in bankruptcy, a debtor in possession or a chapter 11 trustee, including without limitation those time frames established under section 108 of the Bankruptcy Code;

(t)     hear and determine any dispute regarding the Liquidation Trust's payment of post-confirmation fees and expenses of its advisors and the Liquidating Trust's entry into compromises or settlements.

(u)     enter a final decree closing one or more of the Chapter 11 Case.

If the Bankruptcy Court abstains from exercising jurisdiction, or is without jurisdiction, over any matter, this section shall not affect, control, prohibit, or limit the exercise of jurisdiction by any other court that has jurisdiction over that matter.  The principal objective of the Plan is to maximize the recovery to the Beneficiaries, and the retention of jurisdiction by the Bankruptcy Court shall be interpreted in a manner to accomplish that objective.

15.2    Successors and Assigns.

Unless otherwise specified in the Plan, the rights, benefits, and obligations of any Entity referred to in the Plan will be binding on, and will inure to the benefit of, any heir, executor, administrator, successor, or assign of that Entity.

15.3    Saturday, Sunday, or Legal Holiday.

If any payment or act under the Plan is required to be made or performed on a day that is not a Business Day, then the payment or act may be completed on the next succeeding day that is a Business Day, in which event the payment or act will be deemed to have been completed on the required day.

**SECTION 16.        MODIFICATION, REVOCATION, OR WITHDRAWAL OF PLAN**

16.1    Modification and Amendments.

This Plan or any exhibits thereto may be amended, modified, or supplemented by the Trustee in the manner provided for by section 1127 of the Bankruptcy Code or as otherwise permitted by law without additional disclosure pursuant to section 1125 of the Bankruptcy Code. In addition, after the Confirmation Date, the Trustee or Liquidation Trustee may institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in this Plan or the Confirmation Order with respect to such matters as may be necessary to carry out the purposes and effects of this Plan.

16.2    Effect of Confirmation on Modifications.

Entry of a Confirmation Order shall mean that all modifications or amendments to this Plan occurring after the solicitation thereof are approved pursuant to section 1127(a) of the Bankruptcy Code and do not require additional disclosure or re-solicitation under Bankruptcy Rule 3019.

16.3    Revocation or Withdrawal of this Plan.

The Trustee reserves the right to, consistent with their fiduciary duties, revoke or withdraw this Plan before the Effective Date. If the Trustee revokes or withdraws this Plan, or if the Confirmation Date does not occur, then: (a) this Plan shall be null and void in all respects; (b) any settlement or compromise embodied in this Plan (including the fixing or limiting to an amount certain of any Claim or Class of Claims), assumption or rejection of Executory Contracts or Unexpired Leases effected by this Plan, and any document or agreement executed pursuant to this Plan, shall be deemed null and void; and (c) nothing contained in this Plan shall: (i) constitute a waiver or release of any

SF 4881-2686-0476.10 78512.001

21

Claims or Interests; (ii) prejudice in any manner the rights of the Trustee or any other Person; or (iii) constitute an admission, acknowledgement, offer or undertaking of any sort by the Trustee or any other Person.

**SECTION 17.        MISCELLANEOUS PLAN PROVISIONS**

17.1    Conditions Precedent to the Effective Date.

The Plan will not be consummated or become binding unless and until the Effective Date occurs.  The Effective Date will be the first Business Day after the following conditions have been satisfied: (i) the Confirmation Order, in a form reasonably acceptable to the Trustee shall have been entered by the Bankruptcy Court; (ii) the Confirmation Order is not stayed; (iii) the Liquidation Trustee and the Trustee shall have signed the Liquidation Trust Agreement; (iv) the funding of the Professional Fee Escrow Account shall have occurred; and (v) no material adverse effect has occurred in respect of the Assets.  Each of these conditions precedent may be waived in whole or in part by the Trustee without further notice or order of the Bankruptcy Court.  On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code.

Subject to further order of the Court, if the Effective Date does not occur within ninety (90) days after entry of a Final Order confirming the Plan, the Trustee reserves the right, in his sole and absolute discretion, to determine jointly that the Plan shall have become null and void.  A joint notice shall be filed with the Court within three (3) Business Days after the occurrence of the Effective Date or any event that renders the Plan null and void.

17.2    Entire Agreement.

On the Effective Date, this Plan, supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, and representations on such subjects, all of which have become merged and integrated into this Plan.

17.3    Binding Effect.

Except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code, on and after the Confirmation Date, the provisions of the Plan shall bind any holder of a Claim, Administrative Expense Claim, or Professional Fee Claim against the Estate whether or not the Claim, Administrative Expense Claim, Professional Fee Claim, is Impaired under the Plan and whether or not such holder has accepted the Plan.

17.4    U.S. Trustee Fees and Quarterly Reports.

From and after the Effective Date, pursuant to section 1129(a)(12) of the Bankruptcy Code, any outstanding quarterly fees due and owing to the U.S. Trustee under 28 U.S.C. § 1930(a)(6) and any applicable interest pursuant to 31 U.S.C. § 3717 shall be paid by the Liquidation Trustee from the Liquidation Trust Reserve. After the Effective Date, the Liquidation Trustee shall (i) file post-confirmation quarterly disbursement reports and quarterly status reports of funds on hand, distributions made since the previous report and a brief description of any pending litigation, and (ii) pay from the Liquidation Trust Reserve all quarterly fees to the U.S. Trustee which are required by applicable law. The Liquidation Trustee shall include in the Liquidation Trust Reserve reasonably sufficient monies to cover the quarterly fees of the U.S. Trustee incurred, or to be incurred, after the Effective Date.

17.5    Post-Effective Date Effect of Evidences of Claims.

Commencing on the Effective Date, notes and other evidence of Allowed Claims will represent only the right to receive the Distributions contemplated under the Plan.

17.6    No Recourse.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

No Person entitled to receive a payment or Distribution under the Plan will have any recourse against the Liquidation Trust, the Liquidation Trustee, the Liquidation Trust Assets, the Estate in connection with such Person's Administrative Expense Claim, Professional Fee Claim, or Claim, other than the right to receive Distributions in accordance with the terms of the Plan.

### 17.7   No Admissions.

Notwithstanding anything to the contrary contained in the Plan, if the Plan is not confirmed, is revoked or otherwise the Effective Date does not occur, the Plan will be null and void, and nothing contained in the Plan or the Disclosure Statement will: (1) be deemed an admission by the Trustee with respect to any matter discussed in the Plan, including liability on any Claim, Administrative Expense Claim, or Professional Fee Claim, or the propriety of any classification or treatment of same contained in the Plan; (2) constitute a waiver, acknowledgement, or release of any claims, Interests, or Causes of Action of the Debtor, the Estate, and/or the Liquidation Trust; or (3) prejudice in any manner the rights of the Trustee, Liquidating Trustee, or any other Person in any further proceedings.

### 17.8   Severability of Plan Provisions.

If, before confirmation, the Bankruptcy Court holds that any Plan term or provision is invalid, void, or unenforceable, the Bankruptcy Court may alter or interpret that term or provision so that it is valid and enforceable to the maximum extent possible consistent with the original purpose of that term or provision. That term or provision will then be applicable as altered or interpreted, except if such term or provision is inconsistent with the intent of the Trustee, in which case the Plan may be unilaterally withdrawn by such Plan Proponent. Notwithstanding any such holding, alteration, or interpretation, and unless the Plan has been withdrawn, the Plan's remaining terms and provisions will remain in full force and effect and will in no way be affected, impaired, or invalidated. The Confirmation Order will constitute a judicial determination providing that each Plan term and provision, as it may have been altered or interpreted in accordance with this Section 17.9, is valid and enforceable under its terms.

### 17.9   Governing Law.

The rights and obligations arising under the Plan and any agreements, contracts, documents, or instruments executed in connection with the Plan will be governed by, and construed and enforced in accordance with, California law without giving effect to California's conflicts of law principles, unless a rule of law or procedure is supplied by: (1) federal law (including the Bankruptcy Code and the Bankruptcy Rules); or (2) an enforceable, express choice-of-law provision in any document provided for, or executed under or in connection with, the Plan terms.

## SECTION 18.    RECOMMENDATIONS AND CONCLUSION

The Trustee strongly believes that Plan confirmation and implementation are preferable to any feasible alternative because the Plan will provide Claimants and Creditors holding Claims with significantly greater opportunities for recoveries than any available alternatives. The Trustee recommends that Holders of Allowed Claims in Class 3 (Gestetner Secured Claim), Class 3(a) (Other Secured Claims), and Class 4 (General Unsecured Claims) vote to accept the Plan.

March 30, 2026

Bradley D. Sharp
Chapter 11 Trustee of the Estate of Leslie Klein

Submitted by:

March 30, 2026                    PACHULSKI STANG ZIEHL & JONES LLP


                                 By    */s/ John W. Lucas*
                                       Jeffrey W. Dulberg (CA Bar No. 181200)
                                       John W. Lucas (CA Bar No. 271038)

                                       *Counsel to Bradley D. Sharp, Chapter 11 Trustee*

SF 4881-2686-0476.10 78512.001                    24

# <u>APPENDIX 1</u>

## Definitions

**"143 Highland Property"** means that real property located at 143 S. Highland Avenue, Los Angeles, California.

**"Administrative Expense Claim"** means any claim for payment of an administrative expense of a kind specified in section 503(b) of the Bankruptcy Code and entitled to priority pursuant to section 507(a)(2) of the Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the Estate, but use of such term in the Plan shall exclude Professional Fee Claims.

**"Administrative Expense Deadline"** means 5:00 p.m. (Pacific Time) on the date that is forty-two (42) days after the Effective Date of the Plan, which is the deadline by which Persons must file a request seeking allowance of an Administrative Expense Claim (subject to certain exclusions) that arose between after the Petition Date and through the Effective Date.

**"Affiliate"** has the meaning ascribed to it in section 101 of the Bankruptcy Code.

**"Allowed"** means a Claim, Administrative Expense Claim, Professional Fee Claim, or Interest or portion thereof (i) for which proof thereof was filed, as applicable, on or before the Claims Bar Date, or within the applicable period of limitation fixed by the Bankruptcy Court in accordance with Bankruptcy Rule 3003(c)(3), and as to which no objection to the allowance thereof, or action to equitably subordinate or otherwise limit recovery with respect thereto, shall have been interposed within the applicable limitations period fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or a Final Order, (ii) for which no proof thereof was filed, to the extent that such Claim has been listed by the Debtor in the Schedules as liquidated in amount and not disputed or contingent, and as to which the Schedules have not been amended with respect to the listing of such Claim, (iii) which arises from the recovery of property under section 550 or section 553 of the Bankruptcy Code, (iv) which is allowed under the Plan, (v) which is allowed as set forth in any contract, instrument, or agreement entered into or assumed by the Debtor in connection with the Plan, or (vi) which is allowed by a Final Order; *provided, however*, that Claims allowed solely for the purpose of voting to accept or reject the Plan pursuant to an order of the Bankruptcy Court shall not be considered "Allowed" hereunder. Unless otherwise specified herein or by order of the Bankruptcy Court, "Allowed Administrative Expense Claim," "Allowed Professional Fee Claim," or "Allowed Claim" shall not, for any purpose under the Plan, include interest on such Administrative Expense Claim, Professional Fee Claim, or Claim from and after the Petition Date.  For the avoidance of doubt, to the extent that either the current Holder of a Claim or the original claimant is or becomes subject to an Avoidance Action, such Claim shall not be Allowed until such Avoidance Action has been finally resolved.

**"Allowed Class [*] Claim"** means an Allowed Claim in the particular class described.

**"Assets"** means (i) all real or personal property of the Debtor's Estate that were disclosed or undisclosed by the Debtor of any nature, including, without limitation, any Cash, real property, leases, subleases, licenses, goods, materials, supplies, furniture, fixtures, equipment, works in process, accounts receivable, tax refunds, chattel paper, deposit accounts, reserves, deposits, contractual rights, intellectual property rights, claims, Causes of Action (including Avoidance Actions), and any other general intangibles of any nature whatsoever, including, without limitation, "property of the estate"

SF 4881-2686-0476.10 78512.001

Margin: PACHULSKI STANG ZIEHL & JONES LLP / ATTORNEYS AT LAW / LOS ANGELES, CALIFORNIA

pursuant to section 541 of the Bankruptcy Code; and (ii) proceeds, products, rents and profits of all of the foregoing.

**"Avoidance Action"** means any claim, Cause of Action, or right against any Person under any of the following:  Sections 542, 543, 544, 547, 548, 549, 550, 551, 552, and 553 of the Bankruptcy Code; all fraudulent conveyance and fraudulent transfer laws; all non-bankruptcy laws vesting in creditors rights to avoid, rescind, or recover on account of transfers, including but not limited to, claims relating to illegal dividends or distributions; all preference laws; the Uniform Fraudulent Transfer Act (as it may have been codified in any particular jurisdiction); the Uniform Fraudulent Conveyance Act (as it may have been codified in any particular jurisdiction); and all similar federal and state laws and statutes.

**"Ballot"** means a ballot for accepting or rejecting the Plan.

**"Bankruptcy Code"** means title 11 of the United States Code.

**"Bankruptcy Court"** or **"Court"** means the United States Bankruptcy Court for the Central District of California, Los Angeles Division, or such other court having jurisdiction over the Chapter 11 Case or any matter or proceeding within, or over any appeal of an order entered in the Chapter 11 Case.

**"Bankruptcy Rules"** means the Federal Rules of Bankruptcy Procedure.

**"Beneficiaries"** means the beneficiaries of the Liquidation Trust, including Holders of Allowed Administrative Expense Claims, Allowed Professional Fee Claims, Allowed Priority Tax Claims and the Holders of Allowed Claims in Classes 1 through 4 entitled to receive distributions under the Plan.

**"Berger Settlement"** means the good-faith compromise and settlement of Claims and controversies between the Debtor's Estate and David Berger as set forth in Section 8.2(d) of the Plan.

**"Bittman Partners Operating Agreement"** means that certain Operating Agreement of Bittman Partners LLC, that the Debtor holds an interest in the underlying limited liability company whose assets include Policy No. US0016184L.

**"Business Day"** means any day other than a Saturday, Sunday or a legal holiday (as defined in Bankruptcy Rule 9006(a)) or day on which banks are required or authorized by law to be closed in the City of Los Angeles, California.

**"Cash"** means legal tender of the United States of America and cash equivalents, including, but not limited to, bank deposits, checks or other similar items.

**"Causes of Action"** means (a) Estate's interest in the all claims, demands, rights, actions, causes of action and suits by or on behalf of the Debtor, the Estate, or the Liquidation Trust, whether pursuant to section 541 of the Bankruptcy Code or otherwise, of any kind or character whatsoever, known or unknown, suspected or unsuspected, matured or unmatured, whether arising prior to, on or after the Petition Date, in contract or in tort, at law or in equity or under any other theory of law, including but not limited to (1) rights of setoff, counterclaim or recoupment, and claims for breach of contract or for breaches of duties imposed by law; (2) the right to object to claims or interests; (3) claims pursuant to section 362 of the Bankruptcy Code; (4) claims for fraud, negligence, breach of fiduciary duty, corporate waste, unlawful dividends, mistake, duress, or usury; (5) all Avoidance

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Actions; (6) claims for tax refunds; (7) claims related to accounts receivable; and (8) any other claims which may be asserted against third parties and (b) Estate's interest in Estate Property.

**"Chapter 11 Case"** means the case under chapter 11 of the Bankruptcy Code pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division, and bearing the case number 2:23-bk-10990-SK.

**"Claim"** means a claim as that term is defined in section 101(5) of the Bankruptcy Code and includes Priority Tax Claims, Gestetner Secured Claim, Other Secured Claims, and General Unsecured Claims.

**"Claims Bar Date"** means May 3, 2023 at 5:00 p.m. (Pacific Time) [Docket No. 18].

**"Claim Objection Deadline"** means the date that is one hundred and eighty days (180) days after the Effective Date.

**"Class"** means a group of Claims or Interests as classified in Section 6 of the Plan.

**"Confirmation"** means the entry of an order by the Bankruptcy Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

**"Confirmation Date"** means the date on which the Bankruptcy Court enters the Confirmation Order on its docket.

**"Confirmation Hearing"** means the hearing held to consider Confirmation of the Plan.

**"Confirmation Order"** means the order entered by the Bankruptcy Court confirming the Plan under section 1129 of the Bankruptcy Code.

**"Consummation"** means the occurrence of the Effective Date.

**"Creditor"** has the meaning ascribed to the term in section 101(10) of the Bankruptcy Code.

**"Dan Hotel Unit"** means the unit in the Dan Boutique Hotel located in Jerusalem, Israel.

**"Debtor"** means Leslie Klein and any alias name he utilizes including, but not limited to, Menachem Klein, and Lutzy Klein.

**"Disallowed"** means (i) a Claim, an Administrative Expense Claim, a Professional Fee Claim, or any portion thereof, that has been disallowed by a Final Order; (ii) a Claim that has been listed in the Schedules at zero or as contingent, disputed, or unliquidated and as to which no Proof of Claim has been timely filed or deemed timely filed with the Bankruptcy Court pursuant to the Bankruptcy Code, a Final Order, or other applicable law; or (iii) a Claim that has not been listed in the Schedules and as to which no Proof of Claim has been timely filed, as applicable, on or before the Claims Bar Date, or within the applicable period of limitation fixed by the Bankruptcy Court in accordance with Bankruptcy Rule 3003(c)(3), or which has not been deemed timely filed by the Bankruptcy Court pursuant to the Bankruptcy Code, a Final Order, or other applicable law.

**"Discharge Order"** means the Final Order entered by the Bankruptcy Court finding the Debtor has satisfied that requirements under Section 13.1 of the Plan.

SF 4881-2686-0476.10 78512.001

3

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**"Disclosure Statement"** means the *Disclosure Statement in Support of the Chapter 11 Plan of Liquidation* dated December 16, 2025, as the same may be amended, modified, or supplemented from time to time, including all exhibits thereto.

**"Disputed"** means a Claim, Administrative Expense Claim, or Professional Fee Claim:

(a)    as to which a Proof of Claim is filed or is deemed filed under Bankruptcy Rule 3003(b)(1), a motion or application for allowance or payment has been filed with the Bankruptcy Court, or a proof of Interest was filed or deemed filed under Bankruptcy Rule 3003(b)(2); and

(b)    as to which an objection: (1) has been timely filed; and (2) has neither been overruled nor been denied by a Final Order and has not been withdrawn.

**"Distributable Cash"** means any Cash transferred to the Liquidation Trust and any other Assets of the Liquidation Trust reduced to Cash net of all expenses and costs of operating or effectuating the duties of the Liquidation Trust and establishing any reserves as the Liquidation Trustee may determine is necessary pursuant to the terms of this Plan and the Liquidation Trust Agreement, including the Liquidation Trust Reserve.

**"Distribution"** means any transfer of Cash or other property or instruments under the Plan to a Holder of an Allowed Claim, an Allowed Administrative Expense Claim, or an Allowed Professional Fee Claim.

**"Effective Date"** has the meaning set forth in Section 16.1 of the Plan.

**"Entity"** shall have the meaning ascribed to such term in section 101(15) of the Bankruptcy Code.

**"Estate"** means the bankruptcy estate created, pursuant to section 541 of the Bankruptcy Code and any other applicable law, upon the filing of the Chapter 11 Case commenced by the Debtor.

**"Estate Property"** means (a) all the property identified in the Schedules filed by the Debtor without regard to the Debtor's characterization of the Estate's ownership interest therein, (b) 143 Highland Property, (c) Estate's interest in the Bittman Partners Operating Agreement and the rights therein, (d) Dan Hotel Unit, (e) Estate's interest in the LCG Action, (f) Leslie Klein Trust June 1, 2021, (g) June St. Property, (h) the Klein Living Trust, (i) Estate's interest in LCG, (j) Policy No. 1621667, (k) Policy No. 1627691, (l) Policy No. 2508495, (m) Policy No. 2515952, (n) Policy No. JJ7033900, (o) Policy No. US0016184L, (p) Policy No. US0024230L, (q) Estate's interest in Les Klein & Associates, (r) EKLK Foundation, (s) Big Boyz Legal, LLC, (t) Doctors Marketing Group, LLC, (u) Doctors Marketing Referral Service, LLC, (v) Doctors Marketing Nationwide, Inc., (w) The Patient Referral Network, LLC, (x) The Klein Irrevocable Life Insurance Trust Dated 1/25/06, (y) Blue Diamond Marketing Inc., and (z) and any other property identified by the Trustee or the Liquidating Trustee that is owned or controlled by the Debtor.

**"Exculpated Claim"** means any Claim related to any act or omission in connection with, relating to, or arising out of the Chapter 11 Case, including the sale processes, the formulation, preparation, dissemination, negotiation, or filing of the disclosure statement, the Plan, or any contract, instrument, release, or other agreement or document created or entered into in connection with the disclosure statement or the Plan, the filing of the Chapter 11 Case, the pursuit of confirmation, the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

pursuit of consummation, and the administration and implementation of the Plan, including the distribution of property under the Plan or any other agreement.

**"Exculpated Party (-ies)"** has the means (a) the Trustee; (b) Pachulski Stang Ziehl & Jones LLP as counsel to the Trustee; (c) Development Specialists, Inc. as the Trustee's forensic accountant; (d) Law Office of Eric Everett Hawes, landlord/tenant counsel to the Trustee, (e) the Law Offices of Goldfarb Gross Seligman & Co., special Israeli litigation counsel, and (f) Kieckhafer Schiffer, LLP, as the Trustee's tax accountant.

**"Exemption Order"** means that certain order entered by the Court, dated May 17, 2023 [Docket No. 141] where in the Court limited the Debtor's homestead exemption for the June St. Property to $189,050.00.

**"Final Order"** means an order or judgment of a court of competent jurisdiction entered on such court's official docket:

(a)     that has not been reversed, rescinded, stayed, modified, or amended;

(b)     that is in full force and effect; and

(c)     with respect to which: (1) the time to appeal or to seek review, remand, rehearing, or a *writ of certiorari* has expired and as to which no timely filed appeal or petition for review, rehearing, remand, or *writ of certiorari* is pending; or (2) any such appeal or petition has been dismissed or resolved by the highest court to which the order or judgment was appealed or from which review, rehearing, remand, or a *writ of certiorari* was sought.

**"General Unsecured Claim"** means a Claim that is not a Priority Tax Claim, Other Priority Claim, Administrative Expense Claim, Professional Fee Claim, Gestetner Secured Claim, or Other Secured Claim.

**"Gestetner Secured Claim"** means the claim that was Allowed per the terms of the Bankruptcy Court approved Gestetner Settlement.

**"Gestetner Settlement"** means the good-faith compromise and settlement of Claims and controversies between the Debtor's Estate and the Gestetners as set forth in Section 8.2(a) of the Plan.

**"Gestetners"** has the meaning set forth in Section 8.2(a) of the Plan.

**"Holder"** means the holder of a Claim against the Debtor or the Estate.

**"Indemnified Party"** or **"Indemnified Parties"** has the meaning set forth in Section 8.1(n) of the Plan.

**"June St. Property"** means the real property located at 322 N. June Street, Los Angeles, California.

**"Klein Living Trust"** means The Second Amended Klein Living Trust, dated April 8, 1990

**"LCG"** means Life Capital Group, LLC.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**"LCG Action"** means that adversary proceeding case number 2:25-ap-01020-NB.

**"LCG Operating Agreement"** means the Limited Liability Company Agreement of Life Capital Group, LLC, dated June 1, 2011.

**"Leslie Klein Trust June 1, 2021"** means that certain Leslie Klein Life Insurance Irrevocable Trust, dated June 1, 2021.

**"Lien"** means any charge against or interest in property to secure payment or performance of a Claim, debt or obligation.

**"Liquidation Trustee"** means Bradley D. Sharp, who upon the Effective Date of the Plan shall be appointed as trustee of the Liquidation Trust pursuant to the terms of the Plan and the Liquidation Trust Agreement, as applicable.

**"Liquidation Trust"** means the Liquidation Trust described in Section 8.1 of the Plan that will (i) succeed to all of the Assets and (ii) be responsible for paying Allowed Administrative Expense Claims, Allowed Professional Fee Claims, and Allowed Claims against the Debtor or the Estate, in accordance with the terms of the Plan.

**"Liquidation Trust Agreement"** means the agreement establishing and delineating the terms and provisions of the Liquidation Trust.

"**Liquidation Trust Assets**" means all Assets vested in the Liquidation Trust pursuant to Section 8.1(e) of the Plan, including without limitation all Assets.

"**Liquidation Trust Reserve**" means an amount sufficient to fund the accrued and estimated expenses and costs of operating or effectuating the duties of the Liquidation Trust, as may be incurred from time to time by the Liquidation Trustee pursuant to the Liquidation Trust Agreement.

**"Local Rules"** means the Local Bankruptcy Rules for the Central District of California, as now in effect or hereafter amended and applicable to the Chapter 11 Case.

**"Menlo Parties"** has the meaning used in Section 8.2(b) of the Plan.

**"Menlo Settlement"** means the good-faith compromise and settlement of Claims and controversies between the Debtor's Estate and the Menlo Parties as set forth in Section 8.2(b) of the Plan.

**"Mermelstein Settlement"** means the good-faith compromise and settlement of Claims and controversies between the Debtor's Estate and Robert and Esther Mermelstein as set forth in Section 8.2(e) of the Plan.

**"Non-Dischargeable Claim"** means any Claim that is subject to an order of the Bankruptcy Court find that such Claim is not subject to any discharge under this Plan and may be paid by the Debtor from property that is not an Asset of the Estate or a Liquidating Trust Asset.

**"Other Secured Claim"** means, pursuant to section 506 of the Bankruptcy Code, that portion of a Claim that is secured by a lien against property in which an Estate has an interest or that is subject to setoff under section 553 of the Bankruptcy Code. A Claim is an Other Secured Claim only to the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

extent of the value of the claimholder's interest in the collateral securing the Claim or to the extent of the amount subject to setoff, whichever is applicable, and as determined under section 506(a) of the Bankruptcy Code.

**"Other Priority Claim"** means any Claim entitled to priority under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

**"Person"** has the meaning set forth in section 101(41) of the Bankruptcy Code.

**"Petition Date"** means February 22, 2024.

**"Plan"** means the *Chapter 11 Plan of Liquidation* proposed by the Trustee, as it may be amended, modified, or supplemented from time to time by the Trustee or modified and/or confirmed by Final Order of the Bankruptcy Court.

**"Policy No. 1621667"** means that certain life insurance policy having a policy number of 1621667 issued by Security Life of Denver Insurance Company that insures Leslie Klein and Erika N. Klein.

**"Policy No. 1627691"** means that certain life insurance policy having a policy number of 1627691 issued by Security Life of Denver Insurance Company that insures Leslie Klein and Erika N. Klein.

**"Policy No. 2508495"** means that certain life insurance policy having a policy number of 2508495 issued by Phoenix Life Insurance Company that insures Leslie Klein and Erika N. Klein.

**"Policy No. 2515952"** means that certain life insurance policy having a life number of 2515952 issued by Phoenix Life Insurance Company that insures Leslie Klein and Erika N. Klein.

**"Policy No. JJ7033900"** means that certain life insurance policy having a policy number of JJ7033900 issued by The Lincoln National Life Insurance Company that insures Rosalia Feldman.

**"Policy No. US0016184L"** means that certain life insurance policy having a policy number of US0016184L issued by American General Life Insurance Company that insures Judith Bittman.

**"Policy No. US0024230L"** means that certain life insurance policy having a policy number of US0024230L issued by American General Life Insurance Company that insures Isaac Kirzner.

**"Postpetition"** means any time after the Petition Date.

**"Priority Tax Claim"** means a Claim against the Estate entitled to priority under section 507(a)(8) of the Bankruptcy Code.

**"Proof of Claim"** means a proof of Claim or Interest filed against any Debtor in the Chapter 11 Case.

**"Pro Rata"** means proportionately so that the ratio of (a) the amount of consideration distributed on account of an Allowed Claim to (b) the amount of the Allowed Claim is the same as the ratio of (x) the amount of consideration available for distribution on account of all Allowed Claims in

SF 4881-2686-0476.10 78512.001                    7

the Class in which that Allowed Claim is included to (y) the amount of all Allowed Claims in that Class.

"**Professionals**" means the professionals employed by the Trustee at the expense of the Estate pursuant to sections 327, 328, 363, or 1104 of the Bankruptcy Code.

"**Professional Fee Claim**" means (a) a claim under sections 326, 327, 328, 330, 331, 503(b), or 1104 of the Bankruptcy Code for compensation for services rendered or reimbursement for expenses incurred by any of the Professionals.

"**Professional Fee Claims Estimate**" means the aggregate estimates of Professional Fee Claims received by the Trustee pursuant to Section 5.2(a) of the Plan.

"**Professional Fee Escrow Account**" means an escrow account established by the Trustee and funded pursuant to Section 5.2 of the Plan.

"**Representatives**" shall mean with respect to an Entity, all of that Entity's current and former managed and controlled affiliates, subsidiaries, officers, directors, managers, managing members, principals, shareholders, members, partners, employees, agents, advisors, attorneys, professionals, accountants, investment bankers, consultants and other representatives and such Person's respective heirs, executors, estates, servants and nominees, in each case in their capacity as such.

"**Rejection Damage Claim**" means a Claim for future rent, other obligations, or damages arising under an unexpired real property or personal property lease or executory contract that is rejected pursuant to a Bankruptcy Court order, pursuant to the terms of the Bankruptcy Code, or pursuant to the terms of the Plan.

"**Schedules**" means the Schedules of Assets and Liabilities and Statement of Financial Affairs of each of the Debtor filed pursuant to section 521 of the Bankruptcy Code, the Official Bankruptcy Forms and the Bankruptcy Rules, including any supplements or amendments thereto.

"**Secured Tax Claim**" means any Other Secured Claim that, absent its secured status, would be entitled to priority in right of payment under section 507(a)(8) of the Bankruptcy Code.

"**Solicitation Procedures Order**" means an order of the Bankruptcy Court that, among other things, (i) approves certain procedures with respect to the solicitation and tabulation of votes to accept or reject the Plan, and (ii) approves on an interim basis the adequacy of the Disclosure Statement.

"**Trustee**" means Bradley D. Sharp, the chapter 11 trustee of the Debtor's Estate.

"**Trust Expenses**" means the expenses incurred by the Liquidation Trust following the Effective Date (including the fees and costs of attorneys and other professionals) for the purpose of, without limitation, (i) prosecuting or otherwise attempting to collect or realize upon the Causes of Action; (ii) selling or collecting upon any of the Liquidation Trust Assets; (iii) resolving Disputed Claims, Disputed Administrative Expense Claims, and Disputed Professional Fee Claims and effectuating Distributions in accordance with the terms of the Plan; and (iv) implementing the Plan and closing the Chapter 11 Case, including, but not limited to payment of post-Effective Date taxes, quarterly fees payable to the U.S. Trustee, and wind-down expenses (such as document storage). Trust Expenses shall also include compensation and reimbursement of reasonable expenses of independent

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SF 4881-2686-0476.10 78512.001

8

contractors, employees and professionals employed by the Liquidation Trust or otherwise incurred in the administration of the Liquidation Trust.

**"U.S. Trustee"** means the Office of the United States Trustee for Region 16.

**"Vago Settlement"** means the good-faith compromise and settlement of Claims and controversies between the Debtor's Estate and Erica and Joseph Vago as set forth in Section 8.2(c) of the Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SF 4881-2686-0476.10 78512.001

9

# EXHIBIT B

Jeffrey W. Dulberg (CA Bar No. 181200)
John W. Lucas (CA State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760
jdulberg@pszjlaw.com
jlucas@pszjlaw.com

Counsel to Bradley D. Sharp, Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>               Debtor. | Case No. 2:23-bk-10990-NB<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S SECOND AMENDED PLAN OF LIQUIDATION OF THE ESTATE OF LESLIE KLEIN** |

SF 4881-2686-0476.810 78512.001

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| INTRODUCTION | | 1 |
| SECTION 1. | RULES OF INTERPRETATION | 1 |
| SECTION 2. | PLAN OBJECTIVES | 1 |
| SECTION 3. | METHOD OF CLASSIFICATION OF CLAIMS | 2 |
| 3.1 | General Rules of Classification | 2 |
| 3.2 | Holders of Claims Entitled to Vote | 2 |
| 3.3 | Administrative and Priority Claims | 2 |
| SECTION 4. | TREATMENT OF CLAIMS AND INTERESTS | 3 |
| 4.1 | Summary of Claims' Treatment | 3 |
| 4.2 | Postpetition Interest on Claims | 3 |
| 4.3 | Insurance | 3 |
| 4.4 | Satisfaction of Claims | 3 |
| SECTION 5. | ADMINISTRATIVE AND PRIORITY TAX CLAIMS | 3 |
| 5.1 | Administrative Expense Claims | 3 |
| 5.2 | Professional Fee Claims | 4 |
| 5.3 | Priority Tax Claims | 5 |
| 5.4 | Exemption | 5 |
| SECTION 6. | CLASSIFICATION AND TREATMENT OF CLAIMS | 5 |
| 6.1 | Class 1: Other Priority Claims | 5 |
| 6.2 | Class 2: Secured Tax Claims | 5 |
| 6.3 | Class 3: Gestetner Secured Claim | 6 |
| 6.4 | Class 3(a): Other Secured Claims | 6 |
| 6.5 | Class 4: General Unsecured Claims | 6 |
| SECTION 7. | ACCEPTANCE OR REJECTION OF THE PLAN | 7 |
| 7.1 | Administrative Expense Claims and Priority Tax Claims | 7 |
| 7.2 | Class 1: Other Priority Claims | 7 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SF 4881-2686-0476.810 78512.001                    i

7.3    Class 2:  Secured Tax Claims ..................................................................................7

7.4    Class 3:  Gestetner Secured Claim..........................................................................7

7.5    Class 3(a):  Other Secured Claims ..........................................................................7

7.6    Class 4: General Unsecured Claims .........................................................................7

7.7    Ballots ........................................................................................................................7

7.8    Elimination of Vacant Classes .................................................................................7

SECTION 8.    MEANS FOR IMPLEMENTATION OF THE PLAN ......................................7

8.1    The Liquidation Trust ...............................................................................................7

8.2    Settlements ...............................................................................................................11

8.3    The Source of Distributions................................................................................1213

8.4    Claims Reconciliation Process ...............................................................................13

8.5    Preservation of Right to Conduct Investigations ...................................................13

8.6    Preservation of Privilege and Defenses ..................................................................13

8.7    Abandonment of Property........................................................................................13

SECTION 9.    CLAIMS RECONCILIATION PROCESS .......................................................13

9.1    Objections to, and Resolution, of Disputed Claims................................................13

9.2    Claim Objections ...............................................................................................1314

9.3    Estimation of Certain Claims..................................................................................14

SECTION 10.    DISTRIBUTIONS ............................................................................................14

10.1    Manner of Cash Payments .......................................................................................14

10.2    Setoff and Recoupment............................................................................................14

10.3    No Distributions With Respect to Disputed Claims ...............................................14

10.4    Reserve for Disputed Claims and Administrative Expenses ...................................14

10.5    Undeliverable or Unclaimed Distributions .............................................................15

10.6    De Minimis Distributions ........................................................................................15

SECTION 11.    LITIGATION ....................................................................................................15

11.1    Preservation of Causes of Action ...........................................................................15

SECTION 12.    EXCULPATION AND INJUNCTION..............................................................17

SF 4881-2686-0476.810 78512.001

ii

12.1     Term of Bankruptcy Injunction or Stay .................................................................17

12.2     Exculpation for Estate Fiduciaries ....................................................................17

12.3     Injunction ...........................................................................................................17

SECTION 13.     NO GENERAL DISCHARGE AND NON-DISCHARGEABLE CLAIMS ....18

13.1     Scope of Discharge .............................................................................................18

13.2     Non-Dischargeable Claims .................................................................................18

13.3     Notice Regarding Payment of Non-Dischargeable Claims ............................18 19

SECTION 14.     EXECUTORY CONTRACTS AND UNEXPIRED LEASES .........................19

14.1     Preservation of Executory Contracts and Rejection of Unexpired Leases ............19

14.2     Bar Date for Rejection Damage Claims ..............................................................19

SECTION 15.     RETENTION OF JURISDICTION .................................................................19

15.2     Successors and Assigns. ......................................................................................21

15.3     Saturday, Sunday, or Legal Holiday. ..................................................................21

SECTION 16.     MODIFICATION, REVOCATION, OR WITHDRAWAL OF PLAN ............21

16.1     Modification and Amendments. ..........................................................................21

16.2     Effect of Confirmation on Modifications. ..........................................................21

16.3     Revocation or Withdrawal of this Plan. ..............................................................21

SECTION 17.     MISCELLANEOUS PLAN PROVISIONS .................................................21 22

17.1     Conditions Precedent to the Effective Date. .....................................................21 22

17.2     Entire Agreement. ...............................................................................................22

17.3     Binding Effect. .....................................................................................................22

17.4     U.S. Trustee Fees and Quarterly Reports. ..........................................................22

17.5     Post-Effective Date Effect of Evidences of Claims. ...........................................22

17.6     No Recourse. ........................................................................................................22

17.7     No Admissions. ..................................................................................................22 23

17.8     Severability of Plan Provisions. ..........................................................................23

17.9     Governing Law. ...................................................................................................23

SECTION 18.     RECOMMENDATIONS AND CONCLUSION ............................................23

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SF 4881-2686-0476.8 10 78512.001          iii

**INTRODUCTION**

On February 22, 2023, Leslie Klein, referred to herein as the Debtor,[1] filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California, Los Angeles Division. The Debtor's chapter 11 case was originally filed pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code but on March 10, 2023, the Debtor voluntarily converted the case to chapter 11. *See* [Docket No. 43].

On April 24, 2023, a *Motion for Order Dismissing Debtor's Chapter 11 Bankruptcy Case* [Docket No. 79] was filed and heard by the Bankruptcy Court on May 17, 2023, where the Court ruled that the appointment of a chapter 11 trustee, and not dismissal of the case, was in the best interests of the estate. On May 23, 2023, the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 151]. On May 24, 2023, the United States Trustee filed an *Application for Order Approving Appointment of Trustee and Fixing Bond* [Docket No. 154], which was approved by an order entered the same day [Docket No. 155]. On May 24, 2023, the Trustee accepted his appointment [Docket No. 156].

The Trustee proposes this Plan to establish a trust that will identify and liquidate the Estate's Assets available for the resolution and satisfaction[2] of the allowed claims against the Estate of the Debtor.

Subject to certain restrictions and requirements set forth in Bankruptcy Code section 1127 and Bankruptcy Rule 3019, the Trustee reserves the right to alter, amend, modify, revoke, or withdraw this Plan prior to its substantial consummation. Reference is made to the Disclosure Statement for a discussion of the Debtor's history and assets, a summary and analysis of this Plan, and certain related matters, including the distributions to be made under this Plan and the risk factors relating to the consummation of this Plan.

**SECTION 1.  RULES OF INTERPRETATION**

Unless otherwise specified, all section or exhibit references in this Plan are to the respective section in, or exhibit to, this Plan, as the same may be amended, supplemented, waived, or modified from time to time.  A term used herein that is not defined herein shall have the meaning assigned to that term in the Bankruptcy Code.  The rules of construction contained in section 102 of the Bankruptcy Code shall apply to this Plan. The headings in this Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof.  Unless otherwise provided, any reference in this Plan to an existing document, exhibit or schedule means such document, exhibit or schedule as it may have been amended, restated, revised, supplemented or otherwise modified.  If a time or date is specified for any payments or other Distribution under this Plan, it shall mean on or as soon as reasonably practicable thereafter.  In the event of any ambiguity or conflict between this Plan and the Disclosure Statement, the provisions of this Plan shall control.

**SECTION 2.  PLAN OBJECTIVES**

The Plan provides for the establishment of a Liquidation Trust on the Effective Date for the primary purpose of administering and liquidating the Liquidation Trust Assets and for the secondary purposes of, *inter alia*, (a) analyzing and pursuing Causes of Action, including collecting accounts receivable, (b) identifying any undisclosed assets of the Estate, (c) resolving all Administrative Expense Claims, Professional Fee Claims, and Claims, and (d) making all Distributions provided for under the terms of the Plan. The Liquidation Trust shall be under the direction and control of the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in Appendix 1.

[2] Any discharge of the Debtor's obligations of Claims is subject to the requirements set forth under section 1141(d)(5) of the Bankruptcy Code and Section 13 of the Plan.

SF 4881-2686-0476.810 78512.001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Liquidation Trustee, as trustee of the Liquidation Trust.  On the Effective Date, all of the Estate's Assets shall vest in the Liquidation Trust and the Liquidation Trustee shall be empowered to identify any assets of the Estate that were not disclosed and take the necessary action to liquidate such assets pursuant to the terms of this Plan.  Subject to section 1141(d)(5) of the Bankruptcy Code and Section 13 of the Plan, the Plan contemplates liquidation of the Estate's Assets and the distribution of the net proceeds thereof to Holders of Allowed Administrative Expense Claims, Allowed Professional Fee Claims, and Allowed Claims in order of their payment priority as prescribed by the Plan in satisfaction of the Claims against the Debtor's Estate; *provided*, *however*, (a) to the extent the Debtor is subject to a Non-Dischargeable Claim, the Plan does not provide a discharge for such claims and (b) the Plan does not contemplate the Debtor receiving a discharge for claims that are not Non-Dischargeable Claims.

**SECTION 3.   METHOD OF CLASSIFICATION OF CLAIMS**

3.1     General Rules of Classification

The Plan divides Holders of Administrative Expense Claims, Professional Fee Claims, Claims, and Interests into different groups and Classes based on their legal rights and interests, and provides for the distributions from the Liquidation Trust of Administrative Expense Claims, Professional Fee Claims, and Claims.  Section 5 of the Plan describes the categories of Administrative Expense Claims, Professional Fee Claims, and Priority Tax Claims, all of which are not classified.  Section 6 of the Plan classifies Claims and Interests, for all purposes, including voting, confirmation, and distributions under the Plan.  A Claim or Interest is classified in a particular Class only to the extent the Claim or Interest falls within the Class description. To the extent part of the Claim or Interest falls within a different Class description, the Claim or Interest is classified in that different Class. A Claim or Interest is in a particular Class only to the extent that such Claim or Interest is Allowed in that Class and has not been paid or otherwise settled prior to the Effective Date.

3.2     Holders of Claims Entitled to Vote

Each Holder of an Allowed Class 3 Claim (Gestetner Secured Claim), Class 3(a) (Other Secured Claim), and Class 4 Claim (General Unsecured Claims), and each Holder of a Class 3 Claim, Class 3(a), or Class 4 Claim that has been temporarily allowed for voting purposes by an order under Bankruptcy Rule 3018(a), shall be entitled to vote separately to accept or reject the Plan as provided by the Solicitation Procedures Order.  Any Unimpaired Class of Claims shall be deemed to have accepted the Plan.

3.3     Administrative and Priority Claims

Administrative Expense Claims, Professional Fee Claims, and Priority Tax Claims have not been classified and are excluded from the Classes set forth in Section 6 of the Plan in accordance with section 1123(a)(1) of the Bankruptcy Code.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SF 4881-2686-0476.810 78512.001                    2

**SECTION 4.  TREATMENT OF CLAIMS AND INTERESTS**

4.1      Summary of Claims' Treatment

The following table summarizes the classification and treatment of the Classes of Claims and Interests under the Plan.

| CLASS | DESCRIPTION | IMPAIRED / UNIMPAIRED | ENTITLED TO VOTE |
|---|---|---|---|
| **CLASS 1** | Other Priority Claims | Unimpaired | No - Deemed to Accept |
| **CLASS 2** | Secured Tax Claim | Unimpaired | No – Deemed to Accept |
| **CLASS 3** | Gestetner Secured Claim | Impaired | Yes |
| **CLASS 3(A)** | Other Secured Claims | Impaired | Yes |
| **CLASS 4** | General Unsecured Claims | Impaired | Yes |

4.2      Postpetition Interest on Claims

Except as required by applicable bankruptcy law, postpetition interest shall not accrue or be payable on account of any Claim.

4.3      Insurance

Notwithstanding anything to the contrary herein, if any Allowed Claim is covered by an insurance policy, such Claim shall first be paid from the proceeds of such insurance policy, with the balance, if any, treated in accordance with the provisions of this Plan governing the Class applicable to such Claim.

4.4      Satisfaction of Claims

Subject to section 1141(d)(5) of the Bankruptcy Code and Section 13 of the Plan, the treatment in the Plan is in full and complete satisfaction of all of the legal, contractual, and equitable rights that each Holder of an Allowed Claim may have against the Debtor or the Estate.  All Distributions under the Plan will be tendered to the Entity holding the Allowed Claim.

**EXCEPT AS SPECIFICALLY SET FORTH IN THE PLAN, NO DISTRIBUTIONS WILL BE MADE AND NO RIGHTS WILL BE RETAINED ON ACCOUNT OF ANY ADMINISTRATIVE EXPENSE CLAIM, PROFESSIONAL FEE CLAIM, OR CLAIM THAT IS NOT ALLOWED.**

**SECTION 5.  ADMINISTRATIVE AND PRIORITY TAX CLAIMS**

5.1      Administrative Expense Claims

(a)      *Treatment*.  Except as otherwise provided in Section 5.1(b) of the Plan, or to the extent that a Holder of an Allowed Administrative Expense Claim agrees to different treatment

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

with the Trustee or Liquidation Trustee, each Holder of an Allowed Administrative Expense Claim shall receive Cash in an amount equal to the unpaid amount of such Allowed Administrative Expense Claim on the later of the Effective Date or the date on which such Administrative Expense Claim becomes an Allowed Administrative Expense Claim, or as soon thereafter as is reasonably practicable; *provided*, *however*, that Allowed Administrative Expense Claims representing liabilities incurred in the ordinary course of business by the Debtor or liabilities arising under obligations incurred by the Debtor, prior to the Effective Date, shall be paid by the Debtor, in the ordinary course of business and in accordance with the terms and subject to the conditions of any agreements governing, instruments evidencing, or other documents relating to such transactions, including, but not limited to, any applicable orders of the Bankruptcy Court.  In addition, Allowed Administrative Expense Claims of the United States Trustee for statutory fees under 28 U.S.C. § 1930 incurred prior to the Effective Date shall be paid on the Effective Date by the Estate, and thereafter, as such fees may thereafter accrue and be due and payable, by the Liquidation Trust in accordance with the applicable schedule for payment of such fees.

(b)      *Administrative Expense Claims Deadline*.   To be eligible to receive Distributions under the Plan on account of an Administrative Expense Claim that is not otherwise Allowed by the Plan, a request for payment of an Administrative Expense Claim must have been or be filed with the Bankruptcy Court on or before the Administrative Expense Claims Deadline, or such other date as may be agreed to by the Liquidation Trustee. Any Administrative Expense Claims that are not asserted in accordance herewith and with Section 5.1(a) of the Plan shall be disallowed under the Plan and shall be forever barred against the Estate, the Liquidation Trust, or any of their Assets or property, and the Holder thereof shall be enjoined from commencing or continuing any action, employment of process or act to collect, offset, recoup or recover such Claim.

5.2      Professional Fee Claims

Each Professional requesting compensation for services rendered and reimbursement for expenses incurred during the period from the Petition Date through the Effective Date must (i) file and serve a properly noticed final fee application by no later than 42 days after the Effective Date and (ii) be paid (a) the full unpaid amount as is Allowed by the Bankruptcy Court within 14 days after the date that such Claim is Allowed by Order of the Bankruptcy Court, or (b) upon such other terms as may be mutually agreed upon between the Holder of such an Allowed Professional Fee Claim and the Liquidation Trustee.  Any Professional Fee Claim that is not asserted in accordance with this Section 5.2 shall be disallowed under this Plan and shall be forever barred against the Estate, the Liquidation Trust, or any of their Assets or property, and the Holder thereof shall be enjoined from commencing or continuing any action, employment of process or act to collect, offset, recoup or recover such Claim.

(a)      *Professional Fee Estimate*.   Professionals shall estimate in good faith their unpaid Professional Fee Claims and other unpaid fees and expenses incurred in rendering services to the Trustee before and as of the Effective Date and shall deliver such reasonable, good faith estimate to the Trustee no later than seven days prior to the Effective Date; provided, that such estimate shall not be deemed to limit the amount of the fees and expenses that are the subject of the Professional's final request for payment of Professional Fee Claims.

(b)      *Professional Fee Escrow*. If the Professional Fee Claims Estimate is greater than zero, as soon as reasonably practicable and no later than the Effective Date, the Trustee shall fund the Professional Fee Escrow Account with Cash equal to the Professional Fee Claims Estimate, and no Liens, Claims, or Interests shall encumber the Professional Fee Escrow in any way.  The Professional Fee Escrow Account (including funds held in the Professional Fee Escrow) (i) shall not be and shall not be deemed property of the Estate or the Liquidation Trust and (ii) shall be held in trust for the Professionals; provided that funds remaining in the Professional Fee Escrow Account after all Allowed Professional Fee Claims have been irrevocably paid in full shall revert to the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SF 4881-2686-0476.810 78512.001                                    4

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Liquidation Trust.  Allowed Professional Fee Claims shall be paid in Cash to such Professionals from funds held in the Professional Fee Escrow Account when such Claims are Allowed by an order of the Bankruptcy Court; provided further that the Estate's or the Liquidating Trust's obligations with respect to Professional Fee Claims shall not be limited nor deemed to be limited in any way to the balance of funds held in the Professional Fee Escrow Account.

If the amount of funds in the Professional Fee Escrow Account is insufficient to fund payment in full of all Allowed Professional Fee Claims and any other Allowed amounts owed to Professionals, the deficiency shall be promptly funded to the Professional Fee Escrow Account from the Estate or the Liquidating Trust, as applicable, without any further action or order of the Bankruptcy Court.

5.3     Priority Tax Claims

Except to the extent that a Holder of an Allowed Priority Tax Claim agrees to a different treatment of such Claim, each Holder of an Allowed Priority Tax Claim, if any such Claim exists, shall receive Cash in an amount equal to the unpaid portion of such Allowed Priority Tax Claim on, or as soon thereafter as is reasonably practicable, the date that is 90 calendar days after the Effective Date.

5.4     Exemption

Except to the extent the Debtor agrees to a different treatment, pursuant to the Exemption Order, the Trustee or the Liquidating Trust, as applicable, shall distribute  $189,050.00 (less any expenses incurred by the Estate or the Liquidating Trust, as the case may be, for removing the personal property located at the June St. Property) to the Debtor within the latter of twenty-one (21) days after (a) the closing of the sale of the June St. Property or (b) the Effective Date.

## SECTION 6.  CLASSIFICATION AND TREATMENT OF CLAIMS

6.1     Class 1:  Other Priority Claims

(a)     *Classification*.  Class 1 consists of all Allowed Other Priority Claims against any of the Debtor that are specified as having priority in section 507(a) of the Bankruptcy Code if any such Claims exist as of the Effective Date.

(b)     *Treatment*.  Except to the extent that a Holder of an Allowed Other Priority Claim against the Debtor has agreed to a different treatment of such Claim, each such Holder shall receive, in full and final satisfaction, settlement, release, and discharge of each such Allowed Other Priority Claim, Cash in an amount equal to such Allowed Other Priority Claim, on or as soon as reasonably practicable after the latest of (i) the Effective Date, (ii) the date the Other Priority Claim becomes an Allowed Claim, and (iii) the date for payment provided by any agreement or arrangement between the Trustee or the Liquidation Trustee and the Holder of the Allowed Other Priority Claim against the Debtor.

6.2     Class 2:  Secured Tax Claims

(a)     *Classification*.  Class 2 consists of all Allowed Secured Tax Claims against the Debtor that, absent the secured status of such Claim, would be entitled to priority in right of payment under section 507(a) of the Bankruptcy Code if any such Claims exist as of the Effective Date.

(b)     *Treatment*.  Each Holder of an Allowed Secured Tax Claim against the Debtor shall receive, in full and final satisfaction, settlement, release, and discharge of each such Allowed Secured Tax Claim, Cash in an amount equal to such

Allowed Secured Tax Claim, on or as soon as reasonably practicable after the latest of (i) the Effective Date, (ii) the date the Secured Tax Claim becomes an Allowed Claim, and (iii) the date for payment provided by any agreement or arrangement between the Trustee or the Liquidation Trustee and the Holder of the Secured Tax Claim. The Trustee and the Liquidation Trustee (after the Effective Date) specifically reserve the right to challenge the validity, nature, and perfection of, and to avoid, pursuant to the provisions of the Bankruptcy Code and other applicable law, any purported liens relating to the Secured Tax Claims.

6.3   Class 3:  Gestetner Secured Claim

(a)   *Classification*.  Class 3 consists of the Gestetner Secured Claim. The Trustee will provide a ballot to the Holder of asserted Class 3 Gestetner Secured Claim.

(b)   *Treatment*.  On the later of the Effective Date or the date on which LCG makes a distribution to the Estate or the Liquidating Trustee on account of the Debtor's equity interest in LCG, the Holder of an Allowed Class 3 Gestetner Secured Claim will receive 50% of the distribution made to the Estate or the Liquidating Trust, as the case may be, from LCG until the Gestetner Secured Claim held by the Gestetners is paid in full.

6.4   Class 3(a):  Other Secured Claims

(a)   *Classification*.  Class 3(a) consists of all Other Secured Claims.

(b)   *Treatment*.   On the Effective Date, or as soon as reasonably practicable thereafter, each Holder of an Allowed Class 3(a) Other Secured Claim will receive the collateral in which such Holder has a security interest or lien; *provided*, *however*, if such action was already undertaken prior to the Petition Date, in response to a stay relief request, by the Estate's abandonment, or other similar action then the Liquidation Trustee need not take any further action; provided, further, upon the request of a holder of an Allowed Class 3(a) Other Secured Claim it may elect to receive such other and less favorable distributions or treatments as may be agreed upon by and between the Holder of the Allowed Class 3(a) Claim and the Liquidation Trustee.

6.5   Class 4:  General Unsecured Claims

(a)   *Classification*.  Class 4 consists of all General Unsecured Claims.  The Trustee will provide ballots to Holders of asserted Class 4 General Unsecured Claims.

(b)   *Treatment*.  Except to the extent that a Holder of an Allowed Class 4 Claim agrees to a different treatment of such Claim, each Holder of an Allowed Class 4 Claim will receive its Pro Rata share of the liquidated Liquidating Trust Assets as soon as practicable as determined by the Liquidation Trustee in accordance with the Liquidation Trust Agreement; *provided*, *however*, any Allowed Class 4 Claim that is subordinated shall not receive any distribution unless and until all holders of Allowed Class 4 Claims are paid in full or otherwise agree that their Claims have been satisfied. The Plan preserves the rights to dispute the validity of any Class 4 Claim, whether or not objected to prior to the Effective Date; *provided*, *however*, any Class 4 Claim that has been settled pursuant to a Bankruptcy Court order shall not be subject to further objection by the Liquidating Trustee or any party in interest.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SF 4881-2686-0476.810 78512.001

6

## SECTION 7.  ACCEPTANCE OR REJECTION OF THE PLAN

7.1    Administrative Expense Claims and Priority Tax Claims

Holders of Administrative Expense Claims, including Professional Fee Claims, and Priority Tax Claims who do not object to confirmation of the Plan have consented to treatment, as set forth in the Plan, that is or may be different from that set forth in section 1129(a)(9) of the Bankruptcy Code.

7.2    Class 1:  Other Priority Claims

Class 1 is an unimpaired Class.  Holders of Class 1 Other Priority Claims are deemed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code and are not entitled to vote.

7.3    Class 2:  Secured Tax Claims

Class 2 is an unimpaired Class.  Holders of Class 2 Secured Tax Claims are deemed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code and are not entitled to vote.

7.4    Class 3:  Gestetner Secured Claim

Class 3 is an impaired Class.  The Holder of Class 3 Gestetner Secured Claim shall be entitled to vote to accept or reject the Plan.

7.5    Class 3(a):  Other Secured Claims

Class 3 is an impaired Class.  Holders of Class 3 Other Secured Claims shall be entitled to vote to accept or reject the Plan.

7.6    Class 4: General Unsecured Claims

Each Holder of a Class 4 General Unsecured Claim that is not a Disallowed Claim and is not subject to a pending claim objection as of the deadline to submit Ballots shall be entitled to vote to accept or reject the Plan.

7.7    Ballots

Each Holder of a Claim entitled to vote on this Plan will be asked to complete and return a Ballot, which will be tabulated together with other Ballots so received.

7.8    Elimination of Vacant Classes

To the extent applicable, any Class that does not contain any allowed Claims or Claims temporarily allowed for voting purposes under Bankruptcy Rule 3018 for the Debtor, shall be eliminated from the Plan for purposes of (a) voting to accept or reject the Plan and (b) determining whether such Class has accepted or rejected the Plan pursuant to Bankruptcy Code section 1129(a)(8).

## SECTION 8.  MEANS FOR IMPLEMENTATION OF THE PLAN

8.1    The Liquidation Trust

(a)    ***Formation of the Liquidation Trust***.  On the Effective Date, the Liquidation Trust shall be established pursuant to the Liquidation Trust Agreement for the purpose of identifying any undisclosed Assets of the Estate, administering and liquidating the Liquidation Trust Assets, prosecuting and resolving the Causes of Action, objecting to all Claims, and effectuating the Distributions to be made

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SF 4881-2686-0476.810 78512.001                7

under the Plan to the Holders of Allowed Claims in accordance with the terms of the Plan.

(b) ***Federal Income Tax Treatment of the Liquidation Trust***.  For federal income tax purposes, it is intended that the Liquidation Trust be classified as a "grantor trust" for federal income tax purposes, pursuant to sections 671-677 of the Internal Revenue Code of 1986, as amended, and that the Liquidation Trust be owned by the Beneficiaries.  Accordingly, for federal income tax purposes, it is intended that the Beneficiaries be treated as if they had received a distribution from the Estate of an undivided interest in the Liquidation Trust Assets and then contributed such interest to the Liquidation Trust.

(c) ***Funding the Liquidation Trust***.  On the Effective Date, all of the Assets of the Estate, including all Causes of Action, as well as the rights and powers of the Debtor, shall automatically vest in the Liquidation Trust. Specifically, and without limitation, the Liquidation Trust, through the Liquidation Trustee, shall have the right to prosecute all Causes of Action, and receive all accounts receivable and the proceeds related thereto.

(d) ***Termination of Liquidation Trust***.  The duties, responsibilities, and powers of the Liquidation Trustee shall terminate in accordance with the terms of the Plan and the Liquidation Trust Agreement after (a) all the Liquidation Trust Assets have been fully administered, (b) all reasonably possible Distributions have been made in accordance with the terms of the Plan, and (c) all Disputed Claims have been resolved.

Upon the termination of the Liquidation Trust, the Liquidation Trustee shall file with the Bankruptcy Court a report thereof, seeking an order discharging the Liquidation Trustee and a final decree closing the Chapter 11 Case.  As efficiently and expeditiously as possible, the Liquidation Trustee shall endeavor to resolve, settle or otherwise dispose of all Liquidation Trust Assets, and effect the distribution of the Liquidation Trust Assets in accordance with the terms of the Plan.

(e) ***Vesting and Transfer of Assets to the Liquidation Trust***.  Pursuant to section 1141(b) of the Bankruptcy Code, the Assets of the Estate shall vest in the Liquidation Trust; *provided*, *however*, that the Liquidation Trustee may seek Bankruptcy Court approval to abandon or otherwise not accept any Assets that the Liquidation Trustee believes, in good faith, have no meaningful value to the Liquidation Trust, provided that at least 14 days' notice of any such request is provided to parties to pending litigation in which the Debtor is a party. Any Assets the Liquidation Trustee so abandons or otherwise does not accept shall not vest in the Liquidation Trust and shall re-vest in the Debtor; *provided*, *further*, that pursuant to an order of the Bankruptcy Court following proper notice, the Liquidation Trustee may abandon any Assets to any Person.  For the avoidance of doubt, the Liquidation Trustee may not abandon, destroy, or otherwise dispose of the Debtor's books and records without a further order of the Bankruptcy Court upon at least 14 days' notice of any such request to parties to pending litigation in which the Debtor is party.

On the Effective Date and subject to the provisions herein, the Liquidation Trustee shall take possession, custody, and control of all disclosed and undisclosed Assets of the Estate. Nothing herein shall be construed to deem the Liquidation Trustee to have possession, custody, or control of the books, records, and files of the Debtor and the Estate not actually in the possession, custody, or control of the Liquidation Trustee on the Effective Date.

As of the Effective Date, all Assets vested in the Liquidation Trust and all Assets dealt with in the Plan, shall be free and clear of all Claims, Liens, and Interests except as otherwise specifically

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SF 4881-2686-0476.810 78512.001                8

provided in the Plan or in the Confirmation Order.  The Liquidation Trustee shall make distributions in accordance with the Plan and the Liquidation Trust Agreement.

(f)     ***Appointment and Powers of the Liquidation Trustee***.  On the Effective Date, the Liquidation Trustee shall be appointed pursuant to the Confirmation Order, as of the Effective Date.  The Liquidation Trustee shall be the exclusive trustee of the Liquidation Trust Assets for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3) as well as the representative of the Estate appointed pursuant to section 1123(b)(3)(B) of the Bankruptcy Code.  The powers, rights, and responsibilities of the Liquidation Trustee shall be specified in and subject to the terms of the Liquidation Trust Agreement and shall include the authority and responsibility to: (i) receive, manage, invest, supervise and protect the Liquidation Trust Assets; (ii) pay taxes and other obligations incurred by the Liquidation Trust; (iii) retain and compensate, without further order of the Bankruptcy Court, the services of professionals to advise and assist in the administration, prosecution and Distribution of Liquidation Trust Assets; (iv) calculate and implement Distributions of Distributable Cash (v) prosecute, compromise and settle all Disputed Claims and all claims and Causes of Action vested in the Liquidation Trust; (vi) provide reasonable access to the Estate's books and records upon request from any Holder of a Claim, Administrative Expense Claim, or Professional Fee Claim; and (vii) pay Professional Fees of professionals retained in the Chapter 11 Case which are Allowed pursuant to any order of the Bankruptcy Court, whether such Professional Fees were incurred before or after the Effective Date.  Other rights and duties of the Liquidation Trustee shall be set forth in the Liquidation Trust Agreement.

The Liquidation Trustee shall have all of the rights and powers of a trustee in bankruptcy, a chapter 11 trustee and/or a debtor in possession to the same extent as would be held by those officers if this plan had not been confirmed, and shall have the benefit of all time frames that would be applicable to actions by such officers, including without limitation pursuant to section 108 of the Bankruptcy Code.

(g)     ***Compensation of Liquidation Trustee***. The Liquidation Trustee shall be reasonably compensated out of the Liquidation Trust Assets for his or her services and reimbursed out of the Liquidation Trust for his or her reasonable expenses in accordance with the Liquidation Trust Agreement.

(h)     ***Resignation of Liquidation Trustee***.  The Liquidation Trustee may resign at any time.  The Liquidation Trustee shall file such written resignation with the Bankruptcy Court.  Any party in interest may request a hearing before the Bankruptcy Court regarding the Liquidation Trustee's resignation.  If no such hearing is requested, the resignation shall take effect 30 days after the filing of the notice of resignation with the Bankruptcy Court.  The resigning Liquidation Trustee shall, by the earliest date possible, deliver to the Liquidation Trustee's successor all of the Liquidation Trust Assets that were in the possession of the resigning Liquidation Trustee along with a complete record and inventory of all such Liquidation Trust Assets.

(i)     ***Removal of Liquidation Trustee***.  The Bankruptcy Court may remove a Liquidation Trustee for good cause shown on a motion submitted by a Beneficiary of the Liquidation Trust or the U.S. Trustee following notice to parties in interest, including without limitation, the Liquidation Trustee.  The removal will take effect upon the date the Bankruptcy Court specifies.  Any removed Liquidation Trustee shall, by the earliest date possible, deliver to the Liquidation Trustee's successor all of the Liquidation Trust Assets that were in

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

the possession of the removed Liquidation Trustee along with a complete record and inventory of all such Liquidation Trust Assets.

(j)     ***Successor Liquidation Trustee***.  Any vacancy in the office of Liquidation Trustee shall be appointed by the Bankruptcy Court after notice and a hearing.

Any successor Liquidation Trustee's acceptance of appointment as a successor Liquidation Trustee shall be in writing and shall be filed with the Bankruptcy Court.  The acceptance shall become effective when filed with the Bankruptcy Court.  The successor Liquidation Trustee shall thereupon be considered a Liquidation Trustee of the Liquidation Trust without the necessity of any conveyance or instrument.  Each successor Liquidation Trustee shall have all of the rights, powers, duties, authority, and privileges as if named as the initial Liquidation Trustee hereunder.  Each successor Liquidation Trustee shall be exempt from any liability related to the acts or omissions of any prior Liquidation Trustee.

(k)     ***Records***.  The Liquidation Trustee shall maintain books and records relating to the Liquidation Trust Assets, Cash, Distributable Cash, Liquidation Trust Reserve, the management thereof, all post-Confirmation transactions undertaken by the Liquidation Trustee, all expenses incurred by or on behalf of the Liquidation Trustee after the Effective Date, and all distributions contemplated or effectuated under the Plan.  Subject to further order of the Court, such records shall be maintained and preserved by the Liquidation Trustee until the earlier to occur of (i) entry of the final decree closing the Chapter 11 Case and (ii) termination of the Liquidation Trust.

(l)     ***Liability of the Liquidation Trustee***.  The Liquidation Trustee shall not be personally liable for any claim asserted against the Liquidation Trust or the Liquidation Trustee, except as set forth below.  The Liquidation Trustee shall not be liable for any error of judgment made in good faith or with respect to any action taken or omitted to be taken in good faith, unless with respect to the Liquidation Trustee's own respective fraud, gross negligence or willful misconduct.  Notwithstanding anything to the contrary set forth herein or in the Liquidation Trust Agreement, no provision of the Plan or the Liquidation Trust Agreement shall be construed to relieve the Liquidation Trustee from liability for gross negligence, fraud or willful misconduct.

(m)     ***Indemnification***.  From and after the Effective Date, the Liquidation Trustee and the independent contractors, employees, and/or professionals employed by the Liquidation Trust (collectively, the "Indemnified Parties" and each an "Indemnified Party") shall be, and hereby are, indemnified by the Liquidation Trust, to the fullest extent permitted under applicable law, from and against any and all claims, debts, dues, accounts, actions, suits, causes of action, bonds, covenants, judgments, damages, attorneys' fees and defense costs, and other assertions of liability arising out of any such Indemnified Parties' good faith exercise of what such Indemnified Party reasonably understands to be its powers or the discharge of what such Indemnified Party reasonably understands to be its duties conferred by the Plan, the Liquidation Trust Agreement, or by any order of the Bankruptcy Court entered pursuant to, or in furtherance of, the Plan, applicable law, or otherwise (except only for actions or omissions to act to the extent determined by a Final Order of a court of competent jurisdiction to be due to such Indemnified Party's own respective fraud, gross negligence or willful misconduct), including but not limited to, acts or omissions concerning pursuing or not pursuing any Causes of Action or objections to Claims, on and after the Effective Date.  The foregoing indemnification shall also extend to matters directly or indirectly, in connection with, arising out of, based on, or in any way related to (i) the Plan; (ii) the services to be rendered

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

pursuant to the Plan; (iii) any document or information, whether verbal or written, referred to herein or supplied to the Liquidation Trustee; or (iv) proceedings by or on behalf of any claimant or Creditor.  Subject to the terms of the Plan and the Liquidation Trust Agreement, the Liquidation Trust shall, on demand, advance or pay promptly, in either case from the Liquidation Trust Reserve, on behalf of each Indemnified Party, reasonable attorneys' fees and other expenses and disbursements which such Indemnified Party would be entitled to receive pursuant to the foregoing indemnification obligation; provided, however, that any Indemnified Party receiving any such advance shall execute a written undertaking to repay such advance amounts if a court of competent jurisdiction ultimately determines that such Indemnified Party is not entitled to indemnification hereunder due to the gross negligence, fraud, or willful misconduct of such Indemnified Party.  Any person entitled to indemnification hereunder shall have the right to employ such person's own separate counsel in any such action, payable solely from the Liquidation Trust Reserve, subject to the terms and conditions of the Plan.

The Liquidation Trustee is authorized, but not required, to obtain and purchase (solely from funds in the Liquidation Trust Reserve) insurance coverage with respect to the responsibilities, liabilities, and obligations of the Indemnified Parties under the Plan.

(n) ***Post-Confirmation Fees and Settlements.*** Notwithstanding anything to the contrary in the Plan or the Liquidation Trust Agreement, the Liquidation Trustee shall provide holders of Allowed Claims with notice regarding the post-confirmation payment of fees incurred by the Liquidation Trustee's advisors and the entry into compromises or settlements. If there are no objections to such notices then the Liquidation Trustee will proceed and pay the fees or consummate the settlement, as applicable. However, if the holder of an Allowed Claim opposes the Liquidation Trustee's payment of fees or entry into a settlement, the Liquidation Trustee shall file a fee application or a settlement motion and have the Court adjudicate the dispute.

8.2 Settlements

Pursuant to section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019 and in consideration for the distributions and other benefits provided under the Plan, as of the Effective Date, the provisions of the Plan and Section 8.2 of the Plan shall constitute good-faith compromises and settlements of Claims and controversies among the parties thereto relating to the contractual, legal, equitable and subordination rights that holders of Claims may have with respect to any Claim under the Plan or any Distribution to be made on account of an Allowed Claim.  The Plan shall be deemed a motion, proposed by the Trustee, and the entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the compromise and settlement of all such Claims and controversies among the parties thereto, as well as a finding by the Bankruptcy Court that such compromise or settlement is in the best interests of the Estate and holders of Claims, and is fair, equitable and reasonable.

(a) Gestetner Settlement

Pursuant to the Order Granting the Motion of Chapter 11 Trustee for Approval of Settlement Between the Trustee and A. Gestetner Family Trust and Gestetner Charitable Remainder Unitrust Pursuant to Bankruptcy Rule 9019 [Docket No. 924] (the "Gestetner Settlement Order"), A. Gestetner Family Trust and Gestetner Charitable Remainder Unitrust (together, the "**Gestetners**") have an allowed Class 3 Gestetner Secured Claim in the amount of $3,650,000.00.

Per the terms of the settlement agreement between the Trustee and the Gestetners, all distributions received from LCG that would otherwise be payable to the Debtor as a result of his

ownership interest in LCG are to be shared evenly between the Estate, on the one hand, and the Gestetners, on the other hand, which includes $745,353.42 and $1,442,631.77 (the "**Initial LCG Distribution**") that was distributed to the Trustee from LCG, which amount (*i.e.*, $1,155,894.33) was already paid to the Gestetners in connection with the Gestetner Settlement Order. The balance of the Gestetners' Allowed Class 3 Gestetner Secured Claim (*i.e.*, $2,494,105.67) shall be paid pursuant to the Plan after LCG makes further distributions to the Estate until such claim is paid in full.

(b)    Menlo Settlement

Pursuant to the *Order Granting Motion for Order Pursuant to Bankruptcy Rule 9019 Approving Settlement With Mutual Releases Between the Trustee and Franklin H. Menlo and Jeffrey Winter, Co-Trustees of the Franklin Menlo Irrevocable Trust Established March 1*, 1983 *and Granting Relief From Stay* [Docket No. 919] (the "**Menlo Settlement Order**"), the Court approved the settlement between the Trustee on the one hand and Franklin H. Menlo and Jeffrey Winter, Co-Trustees of the Franklin Menlo Irrevocable Trust Established March 1, 1983 (the "**Menlo Parties**") regarding the claims the Estate had against the Menlo Parties and the claims the Menlo Parties had against the Estate. Under the Menlo Settlement Order, the Menlo Parties have an Allowed Class 4 General Unsecured Claim in the amount of $19,225,065.00 and an Allowed Class 4 General Unsecured Subordinated Claim in the amount of $11,176,758.00, the latter of which will not receive any distribution unless and until all other Class 4 General Unsecured Claims are paid in full.

(c)    Vago Settlement

Pursuant to the *Order Granting Motion of Chapter 11 Trustee for Order Approving Settlement Between the Trustee and Erica Vago and Joseph Vago Pursuant to Bankruptcy Rule 9019* [Docket No. 1018] (the "Vago Settlement Order"), Erica and Joseph Vago have an Allowed Class 4 General Unsecured Claim in the amount of $17,638,081.00 and an Allowed Class 4 General Unsecured Subordinated Claim in the amount of $8,486,466.00, the latter of which will not receive any distribution unless and until all other Class 4 General Unsecured Claims are paid in full.

(d)    Berger Settlement

Pursuant to the *Order Granting Motion of Chapter 11 Trustee for Order Approving Settlement Between the Trustee and David Berger Pursuant to Bankruptcy Rule 9019* [Docket No. 1264] (the "**Berger Settlement Order**"), David Berger has an Allowed Class 4 General Unsecured Claim in the amount of $400,000.00.

(e)    Mermelstein Settlement

Pursuant to the *Order Granting the Motion of Chapter 11 Trustee for Order Approving Settlement Between the Trustee and Robert and Esther Mermelstein Pursuant to Bankruptcy Rule 9019* [Docket No. 1274], Robert and Esther Mermelstein have Allowed Class 4 General Unsecured Claims as follows:

| Claim No. | Claim Amount | Life Insurance Policy |
|---|---|---|
| 19-2 | $500,000.00 | Garza |
| 20-2 | $0.00 | Times Square Media |
| 21-2 | $500,000.00 | Ganz |
| 22-2 | $2,250,000.00 | Spitzer |
| 23-2 | $1,200,000.00 | Kohn |
| 24-2 | $1,000,000.00 | Friedman |
| 25-3 | $3,662,679.53 | Zimmerman |
| | | |
| Total: | **$9,112,679.53** | |

SF 4881-2686-0476.810 78512.001

12

8.3    The Source of Distributions

The sources of all distributions and payments under the Plan are the Liquidation Trust Assets (or proceeds of any Liquidation Trust Assets), including without limitation Cash and Distributable Cash, proceeds of all Causes of Action, and proceeds of or recoveries from any other remaining property of the Debtor and the Estate.

8.4    Claims Reconciliation Process

From and after the Effective Date, the Liquidation Trust shall be solely responsible for objecting to Claims that are not otherwise Allowed.

8.5    Preservation of Right to Conduct Investigations

Any and all rights to conduct investigations pursuant to Bankruptcy Rule 2004 held by the Debtor's Estate or the Trustee prior to the Effective Date shall vest with the Liquidation Trust upon the Effective Date and shall continue in effect until dissolution or termination of the Liquidation Trust.

8.6    Preservation of Privilege and Defenses

No action taken by the Trustee in connection with this Plan shall be (or be deemed to be) a waiver of any privilege or immunity of the Debtor or the Estate, as applicable, including any attorney-client privilege or work-product privilege attaching to any documents or communications (whether written or oral) (collectively, the "Transferred Privileges"). The Confirmation Order shall provide that, notwithstanding the Estate providing any Transferred Privileges to the Liquidation Trustee, the Liquidation Trust, or any party or Person associated with the Liquidation Trust, such Transferred Privileges shall be without waiver in recognition of the joint and/or successorship interest in prosecuting any Claim or Cause of Action on behalf of the Estate and shall remain privileged and shall vest in the Liquidation Trust, in trust, and, consistent with sections 1123(a)(5)(B) and 1123(b)(3)(B) of the Bankruptcy Code, for the sole benefit of the Liquidation Trustee and the Liquidation Trust beneficiaries; *provided*, *however*, the Liquidation Trustee shall not share information protected by any Transferred Privilege with a holder of a general unsecured claim to the extent that such protected information implicates the claims the creditors have against the Liquidating Trust or claims the Liquidating Trust has against the holder of a general unsecured claim; *provided further*, *however*, that the Liquidation Trustee shall not waive any Transferred Privilege, or otherwise disclose any material subject to a Transferred Privilege, to the extent such Transferred Privilege is held jointly with a third party, without the express written consent of such third party.

8.7    Abandonment of Property

If and to the extent the Liquidation Trustee determines to abandon any Liquidation Trust Assets, then the Liquidation Trustee may abandon such assets in accordance with the Plan or any further order of the Bankruptcy Court.

**SECTION 9.    CLAIMS RECONCILIATION PROCESS**

9.1    Objections to, and Resolution, of Disputed Claims

From and after the Effective Date, the Liquidation Trust shall have the exclusive authority to compromise, resolve, and Allow any Disputed Claim without the need to obtain approval from the Bankruptcy Court, subject to the Liquidation Trust Agreement, and any agreement entered into by the Liquidation Trust with respect to the Allowance of any Claim shall be conclusive evidence and a final determination of the Allowance of such Claim; *provided, however*, that, under the Plan, all Disputed Claims will have no right to receive any Distributions under the Plan unless and until such Claims are affirmatively Allowed by a Final Order.

9.2    Claim Objections

All objections to Claims (other than Professional Fee Claims) shall be filed by the Liquidation Trust on or before the Claim Objection Deadline, which date may be extended by filing a motion on or before the then Claim Objection Deadline.  If a timely objection has not been filed to a proof of claim or the Schedules have not been amended with respect to a Claim that was Scheduled by the Debtor but was not Scheduled as contingent, unliquidated, or disputed, then the Claim to which the proof of claim or Scheduled Claim relates will be treated as an Allowed Claim.

9.3    Estimation of Certain Claims

The Liquidation Trust may, at any time, move for a Bankruptcy Court order estimating any contingent Claim, Disputed Claim, or unliquidated Claim pursuant to section 502(c) of the Bankruptcy Code, regardless of whether the Trustee or other party in interest have previously objected to such Claim or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court shall retain jurisdiction and power to estimate any Claim at any time during litigation concerning any objection to any Claim, including during the pendency of any appeal relating to any such objection. The estimated amount of any Claim so determined by the Bankruptcy Court shall constitute the maximum recovery that the Holder thereof may recover after the ultimate liquidation of its Claim, irrespective of the actual amount that is ultimately Allowed.  All of the aforementioned Claims objection, estimation, and resolution procedures are cumulative and are not necessarily exclusive of one another.

**SECTION 10.    DISTRIBUTIONS**

10.1    Manner of Cash Payments

Cash payments to Holders of Allowed Claims will be denominated in U.S. dollars and will be made by checks drawn on a bank selected by the Liquidation Trustee or, at the Liquidation Trustee's option, by wire transfer from a bank.  Cash payments to foreign Holders of Allowed Claims may be paid, at the Liquidation Trustee's option, either in the same manner as payments to domestic entities or in any funds and by any means that are necessary or customary in the particular foreign jurisdiction.

10.2    Setoff and Recoupment

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE PLAN, THE LIQUIDATION TRUSTEE, ON BEHALF OF THE LIQUIDATION TRUST, MAY SETOFF, RECOUP, OR WITHHOLD AGAINST DISTRIBUTIONS ON ACCOUNT OF ANY CLAIM OR ANY ADMINISTRATIVE EXPENSE CLAIM, ANY CLAIMS THAT A DEBTOR, THE ESTATE, OR THE LIQUIDATION TRUST MAY HAVE AGAINST THE HOLDER OF SUCH CLAIM OR ADMINISTRATIVE EXPENSE CLAIM.  THE LIQUIDATION TRUST AND THE LIQUIDATION TRUSTEE WILL NOT BE DEEMED TO WAIVE OR RELEASE ANY CLAIM AGAINST THE HOLDER OF SUCH CLAIM OR ADMINISTRATIVE EXPENSE CLAIM BY FAILING TO EFFECT SUCH A SETOFF OR RECOUPMENT; BY ALLOWING ANY CLAIM OR ADMINISTRATIVE EXPENSE CLAIM, AS APPLICABLE, AGAINST THE DEBTOR, THE ESTATE, OR THE LIQUIDATION TRUST; OR BY MAKING A DISTRIBUTION ON ACCOUNT OF SUCH CLAIM OR ADMINISTRATIVE EXPENSE CLAIM.**

10.3    No Distributions With Respect to Disputed Claims

Notwithstanding any other Plan provision, Distributions will be made on account of a Disputed Claim only after, and only to the extent that, the Disputed Claim becomes an Allowed Claim or is deemed to be an Allowed Claim for Distribution purposes.

10.4    Reserve for Disputed Claims and Administrative Expenses

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Liquidating Trustee may maintain a reserve for any distributable amounts required to be set aside on account of Disputed Claims and cost associated with administering the Liquidating Trust and shall distribute such amounts (net of any expenses, including any taxes relating thereto), as provided herein and in the Liquidating Trust Agreement, as such Disputed Claims are resolved by Final Order, and such amounts shall be distributable in respect of such Disputed Claims as such amounts would have been distributable had the Disputed Claims been Allowed Claims as of the Effective Date, provided that no interest shall be distributable or accrue with respect thereto.

10.5    Undeliverable or Unclaimed Distributions

Distributions to Holders of Allowed Claims will initially be made by U.S. mail as follows:

(a)    Distributions will be sent to the address, if any, (i) set forth on a filed Proof of Claim, as amended by any written notice of address change filed on the docket for these Chapter 11 Case no later than 14 days prior to the date of any Distribution, or (ii) such other address as the Beneficiary provides to the Liquidation Trustee in writing (including via email) at least 30 days prior to the date of such Distribution; or

(b)    If no such address is available, distributions will be sent to the address set forth on the Schedules.

If no address is available as set forth above, the Distribution will be deemed to be undeliverable. If a Distribution is returned to the Liquidation Trustee as an undeliverable Distribution, or is deemed to be an undeliverable Distribution, the Liquidation Trustee shall make no further Distribution to the Entity holding the Allowed Claim on which the Distribution is being made unless and until the Liquidation Trustee is timely notified in writing of that Entity's current address.

If at the time a final Distribution is to be made under the Plan, the Liquidation Trustee is holding an undeliverable Distribution for any Allowed Claim for which the Liquidation Trustee has not received written notice of the current address of the Entity holding such Allowed Claim, then (i) such Distribution shall vest in the Liquidation Trust and be distributed to other Holders of Allowed Claims in accordance with the terms of the Plan and (ii) the Entity holding such Allowed Claim will be forever barred from receiving such undeliverable Distribution or asserting any claim against the Liquidation Trust, the Liquidation Trust Assets, or the Liquidation Trustee. Nothing contained in the Plan shall be deemed to require the Liquidation Trustee to attempt to locate any Entity holding an Allowed Claim whose Distribution is undeliverable.

If an instrument delivered as a Distribution to a Beneficiary is not negotiated within 180 days after such instrument was sent to the Beneficiary, then the instrument shall be null and void and payment thereon shall be stopped, the Beneficiary shall be deemed to have waived any right to receive such Distribution on account of its Allowed Claim, and the applicable funds shall be used otherwise by the Liquidation Trustee in accordance with the terms of the Plan.

10.6    De Minimis Distributions

If at the time of making the final distribution the amount of cash to be distributed to the Holders of Allowed Claims is *de minimis* such that the administrative expense of making a final distribution would absorb any benefit thereto, the Liquidating Trustee may contribute the remaining *de minimis* cash to a charitable organization of his choosing that is qualified as a tax exempt under Internal Revenue Code section 501(c)(3).

**SECTION 11.        LITIGATION**

11.1    Preservation of Causes of Action

The Liquidation Trustee, on behalf of the Debtor, the Estate, and/or the Liquidation Trust, shall retain, and may exclusively enforce, any and all claims, rights, or Causes of Action (including, without limitation, Avoidance Actions), whether arising before or after the Petition Date, in any court or other tribunal, including, without limitation, an adversary proceeding filed in the Chapter 11 Case. Subject to this Plan and the Liquidation Trust Agreement, the Liquidation Trustee, on behalf of the Estate and the Liquidation Trust, shall have the exclusive right, authority, and discretion to institute, prosecute, abandon, settle, or compromise on any reasonable terms any and all claims, rights and Causes of Action, and shall not be required to seek prior approval from the Bankruptcy Court to do so, except as otherwise provided in the Plan, and shall have the full rights and powers to commence and pursue any such Causes of Action (including, without limitation, any Avoidance Actions), on or after the Effective Date to at least the same extent as a trustee or debtor in possession could commence such actions prior to the Effective Date.  With respect to any matter affecting Liquidation Trust Assets, the Liquidation Trustee stands in the shoes of the Debtor, the Estate, and/or the Liquidation Trust and may take such actions in their name without the need to intervene in, amend any pending matters, proceedings, or actions, or obtain any further order of the Bankruptcy Court.

The Liquidation Trustee is authorized to exercise and perform the rights, powers, and duties held by the Trustee, Debtor, the Estate and/or the Liquidation Trust, including without limitation the authority under section 1123(b)(3) of the Bankruptcy Code to provide for the settlement, adjustment, retention and enforcement of claims against the Debtor, the Estate, or the Liquidation Trust, including, but not limited to all Causes of Action (including, without limitation, Avoidance Actions).

Unless a claim or Cause of Action is expressly waived, relinquished, released, compromised, or settled in the Plan or in any Final Order, the Liquidation Trustee, on behalf of the Debtor, the Estate, and/or the Liquidation Trust, expressly reserves such claim or Cause of Action for later adjudication (including without limitation, claims and Causes of Action which the Liquidation Trustee, the Debtor may presently be unaware, or which may arise or exist by reason of additional facts or circumstances unknown at this time, or facts or circumstances which may change or be different from those now believed to exist) and, therefore, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise), or laches shall apply to such claims or Causes of Action upon, or after, the Confirmation or Consummation of the Plan based on the Disclosure Statement, the Plan, or the Confirmation Order, except where such claims or Causes of Action have been released in the Plan or other Final Order.

Any Person to whom the Debtor has  transacted business with the Debtor should assume that such obligation, transfer, or transaction may be reviewed by the Liquidation Trustee on behalf of the Liquidation Trust, subsequent to the Effective Date and may, if appropriate, be the subject of a filed action or other proceeding after the Effective Date, regardless of whether (i) such Person or Entity has filed a Proof of Claim against the Debtor in this Chapter 11 Case; (ii) such Person's or Entity's Proof of Claim has been objected to; (iii) such Person's or Entity's Claim was included in the Schedules; or (iv) such Person's or Entity's scheduled Claims have been objected to or have been identified as disputed, contingent, or unliquidated.

**SUBJECT TO THIS PLAN AND THE LIQUIDATION TRUST AGREEMENT, THE LIQUIDATION TRUSTEE WILL MAKE THE DECISION OF WHETHER OR NOT TO PURSUE ANY CAUSES OF ACTION AND TO SETTLE OR NOT SETTLE CAUSES OF ACTION.  THIS DECISION WILL BE BASED UPON THE LIQUIDATION TRUSTEE'S REVIEW OF THE MERITS OF THE VARIOUS CAUSES OF ACTION AS WELL AS THE COSTS REQUIRED TO PROSECUTE SUCH CAUSES OF ACTION IN LIGHT OF THE LIMITED RESOURCES AVAILABLE FOR DISTRIBUTION TO CREDITORS.  THE LIQUIDATION TRUSTEE (I) MAY SEEK TO RETAIN COUNSEL ON ANY REASONABLE TERMS, INCLUDING ON A CONTINGENCY BASIS, TO PROSECUTE SOME OR ALL CAUSES OF ACTION, (II) SEEK TO FINANCE ANY COSTS RELATING TO THE PROSECUTION OF SUCH LITIGATION, OR (III) DECIDE NOT TO PURSUE SUCH CAUSES OF ACTION AT ALL.  THE LIQUIDATION TRUSTEE AND HIS OR HER FIRMS,**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SF 4881-2686-0476.8<del>8</del>10 78512.001

16

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**PARTNERS, MEMBERS, OFFICERS, DIRECTORS, EMPLOYEES, PROFESSIONALS, SUCCESSORS AND ASSIGNS SHALL HAVE NO LIABILITY ARISING OUT OF THE GOOD FAITH DETERMINATIONS OF THE LIQUIDATION TRUSTEE OF WHETHER OR NOT TO PURSUE PROSECUTION OF AND/OR THE SETTLEMENT OF ANY CAUSES OF ACTION PURSUANT TO THE TERMS OF THE PLAN.**

The Plan preserves all claims and Causes of Action against any and all third parties, including, but not limited to, all creditors and interest holders, and others.  Nothing contained in this Plan shall be construed as an acknowledgment or concession regarding the existence or validity of any claim or Cause of Action.

**SECTION 12.        EXCULPATION AND INJUNCTION**

12.1    Term of Bankruptcy Injunction or Stay

Except as otherwise expressly provided in the Plan or the Confirmation Order, all injunctions or stays provided for in the Chapter 11 Case under sections 105 or 362 of the Bankruptcy Code, or otherwise, and which are in effect on the Confirmation Date, shall remain in full force and effect until the Effective Date.

12.2    Exculpation for Estate Fiduciaries

**Upon the occurrence of the Effective Date, except as otherwise specifically provided herein or any Plan Supplement, no Exculpated Party shall have or incur, and each Exculpated Party is hereby exculpated from any claim, obligation, cause of action, or liability for any Exculpated Claim, except for gross negligence, willful misconduct, fraud, or criminal conduct, but in all respects such entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have, and upon confirmation of the Plan, shall be deemed to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

12.3    Injunction

**The Plan provides, and the Confirmation Order shall provide, among other things, that any Person (other than the Estate or the Liquidation Trustee) who has held, holds, or may hold a claim against, interest in, or right with respect to the Debtor's Estate, the Assets, the Liquidation Trust, or the Liquidation Trust Assets, or any claim against or interest in the foregoing, with respect to any such claim, interest, or right, permanently enjoined from and after the Effective Date from taking any of the following actions (other than actions taken in the Bankruptcy Court or in any of the Chapter 11 Case to enforce any rights or obligations under the Plan or to defend challenges to the validity or amount of a Disputed Claim), absent further order of the Bankruptcy Court:  (i) asserting, commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Estate, the Assets, the Liquidation Trust, or the Liquidation Trust Assets, on account of any claim for which the Debtor or Liquidation Trustee are directly or indirectly liable, including without limitation, by way of contribution, indemnity or otherwise; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against any of the Estate, the Assets, the Liquidation Trust, or the Liquidation Trust Assets; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien of any kind against the Estate, the Assets, the Liquidation Trust,**

**or the Liquidation Trust Assets; (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; (v) prosecuting, commencing, continuing or otherwise asserting any right, claim or cause of action released pursuant to the Plan or that is otherwise inconsistent with the provisions of the Plan against the Estate, the Assets, the Liquidation Trust, or the Liquidation Trust Assets; and (vi) acting to obtain possession of the Liquidation Trust Assets or to exercise control over the Liquidation Trust Assets or any rights or interests of the Estate, the Liquidation Trust, or the Liquidation Trustee with respect to the Assets or the Liquidation Trust Assets.  If the Liquidation Trustee, the Liquidation Trust Assets or the Estate are injured by any willful violation of such injunction, the Liquidation Trustee shall be entitled to seek actual damages, including costs and attorneys' fees, and, in appropriate circumstances, punitive damages, from the willful violator(s). Notwithstanding the foregoing, holders of Disputed Claims are not enjoined from and shall retain all rights to defend or prosecute such Disputed Claims in the Bankruptcy Court, including, without limitation, the right to assert affirmative defenses, setoff, or recoupment, if applicable.  Nothing herein shall impair or delay any rights of any Holder of a Claim against the Debtor, the Estate, the Assets, the Liquidation Trust, or the Liquidation Trust Assets, to pursue any action against any third party who may be directly liable to such Holder.**

**Nothing contained in this Section 12.3 shall be construed to in any way enjoin, prevent, or limit the Liquidation Trustee's rights, power, and authority under the Plan and the Liquidation Trust Agreement.**

**Nothing contained in this Section 12.3 shall be construed to in any way enjoin, prevent, or limit the ability of a party that was granted relief from the automatic stay during the Chapter 11 Case to liquidate its claims, from continuing to liquidate such claims in the applicable court.**

**SECTION 13.        NO GENERAL DISCHARGE AND NON-DISCHARGEABLE CLAIMS**

13.1    <u>Scope of Discharge</u>

Pursuant to section 1141(d)(5) of the Bankruptcy Code, Section 13.1 of the Plan, the Trustee is not seeking entry of an Order discharging the prepetition claims against the Debtor. Except as otherwise specifically provided in the Plan and Non-Dischargeable Claims, the Distributions, rights and treatment that are provided in the Plan shall not be in full and final satisfaction, settlement, release and discharge, effective as of the Effective Date, of all Claims and causes of action of any nature whatsoever, including any interest accrued on Claims  from and after the Petition Date, whether known or unknown, against, liabilities of, liens on, obligations of, rights against the Debtor or any of the Estate's Assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities and causes of action that arose before the Effective Date, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in Bankruptcy Code sections 502(g), 502(h) or 502(i), in each case whether or not:  (1) a Proof of Claim or Interest based upon such Claim, debt, right or Interest is filed or deemed filed pursuant to section 501 of the Bankruptcy Code; (2) a Claim or Interest based upon such Claim, debt, right or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (3) the Holder of such a Claim or Interest has accepted the Plan.

13.2    <u>Non-Dischargeable Claims</u>

The Holders of Non-Dischargeable Claims are not enjoined from enforcing such Non-Dischargeable Claims against the Debtor; *provided*, *however*, the Holders of Non-Chargeable Claim shall not accept payment from the Debtor or execute on assets that are Estate Assets or Liquidation Trust Assets without the express written consent of the Liquidating Trustee as set forth in Section 13.3 of the Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SF 4881-2686-0476.810 78512.001                    18

13.3    Notice Regarding Payment of Non-Dischargeable Claims

If a Holder of a Non-Dischargeable Claim receives payment on such Claim from the Debtor, any other person, or company or intends to execute or levy, each on account of the Non-Dischargeable Claim, the Holder of the Non-Dischargeable Claim shall notify in writing to the Liquidating Trustee of receipt of such payment and segregate such payment or the property subject to execution or levy and not apply towards the Non-Dischargeable Claim until the earlier of (a) 28 days after written notice to the Liquidating Trustee, (b) the Liquidating Trustee consents to such payment, execution, levy, or the like or (c) the Court approves such payment, execution, levy or the like on account of the Non-Dischargeable Claim.

**SECTION 14.        EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

14.1    Preservation of Executory Contracts and Rejection of Unexpired Leases

Upon the Effective Date, all agreements executed by the Trustee before the Effective Date, other than agreements that were previously either assumed and assigned or rejected by a Final Order, to the extent that these agreements constitute executory contracts under section 365 of the Bankruptcy Code, shall be held in abeyance until the Liquidating Trustee elects to assume or reject such executory contract. The order approving such assumption or rejection, as the case may be, shall constitute a Final Order under section 365 of the Bankruptcy Code approving such assumption or rejection. Any unexpired leases that were not assumed or rejected by a prior Final Order are rejected upon entry of the Confirmation Order, which shall constitute a Final Order under section 365 of the Bankruptcy Code approving such rejection of an unexpired lease.

14.2    Bar Date for Rejection Damage Claims

Any Rejection Damage Claims arising from rejection under the Plan of an executory contract or unexpired lease must be filed with the Bankruptcy Court and served on the Liquidation Trustee and his or her counsel within 30 days after the Effective Date. Any Rejection Damage Claims that are not timely filed and served will be forever barred and unenforceable against the Estate, the Liquidation Trust, and the Liquidation Trustee, and their property, and the entities holding these Claims will be barred from receiving any Distributions under the Plan on account of their Rejection Damage Claims. The Liquidation Trustee shall have the right to object to any such Rejection Damage Claims.

**SECTION 15.        RETENTION OF JURISDICTION.**

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, or related to, the Chapter 11 Case and this Plan, including, but not limited to, jurisdiction to:

(a)    hear and determine objections to Claims, Administrative Expense Claims, and Professional Fee Claims;

(b)    hear and determine any dispute arising under the Plan or the Liquidation Trust Agreement, including the implementation and execution of any necessary documents thereunder, and any requests to amend, modify, or correct the Plan or the Liquidation Trust Agreement;

(c)    hear and determine any dispute regarding the determination whether any disclosed or undisclosed property is property of the Estate.

(d)    hear and determine any dispute regarding the payment of or the execution of property to satisfy a Non-Dischargeable Claim.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

(e)    grant extensions of any deadlines set forth in the Confirmation Order or the Plan as may be appropriate;

(f)    hear and determine any matter regarding the existence, nature, scope, and enforceability of any exculpation, stay, release, or injunction provided for under the Plan;

(g)    hear and determine all motions, adversary proceedings, applications, and contested or litigated matters that may be pending on the Effective Date or that are instituted by the Liquidation Trustee or the Liquidation Trust after the Effective Date, including without limitation all Causes of Action (including, without limitation, Avoidance Actions);

(h)    hear and determine motions for or objections to the assumption or rejection of executory contracts or unexpired leases pending on the Confirmation Date, and the allowance of claims resulting from the assumption or rejection of an executory contract or lease;

(i)    ensure that Distributions to Holders of Allowed Administrative Expense Claims, Allowed Professional Fee Claims, and Allowed Claims are accomplished as provided herein;

(j)    resolve disputes as to the ownership of any Claim, Administrative Expense Claim, or Professional Fee Claim;

(k)    hear and determine any disputes relating to or in connection with the retention, employment, compensation, liability, indemnification, resignation, removal, or nomination of the Liquidation Trustee;

(l)    hear and determine any disputes relating to or in connection with the employment, compensation, liability, indemnification, resignation, or termination of an independent contractor, employee, or professional employed by the Liquidation Trustee or the Liquidation Trust;

(m)    enter and implement such orders as may be appropriate if the Confirmation Order is for any reason stayed, revoked, modified or vacated;

(n)    issue such orders in aid of execution of the Plan, to the extent authorized by section 1142 of the Bankruptcy Code;

(o)    consider any modifications of the Plan, to cure any defect or omission, or to reconcile any inconsistency in any order of the Court, including, without limitation, the Confirmation Order;

(p)    hear and determine all applications for compensation and reimbursement of expenses of Professionals under sections 330, 331 and 503(b) of the Bankruptcy Code;

(q)    hear and determine any issue for which the Plan requires a Final Order of the Court;

(r)    hear and determine matters concerning state, local, or federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code;

(s)    hear and determine all Causes of Action preserved under the Plan, including, without limitation, all Causes of Action under sections 541, 542, 544, 547, 548,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SF 4881-2686-0476.810 78512.001

20

549, 550, 551, 553, and 1123(b)(3) of the Bankruptcy Code brought within the time frames applicable to a trustee in bankruptcy, a debtor in possession or a chapter 11 trustee, including without limitation those time frames established under section 108 of the Bankruptcy Code; and

(t)    hear and determine any dispute regarding the Liquidation Trust's payment of post-confirmation fees and expenses of its advisors and the Liquidating Trust's entry into compromises or settlements.

(u)    (t)enter a final decree closing one or more of the Chapter 11 Case.

If the Bankruptcy Court abstains from exercising jurisdiction, or is without jurisdiction, over any matter, this section shall not affect, control, prohibit, or limit the exercise of jurisdiction by any other court that has jurisdiction over that matter.  The principal objective of the Plan is to maximize the recovery to the Beneficiaries, and the retention of jurisdiction by the Bankruptcy Court shall be interpreted in a manner to accomplish that objective.

15.2    Successors and Assigns.

Unless otherwise specified in the Plan, the rights, benefits, and obligations of any Entity referred to in the Plan will be binding on, and will inure to the benefit of, any heir, executor, administrator, successor, or assign of that Entity.

15.3    Saturday, Sunday, or Legal Holiday.

If any payment or act under the Plan is required to be made or performed on a day that is not a Business Day, then the payment or act may be completed on the next succeeding day that is a Business Day, in which event the payment or act will be deemed to have been completed on the required day.

**SECTION 16.        MODIFICATION, REVOCATION, OR WITHDRAWAL OF PLAN**

16.1    Modification and Amendments.

This Plan or any exhibits thereto may be amended, modified, or supplemented by the Trustee in the manner provided for by section 1127 of the Bankruptcy Code or as otherwise permitted by law without additional disclosure pursuant to section 1125 of the Bankruptcy Code. In addition, after the Confirmation Date, the Trustee or Liquidation Trustee may institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in this Plan or the Confirmation Order with respect to such matters as may be necessary to carry out the purposes and effects of this Plan.

16.2    Effect of Confirmation on Modifications.

Entry of a Confirmation Order shall mean that all modifications or amendments to this Plan occurring after the solicitation thereof are approved pursuant to section 1127(a) of the Bankruptcy Code and do not require additional disclosure or re-solicitation under Bankruptcy Rule 3019.

16.3    Revocation or Withdrawal of this Plan.

The Trustee reserves the right to, consistent with their fiduciary duties, revoke or withdraw this Plan before the Effective Date. If the Trustee revokes or withdraws this Plan, or if the Confirmation Date does not occur, then: (a) this Plan shall be null and void in all respects; (b) any settlement or compromise embodied in this Plan (including the fixing or limiting to an amount certain of any Claim or Class of Claims), assumption or rejection of Executory Contracts or Unexpired Leases effected by this Plan, and any document or agreement executed pursuant to this Plan, shall be deemed null and void; and (c) nothing contained in this Plan shall: (i) constitute a waiver or release of any

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SF 4881-2686-0476.810 78512.001                    21

Claims or Interests; (ii) prejudice in any manner the rights of the Trustee or any other Person; or (iii) constitute an admission, acknowledgement, offer or undertaking of any sort by the Trustee or any other Person.

**SECTION 17.    MISCELLANEOUS PLAN PROVISIONS**

17.1    Conditions Precedent to the Effective Date.

The Plan will not be consummated or become binding unless and until the Effective Date occurs.  The Effective Date will be the first Business Day after the following conditions have been satisfied: (i) the Confirmation Order, in a form reasonably acceptable to the Trustee shall have been entered by the Bankruptcy Court; (ii) the Confirmation Order is not stayed; (iii) the Liquidation Trustee and the Trustee shall have signed the Liquidation Trust Agreement; (iv) the funding of the Professional Fee Escrow Account shall have occurred; and (v) no material adverse effect has occurred in respect of the Assets.  Each of these conditions precedent may be waived in whole or in part by the Trustee without further notice or order of the Bankruptcy Court.  On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code.

Subject to further order of the Court, if the Effective Date does not occur within ninety (90) days after entry of a Final Order confirming the Plan, the Trustee reserves the right, in his sole and absolute discretion, to determine jointly that the Plan shall have become null and void.  A joint notice shall be filed with the Court within three (3) Business Days after the occurrence of the Effective Date or any event that renders the Plan null and void.

17.2    Entire Agreement.

On the Effective Date, this Plan, supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, and representations on such subjects, all of which have become merged and integrated into this Plan.

17.3    Binding Effect.

Except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code, on and after the Confirmation Date, the provisions of the Plan shall bind any holder of a Claim, Administrative Expense Claim, or Professional Fee Claim against the Estate whether or not the Claim, Administrative Expense Claim, Professional Fee Claim, is Impaired under the Plan and whether or not such holder has accepted the Plan.

17.4    U.S. Trustee Fees and Quarterly Reports.

From and after the Effective Date, pursuant to section 1129(a)(12) of the Bankruptcy Code, any outstanding quarterly fees due and owing to the U.S. Trustee under 28 U.S.C. § 1930(a)(6) and any applicable interest pursuant to 31 U.S.C. § 3717 shall be paid by the Liquidation Trustee from the Liquidation Trust Reserve. After the Effective Date, the Liquidation Trustee shall (i) file post-confirmation quarterly disbursement reports and quarterly status reports of funds on hand, distributions made since the previous report and a brief description of any pending litigation, and (ii) pay from the Liquidation Trust Reserve all quarterly fees to the U.S. Trustee which are required by applicable law. The Liquidation Trustee shall include in the Liquidation Trust Reserve reasonably sufficient monies to cover the quarterly fees of the U.S. Trustee incurred, or to be incurred, after the Effective Date.

17.5    Post-Effective Date Effect of Evidences of Claims.

Commencing on the Effective Date, notes and other evidence of Allowed Claims will represent only the right to receive the Distributions contemplated under the Plan.

17.6    No Recourse.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

No Person entitled to receive a payment or Distribution under the Plan will have any recourse against the Liquidation Trust, the Liquidation Trustee, the Liquidation Trust Assets, the Estate in connection with such Person's Administrative Expense Claim, Professional Fee Claim, or Claim, other than the right to receive Distributions in accordance with the terms of the Plan.

17.7    No Admissions.

Notwithstanding anything to the contrary contained in the Plan, if the Plan is not confirmed, is revoked or otherwise the Effective Date does not occur, the Plan will be null and void, and nothing contained in the Plan or the Disclosure Statement will: (1) be deemed an admission by the Trustee with respect to any matter discussed in the Plan, including liability on any Claim, Administrative Expense Claim, or Professional Fee Claim, or the propriety of any classification or treatment of same contained in the Plan; (2) constitute a waiver, acknowledgement, or release of any claims, Interests, or Causes of Action of the Debtor, the Estate, and/or the Liquidation Trust; or (3) prejudice in any manner the rights of the Trustee, Liquidating Trustee, or any other Person in any further proceedings.

17.8    Severability of Plan Provisions.

If, before confirmation, the Bankruptcy Court holds that any Plan term or provision is invalid, void, or unenforceable, the Bankruptcy Court may alter or interpret that term or provision so that it is valid and enforceable to the maximum extent possible consistent with the original purpose of that term or provision.  That term or provision will then be applicable as altered or interpreted, except if such term or provision is inconsistent with the intent of the Trustee, in which case the Plan may be unilaterally withdrawn by such Plan Proponent.  Notwithstanding any such holding, alteration, or interpretation, and unless the Plan has been withdrawn, the Plan's remaining terms and provisions will remain in full force and effect and will in no way be affected, impaired, or invalidated.  The Confirmation Order will constitute a judicial determination providing that each Plan term and provision, as it may have been altered or interpreted in accordance with this Section 17.9, is valid and enforceable under its terms.

17.9    Governing Law.

The rights and obligations arising under the Plan and any agreements, contracts, documents, or instruments executed in connection with the Plan will be governed by, and construed and enforced in accordance with, California law without giving effect to California's conflicts of law principles, unless a rule of law or procedure is supplied by: (1) federal law (including the Bankruptcy Code and the Bankruptcy Rules); or (2) an enforceable, express choice-of-law provision in any document provided for, or executed under or in connection with, the Plan terms.

**SECTION 18.        RECOMMENDATIONS AND CONCLUSION**

The Trustee strongly believes that Plan confirmation and implementation are preferable to any feasible alternative because the Plan will provide Claimants and Creditors holding Claims with significantly greater opportunities for recoveries than any available alternatives.  The Trustee recommends that Holders of Allowed Claims in Class 3 (Gestetner Secured Claim), Class 3(a) (Other Secured Claims), and Class 4 (General Unsecured Claims) vote to accept the Plan.

~~February 27~~March 30, 2026

_____
Bradley D. Sharp
Chapter 11 Trustee of the Estate of Leslie Klein

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SF 4881-2686-0476.~~8~~10 78512.001                    23

Submitted by:

February 27March 30, 2026          PACHULSKI STANG ZIEHL & JONES LLP


                              By    /s/ John W. Lucas
                                    Jeffrey W. Dulberg (CA Bar No. 181200)
                                    John W. Lucas (CA Bar No. 271038)

                                    *Counsel to Bradley D. Sharp, Chapter 11 Trustee*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SF 4881-2686-0476.810 78512.001                    24

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# <u>APPENDIX 1</u>

## Definitions

"**143 Highland Property**" means that real property located at 143 S. Highland Avenue, Los Angeles, California.

"**Administrative Expense Claim**" means any claim for payment of an administrative expense of a kind specified in section 503(b) of the Bankruptcy Code and entitled to priority pursuant to section 507(a)(2) of the Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the Estate, but use of such term in the Plan shall exclude Professional Fee Claims.

"**Administrative Expense Deadline**" means 5:00 p.m. (Pacific Time) on the date that is forty-two (42) days after the Effective Date of the Plan, which is the deadline by which Persons must file a request seeking allowance of an Administrative Expense Claim (subject to certain exclusions) that arose between after the Petition Date and through the Effective Date.

"**Affiliate**" has the meaning ascribed to it in section 101 of the Bankruptcy Code.

"**Allowed**" means a Claim, Administrative Expense Claim, Professional Fee Claim, or Interest or portion thereof (i) for which proof thereof was filed, as applicable, on or before the Claims Bar Date, or within the applicable period of limitation fixed by the Bankruptcy Court in accordance with Bankruptcy Rule 3003(c)(3), and as to which no objection to the allowance thereof, or action to equitably subordinate or otherwise limit recovery with respect thereto, shall have been interposed within the applicable limitations period fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or a Final Order, (ii) for which no proof thereof was filed, to the extent that such Claim has been listed by the Debtor in the Schedules as liquidated in amount and not disputed or contingent, and as to which the Schedules have not been amended with respect to the listing of such Claim, (iii) which arises from the recovery of property under section 550 or section 553 of the Bankruptcy Code, (iv) which is allowed under the Plan, (v) which is allowed as set forth in any contract, instrument, or agreement entered into or assumed by the Debtor in connection with the Plan, or (vi) which is allowed by a Final Order; *provided*, *however*, that Claims allowed solely for the purpose of voting to accept or reject the Plan pursuant to an order of the Bankruptcy Court shall not be considered "Allowed" hereunder. Unless otherwise specified herein or by order of the Bankruptcy Court, "Allowed Administrative Expense Claim," "Allowed Professional Fee Claim," or "Allowed Claim" shall not, for any purpose under the Plan, include interest on such Administrative Expense Claim, Professional Fee Claim, or Claim from and after the Petition Date.  For the avoidance of doubt, to the extent that either the current Holder of a Claim or the original claimant is or becomes subject to an Avoidance Action, such Claim shall not be Allowed until such Avoidance Action has been finally resolved.

"**Allowed Class [\*] Claim**" means an Allowed Claim in the particular class described.

"**Assets**" means (i) all real or personal property of the Debtor's Estate that were disclosed or undisclosed by the Debtor of any nature, including, without limitation, any Cash, real property, leases, subleases, licenses, goods, materials, supplies, furniture, fixtures, equipment, works in process, accounts receivable, tax refunds, chattel paper, deposit accounts, reserves, deposits, contractual rights, intellectual property rights, claims, Causes of Action (including Avoidance Actions), and any other general intangibles of any nature whatsoever, including, without limitation, "property of the estate"

SF 4881-2686-0476.810 78512.001

pursuant to section 541 of the Bankruptcy Code; and (ii) proceeds, products, rents and profits of all of the foregoing.

**"Avoidance Action"** means any claim, Cause of Action, or right against any Person under any of the following: Sections 542, 543, 544, 547, 548, 549, 550, 551, 552, and 553 of the Bankruptcy Code; all fraudulent conveyance and fraudulent transfer laws; all non-bankruptcy laws vesting in creditors rights to avoid, rescind, or recover on account of transfers, including but not limited to, claims relating to illegal dividends or distributions; all preference laws; the Uniform Fraudulent Transfer Act (as it may have been codified in any particular jurisdiction); the Uniform Fraudulent Conveyance Act (as it may have been codified in any particular jurisdiction); and all similar federal and state laws and statutes.

**"Ballot"** means a ballot for accepting or rejecting the Plan.

**"Bankruptcy Code"** means title 11 of the United States Code.

**"Bankruptcy Court"** or **"Court"** means the United States Bankruptcy Court for the Central District of California, Los Angeles Division, or such other court having jurisdiction over the Chapter 11 Case or any matter or proceeding within, or over any appeal of an order entered in the Chapter 11 Case.

**"Bankruptcy Rules"** means the Federal Rules of Bankruptcy Procedure.

**"Beneficiaries"** means the beneficiaries of the Liquidation Trust, including Holders of Allowed Administrative Expense Claims, Allowed Professional Fee Claims, Allowed Priority Tax Claims and the Holders of Allowed Claims in Classes 1 through 4 entitled to receive distributions under the Plan.

**"Berger Settlement"** means the good-faith compromise and settlement of Claims and controversies between the Debtor's Estate and David Berger as set forth in Section 8.2(d) of the Plan.

**"Bittman Partners Operating Agreement"** means that certain Operating Agreement of Bittman Partners LLC, that the Debtor holds an interest in the underlying limited liability company whose assets include Policy No. US0016184L.

**"Business Day"** means any day other than a Saturday, Sunday or a legal holiday (as defined in Bankruptcy Rule 9006(a)) or day on which banks are required or authorized by law to be closed in the City of Los Angeles, California.

**"Cash"** means legal tender of the United States of America and cash equivalents, including, but not limited to, bank deposits, checks or other similar items.

**"Causes of Action"** means (a) Estate's interest in the all claims, demands, rights, actions, causes of action and suits by or on behalf of the Debtor, the Estate, or the Liquidation Trust, whether pursuant to section 541 of the Bankruptcy Code or otherwise, of any kind or character whatsoever, known or unknown, suspected or unsuspected, matured or unmatured, whether arising prior to, on or after the Petition Date, in contract or in tort, at law or in equity or under any other theory of law, including but not limited to (1) rights of setoff, counterclaim or recoupment, and claims for breach of contract or for breaches of duties imposed by law; (2) the right to object to claims or interests; (3) claims pursuant to section 362 of the Bankruptcy Code; (4) claims for fraud, negligence, breach of fiduciary duty, corporate waste, unlawful dividends, mistake, duress, or usury; (5) all Avoidance

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Actions; (6) claims for tax refunds; (7) claims related to accounts receivable; and (8) any other claims which may be asserted against third parties and (b) Estate's interest in Estate Property.

**"Chapter 11 Case"** means the case under chapter 11 of the Bankruptcy Code pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division, and bearing the case number 2:23-bk-10990-SK.

**"Claim"** means a claim as that term is defined in section 101(5) of the Bankruptcy Code and includes Priority Tax Claims, Gestetner Secured Claim, Other Secured Claims, and General Unsecured Claims.

**"Claims Bar Date"** means May 3, 2023 at 5:00 p.m. (Pacific Time) [Docket No. 18].

**"Claim Objection Deadline"** means the date that is one hundred and eighty days (180) days after the Effective Date.

**"Class"** means a group of Claims or Interests as classified in Section 6 of the Plan.

**"Confirmation"** means the entry of an order by the Bankruptcy Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

**"Confirmation Date"** means the date on which the Bankruptcy Court enters the Confirmation Order on its docket.

**"Confirmation Hearing"** means the hearing held to consider Confirmation of the Plan.

**"Confirmation Order"** means the order entered by the Bankruptcy Court confirming the Plan under section 1129 of the Bankruptcy Code.

**"Consummation"** means the occurrence of the Effective Date.

**"Creditor"** has the meaning ascribed to the term in section 101(10) of the Bankruptcy Code.

**"Dan Hotel Unit"** means the unit in the Dan Boutique Hotel located in Jerusalem, Israel.

**"Debtor"** means Leslie Klein and any alias name he utilizes including, but not limited to, Menachem Klein, and Lutzy Klein.

**"Disallowed"** means (i) a Claim, an Administrative Expense Claim, a Professional Fee Claim, or any portion thereof, that has been disallowed by a Final Order; (ii) a Claim that has been listed in the Schedules at zero or as contingent, disputed, or unliquidated and as to which no Proof of Claim has been timely filed or deemed timely filed with the Bankruptcy Court pursuant to the Bankruptcy Code, a Final Order, or other applicable law; or (iii) a Claim that has not been listed in the Schedules and as to which no Proof of Claim has been timely filed, as applicable, on or before the Claims Bar Date, or within the applicable period of limitation fixed by the Bankruptcy Court in accordance with Bankruptcy Rule 3003(c)(3), or which has not been deemed timely filed by the Bankruptcy Court pursuant to the Bankruptcy Code, a Final Order, or other applicable law.

**"Discharge Order"** means the Final Order entered by the Bankruptcy Court finding the Debtor has satisfied that requirements under Section 13.1 of the Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**"Disclosure Statement"** means the *Disclosure Statement in Support of the Chapter 11 Plan of Liquidation* dated December 16, 2025, as the same may be amended, modified, or supplemented from time to time, including all exhibits thereto.

**"Disputed"** means a Claim, Administrative Expense Claim, or Professional Fee Claim:

> (a)    as to which a Proof of Claim is filed or is deemed filed under Bankruptcy Rule 3003(b)(1), a motion or application for allowance or payment has been filed with the Bankruptcy Court, or a proof of Interest was filed or deemed filed under Bankruptcy Rule 3003(b)(2); and

> (b)    as to which an objection: (1) has been timely filed; and (2) has neither been overruled nor been denied by a Final Order and has not been withdrawn.

**"Distributable Cash"** means any Cash transferred to the Liquidation Trust and any other Assets of the Liquidation Trust reduced to Cash net of all expenses and costs of operating or effectuating the duties of the Liquidation Trust and establishing any reserves as the Liquidation Trustee may determine is necessary pursuant to the terms of this Plan and the Liquidation Trust Agreement, including the Liquidation Trust Reserve.

**"Distribution"** means any transfer of Cash or other property or instruments under the Plan to a Holder of an Allowed Claim, an Allowed Administrative Expense Claim, or an Allowed Professional Fee Claim.

**"Effective Date"** has the meaning set forth in Section 16.1 of the Plan.

**"Entity"** shall have the meaning ascribed to such term in section 101(15) of the Bankruptcy Code.

**"Estate"** means the bankruptcy estate created, pursuant to section 541 of the Bankruptcy Code and any other applicable law, upon the filing of the Chapter 11 Case commenced by the Debtor.

**"Estate Property"** means (a) all the property identified in the Schedules filed by the Debtor without regard to the Debtor's characterization of the Estate's ownership interest therein, (b) 143 Highland Property, (c) Estate's interest in the Bittman Partners Operating Agreement and the rights therein, (d) Dan Hotel Unit, (e) Estate's interest in the LCG Action, (f) Leslie Klein Trust June 1, 2021, (g) June St. Property, (h) the Klein Living Trust, (i) Estate's interest in LCG, (j) Policy No. 1621667, (k) Policy No. 1627691, (l) Policy No. 2508495, (m) Policy No. 2515952, (n) Policy No. JJ7033900, (o) Policy No. US0016184L, (p) Policy No. US0024230L, (q) Estate's interest in Les Klein & Associates, (r) EKLK Foundation, (s) Big Boyz Legal, LLC, (t) Doctors Marketing Group, LLC, (u) Doctors Marketing Referral Service, LLC, (v) Doctors Marketing Nationwide, Inc., (w) The Patient Referral Network, LLC, (x) The Klein Irrevocable Life Insurance Trust Dated 1/25/06, (y) Blue Diamond Marketing Inc., and (z) and any other property identified by the Trustee or the Liquidating Trustee that is owned or controlled by the Debtor.

**"Exculpated Claim"** means any Claim related to any act or omission in connection with, relating to, or arising out of the Chapter 11 Case, including the sale processes, the formulation, preparation, dissemination, negotiation, or filing of the disclosure statement, the Plan, or any contract, instrument, release, or other agreement or document created or entered into in connection with the disclosure statement or the Plan, the filing of the Chapter 11 Case, the pursuit of confirmation, the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

pursuit of consummation, and the administration and implementation of the Plan, including the distribution of property under the Plan or any other agreement.

**"Exculpated Party (-ies)"** has the means (a) the Trustee; (b) Pachulski Stang Ziehl & Jones LLP as counsel to the Trustee; (c) Development Specialists, Inc. as the Trustee's forensic accountant; (d) Law Office of Eric Everett Hawes, landlord/tenant counsel to the Trustee, and (e) the Law Offices of Goldfarb Gross Seligman & Co., special Israeli litigation counsel, and (f) Kieckhafer Schiffer, LLP, as the Trustee's tax accountant.

**"Exemption Order"** means that certain order entered by the Court, dated May 17, 2023 [Docket No. 141] where in the Court limited the Debtor's homestead exemption for the June St. Property to $189,050.00.

**"Final Order"** means an order or judgment of a court of competent jurisdiction entered on such court's official docket:

(a)    that has not been reversed, rescinded, stayed, modified, or amended;

(b)    that is in full force and effect; and

(c)    with respect to which: (1) the time to appeal or to seek review, remand, rehearing, or a *writ of certiorari* has expired and as to which no timely filed appeal or petition for review, rehearing, remand, or *writ of certiorari* is pending; or (2) any such appeal or petition has been dismissed or resolved by the highest court to which the order or judgment was appealed or from which review, rehearing, remand, or a *writ of certiorari* was sought.

**"General Unsecured Claim"** means a Claim that is not a Priority Tax Claim, Other Priority Claim, Administrative Expense Claim, Professional Fee Claim, Gestetner Secured Claim, or Other Secured Claim.

**"Gestetner Secured Claim"** means the claim that was Allowed per the terms of the Bankruptcy Court approved Gestetner Settlement.

**"Gestetner Settlement"** means the good-faith compromise and settlement of Claims and controversies between the Debtor's Estate and the Gestetners as set forth in Section 8.2(a) of the Plan.

**"Gestetners"** has the meaning set forth in Section 8.2(a) of the Plan.

**"Holder"** means the holder of a Claim against the Debtor or the Estate.

**"Indemnified Party"** or **"Indemnified Parties"** has the meaning set forth in Section 8.1(n) of the Plan.

**"June St. Property"** means the real property located at 322 N. June Street, Los Angeles, California.

**"Klein Living Trust"** means The Second Amended Klein Living Trust, dated April 8, 1990

**"LCG"** means Life Capital Group, LLC.

**"LCG Action"** means that adversary proceeding case number 2:25-ap-01020-NB.

**"LCG Operating Agreement"** means the Limited Liability Company Agreement of Life Capital Group, LLC, dated June 1, 2011.

**"Leslie Klein Trust June 1, 2021"** means that certain Leslie Klein Life Insurance Irrevocable Trust, dated June 1, 2021.

**"Lien"** means any charge against or interest in property to secure payment or performance of a Claim, debt or obligation.

**"Liquidation Trustee"** means Bradley D. Sharp, who upon the Effective Date of the Plan shall be appointed as trustee of the Liquidation Trust pursuant to the terms of the Plan and the Liquidation Trust Agreement, as applicable.

**"Liquidation Trust"** means the Liquidation Trust described in Section 8.1 of the Plan that will (i) succeed to all of the Assets and (ii) be responsible for paying Allowed Administrative Expense Claims, Allowed Professional Fee Claims, and Allowed Claims against the Debtor or the Estate, in accordance with the terms of the Plan.

**"Liquidation Trust Agreement"** means the agreement establishing and delineating the terms and provisions of the Liquidation Trust.

**"Liquidation Trust Assets"** means all Assets vested in the Liquidation Trust pursuant to Section 8.1(e) of the Plan, including without limitation all Assets.

**"Liquidation Trust Reserve"** means an amount sufficient to fund the accrued and estimated expenses and costs of operating or effectuating the duties of the Liquidation Trust, as may be incurred from time to time by the Liquidation Trustee pursuant to the Liquidation Trust Agreement.

**"Local Rules"** means the Local Bankruptcy Rules for the Central District of California, as now in effect or hereafter amended and applicable to the Chapter 11 Case.

**"Menlo Parties"** has the meaning used in Section 8.2(b) of the Plan.

**"Menlo Settlement"** means the good-faith compromise and settlement of Claims and controversies between the Debtor's Estate and the Menlo Parties as set forth in Section 8.2(b) of the Plan.

**"Mermelstein Settlement"** means the good-faith compromise and settlement of Claims and controversies between the Debtor's Estate and Robert and Esther Mermelstein as set forth in Section 8.2(e) of the Plan.

**"Non-Dischargeable Claim"** means any Claim that is subject to an order of the Bankruptcy Court find that such Claim is not subject to any discharge under this Plan and may be paid by the Debtor from property that is not an Asset of the Estate or a Liquidating Trust Asset.

**"Other Secured Claim"** means, pursuant to section 506 of the Bankruptcy Code, that portion of a Claim that is secured by a lien against property in which an Estate has an interest or that is subject to setoff under section 553 of the Bankruptcy Code. A Claim is an Other Secured Claim only to the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

extent of the value of the claimholder's interest in the collateral securing the Claim or to the extent of the amount subject to setoff, whichever is applicable, and as determined under section 506(a) of the Bankruptcy Code.

"**Other Priority Claim**" means any Claim entitled to priority under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

"**Person**" has the meaning set forth in section 101(41) of the Bankruptcy Code.

"**Petition Date**" means February 22, 2024.

"**Plan**" means the *Chapter 11 Plan of Liquidation* proposed by the Trustee, as it may be amended, modified, or supplemented from time to time by the Trustee or modified and/or confirmed by Final Order of the Bankruptcy Court.

"**Policy No. 1621667**" means that certain life insurance policy having a policy number of 1621667 issued by Security Life of Denver Insurance Company that insures Leslie Klein and Erika N. Klein.

"**Policy No. 1627691**" means that certain life insurance policy having a policy number of 1627691 issued by Security Life of Denver Insurance Company that insures Leslie Klein and Erika N. Klein.

"**Policy No. 2508495**" means that certain life insurance policy having a policy number of 2508495 issued by Phoenix Life Insurance Company that insures Leslie Klein and Erika N. Klein.

"**Policy No. 2515952**" means that certain life insurance policy having a life number of 2515952 issued by Phoenix Life Insurance Company that insures Leslie Klein and Erika N. Klein.

"**Policy No. JJ7033900**" means that certain life insurance policy having a policy number of JJ7033900 issued by The Lincoln National Life Insurance Company that insures Rosalia Feldman.

"**Policy No. US0016184L**" means that certain life insurance policy having a policy number of US0016184L issued by American General Life Insurance Company that insures Judith Bittman.

"**Policy No. US0024230L**" means that certain life insurance policy having a policy number of US0024230L issued by American General Life Insurance Company that insures Isaac Kirzner.

"**Postpetition**" means any time after the Petition Date.

"**Priority Tax Claim**" means a Claim against the Estate entitled to priority under section 507(a)(8) of the Bankruptcy Code.

"**Proof of Claim**" means a proof of Claim or Interest filed against any Debtor in the Chapter 11 Case.

"**Pro Rata**" means proportionately so that the ratio of (a) the amount of consideration distributed on account of an Allowed Claim to (b) the amount of the Allowed Claim is the same as the ratio of (x) the amount of consideration available for distribution on account of all Allowed Claims in

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

the Class in which that Allowed Claim is included to (y) the amount of all Allowed Claims in that Class.

**"Professionals"** means the professionals employed by the Trustee at the expense of the Estate pursuant to sections 327, 328, 363, or 1104 of the Bankruptcy Code.

**"Professional Fee Claim"** means (a) a claim under sections 326, 327, 328, 330, 331, 503(b), or 1104 of the Bankruptcy Code for compensation for services rendered or reimbursement for expenses incurred by any of the Professionals.

**"Professional Fee Claims Estimate"** means the aggregate estimates of Professional Fee Claims received by the Trustee pursuant to Section 5.2(a) of the Plan.

**"Professional Fee Escrow Account"** means an escrow account established by the Trustee and funded pursuant to Section 5.2 of the Plan.

**"Representatives"** shall mean with respect to an Entity, all of that Entity's current and former managed and controlled affiliates, subsidiaries, officers, directors, managers, managing members, principals, shareholders, members, partners, employees, agents, advisors, attorneys, professionals, accountants, investment bankers, consultants and other representatives and such Person's respective heirs, executors, estates, servants and nominees, in each case in their capacity as such.

**"Rejection Damage Claim"** means a Claim for future rent, other obligations, or damages arising under an unexpired real property or personal property lease or executory contract that is rejected pursuant to a Bankruptcy Court order, pursuant to the terms of the Bankruptcy Code, or pursuant to the terms of the Plan.

**"Schedules"** means the Schedules of Assets and Liabilities and Statement of Financial Affairs of each of the Debtor filed pursuant to section 521 of the Bankruptcy Code, the Official Bankruptcy Forms and the Bankruptcy Rules, including any supplements or amendments thereto.

**"Secured Tax Claim"** means any Other Secured Claim that, absent its secured status, would be entitled to priority in right of payment under section 507(a)(8) of the Bankruptcy Code.

**"Solicitation Procedures Order"** means an order of the Bankruptcy Court that, among other things, (i) approves certain procedures with respect to the solicitation and tabulation of votes to accept or reject the Plan, and (ii) approves on an interim basis the adequacy of the Disclosure Statement.

**"Trustee"** means Bradley D. Sharp, the chapter 11 trustee of the Debtor's Estate.

**"Trust Expenses"** means the expenses incurred by the Liquidation Trust following the Effective Date (including the fees and costs of attorneys and other professionals) for the purpose of, without limitation, (i) prosecuting or otherwise attempting to collect or realize upon the Causes of Action; (ii) selling or collecting upon any of the Liquidation Trust Assets; (iii) resolving Disputed Claims, Disputed Administrative Expense Claims, and Disputed Professional Fee Claims and effectuating Distributions in accordance with the terms of the Plan; and (iv) implementing the Plan and closing the Chapter 11 Case, including, but not limited to payment of post-Effective Date taxes, quarterly fees payable to the U.S. Trustee, and wind-down expenses (such as document storage). Trust Expenses shall also include compensation and reimbursement of reasonable expenses of independent

contractors, employees and professionals employed by the Liquidation Trust or otherwise incurred in the administration of the Liquidation Trust.

**"U.S. Trustee"** means the Office of the United States Trustee for Region 16.

**"Vago Settlement"** means the good-faith compromise and settlement of Claims and controversies between the Debtor's Estate and Erica and Joseph Vago as set forth in Section 8.2(c) of the Plan.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **NOTICE OF FILING OF CHAPTER 11 TRUSTEE'S SECOND AMENDED PLAN OF LIQUIDATION OF THE ESTATE OF LESLIE KLEIN** served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 30, 2026,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2**.  **SERVED BY UNITED STATES MAIL**:  On (*date*) **March 30, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3**.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **March 30, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| **Via Email:**<br>Eric J Olson:  eric@ejolsonlaw.com<br><br>Leslie Klein:  les.kleinlaw@gmail.com; leskleinlaw@gmail.com; kleinlaw@earthlink.net | |

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 30, 2026 | Ramon Sainz | /s/ Ramon Sainz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
LA:4913-9747-4962.1 78512.001

**F 9013-3.1.PROOF.SERVICE**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: **Case 2:23-bk-10990-SK**

- **Simon Aron**  saron@wrslawyers.com, moster@wrslawyers.com;jlee@wrslawyers.com
- **Reem J Bello**  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Ron Bender**  rb@lnbyg.com
- **Michael Jay Berger**  michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Greg P Campbell**  ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Baruch C Cohen**  bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Theron S Covey**  AttorneyTCovey@gmail.com
- **Daniel A Crawford**  dac@crawfordlawgroup.com
- **Michael G D'Alba**  mgd@lnbyg.com
- **Jeffrey W Dulberg**  jdulberg@pszjlaw.com
- **Craig A Edelman**  notice@bkcylaw.com
- **Dane W Exnowski**  dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Todd S. Garan**  ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Robert P Goe**  rgoe@goeforlaw.com, kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Michael I. Gottfried**  mgottfried@elkinskalt.com, lwageman@elkinskalt.com,docketing@elkinskalt.com,lmasse@elkinskalt.com
- **M. Jonathan Hayes**  jhayes@rhmfirm.com
- **Brandon J. Iskander**  biskander@goeforlaw.com, kmurphy@goeforlaw.com;jfountain@goeforlaw.com
- **Michael S Kogan**  mkogan@koganlawfirm.com
- **Matthew A Lesnick**  matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **John W Lucas**  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Armen Manasserian**  armen@ml-apc.com, jennifer@ml-apc.com,maria@ml-apc.com
- **Ron Maroko**  ron.maroko@usdoj.gov
- **Kirsten Martinez**  Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Steven M Mayer**  smayer@mayerlawla.com
- **Christopher M McDermott**  ch11ecf@aldridgepite.com, CMM@ecf.inforuptcy.com;cmcdermott@aldridgepite.com
- **Krikor J Meshefejian**  kjm@lnbyg.com
- **Jeffrey P Nolan**  jnolan@pszjlaw.com
- **Eric J Olson**  eric@ejolsonlaw.com
- **Lisa Patel**  lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com;lpatel@ecf.courtdrive.com
- **Jeffrey N Pomerantz**  jpomerantz@pszjlaw.com
- **Brian A Procel**  brian@procel-law.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- **Matthew D. Resnik**  matt@rhmfirm.com, roksana@rhmfirm.com;russ@rhmfirm.com;sloan@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;rosario@rhmfirm.com;gabriela@rhmfirm.com;david@rhmfirm.com
- **Kevin Ronk**  Kevin@portilloronk.com, eService@cym.law,karen@cym.law,jodie@cym.law,aileen@cym.law
- **Joshua L Scheer**  jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Bradley D. Sharp (TR)**  bsharp@dsi.biz
- **Richard P Steelman**  RPS@LNBYG.COM
- **Nikko Salvatore Stevens**  nikko@cym.law, eService@cym.law,karen@cym.law,aileen@cym.law
- **Alan G Tippie**  Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **Gary Tokumori**  gtokumori@pmcos.com
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov
- **Michael L Wachtell**  mwachtell@buchalter.com, marias@buchalter.com;docket@buchalter.com
- **John P. Ward**  jward@attleseyward.com, ephuong@attleseyward.com
- **Brett J. Wasserman**  wasserman@smcounsel.com
- **Alex M Weingarten**  aweingarten@willkie.com, lcarter@willkie.com
- **Beth Ann R. Young**  bry@lnbyg.com, bry@lnbyb.com
- **Clarisse Young**  youngshumaker@smcounsel.com, levern@smcounsel.com
- **Paul P Young**  paul@cym.law, eService@cym.law,karen@cym.law
- **Roye Zur**  rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

**2. SERVED BY UNITED STATES MAIL**:

Peter C. Anderson, U.S. Trustee
Michael Jones, Assistant U.S. Trustee
Office of the U.S. Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA  90017

Leslie Klein
322 North June Street
Los Angeles, CA 90004

Nathan Talei
Oldman, Sallus & Gold, L.L.P.
16133 Ventura Blvd., PH-A
Encino, CA 91436

Leslie Klein & Associates, Inc.
c/o Leslie Klein
6454 Van Nuys Blvd. Suite 150
Van Nuys, CA 91401

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
LA:4913-9747-4962.1 78512.001

**F 9013-3.1.PROOF.SERVICE**