Jeffrey W. Dulberg (CA Bar No. 181200)
John W. Lucas (CA State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760
jdulberg@pszjlaw.com
jlucas@pszjlaw.com

Counsel to Bradley D. Sharp, Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>Debtor. | Case No.: 2:23-bk-10990-NB<br><br>Chapter 11<br><br>**NOTICE OF FILING OF CHAPTER 11 TRUSTEE'S THIRD AMENDED PLAN OF LIQUIDATION OF THE ESTATE OF LESLIE KLEIN** |

**PLEASE TAKE NOTICE** that on December 15, 2025, Bradley D. Sharp, as the duly appointed chapter 11 trustee in the chapter 11 case of Leslie Klein (the "***Trustee***"), filed the (i) *Chapter 11 Plan of Liquidation of the Estate of Leslie Klein* [Docket No. 1282] (the "***Original Plan***").

**PLEASE TAKE FURTHER NOTICE** that on February 27, 2026, the Trustee filed an amended Plan [Docket No. 1311] (the "***Amended Plan***").

**PLEASE TAKE FURTHER NOTICE** that on March 3, 2026, the Trustee filed a blackline comparison of the Amended Plan marked against the Original Plan [Docket No. 1319].

**PLEASE TAKE FURTHER NOTICE** that on March 30, 2026, the Trustee filed a second amended plan (the "***Second Amended Plan***") [Docket No. 1346], as well as a Notice of Filing of the Second Amended Plan [Docket No. 1347], attaching a blackline comparison of the Second Amended Plan Against the Amended Plan.

4926-4935-1326.1 78512.001

**PLEASE TAKE FURTHER NOTICE** that on April 6, 2026, the Trustee filed a third amended plan (the "*Third Amended Plan*") [Docket No. 1350].  Attached hereto as **Exhibit A** is a blackline comparison of the changes made in the Third Amended Plan as against the Second Amended Plan.

Dated:    April 6, 2026

PACHULSKI STANG ZIEHL & JONES LLP

By      /s/ *John W. Lucas*
   John W. Lucas
   Counsel for Bradley D. Sharp, Chapter 11
   Trustee

4926-4935-1326.1 78512.001

2

# EXHIBIT A

Jeffrey W. Dulberg (CA Bar No. 181200)
John W. Lucas (CA State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760
jdulberg@pszjlaw.com
jlucas@pszjlaw.com

Counsel to Bradley D. Sharp, Chapter 11 Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:23-bk-10990-NB |
| LESLIE KLEIN, | Chapter 11 |
| Debtor. | **AMENDED CHAPTER 11 TRUSTEE'S THIRD AMENDED PLAN OF LIQUIDATION OF THE ESTATE OF LESLIE KLEIN** |

SF 4881-2686-0476.910 78512.001

pursuant to the Plan; (iii) any document or information, whether verbal or written, referred to herein or supplied to the Liquidation Trustee; or (iv) proceedings by or on behalf of any claimant or Creditor.  Subject to the terms of the Plan and the Liquidation Trust Agreement, the Liquidation Trust shall, on demand, advance or pay promptly, in either case from the Liquidation Trust Reserve, on behalf of each Indemnified Party, reasonable attorneys' fees and other expenses and disbursements which such Indemnified Party would be entitled to receive pursuant to the foregoing indemnification obligation; provided, however, that any Indemnified Party receiving any such advance shall execute a written undertaking to repay such advance amounts if a court of competent jurisdiction ultimately determines that such Indemnified Party is not entitled to indemnification hereunder due to the gross negligence, fraud, or willful misconduct of such Indemnified Party.  Any person entitled to indemnification hereunder shall have the right to employ such person's own separate counsel in any such action, payable solely from the Liquidation Trust Reserve, subject to the terms and conditions of the Plan.

The Liquidation Trustee is authorized, but not required, to obtain and purchase (solely from funds in the Liquidation Trust Reserve) insurance coverage with respect to the responsibilities, liabilities, and obligations of the Indemnified Parties under the Plan.

(n)  ***Post-Confirmation Fees and Settlements.*** Notwithstanding ~~any~~anything to the contrary in the Plan or the Liquidation Trust Agreement, the Liquidation Trustee shall provide ~~unsecured creditors~~holders of Allowed Claims with notice regarding the payment of any and all post-confirmation ~~payment of fees~~Professional Fee Claims incurred by the Liquidation Trustee~~'s advisors~~ and his Professionals and the entry into compromises or settlements ("Notice"). Holders of Allowed Claims shall have fourteen (14) days after service of such Notice to file objections and request a hearing with the Bankruptcy Court to the payment of any post-confirmation Professional Fee Claims to the Liquidation Trustee and his Professionals and to the entry into compromises or settlements. If there are no objections filed with the Bankruptcy Court to such ~~notices~~Notice then the Liquidation Trustee ~~may~~will proceed ~~and~~to pay the ~~fees~~post-confirmation Professional Fee Claims or consummate the compromises or settlements, as applicable. However, if ~~an unsecured opposes~~the holder of an Allowed Claim files an objection with the Bankruptcy Court to the Liquidation Trustee's payment of ~~fees~~post-confirmation Professional Fee Claims or entry into a compromise or settlement, the Liquidation Trustee shall file a fee application with the Bankruptcy Court or a settlement motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and set it for hearing at a mutually agreeable date and time and have the Bankruptcy Court adjudicate the allowance and payment of ~~fees or approval of the~~ post-confirmation Professional Fee Claims of the Liquidation Trustee and his Professionals and/or entry into compromises or settlements.

8.2    Settlements

Pursuant to section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019 and in consideration for the distributions and other benefits provided under the Plan, as of the Effective Date, the provisions of the Plan and Section 8.2 of the Plan shall constitute good-faith compromises and settlements of Claims and controversies among the parties thereto relating to the contractual, legal, equitable and subordination rights that holders of Claims may have with respect to any Claim under the Plan or any Distribution to be made on account of an Allowed Claim.  The Plan shall be deemed a motion, proposed by the Trustee, and the entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the compromise and settlement of all such Claims and controversies among the parties thereto, as well as a finding by the Bankruptcy Court that such compromise or

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

(m)    enter and implement such orders as may be appropriate if the Confirmation Order is for any reason stayed, revoked, modified or vacated;

(n)    issue such orders in aid of execution of the Plan, to the extent authorized by section 1142 of the Bankruptcy Code;

(o)    consider any modifications of the Plan, to cure any defect or omission, or to reconcile any inconsistency in any order of the Court, including, without limitation, the Confirmation Order;

(p)    hear and determine all applications for compensation and reimbursement of expenses of Professionals under sections 330, 331 and 503(b) of the Bankruptcy Code;

(q)    hear and determine any issue for which the Plan requires a Final Order of the Court;

(r)    hear and determine matters concerning state, local, or federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code;

(s)    hear and determine all Causes of Action preserved under the Plan, including, without limitation, all Causes of Action under sections 541, 542, 544, 547, 548, 549, 550, 551, 553, and 1123(b)(3) of the Bankruptcy Code brought within the time frames applicable to a trustee in bankruptcy, a debtor in possession or a chapter 11 trustee, including without limitation those time frames established under section 108 of the Bankruptcy Code;

(t)    hear and determine any dispute regarding the Liquidation Trust's payment of post-confirmation fees and expenses of its advisors and the Liquidating Trust's entry into compromises or settlements.

(u)    enter a final decree closing one or more of the Chapter 11 Case.

If the Bankruptcy Court abstains from exercising jurisdiction, or is without jurisdiction, over any matter, this section shall not affect, control, prohibit, or limit the exercise of jurisdiction by any other court that has jurisdiction over that matter.  The principal objective of the Plan is to maximize the recovery to the Beneficiaries, and the retention of jurisdiction by the Bankruptcy Court shall be interpreted in a manner to accomplish that objective.

15.2    Successors and Assigns.

Unless otherwise specified in the Plan, the rights, benefits, and obligations of any Entity referred to in the Plan will be binding on, and will inure to the benefit of, any heir, executor, administrator, successor, or assign of that Entity.

15.3    Saturday, Sunday, or Legal Holiday.

If any payment or act under the Plan is required to be made or performed on a day that is not a Business Day, then the payment or act may be completed on the next succeeding day that is a Business Day, in which event the payment or act will be deemed to have been completed on the required day.

SECTION 16.        MODIFICATION, REVOCATION, OR WITHDRAWAL OF PLAN

16.1    Modification and Amendments.

SF 4881-2686-0476.910 78512.001

21

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

No Person entitled to receive a payment or Distribution under the Plan will have any recourse against the Liquidation Trust, the Liquidation Trustee, the Liquidation Trust Assets, the Estate in connection with such Person's Administrative Expense Claim, Professional Fee Claim, or Claim, other than the right to receive Distributions in accordance with the terms of the Plan.

17.7   No Admissions.

Notwithstanding anything to the contrary contained in the Plan, if the Plan is not confirmed, is revoked or otherwise the Effective Date does not occur, the Plan will be null and void, and nothing contained in the Plan or the Disclosure Statement will: (1) be deemed an admission by the Trustee with respect to any matter discussed in the Plan, including liability on any Claim, Administrative Expense Claim, or Professional Fee Claim, or the propriety of any classification or treatment of same contained in the Plan; (2) constitute a waiver, acknowledgement, or release of any claims, Interests, or Causes of Action of the Debtor, the Estate, and/or the Liquidation Trust; or (3) prejudice in any manner the rights of the Trustee, Liquidating Trustee, or any other Person in any further proceedings.

17.8   Severability of Plan Provisions.

If, before confirmation, the Bankruptcy Court holds that any Plan term or provision is invalid, void, or unenforceable, the Bankruptcy Court may alter or interpret that term or provision so that it is valid and enforceable to the maximum extent possible consistent with the original purpose of that term or provision.  That term or provision will then be applicable as altered or interpreted, except if such term or provision is inconsistent with the intent of the Trustee, in which case the Plan may be unilaterally withdrawn by such Plan Proponent.  Notwithstanding any such holding, alteration, or interpretation, and unless the Plan has been withdrawn, the Plan's remaining terms and provisions will remain in full force and effect and will in no way be affected, impaired, or invalidated.  The Confirmation Order will constitute a judicial determination providing that each Plan term and provision, as it may have been altered or interpreted in accordance with this Section 17.9, is valid and enforceable under its terms.

17.9   Governing Law.

The rights and obligations arising under the Plan and any agreements, contracts, documents, or instruments executed in connection with the Plan will be governed by, and construed and enforced in accordance with, California law without giving effect to California's conflicts of law principles, unless a rule of law or procedure is supplied by: (1) federal law (including the Bankruptcy Code and the Bankruptcy Rules); or (2) an enforceable, express choice-of-law provision in any document provided for, or executed under or in connection with, the Plan terms.

**SECTION 18.       RECOMMENDATIONS AND CONCLUSION**

The Trustee strongly believes that Plan confirmation and implementation are preferable to any feasible alternative because the Plan will provide Claimants and Creditors holding Claims with significantly greater opportunities for recoveries than any available alternatives.  The Trustee recommends that Holders of Allowed Claims in Class 3 (Gestetner Secured Claim), Class 3(a) (Other Secured Claims), and Class 4 (General Unsecured Claims) vote to accept the Plan.

~~March 30~~April 6, 2026

_____
Bradley D. Sharp
Chapter 11 Trustee of the Estate of Leslie Klein

SF 4881-2686-0476.~~9~~10 78512.001                              24

Submitted by:

~~March 30~~April 6, 2026          PACHULSKI STANG ZIEHL & JONES LLP


By     */s/ John W. Lucas*
       Jeffrey W. Dulberg (CA Bar No. 181200)
       John W. Lucas (CA Bar No. 271038)

       *Counsel to Bradley D. Sharp, Chapter 11 Trustee*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

SF 4881-2686-0476.~~9~~10 78512.001                25

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

pursuit of consummation, and the administration and implementation of the Plan, including the distribution of property under the Plan or any other agreement.

**"Exculpated Party (-ies)"** has the means (a) the Trustee; (b) Pachulski Stang Ziehl & Jones LLP as counsel to the Trustee; (c) Development Specialists, Inc. as the Trustee's forensic accountant; (d) Law Office of Eric Everett Hawes, landlord/tenant counsel to the Trustee, ~~and~~ (e) the Law Offices of Goldfarb Gross Seligman & Co., special Israeli litigation counsel, and (f) Kieckhafer Schiffer, LLP, as the Trustee's tax accountant.

**"Exemption Order"** means that certain order entered by the Court, dated May 17, 2023 [Docket No. 141] where in the Court limited the Debtor's homestead exemption for the June St. Property to $189,050.00.

**"Final Order"** means an order or judgment of a court of competent jurisdiction entered on such court's official docket:

(a)     that has not been reversed, rescinded, stayed, modified, or amended;

(b)     that is in full force and effect; and

(c)     with respect to which: (1) the time to appeal or to seek review, remand, rehearing, or a *writ of certiorari* has expired and as to which no timely filed appeal or petition for review, rehearing, remand, or *writ of certiorari* is pending; or (2) any such appeal or petition has been dismissed or resolved by the highest court to which the order or judgment was appealed or from which review, rehearing, remand, or a *writ of certiorari* was sought.

**"General Unsecured Claim"** means a Claim that is not a Priority Tax Claim, Other Priority Claim, Administrative Expense Claim, Professional Fee Claim, Gestetner Secured Claim, or Other Secured Claim.

**"Gestetner Secured Claim"** means the claim that was Allowed per the terms of the Bankruptcy Court approved Gestetner Settlement.

**"Gestetner Settlement"** means the good-faith compromise and settlement of Claims and controversies between the Debtor's Estate and the Gestetners as set forth in Section 8.2(a) of the Plan.

**"Gestetners"** has the meaning set forth in Section 8.2(a) of the Plan.

**"Holder"** means the holder of a Claim against the Debtor or the Estate.

**"Indemnified Party"** or **"Indemnified Parties"** has the meaning set forth in Section 8.1(n) of the Plan.

**"June St. Property"** means the real property located at 322 N. June Street, Los Angeles, California.

**"Klein Living Trust"** means The Second Amended Klein Living Trust, dated April 8, 1990

**"LCG"** means Life Capital Group, LLC.

SF 4881-2686-0476.~~9~~10 78512.001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **CHAPTER 11 TRUSTEE'S THIRD AMENDED PLAN OF LIQUIDATION OF THE ESTATE OF LESLIE KLEIN** served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 6, 2026,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) **April 6, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **April 6, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| | |
|---|---|
| **Via Email:**<br>Eric J Olson:  eric@ejolsonlaw.com<br><br>Leslie Klein:  les.kleinlaw@gmail.com;<br>leskleinlaw@gmail.com; kleinlaw@earthlink.net | |

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 6, 2026 | Nancy H. Brown | */s/ Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Case 2:23-bk-10990-SK

- **Simon Aron** saron@wrslawyers.com, moster@wrslawyers.com;jlee@wrslawyers.com
- **Reem J Bello** rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Ron Bender** rb@lnbyg.com
- **Michael Jay Berger** michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Greg P Campbell** ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Baruch C Cohen** bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Theron S Covey** AttorneyTCovey@gmail.com
- **Daniel A Crawford** dac@crawfordlawgroup.com
- **Michael G D'Alba** mgd@lnbyg.com
- **Jeffrey W Dulberg** jdulberg@pszjlaw.com
- **Craig A Edelman** notice@bkcylaw.com
- **Dane W Exnowski** dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Todd S. Garan** ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Robert P Goe** rgoe@goeforlaw.com, kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Michael I. Gottfried** mgottfried@elkinskalt.com, lwageman@elkinskalt.com,docketing@elkinskalt.com,lmasse@elkinskalt.com
- **M. Jonathan Hayes** jhayes@rhmfirm.com
- **Brandon J. Iskander** biskander@goeforlaw.com, kmurphy@goeforlaw.com;jfountain@goeforlaw.com
- **Michael S Kogan** mkogan@koganlawfirm.com
- **Matthew A Lesnick** matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com;porpe@lesnickprince.com
- **John W Lucas** jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Armen Manasserian** armen@ml-apc.com, jennifer@ml-apc.com,ruben@ml-apc.com
- **Ron Maroko** ron.maroko@usdoj.gov
- **Kirsten Martinez** Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Steven M Mayer** smayer@mayerlawla.com
- **Christopher M McDermott** ch11ecf@aldridgepite.com, CMM@ecf.inforuptcy.com;cmcdermott@aldridgepite.com
- **Krikor J Meshefejian** kjm@lnbyg.com
- **Jeffrey P Nolan** jnolan@pszjlaw.com

- **Eric J Olson** eric@ejolsonlaw.com
- **Lisa Patel** lpatel@lesnickprince.com, jmack@lesnickprince.com;porpe@lesnickprince.com;lpatel@ecf.courtdrive.com
- **Jeffrey N Pomerantz** jpomerantz@pszjlaw.com
- **Brian A Procel** brian@procel-law.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- **Matthew D. Resnik** matt@rhmfirm.com, roksana@rhmfirm.com;russ@rhmfirm.com;sloan@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;rosario@rhmfirm.com;gabriela@rhmfirm.com;david@rhmfirm.com
- **Kevin Ronk** Kevin@portilloronk.com, eService@cym.law,karen@cym.law,jodie@cym.law,aileen@cym.law,sarah@cym.law
- **Joshua L Scheer** jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Bradley D. Sharp (TR)** bsharp@dsi.biz
- **Richard P Steelman** RPS@LNBYG.COM
- **Nikko Salvatore Stevens** nikko@cym.law, eService@cym.law,karen@cym.law,aileen@cym.law,sarah@cym.law
- **Alan G Tippie** Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **Gary Tokumori** gtokumori@pmcos.com
- **United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov
- **Michael L Wachtell** mwachtell@buchalter.com, marias@buchalter.com;docket@buchalter.com
- **John P. Ward** jward@attleseyward.com, ephuong@attleseyward.com
- **Brett J. Wasserman** wasserman@smcounsel.com
- **Alex M Weingarten** aweingarten@willkie.com, lcarter@willkie.com
- **Beth Ann R. Young** bry@lnbyg.com, bry@lnbyb.com
- **Clarisse Young** youngshumaker@smcounsel.com, levern@smcounsel.com
- **Paul P Young** paul@cym.law, eService@cym.law,karen@cym.law,jodie@cym.law,aileen@cym.law,sarah@cym.law,grace@cym.law
- **Roye Zur** rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

**2. SERVED BY UNITED STATES MAIL:**

Peter C. Anderson, U.S. Trustee
Michael Jones, Assistant U.S. Trustee
Office of the U.S. Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA 90017

Leslie Klein
322 North June Street
Los Angeles, CA 90004

Nathan Talei
Oldman, Sallus & Gold, L.L.P.
16133 Ventura Blvd., PH-A
Encino, CA 91436

Leslie Klein & Associates, Inc.
c/o Leslie Klein
6454 Van Nuys Blvd. Suite 150
Van Nuys, CA 91401

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.