Jeffrey W. Dulberg (CA State Bar No. 181200)
John W. Lucas (CA State Bar No. 271038)
PACHULSKI, STANG, ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:  jdulberg@pszjlaw.com
          jlucas@pszjlaw.com

Counsel to Bradley D. Sharp, Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>            Debtor. | Case No. 2:23-bk-10990-NB<br><br>Chapter 11<br><br>**REPLY OF CHAPTER 11 TRUSTEE TO OPPOSITION OF RESIDENTIAL CREDIT OPPORTUNITIES TRUST IX-A, ITS SUCCESSORS AND/OR ASSIGNEES TO MOTION AND SUPPLEMENT TO MOTION OF CHAPTER 11 TRUSTEE FOR ORDER APPROVING SURCHARGE AGAINST PROCEEDS OF THE SALE OF 143 S. HIGHLAND AVE., LOS ANGELES, CALIFORNIA; DECLARATION OF BRADLEY D. SHARP IN SUPPORT THEREOF**<br><br>[Relates to Docket Nos. 1320, 1325, and 1355]<br><br>Date:    April 21, 2026<br>Time:   2:00 p.m.<br>Place:  Courtroom 1545<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |

LA:4937-7722-8447.2 78512.001

Bradley D. Sharp, in his capacity as chapter 11 trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of Leslie Klein, the debtor herein (the "**Debtor**"), hereby files this reply (the "**Reply**") to the opposition (the "**Opposition**") [Docket No. 1355] filed by Residential Credit Opportunities Trust IX-A, its successors and/or assignees (the "**Lender**") to the *Motion of Chapter 11 Trustee for Order Approving Surcharge Against Proceeds of the Sale of 143 S. Highland Ave., Los Angeles, California* (the "**Motion**") [1] [Docket No. 1320], and the supplement to the Motion (the "**Supplement**") [Docket No. 1325]. In support of the Reply, the Trustee represents as follows:

## I.

## The Lender is a Successor Entity That Cannot Shed Its Predecessor's Knowledge

At the outset, it is extremely important to recognize that the Lender is not the original lender the Trustee negotiated with in this chapter 11 case.  The Lender is the successor-in-interest to the original lender and only acquired the Note and Deed of Trust in May 21, 2025. *See* Opposition, p. 3, lns. 15-16 and accompanying Declaration of Tom French at ¶3.

Because it did not acquire its interest until May 2025, the current Lender was not the holder of the Note and Deed of Trust when the Trustee negotiated in 2023 and 2024 for time to complete a sale of 143 S. Highland (the "**Property**").  Thus, it is somewhat understandable that the Lender feels like the sale process took them by surprise…they only acquired an interest in the Property last May, over two years after the chapter 11 case was filed and the Trustee was appointed.  Perhaps the Lender has a complaint against its predecessor for failing to inform it, but the record is replete with the predecessor-in-interest's acknowledgement of the marketing of the Property.  The creditors of this Estate should not suffer because the opportunistic Lender acquired a "distressed note" at a late date without complete information concerning how the Trustee's marketing and subsequent sale process developed.

## II.

## The Lender Acknowledges All Key Elements of Surcharge Under Section 506(c)

It is also important to recognize all that the Lender does readily acknowledge in the Opposition.

---

[1] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Motion.

The Lender does not dispute that it failed to respond to the Trustee's motion to sell the Property (the ("**Sale Motion**").  Opposition, p. 2. ln. 7.  Following entry of and in compliance with the Court's order approving the Sale Motion, the underlying sale transaction closed on or about March 30, 2026. Also as specified by the Court's sale order, escrow is holding the proceeds of the sale that would otherwise be due to the Lender pending the outcome of this surcharge dispute. *See* Sale Order, Dkt. No. 1330.

The Lender acknowledges that it only took the step of filing a notice of default, undertook no additional steps to monetize its collateral thereafter, and unequivocally ignored the Sale Motion.

The Lender recognizes that the fees of the Trustee's sale broker should be paid as well as the reasonable costs and expenses of disposing of the Property. Of course, the Lender does not dispute the plain language of section 506(c) – that is:

> The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of **preserving**, or **disposing** of, such property to the extent of any benefit to the holder of such claim, including the payment of all ad valorem property taxes with respect to the property.

11 U.S.C §506(c) (emphasis added).  Thus, all parties acknowledge that the Bankruptcy Code provides that the Trustee can recover costs relating both to preserving and disposing of the Property, including but not limited to, property taxes.

The Lender also acknowledges that, in the Ninth Circuit, the Trustee only needs to satisfy one of the two surcharge standards (i.e., subjective or objective) in order to surcharge the Lender for the costs and expenses of preserving and disposing of the Property. The Motion reflects that the Trustee readily satisfies both here. The Lender's predecessor-in-interest knew the Trustee was working towards a sale beginning early 2023. However, no sale of the Property was even required to trigger the mandate of section 506(c) – although one occurred here – and no other financial showing must be made with respect to benefit to the estate from such sale.

Bankruptcy courts have consistently applied section 506(c) to surcharges grounded in pure preservation costs, without any sale of collateral. In In re Spa at Sunset Isles Condominium Ass'n, Inc., 454 B.R. 898 (Bankr. S.D. Fla. 2011), the Bankruptcy Court granted a surcharge against a first-mortgage lender for costs of maintaining condominium common elements — including contract

labor, insurance, repairs and maintenance, and utilities totaling $232,255.87 — where no sale of the mortgaged units had occurred. The court held that the purpose of section 506(c) is "to prevent a secured creditor's unjust enrichment," and that because the expenses were reasonable, necessary, and benefited the secured creditor (who held liens on the common element collateral), a surcharge was appropriate as a matter of federal law, preempting a Florida statute that would have shielded the lender.[2]

### III.

### The Administration Costs and the Eviction Attorney's Fees Are Reasonable

What remains of the Lender's argument boils down to two areas where the Lender questions the reasonableness of the Trustee's surcharge request: (1) the Lender objects to the Trustee's request for $102,037.93 for costs of administering the Property, and (2) the Lender questions the $51,174.47 attributable to the fees of eviction counsel, the Law Office of Eric Hawes (the "**Hawes Firm**").

**A.    Lender Seeks Credit for Additional Lender Charges So They Must Be Surcharged Or Disallowed**

As to costs of preserving the Property, the Lender questions why the Trustee seeks to surcharge the Lender for $85,574.40 in "Additional Lender Charges" that the Lender has paid.[3] However, the Opposition completely ignores the Lender's payoff demand (the "**Payoff Demand**") from the sale wherein the Lender *sought a credit from escrow* for $85,574.40 in "Additional Lender Charges" which include property insurance, property taxes, lender foreclosure costs, servicing fees, etc. *See* Exhibit "1" attached to the supplemental declaration of Bradley D. Sharp, attached hereto (the "**Supplemental Sharp Declaration**").

The $85,574.40 in "Additional Lender Charges" are taken straight from the Payoff Demand. Below is detail from the Payoff Demand that is summarized as the Additional Lender Charges:

---

[2] *See also* In re Jack Kline Co., Inc., 440 B.R. 712 (Bankr. S.D. Tx. 2010) (recognizing that a section 506(c) surcharge involves preservation costs — including "insurance, maintenance, or security costs" — as well as costs of sale of the creditor's collateral. The court observed that such expenses "clearly involve preservation or disposition of the collateral" and are expenses the creditor would have to incur to prevent the loss of value or to realize on its collateral.

[3] The Court will note that the Trustee submitted these expenses in his supplement to the Motion.  This is because at the time of the filing of the Motion, the Trustee was unaware that the Lender was seeking to obtain reimbursement on this $85,574.40 in "Additional Lender Charges" via escrow credits. Once he became aware, the Trustee re-noticed the Motion and added those charge to his demand.

Lender Charges excl. Principal, Interest and Late Fees

| | |
|---|---|
| Negative Escrow Balance from 1/03/2025 | $65,486.57 |
| Prior Service Corp Adv from 4/29/2025 | $565.00 |
| Prior Servicer Other Fees from 4/29/2025 | $1,285.00 |
| Property Preservation Costs from 7/24/25 | $20.00 |
| Notice of Intent from 10/6/25 | $95.00 |
| Lender Placed Insurance from 11/6/25 | $2,694.30 |
| Property Preservation Costs from 11/6/25 | $40.00 |
| Prior Unpaid Late Charges from 11/25/25 | $440.32 |
| Lender Placed Insurance from 2/12/26 | $1,325.54 |
| Property Preservation Fee from 2/12/26 | $40.00 |
| Tax Advance from 2/12/2026 | $10,224.79 |
| Tax Advance Proration | ($5,112.39) |
| Unpaid Charges from 2/12/2026 | $60.00 |
| Total Interest on Advances | $93.73 |
| Total Foreclosure Fees and Costs | $8,316.54 |
| Additional Lender Charges | $85,574.40 |

Section 506(c) cannot be understood to permit the Lender *to obtain a credit* from escrow for $85,574.40 in "Additional Lender Charges" or the whole surcharge process would be turned on its head. Under the Lender's improper methodology, the Trustee can surcharge for the estate's expenses in administering and selling the Property…yet the Trustee must allow the Lender a "back door" for repayment via credit from escrow against sale proceeds. This makes no sense.

This is a "zero sum" situation. The Lender should be given no credit for these charges because if it receives one, it will necessarily mean the Estate would be bearing these costs. Section 506(c) provides for exactly the opposite result. Thus, the Trustee would be pleased to drop his surcharge demand as to $85,574.40 in "Additional Lender Charges" so long as the Court orders that those amounts – if borne by the Estate – would in fact be subject to surcharge and thus *must be deducted* from any credit sought by the Lender from Escrow.

**B.     The Trustee's Accountants Meticulously Calculated the Hawes Firm's Fees**

In order to determine which fees charged by the Estate's eviction counsel were associated with the Property, the Trustee's accounting team – in particular, the individual who worked most closely with the Trustee's eviction counsel, the  Law Office of Eric Hawes (the "**Hawes Firm**") – examined contemporaneous emails, calendar entries, and time records with related descriptions to identify eligible time entries in each of the firm's fee applications. He then tallied these amounts.

The results are summarized in Exhibit "2" attached to the Supplemental Sharp Declaration, which reflects the Hawes' Firm's fees and expenses relating to the Property.   Exhibit "2" matches, on a one-to-one basis, the appropriate fee application time and expense entries as they appear in chronological order in each of the Hawes firm's fee applications.

The Trustee was careful to err on the conservative side when compiling these entries.  For example, on page 13 of the Hawes firm's first interim fee application, there is a 4.20 hour entry indicating that all four unlawful detainer actions were discussed during that time period.  Based on the time description, it is evident that the discussion encompassed all four unlawful detainer actions.  However, the Trustee did not allocate one-quarter of that entry to the Property (as he might have), nor did the Trustee include that portion separately, in order to avoid precisely the problem the Lender is concerned with, namely, inadvertent inclusion of fees relating to properties other than 143 S. Highland (i.e. the Property). Rather, out of an abundance of caution, the Trustee did not seek to surcharge for that amount at all.[4]

In sum, the Trustee undertook a careful, conservative analysis of the Hawes firm's fees resulting in the figures included in the Surcharge Motion.

**IV.**

**The Subjective Test Requires Acknowledging The Two Year History of the Case**

The Lender argues that the filing of a Notice of Default means that the Lender was unaware that the Trustee was marketing the Property for sale.

In the first instance, the Lender is obligated for surchargeable amounts under section 506(c) irrespective of any sale.  Indeed, section 506(c) says explicitly that costs to *preserve* collateral may be recovered from a secured lender and there is no mention of a sale being required.

More importantly, however, the Lender cannot ignore the fact that its predecessor-in-interest stipulated with the Trustee on **eight (8) separate occasions, for a period of nearly two years**, to give the Trustee additional time to monetize the Property.  *See* Dkt. Nos. 188, 458, 633, 716, 746,

---

[4] The Trustee mistakenly used a figure of $10,804.70 in the summation included in the Motion for the fees from the Hawes Firm's third interim fee application when the figure should have been $10,80<u>5</u>.70.  The Trustee then misstated in the Motion the total amount of the first, second and third interim fee applications as $51,174.47, when it should have been $51,175.47.

804, 871 and 909.  All of these stipulations were supported by telephonic and/or email communications with former counsel (i.e., the Bonial firm) that represented the Lender's predecessor-in-interest.  It is simply absurd for the Lender, as the successor entity, to pretend otherwise now – when it is only convenient for the Lender. It goes without saying that the Lender cannot forsake its predecessor's well documented position; the Property had long ago been committed to the Trustee's marketing process.

For the reasons set forth herein and in the Motion, the Trustee requests that the Court overrule the Opposition, grant the Motion and such further relief as necessary and appropriate.

Dated:    April 13, 2026

PACHULSKI STANG ZIEHL & JONES LLP

/s/ *Jeffrey W. Dulberg*
Jeffrey W. Dulberg
John W. Lucas

Counsel to Bradley D. Sharp, Chapter 11 Trustee

LA:4937-7722-8447.2 78512.001

7

### **SUPPLEMENTAL DECLARATION OF BRADLEY D. SHARP**

I, Bradley D. Sharp, declare and state as follows:

1. I am the duly appointed, authorized and acting chapter 11 trustee in the above-captioned bankruptcy case of Leslie Klein.

2. If called upon to testify, I would testify to the facts set forth in this Declaration. Except as otherwise stated herein, all facts set forth in this Declaration are based on my personal knowledge.

3. I make this supplemental declaration in support of the Reply to the Opposition of Residential Credit Opportunities Trust IX-A, Its Successors and/or Assignees to the Motion (the "*Reply*").[5]

4. Attached hereto as Exhibit "1" is the Payoff Demand from the sale of the Property wherein the Lender sought a credit from escrow for $85,574.40 in "Additional Lender Charges" which includes property insurance, property taxes, lender foreclosure costs, servicing fees, etc.

5. Attached hereto as Exhibit "2" is a summary created by my accountants at my direction of the Hawes Firm's fees and expenses relating to the Property.  Exhibit "2" matches, on a one-to-one basis, the appropriate fee application time and expense entries as they appear in chronological order in each of the Hawes Firm's fee applications.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this _13th_ day of April, 2026 at San Juan Capistrano, California.

_____
Bradley D. Sharp

---

[5] Capitalized terms not otherwise defined herein shall have the definition ascribed to them in the Reply.

# EXHIBIT 1

2/12/2026

**California TD Specialists**
**8190 East Kaiser Blvd.**
**Anaheim Hills, California 92808**
**(714) 283-2180**

# DEMAND FOR PAYOFF

A&A Escrow Services Inc. #106256-AA - Fax # 310-550-6130
Borrower:　　LESLIE KLEIN　　TS# 88588　　Loan # 9160094446
Property Address:　　　143 SOUTH HIGHLAND AVENUE., LOS ANGELES, CA 90036

IMPORTANT NOTICE: IF YOU OR YOUR ACCOUNT ARE SUBJECT TO PENDING BANKRUPTCY PROCEEDINGS, OR IF YOU RECEIVED A BANKRUPTCY DISCHARGE ON THIS DEBT, THIS STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT. IF YOU ARE NOT IN BANKRUPTCY OR DISCHARGED OF THIS DEBT, BE ADVISED THAT CALIFORNIA TD SPECIALISTS IS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

The amount to pay off the above referenced loan as of **3/25/2026** is as follows:

| | |
|---|---|
| Unpaid Principal Balance: | $1,213,516.19 |
| Accrued Interest from 12/1/2022 | $302,115.00 |
| Accrued Late Charges: | $17,172.48 |

## Interest Information

| From | Through | Payment Amount | Payments | Late Charge | Interest Rate | Interest on UPB |
|---|---|---|---|---|---|---|
| 12/1/2022 | 3/25/2026 | | | $440.32 | 7.5% | $302,115.00 |

## Charges and Advance Details

| From | Description | Int. Rate | Charges & Advance Amount | Interest on Charges & Advances |
|---|---|---|---|---|
| 01/03/2025 | Negative Escrow Balance () | 0% | $65,486.57 | $0.00 |
| 04/29/2025 | Prior Servicer Corp Adv Balance () | 0% | $565.00 | $0.00 |
| 04/29/2025 | Prior Servicer Other Fees () | 0% | $1,285.00 | $0.00 |
| 07/24/2025 | Property Preservation Costs () | 0% | $20.00 | $0.00 |
| 10/06/2025 | Notice of Intent () | 0% | $95.00 | $0.00 |
| 11/06/2025 | Lender Placed Insurance () | 0% | $2,694.30 | $0.00 |
| 11/06/2025 | Property Preservation Costs () | 0% | $20.00 | $0.00 |
| 11/06/2025 | Property Preservation. Costs () | 0% | $20.00 | $0.00 |
| 11/25/2025 | Prior Unpaid Late Charges () | 0% | $440.32 | $0.00 |
| 02/12/2026 | Lender Placed Insurance () | 0% | $878.89 | $0.00 |
| 02/12/2026 | Lender Placed Insurance- () | 0% | $446.65 | $0.00 |
| 02/12/2026 | Property Preservation Fee () | 0% | $20.00 | $0.00 |
| 02/12/2026 | Property Preservation Fee- () | 0% | $20.00 | $0.00 |
| 02/12/2026 | Tax Advance () | 7.5% | $10,224.79 | $93.73 |
| 02/12/2026 | Unpaid charges () | 0% | $60.00 | $0.00 |
| **Total Charges & Advances:** | | | | **$82,276.52** |
| **Total Interest on Advances:** | | | | **$93.73** |
| **Total Foreclosure Fees and Costs:** | | | | **$8,316.54** |
| **Payoff Amount as of 3/25/2026** | | | | **$1,623,490.46** |
| **Daily interest:** | | | | **$254.95** |



88588



TS-DLTR　　　　　　Payoff Statement

171215

Please submit your **Certified Funds**, payable to:

**California TD Specialists, ATTN: Patricio S. Ince'**

**8190 East Kaiser Blvd., Anaheim Hills, California 92808**

**Please be advised that this figure is subject to change due to escrow disbursements and advances. Please contact this office to verify that these figures have not changed.**

Thank you,

_____
Patricio S. Ince', Vice President

LENDER AGREES WITH THE AMOUNT ABOVE

_____
WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST IX-A

By: American Mortgage Investment Partners Management, LLC as Attorney In Fact

# EXHIBIT 2

**Bankruptcy Estate of Leslie Klein**

143 S. Highland

Hawes Professional Fees

| | 1st Interim | | | 2nd Interim | | | 3rd Interim * | | |
|---|---|---|---|---|---|---|---|---|---|
| Date | Fee/Exp. | Amount | Date | Fee/Exp. | Amount | Fee/Exp. | Amount | Total |
| 143 S. Highland Fees & Expenses | | | | | | | | |
| 08/07/23 | Fee | $90.00 | 01/30/24 | Fee | $585.00 | Fee | $10,215.00 | $10,890.00 |
| 08/08/23 | Fee | 45.00 | 02/13/24 | Fee | 1,125.00 | Expense | 590.70 | 1,760.70 |
| 08/18/23 | Fee | 90.00 | 02/20/24 | Fee | 1,035.00 | | | 1,125.00 |
| 08/21/23 | Fee | 45.00 | 02/22/24 | Fee | 1,350.00 | | | 1,395.00 |
| 08/23/23 | Fee | 45.00 | 03/04/24 | Fee | 540.00 | | | 585.00 |
| 08/28/23 | Fee | 90.00 | 03/05/24 | Fee | 585.00 | | | 675.00 |
| 09/11/23 | Fee | 45.00 | 03/05/24 | Fee | 1,305.00 | | | 1,350.00 |
| 09/19/23 | Fee | 225.00 | 03/13/24 | Fee | 315.00 | | | 540.00 |
| 09/26/23 | Fee | 1,125.00 | 03/18/24 | Fee | 135.00 | | | 1,260.00 |
| 10/10/23 | Fee | 225.00 | 03/19/24 | Fee | 90.00 | | | 315.00 |
| 10/10/23 | Fee | 225.00 | 03/20/24 | Fee | 585.00 | | | 810.00 |
| 10/11/23 | Fee | 180.00 | 03/21/24 | Fee | 630.00 | | | 810.00 |
| 10/24/23 | Fee | 540.00 | 03/23/24 | Fee | 495.00 | | | 1,035.00 |
| 10/31/23 | Fee | 45.00 | 04/03/24 | Fee | 90.00 | | | 135.00 |
| 09/12/23 | Expense | 122.05 | 04/04/24 | Fee | 450.00 | | | 572.05 |
| 09/28/23 | Expense | 343.90 | 04/09/24 | Fee | 450.00 | | | 793.90 |
| 11/01/23 | Fee | 90.00 | 04/17/24 | Fee | 135.00 | | | 225.00 |
| 11/01/23 | Fee | 135.00 | 04/29/24 | Fee | 900.00 | | | 1,035.00 |
| 11/08/23 | Fee | 1,125.00 | 05/14/24 | Fee | 405.00 | | | 1,530.00 |
| 12/04/23 | Fee | 270.00 | 05/20/24 | Fee | 1,620.00 | | | 1,890.00 |
| 12/26/23 | Fee | 1,035.00 | 05/21/24 | Fee | 2,070.00 | | | 3,105.00 |
| 12/29/23 | Fee | 855.00 | 06/03/24 | Fee | 315.00 | | | 1,170.00 |
| 01/03/24 | Fee | 1,305.00 | 06/04/24 | Fee | 630.00 | | | 1,935.00 |
| 01/04/24 | Fee | 4,140.00 | 06/07/24 | Fee | 315.00 | | | 4,455.00 |
| 01/10/24 | Fee | 405.00 | 07/02/24 | Fee | 945.00 | | | 1,350.00 |
| 11/13/23 | Expense | 311.21 | 07/17/24 | Fee | 855.00 | | | 1,166.21 |
| 11/16/23 | Expense | 294.48 | 07/29/24 | Fee | 990.00 | | | 1,284.48 |
| 11/30/23 | Expense | 71.15 | 07/30/24 | Fee | 1,035.00 | | | 1,106.15 |
| | | | 08/08/24 | Fee | 180.00 | | | 180.00 |
| | | | 08/09/24 | Fee | 90.00 | | | 90.00 |
| | | | 08/23/24 | Fee | 810.00 | | | 810.00 |
| | | | 08/27/24 | Fee | 1,035.00 | | | 1,035.00 |
| | | | 08/28/24 | Fee | 1,620.00 | | | 1,620.00 |
| | | | 01/08/24 | Expense | 44.95 | | | 44.95 |
| | | | 02/29/24 | Expense | 49.15 | | | 49.15 |
| | | | 02/29/24 | Expense | 74.40 | | | 74.40 |
| | | | 02/29/24 | Expense | 212.30 | | | 212.30 |
| | | | 02/29/24 | Expense | 65.40 | | | 65.40 |
| | | | 02/29/24 | Expense | 1,358.75 | | | 1,358.75 |
| | | | 03/18/24 | Expense | 49.15 | | | 49.15 |
| | | | 03/19/24 | Expense | 87.65 | | | 87.65 |
| | | | 04/08/24 | Expense | 138.10 | | | 138.10 |
| | | | 04/30/24 | Expense | 316.21 | | | 316.21 |

**Bankruptcy Estate of Leslie Klein**

143 S. Highland

Hawes Professional Fees

| | 1st Interim | | | 2nd Interim | | | 3rd Interim * | | |
|---|---|---|---|---|---|---|---|---|---|
| Date | Fee/Exp. | Amount | Date | Fee/Exp. | Amount | Fee/Exp. | Amount | Total |
| **143 S. Highland Fees & Expenses** | | | | | | | | |
| | | | 05/07/24 | Expense | 333.17 | | | 333.17 |
| | | | 05/07/24 | Expense | 140.00 | | | 140.00 |
| | | | 05/14/24 | Expense | 71.15 | | | 71.15 |
| | | | 05/21/24 | Expense | 49.15 | | | 49.15 |
| | | | 05/23/24 | Expense | 49.15 | | | 49.15 |
| | | | 07/17/24 | Expense | 49.15 | | | 49.15 |
| | | | 08/08/24 | Expense | 49.15 | | | 49.15 |
| | Total | $13,517.79 | | | $26,851.98 | | | $51,175.47 |

**Total Application Fees & Expenses**

| | 1st Interim | | 2nd Interim | 3rd Interim | Total |
|---|---|---|---|---|---|
| Fees | $18,225.00 | | $27,225.00 | $10,215.00 | $55,665.00 |
| Expenses | 3,529.75 | | 3,975.68 | 590.70 | 8,096.13 |
| Total | $21,754.75 | | $31,200.68 | $10,805.70 | $63,761.13 |

*All fees included in the third interim fee application relate to 143 S. Highland Ave.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **REPLY OF CHAPTER 11 TRUSTEE TO OPPOSITION OF RESIDENTIAL CREDIT OPPORTUNITIES TRUST IX-A, ITS SUCCESSORS AND/OR ASSIGNEES TO MOTION and supplement to motion OF CHAPTER 11 TRUSTEE FOR ORDER APPROVING SURCHARGE AGAINST PROCEEDS OF THE SALE OF 143 S. HIGHLAND AVE., LOS ANGELES, CALIFORNIA; DECLARATION OF BRADLEY D. SHARP IN SUPPORT THEREOF** served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 13, 2026,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) **April 13, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **April 13, 2026**I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| <u>Via Email:</u><br>Eric J Olson:  eric@ejolsonlaw.com<br><br>Leslie Klein:  les.kleinlaw@gmail.com;<br>leskleinlaw@gmail.com; kleinlaw@earthlink.net | <u>Via Email</u>:<br>Reilly D. Wilkinson:  rwilkinson@scheerlawgroup.com |

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 13, 2026 | Nancy H. Brown | */s/ Nancy H. Brown* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
LA:4929-9525-4687.1 78512.001

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  **Case 2:23-bk-10990-SK**

- **Simon Aron**   saron@wrslawyers.com, moster@wrslawyers.com;jlee@wrslawyers.com
- **Reem J Bello**   rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Ron Bender**   rb@lnbyg.com
- **Michael Jay Berger**   michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Greg P Campbell**   ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Baruch C Cohen**   bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Theron S Covey**   AttorneyTCovey@gmail.com
- **Daniel A Crawford**   dac@crawfordlawgroup.com
- **Michael G D'Alba**   mgd@lnbyg.com
- **Jeffrey W Dulberg**   jdulberg@pszjlaw.com
- **Craig A Edelman**   notice@bkcylaw.com
- **Dane W Exnowski**   dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Todd S. Garan**   ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Robert P Goe**   rgoe@goeforlaw.com, kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Michael I. Gottfried**   mgottfried@elkinskalt.com, lwageman@elkinskalt.com,docketing@elkinskalt.com,lmasse@elkinskalt.com
- **M. Jonathan Hayes**   jhayes@rhmfirm.com
- **Brandon J. Iskander**   biskander@goeforlaw.com, kmurphy@goeforlaw.com;jfountain@goeforlaw.com
- **Michael S Kogan**   mkogan@koganlawfirm.com
- **Matthew A Lesnick**   matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **John W Lucas**   jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Armen Manasserian**   armen@ml-apc.com, jennifer@ml-apc.com,maria@ml-apc.com
- **Ron Maroko**   ron.maroko@usdoj.gov
- **Kirsten Martinez**   Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Steven M Mayer**   smayer@mayerlawla.com
- **Christopher M McDermott**   ch11ecf@aldridgepite.com, CMM@ecf.inforuptcy.com;cmcdermott@aldridgepite.com
- **Krikor J Meshefejian**   kjm@lnbyg.com
- **Jeffrey P Nolan**   jnolan@pszjlaw.com
- **Eric J Olson**   eric@ejolsonlaw.com
- **Lisa Patel**   lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com;lpatel@ecf.courtdrive.com
- **Jeffrey N Pomerantz**   jpomerantz@pszjlaw.com
- **Brian A Procel**   brian@procel-law.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- **Matthew D. Resnik**   matt@rhmfirm.com, roksana@rhmfirm.com;russ@rhmfirm.com;sloan@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;rosario@rhmfirm.com;gabriela@rhmfirm.com;david@rhmfirm.com
- **Kevin Ronk**   Kevin@portilloronk.com, eService@cym.law,karen@cym.law,jodie@cym.law,aileen@cym.law
- **Joshua L Scheer**   jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Bradley D. Sharp (TR)**   bsharp@dsi.biz
- **Richard P Steelman**   RPS@LNBYG.COM
- **Nikko Salvatore Stevens**   nikko@cym.law, eService@cym.law,karen@cym.law,aileen@cym.law
- **Alan G Tippie**   Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **Gary Tokumori**   gtokumori@pmcos.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Michael L Wachtell**   mwachtell@buchalter.com, marias@buchalter.com;docket@buchalter.com
- **John P. Ward**   jward@attleseyward.com, ephuong@attleseyward.com
- **Brett J. Wasserman**   wasserman@smcounsel.com
- **Alex M Weingarten**   aweingarten@willkie.com, lcarter@willkie.com
- **Beth Ann R. Young**   bry@lnbyg.com, bry@lnbyb.com
- **Clarisse Young**   youngshumaker@smcounsel.com, levern@smcounsel.com
- **Paul P Young**   paul@cym.law, eService@cym.law,karen@cym.law
- **Roye Zur**   rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

2. **SERVED BY UNITED STATES MAIL**:

Peter C. Anderson, U.S. Trustee
Michael Jones, Assistant U.S. Trustee
Office of the U.S. Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA  90017

Leslie Klein
322 North June Street
Los Angeles, CA 90004

Nathan Talei
Oldman, Sallus & Gold, L.L.P.
16133 Ventura Blvd., PH-A
Encino, CA 91436

Scheer Law Group, LLP
Attn:  Reilly D. Wilkinson
         Joshua L. Scheer
155 N. Redwood Drive, Suite 100
San Rafael, CA 94903

Leslie Klein & Associates, Inc.
c/o Leslie Klein
6454 Van Nuys Blvd. Suite 150
Van Nuys, CA 91401

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

WFG National Title Company of
California Mortgage
700 N. Brand Blvd., Suite 1100
Glendale, CA 91203

MTC Financial Inc., dba Trustee
Corps
17100 Gillette Avenue
 Irvine, CA 92614

Mortgage Electronic Registration
Systems, Inc.
GenPact MERS, Mailroom
1901 East Vorhees Street
Danville, IL 61834-4512

J.P. Mortgage Acquisition Corp.
383 Madison Avenue, 8th Floor
New York, NY 10179-0001

Wilmington Savings Fund Society,
FSB
500 Delaware Avenue
Wilmington, DE 19801

Pretium Mortgage Credit Partners
60 Columbus Circle
New York, NY 10023

Pretium Mortgage Credit Partners
810 7th Avenue, 24th Floor
New York, NY 10019

FCI Lender Services
Attn:  Hiep Tran
8180 East Kaiser Blvd.
Anaheim Hills, CA 92808

California TD Specialists
8190 E Kaiser Blvd
Anaheim Hills, CA 92808

Times Real Estate California
Agent:  Regan Hanold Beegle
2901 W. Coast Hwy., Suite 200
Newport Beach, CA  92663

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
LA:4929-9525-4687.1 78512.001

**F 9013-3.1.PROOF.SERVICE**