Jeffrey W. Dulberg (CA State Bar No. 181200)
John W. Lucas (CA State Bar No. 271038)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: jdulberg@pszjlaw.com
        jlucas@pszjlaw.com

*Counsel to Bradley D. Sharp, Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| | |
|---|---|
| In re | Case No.: 2:23-bk-10990-NB |
| LESLIE KLEIN, | Chapter 11 |
| Debtor. | **CHAPTER 11 TRUSTEE'S OMNIBUS OPPOSITION TO MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY FILED BY LES KLEIN & ASSOCIATES, INC.** |
| | Date: May 12, 2026<br>Time: 2:00 p.m.<br>Courtroom: 1545<br>Location: 255 E. Temple Street<br> Los Angeles, CA 90012 |
| | [Relates to Docket Nos. 1340, 1341 and 1342] |

Bradley D. Sharp, the duly appointed chapter 11 trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of Leslie Klein (the "**Debtor**"), hereby files this opposition (the "**Opposition**") to the three motions for relief from automatic stay [Docket No. 1340] ("**Motion No. 1**"), [Docket No. 1341] ("**Motion No. 2**"), and [Docket No. 1342] ("**Motion No. 3**", and together with Motion No. 1 and Motion No 2, the "**Stay Relief Motions**"), filed by Les Klein & Associates, Inc. ("**LKA**"). In support of the Opposition, the Trustee represents as follows:

**I.**

**THE STAY RELIEF MOTIONS SHOULD BE DENIED**

The Stay Relief Motions should each be denied for all of the following reasons. LKA fails to provide any evidence to support the relief requested. The declarations of Leslie Klein (the "**Debtor**") contain nothing but unsubstantiated assertions that LKA paid the premiums for each of the subject

4911-8601-3347.2 78512.001

life insurance policies. Even if such assertions are true, which the Trustee denies, it is far from clear why LKA should be entitled to stay relief. Moreover, if LKA, through the Debtor take any action against the life insurance policies or the proceeds therefrom LKA (and the Debtor) would be asserting control over the Estate's interest in the policies and any claims arising from such interest. The Debtor already conceded that he was the person that owned and controlled each of life insurance policies when he assigned and transferred his interest in such policies to Life Capital Group, LLC in June 2011.

As the Court is aware, the movant here, LKA, is the Debtor's wholly owned law firm. The Debtor does not maintain any formal distinction between LKA and his personal affairs. Even if it is assumed arguendo that LKA holds an interest in any of the life insurance policies (which the Trustee denies), LKA's interest inures to the benefit of the Debtor (who is the sole owner of LKA) and ultimately to his bankruptcy estate, which the Trustee controls. Last, LKA has not attempted to address the legal standard under section 362(d)(1) or (2) of the Bankruptcy Code to show that LKA is entitled to the relief requested. Thus, for the reasons stated herein and at the hearing, the Stay Relief Motions should be denied.

## A.    LKA Has Not Satisfied the Standard under Section 362(d) of the Bankruptcy Code

Whether stay relief should be granted or denied is committed to the sound discretion of the Court. *Benedor Corp. v. Conejo Enterprises, Inc. (In re Conejo Enterprises, Inc.)*, 96 F.3d 346 (9th Cir. 1996). Upon a showing of "cause," a bankruptcy court shall grant relief from the automatic stay. *Id.* at 352. "Cause" has no clear definition and is determined on a case-by case basis. *Id*.

Courts typically look at twelve nonexclusive factors to determine whether the stay should be lifted. *see Truebro, Inc. v. Plumberex Specialty Products, Inc. (In re Plumberex Specialty Products, Inc.*, 311 B.R. 551, 559 (Bankr. C.D. Cal. 2004); *In re Kronemyer*, 405 B.R. 915, 921 (9th Cir.B.A.P.2009); *Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280, 1285-86 (2d Cir.1990). Not all factors are relevant in every case. *Sonnax*, 907 F.2d at 1286. Here, LKA has not addressed any of the factors courts consider when adjudicating requests for stay relief. Thus, the Stay Relief Motions should be denied.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**B.**     **Motion No. 1**

In Motion No. 1, the Debtor references three life insurance policies that insure or insured the lives of three individuals named "Kohn," "Roth," and "Goodkin" (*i.e.*, the last names of the individuals insured). Motion No. 1 is devoid of any evidence showing that LKA paid any of the policy premiums. Motion No. 1 contains no other evidence than the Debtor's bald assertion that he paid the policy premiums through LKA. To the extent it matters, the Kohn policy matured. LCG distributed the proceeds to the Trustee pursuant to a Court approved stipulation. *See* [Docket No. 205 and 210]. A portion of the cash was already distributed to Gestetner in partial satisfaction of the his allowed secured claim. *See* Docket No. 924.

**C.**     **Motion No. 2**

Motion No. 2 relates to the same insurance policies that are referenced in Motion No. 1. Like Motion No. 1, Motion No. 2 does not provide any evidence to support the relief requested. Thus, Motion No. 2 should be denied for all the same reasons that Motion No. 1 should be denied.

**D.**     **Motion No. 3**

In Motion No. 3, the Debtor references a life insurance policy relating to Zimmerman (*i.e.*, the last name of the individual insured). The Zimmerman related policy matured in the Fall of 2025 when the insured died. The Debtor, through LKA, has not provided any evidence to show that LKA paid any of the premiums associated with this policy. Assuming arguendo that LKA paid some portion of the Zimmerman policy, the Trustee does not believe that would entitle LKA to any relief nor does LKA explain why payment of some or all of the policy premiums entitled LKA to anything.

**II.**

**CONCLUSION**

For the reasons set forth herein and at the hearing, the Stay Relief Motions should be denied.

Dated:  April 28, 2026                    PACHULSKI STANG ZIEHL & JONES LLP


                                          By:   */s/ John W. Lucas*
                                                John W. Lucas

                                                *Attorneys for Bradley D. Sharp,*
                                                *Chapter 11 Trustee*

4911-8601-3347.2 78512.001                    3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13ᵗʰ Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*):  **CHAPTER 11 TRUSTEE'S OMNIBUS OPPOSITION TO MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY FILED BY LES KLEIN & ASSOCIATES, INC.** served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 28, 2026,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) **April 28, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

⊠    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **April 28, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| **Via Email:** Eric J Olson:  eric@ejolsonlaw.com  Leslie Klein:  les.kleinlaw@gmail.com; leskleinlaw@gmail.com; kleinlaw@earthlink.net | |

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 28, 2026 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
LA:4903-8417-0401.2 78512.001

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  **Case 2:23-bk-10990-SK**

- **Simon Aron**   saron@wrslawyers.com, moster@wrslawyers.com;jlee@wrslawyers.com
- **Reem J Bello**   rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Ron Bender**   rb@lnbyg.com
- **Michael Jay Berger**   michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Greg P Campbell**   ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Baruch C Cohen**   bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Theron S Covey**   AttorneyTCovey@gmail.com
- **Daniel A Crawford**   dac@crawfordlawgroup.com
- **Michael G D'Alba**   mgd@lnbyg.com
- **Jeffrey W Dulberg**   jdulberg@pszjlaw.com
- **Craig A Edelman**   notice@bkcylaw.com
- **Dane W Exnowski**   dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Todd S. Garan**   ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Robert P Goe**   rgoe@goeforlaw.com, kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Michael I. Gottfried**   mgottfried@elkinskalt.com, lwageman@elkinskalt.com,docketing@elkinskalt.com,lmasse@elkinskalt.com
- **M. Jonathan Hayes**   jhayes@rhmfirm.com, matt@rhmfirm.com;rosario@rhmfirm.com;gabriela@rhmfirm.com
- **Brandon J. Iskander**   biskander@goeforlaw.com, kmurphy@goeforlaw.com;jfountain@goeforlaw.com
- **Michael S Kogan**   mkogan@koganlawfirm.com
- **Matthew A Lesnick**   matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com;porpe@lesnickprince.com
- **John W Lucas**   jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Armen Manasserian**   armen@ml-apc.com, jennifer@ml-apc.com,ruben@ml-apc.com
- **Ron Maroko**   ron.maroko@usdoj.gov
- **Kirsten Martinez**   Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Steven M Mayer**   smayer@mayerlawla.com
- **Christopher M McDermott**   ch11ecf@aldridgepite.com, CMM@ecf.inforuptcy.com;cmcdermott@aldridgepite.com
- **Krikor J Meshefejian**   kjm@lnbyg.com
- **Jeffrey P Nolan**   jnolan@pszjlaw.com
- **Eric J Olson**   eric@ejolsonlaw.com
- **Lisa Patel**   lpatel@lesnickprince.com, jmack@lesnickprince.com;porpe@lesnickprince.com;lpatel@ecf.courtdrive.com
- **Jeffrey N Pomerantz**   jpomerantz@pszjlaw.com
- **Brian A Procel**   brian@procel-law.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- **Matthew D. Resnik**   matt@rhmfirm.com, roksana@rhmfirm.com;russ@rhmfirm.com;sloan@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;rosario@rhmfirm.com;gabriela@rhmfirm.com;david@rhmfirm.com
- **Kevin Ronk**   Kevin@portilloronk.com, eService@cym.law,karen@cym.law,jodie@cym.law,aileen@cym.law, sarah@cym.law
- **Joshua L Scheer**   jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Bradley D. Sharp (TR)**   bsharp@dsi.biz
- **Richard P Steelman**   RPS@LNBYG.COM
- **Nikko Salvatore Stevens**   nikko@cym.law, eService@cym.law,karen@cym.law,aileen@cym.law,sarah@cym.law
- **Alan G Tippie**   Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **Gary Tokumori**   gtokumori@pmcos.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Michael L Wachtell**   mwachtell@buchalter.com, marias@buchalter.com;docket@buchalter.com
- **John P. Ward**   jward@attleseyward.com, ephuong@attleseyward.com
- **Brett J. Wasserman**   wasserman@smcounsel.com
- **Alex M Weingarten**   aweingarten@willkie.com, lcarter@willkie.com
- **Reilly D Wilkinson**   rwilkinson@scheerlawgroup.com, rwilkinson@ecf.courtdrive.com
- **Beth Ann R. Young**   bry@lnbyg.com, bry@lnbyb.com
- **Clarisse Young**   youngshumaker@smcounsel.com, levern@smcounsel.com
- **Paul P Young**   paul@cym.law, eService@cym.law,karen@cym.law,jodie@cym.law,aileen@cym.law, sarah@cym.law,grace@cym.law
- **Roye Zur**   rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

2. **SERVED BY UNITED STATES MAIL**:

Peter C. Anderson, U.S. Trustee
Michael Jones, Assistant U.S. Trustee
Office of the U.S. Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA  90017

Leslie Klein
322 North June Street
Los Angeles, CA 90004

Nathan Talei
Oldman, Sallus & Gold, L.L.P.
16133 Ventura Blvd., PH-A
Encino, CA 92836

Leslie Klein & Associates, Inc.
c/o Leslie Klein
6454 Van Nuys Blvd. Suite 150
Van Nuys, CA 92801

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
LA:4903-8417-0401.2 78512.001

**F 9013-3.1.PROOF.SERVICE**