Jeffrey W. Dulberg (CA Bar No. 181200)
John W. Lucas (CA State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760
jdulberg@pszjlaw.com
jlucas@pszjlaw.com

Counsel to Bradley D. Sharp, Chapter 11 Trustee

**FILED & ENTERED**

**APR 28 2026**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY llewis      DEPUTY CLERK**

**CHANGES MADE BY COURT**

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

|  |  |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>Debtor. | Case No.: 2:23-bk-10990-NB<br><br>Chapter 11<br><br>**ORDER CONFIRMING THIRD AMENDED CHAPTER 11 PLAN, AS MODIFIED, OF THE ESTATE OF LESLIE KLEIN AND SETTING POST-CONFIRMATION STATUS CONFERENCE**<br><br>**DATE:**  April 21, 2026<br>**TIME:**  2:00 p.m.<br>**PLACE:**  255 East Temple Street<br>  Los Angeles, California<br>**CTRM:**  1545 |

Upon consideration of confirmation of the Chapter 11 Trustee's Third Amended Plan of Liquidation of the Estate of Leslie Klein (the "**Plan**") [Docket No. 1350],[1] as modified; the Memorandum of Law in Support of Confirmation and the Declaration of Bradley D. Sharp [Docket No. 1361] (together, the "**Confirmation Papers**"); the Certification with Respect to the Tabulation of Votes (the "**Voting Certification**") [Docket No. 1360]; the record in this chapter 11 case; the arguments of counsel at the confirmation hearing held on April 21, 2026; and the Court having found and concluded as follows:

---

[1] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Plan.

4899-0540-4322.4 78512.001

**A.     Jurisdiction and Venue.**  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2).

**B.     Notice.**  Adequate and sufficient notice of the confirmation hearing and related deadlines was provided in compliance with the applicable Bankruptcy Rules and consistent with the requirements imposed by the Court in its *Order (I) Approving Disclosure Statement, and (II) Granting Motion for Order (1) Approving Plan Solicitation, Notice, and Voting Procedures, (2) Approving Forms of Notice and Ballots, and (3) Establishing Plan Confirmation Deadlines and Procedures*, entered on March 2, 2026 (the "**Solicitation Procedures Order**") [Docket No. 1316].

**C.     Solicitation and Voting.**  The solicitation and tabulation of votes on the Plan were conducted in good faith and in compliance with sections 1125 and 1126 of the Bankruptcy Code and the Solicitation Procedures Order and the Notice of Extending Voting Deadline [Docket No. 1349]. The Voting Certification reflects that Class 3 (Gestetner Secured Claim) accepted the Plan (100% in number and amount) in the voting results. The Voting Certification reflects that Class 4 (General Unsecured Claims) accepted the Plan (75% in number and 99.96% in amount) in the voting results.

**D.     Modifications to the Plan Approved.**  After service of the Solicitation Packages pursuant to the Solicitation Procedures Order, the Trustee made certain modifications to the Plan. All modifications to the Plan since the entry of the Solicitation Procedures Order as reflected in the Plan, *see* [Docket No. 1351] (the "**Plan Modifications**"), are consistent with the provisions of the Bankruptcy Code, including sections 1122, 1123, 1125, and 1127, and incorporated by reference herein and are approved. None of the Plan Modifications materially and adversely affect the treatment of any holder of a Claim under the Plan. Accordingly, pursuant to section 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019, none of the modifications require additional disclosure under section 1125 of the Bankruptcy Code or re-solicitation of votes under section 1126 of the Bankruptcy Code. The Plan as modified shall constitute the Plan submitted for Confirmation.

**E.     Plan Proponent; Plan and Disclosure Statement.**  The Chapter 11 Trustee filed the Plan and is, therefore, a proper plan proponent. The Plan classifies and treats claims as set forth in Sections 4–6 of the Plan, including: Class 1 (Other Priority Claims) unimpaired; Class 2 (Secured

4899-0540-4322.4 78512.001

2

Tax Claims) unimpaired; Class 3 (Gestetner Secured Claim) impaired; Class 3(a) (Other Secured Claims) impaired; and Class 4 (General Unsecured Claims).

**F.      Compliance With Bankruptcy Code Section 1129(a).**

1.      The Plan complies with section 1129(a)(1) and (2). The Trustee has complied with applicable provisions of the Bankruptcy Code, including sections 1125 and 1126, and the Plan complies with sections 1122 and 1123. The Plan was proposed in good faith and not by any means forbidden by law, satisfying Section 1129(a)(3). The Confirmation Papers demonstrate arm's-length negotiations and that no objections to confirmation were filed .

2.      All payments for services and costs in connection with the case are subject to Court approval, Bankruptcy Code Section 1129(a)(4). The Plan provides for Court approval and payment of Professional Fee Claims pursuant to Section 5.2 and related provisions.

3.      The Plan satisfies sections 1129(a)(5 and (a)(6). The Plan provides that Bradley D. Sharp will serve as Liquidation Trustee and sets forth the terms of such appointment.

4.      The Plan satisfies section 1129(a)(7) (best interests). The Confirmation Papers include a liquidation analysis indicating general unsecured creditor recoveries are greater under the Plan than in a hypothetical chapter 7 (approx. 4%–28% under the Plan vs. approx. 1% in chapter 7).

5.      The Plan satisfies section 1129(a)(8) to the extent required or is confirmable under section 1129(b). Classes 1 and 2 are unimpaired and deemed to accept the Plan . Classes 3 and 4 are impaired and voted to accept the Plan.

6.       The Plan satisfies section 1129(a)(9). Administrative Expense Claims and Priority Tax Claims are to be paid in full in cash as set forth in Sections 5.1 and 5.3 of the Plan.

7.      At least one impaired, non-insider class accepted the Plan, satisfying section 1129(a)(10). Classes 3 and 4 accepted the Plan as set forth in the Voting Certification.

8.      The Plan is feasible and satisfies section 1129(a)(11). The Plan provides for liquidation of assets through a Liquidation Trust and no further reorganization is contemplated; the Confirmation Papers reflect sufficient means for implementation and funding of required Effective Date payments and trust administration.

4899-0540-4322.4 78512.001                                                    3

9.      The Plan provides for payment of fees under 28 U.S.C. § 1930, satisfying section 1129(a)(12). Section 17.4 of the Plan provides that post-confirmation quarterly fees to the U.S. Trustee will be paid from the Liquidation Trust Reserve and that required reports will be filed.

10.      Sections 1129(a)(13)–(16) are satisfied or inapplicable. The Plan provides no ongoing retiree benefits; does not implicate domestic support obligations; no unsecured creditor has interposed an objection under section 1129(a)(15); and property transfers shall comply with applicable non-bankruptcy law under Court oversight.

**G.      Additional Findings**

11.      The exculpation and injunction provisions in Sections 12.2 and 12.3 of the Plan are appropriate, were fully disclosed, and are approved. Section 12.2 provides exculpation for defined Exculpated Parties for acts or omissions in the Chapter 11 case, excluding gross negligence, willful misconduct, fraud, or criminal conduct. Section 12.3 provides an injunction necessary to implement the Plan and protect the Liquidation Trust and its assets.

For the reasons set forth by the Court in the attached tentative ruling, which is incorporated as the actual ruling and on the record of the hearing, and with good cause shown,

**IT IS HEREBY ORDERED THAT:**

1.      **Confirmation.** The Plan is confirmed pursuant to section 1129 of the Bankruptcy Code in all respects.

2.      **Effective Date.** The Effective Date shall occur on the first Business Day after satisfaction or waiver of all conditions precedent set forth in Section 17.1 of the Plan. The conditions include: (i) entry of this Confirmation Order not subject to a stay; (ii) execution of the Liquidation Trust Agreement; (iii) funding of the Professional Fee Escrow Account; and (iv) absence of a material adverse effect with respect to the assets.

3.      **Plan Binding Effect**. Pursuant to section 1141(a) of the Bankruptcy Code and Section 17.3 of the Plan, the Plan and its provisions are binding upon the Estate, all holders of Claims (whether or not impaired and whether or not such holders accepted the Plan), and each of their respective successors and assigns. The Plan expressly provides no general discharge for the

4899-0540-4322.4 78512.001

4

Debtor and preserves rights of holders of Non-Dischargeable Claims consistent with Section 13 of the Plan .

4.    **Establishment of Liquidation Trust; Appointment of Liquidation Trustee.** The Liquidation Trust is approved and established as of the Effective Date. The ~~form and substance of the Liquidation Trust Agreement are approved, and the~~ Trustee is authorized and directed to execute and deliver ~~the~~ a liquidation trust agreement (the "**Liquidation Trust Agreement**") ~~substantially~~ that is consistent with the Plan. Bradley D. Sharp is appointed as the Liquidation Trustee with the rights and powers set forth in Section 8.1 of the Plan, including the authority to prosecute, settle, and resolve Causes of Action and Disputed Claims (subject to the terms of the Plan), and to make distributions in accordance with the Plan.

5.    **Post-Confirmation Status Reports.** The Liquidating Trustee must file and serve on the United States Trustee and the twenty (20) largest unsecured creditors post-confirmation status reports setting forth the following: (1) progress that has been made toward substantial consummation of the confirmed Plan; (2) a schedule listing for each debt and each class of claims; the total amount required to be paid under the Plan; the amount required to be paid as of the date of the report; the amount actually paid as of the date of the report; and the deficiency, if any, in required payments; (3) a schedule of any and all post-confirmation tax liabilities that have accrued or come due and a detailed explanation of payments thereon; (4) projections as to the Liquidating Trustee's ability to comply with the terms of the Plan; (5) an estimate of the date for Plan consummation and application for final decree; and (6) any other pertinent information needed to explain the progress toward completion of the confirmed Plan.

6.    **Vesting and Transfer of Assets.** On the Effective Date, all Assets of the Estate automatically vest in the Liquidation Trust free and clear of all Claims, Liens, and Interests, except as otherwise provided in the Plan or this Order, as set forth in Section 8.1 of the Plan.

7.    **Professional Fee Escrow; Payment of Allowed Professional Fee Claims.** The Professional Fee Escrow Account shall be funded as provided in Section 5.2(b) of the Plan, and Allowed Professional Fee Claims shall be paid from the Professional Fee Escrow Account upon allowance by the Court.

4899-0540-4322.4 78512.001                                5

8.    **Treatment of Claims.** The classification and treatment of Claims under the Plan are approved and shall be binding and implemented in accordance with the Plan, including without limitation: (a) Class 1 (Other Priority Claims): unimpaired; paid in full in cash as provided in Section 6.1; (b) Class 2 (Secured Tax Claims): unimpaired; paid in full in cash as provided in Section 6.2; (c) Class 3 (Gestetner Secured Claim): impaired; to receive 50% of LCG distributions to the Estate or Liquidation Trust until paid in full, as provided in Section 6.3 and consistent with the Gestetner Settlement; (d) Class 3(a) (Other Secured Claims): impaired; to receive their collateral, or such other agreed treatment, as provided in Section 6.4; (e) Class 4 (General Unsecured Claims): impaired; to receive pro rata distributions from Liquidation Trust Assets in accordance with Section 6.5.

9.    **Executory Contracts and Unexpired Leases.** Executory contracts and unexpired leases shall be treated as provided in Section 14 of the Plan, including the rejection of any unexpired leases not previously assumed or rejected upon entry of this Order. The deadline to file any Rejection Damage Claims is thirty (30) days after the Effective Date, and untimely claims shall be forever barred. Section 14.2 so provides.

10.    **Exculpation; Injunction.** The exculpation and injunction provisions in Sections 12.2 and 12.3 of the Plan are approved, incorporated herein, and shall be effective and enforceable according to their terms as of the Effective Date. Nothing in this Order or the Plan shall enjoin, prevent, or limit the Liquidation Trustee's rights, powers, or authority under the Plan and Liquidation Trust Agreement.

11.    **Preservation of Privileges and Causes of Action.** All privileges and Causes of Action are preserved and transferred to the Liquidation Trust as provided in Sections 8.6 and 11.1 of the Plan .

12.    **United States Trustee Fees.** All fees due under 28 U.S.C. § 1930(a)(6) shall be paid on or before the Effective Date (for pre-Effective Date periods) by the Estate and thereafter by the Liquidation Trust, and required reports shall be filed until entry of a final decree.

13.    **Implementation; Effectuation.** The Trustee, the Liquidation Trustee, and their professionals and agents are authorized and directed to take all actions and execute all documents

4899-0540-4322.4 78512.001                                        6

necessary or appropriate to implement the Plan and this Order, including without limitation execution of the Liquidation Trust Agreement and consummation of settlements approved herein.

14. **Nonseverability.** The provisions of this Order are mutually dependent and not severable.

15. **Retention of Jurisdiction.** Pursuant to Section 15 of the Plan, the Court retains jurisdiction over all matters arising out of, or related to, the Chapter 11 case and the Plan, including without limitation matters set forth in Section 15.

16. **Notice of Effective Date.** Within fourteen (14) days after the occurrence of the Effective Date, the Liquidation Trustee shall file and serve a notice of occurrence of the Effective Date and the deadlines and procedures for filing Administrative Expense Claims, Professional Fee Claims, and Rejection Damage Claims as applicable under the Plan.

17. **Inconsistencies.** In the event of any inconsistency between the Plan and this Order, this Order shall govern; in the event of any inconsistency between the Plan and any document introduced into evidence or argument presented at the confirmation hearing, the Plan and this Order shall govern.

18. **Findings of Good Faith.** The Trustee and each of the Exculpated Parties are deemed to have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in connection with the solicitation of acceptances and rejections of the Plan and the offers, issuances, sales, or purchases of securities under the Plan, if any.

19. **No Discharge of Debtor.** Consistent with Section 13 of the Plan and 11 U.S.C. § 1141(d)(5), no general discharge of the Debtor is granted under the Plan; rights with respect to Non-Dischargeable Claims are preserved as stated in Sections 13.2 and 13.3.

20.    **Post-Confirmation Status Conference**. The Court will hold a post-confirmation status conference on June 30, 2026 at 2:00 p.m. The Liquidating Trustee shall file a post-confirmation status report on or before June 16, 2026.

#####

Date: April 28, 2026

_Neil W. Bason_
Neil W. Bason
United States Bankruptcy Judge

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

---

**Tuesday, April 21, 2026**                                                          **Hearing Room      1545**

2:00 PM
**2:23-10990     Leslie Klein**                                                          **Chapter 11**

**#12.00**     Cont'd Status Conference re: Chapter 11 Case
fr. 4/8/25, 4/22/25, 05/01/25, 5/6/25, 5/20/25, 6/3/25,
6/17/25, 6/24/25, 07/15/25, 8/5/25, 8/12/25, 9/9/25,
9/23/25, 10/7/25, 10/21/25, 11/18/25, 12/2/25, 12/16/25,
01/20/26, 2/24/26, 3/10/26, 3/24/26

Docket       1

**Tentative Ruling:**

**Tentative Ruling for 4/21/26:**
Confirm the Third Amended Plan, grant the surcharge motion, and set a
continued (post-confirmation) status conference, all as set forth below.
Appearances required.

If you are making an appearance, you may do so (1) in person in the
courtroom, unless the Court has been closed (check the Court's website for
public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone.  For
ZoomGov instructions for all matters on calendar, please see page 1 of the
posted tentative rulings.

(1) Current issues
        (a) Trustee's Third Amended Plan of Liquidation of the Estate of Leslie
Klein (dkt. 1350), proofs of service (dkt. 1326-28), Ballot declaration (dkt.
1360), Confirmation brief (dkt. 1361), Declaration of Leslie Klein In Opposition
to Plan (dkt. 1323)
        This Court has reviewed the above-referenced documents and the
tentative ruling is to overrule the Declaration [objection] of Leslie Klein in
Opposition to Plan (dkt. 1323) and confirm the Third Amended Plan for the
following reasons.

---

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, April 21, 2026**                                                          **Hearing Room   1545**

2:00 PM
**CONT...        Leslie Klein**                                                                    **Chapter 11**

As for Debtor's declaration/opposition (dkt. 1323), it contains only conclusory statements unsupported by any legal analysis or evidence, many of which are irrelevant to any confirmation issues.  For example, it states that "Debtor contends that the Trustee has zero interest in the insurance policies." Decl./Opp. (dkt. 1323) p. 2:7-8.  First, there is no legal argument or evidence to back up these assertions.  Second, any litigation over those issues is separate from whether or not to confirm the Third Amended Plan, which deals with how whatever interests the bankruptcy estate does possess will be distributed to creditors.  In other words, Debtor's declaration/objection adds nothing to the analysis of whether or not to confirm the plan.

As for any remaining issues, this Bankruptcy Court has an independent obligation to review the Third Amended Plan for compliance with 11 U.S.C. 1129.  Based on that review, the tentative ruling is to confirm the Third Amended Plan.

The starting point is Trustee's ballot tabulation (dkt. 1360, at 6, Ex. A). Classes 1 and 2 are unimpaired and therefore "are conclusively presumed to have accepted the plan …." 11 U.S.C. 1126(f).  Class 3 comprises the "Gestetner Secured Claim," is impaired, which voted to accept the Third Amended Plan.  Class 4 comprises General Unsecured Claims, which are impaired, and this class voted to accept the Third Amended Plan.  Class 3(a) comprises "Other Secured Claims," which are impaired and did not vote accept the Third Amended Plan.  (*See* Certificate of Service of Plan Solicitation Packages, Dkt. 1327, reflecting that Class 3a is not an empty class; *and see generally* Ballot declaration, dkt. 1360, reflecting that no ballots were received from Class 3a.)  Therefore, "cramdown" is required.

(b) Cramdown
As noted above, the absence of an impaired class voting for confirmation means that the elements of 11 U.S.C. 1129(a)(8) are not satisfied for that class, so the Third Amended Plan can only be confirmed if "cramdown" is appropriate per 11 U.S.C. 1129(b).  *See* 11 U.S.C. 1129(b) (confirmation with fewer than all classes accepting).  To satisfy 1129(b), a plan must not discriminate unfairly and must be fair and equitable with respect to each impaired class that has not accepted the plan.

The tentative ruling is that the Third Amended Plan does not discriminate unfairly with respect to Class 3(a), which consists of secured claims. Disparate treatment among classes of claims can constitute "unfair

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

---

**Tuesday, April 21, 2026**                                                                 **Hearing Room    1545**

2:00 PM
**CONT...        Leslie Klein**                                                                                    **Chapter 11**

discrimination" only if the claims are "substantially similar to each other." *See In re Linda Vista Cinemas, LLC*, 442 B.R. 724, 753-54 (Bankr. D. Ariz. 2010) ("it is not a valid objection, nor 'unfair discrimination' to complain that other classes are being treated different *unless* their claims are substantially similar to each other." (emphasis in original).  According to the Court of Appeals for the Ninth Circuit, in determining whether claims are substantially similar, bankruptcy courts are required to 'evaluate the nature of each claim, *i.e.,* the kind, species, or character of each category of claims' in the 'ordinary common vernacular, where it means kind, sort, species or character." *See In re Johnston,* 21 F.3d 323, 327 (9th Cir. 1994) *quoting In re Los Angeles Land and Invs., Ltd.*, 282 F.Supp. 448, 454 (D. Haw. 1968).  The tentative ruling is that the Third Amended Plan does not discriminate unfairly with respect to Class 3(a) because the Third Amended Plan provides that each holder of an allowed claim in Class 3(a) will receive the collateral in which such holder has a lien (dkt. 1350, PDF pp. 10 of 38, section 6.4(b)).  Thus, the different treatment of Class 3(a) is based on the different nature of the asserted collateral.

For the Third Amended Plan to be fair and equitable with respect to Class 3(a), the Third Amended Plan must satisfy the requirements of 1129(b)(2)(A).  The tentative ruling is that the Third Amended Plan is fair and equitable with respect to Class 3(a) because the Third Amended Plan provides that, on the effective date, the holders of allowed claims in Class 3(a) will realize the indubitable equivalent of their claim (1129(b)(2)(A)(iii)) by receiving the collateral in which such holder has a lien (dkt. 1350, PDF pp. 10 of 38, section 6.4(b)).

For the foregoing reasons, the tentative ruling is that the Third Amended Plan does not discriminate unfairly and meets the "fair and equitable" requirements (11 U.S.C. 1129(b)), and all the other requirements for confirmation.

Proposed order(s): Unless otherwise ordered, Trustee is directed to lodge, via LOU within 7 days after the hearing date, an order confirming the Third Amended Plan and setting a post-confirmation status conference as set forth below (in part "(2)(d)" of this tentative ruling), and attach a copy of this tentative ruling, thereby incorporating it as this Court's actual ruling, subject to any changes ordered at the hearing.  In addition, the confirmation order should

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, April 21, 2026**                                    **Hearing Room   1545**

2:00 PM
**CONT...**        **Leslie Klein**                                              **Chapter 11**

include the language required by the local rules regarding post-conversion status reports and the effect of any future conversion. *See* LBR 3020-1(b), 9021-1(b)(1)(B).  In addition, the confirmation order should direct Trustee to file a Notice Of Effective Date within 14 days after the effective date has occurred.

(c) Motion for Order Approving Surcharge Against Proceeds of the Sale (dkt. 1320, the "Surcharge Motion"); Supplement (dkt. 1325); Opposition (dkt. 1355); and Reply (dkt. 1359)
Grant the Surcharge Motion and overrule the opposition.
Trustee requests that this Court approve the surcharge against Residential Credit Opportunities Trust 1X-A ("Lender") from the proceeds of the sale of property located at 143 S. Highland Ave., Los Angeles, California ("Property") for $313,040.74 of "Disposition Expenses" described in the Motion and Supplement.  (*See* Mot., dkt. 1320, at Ex. A, pp. 16 of 19; Supp., dkt. 1325, at Ex. A, pp. 6 of 9.)
Section 506(c) provides as follows:
The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, including the payment of all ad valorem property taxes with respect to the property.  [11 U.S.C. 506(c).]
In the Ninth Circuit, the movant under 506(c) must "demonstrate [1] that the expenses it seeks to surcharge against the [secured creditor] were reasonable, necessary, and beneficial to the [secured creditor's] recovery [*i.e.,* the objective test], or [2] that the [secured creditor] caused or consented to those expenses [*i.e.,* the subjective test]."  *See Compton Impressions, Ltd. v. Queen City Bank (In re Compton Impressions, Ltd.)*, 217 F.3d 1256, 1260 (9th Cir. 2000).  The party seeking surcharge under 506(c) bears the burden of proof. *See Fed. Depsit Ins. Corp. v. Jenson (In re Jenson),* 980 F.2d 1254, 1260 (9th Cir. 1992).
The tentative ruling is that both tests are satisfied.

(i) The objective test favors the relief sought in the Surcharge Motion: the requested expenses were and are reasonable, necessary, and beneficial to Lender
The tentative ruling is that, for the reasons set forth in the moving and