LESLIE KLEIN & ASSOCIATES
6454 Van Nuys Blvd, Ste 150
Van Nuys, CA 91401
818-501-2663

In Pro Per

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Los Angeles Division

| | |
|---|---|
| IN RE LESLIE KLEIN, | Case No.: 2:23-bk-10990-NB |
| Debtor | Chapter 11 |
| | **DECLARATION OF LESLIE KLEIN IN OPPOSITION TO MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY AT 322 N. JUNE ST, LOS ANGELES, CA** |
| | **DATE: June 30, 2026**<br>**TIME: 2:00 P.M.**<br>**PLACE: Courtroom 1545**<br>**255 E. Temple Street Los Angeles, CA 90012** |
| | **HON. NEIL BASON, JUDGE OF THE UNITED STATES BANKRUPTCY COURT PRESIDING** |

**DECLARATION OF LESLIE KLEIN IN OPPOSITION TO MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY AT 322 N. JUNE ST, LOS ANGELES, CA**

**LESLIE KLEIN Declares**:

1. I have personal knowledge of all facts set forth in this declaration, and if called upon as a witness, I could and would testify competently thereto. I am the Debtor as well as the largest Creditor of this Estate.

2. Frank Menlo lost twice in Los Angeles Superior Court Dept 46. He resigned as Trustee. With the help of Tamar and Shlomo Rechnitz, Menlo mis-appropriated $600,000,000 from the Menlo Family. The discovery of this extreme mis-conduct killed his father and mother. Attached hereto and incorporated by reference as Exhibit A is a true and correct copy of the Order filed February 11, 2026, by the Hon. David Cowan, Judge of the Los Angeles Superior Court.

3. Tamar and Shlomo Rechnitz mis-appropriated $600,000,000 from the Menlo Family and $40,000,000 from the clients and creditors of Leslie Klein & Associates. John Lucas has advised Jonathon Polter that he cannot talk to Leslie Klein regarding the mis-appropriation of funds from American General because that would be a violation of the Bankruptcy Stay, but the Bankruptcy is concluded. This is outright mis-representation. The money that Mr. Polter is misappropriating with the help of Mr. Lucas belongs to the children of Erika Klein and to the Trust of David Green. The Trust of David Green has a Judgment which was recorded in Los Angeles County. The June Street House cannot be sold until that recorded Judgment is satisfied. Mr. Polter mis-appropriated $8,000,000 from the Barbara Holtzman Policy in 2017. Mr. Sharp has zero interest in the Barbara Holtzman Policy. If the funds that Mr. Polter mis-appropriated are given to the children of Erika Klein, they will purchase the House for $6,000,000 and satisfy the Judgment of the David Green Trust. Also, by unreasonably extending the Bankruptcy Stay, Tamar and Shlomo Rechnitz, and Jonathon Polter, were facilitated by John Lucas, Esq. and Jeffrey Dulberg, Esq. to steal $60,000,000 from the Menlo family.

4. Shlomo Rechnitz also allowed 25 patients to be killed at their facilities through gross negligence and recklessness. He also allowed an 85 year-old lady to be raped at their facility.

**DECLARATION OF LESLIE KLEIN IN OPPOSITION TO MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY AT 322 N. JUNE ST, LOS ANGELES, CA**

5. Tamar and Shlomo Rechnitz, and Jonathon Polter are refusing to participate in a hearing before the Rabbinical Council of California, as they contractually agreed to do. That is causing harm to the reputation and efficacy of the Council.

6. Attorneys Lucas and Dulberg still represent Tamar and Shlomo Rechnitz. Attached hereto as Exhibit B is a true and correct copy of Trustee Anderson's Opposition to their employment showing they represent Shlomo and Tamar Rechnitz.

7. No attorneys charged $3,550 and hour in 2023. Attached is a Wall Street Journal article to that effect.

8. I am informed and thereon allege that Federal authorities are conducting an active review of hospice operations and the federal bankruptcy court in the Los Angeles area. I have identified conduct attributable to the Pachulski firm that warrants disclosure, and I expect to meet with the relevant authorities shortly for that purpose. The political contributions by Shlomo and Tamar Rechnitz, including to the Office of the Governor, are within the scope of that review.

9. I remain the Trustee of the Eugene Kohn Trust and the Rozy Zimmerman Trust, and I previously directed the investment of funds from the David Green Trust. The Probate Court has directed me to provide a full accounting identifying the present custodian of the Zimmerman Policy funds, and I will provide that accounting.

10. American General has confirmed in 2025 that it disbursed $4,000,000 under the Eugene Kohn Policy and $14,000,000 under the Rozy Zimmerman Policy. Those funds were issued to Jonathon Polter and have been negotiated.

11. Mr. Polter's authority to act on behalf of those trusts was terminated in 2021. He has no authority to issue checks, endorse instruments, or otherwise direct trust assets. Every disbursement of funds by him since that date is unauthorized and recoverable. I have demanded that Mr. Sharp return the $2,250,000 that was disbursed to him illegally by Mr. Polter.

12. The June Street Property was sold for $5,200,000. The children of Erika Klein made an offer of $5,500,000, which the broker and the trustee ignored. In fact, there is no sign from any broker in

**DECLARATION OF LESLIE KLEIN IN OPPOSITION TO MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY AT 322 N. JUNE ST, LOS ANGELES, CA**

front of the House, and the Court-approved broker is no longer working on the sale.  There is no Court-approved broker for the sale now.

13.      The motion for Summary Judgment before this Court regarding the June Street Property was governed by Probate Law, not Bankruptcy Law.  I was not signed by Mr. Sharp or verified by any person.  It was required to be signed by Mr. Sharp and verified.  Also, there can be no disagreement on the facts for summary judgment (see ruling by Judge Cowan on the Menlo case).  The lookback period starts 01/01/2019, and the House was purchased in 1977.

14.      There is a judgment on the House in  favor of the David Green Trust for $2,500,000, and there is a check from Jonathon Polter from Cambridge Financial for $2,250,000.  Jonathon Polter was not authorized to write any checks.  The Bankruptcy Estate will receive $450,000 total.

15.      The Trustee, Mr. Sharp, has zero interest in the following five policies: Barbara Holtzman; Andrew and Yvette Gardner; Ruth Burke; Evelyn Goldstein; and, Eugene Kohn.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed in Van Nuys, California, on June 16, 2026.


                                                  /s/ Leslie Klein
                                    By: _____ _____
                                            Leslie Klein___

**DECLARATION OF LESLIE KLEIN IN OPPOSITION TO MOTION FOR ORDER
AUTHORIZING SALE OF REAL PROPERTY AT 322 N. JUNE ST, LOS ANGELES, CA**

# Buchalter

1000 Wilshire Boulevard
Suite 1500
Los Angeles, CA 90017
213.891.0700 Phone
213.896.0400 Fax

File Number: K7474-0010
213.891.5460 Direct
MWACHTELL@buchalter.com

September 13, 2021

**VIA FEDEX**

Mr. Jonathon Polter
26999 Central Park Blvd.
Suite 225
Southfield, MI  48076

      Re:    Life Capital Group, LLC

Dear Mr. Polter:

This firm represents Leslie Klein in connection with his membership interest in Life Capital Group, LLC, a California limited liability company ("Life Capital" or "Company").

Life Capital was formed in California as a limited liability company on April 8, 2011 and its Operating Agreement, a copy of which is enclosed, is dated as of June 1, 2011. In Section 6.2 of the Operating Agreement you are designated as the "Manager" of Life Capital. On May 24, 2016 a Statement of Information was filed with the California Secretary of State confirming your serving as Manager of the Company as of that date. Since Mr. Klein has never been notified otherwise, we assume you still serve as Manager since Mr. Klein has never received any information that you have been replaced as Manager or resigned. However, on June 14, 2021 a Statement of Information was filed with the California Secretary of State by Devora Pinson, office manager for Life Capital, identifying Schlomo Rechnitz as the Manager or Managing Member of Life Capital. Therefore, based upon the information currently in our possession, from at least June 1, 2011 until June 14, 2021, you served as a Manager of Life Capital. In that capacity you assumed all of the responsibilities, duties and obligations of a Manager of a California limited liability company as set forth in the Company's Operating Agreement. The duties and responsibilities of a Manger of a California limited liability company are also prescribed by relevant sections of the California Corporation Code sections which are applicable to California limited liability companies.

As provided in the Operating Agreement and Schedule A thereto, the ownership of 21

buchalter.com

Los Angeles
Napa Valley
Orange County
Portland
Sacramento
San Diego
San Francisco
Scottsdale
Seattle

# Buchalter

Mr. Jonathon Polter
September 13, 2021
Page 2

life insurance policies on the lives of third parties were assigned to Life Capital by Mr. Klein. The Operating Agreement provides that the life insurance premium payments due on the policies owned by the Company were to be paid with money funded by Mr. Rechnitz or received from third party lenders. Upon the death of any of the named insureds, the Operating Agreement specified how the death benefits payable to Life Capital were to be distributed among the Members and possibly others.

As the Manager of LLC it was your duty, obligation and responsibility to maintain books and records of the Company, arrange for the timely and periodic payment of all life insurance premiums due under the Company's life insurance policies, and comply with the responsibilities and duties of a Manager.

Article IX of the Operating Agreement provides a general outline of the information to be accounted for by the Company's Manager to its Members.  Section 9.3 specifically provides that the Company, acting through its Manager, shall provide each Member "(a) such reports and financial statements as may be reasonably be required for his financial reporting requirements, including, without limitation, copies of all annual, quarterly and monthly financial statements; and (b) detailed financial statements and information and documents (including Form K-1) necessary or desirable for the preparation of support of such member's tax returns. as soon as practicable after the end of each Fiscal Year."

Section 9.4 designated Schlomo Rechnitz as the "tax matters member" and therefore you as the Company's Manager had, or still have, the duty and responsibility to either have prepared and provided to Mr. Rechnitz for execution and filing, or provide Mr. Rechnitz with the information that he needed in order to file both state and federal tax returns for Life Capital every year.  Once the tax returns were filed it was your responsibility to distribute tax information and Form K-1s to the Members.

Since the formation of this Company in 2011, Mr. Klein has not received any comprehensive financial reports including, but not limited to, the disclosure and accounting of the following information:

(a) Schedules of insurance premium payments payable for each of the life insurance policies owned by the Company, including but not limited to, those policies listed in Schedule A to the Operating Agreement;

(b) The status of each of the life insurance policies owned by Life Capital from its formation to date, including: (i) any lapses of insurance policies due to non-payment of premiums or otherwise, (ii) the receipt and distribution of life insurance benefit payments payable upon the death of any of the named insureds, (iii) the sale, transfer, or other disposition of life insurance policies owned by Life Capital including the reason for such sale, transfer, or disposition and accounting for the consideration

# Buchalter

Mr. Jonathon Polter
September 13, 2021
Page 3

received for such sale, transfer, or disposition;

(c)  A comprehensive accounting for the distributions and/or allocation of net income and losses as required and provided for in Article IV of the Operating Agreement;

(d)  The transfer, including sales, or other disposition, of any and all life insurance policies owned by the Company including the name and contact information for the purchaser, the prices received, the terms of sale, and provisions for payments to be made to the Company upon death of any of the named insureds;

(e)  Information as to any amounts loaned to the Company from any third party lenders and the status of any reimbursement of funds to any lenders to the Company as provided in Section 4.6 of the Operating Agreement;

(f)  Amounts deposited to, or disbursed from the Reserve Account, as provided in Article V of the Operating Agreement.

The term "Interest" as defined in the Operating Agreement means with respect to each Member of Life Capital: "(a) such Member's share of the profits and losses of the Company and a Member's rights to receive distributions from the Company in accordance with the provisions of this Agreement and the Act, and (b) such Member's other rights and privileges in respect of the Company as herein provided." .

Article III of the Operating Agreement requires that the Manager maintain a record of the number of Interests held by each Member and the respective Percentage Interest of each Member.  The Manager is also charged with responsibility to update this information from time to time to reflect changes.  The Company, acting through its Manager, is further obligated to maintain and account for each Member's capital contribution in the Company, and maintain a Capital Account for each Member throughout the full term of the Company.

Mr. Klein has never received a comprehensive accounting or updated financial statements on a periodic basis as required in the Operating Agreement or otherwise, advising him of the status of the Company's life insurance policies, the profits and losses of the Company on a periodic ongoing basis from 2011 to date, or his capital account and any change in his membership Percentage Interest during that period of time. The superficial accountings previously provided to Mr. Klein which have been provided to us, are incomplete and totally inconsistent with the information that the Operating Agreement requires the Manager to provide to the Members.  Furthermore, Mr. Klein has never received any K-1 Statements since from 2011 to date nor copies of any of the Company's tax returns.  It is unclear whether any tax returns were even filed for the Company and/or whether there was any information that Mr. Klein was obligated to report under his own his own person tax returns.

BN 46802379v4

# Buchalter

Mr. Jonathon Polter
September 13, 2021
Page 4

As provided in Article IX of the Operating Agreement, the books and records of the Company outlined in Article IX are to be made available to authorized representatives and/or agents of any Member and such Members have a right to both inspect and copy such books and records. Please let us know by close of business September 17, 2021 where the Company's books and records are located and whether they will be made available for inspection and copying by Mr. Klein, his attorneys, or his authorized representatives.

Mr. Klein also believes that since your engagement as Manager, you have received a substantial amount of compensation to serve as the Manager of Life Capital. Please provide us with a schedule of all compensation paid to you as Manager of the Company from 2011 to date as well as any other monetary, tangible or non-tangible consideration received by you as consideration for your services as Manager of the Company. Please also provide us with copies of all W-2 or 1099's reflecting such compensation or other monetary consideration from 2011 to date.

If you contend that you are no longer serving as a Manager of the Company, please provide us with all communications and/or documentation reflecting your resignation or termination as Manager of the Company, and provide receipts as to the surrender and/or transfer of the financial and tangible records of the Company to any successor Manager, or to Mr. Rechnitz as the other Member of Life Capital.

As a Company organized and operating under the laws of the State of California, the fiduciary duties of a Manager owed to the members of a limited liability company are further described in detail in California Corporations Code section 17704.09, a copy of which is enclosed for your information. These fiduciary duties are owed to all members of a limited liability company no matter their percentage membership interest might be.

We look forward to a prompt response to this letter and receiving the information requested.

Very truly yours,

BUCHALTER
A Professional Corporation

By

Michael L. Wachtell

MLW:la

BN 46802379v4

# Buchalter

Mr. Jonathon Polter
September 13, 2021
Page 5

cc:    Leslie Klein
       Schlomo Rechnitz

BN 46802379v4

| In re: LESLIE KLEIN | Chapter 11 |
|---|---|
| Debtor. | Case No.: 2:23-bk-10990-NB |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 301 East Colorado Boulevard, Suite 520, Pasadena, California 91101.

A true and correct copy of the foregoing document described as **"Declaration of Leslie Klein In Opposition to Motion for Order Authorizing Sale of Real Property At 322 N. June St, Los Angeles, CA"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 16, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[x] Service information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicated method for each person or entity served): On June 16, 2026, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[x] Service information continued on attached page.

| In re: LESLIE KLEIN | Chapter 11 |
| Debtor. | Case No.: 2:23-bk-10990-NB |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

__06/16/2026__      __Jasper Pantaleon__      __/s/ Jasper Pantaleon__
Date                      Type Name                      Signature

## I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)":**

- Donald L. Saltzman dlslawcorp@aol.com
- Simon Aron  saron@wrslawyers.com, moster@wrslawyers.com
- Kenneth Misken  Kenneth.m.misken@usdoj.gov
- Reem J Bello  rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Jeffrey Nolan  jnolan@pszjlaw.com
- Ron Bender  rb@lnbyg.com
- Michael Jay Berger  Michael.berger@bankruptcypower.com, Yathida.nipha@bankruptcypower.com, Michael.berger@ecf.inforuptcy.com
- Jeffrey N Pomerantz  jpomerantz@pszjlaw.com
- Greg P Campbell  ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com, gcampbell@aldridgepite.com
- Brian A Procel  bprocel@millerbarondess.com, rdankwa@millerbarondess.com, docket@millerondess.com
- Joshua L Scheer  jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- Baruch C Cohen  bcc@baruchcohenesq.com, paralegal@baruchcohenesq.com
- Mark M Sharf (TR)  mark@sharflaw.com, c188@ecfcbis.com, sharf1000@gmail.com, 2180473420@filings.docketbird.com
- Theron S Covey  tcovey@raslg.com
- Bradley D Sharp (TR)  bsharp@dsi.biz

**PROOF OF SERVICE**
**- 2 -**

- Jeffrey W Dulberg  jdulberg@pszjlaw.com
- Dane W Exnowski  dane.exnowski@mccalla.com, bk.ca@mccalla.com, mccallaecf@ecf.courtdrive.com
- Richard P Steelman  rps@lnbyg.com, john@lnbyg.com
- Alan W Forsley  alan.forsley@flpllp.com, awf@fkllawfirm.com, awf@fl-lawyers.net, addy@flpllp.com
- Nikko Salvatore Stevens  nikko@cym.law, mandi@cym.law
- Robert P Goe  kmurphy@goeforlaw.com, rgoe@goeforlaw.com, goeforecf@gmail.com
- Alan G Tippie  alan.tippie@gmlaw.com, atippie@ecf.courtdrive.com, karen.files@gmlaw.com, patricia.dillamar@gmlaw.com, denise.walker@gmlaw.com
- Michael I Gottfried  mgottfried@elkinskalt.com, cavila@elkinskalt.com, lwageman@elkinskalt.com, docketing@elkinskalt.com
- Gary Tokumori  gtokumori@pmcos.com
- Brandon J Iskander  biskander@goeforlaw.com, kmurphy@goeforlaw.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- Michael S Kogan  mkogan@koganlawfirm.com
- Michael L Wachtell  mwachtell@buchalter.com
- John P Ward  jward@attleseyward.com, ezhang@attleseystorm.com
- Marc A Lieberman  marc.lieberman@flpllp.com, safa.saleem@flpllp.com, addy@flpllp.com
- Brett J Wasserman  wasserman@smcounsel.com
- John W Lucas  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- Alex M Weingarten  aweingarten@willkie.com, lcarter@willkie.com
- Armen Manasserian  armen@cym.law, jennifer@cym.law
- Beth Ann R Young  bry@lnbyg.com, bry@lnbyb.com
- Ron Maroko  ron.maroko@usdoj.gov
- Clarisse Young  youngshumaker@smcounsel.com, levern@smcounsel.com

**PROOF OF SERVICE**
**- 3 -**

- Kirsten Martinez  Kirsten.martinez@bonialpc.com, notices.bonial@ecf.courtdrive.com
- Paul P Young  paul@cym.law, jaclyn@cym.law
- Steven M Mayer  smayer@mayerlawla.com
- Roye Zur  rzur@elkinskalt.com, tparizad@elkinskalt.com, lwageman@elkinskalt.com, 1648609420@filings.docketbird.com
- Christopher M McDermott  ch11ecf@aldridgepite.com, cmm@ecf.inforuptcy.com, cmcdermott@aldridgepite.com
- Krikor J Meshefejian  kjm@lnbyg.com

## II. SERVED BY UNITED STATES MAIL:

Hon. Neil W. Bason
U.S. Bankruptcy Court
255 East Temple Street #1552
Los Angeles, California 90012

Peter C. Anderson, U.S. Trustee
Michael Jones, Assistant U.S. Trustee
Office of the U.S. Trustee
915 Wilshire Boulevard Suite 1850
Los Angeles, California 90017

Nathan Talei
Oldman, Sallus & Gold, LLP
16133 Ventura Boulevard, PH-A
Encino, California 91436