Jeffrey W. Dulberg (CA Bar No. 181200)
John W. Lucas (CA Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760
Email:  jdulberg@pszjlaw.com
             jlucas@pszjlaw.com

Counsel to Bradley D. Sharp,
Liquidation Trustee of the Klein Creditors' Liquidation Trust

FILED & ENTERED

JUL 10 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ghaltchi   DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

In re

LESLIE KLEIN,

Debtor.

Case No. 2:23-bk-10990-NB

Chapter 11

**ORDER GRANTING MOTION AND AUTHORIZING (1) SALE OF REAL PROPERTY COMMONLY KNOWN AS 322 N. JUNE STREET, LOS ANGELES, CALIFORNIA, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(b) AND (f); (2) CLARIFYING STATE OF TITLE TO PROPERTY PURSUANT TO PRIOR COURT ORDER; AND (3) PAYMENT OF REAL ESTATE BROKERS' COMMISSIONS**

[322 N. June Street, Los Angeles, CA]

[Relates to Docket Nos. 1394, 1407, 1409, 1415 and 1416]

**DATE:**    June 30, 2026
**TIME**:    2:00 p.m.
**PLACE:** 255 East Temple Street
               Los Angeles, California
**CTRM**:  1545

LA:4899-8107-2818.7 78512.001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

A hearing was held <u>as set forth in the caption above</u> ~~on June 30, 2026, at 2:00 p.m.~~, before the Honorable Neil W. Bason, United States Bankruptcy Judge for the Central District of California, in Courtroom 1545 located at 255 East Temple Street, Los Angeles, California, on the *Motion For Order Authorizing (1) Sale of Real Property Commonly Known as 322 N. June Street, Los Angeles, California, Free and Clear of All Liens, Claims and Encumbrances Pursuant to 11 U.S.C. §§ 363(b) and (f); (2) Clarifying State of Title to Property Pursuant to Prior Court Order; And (3) Payment of Real Estate Brokers' Commissions* [Docket No. 1394] (the "<u>Sale Motion</u>")[1], filed by Bradley D. Sharp, the liquidating trustee of the Klein Creditors' Liquidation Trust (the "<u>Liquidation Trustee</u>").  Appearances were made as noted on the record.

The Court, having read and considered the Sale Motion, the declaration of Eric J. Olson filed in opposition to the Sale Motion [Docket No. 1407], the declarations of Leslie Klein filed in opposition to the Sale Motion [Docket Nos. 1409 and 1412], the reply filed by the Liquidation Trustee [Docket No. 1413], the evidentiary objections filed by the Liquidation Trustee [Docket No. 1414], the Declarations of the Buyer (as defined below) [Docket Nos. 1415 and 1416], the arguments of counsel at the hearing, and having found that due and sufficient notice of the Sale Motion has been given, and having read and considered the Sale Motion and all papers filed in support thereof and, having found that the Accepted Counter-Offer of Bruce Cohen and Mary Louise Cohen, Trustees of the Bruce Cohen Revocable Trust dated April 20, 2012, and Mary Louise Cohen and Bruce Cohen, Trustees of the Mary Louise Cohen Revocable Trust dated April 20, 2012 (the "<u>Buyer</u>"), is the "highest and best" offer received with respect to the proposed sale; and upon the declaration of Bradley D. Sharp, the declaration of William Friedman, and the declarations of the Buyer entitling the Buyer to "good faith" protection in accordance with 11 U.S.C. § 363(m); and having found that all liens, claims, encumbrances and interests are removed from the June Street Property and the allowed amounts of certain liens and claims will be paid in full from the proceeds of the sale, and for the reasons set forth by the Court in the attached

_____

[1] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Sale Motion.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

(amended) tentative ruling, which is incorporated as the actual ruling and on the record of the hearing, and with good cause shown,

IT IS HEREBY ORDERED:

1.      The Sale Motion is **GRANTED** and the Liquidation Trustee is authorized to proceed with the sale of the June Street Property in accordance with the terms of the Accepted Counter-Offer.

2.      The Summary Judgment Order in Adv. Case No. 24-01140, entered December 20, 2024 [Dkt. No. 62], quieted title to the June Street Property in the name of the Leslie Klein chapter 11 Estate as the sole owner and one hundred percent fee simple interest holder of title to the June Street Property.

3.      By operation of law, upon the Effective Date of the Chapter 11 Plan of Liquidation [Dkt. No. 1373], title to the June Street Property was transferred from the Leslie Klein chapter 11 Estate to the Klein Creditors' Liquidation Trust.

4.      The Klein Creditors' Liquidation Trust is the sole owner and one hundred percent fee simple titleholder to the June Street Property for all purposes, including but not limited to, completing the proposed sale thereof.

5.      The Liquidation Trustee is authorized to sell, pursuant to 11 U.S.C. § 363(b) & (f), the real property commonly known as 322 N. June Street, Los Angeles, California and assigned APN: 5523-003-008, legally described as Lot 300 of Tract 8320, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 98 Page 41 of Maps, in the Office of the County Recorder of said County, as further set forth herein.

6.      The Accepted Counter Offer from Buyer in the amount of $5,140,000.00 is approved.

7.      Upon the closing of the sale, the June Street Property shall be sold "as is," "where is," "with all faults," and without warranty or recourse, but free and clear of any and all liens, claims, encumbrances, and interests, including, but not limited to, that certain Guarantee Agreement recorded on January 3, 1983 as Recording No. 1983-3458 in the Official Records of the Office of the County Recorder of Los Angeles County, together with all improvements, as well

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

as all easements and appurtenances, pursuant to 11 U.S.C. § 363(b) and (f) with all liens, claims, encumbrances and interests removed and expunged from title to the June Street Property.  All persons having liens, claims, encumbrances and interests of any kind or nature whatsoever against or in the June Street Property shall be forever barred, estopped, and permanently enjoined from pursuing or asserting such liens, claims, encumbrances and interests against the June Street Property, the Buyer, or any of its assets, property, successors, or assigns.

8.      The Buyer is a "good faith purchaser" pursuant to 11 U.S.C. § 363(m) and is entitled to all benefits, privileges, and protections of 11 U.S.C. § 363(m).

9.      Upon closing, the Liquidation Trustee shall pay through escrow (a) all outstanding real property taxes due and owing to the Los Angeles County Treasurer - Tax Collector upon closing of the Sale; and (b) broker commissions (including as specifically described in the Sale Motion), escrow fees, title insurance premiums and other ordinary and typical closing costs and expenses payable by a seller.

10.      Any and all liens, claims, interests or encumbrances on the June Street Property shall have the same validity, priority, and scope with respect to the sale proceeds as such liens currently exist against the June Street Property, subject to any and all of the Liquidation Trustee's rights to object to, dispute, or subordinate such lien.

11.      The Liquidation Trustee is authorized to seek further relief to uncloud and quiet title of the June Street Property, as necessary, for the purpose of completing the proposed sale.

//

12.    Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry, its provisions shall be self-executing, and the Liquidation Trustee is authorized to proceed with the sale.  The Sale Motion shall be deemed to provide sufficient notice of the Liquidation Trustee's request for waiver of the otherwise applicable stay of the Order.

# # #

Date: July 10, 2026

Neil W. Bason
United States Bankruptcy Judge

LA:4899-8107-2818.7 78512.001                                        5

# Amended Tentative Ruling
[Amended to correct citation to BAP case.]

<u>Appearances required</u>.  The tentative ruling is to grant the sale motion and continue today's status conferences, all as set forth below.

If you are making an appearance, you may do so (1) in person in the courtroom, unless the Court has been closed (check the Court's website for public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone.  For ZoomGov instructions for <u>all</u> matters on calendar, please see page 1 of the posted Tentative Rulings.

(1) <u>Current matters</u>
        (a) <u>Sale motion (dkt. 1394); Olson declaration (dkt. 1407); Klein Declaration (dkt. 1409 & 1412); notice (dkt. 1410); reply (dkt. 1413); evidentiary objections to Klein and Olson declarations (dkt. 1414)</u>
                (i) <u>The objectors lack standing</u>
        As a preliminary matter, the tentative ruling is that Klein, Olson, and the "Adversary Proceeding Defendants" listed in the Olson declaration (dkt. 1407) do not have standing to oppose the sale motion.  *See In re Klein*, BAP No. 25-CC-1002-LCF, 2025 WL 1591289 (9th Cir. BAP June 5, 2025).  Alternatively, even if they did, the Liquidating Trust is authorized to sell the June Street Property (as defined in the sale motion) free and clear of all liens, claims, and interests for the following reasons.

                (ii) <u>This Court has jurisdiction</u>
        This Court must always assess its own jurisdiction.  It has jurisdiction regardless of (A) whether the sale is under 11 U.S.C. 363(b) & (f), (B) whether the sale is to effectuate provisions of the confirmed Plan, and/or (C) whether the sale is to effectuate this Court's prior orders.  Several orders are at issue.
        On 12/2/24, this Court entered an order granting Trustee's motion for summary judgment and determining that the June Street Property qualified as property of the estate.  *See* Adv. P. 2:24-ap-01140, adv. dkt. 62.  On 6/20/2025, the Bankruptcy Appellate Panel for  the Ninth Circuit (the "BAP") entered an order affirming this Court's summary judgment order.  *See In re Klein*, BAP No. 25-CC-1002-LCF, 2025 WL 1591289 (9th Cir. BAP June 5, 2025).  On 4/28/26, this Court entered its order (dkt. 1366) confirming Trustee's proposed chapter 11 plan (bankr. dkt. 1350).
        Alternatively if, for some reason, those orders were not effective (they were) to eliminate any possibility of a residual competing interest as against the estate/liquidating trust's interest and ability to sell the entire fee simple interest in the June Street Property, that would only mean that the estate/trust still have at least some interest in the June Street Property that is subject to disputed claims.  In other words, there would still be property subject to this Court's jurisdiction either under 11 U.S.C. 363(b) & (f), or under this Court's continuing jurisdiction under the confirmed Plan to address any disputes under the Plan or issues ancillary to the Plan's implementation.
        For each of these alternative reasons, this Court has jurisdiction.

                (iii) <u>Sale free and clear is proper</u>
        This Court's prior, final orders (cited above and below) already establish that the bankruptcy estate/trust's interest in the Property is vested free and clear.  For that

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

reason, and the alternative reasons set forth in the motion papers and reply (dkt. 1394 & 1413), and also in the "Procedures of Judge Bason" (available at www.cacb.uscourts.gov) (search for 363(f)), the tentative ruling to authorize the sale free and clear as set forth in the motion.  *See* Confirmation Order (dkt. 1366) at PDF p. 5:22-24 ("On the Effective Date, all Assets of the Estate automatically vest in the Liquidation Trust *free and clear* of all Claims, Liens, and Interest, except as otherwise provided in the Plan or this Order ....") (emphasis added); Plan (dkt. 1350), at PDF p. 12:28-13:2 ("As of the Effective Date, all Assets vested in the Liquidation Trust and all Assets dealt with in the Plan, shall be *free and clear* of all Claims, Liens, and Interests except as otherwise specifically provided in the Plan or in the Confirmation Order.") (emphasis added); *id.* at PDF p. 13:14-15 ("Liquidation Trustee shall have all of the *rights and powers of a trustee in bankruptcy* ... to the same extent as would be held by those officers if the plan had not been confirmed ....") (emphasis added).

(iv) "Good faith" finding under 11 U.S.C. 363(m)

If the successful bidder seeks a "good faith" finding (11 U.S.C. 363(m)), they must, prior to the lodging of any order containing such a finding, file a declaration substantially in the form set forth in the "Procedures of Judge Bason" (available at www.cacb.uscourts.gov) within 7 days after the hearing.

(v) Bid Procedures

The tentative ruling is to approve the proposed overbid procedures for the reasons set forth in the moving papers (dkt. 1394).

(vi) Evidentiary Objections (dkt. 1414)

The Liquidating Trustee's evidentiary objections (dkt. 1414) are sustained for the reasons set forth therein.  Alternatively, the tentative ruling would be the same even if those evidentiary objections were overruled.

Proposed order: Unless otherwise ordered, Liquidating Trustee is directed to lodge proposed order(s) on the foregoing matter(s) via LOU within 7 days after the hearing date (per LBR 9021-1(b)(1)(B)) and attach a copy of this tentative ruling, thereby incorporating it as this Court's actual ruling.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA