United States Bankruptcy Court

Central District of California

In re:                                                                                          Case No. 23-10990-NB

Leslie Klein                                                                                 Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0973-2 | User: admin | Page 1 of 6 |
| Date Rcvd: Jul 10, 2026 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**  **Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

#    Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 12, 2026:**

**Recip ID**                          **Recipient Name and Address**
db                          #+  Leslie Klein, 322 N. June Street, Los Angeles, CA 90004-1042

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 12, 2026                          Signature:          /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 10, 2026 at the address(es) listed below:**

**Name**                          **Email Address**

Alan G Tippie
    on behalf of Interested Party Courtesy NEF Alan.Tippie@gmlaw.com
    atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com

Alex M Weingarten
    on behalf of Interested Party Courtesy NEF aweingarten@willkie.com  lcarter@willkie.com

Alex M Weingarten
    on behalf of Creditor Jeffrey Winter aweingarten@willkie.com  lcarter@willkie.com

Armen Manasserian
    on behalf of Plaintiff Franklin Menlo  co-trustee of the Franklin Menlo Irrevocable Trust established March 1, 1983
    armen@ml-apc.com, jennifer@ml-apc.com,ruben@ml-apc.com

Baruch C Cohen

District/off: 0973-2
User: admin
Page 2 of 6

Date Rcvd: Jul 10, 2026
Form ID: pdf042
Total Noticed: 1

on behalf of Creditor David Berger bcc@BaruchCohenEsq.com paralegal@baruchcohenesq.com

Baruch C Cohen

on behalf of Plaintiff Robert & Esther Mermelstein bcc@BaruchCohenEsq.com paralegal@baruchcohenesq.com

Baruch C Cohen

on behalf of Interested Party Courtesy NEF bcc@BaruchCohenEsq.com paralegal@baruchcohenesq.com

Baruch C Cohen

on behalf of Plaintiff David Berger bcc@BaruchCohenEsq.com paralegal@baruchcohenesq.com

Baruch C Cohen

on behalf of Creditor Robert & Esther Mermelstein bcc@BaruchCohenEsq.com paralegal@baruchcohenesq.com

Beth Ann R. Young

on behalf of Defendant Jonathan Polter bry@lnbyg.com bry@lnbyb.com

Beth Ann R. Young

on behalf of Interested Party Life Capital Group LLC bry@lnbyg.com, bry@lnbyb.com

Beth Ann R. Young

on behalf of Interested Party Courtesy NEF bry@lnbyg.com bry@lnbyb.com

Beth Ann R. Young

on behalf of Defendant Life Capital Group LLC bry@lnbyg.com, bry@lnbyb.com

Bradley D. Sharp (TR)

bsharp@dsi.biz

Brandon J. Iskander

on behalf of Creditor Erica Vago biskander@goeforlaw.com kmurphy@goeforlaw.com;jfountain@goeforlaw.com

Brandon J. Iskander

on behalf of Creditor Joseph Vago biskander@goeforlaw.com kmurphy@goeforlaw.com;jfountain@goeforlaw.com

Brandon J. Iskander

on behalf of Interested Party Robert P Goe biskander@goeforlaw.com kmurphy@goeforlaw.com;jfountain@goeforlaw.com

Brett J. Wasserman

on behalf of Plaintiff Adi Vendriger wasserman@smcounsel.com

Brian A Procel

on behalf of Plaintiff Erica Vago brian@procel-law.com rdankwa@millerbarondess.com;docket@millerbarondess.com

Christopher M McDermott

on behalf of Creditor U.S. Bank National Association as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series christophermcdermott@placer.ca.gov, CMM@ecf.inforuptcy.com;cmcdermott@aldridgepite.com

Clarisse Young

on behalf of Plaintiff Adi Vendriger youngshumaker@smcounsel.com levern@smcounsel.com

Clarisse Young

on behalf of Interested Party Courtesy NEF youngshumaker@smcounsel.com levern@smcounsel.com

Clarisse Young

on behalf of Creditor Adi Vendriger youngshumaker@smcounsel.com levern@smcounsel.com

Craig A Edelman

on behalf of Creditor Residential Credit Opportunities Trust IX-A notice@bkcylaw.com

Dane W Exnowski

on behalf of Interested Party Courtesy NEF dane.exnowski@mccalla.com bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com

Dane W Exnowski

on behalf of Creditor US Bank Trust National Association Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com

Daniel A Crawford

on behalf of Interested Party EKLK Foundation dac@crawfordlawgroup.com

Daniel A Crawford

on behalf of Interested Party Leslie Klein & Associates dac@crawfordlawgroup.com

Eric J Olson

on behalf of Attorney ERIC J OLSON eric@ejolsonlaw.com

Eric J Olson

on behalf of Defendant The Marital Deduction Trust of Erika Klein eric@ejolsonlaw.com

Eric J Olson

on behalf of Defendant The Second Amended Klein Living Trust eric@ejolsonlaw.com

District/off: 0973-2

Date Rcvd: Jul 10, 2026

User: admin

Form ID: pdf042

Page 3 of 6

Total Noticed: 1

Eric J Olson

on behalf of Defendant The Survivor's Trust of Leslie Klein eric@ejolsonlaw.com

Eric J Olson

on behalf of Defendant Barbara Klein eric@ejolsonlaw.com

Eric J Olson

on behalf of Defendant Leslie Klein eric@ejolsonlaw.com

Greg P Campbell

on behalf of Interested Party Courtesy NEF ch11ecf@aldridgepite.com  gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com

Jeffrey N Pomerantz

on behalf of Trustee Bradley D. Sharp (TR) jpomerantz@pszjlaw.com

Jeffrey P Nolan

on behalf of Plaintiff Bradley D. Sharp  Chapter 11 Trustee jnolan@pszjlaw.com

Jeffrey P Nolan

on behalf of Plaintiff Bradley D. Sharp jnolan@pszjlaw.com

Jeffrey P Nolan

on behalf of Trustee Bradley D. Sharp (TR) jnolan@pszjlaw.com

Jeffrey W Dulberg

on behalf of Plaintiff Bradley D. Sharp  Chapter 11 Trustee jdulberg@pszjlaw.com

Jeffrey W Dulberg

on behalf of Trustee Bradley D. Sharp (TR) jdulberg@pszjlaw.com

Jeffrey W Dulberg

on behalf of Plaintiff Bradley D. Sharp jdulberg@pszjlaw.com

Jeffrey W Dulberg

on behalf of Plaintiff Bradley D. Sharp jdulberg@pszjlaw.com

John P. Ward

on behalf of Creditor U.S. Bank  N.A., as Trustee for Velocity Commercial Capital Loan Trust 2018-2 jward@attleseyward.com, ephuong@attleseyward.com

John W Lucas

on behalf of Plaintiff Bradley D. Sharp  Chapter 11 Trustee jlucas@pszjlaw.com, ocarpio@pszjlaw.com

John W Lucas

on behalf of Trustee Bradley D. Sharp (TR) jlucas@pszjlaw.com  ocarpio@pszjlaw.com

John W Lucas

on behalf of Plaintiff Bradley D. Sharp jlucas@pszjlaw.com  ocarpio@pszjlaw.com

Joshua L Scheer

on behalf of Creditor Ajax Mortgage Loan Trust 2021-D  Mortgage-Backed Securities, Series 2021-D, by U.S. Bank National Association, as Indenture Trustee jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com

Kevin Ronk

on behalf of Creditor Miracle Mile Properties  LP Kevin@portilloronk.com, eService@cym.law,karen@cym.law,jodie@cym.law,aileen@cym.law,sarah@cym.law

Kevin Ronk

on behalf of Creditor Franklin Menlo Kevin@portilloronk.com eService@cym.law,karen@cym.law,jodie@cym.law,aileen@cym.law,sarah@cym.law

Kirsten Martinez

on behalf of Creditor Toyota Lease Trust as serviced by Toyota Motor Credit Corporation Kirsten.Martinez@bonialpc.com Notices.Bonial@ecf.courtdrive.com

Kirsten Martinez

on behalf of Creditor NewRez LLC d/b/a Shellpoint Mortgage Servicing  as servicer for J.P. Morgan Mortgage Acquisition Corp Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com

Krikor J Meshefejian

on behalf of Interested Party Life Capital Group  LLC kjm@lnbyg.com

Lisa Patel

on behalf of Defendant Yisroel Zev Rechnitz lpatel@lesnickprince.com jmack@lesnickprince.com;porpe@lesnickprince.com;lpatel@ecf.courtdrive.com

Lisa Patel

on behalf of Defendant Shlomo Y. Rechnitz lpatel@lesnickprince.com jmack@lesnickprince.com;porpe@lesnickprince.com;lpatel@ecf.courtdrive.com

M. Jonathan Hayes

on behalf of Defendant Chaim Manela jhayes@rhmfirm.com matt@rhmfirm.com;rosario@rhmfirm.com;gabriela@rhmfirm.com;sloan@rhmfirm.com

District/off: 0973-2
Date Rcvd: Jul 10, 2026

User: admin
Form ID: pdf042

Page 4 of 6
Total Noticed: 1

Matthew A Lesnick
on behalf of Defendant Yisroel Zev Rechnitz matt@lesnickprince.com
matt@ecf.inforuptcy.com;jmack@lesnickprince.com;porpe@lesnickprince.com

Matthew A Lesnick
on behalf of Defendant Shlomo Y. Rechnitz matt@lesnickprince.com
matt@ecf.inforuptcy.com;jmack@lesnickprince.com;porpe@lesnickprince.com

Matthew D. Resnik
on behalf of Defendant Chaim Manela matt@rhmfirm.com
roksana@rhmfirm.com;russ@rhmfirm.com;sloan@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.c
om;rosario@rhmfirm.com;gabriela@rhmfirm.com;lesley@rhmfirm.com

Matthew D. Resnik
on behalf of Interested Party Courtesy NEF matt@rhmfirm.com
roksana@rhmfirm.com;russ@rhmfirm.com;sloan@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.c
om;rosario@rhmfirm.com;gabriela@rhmfirm.com;lesley@rhmfirm.com

Michael G D'Alba
on behalf of Interested Party Life Capital Group  LLC mgd@lnbyg.com

Michael G D'Alba
on behalf of Defendant Life Capital Group  LLC mgd@lnbyg.com

Michael G D'Alba
on behalf of Defendant Jonathan Polter mgd@lnbyg.com

Michael I. Gottfried
on behalf of Interested Party Courtesy NEF mgottfried@elkinskalt.com
lwageman@elkinskalt.com,docketing@elkinskalt.com,lmasse@elkinskalt.com

Michael I. Gottfried
on behalf of Creditor A. Gestetner Family Trust mgottfried@elkinskalt.com
lwageman@elkinskalt.com,docketing@elkinskalt.com,lmasse@elkinskalt.com

Michael I. Gottfried
on behalf of Creditor Gestetner Charitable Remainder Unitrust mgottfried@elkinskalt.com
lwageman@elkinskalt.com,docketing@elkinskalt.com,lmasse@elkinskalt.com

Michael Jay Berger
on behalf of Attorney Michael Jay Berger michael.berger@bankruptcypower.com
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Michael L Wachtell
on behalf of Interested Party Courtesy NEF mwachtell@buchalter.com  marias@buchalter.com;docket@buchalter.com

Michael S Kogan
on behalf of Interested Party Michael Kogan Law Firm  APC mkogan@koganlawfirm.com

Nikko Salvatore Stevens
on behalf of Plaintiff Franklin Menlo  co-trustee of the Franklin Menlo Irrevocable Trust established March 1, 1983
nikko@cym.law, eService@cym.law,karen@cym.law,sarah@cym.law,grace@cym.law,kate@cym.law

Nikko Salvatore Stevens
on behalf of Creditor Franklin Menlo nikko@cym.law
eService@cym.law,karen@cym.law,sarah@cym.law,grace@cym.law,kate@cym.law

Nikko Salvatore Stevens
on behalf of Interested Party Courtesy NEF nikko@cym.law
eService@cym.law,karen@cym.law,sarah@cym.law,grace@cym.law,kate@cym.law

Paul P Young
on behalf of Interested Party Courtesy NEF paul@cym.law
eService@cym.law,karen@cym.law,jodie@cym.law,aileen@cym.law,sarah@cym.law,grace@cym.law

Paul P Young
on behalf of Plaintiff Franklin Menlo  co-trustee of the Franklin Menlo Irrevocable Trust established March 1, 1983
paul@cym.law, eService@cym.law,karen@cym.law,jodie@cym.law,aileen@cym.law,sarah@cym.law,grace@cym.law

Paul P Young
on behalf of Creditor Franklin Menlo paul@cym.law
eService@cym.law,karen@cym.law,jodie@cym.law,aileen@cym.law,sarah@cym.law,grace@cym.law

Reem J Bello
on behalf of Interested Party Goe Forsythe & Hodges LLP rbello@goeforlaw.com  kmurphy@goeforlaw.com

Reem J Bello
on behalf of Defendant Erica Vago rbello@goeforlaw.com  kmurphy@goeforlaw.com

Reem J Bello
on behalf of Plaintiff Joseph Vago rbello@goeforlaw.com  kmurphy@goeforlaw.com

Reem J Bello

District/off: 0973-2                                    User: admin                                              Page 5 of 6

Date Rcvd: Jul 10, 2026                              Form ID: pdf042                                       Total Noticed: 1

on behalf of Interested Party Reem J Bello rbello@goeforlaw.com  kmurphy@goeforlaw.com

Reem J Bello

on behalf of Plaintiff Erica Vago rbello@goeforlaw.com  kmurphy@goeforlaw.com

Reem J Bello

on behalf of Interested Party Joseph Vago rbello@goeforlaw.com  kmurphy@goeforlaw.com

Reem J Bello

on behalf of Defendant Joseph Vago rbello@goeforlaw.com  kmurphy@goeforlaw.com

Reilly D Wilkinson

on behalf of Creditor Residential Credit Opportunities Trust IX-A rwilkinson@scheerlawgroup.com
rwilkinson@ecf.courtdrive.com

Richard P Steelman, Jr

on behalf of Interested Party Life Capital Group  LLC RPS@LNBYG.COM

Robert P Goe

on behalf of Plaintiff Erica Vago rgoe@goeforlaw.com
kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe

on behalf of Interested Party Joseph Vago rgoe@goeforlaw.com
kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe

on behalf of Creditor Joseph Vago rgoe@goeforlaw.com
kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe

on behalf of Creditor Erica Vago rgoe@goeforlaw.com
kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe

on behalf of Plaintiff Joseph Vago rgoe@goeforlaw.com
kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe

on behalf of Defendant Erica Vago rgoe@goeforlaw.com
kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe

on behalf of Interested Party Goe Forsythe & Hodges LLP rgoe@goeforlaw.com
kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe

on behalf of Defendant Joseph Vago rgoe@goeforlaw.com
kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe

on behalf of Interested Party Robert P Goe rgoe@goeforlaw.com
kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Ron Bender

on behalf of Interested Party Life Capital Group  LLC rb@lnbyg.com

Ron Maroko

on behalf of U.S. Trustee United States Trustee (LA) ron.maroko@usdoj.gov

Roye Zur

on behalf of Creditor Gestetner Charitable Remainder Unitrust rzur@elkinskalt.com
lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

Roye Zur

on behalf of Creditor A. Gestetner Family Trust rzur@elkinskalt.com
lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

Roye Zur

on behalf of Interested Party Courtesy NEF rzur@elkinskalt.com
lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

Simon Aron

on behalf of Defendant Shoshana Shrifa Klein saron@wrslawyers.com  moster@wrslawyers.com;jlee@wrslawyers.com

Simon Aron

on behalf of Interested Party Shoshana Shifra Klein saron@wrslawyers.com  moster@wrslawyers.com;jlee@wrslawyers.com

Simon Aron

on behalf of Defendant Kenneth Klein saron@wrslawyers.com  moster@wrslawyers.com;jlee@wrslawyers.com

Simon Aron

on behalf of Interested Party Kenneth Kolev Klein saron@wrslawyers.com  moster@wrslawyers.com;jlee@wrslawyers.com

District/off: 0973-2                    User: admin                                      Page 6 of 6

Date Rcvd: Jul 10, 2026                 Form ID: pdf042                              Total Noticed: 1

Steven M Mayer
                    on behalf of Interested Party Courtesy NEF smayer@mayerlawla.com

Steven M Mayer
                    on behalf of Plaintiff Jeffrey Siegel smayer@mayerlawla.com

Theron S Covey
                    on behalf of Creditor Wilmington Savings Fund Society  FSB, d/b/a Christiana Trust, not individually but as trusteefor Pretium
                    Mortgage Acquisition Trust AttorneyTCovey@gmail.com

Thomas E Shuck
                    on behalf of Interested Party Thomas E. Shuck tshuck@pmcos.com  efilings@pmcos.com

Thomas M Geher
                    on behalf of Interested Party Bruce Cohen  Trustee of the Bruce Cohen Revocable Trust, and Mary Louise Cohen, Trustee of the
                    Mary Louise Cohen Revocable Trust tgeher@jeffer.com, bt@jmbm.com;tmg@ecf.courtdrive.com

Todd S. Garan
                    on behalf of Creditor JPMorgan Chase Bank  N.A. ch11ecf@aldridgepite.com,
                    TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com

United States Trustee (LA)
                    ustpregion16.la.ecf@usdoj.gov


TOTAL: 109

Jeffrey W. Dulberg (CA Bar No. 181200)
John W. Lucas (CA Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760
Email: jdulberg@pszjlaw.com
        jlucas@pszjlaw.com

Counsel to Bradley D. Sharp,
Liquidating Trustee of the Klein Creditors' Liquidation Trust

**FILED & ENTERED**

**JUL 10 2026**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY ghaltchi   DEPUTY CLERK**

**CHANGES MADE BY COURT**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>        Debtor. | Case No. 2:23-bk-10990-NB<br><br>Chapter 11<br><br>**ORDER SUSTAINING LIQUIDATING TRUSTEE'S EVIDENTIARY OBJECTION TO DECLARATIONS OF ERIC J. OLSON AND LESLIE KLEIN IN OPPOSITION TO MOTION FOR ORDER AUTHORIZING (1) SALE OF REAL PROPERTY COMMONLY KNOWN AS 322 N. JUNE STREET, LOS ANGELES, CALIFORNIA 90036, FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(b) AND (f); (2) CLARIFYING STATE OF TITLE TO PROPERTY PURSUANT TO PRIOR COURT ORDER; AND (3) PAYMENT OF REAL ESTATE BROKERS' COMMISSIONS**<br><br>**DATE:**   June 30, 2026<br>**TIME**:    2:00 p.m.<br>**PLACE:** 255 East Temple Street<br>           Los Angeles, California<br>**CTRM**: 1545<br><br>[Relates to Dkt Nos. 1394, 1407, 1409, 1412, 1413 & 1414] |

LA:4907-2100-7291.2 78512.001

A hearing was held on June 30, 2026 before the Honorable Neil W. Bason, United States Bankruptcy Judge for the Central District of California, in Courtroom 1545 located at 255 East Temple Street, Los Angeles, California, to consider the *Evidentiary Objection to Declarations of Eric J. Olson and Leslie Klein in Opposition to Motion for Order Authorizing (1) Sale of Real Property Commonly Known as 322 N. June Street, Los Angeles, California 90036, Free and Clear of All Liens, Claims, Interests and Encumbrances Pursuant to 11 U.S.C. §§ 363(b) and (f); (2) Clarifying State of Title to Property Pursuant to Prior Court Order; and (3) Payment of Real Estate Brokers' Commissions* (the "Evidentiary Objection") [Docket No. 1414], filed by Bradley D. Sharp, the liquidating trustee of the Klein Creditors' Liquidation Trust (the "Liquidating Trustee"), objecting to the Declaration of Eric J. Olson (the "Olson Declaration") [Docket No. 1407] filed in opposition to the *Motion for Order Authorizing (1) Sale of Real Property Commonly Known as 322 N. June Street, Los Angeles, California 90036, Free and Clear of All Liens, Claims, Interests and Encumbrances Pursuant to 11 U.S.C. §§ 363(b) and (f); (2) Clarifying State of Title to Property Pursuant to Prior Court Order; and (3) Payment of Real Estate Brokers' Commissions* (the "Sale Motion") [Docket No. 1394], the Declaration of Leslie Klein filed in opposition to the Sale Motion (the "Klein Declaration") [Docket No. 1409] , and the Amended Declaration of Leslie Klein filed in opposition to the Sale Motion (the "Second Klein Declaration") [Docket No. 1412]. Appearances were made as noted on the record.

The Court, having read and considered the Evidentiary Objection, the Olson Declaration, the Klein Declaration, the Second Klein Declaration, the reply filed by the Liquidating Trustee [Docket No. 1413], the arguments of counsel at the hearing, and for the reasons set forth by the Court in the attached amended tentative ruling, which is incorporated herein as the actual ruling of the Court and on the record of the hearing, and with good cause shown,

IT IS HEREBY ORDERED:

1.      The Evidentiary Objection is **SUSTAINED** in its entirety.

2.      Paragraphs 1 through 7 (Pages 1 through 4) of the Olson Declaration are stricken and shall not be considered as evidence in connection with the Sale Motion, on the grounds that such testimony is inadmissible under Federal Rules of Evidence 401, 402, and 403 for lack of

LA:4907-2100-7291.2 78512.001

2

relevance, lack of standing, and tending to cause delay and needless presentation of cumulative evidence.

     3.    Paragraphs 1 through 15 (Pages 1 through 4) of the Klein Declaration are stricken and shall not be considered as evidence in connection with the Sale Motion, on the grounds that such testimony is inadmissible under Federal Rules of Evidence 401, 402, and 403 for lack of relevance and tending to cause undue prejudice, confusion, and delay.

     4.    Paragraphs 1 through 15 (Pages 1 through 4) of the Second Klein Declaration are stricken and shall not be considered as evidence in connection with the Sale Motion, on the grounds that such testimony is inadmissible under Federal Rules of Evidence 401, 402, and 403 for lack of relevance and tending to cause undue prejudice, confusion, and delay.

     5.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

### # # #

Date: July 10, 2026

_Neil W. Bason_

Neil W. Bason
United States Bankruptcy Judge

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

LA:4907-2100-7291.2 78512.001

3

### **Amended Tentative Ruling**

[Amended to correct citation to BAP case.]

<u>Appearances required</u>.  The tentative ruling is to grant the sale motion and continue today's status conferences, all as set forth below.

If you are making an appearance, you may do so (1) in person in the courtroom, unless the Court has been closed (check the Court's website for public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone.  For ZoomGov instructions for <u>all</u> matters on calendar, please see page 1 of the posted Tentative Rulings.

(1) <u>Current matters</u>

    (a) <u>Sale motion (dkt. 1394); Olson declaration (dkt. 1407); Klein Declaration (dkt. 1409 & 1412); notice (dkt. 1410); reply (dkt. 1413); evidentiary objections to Klein and Olson declarations (dkt. 1414)</u>

       (i) <u>The objectors lack standing</u>

    As a preliminary matter, the tentative ruling is that Klein, Olson, and the "Adversary Proceeding Defendants" listed in the Olson declaration (dkt. 1407) do not have standing to oppose the sale motion. *See In re Klein*, BAP No. 25-CC-1002-LCF, 2025 WL 1591289 (9th Cir. BAP June 5, 2025).  Alternatively, even if they did, the Liquidating Trust is authorized to sell the June Street Property (as defined in the sale motion) free and clear of all liens, claims, and interests for the following reasons.

       (ii) <u>This Court has jurisdiction</u>

    This Court must always assess its own jurisdiction.  It has jurisdiction regardless of (A) whether the sale is under 11 U.S.C. 363(b) & (f), (B) whether the sale is to effectuate provisions of the confirmed Plan, and/or (C) whether the sale is to effectuate this Court's prior orders.  Several orders are at issue.

    On 12/2/24, this Court entered an order granting Trustee's motion for summary judgment and determining that the June Street Property qualified as property of the estate. *See* Adv. P. 2:24-ap-01140, adv. dkt. 62.  On 6/20/2025, the Bankruptcy Appellate Panel for  the Ninth Circuit (the "BAP") entered an order affirming this Court's summary judgment order. *See In re Klein*, BAP No. 25-CC-1002-LCF, 2025 WL 1591289 (9th Cir. BAP June 5, 2025).  On 4/28/26, this Court entered its order (dkt. 1366) confirming Trustee's proposed chapter 11 plan (bankr. dkt. 1350).

    Alternatively if, for some reason, those orders were not effective (they were) to eliminate any possibility of a residual competing interest as against the estate/liquidating trust's interest and ability to sell the entire fee simple interest in the June Street Property, that would only mean that the estate/trust still have at least some interest in the June Street Property that is subject to disputed claims.  In other words, there would still be property subject to this Court's jurisdiction either under 11 U.S.C. 363(b) & (f), or under this Court's continuing jurisdiction under the confirmed Plan to address any disputes under the Plan or issues ancillary to the Plan's implementation.

    For each of these alternative reasons, this Court has jurisdiction.

       (iii) <u>Sale free and clear is proper</u>

    This Court's prior, final orders (cited above and below) already establish that the bankruptcy estate/trust's interest in the Property is vested free and clear.  For that

LA:4907-2100-7291.2 78512.001

4

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

reason, and the alternative reasons set forth in the motion papers and reply (dkt. 1394 & 1413), and also in the "Procedures of Judge Bason" (available at www.cacb.uscourts.gov) (search for 363(f)), the tentative ruling to authorize the sale free and clear as set forth in the motion.  *See* Confirmation Order (dkt. 1366) at PDF p. 5:22-24 ("On the Effective Date, all Assets of the Estate automatically vest in the Liquidation Trust *free and clear* of all Claims, Liens, and Interest, except as otherwise provided in the Plan or this Order ....") (emphasis added); Plan (dkt. 1350), at PDF p. 12:28-13:2 ("As of the Effective Date, all Assets vested in the Liquidation Trust and all Assets dealt with in the Plan, shall be *free and clear* of all Claims, Liens, and Interests except as otherwise specifically provided in the Plan or in the Confirmation Order.") (emphasis added); *id.* at PDF p. 13:14-15 ("Liquidation Trustee shall have all of the *rights and powers of a trustee in bankruptcy* ... to the same extent as would be held by those officers if the plan had not been confirmed ....") (emphasis added).

(iv) "Good faith" finding under 11 U.S.C. 363(m)

If the successful bidder seeks a "good faith" finding (11 U.S.C. 363(m)), they must, prior to the lodging of any order containing such a finding, file a declaration substantially in the form set forth in the "Procedures of Judge Bason" (available at www.cacb.uscourts.gov) within 7 days after the hearing.

(v) Bid Procedures

The tentative ruling is to approve the proposed overbid procedures for the reasons set forth in the moving papers (dkt. 1394).

(vi) Evidentiary Objections (dkt. 1414)

The Liquidating Trustee's evidentiary objections (dkt. 1414) are sustained for the reasons set forth therein.  Alternatively, the tentative ruling would be the same even if those evidentiary objections were overruled.

Proposed order: Unless otherwise ordered, Liquidating Trustee is directed to lodge proposed order(s) on the foregoing matter(s) via LOU within 7 days after the hearing date (per LBR 9021-1(b)(1)(B)) and attach a copy of this tentative ruling, thereby incorporating it as this Court's actual ruling.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

LA:4907-2100-7291.2 78512.001

5