Jeffrey W. Dulberg (State Bar No. 181200)
John W. Lucas (State Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail:  jdulberg@pszjlaw.com
          jlucas@pszjlaw.com

Counsel to Bradley D. Sharp, Liquidating Trustee
of the Klein Creditors' Liquidation Trust, and former
Chapter 11 Trustee

**FILED & ENTERED**

**AUG 07 2026**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY ghaltchi   DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>                    Debtor. | Case No.: 2:23-bk-10990-NB<br><br>Chapter 11<br><br>**ORDER APPROVING FIFTH AND FINAL APPLICATION OF GOLDFARB GROSS SELIGMAN & CO. FOR APPROVAL OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION AND REAL ESTATE COUNSEL TO BRADLEY D. SHARP, LIQUIDATING TRUSTEE OF THE KLEIN CREDITORS' LIQUIDATION TRUST**<br><br>[Relates to Docket Nos. 1397, 1431, 1437 & 1438]<br><br>**DATE:**   August 4, 2026<br>**TIME:**   2:00 p.m.<br>**PLACE:** 255 East Temple Street,<br>                Los Angeles, California<br>**CTRM**: 1545 |

The Court, having considered the *Fifth and Final Application of Goldfarb Gross Seligman & Co. for Approval of Compensation and Reimbursement of Expenses as Special Litigation and Real Estate Counsel to Bradley D. Sharp, Liquidating Trustee of the Klein Creditors' Liquidation Trust* and the declaration of Bradley D. Sharp filed in support thereof (the "**Application**")[1] [Docket No.

---

[1] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Application.

LA:4924-6983-9556.1 78512.001

1397], the opposition filed by judgment creditors, Erica and Joseph Vago (the "**Opposition**") [Docket No. 1431], the reply and evidentiary objections filed by the Liquidation Trustee [Docket Nos. 1437 and 1438, respectively], and for the reasons stated in the Court's tentative ruling attached to this Order and incorporated herein by reference:

**IT IS HEREBY ORDERED:**

1.  The Opposition is OVERRULED except as otherwise set forth herein.

2.  The Application is approved on a final basis for the period September 12, 2023 – April 30, 2026, in the amount of $144,439.38 in fees incurred and $103.30 in costs advanced, which is inclusive of $114,387.83 in fees incurred and $103.30 in costs advanced which were previously approved on an interim basis for the period September 12, 2023 through July 31, 2025, for a total final award of $144,542.78.

3.  The Liquidating Trustee is authorized to pay Goldfarb such allowed but unpaid fees and expenses.

# # #

Date: August 7, 2026

Neil W. Bason
United States Bankruptcy Judge

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, August 4, 2026**                                          **Hearing Room**   **1545**

2:00 PM
**2:23-10990**   **Leslie Klein**                                                   **Chapter 11**

**#1.00**   Cont'd Status Conference re: Post Confirmation Chapter 11 Case
fr. 4/8/25, 4/22/25, 05/01/25, 5/6/25, 5/20/25, 6/3/25,
6/17/25, 6/24/25, 07/15/25, 8/5/25, 8/12/25, 9/9/25,
9/23/25, 10/7/25, 10/21/25, 11/18/25, 12/2/25, 12/16/25,
01/20/26, 2/24/26, 3/10/26, 3/24/26, 4/21/26, 5/12/26, 06/09/26, 06/30/26

Docket        1

**Tentative Ruling:**

**Tentative Ruling for 8/4/26:**
Overrule Debtor's objections to certain fee applications, grant the Goldfarb
and Kiekhafer fee applications, continue the hearings on all of the other fee
applications and the Vagos objections to 12/1/26 at 2:00 p.m., and continue
the post-confirmation status conference to a sooner date, all as set forth
below.  Appearances are not required on 8/4/26.  (If you wish to contest the
tentative ruling, see the Posted Procedures of Judge Bason, available at
www.cacb.uscourts.gov, then search for "tentative rulings.")

If you are making an appearance, you may do so (1) in person in the
courtroom, unless the Court has been closed (check the Court's website for
public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone.  For
ZoomGov instructions for all matters on calendar, please see page 1 of the
posted Tentative Rulings.

(1) Current matters
        (a) Final Fee Application of Bradley D. Sharp, Chapter 11 Trustee (dkt.
1399); Declaration of Bradley D. Sharp (dkt. 1411); Vagos Opposition (dkt.
1431); Trustee's Omnibus Reply to Vagos Opposition (Dkt. 1437)
        (b) Final Fee Application of Pachulski Stang Ziehl & Jones LLP

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, August 4, 2026**                                                      **Hearing Room**      **1545**

2:00 PM
CONT...      Leslie Klein                                                                                   Chapter 11
("Pachulski") (dkt. 1400); Declaration of Bradley D. Sharp (dkt. 1411); Debtor Klein Objection (dkt. 1430); Vagos Opposition (dkt. 1431); Trustee's Omnibus Reply to Vagos Opposition (Dkt. 1437); Evidentiary Objection to Debtor Klein Declaration (dkt. 1438)

(c) Final Fee Application of Kieckhafer Schiffer LLP ("Keickhafer") (dkt. 1398); Declaration of Bradley D. Sharp (dkt. 1411); Vagos Opposition (dkt. 1431); Trustee's Omnibus Reply to Vagos Opposition (Dkt. 1437)

(d) Final Fee Application of the Law Offices of Goldfarb Gross Seligman & Co. ("Goldfarb") (dkt. 1397); Declaration of Bradley D. Sharp (dkt. 1411); Vagos Opposition (dkt. 1431); Trustee's Omnibus Reply to Vagos Opposition (Dkt. 1437)

(e) Final Fee Application of Development Specialists, Inc. (dkt. 1396); Declaration of Bradley D. Sharp (dkt. 1411); Vagos Opposition (dkt. 1431); Trustee's Omnibus Reply to Vagos Opposition (Dkt. 1437)

The tentative ruling is to sustain the evidentiary objections to Debtor's declaration and to overrule Debtor's objections to the Pachulski fee application for lack of evidence.  Alternatively, even if this Court were to overrule the evidentiary objections (which this Court can see no basis for doing), the tentative ruling would be that Debtor's objections are not well taken for the reasons set forth in Pachulski's papers.  In addition, to the extent (if any) that Debtor's declaration as alleged trustee of the Eugene Kohn Trust (dkt. 1432) is intended to constitute an objection to any fee applications, the tentative ruling is to overrule that objection.

Proposed order(s): Unless otherwise ordered, Pachulski may, *but is not required to*, lodge proposed interlocutory orders on Debtor's objections via LOU within 7 days after the hearing date (per LBR 9021-1(b)(1)(B)).

As to the Goldfarb fee application, the tentative ruling is to overrule the Vagos' objections because the specific services undertaken by the Goldfarb firm are not subject to the general analysis provided by the Vagos: the Goldfarb firm performed services that were necessary to administer a specific asset, and the Vagos do not point to any billing entry that is alleged to be unreasonable.  Accordingly, the tentative ruling is to allow on a final basis and authorize payment of $30,051.65 for the period from 8/1/25 through 4/30/26, and make final the prior interim award of $144,439.48 in fees and $103.30 in costs, for a total final award of $144,542.78.

Proposed order(s): Unless otherwise ordered, Goldfarb is directed

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, August 4, 2026**                                    Hearing Room    1545

2:00 PM
**CONT...**    **Leslie Klein**                                               **Chapter 11**

to lodge proposed order(s) on the matter(s) addressed here via LOU within 7 days after the hearing date (per LBR 9021-1(b)(1)(B)).

As to the Kieckhafer firm, the tentative ruling is that, for the same reasons as for the Goldfarb firm, it is appropriate to award on a final basis and authorize payment of $6,124.50 for the period 8/1/25 through 4/30/26, and make final the prior interim award of $29,226.00 in fees and $302.34 in costs, for a total final award of $29,528.34.

Proposed order(s): Unless otherwise ordered, Kieckhafer is directed to lodge proposed order(s) on the matter(s) addressed here via LOU within 7 days after the hearing date (per LBR 9021-1(b)(1)(B)).

As to all of the remaining fee applications (of Pachulski, DSI, and Trustee), and the Vagos' objections thereto, the tentative ruling is to continue the hearings on all of the final fee applications to the date and time set forth in the beginning of this tentative ruling for the following reasons.  On the one hand, this Court is mindful that Pachulski has *greatly* reduced its fees, on a voluntary basis.  *See* Reply (dkt. 1437) p. 4:22-25.  On the other hand, this Court is inclined to agree with the Vagos that a continuance is appropriate before any final determinations are made.

Although the reasonableness of fees and billing judgment must be measured from the time at which the fees were incurred - not with "20/20 hindsight" - nevertheless this Court is keenly aware that it lacks as much information as the parties, and in particular the fee applicants, regarding what matters should or should not have been pursued, and how much time to devote to each matter.  In addition, forcing professionals to justify their billing judgment while litigation is ongoing could require them to reveal litigation strategy or tactics.  Moreover, once the total context is more developed, including possible recoveries and distributions, parties in interest and this Court will be in a better position to assess the reasonableness of fees and billing judgment.

All of the foregoing considerations are heightened by the fact that the requested fees and expenses are collectively high for a typical chapter 11 case filed in this district.  They are also high relative to the reported funds on hand and distributions to date.  Trustee's counsel reports that, as of 5/31/26, the Klein Creditors' Liquidation Trust has approximately $830,000 in funds on hand.  *See* dkt. 1400 at pdf p. 20:14-15.  The Vagos' omnibus opposition asserts that creditors have not received any distributions.  See dkt. 1431 at

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, August 4, 2026**                                                      **Hearing Room        1545**

2:00 PM
**CONT...        Leslie Klein**                                                                **Chapter 11**

pdf p. 3:1-3.

All of that said, this Court reiterates that professionals will not be subject to "20/20 hindsight" after they have signed up to take on the risks of rendering a large amount of sophisticated services in a complex bankruptcy case with uncertain assets and opponents who are experienced, clever, and determined.  There is already a risk in any bankruptcy engagement that an "hourly" fee structure will turn out to be more like a "contingency" fee - only payable if there are sufficient assets - and while this Court must hold professionals to the high standards on which they obtained employment this Court also must not unfairly make them bear the risks and burdens that are attributable to the bankruptcy situation, if they did in fact exercise reasonable billing judgment.

The tentative ruling is to direct Trustee to serve notice on Vagos of the continued hearing on the Pachulski, DSI, and Trustee fee applications, and file a proof of such service, no later than a **deadline of 8/7/26**.

(2) Deadlines/dates

This case was filed on 2/22/23 and, on 3/8/23, the petition was amended to proceed as a non-Subchapter V chapter 11 case.  *See* dkt. 33, 37 & 43.  On 5/24/23 Bradley D. Sharp ("Trustee") was appointed as chapter 11 trustee.  Dkt. 142, 151, 154, 155 & 156.  On 4/28/26 this Court issued its order (dkt. 1366) confirming Trustee's proposed chapter 11 plan (dkt. 1350).  On 5/1/26, Trustee's plan went effective.  *See* dkt. 1373.

(a) Bar date:  5/3/23 (*see* dkts. 10, 12 & 18)
(b) Procedures order:  dkt. 950 (timely served, dkt. 953)
(c) Plan: On 4/28/26 this Court issued its order (dkt. 1366) confirming Trustee's proposed chapter 11 plan (dkt. 1350).
(d) Continued (post-confirmation) status conference: 10/20/26 at 2:00 p.m. (as previously set),  No written status report required.

**[PRIOR TENTATIVE RULING(S) OMITTED]**

| Party Information |
|---|

**Debtor(s):**

Leslie  Klein                                              Pro Se

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, August 4, 2026**                                                           **Hearing Room    1545**

2:00 PM

**CONT...      Leslie Klein**                                                                      **Chapter 11**

   **Trustee(s):**
      Bradley D. Sharp (TR)                    Represented By
                                                Jeffrey W Dulberg
                                                Jeffrey N Pomerantz
                                                John W Lucas
                                                Jeffrey P Nolan
                                                 Pachulski Stang Ziehl & Jones LLP